1   George A. Zelcs (*pro hac vice*)
       gzelcs@koreintillery.com
2   Randall P. Ewing, Jr. (*pro hac vice*)
       rewing@koreintillery.com
3   Ryan Z. Cortazar (pro hac vice)
       rcortazar@koreintillery.com
4   **KOREIN TILLERY, LLC**
    205 North Michigan, Suite 1950
5   Chicago, IL  60601
    Telephone: (312) 641-9750
6   Facsimile: (312) 641-9751

7   Stephen M. Tillery (*pro hac vice*)
       stillery@koreintillery.com
8   Steven M. Berezney, CA Bar #329923
       sberezney@koreintillery.com
9   Carol O'Keefe (*pro hac vice*)
       cokeefe@koreintillery.com
10  **KOREIN TILLERY, LLC**
    505 North 7th Street, Suite 3600
11  St. Louis, MO  63101
    Telephone: (314) 241-4844
12  Facsimile: (314) 241-3525

    Joshua Irwin Schiller, CA Bar #330653
       jischiller@bsfllp.com
    **BOIES SCHILLER FLEXNER LLP**
    44 Montgomery St., 41st Floor
    San Francisco, CA  94104
    Telephone: (415) 293-6800
    Facsimile: (415) 293-6899

    Philip C. Korologos (*pro hac vice*)
       pkorologos@bsfllp.com
    Joanna Wright (*pro hac vice*)
       jwright@bsfllp.com
    **BOIES SCHILLER FLEXNER LLP**
    55 Hudson Yards, 20th Floor
    New York, NY  10001
    Telephone: (212) 446-2300
    Facsimile: (212) 446-2350

13  *Attorneys for Maria Schneider and Pirate Monitor, LTD*

14              **UNITED STATES DISTRICT COURT**

15      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

16  MARIA SCHNEIDER and PIRATE

17  MONITOR LTD, individually and on behalf of
    all others similarly situated;

18
                Plaintiffs,
19
                vs.
20
21  YOUTUBE, LLC; GOOGLE LLC; and
    ALPHABET INC.;
22
                Defendants.
    _____
23
    YOUTUBE, LLC and GOOGLE LLC;
24
    Counter-Plaintiffs,
25
    v.
26
    PIRATE MONITOR LTD,
27  Counter-Defendant.

28

CASE NO.  3:20-cv-04423-JD

**COUNTER-DEFENDANT PIRATE MONITOR'S NOTICE OF MOTION AND RULE 12(B)(1)&(6) MOTION TO DISMISS COUNTERCLAIMS**

**HEARING DATE: JANUARY 21, 2021**

**TIME: 10:00 A.M.**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION .......................................................................................... 1

ISSUES PRESENTED ................................................................................................................... 3

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 4

INTRODUCTION .......................................................................................................................... 4

I.      FACTUAL BACKGROUND ............................................................................................. 6

II.     LEGAL STANDARD ........................................................................................................ 7

III.    ARGUMENT ...................................................................................................................... 8

      A.    Defendant Do Not Plausibly Allege an Agency Relationship Between Pirate
          Monitor and the Unidentified Individuals .............................................................. 8

      B.    Defendants' Fraud and Section 512(f) Claims are Not Pleaded with the
          Particularity Required by Rule 9(b) ...................................................................... 11

          1.    Rule 9(b) applies to Defendants' Section 512(f) Counterclaim ...................... 11

          2.    Defendants' Counterclaims for Fraud and a Violation of Section
               512(f) Must Be Dismissed .......................................................................... 13

               i.     Defendants' Fraud and Section 512(f) Counterclaims Fail
                    to Identify the Individual Alleged to Have Made Any
                    Misrepresentation ........................................................................... 13

               ii.    Defendants' Fraud and Section 512(f) Counterclaims Fail
                    to Plead Justifiable Reliance .......................................................... 14

      C.    Defendants Lack Article III Standing to Seek Injunctive Relief ................................. 15

IV.     CONCLUSION ................................................................................................................. 17

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Am. Nat'l Red Cross v. United Way California Capital Region*,
   No. Civ. S-07-1236, 2007 WL 4522967 (E.D. Cal. Dec. 19, 2007) ........................................ 10

5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................... 8, 9, 10

6

7

*Automattic Inc. v. Steiner*,
   82 F. Supp. 3d 1011 (N.D. Cal. 2015) ..................................................................... 12

8

9

*Axon Solutions, Inc. v. San Diego Data Processing Corp.*,
   No. 09-cv-2543, 2010 WL 582139 (S.D. Cal. Feb. 12, 2010) ................................ 10

10

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007) ................................................................................... 16

11

12

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*,
   16 F. Supp. 3d 1141 (S.D. Cal. 2014) ..................................................................... 14

13

14

*Dart Indus., Inc. v. Liberty Mut. Ins. Co.*,
   484 F.2d 1295 (9th Cir. 1973) ................................................................................... 8

15

16

*Dyson, Inc. v. Garry Vacuum, LLC*,
   No. 10-cv-01626, 2010 WL 11595882 (C.D. Cal. July 19, 2010) ........................... 12

17

*F.T.C. v. Lights of Am., Inc.*,
   760 F. Supp. 2d 848 (C.D. Cal. 2010) ..................................................................... 11

