1

2                        UNITED STATES DISTRICT COURT

3                       NORTHERN DISTRICT OF CALIFORNIA

4

5    MARIA SCHNEIDER and PIRATE              Case No.  3:20-cv-04423-JD
     MONITOR LTD, individually and on behalf
6    of all others similarly situated,       **STIPULATED PROTECTIVE ORDER
                                              FOR LITIGATION INVOLVING
7                          Plaintiffs,        PATENTS, HIGHLY SENSITIVE
                                              CONFIDENTIAL INFORMATION
8            v.                               AND/OR TRADE SECRETS**

9    YOUTUBE, LLC; and GOOGLE LLC,

10                         Defendants.

11   YOUTUBE, LLC; and GOOGLE LLC,

12                         Counterclaimants,

13           v.

14   PIRATE MONITOR LTD,

15                         Counterclaim Defendant.

16

17   1.      <u>PURPOSES AND LIMITATIONS</u>

18           Disclosure and discovery activity in this action are likely to involve production of

19   confidential, proprietary, or private information for which special protection from public

20   disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

21   Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated

22   Protective Order. The Parties acknowledge that this Order does not confer blanket protections on

23   all disclosures or responses to discovery and that the protection it affords from public disclosure

24   and use extends only to the limited information or items that are entitled to confidential treatment

25   under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.5,

26   below, that this Stipulated Protective Order does not entitle them to file confidential information

27

28

under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.6      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current or former employee of a Party or a current employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.[1]  Persons working under the supervision or at the direction of an Expert are considered Experts for purposes of this stipulation.

---

[1] The Parties agree that, in the event that a Party or its counsel seeks to retain as an expert or as a Professional Vendor a person that is a former employee of a Party or a current employee of a Party's competitor, they will meet and confer in good faith regarding that person serving as an

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel: attorneys who are members in good standing of at least one state bar, who are employees of a Party, and who have responsibility for managing this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12    Party: any party to this action.

2.13    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who (1) have been retained by a Party or its counsel to provide litigation support services with respect to this action, (2) are (including any employees and subcontractors) not a current or former employee of a Party or a current employee of a Party's competitor, and (3) at the time of retention, are not anticipated to become an employee of a Party or of a Party's competitor.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

---

expert or Professional Vendor.  In the event that the Parties are unable to reach a negotiated resolution, the Parties will submit the dispute to the Court for resolution.

2.16    Receiving Party: a Party that receives Disclosure or Discovery Material.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that could reflect Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

1   unnecessarily encumber or retard the case development process or to impose unnecessary

2   expenses and burdens on other Parties) expose the Designating Party to sanctions.

3      If it comes to a Designating Party's attention that information or items that it designated

4   for protection do not qualify for protection at all or do not qualify for the level of protection

5   initially asserted, that Designating Party must promptly notify all other Parties that it is

6   withdrawing the mistaken designation.

7      5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

8   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

9   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

10   designated before the material is disclosed or produced.

11      Designation in conformity with this Order requires:

12         (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but

13   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

14   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15   ONLY" to each page that contains protected material.

16      A Party or Non-Party that makes original documents or materials available for inspection

17   need not designate them for protection until after the inspecting Party has indicated which material

18   it would like copied and produced. During the inspection and before the designation, all of the

19   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

21   copied and produced, the Producing Party must determine which documents, qualify for protection

22   under this Order. Then, before producing the specified documents, the Producing Party must affix

23   the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

24   EYES ONLY") to each page that contains Protected Material.

25         (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that all

26   testimony will be designated "CONFIDENTIAL" for 14 days following the receipt of the final

27   transcript of such testimony.  The Designating Party may identify the specific portions of the

28

testimony as to which protection is sought and to specify the level of protection being asserted during that 14-day period.  If no designations are made within those 14 days, the "CONFIDENTIAL" designation expires. Only those portions of the testimony that are appropriately designated for protection within the 14 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 14 days afterwards, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Prior to using Protected Material at a deposition, hearing or other proceeding, Parties using Protected Material must ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present during questioning, examination, or argument using that Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

5.3     Inadvertent Failures to Designate. If timely corrected (meaning within 10 days of the production without designation), an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make

1    reasonable efforts to assure that the material is treated in accordance with the provisions of this

2    Order.

3    6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

4           6.1       Timing of Challenges. Any Party may challenge a designation of confidentiality at

5    any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

6    necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a

7    significant disruption or delay of the litigation, a Party does not waive its right to challenge a

8    confidentiality designation by electing not to mount a challenge promptly after the original

9    designation is disclosed.

