1   George A. Zelcs (*pro hac vice*)
      gzelcs@koreintillery.com
2   Randall P. Ewing, Jr. (*pro hac vice*)
      rewing@koreintillery.com
3   Ryan Z. Cortazar (*pro hac vice*)
      rcortazar@koreintillery.com
4   **KOREIN TILLERY, LLC**
    205 North Michigan, Suite 1950
5   Chicago, IL  60601
    Telephone: (312) 641-9750
6   Facsimile: (312) 641-9751

7   Stephen M. Tillery (*pro hac vice*)
      stillery@koreintillery.com
8   Steven M. Berezney, CA Bar #329923
      sberezney@koreintillery.com
9   Carol O'Keefe (*pro hac vice*)
    cokeefe@koreintillery.com
10  **KOREIN TILLERY, LLC**
    505 North 7th Street, Suite 3600
11  St. Louis, MO  63101
    Telephone: (314) 241-4844
12  Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
   jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
   pkorologos@bsfllp.com
Joanna Wright (*pro hac vice*)
   jwright@bsfllp.com
Sabina Mariella (*pro hac vice*)
   smariella@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

13  *Attorneys for Maria Schneider and Pirate Monitor LTD*

14            **UNITED STATES DISTRICT COURT**

15      **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

16  MARIA SCHNEIDER and PIRATE
17  MONITOR LTD, individually and on behalf of
    all others similarly situated;

18                                                  **COUNTER-DEFENDANT PIRATE**
                Plaintiffs,                         **MONITOR'S REPLY IN SUPPORT OF**
19                                                  **RULE 12(B)(1)&(6) MOTION TO**
            vs.                                     **DISMISS COUNTERCLAIMS**
20
    YOUTUBE, LLC, and GOOGLE LLC,                   **HEARING DATE: JANUARY 21, 2021**
21
                Defendants.                         **TIME: 10:00 A.M.**
22  _____

23  YOUTUBE, LLC and GOOGLE LLC;

24  Counter-Plaintiffs,

25  v.

26  PIRATE MONITOR LTD,
    Counter-Defendant.
27

28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES...................................................................................................ii

ARGUMENT ........................................................................................................................2

    I.    Defendants' New Factual Allegations Do Not Save Their Deficient
        Counterclaims....................................................................................................2

    II.   Defendants Do Not Plausibly Allege an Agency Relationship Between
        Pirate Monitor and the Unidentified Individuals...........................................3

        A.   Defendants' Conclusory Allegations of Agency Do Not Satisfy Rule
             8, and Their Breach of Contract Counterclaim Therefore Fails....................3

        B.   Defendants' Conclusory Allegations of Agency Do Not Satisfy Rule
             9(b), and Their Fraud and § 512(f) Counterclaims Therefore Fail. ..............5

    III.  Defendants' Fraud and Section 512(f) Claims are Not Pleaded with the
        Particularity Required by Rule 9(b). ...............................................................9

        A.   Defendants' Fraud and Section 512(f) Counterclaims Fail to Identify
             the Individual Alleged to Have Made Any Misrepresentation as
             Required by Rule 9(b). ..................................................................................10

        B.   Defendants' Fail to Plead Justifiable Reliance...........................................12

        C.   Defendants Do Not Dispute That Their Fraud And Section 512(f)
             Claims Must Be Dismissed Because They Rest Wholly On
             Information And Belief. ................................................................................13

    IV.  Defendants Lack Article III Standing to Seek Injunctive Relief. ...........................13

CONCLUSION ....................................................................................................................15

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014) ............................................... 4

*Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089 (N.D. Cal. 2009) ......................... 11

*Am. Nat'l Red Cross v. United Way Cal. Cap. Region*, No. Civ. S-07-1236,
    2007 WL 4522967 (E.D. Cal. Dec. 19, 2007) .............................................................. 4

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) .............................................................. 14

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007) ...................................... 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................... 4, 6

*Brock v. Concord Auto. Dealership LLC*, No. 14-CV-01889-HSG,
    2016 WL 829074 (N.D. Cal. Mar. 3, 2016) ................................................................ 12

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1141 (S.D. Cal. 2014) ........... 11

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) .............................. 14

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) ........................................................... 14

*Connors v. Home Loan Corp.*, No. CIV 08CV1134-L(LSP),
    2009 WL 1615989 (S.D. Cal. June 9, 2009) .............................................................. 13

*Curtis v. Shinsachi Pharm., Inc.*, 45 F. Supp. 3d 1190 (C.D. Cal. 2014) ....................... 12

*Doran v. Wells Fargo Bank*, No. CIV. 11-00132 LEK, 2012 WL 1066879 (D. Haw. Mar. 28, 2012) ...... 10

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) ......... 4

*Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004) ........................................... 10

*Enttech Media Grp. LLC v. Okularity, Inc.*, No. 220CV06298RGKEX,
    2020 WL 6888722 (C.D. Cal. Oct. 2, 2020) ............................................................ 8, 12

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) ...... 14

*Gonzalez v. United States Immigration & Customs Enf't*, No. 20-55175,
    2020 WL 5494324 (9th Cir. Sept. 11, 2020) ............................................................. 14

*Green v. Beer*, No. 06 CIV. 4156(KMWJCF), 2009 WL 911015 (S.D.N.Y. Mar. 31, 2009) ............ 9

