George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Ryan Z. Cortazar (*pro hac vice*)
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
  pkorologos@bsfllp.com
Joanna Wright (*pro hac vice*)
  jwright@bsfllp.com
Sabina Mariella (*pro hac vice*)
  smariella@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Maria Schneider and Pirate Monitor LTD*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> YOUTUBE, LLC, and GOOGLE LLC, <br><br> Defendants. <br> _____ <br><br> YOUTUBE, LLC and GOOGLE LLC; <br><br> Counter-Plaintiffs, <br><br> v. <br><br> PIRATE MONITOR LTD, <br> Counter-Defendant. | CASE NO. 3:20-cv-04423-JD <br><br> **COUNTER-DEFENDANT PIRATE MONITOR'S REPLY IN SUPPORT OF RULE 12(B)(1)&(6) MOTION TO DISMISS COUNTERCLAIMS** <br><br> **HEARING DATE: JANUARY 21, 2021** <br><br> **TIME: 10:00 A.M.** |

**ISSUES PRESENTED**

1.      Whether this Court should dismiss Defendants' counterclaims, where they fail to plausibly allege an agency relationship between Pirate Monitor and the unidentified individuals who allegedly created false YouTube accounts and uploaded infringing material.

2.      Whether this Court should dismiss Defendants' counterclaims for fraud and takedown-notice abuse, where they fail to allege those claims with the particularity required by Fed. R. Civ. P. 9(b).

3.      Whether this Court should dismiss Defendants' request for injunctive relief for lack of Article III standing, where they fail to allege facts showing a reasonable likelihood of future harm.

**ARGUMENT**

Defendants' Counterclaims (ECF No. 34) should be dismissed under Fed. R. Civ. P. 12(b) because Defendants: (1) improperly introduce two pages of new facts from interrogatory responses served *after* Pirate Monitor filed this motion and that, in any event, still do not satisfy Rules 8 and 9(b); (2) failed to plead actual facts that unidentified individuals responsible for the alleged misconduct were Pirate Monitor's "authorized agents"; (3) did not allege the identities of the wrongdoers; (4) failed to plead justifiable reliance; and (5) do not have standing for injunctive relief.

**I.      Defendants' New Factual Allegations in Their Interrogatory Responses Cannot Save Their Deficient Counterclaims.**

Defendants' response, (ECF No. 47 at 5–6) (hereafter, "Opp. Br."), contains a host of new factual allegations derived from an interrogatory response served *after* Pirate Monitor filed this motion to dismiss.   ECF No. 47-2 at 4.   This Court cannot consider these new purported facts, which have never been pled, *see* Fed. R. Civ. P. 12(b)(d); *accord*, *e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  But even if the Court could consider these new facts, they do not cure Defendants' deficient allegations.

Defendants do not identify who specifically uploaded the videos at the center of the allegations, and certainly do not do so with the specificity required by Rule 9(b), stating only that an unnamed person has a YouTube account using a name similar to "RansomNova" and an IP address associated with Pakistan.   Rather than identify the individual who purportedly uploaded the content with the

1   "RansomNova" account, Defendants cryptically state only that an individual named Sarfraz Arshad

2   Khan "has surfaced" in YouTube's investigation.  ECF No. 47-2 at 4.

3        Defendants also fail to connect the dots in any concrete way between the unidentified uploader

4   and Pirate Monitor or Gabor Csupo, who Defendants contend filed the takedown notices.  *Id.* at 2–3.

5   In an attempt to do so, Defendants claim that the Hungarian IP address that Mr. Csupo allegedly used

6   to send the takedown notices had been used at some point by some person to log into a RansomNova

7   account.  *Id.* at 3–4.  But even if true, Defendants' agency allegations are still entirely speculative:

8   Defendants never state who the purported RansomNova uploader in Pakistan is, nor do they provide

9   any facts demonstrating that whoever that uploader is was Pirate Monitor's agent.  The fact that

10   RansomNova might have shared a computer or internet connection with Pirate Monitor or Mr. Csupo

11   at some point is not an allegation of an *agency relationship*, which requires "a manifestation by the principal

12   that the agent shall act for him," among other things.  *United Energy Trading, LLC v. Pac. Gas & Elec. Co.*,

13   146 F. Supp. 3d 1122, 1141 (N.D. Cal. 2015).  A mere connection or relationship does not establish

14   agency.  Rule 9(b) requires specificity, and here there is none.

