UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated<br><br>                  Plaintiffs,<br>  v.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.,<br><br>                  Defendants. | Case No. 3:20-cv-04423-JD<br><br>**[STIPULATED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| YOUTUBE, LLC; and GOOGLE LLC<br><br>                  Counterclaimants,<br>  v.<br><br>PIRATE MONITOR LTD,<br><br>                  Counterclaim Defendant. | |

1.  **PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

2.  **COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

3.  **LIAISON**

a) The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and

production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

      b)      Defendants and Counterclaimants appoint Kelly M. Knoll as their e-discovery liaison.

      c)      Plaintiffs appoint Ryan Cortazar and Demetri Blaisdell as their e-discovery liaisons.

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

      a)      The parties have discussed the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager." The parties shall add or remove custodians as reasonably necessary;

      b)      The parties will meet and confer in an effort to agree on the number of custodians per party for whom ESI will be preserved;

      c)      These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

            1.      backup systems and/or tapes used for disaster recovery; and

            2.      systems no longer in use that cannot be accessed.

      d)      Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve, search, or collect the following:

            1.      information from handsets, mobile devices, personal digital assistants, and tablets that is duplicative of information that resides in a reasonably accessible data source; automatically saved draft versions of documents and emails;

            2.      deleted, slack, fragmented, or other data accessible only by forensics;

        3.      random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system; and

        4.      on-line access data such as temporary internet files, history, cache, cookies, and the like.

## 5. SEARCH

a) The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

b) Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary Files, Dynamic Link Library, Event Log Files, Executable Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, Package Manager Files, Program Files, Program Installers, Python Script Files, , Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Windows Cabinet File, Windows Command Files, Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File. Source code files will be provided according to the Protective Order and not included in custodial data productions.

c) A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

**6.   PRODUCTION FORMATS**

The parties agree to produce documents in the formats described in Appendix 1 to this Order. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

**7.   PHASING**

a)   When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI.

b)   Defendants and Counterclaimants' initial production will be from the following sources and custodians: _____.

c)   Plaintiffs' initial production will be from the following sources and custodians: _____.

d)   Following the initial production, the parties will continue to prioritize the order of subsequent productions.

**8.   DOCUMENTS PROTECTED FROM DISCOVERY**

a)   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.  A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection.  Information that contains privileged matter or attorney work product shall be returned immediately if such information appears on its face to have been inadvertently produced or if requested.

b)   Communications involving counsel that post-date the filing of the Complaint need not be placed on a privilege log.

c) Nothing in this Agreement shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

**9.    MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation," and each modified Stipulated Order will supercede the previous Stipulated Order.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED:  __January 21, 2021__          */s/ Philip C. Korologos*

George A. Zelcs
gzelcs@koreintillery.com
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile:  (312) 641-9751

Joshua Irwin Schiller
jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile:  (415) 293-6899

Philip C. Korologos
pkorologos@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile:  (212) 446-2350

*Attorneys for Plaintiffs*
MARIA SCHNEIDER and PIRATE MONITOR LTD

DATED: January 21, 2021          /s/ David H. Kramer
DAVID H. KRAMER
dkramer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

*Attorneys for Defendant and Counterclaimants*
YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.

**IT IS ORDERED** that the foregoing Agreement is approved.

DATED: _____   _____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

# APPENDIX 1
# PRODUCTION FORMAT AND METADATA

1. **Production Components.** Productions shall include, single page TIFFs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file (.opt) that can be loaded into commercially acceptable production software (e.g., Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File.** Each of the metadata and coding fields set forth below that can be extracted shall be produced for each document. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. If a particular field is not applicable to a particular document and is not otherwise required to be populated, the field will be left blank. The metadata file shall be delimited according to the following characters:

