George A. Zelcs (pro hac vice)
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. (pro hac vice)
  rewing@koreintillery.com
Ryan Z. Cortazar (pro hac vice)
  rcortazar@koreintillery.com
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe (pro hac vice)
  cokeefe@koreintillery.com
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:     (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos (pro hac vice)
  pkorologos@bsfllp.com
Joanna Wright
  jwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Maria Schneider and
Pirate Monitor Ltd.*

1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants. | CASE NO.  3:20-cv-4423-JD<br><br>**PIRATE MONITOR LTD.'S ANSWER TO DEFENDANTS' AMENDED COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |
| YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PIRATE MONITOR LTD.,<br>Counter-Defendant. | |

**PRELIMINARY STATEMENT**

YouTube, LLC's and Google LLC's counterclaims against Pirate Monitor Ltd. (hereinafter "Pirate Monitor") are blatant attempts to distract from Defendants' conduct permitting and enabling the content-sharing website YouTube.com to become a hotbed of piracy by injecting issues into this litigation that bear no relation to the class claims brought by Plaintiff. YouTube's and Google's counterclaims are both legally deficient and factually misguided.

YouTube and Google claim this alleged misconduct occurred exclusively in 2019, ignoring the fact that Pirate Monitor did not obtain copyrights for the works identified in its complaint until January 2020 and that another entity not named in their counterclaim was responsible for MegaFilm's copyright enforcement at the time this alleged conduct occurred. Discovery will reveal that YouTube's and Google's counterclaims are misguided, untrue, and legally insufficient attempts to divert attention from their widespread misconduct and their destruction of the market for the lawful distribution of copyrighted content.

**PIRATE MONITOR'S ANSWER**

Pirate Monitor hereby answers the Amended Counterclaim asserted against it by YouTube, LLC and Google LLC. Except as expressly admitted herein, Pirate Monitor denies any and all allegations as set forth in the Counterclaim. Pirate Monitor expressly reserves its right to amend and/or supplement its Answer as may be necessary. Pirate Monitor further answers the numbered Paragraphs in the Counterclaim as follows:

1. Paragraph 1 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegation in Paragraph 1.

2. Paragraph 2 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegation in Paragraph 2.

**THE PARTIES**

3. Pirate Monitor admits the allegation in Paragraph 3 except that Pirate Monitor lacks sufficient knowledge or information to form a belief about whether all users are able "to share videos they post with a global audience at no charge."

4. Pirate Monitor admits the allegation in Paragraph 4 that it is a limited company claiming a principal place of business at Intershore Chambers, 3rd Floor, Geneva Place, Road Town, Tortola, VG1110 British Virgin Islands. Pirate Monitor admits the allegation in Paragraph 4 that it has not registered to do business in California. Pirate Monitor admits that it claims to own copyrights to certain works through an assignment from Mega Film Kft. The remaining allegations in Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required to the remaining allegations, Pirate Monitor denies them.

5. Pirate Monitor admits the allegation in Paragraph 5 that it has not yet produced any documents in this litigation. Pirate Monitor denies the allegation in Paragraph 5 that it is withholding documents in an effort to conceal facts regarding the alleged misconduct about which YouTube complains.

6. Pirate Monitor admits the allegation in Paragraph 6 that Gábor Csupó is a Hungarian film director and resident of California. Pirate Monitor admits that Gábor Csupó is the sole

stockholder of Pirate Monitor. The remaining allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required to the remaining allegations, Pirate Monitor denies them.

7.   Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 7. Paragraph 7 also contains legal conclusions to which no response is required.

8.   Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 8. Paragraph 8 also contains legal conclusions to which no response is required. To the extent a response is required to the remaining allegations, Pirate Monitor denies them.

## JURISDICTION AND VENUE

9.   Paragraph 9 contains a legal conclusion to which no response is required.

10.   Paragraph 10 contains a legal conclusion to which no response is required. Pirate Monitor otherwise admits that the Court has personal jurisdiction because it has availed itself of the jurisdiction of this Court by filing the Complaint.

