# EXHIBIT A

1
2
3
4                      UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7  MARIA SCHNEIDER and PIRATE          )  Case Number: 3:20-cv-04423-JD
   MONITOR LTD, individually and on behalf )
8  of all others similarly situated;       )  **PLAINTIFFS' FIRST SET OF REQUESTS**
                                        )  **FOR THE PRODUCTION OF**
9          Plaintiffs,                  )  **DOCUMENTS TO DEFENDANTS**
                                        )  **YOUTUBE, LLC AND GOOGLE LLC**
10         vs.                          )
11                                      )
   YOUTUBE, LLC; GOOGLE LLC; and        )
12 ALPHABET INC.;                       )
                                        )
13         Defendants.                  )
14 _____  )
15
16         Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Maria Schneider and
17 Pirate Monitor LTD ("Pirate Monitor"), by their attorneys Boies Schiller Flexner LLP and
18 Korein Tillery, LLC, request that Defendants, YouTube, LLC ("YouTube") and Google LLC
19 ("Google") respond to the following document requests (the "Requests") within thirty days of
20 service and produce responsive documents, and afterwards supplement such production as may
21 become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil
22 Procedure.

23                              **<u>DEFINITIONS</u>**

24         1.      The words and phrases used in these Requests shall have the meanings ascribed
25 to them under the Federal Rules of Civil Procedure, unless otherwise stated.  All definitions
26 herein include both the singular and plural.
27         2.      "And" and "Or" shall be construed either disjunctively or conjunctively as
28 necessary to bring within the scope of the discovery request all responses that might otherwise

be construed to be outside of its scope.

3.    "Account Monetization Program" means any program by which Users receive compensation on YouTube, Including the YouTube Partner Program.

4.    "Answer" means the Defendants' answer filed on September 21, 2020.

5.    "AutoPlay Feature" means Your system that queues subsequent videos to play sequentially, Including the system described in Paragraph 37 of the Complaint.

6.    "CMI Video" means a video containing CMI at the time the User initiated the upload of the video to Your platform.

7.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.    "Complaint" means the complaint filed by Plaintiffs against Defendants on July 2, 2020.

9.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

10.    "Content ID System" means Your copyright management tool described throughout the Complaint, Including at Paragraphs 2, 8, 9, 10, and 12.

11.    "Copyright Management Information" or "CMI" has the meaning it has under 17 U.S.C. § 1202.

12.    "Copyright Strike" means the strike issued by You to a User following a Takedown Notice.

13.    "Counterclaims" means the counterclaims filed by Defendants Google and YouTube on September 21, 2020.

14.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and includes Communications.  A draft or non-identical copy is a separate Document within the meaning of this term.

15.    "Fair Use" has the meaning it has under 17 U.S.C. § 107.

16.    "ID3 Tags" means the metadata container used in conjunction with audio files,

Including MP3 files and includes ID3v1 and ID3v2 tags.

17.   "Including" or "includes" means including without limitation.

18.   "ISRC" means the International Standard Recording Code.

19.   "ISWC" means the International Standard Musical Work Code.

20.   "Lawsuit" means the case filed by Plaintiff against Defendants in the United States District Court for the Northern District of California, number 20-cv-04423.

21.   "Metadata" means any information attached to, embedded in, or a part of a digital video file that provides information Concerning that file, Including CMI and Tags.

22.   "Unsuccessful Takedown Notice" means a Takedown Notice that is not a Successful Takedown Notice.

23.   "Unsuccessful Takedown Notice Video" means any video uploaded to Your platform subsequent to the date that an Unsuccessful Takedown Notice was submitted that is not the subject of the Unsuccessful Takedown Notice but that used the work or works that were the subject of an Unsuccessful Takedown Notice in whole or in part, either by reproducing them or performing them.

24.   "Person" means any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

25.   "Pirate Monitor" means Plaintiff Pirate Monitor LTD and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

26.   "Pirate Monitor Infringing Videos" means any video uploaded to Your platform that uses any of the Pirate Monitor Works in whole or in part, either by reproducing them or performing them.

27.   "Pirate Monitor Works" means any works to which Pirate Monitor holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 65 of the Complaint.

28.     "Performance Rights Organizations" means any organization that collects royalties on behalf of copyright owners and includes but is not limited to Broadcast Music, Inc. ("BMI"), the American Society of Composers, Authors, and Publishers ("ASCAP"), the Society of European Stage Authors and Composers ("SESAC"), and the American Music Rights Association ("AMRA").

