# EXHIBIT B

DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>───────────────────────<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD,<br><br>Counterclaim Defendant. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**<br><br>Judge: Hon. James Donato |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Northern District of California, Defendants and Counterclaimants YouTube, LLC and Google LLC (collectively, "Defendants") hereby respond to Plaintiff Maria Schneider's and Plaintiff and Counterclaim-defendant Pirate Monitor LTC's (collectively, "Plaintiffs") First Set of Requests for Production ("Requests") as follows:

**PRELIMINARY STATEMENT**

The following responses are provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, and propriety) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.

In addition, all responses to the Requests are based upon the information presently known to Defendants, and Defendants expressly reserve the right to revise and supplement their responses to the Requests. A response to a Request shall not be deemed a waiver of any applicable objection or an admission of relevancy.

To the extent the Requests would require the production of information that implicates the personal privacy interests of individual employees or agents and/or of third parties of Defendants, the parties need to implement appropriate protections for personal privacy before Defendants will produce any materials responsive to the Requests.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. As a threshold matter, Plaintiffs' prolix Definitions, much like the Complaint, are replete with unsubstantiated assumptions and improper advocacy. Their byzantine structure, vagueness, and overbreadth render interpreting the Requests themselves (let alone drafting responses) an unduly burdensome effort that is disproportionate to the needs of this case.

2. Defendants object to the definition of "Account Monetization Program" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "program" and "compensation." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the

1  parties' claims or defenses and would require Defendants to collect information that is
2  disproportionate to the needs of this case. For purposes of responding to the Requests, the
3  "Account Monetization Program" will be defined as the five monetization features ("Advertising
4  revenue," "Channel memberships," Merchandise shelf," "Super Chat & Super Stickers," and
5  "YouTube Premium Revenue") that enable some users to make money on YouTube. *See* "How
6  to earn money on YouTube," https://support.google.com/youtube/answer/72857?hl=en.

7        3.     Defendants object to the definition of "AutoPlay Feature" as vague and
8  ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term
9  "queues." Plaintiffs' "description" in Paragraph 37 of the Complaint provides no more clarity, as
10 it merely parrots the vague and ambiguous definition provided in these Requests. Defendants
11 further object to this definition as overly broad and unduly burdensome to the extent it
12 encompasses information not relevant to the parties' claims or defenses and would require
13 Defendants to collect information that is disproportionate to the needs of this case.

14       4.     Defendants object to the definition of "CMI Video" as vague and ambiguous. In
15 particular, the definition is vague and ambiguous in its use of the undefined terms "CMI,"
16 "containing," and "initiated." Defendants further object to this definition as overly broad and
17 unduly burdensome to the extent it requires Defendants to collect information relating to every
18 video uploaded to YouTube, regardless of their relevance to the parties' claims or defenses in
19 this case.

20       5.     Defendants object to the definition of "Communication" to the extent it exceeds
21 the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United
22 States District Court for the Northern District of California, or other applicable law. Defendants
23 further object to the definition as overly broad and unduly burdensome to the extent it
24 encompasses information not relevant to the parties' claims or defenses and would require
25 Defendants to collect information that is disproportionate to the needs of this case.

26       6.     Defendants object to the definition of "Concerning" as vague and ambiguous. In
27 particular, the term is vague and ambiguous in its use of the undefined terms "relating,"
28

"referring," "describing," "evidencing," and "construing." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

7. Defendants object to the definition of "Content ID System" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "YOUR copyright management tool." Defendants have created and made available many tools for protecting the copyrights of others. Defendants further object to Plaintiffs' descriptions in Paragraphs 2, 8, 9, 10, and 12 of the Complaint as inaccurate in their characterization of Content ID. Defendants specifically object to Plaintiffs' characterization of Content ID as being "completely divorced" from YouTube, LLC's repeat-infringer policy. *See* Compl. ¶ 12. For purposes of responding to the Requests, the "Content ID System" will be defined as a tool YouTube provides to certain users for the purpose of managing copyrighted works that scans videos uploaded to YouTube and compares them against reference files previously provided to YouTube by copyright owners. *See* "How Content ID works," https://support.google.com/youtube/answer/2797370?hl=en.

