DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants.<br><br>_____<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ<br><br>    Counterclaim Defendant. | CASE NO.: 3:20-cv-04423-JD<br><br>**YOUTUBE, LLC AND GOOGLE LLC'S MOTION TO SET A CASE SCHEDULE WITH DEADLINES FOR PLAINTIFF'S IDENTIFICATION OF ALLEGEDLY INFRINGED WORKS AND ALLEGED INFRINGEMENTS PURSUANT TO L.R. 7-11** |

The parties have largely agreed on a case schedule but disagree about a critical issue of case management: whether Plaintiff Maria Schneider must identify the copyrighted works and alleged infringements of those works at issue—and do so by clear deadlines that give Defendants a fair opportunity to take discovery into each infringement claim. Schneider has refused to agree to any such deadlines or even to acknowledge the parties' dispute about these issues in a scheduling stipulation. Because her position flouts basic principles of copyright law, sound case management, and basic fairness, YouTube seeks relief through this administrative motion.

Schneider's Complaint alleges she owns three copyrighted works that were infringed on YouTube. It does not identify a single YouTube video that she claims is infringing. Instead, Schneider contends that her potential copyright claims against YouTube are boundless. She insists that she is allowed to put at issue dozens of unpleaded works and allegedly infringing videos, and that she can do so whenever she wants. Plaintiff's approach is misguided. Defendants need to know, sufficiently before the end of discovery, the full universe of copyrighted works and alleged infringements at issue. Without that information, Defendants will be unable to take discovery to support their defenses, most of which are necessarily work- or video-specific. Accordingly, Defendants ask the Court to enter the parties' agreed-upon dates set forth at Attachment A, and include clear deadlines by which Schneider must: (1) amend her complaint to identify the copyrighted works in suit; and (2) identify all alleged instances of infringement of those works on YouTube that are at issue.

## BACKGROUND

Schneider's copyright claims have been a moving target. The Complaint references only three copyrighted works in suit. But in interrogatory responses, Schneider has (so far) purported to add <u>75</u> more works to the case, without any amendment to her Complaint. Rees Decl. Ex. 4 at 4–7. Schneider's infringement allegations have been similarly fluid. The Complaint does not identify a single YouTube video that Schneider claims infringed any of her works. After substantial back-and-forth, Schneider eventually agreed "to identify all currently-known infringements" (*id.* ¶ 9 & Ex. 1 at 6, Ex. 2 at 1), yet her relevant interrogatory responses

identified 51 allegedly infringing videos on YouTube that involved only 24 works. *Id*. Ex. 3 at 3–4; Ex. 4 at 8–10. For most of the works that Schneider has not pleaded but contends are at issue, no infringement has been identified.

These issues have been central to the parties' case-schedule discussions. While the parties now agree on most dates, Schneider has consistently refused to agree to any deadline to complete the identification of works in suit (through amendment of her Complaint), or to a deadline, before the close of discovery, to identify the universe of videos that allegedly infringe those works. *See* Dkt. 42 at 6–10; Dkt. 54 at 6–9; Attachment A; Rees Decl. ¶¶ 2–8.

## ARGUMENT

**Deadline For Amending Complaint To Include All Copyrighted Works In Suit**. A copyright infringement lawsuit is "'a specific lawsuit by a specific plaintiff against a specific defendant about specific copyrighted [works].'" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017). It is not a "'lawsuit against copyright infringement in general.'" *Id.* (citation omitted). Accordingly, a copyright infringement "complaint must specifically identify the works that the plaintiff claims the defendant has infringed." Paul Goldstein, *Goldstein on Copyright* §16.1 (3d ed., 2021-1 Supp. 2005). That identification must be complete. *See, e.g.*, *Premier Tracks, LLC v. Fox Broad. Co.*, 2012 U.S. Dist. LEXIS 189754, at *26 (C.D. Cal. Dec. 18, 2012) (Plaintiffs cannot maintain claims for works "yet to be identified"); *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 2017 U.S. Dist. LEXIS 181296, at *22 (C.D. Cal. May 12, 2017) (copyright "action cannot proceed as to any alleged infringement" of unpleaded works); *Adobe Sys. v. Software Speedy*, 2014 U.S. Dist. LEXIS 173670, at *16 (N.D. Cal. Dec. 16, 2014); *ExperExchange, Inc. v. Doculex, Inc.*, 2009 U.S. Dist. LEXIS 112411, at *81 (N.D. Cal. Nov. 16, 2009); *accord Cole v. John Wiley & Sons, Inc.*, 2012 U.S. Dist. LEXIS 108612, at *37 (S.D.N.Y. Aug. 1, 2012) (Plaintiff's complaint cannot "list certain works that are the subject of an infringement claim, and then allege that the claim is also intended to cover other, unidentified works"). This requirement is underscored by the Copyright Act itself, which requires the Clerk of Court to notify the Register of Copyrights of "each work involved in the action" (17 U.S.C. § 508(a)), which the clerk did here by forwarding the Complaint to the Register (Dkt. 8).

