| | |
|---|---|
| DAVID H. KRAMER, State Bar No. 168452<br>MAURA L. REES, State Bar No. 191698<br>LAUREN GALLO WHITE, State Bar No. 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>  mrees@wsgr.com<br>  lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>           Defendants.<br><br>—————————————————<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>           Counterclaimants,<br><br>   v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>           Counterclaim Defendant. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF MAURA L. REES IN SUPPORT OF DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC'S MOTION TO SET A CASE SCHEDULE WITH DEADLINES FOR PLAINTIFF'S IDENTIFICATION OF ALLEGEDLY INFRINGED WORKS AND ALLEGED INFRINGEMENTS PURSUANT TO L.R. 7-11** |

I, Maura L. Rees, declare as follows:

1. I am a member of the law firm Wilson Sonsini Goodrich & Rosati, counsel of record for Defendants and Counterclaimants YouTube, LLC and Google LLC. I submit this declaration in support of their Administrative Motion. I am over the age of 18 and competent to make this declaration. I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of each of them.

2. The parties have engaged in numerous communications over the past seven months seeking to agree on a case schedule. Through these efforts, the parties have reached agreement on deadlines for most case management events. But a few disputes remain. These disputes have prevented the parties from reaching a stipulation to the case schedule because Plaintiff refuses to acknowledge the existence of any outstanding disputed issues in such a stipulation. These disputes are: (1) whether there should be a deadline to amend the complaint to include all copyrighted works in suit; (2) what the deadline for motions to amend pleadings should be; and (3) whether there should be a deadline, before the close of discovery, for Plaintiff to identify the complete list of videos that allegedly infringe the works in suit. Defendants have explained that these deadlines are needed to provide a fixed universe of works and infringements to guide discovery, and have attempted to negotiate reasonable dates for those respective amendments and disclosures. Defendants have met and conferred with counsel for Plaintiff and, pursuant to Civ. L.R. 7-11, have exhausted any possibility of obtaining a stipulation to the relief sought by the Administrative Motion. The agreed upon and disputed dates are set forth in **Attachment A** to the Administrative Motion.

3. In the Fall of 2020, the parties repeatedly met and conferred over the case schedule and over the need for Plaintiffs to identify the works in suit and alleged infringements, including by telephone conferences on September 17, October 1, and November 23, 2020, and by email on November 16, November 25, and November 30, 2020. Through this meet-and-confer process, the parties were able to reach agreement on at least some case scheduling. Defendants also raised the legal and practical case management need for deadlines for Plaintiff to

completely identify the works in suit in her complaint, and to completely identify the material allegedly infringing those works by a date in advance of the close of discovery. But Plaintiff rejected the approach entirely. *See* Dkt. 42 at 6–10 (stating Defendants' and Plaintiffs' position); *id.* at 22–23 (listing Defendants' and Plaintiffs' proposed schedules).

4. After the Court continued the initial case management conference to January 28, 2021 (*see* Dkt. 43), the parties again met and conferred in January 2021 and again were unable to reach agreement. *See* Dkt. 54 at 6–9 (stating Defendants' and Plaintiffs' position); *id.* at 19–20 (listing Defendants' and Plaintiffs' proposed schedules).

5. On January 28, the Court held the initial case management conference. After the parties raised the dispute about deadlines for identifying the works in suit and infringements, the Court ordered the parties to meet and confer about copyright disclosures and case scheduling. Dkt. 56 at 1.

6. Since the initial case management conference, the parties have continued to meet and confer about the case schedule and deadlines for identification of the works in suit and infringements by Plaintiff Maria Schneider, who is now the sole remaining plaintiff. (Former plaintiff Pirate Monitor LTD dismissed its claims with prejudice and without compensation on March 8, 2021; Dkt. 66.) On February 5, 2021, lead counsel for both parties met and conferred by video conference about the case schedule and the deadlines for identifying works in suit and alleged infringements. The parties further conferred by email on February 24, March 2, March 4, March 11, March 18, April 1, April 5, April 7, April 8, April 9, and April 13. The parties were able to reach agreement on nearly all of the case deadlines. But still Plaintiff rejected any deadline for amending the complaint to include the universe of copyrighted works at issue, and any deadline for identifying alleged infringements of those works before the close of discovery.

7. On March 18, 2021, Defendants sent Plaintiff a proposed stipulation setting forth the agreed and disputed deadlines in the case schedule and providing for simultaneous briefing on the disputed issues. Plaintiff waited until April 1, then refused to agree to Defendants' proposal. On April 5, Defendants proposed a revised stipulation reciting that, instead of

simultaneous briefing, Defendants would raise the disputed issues with the Court by motion. On April 7, Plaintiff rejected that proposed stipulation too, refusing to permit any mention of the existence of the disputed issues in a stipulation.

8. On April 13, Plaintiff indicated that, if Defendants move forward with a motion, then "the only date [they] could agree to as a deadline for amending the pleadings would be within 30 days of a decision on [Defendants'] motion, unless the Court orders otherwise." The same day, Defendants responded that they would instead agree to May 14, 2021 as the deadline for motions to amend, but could not agree to Plaintiff's revision to the stipulation striking any mention of the disputed issues (including the dispute about whether Plaintiff must amend the Complaint to include all works in suit), and therefore Defendants saw no option but to file a motion.  On April 15, Plaintiff reiterated their position that the parties should file a stipulation with no mention of the disputed issues, in which they would agree to include the May 14 deadline for motions to amend pleadings (but again omitting any reference to the dispute about whether that deadline includes identifying works in suit in the Complaint).  Because Plaintiff's proposed revisions to the stipulation did not accurately reflect the status of the parties' discussions and the existence of outstanding disputes, Defendants informed Plaintiff that they could not agree to Plaintiff's edits, and proceeded to file the instant motion.

9. Attached to this declaration are excerpts of Plaintiff's discovery responses and correspondence demonstrating how the absence of deadlines for the identification of works and infringements, and the evolving universe of Plaintiff's claims, is interfering with the effective and efficient conduct of discovery and litigation in this case. A true and correct copy of excerpts of Plaintiff Maria Schneider's Objections and Responses to YouTube and Google's First Set of Interrogatories to Plaintiff Maria Schneider, dated November 11, 2020, in which Schneider refused to identify any infringing videos, is attached as **Exhibit 1**. A true and correct copy of the November 30, 2020 letter from Steven M. Berezney to Maura L. Rees, in which Schneider agreed to identify "all currently known infringements" is attached as **Exhibit 2**. A true and correct copy of excerpts of Plaintiff Maria Schneider's Supplemental Response to Defendants'

First Set of Interrogatories, dated December 9, 2020, in which Schneider set forth new works and new alleged infringements, is attached as **Exhibit 3**. A true and correct copy of excerpts of Plaintiff Maria Schneider's First Amended Responses and Objections to Defendants' First and Second Set of Interrogatories, dated March 8, 2021, in which Schneider set forth yet more new works and new alleged infringements, is attached as **Exhibit 4**.

    I declare under penalty of perjury under the law of the United States that the foregoing is true and correct and that this declaration is executed on April 15, 2021 in Mountain View, California.

                                                        /s/ Maura L. Rees
                                                        Maura L. Rees

### ATTORNEY ATTESTATION

    I am the ECF User whose ID and password are being used to file this Declaration. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from the other signatory.

                                                        /s/ David H. Kramer
                                                        David H. Kramer