# EXHIBIT 2

KOREIN TILLERY
*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Steven M. Berezney
SBerezney@KoreinTillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

November 30, 2020                                                                                         *Via-E-mail*

Maura L. Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94304-1050

***Re:    Schneider et al. v. YouTube, LLC et al.***
***Case No. 3:20-cv-04423***

Dear Maura,

This letter responds to your letter dated November 25, 2020 attempting to memorialize the agreements reached during our November 23 meet and confer.  Plaintiffs want to clarify several apparent misunderstandings.

First, it is inaccurate to suggest that we agreed that our responses to Interrogatory No. 2 "are wholly deficient" and that we are obstructing your ability to move this case forward.  That may be your position, but it's not ours.  Plaintiffs agreed, however, to supplement our responses to identify all currently-known infringements for the named Plaintiffs, with the caveat that additional examples of infringements are within your clients' exclusive possession and will be identified by you when your discovery responses are due.  We currently plan to provide our supplemental responses to Interrogatory No. 2 by December 9.  For any additional currently-unknown examples of infringements that we learn of at a later date, we will timely supplement our interrogatory responses.

Second, Plaintiffs did *not* agree to produce *all* non-privileged documents responsive to your requests subject to the parties' anticipated ESI protocol.  We specifically stated during our call that we would produce all non-privileged documents responsive to your requests as limited by our objections and responses, subject to the parties' anticipated ESI protocol.  For example, Pirate Monitor RFP No. 15 requests four subparts of documents, all of which are overbroad and seek irrelevant information.  We responded that we would produce documents "relating to subpart (a) that relate to YouTube's copyright policies and procedures and to subparts (b) and (d) only insofar as they relate to the Works in Suit, pursuant to a mutually agreed upon search protocol and will produce responsive, non-

Maura L. Rees<br>
November 30, 2020<br>
Page 2

privileged documents, if any, from the relevant time range agreed to by the parties. Pirate Monitor will not produce documents responsive to subpart (c)." These words should be taken at face value. We will not be producing documents responsive to subpart (c). And we will only be producing documents relating to YouTube's copyright policies and procedures for subpart (a) and documents relating to the Works in Suit for subparts (b) and (d). We will be producing *all* documents as narrowed by our response, but we are not agreeing to produce all documents within your overbroad request.

By way of another example, Schneider RFP No. 9 requests all communications between Ms. Schneider and ArtistShare. This too is overbroad and seeks irrelevant information not tied to the Works in Suit. We objected accordingly and stated that we would produce all communications between Ms. Schneider and ArtistShare "concerning the Works in Suit." And that is what we will do. What we will not do should be apparent from our response itself—we will not produce communications between Ms. Schneider and ArtistShare concerning things unrelated to the Works in Suit.

Our responses to the many other requests for production of documents should be similarly consulted for what we agree to do. For those requests where we have not already agreed to produce everything requested, we carefully stated our precise position concerning what we would and would not do.

For those handful of responses that mentioned Rule 34(b)(2)(C), we agreed on November 23 that we would promptly notify you if we withhold documents pursuant to any previously unarticulated objection, and would identify the specific objection, so that the parties can meet and confer if necessary. We did not intend to suggest in our responses that we are withholding documents based on some unarticulated objection of which we are currently aware. As we agreed on November 23, if additional objections arise, you will be promptly notified.

Your letter ends by noting that you will address additional alleged deficiencies in future correspondence. For our discovery responses and other issues like it moving forward, we suggest avoiding piecemeal discussions, especially those that unilaterally set a one business-day response deadline after a holiday. The parties can surely move this case forward at a reasonable pace while still adopting efficient and respectful practices.

Sincerely,

Steven M. Berezney