George A. Zelcs (pro hac vice)
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. (pro hac vice)
  rewing@koreintillery.com
Ryan Z. Cortazar (pro hac vice)
  rcortazar@koreintillery.com
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe (pro hac vice)
  cokeefe@koreintillery.com
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos (pro hac vice)
  pkorologos@bsfllp.com
Joanna Wright (pro hac vice)
  jwright@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiff Maria Schneider*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PIRATE MONITOR LTD., GÁBOR CSUPÓ, and PIRATE MONITOR LLC,<br><br>Counter-Defendants. | CASE NO.  3:20-cv-4423-JD<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' "ADMINISTRATIVE MOTION" TO SET CASE SCHEDULE PURSUANT TO L.R. 7-11** |

Plaintiff Maria Schneider respectfully submits this response in opposition to Defendants' "administrative motion" ("Motion") to set a case schedule. ECF No. 72. Defendants' Motion should be denied for at least three reasons. *First*, Defendants misrepresent the existence and scope of any purported "scheduling dispute" as the Parties actually *agree* on all of the dates that should be included in a standard scheduling order. *Second*, Defendants' "administrative motion" is procedurally improper because it requests substantive relief available under the Federal Rules of Civil Procedure. *Third*, Defendants' arguments that the Complaint must identify every work in suit and that Plaintiff must identify all infringements on YouTube before the close of discovery are both substantively incorrect.

**I.     Defendants Misrepresent the Nature of the Dispute**.

Defendants' Motion misrepresents the parties' dispute. Joint case management statements must include proposed dates for "amending the pleadings" and "designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial." Standing Order for All Judges of the N.D. Cal.: Contents of Joint Case Management Statement at 1, 2. After conferring, the parties agreed to all such requisite dates, meaning *there are no existing disputes as to a case schedule*. Declaration of Demetri Blaisdell ("Blaisdell Decl.") ¶ 9. Indeed, Plaintiff sought consent to file such a stipulation and was instead met with this motion. *Id.* The actual dispute between the parties concerns: (1) Defendants' insistence that in addition to including the agreed-upon deadline for amending the pleadings, the case schedule also state that any amended complaint must contain a list of all works in suit; and (2) whether an invented deadline for Plaintiff to identify infringing videos belongs in the case schedule.

Equally problematic, Defendants misrepresent Plaintiff's position on the deadline for amending the pleadings, stating that Plaintiff did not agree to a proposed deadline of May 14 (Att. A to Mot., ECF No. 72-2), when Plaintiff agreed to that date in writing. Blaisdell Decl. ¶ 9.[1] Such a misrepresentation regarding Plaintiff's position on scheduling—in an "administrative motion" to enter

---

[1] While Defendants' Declaration refers to Plaintiff's acceptance of Defendants' May 14 proposal (Rees Decl., ECF No. 72-3 ¶ 8), the same document falsely states that the parties have a dispute over "what the deadline for motions to amend pleadings should be" (*id.* ¶ 2).

1

a schedule— amounts to gamesmanship that violates this Court's Standing Order,[2] and has imposed needless expense on Plaintiff and necessitated briefing on substantive issues in a five-page "administrative motion." Because there is no basis for the relief requested, as the parties agree upon all of the required dates for the scheduling order, the Motion should be denied.

## II. Local Civil Rule 7-11 Does Not Permit the Relief Defendants Seek.

The Motion should be denied for the separate reason that Defendants' "administrative motion" is barred by the text of Local Civil Rule 7-11, which permits such motions solely for matters "not otherwise governed by" a "Federal or local rule." *Wilens v. Automattic Inc. and Google Inc.*, No. C 14-02419 LB, 2014 WL 3530782, at *2 (N.D. Cal. July 16, 2014) ("As Automatic, Inc. and Google, Inc. correctly note, modifying the deadlines set forth in the Federal Rules of Civil Procedure is not the proper subject of an administrative motion because those deadlines are 'governed by . . . Federal or local rule.'"). While Defendants attempt to disguise this Motion as a motion "to set a case schedule," that relief is plainly not at issue. At bottom, Defendants' Motion seeks an order dictating what must be in an amended pleading and what Plaintiff must produce in discovery, and is therefore governed by Federal Rules of Civil Procedure 12 and 37 and "misclassified" as administrative. *E.g.*, *Lopez v. CIT Bank, N.A.*, 2015 WL 10374104, at *1 (N.D. Cal. Dec. 18, 2015). Indeed, there are *numerous* federal rules governing the relief Defendants purportedly seek, such as Rules 12, 16, 15, 37, and 56, and the fact that the deadline to file motions under some of those rules has expired does not convert this issue into an administrative matter. Defendants themselves must know this as almost every case Defendants cite in purported support of the relief they seek involve decisions on motions brought under Rule 12, 15, or 56.[3]  Put simply, Defendants now contend that the Complaint is deficient and,

---

[2] Standing Order in Civil Cases Before Judge James Donato at 5 (explaining that "[c]ounsel's misrepresentations of facts are subject to the same requirements of completeness and accuracy" as misrepresentations of legal authority).

