# Exhibit A

| | |
|---|---|
| **From:** | Rees, Maura |
| **To:** | Demetri Blaisdell; KTYouTube; BSFYouTube |
| **Cc:** | WSGR - schneidervyoutube |
| **Subject:** | RE: Schneider v. YouTube - case schedule |
| **Date:** | Thursday, April 15, 2021 10:21:14 PM |

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Demetri,

The draft stipulation as revised by Plaintiff continues to omit all mention of any disputes between the parties relating to the schedule, and strikes the language proposed by Defendants that accurately describes the current status.  As we've explained, Defendants cannot agree to submit a stipulation that fails to even reference the existence of disputed dates.  Accordingly, we will proceed with filing a motion.

Best regards,

Maura

**From:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>
**Sent:** Thursday, April 15, 2021 12:42 PM
**To:** Rees, Maura <MRees@wsgr.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

[External]

Maura,

We do not agree with your account of events below and do not waste time here correcting every mischaracterization.  In an effort to be productive and progress this issue, we propose the following: the parties enter into the attached stipulation which reflects the agreed upon scheduling dates, including your proposed May 14 deadline to amend the pleadings.

You are free to pursue any and all motions you deem necessary but they have no place in a stipulation intended to reflect the positions the parties have agreed to.  This seems the most productive path forward and we hope that you will consent to our filing the attached stipulation.

Please confirm that you will agree to the attached stipulation and we will get it on file.  Thanks.

Best,
Demetri

**From:** Rees, Maura <MRees@wsgr.com>
**Sent:** Wednesday, April 14, 2021 12:28 AM

**To:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Demetri,

Thanks for your email and for your agreement to the class cert briefing dates set forth in my 3/17 email.

We have reviewed plaintiff's edits to the draft stipulation, and we cannot accept plaintiff's version because it inexplicably strikes the statements referring to the fact that there remains a dispute between the parties about the proposed schedule, which would result in a misleading representation to the Court.  In light of plaintiff's refusal to agree to a stipulation that accurately reflects the results of the parties' discussions, defendants have no other option but to submit the schedule to the court via motion.

Regarding the deadline for motions to amend pleadings, your new proposal of 30 days after a decision on the scheduling motion is not acceptable because it could come too late in the schedule to allow for adequate discovery and investigation of any amended claims.  We would agree to a May 14 date for motions to amend given that it is apparent that motion practice will now be required, which will not be completed by the previously agreed date of April 16.

Best regards,
Maura

**From:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>
**Sent:** Tuesday, April 13, 2021 4:32 PM
**To:** Rees, Maura <MRees@wsgr.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

[External]
Maura,

We are still waiting on a response from Defendants about our proposed revisions to the draft stipulation from last Wednesday.  Defendants' threatened motion regarding the Works in Suit impacts the deadline we have been discussing for motions to amend the pleadings.  Although we still do not understand the basis for your motion and it does not appear to be authorized under the Federal Rules, from what we can tell, the relief that Defendants are seeking is an order compelling Plaintiff to amend the complaint to contain certain information.  If you insist on moving forward with

this motion, the only date we could agree to as a deadline for amending the pleadings would be within 30 days of a decision on your motion, unless the Court orders otherwise.  If you instead agree not to file this unauthorized motion, then we can agree to amend the pleadings by April 16.

On class cert briefing, we're inclined to stick with the proposal contained in your 3/17 email in order to put an end to this issue.  We will file our motion for class certification by July 15, with the opposition due by August 26, and the reply due by September 23.

Best,
Demetri

**From:** Rees, Maura <MRees@wsgr.com>
**Sent:** Friday, April 9, 2021 2:54 PM
**To:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Demetri,
It appears plaintiff has misunderstood defendants' position.  We did not assert that, in this situation, the local rule means "that the non-movant always gets twice as long to file an opposition brief as the movant gets to reply."  Rather, the local rule sets forth an expectation about the relative time periods, with which plaintiff's proposal was inconsistent in the extreme.  A reasonable proposal would be closer to the 2:1 default ratio, as we previously explained.

