# EXHIBIT A

George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Ryan Z. Cortazar *(pro hac vice)*
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:  (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Maria Schneider and Pirate Monitor, LTD*

Philip C. Korologos *(pro hac vice)*
  pkorologos@bsfllp.com
Joanna C. Wright *(pro hac vice)*
  jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:  (212) 446-2300
Facsimile: (212) 446-2350

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | CASE NO. 5:20-cv-4423<br><br>**PLAINTIFF PIRATE MONITOR LTD'S OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF AND COUNTERCLAIM DEFENDANT PIRATE MONITOR LTD** |

**DOCUMENT REQUEST NO. 7:**

For each Work In Suit identified in response to Interrogatory No. 1, all documents relating to rights held by any person to grant licenses to the Work in Suit.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 7 as vague and ambiguous because it fails to explain what is meant by "rights … to grant licenses," and because it fails to specify the jurisdiction and the time period that applies to the Request.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 7, Pirate Monitor will perform a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it has not completed its review and analysis of available or relevant documents responsive to Request No. 7, but that it currently believes that responsive documents will be withheld on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 8:**

One copy of each Work In Suit identified in response to Interrogatory No. 1 in its entirety.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the General Objections or the Objections to Definitions and Instructions, in response to Request No. 8, Pirate Monitor will produce one copy of each Work In Suit identified in response to Interrogatory No. 1.

**DOCUMENT REQUEST NO. 9:**

All communications between You and YouTube, including but not limited to "takedown notices" that You provided to YouTube pursuant to 17 U.S.C. § 512(c)(3) and any other documents You sent to YouTube relating to alleged copyright infringement, including but not limited to the instances of infringement identified in response to Interrogatory No. 2.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 9 because it purports to impose a burden on Pirate Monitor to provide documents or information already in Defendants' possession, custody, or control.

1    Subject to and without waiving the General Objections or the Objections to Definitions and

2 Instructions, in response to Request No. 9, Pirate Monitor will perform a reasonable search for

3 documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-

4 privileged documents, if any, from the relevant time range agreed to by the parties.

5 **DOCUMENT REQUEST NO. 10:**

6    All documents and communications concerning any and all methods (including software or

7 computer programs) to prevent, detect or remove unauthorized uploads of Your copyrighted material

8 to any website or to prevent re-loading of unauthorized copyrighted material after such material has

9 been removed from any website.

10 **OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 10 on the grounds that it

11 is unduly burdensome in that it seeks information that is not within Pirate Monitor's possession or

12 control. Pirate Monitor also objects to Request No. 10 as vague and ambiguous because it fails to define

13 "unauthorized uploads," "prevent re-loading," and "unauthorized copyrighted material" and because it

14 fails to specify the time period that applies to the Request, whether the methods are those employed,

15 created, or used by Pirate Monitor, and the websites that are covered by this Request. Pirate Monitor is

16 willing to meet and confer with Defendants about a more properly-tailored and narrowed request.

17 **DOCUMENT REQUEST NO. 11:**

18    All documents and communications concerning the presence of Your copyrighted content on

19 any website that is not owned or operated by You.

20 **OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 11 as vague and

21 ambiguous because it fails to define "copyrighted content" and because it fails to specify the time period

22 that applies to the Request. Pirate Monitor also objects on the grounds that it is overbroad and seeks

23 irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

24 **DOCUMENT REQUEST NO. 12:**

25    All agreements between You and any person or entity concerning the use of Your copyrighted

26 content.

27

28

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 12 as vague and ambiguous because it fails to define "copyrighted content" and because it fails to specify the time period that applies to the Request. Pirate Monitor also objects on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Pirate Monitor is willing to meet and confer with Defendants about a more properly-tailored and narrowed request.

**DOCUMENT REQUEST NO. 13:**

Any communications with third parties concerning the applicability of the DMCA to any YouTube, Google, or third-party website.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 13 as vague and ambiguous because it fails to define "applicability" and "third-party website" and because it fails to specify the time period that applies to the Request. Pirate Monitor also objects on the grounds that it is overbroad, seeks privileged information, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 14:**

All documents and communications concerning Your efforts, or the efforts of any third party hired by You, to monitor and report alleged copyright violations on YouTube, including but not limited to all communications or agreements between You and any third parties and invoices or other documents associated with work performed and costs thereof.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 14 as vague and ambiguous because it fails to define "alleged copyright violations" and "report" (including the person or entity to which such a report would be made) and because it fails to specify the time period that applies to the Request.

Subject to and without waiving the General Objections or the Objections to Definitions and Instructions, in response to Request No. 14, Pirate Monitor will perform a reasonable search for documents concerning the Works in Suit, pursuant to a mutually agreed upon search protocol and will

1    produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the

2    parties.

