**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

April 21, 2021

<u>Via CM/ECF</u>

The Honorable James Donato
United States District Court
for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *Schneider et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423-JD,
      Response to Discovery Letter Brief (Dkt. 70)

Your Honor:

  Following Pirate Monitor LTD's dismissal of its claims with prejudice, Plaintiff Maria Schneider is left as the sole putative class representative in this case. But her copyright infringement claims face foundational problems, including untimely registration, claims that are barred by the statute of limitations, and the fact that all of the copyrighted works at issue were licensed to YouTube by Schneider's authorized publishing agent. Beyond her own inability to establish an infringement case, Schneider's quest to represent a class of other copyright holders defies the pathmarking ruling in *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64 (S.D.N.Y. 2013), which rejected a nearly identical class certification effort as a "Frankenstein monster posing as a class action." *See id.* at 65. Despite these problems in Schneider's case (or perhaps because of them), Schneider has launched a massive discovery campaign that would be unjustified under almost any circumstances, but is especially unjustified here. YouTube has nevertheless participated in good faith in the discovery process and engaged in extensive meet and confer efforts to bring some reason to that process. Schneider's letter seeks to short-circuit that conversation, even while she tries to continue it outside the Court's view in communication to YouTube late last week. Her requests should be denied.

  **Plaintiff improperly seeks the personal information of millions of YouTube users in support of a non-existent factual dispute (Request 20).** Plaintiff seeks personal information concerning ***each third-party YouTube user*** who attempted to upload a video that was either blocked or removed via YouTube's Content ID tool ***over a six year period***. None of this third-party personal information relates specifically to Schneider's own infringement claims. Nevertheless, she contends it would allow her to evaluate whether YouTube reasonably implements a repeat infringer policy under the DMCA because, in her view, a Content ID "block" or removal is evidence of infringement and users whose uploads are blocked or removed should be treated as infringers. *See* Letter at 2. As a threshold matter, Schneider's request is based on a fundamentally mistaken legal premise. The DMCA does not require YouTube to use Content ID—or anything like it. *See* 17 U.S.C. § 512(m). No law states that matches generated automatically by Content ID, without a formal notice of alleged infringement, must be treated as

WILSON SONSINI

April 21, 2021
Page 2

infringements for purposes of the DMCA's repeat infringer requirement. *Cf.* 17 U.S.C. § 512(i)(1)(A) (service provider given discretion to design repeat infringer policy to apply in "appropriate circumstances"). The idea that YouTube significantly expanded its repeat-infringer obligations by developing its copyright management tool is totally unfounded.

Schneider's flawed legal argument aside, the discovery she seeks is unnecessary. There is no factual dispute informed by her requests: YouTube does not impose copyright "strikes" on users based solely on a Content ID block. Schneider doesn't need discovery—and certainly not the personal information of many millions of users—to argue that this approach means that YouTube has not reasonably implemented a repeat infringer policy. If Plaintiff had made a good-faith effort to resolve this issue, she would know that YouTube would stipulate to its approach to handling Content ID blocks—just as it remains willing to discuss other ways of streamlining discovery to resolve this case more efficiently. But Schneider seems less interested in resolving the controlling legal questions than in trying to impose undue burdens.

Even if this discovery was germane to some factual dispute, it is breathtakingly overbroad and burdensome. As of April 2021, more than 20 million YouTube accounts have had a video blocked due to a Content ID claim received in 2020 alone. Producing even a subset of the information Plaintiff demands for just these users—much less for all users affected over the past ***six years***—would require collection and disclosure of personally identifying information for countless millions of people. Plaintiff has not identified any need for this vast trove of personal information—nor could she. Nor has she meaningfully engaged with YouTube over a stipulation or other options for avoiding the burden and privacy invasion her demand entails.

**<u>Plaintiff's requests for millions of DMCA takedown notices are overbroad, unduly burdensome, and premature (Requests 27 and 28)</u>.** Schneider also demands production of "All Documents [over a six-year period] Concerning Takedown Notices You have received Concerning videos posted to Your platform," and "All databases Concerning Takedown Notices." Plaintiff makes only a token effort to suggest that these blunderbuss requests have any connection to her claims. Instead, she primarily argues that this information is necessary to "identify the putative class members" and to "identify instances of subsequent infringement of putative members' works." Letter at 3.

Especially given the myriad hurdles to class certification in this case, there is no reason to take up this dispute at the current stage, long before a certification motion has even been filed. That is especially true given these requests are staggeringly burdensome and disproportionate. While the figure pales in comparison to the total number of videos on the service, YouTube still received ***more than 20 million*** takedown notices between January 2015 and December 2020. Plaintiff demands production of multiple categories of vaguely identified information for each of those millions of notices (e.g., "Any Communications Concerning the Takedown Notice"), along with every database concerning them. Collecting all of this for even a modest number of takedown notices would be a significant undertaking. Doing so for tens of millions notices received over more than half a decade is patently unreasonable, if it is even possible.

WILSON SONSINI

April 21, 2021
Page 3

      Defendants offered to produce a subset of takedown notices from a more limited date range in a good faith effort to reach a compromise. Defendants also offered to revisit this request and potentially produce additional takedown notices and related documents in the unlikely event that a class is ever certified. Schneider rejected those offers (and countered with a demand that she improperly attaches in violation of the Court's Standing Order, insisting YouTube produce ten different categories of information for millions of takedown notices). Plaintiff's requests remain grossly excessive given the needs of this case and the current stage of proceedings.

      **Plaintiff's request for ill-defined "retention policies" neglects the parties' considerable discussions about the parties' preservation efforts (Request 69).** Plaintiff's demand for "All Document or data retention policies applying to" six different aspects of YouTube's business (including "Videos posted to Your platform" and "The Content ID System") misleadingly omits the fact that Defendants have already provided extensive information concerning their preservation policies and practices during meet-and-confers and in exhaustive correspondence on the subject. There is simply no cause for further formal discovery on this topic, which has nothing to do with the substance of the claims or defenses in this case.

      Plaintiff justifies her demand by imagining that she may need to "pursue a preservation order if relevant evidence is not properly being retained, as [she] fear[s] is the case." Letter at 3. This innuendo is pure conjecture, unsupported by evidence. Indeed, it is Schneider who attempted to delete evidence in this case. Days after Defendants' Answer pointed out that Plaintiff had uploaded videos to YouTube, thus authorizing use of the works they contained, Schneider (or her authorized agent) hastily tried to delete those videos. Plaintiff's counsel has persistently refused to explain these attempted deletions or even to confirm whether Schneider's deletion efforts went beyond what Defendants detected. Perhaps Plaintiff seeks to invent some dispute about Defendants' document retention policies to distract from her own misconduct; regardless, there is no cause for embarking upon burdensome 'discovery into discovery' based on nothing more than Plaintiff's hypothetical (and unfounded) preservation concerns. Defendants have explained to Plaintiff that they are preserving essentially everything she may reasonably request on behalf of absent class members, in the unlikely event such information becomes necessary. Nothing more should be required at this stage, certainly not forcing Defendants to search for and produce "*all*" document and data retention policies.

                                Respectfully submitted,

                                  WILSON SONSINI GOODRICH & ROSATI
                                  Professional Corporation

                                      */s Lauren Gallo White*

                                  Lauren Gallo White

                                  Attorneys for Defendants and Counterclaimants
                                  GOOGLE LLC and YOUTUBE, LLC