1  DAVID H. KRAMER, State Bar No. 168452
   MAURA L. REES, State Bar No. 191698
2  LAUREN GALLO WHITE, State Bar No. 309075
3  WILSON SONSINI GOODRICH & ROSATI
4  Professional Corporation
   650 Page Mill Road
5  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
6  Facsimile: (650) 565-5100
   Email: dkramer@wsgr.com
7         mrees@wsgr.com
          lwhite@wsgr.com
8

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

9  Attorneys for Defendants and Counterclaimants
   YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Defendants.<br><br>─────────────────────────<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>　　　　Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**YOUTUBE, LLC AND GOOGLE LLC'S RESPONSE PURSUANT TO L.R. 7-11(b) TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Plaintiff Maria Schneider has now filed two discovery letter-briefs in three weeks, the most recent one together with an administrative motion to seal. Her most recent filings do not even pay lip service to the local rules. Schneider, apparently to keep her plans from Defendants, did not mention the second letter-brief was coming and failed entirely to meet and confer on the administrative motion. Civil Local Rule 7-11 requires that every administrative motion contain either a "stipulation" or a "declaration explaining why a stipulation could not be obtained." Schneider's administrative motion contains neither a stipulation, nor an explanation why a stipulation could not be obtained. *See* Dkt. 76-1. Their absence is because Schneider never conferred and never attempted to obtain a stipulation. Had Schneider discussed the matter as the local rules require, YouTube would have sought to resolve it through that process. *See Carnegie Mellon Univ. v. LSI Corp.*, No. 18-CV-04571-JD, 2020 WL 5592992, at *2 (N.D. Cal. Sept. 18, 2020) (ordering parties "meet and confer on any sealing disputes" after the filing of non-compliant motion to seal). Adherence to the local rules would have also obviated the need for Schneider's administrative motion. Although the discovery responses and letters Schneider cited in her letter-brief were confidential under the Protective Order, the specific quoted statements are not ones that YouTube would insist be sealed.[1]

Schneider's administrative motion is flawed for other reasons. Schneider's proposed order (Dkt. 76-2) is not "narrowly tailored" to the sealable material and lacks the required table "list[ing] … each document or portion thereof that is sought to be sealed."  Civil L.R. 79-5(d)(1)(B). Both the redacted and unredacted versions of Schneider's letter-motion lack the required "REDACTED" and "UNREDACTED" "notation[s]." *See* Civil L.R. 79-5(d)(1)(C)-(D). And the unredacted version fails to "indicate" all "the portions of the document that have been

---

[1] Schneider's inclusion of the statements in question in her letter-brief was unnecessary, at best. The statements do not bear on whether the discovery Schneider seeks is "relevant … and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). They are also quoted in a misleading way that seems calculated to foster public misimpressions about YouTube's operations.

YOUTUBE AND GOOGLE'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL                -1-                CASE NO. 3:20-cv-04423-JD

omitted from the redacted version" (Civil L.R. 79-5(d)(1)(D)) because it does not indicate that material was omitted from the second full paragraph on the third page (*compare* Dkt. 76-3 at 3 *with* Dkt. 76-4 at 3).

On measure, YouTube has no objection to the public filing of an unredacted version of Schneider's letter-brief. However, YouTube asks that the Court direct Schneider to take greater care to honor the local rules, including the Court's rules for administrative motions to seal, so that in the future she does not unnecessarily put YouTube's confidential material at risk.

Respectfully submitted,

Dated: April 26, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
     David H. Kramer

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC