KOREIN TILLERY
*Attorneys at Law*
One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101-1625
www.KoreinTillery.com

Carol O'Keefe
COKeefe@KoreinTillery.com
p: (314) 241-4844
f: (314) 241-3525

May 7, 2021

The Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:   Schneider v. YouTube – Case No. 3:20-cv-04423 (N.D. Cal.)**

Dear Judge Donato,

We represent Plaintiff, and putative class representative, Maria Schneider and respectfully submit this letter motion seeking an order compelling production of documents requested by Plaintiff's October 28, 2020 First Set of Requests for Production and associated relief. We certify that the parties have met and conferred on the issues raised here consistent with Your Honor's Standing Orders. Plaintiff requests that the Court compel Defendants to: (1) produce all of the metadata containing copyright management information ("CMI Metadata") associated with videos uploaded by users currently in Defendants' possession; (2) preserve and produce all CMI Metadata associated with videos uploaded to YouTube going forward; and (3) provide the requested information associated with the videos having CMI Metadata using consistent anonymized identifiers of uploaders across all datasets set forth in items 1 and 2. This evidence is central to Plaintiff's 17 U.S.C. § 1202(b) claim. (Dkt. 1 ¶¶ 79-83; 140-148)

### I.   Relevant Background

Section 1202 of the Digital Millennium Copyright Act prohibits, among other things, the intentional removal or alteration of copyright management information ("CMI"). 17 U.S.C. § 1202(b). The statutory definition of CMI encompasses metadata containing information about the title, author, or copyright owner of a work. 17 U.S.C. § 1202(c)(1)–(3); *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 671 (9th Cir. 2018). There are a range of commonly-used audio and video file formats that provide CMI. (Dkt. 1 ¶¶ 80-82.)

CMI Metadata and section 1202(b) are intended, in part, to ensure that a copyright holder can quickly and easily identify her copyrighted work and police infringements on platforms like YouTube. Ms. Schneider places standard, industry-recognized CMI metadata on her works whenever she distributes a work in a digital format. (*Id*. ¶140) Because Ms. Schneider has been

denied access to Content ID—YouTube's digital fingerprint program which enables the blocking of infringing works—she is relegated to searching for infringing works that have already been publicly posted on the platform using YouTube's search tool, which relies on keywords the infringing uploader has chosen to associate with the video. Ms. Schneider and the putative class allege, however, that YouTube removes and fails to preserve CMI Metadata from copyrighted works while they are uploaded to YouTube, precluding Ms. Schneider and the putative class from utilizing CMI Metadata to identify videos that infringe their works.

Indeed, YouTube has admitted in this lawsuit that the uploading process removes all metadata contained in the original user video files. YouTube "does not examine the uploaded file for the existence of metadata and does not make any determination about whether the file contains metadata or whether any such metadata might or might not constitute CMI." (Interrog. 1 Resp.) And if a YouTube user illegally uploads a copyright-protected work in a digital file containing CMI Metadata, YouTube does not preserve that metadata when transcoding the file for public display, and makes no effort to associate the CMI Metadata with the published video. (Interrog. 12 Resp.) ("[T]he automated transcoding process does not import metadata, whether 'CMI' or not, from the original file to the transcoded files ultimately shown to viewers.") YouTube's conscious decision not to preserve CMI Metadata associated with uploaded videos, knowing that such failure would conceal infringement on the YouTube platform, violates section 1202(b), rendering YouTube liable to the class for statutory damages and injunctive relief. *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 172 (2d Cir. 2020) (scienter requirement satisfied where CMI removal concealed initial infringement).

II.     **YouTube must produce all CMI Metadata currently in its possession, and going forward, should be instructed to preserve and produce all CMI Metadata associated with videos uploaded to its platform.**

Request 54 asks for copies of all videos that contained CMI when they were uploaded to the YouTube platform. Through the meet-and-confer process, Plaintiff has limited this request to the CMI Metadata associated with such videos. Request 55 asks for information related to the videos having associated CMI Metadata, including the identity of the user, the extent to which YouTube monetized such videos, and the metadata associated with the videos both at the time of upload and after publication to the platform. In connection with other Requests, Plaintiff has offered, as part of the meet-and-confer process, to allow YouTube to utilize consistent random identifiers of its video-uploading users to alleviate YouTube's expressed privacy concerns, and consistent anonymized identifiers are appropriate here as well.

