**KOREIN TILLERY**
*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Steven M. Berezney
SBerezney@KoreinTillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

May 14, 2021                                                                                                                           *Via-ECF*

The Honorable James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> Re:  *Schneider et al. v. YouTube, LLC et al.*
>       *Case No. 3:20-cv-04423*

Dear Judge Donato,

    The April 20, 2021 Motion to Compel (the "Motion") filed by Counterclaimants YouTube LLC and Google LLC (collectively, "YouTube") is moot in part and premature in part. This Motion is yet another example of needless motion practice YouTube insists on burdening the Court with in an attempt to sling mud and distract from what is, at bottom, a business dispute challenging YouTube's practices as illegal. No amount of ad hominem attacks on Pirate Monitor can or will change that.

### I.   Because Pirate Monitor Will Substantially Complete Production by May 21, the Motion Is Mooted.

    YouTube knew that the Motion would be mooted by the time of filing as Pirate Monitor had already committed to commence its rolling production of documents before it was filed. Yet YouTube chose to file it anyway. This Motion has since been mooted because Pirate Monitor will substantially complete its document production by May 21. Nor is it the case, as YouTube claims, that the filing of this Motion somehow caused Pirate Monitor's production. In fact, Pirate Monitor made clear in several letters, including letters dated March 30 and April 15, that it would be producing its documents located in the United States, *i.e.* those in the custody of Pirate Monitor owner, Gábor Csupó. The April 15 letter committed to begin production by April 23, which was in fact the date of Pirate Monitor's first production.[1] YouTube inexplicably raced to file this motion on April 20, however, ahead of the first of Pirate Monitor's two productions of documents to date. The motion to compel should therefore be denied as moot. *See United States v. Begay*, No. CR 14-0747, 2017 WL 4737250, at *1, *8 (D.N.M. Oct. 19, 2017) (denying motion to compel seeking production of documents that party already produced or volunteered to produce); *Am. Silver LLC v. Gen. Resonance LLC*, Civ. No. MJG-07-2807, 2010 WL 11549408, at *5 (D. Md. May 14, 2010) (denying motion to compel as moot where party already agreed to produce documents by date certain).

---

[1] In compliance with Your Honor's Standing Order for Discovery in Civil Cases, Pirate Monitor does not attach the March 30 or April 15 letters but will, of course, provide the Court with relevant excerpts if desired.

Separately, YouTube raises a laundry list of ancillary issues ill-suited for a formal motion to compel but that are, in any event, also moot. YouTube inexplicably complains that Mr. Csupó—an individual who has not been served a single discovery request by YouTube—is only producing documents in his professional capacity as owner of Pirate Monitor. Mot. at 2. *First,* that is factually incorrect: in its Motion, YouTube faults Pirate Monitor for noting that it would be "only obligated to produce Mr. Csupó's documents that were created while acting as its agent," (Mot. at 2) but it omits the *next sentence* of Pirate Monitor's letter: "Nevertheless, we are going beyond the scope of your existing RFPs by producing documents from Mr. Csupó when they relate to himself individually and are otherwise responsive." 04/15/21 Ltr. at 2. The misleading citations and cherry-picking of phrases from multiple letters is unproductive at best. *Second,* Mr. Csupó's agreement to produce documents pre-dating his agency "if they exist in the documents we collected" is a compromise position aimed (unsuccessfully) at giving YouTube more than it is entitled to receive. In fact, Pirate Monitor has not limited its document production by date range at all.

## II.  Having Failed to Engage the Burden and Cost Objections, the Motion is Premature.

The remaining issue in the Motion is not ripe and should therefore be denied for that separate and independent reason. Pirate Monitor has objected to production of any documents not located in the United States on the basis of both burden and cost. Pirate Monitor estimates that collection and processing of documents located abroad would cost at least $50,000. Yet YouTube continues to value its counterclaim in discovery responses at $20,000, the number provided in an interrogatory response. While YouTube's Motion claims that its damages exceed $20,000, it has refused to actually enumerate its damages despite repeated requests by Pirate Monitor in meet and confers and despite YouTube's commitment to produce documents in response to Pirate Monitor's Document Request No. 63, seeking "[a]ll Documents Concerning the damages Defendants have requested in the Counterclaims." YouTube has not produced a single document identifying those damages. Even in this very Motion, YouTube fails to actually identify its claimed damages anywhere.

