George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Ryan Z. Cortazar (*pro hac vice*)
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Tel.: (312) 641-9750 / Fax: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Tel.: (314) 241-4844 / Fax: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Tel.: (415) 293-6800 / Fax: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
  pkorologos@bsfllp.com
Joanna Wright (*pro hac vice*)
  jwright@bsfllp.com
Demetri Blaisdell (*pro hac vice forthcoming*)
  dblaisdell@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Tel.: (212) 446-2300 / Fax: (212) 446-2350

*Attorneys for Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br>    vs.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>    Defendants.<br>_____<br>YOUTUBE, LLC and GOOGLE LLC;<br><br>    Counter-Plaintiffs,<br><br>v.<br><br>PIRATE MONITOR LTD.,<br><br>    Counter-Defendant. | **CASE NO. 3:20-cv-04423-JD**<br><br>**PLAINTIFF MARIA SCHNEIDER'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**Date:**      August 12, 2021<br>**Time:**      10:00 a.m.<br>**Courtroom:**  11 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 12, 2021 at 10:00 a.m., or as soon thereafter as the matter can be heard by the above-titled court, in the courtroom of the Honorable James Donato located at the Phillip Burton Federal Building and United States Courthouse, Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Maria Schneider will move the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for an order granting her leave to file a first amended complaint in this matter adding as plaintiffs and putative class representatives Uniglobe Entertainment, LLC, and AST Publishing Ltd.  The proposed first amended complaint is attached to the accompanying declaration of Randall P. Ewing, Jr., as Exhibit A, with a redlined copy of the proposed first amended complaint, which shows all non-formatting changes made therein, attached as Exhibit B.  The motion will be based on this Notice and Motion, the Memorandum of Points and Authorities in Support of Motion for Leave to Amend, the Ewing declaration and accompanying exhibits, the complete records and files of this action, all other matters of which the Court may take judicial notice, and any other such evidence and oral argument as may be made at the hearing of this matter.

Dated: July 2, 2021                              Respectfully submitted,


                                                 By: /s/ Randall P. Ewing, Jr.
                                                 George A. Zelcs (*pro hac vice*)
                                                 Randall P. Ewing, Jr. (*pro hac vice*)
                                                 Ryan Z. Cortazar (*pro hac vice*)
                                                 KOREIN TILLERY, LLC
                                                 205 North Michigan, Suite 1950
                                                 Chicago, IL 60601
                                                 Telephone: (312) 641-9750
                                                 Facsimile: (312) 641-9751

                                                 Stephen M. Tillery (*pro hac vice*)
                                                 Steven M. Berezney, CA Bar #329923
                                                 Carol O'Keefe (*pro hac vice*)
                                                 KOREIN TILLERY, LLC
                                                 505 North 7th Street, Suite 3600
                                                 St. Louis, MO 63101
                                                 Telephone: (314) 241-4844
                                                 Facsimile: (314) 241-3525

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
Joanna Wright (*pro hac vice*)
Demetri Blaisdell *(pro hac vice forthcoming)*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Maria Schneider, Uniglobe
Entertainment, LLC, and AST Publishing Ltd.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RELIEF REQUESTED**

Plaintiff Maria Schneider seeks leave to amend her complaint primarily to add as plaintiffs and putative class representatives Uniglobe Entertainment, LLC, and AST Publishing Ltd.

**ISSUE PRESENTED**

Whether this Court should grant Plaintiff Maria Schneider leave to amend her complaint primarily to add as plaintiffs and putative class representatives Uniglobe Entertainment, LLC, ("Uniglobe") and AST Publishing Ltd. ("AST"), where no deadline to seek leave to amend has expired and there is no evidence of undue delay, bad faith, dilatory motive, or prejudice to Defendants that would result from the proposed amendment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **INTRODUCTION.**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff Maria Schneider respectfully submits this memorandum in support of her motion for leave to file her first amended class action complaint.  *See* Exhibit A attached to the Declaration of Randall P. Ewing, Jr. ("Ewing Decl.").[1]

