DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**YOUTUBE, LLC AND GOOGLE LLC'S OPPOSITION TO PLAINTIFF MARIA SCHNEIDER'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: August 12, 2021<br>Time: 10:00 am<br>Location: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

STATEMENT OF THE ISSUE ........................................................................................................... 2

STATEMENT OF FACTS .................................................................................................................... 2

ARGUMENT ........................................................................................................................................ 6

    I.    THE COURT SHOULD DENY LEAVE TO AMEND. ........................................ 6

        A.    Schneider Unduly Delayed Seeking Leave. ................................................. 7

        B.    Schneider's Proposed Amendments Will Unfairly Prejudice YouTube. ........................................................................................................ 9

    II.    ANY LEAVE TO AMEND SHOULD BE CONDITIONED. .............................. 14

CONCLUSION .................................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmerisourceBergen Corp. v. Dialysist W., Inc.*,
    465 F.3d 946 (9th Cir. 2006) ................................................................................................. 7

*Blackman v. Teespring, Inc.*,
    2019 WL 7832600 (N.D. Cal. July 12, 2019) ................................................................ 11, 13

*China Agritech, Inc. v. Resh*,
    138 S. Ct. 1800 (2018) .......................................................................................................... 14

*Chodos v. W. Publ'g Co.*,
    292 F.3d 992 (9th Cir. 2002) ................................................................................................. 9

*Davis v. Pinterest, Inc.*,
    2020 WL 6342936 (N.D. Cal. Oct. 29, 2020) ....................................................................... 8

*Desert Empire Bank v. Ins. Co. of N. Am.*,
    623 F.2d 1371 (9th Cir. 1980) ........................................................................................... 6, 7

*DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*,
    870 F.3d 978 (9th Cir. 2017) ............................................................................................... 14

*Feske v. MHC Thousand Trails Ltd. P'ship*,
    2013 WL 1120816 (N.D. Cal. Mar. 18, 2013) ...................................................................... 8

*In re Flash Memory Antitrust Litig.*,
    2010 WL 2332081 (N.D. Cal. June 9, 2010) ........................................................................ 9

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
    297 F.R.D. 64 (S.D.N.Y. 2013) ........................................................................................... 11

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881 (2019) ............................................................................................................. 4

*Harris v. Vector Mktg. Corp.*,
    2009 WL 3710696 (N.D. Cal. Nov. 4, 2009) ............................................................ 8, 13, 14

*Hitt v. Arizona Beverage Co., LLC*,
    2009 WL 4261192 (S.D. Cal. Nov. 24, 2009) ..................................................................... 13

*Integra Lifesciences Corp. v. Hyperbranch Med. Tech., Inc.*,
    2017 WL 634642 (D. Del. Feb. 16, 2017) ........................................................................... 12

*Jackson v. Bank of Hawaii*,
    902 F.2d 1385 (9th Cir. 1990) .............................................................................. 7, 8, 10, 12

*Lockheed Martin Corp. v. Network Sols., Inc.*,
    194 F.3d 980 (9th Cir. 1999) ........................................................................................................ 7

*Nautilus, Inc. v. ICON Health & Fitness, Inc.*,
    2018 WL 4208072 (D. Utah Sept. 4, 2018) ................................................................................ 13

*Osakan v. Apple Am. Grp.*,
    2010 WL 1838701 (N.D. Cal. May 5, 2010) ............................................................................. 12

*In re Outlaw Lab'y, LP Litig.*,
    2020 WL 434477 (S.D. Cal. Jan. 28, 2020) ......................................................................... 12, 13

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) ..................................................................................................... 10

*Roling v. E*Trade Sec. LLC*,
    279 F.R.D. 522 (N.D. Cal. 2012) ......................................................................................... 12, 13

*Union Pac. R.R. Co. v. Nev. Power Co.*,
    950 F.2d 1429 (9th Cir. 1991) ..................................................................................................... 6

*Velazquez v. GMAC Mortg. Corp.*,
    2009 WL 2959838 (C.D. Cal. Sept. 10, 2009) ........................................................................... 13

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
    715 F.3d 716 (9th Cir. 2013) ....................................................................................................... 6

**Statutes**

17 U.S.C. § 411(a) ................................................................................................................................. 4

17 U.S.C. § 507(b) ............................................................................................................................... 14

17 U.S.C. § 1202 ............................................................................................................................ 10, 14

**Other Authorities**

7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1688
    (3d ed.) ...................................................................................................................................... 15

Fed. R. Civ. P. 15 ................................................................................................................................. 13

Fed. R. Civ. P. 16 ................................................................................................................................... 8

