DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>———————————————————<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF LAUREN GALLO WHITE IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S OPPOSITION TO PLAINTIFF MARIA SCHNEIDER'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Hearing Date: August 12, 2021<br><br>Time: 10:00 am<br><br>Before: Hon. James Donato |

I, Lauren Gallo White, declare as follows:

1. I am duly admitted to practice law in the State of California and am a partner with the law firm Wilson Sonsini Goodrich & Rosati, P.C., attorneys for Defendants and Counterclaimants YouTube, LLC and Google LLC (collectively, "YouTube"). I submit this declaration in support of YouTube's Opposition to Plaintiff Maria Schneider's ("Schneider") Motion For Leave To File First Amended Complaint. I am over the age of 18 and competent to make this declaration. I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of each of them.

Discovery to Date:

2. I have served as one of the lead attorneys for YouTube on the discovery efforts in this case from the beginning. I have had multiple discovery-related interactions with our Wilson Sonsini team, with YouTube's in-house counsel, and with YouTube personnel virtually every week for at least the past nine months. My colleagues and I also have participated in interviews of at least twenty YouTube engineers and operations personnel and have helped prepare responses to the document requests and interrogatories propounded by Plaintiffs Maria Schneider and Pirate Monitor, Ltd. ("Plaintiffs") in this case.

3. Discovery in this case opened in September 2020. To date, Plaintiffs have propounded 105 requests for production to YouTube. Many of those requests have a dozen or more subparts. Together, Plaintiffs also served 18 interrogatories directed to YouTube. In response, YouTube has provided detailed written responses to the document requests and interrogatory answers and made nine robust document productions including tens of thousands of pages of documents, and considerable electronic information. The parties have exchanged dozens of letters regarding discovery disputes and proposed compromises and have conducted at least a dozen extended meet and confer calls.

4. Our WSGR team has spent hundreds of hours of attorney time responding to Plaintiffs' discovery requests. Much of that time has been spent interviewing and consulting with YouTube representatives, including a host of engineers and members of YouTube's operations,

1   copyright, and in-house legal teams. With their help, and many hours of their time, we have
2   conducted searches of countless data sources, both custodial and non-custodial, for information
3   specifically focused on the Plaintiffs in this action. We have, for example, identified the potential
4   existence of, searched for, collected, reviewed, and produced information regarding Plaintiffs'
5   individual use of YouTube, their interactions with YouTube and YouTube personnel, the specific
6   copyrighted works they have put at issue, and the specific YouTube videos they have claimed
7   infringe their copyrights.

8         5.      Our team has also spent hundreds of additional hours of attorney and client time
9   investigating potential defenses that YouTube has or may assert in this action. Again, our efforts
10  have been focused on the specific Plaintiffs in the case. We have, for example, identified and
11  investigated various licenses that Plaintiffs and their agents have granted to YouTube in a variety
12  of different contexts. Thus far, that investigation has required extensive interaction with
13  YouTube personnel, substantial review of public records, and seven different subpoenas.

14        6.      If new plaintiffs were added to the case at this point, YouTube would need to
15  retrace its steps and redo much of the work it has done. In particular, YouTube would need to
16  redo all of the plaintiff-specific, work-specific, and video-specific work it has done to date,
17  which in my view compromises more than half of the work we have done. It would mean we
18  would need again to obtain access to secure data stores, and re-run searches for information
19  related to the proposed new plaintiffs and the claims they seek to put at issue. We would need to
20  spend dozens of hours or more re-interviewing YouTube engineers and operations people to help
21  us make sense of whatever information is uncovered about the proposed new plaintiffs. We also
22  would need to devote considerable time to investigating the proposed plaintiffs, including,
23  among other things, their works in suit, their use of YouTube's services, and any allegedly
24  infringing videos. If the new plaintiffs had been added to the case at the start, or months ago,
25  much of this duplicative work could have been avoided, as our inquiries and searches for
26  information about them could have been folded into our efforts regarding the existing (and
27  former) plaintiffs.

28

7. In an email thread starting on December 18, 2020, attached hereto as **Exhibit A**, Pirate Monitor's counsel informed YouTube's counsel that they had "discovered there is an error in [Pirate Monitor's] Interrogatory responses and the same error also appears in the complaint." According to its counsel, in the complaint and in its interrogatory response, Pirate Monitor had claimed ownership over and charged YouTube with infringing a copyrighted Hungarian film (*Csak szex és más semi*) that Pirate Monitor did not actually have rights to.

I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.

Executed the 16th day of July, 2021 in San Francisco, California.

*/s/ Lauren Gallo White*
Lauren Gallo White

ATTORNEY ATTESTATION

I am the ECF User whose ID and password are being used to file this Declaration. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from the other signatory.

*/s/ David H. Kramer*
David H. Kramer