# EXHIBIT A

| | |
|---|---|
| **From:** | Rees, Maura |
| **Sent:** | Tuesday, December 22, 2020 6:03 PM |
| **To:** | Cortazar, Ryan; WSGR - schneidervyoutube |
| **Cc:** | KTYouTube; BSFYouTube |
| **Subject:** | RE: Schneider v. YouTube—Amended Response |

Ryan:

While we appreciate you raising this matter, we are troubled both by the "error" you have identified and the manner in which you have alerted us to it. Given your admission that there is a material error in both the complaint and Pirate Monitor's sworn interrogatory responses, we expect a candid explanation of what the error actually is and how it arose, rather than a cryptic email attaching an amended interrogatory response that leaves Defendants to piece together clues about what has transpired. We gather that you have now realized that Pirate Monitor has no valid claim of infringement in connection with the work *Csak szex és más semi* and that you are now seeking to drop your claims in connection with that work, while at the same time asserting claims based on a never-before identified work (*Vakvaganyok*). Please confirm that we have understood the situation correctly.

Moreover, it is not enough just to fix the interrogatory response; the complaint will also need to be amended and Pirate Monitor will need to stipulate to dismissal with prejudice of its infringement claim for *Csak szex és más semi*. Of course, Plaintiffs are not entitled to unilaterally amend their complaint at this point; they must obtain leave from the court or consent from Defendants to do so. To that end, we will need an account of why the complaint and the interrogatory response included this error, when you learned of the error, and why it was only brought to our attention now, nearly six months after the complaint was filed. There is another issue with any effort to add *Vakvaganyok* as a new work in suit: you have not amended your response to Interrogatory No. 2 to identify even one infringement of that belatedly identified work, so we see no basis on which Pirate Monitor would be able to state a claim for infringement as to that work in an amended complaint.

Finally, while we appreciate the offer of an extension of time to file our opposition brief, in the interest of moving this case along without unnecessary delay, we timely filed our opposition on Friday notwithstanding the last-minute notification of the "error."

Please let us know when Plaintiffs are available to discuss these issues.

Best regards,
Maura


Maura L. Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
Direct dial: 650.320.4780

**From:** Cortazar, Ryan <RCortazar@KoreinTillery.com>
**Sent:** Friday, December 18, 2020 11:35 AM
**To:** WSGR - schneidervyoutube <schneidervyoutube@wsgr.com>
**Cc:** KTYouTube <KTYouTube@KoreinTillery.com>; BSFYouTube <bsfyoutube@bsfllp.com>
**Subject:** Schneider v. YouTube—Amended Response

[External]
Counsel,

We have discovered there is an error in our Interrogatory responses and the same error also appears in the complaint. We wanted to let you know before you file your Opposition brief to the Motion to Dismiss today. Under the circumstances, we will agree to a reasonable extension to the deadline to file your Opposition brief following receipt of our amended interrogatory responses.

George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Ryan Z. Cortazar *(pro hac vice)*
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:  (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Maria Schneider and
Pirate Monitor, LTD*

Philip C. Korologos *(pro hac vice)*
  pkorologos@bsfllp.com
Joanna C. Wright *(pro hac vice)*
  jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:  (212) 446-2300
Facsimile: (212) 446-2350

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | CASE NO. 5:20-cv-4423<br><br>**PLAINTIFF PIRATE MONITOR LTD'S AMENDED RESPONSE AND OBJECTIONS TO YOUTUBE AND GOOGLE'S INTERROGATORY NO. 1** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Pirate Monitor Ltd. submits the following amended response and objections to Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively "Defendants") Interrogatory No. 1 to Plaintiff Pirate Monitor Ltd., contained in Defendants' First Set of Interrogatories dated October 12, 2020.

By submitting this amended response, Pirate Monitor Ltd. does not intend to concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the lawsuit.

Pirate Monitor Ltd. reserves the right to supplement, amend or revise this response, including based on any responses or objections submitted by Defendants to any of Pirate Monitor Ltd.'s discovery requests. Pirate Monitor Ltd. also asserts that any discovery obligations should be mutual between parties, so that if any of Pirate Monitor Ltd. objections are overridden, Defendants should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

**GENERAL OBJECTIONS**

1. Pirate Monitor objects to the Interrogatories to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. Pirate Monitor objects to the Interrogatories, and to each Definition and specific Request contained therein, insofar as they seek information not in Pirate Monitor's possession, custody, or control. Pirate Monitor further objects to the Requests to the extent they seek documents and information that Pirate Monitor does not have the practical ability to obtain or which would be unreasonably burdensome to identify or to obtain.

3. Pirate Monitor objects to the extent the Interrogatories seek information or that is already in Defendants' possession, is equally accessible to Defendants, or is readily accessible to Defendants.

4. Pirate Monitor further objects to the Interrogatories to the extent that the burden of deriving an answer from other sources of discovery will be substantially the same for Defendants as it is for Pirate Monitor.

5. Pirate Monitor objects to the Interrogatories to the extent they seek information that Defendants can obtain from sources that are more convenient, less burdensome, or less expensive.

6. Pirate Monitor objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

7. Pirate Monitor further objects to the Interrogatories to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable, or otherwise seek the discovery of information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence

8. Pirate Monitor objects to the Interrogatories to the extent they are propounded for the improper purpose of annoying or harassing Pirate Monitor.

Pirate Monitor's responses are based solely on facts reasonably known to Pirate Monitor at the time of responding to these Interrogatories. Pirate Monitor reserves the right to supplement, amend, or otherwise modify these responses.

## OBJECTIONS TO DEFINITIONS

Pirate Monitor Ltd. objects to the definition of "Works In Suit" to the extent it requires Pirate Monitor Ltd. to assert that a copyright for a specific work has been infringed prior to discovery. Pirate Monitor Ltd. will identify all works for which it holds copyrights.

## SPECIFIC OBJECTIONS AND RESPONSES

Pirate Monitor Ltd. reserves the right to amend or revise its Specific Objections and Responses, including after meeting and conferring with Defendants regarding any Request.

**INTERROGATORY NO. 1: Identify each Work In Suit by title, author, owner, date of creation and United States copyright registration number, if applicable.**

Plaintiff Pirate Monitor Ltd. identifies the following Works In Suit:

- *Zimmer Feri 2*, authored by Megafilm Kft, owned by Pirate Monitor, 2010
- *Immigrants – Jóska menni Amerika*, authored by Klasky Csupo Inc. and Megafilm Kft, owned by Pirate Monitor Ltd., 2008, PA0002228928
- *Vakvaganyok*, authored by Megafilm Kft, owned by Pirate Monitor, 2001

## VERIFICATION

Gabor Csupo has read the foregoing responses to Defendants' Interrogatories, and the answers contained therein are true to the best of his knowledge, information, and belief.

Signed: _____

Date: 12/18/2020

Dated: December 18, 2020							Respectfully submitted,

/s/ Ryan Z. Cortazar
George A. Zelcs *(pro hac vice)*
Randall P. Ewing, Jr. *(pro hac vice)*
Ryan Z. Cortazar *(pro hac vice)*
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe *(pro hac vice)*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and Pirate Monitor LTD*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2020, I caused the foregoing Plaintiff Pirate Monitor LTD's Amended Response & Objections to YouTube's and Google's Interrogatory No. 1 to Plaintiff Pirate Monitor LTD to be served on all opposing counsel of record by email at the addresses listed below:

Schneidervyoutube@wsgr.com

/s/ Ryan Z. Cortazar