

September 16, 2021

**VIA ECF**

The Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

*Schneider v. YouTube*—Case No. 3:20-cv-04423 (N.D. Cal.)

Dear Judge Donato,

The parties in the above-captioned action write jointly pursuant to the Court's direction that the parties jointly submit a proposed case schedule (ECF No. 92). We certify that the parties have met and conferred on the issues raised here consistent with Your Honor's Standing Orders. While we have been able to narrow the issues in dispute, the parties were unable to resolve the disputes described below. The parties therefore have attached as Exhibits A and B proposed schedules. Below, each party has set forth their position on scheduling.

## I. Plaintiffs' Position

Plaintiffs' proposed schedule (Exhibit A) accounts for Defendants' significant discovery delays and includes a necessary deadline for substantial completion of document production of March 4, 2022. Pursuant to the Court's direction (ECF No. 82), lead counsel met and conferred throughout June through August about issues in Plaintiffs' letter motions (e.g., ECF Nos. 70 & 80). Although some progress was made, Defendants are still causing undue delay.

Plaintiff Maria Schneider, Counterclaim Defendant Pirate Monitor, and targets of Defendants' non-party subpoenas have substantially completed their productions of more than 54,000 documents. Defendants have produced only 7,105 documents and only 285 since April 2021.[1] Yet Defendants still oppose as "unnecessary" a deadline for completion of rolling productions. Even where some compromises were reached, Defendants continue to impede discovery. For example, Defendants agreed on July 15, 2021, to produce the fields and field descriptions (and later a small data sample) for their DMCA takedown notice and Content ID claim databases, but have still not produced these materials. Plaintiffs have sought this information since October 2020 for the purpose of understanding what data Defendants keep in the ordinary course, proposing compromises that could address Defendants' asserted burdens, and balancing any burdens of production against the considerable relevance of these databases.

Defendants have also impeded discovery by asserting that many of Plaintiffs' discovery Requests outside the Court's May 27, 2021, Order can be discussed only by lead counsel for each side and by demanding that Plaintiffs respond in writing to Defendants' Responses and Objections

---

[1] Moreover, nearly two thirds of Defendants' production are Plaintiff's (or Pirate Monitor's) Takedown Notices, copies of industry newsletters, or screenshots of Defendants' public website.



but then refusing to engage with Plaintiff's proposed compromises. Plaintiff expects to bring certain discovery disputes to the Court soon but provides this as context for the schedule.

### A. Deadline for Motion for Class Certification

Plaintiffs propose July 21, 2022, as the deadline for their motion for class certification. This deadline will allow for any motion to dismiss; for Defendants to produce materials subject to discovery compromises and pertaining to the new Plaintiffs Uniglobe Entertainment, LLC and AST Publishing; for Plaintiffs to bring motions to compel materials Defendants have refused to produce; for Plaintiffs to review Defendants' productions; and to conduct depositions, none of which have been noticed to date. Plaintiffs require substantial discovery to meet their burdens under Rule 23 to demonstrate the commonality and predominance of factual issues. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Forcing Plaintiffs to file a diluted motion for class certification without this necessary discovery would unfairly reward Defendants' intransigence. Defendants would be able to contest the motion based on Ms. Schneider and Pirate Monitor's substantially complete document productions while affording Plaintiffs only Defendants' cherry-picked partial productions with large numbers of relevant documents withheld.

This danger is not hypothetical. Defendants have delayed and blocked discovery on core issues related to class certification. For example, Defendants have only this week advanced in writing a compromise proposal to use Content ID to search for videos infringing on the copyrights in this case. YouTube makes Content ID available only to large copyright owners, while smaller copyright owners like the Plaintiffs must identify infringement through inferior manual searches, relying on keywords selected by the infringing uploader. This request is important for class certification to aid Plaintiffs in establishing, among other things, (1) the magnitude of the actual infringement of Plaintiffs' copyrights on YouTube; (2) that Content ID identifies more instances of infringement than can be found through manual searches; and (3) that Content ID can be used to identify infringements as part of a streamlined and efficient process for the putative class.

Defendants have also not yet produced their copies of original uploaded videos that contain copyright management information ("CMI") that will show that Defendants have stripped this statutorily protected information from copyrighted works in violation of the DMCA. Defendants have also refused to answer straightforward questions about what CMI is contained in their copies of uploaded videos, claiming that the answers will be contained in as yet unproduced videos. Compounding their delays, Defendants insist that they will not produce certain documents for Ms. Schneider until they can collect documents for Uniglobe and AST even while simultaneously refusing to search for Uniglobe and AST-specific documents until the Court authorizes the amended complaint to be formally re-filed. In short, Plaintiffs suggest a July 21, 2022, deadline as a reasonable timeline for the motion for class certification.

### B. Identification of Copyrighted Works and Infringements

Defendants have repeatedly tried to impose a requirement—not found in the case law—that the Complaint identify each copyrighted work and every infringement of those works that Plaintiffs have located through cumbersome and ineffective manual searches. The parties' positions were set forth in the briefing on Defendants' "administrative motion," which in effect



sought an advisory ruling on the sufficiency of the Complaint through a motion not permitted by the Federal Rules (ECF Nos. 72 & 73; denied without prejudice (ECF No. 92)).

To try to resolve this dispute, Plaintiffs have agreed to identify all copyrighted works in their amended pleading to be filed within five days of entry of a scheduling order in this case. Plaintiffs have also agreed to provide in discovery the URLs for infringing videos of which they are aware within 14 days of the Court's entry of a scheduling order.  Contrary to Defendants' allegations of a "moving target," Plaintiffs' schedule also commits to identifying a final combined list of alleged infringements for purposes of this case,  deeming those infringements to be amended into the operative complaint.   Plaintiffs' schedule thus imposes reasonable deadlines for identification of infringements in an effort to streamline the schedule, while also accommodating Defendants' position, even though it is not supported by applicable law.  Plaintiffs are open to a date as close as January 21, 2022 (the date proposed by Defendants); however, any deadline to finally identify infringements must allow sufficient time (60 days) after Defendants use Content ID to identify matches reflecting videos that may be infringements not locatable by manual searches.  Compl. (ECF No. 1) ¶¶ 9-10.  Defendants cite to cases involving Pinterest but those cases are inapposite because the entire gravamen of this case is that YouTube has a powerful search tool (Content ID) that can locate infringements that it refuses to make available to Plaintiffs and the class.  A fixed date of January 21, 2022, would incentivize Defendants to continue to impede their running Content ID on the copyrighted works, avoid providing discovery of all infringements on YouTube, and to delay production of other information relevant to infringements.

## II.  Defendants' Position

YouTube's proposed schedule (attached as Exhibit B) retains almost the same, reasonable sequence and timing of events that both parties agreed to five months ago (ECF 72-2), and includes deadlines for Plaintiff to identify her copyrighted works in suit and all alleged infringements of those works, as the Court directed in its August 25 Order (ECF 92, "the Order"). By contrast, Plaintiff now seeks a schedule that would delay *until July 2022* (two years into the case) the Court's review of whether a class may be certified. That runs into the teeth of Rule 23's requirement that the class certification decision should be made "early," and unreasonably prolongs Plaintiff's wide-ranging discovery campaign. *See* Fed. R. Civ. P. 23(c)(1)(A); *accord* 5 Moore's Federal Practice - Civil § 23.81 (2021).

The prior agreement on the case schedule reflected in YouTube's proposal was the product of Court-directed meet and confers, and memorialized in YouTube's Administrative Motion filed on April 15, 2021 (ECF 72). Notably, that agreement included the mutual recognition that a class certification motion should be filed just *three months thereafter*. Indeed, the parties had agreed on nearly all dates in the schedule, with an outstanding dispute limited to whether and when Plaintiff should be required to provide a final identification of works and alleged infringements. *Id.*

Following the Order, YouTube proposed a schedule that mirrored the parties' prior submission, with dates extended to account for the passage of time. YouTube further took the Court's direction to propose "a deadline for the identification and disclosure of works **and** infringements." ECF 92 (emphasis added). YouTube's proposal maintains a prompt deadline for Plaintiff to move for class certification (approximately four months from now). It also provides



clear deadlines that will permit the parties sufficient time to complete discovery and motion practice while moving the case forward.

In response, Plaintiff has proposed a schedule that is a stark departure from the parties' prior agreement (Ex. A).[2] After more than a year of discovery, Plaintiff claims she needs another year to move for class certification, and cannot do so until YouTube provides her with highly individualized results of a process using YouTube's proprietary Content ID system to find potential "matches" of her works on the service. But the results of that process would have no bearing on the Rule 23 class certification analysis. And it is telling that Plaintiff previously agreed to a class certification deadline without raising the process, let alone obtaining such results. ECF 72. There is no justification to delay class certification on this basis. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 U.S. Dist. LEXIS 7015, at *6 (N.D. Cal. Jan. 20, 2015) (rejecting proposal to bifurcate discovery where additional discovery would delay consideration of class certification). The Court should hold Plaintiff to the terms of the parties' prior agreement and set the class certification deadline in Defendants' proposal. That gives Plaintiff not only the time she previously claimed to need, but also the benefit of the five months that have passed since that agreement was struck.

Plaintiff's scheduling proposal is also contrary to the Order—it still lacks an actual deadline for final identification of alleged infringements. Plaintiff appears intent on forcing Defendants to continue chasing a moving target with respect to her claims. Under Plaintiff's schedule, Plaintiff would have until "[t]he later of January 21, 2022 or 60 days after Defendants disclose all Content ID matches for the copyrighted works contained in the amended complaint." Ex. A. Plaintiff's contingent deadline will create mischief and uncertainty, giving Plaintiff a unilateral option to assert that she is dissatisfied with Defendants' process and indefinitely delay her final identification. Tying a final identification deadline to Plaintiff's satisfaction with use of YouTube's Content ID system is a further invitation to dispute, delay, and manipulation. By adopting YouTube's proposed schedule, the Court would be following the lead of other courts in this District that have set forth a clear and unconditional deadline for a plaintiff's final identification of alleged infringements, one well before the close of fact discovery to give Defendants time to then investigate the claims. *See Harrington III v. Pinterest, Inc.*, No. 5:20-cv-05290-EJD, ECF 37 at 2 (N.D. Cal. July 15, 2021) (Davila, J.) (setting deadline for plaintiff to serve final identification of alleged infringements); *Davis v. Pinterest, Inc.*, No. 4:19-cv-07650-HSG, ECF 63 at 1 (N.D. Cal. Dec. 15, 2020) (Gilliam, J.) (same).

Plaintiff's argument for an elongated case schedule rests on claims about YouTube's supposed delays in providing discovery. Those claims are unfounded. Plaintiff has propounded hundreds of document requests to YouTube. Despite Plaintiff's ocean-boiling approach to discovery, YouTube has worked diligently to respond. YouTube and its counsel have interviewed more than twenty YouTube engineers and operations personnel, provided detailed written responses to the document requests, made a dozen document productions, exchanged countless letters regarding proposed compromises, and conducted more than a dozen extended meet-and-

---

[2] Plaintiff's proposed schedule includes other overly-complicated departures from the previously-agreed schedule including multiple deadlines that are contingent on other case events and therefore uncertain, and various unnecessary interim discovery deadlines.



confer calls. *See* Gallo White Decl., ECF 89-5. YouTube has also produced detailed interrogatory responses. The notion that it has failed to engage meaningfully in the discovery process is demonstrably false.

Only after the Court ordered lead counsel to meet and confer about the parties' motions to compel (ECF 82) did Plaintiff begin to prioritize her myriad discovery demands. Over the course of perhaps another dozen hours of conversations, the parties have made significant progress in right-sizing Plaintiff's requests and agreeing on the scope of materials to be produced. YouTube has already satisfied several of the commitments it made in that process.[3] And Plaintiff has not seen fit to seek the Court's assistance on any discovery matters in the months that have passed since.[4] Given that, it is surprising to see Plaintiff set forth supposed grievances here. Regardless, they do not justify the extended case schedule that Plaintiff seeks.

In short, Plaintiff's proposed schedule is not reasonable. YouTube respectfully requests that the Court enter its proposed schedule for the reasons set forth above.

Respectfully submitted,                          Respectfully submitted,

*/s/ Philip C. Korologos*                         */s/ David H. Kramer*

Philip C. Korologos                               David H. Kramer

*Counsel for Plaintiffs Maria Schneider,*         *Counsel for Defendants and Counterclaimants*
*Uniglobe Entertainment, LLC, AST*                *YouTube, LLC and Google LLC*
*Publishing, and Counterclaim Defendant*
*Pirate Monitor LTD*

cc: All counsel via ECF

---

[3] Plaintiff's reductive description of YouTube's productions, as mere document counts, ignores that YouTube has produced, for example, spreadsheets that may be a single "document" but contain considerable volumes of data, as well as other types of files such as video files. Plaintiff's "document count" comparisons are further flawed in that they apparently claim credit for the thousands of illegible, duplicative, and empty documents that litter her production.

[4] The parties have some disagreements and are continuing to discuss those to see if they can reach accord. If they cannot, both sides have the ability to seek the Court's intervention through the process detailed in the Court's Standing Order.