# EXHIBIT C

DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Defendants.<br><br>———————————————<br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>PIRATE MONITOR LTD,<br><br>　　　　Counterclaim Defendant. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**<br><br>Judge: Hon. James Donato |

**removed, and any changes to the allocation of revenue associated with the video that was the subject of the Takedown Notice.**

**RESPONSE TO DOCUMENTS REQUEST NO. 27:**

Defendants further object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" documents), and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants further object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case.

Defendants object that this Request is compound and structurally confusing. Defendants further object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 28:**

**All databases Concerning Takedown Notices and Documents sufficient to show all fields in any databases Concerning Takedown Notices, Including a description of the nature of each field.**

**RESPONSE TO DOCUMENTS REQUEST NO. 28:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" databases), and not relevant to any party's claim or defense or proportional to the needs of the case.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

**DOCUMENT REQUEST NO. 29:**

**All Removed Takedown Notice Videos.**

**RESPONSE TO DOCUMENTS REQUEST NO. 29:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" videos, regardless of their relevance to the parties' claims or defenses), and not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the request is vague and ambiguous in its use of the undefined term "Takedown Notice Videos."

**DOCUMENT REQUEST NO. 30:**

**Documents sufficient to show the following information for all Removed Takedown Notice Videos:**

**a. The date(s) uploaded, the number of copies made, the date each copy was made, the location of each copy;**

**b. the metadata included with each video (Including before and after each video was uploaded) and whether that metadata was supplied by the User or You;**