# EXHIBIT D

DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 78-105)**<br><br>Judge: Hon. James Donato |

1  States District Court for the Northern District of California, the Standing Order for Discovery in
2  Civil Cases before Judge Donato, or any other applicable law, or to the extent that the
3  Instructions purport to require Defendants to take actions or provide information not required by
4  or which exceed the scope of the Federal Rules of Civil Procedure, the Local Rules of the United
5  States District Court for the Northern District of California, the Standing Order for Discovery in
6  Civil Cases before Judge Donato, or any other applicable law.

7  24.  Defendants object to Instruction No. 8 insofar as it calls for information beyond
the scope of the three-year statute of limitations applicable to Plaintiff's claims. *See* 17 U.S.C.
§ 507(b). Defendants will produce reasonably accessible non-privileged documents following an
inquiry proportionate to the needs of the case for the three-year period predating the filing of the
Complaint.

### SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 78:

**Documents sufficient to Identify or production of one or more databases or their contents containing the following: all videos posted to the YouTube platform that have been identified as "Video Matches," the work used to create the ID File that matched to the video, the owner of the work used to create the ID File, the Content ID Participant that submitted the work, the user that posted each video, the channel where such video was posted, and whether each video was blocked, monetized or tracked.**

### RESPONSE TO DOCUMENT REQUEST NO. 78:

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request, which is vexatious and appears to be designed to harass Defendants, on the grounds that it is unduly burdensome and overly broad (especially insofar as it demands that Defendants produce "all" videos posted to the YouTube platform that have been identified as "Video Matches."). Defendants object to the Request as vague and ambiguous in its use of the terms "Video Matches," "ID File," "Content ID Participant," "work used to create," "submitted the work," and "owner of the work." Defendants further object as the Request is not relevant to any party's claim or defense or proportional to the needs of the case.

Even if this Request were relevant to the claims in this action, it still would be improper. Defendants object that this Request is compound and structurally confusing to the extent that it contains multiple sub-parts. Defendants further object that this Request seeks documents concerning works that have not been identified as Works In Suit.

In addition, Defendants object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case. Defendants also object to this Request to the extent that it seeks information that Defendants do not collect and/or log in the ordinary course of their business and the production of which is therefore not possible.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law. To the extent this Request seeks materials relating to third parties, Defendants object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims or Counterclaimants' Counterclaims and for the production of proprietary, confidential, or trade secret documents.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 79:**

**Documents sufficient to show every part of the Content ID System's user experience, including the pages or screens that show the processes for applying for access to the Content ID System, uploading copyrighted works as Reference Files, reviewing Video Matches and applying Policies, including Monetizing, Blocking, or Tracking Video Matches, manually submitting Content ID claims, and managing Disputes, as well as Documents sufficient to show how each page or screen of the Content ID System's user experience interacts with each other page or screen.**