*CONTAINS "CONFIDENTIAL" INFORMATION*

1 | DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
2 | WILSON SONSINI GOODRICH &
ROSATI
3 | Professional Corporation
650 Page Mill Road
4 | Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
5 | Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
6 |         mrees@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

7 | Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

8 |

UNITED STATES DISTRICT COURT

9 |

NORTHERN DISTRICT OF CALIFORNIA

10 |

SAN FRANCISCO DIVISION

11 |

| | |
|---|---|
| 12  MARIA SCHNEIDER, individually and on behalf of all others similarly situated, | CASE NO.: 3:20-cv-04423-JD |
| 13  Plaintiff, | **DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO COUNTERCLAIM DEFENDANT PIRATE MONITOR LTD'S SECOND SET OF INTERROGATORIES (NO. 5)** |
| 14  v. | |
| 15  YOUTUBE, LLC and GOOGLE LLC, | |
| 16  Defendants. | |
| 17 | Judge: Hon. James Donato |
| 18 | |
| 19  YOUTUBE, LLC and GOOGLE LLC, | |
| 20  Counterclaimants, | |
| 21  v. | |
| 22  PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ, | |
| 23 | |
| 24  Counterclaim Defendants. | |
| 25 | |

26 |

27 |

28 |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Northern District of California, Defendants and Counterclaimants YouTube, LLC and Google LLC (collectively, "Counterclaimants") hereby respond to Counterclaim Defendant Pirate Monitor Ltd.'s Second Set of Interrogatories ("Interrogatories") as follows:

## **RESPONSES AND OBJECTIONS**

All responses to the Interrogatories are based upon the information presently known to Counterclaimants and are given without prejudice to Counterclaimants' right to revise and supplement these responses. An answer to an Interrogatory shall not be deemed a waiver of any applicable objection. Likewise, an answer to an Interrogatory shall not be deemed an admission of any assertions contained in that Interrogatory.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Counterclaimants incorporate as if restated herein all objections raised to the Definitions and Instructions listed in its response to Pirate Monitor's First Set of Interrogatories, served on December 17, 2020, unless otherwise stated.

## **SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORY**

**INTERROGATORY NO. 5:**

**Identify and quantify each element of damages You claim to have suffered as a result of "the harm caused by Pirate Monitor's conduct" and each element of "the costs of this action" and "attorneys' fees pursuant to 17 U.S.C. § 512(f)" You claim to have incurred as set forth in the Prayer for Relief contained in Your Answer and Counterclaims.**

**RESPONSE TO INTERROGATORY NO. 5:**

Counterclaimants object to this Interrogatory on the grounds that it is vague and ambiguous. In particular, Counterclaimants object to the Interrogatory because it is vague and ambiguous in its use of the phrase "element of damages."

Counterclaimants object that this Interrogatory is compound to the extent that it contains multiple sub-parts, each of which may count against Counterclaim Defendants' allotted total number of interrogatories.

*CONFIDENTIAL*

Counterclaimants further object that this Interrogatory is premature and assumes that Counterclaimants have sufficient information to enable them to answer this Interrogatory. Counterclaimants continue to incur costs and attorneys' fees as a result of the harm caused by Pirate Monitor's conduct, and Counterclaimants expressly reserve the right to supplement this Response and their assessment of damages that they are entitled to be awarded.

Counterclaimants object to this Interrogatory to the extent the information sought may be the subject of expert discovery, and is premature on that basis as well.

Counterclaimants object to this Interrogatory on the grounds that it is duplicative and cumulative of other discovery requests.

Counterclaimants object to this Interrogatory to the extent the information sought is already in Counterclaim Defendants' possession or is otherwise accessible and available to them.

Counterclaimants object that this Interrogatory seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or both. In light of the status of ongoing litigation and pending legal claims, Counterclaimants object, on this basis, to producing legal invoices and time entries that reflect attorney tasks, time spent, and the aggregate fees incurred. Counterclaimants will produce the records in redacted form at the close of discovery or at the appropriate stage.

Counterclaimants object to this Interrogatory to the extent the definitions herein obstruct discovery or otherwise limit the exposure of the participants and their involvement in this lawsuit.

Subject to and without waiving the foregoing objections, Counterclaimants respond as follows:

Counterclaimants have identified and quantified the damages that YouTube has incurred to date as a result of Pirate Monitor's submission of fraudulent takedown requests to YouTube.

<u>Investigation of Pirate Monitor's Misdeeds:</u> Counterclaimants estimate that the resources used to investigate Pirate Monitor's misconduct equates to at least $20,000, calculated by multiplying individuals' hourly rates by the number of hours they spent investigating Pirate

*CONFIDENTIAL*

Monitor's misconduct, including the processing of at least 1,800 bogus DMCA takedowns for the very content uploaded by Pirate Monitor. Given that the harm inflicted upon Counterclaimants is ongoing and that Counterclaimants have not discerned the full scope of Pirate Monitor's misconduct, Counterclaimants are continuing to identify and quantify their damages.

Attorneys' Fees: Counterclaimants are also entitled to attorneys' fees pursuant to 17 U.S.C. § 512(f) (and otherwise) for costs incurred for the following tasks:

- Responding to Pirate Monitor's complaint and drafting counterclaims against Pirate Monitor;
- Responding to Pirate Monitor's Motion to Dismiss Counterclaims;
- Preparing for and participating in the hearing on the Motion to Dismiss Counterclaims; and
- Engaging in the discovery process in relation to Pirate Monitor (including responding to Pirate Monitor's discovery requests, drafting and serving discovery requests to Pirate Monitor and Gabor Csupo, and drafting and analyzing discovery dispute letters).

The sum total of attorneys' fees incurred by Counterclaimants in relation to the above tasks is in excess of $100,000. Counterclaimants continue to incur attorneys' fees as a result of Pirate Monitor's misconduct and obstruction of Counterclaimants' efforts to obtain discovery, by requiring Counterclaimants to engage with various individuals and entities to obtain responsive information and documents, and thus the harm caused remains ongoing.

Costs: Counterclaimants have incurred costs in this action, in the ordinary course, between July 7, 2020 (when Pirate Monitor filed its Complaint) through the present, for which Counterclaimants are entitled to be reimbursed. Counterclaimants currently estimate these costs to include $395 for purposes of retaining a process server to serve Gabor Csupo and Pirate Monitor. Costs continue to accrue, especially in light of Pirate Monitor's obstruction of Counterclaimants' efforts to obtain discovery, and thus the harm caused remains ongoing.

1   <u>Injunctive Relief</u>: Counterclaimants also are entitled to injunctive relief so as to prevent

2   Pirate Monitor from engaging in future fraudulent misconduct that has resulted in the very harm

3   at issue. Indeed, Counterclaimants are still investigating the full scope of Pirate Monitor's

4   misconduct.

5   <u>Punitive Damages</u>: Counterclaimants are not able to estimate the punitive damages

6   resulting from Pirate Monitor's conduct at this time and otherwise reserve this determination for

7   trial.

8   Counterclaimants reserve the right to supplement this entire Interrogatory response with

9   the precise amount of damages, once that information is known, up to and including at the

10   conclusion of this Matter.

11   **VERIFICATION**

12   I have read the foregoing Interrogatory responses, and the answers contained therein are

13   true to the best of my knowledge, information and belief.

14
15   */s/ Nora Oppenheim*
     Copyright Operations Strategist

16   Executed at San Francisco, CA on November 1, 2021

17   Dated:  November 1, 2021         WILSON SONSINI GOODRICH & ROSATI
18                                    Professional Corporation

19

20   By:   */s/ Kelly M. Knoll*
             Kelly M. Knoll

21

22   Attorneys for *Defendants and Counterclaimants*
     YOUTUBE, LLC and GOOGLE LLC

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2
I, Deborah Grubbs, declare:

3
I am employed in Santa Clara County, State of California.  I am over the age of 18 years

4
and not a party to the within action.  My business address is Wilson Sonsini Goodrich & Rosati,

5
650 Page Mill Road, Palo Alto, California 94304-1050.

6
On this date, I served:

7   **1.      DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND
            GOOGLE LLC'S RESPONSES AND OBJECTIONS TO**
8   **COUNTERCLAIM DEFENDANT PIRATE MONITOR LTD'S SECOND
            SET OF INTERROGATORIES (NO. 5)**

9

10  ☒      By forwarding the document(s) by electronic transmission on this date to the
            Internet email address listed below:

11

12         BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

13
I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and

14
processing of documents for delivery according to instructions indicated above.  In the ordinary

15
course of business, documents would be handled accordingly.

16

17
I declare under penalty of perjury under the laws of the United States of America and

18
State of California that the foregoing is true and correct.  Executed at San Mateo, California on

19
November 1, 2021.

20

21      _____
                    Deborah Grubbs
22

23

24

25

26

27

28