DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:  dkramer@wsgr.com
        mrees@wsgr.com
        lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5801
Email:  bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>───────────────────────<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.:  3:20-cv-04423-JD<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date: March 10, 2022<br>Time: 10:00 am<br>Location: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

1

## **TABLE OF CONTENTS**

2   NOTICE OF MOTION AND MOTION ...................................................................1

3   STATEMENT OF REQUESTED RELIEF ............................................................1

4   MEMORANDUM OF POINTS AND AUTHORITIES .........................................1

5   STATEMENT OF THE ISSUES TO BE DECIDED............................................2

6   PLAINTIFFS' DEFICIENT ALLEGATIONS .....................................................3

7   LEGAL STANDARDS ........................................................................................5

8   ARGUMENT .......................................................................................................6

9       I.      PLAINTIFFS HAVE FAILED TO STATE INFRINGEMENT CLAIMS
                FOR WORKS NOT NAMED IN THE AMENDED COMPLAINT. ...................6
10

11      II.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM BECAUSE THEY
                HAVE NOT PLED ANY SPECIFIC INSTANCE OF INFRINGEMENT. ..........6

12      III.    PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD
                OWNERSHIP OF COPYRIGHTS. ..........................................................8
13

14      IV.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WORKS
                THAT WERE NOT REGISTERED BEFORE THE FILING OF THE
15              ORIGINAL COMPLAINT. ..................................................................10

16      V.      UNIGLOBE AND AST CANNOT RECOVER STATUTORY DAMAGES
                AND ATTORNEYS' FEES FOR UNREGISTERED FOREIGN WORKS. .......12

17      VI.     PLAINTIFFS HAVE FAILED TO STATE CLAIMS UNDER § 1202(b)
                BECAUSE THEY HAVE FAILED TO ADEQUATELY ALLEGE
18              SCIENTER. .......................................................................................12

19   CONCLUSION ...................................................................................................15

20

21

22

23

24

25

26

27

28

1

**CASES**

*Adobe Sys. v. Software Speedy*,
    2014 WL 7186682 (N.D. Cal. Dec. 16, 2014) ..................................................7

*Apl Microscopic, LLC v. David A. Steenblock, D.O., INC.*,
    2021 WL 3008294 (C.D. Cal. July 8, 2021) ....................................................9

*Arreola v. Cal. Dep't of Corr. & Rehab.*,
    2017 WL 1196802 (N.D. Cal. Mar. 31, 2017) (Donato, J.) ...............................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................5, 9

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
    2020 WL 1877707 (N.D. Cal. Apr. 15, 2020) .................................................7

*Blizzard Entm't., Inc. v. Lilith Games (Shanghai) Co.*,
    149 F. Supp. 3d 1167 (N.D. Cal. 2015) .........................................................7

*Chambers v. Apple Inc.*,
    2014 WL 7044167 (D.S.C. Dec. 12, 2014) .....................................................6

*Cutler v. Enzymes, Inc.*,
    2009 WL 482291 (N.D. Cal. Feb. 25, 2009) ...................................................7

*Dworkin v. Hustler Magazine, Inc.*,
    867 F.2d 1188 (9th Cir. 1989) .......................................................................5

*Flava Works, Inc. v. Clavio*,
    2012 WL 2459146 (N.D. Ill. June 27, 2012) ................................................6, 7

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
    633 F. Supp. 2d 159 (S.D.N.Y. 2009) ..........................................................12

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*,
    139 S. Ct. 881 (2019) .................................................................................10

*Harrington v. Pinterest, Inc.*,
    2021 WL 4033031 (N.D. Cal. Sept. 3, 2021) ............................................13, 14

*Interscope Recs. v. Rodriguez*,
    2007 WL 2408484 (S.D. Cal. Aug. 17, 2007) .................................................8

*Izmo, Inc. v. Roadster, Inc.*,
    2019 WL 2359228 (N.D. Cal. June 4, 2019) .................................................11

*Kifle v. YouTube LLC*,
    2021 WL 1530942 (N.D. Cal. Apr. 19, 2021) ............................................10, 11

YOUTUBE NOTICE OF MTN AND
MTN TO DISMISS
    -ii-
    CASE NO. 3:20-cv-04423-JD

*Lahiri v. Universal Music & Video Distrib., Inc.*,
    513 F.Supp.2d 1172 (C.D. Cal. 2007) ...................................................................... 9

*Martin v. Walt Disney Internet Grp.*,
    2010 WL 2634695 (S.D. Cal. June 30, 2010) ........................................................ 12

*Pak's Trading Eur. B.V. v. Target*,
    2018 WL 8333362 (C.D. Cal. July 5, 2018) ............................................................ 9

*Rentmeester v. Nike, Inc.*,
    883 F.3d 1111 (9th Cir. 2018) ................................................................................ 6

*Saregama India Ltd. v. Mosley*,
    635 F.3d 1284 (11th Cir. 2011) .............................................................................. 9

*Sega Enterprises, Ltd. v. Accolade, Inc.*,
    1992 U.S. Dist. LEXIS 4621 (N.D. Cal. Mar. 20, 1992) ........................................ 6

*Signatours Corp. v. Hartford*,
    2015 WL 1058181 (W.D. Wash. Mar. 11, 2015) ................................................... 9

*Stevens v. Corelogic, Inc.*,
    899 F.3d 666 (9th Cir. 2018) ........................................................................... 13, 14

*Strober v. Williams*,
    2020 WL 6049615 (M.D. Fla. Sept. 23, 2020) ..................................................... 11

*UAB "Planner 5D" v. Facebook, Inc.*,
    2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ................................................. 10, 11

*Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*,
    2019 WL 9050859 (C.D. Cal. Aug. 5, 2019) ........................................................ 11

**STATUTES**

17 U.S.C. § 411(a) ............................................................................................... 4, 10, 11

17 U.S.C. § 412 ............................................................................................................ 2, 12

17 U.S.C. § 501(b) ............................................................................................................ 8

17 U.S.C. § 1202 .......................................................................................................... 2, 12

17 U.S.C. § 1202(b) ............................................................................................ 1, 3, 5, 12, 13

17 U.S.C. § 106 ................................................................................................................. 8

**RULES**

Fed. R. Civ. P. 12(b) ....................................................................................................... 1, 5

Fed. R. Civ. P. 12(c)...........................................................................................................1, 5

Fed. R. Civ. P. 12(e).................................................................................................................7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 10, 2022 at 10:00 a.m., YouTube, LLC and Google LLC ("YouTube") will move for an order dismissing the claims of Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC ("Uniglobe"), and AST Publishing, LTD. ("AST").

### STATEMENT OF REQUESTED RELIEF

Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c), YouTube requests that the Court dismiss Plaintiffs' claims for copyright infringement and for violations of 17 U.S.C. § 1202(b) as set forth in the accompanying Proposed Order.

### MEMORANDUM OF POINTS AND AUTHORITIES

In this case filed nearly 18 months ago, Plaintiffs seek to assert copyright infringement claims on behalf of a sprawling putative class of copyright owners. One of the two original plaintiffs, Pirate Monitor, has since dismissed its claims with prejudice after YouTube uncovered proof of its wide-ranging fraud and after it acknowledged it did not own at least one of the copyrighted works it asserted. The other original plaintiff, Maria Schneider, faces insurmountable obstacles to her infringement claims, including because her publishing agent granted YouTube a blanket license to her musical works. Presumably because of these weaknesses, Plaintiffs' counsel has now filed a First Amended Complaint ("FAC") with two new named plaintiffs (Uniglobe and AST) joining Schneider as proposed class representatives, but asserting claims based on very different types of copyrighted works, including Russian audio books and Hindi-language translations of films.

Like the original plaintiffs, the new plaintiffs continue to hide the ball on their claims. Ignoring this Court's Order to identify all the copyrighted works at issue in the FAC, Plaintiffs purport to reserve the right to pursue claims for new, unidentified works whenever they please. That not only flouts the Order, but also the law, which requires that all works at issue be identified in the operative pleading. Moreover, to state a claim for infringement, a plaintiff cannot rely on generalized allegations of infringement, but must instead plead specifics. But there is not a single alleged infringement specified for any work identified in the FAC. Plaintiffs' claims remain a moving target, significantly prejudicing YouTube's ability to respond.

The FAC further suffers from a potpourri of pleading problems. Plaintiffs fail, for example, to properly plead facts establishing their supposed ownership of at least 13 identified copyrighted works. This is notable because the Copyright Office does not identify Plaintiffs as the owners of several of the works they purported to put at issue. Copyright Office records also demonstrate that Schneider and Uniglobe failed to obtain pre-suit copyright registration for many of the works they assert. As a matter of law, the infringement claims as to those works cannot proceed. Uniglobe and AST also assert infringement claims based on unregistered foreign works and seek statutory damages and attorneys' fees. But these remedies are legally unavailable for unregistered works.

Finally, Plaintiffs fail to adequately allege scienter, a necessary element of their claims under 17 U.S.C. § 1202 relating to removal of alleged copyright management information (CMI). Their conclusory allegations on this key point are not sufficient to state a claim under Ninth Circuit law. The CMI claim, too, should be dismissed.

If Plaintiffs are not made to satisfy the basic pleading requirements for their claims, they will continue to bob and weave as they have for the past 18 months. That will unfairly prejude Defendants and disrupt case management. A dismissal order clearly confining the scope of the case to that which Plaintiffs have properly pled will provide Defendants with fair notice of the claims and chart a path for the litigation.

## **STATEMENT OF THE ISSUES TO BE DECIDED**

1.     Whether Plaintiffs have stated claims for copyright infringement with respect to unnamed, unidentified works?

2.     Whether Plaintiffs have stated claims for copyright infringement when they have pled only generalized allegations of infringement?

3.     Whether Plaintiffs adequately allege ownership of asserted copyrights?

4.     Whether Plaintiffs have stated claims for copyright infringement when they have not pled a date of copyright registration that pre-dates the filing of the original complaint?

5.     Whether Uniglobe and AST can pursue statutory damage and attorneys' fees for foreign works when they have not registered the works as 17 U.S.C. § 412 requires?

6.     Whether Plaintiffs have stated claims under 17 U.S.C. § 1202(b) when they have not adequately pled scienter?

### PLAINTIFFS' DEFICIENT ALLEGATIONS

This Court granted Maria Schneider leave to amend her original complaint in this action to add two new putative class representatives, Uniglobe and AST. Dkt. 92. But their FAC (Dkt. 99 ("FAC")) merely exacerbated flaws in the original complaint and introduced a host of new ones.

*Works-in-Suit.* Pursuant to this Court's Scheduling Order, Plaintiffs were required to file an amended complaint "identifying all copyrighted works." Dkt. 98. Plaintiffs' FAC fails to comply. Instead of providing a complete list of the copyrighted works at issue, Plaintiffs identify some, while purporting to preserve the right to assert infringement of unnamed "other works." FAC ¶ 113; *see also* FAC ¶ 16 ("Schneider is the legal and/or beneficial owner of exclusive rights under copyrights to numerous works, *including*…" (emphasis added)), ¶ 18 (same for AST).

*Alleged Infringements*. The FAC does not identify a single video on YouTube that allegedly infringed Plaintiffs' copyrights, much less identify at least one allegedly infringing video for each work at issue in the case. Schneider and Uniglobe (but not AST) allege vaguely that their works have "been posted in full or in part on YouTube and have been viewed by YouTube users," but they do not say where. FAC ¶¶ 61, 72. Schneider and AST (but not Uniglobe) allege that they have sent "successful" takedown notices for videos that once appeared on the service, but again fail to identify any. *See* FAC ¶¶ 65, 73, 77.

Schneider highlights her failure to identify alleged infringements in a footnote. FAC ¶ 60 n.7. She claims she "has personal knowledge that *a number* of these works have been uploaded without her permission and were publicly viewable on YouTube" but does not point to a single alleged infringement. *Id*. (emphasis added)*.* For the remaining unspecified "*number*" of works, she admits that she "does not have personal knowledge of infringement." *Id.* (emphasis added) For these works, she alleges "infringement on information and belief," without ever describing any basis for that belief. *Id.*

***Ownership***. Plaintiffs offer only the bare legal conclusion that they are "legal and/or beneficial owner[s]" of the copyrighted works they assert. FAC ¶¶ 16-18, 60, 66, 75. Plaintiffs do not provide facts to support that blanket assertion, and as to a tranche of works, their ownership claims are dubious. Specifically, for certain of the registered works at issue in the FAC, Copyright Office records do not name Plaintiffs as the owner. Plaintiffs say nothing to address this discrepancy. Plaintiffs fail also to allege any basis for their ownership of unregistered foreign works under applicable law.

***Pre-suit Registration and Unregistered Foreign Works***. Plaintiffs fail to allege that they obtained copyright registrations for the majority of works specifically identified in the FAC before this case was filed.[1] For the "other" unidentified works that Plaintiffs may seek to add later, their FAC unsurprisingly says nothing at all about their registration status.

Schneider's allegations here too are artful. Rather than alleging she registered all of her works before filing suit, she avers that "[e]ach of these works was registered with the United States Copyright Office *prior to the assertion of any copyright claims against YouTub*e" (FAC ¶¶ 60 n.7) (emphasis added). Through this wording, Schneider apparently seeks to obscure the fact that least 28 of Schneider's works were not registered by the time she filed her original complaint, as the law requires.[2]

Uniglobe and AST assert foreign works. They do not allege timely registration of these

---

[1] For a handful of works, the FAC pleads registration dates. FAC ¶¶ 60, 67–69. In a few other instances, the FAC pleads that the copyrighted works at issue are "foreign works" exempt from Section 411(a)'s pre-suit registration requirement. FAC ¶¶ 70, 76.

[2] The Copyright Office's website indicates that the following works were registered on November 17, 2020—months after Schneider sued on July 2, 2020: (1) *Aires de Lando*; (2) *A Potter's Song*; (3) *Arbiters of Evolution*; (4) *A World Lost*; (5) *Bluebird*; (6) *Braided Together*; (7) *Carlos Drummond de Andrada Stories (5 songs for soprano and chamber orchestra)*; (8) *Cerulean Skies*; (9) *CQ CQ, Is Anybody There?*; (10) *Data Lords*; (11) *Don't Be Evil*; (11) *Home*; (12) *Lembrança*; (14) *Look Up*; (15) *Nimbus*; (16) *Rich's Piece*; (17) *Sanzenin*; (18) *Sky Blue*; (19) *Sputnik*; (20) *Stone Song*; (21) *String Quartet No. 1*; (22) *The Monarch and the Milkweed*; (23) *The Pretty Road*; (24) *The Sun Waited for Me*; (25) *The Thompson Fields*; (26) *Walking by Flashlight (instrumental big band arrangement)*; (27) *Willow Lake*; (28) *Winter Morning Walks (9 songs for soprano, string orchestra, and jazz trio)*. *See* Request for Judicial Notice; Ex. 1.

works though registration is not a prerequisite to filing suit on foreign works. *See* FAC ¶¶ 70, 75-76. Registration is a prerequisite, however, for a party seeking statutory damages and attorneys' fees. Uniglobe and AST seek those remedies, but they are legally not entitled to them. *E.g.*, FAC ¶¶ 116, 117.

**CMI**. Plaintiffs assert conclusory claims under 17 U.S.C. § 1202(b) alleging Defendants improperly handled copyright management information (CMI) in videos that users uploaded to the service. Specifically, Plaintiffs claim that Defendants automatically removed "hidden" metadata from the uploaded videos, and that some of that metadata could have contained CMI, such as ownership or copyright information. FAC ¶ 83.[3] On the key scienter element of a Section 1202 claim, Plaintiffs offer only the bare conclusion that Defendants knew their actions would encourage copyright infringement. Plaintiffs plead no facts supporting that conclusion.

## LEGAL STANDARDS

A complaint will not survive a motion to dismiss unless it states sufficient factual material, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Fed. R. Civ. P. 12(b)(6)). A facially plausible claim is one that "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" are not enough. *Id.*[4]

---

[3] Plaintiffs allege that "YouTube automatically transcodes video files into a variety of formats for streaming to various devices, a procedure that removes ***all metadata*** associated with the original file." FAC ¶ 33 (emphasis added). But Plaintiffs do not allege that all metadata constitutes CMI, that CMI is necessarily present in the metadata embedded in a given file, or how YouTube would know that the metadata in a given file contained CMI.

[4] Schneider has asserted that a Rule 12(b) motion is untimely as to her claims because Defendants have already answered her original complaint. Schneider's assertion is mistaken because the FAC introduces significant new matter (adding 75 new works to her original 3) warranting a Rule 12(b) motion. In any event, under Rule 12(c), the Court may grant the same relief under the same legal standard. *Arreola v. Cal. Dep't of Corr. & Rehab.*, 2017 WL 1196802, at *2 (N.D. Cal. Mar. 31, 2017) (Donato, J.) ([T]he same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog.") (quoting *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).

1

## <u>ARGUMENT</u>

2

**I.    PLAINTIFFS HAVE FAILED TO STATE INFRINGEMENT CLAIMS FOR**

3

**WORKS NOT NAMED IN THE AMENDED COMPLAINT.**

4

To state a claim for copyright infringement a plaintiff must plausibly allege that "he owns

5

a valid copyright [in the asserted work]" and "that [the defendant] copied protected aspects of the

6

[work's] expression." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018). Naming

7

the work at issue necessarily must precede plausibly alleging ownership and infringement of the

8

work, because "[i]mplicit in the elements" of an infringement claim "is identification of an

9

allegedly-infringed 'work.'" *Flava Works, Inc. v. Clavio*, 2012 WL 2459146, at *2 (N.D. Ill.

10

June 27, 2012). Thus, a copyright infringement "complaint must specifically identify the works

11

that the plaintiff claims the defendant has infringed." Paul Goldstein, Goldstein on Copyright

12

§16.1 (3d ed., 2021-1 Supp. 2005); *see also Chambers v. Apple Inc.*, 2014 WL 7044167, at *4

13

(D.S.C. Dec. 12, 2014) ("In applying Rule 8 . . . courts have held that the plaintiff must identify

14

the specific original work at issue." (collecting cases)).

15

The Court has already recognized this fundamental principle. For months, Plaintiffs

16

refused to provide a complete identification of the works they purport to be suing over, claiming

17

they did not have to do so. But when presented with competing proposed scheduling orders for

18

the case which highlighted the parties' disagreement on this front, the Court ordered Plaintiffs to

19

file an amended complaint "identifying all copyrighted works" at issue. Dkt. 98 at 1.

20

Despite that clear directive, Plaintiffs still purport to assert claims for infringement of

21

unidentified, unpleaded works. FAC ¶¶ 16, 18, 113. Plaintiffs have not only failed to state a

22

claim of infringement for such works, but have flouted the Court's Order that sought to put an

23

end to Plaintiffs' moving target approach to the litigation. The Court should dismiss any

24

infringement claim based on an unnamed work with prejudice.

25

**II.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM BECAUSE THEY HAVE**

26

**NOT PLED ANY SPECIFIC INSTANCE OF INFRINGEMENT.**

27

Copyright infringement requires "plausibly alleg[ing]" both "'copying' and "'unlawful

28

appropriation'" of a work. *Rentmeester*, 883 F.3d at 1116-17. Without a showing of

1    "representative acts of infringement," a plaintiff has not plausibly alleged infringement. *Blizzard*

2    *Entm't., Inc. v. Lilith Games (Shanghai) Co.*, 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015); *cf.*

3    *Sega Enterprises, Ltd. v. Accolade, Inc.*, 1992 U.S. Dist. LEXIS 4621 at *4 (N.D. Cal. 1992)

4    (Rule 12(e) motion for more definite statement granted to the extent that SEL must specify the

5    "other works" which are the subject of the copyright claim, and registration of those works, the

6    acts constituting infringement of those works, and the dates when infringement occurred); *Adobe*

7    *Sys. v. Software Speedy*, 2014 WL 7186682 at *6 (N.D. Cal. Dec. 16, 2014) (granting Rule 12(e)

8    motion for more definite statement because Adobe's "general allegation that Defendants have

9    infringed its 'marks' or 'copyrights' [was] insufficient").

10          Plaintiffs have ignored this pleading requirement, failing to identify in the FAC any

11   alleged infringements of the works on which they are suing. Plaintiffs have likewise failed to

12   explain how they have stated plausible claims of infringement as to those works in the absence of

13   some specific infringement allegations. Courts routinely dismiss claims where, as here, plaintiffs

14   offer only generalized allegations. So, for example, the allegation that "[d]ozens of characters

15   from [defendant's video game]" were infringing was insufficient to state a claim. *Blizzard*

16   *Entm't.*, 149 F. Supp. 3d at 1175. Instead, the plaintiff in *Blizzard Entm't* needed to identify

17   "*which* [of defendant's] characters infringe[d] *which* [of plaintiff's copyrighted] characters." *Id.*;

18   *see also Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, 2020 WL 1877707, at *6 (N.D. Cal.

19   Apr. 15, 2020) (plaintiff needed to allege "what parts of any [of plaintiff's] manual(s) were

20   copied, what portions of [plaintiff's] software ... were copied, and in what [defendant] document

21   or software such copying is manifest"). Similarly, an allegation that "Defendants downloaded

22   copyrighted videos of [plaintiff] ... and posted and distributed the aforesaid videos on other

23   websites" was also not sufficient to identify "the infringed work and the infringing act." *Flava*

24   *Works, Inc.*, 2012 WL 2459146, at *2 (ellipses in original); *see also Cutler v. Enzymes, Inc.*,

25   2009 WL 482291, at *3 (N.D. Cal. Feb. 25, 2009) (complaint failed to plead "discrete" and

26   "specific facts related to the Published Work and alleged copyright infringement"). Again,

27   nowhere in the FAC do plaintiffs identify even *a single video available on YouTube*, much less

28   an allegedly infringing video for each work at issue.

1    The Court's Scheduling Order required Plaintiffs to provide Defendants with both
2    preliminary and final infringement identifications. But that has already proven to be no
3    substitute. In Plaintiffs' preliminary identification list, they continue to obfuscate on this central
4    element of their case. Plaintiffs merely provided an undifferentiated mass of hundreds of video
5    URLs without any indication of which copyrighted works in suit the videos allegedly infringe.
6    Ex. 2. Accordingly, Defendants still cannot tell, either from Plaintiffs' pleading or from their
7    preliminary list of infringements, whether Plaintiffs have identified allegedly infringing videos
8    for each work at issue in the case.[5]

9    Plaintiffs' approach is not merely procedurally improper—it is also unfairly prejudicial.
10   For example, neither Plaintiffs' FAC nor their preliminary infringements include dozens of
11   previously identified alleged infringements from Schneider's sworn interrogatory response.
12   Harold Decl. ¶ 4; Ex. 3 at 7-10. Obviously, those alleged infringements are known to Plaintiffs
13   and should have been included in their preliminary list pursuant to the Scheduling Order. But
14   they are neither there, nor in the FAC, and there has been no explanation at all from Plaintiffs.
15   Defendants have already undertaken significant investigation and directed discovery efforts to
16   the previously identified infringements, but now have no idea if they are still part of the case.

17   At this point, it is clear that Plaintiffs are still hiding the substance of their case from
18   Defendants, eighteen months into it. Plaintiffs' refusal to provide basic information regarding
19   their copyright infringement claims warrants dismissal of those claims.

20   **III.    PLAINTIFFS HAVE FAILED TO SUFFICIENTLY PLEAD OWNERSHIP OF**
21   **COPYRIGHTS.**

22   The exclusive rights of copyright owners granted by Congress under § 106 of the
23   Copyright Act may only be enforced by "[t]he legal or beneficial owner" of "th[e] particular
24   right" infringed. 17 U.S.C. § 501(b). Plaintiffs' ownership allegations are deficient for two sets

25   _____

26   [5] Again, Schneider admits in the FAC that she "does not have personal knowledge" of
     infringement of some of the listed works, instead alleging infringement based on "information
     and belief." FAC ¶ 60 n.7. YouTube videos are publicly available—and thus knowable to
27   Schneider—so her allegations fail to plead infringement under any standard. *See Interscope
     Recs. v. Rodriguez*, 2007 WL 2408484, at *1 (S.D. Cal. Aug. 17, 2007) (allegation of
28   infringement based on "information and belief" failed to state a claim).

1    of works: (1) U.S. registered works where Copyright Office records do not reflect the Plaintiff as

2    owner; and (2) foreign works.

3         Copyright Office records cast doubt on Plaintiffs' bare assertions of ownership for three

4    works. For the screenplay for *Americanizing Shelley*, the copyright claimant is listed as Namrata

5    S. Gujral-Cooper, not Uniglobe Entertainment LLC. Ex. 4. For the motion picture *Americanizing*

6    *Shelley*, the record lists Americanizing Shelley, LLC, and Directors Guild of America, Inc., not

7    Uniglobe Entertainment LLC. Ex. 5. For the motion picture *1 a Minute*, the copyright claimant is

8    listed as Namrata Singh Gujral-Cooper d/b/a UniGlobe Entertainment, but there is no mention of

9    the plaintiff entity Uniglobe Entertainment, LLC. Ex. 6. A claim resting on the "bare allegation

10   that [plaintiff] is the legal or beneficial owner of the copyright" can be dismissed, especially

11   where the registration records "reflect[] a different entity as the copyright claimant." *Signatours*

12   *Corp. v. Hartford*, 2015 WL 1058181, at *3 (W.D. Wash. Mar. 11, 2015); *see also Apl*

13   *Microscopic, LLC v. David A. Steenblock, D.O., INC.*, 2021 WL 3008294, at *3 (C.D. Cal. July

14   8, 2021) (same); *Pak's Trading Eur. B.V. v. Target*, 2018 WL 8333362, at *7 (C.D. Cal. July 5,

15   2018) (same). That is the case here.

16        Separately, Plaintiffs fail to plead ownership under foreign law. "Initial ownership of a

17   copyrighted work is determined by the laws in the work's country of origin." *Saregama India*

18   *Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011) (quoting *Lahiri v. Universal Music &*

19   *Video Distrib., Inc.*, 513 F.Supp.2d 1172, 1176 n.4 (C.D. Cal. 2007)). But Uniglobe and AST do

20   not specify the countries of origin for their foreign works, let alone allege ownership under those

21   (unnamed) countries' laws. *See* FAC ¶ 70 (Uniglobe alleging that "Hindi-language version of *5*

22   *Weddings* was first published in *India and neighboring countries*" (emphasis added)), 75-76 (all

23   AST works "were first published in *Russia and/or other foreign countries*" (emphasis added)).

24        There is good reason to require Plaintiffs to carry their pleading burden here. As the

25   Court may recall, Pirate Monitor attempted to assert copyright claims for a work it did not own,

26   and ultimately dismissed its infringement claims with prejudice after admitting that glaring

27   problem. Dkt. 66. This history provides even more reason why Plaintiffs' conclusory allegations

28   of ownership—which need not be accepted as true, *see Iqbal*, 556 U.S. at 662—should be

1  viewed with skepticism. Uniglobe's claims based on *Americanizing Shelley*, *1 a Minute*, the

2  Hindi-language translation of *5 Weddings*, and all of AST's claims should be dismissed for

3  failure to plausibly allege ownership of copyrighted works.

4  **IV.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WORKS THAT WERE**

5  **NOT REGISTERED BEFORE THE FILING OF THE ORIGINAL COMPLAINT.**

6  The owners of a copyright on a work created in the United States are not permitted to

7  "institute[]" a "civil action" for infringement unless and until "registration [of the work] ... has

8  been made" with the U.S. Copyright Office. 17 U.S.C. § 411(a); *see Fourth Estate Pub. Benefit*

9  *Corp. v. Wall-Street.com*, 139 S. Ct. 881, 886 (2019). Thus, to plead an infringement claim, a

10  plaintiff must "plausibly allege[] that he obtained a valid copyright registration for [the work]

11  before initiating th[e] lawsuit." *Kifle v. YouTube LLC*, 2021 WL 1530942, at *6 (N.D. Cal. Apr.

12  19, 2021). Plaintiffs tacitly recognize this requirement, as they pled pre-suit registration dates for

13  some (but not most) of the works named in the complaint. *E.g.*, FAC ¶ 60 (alleging that "Hang

14  Gliding" was "registered with the United States Copyright Office on May 20, 2003").

15  In a footnote, Schneider purports to add 75 new works to the case, but does not plead

16  registration dates for any of them. FAC ¶ 60 n.7. Instead Schneider alleges that each of the new

17  works "was registered … *prior to the assertion of any copyright claims against YouTube*." FAC

18  ¶ 60 n.7 (emphasis added). That allegation of "[pre-]assertion" registration is not enough. The

19  statute requires registration before "institut[ing]" a "civil action," i.e., *pre-suit* registration. 17

20  U.S.C. § 411(a); *Kifle*, 2021 WL 1530942, at *6 ("before initiating th[e] lawsuit"). Even a

21  cursory review of Copyright Office records indicates that Schneider registered at least 28 of the

22  75 works *months after* filing suit on July 2, 2020. *See, e.g.*, FAC ¶ 60 n.7 (asserting claims in

23  "Aires de Lando" and "A Potter's Song"); Ex. 1 at 1 ("Aires de Lando" registered "2020-11-

24  17"); Ex. 1 at 2 ("A Potter's Song" registered "2020-11-17"); *see also supra* at 2 n.2 (listing the

25  28 works).

26  Schneider apparently believes that she complied with § 411(a) because she registered the

27  works before *amending* her complaint. But she "cannot cure [her] failure to meet the

28  preconditions set forth in 17 U.S.C. § 411(a) by amending [her] pending complaint." *UAB*

1   *"Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019). Many

2   district courts, following the Supreme Court's decision on the importance of registration in

3   *Fourth Estate*, have held that an amendment cannot cure the failure to register a copyright before

4   suing. *See, e.g.*, *id.*; *Kifle*, 2021 WL 1530942, at *6 (dismissing claim because "the plain

5   language of § 411(a) refers to the beginning of a lawsuit, not the filing of an amended

6   pleading"); *Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*, 2019 WL 9050859, at *2-3

7   (C.D. Cal. Aug. 5, 2019) (plaintiff cannot cure "defect by amending the complaint after the

8   Copyright Office completed registration of the copyright"); *Izmo, Inc. v. Roadster, Inc.*, 2019

9   WL 2359228, at *2 (N.D. Cal. June 4, 2019) (amendment could not "cure a claimant's failure to

10  register its copyright before suing").

11      Uniglobe has registration issues of its own. It alleges that it registered *Americanizing*

12  *Shelley* "as a motion picture in March 2006" and *5 Weddings* "as a motion picture in October

13  2016." FAC ¶¶ 67-68. But no such registrations appear in searches of the Copyright Office's

14  database. Harold Decl. ¶ 8; Ex. 7. While "[s]ecurity agreement[s]" were recorded for the motion

15  pictures in March 2006 and October 2016 (Ex. 5; Ex. 8), "recording a document is not a

16  substitute for registering a copyright claim." U.S. Copyright Office, Compendium of U.S.

17  Copyright Office Practices § 2303 (3d ed. 2017).

18      As for other "works by Plaintiffs" (FAC ¶ 113) that they have failed to identify in the

19  FAC, but purport to reserve the right to assert, Plaintiffs unsurprisingly failed to plead

20  registration. There is no way to tell whether such works were properly registered as § 411(a)

21  requires.

22      In sum, Schneider's claims as to the 75 new works added by amendment (FAC ¶ 60 n.7),

23  Uniglobe's claim as to the *Americanizing Shelley* and *5 Weddings* motion pictures, and any

24  claims as to unnamed "other works by Plaintiffs" (FAC ¶ 113) should be dismissed for failure to

25  allege pre-suit registration.[6]

26  _____

27  [6] If the Court grants further leave to amend, Plaintiffs should be ordered to plead for all
    asserted works "the registration number of [their] copyrighted work[s] and the date on which

28  [they] registered the copyright[s] at issue with the Copyright Office." *Strober v. Williams*, 2020
    (continued...)

V.   **UNIGLOBE AND AST CANNOT RECOVER STATUTORY DAMAGES AND ATTORNEYS' FEES FOR UNREGISTERED FOREIGN WORKS.**

Registration issues also impact the remedies that Uniglobe and AST can obtain on the works they have put at issue. Both parties assert claims based on unregistered foreign works. *See* FAC ¶¶ 70, 75-76. While these plaintiffs do not need to obtain copyright registration in order to sue on these foreign works, "even foreign works must be registered to take advantage" of the Copyright Act's provisions for statutory damages and attorney's fees. 2 Nimmer on Copyright § 7.16 (2021); 17 U.S.C. § 412. Claims for statutory damages and attorney's fees for such unregistered works are properly dismissed. *E.g.*, *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 633 F. Supp. 2d 159, 162 (S.D.N.Y. 2009); *Martin v. Walt Disney Internet Grp.*, 2010 WL 2634695, at *4 (S.D. Cal. June 30, 2010).

Despite the absence of registrations for all of their foreign works (Harold Decl. ¶ 10; Ex. 9), Uniglobe and AST seek statutory damages and attorney's fees as remedies for alleged infringement of these works. *E.g.*, FAC ¶¶ 116, 117. Their request for such remedies should be dismissed with prejudice.

VI.   **PLAINTIFFS HAVE FAILED TO STATE CLAIMS UNDER § 1202(b) BECAUSE THEY HAVE FAILED TO ADEQUATELY ALLEGE SCIENTER.**

The FAC asserts a claim under 17 U.S.C. § 1202 alleging wrongful removal of copyright management information. Plaintiffs contend that when users upload videos to YouTube, Defendants remove metadata that is embedded in those files and not ordinarily visible to others.[7] Plaintiffs contend that such metadata might contain their CMI, and Defendants' removal of any such CMI is wrongful.

---

WL 6049615, at *2 (M.D. Fla. Sept. 23, 2020), *report and recommendation adopted*, 2020 WL 6044538 (M.D. Fla. Oct. 13, 2020).

[7] As the Ninth Circuit observed, it is "not uncommon" for processing software to not retain metadata. *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 671 n.1 (9th Cir. 2018). Leading "social media websites," including "Facebook, Instagram, and Twitter," use image processing software that does not retain metadata. *Id.* There are very good reasons for this approach, as metadata can contain malware or other potential service exploits, and can contain personally identifiable information that users do not mean to share.

1    To state a claim for wrongful CMI removal, however, Plaintiffs must plead facts

2 sufficient to satisfy multiple scienter requirements. Section 1202(b)(1) prohibits "*intentionally*

3 remov[ing] or alter[ing] any [CMI]." Section 1202(b)(3) prohibits distribution of copies of works

4 or phonorecords, "*knowing* that [CMI] has been removed or altered." Plaintiffs offer only

5 conclusions on those points and they are very much in doubt given that Plaintiffs do not show

6 how Defendants would know in any given instance, that metadata actually contains CMI.

7    But Plaintiffs' larger failing is with respect to the statute's additional scienter

8 requirement. For any 1202 claim, Plaintiffs must plead and prove a defendant acted "knowing, or

9 . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an

10 infringement" of a copyright. 17 U.S.C. § 1202(b). In other words, merely removing CMI, even

11 knowingly and intentionally, is not actionable unless the plaintiff can show that the defendant

12 also knew that doing so would encourage infringement.

13    Judge Davila recently addressed this additional scienter requirement in *Harrington v.*

14 *Pinterest, Inc.*, 2021 WL 4033031, at *6 (N.D. Cal. Sept. 3, 2021). As he explained, "to plead a

15 claim under Section 1202(b), a plaintiff must allege sufficient facts to show 'defendant knows or

16 has a reasonable basis to know that the removal or alteration of CMI or the distribution of works

17 with CMI removed *will* aid infringement.'" *Id.* (quoting *Stevens v. Corelogic, Inc.*, 899 F.3d 666,

18 675 (9th Cir. 2018)). This requires allegations that show more than "the universal possibility of

19 encouraging infringement" when CMI is removed. *Stevens*, 899 F.3d at 674. Rather, "specific

20 allegations as to how identifiable infringements 'will' be affected are necessary." *Id.*

21    Based on this standard, Judge Davila dismissed a Section 1202 claim that was

22 indistinguishable from the one Plaintiffs here try to advance. The plaintiff in *Harrington* claimed

23 that an online service removed invisible metadata that potentially contained CMI from content

24 that users uploaded to the service. The plaintiff claimed that the removal of the metadata

25 prevented copyright owners from effectively policing infringement. *Id.* at *6. But as the court

26 held, such speculative allegations "establish nothing more than the 'possibility of encouraging

27 infringement,'" and are not sufficient to plead scienter. *Id.* "[A] plaintiff bringing a Section

28 1202(b)(1) claim must offer more than a bare assertion that 'when CMI metadata is removed,

1    copyright infringement plaintiffs . . . lose an important method of identifying a photo as

2    infringing.'" *Stevens*, 899 F.3d at 675.

3         That is all Plaintiffs here have alleged. They aver that CMI has "value for protecting the

4    rights of creators" and "plays a vital role" in "the lawful distribution" of copyrighted works

5    (FAC ¶¶ 84-85). But such assertions point only, at most, to a *possibility* of encouraging

6    infringement when CMI is removed. Plaintiffs failed to plead any facts demonstrating that

7    "[they] actually used CMI metadata to prevent or detect copyright infringement, much less

8    demonstrating a 'pattern of conduct' or 'modus operandi' by [them] involving policing

9    infringement by tracking metadata." *Harrington*, 2021 WL 4033031, at *6. And Plaintiffs do not

10   plead any facts showing the Defendants knew or had reason to know of such use, assuming it

11   even existed. Absent such allegations, Plaintiffs do not plausibly allege the requisite scienter. *Id*.

12        The necessary allegations would be particularly challenging for Plaintiffs in this case.

13   Plaintiffs do not explain how anyone could use metadata buried in files on YouTube to search for

14   infringements. In other words, Plaintiffs do not show that the presence or absence of hidden

15   metadata (and any CMI it might contain) could have any effect on infringement. They certainly

16   do not go the next step to show that Defendants knew that by removing metadata that is invisible

17   to users and *might* have contained CMI, Defendants were creating "substantial risk of inducing,

18   enabling, facilitating, or concealing infringement, let alone a pattern or probability of such a

19   connection to infringement." *Stevens*, 899 F.3d at 676.

20        Plaintiffs' theory is even more implausible in light of Plaintiffs' other allegations about

21   how YouTube operates. Plaintiffs aver that YouTube prompts users to add visible metadata,

22   "such as the title, author, or topic," that is then "associate[d] with the public[ly] displayed video

23   files." FAC ¶ 33. It is not plausible that a service that prompts users to manually add viewable,

24   searchable CMI to uploaded videos nevertheless acts knowingly to aid infringement simply

25   because the processing of files during upload automatically removes invisible metadata that

26   might carry CMI. Nothing in the FAC plausibly alleges the requisite scienter, and the CMI

27   claims should be dismissed.

28

1

## <u>CONCLUSION</u>

2      For these reasons, the Court should grant YouTube's motion to dismiss.

3                                              Respectfully submitted,

4      Dated:  December 13, 2021                WILSON SONSINI GOODRICH & ROSATI
                                                Professional Corporation
5
                                                By:  _/s/ David H. Kramer_____
6                                                    David H. Kramer

7                                               Attorneys for Defendants and Counterclaimants
                                                YOUTUBE, LLC and GOOGLE LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28