DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hearing Date: March 10, 2022<br>Time: 10:00 am<br>Location: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

# REQUEST FOR JUDICIAL NOTICE

Defendants YouTube, LLC and Google LLC respectfully request that the Court take judicial notice of online copyright records from the U.S. Copyright Office's Official Public Catalog, attached as Exhibits 1, 4, 5, 6, 7, 8, and 9 to the Declaration of Paul N. Harold in support of Defendants' motion to dismiss the First Amended Complaint.

A judicially noticeable fact is "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Evid. 201(b)). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

Here, the Court should take judicial notice of these online copyright records. The authenticity of the registrations can be accurately and readily determined from the Copyright Office and its publicly accessible online database. Courts often "take judicial notice of [a party's] federal copyright registrations, as published in the Copyright Office's registry." *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005); *see also Smith v. AMC Networks, Inc.*, No. 18-CV-03803-LHK, 2019 WL 402360, at *4 (N.D. Cal. Jan. 31, 2019) (taking judicial notice of "Copyright Office Public Catalogue pages"); *DuckHole Inc. v. NBC Universal Media LLC*, No. CV 12-10077 BRO CWX, 2013 WL 5797279, at *4 (C.D. Cal. Sept. 6, 2013) (taking judicial notice of copyright registration, noting that "it is common practice for courts to take judicial notice of copyright registrations").

Respectfully submitted

Dated: December 13, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ David H. Kramer
David H. Kramer
dkramer@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC