George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Ryan Z. Cortazar (pro hac vice)
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Tel.: (312) 641-9750 / Fax: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Tel.: (314) 241-4844 / Fax: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Tel.: (415) 293-6800 / Fax: (415) 293-6899

Philip Korologos (*pro hac vice*)
  pkorologos@bsfllp.com
Joanna Wright (*pro hac vice*)
  jwright@bsfllp.com
Demetri Blaisdell *(pro hac vice pending)*
  dblaisdell@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Tel.: (212) 446-2300 / Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> YOUTUBE, LLC; and GOOGLE LLC; <br><br> Defendants. | CASE NO. 3:20-cv-4423-JD <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ....................................................................................................2

I.      PLAINTIFFS ADEQUATELY PLEAD COPYRIGHT
INFRINGEMENT............................................................................2

      A.     Plaintiffs Adequately Plead Copyrighted Works in the
Amended Complaint. .....................................................3

      B.     Plaintiffs Adequately Plead Infringement.......................................4

      C.     Plaintiffs Properly Allege Ownership of the
Copyrighted Works.........................................................7

      D.     Plaintiffs Properly Plead Claims for Newly
Registered Copyrights.....................................................9

II.     PLAINTIFFS DO NOT SEEK STATUTORY DAMAGES OR
ATTORNEYS' FEES FOR UNREGISTERED FOREIGN WORKS. .....12

III.   PLAINTIFFS ADEQUATELY PLEAD SCIENTER UNDER
17 U.S.C. § 1202(b). ....................................................................13

CONCLUSION ................................................................................................15

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS                    Case No. 3:20-cv-4423-JD

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adobe Sys. Inc. v. Software Speedy*,
    No. 14-CIV-2152 (EMC), 2014 WL 7186682 (N.D. Cal. Dec. 16, 2014) ........................ 6

*Apl Microscopic, LLC v. David A. Steenblock, D.O., INC*,
    2021 WL 3008294 (C.D. Cal. July 8, 2021) ...................................................... 8

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
    2020 WL 1877707 (N.D. Cal. Apr. 15, 2020) .................................................. 6

*Blizzard Entm't., Inc. v. Lilith Games (Shanghai) Co. Ltd.*,
    149 F. Supp. 3d 1167 (N.D. Cal. 2015) ........................................................ 6

*Cutler v. Enzymes, Inc.*,
    No. 08-CV-04650 (JF) (RS), 2009 WL 482291 (N.D. Cal. Feb. 25, 2009) ..................... 6

*Disney Enters., Inc. v. VidAngel, Inc.*,
    No. 16-CV-4109 (AB), 2019 WL 13020442 (C.D. Cal. May 1, 2019)........................... 11

*Etereo Spirits v. James R. Ling*,
    No. 8:21-CV-00302 (JVS) (KES), 2021 WL 3914256 (C.D. Cal. July 15, 2021) ............. 5

*Flava Works, Inc. v. Clavio*,
    No. 11-CV-05100 (EEC), 2012 WL 2459146 (N.D. Ill. June 27, 2012)........................... 6

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
    139 S. Ct. 881 (2019) ..................................................................... 10

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
    206 F. Supp. 3d 869 (S.D.N.Y. 2016)........................................................ 7

*Harrington v. Pinterest, Inc.*,
    No. 5:20-CV-05290 (EJD), 2021 WL 4033031 (N.D. Cal. Sept. 3, 2021) ..................... 14

*Hybrid Promotions, LLC v. Zaslavsky*,
    No. 16-CV-2227 (RAO), 2016 WL 10988656 (C.D. Cal. Oct. 5, 2016).......................... 8

*Imageline Inc. v. Tacony Corp.*,
    No. 09-CV-353 (CJC), 2009 WL 10676056 (C.D. Cal. June 16, 2009)........................... 9

*Izmo, Inc. v. Roadster, Inc.*,
    No. 18-CV-6092 (NC), 2019 WL 2359228 (N.D. Cal. June 4, 2019)............................. 10

*Kifle v. YouTube*,
    2021 WL 1530492 (N.D.C.A. April 19, 2021)........................................... 9, 10

*Lahiri v. Universal Music & Video Distrib., Inc.*,
    513 F. Supp. 2d 1172 (C.D. Cal. 2007) .................................................. 8, 9

*Lickerish Ltd. v. Maven Coal., Inc.*,
    No. 20-CV-5621 (FMO), 2021 WL 3494638 (C.D. Cal. Jan. 29, 2021) ........................ 10

*Love v. M W G J LLC*,
    No. 21-CV-01471 (JD), 2021 WL 4975102 (N.D. Cal. Oct. 26, 2021) ........................... 4

*Malibu Media, LLC v. Baker*,
    No. 18-CV-3263 (JGK) (BCM), 2020 WL 3978302 (S.D.N.Y. June 18, 2020) ............. 10

*McGucken v. Chive Media Grp.*,
    No. 18-CV-1612 (RSWL), 2018 WL 3410095 (C.D. Cal. July 11, 2018) ................. 9, 12

*Nirvana, LLC v. Mark Jacobs Int'l, LLC*,
    No. 18-CV-10743 (JAK), 2019 WL 7817082 (C.D. Cal. Nov. 8, 2019) .......................... 8

*Ojmar US, LLC v. Sec. People, Inc.*,
    No. 16-CV-04948 (HSG), 2017 WL 5495912 (N.D. Cal. Nov. 16, 2017) ....................... 7

*Pak's Trading Eur. B.V. v. Target*,
    No. 18-CV-0536 (DOC), 2018 WL 8333362 (C.D. Cal. July 5, 2018) ............................ 8

*Palantir Techs., Inc. v. Palantir.net, Inc.*,
    No. 10-CV-4283 (CRB), 2011 WL 3047327 (N.D. Cal. July 25, 2011) ........................ 13

*Payne v. Manilow*,
    No. 18-CV-3413 (PSG), 2018 WL 6321638 (C.D. Cal. Oct. 29, 2018) .................... 2, 7, 8

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
    167 F. Supp. 2d 1114 (C.D. Cal. 2001) ............................................................. 2, 3, 5, 11

*Philips N. Am. LLC v. KPI Healthcare, Inc.*,
    No. 19-CV-1765 (JVS), 2020 WL 3032765 (C.D. Cal. Jan. 24, 2020) ........................ 10

*Rhodes v. Robinson*,
    621 F.3d 1002 (9th Cir. 2010) ................................................................................... 10

*Robert Kubicek Architects & Assocs., Inc. v. Bosley*,
    No. 09-CV-00145 (PHX) (MHM), 2009 WL 3188391 (D. Ariz. Sept. 29, 2009) ....... 9, 12

*Saregama India Ltd. v. Mosley*,
    635 F.3d 1284 (11th Cir. 2011) ............................................................................... 8, 9

*Sega Enters., Ltd. v. Accolade, Inc.*,
    No. 91-CV-3871 (BAC), 1992 U.S. Dist. LEXIS 4621 (N.D. Cal. Mar. 20, 1992) .......... 6

*Signatours Corp. v. Hartford*,
    No. 14-CV-1581 (RSM), 2015 WL 1058181 (W.D. Wash. Mar. 11, 2015) ..................... 8

*Smale v. Cellco P'ship*,
    No. 07-CV-01639 (RAJ), 2008 WL 11506779 (W.D. Wash. Aug. 5, 2008) ................... 4

*Star Fabrics Inc. v. Norm Thompson Outfitters, LLC*,
    No. 19-CV-2765 (PSG), 2019 WL 6894528 (C.D. Cal. July 10, 2019) ........................... 7

iii

*Stevens v. Corelogic, Inc.*,
    899 F.3d 666 (9th Cir. 2018) ......................................................... 13

*Thunder Studios, Inc. v. Kazal*,
    No. 2:17-CV-00871 (AB), 2018 WL 5099726 (C.D. Cal. Mar. 22, 2018) ..................... 11

*UAB "Planner 5D" v. Facebook, Inc.*,
    No. 19-CV-3132 (WHO), 2019 WL 6219223 (N.D. Cal. Nov. 21, 2019) ..................... 10

*Ubiquiti Networks, Inc. v. Cambium Networks, Inc.*,
    18-CV-5369 (GF), 2019 WL 6034116 (N.D. Ill. Nov. 14, 2019) ................................. 10

*Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*,
    No. 19-CV-00494 (AB), 2019 WL 9050859 (C.D. Cal. Aug. 5, 2019) ........................ 10

*Yaskot v. Intermountain Natural, LLC*,
    No. 10-CV-490 (CWD), 2011 WL 2036688 (D. Idaho May 24, 2011) ........................ 13

**Statutes**

17 U.S.C. § 1202 ........................................................................................... 2, 13

17 U.S.C. § 1203 .............................................................................................. 12

17 U.S.C. § 411 ................................................................................................. 8

17 U.S.C. § 512 ................................................................................................. 2

**Other Authorities**

Wright & Miller, *Federal Practice and Procedure* (3d ed. 1998)........................ 3, 8, 13

**Rules**

Fed. R. Civ. P. 12(b) ......................................................................................... 6

Fed. R. Civ. P. 8 ............................................................................................... 2

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS        Case No. 3:20-cv-4423-JD

1    Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.

2    respectfully file this opposition to Defendants' Motion to Dismiss ("Motion" or "Br.") the

3    First Amended Complaint ("FAC").

4                              **PRELIMINARY STATEMENT**

5    Defendants' Motion attempts to divert attention from the fact that YouTube's business

6    model relies upon the mass circulation of content regardless of whether that content infringes a

7    copyright.  Defendants know that the popularity of infringing content increases user views of

8    advertisement-bearing videos, motivating YouTube not only to turn a blind eye to infringement

9    but to facilitate that infringement.  For example, YouTube's Autoplay feature automatically

10   plays content YouTube has algorithmically determined a user will like and thus watch (with no

11   action required by the user), regardless of whether that content infringes a copyright.  (FAC

12   ¶ 37.)  Because YouTube increases its revenue by maximizing views of advertisement-bearing

13   content, it has a strong incentive to allow the routine uploading and public display of all videos,

14   including those that infringe copyrights.  (FAC ¶¶ 6, 41, 52-54.)

15   Large copyright holders with market power, such as major record labels and movie

16   studios, are provided access to Content ID, a tool that looks for digital fingerprints of

17   copyrighted works within videos as they are uploaded to YouTube, allowing copyright holders to

18   prevent the public display of infringing videos or to monetize such display for the holder's (and

19   YouTube's) benefit.  (FAC ¶¶ 8, 56.)  Smaller copyright holders, however, including Plaintiffs

20   and the putative class, are denied access to Content ID and have no viable means of preventing

21   the public display of infringing videos on YouTube.  (FAC ¶¶ 9-11.)  Instead, they are relegated

22   to a vastly inferior and time-consuming means of trying to police their copyrights through

23   manual keyword searches on the platform that contains many billions of videos and filing a

24   takedown notice if and when they are able manually to locate infringing content.  (FAC ¶¶ 9-10.)

25   Plaintiffs and a putative class hold exclusive copyrights to multiple works that continue

26   to be infringed on YouTube even after Plaintiffs have submitted, and YouTube has acted on,

27   valid takedown notices relating to those works.  Because Plaintiffs are limited to keyword

28
                                        1

1    searches, and denied access to Content ID, Plaintiffs have no means of identifying many of these

2    subsequent infringing works.  (FAC ¶ 58.)  YouTube users have uploaded *billions* of works, a

3    significant number of which are publicly displayed, including works that infringe Plaintiffs'

4    copyrights.  (FAC ¶¶ 3-4.)

5         Plaintiffs also allege a class whose protected works were uploaded to YouTube with

6    Copyright Management Information ("CMI") that YouTube removed prior to publication of the

7    video.  They sufficiently bring claims for Defendants' failure to preserve CMI embedded in the

8    metadata associated with videos uploaded to YouTube, in violation of 17 U.S.C. § 1202(b).

9    (FAC ¶¶ 82-86, 143-52.) Copyright owners use CMI to help them police infringement; YouTube

10   fails to screen for or preserve CMI during its upload process, thereby subverting any reasonable

11   means of policing the significant infringement that occurs on YouTube.  (FAC ¶¶ 85-86.)

12        Defendants' Motion does not challenge Plaintiffs' allegations that Defendants are not

13   entitled to the safe harbors provided under the Digital Millennium Copyright Act ("DMCA") (17

14   U.S.C. §§ 512, 1201-05) (FAC ¶¶ 87-102) including because: (1) YouTube's Autoplay feature

15   demonstrates that YouTube receives "a financial benefit directly attributable to the infringing

16   activity" where it "has the right and ability to control such activity," 17 U.S.C. § 512(d)(2), and

17   (2) YouTube's repeat infringer policy (a requirement under the DMCA) does not assess

18   copyright strikes to users who upload infringing content caught by Content ID, thereby insulating

19   the majority of infringements (and thus the majority of users uploading infringing content)

20   detected on the platform from the very policy statutorily required to deter infringement.

21                              **<u>ARGUMENT</u>**

22   **I.    PLAINTIFFS ADEQUATELY PLEAD COPYRIGHT INFRINGEMENT.**

23        Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim

24   showing that the plaintiff is entitled to relief."  *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F.

25   Supp. 2d 1114, 1119 (C.D. Cal. 2001) (internal quotation marks omitted); *Payne v. Manilow*, No.

26   18-CV-3413 (PSG), 2018 WL 6321638, at *5 (C.D. Cal. Oct. 29, 2018) ("courts have found that,

27   under the 'short and plain statement' standard of Rule 8(a), Plaintiff's mere allegation of owner-

28
                                            2

ship is sufficient to defeat a motion to dismiss" (internal quotes omitted)).  The complaint need "simply alleg[e] present ownership by plaintiff, registration in compliance with the applicable statute[,] and infringement by defendant."  *Perfect 10,* 167 F. Supp. 2d at 1120; *see also Hahaas Comedy v. Girgis,* 17-CV-6199 (MWF), 2017 WL 10399452, at *3 (C.D. Cal. Nov. 29, 2017); Wright & Miller, *Federal Practice and Procedure* § 1237 (4th ed. 2021) ("Complaints simply alleging present ownership by the plaintiff, registration in compliance with the applicable statute, and infringement by the defendant, have been held sufficient under the rules.").

"Copyright claims need not be pled with particularity."  *Perfect 10,* 167 F. Supp. 2d at 1120.  Here, each Plaintiff identified the copyrighted works at issue (FAC ¶¶ 60 and n.7, 66, 70, 75), alleged that they are a present legal and/or beneficial owner of the copyrighted works (FAC ¶¶ 60, 66, 75), alleged that the copyrighted works have been registered in compliance with the applicable statute (or are statutorily exempt from such registration) (FAC ¶¶ 60 and n.7, 67-70, 76), and alleged infringement (FAC ¶¶ 60, n.7, 61, 64, 71-74, 77-78).

## A. Plaintiffs Adequately Plead Copyrighted Works in the Amended Complaint.

Defendants' argument that "Plaintiffs still purport to assert claims for infringements of unidentified, unpleaded works" (Br. at 6) has no basis.  The Court's November 16, 2021, Scheduling Order (Dkt. 98 at 1) ordered Plaintiffs to file their amended complaint "identifying all copyrighted works" at issue, and Plaintiffs have fully complied with that obligation.  Each plaintiff alleges that it is the legal and/or beneficial owner of specifically identified copyrighted works.  (*See* FAC ¶ 60 and n.7 (Schneider); *id.* ¶¶ 17, 66-70 (Uniglobe); *id.* ¶ 75 (AST).) Notably, Defendants ignore these paragraphs, each of which are incorporated by reference into the infringement claims via paragraphs 112, 119, 127, and 135 of the FAC.[1]  Plaintiffs do not assert claims for works not specifically identified in the FAC, nor does the FAC suggest otherwise—points of confirmation that Plaintiffs would readily have made clear to Defendants

---

[1] While the first sentence of FAC ¶ 113 expressly refers only to paragraphs 16 and 17, paragraph 112 incorporates each of the paragraphs that identify the copyrighted works.

1  had Defendants inquired prior to moving on this issue.

2      Further, Defendants' request for dismissal of "any infringement claim based on an

3  unnamed work with prejudice" (Br. at 6) is unwarranted since the Court's judgment should "not

4  address Plaintiffs' unpleaded claims, as they were never before the court." *Smale v. Cellco*

5  *P'ship*, No. 07-CV-01639 (RAJ), 2008 WL 11506779, at *2 (W.D. Wash. Aug. 5, 2008); *see*

6  *also Love v. M W G J LLC*, No. 21-CV-01471 (JD), 2021 WL 4975102, at *2 (N.D. Cal. Oct. 26,

7  2021) ("A motion to dismiss is properly resolved on the contents of the complaint.").

8      **B. Plaintiffs Adequately Plead Infringement.**

9      Defendants' argument that Plaintiff failed to plead all instances of infringement (Br. 6-8)

10  was already rejected by the Court and, consistent with that ruling, is contrary to legal authority.

11      Defendants previously argued in case management submissions (Dkt. 42 at 7; Dkt. 54 at

12  7-8) and in an administrative motion (Dkt. 72) that the complaint was defective for not alleging

13  every infringement and sought a "complete and early disclosure of [Plaintiffs'] infringements

14  contentions" (Dkt. 72 at 4-5).  The Court denied the motion.  (Dkt. 92.)  Defendants later sought

15  to require Plaintiffs' amended complaint to "include a final identification of all works in suit and

16  *a preliminary identification by URL of all allegedly infringing videos* known to Plaintiffs."  (Dkt.

17  94-2 at 1 (emphasis added).)  The Court denied this request on November 16, 2021, instead

18  ordering Plaintiffs to "provide a preliminary list of infringements" outside of the pleadings by

19  November 29, 2021.  (Dkt. 98 at 1.)  Plaintiffs timely complied.  (Dkt. 103-3.)  The approach

20  adopted by the Court, in addition to being consistent with the case law (*see* pp. 5-6, below), is

21  appropriate given the nature of the claims in this action—*i.e.*, that Defendants are improperly

22  denying Plaintiffs and the putative class access to Content ID, which Plaintiffs allege is a

23  necessary tool in order to be able to identify all infringements.[2]  (FAC ¶¶ 8-11, 56, 79-80.)

24  _____

25  [2] Indeed, Plaintiffs have been in protracted but as yet unsuccessful discussions with Defendants

26  for Defendants to utilize Content ID for the works at issue in this case to discover videos on

27  YouTube that match those works so the parties (and the Court and the jury) can appreciate the

28

1    Defendants' Motion improperly seeks to reargue the issue they have twice lost by asserting (Br.

2    at 8) that the Court's November 16, 2021, Order (Dkt. 98) is "no substitute." Tellingly,

3    Defendants do not attempt to explain why the Court should dismiss a complaint filed in

4    accordance with its orders.

5          In any event, the argument fails on the merits. The adequacy of alleged copyright

6    infringement "boils down to whether or not" a defendant "has fair notice of the allegations

7    against it." *Perfect 10*, 167 F. Supp. 2d at 1121 (complaint adequate if it "is sufficient to notify"

8    defendant "as to the type of infringing conduct and the source of the claims"); *see also Etereo*

9    *Spirits v. James R. Ling*, No. 21-CV-00302 (JVS) (KES), 2021 WL 3914256, at *6 (C.D. Cal.

10   July 15, 2021) (complaint "sufficiently notifies Defendants as to the type of infringing conduct

11   and the source of the claims" (citations and quotation marks omitted)). Defendants have been on

12   notice of these allegations for some time.

13         Defendants claim that Plaintiffs have failed to show "representative acts of

14   infringement." (Br. at 6-7.) But Plaintiffs' verified interrogatory responses served on December

15   9, 2020, and March 8, 2021, identified 29 and 51 infringing videos by URL, respectively

16   (Declaration of Demetri Blaisdell ("Blaisdell Decl.") Ex. A, Pl.'s Supplemental Resps. to Def.'s

17   First Set of Interrogs.; *id.* Ex. B, Pl.'s Amended Resps. to Def.'s First Set of Interrogs.), and the

18   supplemental preliminary list of infringements served on November 29, 2021, (Dkt. 103-3)

19   identified hundreds more infringing videos. On December 17, 2021, Defendants raised several

20   issues with this list of infringements arguing the list did not include infringing URLs previously

21   identified and did not link the infringing URLs to copyrighted works. (Blaisdell Decl. Ex. C,

22   Dec. 17, 2021, Letter from Rees to Ewing.) Plaintiffs' December 31, 2021, response confirmed

23

24   _____

25   scope of the infringements without sifting through billions of videos on Defendants' platform.
     While Plaintiffs have preliminarily identified infringements based on manual searches, Content
26   ID is readily available to Defendants, but not Plaintiffs, to identify other infringements on
     YouTube based on the "digital fingerprint" of copyrighted works. (FAC ¶¶ 2, 8.)
27

28

1   that the list supplemented previously identified infringements and agreed to identify the

2   copyrighted work corresponding to each URL as a courtesy to Defendants as such a showing is

3   not required.  (Blaisdell Decl. Ex. D, Dec. 31, 2021, Letter from Ewing to Rees.)

4          Defendants' cases (Br. at 7) do not require this information in the complaint.  *See, e.g.,*

5   *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, 2020 WL 1877707, at *6 (N.D. Cal. Apr. 15,

6   2020) (complaint "need not specify each and every instance of infringement at the pleadings

7   stage, but it must submit at least a representative sampling of infringed content" (internal

8   quotation marks omitted)).[3]  The interrogatory responses and the Court-ordered list of

9   infringements and Plaintiffs' subsequent clarification at Defendants' request provide much more

10  than a "representative sampling of infringed content."  (Blaisdell Decl. Exs. A-D; Dkt. 103-3.)

11  Defendants have long been on notice of the infringement claimed, and their apparent

12  dissatisfaction with the Court's prior orders is not a basis to dismiss the FAC.  Nonetheless, if the

13  Court prefers, Plaintiffs can further amend to include their preliminary list of infringements.

14         Finally, Defendants waived their Rule 12(b)(6) arguments by not moving to dismiss the

15  original complaint.  Rule 12(b) requires that a "motion asserting any of these defenses must be

16  made before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Defendants

17  claim their failure to raise these arguments is excused "because the FAC introduces significant

18  new matter" by adding the identification of specific works in response to the Court's scheduling

19  orders.  (Br. at 5, n.4.)  But because Defendants repeatedly raised the same point with the

20

21

22  [3] Defendants' other cases are inapposite.  *Blizzard Entm't., Inc. v. Lilith Games (Shanghai) Co.
    Ltd.*, was dismissed as the rights at issue were not eligible for copyright protection.  149 F. Supp.

23  3d 1167, 1175 (N.D. Cal. 2015).  In both *Adobe Sys. Inc. v. Software Speedy*, No. 14-CIV-2152
    (EMC), 2014 WL 7186682, at *6 (N.D. Cal. Dec. 16, 2014), and *Flava Works, Inc. v. Clavio*,

24  No. 11-CV-05100 (EEC), 2012 WL 2459146, at *2 (N.D. Ill. June 27, 2012), plaintiffs did not
    plead the actual works at issue like Plaintiffs have here.  *Sega Enters., Ltd. v. Accolade, Inc.*, No.

25  91-CV-3871 (BAC), 1992 U.S. Dist. LEXIS 4621, at *4 (N.D. Cal. Mar. 20, 1992), involves a
    motion for a more definite statement which is not before this Court.  Finally, *Cutler v. Enzymes,*

26  *Inc.* granted leave to amend where plaintiff did not allege *any* infringement elements other than

27  ownership.  No. 08-CV-04650 (JF) (RS), 2009 WL 482291, at *3 (N.D. Cal. Feb. 25, 2009).

28

1  original complaint (*see, e.g.*, Dkt. 42 at 7; Dkt. 54 at 7-8; Dkt. 72 at 4-5), they should not now be

2  allowed to claim that this argument was previously unavailable.  *See Ojmar US, LLC v. Sec.*

3  *People, Inc.*, No. 16-CV-04948 (HSG), 2017 WL 5495912, at *4 (N.D. Cal. Nov. 16, 2017)

4  (rejecting untimely motion to dismiss because "substantive overlap shows merely that

5  Defendants could have addressed Plaintiff's allegations" in prior motion to dismiss).

6  **C. Plaintiffs Properly Allege Ownership of the Copyrighted Works.**

7  "[C]ourts have repeatedly held that at the pleading stage, a plaintiff's 'mere allegation of

8  ownership is sufficient' to state a claim and that a detailed pleading concerning how the plaintiff

9  acquired ownership is not necessary."  *Star Fabrics Inc. v. Norm Thompson Outfitters, LLC*, No.

10  19-CV-2765 (PSG), 2019 WL 6894528, at *2 (C.D. Cal. July 10, 2019) (collecting cases).

11  Plaintiffs expressly allege that they presently own the copyrighted works at issue.  (*See* p. 3,

12  above.  Despite Defendants' argument to the contrary (Br. at 8-10), ownership and chain of title

13  information is appropriately addressed in discovery, not on a motion to dismiss.  *See Star*

14  *Fabrics*, 2019 WL 6894528, at *2 ("Defendants may acquire further information regarding the

15  transfer of the copyright through discovery."); *Gym Door Repairs, Inc. v. Young Equip. Sales,*

16  *Inc.*, 206 F. Supp. 3d 869, 894 (S.D.N.Y. 2016) ("unnecessary" for the complaint "to include"

17  the "unbroken chain of title to the rights at issue").

18  Plaintiff Uniglobe has pled that it is the legal and/or beneficial owner of *Americanizing*

19  *Shelley* and *1 a Minute*.  (FAC ¶¶ 17, 66.)  Defendants ask this Court to take judicial notice of

20  documents from the Copyright Office indicating that the registrants' name for these works is not

21  Uniglobe.  (Br. at 9.)  But those documents neither undermine nor disprove Uniglobe's

22  allegations that it presently owns the copyrights for both movies: The "fact that the registrations

23  recorded at the Copyright Office do not list [plaintiff] as a claimant is not definitive evidence that

24  this allegation is false."  *Payne*, 2018 WL 6321638, at *5.  "Any transfer of ownership will result

25  in a discrepancy between the registrant's name and the owner's name."  *Id.* (motion to dismiss

26  denied because plaintiff alleged it was "the sole and exclusive owner of the Show's copyrights");

27  *see also Nirvana, LLC v. Mark Jacobs Int'l, LLC*, No. 18-CV-10743 (JAK), 2019 WL 7817082,

28

7

1   at *6 (C.D. Cal. Nov. 8, 2019) (denying motion to dismiss because complaint need not

2   "specifically allege the process by which any such 'work for hire' or similar arrangement

3   resulted in ownership by" plaintiff); *Hybrid Promotions, LLC v. Zaslavsky*, No. 16-CV-2227

4   (RAO), 2016 WL 10988656, at *8 (C.D. Cal. Oct. 5, 2016) (same) (collecting cases).

5      Defendants' cases (Br. at 9) have been criticized as transgressing Rule 8 and improperly

6   imposing a heightened pleading standard on copyright plaintiffs.  *See* Wright & Miller, *Federal*

7   *Practice and Procedure* §1237 (3d ed. 1998) ("Although some courts have imposed heightened

8   pleading standards in this [copyright] context, this requirement appears to be in clear violation of

9   the 'short and plain' mandate of Rule 8 and should be rejected.").  Even Defendants' cases,

10  however, would grant Uniglobe leave to amend to allege chain of title.  *See Pak's Trading Eur.*

11  *B.V. v. Target*, No. 18-CV-0536 (DOC), 2018 WL 8333362, at *11 (C.D. Cal. July 5, 2018);

12  *Signatours Corp. v. Hartford*, No. 14-CV-1581 (RSM), 2015 WL 1058181, at *3 (W.D. Wash.

13  Mar. 11, 2015).[4]

14     Defendants' related attack that AST and Uniglobe must allege the countries of origin for

15  certain foreign works (Br. at 9) is wholly without support.  Defendants cite no authority requiring

16  Plaintiffs to allege the country of origin for works exempt from the registration requirement.

17  Both cases cited by Defendants are summary judgment cases in which the country of origin

18  became relevant to determining the plaintiff's ownership based on the unique facts.  *See*

19  *Saregama India Ltd. v. Mosley*, 635 F.3d 1284 (11th Cir. 2011) (affirming summary judgment

20  where duration of plaintiff's rights was at issue); *Lahiri v. Universal Music & Video Distrib.,*

21  *Inc.*, 513 F. Supp. 2d 1172 (C.D. Cal. 2007) (granting summary judgment against plaintiff that

22  was not the copyright owner, which was determined according to India's copyright law).  These

23

24  _____

25  [4] Notably, *Apl Microscopic, LLC v. David A. Steenblock, D.O., INC*, 2021 WL 3008294, at *5
    (C.D. Cal. July 8, 2021), cited by Defendants (Br. at 9) does not hold otherwise because

26  defendant already had the opportunity to cure this alleged deficiency but failed to do so.  *Apl.*
    *Microscopic* (2021 WL 3008294 at *3) also incorrectly relies on *Payne* (2018 WL 6321638, at

27  *5-6) for the proposition that plaintiffs must be able to prove chain of title.

28

cases confirm that any issues of ownership are not decided on the pleadings under Rule 8 so long as the plaintiffs allege that they presently own copyrights to the works, as AST and Uniglobe do here.  *See Saregama India Ltd.*, 635 F.3d at 1289; *Lahiri*, 513 F. Supp. 2d at 1173-74.  If the Court nonetheless believes AST and Uniglobe should allege countries of origin for unregistered works, they should be afforded the opportunity to amend.

### D. Plaintiffs Properly Plead Claims for Newly Registered Copyrights.

Defendants argue (Br. at 10-11) that Schneider's allegations are insufficient because they lack registration dates for each work and because public records show 28 of Schneider's works first added in the FAC were registered after the original complaint.  Both arguments are wrong.

As to the claim that Schneider is required to allege registration dates, Defendants cite no case imposing such a requirement.  Indeed, there is no requirement.  *See, e.g.*, *McGucken v. Chive Media Grp.,* No. 18-CV-1612 (RSWL), 2018 WL 3410095, at *2 (C.D. Cal. July 11, 2018) ("Courts have been unwilling to require that plaintiffs produce the copyright registrations at issue or face dismissal under Rule 12(b)(6)" and denying Rule 12 motion where "Plaintiff alleges that he has registered" the works); *Imageline v. Tacony*, No. 09-CV-353 (CJC), 2009 WL 10676056, at *2 (C.D. Cal. June 16, 2009) (same); *Robert Kubicek Architects & Assocs. v. Bosley*, No. 09-CV-00145 (PHX) (MHM), 2009 WL 3188391, at *2 (D. Ariz. Sept. 29, 2009).

Defendants' sole case, *Kifle v. YouTube*, No. 21-CV-1752 (CRB), 2021 WL 1530492, at *6 (N.D.Cal. April 19, 2021), holds only that a plaintiff must allege a valid copyright registration for a specific work before filing a lawsuit over that work.  Schneider does so by alleging that "Each of these works was registered" "prior to the assertion of any copyright claims against YouTube".  (FAC ¶ 60 n.7.)  If Defendants somehow establish that the phrase "prior to the assertion of any copyright claims" instead of "before initiating a lawsuit for a specific work" is prejudicial to their understanding of Plaintiffs' claims, Plaintiffs can further amend, including with registration dates.

As to the 28 works that were registered after the original complaint and before the FAC, Defendants cite district court cases extending *Fourth Estate Pub. Benefit Corp. v. Wall-*

1   *Street.com, LLC*, 139 S. Ct. 881 (2019)—which dealt with determining the date when

2   registration occurs for purposes of the pre-suit registration requirement—to hold that a claim

3   prematurely asserted for an unregistered work cannot be cured through subsequent registration

4   and amendment.  Even assuming that extension of *Fourth Estate* is proper, such cases are

5   inapposite here because Schneider first asserted a copyright claim for those works in her

6   amended complaint after they were registered (as opposed to Defendants' cases which concern

7   the filing of an amended complaint post-registration of unregistered works that were identified in

8   the original complaint).[5]  *See Lickerish Ltd. v. Maven Coal., Inc.*, No. 20-CV-5621 (FMO), 2021

9   WL 3494638, at *1 (C.D. Cal. Jan. 29, 2021) ("Contrary to defendant's argument, plaintiff

10  merely seeks to add copyright infringement claims for 56 currently registered photographs that

11  were not included in the initial Complaint."); *Malibu Media, LLC v. Baker*, No. 18-CV-3263

12  (JGK) (BCM), 2020 WL 3978302, at *4 n.3 (S.D.N.Y. June 18, 2020) (same); *Philips N. Am.*

13  *LLC v. KPI Healthcare, Inc.*, No. 19-CV-1765 (JVS), 2020 WL 3032765, at *3 (C.D. Cal. Jan.

14  24, 2020) (permitting amendment because plaintiff was not "curing a defective, existing claim

15  for copyright infringement" but adding "a newly asserted claim"); *Ubiquiti Networks, Inc. v.*

16  *Cambium Networks, Inc.*, 18-CV-5369 (GF), 2019 WL 6034116, at *1 (N.D. Ill. Nov. 14, 2019)

17  (same).  *Cf. Fourth Estate*, 139 S. Ct. at 887 ("registration is akin to an administrative exhaustion

18  requirement that the owner must satisfy before suing to enforce ownership rights"); *Rhodes v.*

19  *Robinson,* 621 F.3d 1002 (9th Cir. 2010) (holding that assertion of claims that were not

20  exhausted could not be cured with subsequent exhaustion and amendment but reversing denial of

21

22

---

23  [5] *See, e.g.*, *UAB "Planner 5D" v. Facebook*, No. 19-CV-3132 (WHO), 2019 WL 6219223, at *7
    (N.D. Cal. Nov. 21, 2019) (works in amended complaint identified in initial complaint before
24  registration); *Izmo, Inc. v. Roadster, Inc.*, No. 18-CV-6092 (NC), 2019 WL 2359228, at *1 (N.D.
    Cal. June 4, 2019) (same); *see also Washoutpan.com, LLC v. HD Supply Constr. Supply Ltd.*,
25  No. 19-CV-00494 (AB), 2019 WL 9050859, at *2-3 (C.D. Cal. Aug. 5, 2019) (works identified
    in original complaint not registered at time of the amended complaint); *Kifle*, 2021 WL 1530942
26  at *6 (barring future amendment to allege registration for works in original complaint).

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS                Case No. 3:20-cv-4423-JD

1  leave to amend to add new claims based on post-complaint facts that were thus not exhausted at

2  time of original complaint).

3       In this case, Schneider did not include works in her complaints before they were

4  registered.  Schneider's original complaint asserted claims for copyright infringement and

5  identified three representative works.[6]  She alleged (FAC ¶ 60) that each such work was

6  registered and the class definition was limited to registered works for United States works (*id.*

7  ¶¶ 103-04); further, the allegations of infringement with respect to Schneider's works were

8  limited to those registered works (*e.g.*, *id.* ¶¶ 116, 120, 128).  When Defendants sought clarity as

9  to the scope of Schneider's original complaint, they did not do so through a motion to dismiss or

10  for a more definite statement, instead opting to serve interrogatories requesting Schneider

11  identify "Works in Suit."  Schneider responded to these Interrogatories on November 11, 2020,

12  identifying 50 works, all of which had been registered at the time the complaint was filed.

13  (Blaisdell Decl. Ex. E.)  Only after a further 28 works were registered did Schneider include

14  those in an amended interrogatory response on March 8, 2021.  (*Id.* Ex. B.)  Unlike Defendants'

15  cases, Schneider did not include works in her asserted claims before they were registered and did

16  not identify a work in discovery before it was registered; she thus never initiated a defective

17  claim.[7]  Defendants' cases prohibiting amendments to cure defective claims are inapposite.

18  ───────────────

19  [6] *See, e.g.*, *Disney Enters., Inc. v. VidAngel, Inc.*, No. 16-CV-4109 (AB), 2019 WL 13020442, at

20  *1 (C.D. Cal. May 1, 2019) (lawsuit included all works revealed in discovery even if not in
complaint because complaint need not identify all works at issue); *Thunder Studios, Inc. v.*

21  *Kazal*, No. 2:17-CV-00871 (AB), 2018 WL 5099726, at *3 (C.D. Cal. Mar. 22, 2018) (complaint
sufficient so long as it identifies "a representative sample" of copied works); *Perfect 10*, 167 F.

22  Supp. 2d at 1120-21 (rejecting argument that initial complaint had to identify every work).

23  [7] Defendants' argument is also inconsistent with their repeatedly arguing to the Court that
specific works were not part of the case until Schneider identifies them in a complaint.  (*See,*

24  *e.g.*, Dkt. 72 at 2-3 ("a copyright infringement 'complaint must specifically identify the works

25  that the plaintiff claims the defendant has infringed.'").)  Defendants have similarly resisted
discovery by insisting that "Only those works identified in the Complaint are currently at issue in

26  this lawsuit".  (Blaisdell Decl. Ex. F, Aug. 20, 2021, Letter from Richlin to Blaisdell at 2.)

27  Having taken these positions, Defendants cannot now claim that Schneider's original complaint

28

Defendants' argument with respect to Uniglobe's registrations fares no better.  (Br. at 11.)  Uniglobe alleged registration for its copyright works as required by law.  (FAC ¶¶ 67-69.)  Uniglobe is not required to allege the specific details of the registration process.  *See, e.g.*, *McGucken*, 2018 WL 3410095, at *2; *Imagine Inc.*, 2009 WL 10676056, at *2; *Kubicek Architects*, 2009 WL 3188391, at *2.  Defendants take issue that Uniglobe pled *more* than was required, including dates that security agreements were recorded, arguing that "recording a document is not a substitute for registering a copyright claim."  (Br. 11.)  Yet, under controlling case law (*see* pages 8-9, above) such allegations were unnecessary as Uniglobe simply needed to allege that it registered the copyrights to the extent required by law—which it did.  (FAC ¶¶ 67-69.)  Moreover, the Copyright Office database confirms what Uniglobe alleges, namely that *5 Weddings* and *Americanizing Shelley* were registered on May 5, 2016, and November 18, 2003, respectively.  (*See* Blaisdell Decl. Ex. G (*5 Weddings* Registration); Dkt. 103-5 (*Americanizing Shelley* Registration); *see also* Dkt. 104 (Defs.' Request for Judicial Notice of Registrations).)

## II.   PLAINTIFFS DO NOT SEEK STATUTORY DAMAGES OR ATTORNEYS' FEES FOR UNREGISTERED FOREIGN WORKS.

Defendants argue (Br. at 12) that AST and Uniglobe improperly seek statutory damages and attorneys' fees for unregistered foreign works.  First, Defendants' argument does not apply to any CMI claims since 17 U.S.C. § 1203 provides for statutory damages and attorneys' fees with no registration requirement.  Further, AST and Uniglobe do not seek statutory damages or attorneys' fees for infringement of unregistered foreign works—again a fact that a simple inquiry of Plaintiffs could have confirmed.  Plaintiffs note, however, that Uniglobe has registered domestic works that it alleges have been infringed (*see, e.g.*, FAC ¶¶ 67-69) and is thus entitled to elect statutory damages and seek attorneys' fees for its claims on such works if it so chooses.

In any event, the "sufficiency of a complaint is dependent on the facts alleged in the

---

actually asserted claims over unidentified, unregistered works all along.

1  claim for relief, not on" the "allegations of damages or the theory of damages." *Yaskot v.*

2  *Intermountain Natural, LLC*, No. 10-CV-490 (CWD), 2011 WL 2036688, at *3 (D. Idaho May

3  24, 2011) (citation and internal quotation marks omitted); Wright & Miller, *supra*, §1255f

4  ("selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a

5  party's pleading if the statement of the claim indicates the pleader may be entitled to relief of

6  some other type."); *see also Palantir Techs., Inc. v. Palantir.net, Inc.*, No. 10-CV-4283 (CRB),

7  2011 WL 3047327, at *3 (N.D. Cal. July 25, 2011) ("It need not appear that the plaintiff can

8  obtain the specific relief demanded as long as the court can ascertain from the face of the

9  complaint that some relief can be granted.").

10  **III.   PLAINTIFFS ADEQUATELY PLEAD SCIENTER UNDER 17 U.S.C. § 1202(b).**

11       Section 1202 prohibits YouTube from intentionally removing Copyright Management

12  Information ("CMI") "knowing" or "having reasonable grounds to know[] that it will induce,

13  enable, facilitate, or conceal an infringement of any" copyright.  17 U.S.C. §1202(b)(1).

14  Properly alleging a § 1202(b) claim requires pleading (1) that the "removal of CMI metadata"

15  will "impair their policing of infringement" and (2) that the defendant knew or had reasonable

16  grounds to know its practice "carried . . . a substantial risk of inducing, enabling, facilitating, or

17  concealing infringement."  *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 675-76 (9th Cir. 2018).

18  Contrary to Defendants' argument (Br. at 12-14), Plaintiffs have satisfied both requirements.

19       CMI in works copied by users and uploaded to YouTube may include data identifying the

20  creator, owner, and/or title of a copyrighted work.  (FAC ¶¶ 83-84, 101.)  When YouTube

21  transcodes a video for streaming, YouTube removes all metadata on that original file, electing

22  not to screen the original file for CMI.  (FAC ¶¶ 33, 83-85, 101.)  While Defendants argue that

23  Plaintiffs fail to "show how Defendants would know in any given instance, that metadata

24  actually contains CMI" (Br. at 13), Plaintiffs sufficiently allege that Defendants have the ability

25  to screen videos for standard indicators of CMI, including the creator and copyright holder.  (*See,*

26  *e.g.,* FAC ¶¶ 83, 101.)  Notably, Defendants admit in verified interrogatory responses they do not

27  screen for CMI and that any CMI is not imported when transcoding occurs.  (*See* Dkt. 80 at 2.)

28

1    Defendants further argue (Br. at 13) that the FAC fails to allege that "defendant also

2  knew that" removing CMI "would encourage infringement."  This ignores Defendants'

3  deliberate weakening of Plaintiffs' ability to detect infringement on YouTube.  Defendants have

4  intentionally cabined Plaintiffs' infringement detection to manual searches—which are entirely

5  dependent upon the user-infringer identifying their own infringement in tags or key words that

6  then can be searched in a fruitless game of whack-a-mole.  (FAC ¶¶ 33, 83-85.)  By denying

7  Plaintiffs access to Content ID and having "affirmatively interfered" with both third-party digital

8  fingerprinting technology to approximate Content ID (FAC ¶¶ 99, 101-02) and data-scraping

9  technology that copyright holders use to identify CMI (*id.*), Defendants have eliminated

10  Plaintiffs' ability to examine digitally the actual video data on YouTube to root out

11  infringements—which infringements are vast as shown by Content ID's operation for others.

12    The cases cited by Defendants (Br. at 13-14) do not support dismissal.  In contrast to the

13  extensive copyright infringement on YouTube's platform, both *Corelogic* and *Harrington v.*

14  *Pinterest* involved isolated allegations of infringement and failed to allege that plaintiffs actually

15  used metadata to identify infringement.  *See Corelogic*, 899 F.3d at 675-76 n.6 ("CoreLogic has

16  only once received a DMCA takedown notice from a real estate photographer."); *Harrington v.*

17  *Pinterest, Inc.*, No. 5:20-CV-05290 (EJD), 2021 WL 4033031, at *6 (N.D. Cal. Sept. 3, 2021)

18  ("Harrington does not allege any facts to show that Pinterest's alleged distribution of

19  photographs induced, enabled, facilitated, or concealed any particular act of infringement by

20  anyone, let alone a pattern of such infringement likely to recur in the future.").  Here, Plaintiffs

21  have alleged how CMI metadata could be used to identify infringement; that CMI preservation

22  would allow them to detect additional infringements through data-scraping and searches; and that

23  YouTube knew that stripping CMI would effectively deny Plaintiffs all detection tools that do

24  not rely on the infringer's self-identification of their own infringement.  (FAC ¶¶ 99, 101–02.)

25    The FAC alleges that YouTube encourages the upload of infringing videos without the

26  threat of the uploaders' removal from the platform (FAC ¶¶ 1, 12, 41, 92); that Content ID

27  provides YouTube with direct, express knowledge that a huge number of copyright infringing

28

14

videos are uploaded each year (FAC ¶¶ 2, 8, 10, 94); that YouTube "affirmatively interfered" with Plaintiffs' ability to detect infringement by reliable third-party technologies including digital fingerprinting and data scraping (FAC ¶¶ 99-102); and that YouTube intentionally restricted Plaintiffs to a search function which is entirely dependent upon the infringing uploader self-identifying their infringement (FAC ¶¶ 9-10, 80, 92).  Through its intimate knowledge of data scraping and analysis, Defendants also knew that stripping CMI metadata would severely "impair [Plaintiffs'] policing of infringement."  *Corelogic*, 899 F.3d at 675.  The FAC thus alleges that YouTube had the "state of mind in which the knower is familiar with a pattern of conduct or aware of an established modus operandi" where copyright holders would use its search function to identify infringement using CMI containing the name of the artist, work, ISRC codes, ISWC codes, and other information in ID3 containers.  *Corelogic*, 899 F.3d at 674 (citation and internal quotation marks omitted); FAC ¶¶ 84-85.  YouTube thus had reasonable grounds for knowing both that infringement was routinely occurring on its platform, and that the removal of CMI would facilitate that infringement by hampering Plaintiffs' ability to detect it.[8] If the Court nonetheless believes Plaintiffs did not sufficiently allege scienter, they should be afforded the opportunity to amend.

## CONCLUSION

For the above reasons, Defendants' Motion to Dismiss should be denied.

Dated: January 10, 2022                              Respectfully submitted,


                                                     By: /s/ Philip Korologos

                                                     George A. Zelcs (*pro hac vice*)
                                                     Randall P. Ewing, Jr. (*pro hac vice*)
                                                     Ryan Z. Cortazar (*pro hac vice*)

_____

[8] Moreover, Defendants have steadfastly refused to respond to scienter-related discovery requests for documents concerning their knowledge of CMI metadata embedded in or associated with video uploads, their duties under Section 1202, or their efforts to comply therewith.

KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe (*pro hac vice*)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip Korologos (*pro hac vice*)
Joanna Wright (*pro hac vice*)
Demetri Blaisdell (*pro hac vice pending*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*