# EXHIBIT C

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

MAURA L. REES
Internet: MREES@wsgr.com
Direct dial: 650-320-4780

December 17, 2021

**Via Electronic Mail**

Randall P. Ewing
Korein Tillery, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101

Re:   *Schneider et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423-JD

Dear Randall:

I write in response to Plaintiffs' preliminary list of infringements sent on November 29, 2021 pursuant to the Court's Scheduling Order dated November 16, 2021, Dkt. 98.

*First*, Attachment A does not comply with the Order. It is an undifferentiated list of hundreds of URLs for videos on YouTube categorized only by plaintiff. But there is no information linking any URL/video to any specific work at issue, and thus nothing to tell Defendants what work Plaintiffs contend each video infringes. Plaintiffs' omission of this information renders the list useless to Defendants and appears obstructionist. Please provide that information promptly. If you do not, we will take the matter up with the Court, as there is no justification for Plaintiffs' continuing obfuscation on this basic element of their claims.

*Second*, we question your assertion in your letter that the preliminary list of infringements is "subject to revision at any time," including adding or subtracting URLs "as information becomes available in discovery." We are not sure what you mean by that phrase. Please confirm that we have a list of all of the allegedly infringing videos of which Plaintiffs are currently aware and that Plaintiffs have not held any back from this preliminary list. Further, the Court's Scheduling Order sets February 25, 2022 as the "[l]ast day for plaintiffs to identify [a] final list of infringements." Obviously, Plaintiffs may not revise their list of alleged infringements beyond that date. Dkt. 98. Any further revision would violate the Court's Order and would defeat the purpose of a deadline for final infringement contentions. Are you suggesting that Plaintiffs may add further alleged infringements after the date for final identification?

Relatedly, to the extent Plaintiffs seek to withdraw alleged infringements after putting them at issue in the lawsuit, YouTube will seek a judgment of non-infringement with respect to any such videos. We assume that Plaintiffs would have no objection to stipulating to such a judgment in the event they decide that they do not, in fact, have a valid infringement claim as to a video and remove it from their court-ordered list of infringements.

**WILSON SONSINI**

Randall P. Ewing
December 17, 2021
Page 2

In this regard, we note that Attachment A excludes, without any explanation, dozens of the URLs that Plaintiff Schneider previously identified in her responses to Interrogatory No. 2, which required identification of "every URL (uniform resource locator) within the YouTube service at which You contend content infringing the copyright for the Work in Suit has appeared." Schneider verified under oath that the Interrogatory No. 2 response listed URLs where "content infringing Schneider's Works in Suit has appeared."[1] In light of this sworn statement, YouTube has expended time and resources in investigating the infringement claims associated with these videos, and has directed discovery efforts to those claims. Please explain why Attachment A is inconsistent with the response to Interrogatory No. 2. If Plaintiffs are no longer pursuing claims based on the videos identified in prior, sworn interrogatory responses, please confirm that Plaintiffs will stipulate to a judgment as to those previously alleged infringements.

*Third*, your letter requests information concerning YouTube's Autoplay feature and the CMI-related discovery requests. However, the discussion in your letter is not consistent with the current state of the parties' meet-and-confers on those issues.

As to Autoplay, your letter asks YouTube to determine, for each of 593 listed URLs in Attachment A, "whether each video was displayed, performed, reproduced, or distributed through YouTube's Autoplay feature, whether YouTube or the uploader received any advertising revenue for the url attributed to YouTube's Autoplay functionality, and the amount of such revenue." In the relevant meet-and-confers, YouTube said that, upon receiving a list of allegedly infringing videos, it would endeavor to provide information about whether the listed videos were played via the Autoplay function and the revenue attributable to a video playing in Autoplay. Now that Plaintiffs have finally produced a list of allegedly infringing videos (roughly three months later), YouTube will investigate whether it is feasible and proportionate to produce information about hundreds of videos and the categories of information it can provide. YouTube will provide further information as part of the meet and confer process.

As to CMI, your letter asks YouTube to provide, for the 734 URLs listed in both Attachment A and Attachment B, "copies of all video or other files it possesses related to these links in the form(s) in which they are currently maintained." The letter asks YouTube to provide this information for URLs attributed to Schneider, AST Publishing Ltd. ("AST"), and Uniglobe Entertainment, LLC ("Uniglobe"). However, Plaintiffs have not propounded discovery requests on behalf of AST or Uniglobe specifically related to CMI. For instance, Plaintiffs' Third Set of Requests for Production, which pertain to AST and Uniglobe, do not contain requests comparable to Request Nos. 54 and 55 in Plaintiffs First Set of Requests for Production. Accordingly, the parties' meet-and-confer discussions to date about CMI-related discovery have not touched on the two new plaintiffs. Even though AST and Uniglobe have not issued requests pertaining to CMI, YouTube is willing to consider the CMI-related request stated in the November 29, 2021 letter for the two new plaintiffs. However, please also send formal document requests for CMI-related information on behalf of AST and

---

[1] *See* Plaintiff Maria Schneider's Supplemental Response to Defendants' First Set of Interrogatories (response to Interrogatory No. 2) & Plaintiff Maria Schneider's First Amended Responses and Objections to Defendants' First and Second Set of Interrogatories (amended response to Interrogatory No. 2).

WILSON SONSINI

Randall P. Ewing
December 17, 2021
Page 3

Uniglobe, so that the parties have a clear record about what AST and Uniglobe are seeking in this regard and what YouTube is agreeing or not agreeing to produce in response.

Further, as part of the meet-and-confer process on CMI-related discovery, YouTube asked Plaintiffs to produce a list of allegedly infringing videos and explain, at least at a high level, how those videos are related to Schneider's claims or her works in suit. That explanation is necessary to establish that YouTube would be gathering and producing videos that are actually relevant and responsive to Plaintiffs' CMI-related requests. Attachments A and B do not meet this requirement: they merely list URLs without any association with a work-in-suit or basis for relevance. Moreover, YouTube agreed to investigate the data available for 200 videos, identified by Plaintiffs, and the degree of burden associated with producing metadata for those 200 videos. For instance, as mentioned during meet-and-confers, the vintage of the videos identified by Plaintiffs may affect the burdens of producing the requested data. Plaintiffs have instead requested data for 734 listed URLs, a number well in excess of what Plaintiffs suggested and YouTube said it would be willing to handle. We also note that YouTube has now filed a motion to dismiss the CMI claims because Plaintiffs cannot plead the required element of scienter. It would not be appropriate to significantly expand the scope and burden of discovery on the CMI claims when, in Defendants' view, Plaintiffs have not even stated a claim upon which relief can be granted under 17 U.S.C. § 1202(b). In accordance with the parties' agreement during the meet and confer, Plaintiffs should amend the list of URLs that pertain to the CMI-related discovery to (1) limit it to the roughly 200 videos discussed by the parties; and (2) explain how those roughly 200 identified videos are related to Plaintiffs' claims and the works in suit.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


*/s/ Maura L. Rees*
Maura L. Rees