# EXHIBIT D

KOREIN TILLERY

*Attorneys at Law*

Michigan Plaza
205 North Michigan Avenue, Suite 1950
Chicago, IL  60601-4263

www.KoreinTillery.com

Randall P. Ewing Jr.
Rewing@koreintillery.com
*p: (312) 641-9750*
*f: (314) 241-3525*

December 31, 2021                                                                                         <u>**Via Electronic Mail**</u>

Maura L. Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mills Road
Palo Alto, CA 94304-1050

Re:     *Schneider et al. v. YouTube, LLC et al.*, **Case No. 3:20-cv-04423-JD**

Dear Maura:

I write on behalf of Plaintiffs in response to your letter of December 17, 2021, which addresses the Plaintiffs' preliminary list of infringements and Autoplay and CMI discovery requests.

While the Court's Order does not require Plaintiffs to identify the copyrighted work for each infringing video or to provide any other information beyond an identification of URLs, we are happy to respond to your request for that information. We expect to provide an updated list of infringements that identifies the work or works allegedly infringed by each URL to the extent reasonably possible on or before January 14, 2022.

As to your comments about potential revisions to the list, the Court ordered Plaintiffs to provide a "preliminary" list of infringements, a term which inherently means that the list is capable of being revised in the future. As to the addition of URLs after February 25, 2022, or the removal of URLs, we see no value in debating future hypothetical events at this point in time.

With respect to your question about URLs included on Schneider's Supplemental Response to Interrogatory No. 2 served on December 9, 2020, but not included among the URLs identified in my November 29, 2021 letter, the reason is the URLs provided on November 29, 2021 were intended to be supplemental to those URLs that had already been identified through formal discovery channels. The URLs identified by Schneider in response to Interrogatory No. 2, which has not been subsequently withdrawn or amended, remain at issue in this case. Accordingly, we intend to supplement Schneider's response to Interrogatory No. 2 to include any URLs identified on November 29, 2021 that were not previously included. We intend to provide

this supplemental response on or before January 14, 2022. This should clear up any confusion that you claim to have, but let me know if you have any further questions.

With respect to Autoplay, your December 23 Letter appears to state that you are no longer agreeing to provide in response to RFP No. 43 the number of times the videos at those URLs were queued up via AutoPlay, as Defendants agreed to do on our meet and confer call of August 23, 2021. On that call, Mr. Kramer specifically stated that "the data we have is not just whether but how often a video was played." Your Letter does not suggest that there is any incremental burden associated with providing this information. We think it is unlikely there would be any burden, since Defendants are already agreeing to provide revenue figures for each play through AutoPlay. Please confirm that your production will include the number of times each of the videos has been queued up and played via AutoPlay, as well as the revenue attributable to each play through AutoPlay.

We further note that the delay in providing URLs is attributable to Defendants' statements that you would not proceed with Schneider's requests until you could do so for all Plaintiffs at once, and that you would not proceed with discovery related to AST and Uniglobe until the Court directed Plaintiffs to file the amended complaint. *See, e.g.,* September 10 email from M. Rees to D. Blaisdell. That did not occur until shortly before we provided the list to you. We fail to understand what purpose it would have served to provide you with the list three months earlier when you refused to do anything with the list at that point in time.

On the topic of CMI, we do not understand your request for formal discovery demands by AST and Uniglobe. RFP Nos. 55 and 56 both seek documents concerning "CMI Videos," which are simply "videos that contained CMI at the time the User initiated the upload of the video to Your platform," without any limitation to particular works or plaintiffs. Moreover, AST and Uniglobe have both served document requests that seek all videos that use in whole or in part any of their works (RFP Nos. 110 and 116), so these videos have already been formally requested. With respect to your request for an explanation as to how the URLs provided in Attachments A and B relate to Plaintiffs' CMI claims, the explanation is that the URLs in Attachments A and B of my November 29, 2021 letter are believed to contain at least some portion of Plaintiffs' works.

With respect to the number of URLs, you mischaracterize the content of our discussions and the nature of our agreement. First, the numbers discussed were estimates of the number of videos related to Plaintiff Schneider's copyrighted works, and were not inclusive of AST's and Uniglobe's requests. Plaintiffs also made clear that the demand would encompass any other video identified in the future relating to Schneider's claims. The estimate discussed was between a range of 10 and 500, and likely closer to 200. The 326 URLs identified for Schneider is within the range estimated by Plaintiffs.

More importantly, you have not articulated any meaningful burden for producing the video files relating to the 326 URLs identified by Schneider as opposed to only 200 URLs. Nor have you articulated any meaningful burden for producing video files relating to the 237 URLs

identified by Uniglobe or the 171 URLs identified by AST. Indeed, your letter suggests that you have not even begun your investigation into ascertaining the extent of the burden, if any. The video files requested by Plaintiffs for these URLs (and any others identified in the future that contain at least a portion of Plaintiffs' copyrighted works) are plainly relevant in that they may reveal the extent to which CMI has been removed or altered. Absent a specific and sufficient explanation as to why this information is not discoverable for all URLs believed to contain a portion of Plaintiffs' copyrighted works, Plaintiffs expect Defendants to produce this information.[1]

We look forward to a response on or before January 7, 2022.

Sincerely,

Randall P. Ewing Jr.

---

[1] We further understand that you have filed a motion to dismiss Plaintiffs' CMI-related claims, raising arguments that you could have raised when Schneider's complaint was filed nearly 18 months ago. We note, however, that you have not moved for a stay of discovery, nor has the Court entered any, so we fail to see its relevance.