DAVID H. KRAMER, SBN168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
        mrees@wsgr.com
        lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>_____<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants.<br>_____ | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS' AND COUNTERCLAIMANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: March 10, 2022<br>Time: 10:00 am<br>Courtroom: 11<br>Judge: Hon. James Donato |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................i

INTRODUCTION..............................................................................................................1

ARGUMENT ....................................................................................................................1

      I.      PLAINTIFFS CONTINUE TO ASSERT INFRINGEMENT OF WORKS NOT NAMED IN THE COMPLAINT, FLOUTING THE COURT'S ORDER ...............................................................................................1

      II.     PLAINTIFFS HAVE NOT PLED ANY INSTANCE OF INFRINGEMENT. .........................................................................................2

      III.    PLAINTIFFS HAVE NOT PLED OWNERSHIP OF CERTAIN COPYRIGHTS. .........................................................................................3

      IV.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WORKS THAT WERE NOT REGISTERED BEFORE THE FILING OF THE ORIGINAL COMPLAINT. ...................................................................5

      V.     UNIGLOBE AND AST CANNOT RECOVER STATUTORY DAMAGES AND ATTORNEYS' FEES FOR UNREGISTERED FOREIGN WORKS. .........6

      VI.    PLAINTIFFS HAVE FAILED TO STATE CLAIMS UNDER § 1202(b) BECAUSE THEY HAVE FAILED TO ADEQUATELY ALLEGE SCIENTER. ...............................................................................................7

CONCLUSION ................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 2, 4

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
  2020 WL 1877707 (N.D. Cal. Apr. 15, 2020) .................................................... 2

*Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*,
  149 F. Supp. 3d 1167 (N.D. Cal. 2016) ............................................................ 2

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
  297 F.R.D. 64 (S.D.N.Y. 2013) .......................................................................... 4

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
  633 F. Supp. 2d 159 (S.D.N.Y. 2009) ................................................................ 6

*Glass Egg Digital Media v. Gameloft, Inc.*,
  2018 WL 3659259 (N.D. Cal. Aug. 2, 2018) ...................................................... 5

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
  206 F. Supp. 3d 869 (S.D.N.Y. 2016) ................................................................ 4

*Harrington v. Pinterest, Inc.*,
  2021 WL 4033031 (N.D. Cal. Sept. 3, 2021) .............................................. 7, 8, 9

*Hybrid Promotions, LLC v. Zaslavsky*,
  2016 WL 10988656 (C.D. Cal. Oct. 5, 2016) .................................................... 4

*Kelly v. Arriba Soft Corp.*,
  77 F. Supp. 2d 1116 (C.D. Cal. 1999) ................................................................ 9

*Kifle v. YouTube LLC*,
  2021 WL 1530942 (N.D. Cal. Apr. 19, 2021) .................................................... 5

*Lickerish Ltd. v. Maven Coal., Inc.*,
  2021 WL 3494638 (C.D. Cal. Jan. 29, 2021) .................................................... 5

*Malibu Media, LLC v. Baker*,
  2020 WL 3978302 (S.D.N.Y. June 18, 2020) .................................................... 5

*Martin v. Walt Disney Internet Grp.*,
  2010 WL 2634695 (S.D. Cal. June 30, 2010) .................................................... 6

*Mujica v. AirScan Inc.*,
  771 F.3d 580 (9th Cir. 2014) .............................................................................. 9

*Nirvana, LLC v. Mark Jacobs Int'l, LLC*,
  2019 WL 7817082 (C.D. Cal. Nov. 8, 2019) .................................................... 4

*Payne v. Manilow*,
  2018 WL 6321638 (C.D. Cal. Oct. 29, 2018) .................................................... 4

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
    167 F. Supp. 2d 1114 (C.D. Cal. 2001).................................................................. 2

*Philips N. Am. LLC v. KPI Healthcare, Inc.*,
    2020 WL 3032765 (C.D. Cal. Jan. 24, 2020)...................................................... 5

*Philpot v. WOS, Inc.*,
    2019 WL 1767208 (W.D. Tex. Apr. 22, 2019)................................................... 7

*Signatours Corp. v. Hartford*,
    2015 WL 1058181 (W.D. Wash. Mar. 11, 2015)............................................ 3, 4

*Star Fabrics Inc. v. Norm Thompson Outfitters, LLC*,
    2019 WL 6894528 (C.D. Cal. July 10, 2019)...................................................... 4

*Stevens v. Corelogic, Inc.*,
    899 F.3d 666 (9th Cir. 2018)............................................................................ 7, 8

*Stevens v. Corelogic, Inc.*,
    194 F. Supp. 3d 1046 (S.D. Cal. 2016)............................................................ 7, 8

*Ubiquiti Networks, Inc. v. Cambium Networks, Inc.*,
    2019 WL 6034116 (N.D. Ill. Nov. 14, 2019)...................................................... 5

**STATUTES**

17 U.S.C. § 411(a).................................................................................................... 5

17 U.S.C. § 412........................................................................................................ 6

17 U.S.C. § 501(b).................................................................................................... 4

17 U.S.C. § 504(c).................................................................................................... 6

17 U.S.C. § 1202(b)........................................................................................ 1, 7, 8, 9

17 U.S.C. § 1202(b)(1)............................................................................................ 7

**RULES**

Fed. R. Civ. P. 8....................................................................................................... 9

Fed. R. Civ. P. 12(b)................................................................................................ 3

Fed. R. Civ. P. 12(c)................................................................................................ 3

**INTRODUCTION**

Defendants' Motion to Dismiss identified a host of pleading deficiencies in the First Amended Complaint. In Plaintiffs' opposition, they concede some deficiencies, offer to fix others, and minimize or dispute the rest. But even where Plaintiffs try to dispute the motion, they do so only by mischaracterizing Defendants' arguments, missing the key facts, or getting the law wrong. The Court should grant the motion on all grounds, and in particular dismiss with prejudice the copyright infringement claims for unnamed works, unregistered works, and the Section 1202(b) claim for removal of copyright management information.

**ARGUMENT**

**I.    PLAINTIFFS CONTINUE TO ASSERT INFRINGEMENT OF WORKS NOT NAMED IN THE COMPLAINT, FLOUTING THE COURT'S ORDER**

After more than a year of resistance,[1] Plaintiffs conceded in their opposition brief that they no longer "assert claims for works not specifically identified in the FAC." Opp. 3. But on January 14—four days after filing that brief (and saying Defendants' motion to bar claims based on unidentified works "has no basis" (*id.*)), Plaintiffs served an amended interrogatory response and preliminary list of infringements pressing claims on two works not identified in the FAC: Schneider's *My Ideal* and *Waltz for Toots*. Ex. 10 at 7, 10; Ex. 11 at 12, 18; Harold Decl. ¶ 4. Notwithstanding Plaintiffs' continuing efforts to revise their case on the fly, asserting claims based on works not specifically identified in the FAC is at odds with Plaintiffs' own representation, the law (Mot. 6), and this Court's Order (Dkt. 98 at 1). If Plaintiffs merely made a mistake and are not attempting to assert claims in unidentified works, they should stipulate to the dismissal of any such claims. Regardless, their claims as to unnamed "other works" (FAC

---

[1]  Schneider has, since the outset of the case, taken the position that her copyright infringement claims are open-ended. *See* Dkt. 42 at 9 ("Plaintiffs are under no obligation to list each and every copyrighted work that has been infringed in their Complaint."); Dkt. 54 at 8 ("the Complaint itself need not set forth the complete universe of copyrighted works at issue."); Dkt. 73 at 3 ("A plaintiff in a copyright infringement action has no obligation to include in the complaint a complete listing of all of the works at issue."). While the FAC still purports to preserve the right to assert infringement of unnamed "*other*" works (FAC ¶ 113 (emphasis added); Dkt. 1 ¶ 109), Plaintiffs now apparently acknowledge that is improper.

1 ¶ 113) cannot proceed.

2 **II.     PLAINTIFFS HAVE NOT PLED ANY INSTANCE OF INFRINGEMENT.**

3      Plaintiffs mischaracterize Defendants' arguments about pleading infringement.

4 Defendants do not contend that Plaintiffs must "plead all instances of infringement."  Opp. 4

5 (citing Mot. 6-8); *id.* ("identify all infringements").  Rather, Plaintiffs must plead "representative

6 acts of infringement" for each work they put at issue.  Mot. 7.  But Plaintiffs' FAC deals

7 exclusively in generalities: Plaintiffs do not identify a single YouTube video that they contend

8 infringes a single copyrighted work they have asserted in the case.[2]  Absent those basic

9 allegations, Plaintiffs have not provided a basis for believing that a given work was infringed.

10      Quoting a pre-*Twombly* case, Plaintiffs say they need only provide "'fair notice'" of their

11 claims.  Opp. 5 (quoting *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1121

12 (C.D. Cal. 2001)).  But post-*Twombly*, plaintiffs must plead "sufficient factual matter" to state a

13 "plausible" claim of infringement of their works.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

14 Recent decisions in this District confirm that plaintiffs must plead "at least a 'representative

15 sampling'" of infringements.  *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, 2020 WL

16 1877707, at *6 (N.D. Cal. Apr. 15, 2020) (quoting *Blizzard Entm't, Inc. v. Lilith Games

17 (Shanghai) Co.*, 149 F. Supp. 3d 1167, 1173 (N.D. Cal. 2016)).  Again, the FAC does not plead

18 facts showing a single instance of alleged infringement.  And as such, it fails to state a plausible

19 copyright claim.

20      Plaintiffs suggest that the Court blessed their failure to identify any infringements in the

21 FAC.  *See* Opp. 4-5.  But while the Scheduling Order set a February 25, 2022 deadline for the

22 *complete and final* identification of alleged infringements for all works (Dkt. 98), it did not

23 _____

24 [2] Schneider does not attempt to rescue her infringement allegations that explicitly rest on
"information and belief." As Defendants explained, such allegations are insufficient because

25 Schneider does not provide the information upon which her belief rests.  *See* Mot. 8 n.5 (quoting
FAC ¶ 60 n.7).  And YouTube videos are publicly available, so Schneider cannot claim that any

26 supposed infringement in that corpus of videos is within Google's exclusive knowledge.  To
make matters worse, Schneider does not specify where her claims rest only on information and

27 belief, and where they are supposedly based on personal knowledge.  Given that, her claims of
infringement as to all of the works she asserts should be dismissed as insufficiently pled.

28

authorize Plaintiffs to assert a claim of copyright infringement without having or pleading facts to suggest that a given work was ever infringed.  Nor would that interpretation make sense since the Scheduling Order specifically anticipated a motion to dismiss presenting Rule 12(b) arguments for the Court's decision.  *Id.* (order setting dates for motion to dismiss).[3]

Finally, Plaintiffs contend that their pleading deficiencies can be saved by reference to their interrogatory responses and their Court-ordered preliminary list of infringements.  Opp. 5-6.  Plaintiffs offer to "amend [the FAC] to include their preliminary list of infringements" (Opp. 6)—and they should.  But even the preliminary list of infringements fails to allege infringement of *33 works* asserted in the FAC.  *See* Ex. 10 at 7, 10; Ex. 11 at 12, 18; Harold Decl. ¶ 3 (listing the 33 works).  At a minimum, the claims of infringement as to those 33 works should be dismissed without leave to amend, and Plaintiffs should be ordered to amend to plead at least one infringement as to each remaining work.

### III.   PLAINTIFFS HAVE NOT PLED OWNERSHIP OF CERTAIN COPYRIGHTS.

Plaintiffs' conclusory allegations of ownership are not enough to support: (1) Uniglobe's assertion of U.S. registered works where Copyright Office records do not reflect Uniglobe as owner; and (2) Uniglobe and AST's assertion of unregistered foreign works.

Claims resting on the "bare allegation that [plaintiff] is the legal or beneficial owner of the copyright" are properly dismissed, especially where the registration records "reflect[] a different entity as the copyright claimant." *Signatours Corp. v. Hartford*, 2015 WL 1058181, at *3 (W.D. Wash. Mar. 11, 2015).[4]  None of Plaintiffs' cases are contrary, as none involved a bare

---

[3] Plaintiffs also suggest that a 12(b)(6) motion is untimely as to Schneider because Defendants did not move to dismiss Schneider's original complaint for failure to identify any alleged infringements (Opp. 5).  But Schneider's amendments in the FAC added claims to 75 works to the original 3, adding considerable new matter warranting a motion to dismiss. Further, the fact that Schneider still cannot or will not identify alleged infringements for the works at issue some 20 months into the litigation is considerably more damning than at the outset of the case. Regardless, Plaintiffs do not dispute that the issue is properly raised as to Uniglobe and AST, or that the same issue could be raised and addressed as to Schneider under Rule 12(c). Mot. 1, 5 n.4.

[4] Plaintiffs incorrectly state that "Defendants' cases (Br. 9) have been criticized" by Wright & Miller.  Opp. 7 (citing Wright & Miller, Federal Practice and Procedure §1237 (3d ed. 1998)).  In
(continued...)

assertion of ownership refuted by Copyright Office records.[5]

It is true that "registrations recorded at the Copyright Office" are not "definitive evidence" of ownership.  Opp. 7 (quoting *Payne*, 2018 WL 6321638, at *5).  Indeed, each infringement charge requires an analysis of both the plaintiff's purported ownership of a work and the propriety of the work's registration.  *See, e.g.*, *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64, 65 (S.D.N.Y. 2013) (individualized issues of ownership and registration preclude certification of a class of copyright claimants).  But the question here is not whether Uniglobe's ownership allegations are rendered "false" by the contrary registration (Opp. 7 (quoting *Payne*, 2018 WL 6321638, at *5); it is whether Uniglobe sufficiently pled ownership of the works it asserts.  It has not.  Unlike the plaintiff in *Payne*, Uniglobe did not plead detailed information about the chain of title supporting its claim of ownership.  Instead, its allegations of "legal and/or beneficial owner[ship]" (FAC ¶¶ 17-18, 66, 75) are merely a "[t]hreadbare recital[]" of the statutory language of 17 U.S.C. § 501(b).  *Ashcroft*, 556 U.S. at 678.  They are "not entitled to the assumption of truth" (*id.* at 679)—especially when contradicted by Copyright Office records (*see Signatours Corp.*, 2015 WL 1058181, at *3).  Uniglobe's failure to properly plead ownership of the screenplay and motion picture of *Americanizing Shelley* and the motion picture of *1 a Minute* warrants dismissal of those claims of infringement.

Uniglobe and AST also failed to sufficiently explain the basis for vaguely claiming they own certain works under foreign law.  In opposition, they effectively admit their deficiency,

---

fact, Wright & Miller does not criticize—or even cite—Defendants' cases.  *See* Wright & Miller, Federal Practice and Procedure §1237 (3d ed. 1998).

[5] *See Star Fabrics Inc. v. Norm Thompson Outfitters, LLC*, 2019 WL 6894528, at *2 (C.D. Cal. July 10, 2019) (rejecting challenge to plaintiff's ownership based on "privately provided" information that plaintiff was a mere assignee); *Nirvana, LLC v. Mark Jacobs Int'l, LLC*, 2019 WL 7817082, at *5 (C.D. Cal. Nov. 8, 2019) (rejecting challenge to ownership where "[t]he registration … state[d] that [it] was assigned … to 'Nirvana, L.L.C.'"); *Hybrid Promotions, LLC v. Zaslavsky*, 2016 WL 10988656, at *9 (C.D. Cal. Oct. 5, 2016) (counterclaim plausibly referred to a registration that did not identify a non-party owner).  *Payne v. Manilow*, 2018 WL 6321638, at *6 (C.D. Cal. Oct. 29, 2018) ("Plaintiff's complaint include[d] detailed allegations about the chain of title."); *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 893 (S.D.N.Y. 2016) (plaintiff produced affidavit from the registrant swearing to chain of title).

claiming they could "allege countries of origin for [their] unregistered [foreign] works." Opp. 9. But as currently pled, their mere assertion of ownership under some unidentified foreign country's laws is conclusory and insufficient. *See Glass Egg Digital Media v. Gameloft, Inc.*, 2018 WL 3659259, at *2-4 (N.D. Cal. Aug. 2, 2018) (dismissing infringement claim for failure to properly allege ownership under Vietnamese law). For this reason, Uniglobe's claims based on the Hindi-language translation of *5 Weddings*—and all of AST's claims—should be dismissed.

## IV.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WORKS THAT WERE NOT REGISTERED BEFORE THE FILING OF THE ORIGINAL COMPLAINT.

Schneider failed to allege pre-suit registration of the copyright for 75 works named in the FAC, instead alleging registration "prior to the assertion of any copyright claims against YouTube." FAC ¶ 60 n.7. That allegation of pre-"assertion" registration (*id.*) is inadequate under 17 U.S.C. § 411(a), which requires registration before "institut[ing]" a "civil action for infringement of the copyright." *See Kifle v. YouTube LLC*, 2021 WL 1530942, at *6 (N.D. Cal. Apr. 19, 2021) ("before initiating th[e] lawsuit"); *see also* Mot. 10-11.[6]

While Schneider might be able to salvage some of those works, for 28 of them, Schneider concedes the works only "were registered *after* the original complaint" was filed. Opp. 9 (emphasis added). Her conceded failure to register these works before suit is fatal under 17 U.S.C. § 411(a), and any claim as to those 28 works must be dismissed. *See* Mot. 10-11.

As to Uniglobe, Plaintiffs do not dispute that the works *5 Weddings* and *Americanizing Shelley* were never registered as motion pictures. *See* Opp. 12. Nor can they dispute that such

---

[6] None of Schneider's cases (all of which are out-of-district) is persuasive. In two, there were no copyright infringement claims in the case before the amendment, and thus no prior "civil action for infringement" under § 411. *See Philips N. Am. LLC v. KPI Healthcare, Inc.*, 2020 WL 3032765, at *3 (C.D. Cal. Jan. 24, 2020); *Ubiquiti Networks, Inc. v. Cambium Networks, Inc.*, 2019 WL 6034116, at *1 (N.D. Ill. Nov. 14, 2019). The other two relied solely on the first two distinguishable cases for authority and were in different procedural postures, *i.e.*, a damages inquest after default judgment and a short order granting leave to amend. *Malibu Media, LLC v. Baker*, 2020 WL 3978302, at *4 n.3 (S.D.N.Y. June 18, 2020) (default judgment); *Lickerish Ltd. v. Maven Coal., Inc.*, 2021 WL 3494638, at *1 (C.D. Cal. Jan. 29, 2021) (leave to amend).

1  registrations were falsely alleged in the FAC.  FAC ¶¶ 67-68.  As the Copyright Office's records

2  show, what Plaintiffs claimed were "registrations" for those works were instead mere

3  recordations of "security agreements."  Opp. 12; Mot. 11.  Rather than admit their mistake,

4  Plaintiffs obfuscate, pointing to other registrations for works with the same titles, without

5  mentioning that they are also not registrations for "motion pictures," but rather for screenplays.

6  Opp. 12; Dkt. 110-8; Dkt. 110-3 (also showing that the screenplay for *Americanizing Shelley* is

7  registered to a non-party, not Uniglobe).  In other words, there are no pre-suit (or any)

8  registrations for copyrights in the motion pictures *Americanizing Shelley* or *5 Weddings* that

9  Uniglobe purports to assert here.  Infringement claims based on those works cannot proceed.

10  **V.   UNIGLOBE AND AST CANNOT RECOVER STATUTORY DAMAGES AND**

11  **ATTORNEYS' FEES FOR UNREGISTERED FOREIGN WORKS.**

12       Despite having pled that "Plaintiffs and the Class are entitled to the maximum statutory

13  damages pursuant to 17 U.S.C. § 504(c)," Plaintiffs now concede that Uniglobe and AST cannot

14  "seek statutory damages or attorneys' fees for infringement of unregistered foreign works."

15  Opp. 12.[7]  At least as to certain works asserted by two of the three putative class representatives,

16  Plaintiffs' allegation was wrong as a matter of law.  (It is also wrong as to certain works that the

17  third putative class representative, Schneider, has asserted that were not registered until after any

18  alleged infringement began, *see* 17 U.S.C. § 412, but that issue is beyond the pleadings).  Having

19  conceded that they are not entitled to statutory damages and attorneys' fees for infringement of

20  unregistered foreign works (Opp. 12), Uniglobe's and AST's claims for that relief should be

21  dismissed with prejudice.  *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 633 F. Supp. 2d

22  159, 162 (S.D.N.Y. 2009); *Martin v. Walt Disney Internet Grp.*, 2010 WL 2634695, at *4 (S.D.

23  Cal. June 30, 2010).

24

25

26  [7]  Plaintiffs say they would have "confirmed" this "fact" had Defendants made "a simple
inquiry."  Opp. 12.  But it is Plaintiffs' obligation to plead "the relief sought" (Fed. R. Civ. P.
27  8(a)(3)), not Defendants' obligation to "confirm[]" whether the FAC meant something other than
28  what it said.

**VI.    PLAINTIFFS HAVE FAILED TO STATE CLAIMS UNDER § 1202(b) BECAUSE THEY HAVE FAILED TO ADEQUATELY ALLEGE SCIENTER.**

Plaintiffs cannot overcome their failure to plead facts establishing either of the two scienter requirements for their Section 1202(b) claim.  *See* 17 U.S.C. § 1202(b).

*First*, to state a claim under Section 1202(b)(1), the only subsection Plaintiffs mention in their opposition, Plaintiffs must allege that Defendants "*intentionally* remov[ed] or alter[ed] … CMI" from videos containing Plaintiffs' works.  17 U.S.C. § 1202(b)(1) (emphasis added); *see* Opp. 13.  Plaintiffs contend that user-uploaded videos "*may* include data" that qualifies as CMI; that YouTube indiscriminately removes "*all* metadata" from uploaded files as part of its automated transcoding process; and that YouTube does not "screen videos for standard indicators of CMI."  Opp. 13 (emphasis added).  Absent from Plaintiffs' FAC and their opposition is anything showing that Defendants actually knew, in any given instance, that any uploaded video file had metadata that constituted CMI for Defendants to "intentionally" remove.  Without knowledge of even the presence of CMI in a given video, Defendants could not have *intentionally* removed CMI from that video, and Plaintiffs' claim fails as a matter of law. *See Stevens v. Corelogic, Inc.*, 194 F. Supp. 3d 1046, 1052 (S.D. Cal. 2016) (no intentional removal under Section 1202(b)(1) where "Plaintiffs present no evidence that CoreLogic intentionally removed CMI, as opposed to removal being an unintended side effect of the fact that the software platform was based on a library that failed to retain metadata by default"), *aff'd*, 899 F.3d 666 (9th Cir. 2018); *Philpot v. WOS, Inc.*, 2019 WL 1767208, at *8-9 (W.D. Tex. Apr. 22, 2019) (Section 1202(b) claim failed where plaintiff did not show defendant knew that the metadata it removed contained CMI).

*Second*, even if Plaintiffs had properly alleged that Defendants intentionally removed CMI from videos that contain Plaintiffs' works, their claim would still be subject to dismissal for failure to plead facts showing Defendants knew or had reason to know such actions would foment infringement.  Plaintiffs were required to "'make an affirmative showing … that [Defendants were] aware or had reasonable grounds to be aware of the probable future impact of [their] actions.'" *Harrington v. Pinterest, Inc.*, 2021 WL 4033031, at *6 (N.D. Cal. Sept. 3, 2021)

1    (quoting *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018)).  As Judge Davila recently

2    recognized, a plaintiff must show more than that the removal of CMI carried the mere "'possibility

3    of encouraging infringement.'"  *Id.* (quoting *Stevens*, 899 F.3d at 674).  Yet that is all that

4    Plaintiffs offer.

5            Plaintiffs attempt to distinguish *Harrington* on the ground that the plaintiff in that case

6    "failed to allege that [he] actually used metadata to identify infringement."  Opp. 14.  But

7    Plaintiffs' FAC suffers the same flaw. *See* Mot. 14. Plaintiffs claim that they "have alleged how

8    CMI metadata *could* be used to identify infringement," citing allegations regarding "third-party

9    digital fingerprinting technolog[ies]."  Opp. 14 (emphasis added) (citing FAC ¶¶ 99, 101-02).  But

10   Plaintiffs do not allege (i) that they actually use those technologies; (ii) that their use was

11   somehow impaired because Defendants allegedly removed metadata; or (iii) that Defendants knew

12   of such impairment.  In other words, Plaintiffs have not provided "'specific allegations as to how

13   identifiable infringements 'will' be affected,'" and thus have not shown that Defendants possessed

14   the requisite mental state.  *Harrington*, 2021 WL 4033031, at *6 (a plaintiff asserting a Section

15   1202(b) claim must allege more than "'that "when CMI metadata is removed, copyright

16   infringement plaintiffs . . . lose an important method of identifying a photo as infringing"'")

17   (quoting *Stevens*, 899 F.3d at 674-75).[8]

18           Plaintiffs' opposition imagines Defendants developed a general scheme to promote and

19   conceal infringement and argues that the treatment of metadata (potentially including CMI) is part

20   of that scheme. *See* Opp. 14-15. But such generalized allegations of the possibility of aiding

21   infringement are precisely what the Ninth Circuit rejected in *Stevens*. *See* 899 F.3d at 673 ("As we

22   _____

23   [8]  Plaintiffs contend that *Harrington* involved "isolated allegations of infringement," whereas
     Defendants are supposedly aware of "a huge number of" allegedly infringing videos uploaded to
24   YouTube (despite having failed to identify a single one in the FAC).  Opp. 14-15.  Plaintiffs are
     wrong as a factual matter. *Harrington* is a putative class action in which the plaintiff claimed that
25   Pinterest was aware of widespread infringement of numerous photographers' works. *See*
     *Harrington*, 2021 WL 4033031, at *4; *see also Harrington v. Pinterest*, No. 5:20-cv-05290-EJD
26   (N.D. Cal.), ECF No. 21 ¶¶ 86, 91-108.  Plaintiffs are also wrong on the law: the scope of alleged
     infringement in a case is irrelevant to the scienter question absent facts showing that the defendant
27   had reason to know that the alleged infringements "had anything to do with removal" of CMI.  *See*
     *Stevens*, 899 F.3d at 676 n.6.  Again, the FAC offers nothing on that front.
28

1   interpret Section 1202(b), this generic approach won't wash."); *Harrington*, 2021 WL 4033031, at

2   \*2, 6 (dismissing Section 1202(b) claim where plaintiff generally alleged that defendant removed

3   CMI "to actively thwart the efforts of copyright owners, like [plaintiff], to police the misuse of

4   their works").

5        The FAC's lack of specific allegations showing Defendants' knowledge of the future

6   impact of its supposed removal of CMI alone warrants dismissal. But Plaintiffs' claim is

7   especially infirm because Plaintiffs affirmatively acknowledge that Defendants solicit CMI from

8   users uploading videos, and make that CMI searchable on YouTube. *See* Opp. 14; FAC ¶ 33.[9]

9   Given that YouTube solicits, retains, and displays searchable CMI for videos, it makes no sense to

10   contend that it is knowingly fomenting infringement by removing metadata (that may or may not

11   contain CMI) that no one on YouTube ever sees.  In similar circumstances, another court in this

12   circuit rejected a CMI claim as a matter of law for failure to allege the requisite illicit intent.  *See*

13   *Kelly v. Arriba Soft Corp.*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999) (where service displayed

14   thumbnail images from which CMI may have been removed, no scienter could be established

15   because service otherwise preserved and supported the use of CMI, by linking to online locations

16   where full-sized images were available for viewing along with any CMI).  This Court should do

17   the same and dismiss Plaintiffs' CMI claim with prejudice.[10]

18

19

20

21

22

23

---

24   [9] Plaintiffs complain about the difficulty of using YouTube's search functionality to locate
25   alleged infringements by searching for CMI. But Section 1202(b) does not require online
      services to provide *any* search capability, let alone the one that a plaintiff claims it would prefer.

26   [10] Plaintiffs' bid for discovery is also misplaced (Opp. 15 n.8); Plaintiffs must state a claim before
27   they can unlock the door to discovery. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir.
      2014) ("[P]laintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage,
28   not after it.").  Regardless, Plaintiffs here have already had more than a year's worth of discovery.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

For these reasons, the Court should grant Defendants' motion to dismiss.

Respectfully submitted,

Dated:  January 24, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ David H. Kramer*
        David H. Kramer

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC