

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

April 22, 2022

<u>Via CM/ECF</u>

The Honorable James Donato
United States District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Schneider et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423-JD

Your Honor:

    More than five months after joining this case, with less than three months until the close of fact discovery, Plaintiff AST Publishing Ltd. ("AST") ***has not produced a single document or any meaningful discovery in this case***. Defendants YouTube, LLC and Google LLC (collectively, "YouTube") seek an Order directing AST to produce documents responsive to YouTube's document requests ("RFPs") and to provide complete responses to YouTube's Interrogatories within ten calendar days. We certify that, pursuant to this Court's Standing Orders, the parties have extensively met and conferred (on three occasions by telephone and through a dozen letters) regarding AST's responses and objections to YouTube's RFPs and Interrogatories. *See* Exs. A and B (excerpts of the RFPs & Interrogatories and AST's Responses and Objections thereto).

    Plaintiff Maria Schneider and former-Plaintiff Pirate Monitor LLC filed this putative class action in July 2020, accusing YouTube of copyright infringement and removal of copyright management information ("CMI") in violation of 17 U.S.C. § 1202(b). A year ago, shortly after Pirate Monitor was forced to drop its claims with prejudice, Plaintiffs' counsel disclosed an intention to add AST as a new putative class representative, and filed a motion for leave to amend in July 2021, promising repeatedly that amendment would only cause "minor inconvenience" and would not prejudice YouTube. Dkt. No. 87, at 4-5. AST was formally added as a party in the Amended Complaint filed on November 17, 2021. Dkt. No. 99. YouTube served RFPs on AST seven days after it joined the case, and served Interrogatories shortly thereafter. *See* Exs. A and B. The RFPs and Interrogatories seek basic information that goes to the core of AST's claims and YouTube's defenses, such as AST's copyright ownership, licenses AST has granted to others, and AST's use or non-use of CMI.

    Nearly four months after AST served its responses and objections to the RFPs, and despite at least seven inquiries from YouTube, AST still has not even committed to a date certain

WILSON SONSINI

April 22, 2022
Page 2

when it will start document production.[1] To date, YouTube still has no idea what AST will produce, assuming its production ever commences, or if AST will ever provide real answers to YouTube's Interrogatories.

Documents. AST responded to YouTube's RFPs on December 27, 2021, asserting a catalog of objections but agreeing to produce documents responsive to at least half of the requests. But again, **AST still has not produced anything**. And AST has maintained many of its baseless objections. For example, AST has wholesale refused to produce any documents related to AST's participation in this lawsuit. *See* Ex. A, RFP Nos. 45-50. And despite Plaintiffs' core allegations that YouTube operates a "two-tiered copyright enforcement system" where Plaintiffs are "relegated to vastly inferior and time-consuming manual means of trying to police and manage their copyrights" (Dkt. No. 99, ¶¶ 1, 9), AST has refused to produce any documents concerning the methods AST actually uses to prevent, detect, or remove allegedly infringing material on websites other than YouTube. *See* Ex. A, RFP Nos. 9, 37.

Interrogatories. AST's responses and objections to YouTube's Interrogatories are, if anything, even worse. AST has refused to answer basic questions related to its prima facie case. For example, YouTube seeks to identify, *inter alia*: the "legal and beneficial owners of any exclusive rights to the [Works AST has asserted], the exclusive rights owned by each owner"; and "whether [AST is] a legal and/or beneficial owner, [and] the exclusive rights [AST] claim[s] to own." *See* Ex. B, Interrogatory Nos. 1, 2. AST has failed to answer. Its responses state ambiguously that AST is "the owner of the audiobook *and/or* print *or* electronic versions of the copyrighted works" without specifying which versions of the Works-in-Suit it owns. *Id.* Similarly, AST has refused to provide basic information about the occasions on which it has licensed the Works-in-Suit. *See* Ex. B, Interrogatory No. 4. And despite advancing a cause of action based on YouTube's alleged violation of 17 U.S.C. § 1202(b), AST has not provided any

---

[1] YouTube sought document productions from AST in writing on February 2, March 15, March 18, March 24, and March 29, 2022, and during meet-and-confers on February 28 and March 16, 2022. After initially indicating that AST would produce documents "very soon" and promising to provide updates in a few days, AST stated in its March 22 email that it "do[es] not yet have a definitive answer on timing." AST has since sent three more emails promising to provide an update the following week, but each continuing to refuse to commit to production by a date certain. In its March 28 email, AST claimed that international sanctions and compliance with Russian privacy and data collection laws presented "unexpected logistical challenges" that delayed production. But AST has yet to substantively respond to YouTube's March 29 letter inquiring how sanctions affect AST's ability to produce documents, or why the duty to comply with Russian laws is "unexpected," given that Plaintiffs' counsel voluntarily undertook any potential obligations under these laws when it disclosed AST as a putative class representative nearly a year ago.

WILSON SONSINI

April 22, 2022
Page 3

substantive response to YouTube's request for AST to identify the Works-in-Suit on which CMI allegedly appeared and any CMI that YouTube allegedly removed. *See* Ex. B, Interrogatory No. 9.

Compounding its evasions, AST objected to five of the twelve Interrogatories by claiming that responsive information can be found "in the contracts, emails, and other documents that will be produced in this litigation." *See* Ex. B, Interrogatory Nos. 1, 2, 7, 10, 12. During the parties' meet-and-confer in February 2022, AST invoked Rule 33(d) to justify these objections. But AST has produced nothing, and it is difficult to imagine how anything it could produce would enable YouTube to ascertain the requested information with "substantially the same" effort required to review a tailored, written response. Fed. R. Civ. P. 33(d).

<u>Accepting Service of Third-Party Subpoenas.</u> Separately, AST has identified as its witnesses in this case several entities and individuals apparently located in Russia: (i) the Association of Copyright Holders, Licensors, and Licensees for the Protection of Copyrights on the Internet (AZAPI); (ii) Ryabyko Maxim, and (iii) Sergey Anuryev, the General Director of LitRes LLC. AST directed YouTube to contact all of them except Mr. Anuryev through Plaintiffs' counsel. When YouTube asked that Plaintiffs' counsel accept subpoenas for these witnesses, Plaintiffs' counsel asked to see the subpoenas before deciding. Rather than belabor the propriety of that request, YouTube sent Plaintiffs' counsel the completed subpoenas for AZAPI, LitRes, and the individuals on March 24, 2022. A month later, AST's counsel still has not responded to indicate whether it will accept service. Here too, YouTube's discovery of AST is at a standstill.

When AST was granted leave to join this case as a putative class representative more than sixteen months after the case was filed, it should have had its documents at the ready and should have been prepared immediately to provide discovery. Instead, it has ignored its basic obligations as a litigant. If AST cannot honor those obligations, it should follow Pirate Monitor's lead and dismiss its claims. Otherwise, it should promptly produce responsive documents, answer YouTube's Interrogatories, and either accept service on behalf of the third parties it identified or be precluded from relying on their testimony in this case. YouTube respectfully requests that this Court enter an order directing just that.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Lauren Gallo White*

Lauren Gallo White

*Attorneys for Defendants*