George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (pro hac vice)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800

Philip Korologos (pro hac vice)
Joanna Wright (pro hac vice)
Demetri Blaisdell (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> YOUTUBE, LLC and GOOGLE LLC, <br><br> Defendants. <br><br>——————————————— <br><br> YOUTUBE, LLC and GOOGLE LLC, <br><br> Counterclaimants, <br><br> vs. <br><br> PIRATE MONITOR LTD, <br><br> Counterclaim Defendant. | Case Number: 3:20-cv-04423-JD <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION TO SCHEDULE A CASE MANAGEMENT CONFERENCE PURSUANT TO L.R. 7-11** |

Plaintiffs respectfully submit this Administrative Motion to request a case management conference prior to the scheduled July 7 conference to discuss discovery scheduling and unresolved discovery disputes between the parties as this case approaches the close of fact discovery currently set for July 5, 2022. This Motion is supported by the Declaration of Philip Korologos submitted contemporaneously herewith.

As the Court is aware, the parties were scheduled to have a conference with the Court today, June 2, 2022. Due to Defendants' counsel David Kramer's testing positive for COVID and continuing to be symptomatic, the parties earlier this week inquired of the Court's Chambers whether the Court would be willing to proceed with the conference virtually. Chambers informed the parties that the Court preferred to have conferences in person and suggested the parties submit a stipulation requesting the conference be moved and indicating the Court was likely available on June 9. Plaintiffs informed Defendants that they preferred to have the conference proceed on June 2 including in light of the scheduled July 5 close of fact discovery and asked if someone other than Mr. Kramer could appear for Defendants at the conference. Mr. Kramer indicated he was not comfortable with that approach so Plaintiffs stipulated to Defendants' request to move the conference by one week (Dkt. 133).

The Court reset the June 2 conference to occur on July 7, moving it out five weeks. Significantly, the July 7 date is two days after the scheduled close of fact discovery (Dkt. 98).

Good cause exists for scheduling a case management conference prior to the close of fact discovery because, as noted in the parties' joint letter of May 26, 2022 (Dkt. 132) setting forth an agenda for the June 2 conference, there are a number of discovery issues the parties continue to discuss, at least some of which are likely to require some input from the Court. *See, e.g., Heath v. Google Inc.,* No. 15-CV-01824-BLF, 2017 WL 4005598, at *2 (N.D. Cal. Sept. 12, 2017); *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2014 WL 4954634 at * 2 (N.D. Cal. Oct. 1, 2014).

Further, the parties are also discussing additional issues at least some of which will also require input from the Court.  One such issue is Plaintiffs' suggestion to Defendants to move the close of fact discovery out by 45 days (to August 19) and likewise to move by approximately the same amount the dates that closely follow fact discovery in relation to expert disclosures and discovery and with respect to class certification briefing.  Plaintiffs have suggested this adjustment to the discovery schedule (the first such request) because, among other reasons, of their concerns arising from the substantial delays in receiving a variety of discovery from Defendants.  Some examples of Plaintiffs' concerns arise from the facts that Defendants' entire production to date contains less than 250 internal emails and that YouTube has yet to have produced any custodial documents from four of the seven individuals Defendants identified in their initial disclosures.  Defendants have indicated to Plaintiffs that they are opposed to Plaintiffs' request for an overall extension of the fact discovery deadline but have indicated they would be amenable to allowing some depositions to be scheduled during the two weeks following the current close of fact discovery.

Given the difference of views between the parties on this scheduling issue, and the likelihood that some of the remaining discovery issues will require resolution by the Court, Plaintiffs believe that appearing before the Court will be the most efficient means of dealing with these issues and avoid the need for further submissions to the Court by discovery dispute letter or motion.  While the parties continue to discuss all of the outstanding issues, some issues will not, or in the case of a change to the schedule cannot, be resolved solely by the parties.  Receiving the Court's input at a case management conference will allow the remainder of fact discovery to proceed more efficiently and effectively.

Thus, given the discovery disputes remaining between the parties, the pending July 5 scheduled close of discovery, and Plaintiffs' belief that some extension of the current discovery schedule is appropriate, Plaintiffs respectfully request that the Court schedule an additional case management conference between now and July 7, preferably as early as June 9, to discuss these

issues with the Court. Defendants have indicated to Plaintiffs that they take no position concerning Plaintiffs' request to schedule a conference earlier than July 7.

Dated: June 2, 2022                            Respectfully submitted,

/s/ *Philip Korologos*

George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (pro hac vice)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip Korologos (pro hac vice)
Joanna Wright (pro hac vice)
Demetri Blaisdell (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs*