George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (pro hac vice)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800

Philip Korologos (pro hac vice)
Joanna Wright (pro hac vice)
Demetri Blaisdell (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>vs.<br><br>PIRATE MONITOR LTD,<br><br>Counterclaim Defendant. | Case Number: 3:20-cv-04423-JD<br><br>**DECLARATION OF PHILIP KOROLOGOS IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SCHEDULE A CASE MANAGEMENT CONFERENCE PURSUANT TO L.R. 7-11** |

I, Philip Korologos, declare as follows:

1. I am a partner at Boies Schiller Flexner LLP, co-counsel to Plaintiffs and putative class representatives Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing, Ltd. I make this declaration in support of Plaintiffs' Administrative Motion to Schedule a Case Management Conference Pursuant to Local Rule 7-11, filed on June 2, 2022. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2. On or about May 25, 2022, I spoke with lead counsel for Defendants, David Kramer, as part of our ongoing efforts to reach resolution of outstanding discovery disputes, including those listed in the joint letter submitted to the Court on May 26, 2022 (Dkt. 132). Mr. Kramer informed me that he was suffering a recurrence of COVID, was testing positive for COVID, and was symptomatic.

3. On May 30, 2022, Mr. Kramer and I communicated again including to address the feasibility of his attending the June 2 case management conference in person. Mr. Kramer informed me that he continued to test positive for COVID and to be symptomatic. He indicated that if the Court were to permit the parties to appear virtually, he should be able to go forward with the June 2 conference and that if Plaintiffs preferred to push the conference a week to let him know. The next morning, I noted that I thought it better to have a virtual conference on June 2 if the Court permitted rather than to move the conference by a week.

4. On the morning of Tuesday, May 31, 2022, Mr. Kramer and I jointly called the Court to request to hold the June 2 conference remotely. Later that day, Mr. Kramer indicated he received word from the Court's Chambers that the Court preferred to hold status conferences in person and that the Court would likely be available on June 9 if the parties requested that the conference be continued to that date by stipulation.

5. Mr. Kramer and I spoke again. I explained to Mr. Kramer that Plaintiffs felt it was important to keep the conference on June 2 to address outstanding discovery issues well in advance of the scheduled July 5 fact discovery cutoff and because of Plaintiffs' intended request

to move the close of fact discovery by 45 days. I asked Mr. Kramer if he could have one of Defendants' other attorneys attend the June 2 status conference in his stead but Mr. Kramer indicated he was not comfortable with that approach. Mr. Kramer asked Plaintiffs to stipulate to Defendants' request to continue the conference for one week to June 9, 2022, in light of his COVID situation, which Plaintiffs did.

6. On May 31, 2022, Mr. Kramer filed the Joint Stipulation and Proposed Order to Continue June 2, 2022, Status Conference to June 9, 2022 (Dkt. 133).

7. On June 1, 2022, the Court issued an Order rescheduling the case management conference to occur on July 7, 2022 (Dkt. 134).

8. Mr. Kramer called me on June 1, 2022, immediately after receiving the Court's Order scheduling the conference to July 7. He and I discussed the fact that the change placed the status conference after the close of fact discovery and we agreed to speak again about how to address the situation created by the Court's order.

9. When Mr. Kramer and I spoke this morning (Pacific time), June 2, he said that despite Plaintiffs accommodating his request to seek to move the conference by one week, Defendants would not consent to Plaintiffs' request to the Court seeking to schedule a case management conference prior to the close of fact discovery. He instead stated that Defendants take no position on whether a conference should be so scheduled or should not be so scheduled.

10. Defendants' lack of agreement to Plaintiffs' request to schedule a case management conference prior to the close of discovery on July 5 (and preferably on June 9 consistent with the parties' stipulation and proposed order (Dkt. 133)) thus necessitated the filing of this Administrative Motion.

Executed this 2nd day of June, 2022.

_____/s/ Philip Korologos_____
Philip Korologos