

June 10, 2022

**VIA ECF**
The Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

*Schneider v. YouTube*, Case No. 3:20-cv-04423-JD (N.D. Cal.)

Dear Judge Donato,

We represent Plaintiffs and the putative class in the above captioned matter. We respectfully submit this discovery letter brief to renew our prior request for an order compelling production of documents related to YouTube's Autoplay Feature (Dkt. 126), including documents requested by Plaintiff Maria Schneider's October 2020 First Set of Requests for Production ("RFP") Nos. 44 and 45.[1] Following the last case management conference on April 28, 2022 (Dkt. 131), lead counsel for Plaintiffs and Defendants discussed deficiencies in Defendants' Autoplay production on several occasions. The parties were able to make progress on certain issues but three significant disputes remain with respect to Dkt. 126. Plaintiffs thus respectfully request that the Court compel the production of documents sufficient to show the following categories of information sought in RFP Nos. 44 and 45. We certify that the parties have met and conferred on the issues raised here, consistent with Your Honor's Standing Orders.

### I.     Relevance of the Requested Documents

The relevance of the requested documents was described in Plaintiffs' prior discovery letter brief (Dkt. 126). Autoplay is the YouTube feature that *automatically* plays related videos after a video is watched by a user. Autoplay keeps users watching, thereby substantially increasing advertising revenue by intentionally selecting and playing videos that YouTube estimates the user will like, and thus watch, all without any action by the user. Autoplay is an element of YouTube's Watch Next function which uses an advanced set of algorithms that use artificial intelligence and machine learning to select, rank, and choose what video to play next in Autoplay, all with no volitional conduct by the user. Watch Next similarly is used to establish the Recommended Video list which is populated to entice the user to select a video from the list to watch next. As Plaintiffs explained previously, documents concerning Defendants' Autoplay and Watch Next features are relevant to: (1) Plaintiffs' direct infringement claims because they will show that YouTube is more than a passive participant—instead, it actively selects and displays infringing videos; (2) Plaintiffs' inducement, contributory, and vicarious copyright claims because they will show how YouTube participates in and benefits from the dissemination of infringing content; (3) Defendants' DMCA safe harbor affirmative defense because they will show that YouTube "has the right and ability to control" infringing activity, that it "receive[s] a financial benefit" from such infringing activity, and that it is therefore ineligible for the DMCA safe harbors, 17 U.S.C. § 512(c); and (4) the amount of statutory damages owed to Plaintiffs and

---

[1] Exhibits A and B are RFP Nos. 44 and 45 and Defendants' Responses and Objections thereto.



putative class members since the algorithms demonstrate that YouTube's infringement scheme was willful and extensive, 17 U.S.C. § 504(c)(2).

## II.   Documents Sufficient to Show Defendants' Watch Next Algorithms

In RFP No. 44, Plaintiffs requested the production of "documents describing the Autoplay Feature, including changes to how the AutoPlay Feature works and implementation of the AutoPlay Feature." Defendants agreed to produce documents "sufficient to show how the Autoplay Feature works" in their December 4, 2020 R&Os to RFP No. 44. Ex. B. Documents and testimony make it clear that YouTube's Watch Next function uses algorithms to select or "nominate" the videos that YouTube plays to users via Autoplay (which is enabled by default for all users over 18 years). Separate Watch Next scoring algorithms then "score" or rank those nominated videos and automatically choose which of the nominated videos will be shown to the user. Defendants have produced only a handful of documents concerning these algorithms and are refusing to produce documents that describe these algorithms, which necessarily show how Autoplay actually works, *i.e.* the process, criteria, and motivations by which Watch Next selects videos to be queued up and the criteria that are used (including inputs and exclusionary criteria used for ranking nominated videos). Discovery also reveals that various teams within YouTube may have contributed to the algorithms.

These algorithms are the engine that has driven enormous revenue growth for YouTube and they will show what Defendants do and do not consider in selecting videos to play for users including, e.g., whether they attempt to address infringement issues, how and when they take account of the revenue generating potential of the nominated videos, etc. Deposition testimony has revealed changes to Defendants' algorithms, including with respect to issues plainly relevant to this case. The extent to which Defendants' algorithms consider or prioritize revenue relate to how Defendants "receive a financial benefit" due to the infringing activity they have a right and ability to control—key elements to Defendants' DMCA safe harbor defense. These Watch Next algorithms are also relevant to the amount of statutory damages that Plaintiffs and putative class members are owed, since they relate to whether Defendants' infringement was willful. *See* 17 U.S.C. § 504(c)(2). Defendants have provided only a very limited number of such documents and have refused to provide further documents arguing they are "secret sauce." But appropriate protective order provisions are in place to handle just such situations. Plaintiffs therefore seek an order compelling defendants to produce documents sufficient to show all Watch Next algorithms relevant to the nominating and the scoring processes.

## III.   Policy Documents and Emails Concerning Watch Next

Plaintiffs' RFP No. 45 seeks documents sufficient to show YouTube's policies concerning Autoplay, including changes and proposed changes to Autoplay policies concerning copyright and revenue considerations. Produced documents show that YouTube has analyzed important changes to its practices over time, for example to the process of counting views for videos queued up via Autoplay, but Defendants will not produce these analyses. As explained in Plaintiffs' prior discovery dispute letter, Defendants reneged on an agreement to provide these documents and instead sought to limit their production to documents concerning changes to policies and procedures only "to the extent that such changes were ***driven by*** copyright or revenue considerations, if any." Dec. 23, 2021 Ltr. from Defs. at 3. Defendant's unilateral



narrowing of the request would avoid having to produce documents that show YouTube's analysis of the revenue impact or impact on copyright holders of a policy that was "driven by" issues other than revenue or copyright considerations.  Unsurprisingly, Defendants stated they had "not located any such documents" responsive to their narrowing of the request (*id.*) and have produced no documents to date.

Plaintiffs therefore renew this discovery letter seeking production of documents sufficient to show YouTube's policies concerning Autoplay, including changes and proposed changes to Autoplay policies concerning copyright and revenue considerations, as Defendants originally agreed to produce.  In light of Defendants' refusal to conduct searches of the emails of relevant custodians, including failing to produce any custodial documents for four of the seven individuals identified in their initial disclosures, Plaintiffs also seek an order compelling Defendants to conduct a search of emails using a negotiated set of search terms for a negotiated set of custodians concerning these policy documents.

### IV.    Relevant Documents Linked to Produced Documents

The parties continue to engage in meet and confer discussions concerning relevant documents referencing Autoplay that are hyperlinked in produced documents but that have not yet been produced, as discussed in Plaintiffs' prior discovery dispute letter (Dkt. 126 at 2-3).  On June 7, 2022, Plaintiffs made a follow-up request for these documents, many of which were discussed during a deposition of YouTube's Watch Next Product Manager.  Defendants have not yet responded to that letter and Plaintiffs remain hopeful that the parties will be able to resolve this dispute but, if not, Plaintiffs will need to seek the assistance of the Court.

In short, Defendants are wrongfully withholding documents that are undisputedly relevant to both Plaintiffs' infringement claims and Defendants' failure to qualify for DMCA safe harbor.  Plaintiffs respectfully request that the Court compel production of the requested documents within 15 days.

> Respectfully submitted,
>
> */s/ Philip C. Korologos*
>
> Philip C. Korologos
>
> *Counsel for Plaintiffs Maria Schneider, Uniglobe Entertainment LLC, AST Publishing, Ltd., and Counterclaim Defendant Pirate Monitor Ltd.*

cc: All counsel via ECF