# EXHIBIT B

DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD,<br><br>Counterclaim Defendant. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**<br><br>Judge: Hon. James Donato |

1  claims and defenses in this action, imposing a further burden on Defendants that is out of line
2  with Plaintiff's legitimate needs.
3       Defendants object to this Request because it seeks detailed technical information the
4  aggregation and/or production of which would be highly burdensome in ways that are
5  disproportionate to the legitimate needs of the case. Defendants further object to this Request
6  because it seeks information that Defendants do not collect and/or log in the ordinary course of
7  its business and the production of which is therefore not possible.
8       Subject to and without waiving any of the foregoing objections, Defendants will meet and
9  confer with opposing counsel regarding an appropriate scope of information to be produced in
10 response to this Request.

11 **DOCUMENT REQUEST NO. 44:**

12 **All Documents describing the Autoplay Feature, Including changes to how the AutoPlay Feature works and implementation of the AutoPlay Feature.**
13

14 **RESPONSE TO DOCUMENTS REQUEST NO. 44:**

15      Defendants object to this Request as vague and ambiguous in its use of the phrase
16 "implementation of the AutoPlay Feature." Defendants also object to this Request on the grounds
17 that it is overly broad (especially insofar as it demands that Defendants produce "all" all
18 documents), and not relevant to any party's claim or defense or proportional to the needs of the
19 case. Defendants further object to the extent that this Request calls for the production of
20 proprietary, confidential, or trade secret information that has little or no connection to the parties'
21 claims and defenses in this action, imposing a further burden on Defendants that is out of line
22 with Plaintiff's legitimate needs. Defendants further object that this Request seeks documents
23 that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.
24      Subject to and without waiving any of the foregoing objections, at a date agreed upon by
25 the parties, Defendants will produce reasonably accessible non-privileged documents located
26 through an inquiry proportionate to the needs of the case, if any, that are sufficient to show how
27 the AutoPlay feature on the YouTube platform works.
28

**DOCUMENT REQUEST NO. 45:**

**All Documents Concerning the following issues related to the AutoPlay Feature:**

**a) Changes to any policies or procedures applicable to the AutoPlay Feature, Including the reasons for such changes;**

**b) Any tools, features, or settings available to users with access to the Content ID System that affect any function of the AutoPlay Feature;**

**c) Any tools, features, or settings available to users in the Account Monetization Program or YouTube Partner Program that affect any function of the AutoPlay Feature;**

**d) The effect if any of Your receipt of a Takedown Notice on any function of the AutoPlay Feature.**

**RESPONSE TO DOCUMENTS REQUEST NO. 45:**

Defendants object to this Request as vague and ambiguous in its use of the term "AutoPlay Feature" and the phrase "affect any function." Defendants object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" all documents), and not relevant to any party's claim or defense or proportional to the needs of the case.

Even if this Request were relevant to the claims in this action, it still would be improper. Defendants object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants also object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Defendants further object that this Request is compound and structurally confusing. Defendants further object that this Request is duplicative and cumulative of other discovery Requests.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located

through an inquiry proportionate to the needs of the case, if any, that are sufficient to show: how the AutoPlay feature on the YouTube platform works; any tools, features, or settings available to Content ID users that affect the AutoPlay Feature; any tools, features, or settings available to participants in the Account Monetization Program or the YouTube Partner Program that affect the AutoPlay Feature; and the effect, if any, of a Takedown Notice on the AutoPlay Feature.

**DOCUMENT REQUEST NO. 46:**

> **Documents sufficient to show the following information for each month since the Content ID System was launched:**
>
> **a) Your revenue, Including the revenue for Google and the revenue for YouTube stated separately;**
>
> **b) The amount of YouTube's revenue that is derived from advertising Concerning videos posted on the platform ("YouTube video advertising revenue");**
>
> **c) The portion of YouTube video advertising revenue that is retained by You, paid out to Users that post videos, and paid out to the owners of copyrighted content.**
>
> **d) The amount of YouTube video advertising revenue that is derived from videos that do not have advertisements.**

**RESPONSE TO DOCUMENTS REQUEST NO. 46:**

Defendants object to this Request as vague and ambiguous in its use of the phrase "video advertising revenue that is derived from videos that do not have advertisements." Defendants further object that this Request is not relevant to any party's claim or defense or proportional to the needs of the case.

Even if this Request were relevant to the claims in this action, it still would be improper. Defendants object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object that this Request is compound and structurally confusing. Defendants also object to the Request to the extent information sought is already in the possession of the Requesting party, or is otherwise equally accessible and available to the Requesting party from other sources (including the public record). To the extent this Request seeks materials relating to third parties, Defendants object on

**RESPONSE TO DOCUMENTS REQUEST NO. 77:**

Defendants object to this Request on the grounds that it is overly broad insofar as it demands that Defendants produce "[a]ll" documents. Defendants also object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties and after the entry of a protective order, Defendants will make available for inspection a copy of relevant portions of its captive insurance policy held through IMI Assurance Inc.

Dated: December 4, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ David H. Kramer*
         David H. Kramer

*Attorneys for Defendants and Counterclaimants*
YOUTUBE, LLC and GOOGLE LLC

# CERTIFICATE OF SERVICE

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1. **DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**

   ☒ By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

   BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct. Executed at San Mateo, California on December 4, 2020.

*Deborah Grubbs*
Deborah Grubbs