

June 14, 2022

<u>**VIA ECF**</u>
The Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

***Schneider, et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423 (N.D. Cal.)**

Dear Judge Donato:

We write on behalf of Plaintiffs and the putative class. We respectfully submit this discovery letter brief to compel the production of documents concerning Defendants' affirmative defense of fair use.[1] We certify that the parties have met and conferred consistent with Your Honor's rules.

In March 2021, Defendants agreed to produce "documents sufficient to show the YouTube policies and procedures regarding Fair Use," including "documents sufficient to show changes and proposed changes to those policies and procedures, as well as the reasons for those changes and proposed changes," in partial response to RFP 66. Defendants' production of fair use documents, however, is only a handful of publicly available webpages and internal presentations that contain stray references to fair use with only one internal document solely focused on fair use. Defendants assert that almost all responsive documents are privileged but then refuse even to prepare a privilege log proclaiming it to be "make-work."

Plaintiffs also specifically requested all documents concerning "Any efforts to create a filter for rejecting false or inadequate claims of Fair Use." RFP 66(c). After stating on July 15, 2021 that "no such documents exist," Defendants disclosed for the first time on February 28, 2022, that YouTube had in fact developed an automated process "to flag matches that might warrant further consideration and manual review by Content ID partners" with respect to fair use. Defendants refuse to produce documents concerning this filter, however, claiming privilege. Finally, Defendants have refused to produce documents in response to RFP 67, which seeks to ascertain the volume of invocations of fair use and the merits of such invocations.

Plaintiffs respectfully request that the Court compel production of documents sufficient to show the information sought in RFPs 66 and 67 within 15 days.

### I.      Relevance

Fair use is an affirmative defense to copyright infringement (17 U.S.C. § 107), for which YouTube bears the burden. *See Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443,

---

[1] Plaintiffs' October 2020 First Set of Requests for Production ("RFP") Nos. 66 and 67 are Exh. A, and Defendants' Responses and Objections thereto are Exh. B, hereto.



459 (9th Cir. 2020).  To determine fair use, courts consider several factors, including a copyright infringement defendant's course of conduct and state of mind.  *Fisher v. Dees*, 794 F.2d 432, 436-37 (9th Cir. 1986) (quoting *Harper & Row Publishers v. Nation Enterprises*, 471 U.S. 539, 562 (1985)).  The presence of fair use issues is not a barrier to class certification.  Courts certify copyright infringement classes in cases in which fair use is asserted as a defense either by determining that fair use can be decided as to all class members equally, *see, e.g.*, *Napster, Inc.*, 239 F.3d at 1014; *Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir. 2015), or because other common questions predominate over any individualized issues that may relate to fair use.

RFP 66 seeks relevant information bearing on both the merits and class certification. YouTube's policies and procedures concerning how it handles fair use claims by its users go to YouTube's state of mind as well as the frequency with which such issues recur on its platform. The algorithm or automated filter also sought by RFP 66, the existence of which was belatedly disclosed by Defendants, would reject false or inadequate fair use claims raised by its users. Documents concerning the mechanics and process of such a filter would demonstrate the feasibility of automating the process of handling fair use claims which is relevant to class certification issues Defendants may raise related to their fair use defense.

RFP 67 is narrowly tailored to class certification issues in that it seeks to determine the frequency with which YouTube users invoke a fair use defense to uploading potentially infringing content.  Plaintiffs intend to establish that such defenses are rarely raised, meaning that the fair use defense is not prevalent and thus not an individualized issue to be resolved during class certification.  Each of the subparts of RFP 67 bears directly on quantifying the incidence of valid fair use claims on YouTube's platform.

## II.      Defendants Should Be Compelled to Produce

<u>RFP 66.</u>  YouTube has agreed to produce documents sufficient to show both YouTube's fair use policies and changes considered or implemented thereto.  Its production to date, however, is limited to publicly available web pages and little more.  YouTube claims that no other non-privileged responsive documents exist.  That limited production demonstrates, however, that non-privileged documents do, in fact, exist.  Three separate documents produced by Defendants (GOOG-SCHNDR-00001466; GOOG-SCHNDR-00038966; GOOG-SCHNDR-00039051) discuss fair use issues and demonstrate that YouTube makes efforts to account for fair use in the operation of its platform and the deployment of copyright protection tools.

Documents regarding YouTube's belatedly disclosed efforts to develop a filter for fair use claims are clearly relevant and must be produced.  Defendants claimed that documents regarding a process "to flag matches that might warrant further consideration and manual review by Content ID partners" for fair use was not responsive to RFP 66(c), which seeks documents regarding "efforts to create a filter for rejecting false or inadequate claims of Fair Use."  This is absurd, and Defendants themselves describe the process as a "filter."  Defendants then tried to deflect asserting "this type of filter would be unreliable, which is unsurprising given the complexities inherent in and the individualized nature of any fair use analysis" and that "Exploration of this concept was consequently abandoned."  Feb. 28, 2022 Ltr. from Defs. at 3. Plaintiffs are not required to take these selective disclosures at face value and are entitled to



discovery to ascertain the efficacy of such a filter (and of Defendants' assertions submitted during meet-and-confers).

Defendants' extreme privilege assertion is not supported by case law.  The involvement of lawyers in drafting policies or procedures does not categorically make them subject to attorney-client privilege.  *See, e.g.*, *Sherwood v. BNSF Ry. Co.*, 325 F.R.D. 652, 661 (D. Idaho 2018) (conversations "regarding factual matters or business-related considerations in drafting or disseminating policy are not privileged, regardless of whether in-house counsel is a party to the communications . . . [n]or does the fact that in-house counsel drafted, revised, or reviewed a document or policy necessarily make it protected by the work-product doctrine").  Moreover, Defendants should not be allowed at the same time they claim privilege to avoid having to provide a privilege log.  The Court should compel YouTube to produce all non-privileged documents for RFP 66 and to log all responsive documents to which it claims privilege.

RFP 67.  YouTube has refused to produce documents in response to RFP 67, claiming that fair use can only be determined by a court and, therefore, any determinations it or its users make about fair use is irrelevant.  Jan. 21, 2022 Ltr. from Defs. at 4; Dec. 23, 2021 Ltr. from Defs. at 4.  YouTube's objection is a non sequitur.  Whether YouTube or its users' determinations of fair use are legally correct has no bearing on the questions Plaintiffs here seek: how frequently is such issue raised and how does YouTube handle it?  Plaintiffs are entitled to discovery concerning those questions which go to the merits of Defendants' fair use assertions and the extent to which claims of fair use exist across the platform.  YouTube's other objections to RFP 67 also fail, e.g., objecting it seeks confidential information but failing to explain how the protective order is insufficient; objecting it seeks information not collected in the ordinary course, but failing to explain how that justifies holding back documents that do exist.

Meet-and-confer discussions between lead counsel since the April 28 Case Management Conference resulted in some progress, including confirmation that Defendants will provide statistics showing what portion of Content ID challenges reference "fair use," but we were unable to resolve the issues in this letter.  For the most part, defense counsel adhered to prior positions, stating that collecting all documents from the "short-lived, lawyer-driven approach to prodding copyright holders as to whether something is fair use" is privileged; that if there are any documents that are not privileged, it would be a disproportionate burden to find those documents; and that preparing a privilege log would be "make work."

The documents requested by RFPs 66 and 67 are discoverable and clearly relevant to the merits and class certification issues with respect to YouTube's invocation of a fair use defense.  YouTube has no valid basis for resisting production of these documents or for failing to log documents to which it claims (overly broadly) privilege.  Plaintiffs thus respectfully move this Court to compel YouTube to produce all documents responsive to RFPs 66 and 67.

Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos

Copy to all counsel via ECF