# EXHIBIT B

1  DAVID H. KRAMER, State Bar No. 168452
   MAURA L. REES, State Bar No. 191698
2  LAUREN GALLO WHITE, State Bar No.
   309075
3  WILSON SONSINI GOODRICH &
   ROSATI
4  Professional Corporation
   650 Page Mill Road
5  Palo Alto, CA 94304-1050
   Telephone:  (650) 493-9300
6  Facsimile:   (650) 565-5100
   Email:  dkramer@wsgr.com
7          mrees@wsgr.com
           lwhite@wsgr.com
8

   BRIAN M. WILLEN (admitted *Pro Hac Vice*)
   WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
   1301 Avenue of the Americas, 40th Floor
   New York, NY 10019-6022
   Telephone:  (212) 999-5800
   Facsimile:   (212) 999-5801
   Email:  bwillen@wsgr.com

9  Attorneys for Defendants and Counterclaimants
   YOUTUBE, LLC and GOOGLE LLC

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13  MARIA SCHNEIDER and PIRATE MONITOR      )   CASE NO.:  3:20-cv-04423-JD
    LTD, individually and on behalf of all others )
14  similarly situated,                        )   **DEFENDANTS AND**
                                               )   **COUNTERCLAIMANTS**
15                Plaintiffs,                   )   **YOUTUBE, LLC AND GOOGLE**
                                               )   **LLC'S RESPONSES AND**
16        v.                                    )   **OBJECTIONS TO PLAINTIFFS'**
                                               )   **FIRST SET OF REQUESTS FOR**
17  YOUTUBE, LLC and GOOGLE LLC,              )   **PRODUCTION (NOS. 1-77)**
                                               )
18                Defendants.                  )   Judge:  Hon. James Donato
                                               )
19  _____ )
                                               )
20                                             )
    YOUTUBE, LLC and GOOGLE LLC,              )
21                                             )
                  Counterclaimants,            )
22                                             )
          v.                                    )
23                                             )
    PIRATE MONITOR LTD,                       )
24                                             )
                  Counterclaim Defendant.      )
25                                             )
                                               )
26  _____ )

27

28

imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants further object on the grounds that this Request calls for the production of materials not relevant to Plaintiffs' claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 65:**

**All Documents Concerning Your participation in any matter or proceeding Concerning copyright infringement by or involving Your Users.**

**RESPONSE TO DOCUMENTS REQUEST NO. 65:**

Defendants object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad (especially insofar as it demands that Defendants produce "[a]ll" documents). In particular, the Request is vague and ambiguous in its use of the term "participation." Defendants also object that this Request is compound to the extent that it contains multiple sub-parts. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 66:**

**All Documents Concerning the following issues related to Fair Use:**

**a) Policies and procedures applicable to Fair Use, Including any changes to those policies and procedures;**

**b) Any instances in which You have paid or reimbursed all or some of the defense**

1    **costs in a lawsuit or other proceeding Concerning Fair Use;**

2    **c) Any efforts to create a filter for rejecting false or inadequate claims of Fair Use;**

3
**d) Discussion of Users who have invoked Fair Use in response to an allegation of**
4    **copyright infringement;**

5    **e) Your efforts to inform Users of Your policies and procedures applicable to Fair**
**Use.**
6

7    **RESPONSE TO DOCUMENTS REQUEST NO. 66:**

8        Defendants object to this Request on the grounds that it is vague, ambiguous, unduly

9    burdensome, and overly broad (especially insofar as it demands that Defendants produce "[a]ll"

10   documents). In particular, the Request is vague and ambiguous in its use of the phrase "paid or

11   reimbursed all or some of the defense costs in a lawsuit or other proceeding Concerning Fair

12   Use." The Request is also vague and ambiguous in its use of the phrase "Discussion of Users

13   who have invoked Fair Use in response to an allegation of copyright infringement." Defendants

14   further object that this request seeks documents that are protected by the attorney-client

15   privilege, the attorney work-product doctrine, or both.

16       Defendants also object that this Request is compound and structurally confusing.

17   Defendants further object to the extent that this Request calls for the production of proprietary,

18   confidential, or trade secret information that has little or no connection to the parties' claims and

19   defenses in this action, imposing a further burden on Defendants that is out of line with

20   Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third parties,

21   Defendants further object on the grounds that this Request calls for the production of materials

22   not relevant to Plaintiff's claims and for the production of proprietary, confidential, or trade

23   secret documents without the entry of a protective order.

24       In addition, Defendants object to this Request to the extent that its expansive scope seeks

25   personal identifying information concerning numerous YouTube users and may implicate the

26   privacy rights of users who are entitled to protection under various consumer privacy laws in the

27   U.S. and internationally. Affected users should also be afforded an opportunity to object to

28

disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show YouTube's policies and procedures regarding Fair Use.

**DOCUMENT REQUEST NO. 67:**

**Documents sufficient to show the following information Concerning Fair Use for each month since the Content ID System was launched:**

**a) The total number of Users who have invoked Fair Use in response to an allegation of copyright infringement;**

**b) The number of videos for which a User has invoked Fair Use in response to an allegation of copyright infringement;**

**c) Your determination about how many claims by Users who have invoked Fair Use meet the applicable criteria for Fair Use;**

**d) The total number of videos removed from Your platform posted by Users who have invoked Fair Use;**

**e) The total number of Copyright Strikes issued to Users who have invoked Fair Use.**

**RESPONSE TO DOCUMENTS REQUEST NO. 67:**

Defendants object to this Request on the grounds that it is vague and ambiguous, unduly burdensome, overly broad, and not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the Request is vague and ambiguous in its use of the phrases "for which a User has invoked Fair Use," "determination about how many claims," and "removed from Your platform posted by Users who have invoked Fair Use." Defendants also object that this Request is compound and structurally confusing. Defendants further object that this request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

Defendants object to this Request because it seeks information that Defendants do not collect and/or log in the ordinary course of its business and the production of which is therefore not possible. Defendants also object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants further object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

**DOCUMENT REQUEST NO. 68:**

**All Documents Concerning Your negotiations with any Performance Rights Organization, Including the contracts between you and any Performance Rights Organization and Documents Concerning the Content ID System, how revenue is shared with copyright holders, and Copyright Management Information.**

**RESPONSE TO DOCUMENTS REQUEST NO. 68:**

Defendants object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "[a]ll" documents), and not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the Request is vague and ambiguous in its use of the term "negotiations."

Defendants object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants also object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants further object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims and for the production of proprietary, confidential, or trade secret documents without the entry of a

**RESPONSE TO DOCUMENTS REQUEST NO. 77**:

Defendants object to this Request on the grounds that it is overly broad insofar as it demands that Defendants produce "[a]ll" documents. Defendants also object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties and after the entry of a protective order, Defendants will make available for inspection a copy of relevant portions of its captive insurance policy held through IMI Assurance Inc.

Dated: December 4, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:_____*/s/ David H. Kramer*_____
David H. Kramer

*Attorneys for Defendants and Counterclaimants*
YOUTUBE, LLC and GOOGLE LLC

## CERTIFICATE OF SERVICE

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

**1.    DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**

☒    By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above.  In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.  Executed at San Mateo, California on December 4, 2020.

_____
Deborah Grubbs