


June 17, 2022

**VIA ECF**
The Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

***Schneider et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423 (N.D. Cal.)**

Dear Judge Donato:

We represent Plaintiffs and the putative class in the above-captioned matter. We submit this letter motion to compel production of documents relating to YouTube's internal copyright management policies and procedures. As outlined below, Defendants refuse to produce, or log as privileged, specific documents containing YouTube's internal policies and procedures governing, among other issues, the suspension and termination of infringing users' accounts. We certify that we met and conferred with opposing counsel pursuant to the Court's Orders.

Plaintiffs' Request for Production Nos. 14 and 48 sought "All Documents Concerning [YouTube's] public and internal policies and procedures related to copyright management," and "All Documents Concerning the policies and procedures applicable to Repeat Infringers, Including any changes to those policies and procedures and the reasons for such changes." Ex. A. In their responses and objections to RFP No. 14, Defendants agreed to produce documents "sufficient to show . . . internal policies and procedures related to copyright management." Ex. B. In response to RFP No. 48, Defendants agreed to produce documents "sufficient to show YouTube's policies and procedures regarding Repeat Infringers over the three-year period predating the filing of the Complaint." *Id.* Despite these commitments in December 2020, Defendants have failed to produce documents sufficient to show their internal policies, including specific responsive documents identified by Plaintiffs.

**YouTube's Internal Copyright Management Policies Are Highly Relevant.** Plaintiffs allege that YouTube runs a platform awash in copyright infringement and that YouTube can and should be held liable for that infringement. YouTube responds that it enjoys the safe harbor protections of the Digital Millennium Copyright Act, 17 U.S.C. § 512, which insulate it from liability for infringement on its platform. *See* YouTube and Google's Answer and Counterclaims (Dkt. 34).

Yet, to benefit from DMCA safe harbor protection, YouTube is required to have "adopted and reasonably implemented . . . a policy that provides for the termination in appropriate circumstances of . . . repeat infringers." 17 U.S.C. § 512(i)(1)(A). Plaintiffs maintain that YouTube has not adopted and reasonably implemented a repeat infringer policy, and thus may be held liable for infringement on its platform. *See, e.g.,* Am. Compl. ¶ 91 (Dkt. 99) (explaining that YouTube "has effectively abrogated its repeat-infringer policy and has failed to reasonably implement a policy providing for the termination, in appropriate circumstances, of



the accounts of repeat infringers”). Plaintiffs issued the above-quoted RFPs in October 2020 seeking discovery related to this requirement, asking for documents showing YouTube’s internal copyright management policies in general (RFP No. 14) and its internal repeat infringer policy in particular (RFP No. 48).

Plaintiffs have since learned that YouTube maintains an internal “Knowledge Base” that stores procedural guidance and policies relied upon by YouTube’s copyright management team to decide whether and when to suspend or terminate users, among other copyright management decisions. Plaintiffs learned of this Knowledge Base in one of the limited set of emails Defendants have produced in this case, entitled “KB updates thread” (GOOG-SCHNDR-00036254), which Defendants appear to have produced because it directly relates to plaintiff Maria Schneider. The email thread shows a series of messages apparently sent to YouTube contractors and employees involved in administering YouTube’s copyright management policies. The emails describe updates to YouTube’s Knowledge Base, including an update that outlines the appropriate considerations when deciding whether to suspend an account. *Id.* Significantly, the considerations summarized in the email, and apparently elaborated in the Knowledge Base itself, suggest that YouTube grants its contractors and employees substantial discretion in deciding whether and when to suspend accounts, and encourages them to look for reasons *not* to remove repeat infringers from the platform. *Id.* Neither the full version of this Knowledge Base update nor several other documents that appear to be contained in YouTube’s Knowledge Base have been provided by Defendants in discovery. The details of the discretion YouTube exercises in suspending and terminating infringing users’ accounts are highly relevant to whether YouTube has adopted and reasonably implemented a repeat infringer policy insulating it from liability under the DMCA. 17 U.S.C. § 512(i)(1)(A). Other emails from the Knowledge Base updates thread that have been produced (again because they appear to relate directly to Ms. Schneider) describe similarly relevant documents.[1]

**The Knowledge Base Documents Are Not Likely Privileged.** Defendants have not logged any of these Knowledge Base documents as privileged—nor is it likely they can. In an email exchange from the Knowledge Base updates thread, two YouTube employees discuss an update to YouTube’s Knowledge Base regarding procedures for handling channel suspensions. GOOG-SCHNDR-00039330. The exchange indicates that the primary author of the update was a non-attorney “Copyright Associate” employed by Accenture. In response to this update, another member of YouTube’s copyright team, who also appears to be a non-attorney, writes that he added additional information to this Knowledge Base update *on his own initiative*. *Id.* Although involvement of attorneys in drafting general internal policies does not render those policies privileged, *see In re Sulfuric Acid Antitrust Litig.*, 432 F. Supp. 2d 794, 796 (N.D. Ill. 2006) (holding that antitrust manuals prepared by company’s lawyer for distribution to employees were “instructional devices, not responses to requests for legal advice,” and therefore were not subject to attorney-client privilege), Defendants certainly cannot assert attorney-client privilege over Knowledge Base entries neither drafted by nor at the direction of YouTube’s counsel. Any

[1] Another example email describes a Knowledge Base entry apparently about YouTube’s different infringement policies for channels with more than one million subscribers. *See* GOOG-SCHNDR-00036296.



blanket assertion of privilege over these documents would thus be highly suspect and would require documents to be logged to allow a fair opportunity to challenge the privilege claims.

**YouTube Refuses to Produce its Copyright Management Policies.** In a March 24, 2022, letter, Plaintiffs asked Defendants about the Knowledge Base, noting that none of the documents referred to in the Knowledge Base updates email thread had been produced or logged as privileged. Defendants responded three weeks later, chiding Plaintiffs for asking about this unproduced policy bank and circuitously committing to producing the documents:

> "'Knowledge Base' Documents. Your letter next speculates that Defendants have not produced other relevant internal support pages and assumes that Defendants are withholding those documents on the basis of privilege. Such conjecture is unproductive. These documents have not been excluded from Defendants' collection and review. Moreover, those processes are ongoing, and Defendants will continue to produce and log documents in accordance with the parties' agreements." 4/14/2022 Letter from A. Kramer to D. Walchak.

Two months have now passed since Defendants' assurance, which itself came more than 18 months after Plaintiffs served RFP Nos. 14 and 48. Plaintiffs have since reiterated our request for Knowledge Base and internal policy documents in meet and confer conversations, as well as in a June 8 letter where we pointed to the responsive Knowledge Base entries cited above that Defendants had yet to produce. Given Defendants' delays in responding to Plaintiffs' inquiries, we asked for a response to our June 8 letter by June 13. Defendants on June 13 claimed they were too busy to deliver a substantive response at that time and said they would "respond in due course." Plaintiffs have been trying to get these documents in advance of upcoming individual and corporate representative depositions. While we have now provided Defendants the courtesy of an additional four business days to respond to our June 8 letter, given the pendency of the fact discovery cutoff, Plaintiffs have no choice but to seek relief from the Court.

Defendants have not (and cannot) articulate any burden associated with producing these documents, and they do not dispute the documents' relevance. Plaintiffs' June 8 letter identified the location of many of the Knowledge Base and internal policy documents Plaintiffs seek, and some of the documents appear to be hyperlinked in the Knowledge Base updates thread. There is no reasonable basis for these documents not to be provided forthwith to prevent needing to reopen depositions.

**Plaintiffs' Requested Relief.** Defendants should be ordered to produce YouTube internal policy documents showing YouTube's internal copyright management policies and procedures, including its repeat infringer policy, as they committed to do in response to RFP Nos. 14 and 48. That production should include, but not be limited to, the contents of YouTube's "Knowledge Base," which plainly describe YouTube's copyright management and repeat infringer policies, and also provide procedural guidance to YouTube's copyright management team about how to implement those policies. Defendants should further be ordered to log any documents for which they claim privilege.



Respectfully submitted,

*/s/ Philip C. Korologos*
Philip C. Korologos
Boies Schiller Flexner LLP

Copy to all counsel via ECF