# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | Case Number: 3:20-cv-04423-JD<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Maria Schneider and Pirate Monitor LTD ("Pirate Monitor"), by their attorneys Boies Schiller Flexner LLP and Korein Tillery, LLC, request that Defendants, YouTube, LLC ("YouTube") and Google LLC ("Google") respond to the following document requests (the "Requests") within thirty days of service and produce responsive documents, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure, unless otherwise stated. All definitions herein include both the singular and plural.

2. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise

be construed to be outside of its scope.

3. "Account Monetization Program" means any program by which Users receive compensation on YouTube, Including the YouTube Partner Program.

4. "Answer" means the Defendants' answer filed on September 21, 2020.

5. "AutoPlay Feature" means Your system that queues subsequent videos to play sequentially, Including the system described in Paragraph 37 of the Complaint.

6. "CMI Video" means a video containing CMI at the time the User initiated the upload of the video to Your platform.

7. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. "Complaint" means the complaint filed by Plaintiffs against Defendants on July 2, 2020.

9. "Concerning" means relating to, referring to, describing, evidencing or constituting.

10. "Content ID System" means Your copyright management tool described throughout the Complaint, Including at Paragraphs 2, 8, 9, 10, and 12.

11. "Copyright Management Information" or "CMI" has the meaning it has under 17 U.S.C. § 1202.

12. "Copyright Strike" means the strike issued by You to a User following a Takedown Notice.

13. "Counterclaims" means the counterclaims filed by Defendants Google and YouTube on September 21, 2020.

14. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and includes Communications. A draft or non-identical copy is a separate Document within the meaning of this term.

15. "Fair Use" has the meaning it has under 17 U.S.C. § 107.

16. "ID3 Tags" means the metadata container used in conjunction with audio files,

1  Including MP3 files and includes ID3v1 and ID3v2 tags.

2       17.     "Including" or "includes" means including without limitation.

3       18.     "ISRC" means the International Standard Recording Code.

4       19.     "ISWC" means the International Standard Musical Work Code.

5       20.     "Lawsuit" means the case filed by Plaintiff against Defendants in the United States District Court for the Northern District of California, number 20-cv-04423.

7       21.     "Metadata" means any information attached to, embedded in, or a part of a digital video file that provides information Concerning that file, Including CMI and Tags.

9       22.     "Unsuccessful Takedown Notice" means a Takedown Notice that is not a Successful Takedown Notice.

11       23.     "Unsuccessful Takedown Notice Video" means any video uploaded to Your platform subsequent to the date that an Unsuccessful Takedown Notice was submitted that is not the subject of the Unsuccessful Takedown Notice but that used the work or works that were the subject of an Unsuccessful Takedown Notice in whole or in part, either by reproducing them or performing them.

16       24.     "Person" means any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

18       25.     "Pirate Monitor" means Plaintiff Pirate Monitor LTD and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

23       26.     "Pirate Monitor Infringing Videos" means any video uploaded to Your platform that uses any of the Pirate Monitor Works in whole or in part, either by reproducing them or performing them.

26       27.     "Pirate Monitor Works" means any works to which Pirate Monitor holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 65 of the Complaint.

28. "Performance Rights Organizations" means any organization that collects royalties on behalf of copyright owners and includes but is not limited to Broadcast Music, Inc. ("BMI"), the American Society of Composers, Authors, and Publishers ("ASCAP"), the Society of European Stage Authors and Composers ("SESAC"), and the American Music Rights Association ("AMRA").

29. "Plaintiffs" means Schneider and Pirate Monitor.

30. "Red Flag Knowledge" means Your subjective awareness of facts that would have made copyright infringement objectively obvious to a reasonable person.

31. "Removed Takedown Notice Video" means a video posted to Your platform that was removed, deleted, or no longer displayed because of a Takedown Notice.

32. "Removed Takedown Notice Video Re-upload" means a video that is substantively identical to a Removed Takedown Notice Video or contains the portion or aspect of the removed Takedown Notice Video that was the target of a Successful Takedown Notice.

33. "Repeat Infringer" has the meaning it has under 17 U.S.C. § 512(i).

34. "Response to Counterclaims" means Plaintiff Pirate Monitor's Rule 12 motion and/or responsive pleading filed in response to Defendants' Counterclaims.

35. "Schneider" means Plaintiff Maria Schneider and all agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, advisors, and any other Person acting on her behalf.

36. "Schneider Infringing Videos" means any video uploaded to Your platform that uses any of the Schneider Works in whole or in part, either by reproducing them or performing them.

37. "Schneider Works" means any works to which Schneider holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 60 of the Complaint.

38. "Tags" are descriptive keywords Users add to a video to help viewers find content.

39. "Takedown Notice" means a request submitted via Your online platform, by email, or in any other way that seeks to have content of any kind removed, deleted, or no longer displayed

because the content contains copyrighted material that has been posted or is being displayed without a license or permission.

40. "User" means a user of Your YouTube platform.

41. "Successful Takedown Notice" means a Takedown Notice that resulted in a Removed Takedown Notice Video or that You otherwise determined set forth a meritorious claim that copyrighted material has been posted or is being displayed without a license or permission.

42. "Successful Takedown Notice Video" means any video uploaded to Your platform subsequent to the date that a Successful Takedown Notice was submitted that used the work or works that were the subject of a Successful Takedown Notice in whole or in part, either by reproducing them or performing them.

43. The terms "You," "Your," and "Yourself" mean Defendants YouTube and Google and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

44. "YouTube Partner Program" means the program launched in 2007 that uses AdSense to monetize content posted by Users.

other unique identifier used internally by YouTube or Google tied to a User, whether the User was enrolled in the Account Monetization Program and/or the YouTube Partner Program, whether the User was a Repeat Infringer, all videos uploaded by the User that were identified in the Content ID System as containing copyright protected work, and all Copyright Strikes issued to the User;

f. For each Pirate Monitor Infringing Video, whether the video was subject to a Takedown Notice, the response, if any, by the User posting the video, and the ultimate determination of the Takedown Notice.

**REQUEST NO. 14**

All Documents Concerning Your public and internal policies and procedures related to copyright management.

**REQUEST NO. 15**

Documents sufficient to show the following information Concerning each Person that has access or has ever had access to the Content ID System:

a. The identity of each Person has access or has ever had access to the Content ID System, Including the Person's name, username, email address, IP address, affiliation, when the Person was granted access to the Content ID System, when, if ever, the Person's access to the Content ID System was changed (including termination or suspension of access), and the reasons for the change to the User's access; and

b. The specific copyrights that each Person administers or administered through the Content ID System.

**REQUEST NO. 16**

Documents sufficient to show the following information Concerning each Person that sought but was not granted access to the Content ID System:

a. The identity of each Person, Including the Person's name, username, email address, IP address, affiliation, when the Person sought access to the Content ID System, and the reasons the Person was not granted access to the Content ID System; and

**REQUEST NO. 46**

Documents sufficient to show the following information for each month since the Content ID System was launched:

    a) Your revenue, Including the revenue for Google and the revenue for YouTube stated separately;

    b) The amount of YouTube's revenue that is derived from advertising Concerning videos posted on the platform ("YouTube video advertising revenue");

    c) The portion of YouTube video advertising revenue that is retained by You, paid out to Users that post videos, and paid out to the owners of copyrighted content.

    d) The amount of YouTube video advertising revenue that is derived from videos that do not have advertisements.

**REQUEST NO. 47**

Documents sufficient to show the following information for each month since the Content ID System was launched:

    a) The volume of content posted on YouTube, expressed in number of videos and total size of data;

    b) The proportion of videos posted by Users that consist of audio with a visual of still images or slideshows of still images;

    c) The volume of content deleted by Users, expressed in number of videos and total size of data;

    d) The number of Users.

**REQUEST NO. 48**

All Documents Concerning the policies and procedures applicable to Repeat Infringers, Including any changes to those policies and procedures and the reasons for such changes, and Your efforts to inform Users of Your policies and procedures applicable to Repeat Infringers.

**REQUEST NO. 49**

Documents sufficient to identify each User You have identified as a Repeat Infringer, Including the Person's name, username, email address, IP address, affiliation, any other unique

**REQUEST NO. 77**

All Documents Concerning any insurance policies relevant to this action, Including the policy through IMI Assurance Inc. identified in Your Initial Disclosures.

DATED:      New York, New York
            October 28, 2020

By:       /s/ Joshua Irwin Schiller

George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe (pro hac vice)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (pro hac vice)
Joanna C. Wright (pro hac vice)
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and
Pirate Monitor LTD*

# CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record were served by email on October 28, 2020:

DAVID H. KRAMER
dkramer@wsgr.com
MAURA L. REES
mrees@wsgr.com
LAUREN GALLO WHITE
lwhite@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

*Attorneys for Defendants and Counterclaimants*
YOUTUBE, LLC and GOOGLE LLC

　　　　　　　　　　　　　　　　　　　*/s/ Demetri Blaisdell*　　　　
　　　　　　　　　　　　　　　　　　　　Demetri Blaisdell