# EXHIBIT B

DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>  Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>  Counterclaimants,<br><br>  v.<br><br>PIRATE MONITOR LTD,<br><br>  Counterclaim Defendant. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**<br><br>Judge: Hon. James Donato |

1  disclosure of their personal identifying information, and such an opportunity may be required as
2  a matter of law.

3  Finally, Plaintiffs have failed to identify any allegedly infringing content in their
4  Complaint or in discovery. Defendants cannot search for responsive records unless and until
5  Plaintiffs (at minimum) identify allegedly infringing video content and/or specifically provide a
6  methodology that would enable Defendants to identify content that "use[s]" the Works In Suit.

7  **DOCUMENT REQUEST NO. 14:**

8  **All Documents Concerning Your public and internal policies and procedures**
9  **related to copyright management.**

10 **RESPONSE TO DOCUMENTS REQUEST NO. 14:**

11  Defendants object to this Request because it calls for the production of materials
12 relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also
13 object to this Request on the grounds that it is overly broad and unduly burdensome (especially
14 insofar as it demands that Defendants produce "[a]ll documents [c]oncerning"), and not relevant
15 to any party's claim or defense or proportional to the needs of the case.

16  Defendants object to the extent that this Request calls for the production of proprietary,
17 confidential, or trade secret information that has little or no connection to the parties' claims and
18 defenses in this action, imposing a further burden on Defendants that is out of line with
19 Plaintiff's legitimate needs. Defendants further object to the Request to the extent information
20 sought is already in the possession of the Requesting party, or is otherwise equally accessible and
21 available to the Requesting party from other sources (including the public record).

22  Subject to and without waiving any of the foregoing objections, at a date agreed upon by
23 the parties, Defendants will produce reasonably accessible non-privileged documents located
24 through an inquiry proportionate to the needs of the case, if any, that are sufficient to show
25 public policies and procedures related to copyright management and internal policies and
26 procedures related to copyright management.

27 **DOCUMENT REQUEST NO. 15:**

28  **Documents sufficient to show the following information Concerning each Person**

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 48:**

**All Documents Concerning the policies and procedures applicable to Repeat Infringers, Including any changes to those policies and procedures and the reasons for such changes, and Your efforts to inform Users of Your policies and procedures applicable to Repeat Infringers.**

**RESPONSE TO DOCUMENTS REQUEST NO. 48:**

Defendants object to this Request as overly broad and unduly burdensome (especially insofar as it demands that Defendants produce "[a]ll" documents). Defendants also object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show YouTube's policies and procedures regarding Repeat Infringers over the three-year period predating the filing of the Complaint.

**DOCUMENT REQUEST NO. 49:**

**Documents sufficient to identify each User You have identified as a Repeat Infringer, Including the Person's name, username, email address, IP address, affiliation, any other unique identifier used internally by YouTube or Google tied to a User, when the Person was determined to be a Repeat Infringer, whether the User was enrolled in the Account Monetization Program and/or the YouTube Partner Program, and each video posted by the User You have identified as a Repeat Infringer, Including the date(s) each video was posted, the amount of revenue associated with the video, and how that revenue was apportioned between You, the User, the copyright holder, and any third parties.**

**RESPONSE TO DOCUMENTS REQUEST NO. 77:**

Defendants object to this Request on the grounds that it is overly broad insofar as it demands that Defendants produce "[a]ll" documents. Defendants also object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties and after the entry of a protective order, Defendants will make available for inspection a copy of relevant portions of its captive insurance policy held through IMI Assurance Inc.

Dated: December 4, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
David H. Kramer

*Attorneys for Defendants and Counterclaimants*
YOUTUBE, LLC and GOOGLE LLC

# CERTIFICATE OF SERVICE

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1. **DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**

☒ By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct. Executed at San Mateo, California on December 4, 2020.

*Deborah Grubbs*
Deborah Grubbs