George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (pro hac vice)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800

Philip Korologos (pro hac vice)
Joanna Wright (pro hac vice)
Demetri Blaisdell (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> YOUTUBE, LLC and GOOGLE LLC, <br><br> Defendants. | Case Number: 3:20-cv-04423-JD <br><br> **PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULE** |
| YOUTUBE, LLC and GOOGLE LLC, <br><br> Counterclaimants, <br><br> vs. <br><br> PIRATE MONITOR LTD, <br><br> Counterclaim Defendant. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs respectfully submit this Motion to Modify the Case Schedule pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure and Rules 6-1 and 6-3 of Civil Local Rules for the Northern District of California to request that the Court amend the Scheduling Order (ECF 98) entered by the Court on November 16, 2021 to extend the fact discovery deadline, currently set for July 5, 2022, by 45 days and to modify follow-on deadlines accordingly.

## **PRELIMINARY STATEMENT**

Plaintiffs served the bulk of their discovery requests in October 2020 and, since then, have diligently pursued discovery over Defendants' persistent obstructions.  When the parties were unable to resolve their disputes, Plaintiffs filed with the Court discovery dispute letters in April 2021 (ECF 70, 76), October 2021 (ECF 95), and again in April 2022 (ECF 126).  The Court declined to rule on those motions, ordering further meet-and-confers involving lead counsel (ECF 82, 117) and, at the April 28, 2022, status conference, allowing the parties five weeks to resolve disputes before hearing any unresolved disputes at a conference scheduled for June 2.  Defendants, however, adhered to unreasonable positions and failed to compromise on several issues.  Although Plaintiffs advised the Court on May 26 of several unresolved discovery disputes (ECF 132), Plaintiffs were unable to present these disputes at the June 2 conference because lead counsel for Defendants tested positive for COVID-19.  The case management conference was then rescheduled for July 7, after the current close of fact discovery.  Plaintiffs promptly requested that the Court schedule a conference before the close of discovery (ECF 135), but that request was denied (ECF 139).  Since then, Plaintiffs have continued to pursue discovery through meet-and-confers and depositions of YouTube personnel, a process hampered by Defendants' extreme positions.  Plaintiffs have had to file additional discovery dispute letters (ECF 140, 142, 144) with more likely to be required as attempts to resolve disputes continue to stall.  Defendants' entire production to date contains less than 300 internal communications and almost no data from relevant databases.  Defendants' refusal to produce documents without Court intervention has also made it likely that several depositions will have to be reopened.  In short, Defendants' conduct has made it impossible for Plaintiffs to comply with the current discovery schedule despite exercising diligence.  Plaintiffs do not wish to propound wholesale

Plaintiffs' Motion to Modify Case Schedule

3:20-cv-4423-JD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

new discovery but to have a fair opportunity to obtain, understand, and follow-up on (including with testimony) discovery to which they are entitled.[1]  The current schedule will not allow for resolution of these disputes and time to complete (and reopen) depositions with the benefit of that discovery.  Therefore, good cause exists to modify the Scheduling Order.

## LEGAL STANDARD

Plaintiffs bring this motion pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides: "A schedule may be modified only for good cause and with the judge's consent."  "This 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Padgett v. City of Monte Sereno*, No. C 04-03946 JW, 2006 WL 8442114, at *2 (N.D. Cal. Jan. 11, 2006).

## ARGUMENT

Defendants have failed to meet their discovery obligations.  Defendants have refused to produce documents responsive to Plaintiffs' reasonable requests and have repeatedly refused to engage regarding potential compromises.  Defendants have engaged in other dilatory conduct during discovery including, but not limited to, obstructing the scheduling of depositions and belatedly amending their initial disclosures.  Defendants' stonewalling has made it impossible for Plaintiffs to comply with the deadlines for fact discovery or expert disclosures in the current Scheduling Order without suffering substantial prejudice, despite exercising diligence.  *See Henderson v. Peterson*, No. C 07-2823 SBA PR, 2011 WL 441206, at *1 (N.D. Cal. Feb. 3, 2011) ("'Good cause' exists when a deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  Further, the rescheduling of the case management conference to July 7,

---

[1] Plaintiff sought Defendants' agreement to a stipulated request but Defendants have sought to condition moving the discovery deadline on Plaintiffs' agreement not to serve any additional discovery and on leaving the class certification deadlines in place, compressing Plaintiffs' time to prepare and file their motion.  The case deadlines have not been modified since they were ordered following amendment of the complaint (*see* ECF 92, 98).

Plaintiffs' Motion to Modify Case Schedule                                      3:20-cv-4423-JD

2022—two days after fact discovery cut-off—has prevented Plaintiffs from raising these issues with the Court prior to the close of fact discovery other than through this motion.

***Plaintiffs Have Diligently Pursued Discovery.*** Plaintiffs served the bulk of their discovery requests on October 28, 2020, promptly after the parties exchanged initial disclosures on October 22, 2020. Defendants' Responses and Objections, served on December 4, 2020, raised dozens of pages of baseless boilerplate objections, committed to producing only vague categories of documents, and, for 38 RFPs, only offered to "meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request." The parties met and conferred many times by telephone and exchanged dozens of discovery letters. When the parties were unable to resolve certain disputes, Plaintiffs promptly filed discovery dispute letters with the Court in April 2021 (ECF 70, 76). On May 27, 2021, the Court ordered further meet-and-confers involving lead counsel (ECF 82), which were completed by June 21, 2021 (ECF 85). Defendants' refusal to produce data from their Content ID and takedown notice databases forced Plaintiffs to file another discovery dispute letter in October 2021 (ECF 95), in response to which the Court ordered further meet and confers (ECF 117), which the parties completed in late February 2022 (ECF 118). Throughout discovery, lead counsel for the parties have continued direct discussions and resolved certain disputes but Defendants have offered vague descriptions of documents to be produced and refused to commit to timelines to complete production. Defendants have produced a limited set of documents on a topic, insisted that Plaintiffs identify further documents, and then, once Plaintiffs have done so, Defendants have produced, at most, only a subset of *those* documents, stating vaguely that they may produce further documents as they are located. Although Plaintiffs several times proposed search protocols and invited discussion of custodians and search terms, each time Defendants refused to conduct any searches. Blaisdell Decl. ¶¶ 3–4. Plaintiffs filed another letter brief to seek documents regarding Autoplay on April 21, 2022 (ECF 126), but the parties and the Court agreed at the April 28 conference to try again to resolve the issues before the June 2 conference.

After further conversations, several discovery disputes remain, as the parties advised the Court on May 26, 2022 (ECF 132). However, the parties requested that the June 2, 2022

conference be moved back one week because lead counsel for Defendants tested positive for COVID-19 (ECF 133).  Instead, the Court rescheduled the case management conference for July 7, 2022, which is two days after the current close of fact discovery.  On June 2, 2022, Plaintiffs filed an administrative motion requesting that the Court schedule a case management conference before the close of discovery (ECF 135).  Plaintiffs were forced to proceed by administrative motion because Defendants, despite having joined a stipulation mere days earlier, refused to stipulate to the request to schedule a case management conference.  The Court denied Plaintiffs' administrative motion on June 8, 2022 (ECF 139).  Plaintiffs have continued to pursue the discovery they need through discussions with lead counsel.  Yet Defendants' refusal to produce documents, described in more detail below, has resulted in the parties reaching impasse over several further discovery disputes.  Plaintiffs have also conducted depositions of YouTube personnel, which revealed that Defendants have withheld relevant documents about core issues.  Plaintiffs therefore filed additional discovery dispute letters on June 10, 14, 17 (ECF 140, 142, 144).  In sum, Plaintiffs have diligently pursued discovery through all available processes.

***Defendants Have Not Produced Responsive Documents Nor Engaged on Potential Compromises.***  Throughout discovery, Plaintiffs propounded reasonable requests for production and sought compromises to reduce burdens.  Defendants have refused adequately to produce responsive documents, including regarding: (1) YouTube's Autoplay feature, a significant program launched after the Second Circuit's decision in *Viacom*, which allows YouTube to control infringing videos and has driven enormous revenue growth; (2) YouTube's fair use policies, including assessments of the lack of valid fair use claims, which are relevant to their claim that this is an individualized issue preventing class certification; (3) YouTube's repeat infringer policy, which is a statutory requirement for its DMCA defense; and (4) other internal copyright policies, which Defendants have refused to produce or log as privileged.  Defendants have also refused to provide adequate data regarding implementation of their repeat infringer policy and revenues they receive from infringing and other videos posted to YouTube, topics on which Plaintiffs anticipate having to file motions.

Further, Defendants have produced almost no internal communications.  Defendants have produced only 14,000 documents in total, which include less than 300 internal communications. Blaisdell Decl. ¶ 6.  YouTube alone is an organization of thousands of people, and there are 39 individuals on the "YouTube Leadership Team."  The suggestion that there are less than 300 internal communications responsive to Plaintiffs' requests is not credible.  As noted above, Plaintiffs' proposals for search terms and custodians have been rejected.  Blaisdell Decl. ¶¶ 3–4.

***Defendants' Further Dilatory Conduct.***  As examples of further dilatory conduct, Defendants repeatedly argued that Plaintiffs were in violation of Rule 30's presumptive ten deposition limit and this Court's rules regarding 30(b)(6) depositions when Plaintiffs have requested nine individual depositions and one 30(b)(6) deposition covering 10 topics. Defendants have counted that as 19 depositions.  Blaisdell Decl. ¶ 9.  In addition, Defendants served amended initial disclosures on June 9—with less than a month left in the discovery period and after Plaintiffs had requested 10 depositions—identifying new witnesses they plan to rely on at trial.[2]  Finally, Defendants have offered limited availability for deponents, forcing Plaintiffs to schedule up to three depositions on one day and insisted that nearly all depositions of Defendants proceed virtually while demanding in person depositions of Plaintiffs.  Blaisdell Decl. ¶ 10.

Additional time in the schedule will allow the parties to resolve (or have the Court resolve) remaining discovery disputes and then utilize the discovery that should long ago have been, but has yet to be, produced.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court **GRANT** their Motion to Modify the Case Schedule by adjusting the close of fact discovery by 45 days and by similarly adjusting the follow-on dates for expert discovery and class certification briefing as set forth in the accompanying proposed order.

---

[2] To date, Defendants have produced just two documents that reference one of these witnesses and none that reference the other two.  Blaisdell Decl. ¶ 7.  Defendants have produced zero custodial documents for seven out of the nine individuals included on their amended initial disclosures.  *Id.*

Plaintiffs' Motion to Modify Case Schedule                                3:20-cv-4423-JD

Dated: June 21, 2022                              Respectfully submitted,

                                                 /s/ *Philip Korologos*

                                                 George A. Zelcs (pro hac vice)
                                                 Randall P. Ewing, Jr. (pro hac vice)
                                                 Ryan Z. Cortazar (pro hac vice)
                                                 KOREIN TILLERY, LLC
                                                 205 North Michigan, Suite 1950
                                                 Chicago, IL 60601
                                                 Telephone: (312) 641-9750
                                                 Facsimile: (312) 641-9751

                                                 Stephen M. Tillery (pro hac vice)
                                                 Steven M. Berezney, CA Bar #329923
                                                 Carol O'Keefe (pro hac vice)
                                                 KOREIN TILLERY, LLC
                                                 505 North 7th Street, Suite 3600
                                                 St. Louis, MO 63101
                                                 Telephone: (314) 241-4844
                                                 Facsimile: (314) 241-3525

                                                 Joshua Irwin Schiller, CA Bar #330653
                                                 BOIES SCHILLER FLEXNER LLP
                                                 44 Montgomery St., 41st Floor
                                                 San Francisco, CA 94104
                                                 Phone: (415) 293-6800
                                                 Fax: (415) 293-6899

                                                 Philip Korologos (pro hac vice)
                                                 Joanna Wright (pro hac vice)
                                                 Demetri Blaisdell (pro hac vice)
                                                 BOIES SCHILLER FLEXNER LLP
                                                 55 Hudson Yards, 20th Floor
                                                 New York, NY 10001
                                                 Phone: (212) 446-2300
                                                 Fax: (212) 446-2350

                                                 *Attorneys for Plaintiffs*