# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | Case Number: 3:20-cv-04423-JD<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Maria Schneider and Pirate Monitor LTD ("Pirate Monitor"), by their attorneys Boies Schiller Flexner LLP and Korein Tillery, LLC, request that Defendants, YouTube, LLC ("YouTube") and Google LLC ("Google") respond to the following document requests (the "Requests") within thirty days of service and produce responsive documents, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure, unless otherwise stated. All definitions herein include both the singular and plural.

2. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise

be construed to be outside of its scope.

3. "Account Monetization Program" means any program by which Users receive compensation on YouTube, Including the YouTube Partner Program.

4. "Answer" means the Defendants' answer filed on September 21, 2020.

5. "AutoPlay Feature" means Your system that queues subsequent videos to play sequentially, Including the system described in Paragraph 37 of the Complaint.

6. "CMI Video" means a video containing CMI at the time the User initiated the upload of the video to Your platform.

7. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8. "Complaint" means the complaint filed by Plaintiffs against Defendants on July 2, 2020.

9. "Concerning" means relating to, referring to, describing, evidencing or constituting.

10. "Content ID System" means Your copyright management tool described throughout the Complaint, Including at Paragraphs 2, 8, 9, 10, and 12.

11. "Copyright Management Information" or "CMI" has the meaning it has under 17 U.S.C. § 1202.

12. "Copyright Strike" means the strike issued by You to a User following a Takedown Notice.

13. "Counterclaims" means the counterclaims filed by Defendants Google and YouTube on September 21, 2020.

14. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and includes Communications. A draft or non-identical copy is a separate Document within the meaning of this term.

15. "Fair Use" has the meaning it has under 17 U.S.C. § 107.

16. "ID3 Tags" means the metadata container used in conjunction with audio files,

Including MP3 files and includes ID3v1 and ID3v2 tags.

17. "Including" or "includes" means including without limitation.

18. "ISRC" means the International Standard Recording Code.

19. "ISWC" means the International Standard Musical Work Code.

20. "Lawsuit" means the case filed by Plaintiff against Defendants in the United States District Court for the Northern District of California, number 20-cv-04423.

21. "Metadata" means any information attached to, embedded in, or a part of a digital video file that provides information Concerning that file, Including CMI and Tags.

22. "Unsuccessful Takedown Notice" means a Takedown Notice that is not a Successful Takedown Notice.

23. "Unsuccessful Takedown Notice Video" means any video uploaded to Your platform subsequent to the date that an Unsuccessful Takedown Notice was submitted that is not the subject of the Unsuccessful Takedown Notice but that used the work or works that were the subject of an Unsuccessful Takedown Notice in whole or in part, either by reproducing them or performing them.

24. "Person" means any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

25. "Pirate Monitor" means Plaintiff Pirate Monitor LTD and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

26. "Pirate Monitor Infringing Videos" means any video uploaded to Your platform that uses any of the Pirate Monitor Works in whole or in part, either by reproducing them or performing them.

27. "Pirate Monitor Works" means any works to which Pirate Monitor holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 65 of the Complaint.

28. "Performance Rights Organizations" means any organization that collects royalties on behalf of copyright owners and includes but is not limited to Broadcast Music, Inc. ("BMI"), the American Society of Composers, Authors, and Publishers ("ASCAP"), the Society of European Stage Authors and Composers ("SESAC"), and the American Music Rights Association ("AMRA").

29. "Plaintiffs" means Schneider and Pirate Monitor.

30. "Red Flag Knowledge" means Your subjective awareness of facts that would have made copyright infringement objectively obvious to a reasonable person.

31. "Removed Takedown Notice Video" means a video posted to Your platform that was removed, deleted, or no longer displayed because of a Takedown Notice.

32. "Removed Takedown Notice Video Re-upload" means a video that is substantively identical to a Removed Takedown Notice Video or contains the portion or aspect of the removed Takedown Notice Video that was the target of a Successful Takedown Notice.

33. "Repeat Infringer" has the meaning it has under 17 U.S.C. § 512(i).

34. "Response to Counterclaims" means Plaintiff Pirate Monitor's Rule 12 motion and/or responsive pleading filed in response to Defendants' Counterclaims.

35. "Schneider" means Plaintiff Maria Schneider and all agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, advisors, and any other Person acting on her behalf.

36. "Schneider Infringing Videos" means any video uploaded to Your platform that uses any of the Schneider Works in whole or in part, either by reproducing them or performing them.

37. "Schneider Works" means any works to which Schneider holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 60 of the Complaint.

38. "Tags" are descriptive keywords Users add to a video to help viewers find content.

39. "Takedown Notice" means a request submitted via Your online platform, by email, or in any other way that seeks to have content of any kind removed, deleted, or no longer displayed

because the content contains copyrighted material that has been posted or is being displayed without a license or permission.

40. "User" means a user of Your YouTube platform.

41. "Successful Takedown Notice" means a Takedown Notice that resulted in a Removed Takedown Notice Video or that You otherwise determined set forth a meritorious claim that copyrighted material has been posted or is being displayed without a license or permission.

42. "Successful Takedown Notice Video" means any video uploaded to Your platform subsequent to the date that a Successful Takedown Notice was submitted that used the work or works that were the subject of a Successful Takedown Notice in whole or in part, either by reproducing them or performing them.

43. The terms "You," "Your," and "Yourself" mean Defendants YouTube and Google and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

44. "YouTube Partner Program" means the program launched in 2007 that uses AdSense to monetize content posted by Users.

## INSTRUCTIONS

1. These Instructions incorporate by reference any instructions set forth in the Local Rules of the United States District Court of the Northern District of California and the Federal Rules of Civil Procedure and the instructions contained in the Standing Order for Discovery in Civil Cases before Judge Donato.

2. The Documents covered by these requests include all Documents in Your possession, custody, or control.

3. Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

4. You shall produce all Documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the Documents to correspond to the categories of the Requests. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the Document in addition to the Document itself.

5. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

6. If any responsive Document was, but is no longer in Your possession or subject to Your control, state whether it is (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

7. The obligation to respond to these Requests is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after responding to these Requests You discover additional responsive Documents that will make Your responses to these Requests more complete or correct, amend Your responses and produce such responsive Documents as soon as reasonably possible.

8. Unless otherwise specified, these Requests seek Documents from January 1, 2015 to the present.

**REQUEST NO. 27**

All Documents Concerning Takedown Notices You have received Concerning videos posted to Your platform, Including:

    a) The Takedown Notice submitted;

    b) Any changes to the Takedown Notice;

    c) Any Communications Concerning the Takedown Notice, Including with the issuer of the Takedown Notice and with any targets of the Takedown Notice;

    d) The disposition of the Takedown Notice, Including whether a Copyright Strike was issued, whether the video that was the subject of the Takedown Notice was removed, and any changes to the allocation of revenue associated with the video that was the subject of the Takedown Notice.

**REQUEST NO. 28**

All databases Concerning Takedown Notices and Documents sufficient to show all fields in any databases Concerning Takedown Notices, Including a description of the nature of each field.

**REQUEST NO. 29**

All Removed Takedown Notice Videos.

**REQUEST NO. 30**

Documents sufficient to show the following information for all Removed Takedown Notice Videos:

    a. The date(s) uploaded, the number of copies made, the date each copy was made, the location of each copy;

    b. the metadata included with each video (Including before and after each video was uploaded) and whether that metadata was supplied by the User or You;

    c. the number of views, the number of downloads, the number of likes, the number of Users who subscribed to the channel of the User that posted the video from the page containing the video;

**REQUEST NO. 77**

All Documents Concerning any insurance policies relevant to this action, Including the policy through IMI Assurance Inc. identified in Your Initial Disclosures.

DATED:   New York, New York
         October 28, 2020

By:   /s/ Joshua Irwin Schiller

George A. Zelcs *(pro hac vice)*
Randall P. Ewing, Jr. *(pro hac vice)*
Ryan Z. Cortazar *(pro hac vice)*
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe *(pro hac vice)*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and
Pirate Monitor LTD*

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record were served by email on October 28, 2020:

>DAVID H. KRAMER
>dkramer@wsgr.com
>MAURA L. REES
>mrees@wsgr.com
>LAUREN GALLO WHITE
>lwhite@wsgr.com
>WILSON SONSINI GOODRICH & ROSATI
>Professional Corporation
>650 Page Mill Road
>Palo Alto, CA 94304-1050
>Telephone: (650) 493-9300
>Facsimile:  (650) 565-5100
>
>*Attorneys for Defendants and Counterclaimants*
>YOUTUBE, LLC and GOOGLE LLC

                                                */s/ Demetri Blaisdell*
                                                 Demetri Blaisdell