# EXHIBIT C

DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
    mrees@wsgr.com
    lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>PIRATE MONITOR LTD,<br><br>　　　　Counterclaim Defendant. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**<br><br>Judge: Hon. James Donato |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Northern District of California, Defendants and Counterclaimants YouTube, LLC and Google LLC (collectively, "Defendants") hereby respond to Plaintiff Maria Schneider's and Plaintiff and Counterclaim-defendant Pirate Monitor LTC's (collectively, "Plaintiffs") First Set of Requests for Production ("Requests") as follows:

## PRELIMINARY STATEMENT

The following responses are provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, and propriety) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.

In addition, all responses to the Requests are based upon the information presently known to Defendants, and Defendants expressly reserve the right to revise and supplement their responses to the Requests. A response to a Request shall not be deemed a waiver of any applicable objection or an admission of relevancy.

To the extent the Requests would require the production of information that implicates the personal privacy interests of individual employees or agents and/or of third parties of Defendants, the parties need to implement appropriate protections for personal privacy before Defendants will produce any materials responsive to the Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  As a threshold matter, Plaintiffs' prolix Definitions, much like the Complaint, are replete with unsubstantiated assumptions and improper advocacy. Their byzantine structure, vagueness, and overbreadth render interpreting the Requests themselves (let alone drafting responses) an unduly burdensome effort that is disproportionate to the needs of this case.

2.  Defendants object to the definition of "Account Monetization Program" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "program" and "compensation." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the

1  parties' claims or defenses and would require Defendants to collect information that is
2  disproportionate to the needs of this case. For purposes of responding to the Requests, the
3  "Account Monetization Program" will be defined as the five monetization features ("Advertising
4  revenue," "Channel memberships," Merchandise shelf," "Super Chat & Super Stickers," and
5  "YouTube Premium Revenue") that enable some users to make money on YouTube. *See* "How
6  to earn money on YouTube," https://support.google.com/youtube/answer/72857?hl=en.

7        3.      Defendants object to the definition of "AutoPlay Feature" as vague and
8  ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term
9  "queues." Plaintiffs' "description" in Paragraph 37 of the Complaint provides no more clarity, as
10 it merely parrots the vague and ambiguous definition provided in these Requests. Defendants
11 further object to this definition as overly broad and unduly burdensome to the extent it
12 encompasses information not relevant to the parties' claims or defenses and would require
13 Defendants to collect information that is disproportionate to the needs of this case.

14       4.      Defendants object to the definition of "CMI Video" as vague and ambiguous. In
15 particular, the definition is vague and ambiguous in its use of the undefined terms "CMI,"
16 "containing," and "initiated." Defendants further object to this definition as overly broad and
17 unduly burdensome to the extent it requires Defendants to collect information relating to every
18 video uploaded to YouTube, regardless of their relevance to the parties' claims or defenses in
19 this case.

20       5.      Defendants object to the definition of "Communication" to the extent it exceeds
21 the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United
22 States District Court for the Northern District of California, or other applicable law. Defendants
23 further object to the definition as overly broad and unduly burdensome to the extent it
24 encompasses information not relevant to the parties' claims or defenses and would require
25 Defendants to collect information that is disproportionate to the needs of this case.

26       6.      Defendants object to the definition of "Concerning" as vague and ambiguous. In
27 particular, the term is vague and ambiguous in its use of the undefined terms "relating,"
28

"referring," "describing," "evidencing," and "construing." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

7. Defendants object to the definition of "Content ID System" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "YOUR copyright management tool." Defendants have created and made available many tools for protecting the copyrights of others. Defendants further object to Plaintiffs' descriptions in Paragraphs 2, 8, 9, 10, and 12 of the Complaint as inaccurate in their characterization of Content ID. Defendants specifically object to Plaintiffs' characterization of Content ID as being "completely divorced" from YouTube, LLC's repeat-infringer policy. *See* Compl. ¶ 12. For purposes of responding to the Requests, the "Content ID System" will be defined as a tool YouTube provides to certain users for the purpose of managing copyrighted works that scans videos uploaded to YouTube and compares them against reference files previously provided to YouTube by copyright owners. *See* "How Content ID works," https://support.google.com/youtube/answer/2797370?hl=en.

8. Defendants object to the definition of "Copyright Strike" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "following a Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, "Copyright Strike" will be defined as the warning that a user receives when YouTube has removed the user's video from the YouTube service because a copyright owner submitted to YouTube a complete and valid legal request asking YouTube to do so. *See* "Copyright strike basics," https://support.google.com/youtube/answer/2814000?hl=en.

9. Defendants object to the definition of "Document" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

10. Defendants object to the definition of "ID3 Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "metadata container," "audio files," and "ID3v1 and ID3v2 tags."

11. Defendants object to the definition of "Metadata" as overly broad (especially insofar as it encompasses "any information"), vague, and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases "attached to," "embedded in," "part of," and "provides information."

12. Defendants object to the definition of "Unsuccessful Takedown Notice" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the term "Successful Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

13. Defendants object to the definition of "Unsuccessful Takedown Notice Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "submitted," "Unsuccessful Takedown Notice," "used," "reproducing," and "performing." The definition is further vague and ambiguous in its use of the phrase "were the subject of." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses

information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

14.  Defendants object to the definition of "Pirate Monitor" as overly broad, vague and ambiguous, and unduly burdensome. In particular, the definition is overly broad because it encompasses "present or former … agents, representatives … investigators … advisors, and any other person acting on its behalf." For purposes of responding to the Requests, "Pirate Monitor" will be defined as Pirate Monitor LTD and those authorized agents and employees known or believed to be acting on its behalf and within the scope of their agency or employment.

15.  Defendants object to the definition of "Pirate Monitor Infringing Videos" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "uses," "Pirate Monitor Works," "reproducing," and "performing." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed under the Copyright Act. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. Moreover, Defendants object that this term is meaningless and untimely because Plaintiffs have failed to identify any allegedly infringing content in their Complaint or in discovery, including but not limited to, in response to Defendants' Interrogatory No. 2.

16.  Defendants object to the definition of "Pirate Monitor Works" as vague and ambiguous. In particular, Defendants object that the definition is vague and ambiguous in its use of the term "exclusive copyrights." Defendants object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether Plaintiff and Counterclaim-defendant Pirate Monitor LTD holds "exclusive copyrights" in any works. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses (especially insofar as it

1  encompasses works not identified by Plaintiff and Counterclaim-defendant Pirate Monitor LTD
2  as Works In Suit and/or United States works not timely registered with the United States
3  Copyright Office) and would require Defendants to collect information that is disproportionate to
4  the needs of this case. For purposes of these responses, Defendants will interpret "Pirate Monitor
5  Works" to be limited to the Works In Suit identified in response to Defendants' Interrogatory
6  No. 1.

7        17.    Defendants object to the definition of "Performance Rights Organizations" as
8  overly broad and unduly burdensome to the extent it encompasses information not relevant to the
9  parties' claims or defenses and would require Defendants to collect information that is
10 disproportionate to the needs of this case.

11       18.    Defendants object to the definition of "Red Flag Knowledge" as calling for a legal
12 conclusion. Defendants also object that this definition encompasses documents concerning works
13 that have not been identified as Works In Suit. Defendants further object to this definition as
14 overly broad and unduly burdensome to the extent it encompasses information not relevant to the
15 parties' claims or defenses and would require Defendants to collect information that is
16 disproportionate to the needs of this case.

17       19.    Defendants object to the definition of "Removed Takedown Notice Video" as
18 vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the
19 undefined term "Your platform" and the phrases "was removed, deleted, or no longer displayed"
20 and "because of." Defendants also object that this definition encompasses documents concerning
21 works that have not been identified as Works In Suit. Defendants further object to this definition
22 as overly broad and unduly burdensome to the extent it encompasses information not relevant to
23 the parties' claims or defenses and would require Defendants to collect information that is
24 disproportionate to the needs of this case.

25       20.    Defendants object to the definition of "Removed Takedown Notice Re-upload" as
26 vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the
27 undefined terms "substantively identical," "aspect," "removed Takedown Notice Video,"
28

1  "target," and "Successful Takedown Notice." Defendants also object that this definition
2  encompasses documents concerning works that have not been identified as Work In Suit.
3  Defendants further object to this definition as overly broad and unduly burdensome to the extent
4  it encompasses information not relevant to the parties' claims or defenses and would require
5  Defendants to collect information that is disproportionate to the needs of this case.

6      21.     Defendants object to the definition of "Repeat Infringer" to the extent it calls for a
7  legal conclusion. Defendants further object to this definition as overly broad and unduly
8  burdensome to the extent it encompasses information not relevant to the parties' claims or
9  defenses and would require Defendants to collect information that is disproportionate to the
10 needs of this case.

11     22.     Defendants object to the definition of "Schneider" as overly broad, vague and
12 ambiguous, and unduly burdensome. In particular, the definition is overly broad because it
13 encompasses "all agents, representatives … investigators … advisors, and any other person
14 acting on her behalf." For purposes of responding to the Requests, "Schneider" will be defined as
15 Maria Schneider and persons known or believed to be acting on her behalf .

16     23.     Defendants object to the definition of "Schneider Infringing Videos" as vague and
17 ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms
18 "Your platform," "uses," "Schneider Works," "reproducing," and "performing." Defendants also
19 object to the definition to the extent it calls for a legal conclusion as to whether content has been
20 reproduced or performed under the Copyright Act. Defendants further object to this definition as
21 overly broad and unduly burdensome to the extent it encompasses information not relevant to the
22 parties' claims or defenses and would require Defendants to collect information that is
23 disproportionate to the needs of this case. Moreover, Defendants object that this term is
24 meaningless and untimely because Plaintiffs have failed to identify any allegedly infringing
25 content in their Complaint or in discovery, including but not limited to, in response to
26 Defendants' Interrogatory No. 2.

24. Defendants object to the definition of "Schneider Works" as vague and ambiguous. In particular, Defendants object that the definition is vague and ambiguous in its use of the term "exclusive copyrights." Defendants object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether Plaintiff Maria Schneider holds "exclusive copyrights" in any works. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses (especially insofar as it encompasses works not identified by Plaintiff Maria Schneider as Works In Suit and/or United States works not timely registered with the United States Copyright Office) and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of these responses, Defendants will interpret "Schneider Works" to be limited to the Works In Suit identified in response to Defendants' Interrogatory No. 1.

25. Defendants object to the definition of "Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "descriptive keywords" and the phrase "find content."

26. Defendants object to the definition of "Takedown Notice" as vague, ambiguous, and overly broad. In particular, the definition is vague and ambiguous in its use of the term "request" and the phrases "any other way" and "via Your online platform." Defendants object that the definition is overly broad and unduly burdensome to the extent it extends beyond notices submitted to Defendants. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been posted or displayed without license or permission. Defendants further object to the definition to the extent it encompasses non-written communications that do not satisfy the requirements set forth in 17 U.S.C. § 512(c)(3). For purposes of responding to the Requests, "Takedown Notice" will be defined as notices that are compliant with 17 U.S.C. § 512(c)(3) and have been submitted through YouTube LLC's online form, *see* "Submit a copyright takedown notice,"

https://support.google.com/youtube/answer/2807622?hl=en, or to YouTube's designated agent via email, facsimile, or postal mail, *see* "Copyright Contact Information," https://support.google.com/youtube/answer/6005908?hl=en.

27. Defendants object to the term "Successful Takedown Notice" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases "resulted in a Removed Takedown Notice Video" and "otherwise determined set forth a meritorious claim." Defendants object to the definition to the extent it calls for a legal conclusion. Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

28. Defendants object to the definition of "Successful Takedown Notice Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "submitted," "used," and "Successful Takedown Notice." The definition is further vague and ambiguous in its use of the phrase "were the subject of." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed under the Copyright Act. Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

29. Defendants object to the definition of "You," "Your," and "Yourself" on the grounds that the definition is overbroad, vague and ambiguous, and unduly burdensome. Defendants further object to the definition to the extent it seeks information not currently in the possession, custody, or control of Defendants. Defendants will respond solely on behalf of themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates, or any

other person or entity. Defendants further object to the definition on the grounds that it includes Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. For purposes of responding to the Requests, "You," "Your," and "Yourself" will be defined as Google LLC, YouTube, LLC, and those authorized agents and employees acting on its behalf and within the scope of their agency or employment.[1]

30.     Defendants object to the definition of "YouTube Partner Program" as vague and ambiguous. In particular, the term is vague and ambiguous in its use of the phrase "uses AdSense to monetize content posted to Users." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, the "YouTube Partner Program" will be defined as the program that gives YouTube content creators access to YouTube's Creator Support Teams, Copyright Match Tool, and monetization features. *See* "YouTube Partner Program overview & eligibility," https://support.google.com/youtube/answer/72851?hl=en.

31.     Defendants object to the Instructions accompanying Plaintiffs' Requests to the extent that such Instructions purport to impose obligations on Defendants in excess of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the Standing Order for Discovery in Civil Cases before Judge Donato, or any other applicable law, or to the extent that the Instructions purport to require Defendants to take actions or provide information not required by or which exceed the scope of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

---

[1] Per the parties' agreement, Defendants will produce otherwise discoverable information that is retained by, owned by, possessed by, or in the control of Alphabet Inc.

1  Northern District of California, the Standing Order for Discovery in Civil Cases before Judge
2  Donato, or any other applicable law.

3        32.    Defendants object to Instruction No. 8 insofar as it calls for information beyond
4  the scope of the three-year statute of limitations applicable to Plaintiffs' claims. *See* 17 U.S.C. §
5  507(b). Defendants will produce reasonably accessible non-privileged documents following an
6  inquiry proportionate to the needs of the case for the three-year period predating the filing of the
7  Complaint.

**SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

**All Documents Concerning any of the alleged facts in the Complaint, the Answer, and Counterclaims, the Response to Counterclaims, or any statement of fact contained in any other Document filed in this Lawsuit.**

**RESPONSE TO DOCUMENTS REQUEST NO. 1:**

Defendants object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad (especially insofar as it demands that Defendants produce "[a]ll" documents). In particular, Defendants object to the Request because it is vague and ambiguous in its use of the terms "alleged facts" and "statement of fact." Defendants further object that this Request is compound to the extent that it contains multiple sub-parts.

Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiffs' legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants also object on the grounds that this Request calls for the production of materials not relevant to Plaintiffs' claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

Defendants further object that this Request seeks documents concerning works that have not been identified as Works In Suit. In addition, Defendants object to this Request to the extent that it seeks information concerning alleged infringements that Plaintiffs have failed to identify.

     **removed, and any changes to the allocation of revenue associated with the video that was the subject of the Takedown Notice.**

**RESPONSE TO DOCUMENTS REQUEST NO. 27:**

     Defendants further object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" documents), and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants further object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case.

     Defendants object that this Request is compound and structurally confusing. Defendants further object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

     In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

     Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 28:**

     **All databases Concerning Takedown Notices and Documents sufficient to show all fields in any databases Concerning Takedown Notices, Including a description of the nature of each field.**

**RESPONSE TO DOCUMENTS REQUEST NO. 28:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" databases), and not relevant to any party's claim or defense or proportional to the needs of the case.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

**DOCUMENT REQUEST NO. 29:**

**All Removed Takedown Notice Videos.**

**RESPONSE TO DOCUMENTS REQUEST NO. 29:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" videos, regardless of their relevance to the parties' claims or defenses), and not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the request is vague and ambiguous in its use of the undefined term "Takedown Notice Videos."

**DOCUMENT REQUEST NO. 30:**

**Documents sufficient to show the following information for all Removed Takedown Notice Videos:**

**a. The date(s) uploaded, the number of copies made, the date each copy was made, the location of each copy;**

**b. the metadata included with each video (Including before and after each video was uploaded) and whether that metadata was supplied by the User or You;**

**RESPONSE TO DOCUMENTS REQUEST NO. 77:**

Defendants object to this Request on the grounds that it is overly broad insofar as it demands that Defendants produce "[a]ll" documents. Defendants also object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties and after the entry of a protective order, Defendants will make available for inspection a copy of relevant portions of its captive insurance policy held through IMI Assurance Inc.

Dated: December 4, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ David H. Kramer
         David H. Kramer

*Attorneys for Defendants and Counterclaimants*
YOUTUBE, LLC and GOOGLE LLC

# CERTIFICATE OF SERVICE

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1. **DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**

☒ By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct. Executed at San Mateo, California on December 4, 2020.

_____
Deborah Grubbs