# EXHIBIT D

| | |
|---|---|
| DAVID H. KRAMER, State Bar No. 168452<br>MAURA L. REES, State Bar No. 191698<br>LAUREN GALLO WHITE, State Bar No. 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>         mrees@wsgr.com<br>         lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>             Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>             Counterclaimants,<br><br>      v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>             Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 78-105)**<br><br>Judge: Hon. James Donato |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Northern District of California, Defendants and Counterclaimants YouTube, LLC and Google LLC (collectively, "Defendants") hereby respond to Plaintiff Maria Schneider's and Counterclaim Defendants Pirate Monitor Ltd. and Gábor Csupó's (collectively, "Plaintiff and Counterclaim Defendants") Second Set of Requests for the Production of Documents ("Requests") as follows:

## PRELIMINARY STATEMENT

The following responses are provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, and propriety) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.

In addition, all responses to the Requests are based upon the information presently known to Defendants, and Defendants expressly reserve the right to revise and supplement their responses to the Requests. A response to a Request shall not be deemed a waiver of any applicable objection or an admission of relevancy.

To the extent the Requests would require the production of information that implicates the personal privacy interests of individual employees or agents and/or of third parties of Defendants, the parties need to implement appropriate protections for personal privacy before Defendants will produce any materials responsive to the Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Defendants object to the definition of "Account Monetization Program" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "program" and "compensation." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, the "Account Monetization Program" will be defined as the five monetization features ("Advertising

1  revenue," "Channel memberships," Merchandise shelf," "Super Chat & Super Stickers," and "YouTube Premium Revenue") that enable some users to make money on YouTube. *See* "How to earn money on YouTube," https://support.google.com/youtube/answer/72857?hl=en.

2.  Defendants object to the definition of "AutoPlay Feature" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "queues." Plaintiff's "description" in Paragraph 37 of the Complaint provides no more clarity, as it merely parrots the vague and ambiguous definition provided in these Requests. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

3.  Defendants object to the definition of "Communication" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

4.  Defendants object to the definition of "Concerning" as vague and ambiguous. In particular, the term is vague and ambiguous in its use of the undefined terms "relating," "referring," "describing," "evidencing," and "construing." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

5.  Defendants object to the definition of "Content ID System" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "YOUR copyright management tool." Defendants have created and made available many tools for protecting the copyrights of others. Defendants further object to Plaintiff's descriptions in Paragraphs 2, 8, 9, 10, and 12 of the Complaint as inaccurate in their characterization of Content

ID. Defendants specifically object to Plaintiff's characterization of Content ID as being "completely divorced" from YouTube, LLC's repeat-infringer policy. *See* Compl. ¶ 12. For purposes of responding to the Requests, the "Content ID System" will be defined as a tool YouTube provides to certain users for the purpose of managing copyrighted works that scans videos uploaded to YouTube and compares them against reference files previously provided to YouTube by copyright owners. *See* "How Content ID works," https://support.google.com/youtube/answer/2797370?hl=en.

6. Defendants object to the definition of "Copyright Strike" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "following a Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, "Copyright Strike" will be defined as the warning that a user receives when YouTube has removed the user's video from the YouTube service because a copyright owner submitted to YouTube a complete and valid legal request asking YouTube to do so. *See* "Copyright strike basics," https://support.google.com/youtube/answer/2814000?hl=en.

7. Defendants object to the definition of "Digital Fingerprinting Technology" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases "software or technology which analyzes a piece of video and/or audio to determine the unique characteristics of the content," "create a pattern that is stored in a database," and "used for recognizing the content in the future."

8. Defendants object to the definition of "Document" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF AND COUNTERCLAIM
DEFENDANTS' SECOND SET OF REQUESTS FOR
PRODUCTION                                  -4-                    CASE NO. 3:20-CV-04423-JD

information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

9. Defendants object to the definition of "Identify" as it relates to individuals and "Users" as overbroad and unduly burdensome. In particular, the definition requires Defendants to collect information (such as dates of hire and home telephone numbers) that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case. Defendants further object to the extent the definition requires the production of confidential information relating to third parties or subject to privacy obligations, such as home telephone numbers, physical addresses, and IP addresses.

10. Defendants object to the definitions of "Identify" as it relates to "Documents" and "videos" as overbroad and unduly burdensome. In particular, the definitions require Defendants to collect information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case. Defendants also object to the extent the definitions incorporate the vague, ambiguous, overbroad, and unduly burdensome terms "Tags" and "Identify" as it relates to Users. Defendants further object to the extent the definitions require the production of confidential information relating to third parties or subject to privacy obligations, such email and IP addresses.

11. Defendants object to the definition of "Metadata" as overly broad (especially insofar as it encompasses "any information"), vague, and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases "attached to," "embedded in," "part of," and "provides information."

12. Defendants object to the definition of "Recommended Videos" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "algorithmically offers up to users on the YouTube platform." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

1    13.    Defendants object to the definition of "Repeat Infringer" to the extent it calls for a legal conclusion. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

14.    Defendants object to the definition of "Response to Counterclaims" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the term "Plaintiff Pirate Monitor" and phrase "Rule 12 motion and/or responsive pleading filed in response to Defendants' Counterclaims." For purposes of responding to the Requests, "Response to Counterclaims" will be defined as Counterclaim Defendant Pirate Monitor's Answer to Defendants' Amended Counterclaims (ECF No. 68).

15.    Defendants object to the definition of "Schneider" as overly broad, vague and ambiguous, and unduly burdensome. In particular, the definition is overly broad because it encompasses "all agents, representatives … investigators … advisors, and any other person acting on her behalf." For purposes of responding to the Requests, "Schneider" will be defined as Maria Schneider and persons known or believed to be acting on her behalf.

16.    Defendants object to the definition of "Standard Technical Measures" to the extent it calls for a legal conclusion. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

17.    Defendants object to the definition of "Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "descriptive keywords" and the phrase "find content."

18.    Defendants object to the definition of "Takedown Notice" as vague, ambiguous, and overly broad. In particular, the definition is vague and ambiguous in its use of the term "request" and the phrases "any other way" and "via Your online platform." Defendants object

that the definition is overly broad and unduly burdensome to the extent it extends beyond notices submitted to Defendants. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been posted or displayed without license or permission. Defendants further object to the definition to the extent it encompasses non-written communications that do not satisfy the requirements set forth in 17 U.S.C. § 512(c)(3). For purposes of responding to the Requests, "Takedown Notice" will be defined as notices that are compliant with 17 U.S.C. § 512(c)(3) and have been submitted through YouTube LLC's online form, *see* "Submit a copyright takedown notice," https://support.google.com/youtube/answer/2807622?hl=en, or to YouTube's designated agent via email, facsimile, or postal mail, *see* "Copyright Contact Information," https://support.google.com/youtube/answer/6005908?hl=en.

19. Defendants object to the definition of "Video Match" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "automatically or manually matched to a digital fingerprint through the Content ID System." Defendants further object to this definition as overly broad and unduly burdensome to the extent it requires Defendants to collect information relating to videos regardless of their relevance to the parties' claims or defenses in this case. For purposes of responding to the Requests, "Video Match" will be defined as a video that has been determined by the Content ID System, as defined by Defendants above, to match a reference file provided to YouTube by the copyright owner.

20. Defendants object to the definition of "You," "Your," and "Yourself" on the grounds that the definition is overbroad, vague and ambiguous, and unduly burdensome. Defendants further object to the definition to the extent it seeks information not currently in the possession, custody, or control of Defendants. Defendants will respond solely on behalf of themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates, or any other person or entity. Defendants further object to the definition on the grounds that it includes Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce information that is protected by any privilege, including the attorney-client privilege, work

product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. For purposes of responding to the Requests, "You," "Your," and "Yourself" will be defined as Google LLC, YouTube, LLC, and those authorized agents and employees acting on its behalf and within the scope of their agency or employment.[1]

21. Defendants object to the definition of "YouTube Partner Program" as vague and ambiguous. In particular, the term is vague and ambiguous in its use of the phrase "uses AdSense to monetize content posted to Users." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, the "YouTube Partner Program" will be defined as the program that gives YouTube content creators access to YouTube's Creator Support Teams, Copyright Match Tool, and monetization features. *See* "YouTube Partner Program overview & eligibility," https://support.google.com/youtube/answer/72851?hl=en.

22. Defendants object to the definition of "YouTube Search" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "search engine on the YouTube platform." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, "YouTube Search" will be defined as YouTube's search ranking system. *See* "YouTube Search," https://www.youtube.com/howyoutubeworks/product-features/search/#overview.

23. Defendants object to the Instructions accompanying Plaintiff and Counterclaim Defendants' Requests to the extent that such Instructions purport to impose obligations on Defendants in excess of the Federal Rules of Civil Procedure, the Local Rules of the United

---

[1] Per the parties' agreement, Defendants will produce otherwise discoverable information that is retained by, owned by, possessed by, or in the control of Alphabet Inc.

1  States District Court for the Northern District of California, the Standing Order for Discovery in
2  Civil Cases before Judge Donato, or any other applicable law, or to the extent that the
3  Instructions purport to require Defendants to take actions or provide information not required by
4  or which exceed the scope of the Federal Rules of Civil Procedure, the Local Rules of the United
5  States District Court for the Northern District of California, the Standing Order for Discovery in
6  Civil Cases before Judge Donato, or any other applicable law.

7      24.    Defendants object to Instruction No. 8 insofar as it calls for information beyond
8  the scope of the three-year statute of limitations applicable to Plaintiff's claims. *See* 17 U.S.C.
9  § 507(b). Defendants will produce reasonably accessible non-privileged documents following an
10 inquiry proportionate to the needs of the case for the three-year period predating the filing of the
11 Complaint.

12 **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

13 **DOCUMENT REQUEST NO. 78:**

14 **Documents sufficient to Identify or production of one or more databases or their contents containing the following: all videos posted to the YouTube platform that have been identified as "Video Matches," the work used to create the ID File that matched to the video, the owner of the work used to create the ID File, the Content ID Participant that submitted the work, the user that posted each video, the channel where such video was posted, and whether each video was blocked, monetized or tracked.**

18 **RESPONSE TO DOCUMENT REQUEST NO. 78:**

19     Defendants object to this Request because it calls for the production of materials relevant
20 to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to
21 this Request, which is vexatious and appears to be designed to harass Defendants, on the grounds
22 that it is unduly burdensome and overly broad (especially insofar as it demands that Defendants
23 produce "all" videos posted to the YouTube platform that have been identified as "Video
24 Matches."). Defendants object to the Request as vague and ambiguous in its use of the terms
25 "Video Matches," "ID File," "Content ID Participant," "work used to create," "submitted the
26 work," and "owner of the work." Defendants further object as the Request is not relevant to any
27 party's claim or defense or proportional to the needs of the case.
28

Even if this Request were relevant to the claims in this action, it still would be improper. Defendants object that this Request is compound and structurally confusing to the extent that it contains multiple sub-parts. Defendants further object that this Request seeks documents concerning works that have not been identified as Works In Suit.

In addition, Defendants object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case. Defendants also object to this Request to the extent that it seeks information that Defendants do not collect and/or log in the ordinary course of their business and the production of which is therefore not possible.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law. To the extent this Request seeks materials relating to third parties, Defendants object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims or Counterclaimants' Counterclaims and for the production of proprietary, confidential, or trade secret documents.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 79:**

**Documents sufficient to show every part of the Content ID System's user experience, including the pages or screens that show the processes for applying for access to the Content ID System, uploading copyrighted works as Reference Files, reviewing Video Matches and applying Policies, including Monetizing, Blocking, or Tracking Video Matches, manually submitting Content ID claims, and managing Disputes, as well as Documents sufficient to show how each page or screen of the Content ID System's user experience interacts with each other page or screen.**

Request is necessary, Defendants will meet and confer with opposing counsel regarding specific additional documents Plaintiff seeks in response to this Request.

**DOCUMENT REQUEST NO. 105:**

**All Documents produced by You in the Viacom and Football Association Litigation.**

**RESPONSE TO DOCUMENT REQUEST NO. 105:**

Defendants object to this Request, which is vexatious and appears to be designed to harass Defendants, on the grounds that it is unduly burdensome, overly broad, vague and ambiguous, and not relevant to any party's claim or defense or proportional to the needs of the case.

Even if this Request were relevant to the claims in this action, it still would be improper. Defendants object that this Request is duplicative and cumulative of other discovery requests. Defendants also object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case.

To the extent this Request seeks materials relating to third parties, Defendants object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims or Counterclaimants' Counterclaims and for the production of proprietary, confidential, or trade secret documents. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff and Counterclaim Defendants' legitimate needs.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

Dated: June 25, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Maura L. Rees
    Maura L. Rees

*Attorneys for Defendants and Counterclaimants*
YOUTUBE, LLC and GOOGLE LLC

# CERTIFICATE OF SERVICE

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1. **DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 78-105)**

☒ By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct. Executed at San Mateo, California on June 25, 2021.

*Deborah Grubbs*
Deborah Grubbs