| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>　　　　mrees@wsgr.com<br>　　　　lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　Counterclaimants,<br><br>　　v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>　　　　Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF DAVID H. KRAMER IN SUPPORT OF DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY CASE SCHEDULE**<br><br>Judge: Hon. James Donato |

I, David H. Kramer, declare as follows:

1. I am an attorney at Wilson, Sonsini, Goodrich & Rosati, counsel to Defendants, am over the age of 18 and competent to make this declaration. I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of each of them.

### Defendants' Efforts To Meet And Confer

2. In response to Plaintiffs' 131 document requests containing, by Defendants' count, at least 400 subparts, Defendants sought to reach agreement with Plaintiffs on proportionate productions of relevant documents. As part of these efforts, Defendants have met and conferred with Plaintiffs by phone or video conference for dozens of hours and exchanged dozens of letters.

3. In a telephone conversation between myself and lead counsel for Plaintiffs on June 9, Plaintiffs sought Defendants' agreement to a 30-day extension of the entire case schedule. I responded that, subject to the Court's approval, Defendants would agree to extend the fact and expert discovery deadlines by 30 days, provided that the parties would not propound new discovery requests and provided that the current deadline for class certification remained in place. Plaintiffs never responded to my proposed compromise or offered an alternative before filing their Motion to Modify Case Schedule (Dkt. 146).

### Plaintiffs' Delay In Scheduling Depositions

4. This case was filed in early July 2020 and the discovery cutoff is set for July 5, 2022. Plaintiffs did not request a single deposition from Defendants until April 25, 2022, when they requested depositions of two employees. On May 20, 2022, Plaintiffs requested depositions of four more employees, and three requested three more individual depositions on May 28, 2022.

5. Plaintiffs did not request any corporate deposition of Defendants until May 27, 2022. On that date, Plaintiffs requested a "combined" 30(b)(6) deposition of both Defendants on five topics:

    a. TOPIC NO 1: The Content ID System's matching process, including how reference files are created, how reference files are edited to exclude non-proprietary material, how reference files are compared to the pre-existing Content

ID database of reference files, how reference files are matched to videos uploads, how matches are shown to Content ID partners, the manual review process, what data YouTube stores and tracks, past and present policies and procedures applicable to the matching process, the accuracy of Content ID's matching process, and the impact of additional reference files on the accuracy of Content ID's matching process.

    b. TOPIC NO. 2: YouTube's Repeat Infringer policies, including past and present policies and procedures concerning Copyright Strikes, suspensions, terminations, your decision not to award Copyright Strikes to users that post videos that are matched through Content ID and the Copyright Match Tool, your past and present practices and abilities to identify and track Repeat Infringers, any databases associated with Repeat Infringers or Copyright Strikes, and any changes or proposed changes thereto.

    c. TOPIC NO. 3: YouTube's internal copyright management policies, including the policies and procedures followed by the "Copyright Knights" team regarding copyright strikes, repeat infringers, Content ID matches, claims, and blocks, and the monitoring, discipline, suspension or removal of channels or Repeat Infringers from the YouTube platform as a result of either Copyright Strikes or Content ID matches.

    d. TOPIC NO. 4: Your past and present policies and procedures concerning Watch Next or Autoplay, including its operation, development, algorithms, databases, costs, and revenues, and its interaction with other tools that serve videos to users, such as Recommended Videos.

    e. TOPIC NO. 5: Google's direct and indirect revenues and profits from the YouTube platform, including any analyses, discussions, projections, or models of revenue or profit that consider revenue or profit per uploaded video, revenue or profit per video view, revenue or profit derived from Google's ad tech tools for advertisers including Display & Video 360 and Google Ads, revenue generated for videos played as a result of Watch Next or Autoplay. or the impact or potential impact of YouTube's copyright management tools on user traffic and views.

6. Plaintiffs later replaced these five topics with ten new topics in a revised 30(b)(6) notice. This corporate deposition notice was in addition to the nine (later ten) individual depositions that Plaintiffs sought, including one Plaintiffs canceled the night before it was scheduled to begin. Defendants have sought to accommodate Plaintiffs' requests by having individuals whose depositions are already noticed serve as corporate designees where possible. But Plaintiffs' 30(b)(6) topics required several more designees whose individual depositions are not scheduled. At no point have Defendants suggested that Plaintiffs demanded 19 depositions.

1  Rather, Defendants pointed out that in accordance with the Court's Standing Order on corporate
2  depositions, Plaintiffs should limit the designees' testimony or drop individual witnesses to avoid
3  exceeding their deposition limit of ten.

4        7.      Defendants served amended initial disclosures on June 9, 2022. Plaintiffs
5  requested and have scheduled within the current discovery period depositions for two of the three
6  new witnesses identified in Defendants' amended initial disclosures.

7        8.      On at least six different occasions, Defendants have offered, subject to the Court's
8  approval, to extend the time for taking depositions in this case. Plaintiffs have ignored or refused
9  those offers. Nevertheless, despite the narrow deposition window that Plaintiffs created,
10 Defendants have offered dates for all of the witnesses demanded for deposition, including all
11 corporate designees within the current schedule and before the discovery cut-off. We learned
12 today that one witness has fallen ill just before her scheduled deposition on Wednesday.
13 Defendants will promptly reschedule that deposition once we know more about her availability.

**Plaintiffs' Delay In Providing Discovery**

15       9.      Defendants immediately sought discovery from Plaintiffs Uniglobe
16 Entertainment, LLC and AST Publishing, LTD after they joined the case via the First Amended
17 Complaint filed on November 17, 2021. A week later, on November 24, Defendants served
18 requests for production of documents on the two new plaintiffs. Plaintiff AST waited seven
19 months, until June 1, 2022, to produce a single document, when it produced fewer than 200
20 heavily-redacted and illegible documents in Russian. Plaintiff Uniglobe made its first document
21 production in February, but waited until last week, on June 21, 2022 (two weeks before the
22 discovery cut-off to produce nearly half of its total document production.

23       10.     Defendants served a set of interrogatories on each of the Plaintiffs on April 29,
24 2022. In their responses of May 31, 2022, despite the looming discovery cutoff, Plaintiffs
25 objected to many of the interrogatories as "premature" contention interrogatories, and failed to
26 provide substantive responses.

27

28

11. As for depositions of Plaintiffs, anticipating complications with Plaintiffs' reliance on individuals located in Russia, Defendants asked whether Plaintiffs would accept service of subpoenas for those individuals on February 3, 2022, with five months still remaining in discovery. Plaintiffs waited over three months—until May 16, 2022—to respond, and then waited another five weeks, until June 20, 2022, to inform defendants that the witnesses and Plaintiff AST could only be made available for deposition in the United Arab Emirates for a three-day period over the July 4th weekend. Defendants have offered to stipulate to depose AST and its witnesses on a date when they can be made available in the United States, but Plaintiffs have not responded to that request. Nor have Plaintiffs indicated whether these Russia-located witnesses could be produced within the 45-day extension period Plaintiffs seek.

I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct and that this declaration is executed the 27th day of June, 2022 in Palo Alto, California.

          */s/ David H. Kramer*
          DAVID H. KRAMER