18

19

*Fernandez v. UBS AG*,
   222 F. Supp. 3d 358 (S.D.N.Y. 2016) ..................................................................... 12

20

*Friedman v. U.S. Bank Nat'l Ass'n*,
   No. 2:16-cv-02265, 2016 WL 6745149 (C.D. Cal. Nov. 14, 2016)........................... 9

21

22

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) ................................................................................................. 15

23

24

*Gil v. City of Pensacola, Florida*,
   396 F. Supp. 3d 1059 (N.D. Fla. 2019) ................................................................... 16

25

26

*Gonzalez v. United States Immigration & Customs Enf't*,
   No. 20-55175, 2020 WL 5494324 (9th Cir. Sept. 11, 2020) .................................. 16

27

*Hoffman v. 162 N. Wolfe LLC*,
   175 Cal. Rptr. 3d 820 (Cal. App. 2014) .................................................................. 14

28

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

*Izquierdo v. Panera Bread Co.,*
   450 F. Supp. 3d 453 (S.D.N.Y. 2020) ................................................................ 16

*Kearns v. Ford Motor Co.,*
   567 F.3d 1120 (9th Cir. 2009) ........................................................................... 11

*Lazar v. Superior Court,*
   909 P.2d 981 (Cal. 1996) ................................................................................... 14

*Littlejohn v. SF City,*
   No. C 09-05021-SI, 2010 WL 5158330 (N.D. Cal. Dec. 14, 2010) ...................... 16

*Lopez v. Candaele,*
   630 F.3d 775 (9th Cir. 2010) ............................................................................. 15

*Mauia v. Petrochem Insulation, Inc.,*
   No. 18-cv-01815, 2018 WL 3241049 (N.D. Cal. July 3, 2018) ............................ 16

*Miranda v. Coach, Inc.,*
   No. 14-cv-02031, 2015 WL 636373 (N.D. Cal. Feb. 13, 2015) (Donato, J.) ......... 16

*Mun. Employees' Ret. Sys. of Michigan v. Pier 1 Imports, Inc.,*
   935 F.3d 424 (5th Cir. 2019) ............................................................................. 13

*Neubronner v. Milken,*
   6 F.3d 666 (9th Cir. 1993) .............................................................................. 8, 15

*Noll v. eBay, Inc.,*
   282 F.R.D. 462 (N.D. Cal. 2012) ....................................................................... 15

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.,*
   68 Cal. Rptr. 3d 828 (2007) ............................................................................... 14

*Palomares v. Bear Stearns Residential Mortg. Corp.,*
   No. 07-cv-01899, 2008 WL 686683 (S.D. Cal. Mar. 13, 2008) ........................... 10

*Pan Asian Commercial Consulting Grp., LLP v. Montage Int'l Importing Inc.,*
   No. 14-cv-04905, 2014 WL 12688420 (C.D. Cal. Nov. 10, 2014) ........................ 14

*In re Rigel Pharm., Inc. Sec. Litig.,*
   697 F.3d 869 (9th Cir. 2012) ............................................................................. 12

*Smith v. McCullough,*
   270 U.S. 456 (1926) .......................................................................................... 15

*Snell v. Deutsche Bank Nat. Tr. Co.,*
   No. 2:13-cv-02178, 2014 WL 325147 (E.D. Cal. Jan. 29, 2014) ......................... 13

*Swartz v. KPMG LLP,*
   476 F.3d 756 (9th Cir. 2007) ............................................................................. 10

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*,
  862 F. Supp. 2d 1009 (N.D. Cal. 2012) ................................................................ 11

*United States ex rel. Bunk v. Gov't Logistics N.V.*,
  842 F.3d 261 (4th Cir. 2016) ................................................................................ 13

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ......................................................................... 8, 11

*Washington Gas-Light Co. v. Lansden*,
  172 U.S. 534 (1899) ............................................................................................... 9

*Wilhelm v. Pray, Price, Williams & Russell*,
  231 Cal. Rptr. 355 (Cal. App. 1986) ................................................................... 14

*World Surveillance Grp. Inc. v. La Jolla Cove Inv'rs, Inc.*,
  66 F. Supp. 3d 1233 (N.D. Cal. 2014) (Donato, J.) .............................................. 8

*Xia Bi v. McAuliffe*,
  927 F.3d 177 (4th Cir. 2019) ............................................................................... 15

**Statutes**

17 U.S.C. § 512(f) ....................................................................................... 4, 6, 7, 11

**Other Authorities**

5A FED. PRAC. & PROC. CIV. § 1297 (4th ed.) ........................................................ 13

Fed. R. Civ. P. 9(b) ................................................................................................. 6, 13

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 21, 2021, at 10:00 a.m., or as soon thereafter as the matter can be heard by the above-titled court, Counter-Defendant Pirate Monitor LTD will move the Court for an order dismissing the Counterclaims of Counter-Plaintiffs YouTube and Google LLC, and each separately stated claim for relief alleged therein, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  Specifically, Pirate Monitor moves to dismiss Counter-Plaintiffs' request for injunctive relief for lack of Article III standing, and their substantive claims for failure to state a claim on which relief can be granted.

The motion will be based on this Notice and Motion, the attached Memorandum of Points and Authorities In Support of Motion to Dismiss, and such oral argument as may be made at the hearing.

Dated: November 20, 2020                          Respectfully submitted,


                                                  /s/ Steven M. Berezney
                                                  George A. Zelcs
                                                  Randall P. Ewing, Jr.
                                                  Ryan Z. Cortazar
                                                  **KOREIN TILLERY, LLC**
                                                  205 North Michigan, Suite 1950
                                                  Chicago, IL 60601
                                                  Telephone: (312) 641-9750
                                                  Facsimile: (312) 641-9751

                                                  Stephen M. Tillery
                                                  Steven M. Berezney, CA Bar #329923
                                                  Michael E. Klenov, CA Bar #277028
                                                  Carol O'Keefe
                                                  **KOREIN TILLERY, LLC**
                                                  505 North 7th Street, Suite 3600
                                                  St. Louis, MO 63101
                                                  Telephone: (314) 241-4844
                                                  Facsimile: (314) 241-3525

                                                  Joshua Irwin Schiller, CA Bar #330653
                                                  **BOIES SCHILLER FLEXNER LLP**
                                                  44 Montgomery St., 41st Floor
                                                  San Francisco, CA 94104
                                                  Phone: (415) 293-6800
                                                  Fax: (415) 293-6899

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Philip C. Korologos
Joanna Wright
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and
Pirate Monitor LTD*

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

**ISSUES PRESENTED**

1.      Whether this Court should dismiss Defendants' counterclaims, where they fail to plausibly allege an agency relationship between Pirate Monitor and the unidentified individuals who allegedly created false YouTube accounts and uploaded infringing material.

2.      Whether this Court should dismiss Defendants' counterclaims for fraud and takedown-notice abuse, where they fail to allege those claims with the particularity required by Fed. R. Civ. P. 9(b).

3.      Whether this Court should dismiss Defendants' request for injunctive relief for lack of Article III standing, where they fail to allege facts showing a reasonable likelihood of future harm.

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

1
2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

3    This case is about Google and YouTube's systematic monetization of content that infringes on

4    copyrights and Google and YouTube's willingness to allow repeat copyright infringers on the YouTube

5    platform in order to increase user volume and thus increase advertising revenue and profit.  Plaintiffs

6    Maria Schneider, Pirate Monitor LTD, and the putative Class hold the exclusive copyrights to works

7    that have been displayed on YouTube in violation of the 1976 Copyright Act, (17 U.S.C. § 501 *et seq.*),

8    despite having notified Defendants that these works were being infringed.  These works, as well as

9    millions of other works by Plaintiffs and the Class, have been reproduced, distributed, displayed, and

10   publicly performed on YouTube without Plaintiffs' and the Class members' authorization in violation

11   of the Copyright Act.

12   Defendants fail to protect Plaintiffs' or the Class's copyrights, and instead directly facilitate the

13   infringement of their works.  Specifically, YouTube employs a two-tiered copyright enforcement system

14   whereby the rights of large copyright holders, such as major studios and record labels, are protected

15   while ordinary copyright owners, like Plaintiffs, are not.  The large copyright holders are provided with

16   access to Content ID, a sophisticated digital fingerprint tool that compares videos uploaded to YouTube

17   to a catalogue of copyrighted material provided by those large copyright owners.  When an uploaded

18   video matches with a copyrighted work protected by Content ID, the copyright holder then has the

19   opportunity to decide what to do about the infringement—block the infringing video from being

20   uploaded or viewed entirely, monetize the infringing video by running ads against it (in some cases

21   sharing revenue with the uploader), or track the infringing video's viewership statistics.

22   Ordinary rights holders, including Plaintiffs and the Class, who have not signed a deal with

23   YouTube to license vast catalogues of copyrighted works, are denied access to Content ID or receive

24   no response to their applications for Content ID, regardless of how many times they notify YouTube

25   that their copyrighted works are being infringed.  Such ordinary rights holders are thus relegated to a

26   vastly inferior means of trying to police and manage their copyrights, which includes locating the

27   infringing material through manual searches and then filing a takedown notice with YouTube.  Once

28

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

1  an ordinary rights holder without access to Content ID identifies infringing content on YouTube, their

2  only option is to file an individual takedown notice with YouTube via a web-form, email, or postal mail

3  for each video their searches identify.  Accordingly, Plaintiffs and the putative Class are denied any

4  meaningful opportunity to prevent infringement of their works on YouTube and must fight to have

5  infringing works removed from YouTube after affirmatively and manually identifying those works

6  themselves—a time-consuming and ultimately impossible endeavor.

7       Defendants perpetuate this two-tiered enforcement system in order to increase their profits by

8  maximizing user volume (including many users that are drawn to pirated content) and thus advertising

9  revenue.  YouTube coordinates and profits from a two-sided market in which it drives both viewers

10  and content providers to its platform to maximize "network effects."  Put simply, as the volume of

11  videos increases, the volume of video viewers increases, and the YouTube platform thus becomes more

12  attractive to advertisers.  YouTube's walled garden of copyright enforcement—providing adequate and

13  efficient protection to only those rights holders that will sign deals with YouTube and Google to jointly

14  monetize their catalogues—thus results in massive revenues to YouTube at the expense of ordinary

15  copyright holders, like Plaintiffs and the Class.

16       In an attempt to spin this case away from being about YouTube's facilitation and inducement

17  of copyright infringement, and make it instead about who can and cannot be "trusted" to use Content

18  ID, Defendants filed three barebones counterclaims against Plaintiff Pirate Monitor LTD.  Defendants

19  accuse Pirate Monitor of perpetrating a complex, fraudulent scheme with the goal of obtaining access

20  to Defendants' copyright management tool, Content ID, and seek various relief, including a permanent

21  injunction to prevent Pirate Monitor from protecting its intellectual property rights.  All three

22  counterclaims are legally deficient.

23       First, all three of Defendants' counterclaims rest solely on conclusory allegations that the

24  unidentified individuals who allegedly uploaded several videos to YouTube were, in fact, "authorized

25  agents" of Pirate Monitor.  But the existence of an agency relationship is a legal conclusion that must

26  be disregarded on a motion to dismiss, unless it is supported by specific allegations that demonstrate an

27

28

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

agency relationship.   Accordingly, courts have repeatedly rejected allegations of agency that are tantamount to legal conclusions as insufficient at the motion to dismiss stage.

Second, Defendants have not pled their counterclaims for common law fraud and fraudulent misrepresentation under 17 U.S.C. § 512(f) with the heightened level of particularity required by Fed. R Civ. P. 9(b).  These counterclaims require specificity in pleading, including alleging facts identifying the "who, what, when, and where" of the alleged fraud.  But Defendants have alleged *none* of these particulars.   Rather, Defendants' allegations rest solely on conclusory allegations made upon information and belief, which is not enough to satisfy the requirements of Rule 9(b).  As to their fraud counterclaim, Defendants also fail to plead with particularity facts showing that they were justified in their reliance on the unidentified individuals' representations.

Third, Defendants have failed to allege any facts plausibly showing that they have Article III standing as to their request for injunctive relief, depriving the Court of subject-matter jurisdiction over that claim.  Specifically, Defendants have failed to include a single allegation in their counterclaims suggesting any reasonable likelihood of future harm, and instead include solely conclusory allegations about past harm, thus failing to satisfy the injury-in-fact prong of Article III standing.

The Court should dismiss Defendants' counterclaims in their entirety.

## I.        FACTUAL BACKGROUND.

In their counterclaims, Defendants allege that unidentified individuals "created a series of accounts on YouTube" using "bogus account registration information."  ECF No. 34 at 27 ¶ 22.  The unidentified individuals then allegedly used those accounts to upload "hundreds of videos to the YouTube service," *id.* at 27 ¶ 23, including "clips from the very works that Pirate Monitor now accuses Google and YouTube of infringing," *id.* at 28 ¶ 24, each time claiming "that the video did not infringe anyone's copyrights" and "that [they] owned or had the rights to upload and license the material contained in the videos," *id.* at 28 ¶ 26.  Shortly afterward, Pirate Monitor allegedly "sent YouTube hundreds of takedown requests under the DMCA, in many instances for the same videos [the unidentified individuals] had just uploaded."  *Id.* at 28 ¶ 28.  Defendants allege that those notices "represented that the videos that were the subject of the notices—videos that [the unidentified

individuals] had uploaded—infringed its copyrights or the copyrights of a party whom Pirate Monitor was authorized to represent.  YouTube processed the substantial volume of DMCA takedown requests and removed the videos." *Id.*  Defendants do not allege any facts whatsoever as to the relationship between these unidentified individuals and Pirate Monitor.  The counterclaims contain no factual allegations indicating whether the unidentified individuals were, for example, employees, officers, agents, or independent contractors of Pirate Monitor, or the scope of their authority to purportedly act on Pirate Monitor's behalf.  Defendants merely alleged that the unidentified individuals were "agents using aliases." *Id.* at 24 ¶ 1.

Based on these allegations, Defendants bring three counterclaims against Pirate Monitor.  The first is for breach of contract, based on Defendants' allegations that Pirate Monitor breached YouTube's terms of service when the unidentified individuals created the "bogus" accounts and uploaded pirated content.  R. 34 at 30 ¶ 41.  The second is for common law fraud, claiming that, when creating the "bogus" YouTube accounts, the unidentified individuals falsely promised that any content they uploaded would not violate third-party copyrights.  *Id.* at 30 ¶46.  The third counterclaim is for fraudulent misrepresentations regarding takedown notices in violation of 17 U.S.C § 512(f); Defendants claim that the unidentified individuals truthfully stated during the account-creation and upload processes that the videos they were uploading did not violate third-party copyrights, ECF No. 34 at 32 ¶¶ 59-60, but that Pirate Monitor's subsequent takedown notices fraudulently claimed that those videos violated its copyrights, *id.* at 32-33 ¶¶ 62-64.  This third claim is pled in the alternative to Defendants' breach of contract and common law fraud counterclaims. *Id.* ¶ 58. Defendants request compensatory damages, punitive damages, and an "injunction barring Pirate Monitor and all those in active concert with it from submitting notices of alleged infringement to YouTube that misrepresent that material on the YouTube service is infringing copyrights held or claimed to be held by Pirate Monitor or anyone it claims to represent." *Id.* at 34.

## II.     LEGAL STANDARD.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint will not survive a motion to dismiss unless it states sufficient factual material, accepted as true, to state a claim for relief that is plausible on

its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For purposes of this motion, the Court must accept as true all the well-pleaded factual allegations in the Defendants' counterclaims, but not Defendants' legal conclusions, which must be disregarded.  *Id.*  As a result, the Court should disregard Defendants' conclusory allegation that the unidentified individuals were "authorized agents" of Pirate Monitor as well as their improper references to the unidentified individuals as "Pirate Monitor."

A claim of fraud must satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and will be dismissed unless it "specif[ies] such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."); *World Surveillance Grp. Inc. v. La Jolla Cove Inv'rs, Inc.*, 66 F. Supp. 3d 1233, 1236 (N.D. Cal. 2014) (Donato, J.) (holding that allegations that "fail[ed] to state the time, place, specific content of the representations and identities of the parties to the misrepresentation" were insufficient to meet the "heightened pleading requirements" of Rule 9(b)).

Finally, and as explained more fully below, Rule 9(b)'s heightened pleading standard also applies to Defendants' section 512(f) claim for abuse of takedown requests—which Defendants plead in the alternative to their breach of contract and fraud counterclaims—because it too sounds in fraud. *See Vess*, 317 F.3d at 1104 (explaining that all claims sounding in fraud are also subject to Rule 9(b)).

## III.   ARGUMENT

### A.   Defendants Do Not Plausibly Allege an Agency Relationship Between Pirate Monitor and the Unidentified Individuals.

Under any pleading standard—whether Rule 8 or Rule 9(b)'s heightened standard—all of Defendants' counterclaims fail because Defendants have failed to adequately allege the relationship between Pirate Monitor and the unidentified individuals under rudimentary principles of agency.  It is settled beyond all reasonable dispute that a corporate entity such as Pirate Monitor "can act only through its agents." *Dart Indus., Inc. v. Liberty Mut. Ins. Co.*, 484 F.2d 1295, 1296 (9th Cir. 1973).  Equally well settled is the proposition that a corporate entity is liable for the acts of its agents only when those agents

have acted in the course of and within the scope of their authority.  *See, e.g.*, *Washington Gas-Light Co. v. Lansden*, 172 U.S. 534, 544 (1899).

Defendants do not offer a single well-pleaded fact showing that any of the unidentified individuals were agents of Pirate Monitor acting in the course of and within the scope of their authority when they engaged in any of the actions alleged in Defendants' counterclaims.  Defendants offer only a cursory, unexplained declaration that the unidentified individuals were "authorized agents" of Pirate Monitor, ECF No. 34 at 27 ¶ 22, a legal conclusion that the Court must disregard, *Iqbal*, 556 U.S. at 678.  Defendants then define Pirate Monitor and its alleged authorized agents collectively as "Pirate Monitor," in an attempt to attribute conduct to Pirate Monitor carried out by individuals whose relationship with Pirate Monitor is not even alleged.  ECF No. 34 at 27 ¶22.  After stating that the unidentified individuals are "authorized agents" of Pirate Monitor, and defining them collectively with Pirate Monitor as "Pirate Monitor," Defendants say nothing more about the unidentified individuals.

Courts routinely dismiss breach of contract claims that allege that defendants are liable for the conduct of their agents in only a conclusory manner, and without alleging any facts demonstrating such an agency relationship.  *See, e.g.*, *Friedman v. U.S. Bank Nat'l Ass'n*, No. 2:16-cv-02265, 2016 WL 6745149, at *7 (C.D. Cal. Nov. 14, 2016) (dismissing claims for breach of contract dependent on agency relationship between defendant and third party where plaintiff did not allege "any facts demonstrating an agency relationship").  Yet that is precisely what Defendants have done here—without alleging a single fact demonstrating or describing any agency relationship, they contend that unidentified "authorized agents" of Pirate Monitor "created a series of accounts on YouTube;" that the unidentified authorized agents agreed to YouTube's Terms of Service when they created such accounts, contractually binding themselves to the Terms of Service; and that Pirate Monitor is liable for those unidentified authorized agents' alleged breaches of the Terms of Service by means of its agency relationship with those unidentified individuals who created the "bogus" accounts at issue.  *See* ECF No. 34 at 27 ¶ 22; *id.* at 28 ¶ 30.  Defendants thus allege only legal conclusions to purportedly establish the agency relationship between Pirate Monitor and the unidentified individuals and cannot therefore support a claim against Pirate Monitor for breaches of agreements where only the unidentified individuals, and

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

not Pirate Monitor, were parties.  *See Axon Solutions, Inc. v. San Diego Data Processing Corp.*, No. 09-cv-2543, 2010 WL 582139, *2 (S.D. Cal. Feb. 12, 2010) ("Axon claims '[defendant] was and is the agent of the City,' but fails to allege sufficient facts regarding the agency relationship between [defendant] and the City. Therefore, because Axon insufficiently alleges facts to support the legal conclusion that the City is a party to the [contract], the City's motion to dismiss Axon's breach of contract claim [ ] is granted.").

Such barebones allegations of an agency relationship will not suffice.  To the contrary, because legal conclusions will not be accepted as true on a motion to dismiss, *Iqbal*, 556 U.S. at 678, a complaint merely asserting the existence of an agency relationship between a corporate entity and an individual cannot survive a corporate entity's motion to dismiss.  *See, e.g., Am. Nat'l Red Cross v. United Way California Capital Region*, No. Civ. S-07-1236, 2007 WL 4522967, at *10 (E.D. Cal. Dec. 19, 2007) ("In arguing that the claims are properly asserted against Volen, Red Cross first draws the court's attention to paragraph 14 of its complaint, which alleges that an agency relationship existed between United Way and Volen. The FAC does not, however, allege one fact that suggests such an agency relationship. This bare legal conclusion is not sufficient to withstand a motion to dismiss.").

The agency allegations supporting Defendants' fraud and section 512(f) counterclaims—which are both subject to Rule 9(b)'s heightened pleading standard, as explained more fully below—are similarly deficient.  Rule 9(b) requires that the factual allegations showing an agency relationship between a corporate entity and the individual who allegedly perpetrated a fraud on the plaintiff be pleaded with particularity.  *See, e.g., Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (holding that, when fraud is claimed, general and conclusory allegations of agency "are insufficient as a matter of law"); *Palomares v. Bear Stearns Residential Mortg. Corp.*, No. 07-cv-01899, 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008) ("When a plaintiff alleges that a defendant is liable for intentional misrepresentation under either an agency or civil conspiracy theory, Rule 9(b) requires that the plaintiff allege with particularity facts that support the existence of an agency relationship or civil conspiracy." (citing *Swartz*, 476 F.3d at 764-65)).  Indeed, to satisfy Rule 9(b), Defendants needed to allege their fraud-based claims with enough particularity "to provide [Pirate Monitor] with adequate notice to allow [it] to defend the

charge." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  By wholly failing to allege any specifics as to the purported "agency" relationship between Pirate Monitor and the unidentified individuals, Pirate Monitor is unable to respond to Defendants' counterclaims.

Because Defendants fail to offer any well-pleaded facts plausibly showing that the unidentified individuals are (1) agents of Pirate Monitor; and (2) were acting in the course of and within the scope of that agency relationship when they engaged in the conduct alleged in Defendants' three counterclaims, those counterclaims fail as a matter of law and should be dismissed.

**B.**     **Defendants' Fraud and Section 512(f) Claims are Not Pleaded with the Particularity Required by Rule 9(b).**

Even beyond their deficient agency allegations, Defendants' fraud and section 512(f) counterclaims must be dismissed because they are not pled with the particularity required by Rule 9(b).

**1.**     **Rule 9(b) Applies to Defendants' Section 512(f) Counterclaim.**

Rule 9(b)'s heightened pleading standard applies to Defendants' section 512(f) counterclaim for abuse of takedown requests—which Defendants plead in the alternative to their breach of contract and fraud counterclaims—because it sounds in fraud.  All claims sounding in fraud are subject to Rule 9(b). *See Vess*, 317 F.3d at 1104. Defendants' section 512(f) claim requires a "knowing[] material[] misrepresent[ation]," 17 U.S.C. § 512(f), and Defendants allege that Pirate Monitor violated section 512(f) by "knowingly and materially misrepresent[ing]" information to YouTube in submitting takedown notices.  *See* ECF No. 34 at 33 ¶ 64.  Courts in the Ninth Circuit have held that when a plaintiff brings claims based on allegations of knowing or intentional misrepresentations, Rule 9(b) applies. *See, e.g.*, *Kearns*, 567 F.3d at 1126–27 (holding that Rule 9(b) applies to claims for violations of California's Consumers Legal Remedies Act and Unfair Competition Law alleging misrepresentations by seller regarding "certified pre-owned" vehicle program); *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009, 1017–18 (N.D. Cal. 2012) (holding that plaintiff's claims sounded in fraud and must meet 9(b) standards because "[t]he crux of plaintiff's claims are that [defendant] has made numerous misleading and false representations" and that defendants did so "willfully, maliciously and intentionally"); *F.T.C. v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 852–53 (C.D. Cal. 2010) (applying Rule

9(b) to FTC Act claim alleging that defendant knowingly distributed deceptive promotional materials); *Dyson, Inc. v. Garry Vacuum, LLC*, No. 10-cv-01626, 2010 WL 11595882, at *5 (C.D. Cal. July 19, 2010) (applying Rule 9(b) to Lanham Act claim for false advertising where claim was "based on allegations of intentional and ongoing misrepresentations"). Here, the crux of Defendants' section 512(f) counterclaim is that Pirate Monitor violated section 512(f) (through its unidentified agents) by making knowing and material misrepresentations when submitting takedown notices to YouTube. Thus, the section 512(f) counterclaim sounds in fraud.[1]

A complaint also sounds in fraud if it is based on a "unified course of fraudulent conduct." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 885-86 (9th Cir. 2012) (citing *Vess*). If the basis of a claim relies entirely on the same alleged conduct central to a separate fraud count, Rule 9(b) will apply. *Id.* at 886 (holding that plaintiff's section 11 claim was subject to Rule 9(b) because it "merely relies on the same alleged misrepresentations from the December 13, 2007 press release that are central to Plaintiff's section 10(b) fraud claim").[2] Here, Defendants have alleged such a unified course of fraudulent conduct, basing their section 512(f) counterclaim entirely on the same factual allegations supporting their fraud counterclaim.

Defendants cannot escape their obligation to meet the heightened pleading requirements of Rule 9(b) by pleading a violation of section 512(f) in the alternative to their fraud counterclaim; their counterclaim under section 512(f) sounds in fraud, is based on the same conduct as their fraud claim, and is thus subject to the same pleading standards as their fraud claim.

---

[1] Accordingly, at least one court in this District has characterized a section 512(f) claim as concerning an "allegedly fraudulent takedown notice" and as involving allegedly "fraudulent conduct." *See Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1022 (N.D. Cal. 2015).

[2] *Accord Fernandez v. UBS AG*, 222 F. Supp. 3d 358, 385-87 (S.D.N.Y. 2016) (holding that main thrust of plaintiff's breach of fiduciary duty claim was not mere negligence but essentially fraud and was therefore subject to Rule 9(b)).

1

**2.      Defendants' Counterclaims for Fraud and a Violation of Section 512(f)**
2
**Must Be Dismissed.**

3      Defendants' fraud and section 512(f) counterclaims are woefully inadequate under the
4  heightened pleading standard of Rule 9(b).  In addition to failing to sufficiently plead facts supporting
5  an agency relationship between the unidentified individuals and Pirate Monitor, Defendants' fraud and
6  section 512(f) Counterclaims fail under Rule 9(b) because Defendants have failed to identify the person
7  alleged to have made any misrepresentation and because Defendants wholly fail to plead justifiable
8  reliance on such misrepresentations with any particularity.  Defendants' failure to even attempt to plead
9  multiple elements of their counterclaims demonstrates that they were filed not to recover damages from
10  Pirate Monitor, but as a smear campaign to turn what this case is about on its head.

11      **i.      Defendants' Fraud and Section 512(f) Counterclaims Fail to**
12      **Identify the Individual Alleged to Have Made Any**
13      **Misrepresentation.**

14      As explained above, conspicuously absent from the counterclaims is any allegation containing
15  the identities of the individuals who allegedly perpetrated the alleged fraud upon Defendants.  Under
16  Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake," Fed.
17  R. Civ. P. 9(b), with those "circumstances" encompassing, among other things, "the identity of the
18  person making the misrepresentation."  5A FED. PRAC. & PROC. CIV. § 1297 (4th ed.) (footnotes
19  omitted).  As a result, a party pleading fraud must allege "the identity of the person making the
20  misrepresentation and what that person obtained thereby."  *E.g.*, *Mun. Employees' Ret. Sys. of Michigan v.*
21  *Pier 1 Imports, Inc.*, 935 F.3d 424, 429 (5th Cir. 2019) (quotation marks omitted); *United States ex rel. Bunk*
22  *v. Gov't Logistics N.V.*, 842 F.3d 261, 275 (4th Cir. 2016) ("[A] plaintiff complies with Rule 9(b) by, at a
23  minimum, describing the time, place, and contents of the false representations, as well as the identity of
24  the person making the misrepresentation and what he obtained thereby"); *Snell v. Deutsche Bank Nat. Tr.*
25  *Co.*, No. 2:13-cv-02178, 2014 WL 325147, at *10 (E.D. Cal. Jan. 29, 2014) ("To survive a motion to
26  dismiss, Plaintiff must allege facts . . . such as . . . the identity of the person making the misrepresentation,
27  and other details of the alleged fraudulent activity.").  Moreover, "merely attributing a misrepresentation

28

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**

to a corporate entity is inadequate; a specific person must be identified." *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1141, 1150 (S.D. Cal. 2014) (quotation marks and ellipses omitted); *accord Pan Asian Commercial Consulting Grp., LLP v. Montage Int'l Importing Inc.*, No. 14-cv-04905, 2014 WL 12688420, at *10 (C.D. Cal. Nov. 10, 2014) ("Plaintiff failed to identify the specific person who made the misrepresentation; the name of the corporation is not sufficient.").

Exactly who allegedly engaged in fraudulent conduct, and the nature of those individuals' relationships to Pirate Monitor, is not pled anywhere in the Counterclaims. Defendants have not identified *any* of the unidentified individuals who allegedly defrauded them, but instead seek to wrongfully attribute that fraud to Pirate Monitor without any facts connecting it to those individuals' allegedly fraudulent conduct. Nor have Defendants included any descriptive facts about the unidentified individuals, such as their alleged roles at or alleged specific relationship with Pirate Monitor, allegations required in order for Pirate Monitor to respond to the counterclaims in any meaningful way.

### ii. Defendants' Fraud and Section 512(f) Counterclaims Fail to Plead Justifiable Reliance.

Defendants also fail to plead with particularity facts showing that they were justified in their reliance on the unidentified individuals' representations. Under California law, "justifiable reliance" is a necessary element of any fraud claim. *Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996). And to show that reliance was "justifiable," a plaintiff must show that "circumstances were such to make it *reasonable* for plaintiff to accept defendant's statements without an independent inquiry or investigation." *Wilhelm v. Pray, Price, Williams & Russell*, 231 Cal. Rptr. 355, 358 (Cal. App. 1986). "The reasonableness of the plaintiff's reliance is judged by reference to the plaintiff's knowledge and experience." *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 68 Cal. Rptr. 3d 828, 856 (2007); *see also Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 833-34 (Cal. App. 2014) ("If the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable … he will be denied a recovery."). Because justifiable reliance is one of the "circumstances" of a fraud claim, and because a plaintiff's basis for relying on a representation is a matter peculiarly in its personal knowledge, the facts showing that a plaintiff justifiably relied on a misrepresentation must be alleged with

particularity under Rule 9(b).  *See, e.g.*, *Xia Bi v. McAuliffe*, 927 F.3d 177, 184-85 (4th Cir. 2019); *see also Noll v. eBay, Inc.*, 282 F.R.D. 462, 468 (N.D. Cal. 2012) (fraud "plaintiff must plead reliance on alleged misstatements with particularity by alleging facts 'of sufficient specificity.'").  These pleading requirements are fatal to Defendants' fraud counterclaim because they have not alleged *any* facts showing they were justified in relying on the representations of individuals they cannot identify to this day, let alone the particularized facts necessary to avoid dismissal under Rule 9(b).

Instead of including factual allegations that meet Rule 9(b)'s heightened requirement in the counterclaims, Defendants support the two counterclaims sounding in fraud based "on personal knowledge as to [YouTube's] own actions and on information and belief as to the actions of others." *See* ECF No. 34 at 23-24.  It is settled in this circuit that a party asserting a claim subject to Rule 9(b) on the basis of information and belief "must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).  But nowhere do the counterclaims identify the factual basis for their belief in *any* of the allegations Defendants make against Pirate Monitor.  Because Defendants have failed to comply with even a "relaxed version of Rule 9(b)," *id.* at 672, their fraud and section 512(f) claims should be dismissed.

## C.    Defendants Lack Article III Standing to Seek Injunctive Relief.

Defendants' request for injunctive relief must be dismissed because they have failed to show Article III standing.  Standing goes to a federal court's subject-matter jurisdiction, *Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010), and a claimant must include in its complaint all information necessary to establish the existence of federal jurisdiction, *Smith v. McCullough*, 270 U.S. 456, 459 (1926).  Although Defendants have Article III standing to seek money damages, that does not mean they also have standing to seek injunctive relief.  To the contrary, it is settled that a claimant "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).  To demonstrate Article III standing to seek injunctive relief, a claimant

> must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way. As to the second inquiry, he must establish a real and immediate threat of repeated injury.  Past wrongs do not in themselves amount to a real and immediate threat of injury necessary to make out a case or controversy.

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citations, quotation marks, and alterations omitted); *accord Gonzalez v. United States Immigration & Customs Enf't*, No. 20-55175, 2020 WL 5494324, at *9 (9th Cir. Sept. 11, 2020) ("past injury does not provide standing to seek prospective injunctive relief absent a sufficient likelihood that the plaintiff will again be wronged in a similar way") (quotations and alterations omitted).

Courts, including this one, routinely dismiss claims seeking prospective injunctive relief for failure to allege a reasonable likelihood of future harm. *See, e.g., Mania v. Petrochem Insulation, Inc.*, No. 18-cv-01815, 2018 WL 3241049, at *11 (N.D. Cal. July 3, 2018) (dismissing request for injunctive relief due to lack of Article III standing because plaintiff "cannot demonstrate a credible threat of future injury"); *Miranda v. Coach, Inc.*, No. 14-cv-02031, 2015 WL 636373, at *3 (N.D. Cal. Feb. 13, 2015) (Donato, J.) (dismissing claim for injunctive relief where plaintiffs failed to show "any likelihood whatsoever of future injury, let alone a real and immediate threat"); *Littlejohn v. SF City*, No. C 09-05021-SI, 2010 WL 5158330, at *1 (N.D. Cal. Dec. 14, 2010) (dismissing amended complaint with prejudice because plaintiff failed to allege "that he faces a real or immediate threat that he will be subjected to unwarranted parole searches sufficient to confer standing on him to seek injunctive and declaratory relief"); *see also Izquierdo v. Panera Bread Co.*, 450 F. Supp. 3d 453, 456, 460 (S.D.N.Y. 2020) (granting motion to dismiss request for injunctive relief for lack of standing "[b]ecause Plaintiff has failed to allege any future injury"); *Gil v. City of Pensacola, Florida*, 396 F. Supp. 3d 1059, 1063 (N.D. Fla. 2019) (dismissing claim for injunctive relief due to lack of Article III standing because "Plaintiff has not adequately alleged a real and immediate threat of future injury").

Defendants fail to satisfy the injury-in-fact prong of Article III standing as to their claim for injunctive relief. Rather, Defendants expressly base their request for injunctive relief on alleged past wrongs—namely, Pirate Monitor's past, allegedly-false DMCA takedown notices, ECF No. 34 at 33 ¶ 66—and nowhere allege even a single fact showing a real and immediate threat that Pirate Monitor will commit those alleged wrongs in the future. Absent a showing of such a threat, Defendants lack standing to seek injunctive relief, depriving this Court of subject-matter jurisdiction over that request and requiring its dismissal under Rule 12(b)(1).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV.    CONCLUSION

Pirate Monitor respectfully requests that the Court dismiss Defendants' counterclaims in their entirety.

Dated: November 20, 2020

Respectfully submitted,

/s/ Steven M. Berezney
George A. Zelcs
Randall P. Ewing, Jr.
Ryan Z. Cortazar
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos
Joanna Wright
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and*
*Pirate Monitor LTD*

**Counter-Defendant Pirate Monitor's Motion to Dismiss Counterclaims—3:20-cv-04423-JD**