10          6.2       Meet and Confer. The Challenging Party shall initiate the dispute resolution

11   process by providing written notice of each designation it is challenging and describing the basis

12   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

13   notice must recite that the challenge to confidentiality is being made in accordance with this

14   specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in

15   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

16   forms of communication are not sufficient) within 14 days of the date of service of notice. In

17   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

18   designation was not proper and must give the Designating Party an opportunity to review the

19   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

20   explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

21   the challenge process only if it has engaged in this meet and confer process first or establishes that

22   the Designating Party is unwilling to participate in the meet and confer process in a timely

23   manner.

24          6.3       Judicial Intervention. If the Parties cannot resolve a challenge without Court

25   intervention, the Challenging Party shall file and serve a motion to re-designate or de-designate

26   under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21

27   days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and

28

confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Protected Material shall not be copied or otherwise reproduced by a Receiving party, except for transmission to qualified recipients, without the written permission of the Producing Party or by further order of the Court.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

1    information for this litigation and who have signed the "Acknowledgment and Agreement to Be

2    Bound" that is attached hereto as Exhibit A;

3                 (b) up to one House Counsel of the Receiving Party to whom disclosure is

4    reasonably necessary for this litigation and who have signed the "Acknowledgment and

5    Agreement to Be Bound" (Exhibit A);

6                 (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

7    reasonably necessary for this litigation and who have signed the "Acknowledgment and

8    Agreement to Be Bound" (Exhibit A);

9                 (d) the Court and its personnel;

10                 (e) stenographic reporters, videographers and/or their staff, and Professional

11   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

12   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13                 (f) during their depositions, witnesses in the action to whom disclosure is

14   reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

15   (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered

16   by the Court. Before making such a disclosure, Receiving Party must provide notice sufficient to

17   allow the Designating Party to object. Pages of transcribed deposition testimony or exhibits to

18   depositions that reveal Protected Material must be separately bound by the court reporter and may

19   not be disclosed to anyone except as permitted under this Stipulated Protective Order.

20                 (g) the author or recipient of a document containing the information or a custodian

21   or other person who otherwise possessed or personally knows the information.

22                 (h) during any mock trial or mock evidentiary presentation, mock jurors to whom

23   disclosure is reasonably necessary for trial preparation and who have signed the

24   "Acknowledgment and Agreement to Be Bound" (Exhibit A).

25        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

26   Information or Items. Unless otherwise ordered by the Court or permitted in writing by the

27

28

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as
employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
information for this litigation and who have signed the "Acknowledgment and Agreement to Be
Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary
for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound"
(Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been
followed;

(c) the Court and its personnel;

(d) stenographic reporters, videographers and their respective staff, professional
jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for
this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
A); and

(e) the author or recipient of a document containing the information or a custodian
or other person who otherwise possessed or personally knows the information, unless the
Designating Party objects to the disclosure.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)(1) Purposefully left blank.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the
Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any
information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating
Party that identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert.

1       (b) A Party that makes a request and provides the information specified in the

2    preceding respective paragraphs may disclose the subject Protected Material to the identified

3    Expert unless, within 14 days of delivering the request, the Party receives a written objection from

4    the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

5       (c) A Party that receives a timely written objection must meet and confer with the

6    Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

7    agreement within seven days of the written objection. If no agreement is reached, the Party

8    seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

9    (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to

10   do so. Any such motion must describe the circumstances with specificity, set forth in detail the

11   reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

12   disclosure would entail, and suggest any additional means that could be used to reduce that risk. In

13   addition, any such motion must be accompanied by a competent declaration describing the parties'

14   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

15   discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

16   approve the disclosure.

17      (d) In any such proceeding, the Party opposing disclosure to the Expert shall bear

18   the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

19   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

20      (e) A party who has not previously objected to disclosure of Protected Material to

21   an Expert or whose objection has been resolved with respect to previously produced Protected

22   Material shall not be precluded from raising an objection to an Expert at a later time with respect

23   to Protected Material that is produced after the time for objecting to such Expert has expired or if

24   new information about that Expert is disclosed or discovered. Any such objection shall be handled

25   in accordance with the provisions set forth above.

26

27

28

8.     RIGHTS RESERVED WITH RESPECT TO SOURCE CODE

To the extent production of material including, or substantially disclosing, confidential, proprietary, or trade secret source code or algorithms becomes necessary in this case, the parties reserve their rights with respect to, and agree to meet and confer regarding a protective order governing, procedures for designating, disclosing, or otherwise making available such material.

9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected[2].

If the Designating Party timely[3] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[3] The Designating Party shall have at least 14 days from the service of the notification pursuant to Section 10(a) to seek a protective order.

1    seeking protection in that court of its confidential material – and nothing in these provisions

2    should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

3    lawful directive from another court.

4    10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS</u>

5    <u>LITIGATION</u>

6         (a) The terms of this Order are applicable to information produced by a Non-Party

7    in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

8    ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with

9    this litigation is protected by the remedies and relief provided by this Order. Nothing in these

10   provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11        (b) In the event that a Party is required, by a valid discovery request, to produce a

12   Non-Party's confidential information in its possession, and the Party is subject to an agreement

13   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

14        1.   promptly notify in writing the Requesting Party and the Non-Party that

15   some or all of the information requested is subject to a confidentiality agreement with a Non-

16   Party;

17        2.   promptly provide the Non-Party with a copy of the Stipulated Protective

18   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

19   the information requested; and

20        3.   make the information requested available for inspection by the Non-Party.

21        (c) If the Non-Party fails to object or seek a protective order from this Court within

22   14 days of receiving the notice and accompanying information, the Receiving Party may produce

23   the Non-Party's confidential information responsive to the discovery request. If the Non-Party

24   timely objects or seeks a protective order, the Receiving Party shall not produce any information

25   in its possession or control that is subject to the confidentiality agreement with the Non-Party

26

27

28

1    before a determination by the Court[4]. Absent a Court order to the contrary, the Non-Party shall

2    bear the burden and expense of seeking protection in this court of its Protected Material.

3    11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

5    Material to any person or in any circumstance not authorized under this Stipulated Protective

6    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

7    unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

8    Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

9    terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

10   Agreement to Be Bound" that is attached hereto as Exhibit A.

11   12.    PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

12         A Producing Party may assert privilege or protection over produced documents at any time

13   by notifying the Receiving Party in writing of the assertion of privilege or protection. In addition,

14   information that contains privileged matter or attorney work product shall be immediately returned

15   if such information appears on its face to have been inadvertently produced Pursuant to Federal

16   Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected

17   document is not a waiver of privilege or protection from discovery in this case or in any other

18   federal or state proceeding. For example, the mere production of privileged or work-product-

19   protected documents in this case as part of a mass production is not itself a waiver in this case or

20   any other federal or state proceeding.

21   13.    MISCELLANEOUS

22         13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

23   seek its modification by agreement with other Parties or by applying to the Court if such

24   agreement cannot be reached.  Furthermore, without application to the Court, any party that is a

25   beneficiary of the protections of this Order may enter a written agreement releasing any other

26

27

28

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

1  party hereto from one or more requirements of this Order even if the conduct subject to the release

2  would otherwise violate the terms herein.

3     13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective

4  Order no Party waives any right it otherwise would have to object to disclosing or producing any

5  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

6  Party waives any right to object on any ground to use in evidence of any of the material covered

7  by this Protective Order.

8     13.3 <u>No Agreement Concerning Discoverability</u>. The identification or agreed upon

9  treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the

10 Parties that the disclosure of such categories of Disclosure and Discovery Material is required or

11 appropriate in this action. The Parties reserve the right to argue that any particular category of

12 Disclosure and Discovery Material should not be produced.

13    13.4 <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable

14 laws and regulations relating to the export of technical data contained in such Protected Material,

15 including the release of such technical data to foreign persons or nationals in the United States or

16 elsewhere. Each party receiving Protected Information shall comply with all applicable export

17 control statutes and regulations. *See, e.g.,* 15 CFR 734.2(b).  No Protected Information may leave

18 the territorial boundaries of the United States of America or be made available to any foreign

19 national who is not (i) lawfully admitted for permanent residence in the United States or (ii)

20 identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C.

21 1324b(a)(3)).  Without limitation, this prohibition extends to Protected Information (including

22 copies) in physical and electronic form.  The viewing of Protected Information through electronic

23 means outside the territorial limits of the United States of America is similarly

24 prohibited.  Notwithstanding this prohibition, Protected Information, to the extent otherwise

25 permitted by law, may be taken outside the territorial limits of the United States if it is reasonably

26 necessary for a deposition taken in a foreign country.  The restrictions contained within this

27

28

1  paragraph may be amended through the consent of the producing Party to the extent that such

2  agreed to procedures conform with applicable export control laws and regulations.

3       13.5    Filing Protected Material. Without written permission from the Designating Party

4  or a Court order secured after appropriate notice to all interested persons, a Party may not file in

5  the public record in this action any Protected Material. A Party that seeks to file under seal any

6  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

7  under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at

8  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

9  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

10 otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

11 Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving

12 Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2)

13 unless otherwise instructed by the court.

14       13.6 No Limitation on Legal Representation. Nothing in this Order shall preclude or

15 impede Outside Counsel of Record's ability to communicate with or advise their client in

16 connection with this litigation based on such counsel's review and evaluation of Protected

17 Material, provided however that such communications or advice shall not disclose or reveal the

18 substance or content of any Protected Material other than as permitted under this Order.

19       13.7 Violations. If any Party intentionally or recklessly violates the limitations on the use

20 of Protected Material as described above, the Party violating this Order may be subject to

21 sanctions, or any other remedies as appropriate, as ordered by the Court.

22       13.8 Agreement Upon Execution. Each of the Parties agrees to be bound by the terms of

23 this Stipulated Protective Order as of the date counsel for such party executes this Stipulated

24 Protective Order, even if prior to entry of this Order by the Court.

25 14.    FINAL DISPOSITION

26       Within 60 days after the final disposition of this action, as defined in paragraph 4, each

27 Receiving Party must return all Protected Material to the Producing Party or destroy such material.

28

1   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

2   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

3   the Protected Material is returned or destroyed, the Receiving Party must submit a written

4   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

5   by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

6   Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

7   any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

8   of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

9   copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and

10  exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition

11  transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence

12  at any hearing or trial, and their attorney work product which refers or is related to any

13  "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14  information for archival purposes only. Any such archival copies that contain or constitute

15  Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16  15.      INTERPRETATION, ENFORCEMENT, AND CONTINUING JURISDICTION

17          The United States District Court for the Northern District of California is responsible for the

18  interpretation and enforcement of this Order. After final disposition of this litigation, the provisions

19  of this Order shall continue to be binding except with respect to that Disclosure or Discovery

20  Material that become a matter of public record. This Court retains and shall have continuing

21  jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provision

22  of this Order following final disposition of this litigation. All disputes concerning Protected Material

23  produced under the protection of this Order shall be resolved by the United States District Court for

24  the Northern District of California.

25          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26  DATED: __December 16, 2020__          _Phil Korologos/DB_____

27                                        George A. Zelcs
                                          gzeles@koreintillery.com
28                                        KOREIN TILLERY, LLC

1  205 North Michigan, Suite 1950
   Chicago, IL 60601
2  Telephone: (312) 641-9750
   Facsimile:  (312) 641-9751

3  Joshua Irwin Schiller
   jjschiller@bsfllp.com
4  BOIES SCHILLER FLEXNER LLP
   44 Montgomery Street, 41st Floor
5  San Francisco, CA 94104
   Telephone: (415) 293-6800
6  Facsimile:  (415) 293-6899

7  Philip C. Korologos
   pkorologos@bsfllp.com
8  BOIES SCHILLER FLEXNER LLP
   55 Hudson Yards, 20th Floor
9  New York, NY 10001
   Telephone: (212) 446-2300
10 Facsimile:  (212) 446-2350

11 *Attorneys for Plaintiffs*
   MARIA SCHNEIDER and PIRATE MONITOR LTD
12

13 DATED:  12/16/2020                    s/ David H. Kramer
   DAVID H. KRAMER
14 dkramer@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
15 Professional Corporation
   650 Page Mill Road
16 Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
17 Facsimile:  (650) 565-5100

18 *Attorneys for Defendant and Counterclaimants*
   YOUTUBE, LLC; and GOOGLE LLC
19

PURSUANT TO STIPULATION, IT IS SO ORDERED.
20

21

DATED: _____    _____
22                                HONORABLE JAMES DONATO
   UNITED STATES DISTRICT JUDGE
23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1

ATTORNEY ATTESTATION

2

     I, David H. Kramer, am the ECF User whose ID and password are being used to file this

3

[PROPOSED] STIPULATED PROTECTIVE ORDER.  In compliance with N.D. Cal. Civil L.R. 5-

4

1(i)(3), I hereby attest that the concurrence in the filing of the document has been obtained from each

5

of the other signatories.

6

                                                     By:  /s/ David H. Kramer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28