*Heredia v. Intuitive Surgical, Inc.*, No. 5:15-CV-02662-EJD,
    2016 WL 6947590 (N.D. Cal. Nov. 28, 2016) .............................................................. 4

*In re 21st Century Holdings, Inc.*, 591 B.R. 134 (Bankr. S.D.N.Y. 2018) ...................................... 5, 10

*ISE Entm't Corp. v. Longarzo*, No. CV 17-9132-MWF(JCX),
    2018 WL 1569803 (C.D. Cal. Feb. 2, 2018) ......................................................... 8

*Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 69 Cal. Rptr. 2d 640 (App. Ct. 1997) ...................... 5

*Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557 (S.D.N.Y. 1996) .......................................................... 6

*Lachmund v. ADM Inv'r Servs., Inc.*, 191 F.3d 777 (7th Cir. 1999) .................................................. 5

*LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985) ...................................................................... 15

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ............................................................. 2

*Leyvas v. Bank of Am. Corp.*, 601 F. Supp. 2d 1201 (S.D. Cal. 2009) ................................................ 10

*Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353 (9th Cir. 2005) .............................. 13

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ...................................................................... 14

*Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) ................................................................... 14

*Mitsui O.S.K. Lines Ltd. v. SeaMaster Logistics, Inc.*, 618 F. App'x 304 (9th Cir. 2015) .......................... 12

*Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019) ................................................ 9

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) ............................................................ 8, 11, 13

*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*,
    68 Cal. Rptr. 3d 828 (App. Ct. 2007) ............................................................... 12

*Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007) ............................................................ 6, 10

*Pac. Gas & Elec. Co. v. Jesse M. Lange Distrib.*, No. CIVS051180DFLKJM,
    2005 WL 3507968 (E.D. Cal. Dec. 21, 2005) ....................................................... 7

*Palomares v. Bear Stearns Residential Mortg. Corp.*, No. 07-cv-01899,
    2008 WL 686683 (S.D. Cal. Mar. 13, 2008) ..................................................... 5, 7

*Pan Asian Commercial Consulting Grp., LLP v. Montage Int'l Importing Inc.*, No. 14-cv-04905,
    2014 WL 12688420 (C.D. Cal. Nov. 10, 2014) ..................................................... 11

*Patel v. Pacific Life Ins. Co.*, No. 3:08-CV-0249-B, 2009 WL 1456526 (N.D. Tex. May 22, 2009) ............ 7

*Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646 (9th Cir. 2002) ................................................. 14

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985) ................................................................ 6, 10

*Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840 (N.D. Cal. 2018) ..................................................... 4

*Smith v. McCullough*, 270 U.S. 456 (1926) ............................................................................ 14

*Stiles v. Wells Fargo Bank*, No. C-14-04169 DMR, 2014 WL 7146950 (N.D. Cal. Dec. 15, 2014) .......... 11

**Counter-Defendant's Reply In Support of Motion to Dismiss    5:20-cv-4423**

iii

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................................ 7

*TLS Group, S.A. v. NuCloud Global, Inc.*, No. 2:15-cv-00533-TC,
    2016 WL 1562910 (D. Utah Apr. 18, 2016) ...................................................... 7

*United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122 (N.D. Cal. 2015) .................. 2

*United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71 (2d Cir. 2017) ..................................... 9

*Weinstein v. Saturn Corp.*, 303 F. App'x 424 (9th Cir. 2008) ......................................... 5

*White v. Lee*, 227 F.3d 1214 (9th Cir. 2000) ........................................ 14

**Other Authorities**

5A C. Wright & A. Miller, Fed. Prac. & Proc. § 1297 ........................................ 10

Fed. R. Civ. P. 12 ................................................................. 2

As explained in Plaintiff Pirate Monitor LTD's motion to dismiss, Defendants' Counterclaims (ECF No. 34) fail to satisfy the requirements of Federal Rules of Civil Procedure 8 and 9(b) because they fail to (1) plead facts supporting that unidentified individuals responsible for the alleged misconduct were "authorized agents" of Pirate Monitor; (2) allege the identities of the wrongdoers; (3) assert Defendants' justifiable reliance on these wrongdoers' misstatements; and (4) establish standing for injunctive relief. Rather than address these infirmities, Defendants' opposition misrepresents precedent, manipulates quotations from appellate decisions to omit unfavorable language, and falsely attributes favorable language to a judicial opinion that actually undermines the arguments they advance before this Court, all in violation of this Court's Standing Order for Civil Cases.

*First*, Defendants' brief introduces two pages of new facts that they provided in interrogatory responses *after* Pirate Monitor filed this motion; although the introduction of those facts is improper, they do not move the needle even if the Court could consider them. *Second*, Defendants fail to allege an agency relationship between Pirate Monitor and the unidentified individuals engaged in the allegedly fraudulent scheme, instead only alleging in a conclusory manner that unidentified individuals were "authorized agents" of Pirate Monitor. Defendants' allegations of agency are deficient not only under Rule 8, but also under the heightened pleading standard of Rule 9(b) which applies to the agency allegations as they relate to Defendants' fraud and section 512(f) claims, despite Defendants' mischaracterizations of relevant case law. *Third*, Defendants fail to allege the identity of the individual who made the alleged misrepresentations for which they are bringing claims sounding in fraud, which is also required under Rule 9(b). *Fourth*, Defendants' argument that they need not plead justifiable reliance is based on a misreading of the Ninth Circuit case they cite in support. Moreover, Defendants fail to explain how they could justifiably rely on the representations of Pirate Monitor's purported agents when Defendants cannot identify those agents even to this day. *Finally*, Defendants' argument that the Court can defer addressing Defendants' standing to seek injunctive relief contravenes settled Supreme Court and Ninth Circuit authority. In sum, Defendants' Counterclaims fail to satisfy the pleading requirements and must be dismissed.

**ARGUMENT**

**I.     Defendants' New Factual Allegations Do Not Save Their Deficient Counterclaims.**

Defendants' brief (at 5–6) contains a host of new factual allegations derived from an interrogatory response that was served on Pirate Monitor *after* it filed this motion to dismiss.  Although the Court cannot consider these new facts in deciding this motion to dismiss, *see* Fed. R. Civ. P. 12(b)(d); *accord, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), they still do not cure Defendants' deficient allegations.

First, Defendants do not identify who specifically uploaded the video clips at the center of the allegations, and certainly do not do so with the specificity required by Rule 9(b).  The most specificity Defendants muster is an unnamed person with a YouTube account using a name similar to "RansomNova" and an IP address associated with Pakistan.  And instead of identifying the individual who purportedly uploaded the content with the "RansomNova" account, Defendants' interrogatory response cryptically states only that an individual named Sarfraz Arshad Khan "has surfaced" in YouTube's investigation of the "Ransom Nova" account.  ECF No. 47-2 at 4.

Defendants also fail to connect the dots in any concrete way between the uploader (the RansomNova account with an IP address "associated with" Pakistan) and Pirate Monitor or Gabor Csupo, who Defendants contend filed the takedown notices for the clips.  *Id.* at 2, 3.  In an attempt to do so, Defendants claim that the Hungarian IP address that Mr. Csupo allegedly used to send the takedown notices had been used at some point by some person to log into a RansomNova account.  *Id.* at 3–4.  But even if true, Defendants' agency allegations are still entirely speculative: Defendants *never* state who the purported RansomNova uploader in Pakistan is, nor do they provide any facts demonstrating that whoever that uploader is was Pirate Monitor's agent.  The fact that RansomNova might have shared a computer or internet connection with Pirate Monitor or Mr. Csupo at some unspecified time is not an allegation of an *agency relationship*, which requires "a manifestation by the principal that the agent shall act for him," among other things.  *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*, 146 F. Supp. 3d 1122, 1141 (N.D. Cal. 2015).  Put simply, even if Defendants could draw some connection between the RansomNova uploader and whoever filed the takedown notices, a mere

connection or relationship does not establish agency.  Rule 9(b) requires specificity, and here there is only speculation and a conclusory statement that the facts Defendants have learned "leave little doubt" that Pirate Monitor and its agents were responsible both for uploading the video clip and for requesting that they be taken down.  *See* ECF No. 47-2 at 4.

In short, Defendants still fail to allege who was engaged in the alleged fraudulent scheme, much less any specific factual allegations supporting the conclusion that these individuals were acting at Pirate Monitor's direction or are even connected in any way to Pirate Monitor.

## II.   Defendants Do Not Plausibly Allege an Agency Relationship Between Pirate Monitor and the Unidentified Individuals.

Despite resting their Counterclaims squarely on the existence of a supposed agency relationship between Pirate Monitor and the unidentified individuals, Defendants' Counterclaims do not allege a single well-pleaded factual allegation showing the existence of such a relationship, relying instead exclusively on conclusory allegations establishing by fiat that the unidentified individuals are "authorized agents" of Pirate Monitor.  Counterclaims at 27 ¶ 22.  This deficiency requires dismissal of all of Defendants' Counterclaims as Defendants' fraud and section 512(f) claims are subject to the heightened pleading standard in Rule 9(b).  Dismissal is required even under Rule 8's plausibility standard because the Counterclaims do not raise a plausible inference of agency.

### A.   Defendants' Conclusory Allegations of Agency Do Not Satisfy Rule 8, and Their Breach of Contract Counterclaim Therefore Fails.

Belittling these requirements as mere "pleading technicalities" (Opp. Br. at 12), Defendants' Opposition simply restates these unsubstantiated allegations that the unidentified individuals were "authorized agents" of Pirate Monitor and on that unsupported basis infer allegedly "suspicious timing" of alleged transmission of takedown notices. *Id.* at 11.  Defendants base their agency theory entirely on this faulty inference of timing. *Id.*  Yet the fact that a takedown notice was filed shortly after infringing content was uploaded is not suspicious nor can it raise an inference of an agency relationship between a party that currently owns the copyrights for which the takedown notice was filed and the uploader of

the video.[1]  *See, e.g.*, *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998–99 (9th Cir. 2014) (allegations that are "consistent with both [the plaintiff's] theory of liability and [an] innocent alternative" fail to state a plausible claim for relief).  Neither of Defendants' cases are to the contrary, as both involved complaints that—unlike Defendants' Counterclaims—alleged *facts* to demonstrate an agency relationship. *See Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 876 (N.D. Cal. 2018) (complaint plausibly alleged agency relationship between defendant General Motors and dealerships where (1) complaint stated that defendant had instructed dealerships how to respond to complaints and (2) defendant's warranties requested that customers return cars to dealerships for repair); *Heredia v. Intuitive Surgical, Inc.*, No. 5:15-CV-02662-EJD, 2016 WL 6947590, at *4–*5 (N.D. Cal. Nov. 28, 2016) (agency relationship plausibly alleged between company and international distributor of company's product where plaintiff alleged that, among other things, company used distributor's employees to represent it at trade shows and company provided plaintiff with marketing literature for use by distributor).

　　Defendants are therefore left with nothing more than the conclusory allegation that the unidentified individuals were "authorized agents," which is an improper legal conclusion that must be disregarded.  *E.g.*, *Am. Nat'l Red Cross v. United Way Cal. Cap. Region*, No. Civ. S-07-1236, 2007 WL 4522967 at *10 (E.D. Cal. Dec. 19, 2007).  Even if appropriate, however, the self-serving assertion that an agency relationship exists simply does not provide "enough fact to raise a reasonable expectation that discovery will reveal evidence to support liability for the wrongdoing alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (quotation marks omitted); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").  As a result, Defendants' breach of contract claim fails to meet the standard under Rule 8 and must be dismissed.

---

[1]  Indeed, it is puzzling at best for Defendants to take the position that it is "suspicious" for YouTube to receive a takedown notice shortly after infringing content is uploaded, because that is the only avenue available for protecting against infringement to copyright holders excluded from ContentID.

**B. Defendants' Conclusory Allegations of Agency Do Not Satisfy Rule 9(b), and Their Fraud and § 512(f) Counterclaims Therefore Fail.**

Even if Rule 8 were satisfied, that would save only Defendants' breach of contract counterclaim. Defendants' fraud and section 512(f) counterclaims are subject to the heightened pleading requirements of Rule 9(b), which required Defendants to "allege with particularity facts that support the existence of an agency relationship." *Palomares v. Bear Stearns Residential Mortg. Corp.*, No. 07-cv-01899, 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008). Contrary to Defendants' argument (at 8–9) that Rule 9(b) does not apply to allegations of agency, "[a] host of cases hold that where the agency relationship is central to a fraud claim it needs to be pled with particularity under Rule 9(b)." *In re 21st Century Holdings, Inc.*, 591 B.R. 134, 143 (Bankr. S.D.N.Y. 2018) (collecting authority); *accord, e.g.*, *Lachmund v. ADM Inv'r Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999) ("[W]hen the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant, the reasons for more particularized pleading that animate Rule 9(b) apply with equal force to the issue of agency and to the underlying fraud claim."). It being beyond dispute that the supposed agency relationship between Pirate Monitor and the unidentified individuals is central to Defendants' allegation of fraud, that relationship must be alleged with particularity under Rule 9(b).

In purported support of their argument (at 12) that even a conclusory allegation "that one party 'exercised substantial control' over another" suffices, Defendants misrepresent Ninth Circuit precedent. Contrary to Defendants' argument, *Weinstein v. Saturn Corp.*, 303 F. App'x 424 (9th Cir. 2008), did not endorse a barebones allegation of agency. The complaint in that case provided *nearly three pages of factual allegations* on the subject of agency between Saturn and one of its dealerships. *Weinstein v. Saturn Corp.*, No. 3:07-cv-00348 (N.D. Cal.), ECF No. 27 at 3–6. Accordingly, in light of those allegations, the court held that the plaintiff had "allege[d] facts supporting the existence of an actual agency relationship between Saturn and East Bay Auto Group with sufficient particularity," to show that the defendant "exercised 'substantial control' over the dealership." 303 F. App'x at 426 (quoting *Kaplan v. Coldwell Banker Residential Affiliates, Inc.*, 69 Cal. Rptr. 2d 640 (App. Ct. 1997)). Yet Defendants' Opposition states (at 11) that: "In *Weinstein*, the Ninth Circuit (without deciding whether Rule 9(b) 'applies to

**Counter-Defendant's Reply In Support of Motion to Dismiss     5:20-cv-4423**

allegations of agency') held that the simple allegation that one party 'exercised "substantial control"' over another satisfied Rule 9(b)."  Nothing could be farther from the truth—the words "exercised substantial control" appear nowhere in the *Weinstein* complaint and the Court considered no such conclusory allegation in holding that Rule 9(b) had been satisfied.[2]

Defendants next attempt to argue (at 10) that notice pleading is sufficient, relying on *Odom v. Microsoft Corp.*, 486 F.3d 541, 555 (9th Cir. 2007), which was decided before the Supreme Court held in *Twombly* that notice is not enough and that complaints must include factual allegations that nudge "claims across the line from conceivable to plausible."  550 U.S. at 547.  In any event, Rule 9(b) sets the standard, and it requires factual allegations specific enough to allow defendants to "defend against the charge and *not just deny that they have done anything wrong*," so as to ensure that damaging accusations of fraud are not used "as a pretext for the discovery of unknown wrongs." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (emphasis added).

In a tacit concession that they cannot satisfy Rule 9(b), Defendants claim (at 8) that they do not have to do so, arguing that a supposed agent's "relationship with the principal corporation" is not among the "circumstances constituting fraud" that must be pleaded with particularity.  But that is incorrect. "When an implied agency relationship is allegedly part of the fraud, 'the circumstances constituting the fraud' on the part of the purported principal include both the facts constituting the underlying fraud and the facts establishing the agency relationship." *See Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557, 569 (S.D.N.Y. 1996). The issue is not whether Defendants have pled "every element" of their fraud claim but rather whether they have pled with particularity the circumstances showing why Pirate Monitor should be held liable for the alleged misconduct of unidentified third parties.[3] Defendants failed to do that here.

---

[2]  Defendants' misrepresentation of *Weinstein* is just one example of several citations in Defendants' Opposition that violate this Court's requirement that "[a]ll case citations and factual statements must be completely accurate."  Standing Order for Civil Cases Before Judge James Donato ¶ 23.

[3]  Defendants also argue (at 9) that Rule 9(b) does not require that the plaintiff plead the names of a corporate defendant's employee or representative who made fraudulent misrepresentations.  This is incorrect, but also unrelated to Defendants' burden of pleading allegations of agency with specificity and instead related to Defendants' failure to plead the "who" of their fraud claim with particularity.

Next, Defendants claim that Rule 9(b) does not require heightened pleading of the agency relationship underlying an alleged fraud (Opp. Br. at 9) (citing *Pac. Gas & Elec. Co. v. Jesse M. Lange Distrib.*, No. CIVS051180DFLKJM, 2005 WL 3507968 (E.D. Cal. Dec. 21, 2005)), only of fraudulent representations regarding the existence of an agency relationship. *Id.* This argument stumbles right out of the gate—*Pacific Gas* involved no allegation of fraud and rejected only the strange notion that Rule 9(b) requires *all* allegations of agency be pleaded with particularity, regardless of whether the underlying claim sounds in fraud. 2005 WL 3507968 at *4. Indeed, *Pacific Gas* itself makes this very point, and Defendants' decision to cite this case again represents a violation of this Court's Standing Civil Order. *Id.* (noting that the defendant's authority "differ[ed] from the present case because the underlying allegations were based on fraud" and the claims in *Pacific Gas* were for nuisance, trespass, negligence, defective product, and violations of environmental statutes).

The supposed limitation recognized by courts outside this circuit that Defendants purport to rely on in *Patel v. Pacific Life Insurance Co.*, No. 3:08-CV-0249-B, 2009 WL 1456526 at *34 (N.D. Tex. May 22, 2009) , and *TLS Group, S.A. v. NuCloud Global, Inc.*, No. 2:15-cv-00533-TC, 2016 WL 1562910 at *31 (D. Utah Apr. 18, 2016), run up against controlling Ninth Circuit precedent. *Swartz v. KPMG LLP*, a Ninth Circuit case, did not involve false representations regarding the existence of an agency relationship, and specifically held that a conclusory allegation that some defendants "were acting as agents" of others "patently fail[s] to comply with Rule 9(b)." 476 F.3d 756, 765 (9th Cir. 2007). Perhaps recognizing this problem, Defendants try to limit *Swartz* to cases involving multiple defendants in which plaintiffs lump defendants together, but courts in this Circuit do not read *Swartz* so narrowly, and the requirement of pleading agency with specificity under Rule 9(b) is separate and different than the requirement of specifying each defendant's role in a fraud under Rule 9(b). *See, e.g.*, *Palomares*, 2008 WL 686683 at *4 ("When a plaintiff alleges that a defendant is liable for intentional misrepresentation under [ ] an agency … theory, Rule 9(b) requires that the plaintiff allege with particularity facts that support the existence of an agency relationship …." (citing *Swartz*, 476 F.3d at 764–65)). And with good reason—the plain text of Rule 9(b) makes clear that heightened pleading is required of *all* claims "alleg[ing] fraud," not merely of such claims involving multiple named defendants. Moreover,

Defendants' proposed narrow reading of Rule 9(b) would have absurd implications because it would allow a plaintiff to avoid dismissal by—as Defendants did here—simply declining to name the alleged agent as a defendant.  Nothing in the text of Rule 9(b) indicates that it was meant to allow plaintiffs to evade its requirements by engaging in such gamesmanship.

Defendants further cite *Enttech Media Grp. LLC v. Okularity, Inc.*, No. 220CV06298RGKEX, 2020 WL 6888722 (C.D. Cal. Oct. 2, 2020), for the broad proposition that "Rule 9(b) does *not* cover § 512(f) claims" (Opp. Br. at 7), but *Enttech* says no such thing.  Rather, it stated that "Rule 9(b) applies to *allegations* of fraud, not merely claims for fraud," and rejected Rule 9(b)'s application to the section 512(f) claim in that case because that claim "d[id] not contain allegations of fraud," 2020 WL 6888722 at *4.[4]  Here, as explained in Pirate Monitor's Opening Brief (ECF No. 44 at 11–12), the allegations underlying the section 512(f) claims sound in fraud, and thus Rule 9(b) applies.  *Enttech* does not warrant a different conclusion.

Defendants next insist (at 10) that they need not plead any facts showing the supposed agency relationship between Pirate Monitor and the unidentified individuals because those individuals concealed their relationship with Pirate Monitor when they created their YouTube accounts.  This argument is circular: as Defendants see things, they need not allege any facts supporting their conclusory allegations that the unidentified individuals were acting as agents of Pirate Monitor when they created the YouTube accounts *because* Defendants made conclusory allegations that those individuals were acting as Pirate Monitor's agents when they created those accounts.

That circularity aside, Defendants' argument is unsupported and contrary to Ninth Circuit precedent.  *See, e.g.*, *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[Although] Rule 9(b) may be relaxed [to allow allegations on information and belief] with respect to matters within the opposing party's knowledge … this exception does not nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state the factual basis for the belief.").  Defendants cite *Nayab v. Capital One*

---

[4]  Defendants also cite *ISE Entm't Corp. v. Longarzo*, No. CV 17-9132-MWF(JCX), 2018 WL 1569803 (C.D. Cal. Feb. 2, 2018), but it is inapposite, having rejected only the strange claim that a section 512(f) claim must specifically plead that the fraudulent takedown notice contained all the information required by section 512(c)(3), *id.* at *6.

*Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019) to state that, under Rule 9(b), "a 'pleader is not required to allege facts that are peculiarly within the opposing party's knowledge.'"  *Id.* at 493.  While *Nayab* does contain that quoted phrase, it goes on to say that lack of knowledge allows allegations on "information and belief," but only "*so long as the allegations are accompanied by a statement of facts upon which the belief is founded.*"  *Id.* (emphasis added).  Thus, *Nayab* does not stand for the proposition that Defendants need not allege *any facts* about agency based on the contention that those facts are within the opposing party's control—they still needed to include factual allegations supporting at least an inference of an agency relationship.

*United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71 (2d Cir. 2017) is also not to the contrary, but says that a Rule 9(b) plaintiff lacking personal knowledge of certain aspects of an alleged fraud cannot rest "on speculation and conclusory allegations," but must allege facts giving rise to "a strong inference" that crucial facts are "peculiarly within the opposing party's knowledge." *Id.* at 86.[5]  Having offered no such facts, let alone facts establishing a strong inference, Defendants have failed to satisfy the requirements of Rule 9(b), requiring dismissal of the Counterclaims.

### III.     Defendants' Fraud and Section 512(f) Claims are Not Pleaded with the Particularity Required by Rule 9(b).

While the deficiencies of Defendants' agency allegations require the dismissal of all the Counterclaims, their fraud and section 512(f) counterclaims are deficient in other ways as well.  Because those claims are governed by the heightened pleading requirements of Rule 9(b) (*see* ECF No. 44 at 11–12), Defendants were required to allege with particularity both (1) the identity of the individuals responsible for the alleged misrepresentations of which they complain, *id.* at 13-14; and (2) facts showing that Defendants acted reasonably when they relied on those unidentified individuals' representations, *id.* at 14–15.  Defendants failed to do so, and their claims must be dismissed.

---

[5]  Defendants' reliance on *Green v. Beer*, No. 06 CIV. 4156(KMWJCF), 2009 WL 911015 at *41 n.22 (S.D.N.Y. Mar. 31, 2009), for a contrary proposition is misplaced.  In *Green*, the court found that the plaintiff had not even satisfied Rule 8, and thus made no holding as to whether Rule 9(b) applied to the agency allegations.

**A. Defendants' Fraud and Section 512(f) Counterclaims Fail to Identify the Individual Alleged to Have Made Any Misrepresentation as Required by Rule 9(b).**

It is well settled that Rule 9(b) requires a counterclaimant to provide "the identity of the person making the misrepresentation" claimed to have been fraudulent. 5A C. Wright & A. Miller, Fed. Prac. & Proc. § 1297.  Defendants claim that this requirement can be satisfied without naming the person who made the fraudulent statement at issue (Opp. Br. at 8 (citing *Odom*, 486 F.3d at 555)), so long as Defendants include a cursory allegation that unnamed "corporate 'representatives'" made the fraudulent statement, *id.* at 9 (citing *Doran v. Wells Fargo Bank*, No. CIV. 11-00132 LEK, 2012 WL 1066879 at *5 (D. Haw. Mar. 28, 2012)), or even simply name the corporation as the defendant in a complaint, *id.* (citing *Leyvas v. Bank of Am. Corp.*, 601 F. Supp. 2d 1201, 1216 (S.D. Cal. 2009)).  This argument fails on every level.  To start, *Odom* is distinguishable on its facts because the agent at issue was a cashier employed by the corporate defendant, 486 F.3d at 554, which is significant because "courts have viewed the particularity requirement of Rule 9(b) more narrowly" when "vicarious liability was simply sought because of the employment relationship, which is assumed if the agent is … an actual employee of the company." *21st Century Holdings*, 591 B.R. at 143.  This case does not involve any allegation of misconduct by an employee of Pirate Monitor, so the special considerations applicable to such employees have no bearing here.  The remaining district court cases are not controlling, ail from multiple legal errors, have been rejected by later cases, and conflict with Ninth Circuit precedent.[6]

---

[6]  *Doran* misread *Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004), to hold that the Ninth Circuit would not require identification of the agent who made a fraudulent representation, 2012 WL 1066879 at *5, when *Edwards* had no occasion to express an opinion on the subject because the plaintiff in that case "name[d] the parties involved" in sending out the supposedly-fraudulent notices at issue. 356 F.3d at 1066.  *Leyvas* erred by endorsing a broad standard that a plaintiff need only identify a corporate entity as a defendant because a corporation "should be able to identify the specific individuals involved" in an alleged fraud. 601 F. Supp. 2d at 1216.  This not only ignores the clear instruction of *Neubronner* that Rule 9(b) is merely relaxed, not negated outright, as to matters in a defendant's knowledge, but also fundamentally misunderstands the purpose of Rule 9(b) itself.  As noted above, Rule 9(b) requires a plaintiff to provide sufficient facts to allow parties accused of fraud to actually "defend against the charge and not just deny that they have done anything wrong," so as to ensure that damaging fraud claims are not used "as a pretext for the discovery of unknown wrongs." *Semegen*, 780 F.2d at 731.

Instead, courts within the Ninth Circuit, including this Court, routinely hold that a complaint must identify the specific person responsible for a fraud, not merely a corporate entity that supposedly acts as his principal. *See, e.g.*, *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F. Supp. 3d 1141, 1150 (S.D. Cal. 2014) ("[M]erely attributing a misrepresentation to a corporate entity is inadequate; a specific person must be … identified."); *Pan Asian Commercial Consulting Grp., LLP v. Montage Int'l Importing Inc.*, No. 14-cv-04905, 2014 WL 12688420, at *10 (C.D. Cal. Nov. 10, 2014) ("Plaintiff failed to identify the specific person who made the misrepresentation; the name of the corporation is not sufficient."); *Stiles v. Wells Fargo Bank*, No. C-14-04169 DMR, 2014 WL 7146950, at *5 (N.D. Cal. Dec. 15, 2014) (fraud allegations did not satisfy Rule 9(b) because plaintiff failed "to identify who made any alleged misrepresentations or such individuals' authority to speak"); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1096 (N.D. Cal. 2009) (fraud claim not pleaded with requisite specificity because plaintiff did "not allege that a particular individual, or even the employee of a particular company, committed this fraud"). Those cases require a counterclaimant to identify in a pleading either (1) the specific person who committed the alleged fraud; or (2) an accusation against that person on the basis of information and belief plus the factual basis for the belief. *See Neubronner*, 6 F.3d at 672.

Under this rule, Defendants' fraud and section 512(f) counterclaims must be dismissed because they make no attempt to identify the unidentified agents Defendants claim defrauded them. Seeming to recognize as much, Defendants argue (at 12) that they have alleged enough information to enable Pirate Monitor "to identify [the] accounts" used to upload infringing material to YouTube. It should go without saying that identifying a YouTube *account* is a far cry from identifying the *person who created that account*, and does not remotely satisfy Rule 9(b)'s heightened pleading requirements. Indeed, Defendants' willingness to allege fraud against Pirate Monitor on that basis alone is strong indication that they brought these claims in the hope of conducting a fishing expedition to determine whether Pirate Monitor committed any wrongdoing. Because Defendants' fraud and section 512(f) counterclaims fail to plead identity with the particularity required by Rule 9(b), they must be dismissed.

**B.  Defendants' Fail to Plead Justifiable Reliance.**

Defendants' fraud and section 512(f) counterclaims also fail because they allege no facts showing that Defendants' blind reliance on the representations of unidentified individuals was justifiable.  Nor could they, as reliance cannot, by definition, be justified if Defendants are entirely unaware of the source of the representation.

Defendants begin by denying (at 12-13) that justifiable reliance must be pled to state a claim under section 512(f), but they fail to offer a single case in which that issue was even presented, let alone decided.   In the cases Defendants do cite, *Curtis v. Shinsachi Pharm., Inc.*, 45 F. Supp. 3d 1190 (C.D. Cal. 2014) and *Enttech Media Grp. LLC v. Okularity, Inc.*, No. 220CV06298RGKEX, 2020 WL 6888722 (C.D. Cal. Oct. 2, 2020), the issue of whether justifiable reliance is an element of a section 512(f) was not before the court.  Thus, those cases are not "to the contrary," as Defendants misleadingly suggest.  And although Defendants incorrectly contend that a "plausibility standard" should apply to allegations of justifiable reliance under section 512(f), none of the cases they cite are about section 512(f), and each reiterates that the heightened pleading standard of Rule 9(b) applies to allegations of fraud, not the mere plausibility standard of Rule 8.  *See* ECF No. 47 at 12 –13 (citing *Brock v. Concord Auto. Dealership LLC*, No. 14-CV-01889-HSG, 2016 WL 829074, at *2 (N.D. Cal. Mar. 3, 2016) (Rule 9(b) "requires greater specificity in the pleadings" "where a complaint includes allegations of fraud")).

Defendants next suggest, citing an appeal of a jury verdict in a state law securities fraud case, that as long as Defendants' reliance was not "manifestly unreasonable," then they have adequately alleged justifiable reliance.  Opp. Br. at 13 (citing *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 68 Cal. Rptr. 3d 828 (App. Ct. 2007)).  Putting aside the obvious non-precedential effect of *OCM*, such a principle regarding analyzing evidence of reliance does not negate Defendants' obligation to *allege* some sort of justifiable reliance under the Rule 9(b)'s pleading standards.  Similarly, Defendants cite a Ninth Circuit case that analyzed whether reliance was justified at summary judgment, not whether it had been sufficiently alleged at the pleading stage.  *Id.* (citing *Mitsui O.S.K. Lines Ltd. v. SeaMaster Logistics, Inc.*, 618 F. App'x 304, 306 (9th Cir. 2015)).

Finally, Defendants claim (at 13–14) that reliance on a misrepresentation is justifiable whenever that misrepresentation "would expose someone not telling the truth to legal liability."  By Defendants' reckoning, the justifiable-reliance element of a fraud claim is superfluous—after all, fraud is illegal *everywhere*, so a plaintiff could always simply point to the general prohibition on fraud to justify its reliance on an alleged misstatement.  It is unsurprising, then, that *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 363 (9th Cir. 2005), which Defendants cite, offers no support for such a nonsensical proposition.  That case says only that the plaintiffs—who claimed to have been fraudulently induced to enter a settlement—had "adequately pleaded reasonable reliance in their amended complaint" where they noted that their reliance was backed by "statutes, court orders, court rules, rules of evidence, written agreements, representations to the court by officers of the court, and representations made under oath to the court." *Id.* at 363 (quotation marks omitted).

### C. Defendants Do Not Dispute That Their Fraud And Section 512(f) Claims Must Be Dismissed Because They Rest Wholly On Information And Belief.

The fraud and section 512(f) counterclaims should be dismissed for the separate and independent reason that those claims rest wholly on "information and belief," which is not sufficient under Rule 9(b) unless the plaintiff also provides the "the factual basis for the belief."  *Neubronner*, 6 F.3d at 672.  Because Defendants offer no factual basis for any of the allegations they make on information and belief, those claims must be dismissed without further examining their merits.  *Id.* Defendants do not even acknowledge this argument, let alone respond to it, effectively conceding the point. *See, e.g., Connors v. Home Loan Corp.*, No. CIV 08CV1134-L(LSP), 2009 WL 1615989 at *8 (S.D. Cal. June 9, 2009) (dismissing claim because plaintiff's failure to respond to argument for dismissal was a "consent to dismissing this cause of action for failure to state a claim" and "a waiver of the issue").

### IV. Defendants Lack Article III Standing to Seek Injunctive Relief.

Finally, however this Court views the merits of Defendant's Counterclaims, dismissal of Defendants' request for injunctive relief for lack of standing is necessary because that request is premised wholly on alleged past misconduct, which never suffices.  ECF No. 47 at 15–16 (citing

*Gonzalez v. United States Immigration & Customs Enf't*, No. 20-55175, 2020 WL 5494324, at *9 (9th Cir. Sept. 11, 2020); *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007)).

Defendants begin by complaining (at 14) that they see "no obvious reason why [standing] needs to be addressed now," but the reason is obvious: the law is clear that "standing is an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), that must be "examined at the commencement of the litigation," *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000) (quotation marks omitted).  Defendants also seem to believe they should be able to pursue injunctive relief because they have standing to seek damages, but "a claimant 'must demonstrate standing separately for each form of relief sought.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).  Next, Defendants insist (at 15) that they have standing because Pirate Monitor "has yet to admit what it did, much less forsworn [sic] similar misconduct in the future," but Pirate Monitor has no burden to come forward—particularly on a motion to dismiss—with any evidence to show Defendants' lack of standing, because it was Defendants' burden to allege facts sufficient to establish federal jurisdiction, *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

Finally, Defendants' claim (at 15) that their allegations show a "potential need for injunctive relief" and a "prospect of future harm" effectively admits their lack of standing.  Because a plaintiff has Article III standing to seek injunctive relief only if it can "demonstrate a 'real and immediate threat of repeated injury' in the future," *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc), a mere "possibility of future injury" is simply "too weak to support standing," *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002).  And, again, the law is clear that "past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983).  Defendants' cases are not to the contrary, but involve circumstances in which the defendants were engaged in an *ongoing* pattern or practice of officially-sanctioned misconduct.  *See Melendres v. Arpaio*, 695 F.3d 990, 998 (9th Cir. 2012) (future injury sufficiently likely to establish standing where defendants' stated policy of targeting traffic stops at Latinos exposed Latino plaintiffs to an "ongoing harm"); *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001) (defendants had standing because they "establish[ed] a pattern of continuing

discrimination that shows no sign of abating"); *LaDuke v. Nelson*, 762 F.2d 1318, 1324 (9th Cir. 1985) (holding that plaintiffs had standing where the evidence showed "a standard pattern of officially sanctioned officer behavior"). Having alleged no such ongoing pattern of misconduct and only a discrete number of instances of past misconduct, Defendants have failed to establish their Article III standing to seek injunctive relief, requiring dismissal of that request.

**CONCLUSION**

Pirate Monitor respectfully requests that the Court dismiss Defendants' Counterclaims in their entirety.

Dated: January 11, 2021                                    Respectfully submitted,

/s/ Randall P. Ewing, Jr.
George A. Zelcs
Randall P. Ewing, Jr.
Ryan Z. Cortazar
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos
Joanna Wright
Sabina Mariella
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor

New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and*
*Pirate Monitor LTD*