15   **II.**     **Defendants' Counterclaims Do Not Plausibly Allege an Agency Relationship Between**

16         **Pirate Monitor and the Unidentified Individuals.**

17        Defendants do not allege a single well-pleaded fact showing an agency relationship between

18   Pirate Monitor and the unidentified individuals.  This deficiency alone requires dismissal of all of

19   Defendants' Counterclaims under both Rules 8 and 9(b).

20         **A.**   **Defendants' Conclusory Allegations of Agency Do Not Satisfy Rule 8, and**

21            **Their Breach of Contract Counterclaim Therefore Fails.**

22        Belittling these requirements as mere "pleading technicalities" (Opp. Br. 12), Defendants'

23   Opposition simply declares that the unidentified individuals were "authorized agents" of Pirate

24   Monitor.  It then uses that unsupported declaration to infer "suspicious timing" around the transmission

25   of takedown notices.  *Id.* at 11.  Yet the fact that a takedown notice was filed shortly after infringing

26   content was uploaded is not suspicious nor can it raise an inference of an agency relationship between

27   a party that is alleged to be acting on behalf of the owner of the copyrights for which the takedown

28

**Counter-Defendant's Reply In Support of Motion to Dismiss**     **3:20-cv-04423-JD**

notice was filed and the uploader of the video.  *See, e.g.*, *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 998–99 (9th Cir. 2014) (allegations "consistent with both [the plaintiff's] theory of liability and [an] innocent alternative" fail to state a claim).  Neither of Defendants' cases are to the contrary, as both complaints—unlike Defendants' Counterclaims—alleged *facts* to support agency. *See Sloan v. Gen. Motors LLC*, 287 F. Supp. 3d 840, 876 (N.D. Cal. 2018) (complaint alleged agency with dealership where (1) complaint stated that defendant had instructed dealerships how to respond to complaints and (2) defendant's warranties requested that customers return cars to dealerships for repair); *Heredia v. Intuitive Surgical, Inc.*, No. 5:15-CV-02662-EJD, 2016 WL 6947590, at *4–*5 (N.D. Cal. Nov. 28, 2016) (agency relationship alleged where plaintiff alleged that, among other things, company used distributor's employees to represent it at trade shows).  Defendants are therefore left with only the conclusory allegation that the unidentified individuals were "authorized agents," which is a legal conclusion that must be disregarded.  Defendants' breach of contract claim fails to satisfy Rule 8.

### B.  Defendants' Conclusory Allegations of Agency Do Not Satisfy Rule 9(b).

Even were Rule 8 satisfied, Defendants' fraud and § 512(f) counterclaims must separately satisfy Rule 9(b), which required Defendants to "allege with particularity facts that support the existence of an agency relationship." *Palomares v. Bear Stearns Residential Mortg. Corp.*, No. 07-cv-01899, 2008 WL 686683, at *4 (S.D. Cal. Mar. 13, 2008).  Contrary to Defendants' argument (Opp. Br. 8–9) that Rule 9(b) does not apply to allegations of agency, "[a] host of cases hold that where the agency relationship is central to a fraud claim it needs to be pled with particularity under Rule 9(b)." *In re 21st Century Holdings, Inc.*, 591 B.R. 134, 143 (Bankr. S.D.N.Y. 2018) (collecting authority); *accord, e.g.*, *Lachmund v. ADM Inv'r Servs., Inc.*, 191 F.3d 777, 783 (7th Cir. 1999) ("[W]hen the plaintiff relies upon the same circumstances to establish both the alleged fraud and the agency relationship of a defendant, the reasons for more particularized pleading that animate Rule 9(b) apply with equal force to the issue of agency and to the underlying fraud claim.").  Because the supposed agency relationship is central to Defendants' allegation of fraud, that relationship must be alleged with particularity under Rule 9(b).

In support of their argument (Opp. Br. 12) that even a conclusory allegation "that one party 'exercised substantial control' over another" suffices, Defendants misrepresent Ninth Circuit precedent.

Contrary to Defendants' argument, *Weinstein v. Saturn Corp.*, 303 F. App'x 424 (9th Cir. 2008), did not endorse a barebones allegation of agency.  The complaint in that case provided *nearly three pages of factual allegations* on the agency relationship between Saturn and one of its dealerships.  *Weinstein v. Saturn Corp.*, No. 3:07-cv-00348 (N.D. Cal.), ECF No. 27 at 3–6.  Accordingly, in light of those allegations, the court held that the plaintiff had "allege[d] facts supporting the existence of an actual agency relationship between Saturn and [the dealership] with sufficient particularity," to show that the defendant "exercised 'substantial control' over the dealership."  303 F. App'x at 426.  Yet Defendants' Opposition incorrectly states (Opp. Br. 11) that: "In *Weinstein*, the Ninth Circuit (without deciding whether Rule 9(b) 'applies to allegations of agency') held that the simple allegation that one party 'exercised "substantial control"' over another satisfied Rule 9(b)" even though the words "exercised substantial control" appear nowhere in the *Weinstein* complaint and the Court considered no such conclusory allegation in holding that Rule 9(b) had been satisfied.[1]  Defendants next argue (Opp. Br. 10) that notice pleading is sufficient, relying on *Odom v. Microsoft Corp.*, 486 F.3d 541, 555 (9th Cir. 2007), which was decided before *Bell Atlantic v. Twombly* determined that merely providing notice of a claim is insufficient, 550 U.S. 544, 555 n.3 (2007).  In any event, Rule 9(b) sets the standard, and it requires specific factual allegations so that defendants can "defend against the charge and *not just deny that they have done anything wrong.*" *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (emphasis added).

        In a tacit concession that they cannot satisfy Rule 9(b), Defendants claim that they do not have to, arguing that a supposed agent's "relationship with the principal corporation" is not among the "circumstances constituting fraud" that must be pleaded with particularity.  (Opp. Br. 8.)  But that is incorrect. "When an implied agency relationship is allegedly part of the fraud, 'the circumstances constituting the fraud' on the part of the purported principal include both the facts constituting the underlying fraud and the facts establishing the agency relationship." *Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557, 569 (S.D.N.Y. 1996). The issue is not whether Defendants have pled "every element" of

---

[1]  Defendants' misrepresentation of *Weinstein* is just one example of several citations in Defendants' Opposition that violate this Court's requirement that "[a]ll case citations and factual statements must be completely accurate."  Standing Order for Civil Cases Before Judge James Donato ¶ 23.

fraud but whether they pled with particularity why Pirate Monitor should be held liable for the alleged misconduct of unidentified third parties.[2]  Next, Defendants claim (Opp. Br. 9) that Rule 9(b) does not require heightened pleading of the agency relationship underlying an alleged fraud, only of fraudulent representations regarding the existence of an agency relationship.  This argument stumbles out of the gate—*Pacific Gas & Electric Co. v. Jesse M. Lange Distrib.*, No. CIVS051180DFLKJM, 2005 WL 3507968 (E.D. Cal. Dec. 21, 2005), involved no allegation of fraud and rejected only the strange notion that Rule 9(b) requires *all* agency allegations be pleaded with particularity, regardless of whether the underlying claim sounds in fraud. 2005 WL 3507968 at *3-*4.  Indeed, *Pacific Gas* itself makes this very point, *see id.* at *4 (noting that defendant's authority "differ[ed] from the present case because the underlying allegations were based on fraud" and the claims in *Pacific Gas* were for nuisance, trespass, negligence, defective product, and violations of environmental statutes).

Defendants' reliance on *Patel v. Pacific Life Insurance Co.*, No. 3:08-CV-0249-B, 2009 WL 1456526 at *34 (N.D. Tex. May 22, 2009), and *TLS Group, S.A. v. NuCloud Global, Inc.*, No. 2:15-cv-00533-TC, 2016 WL 1562910 at *31 (D. Utah Apr. 18, 2016), runs up against *Swartz v. KPMG LLP*, which did not involve false representations regarding agency, and specifically held that a conclusory allegation that some defendants "were acting as agents" of others "patently fail[s] to comply with Rule 9(b)."  476 F.3d 756, 765 (9th Cir. 2007).  Perhaps recognizing this problem, Defendants try to limit *Swartz* to cases involving multiple defendants in which plaintiffs lump defendants together, but courts in this Circuit do not read *Swartz* so narrowly, and the requirement of pleading agency with specificity under Rule 9(b) is separate and different from the requirement of specifying each defendant's role in a fraud under Rule 9(b).  *See, e.g., Palomares*, 2008 WL 686683 at *4.  And with good reason—the plain text of Rule 9(b) makes clear that heightened pleading is required of *all* claims "alleg[ing] fraud," not merely of such claims involving multiple named defendants.

---

[2]  Defendants also argue (Opp. Br. 9) that Rule 9(b) does not require the name of a corporate defendant's employee or representative who made fraudulent misrepresentations.  This is incorrect, but also unrelated to Defendants' burden of pleading agency with specificity.

**Counter-Defendant's Reply In Support of Motion to Dismiss     3:20-cv-04423-JD**

Defendants further cite *Enttech Media Group LLC v. Okularity, Inc.*, No. 220CV06298RGKEX, 2020 WL 6888722 (C.D. Cal. Oct. 2, 2020), for the broad proposition that "Rule 9(b) does *not* cover § 512(f) claims" (Opp. Br. 7). But *Enttech* says no such thing, stating that "Rule 9(b) applies to *allegations of fraud, not merely claims for fraud,*" and rejected Rule 9(b)'s application to the § 512(f) claim in that case because it "d[id] not contain allegations of fraud," 2020 WL 6888722 at *4.[3] Here, as explained in Pirate Monitor's Opening Brief (ECF No. 44 at 11–12), the allegations underlying the § 512(f) claims sound in fraud, so Rule 9(b) applies. *Enttech* is not to the contrary.

Defendants next insist (Opp. Br. 10) that they need not plead any facts showing the supposed agency relationship between Pirate Monitor and the unidentified individuals because those individuals concealed their relationship with Pirate Monitor when they created their YouTube accounts. This argument is circular: as Defendants see things, they need not allege any facts supporting their conclusory allegations that the unidentified individuals were acting as agents of Pirate Monitor when they created the YouTube accounts *because* they made conclusory allegations that those individuals were acting as Pirate Monitor's agents when they created those accounts. That circularity aside, Defendants' argument is contrary to Ninth Circuit precedent. *See, e.g.*, *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("[A] plaintiff who makes allegations on information and belief [under Rule 9(b)] must state the factual basis for the belief."). While Defendants cite *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019), to state that, under Rule 9(b), a "pleader is not required to allege facts that are peculiarly within the opposing party's knowledge," *id.* at 493, *Nayab* goes on to say that lack of knowledge allows allegations on "information and belief" only "*so long as the allegations are accompanied by a statement of facts upon which the belief is founded,*" *id.* at 493-94 (emphasis added). Thus, *Nayab* does not stand for the proposition that Defendants need not allege *any facts* about agency if those facts are in the opposing party's control—they still needed to include factual allegations supporting at least an inference of an agency relationship. *United States ex rel. Chorches v. Am. Med. Response, Inc.*, 865 F.3d 71 (2d Cir. 2017), is

---

[3] *ISE Entm't Corp. v. Longarzo*, No. CV 17-9132-MWF(JCX), 2018 WL 1569803 (C.D. Cal. Feb. 2, 2018), is inapposite, having rejected only the strange claim that a § 512(f) claim must plead that the fraudulent takedown notice contained all information required by § 512(c)(3), *id.* at *6.

1  also not to the contrary, but says that a Rule 9(b) plaintiff lacking personal knowledge of certain aspects

2  of an alleged fraud cannot rest "on speculation and conclusory allegations," but must allege facts giving

3  rise to "a strong inference" that crucial facts are "peculiarly within the opposing party's knowledge," *id.*

4  at 86 (quotation marks omitted).

**III.   Defendants' Fail to Plead Fraud and § 512(f) with Particularity.**

While the deficiencies of Defendants' agency allegations require the dismissal of all their

Counterclaims, their fraud and § 512(f) counterclaims are deficient in other ways as well.  Initially, those

claims rest wholly on "information and belief," which is insufficient unless Defendants also provide

"the factual basis for the belief."  *Neubronner*, 6 F.3d at 672.  Because Defendants offer no factual basis

for the allegations they make on information and belief, those claims must be dismissed.  *Id.*  Defendants

do not dispute this argument, effectively conceding the point.  *See, e.g.*, *Connors v. Home Loan Corp.*, No.

CIV 08CV1134-L(LSP), 2009 WL 1615989 at *8 (S.D. Cal. June 9, 2009).  Moreover, because those

claims are governed by the heightened pleading requirements of Rule 9(b) (*see* ECF No. 44 at 11–12),

Defendants were required to allege with particularity both (1) the identity of the individuals responsible

for the alleged misrepresentations of which they complain, *id.* at 13-14; and (2) facts showing that

Defendants acted reasonably when they relied on those unidentified individuals' representations, *id.* at

14–15.  Defendants failed to do so, and their claims must be dismissed.

**A.   Defendants' Fraud and § 512(f) Counterclaims Fail to Identify the Individual**
**Alleged to Have Made Any Misrepresentation.**

Rule 9(b) requires a counterclaimant to provide "the identity of the person making the

misrepresentation" claimed to have been fraudulent.  5A C. Wright & A. Miller, Fed. Prac. & Proc.

§ 1297.  Defendants claim that this requirement can be satisfied without naming who made the

fraudulent statement at issue, (Opp. Br. 8 (citing *Odom*, 486 F.3d at 555)), if the complaint alleges that

unnamed "corporate 'representatives'" made the fraudulent statement, *id.* at 9 (citing *Doran v. Wells Fargo

Bank*, No. CIV. 11-00132 LEK, 2012 WL 1066879 at *5 (D. Haw. Mar. 28, 2012)), or even simply

names the corporation as the defendant, *id.* (citing *Leyvas v. Bank of Am. Corp.*, 601 F. Supp. 2d 1201,

1216 (S.D. Cal. 2009)).  This argument fails on every level.  To start, *Odom* is distinguishable because

1  the agent was a cashier employed by the corporate defendant, 486 F.3d at 554, which is significant

2  because "courts have viewed the particularity requirement of Rule 9(b) more narrowly" when "vicarious

3  liability was simply sought because of the employment relationship, which is assumed if the agent is …

4  an actual employee of the company," *21st Century Holdings*, 591 B.R. at 143.  This case does not involve

5  any allegation of misconduct by an employee.  The remaining district court cases suffer multiple legal

6  errors, have been rejected by later cases, and conflict with Ninth Circuit precedent.[4]

7       Instead, courts in this Circuit have held that a complaint must specifically identify the person

8  responsible for a fraud, not merely a corporate principal.  *See, e.g.*, *Celebrity Chefs Tour, LLC v. Macy's, Inc.*,

9  16 F. Supp. 3d 1141, 1150 (S.D. Cal. 2014); *Pan Asian Commercial Consulting Grp., LLP v. Montage Int'l*

10  *Importing Inc.*, No. 14-cv-04905, 2014 WL 12688420, at *10 (C.D. Cal. Nov. 10, 2014); *Stiles v. Wells Fargo*

11  *Bank*, No. C-14-04169 DMR, 2014 WL 7146950, at *5 (N.D. Cal. Dec. 15, 2014); *Allen v. United Fin.*

12  *Mortg. Corp.*, 660 F. Supp. 2d 1089, 1096 (N.D. Cal. 2009).  Those cases require a claimant to identify

13  either (1) the specific person who committed the alleged fraud; or (2) an accusation against that person

14  on the basis of information and belief and the factual basis for the belief.  *See Neubronner*, 6 F.3d at 672.

15       Under this rule, Defendants' fraud and § 512(f) counterclaims must be dismissed because they

16  do not identify the anonymous agents Defendants claim defrauded them.  Seeming to recognize as

17  much, Defendants argue (Opp. Br. 12) that they alleged enough information to enable Pirate Monitor

18  "to identify [the] accounts" used to upload infringing material to YouTube.  Identifying a YouTube

19  *account*, however, is obviously a far cry from identifying the *person who created that account*.  Defendants'

20  willingness to allege fraud against Pirate Monitor on that basis is a strong indication that these claims

21  are a fishing expedition.  Defendants' fraud and § 512(f) counterclaims must be dismissed.

---

[4]  *Doran* misread *Edwards v. Marin Park, Inc.*, 356 F.3d 1058 (9th Cir. 2004), to hold that the Ninth Circuit would not require identification of an agent, when it had no occasion to discuss the subject because the plaintiff "name[d] the parties involved" in the alleged fraud, *id.* at 1066.  *Leyvas*' declaration that a corporation "should be able to identify the specific individuals involved" in an alleged fraud, 601 F. Supp. 2d at 1216, ignores *Neubronner*'s clear instruction that Rule 9(b) is merely relaxed, not negated, as to matters in a defendant's knowledge, and forgets that Rule 9(b) requires facts sufficient to allow defendants to "defend against the charge and not just deny that they have done anything wrong," to ensure that fraud claims are not used as a pretext, *Semegen*, 780 F.2d at 731.

## B.  Defendants Fail to Plead Justifiable Reliance.

Defendants' fraud and § 512(f) counterclaims also fail because they allege no facts showing that Defendants' blind reliance on the representations of unidentified individuals was justifiable.  Nor could they, as reliance cannot be justified if Defendants are entirely unaware of the source of the representation. Defendants begin by denying (Opp. Br. 12–13) that justifiable reliance must be pled to state a claim under § 512(f), but they fail to offer a single case in which that issue was even presented, let alone decided.   The issue of whether justifiable reliance is an element of a § 512(f) was not before the court in *Curtis v. Shinsachi Pharm., Inc.*, 45 F. Supp. 3d 1190 (C.D. Cal. 2014), or *Enttech*.  And although Defendants incorrectly contend that a "plausibility standard" should apply to allegations of justifiable reliance under § 512(f), none of their cases concern § 512(f).

Defendants next suggest, citing an appeal of a jury verdict in a state law securities fraud case, that they have adequately alleged justifiable reliance so long as Defendants' reliance was not "manifestly unreasonable." (Opp. Br. 13 (citing *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 68 Cal. Rptr. 3d 828 (App. Ct. 2007))).  But that principle does not negate Defendants' obligation to *allege* justifiable reliance under Rule 9(b).  Similarly irrelevant is *Mitsui O.S.K. Lines Ltd. v. SeaMaster Logistics, Inc.*, 618 F. App'x 304, 306 (9th Cir. 2015), analyzing whether reliance was justified at summary judgment, not whether it had been sufficiently alleged at the pleading stage.  Finally, Defendants claim (Opp. Br. 13–14) that reliance on a misrepresentation is justifiable whenever that misrepresentation "would expose someone not telling the truth to legal liability."  By Defendants' reckoning, the justifiable-reliance element of a fraud claim is superfluous—after all, fraud is illegal *everywhere*, so a plaintiff could always point to the general prohibition on fraud to justify its reliance.  It is unsurprising, then, that *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353 (9th Cir. 2005), offers no support for such a nonsensical proposition.  That case says only that the plaintiffs—who claimed to have been fraudulently induced to settle—had "adequately pleaded reasonable reliance in their amended complaint" where their reliance was backed by "statutes, court orders, court rules, rules of evidence, written agreements, representations to the court by officers of the court, and representations made under oath to the court."  *Id.* at 363 (quotation marks omitted).

**Counter-Defendant's Reply In Support of Motion to Dismiss     3:20-cv-04423-JD**

**IV.    Defendants Lack Article III Standing to Seek Injunctive Relief.**

Finally, dismissal of Defendants' request for injunctive relief for lack of standing is necessary because that request is premised wholly on alleged past misconduct, which never suffices.  ECF No. 44 at 15–16.  While Defendants see "no obvious reason why [standing] needs to be addressed now," (Opp. Br. 14), the reason is obvious: "standing is an essential and unchanging part of the case-or-controversy requirement," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), that must be examined when litigation commences, *White v. Lee*, 227 F.3d 1214, 1243 (9th Cir. 2000).  Defendants' standing to seek damages is irrelevant because "a claimant 'must demonstrate standing separately for each form of relief sought.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).  Defendants insist they have standing because Pirate Monitor "has yet to admit what it did, much less forsworn [sic] similar misconduct in the future," (Opp. Br. 15), but Pirate Monitor has no burden to come forward with evidence when it was Defendants' burden to establish jurisdiction, *Smith v. McCullough*, 270 U.S. 456, 459 (1926).  Defendants' final claim that their allegations show a "potential need for injunctive relief" and a "prospect of future harm," (Opp. Br. 15), effectively admits their lack of standing.  A plaintiff has standing to seek injunctive relief only if it can "demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc) (quotation marks omitted).  A mere "possibility of future injury" is simply "too weak to support standing," *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 656 (9th Cir. 2002).  Defendants' cases are not to the contrary—they involve defendants engaged in an *ongoing* pattern or practice of officially sanctioned misconduct.  *See Melendres v. Arpaio*, 695 F.3d 990, 998 (9th Cir. 2012) (policy of targeting traffic stops at Latinos exposed Latino plaintiffs to an "ongoing harm"); *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001) ("pattern of continuing discrimination that shows no sign of abating"); *LaDuke v. Nelson*, 762 F.2d 1318, 1324 (9th Cir. 1985) ("standard pattern of officially sanctioned officer behavior").  Having alleged no such pattern, Defendants have failed to establish standing.

**CONCLUSION**

Pirate Monitor respectfully requests that the Court dismiss Defendants' Counterclaims in their entirety.

1   Dated: January 14, 2021

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

/s/ Randall P. Ewing, Jr.
George A. Zelcs
Randall P. Ewing, Jr.
Ryan Z. Cortazar
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos
Joanna Wright
Sabina Mariella
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and*
*Pirate Monitor LTD*