- Delimiter = ¶ (ASCII:020)
- Text-Qualifier = þ (ASCII:254)
- New Line = ® (ASCII:174)
- Multi-value delimiter - ; (ASCII Code 059)

| METADATA FIELDS FOR ESI | |
|---|---|
| **Field Name** | **Field Description** |
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian).<br><br>*This data may also be presented in two fields (CUSTODIAN and ALLCUSTODIANS) |
| SUBJECT | Subject line of email |
| ORIGINALFILEPATH | Original file path or original location path. |
| EMAIL FOLDER PATH | Email folder path |
| TITLE | Title from properties of document |

| Field | Description |
|---|---|
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TIMESENT | Time email/document was sent. (format: HH:MM:SS) |
| DATERECEIVED | Date received (format: MM/DD/YYY). |
| TIMERECEIVED | Time received (format: HH:MM:SS) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| HASH | MD5 or SHA-1 Hash Value, unique document identifier |
| ATTACHMENT COUNT | Number of Attached Documents |
| AUTHOR | The author of a document from extracted metadata<br>*Parties acknowledge that the Author field may not actually reflect the author of the document |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| FILE EXTENSION | The file extension. |
| FILE SIZE | The file size of a document. |
| PAGE COUNT | For documents produced in TIFF form, number of pages in the document. For documents produced in native, page count will be 1 (for placeholder) |
| DATEMOD | Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment) |
| LASTMODTIME | Most recent time that document last modified (format: HH:MM:SS) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| CREATEDTIME | Time created (format: MM/DD/YYY). |
| TIME ZONE PROCESSED | Time zone (i.e. UTC) data was processed |
| CONFIDENTIALITY | Confidentiality designation pursuant to the Protective Order |
| REDACTED | Descriptor for documents that have been redacted (<yes> or <no>) |
| NATIVELINK | The file path to the native file, beginning at the Volume folder (for |

| | |
|---|---|
| | example, ABC 20101005/NATIVES/000001/ABC000001.msg). (Native Files only) |
| TEXTLINK | Link to text files |

| CODING FIELDS FOR HARD COPY PRODUCTIONS ||
| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian. *This data may also be presented in two fields (CUSTODIAN and ALLCUSTODIANS) |
| CONFIDENTIALITY | Confidentiality designation pursuant to the Protective Order |
| REDACTED | Descriptor for documents that have been redacted (<yes> or <no>) |

**4.     TIFFs.**

   A.   Documents that exist only in hard copy format shall be scanned and produced as TIFFs.

   i.   With regard to hard copy documents, if a folder with documents is produced, the label of that folder should be scanned and produced along with the documents in that folder. The foldering relationship among documents in the folder should be produced, either by use of parent/child relationship or otherwise. For example, if a Party produced a folder of documents, the documents within such will be identified as child documents to the parent folder.

   ii.  In general, scanned, hard copy documents should be physically unitized based on physical boundaries (staples, clips, notebooks, etc.). When parent and child designations can be determined, attachment ranges should be provided. If pages are found to be loose and without physical boundaries, those pages should be scanned as one document and not unitized as single-page documents.

   B.   Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs. Unless excepted below, single page Group IV TIFFs should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the hard copy documents. TIFFs of email messages should be processed to include the BCC line.

   i.   For any document not produced in color in the first instance, if good cause exists for the Receiving Party to request production of certain documents in

                   color, the Receiving Party may request production of such documents in color by providing: (1) a list of the Bates numbers of documents it requests to be produced in color format; and (2) an explanation of the need for production in color format. The Producing Party shall not unreasonably deny such requests and will produce the color documents promptly following a request.

        ii.     Production of color documents shall be as single-page, 300 DPI JPG images with JPG compression and a high quality setting so as to not degrade the original image.

   C.     ESI items processed after the execution date of this Stipulated Order shall be processed and imaged, to the extent practicable, in a manner that preserves hidden columns or rows, hidden text or worksheets, speaker notes, tracked changes and comments.

**5.** **Text Files.** A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF filename. A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When possible, the text of native files should be extracted directly from the native file. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process. Text files will not contain the redacted portions of the documents and OCR text files will be substituted instead of extracted text files for redacted documents. All documents shall be produced with a link in the TextLink field.

**6.** **Image Load Files / Data Load Files.** Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF files in the production. The total number of documents in a production should match the total number of records in the data load file.

**7.** **Custodians**. The producing party will use a consistent, uniform description of each custodian identified in metadata and coding fields, including both first name and last name. The Custodian field shall identify the name of the person, department, or entity in whose files the document or ESI resided at the time the document was created, sent, or received. Multiple custodians in the "Custodian" field shall be separated by a semicolon. If, during the course of its review, the Producing Party identifies additional duplicate documents, causing the metadata fields to become incomplete, the Producing Party will provide a replacement .DAT file or files with updated CUSTODIAN metadata for the already produced document upon substantial completion of the document production.

**8.** **Bates Numbering.** Each TIFF image should be assigned a Bates number that: (1) is unique across the entire document production; (2) maintains a constant length across the entire production (i.e., padded to the same number of characters); (3) contains no special characters or embedded spaces; (4) is sequential within a given document; and (5) identifies with sufficient clarity the Party producing each document. If a Bates number or set of Bates numbers is skipped in a production, the Producing Party will so note in a cover letter or production log accompanying the production.

**9.** **Confidentiality Designation.** Responsive documents in TIFF format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality

designation identified in the filename of the native file or in fielded metadata.

10. **Redaction of Information.** If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein.

11. **Native Files.**

   A. Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel. Voicemails, and audio or video media files shall also be produced in native format. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

   B. Other than as specifically set forth above, a Producing Party need not produce documents in native format. If good cause exists for the Receiving Party to request production of certain documents in native format, the Receiving Party may request production in native format by providing: (1) a list of the Bates numbers of documents it requests to be produced in native format; and (2) an explanation of the need for reviewing such documents in native format. The Producing Party shall not unreasonably deny such requests.

12. **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The Producing Party will inform the Requesting Party of the existence of potentially responsive ESI accessible only through that proprietary software, and the Parties shall meet and confer to reach agreement on the appropriate production format.

13. **Mobile and Messaging Data.**

   A. The parties will take reasonable efforts to preserve, collect, and produce any "instant messaging" or "chat" communications data and any non-duplicative ESI from mobile devices in a reasonably accessible format.

14. **Third-Party ESI.**

   A. A Party that issues a non-party subpoena (the "Issuing Party") shall include a copy of this ESI Protocol with the subpoena and state that the Parties to the litigation have requested that third-parties produce documents in accordance with the specifications set forth herein.

   B. The Issuing Party is responsible for producing any documents obtained under a subpoena to all other Parties promptly upon receipt of any production of documents.

15. **Translations of Produced Materials.** For any foreign-language documents responsive to document requests that a party translated or translates into the English language using human translators for its own purposes, except to the extent such translation is protected by

  attorney-client or work-product privileges, the producing party shall produce the translation of the original document with the original.  This provision will not apply to auto or machine translations.

**16.**  **Production Media.**

  A.  The preferred means of producing documents is via secure FTP or secure file share. However, documents may also be produced via CD, DVD, flash drive, or hard drive if (1) the size of the production exceeds the size limitations applicable to the Producing Party's secure FTP or file share, or (2) if the interest of preserving the confidentiality of the information produced outweighs the speed and efficiency of producing documents via secure FTP or secure file share. To the extent possible, physical media should be write-protected prior to production.

  B.  Each item of production media (or in the case of FTP productions, each production transmittal letter) shall include: (1) text referencing that it was produced in the above-captioned litigation, (2) the production date, and (3) the Bates number range of the materials contained on such production media item. The ESI Liaisons shall designate the appropriate physical address for productions not sent via FTP.

ATTORNEY ATTESTATION

I, Philip C. Korologos, am the ECF User whose ID and password are being used to file this [PROPOSED] STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION.  In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of the document has been obtained from each of the other signatories.

By:  /s/ *Philip C. Korologos*