11.   Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 11. Paragraph 11 also contains legal conclusions to which no response is required.

12.   Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 12. Paragraph 12 also contains legal conclusions to which no response is required.

13.   Paragraph 13 contains a legal conclusion to which no response is required.

### The YouTube Service

14.   Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 14.

15.   Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 15. To the extent an answer is required, Pirate Monitor admits that YouTube

offers a worldwide audience the opportunity to access and watch a library of videos, but denies that the library consists entirely of original, creative expression. All allegations not expressly admitted are denied.

16. Pirate Monitor denies the allegations in Paragraph 16.

17. Pirate Monitor denies the allegations in Paragraph 17.

18. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 18.

19. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 19.

20. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 20.

**Users' Promises and Representations to YouTube**

21. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 21. Paragraph 21 also contains legal conclusions to which no response is required.

22. Paragraph 22 contains a legal conclusion to which no response is required. Pirate Monitor otherwise admits that YouTube and Google have quoted the excerpted language from at least one ToS Agreement with substantial accuracy, but lacks sufficient knowledge or information to answer whether this ToS Agreement was in effect during all relevant times. Pirate Monitor lacks sufficient knowledge or information to answer the remaining allegations in Paragraph 22.

23. Paragraph 23 contains a legal conclusion to which no response is required. To the extent a response is required, Pirate Monitor lacks sufficient knowledge or information to answer the allegations in Paragraph 23.

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, Pirate Monitor lacks sufficient knowledge or information to answer the allegations in Paragraph 24.

**Pirate Monitor and Csupo Uploaded Nearly 2000 Video Clips to YouTube Through "Ransom Nova" Accounts and Represented That They Did Not Infringe Anyone's Copyrights**

25. Paragraph 25 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 25.

26. Paragraph 26 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 26.

27. Paragraph 27 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 27.

28. Paragraph 28 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 28.

29. Paragraph 29 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 29.

30. Pirate Monitor lacks sufficient information or knowledge to form a belief about the allegation in Paragraph 30.

31. Paragraph 31 contains a legal conclusion to which no response is required. Pirate Monitor lacks sufficient information or knowledge to answer the allegations as to the number of videos uploaded or the IP address used by the uploader. Pirate Monitor otherwise denies the allegations in Paragraph 31.

32. Paragraph 32 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 32.

33. Paragraph 33 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 34.

**Pirate Monitor Demanded Removal Of The Nearly 2000 Video Clips It Had Previously Uploaded Through The Ransom Nova Accounts, Claiming That They Infringed Copyrights**

35. Pirate Monitor admits that an entity sent DMCA takedown notices using a Google account with the email address usintellectualpropertyllc.com and that Gábor Csupó's electronic signature appears on the takedown notices.

36. Pirate Monitor admits that an entity sent takedown notices representing that MegaFilm was the copyright owner of the videos that were the subject of the takedown notices and that the entity sending the takedown notices were MegaFilm's authorized representatives. Pirate Monitor admits that the entity sending the takedown notices represented that the publishing on YouTube of the videos that were the subject of the takedown notices was not authorized by MegaFilm, its agents or the law. Pirate Monitor otherwise denies the allegations in Paragraph 36.

37. Pirate Monitor lacks sufficient information or knowledge to form a belief about the allegation in Paragraph 37.

38. Pirate Monitor lacks sufficient information or knowledge to form a belief about the allegation in Paragraph 38.

**Pirate Monitor's and Csupó's Scheme Amounts Either to Fraud And Breach of Contract Or A Violation Of Section 512(f) Of The DMCA**

39. Paragraph 39 contains legal conclusions to which no response is required. Pirate Monitor admits that takedown notices were sent to YouTube by some entity and that Gábor Csupó's electronic signature appears on the takedown notices. Pirate Monitor otherwise denies the allegations in Paragraph 39. Pirate Monitor lacks sufficient information or knowledge to form a belief about YouTube's reliance.

40. Paragraph 40 contains legal conclusions to which no response is required. Pirate Monitor otherwise lacks sufficient information or knowledge to form a belief about the allegations in Paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. Pirate Monitor otherwise lacks sufficient information or knowledge to form a belief about the allegations in Paragraph 40.

42. Pirate Monitor denies the allegations in Paragraph 42.

43. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 43.

44. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegation in Paragraph 44.

45. Paragraph 45 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegation in Paragraph 45.

**The Evidence To Date Without Discovery Of The Connection Between Pirate Monitor, Csupó, And The Ransom Nova Accounts**

46. Pirate Monitor denies that it is in sole possession of the full information regarding the alleged unlawful scheme. Pirate Monitor admits that Exhibit A is a true and correct copy of Pirate Monitor's objections and responses to YouTube's Second Set of Document Requests.

47. Pirate Monitor denies the allegations in Paragraph 47. This Answer, which contains Pirate Monitor's first legally obligated response to YouTube's allegations, speaks for itself.

48. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 48.

49. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 49 as to the length and nature of the uploads, or as to how an uploader "genuinely seeking an audience" would behave. Pirate Monitor otherwise denies the allegation in Paragraph 49.

50. Pirate Monitor lacks sufficient knowledge or information to form a belief about the allegations in Paragraph 50 as to the number of views of videos that were the subject of takedown notices or the length of time between when the videos were uploaded and when takedown notices were sent. Pirate Monitor admits that an entity sent takedown notices for the videos described in

Paragraph 50 and that Gábor Csupó's electronic signature appears on the takedown notices. Pirate Monitor otherwise denies the allegations in Paragraph 50.

51. Pirate Monitor admits that takedown notices were sent by an entity purportedly on behalf of Gábor Csupó using a Hungarian IP address. Pirate Monitor denies that the person operating and responsible for the RansomNova7@gmail.com account was Pirate Monitor or someone acting on Pirate Monitor's behalf. Pirate Monitor lacks sufficient information and knowledge to form a belief about the remaining allegations in Paragraph 51.

52. Pirate Monitor lacks sufficient information or knowledge to form a belief about the allegations in Paragraph 52. Pirate Monitor denies that it hired Mr. Khan to perform any work.

53. Paragraph 53 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 53.

**COUNTERCLAIM I: Against Pirate Monitor LTD, Pirate Monitor LLC and Gábor Csupó**

**Breach of Contract**

54. Pirate Monitor reiterates its responses to the preceding paragraphs of this Answer to the Counterclaims as if fully set forth herein.

55. Paragraph 55 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 55.

56. Paragraph 56 contains a legal conclusion to which no response is required.

57. Paragraph 57 contains a legal conclusion to which no response is required. Pirate Monitor lacks sufficient knowledge or information to form a belief about what obligations, if any, YouTube performed under the ToS Agreement. Pirate Monitor otherwise denies the allegations in Paragraph 57.

58. Paragraph 58 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 58.

59. Paragraph 59 contains a legal conclusion to which no response is required. Pirate Monitor lacks sufficient knowledge or information to form a belief about the costs, if any, YouTube

expended investigating any claims of infringement with respect to the takedown notices that are the subject of YouTube's counterclaims. Pirate Monitor otherwise denies the allegations in Paragraph 59.

60. Paragraph 60 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 60.

61. Paragraph 61 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 61.

**COUNTERCLAIM II: Against Pirate Monitor LTD, Pirate Monitor LLC, and Gábor Csupó**

**Fraud**

62. Pirate Monitor reiterates its responses to the preceding paragraphs of this Answer to the Counterclaims as if fully set forth herein.

63. Pirate Monitor denies the allegations in Paragraph 63.

64. Paragraph 64 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 64.

65. Paragraph 65 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegation in Paragraph 65.

66. Pirate Monitor denies the allegations in Paragraph 66.

67. Paragraph 67 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 67.

68. Pirate Monitor denies the allegations in Paragraph 68.

69. Pirate Monitor lacks sufficient knowledge or information to form a belief about what YouTube would or would not allow. Pirate Monitor otherwise denies the allegations in Paragraph 69.

70. Pirate Monitor lacks sufficient knowledge or information to form a belief about YouTube reliance or what YouTube would have allowed.

71. Paragraph 71 contains a legal conclusion to which no response is required. Pirate Monitor lacks sufficient information or knowledge to form a belief about what YouTube had a reason to believe.

72. Pirate Monitor denies the allegations in Paragraph 72.

Pirate Monitor Ltd.'s Answer to Defendants' Amended Counterclaims                    3:20-cv-4423

73.     Pirate Monitor lacks sufficient information or knowledge to form a belief about the allegations in Paragraph 73 as to how or whether YouTube has been damaged. Paragraph 73 also contains a legal conclusion about the proper measure of damages to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 73.

74.     Paragraph 74 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 74.

75.     Paragraph 75 contains legal conclusions to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 75.

**COUNTERCLAIM III: Against Pirate Monitor LTD, Pirate Monitor LLC, And Gábor Csupó**

**(In the Alternative to Counterclaims I & II)**

**Violation of 17 U.S.C. § 512(f)**

76.     Pirate Monitor reiterates its responses to the preceding paragraphs of this Answer to the Counterclaims as if fully set forth herein.

77.     Paragraph 77 contains a legal conclusion to which no response is required. Pirate Monitor otherwise denies the allegations in Paragraph 77.

78.     Paragraph 78 contains a legal conclusion to which no response is required. Pirate Monitor admits that takedown notices were sent by some entity and that Gábor Csupó's electronic signature appears on the takedown notices. Pirate Monitor otherwise denies the allegations in Paragraph 78.

79.     Paragraph 79 contains a legal conclusion to which no response is required. Pirate Monitor admits that takedown notices were sent by some entity, that Gábor Csupó's electronic signature appears on the takedown notices, that the takedown notices represented that the entity sending taking the takedown notices was authorized to represent MegaFilm, that the videos were the subject of the takedown notice infringed copyrights, and that the information in the takedown notice was accurate.

80.     Pirate Monitor denies the allegations in Paragraph 80.

81.     Pirate Monitor denies the allegations in Paragraph 81.

82. Paragraph 82 contains a legal conclusion to which no response is required. Pirate Monitor lacks sufficient information or knowledge to form a belief about YouTube's reliance or the reasonableness of its reliance. Pirate Monitor otherwise denies the allegations in Paragraph 82.

83. Pirate Monitor lacks sufficient information or knowledge to form a belief about YouTube's costs of processing takedown notices or costs expended to investigate and disrupt alleged deceptive behavior. Pirate Monitor otherwise denies the allegations in Paragraph 83.

84. Pirate Monitor admits that it wishes to obtain access to Content ID. Pirate Monitor otherwise denies the allegations in Paragraph 84.

85. Paragraph 85 contains legal conclusions to which no response is required. Pirate Monitor lacks sufficient information or knowledge to form a belief about YouTube's reliance, its ability to detect fraudulent behavior, or whether it has any ready means to calculate harm to YouTube. Pirate Monitor otherwise denies the allegations in Paragraph 85.

## PRAYER FOR RELIEF

YouTube, LLC's and Google LLC's Prayer for Relief contains legal conclusions to which no response is required. To the extent a response is required, Pirate Monitor denies that there are sufficient factual or legal predicates in the Counterclaim for the relief requested in subparagraphs (a)-(e).

# AFFIRMATIVE DEFENSES

## Unclean Hands

1. YouTube's website has been repeatedly used for the upload of videos infringing on copyrights. YouTube is aware that its website is repeatedly used to infringe copyrights, and YouTube knowingly encourages, permits, and assists this behavior, including by not offering Content ID to everyone with valid copyrights, not pre-screening uploads for potential copyright infringement prior to the videos becoming publicly available, not responding appropriately and in a timely manner to valid takedown notices, making it easy for users to share copyright infringing videos with others, implementing search and Autoplay algorithms that influence the videos watched by others regardless whether the videos that are being promoted or automatically played without user input are infringing videos, and by removing Copyright Management Information that would enable copyright holders to more accurately identify infringement or receive credit for their works and by distributing, reproducing, and publicly displaying and performing infringing videos with knowledge that the uploaders have removed Copyright Management Information.

2. Specifically, YouTube's website has been used to reproduce, distribute, publicly display, and publicly perform videos infringing on copyrighted works owned by Pirate Monitor. YouTube's website has continued to reproduce, distribute, publicly display, and publicly perform Pirate Monitor's copyrighted works even after receiving valid takedown notices from Pirate Monitor in connection with one or more of its copyrighted works, which gave YouTube actual and constructive knowledge that its website was being used to infringe Pirate Monitor's copyrighted works.

3. Pirate Monitor has sent YouTube valid takedown notices with respect to videos on its website that infringe Pirate Monitor's copyrighted works, which YouTube has refused to accept and upon receipt of which YouTube did not remove the infringing video.

4. YouTube has a tool called Content ID which, if extended to Pirate Monitor's copyrighted works, would prevent most, if not all, subsequent use of its website to infringe Pirate Monitor's copyrighted works. Pirate Monitor applied for Content ID. Despite Pirate Monitor having copyrighted works, despite YouTube being on notice that its website has been used to infringe Pirate Monitor's copyrighted works, despite Pirate Monitor having applied for Content ID, and despite YouTube having the capability through Content ID to prevent most or all subsequent infringement of Pirate Monitor's copyrighted works, YouTube has refused to grant Pirate Monitor access to Content ID. As a result, Pirate Monitor's works have continued to be infringed.

5. YouTube's conduct in permitting, knowing of, and/or encouraging the continued infringement of Pirate Monitor's copyrighted works despite having the ability to remove present infringement and to prevent most, if not all, future infringement is inequitable.

6. YouTube's inequitable conduct, which concerns the knowing facilitation of infringements of Pirate Monitor's copyrighted works, is directly related to its claims against Pirate Monitor, which allegedly concern Pirate Monitor's efforts to obtain access to Content ID to prevent infringement of its copyrighted works.

7. YouTube's conduct described in allegations 1-6 of Pirate Monitor's affirmative defenses injured Pirate Monitor by permitting videos infringing Pirate Monitor's works to be publicly viewable worldwide free of charge.

**In Pari Delicto**

8. YouTube realleges and incorporates by reference the allegations in paragraphs 1 through 5 above.

9. YouTube's actions described in paragraphs 1 through 5 of permitting, knowing of, and/or encouraging infringement are related to and at least substantially equal to Pirate Monitor's alleged wrongdoing.

10. Because YouTube's wrongdoing is at least substantially equal to Pirate Monitor's alleged wrongdoing, this Court should not lend its good offices to mediating this dispute.

11. Denying judicial relief to YouTube because of the actions described in paragraphs 1 through 5 is an effective means of deterring illegality.

**Failure to Mitigate Damages**

12. YouTube had an obligation to use reasonable efforts to mitigate any damages caused by the allegations against Pirate Monitor.

13. YouTube failed to use reasonable efforts to mitigate any damages caused by the allegations against Pirate Monitor. Meet and confer discussions regarding discovery has confirmed that YouTube purports to have incurred and continues to incur more costs than were reasonably necessary to remedy the alleged misconduct.

**DEMAND FOR JURY TRIAL**

Pirate Monitor demands a trial by jury on all issues so triable.

Dated: March 12, 2021

Respectfully submitted,

/s/ Randall P. Ewing, Jr.
George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (pro hac vice)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

|   |   |
|---|---|
| 1 | Philip C. Korologos (pro hac vice) |
| 2 | Joanna Wright |
|   | BOIES SCHILLER FLEXNER LLP |
|   | 55 Hudson Yards, 20th Floor |
| 3 | New York, NY 10001 |
|   | Phone: (212) 446-2300 |
| 4 | Fax: (212) 446-2350 |
| 5 | *Attorneys for Maria Schneider and Pirate Monitor Ltd.* |