29.     "Plaintiffs" means Schneider and Pirate Monitor.

30.     "Red Flag Knowledge" means Your subjective awareness of facts that would have made copyright infringement objectively obvious to a reasonable person.

31.     "Removed Takedown Notice Video" means a video posted to Your platform that was removed, deleted, or no longer displayed because of a Takedown Notice.

32.     "Removed Takedown Notice Video Re-upload" means a video that is substantively identical to a Removed Takedown Notice Video or contains the portion or aspect of the removed Takedown Notice Video that was the target of a Successful Takedown Notice.

33.     "Repeat Infringer" has the meaning it has under 17 U.S.C. § 512(i).

34.     "Response to Counterclaims" means Plaintiff Pirate Monitor's Rule 12 motion and/or responsive pleading filed in response to Defendants' Counterclaims.

35.     "Schneider" means Plaintiff Maria Schneider and all agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, advisors, and any other Person acting on her behalf.

36.     "Schneider Infringing Videos" means any video uploaded to Your platform that uses any of the Schneider Works in whole or in part, either by reproducing them or performing them.

37.     "Schneider Works" means any works to which Schneider holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 60 of the Complaint.

38.     "Tags" are descriptive keywords Users add to a video to help viewers find content.

39.     "Takedown Notice" means a request submitted via Your online platform, by email, or in any other way that seeks to have content of any kind removed, deleted, or no longer displayed

1    because the content contains copyrighted material that has been posted or is being displayed without

2    a license or permission.

3           40.    "User" means a user of Your YouTube platform.

4           41.    "Successful Takedown Notice" means a Takedown Notice that resulted in a

5    Removed Takedown Notice Video or that You otherwise determined set forth a meritorious

6    claim that copyrighted material has been posted or is being displayed without a license or

7    permission.

8           42.    "Successful Takedown Notice Video" means any video uploaded to Your

9    platform subsequent to the date that a Successful Takedown Notice was submitted that used the

10   work or works that were the subject of a Successful Takedown Notice in whole or in part, either

11   by reproducing them or performing them.

12          43.    The terms "You," "Your," and "Yourself" mean Defendants YouTube and

13   Google and all present and former subsidiaries, predecessors, parents, successors, affiliates,

14   segments, divisions, and all present or former owners, officers, directors, managers, limited partners,

15   general partners, agents, representatives, accountants, investigators, consultants, attorneys,

16   attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other

17   Person acting on its behalf.

18          44.    "YouTube Partner Program" means the program launched in 2007 that uses

19   AdSense to monetize content posted by Users.

20

21

22

23

24

25

26

27

28

**INSTRUCTIONS**

1.     These Instructions incorporate by reference any instructions set forth in the Local Rules of the United States District Court of the Northern District of California and the Federal Rules of Civil Procedure and the instructions contained in the Standing Order for Discovery in Civil Cases before Judge Donato.

2.     The Documents covered by these requests include all Documents in Your possession, custody, or control.

3.     Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

4.     You shall produce all Documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the Documents to correspond to the categories of the Requests.  A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the Document in addition to the Document itself.

5.     The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

6.     If any responsive Document was, but is no longer in Your possession or subject to Your control, state whether it is (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

7.     The obligation to respond to these Requests is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after responding to these Requests You discover additional responsive Documents that will make Your responses to these Requests more complete or correct, amend Your responses and produce such responsive Documents as soon as reasonably possible.

8.     Unless otherwise specified, these Requests seek Documents from January 1, 2015 to the present.

being viewed; (2) monetizing a video by running ads against it; and (3) tracking the video's viewership statistics.

g) The number of times that You have determined a Person or User has attempted to access Content ID to "improperly censor videos," as alleged in Paragraph 15 of Your Counterclaims.

h) The number of times that You have determined a Person or User has attempted to "claim ownership rights in others' content," as alleged in Paragraph 15 of Your Counterclaims.

**REQUEST NO. 20**

Documents sufficient to identify each User that either attempted to upload a video but was prevented from doing so by operation of the Content ID System or uploaded a video that was subsequently deleted or removed by operation of the Content ID System, Including the User's name, username, email address, IP address, affiliation, any other unique identifier used internally by YouTube or Google tied to a User, when the User attempted to upload a video or had a video deleted or removed (including each video if there is more than one for each User), whether the User was enrolled in the Account Monetization Program and/or the YouTube Partner Program, and the copyrighted work that was detected by the Content ID System.

**REQUEST NO. 21**

All Documents Concerning the Content ID System's processes for identifying matches for copyrighted works and recognizing third party performances of copyrighted works, Including any changes to the processes, any evaluations of the efficacy or accuracy of the processes, and any complaints or comments Concerning the efficacy or accuracy of the processes.

**REQUEST NO. 22**

All procedures, criteria, manuals, logic Documents, terms of service, guidelines, or policy Documents Concerning the Content ID System, Including all Documents Concerning the policies and any changes in policies Concerning access to the Content ID System.

**REQUEST NO. 23**

All Documents Concerning the following issues related to Your Content ID System:

**REQUEST NO. 27**

All Documents Concerning Takedown Notices You have received Concerning videos posted to Your platform, Including:

    a) The Takedown Notice submitted;

    b) Any changes to the Takedown Notice;

    c) Any Communications Concerning the Takedown Notice, Including with the issuer of the Takedown Notice and with any targets of the Takedown Notice;

    d) The disposition of the Takedown Notice, Including whether a Copyright Strike was issued, whether the video that was the subject of the Takedown Notice was removed, and any changes to the allocation of revenue associated with the video that was the subject of the Takedown Notice.

**REQUEST NO. 28**

All databases Concerning Takedown Notices and Documents sufficient to show all fields in any databases Concerning Takedown Notices, Including a description of the nature of each field.

**REQUEST NO. 29**

All Removed Takedown Notice Videos.

**REQUEST NO. 30**

Documents sufficient to show the following information for all Removed Takedown Notice Videos:

    a. The date(s) uploaded, the number of copies made, the date each copy was made, the location of each copy;

    b. the metadata included with each video (Including before and after each video was uploaded) and whether that metadata was supplied by the User or You;

    c. the number of views, the number of downloads, the number of likes, the number of Users who subscribed to the channel of the User that posted the video from the page containing the video;

b) Any instances in which You have paid or reimbursed all or some of the defense costs in a lawsuit or other proceeding Concerning Fair Use;

c) Any efforts to create a filter for rejecting false or inadequate claims of Fair Use;

d) Discussion of Users who have invoked Fair Use in response to an allegation of copyright infringement;

e) Your efforts to inform Users of Your policies and procedures applicable to Fair Use.

**REQUEST NO. 67**

Documents sufficient to show the following information Concerning Fair Use for each month since the Content ID System was launched:

a) The total number of Users who have invoked Fair Use in response to an allegation of copyright infringement;

b) The number of videos for which a User has invoked Fair Use in response to an allegation of copyright infringement;

c) Your determination about how many claims by Users who have invoked Fair Use meet the applicable criteria for Fair Use;

d) The total number of videos removed from Your platform posted by Users who have invoked Fair Use;

e) The total number of Copyright Strikes issued to Users who have invoked Fair Use.

**REQUEST NO. 68**

All Documents Concerning Your negotiations with any Performance Rights Organization, Including the contracts between you and any Performance Rights Organization and Documents Concerning the Content ID System, how revenue is shared with copyright holders, and Copyright Management Information.

**REQUEST NO. 69**

All Document or data retention policies applying to or Concerning the following:

a) Takedown Notices;

b) The Content ID System;

   c)  Videos posted to Your platform, Including any videos that a User chose to remove;

   d)  Policies related to copyright;

   e)  Repeat Infringers;

   f)  Access to Content ID.

**REQUEST NO. 70**

All Documents You intend to use in support of Your affirmative defenses.

**REQUEST NO. 71**

All Documents supporting Your claim that "Pirate Monitor has misused the YouTube service and engaged in a fraudulent scheme to obtain access to YouTube's copyright management systems," as stated in Paragraph 1 of Your Counterclaims.

**REQUEST NO. 72**

All Documents supporting Your claim that Pirate Monitor "intended to fool YouTube into believing that Pirate Monitor could be trusted not to abuse YouTube's powerful copyright management tools, Including Content ID," as stated in Paragraph 1 of Your Counterclaims.

**REQUEST NO. 73**

Documents sufficient to identify all Persons You claim spent time "processing Pirate Monitor's bogus takedowns and investigating its misconduct."

**REQUEST NO. 74**

All Documents subject to Your preservation efforts and obligations in relation to this Lawsuit.

**REQUEST NO. 75**

All Documents Concerning Your claim that You are entitled to one or more safe harbors under the DMCA for the allegations in this Lawsuit.

**REQUEST NO. 76**

All Documents identified in Your Initial Disclosures, Including Documents identified in any subsequent amendments to Your Initial Disclosures.