8. Defendants object to the definition of "Copyright Strike" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "following a Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, "Copyright Strike" will be defined as the warning that a user receives when YouTube has removed the user's video from the YouTube service because a copyright owner submitted to YouTube a complete and valid legal request asking YouTube to do so. *See* "Copyright strike basics," https://support.google.com/youtube/answer/2814000?hl=en.

9.  Defendants object to the definition of "Document" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

10. Defendants object to the definition of "ID3 Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "metadata container," "audio files," and "ID3v1 and ID3v2 tags."

11. Defendants object to the definition of "Metadata" as overly broad (especially insofar as it encompasses "any information"), vague, and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases "attached to," "embedded in," "part of," and "provides information."

12. Defendants object to the definition of "Unsuccessful Takedown Notice" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the term "Successful Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

13. Defendants object to the definition of "Unsuccessful Takedown Notice Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "submitted," "Unsuccessful Takedown Notice," "used," "reproducing," and "performing." The definition is further vague and ambiguous in its use of the phrase "were the subject of." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses

1  information not relevant to the parties' claims or defenses and would require Defendants to
2  collect information that is disproportionate to the needs of this case.

3  14. Defendants object to the definition of "Pirate Monitor" as overly broad, vague and
4  ambiguous, and unduly burdensome. In particular, the definition is overly broad because it
5  encompasses "present or former … agents, representatives … investigators … advisors, and any
6  other person acting on its behalf." For purposes of responding to the Requests, "Pirate Monitor"
7  will be defined as Pirate Monitor LTD and those authorized agents and employees known or
8  believed to be acting on its behalf and within the scope of their agency or employment.

9  15. Defendants object to the definition of "Pirate Monitor Infringing Videos" as
10 vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the
11 undefined terms "Your platform," "uses," "Pirate Monitor Works," "reproducing," and
12 "performing." Defendants also object to the definition to the extent it calls for a legal conclusion
13 as to whether content has been reproduced or performed under the Copyright Act. Defendants
14 further object to this definition as overly broad and unduly burdensome to the extent it
15 encompasses information not relevant to the parties' claims or defenses and would require
16 Defendants to collect information that is disproportionate to the needs of this case. Moreover,
17 Defendants object that this term is meaningless and untimely because Plaintiffs have failed to
18 identify any allegedly infringing content in their Complaint or in discovery, including but not
19 limited to, in response to Defendants' Interrogatory No. 2.

20 16. Defendants object to the definition of "Pirate Monitor Works" as vague and
21 ambiguous. In particular, Defendants object that the definition is vague and ambiguous in its use
22 of the term "exclusive copyrights." Defendants object that this definition encompasses
23 documents concerning works that have not been identified as Works In Suit. Defendants also
24 object to the definition to the extent it calls for a legal conclusion as to whether Plaintiff and
25 Counterclaim-defendant Pirate Monitor LTD holds "exclusive copyrights" in any works.
26 Defendants further object to this definition as overly broad and unduly burdensome to the extent
27 it encompasses information not relevant to the parties' claims or defenses (especially insofar as it
28

encompasses works not identified by Plaintiff and Counterclaim-defendant Pirate Monitor LTD as Works In Suit and/or United States works not timely registered with the United States Copyright Office) and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of these responses, Defendants will interpret "Pirate Monitor Works" to be limited to the Works In Suit identified in response to Defendants' Interrogatory No. 1.

17. Defendants object to the definition of "Performance Rights Organizations" as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

18. Defendants object to the definition of "Red Flag Knowledge" as calling for a legal conclusion. Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

19. Defendants object to the definition of "Removed Takedown Notice Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "Your platform" and the phrases "was removed, deleted, or no longer displayed" and "because of." Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

20. Defendants object to the definition of "Removed Takedown Notice Re-upload" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "substantively identical," "aspect," "removed Takedown Notice Video,"

"target," and "Successful Takedown Notice." Defendants also object that this definition encompasses documents concerning works that have not been identified as Work In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

21. Defendants object to the definition of "Repeat Infringer" to the extent it calls for a legal conclusion. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

22. Defendants object to the definition of "Schneider" as overly broad, vague and ambiguous, and unduly burdensome. In particular, the definition is overly broad because it encompasses "all agents, representatives … investigators … advisors, and any other person acting on her behalf." For purposes of responding to the Requests, "Schneider" will be defined as Maria Schneider and persons known or believed to be acting on her behalf.

23. Defendants object to the definition of "Schneider Infringing Videos" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "uses," "Schneider Works," "reproducing," and "performing." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed under the Copyright Act. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. Moreover, Defendants object that this term is meaningless and untimely because Plaintiffs have failed to identify any allegedly infringing content in their Complaint or in discovery, including but not limited to, in response to Defendants' Interrogatory No. 2.

24. Defendants object to the definition of "Schneider Works" as vague and ambiguous. In particular, Defendants object that the definition is vague and ambiguous in its use of the term "exclusive copyrights." Defendants object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether Plaintiff Maria Schneider holds "exclusive copyrights" in any works. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses (especially insofar as it encompasses works not identified by Plaintiff Maria Schneider as Works In Suit and/or United States works not timely registered with the United States Copyright Office) and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of these responses, Defendants will interpret "Schneider Works" to be limited to the Works In Suit identified in response to Defendants' Interrogatory No. 1.

25. Defendants object to the definition of "Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "descriptive keywords" and the phrase "find content."

26. Defendants object to the definition of "Takedown Notice" as vague, ambiguous, and overly broad. In particular, the definition is vague and ambiguous in its use of the term "request" and the phrases "any other way" and "via Your online platform." Defendants object that the definition is overly broad and unduly burdensome to the extent it extends beyond notices submitted to Defendants. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been posted or displayed without license or permission. Defendants further object to the definition to the extent it encompasses non-written communications that do not satisfy the requirements set forth in 17 U.S.C. § 512(c)(3). For purposes of responding to the Requests, "Takedown Notice" will be defined as notices that are compliant with 17 U.S.C. § 512(c)(3) and have been submitted through YouTube LLC's online form, *see* "Submit a copyright takedown notice,"

1  https://support.google.com/youtube/answer/2807622?hl=en, or to YouTube's designated agent

2  via email, facsimile, or postal mail, *see* "Copyright Contact Information,"

3  https://support.google.com/youtube/answer/6005908?hl=en.

4        27.      Defendants object to the term "Successful Takedown Notice" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases "resulted in a Removed Takedown Notice Video" and "otherwise determined set forth a meritorious claim." Defendants object to the definition to the extent it calls for a legal conclusion. Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

13        28.      Defendants object to the definition of "Successful Takedown Notice Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "submitted," "used," and "Successful Takedown Notice." The definition is further vague and ambiguous in its use of the phrase "were the subject of." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed under the Copyright Act. Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

23        29.      Defendants object to the definition of "You," "Your," and "Yourself" on the grounds that the definition is overbroad, vague and ambiguous, and unduly burdensome. Defendants further object to the definition to the extent it seeks information not currently in the possession, custody, or control of Defendants. Defendants will respond solely on behalf of themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates, or any

1   other person or entity. Defendants further object to the definition on the grounds that it includes
2   Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce
3   information that is protected by any privilege, including the attorney-client privilege, work
4   product immunity doctrine, common interest privilege, or any other applicable privilege,
5   immunity, or restriction on discovery. For purposes of responding to the Requests, "You,"
6   "Your," and "Yourself" will be defined as Google LLC, YouTube, LLC, and those authorized
7   agents and employees acting on its behalf and within the scope of their agency or employment.[1]

8   30.    Defendants object to the definition of "YouTube Partner Program" as vague and
9   ambiguous. In particular, the term is vague and ambiguous in its use of the phrase "uses AdSense
10  to monetize content posted to Users." Defendants further object to this definition as overly broad
11  and unduly burdensome to the extent it encompasses information not relevant to the parties'
12  claims or defenses and would require Defendants to collect information that is disproportionate
13  to the needs of this case. For purposes of responding to the Requests, the "YouTube Partner
14  Program" will be defined as the program that gives YouTube content creators access to
15  YouTube's Creator Support Teams, Copyright Match Tool, and monetization features. *See*
16  "YouTube Partner Program overview & eligibility,"
17  https://support.google.com/youtube/answer/72851?hl=en.

18  31.    Defendants object to the Instructions accompanying Plaintiffs' Requests to the
19  extent that such Instructions purport to impose obligations on Defendants in excess of the
20  Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the
21  Northern District of California, the Standing Order for Discovery in Civil Cases before Judge
22  Donato, or any other applicable law, or to the extent that the Instructions purport to require
23  Defendants to take actions or provide information not required by or which exceed the scope of
24  the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

---

[1] Per the parties' agreement, Defendants will produce otherwise discoverable information that is retained by, owned by, possessed by, or in the control of Alphabet Inc.

Northern District of California, the Standing Order for Discovery in Civil Cases before Judge Donato, or any other applicable law.

32. Defendants object to Instruction No. 8 insofar as it calls for information beyond the scope of the three-year statute of limitations applicable to Plaintiffs' claims. *See* 17 U.S.C. § 507(b). Defendants will produce reasonably accessible non-privileged documents following an inquiry proportionate to the needs of the case for the three-year period predating the filing of the Complaint.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

**All Documents Concerning any of the alleged facts in the Complaint, the Answer, and Counterclaims, the Response to Counterclaims, or any statement of fact contained in any other Document filed in this Lawsuit.**

**RESPONSE TO DOCUMENTS REQUEST NO. 1:**

Defendants object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad (especially insofar as it demands that Defendants produce "[a]ll" documents). In particular, Defendants object to the Request because it is vague and ambiguous in its use of the terms "alleged facts" and "statement of fact." Defendants further object that this Request is compound to the extent that it contains multiple sub-parts.

Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiffs' legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants also object on the grounds that this Request calls for the production of materials not relevant to Plaintiffs' claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

Defendants further object that this Request seeks documents concerning works that have not been identified as Works In Suit. In addition, Defendants object to this Request to the extent that it seeks information concerning alleged infringements that Plaintiffs have failed to identify.

    **d) The number of videos for which a Takedown Notice was issued by or on behalf of participants in the Content ID System;**

    **e) The number of videos removed from Your platform following Takedown Notices issued by or on behalf of participants in the Content ID System;**

    **f) The number of videos that are subject to each of the following options at the election of a participant in the Content ID System: (1) blocking a whole video from being viewed; (2) monetizing a video by running ads against it; and (3) tracking the video's viewership statistics.**

    **g) The number of times that You have determined a Person or User has attempted to access Content ID to "improperly censor videos," as alleged in Paragraph 15 of Your Counterclaims.**

    **h) The number of times that You have determined a Person or User has attempted to "claim ownership rights in others' content," as alleged in Paragraph 15 of Your Counterclaims.**

**RESPONSE TO DOCUMENTS REQUEST NO. 19:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants object that this Request is compound and structurally confusing. Defendants also object to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants further object to this Request as not reasonably limited in temporal scope.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 20:**

    **Documents sufficient to identify each User that either attempted to upload a video but was prevented from doing so by operation of the Content ID System or uploaded a video that was subsequently deleted or removed by operation of the Content ID System, Including the User's name, username, email address, IP address, affiliation, any other unique identifier used internally by YouTube or Google tied to a User, when the User attempted to upload a video or had a video deleted or removed (including each video if there is more than one for each User), whether the User was enrolled in the Account Monetization Program and/or the YouTube Partner Program, and the copyrighted work that was detected by the Content ID System.**

**RESPONSE TO DOCUMENTS REQUEST NO. 20:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants object to this Request on the grounds that it is overly broad and unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants also object to this Request as not reasonably limited in temporal scope. Defendants further object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case. To the extent this Request seeks materials relating to third parties, Defendants object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 21:**

**All Documents Concerning the Content ID System's processes for identifying matches for copyrighted works and recognizing third party performances of copyrighted works, Including any changes to the processes, any evaluations of the efficacy or accuracy of the processes, and any complaints or comments Concerning the efficacy or accuracy of the processes.**

1  this Request on the grounds that it is vague and ambiguous in its use of the terms "notices" and
2  "accumulated" and "identified in." Defendants further object to this Request as overly broad,
3  unduly burdensome, and not relevant to any party's claim or defense or proportional to the needs
4  of the case.
5        Defendants object that this Request is compound to the extent that it contains multiple
6  sub-parts. Defendants further object to the extent that this Request calls for the production of
7  proprietary, confidential, or trade secret information that has little or no connection to the parties'
8  claims and defenses in this action, imposing a further burden on Defendants that is out of line
9  with Plaintiff's legitimate needs. Defendants further object that this Request seeks documents
10 that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.
11       In addition, Defendants object to this Request to the extent that its expansive scope
12 seeks personal identifying information concerning numerous YouTube users and may implicate
13 the privacy rights of users who are entitled to protection under various consumer privacy laws in
14 the U.S. and internationally. Affected users should also be afforded an opportunity to object to
15 disclosure of their personal identifying information, and such an opportunity may be required as
16 a matter of law.
17       Subject to and without waiving any of the foregoing objections, Defendants will meet and
18 confer with opposing counsel regarding an appropriate scope of information to be produced in
19 response to this Request.

20 **DOCUMENT REQUEST NO. 27:**

21 **All Documents Concerning Takedown Notices You have received Concerning videos posted to Your platform, Including:**
22
23 **a) The Takedown Notice submitted;**

24 **b) Any changes to the Takedown Notice;**

25 **c) Any Communications Concerning the Takedown Notice, Including with the issuer of the Takedown Notice and with any targets of the Takedown Notice;**
26
27 **d) The disposition of the Takedown Notice, Including whether a Copyright Strike**
28 **was issued, whether the video that was the subject of the Takedown Notice was**

**removed, and any changes to the allocation of revenue associated with the video that was the subject of the Takedown Notice.**

**RESPONSE TO DOCUMENTS REQUEST NO. 27:**

Defendants further object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" documents), and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants further object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case.

Defendants object that this Request is compound and structurally confusing. Defendants further object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 28:**

**All databases Concerning Takedown Notices and Documents sufficient to show all fields in any databases Concerning Takedown Notices, Including a description of the nature of each field.**

**RESPONSE TO DOCUMENTS REQUEST NO. 28:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" databases), and not relevant to any party's claim or defense or proportional to the needs of the case.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

**DOCUMENT REQUEST NO. 29:**

**All Removed Takedown Notice Videos.**

**RESPONSE TO DOCUMENTS REQUEST NO. 29:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" videos, regardless of their relevance to the parties' claims or defenses), and not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the request is vague and ambiguous in its use of the undefined term "Takedown Notice Videos."

**DOCUMENT REQUEST NO. 30:**

**Documents sufficient to show the following information for all Removed Takedown Notice Videos:**

**a. The date(s) uploaded, the number of copies made, the date each copy was made, the location of each copy;**

**b. the metadata included with each video (Including before and after each video was uploaded) and whether that metadata was supplied by the User or You;**

protective order. Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce YouTube's agreement with the American Society of Composers, Authors and Publishers. To the extent Plaintiff believes any further response to this Request is necessary, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 69:**

**All Document or data retention policies applying to or Concerning the following:**

**a) Takedown Notices;**

**b) The Content ID System;**

**c) Videos posted to Your platform, Including any videos that a User chose to remove;**

**d) Policies related to copyright;**

**e) Repeat Infringers;**

**f) Access to Content ID.**

**RESPONSE TO DOCUMENTS REQUEST NO. 69:**

Defendants object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "[a]ll" documents or policies), and not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the Request is vague and ambiguous in its use of the phrase "Your platform" and "[a]ccess to Content ID." Defendants further object that this Request is compound and structurally confusing.

Defendants also object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret

information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

**DOCUMENT REQUEST NO. 70:**

**All Documents You intend to use in support of Your affirmative defenses.**

**RESPONSE TO DOCUMENTS REQUEST NO. 70:**

Defendants object to this Request on the grounds that it is overly broad insofar as it demands that Defendants produce "[a]ll" documents. Defendants also object that this Request is premature and assumes a factual predicate for which there is no record support at this time, namely that Plaintiffs have provided discovery sufficient to enable Defendants to respond to this Request. Such a Request is particularly premature given that Plaintiffs have not yet identified the allegedly infringing content at issue. Without this, Defendants cannot conclusively identify every basis for their entitlement to one or more of their affirmative defenses or produce "[a]ll [d]ocuments" regarding the same. Defendants will supplement their response when discovery is complete, if and when Plaintiffs identify the copyrighted works and allegedly infringing content at issue and once Defendants have had an opportunity to investigate Plaintiffs' specific claims of infringement.

Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, including documents that relate to Defendants' DMCA safe harbor defenses, as well as on the Copyright Misuse, Estoppel, and Unclean Hands defenses.

**DOCUMENT REQUEST NO. 71:**

**All Documents supporting Your claim that "Pirate Monitor has misused the YouTube service and engaged in a fraudulent scheme to obtain access to YouTube's copyright management systems," as stated in Paragraph 1 of Your Counterclaims.**