There is an obvious reason for requiring copyright plaintiffs to plead each specific work at issue: a copyright owner is not permitted to bring an infringement claim for a work unless and until "registration [of the work] ... has been made" with the U.S. Copyright Office. 17 U.S.C. § 411(a); *see Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881, 886 (2019). Unless the specific set of works in suit are set out in the complaint, copyright owners can skirt that registration requirement. Thus, courts have repeatedly rejected efforts to smuggle new, unpleaded (and previously unregistered) works into a case after it was filed. *See, e.g.*, *Izmo, Inc. v. Roadster, Inc.*, 2019 U.S. Dist. LEXIS 93568, at *4–5 (N.D. Cal. June 4, 2019) (barring assertion of claims for works registered after lawsuit commenced); *Malibu Media, LLC v. Doe*, 2019 U.S. Dist. LEXIS 56578, at *6-12 (S.D.N.Y. Apr. 2, 2019) (same). And here, Schneider has identified at least 28 works that were not registered at the time this case was filed.[1]

An early and complete identification of works in suit is also necessary as a matter of fundamental fairness. Each new work added to the case will require Defendants to investigate, among other things, the timing of registration (including to determine availability of statutory damages under 17 U.S.C. § 412); whether Schneider actually owns the work; whether the work is covered by the licenses that Schneider and her agent or others granted YouTube; and whether the work actually appears on YouTube. For these reasons, a clear deadline for amending the complaint to fix the set of works in suit is a standard practice in copyright litigation. *See, e.g.*, *Cody Foster & Co. v. Urban Outfitters, Inc.*, 2015 U.S. Dist. LEXIS 58116, at *6 (D. Neb. May 4, 2015); *KTS Karaoke, Inc. v. Sony ATV Music Publ'g LLC*, 2012 U.S. Dist. LEXIS 196948, at *5 (C.D. Cal. Aug. 22, 2012). Schneider has rejected that approach, forcing Defendants to file this motion.[2]

---

[1] Schneider cannot include those works in this case, even if she tried to amend her complaint to do so. *See UAB v. Facebook, Inc.*, 2019 U.S. Dist. LEXIS 203618, at *21 (N.D. Cal. Nov. 21, 2019) ("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint."); *Izmo*, 2019 U.S. Dist. LEXIS 93568, at *5.

[2] Schneider has offered no authority for adding works to the case on the fly without amending her complaint. She previously mentioned *ABKCO Music, Inc. v. LaVere*, 217 F.3d 684, 687 (9th Cir. 2000), but that case is not about pleading copyright infringement; it concerns
(continued...)

**Deadline for Identifying All Allegedly Infringing Videos.** In addition to identifying the specific copyrighted works at issue, a plaintiff must "identify [defendant's] allegedly infringing acts or works." *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, 2011 U.S. Dist. LEXIS 5132, at *8 (N.D. Cal. Jan. 18, 2011) (Alsup, J.). Schneider's Complaint does not identify even a single YouTube video that was supposedly infringing. Instead, Schneider contends she can identify instances of alleged infringement at the time of her choosing, up until the close of discovery. But her approach ignores the realities of a copyright case like this one and would be highly prejudicial to Defendants.

Every new allegedly infringing video added to the case raises distinct issues requiring thorough investigation by Defendants. For example, Schneider alleges that Defendants are contributorily and vicariously liable for allegedly infringing videos uploaded by YouTube users. But both theories of liability require video-specific showings—whether Defendants had "'*actual* knowledge that *specific* infringing material is available,'" *Giganews*, 847 F.3d at 671 , and whether Defendants obtained "financial benefit from the *specific* infringement alleged." *Id.* at 674 (emphasis added). Defendants' DMCA defense similarly turns on matters specific to each alleged infringement. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1021 (9th Cir. 2013). Beyond that, each video clip at issue raises individualized questions of license, statute of limitations, fair use and damages. This is not hypothetical: Schneider has already admitted that she has licensed her works to individuals for use in specific videos on YouTube, and she has identified many video clips for which any infringement claim is clearly time-barred. *See* Rees Decl. Ex. 4 at 11, 12–15.

Sound case management requires a complete and early disclosure of a party's infringement contentions in intellectual property cases. The patent local rules require a plaintiff to specify the asserted patents, claims, and infringing instrumentalities from the start. Patent L.R. 3-1. Likewise, courts in this district have enforced Cal. Code Civ. Proc. § 2019.210's early trade

---

the case-or-controversy requirement for a declaratory relief action. Similarly unhelpful is *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001), a 20-year old case predating the authorities cited above, as well as the *Iqbal* and *Twombly* plausibility standard.

secret disclosure requirements "to discern the reasonable bounds of discovery, to give defendants enough notice to mount a cogent defense, and to prevent plaintiff from indulging in shifting sands." *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*, 2021 U.S. Dist. LEXIS 48399, at *3 (N.D. Cal. Mar. 13, 2021). Judge Gilliam recently applied the same principle in a copyright case, setting a deadline well before the close of discovery for a "Final Identification of Alleged Infringements." *Davis v. Pinterest, Inc.*, 19-cv-7650-HSG, Dkt. No. 63 (N.D. Cal. filed Dec. 15, 2020).[3] Without a firm deadline—well before the end of fact discovery—for Schneider to close the universe of allegedly infringing videos, YouTube's ability to prepare its defenses to each infringement claim will be unfairly compromised.

## CONCLUSION

Defendants ask the Court to enter the schedule set forth in the Proposed Order, including final deadlines for Schneider (1) to amend her complaint by no later than May 14, 2021 to identify all works in suit, and (2) to identify by August 16, 2021 all alleged instances of infringement of those works.

Respectfully submitted,

Dated: April 15, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
     David H. Kramer

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

---

[3] In resisting such a deadline, Plaintiff has claimed that she needs discovery from YouTube to identify alleged infringements. But YouTube is a freely searchable site, and the videos on it are publicly available. Schneider has searched it—as demonstrated by the videos she identified in discovery responses. Schneider's claim that without access to YouTube's more advanced Content ID tool, she cannot identify videos that might include her works is simply incorrect. It also ignores the fact that **Schneider already has access to Content ID** through her publishing agent, who has used the tool on her behalf for years.