[3] Every copyright case cited by Defendants relating to identification of the works in suit in the Complaint in which the issue was contested involve rulings on motions to dismiss, (*Izmo, Inc. v. Roadster, Inc.*, 2019 WL 2359228 (N.D. Cal. June 4, 2019); *Premier Tracks, LLC v. Fox Broad. Co.*, 2012 WL 13012714 (C.D. Cal. Dec. 18, 2012); *Malibu Media, LLC v. Doe*, 2019 WL 1454317 (S.D.N.Y. Apr. 2, 2019); *Cole v. John Wiley & Sons, Inc.*, 2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012)); motions for a more definite statement, (*Adobe Sys. Inc. v. Software Speedy*, 2014 WL 7186682 (N.D. Cal. Dec. 16,

2

having forfeited the right to file a Rule 12 motion by answering, seek a second bite at the apple by requesting that the Court instruct Plaintiff on what she must include in an amended complaint.

### III.   In Any Event, Defendants' Motion is Substantively Baseless.

#### A.  Plaintiff Is Not Required to Plead All Works In Suit in the Complaint.

Defendants' Motion requesting an order stating that Plaintiff must amend her complaint to identify all works that are at issue in the lawsuit also lacks legal merit. A plaintiff in a copyright infringement action has no obligation to include in the complaint a complete listing of all of the works at issue. *See, e.g.*, *ABKCO Music, Inc. v. LaVere*, 217 F.3d 684, 687 (9th Cir. 2000); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001). Defendants wave off these cases in a footnote, arguing that *ABKCO* is irrelevant and that *Perfect 10* is old. Defs.' Mot. n.2. But *ABKCO* is squarely relevant as it held that where "both parties understood the dispute to involve" certain works, not alleging those works in the complaint did not foreclose suing for infringement of those works. 217 F.3d at 687. Here, where Plaintiff has identified 75 such works in an interrogatory response dated March 8, 2021 (ECF No. 72-3 ¶ 9 & Ex. 4), there can be no debate that Defendants are on notice about what works are involved in the dispute.  To the extent that Plaintiff obtains additional information, she will comply with her Rule 26 obligations to timely supplement her responses with that information, rendering an order requiring her to do so superfluous.[4]  And despite Defendants' claims otherwise, *Perfect 10* is current as courts routinely rely on its recitation of the pleading standard in copyright cases. *See, e.g.*, *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1161–62 (C.D. Cal. 2018) (denying motion to dismiss based on argument that plaintiff failed to allege which components of website were copied); *McGucken v. Chive Media Grp., LLC*, No. CV 18-

---

2014), *KTS Karaoke, Inc. v. Sony ATV Music Publ'g LLC*, 2012 WL 12887300, at *1 (C.D. Cal. Aug. 22, 2012)); motions for summary judgment, (*Experexchange, Inc. v. Doculex, Inc.*, 2009 WL 3837275 (N.D. Cal. Nov. 16, 2009), *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 2017 WL 3477746 (C.D. Cal. May 12, 2017)); or motions requesting leave to amend, (*Cody Foster & Co. v. Urb. Outfitters, Inc.*, No. 8:14CV80, 2015 WL 1981980 (D. Neb. May 4, 2015)). Similarly, Defendants' argument that Plaintiff must identify all infringing videos is an attempt to compel discovery, governed by Rule 37.

[4] Defendants' argument that Plaintiff may not amend her complaint to include works registered after she initiated this action, Motion at 3 & n.1, is also misplaced—it is entirely hypothetical as no such motion is currently before the Court.

3

1    01612, 2018 WL 3410095, at *2 (C.D. Cal. July 11, 2018) (denying motion to dismiss based on

2    argument that "Plaintiff does not specifically identify which of the Subject Photographs have in fact

3    been registered").

4          **B.**     **Plaintiff Is Not Required to Identify All Instances of Infringement.**

5        Defendants' argument that Plaintiff should be subject to an invented deadline by which she

6    must identify all infringing videos on YouTube also lacks legal support. Courts have rejected the

7    argument that a plaintiff must identify all instances of infringement in a complaint. *See, e.g.*, *Marvel*

8    *Enters., Inc. v. NCSoft Corp.*, No CV 04-9253, 2005 WL 878090, at *2 (C.D. Cal. Mar. 9, 2005)

9    ("Plaintiffs are not required to specify each and every instance of infringement."). Requiring

10   identification of all instances of infringement in a complaint would effectively require compliance with

11   Rule 9's heightened pleading standard, but it is settled that "a plaintiff need not plead with

12   particularity the 'who, what, where, when and why' of each act of infringement." *Sweet People Apparel,*

13   *Inc. v. Louis Grp., Inc.*, No. CV 12-06673, 2013 WL 12131735, at *4 (C.D. Cal. Jan. 31, 2013); *see also*

14   *Clayton v. Automated Gaming Techs., Inc.*, No. 2:13-CV-00907-JAM, 2014 WL 1334005, at *5 (E.D. Cal.

15   Apr. 3, 2014) (motion to dismiss denied where complaint alleged defendant "infringed on Plaintiff's

16   copyright in the Admin App through its unauthorized direct reproduction and copying").

17       Nor do Defendants cite any authority imposing an arbitrary deadline for identifying infringing

18   videos prior to the close of discovery. The lone case Defendants cite says nothing about identifying

19   each and every infringement either in the complaint or prior to the close of discovery. Defs.' Mot. at 4

20   (citing *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, 2011 WL 166198 (N.D. Cal. Jan. 18, 2011)).

21   Rather, *Richtek* dismissed copyright claims because the complaint provided no "description of the acts

22   or works that allegedly infringe them." 2011 WL 166198, at *3.[5] The only other authority Defendants

23   cite are (1) the local patent rules requiring certain disclosures after case initiation, *see* Local Patent Rule

---

[5] Defendants' other cases are also inapposite. In *Davis v. Pinterest, Inc.*, 19-cv-7650-HSG, Dkt. 63 (N.D. Cal. Dec. 15, 2020), the court entered a scheduling order with a deadline for identifying infringements, but it was a stipulated scheduling order, not a contested issue. And *Quintara* is a trade secrets case, not a copyright case. *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*, 2021 WL 965349, at *1 (N.D. Cal. Mar. 13, 2021).

4

1  3-1, which do not apply in copyright cases; and (2) California procedural rules requiring disclosure of
2  information in trade secrets cases, *see* Cal. Code Civ. Proc. § 2019.210, which do not apply both
3  because this is not a trade secrets case and because state procedural rules are inapplicable in federal
4  court, as Defendants' authority acknowledges. *See Quintara*, 2021 WL 965349, at *1 ("state procedure
5  does not govern here").

6      Imposing Defendants' arbitrary deadline for identifying infringing videos on Plaintiff would
7  also be unfair and impractical. Because YouTube depends on users to upload content, the number of
8  infringements on YouTube constantly increases, with more than 500 hours of content uploaded to
9  YouTube every minute. To even attempt to identify every infringement, Plaintiff would have to
10 constantly search for infringing videos using manual keyword searches that hit upon the specific
11 words chosen by the uploading infringer. Such an endeavor would be futile and unduly burdensome.
12 Absent access to Content ID, Defendants' digital fingerprinting tool which automatically scans for
13 infringing videos prior to upload, Plaintiff cannot meaningfully search for or identify the infringing
14 videos. But Defendants easily can. Defendants' position that Plaintiff must identify the URL of all
15 infringing videos is thus the height of irony—the impossibility of manually locating all instances of
16 infringement of her works without access to Content ID motivated this lawsuit. Compl. ¶ 59. It is
17 Defendants, not Plaintiff, who can easily identify videos incorporating her works with Content ID, yet
18 Defendants have categorically refused to use or allow Plaintiff to use Content ID to do so. Thus,
19 while demanding that Plaintiff manually scour YouTube to identify all infringing videos prior to the
20 close of discovery, Defendants have access to a tool that could automatically identify all of the videos
21 on YouTube containing Plaintiff's works but that they will not let her use or use themselves.
22 Requiring Plaintiff to undertake this enormous and futile endeavor, while Defendants themselves have
23 a tool that would make such identification possible, would be patently unfair.

## CONCLUSION

25     Defendants' "administrative motion" should be denied in its entirety.

5

Dated: April 19, 2021

Respectfully submitted,

*/s/ Philip C. Korologos*
George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (pro hac vice)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (pro hac vice)
Joanna Wright (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiff Maria Schneider*