Given that plaintiff's refusal to agree to defendants' proposal is continuing to unduly lengthen the negotiation of what we thought should be an uncontroversial point, defendants are willing to propose yet another compromise on the class cert briefing schedule:

Motion deadline: July 22
Opposition: August 31 (+5.5 weeks)
Reply: September 23 (+3.5 weeks)

Please let us know today whether these dates are acceptable to plaintiff.

Best regards,
Maura

**From:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>
**Sent:** Thursday, April 8, 2021 2:14 PM
**To:** Rees, Maura <MRees@wsgr.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

[External]
Maura,

If the Local Rule that you are citing meant that the non-movant always gets twice as long to file an opposition brief as the movant gets to reply, we think it would have been written that way. We note that Defendants' apparent understanding of the Local Rules did not prevent you from proposing in the Case Management statement and your February 2021 case scheduling proposal a briefing schedule of 4 weeks to oppose summary judgment motions, with 3 weeks to reply, which is the schedule in the current draft stipulation. Our proposal to move the deadline to file our reply brief to September 21 is more than fair and we suggest you reconsider.

Best,
Demetri

---

**From:** Rees, Maura <MRees@wsgr.com>
**Sent:** Wednesday, April 7, 2021 8:04 PM
**To:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Demetri,

Plaintiff's proposed dates for the class certification briefing are disproportionate because the Northern District of California local rules provide that the default period of time for filing a reply is half the time for filing the opposition (2 weeks for opposition/1 week for reply). While we agree that the time for briefing a complicated motion like class certification should be longer than the usual motion schedule, the overall allocation of time between parties should still remain roughly the same on a proportionate basis. Four weeks for a reply after a five week opposition period is an extreme departure from the usual practice in plaintiff's favor, and accordingly is not equitable or reasonable. Defendants' proposal (5 weeks / 3 weeks) was an effort at compromise that was still tilted in favor of plaintiff (*i.e.*, provides more than half the time that defendants would have for opposition), but in a less extreme manner. Therefore, we request that plaintiff agree to the September 16 date proposed

by defendants for the reply.

Please let us know by tomorrow whether plaintiff will agree to defendants' proposal on the timing of class cert briefing.  We are also reviewing plaintiff's changes to the draft stipulation and will respond separately concerning plaintiff's edits.

Best regards,
Maura

---

**From:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>
**Sent:** Wednesday, April 7, 2021 11:59 AM
**To:** Rees, Maura <MRees@wsgr.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

[External]
Maura,

We're not sure what you mean by "disproportionate."  Under our proposed schedule, Defendants will still have a full week longer to oppose than Plaintiff will have to reply.  If you insist on the deadline for the reply brief moving, we can agree to push it up to September 21.

Plaintiff is not consenting to Defendants' attempts to raise separate substantive disputes via this case scheduling stipulation.  We've revised the draft stipulation so it reflects the dates to which the parties have agreed, which includes the April 16, 2021 deadline to file motions to amend pleadings.

Best,
Demetri

---

**From:** Rees, Maura <MRees@wsgr.com>
**Sent:** Monday, April 5, 2021 6:14 PM
**To:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Demetri,
Thanks for your email. Extending plaintiff's time to file the class cert motion until July 22 would

shorten the time for defendants to respond to 5 weeks, while maintaining 4 weeks for plaintiff to reply, which is disproportionate.  Making the change requested by plaintiff would require a commensurate change to plaintiff's reply deadline to September 16. Please let us know if that change would be acceptable to plaintiff.

In order to reflect the current state of the disputed issues, attached please find a revised stipulation.  We understand plaintiff has unfortunately rejected defendants' proposal of simultaneous briefing of the remaining disputes, which would have provided an efficient and streamlined means of resolution.  Accordingly, the stipulation now recites that defendants will raise the disputed issues with the Court via motion, which appears to be the only way to reach closure on the dates that have not been agreed.  Please let us know if the revised stipulation is agreeable to plaintiff.

Thanks,
Maura

---

**From:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>
**Sent:** Thursday, April 1, 2021 6:46 PM
**To:** Rees, Maura <MRees@wsgr.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

[External]
Maura,

Thank you for your email.  I think we are close to agreement on the schedule.  We can agree to the class cert briefing schedule you propose except for the date for our opening brief for which we suggest meeting in the middle at July 22.  That still gives Defendants five weeks to file their opposition, which is ample time.  Please let us know if you will accept this minor modification.

We do not think it is appropriate to include in this scheduling stipulation an agreement to brief the two extraneous issues that Defendants apparently wish to raise with the Court.  The parties already reached agreement on April 16 as the deadline to file motions to amend pleadings, so this is not a disputed date.  If Defendants wish to seek relief from the Court over what should or shouldn't be contained in amended pleadings, it should not be in the guise of a scheduling dispute.  Attached are redline edits to the stip to make it reflect the current state of the negotiations between the parties over dates.

Best,
Demetri

---

**From:** Rees, Maura <MRees@wsgr.com>
**Sent:** Thursday, March 18, 2021 12:34 AM

**To:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

**CAUTION: External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Demetri,

Thank you for your comments on the proposed case schedule.  Attached is a revised proposal to address the issues raised by Plaintiff about the class cert briefing schedule.  Please let us know if these dates are acceptable.  If so, we propose submitting the schedule to the court with the attached draft stipulation providing for briefing on the remaining outstanding issues where the parties were unable to reach agreement (i.e., deadlines for identification of works in suit and alleged infringements).

Best regards,
Maura

**From:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>
**Sent:** Thursday, March 11, 2021 7:35 PM
**To:** Rees, Maura <MRees@wsgr.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

[External]
Maura,

As a compromise, we can agree to the expert discovery dates in your latest counterproposal. Unfortunately, your latest proposal on class cert briefing is still unreasonable.  Your proposed schedule makes Plaintiffs' motion for class certification due more than two months before class cert discovery is concluded and would give Defendants seven weeks to oppose our class cert brief, while Plaintiffs would get just two weeks for our reply brief.  We suggest you put in writing an explanation for your proposal or, if you prefer, we can schedule a meet and confer to discuss it.  Thank you.

Best,
Demetri

**From:** Rees, Maura <MRees@wsgr.com>

**Sent:** Thursday, March 4, 2021 11:02 PM
**To:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Demetri,
Please see attached proposal with an added column that has minor adjustments to plaintiffs' proposed dates in green highlight.  Please let us know if this proposal is acceptable to plaintiffs or if it would be helpful to discuss further.

Best regards,
Maura

Maura L. Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
Direct dial: 650.320.4780

**From:** Demetri Blaisdell <DBlaisdell@BSFLLP.com>
**Sent:** Tuesday, March 2, 2021 8:14 PM
**To:** Rees, Maura <MRees@wsgr.com>; KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** RE: Schneider v. YouTube - case schedule

[External]
Maura,

Attached is Plaintiffs' counterproposal to your revised proposed case schedule.  As you will see, we've agreed to most of the dates that Defendants have proposed and have minor proposed adjustments to the expert schedule, to accommodate December holidays and allow additional time to complete expert depositions.  With respect to class cert, we kept the class cert discovery deadline as it was in our original submission to accommodate your request to allow discovery to proceed through the briefing.

Please let us know if Defendants will accept this counter proposal.  We can also make ourselves available for a meet and confer regarding the outstanding issues if you think it will be productive.

Best,
Demetri

**From:** Rees, Maura <MRees@wsgr.com>
**Sent:** Wednesday, February 24, 2021 11:01 PM
**To:** KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <BSFYouTube@bsfllp.com>
**Cc:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Subject:** Schneider v. YouTube - case schedule

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Counsel:

      Thank you for speaking with us by video conference to meet and confer about the outstanding case management issues.  Attached please find a revised proposed case schedule, with defendants' proposed dates in the yellow highlighted column and the parties' proposed dates from the CMC statement in subsequent columns for comparison.  As discussed during our meet and confer, and consistent with Judge Donato's request that the parties make efforts to compromise, we have, where possible, attempted to "meet in the middle" on disputed dates. In that same spirit, we urge Plaintiffs to reconsider their stated opposition to agreeing to fixed deadlines for identifying works in suit and alleged infringements, so that we have a fixed universe of claims that can be the subject of discovery. If you are unwilling to compromise on that issue, we will have to seek judicial resolution. But either way, we are hopeful that the parties can reach agreement on other dates.

Best regards,
Maura

Maura L. Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
Direct dial: 650.320.4780

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.  If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]