3    **DOCUMENT REQUEST NO. 15:**

4        All documents and communications about Your use of YouTube including but not limited to:

5        (a) All emails sent, received, or maintained by You referring to YouTube;

6        (b) All documents and communications concerning any occasion on which You or

7        Your agents have uploaded videos to YouTube;

8        (c) All documents and communications concerning any occasions on which You or

9        Your agents viewed videos on YouTube, shared videos found on YouTube with

10       others, or used the embed HTML code on YouTube to embed videos found on

11       YouTube onto any website; and

12       (d) All documents reflecting YouTube user accounts used by You or Your agents at

13       any time.

14   **OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 15 as vague and

15   ambiguous because it fails to define "shared" and "documents reflecting YouTube user accounts" and

16   because it fails to specify the time period that applies to the Request. Pirate Monitor also objects on the

17   grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to

18   the discovery of admissible evidence. Pirate Monitor further objects because it purports to impose a

19   burden on Pirate Monitor to provide documents or information already in Defendants' possession,

20   custody, or control.

21       Subject to and without waiving these objections, the General Objections, or the Objections to

22   Definitions and Instructions, in response to Request No. 15, Pirate Monitor will perform a reasonable

23   search for documents relating to subpart (a) that relate to YouTube's copyright policies and procedures

24   and to subparts (b) and (d) only insofar as they relate to the Works in Suit, pursuant to a mutually agreed

25   upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant

26

27

28

1  time range agreed to by the parties. Pirate Monitor will not produce documents responsive to subpart

2  (c).

3  **DOCUMENT REQUEST NO. 16:**

4       All documents and communications concerning Your use of YouTube to provide marketing or

5  promotion.

6  **OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 16 as vague and

7  ambiguous because it fails to define "marketing" and "promotion" and what it means to "provide" either

8  of them and because it fails to specify the time period that applies to the Request.  Pirate Monitor also

9  objects on the grounds that it is overbroad and seeks irrelevant information that is not reasonably

10  calculated to lead to the discovery of admissible evidence in that the Request is not limited to the Works

11  in Suit.

12       Subject to and without waiving these objections, the General Objections, or the Objections to

13  Definitions and Instructions, in response to Request No. 16, Pirate Monitor will perform a reasonable

14  search for documents related to the Works in Suit pursuant to a mutually agreed upon search protocol

15  and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to

16  by the parties.

17  **DOCUMENT REQUEST NO. 17:**

18       All documents and communications concerning benefits You obtained through the posting of

19  Your content, or videos containing any portion of Your content, on YouTube.

20  **OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 17 as vague and

21  ambiguous because it fails to define "benefits" and "obtained" and because it fails to specify the time

22  period that applies to the Request. Pirate Monitor is willing to meet and confer with Defendants about

23  a more properly-tailored and narrowed request.

24  **DOCUMENT REQUEST NO. 18:**

25       Documents sufficient to show Your corporate structure, including but not limited to all

26  affiliated entities and shareholders.

27

28

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 18 as vague and ambiguous because it fails to define "corporate structure" and "affiliated entities and shareholders."

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 18, Pirate Monitor will produce documents sufficient to show its corporate structure.

**DOCUMENT REQUEST NO. 19:**

Documents sufficient to show Your financial condition and accounting controls, including but not limited to revenue, capitalization, cash flow, balance sheets, and income statements.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 19 as vague and ambiguous because it fails to define "financial condition" and "accounting controls" and because it fails to specify the time period that applies to the Request. Pirate Monitor also objects on the grounds that it is harassing and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 20:**

Documents sufficient to show Your corporate organization and compliance with corporate formalities, including but not limited to articles of incorporation/bylaws; register of members and register of directors; capitalization tables; and index of minutes of corporate meetings.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 20 as vague and ambiguous because it fails to define "corporate organization" and "compliance with corporate formalities" and because it fails to specify the time period that applies to the Request. Pirate Monitor further objects on the grounds that it is harassing and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 20, Pirate Monitor is willing to meet and confer with Defendants.

**DOCUMENT REQUEST NO. 21:**

All documents relating to Your incorporation in the British Virgin Islands.

**OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 21 on the grounds that it is overbroad, harassing, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 22:**

All documents relating to the business operations of Pirate Monitor including but not limited to Your products or services offered, customer lists, marketing materials, advertising, business plan, and revenue projections.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 22 as vague and ambiguous because it fails to define "business operations" and because it fails to specify the time period that applies to the Request. Pirate Monitor further objects on the grounds that it is harassing and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 22, Pirate Monitor is willing to meet and confer with Defendants..

**DOCUMENT REQUEST NO. 23:**

Documents sufficient to show all individuals affiliated with You, including but not limited to employees, officers, directors, managers, agents, independent contractors, and shareholders.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 23 as vague and ambiguous because it fails to define "affiliated" and because it fails to specify the time period that applies to the Request. Pirate Monitor further objects to Request No. 23 on the grounds that it seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 23, Pirate Monitor will perform a reasonable

1   search for documents pursuant to a mutually agreed upon search protocol and will produce responsive,

2   non-privileged documents, if any, from the relevant time range agreed to by the parties.

3   **DOCUMENT REQUEST NO. 24:**

4        All documents and communications concerning the financial effect or other effects, if any, on

5   You caused by alleged unauthorized posting of the Works In Suit identified in response to

6   Defendants' Interrogatory No. 1 on YouTube or any other website.

7   **OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 24 as vague and

8   ambiguous because it fails to define "financial effect," "other effects," and "alleged unauthorized

9   posting" and because it fails to specify the time period that applies to the Request.

10        Subject to and without waiving these objections, the General Objections, or the Objections to

11   Definitions and Instructions, in response to Request No. 24, Pirate Monitor will perform a reasonable

12   search for documents pursuant to a mutually agreed upon search protocol and will produce responsive,

13   non-privileged documents, if any, from the relevant time range agreed to by the parties.

14   **DOCUMENT REQUEST NO. 25:**

15        All documents and communications concerning whether YouTube affects the commercial

16   market for the Works In Suit identified in response to Interrogatory No. 1.

17   **OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 25 as vague and

18   ambiguous because it fails to define "affects" and "commercial market" and because it fails to specify

19   the time period that applies to the Request.

20        Subject to and without waiving these objections, the General Objections, or the Objections to

21   Definitions and Instructions, in response to Request No. 25, Pirate Monitor will perform a reasonable

22   search for documents pursuant to a mutually agreed upon search protocol and will produce responsive,

23   non-privileged documents, if any, from the relevant time range agreed to by the parties.

24

25

26

27

28

what it means for infringement to be "facilitated via the Internet" and because it fails to specify the time period that applies to the Request.

**DOCUMENT REQUEST NO. 30:**

All documents and communications concerning the monetization of Your content on the Internet by any means, including but not limited to online advertising, sales of digital content, subscription services, and partnerships with third parties.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 30 on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Pirate Monitor further objects as vague and ambiguous because it fails to define "monetization" and "content" and because it fails to specify the time period that applies to the Request.

**DOCUMENT REQUEST NO. 31:**

All documents and communications concerning Your content on YouTube, including but not limited to documents reflecting Your posting Your content on YouTube, Your authorization of the posting and display of Your content on YouTube, requests from You to leave Your content posted on YouTube, or knowledge that Your content appeared on YouTube.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 31 as vague and ambiguous because it fails to define "content," "display," and "leave Your content posted," and because it fails to specify the time period that applies to the Request.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 31, Pirate Monitor will perform a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 32:**

All documents and communications concerning technical measures that are used by copyright owners, including but not limited to You, to identify or protect content posted on websites.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 32 as vague and ambiguous because it fails to define "technical measures," "protect," and "content," and because it fails to specify the time period that applies to the Request.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 32, Pirate Monitor will perform a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 33:**

All documents and communications concerning each DMCA "takedown notice" that You have contemplated sending or have sent, whether directly or via a third party, pursuant to 17 U.S.C. § 512(c)(3).

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 33 as vague and ambiguous because it fails to explain what it means to "contemplate[] sending" a DMCA takedown notice and because it fails to specify the time period that applies to the Request. Pirate Monitor also objects on the grounds that it is overbroad in that it is not limited to YouTube and the Works in Suit and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 33, Pirate Monitor will perform a reasonable search for documents relating to YouTube and the Works in Suit pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 34:**

All documents and communications in which You have falsely or otherwise incorrectly claimed that material or activity on a website is infringing and/or unauthorized.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 34 as vague and ambiguous because it fails to define "material," "activity," "infringing and/or unauthorized," and because it fails to specify the time period that applies to the Request. Pirate Monitor also objects on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 35:**

All documents and communications concerning any mistakes by You or a third party in identifying allegedly infringing material on YouTube.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 35 on the grounds that it is overbroad and unduly burdensome in that it seeks information that is not within Pirate Monitor's possession or control, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Pirate Monitor further objects as vague and ambiguous because it fails to define "mistakes," "material," and "allegedly infringing," and because it fails to specify the time period that applies to the Request.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 35, Pirate Monitor will perform a reasonable search for documents related to mistakes, if any, related to Pirate Monitor's Works in Suit pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 36:**

All documents and communications relating to how You identified the Works In Suit and alleged infringements thereof.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 36 as vague and ambiguous because it fails to define "identified," "Works In Suit," and "alleged infringements," and because it fails to specify the time period that applies to the Request. Pirate Monitor will assume that "Works In Suit" refers to the Works In Suit identified in response to Interrogatory No. 1.

1    Subject to and without waiving these objections, the General Objections, or the Objections to

2    Definitions and Instructions, in response to Request No. 36, Pirate Monitor will perform a reasonable

3    search for documents pursuant to a mutually agreed upon search protocol and will produce responsive,

4    non-privileged documents, if any, from the relevant time range agreed to by the parties.

5    **DOCUMENT REQUEST NO. 37:**

6    All documents that You intend to rely on in this case and/or that serve as the basis for any

7    allegation in Your complaint.

8    **OBJECTIONS AND RESPONSE:** Subject to and without waiving the General Objections or the

9    Objections to Definitions and Instructions, in response to Request No. 37, Pirate Monitor will perform

10   a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce

11   responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

12   **DOCUMENT REQUEST NO. 38:**

13   All documents identified in Your initial disclosures made under Federal Rule of Civil

14   Procedure 26(a).

15   **OBJECTIONS AND RESPONSE:**  Subject to and without waiving the General Objections or the

16   Objections to Definitions and Instructions, in response to Request No. 38, Pirate Monitor will perform

17   a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce

18   responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

19   **DOCUMENT REQUEST NO. 39:**

20   All documents and communications concerning any instance in which You requested access

21   to use YouTube's Copyright Protection Service, but were denied such access.

22   **OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 39 because it purports

23   to impose a burden on Pirate Monitor to provide documents or information already in Defendants'

24   possession, custody, or control.

25   Subject to and without waiving this objection, the General Objections, or the Objections to

26   Definitions and Instructions, in response to Request No. 39, Pirate Monitor will perform a reasonable

27

28

search for documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 40:**

All documents and communications that You have filed with, sent to, or received from the United States Copyright Office.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 40 on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 40, Pirate Monitor will perform a reasonable search for documents concerning the Works in Suit, pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 41:**

All communications with third parties concerning YouTube or this lawsuit.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 41 on the grounds that it is overbroad, seeks privileged information, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 42:**

All communications between You and any member of the purported plaintiff class concerning YouTube or Google, any matter set forth in the complaint, Your representation of the purported class, and any matter related to the conduct of this litigation.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 42 because it seeks information covered by privilege(s), including the attorney-client and attorney work product privileges. Pirate Monitor also objects on the grounds that it is overbroad and seeks irrelevant information that is

**OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 46 on the grounds that it seeks privileged information and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 47:**

All agreements between You and Klasky Csupo.

**OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 47 on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 47, Pirate Monitor will perform a reasonable search for agreements concerning the Works in Suit, pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged agreements, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 48:**

All documents and communications relating to Klasky Csupo.

**OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 48 on the grounds that it is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 48, Pirate Monitor will perform a reasonable search for documents concerning the Works in Suit, pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 49:**

All agreements between You and Megafilm.

1 **OBJECTIONS AND RESPONSE:** Subject to the General Objections and the Objections to
2 Definitions and Instructions, in response to Request No. 49, Pirate Monitor will perform a reasonable
3 search for agreements concerning the Works in Suit, pursuant to a mutually agreed upon search protocol
4 and will produce responsive, non-privileged agreements, if any, from the relevant time range agreed to
5 by the parties.

6 **DOCUMENT REQUEST NO. 50:**

7     All documents and communications relating to Megafilm.

8 **OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 50 on the grounds that it
9 is overbroad, unduly burdensome, and seeks irrelevant information that is not reasonably calculated to
10 lead to the discovery of admissible evidence.

11     Subject to and without waiving these objections, the General Objections, or the Objections to
12 Definitions and Instructions, in response to Request No. 50, Pirate Monitor will perform a reasonable
13 search for documents concerning the Works in Suit, pursuant to a mutually agreed upon search protocol
14 and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to
15 by the parties.

16

17 Dated: November 11, 2020                                    Respectfully submitted,

18
                                                            /s/ Steven M. Berezney
19                                                          George A. Zelcs *(pro hac vice)*
                                                            Randall P. Ewing, Jr. *(pro hac vice)*
20                                                          Ryan Z. Cortazar *(pro hac vice)*
                                                            **KOREIN TILLERY, LLC**
21                                                          205 North Michigan, Suite 1950
                                                            Chicago, IL  60601
22                                                          Telephone: (312) 641-9750
                                                            Facsimile: (312) 641-9751
23

24                                                          Stephen M. Tillery (*pro hac vice*)
                                                            Steven M. Berezney, CA Bar #329923
25                                                          Michael E. Klenov, CA Bar #277028
                                                            Carol O'Keefe *(pro hac vice)*
26                                                          **KOREIN TILLERY, LLC**

27