The CMI Metadata of copyright-protected works may be removed by the infringing user during the video editing process or by YouTube during the video upload and transcoding process. The frequency with which YouTube has removed and failed to preserve uploaded CMI Metadata requires examination of the original uploaded videos to identify CMI Metadata that YouTube has failed to preserve and associate with the published video. In their correspondence, Defendants have vaguely, and contradictorily, claimed both that "YouTube typically retains a compressed version of video files uploaded by users to YouTube before those files are

transcoded" (Nov. 5, 2020 Gallo White Letter to Wright p. 2) and that YouTube retains only a "small fraction" of the original videos uploaded by users (Jan. 15, 2021 Gallo White Letter to Wright p. 2). However, in all instances, Defendants—despite multiple requests—have avoided stating whether the "compressed" versions of the original videos that YouTube stores retain any of the associated metadata, including CMI Metadata that was present at the time of upload.

Plaintiff has served the at-issue discovery requests and preservation demands in order to understand the magnitude of YouTube's past section 1202(b) violations and to assist in determining the size of the CMI damages class. Through the meet-and-confer process, Plaintiff, in an effort to compromise, has refined her CMI Metadata related requests over time. Defendants refused Plaintiff's initial request for all videos that contained CMI at the time the user initiated the upload (RFP 54). Defendants also refused Plaintiff's proposal to narrow that request to CMI contained in the metadata, or alternatively, database access to the metadata associated with all uploaded videos, excluding those identified by the Content ID system (Jan. 15, 2021 Wright Letter to Gallo White, pp. 5-6). Defendants then rejected Plaintiff's most recent attempt to narrow the request to a sampling proposal, including the metadata associated with all retained files uploaded on a to-be-designated date in the past, and a to-be-designated date in the future, leaving the parties at impasse. (Jan. 27, 2021 Wright Letter to Gallo White p. 2; Apr. 16, 2021 Blaisdell Letter to Gallo White, p. 7)

YouTube has rejected all metadata-associated requests as burdensome or unacceptable, but has provided little in the way of quantifying that burden, other than claiming that notice would need to be given to YouTube users (a concern obviated by Plaintiff's offer to allow consistent anonymization) and noting that "500 hours of videos are uploaded to YouTube *every minute*." (Feb. 3, 2021 Gallo White Letter to Wright p. 2 (emphasis in original)). As one of the largest data companies in the world, Google must do more to quantify the relative burden of Plaintiffs' requests. Defendants' counterproposal to have YouTube process video files containing "any metadata [plaintiffs] choose" in order to reveal "the metadata that YouTube retains in the normal course of business," *id*., is inadequate because it would do nothing more than confirm what Defendants have already stated in their Interrogatory Responses—that Defendants remove all metadata during the transcoding and publication process. Nor would Defendants' proposal provide any basis for estimating the volume of CMI Metadata removed by YouTube, or the volume of CMI Metadata that has been preserved and would be preserved moving forward by YouTube pursuant to its ordinary practices.

The CMI Metadata associated with videos that YouTube users seek to upload to the platform is the most direct, efficient way to establish the scope and extent of YouTube's past and ongoing violation of section 1202(b). As Defendants have rejected all efforts at compromise, Plaintiff now asks the Court to compel Defendants to comply with her original demand and produce all CMI Metadata now in Defendants' possession, custody, or control. In addition, Plaintiff requests that the Court instruct YouTube to preserve and produce to Plaintiff all CMI Metadata associated with video uploads to its platform going forward. This will allow identification of CMI class members and will provide an initial estimate on the size of the class entitled to mandatory statutory damages and help establish numerosity.

        Respectfully submitted,

*/s/ Carol O'Keefe*

Carol O'Keefe

*Counsel for Plaintiff Maria Schneider and Counterclaim Defendants Pirate Monitor LTD, and Gábor Csupó*

cc: All counsel via ECF