YouTube's Motion states that it is claiming "substantial" attorney's fees beyond the $20,000 provided in their interrogatory response. YouTube's failure to share the amount of these fees, despite Pirate Monitor's repeated requests for information regarding any increased damages, shows YouTube's disregard for the Court's (and the parties') time. Even if, however, YouTube were to supplement its discovery responses, it is not entitled to attorneys' fees under 17 U.S.C. § 512(f) as such fees "would accrue not because of the misrepresentation but because of the litigation," and the DMCA at most authorizes recovery of "fees incurred for work in responding to the takedown notice and prior to the institution of suit." *Lenz v. Universal Music Corp.*, No. C 07-3783 JF, 2010 WL 702466, at *11 (N.D. Cal. Feb. 25, 2010). In any event, YouTube's willingness to run up a large legal bill pursuing such a low-value claim, in the hope of adding those fees to its supposed damages, calls into question whether these claims are brought in good faith.

In the face of this intentional vacuum of damages information, Pirate Monitor will produce all documents it possesses in the United States, as document collection and review abroad is unduly burdensome in that collecting and processing of the documents abroad, alone, is two and a half times YouTube's stated damages, rendering any further production disproportionate to the claims and damages at stake. Moreover, Pirate Monitor's documents located abroad likely contain personally

The Honorable James Donato
May 14, 2021
Page 3

identifiable information protected by GDPR that would require a document vendor based in the EU to collect the documents, including personally traveling to Hungary to collect documents. Thus YouTube is incorrect that collecting and producing these documents would not raise GDPR issues and related costs.[2] Even so, Pirate Monitor remains willing to meet and confer if, upon reviewing Pirate Monitor's production (and after supplementing its interrogatory response and producing documents on damages), YouTube believes it is lacking relevant documents that are located abroad.

The only potential issue remaining is YouTube's complaints about the scope of Pirate Monitor's production. Here, too, YouTube raises mooted issues that are not actually disputed: YouTube claims that Pirate Monitor has refused to produce documents in response to 25 different RFPs, yet Pirate Monitor has already agreed to produce (and has indeed produced where they exist) documents responsive to 19 of these 25 RFPs. *See* 03/30/21 Ltr. at 2-3. With respect to the remaining six RFPs for which Pirate Monitor stands on its objections, these RFPs (15, 34, 51, 55, 57, and 59) are irrelevant, duplicative, and overbroad. For example, RFP 15 seeks, among other things, all documents related to any time anyone from Pirate Monitor has ever watched a video on YouTube. RFPs 51, 55, 57, and 59 are both irrelevant and duplicative because Pirate Monitor has already agreed to produce documents in response to their companion RFPs (52, 56, 58, and 60) which request relevant information with proper scope. Pirate Monitor invited YouTube to narrow its requests to target only relevant, non-duplicative information. But YouTube ignored that invitation and filed this Motion instead.

In sum, the Motion is mooted in part and premature in part and should be denied in its entirety.

Respectfully submitted,

KOREIN TILLERY, LLC

Steven M. Berezney

*Attorneys for Maria Schneider, Pirate Monitor Ltd., and Gábor Csupó*

---

[2] YouTube has argued that there are no GDPR concerns because GDPR Article 49(1)(e) allows data to be transferred outside the EU when "necessary for the establishment, exercise or defence of legal claims." But YouTube is mistaken. The European Data Protection Board ("EDPB")—the body tasked with issuing guidelines per GDRP Articles 68, 70—stated that for Article 49(1)(e) to be invoked, "a close link is necessary between a data transfer and a specific procedure regarding the situation in question" and that transferring "all possibly relevant personal data in response to a request" would "not be in line with" the exemption. EDPB 2/2018 Guidelines on Derogations of Article 49 Under Regulation 2016/679 (May 25, 2018) at 11-12, *available at* https://edpb.europa.eu/sites/edpb/files/files/file1/edpb_guidelines_2_2018_derogations_en.pdf. Moreover, Article 49(1)(e)'s necessity requirement "requires a close and substantial connection between the data in question and the specific establishment, exercise or defense of the legal position." *Id.* at 12. But Pirate Monitor does not claim these documents are necessary for its defense. YouTube is instead claiming the documents are theoretically helpful (not even necessary) for pursuing its counterclaims, which is not permitted.