II.     **PROCEDURAL BACKGROUND.**

On July 2, 2020, Schneider and Pirate Monitor Ltd. filed a putative class action complaint against Defendants YouTube, LLC and Google LLC for copyright infringement and violations of the Copyright Act of 1976, 17 U.S.C. §§ 501 *et seq*.  ECF No. 1.[2]  Pirate Monitor later voluntarily dismissed its claims with prejudice.  ECF No. 66.  Schneider alleges that she is the legal or beneficial owner of exclusive rights under the copyrights to multiple works displayed on YouTube in violation of the Copyright Act, despite having previously notified Defendants that these works were being infringed.  ECF No. 1 ¶¶ 60-76.  The putative class members are likewise the legal or beneficial

---

[1]   For this Court's and Defendants' ease of reference, Schneider attaches a redlined copy of the proposed first amended complaint, which shows all non-formatting changes made therein.  *See* Ewing Decl., Ex. B.

[2]   Although the complaint originally named Alphabet Inc. as an additional defendant, ECF No. 1, Schneider voluntarily dismissed her claims against Alphabet on September 21, 2020, ECF No. 33. In addition to adding Uniglobe and AST as plaintiffs and removing Pirate Monitor Ltd., the proposed amended complaint removes Alphabet as a defendant to reflect its dismissal from this case. Defendants have consented to that amendment.

1    owners of exclusive rights under registered and recognized valid copyrights. *Id.* ¶ 99. These works,

2    as well as millions of other works by Schneider and the putative Class, have been reproduced,

3    distributed, displayed, and publicly performed on YouTube without Schneider's and the putative

4    Class members' authorizations. *Id.* ¶ 102.

5          As alleged in the complaint, YouTube employs a two-tiered copyright enforcement system

6    that protects the rights of large copyright holders but not those of smaller copyright owners. ECF

7    No. 1 ¶¶ 52-59. Large creators, who have partnered with YouTube and Google, are provided access

8    to Content ID, a digital fingerprint tool that compares videos uploaded to YouTube to a catalogue

9    of copyrighted material provided by those large copyright owners. *Id.* ¶¶ 56-57. When an uploaded

10   video matches a video protected by Content ID, YouTube blocks or permits the display of the

11   infringing video based on the copyright owner's preferences. *Id.* ¶ 56. Smaller copyright owners,

12   including Schneider and the putative class, who are denied access to Content ID are relegated to a

13   vastly inferior and time-consuming means of trying to police and manage their copyrights. This

14   second enforcement system requires small copyright owners to locate the infringing material

15   through manual searches and then file a takedown notice with YouTube. *Id.* ¶ 77. Defendants

16   perpetuate this two-tiered enforcement system to increase their profits by maximizing user volume

17   and thus advertising revenue. *Id.* ¶ 1.

18         Schneider now seeks to amend the class action complaint to remove Pirate Monitor Ltd. as

19   a named plaintiff and putative class representative and add Uniglobe and AST as plaintiffs and

20   putative class representatives. The proposed amendment also slightly amends some other existing

21   allegations, but does not assert any new causes of action.

22         As detailed in the proposed amended complaint, Uniglobe and AST have had their

23   copyrights repeatedly infringed by and on YouTube in precisely the same way as Schneider and the

24   putative class. Uniglobe is the legal or beneficial owner of exclusive rights under the copyrights in

25   the motion pictures *5 Weddings*, *Americanizing Shelley*, and *1 a Minute*. Ewing Decl., Ex. A ¶ 66.

26   Full videos of each of these films have been uploaded without authorization to YouTube and viewed

27   by YouTube users. *Id.* ¶¶ 71-72. Despite Uniglobe's submission of takedown notices regarding

28   these motion pictures, infringing videos of these motion pictures continued to be uploaded to

YouTube. *Id.* ¶¶ 73-74. AST is one of the largest publishing houses in Russia and the legal and/or beneficial owner of exclusive rights held under copyrights to numerous print and audio books either in their entirety or with respect to certain translations, including *Selfmama: Life Hacks for a Working Mother*; *Nutty Buddha*; *My Children*; *Children's Book*; *The Life of Wonderful People and Animals: Short Stories About All Sorts of Different Things*; *Pelagia and the Red Rooster*; *Zuleikha Opens Her Eyes*; *History of the Russian State*; and *Spy Novel*. *Id.* ¶ 75. AST has submitted successful takedown notices for works for which it is the legal and/or beneficial owner of exclusive rights held under copyrights; despite these successful notices, videos infringing the works continue to be uploaded to YouTube. *Id.* ¶ 77-78.

On May 24, 2021, Schneider provided a redlined copy of the proposed amendment and asked for Defendants' consent. Defendants requested time to consider the request, and Schneider agreed. Mindful of the Court's recent instruction to approach matters with "civility and cooperation," ECF No. 82, Schneider engaged in several meet and confer discussions with Defendants over the course of the next month to attempt to obtain Defendants' consent to the amended filing. But, on July 1, 2021, Defendants stated that they would not consent to the addition of Uniglobe and AST in an amended complaint but would not "oppose the amendment to add further copyrighted works asserted by Maria Schneider (assuming this would be a final identification) and other minor edits as previously noted," *e.g.*, the removal of Alphabet as a defendant. Plaintiff therefore brings this motion seeking the Court's leave to amend.

## III.   LEGAL STANDARD.

Under Federal Rule of Civil Procedure 15(a)(2), "leave to amend shall be freely given when justice so requires."[3] The Supreme Court has made clear that "this mandate is to be heeded," absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of

---

[3] Although there is some debate whether the amendment of a complaint to add a new plaintiff is governed by Rule 15, which governs amendments, or Rule 21, which governs joinder of parties, *see* 6 Fed. Prac. & Proc. Civ. § 1479 (3d ed.), this Court evaluates the addition of plaintiffs under Rule 15, *see*, *e.g.*, *In re Facebook Priv. Litig.*, No. 10-CV-02389-RMW, 2015 WL 2453734, at *4 (N.D. Cal. May 22, 2015). Identifying the precise rule governing the amendment is academic, however, as "the same basic standard" applies regardless of the rule under which leave is sought. 6 Fed. Prac. & Proc. Civ. § 1474.

---

the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The party opposing the amendment carries the burden of showing why these factors require denial of leave to amend.  *E.g.*, *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Scognamillo v. Credit Suisse First Bos.*, LLC, 587 F. Supp. 2d 1149, 1150 (N.D. Cal. 2008).  Among the *Foman* factors, prejudice is the most important. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV.   ARGUMENT

Leave to amend should be granted because Defendants cannot demonstrate prejudice or make a strong showing of any of the remaining *Foman* factors.

### A.  Schneider's Proposed Amendment Will Not Unfairly Prejudice Defendants.

Defendants will not be unfairly prejudiced if Uniglobe and AST are added.  While the addition of new parties can result in undue prejudice if it requires Defendants to significantly alter their trial strategy, or engage in new research and write new trial briefs, *see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988), this case is still in the early stages of discovery, such that adding Uniglobe and AST poses no risk of significantly affecting Defendants' trial preparation.[4]  The addition of new plaintiffs after briefing on class certification has concluded can also give rise to the sort of prejudice that warrants rejecting an amendment, *see Gonzalez v. Diamond Resorts Int'l*

---

[4]   The parties are still engaged in rolling document production, and no depositions have been noticed or taken.  Defendants also served two sets of Requests for Production on Counterclaim Defendant Gábor Csupó on May 20 and June 10 and issued a non-party document subpoena to a company named Intellectual Property LLC on June 1. In fact, Defendants recently requested from Plaintiff a 2-week extension until June 25, 2021 to respond to Plaintiff's Second Requests for Production of Documents, which Plaintiff granted.  Thus, this is not a case where discovery is nearing its end.

---

1    *Mktg., Inc.*, No. 218CV00979APGNJK, 2020 WL 4925702, at *7 (D. Nev. Aug. 21, 2020), but

2    briefing on class certification has not begun.

3          At most, the addition of Uniglobe and AST as named plaintiffs requires limited additional

4    plaintiff-specific discovery, but such minor inconvenience does not result in unfair prejudice

5    requiring denial of leave to amend when, as here, the new plaintiffs are "not seeking new categories

6    or avenues of discovery," *In re Facebook Priv. Litig.*, No. 10-CV-02389-RMW, 2015 WL 2453734,

7    at *5 (N.D. Cal. May 22, 2015), and each was already "a class member," *see McConnell v. Red*

8    *Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 WL 1357616, at *2-*3 (N.D. Cal. Apr. 17, 2012).

9    Indeed, other than the limited, plaintiff-specific discovery necessary to prove their individual claims,

10   Uniglobe's and AST's discovery will mirror Schneider's discovery under the original complaint.

11         To the extent any proposed amendments do not relate solely to the newly named plaintiffs,

12   those amendments do not assert new causes of action and do not expand the scope of discovery

13   beyond that which was already relevant.  And as the Ninth Circuit has often stated, a "party need

14   not plead specific legal theories in the complaint, so long as the other side receives notice as to what

15   is at issue in the case." *Pac. Coast Fed. of Fishermen v. Glaser*, 937 F.3d 1191, 1200 (9th Cir. 2019)

16   (quoting *Am. Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F.2d 781, 786 (9th Cir.

17   1982)). Because the original complaint provided YouTube adequate notice of all the issues in this

18   case, and because the proposed amendments do not attempt to add to those issues, Defendants will

19   not be unfairly prejudiced.[5]

20         Defendants' arguments to the contrary are meritless.  While Defendants claim that they "will

21   have to start their searches from scratch" if Uniglobe and AST are added to this case, that is simply

22   false.  The overwhelming majority of the discovery Uniglobe and AST will seek will mirror what

23   Schneider has already sought so far.  Moreover, any supposed duplication of effort would be minor,

24   at best, because Defendants have provided only limited discovery so far.  In fact, the parties are still

25

26   _____

27   [5]   *See also Fresno Unified Sch. Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) ("When an amendment merely incorporates alternative theories using existing facts, it falls

28   safely within Rule 15(a)'s policy of promoting litigation on the merits over procedural technicalities.").

---

1  negotiating Schneider-specific search terms, and Defendants have not yet agreed to run searches for
2  works in suit other than those identified in the original complaint.  Now that Defendants have
3  consented to Schneider's amendment to identify works in suit, they will be running additional
4  Schneider-specific searches anyway.  Because Defendants have yet to run searches using most of
5  the Schneider-specific terms, the incremental burden of running Uniglobe- and AST-specific search
6  terms is therefore minimal.[6]  Moreover, if Uniglobe and AST are not permitted to join this lawsuit,
7  they could just as easily file their own lawsuit, which would in turn permit discovery of the exact
8  same information.

9      Defendants have also told Plaintiff that there is no justification for adding new named
10 plaintiffs that are already members of the putative class, but that is incorrect.  The fact that the new
11 plaintiffs are already members of class actually weighs *in favor* of amendment.  *See McConnell*,
12 2012 WL 1357616, at *2-3.  Moreover, Defendants argue that Schneider's claims fail on their
13 individual merits because she supposedly licensed YouTube or its users to use her works and
14 because she supposedly had access to Content ID through her publishing agent.  While Schneider
15 disputes both of these contentions, the addition of new plaintiffs will ensure that Defendants'
16 attempts to assert individual issues relating to Schneider's claims do not preclude certification of
17 the putative class.  And while Schneider believes she is an adequate class representative for the
18 proposed class, the addition of named plaintiffs with copyrights in (i) motion picture works; (ii)
19 books and audiobooks; and (iii) works first published outside the United States, will negate
20 arguments Defendants might potentially raise in opposition to class certification about Schneider's
21 adequacy as a class representative for the entire range of class members.

22      **B. Schneider Did Not Unduly Delay Her Request To Amend.**

23      Defendants also cannot show undue delay in requesting this amendment.  In evaluating this
24 factor, the relevant inquiry is "whether the moving party knew or should have known the facts and
25 theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d

26  _____

27  [6]  Plaintiffs have sent proposed search terms for proposed additional named plaintiffs Uniglobe
28  and AST in an effort to minimize the burden on Defendants of making multiple collections or running further search terms after identifying a review population.

1   1385, 1388 (9th Cir. 1990).  Here, Schneider did not know (or have any reason to know) of the

2   infringements of Uniglobe's or AST's works when she filed her complaint, so this factor also does

3   not weigh against leave to amend.

4       Defendants have told Plaintiff that the amendments are untimely because they were sought

5   after May 14, 2021, but that is also incorrect.  In early April, the parties were very close to agreeing

6   to a schedule that included a deadline of May 14, 2021, to file motions to amend pleadings, but

7   Defendants' insistence on raising ancillary issues in the guise of a scheduling dispute prevented the

8   parties from finalizing an agreement.  *See* ECF Nos. 72, 73.  The schedule the parties were

9   considering in early April is now untenable due to the slow pace of Defendants' production of

10  documents to date, including the fact that Defendants have made just a single, small production

11  since April.  Defendants themselves have implicitly acknowledged this by proposing July 15, 2021,

12  as a new deadline for motions for leave to amend.

13      In any event, the timing of the instant motion has not prejudiced Defendants, given their

14  delays in considering the amendments themselves, their slowness in producing materials responsive

15  to discovery requests, and their own request for an extension of time to provide responses and

16  objections to Plaintiff's requests for production of documents during this same time period.

17  Moreover, delay is not a sufficient ground for denying leave to amend, *DCD Programs, Ltd. v.

18  Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), particularly when, as explained above, that amendment

19  causes no unfair prejudice to Defendants, *see*, *e.g.*, *Kormylo v. Forever Resorts, LLC*, No. 13CV511

20  JM WVG, 2015 WL 5944064, at *6 (S.D. Cal. Oct. 13, 2015) (granting leave to file amended

21  complaint containing new theory of liability where delay in filing caused defendants no prejudice).

22      **C.  None Of The Other *Foman* Factors Support Denial Of Leave To Amend.**

23      Defendants cannot show that any of the other *Foman* factors weigh against granting

24  Schneider leave to amend.  Schneider's proposed amendment is clearly not futile: Uniglobe's and

25  AST's new factual allegations, like Schneider's original allegations, plausibly allege that

26  Defendants violated their copyrights as part of a course of conduct designed to increase YouTube's

27  user volume and deny small copyright holders access to the copyright management tools necessary

28  to effectively police their rights.  Nor does Schneider seek this amendment in bad faith or for any

dilatory purpose.   Finally, Schneider has not repeatedly failed to cure deficiencies in her complaint—indeed, Defendants have never moved to dismiss Schneider's complaint. Thus, that factor also cannot weigh against granting leave to amend here.

**V.      CONCLUSION**

For the reasons set forth above, Plaintiff Maria Schneider respectfully requests that the Court grant her leave to file the attached amended complaint.

Dated: July 2, 2021

                                        Respectfully submitted,

                                        By: /s/ Randall P. Ewing, Jr.
                                        George A. Zelcs (*pro hac vice*)
                                        Randall P. Ewing, Jr. (*pro hac vice*)
                                        Ryan Z. Cortazar (*pro hac vice*)
                                        KOREIN TILLERY, LLC
                                        205 North Michigan, Suite 1950
                                        Chicago, IL 60601
                                        Telephone: (312) 641-9750
                                        Facsimile: (312) 641-9751

                                        Stephen M. Tillery (*pro hac vice*)
                                        Steven M. Berezney, CA Bar #329923
                                        Carol O'Keefe (*pro hac vice*)
                                        KOREIN TILLERY, LLC
                                        505 North 7th Street, Suite 3600
                                        St. Louis, MO 63101
                                        Telephone: (314) 241-4844
                                        Facsimile: (314) 241-3525

                                        Joshua Irwin Schiller, CA Bar #330653
                                        BOIES SCHILLER FLEXNER LLP
                                        44 Montgomery St., 41st Floor
                                        San Francisco, CA 94104
                                        Telephone: (415) 293-6800
                                        Facsimile: (415) 293-6899

                                        Philip C. Korologos (*pro hac vice*)
                                        Joanna Wright (*pro hac vice*)
                                        Demetri Blaisdell (*pro hac vice forthcoming*)
                                        BOIES SCHILLER FLEXNER LLP
                                        55 Hudson Yards, 20th Floor
                                        New York, NY 10001
                                        Telephone: (212) 446-2300
                                        Facsimile: (212) 446-2350

1

*Attorneys for Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28