Fed. R. Civ. P. 23 ................................................................................................................................. 12

Fed. R. Civ. P. 23(c)(1)(A) .................................................................................................................. 14

Patent L.R. 3-1 ....................................................................................................................................... 7

1    A year into this case, and nearly three months after the parties' agreed-upon deadline for
2    amending the pleadings, the remaining plaintiff, Maria Schneider, seeks leave to revamp the
3    copyright infringement complaint that she and her former co-plaintiff, Pirate Monitor Ltd., filed
4    against YouTube on behalf of a putative class of copyright holders. The proposed amendments,
5    most notably to add two new parties as putative class representatives, come only after discovery
6    confirmed glaring deficiencies in Schneider's claims, and after Pirate Monitor dismissed its
7    claims with prejudice under a cloud of fraudulent behavior.

8    The request for leave continues Schneider's shifting sands approach to the litigation. Her
9    original complaint identified only three copyrighted works over which she was suing, and did not
10   identify a single alleged infringement of those works on YouTube. Schneider now proposes
11   amending to add **seventy-five** new copyrighted works to the case, still without identifying
12   corresponding alleged infringements. And even as she seeks a dramatic expansion of her claims,
13   Schneider continues to refuse any deadline for closing the universe of works in suit or alleged
14   infringements. The proposed new plaintiffs will only compound the problem, as they too fail to
15   provide a complete list of copyrighted works or alleged infringements.

16   Leave to amend should be denied as Schneider unduly delayed in seeking it and the
17   substantial changes she now seeks to make to the case would unfairly prejudice YouTube.
18   Plaintiff's motion does not explain when Schneider learned of the proposed new plaintiffs or
19   when they learned of this case. But it is clear from even public information that at least one of
20   the proposed plaintiffs reached out to Schneider's counsel in mid-February, if not earlier.
21   Schneider waited for months to tell YouTube about a potential amendment, and months more to
22   actually seek leave for it. Schneider also waited until now to seek to substantially expand the
23   number of copyrighted works over which she would sue, even though she intended to add them
24   to the case from the start. Again, Schneider makes no attempt to justify the delay.

25   But it is not delay alone that warrants denial of leave to amend. YouTube has already
26   spent many hundreds of hours on discovery over Schneider's (and Pirate Monitor's) claims.
27   Adding new and unrelated plaintiffs and works will force it to retrace many of its steps—
28   returning to the same data stores with new queries and returning to the same custodians with new

keyword searches and then commencing the document review process all over again. That is duplicative work that could have been avoided if Schneider had come forward sooner with her proposed amendments. At the same time, YouTube will be starting from scratch in terms of developing its defenses for new plaintiffs. A year into the case, it knows much about former-plaintiff Pirate Monitor (who turned out to be a fraudster with dubious claims of copyright ownership) and Schneider (who turns out to have licensed her works to YouTube and who now admits she may not be a viable class representative). But YouTube knows next to nothing about the two new entities who have suddenly revealed themselves. YouTube's own discovery process and investigation will need to start all over. And the very different nature of the proposed plaintiffs, their copyrighted works, and attendant legal issues will add complexity and cost to an already unwieldy case. At a minimum, that will substantially extend the proceedings and continue to toll indefinitely the statute of limitations for putative class members.

For these reasons, the Court should deny Schneider leave to amend.

## STATEMENT OF THE ISSUE

Whether this Court should grant plaintiff Maria Schneider leave to amend her complaint to add seventy-five new works, join new plaintiffs and putative class representatives, and expand the class definition, where the case has been pending for over a year, plaintiff offers no justification for the delay, and amendment would prejudice Defendants by forcing them to expand and restart discovery and by significantly delaying proceedings in the case?

## STATEMENT OF FACTS

Schneider and then-plaintiff Pirate Monitor filed their complaint on July 2, 2020. Dkt. 1. Each charged YouTube with infringement of three copyrighted works, though the complaint did not identify any specific video on YouTube that either plaintiff contended was infringing.

**Discovery To Date**:  Discovery opened in September 2020. Schneider and Pirate Monitor have propounded 105 requests for production to YouTube, many with a dozen or more subparts. Together, they served 18 interrogatories. YouTube has spent hundreds of hours of attorney time, and hundreds more of employee time responding to these discovery requests, consulting numerous data sources and custodians invariably with plaintiff-specific and work-

1  specific searches. Declaration of Lauren Gallo White ("White Decl."), ¶¶ 3-5.

2      YouTube has spent just as much time investigating each plaintiff to build out specific defenses for each plaintiff and each work. *Id.* And that work has borne considerable fruit. As to Schneider, YouTube has established that her publishing agent granted YouTube a blanket license to use her works (eliminating any infringement claims against YouTube). Mot. 6. Even more, through that same agent, she already had access to and used YouTube's Content ID system (notwithstanding her allegations to the contrary). *Id.* YouTube's substantial efforts also resulted in Pirate Monitor dismissing its entire case with prejudice. Dkt. 66. That dismissal came after YouTube uncovered Pirate Monitor's fraudulent scheme to gain access to Content ID (Dkt. 60, Counterclaims), and Pirate Monitor admitted it did not have any rights to one of the copyrighted works it asserted in the Complaint. White Decl., ¶ 7; Ex. A.

    Despite the extensive discovery process thus far (including lengthy meet and confer efforts), an end to the proceedings remains elusive. As Schneider acknowledges in her motion, the parties agreed to relevant dates, but there is not yet a Court-ordered schedule in this case. Mot. 1, 7. The reason is plaintiffs' insistence that they remain free to redefine this case as it proceeds by adding and subtracting copyright infringement claims as they see fit. Plaintiffs refused to agree to any deadline to closing the universe of works in suit, or a reasonable date for a final identification of the videos on YouTube that allegedly infringe the works plaintiffs put at issue. Believing it is entitled to timely understand the precise claims and theoretical liability it faces, YouTube moved the Court on April 15, 2021 to enter the parties' agreed-upon schedule, including dates for identification of works and alleged infringements. Dkt. 72. Schneider opposed any identification requirements, but noted in her response that she had agreed to "all such requisite dates" necessary for a case schedule, including a "deadline of May 14" 2021 for amending pleadings. Dkt. 73 at 1. YouTube's motion remains pending. Declaration of Maura L. Rees ("Rees Decl."), ¶ 4.

    In the meantime, plaintiffs' claims remain a moving target. In response to YouTube's interrogatories, Schneider refused to identify the universe of copyrighted works in suit or any allegedly infringing videos. After pressure from Defendants, Schneider agreed on November 30,

2020 to identify "all currently known infringements." Dkt. 72-5 at 1. Her December 9 supplemental interrogatory responses identified new works and even more alleged infringements, but again, was evasive rather than complete. Dkt. 72-6. Months later, on March 8, Schneider again amended her interrogatory responses with dozens of new works and a handful of new alleged infringements. Dkt. 72-7. Even now, seeking the Court's approval for amendment, Schneider will not commit that what she has identified is final.

**The Timing of Plaintiff's Motion**: Schneider informed YouTube the evening of April 30, 2021, that she intended to move for leave to amend her complaint on May 4, unless YouTube consented. Rees Decl., ¶ 5 and Ex. 1. She neither provided a proposed amended complaint nor described the proposed amendments. YouTube responded on May 3 that it would consider consenting to Schneider amending her complaint to set forth her infringement claims in full, but would need to review the proposed pleading before doing so. The next day, Schneider responded that she would not be filing the motion for leave as planned. *Id*.

On May 18, two weeks after Schneider supposedly planned to file her motion, and four days after the May 14 date for motions to amend that Schneider had agreed to, Schneider still had not shared her proposed amendments. YouTube inquired whether Schneider still intended to seek leave. Rees Decl., Ex. 1.

On May 24, Schneider first shared a copy of a proposed amended complaint, stating that she intended to move for leave to file it the next day and requesting YouTube's consent by 5 pm on May 25. Rees Decl., ¶ 6 and Ex. 2. YouTube responded that it could not review and provide a substantive response within 24 hours of receiving the proposed amendments. Rees Decl., Ex. 2. Schneider replied that she would wait until Wednesday, June 2 to file her motion. *Id*.

On June 2, YouTube offered its consent to certain amendments. *Id*. Specifically, YouTube agreed Schneider could add to the case the copyrighted works listed in Footnote 7 of her proposed amended complaint on the condition that Schneider agreed that the list of works in suit would then be final and would not be further changed. *Id.* [1] YouTube also consented to

---

[1] YouTube added the caveat that new works had to have been registered with the Copyright Office before Schneider sued on July 2, 2020 (*Id*.) as required by 17 U.S.C. § 411(a); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019).

amendments striking allegations referencing Pirate Monitor as a plaintiff and Alphabet as a defendant, per the prior dismissals of those parties. *Id.* But YouTube said it would not consent to Schneider's remaining proposed amendments, including the addition of proposed new named plaintiffs and their claims. Rees Decl., Ex. 2.

Schneider did not file her motion for leave on June 2. Instead, on June 4, she said she wanted to add the issue of her proposed amendments to the agenda of discovery motions over which the Court ordered the parties to meet and confer (Dkt. 82). Rees Decl., ¶ 6 and Ex. 2. During discussions, between June 11 and June 25, Schneider took the position—contrary to her earlier representation to the Court—that there was no governing case schedule and that her prior agreements to case deadlines were rescinded. Rees Decl., ¶ 7. Schneider also refused to agree that the proposed amended complaint would be her final amendment. *Id*. She insisted that each new proposed plaintiff would get its own set of interrogatories and would be able to seek individualized discovery. *Id*. On July 1, Defendants reiterated that they would oppose Plaintiff's motion for leave to amend. Rees Decl., ¶ 10. On July 3, the Friday before the holiday weekend, and more than two months after informing YouTube that she would imminently move for leave to amend, Schneider filed this motion. Dkt. 87.

Schneider's motion does not say when she first contemplated amending the complaint to add additional copyrighted works, but it is plain that she anticipated doing so all along. *See, e.g.*, Dkt. 1 at 7 (pleading "numerous works, including" and "the following works, among others"); Dkt. 54 at 8 ("Additional information [about works and infringements] will be provided as discovery progresses."). Schneider likewise does not say when or how she learned of the parties she proposes to add as plaintiffs, or when those parties learned of the case. Schneider's counsel claimed privilege over those details in response to a direct inquiry. Rees Decl., ¶ 8. But there is a lengthy history that dates back at least as far February 17, 2021. On that date, proposed new plaintiff Uniglobe posted to Twitter about this lawsuit and specifically "tagged" plaintiff's counsel, thereby triggering a notification to those firms' Twitter accounts. Rees Decl., Ex. 3 ("This class action suit against #Google & #Alphabet frm @KoreinTillery & @bsfllp is crucial!!"). Because of the privilege assertion, YouTube does not know whether Schneider and

Uniglobe had already connected earlier or connected thereafter. Regardless, Uniglobe was aware of the case and could have come forward in February, if not before.

*Schneider's proposed amendments and motion*. Schneider proposes a plethora of amendments. Three in particular warrant highlighting. *First*, Schneider proposes to add seventy-five new works to the three works pleaded in her original complaint, with no assurance against further additions at some later point. Dkt. 87-4 at 21, ¶ 60 n.7. *Second*, Schneider proposes to add two new plaintiffs and putative class representatives: Uniglobe, a Wyoming corporation asserting copyrights in three motion pictures, and AST, a Russian publishing house asserting copyrights in at least nine "print and audio books." Dkt. 87-4 at 23–24, ¶¶ 66–68. *Third*, Schneider proposes several changes to the proposed class definitions, most notably expanding the classes to include "legal or beneficial owners" of copyrights, and to include owners of "motion picture, literary, [and] dramatic" works. Dkt. 87-4 at 34, ¶ 103. Schneider also proposes expanding her second proposed class to include works first published in 1976 or earlier. *Id.*

## ARGUMENT

Leave to amend is "not to be granted automatically." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). In assessing whether to grant leave, courts consider: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id.* Where the amendments seek to add new parties, "the new party's notice of the pending action" may also be relevant. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Generally, "amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R.R. Co. v. Nev. Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

**I.    THE COURT SHOULD DENY LEAVE TO AMEND.**

A year into this case, Schneider is attempting to add seventy-five new works and two new plaintiffs with works of their own to the case, while insisting that there may be even more to come. The proposed amendments are too late, as Schneider has unduly delayed in seeking leave for them. And the amendments she proposes—particularly the addition of two new plaintiffs with new kinds of works raising new legal issues—would unfairly prejudice YouTube if allowed

at this stage. Schneider's motion should be denied.

### A. Schneider Unduly Delayed Seeking Leave.

Schneider offers no meaningful justification for her delay in bringing this motion, and the record reveals none. Schneider has long known, apparently from the case's inception, that she would seek to add new copyrighted works to the case. Yet she seems to have deliberately waited a year to seek leave to expand her claims from three works to seventy-eight. Even now, Schneider refuses to say that the expanded roster of works she proposes is complete, and she fails to provide any sort of infringement contentions in her amended complaint. Nothing remotely like this would be permitted in the analogous patent infringement context. *See* Patent L.R. 3-1 *et seq*. It should not be permitted here.

Schneider offers no explanation for her delay in seeking to add new parties to the case. She says nothing about when or how she learned of Uniglobe or AST, and her privilege assertion should preclude her from offering some new explanation now. It seems clear that Uniglobe could have been proposed at least as far back as February, when it tweeted about this case and specifically called out and thereby notified Schneider's counsel of its interest. Rees Decl., Ex. 3. Yet Uniglobe was not even identified to YouTube for months.

Schneider must "justif[y] [her] delay in moving to file an amended complaint." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). While not dispositive, delay is "relevant, especially when no reason is given for the delay." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citation omitted). Schneider "cite[s] no facts or theories gleaned from" discovery to justify her delay. *Jackson*, 902 F.3d at 1388 (affirming denial of leave to amend). Instead, she flatly asserts that she "did not know (or have any reason to know) of the infringements of Uniglobe's or AST's works when she filed her complaint." Mot. 7. But that is beside the point and elides the real issue: the "delay between the time of obtaining a relevant fact and seeking a leave to amend." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *see also Desert Empire*, 623 F.2d at 1374 ("[T]he new party's notice of the pending action" is a "relevant factor").

On its face, Schneider's year-long delay is substantial. Courts regularly find delays of a

1  year (or even less) as weighing against leave to amend. *E.g.*, *Davis v. Pinterest, Inc.*, 2020 WL
2  6342936, at *2 (N.D. Cal. Oct. 29, 2020) (denying leave to amend where case "filed almost a
3  year ago"); *Harris v. Vector Mktg. Corp.*, 2009 WL 3710696, at *2 (N.D. Cal. Nov. 4, 2009)
4  (denying leave to amend where case "filed nearly one year ago"). Schneider also delayed nearly
5  a full month between stating her intention to amend her complaint and providing a copy of the
6  proposed amended complaint to YouTube (*See* Rees Decl., ¶¶ 5-6 and Ex. 2)—itself an
7  "inexplicable" delay. *Jackson*, 902 F.2d at 1388 (finding months-long delay between stated
8  "intent[] to file an amended complaint … [and] offering the[] amended complaint …
9  inexplicable and unjustified").

10  Delay here is all the more unjustified given Schneider's agreement to a May 14 deadline
11  for proposed amendments to the Complaint. While Schneider now claims this agreement was
12  never "finaliz[ed]" (Mot. 7), meaning it was not formally entered, she earlier insisted that "the
13  parties agree[d] upon all of the required dates for the scheduling order"—including the May 14
14  date (Dkt. 73 at 2). Schneider may even have intended to honor that date as she raised the idea of
15  some unidentified amendment with YouTube on April 30. Rees Decl., ¶ 5.  But Schneider then
16  failed for four weeks to provide YouTube with the proposed amendment, allowing the deadline
17  to pass, and then waited another six weeks before actually filing a motion.

18  Schneider acknowledges her extended delay, but suggests it is acceptable because
19  discovery is still in the "early stages." Mot. 4. That is false. Discovery has churned for nine
20  months. Plaintiffs have directed scores of multi-part requests to YouTube, which has provided
21  detailed interrogatory answers and made nine robust document productions. There have been
22  dozens of letters regarding disputes and proposed compromises and at least a dozen more
23  extended meet and confer calls. White Decl.,¶¶ 3-5. As noted, YouTube has already spent many
24  hundreds if not thousands of hours responding to plaintiffs' discovery.[2] *Id*.

---

[2] Schneider refers to the supposedly "slow pace" of YouTube's document productions (Mot. 7). YouTube takes umbrage at that characterization, but it is not relevant. YouTube's allegedly "deficient production[s]" have nothing to do with Schneider's delay in asserting her own copyrighted works, much less the delay in seeking to add non-parties like Uniglobe or AST. *Feske v. MHC Thousand Trails Ltd. P'ship*, 2013 WL 1120816, at *6 (N.D. Cal. Mar. 18, 2013) (finding, under Rule 16, that "Defendants' discovery performance" did not justify plaintiffs' delay in seeking to add additional class representatives).

In any event, discovery is no excuse for Schneider's delay. Schneider has known about additional works that she delayed asserting from the start, but chose not to seek to add them to the complaint until now. Dkt. 72-7 at 12-16. It was not discovery from YouTube that triggered her belated action. Rather, it was her gamesmanship. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (affirming denial of leave to amend where "'new' facts had been available to [plaintiff] even before the first amendment to his complaint"). Nor did discovery from YouTube prompt her to seek to add new parties. However many months ago Schneider identified these parties, YouTube had nothing to do with it.

Finally, Schneider seeks to justify the delay in her proposed amendment by acknowledging, in something of an understatement, that there will be arguments about her "adequacy as a class representative." Mot. 6. But everything YouTube has spent its time and money to expose in this case was known to Schneider well before the complaint was filed. Schneider's publishing agent, Modern Works Publishing, granted YouTube a blanket license to use all of Schneider's works on YouTube *at least as far back as 2014*. Given that, Schneider has no basis for a claim of infringement against YouTube. Further, while Schneider purports to represent a class of copyright owners who have been denied access to YouTube's Content ID system, her agent has had access to that system and has used it *on her behalf* for years. None of this could be news to Schneider, or would have been if she conducted any sort of pre-suit inquiry. In other words, it is "axiomatic" that she should have scrutinized her adequacy as a class representative "at the inception of the litigation," not a year into the case (*In re Flash Memory Antitrust Litig.*, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010) (denying motion to substitute class representatives)). In sum, Schneider's unjustified delay in seeking leave to amend her complaint in this action supports denial of her motion.

**B. Schneider's Proposed Amendments Will Unfairly Prejudice YouTube.**

Schneider's proposed amendments, if allowed, would unfairly prejudice YouTube. The amendment would force a "do-over" on considerable discovery, require YouTube to start its own investigation of the new plaintiffs all over again, needlessly complicate class certification proceedings, and substantially delay the case.

***Prejudice from duplicative and additional discovery.*** Schneider represents that Uniglobe and AST will seek only "limited, plaintiff-specific discovery necessary to prove their individual claims." This is an implausible assertion given Schneider's sweeping discovery to date. But even supposedly "limited, plaintiff-specific discovery" will be intense and prejudicial. Mot. 5. As noted, to respond to the original plaintiffs' discovery campaign, YouTube interviewed countless employees, and consulted and queried countless data sources using plaintiff-specific and work-specific search terms. If the proposed new plaintiffs or Schneider's proposed new works had timely been part of the case, YouTube could have included them in its original, extensive search, collection, and review process. Now, YouTube will have to start that process all over again. That means re-interviewing YouTube engineers and operations people, distracting them again from "their normal duties." *Jackson*, 902 F.2d at 1388 (finding prejudice in "the opportunity costs to the [defendant] when its officers spend time in the discovery process rather than engaging in their normal duties"). It means getting access yet again to secure data stores; re-running searches using new keywords for new plaintiffs, their representatives, and their works; troubling engineers again to make sense of what is uncovered; and more.

Schneider blithely brushes that burden off, suggesting it is simply a matter of employing new keywords. Mot. 6. Not so. Responding to even the discovery served to date has demonstrated that the time, disruption and cost to YouTube of repeating its discovery efforts will be considerable. Remarkably, Schneider refuses to agree that these will be her last amendments or that this will be the last time YouTube has to undertake these burdens, because she contends she may add parties and works to the case at her pleasure.

But it is not merely the need to retrace its steps that would unfairly prejudice YouTube. An amendment would require YouTube to conduct thorough investigations of brand-new plaintiffs, including a Russian book publisher. Courts often find undue prejudice where amendments would require defendants to undertake "additional discovery," especially where the amendments "advance different legal theories and require proof of different facts." *Jackson*, 902 F.2d at 1387. Copyright infringement and Section 1202(b) claims are necessarily plaintiff-, work-, and infringement-specific. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th

1  Cir. 2017). Each prima facie claim requires individualized showings of ownership, registration,
2  copyright eligibility, and copying of a specific work, and each claim is subject to individualized
3  defenses like license, the DMCA, fair use, and the statute of limitations. *See Blackman v.*
4  *Teespring, Inc.*, 2019 WL 7832600, at *2 (N.D. Cal. July 12, 2019) (holding that even where
5  alleged violations "occurred on [the same] web platform," plaintiffs' claims differed because
6  "[e]ach infringing transaction was unique to the copyright it infringed and has little in common
7  with another copyright's infringement"); *Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
8  297 F.R.D. 64, 66 (S.D.N.Y. 2013) (finding that "issues arise from facts peculiar to each
9  protected work and each claimed infringement of it, in a compartmented case differing from
10 every other one").

11         Defendants have had to investigate Schneider's ownership and registration of the works
12 in suit, her broad-based licensing of her works, her use of YouTube, her use of Content ID, her
13 identification of allegedly infringing videos on YouTube, and her supposed use of copyright
14 management information. Defendants have also subpoenaed others who worked on Schneider's
15 behalf on these matters, including Schneider's publisher, record label, agents, and assistants.
16 Defendants have also consulted data sources and custodians with work- and infringement-
17 specific questions. They did much the same for Pirate Monitor, before Pirate Monitor conceded it
18 did not own at least one of the copyrighted works it asserted and abandoned its case entirely.
19 Now Schneider asks the Court to reset this case in part because she is uncertain about her
20 viability as a putative class representative. Mot. 6.

21         The investigative burden for the specific two parties Schneider seeks to add would be
22 especially high. AST is a "Russian book publishing company" asserting infringement of
23 Russian-language works. Dkt. 87-4 at 7, ¶ 18. Discovery into AST's claims will, at minimum,
24 require depositions of Russian residents and production and review of Russian-language
25 documents. Uniglobe, while a U.S. corporation, intends to assert at least one "non-U.S.," "Hindi-
26 language" work that was created as a "work-for-hire." Dkt. 87-4 at 24, ¶ 70. Thus, YouTube will
27 need to retain people fluent in Russian and Hindi. In addition, because foreign third parties will
28 likely have relevant information about issues like chain of title to the works-in-suit or licenses,

YouTube's defense to the proposed new plaintiffs' claims may require use of notoriously cumbersome and slow mechanisms for cross-border third-party discovery.[3]

The new plaintiffs will inject "different legal theories" into the case too. *Jackson*, 902 F.2d at 1387. One of Uniglobe's works-in-suit is allegedly a "work-for-hire" and "derivative" copyrighted work. Dkt. 87-4 at 24, ¶ 70. And as Schneider concedes (Mot. 6), the proposed new plaintiffs assert works "first published outside the United States," which introduce into the case the unique issues applicable to foreign works under U.S. law and potential issues of foreign law, such as Russian and Indian contract and copyright law governing licenses.

YouTube will be forced to undertake these substantial burdens in the midst of a case that is already a year old. Rather than addressing class certification or summary judgment, YouTube will be mired in discovery and investigation all over again. That is unfairly prejudicial.

***Prejudice from adding new class representatives.*** That the proposed new plaintiffs are also proposed new class representatives compounds the prejudice. Adding new class representatives "unduly prejudices" YouTube by requiring fresh discovery into their suitability as class representatives, adequacy, and typicality. *Osakan v. Apple Am. Grp.*, 2010 WL 1838701, at *5 (N.D. Cal. May 5, 2010) (finding prejudice because "Defendants would need to ascertain whether any of the four proposed plaintiffs are subject to unique defenses, which would bear upon the typicality requirement of Rule 23"). "Even if some class discovery is common to all the parties," where "new parties [must] undergo independent fact discovery," there is prejudice. *See In re Outlaw Lab'y, LP Litig.*, 2020 WL 434477, at *6 (S.D. Cal. Jan. 28, 2020).[4]

Here, adding new and varied plaintiffs, works, infringements, and legal theories would make the case unwieldy and unmanageable. *See Integra Lifesciences Corp. v. Hyperbranch Med.*

---

[3] Plaintiffs have already demonstrated a willingness to throw up roadblocks to foreign discovery. When Defendants served discovery on Pirate Monitor (a British Virgin Islands corporation), Pirate Monitor asserted blanket objections under the European General Data Protection Regulation (GDPR), even though Pirate Monitor is not a European business and Defendants' requests did not call for regulated data.

[4] It bears note that if the class Schneider seeks to represent is somehow certified, AST and Uniglobe would presumably be members. They thus do not need to be added to the case to have their interests protected by Schneider and putative class counsel. *See Roling v. E*Trade Sec. LLC*, 279 F.R.D. 522, 526 (N.D. Cal. 2012) (finding that adding a putative class member "as a plaintiff—and potential class representative—[wa]s of questionable benefit to Plaintiffs' case").

*Tech., Inc.*, 2017 WL 634642, at *1 (D. Del. Feb. 16, 2017) (denying leave to amend to add two new patent infringement claims because it would make "a large, complex matter …. ever larger after amendment"). Indeed, the mass of claims may serve to "mask the multiple and various defects that would plague the individual claims if they were evaluated separately, by burying them in a sea of other claims thereby denying [Defendants] the opportunity to contest each of them." *Blackman*, 2019 WL 7832600, at *2.

Schneider seems to concede that is her intent: to blunt the impact of dispositive defenses that YouTube has established as to her own and Pirate Monitor's claims. That may be her goal, but it is not a legitimate one. A putative class representative should not be permitted to dredge up substitutes each time a defendant uncovers fatal problems with the original representative's claims. *See Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *4 (C.D. Cal. Sept. 10, 2009) (courts should not "permit amendments that amount to a 'back-door attempt to begin the action anew' where, in all likelihood, 'the original plaintiffs were never qualified to represent the class'") (quoting *Lidie v. State of California*, 478 F.2d 552, 555 (9th Cir. 1973)). Schneider's attempt to moot the extensive work YouTube has already undertaken on the claims actually at issue in this case, and the impact on class certification, is a textbook example of prejudice. *Id.* ("moot[ing] the substantial amount of discovery that ha[d] already been completed regarding the [named plaintiffs]" would prejudice defendants); *Hitt v. Arizona Beverage Co., LLC*, 2009 WL 4261192, at *6 (S.D. Cal. Nov. 24, 2009) (finding prejudice where substituting class-representative "would effectively moot the Plaintiff-specific work Defendants have done").

***Prejudice from delaying the case***. "[U]nder Rule 15, prejudice is generally found where the amendment would cause substantial delay." *Harris*, 2009 WL 3710696, at *2. That rule applies with full force here. Adding two new named plaintiffs will unfairly delay class certification. Even in relatively simple cases, discovery into new parties with new claims takes months. *See Roling*, 279 F.R.D. at 525 (motion to add new named plaintiff filed four months before opposition to class certification was due would be "unfairly prejudicial"). New parties must "undergo independent fact discovery," which will "likely delay the [close of] class discovery." *In re Outlaw Lab'y*, 2020 WL 434477, at *6; *see also Nautilus, Inc. v. ICON Health*

*& Fitness, Inc.*, 2018 WL 4208072, at *3 (D. Utah Sept. 4, 2018) (denying leave to amend to add new patent infringement claim because it "w[ould] effectively start the litigation anew for the unrelated … [p]atent"). As explained above, that discovery will be slow and laborious, especially the cross-border third-party discovery, which cannot even start until Uniglobe and AST receive and respond to written discovery.

In putative class actions, courts have found prejudice where the proposed amendments would delay resolution of class issues. In *Harris*, for example, the court denied leave to expand the proposed class definition from a California class to a nationwide class because it would delay the case by "multip[lying]" the "complexity" of class certification. 2009 WL 3710696, at *2. Here, Schneider proposes to expand the class definition (Dkt. 87-4 at 34, ¶ 103) and to triple the number of class representatives, making the class certification process significantly more complex.[5] Class certification should be decided "[a]t an early practicable time" (Fed. R. Civ. P. 23(c)(1)(A)), but the discovery attendant to Schneider's proposed amendment may delay a decision on class certification indefinitely given the absence of a case schedule or deadlines for final identifications of works and infringements. That delay substantially prejudices YouTube, because it may toll the statute of limitations for putative class members for years longer than it otherwise would be. *See* 17 U.S.C. § 507(b) (three year statute of limitations for copyright claims); *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018) (limitations period tolled for "putative class members who wish to sue individually after a class-certification denial").

## II. ANY LEAVE TO AMEND SHOULD BE CONDITIONED.

For the reasons set forth above, Schneider's motion for leave to amend should be denied in its entirety.  But if the Court considers allowing an amendment, YouTube submits that it be

---

[5] Schneider acknowledges that her amendments would expand the scope of putative classes by adding "named plaintiffs with copyrights in (i) motion picture works; (ii) books and audiobooks; and (iii) works first published outside the United States." Mot. 6. Left unsaid by Schneider, is that it would also expand the class to "legal or beneficial owners" of copyrights (Dkt. 87-4 at 34, ¶ 103), injecting still more individualized issues around the unsettled contours of "who may qualify as the beneficial owner of a copyright," *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 988 (9th Cir. 2017). Schneider also seeks to expand her Section 1202 copyright management information class by opening it up to pre-1977 works. Dkt. 87-4 at 34, ¶ 103. Here again, she "would greatly expand the scope of [YouTube's] own investigation" and "the parties' bilateral discovery." *See Harris*, 2009 WL 3710696, at *2 (denying motion to amend class definition).

limited to Schneider's proposed addition of copyrighted works, and subject to certain conditions. *See* Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1688 (3d ed.) (courts "may grant a particular motion with conditions imposed."). In particular, YouTube requests that the Court condition any leave granted Schneider to add new copyrighted works to this case on: (1) the amendment being the final amendment to the complaint absent a showing of good cause; and (2) Schneider including in her amended complaint a final list of all works at issue in the case, with her amended complaint then serving as the complete and final list of the works at issue. So long as the list of works in suit remains a moving target, YouTube's ability to prepare its defenses will be unfairly compromised. *See* Dkt. 72 at 4-5.

Additionally, to ensure that Schneider does not further prejudice YouTube by dragging out the proceedings, YouTube asks that the Court either enter a case schedule for the matter that includes a deadline for final identification of alleged infringements by URL, or direct the parties promptly to present such a schedule or competing schedules for the Court's consideration.

## CONCLUSION

For the foregoing reasons the Court should deny Schneider's motion for leave to amend.

Respectfully submitted,

Dated: July 19, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
David H. Kramer

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC