KOREIN TILLERY
*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Carol O'Keefe
COKeefe@KoreinTillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

June 28, 2022

VIA ECF
Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:**   *Schneider et al v. YouTube, LLC et al.*, Case No. 3:20-cv-4423-JD (N.D. Cal.)

Dear Judge Donato:

We represent Plaintiffs and the putative class in the above captioned matter. We respectfully submit this letter motion to compel Defendants to engage in standard discovery practices regarding outstanding RFPs.  To date, Defendants have largely refused to provide Plaintiffs with relevant internal communications.  Plaintiffs have been forced to proceed with depositions without responsive documents from deponents' custodial files.  Plaintiffs further request that the Court order previous depositions re-opened for questioning regarding belatedly produced documents.  We certify the parties have met and conferred on the issues raised herein.

**I.   Summary of Document Discovery.**

To date, Plaintiffs have served 131 Requests for Production ("RFPs"). In response, Defendants have produced a total of 14,234 documents. Within those 14,234 documents, YouTube has produced a grand total of 255 internal emails.[1]  Of the 255 produced internal emails, 178 were apparently produced because they mention one of the original named Plaintiffs, the only category of documents for which Defendants agreed to run search terms.  However, a mere search for documents that contain the names of the original Plaintiffs comes nowhere near to meeting Defendants' discovery obligations.  Defendants are withholding communications regarding, for example, the amount of infringement on YouTube, their Autoplay feature, and their obligations to preserve copyright management information under the DMCA.

Moreover, in initial disclosures amended on June 9, 2022, Defendants identified nine individuals affiliated with Defendants as those likely to possess relevant information.  For seven of those individuals, Defendants have failed to provide *any* documents with metadata identifying

---

[1] Encompassing emails where either the "google.com" or "youtube.com" domain populates both the "email from" and "email to" data fields and excluding messages where outside parties were copied.

them as custodian, as shown in the chart below. Simply put, it appears that Defendants have failed to run custodial searches for the majority of employees they have identified as potential witnesses.

An internal organizational chart notes that there are several thousand YouTube employees and thirty-nine members of the "YouTube Leadership Team." *See* GOOG-SCHNDR-00043665. Based on the number of YouTube employees alone, it is unlikely that there are only 255 responsive internal e-mails within Defendants' possession. Defendants should be required to search for and produce responsive documents.

| Individual | Topics from Amended Initial Disclosure | Custodial Documents Produced |
|---|---|---|
| David Rosenstein | Operation of the YouTube service; YouTube's terms and policies governing the use of its service; development, operation, and functionality of YouTube's Content ID technology; YouTube's guidelines for the use of Content ID. | 0 |
| Fabio Magagna | Development, operation, and functionality of YouTube's Content ID technology; YouTube's guidelines for the use of Content ID. | 0 |
| Julian Bill | Development, operation, and functionality of YouTube's Content ID technology; YouTube's guidelines for the use of Content ID. | 0 |
| Lucas Pollack | Development, operation, and functionality of YouTube's Content ID technology; YouTube's guidelines for the use of Content ID. | 0 |
| Thierry Foucu | YouTube's transcoding of user videos. | 0 |
| Joanne Suk | YouTube's content licensing agreements and partnerships, including for the works in suit. | 0 |
| Sherry Vlahos | Portion of counterclaimants' damages claim under §512(f) for attorneys' fees incurred in this litigation to address Counterclaim Defendants' misconduct. | 0 |
| Alex Holz | YouTube's content licensing agreements and partnerships, including for the works in suit. | 155 |
| Kevin Zhu | YouTube's Digital Millennium Copyright Act (DMCA) takedown policies and procedures; YouTube's repeat infringer policy, and its enforcement of that policy; YouTube's receipt of, and response to, DMCA takedown requests submitted to YouTube by Plaintiffs; Plaintiffs' use of YouTube; videos uploaded to YouTube's service by Plaintiffs; resources that YouTube makes available to copyright owners to request the removal of allegedly infringing content. | 56 |

## II. Defendants have failed to run search terms for relevant custodians.

Defendants have refused to identify custodians and run relevant search terms (apart from searches for the named Plaintiffs) despite Plaintiffs' repeated requests throughout the meet and confer process. The following chart summarizes RFPs for which Plaintiffs have expressly requested the use of search terms on internal communications.[2]

| RFP No. | Subject of RFP | Date and Source of Requests for Searches |
|---|---|---|
| 23(d) | Revenue generated by Content ID monetization | 12/8/2021 Ltr. from Blaisdell to Richlin |
| 37 | The Copyright Match Tool | 9/20/2021 Ltr. from Blaisdell to Richlin |
| 43-45 | Autoplay | 7/2/2021 Ltr. from Korologos to Kramer |
| 66(d) and 67(c) | Fair use | 12/31/2021 Ltr. from Korologos to Richlin<br>2/7/2022 Ltr. from Blaisdell to Richlin |
| 88 | The amount of infringing material on the YouTube platform | 7/26/2021 and 7/30/2021 calls<br>8/17/2021 Ltr. from Blaisdell to Hartman<br>10/1/ 2021 Ltr. from Blaisdell to Hartman<br>1/28/2022 Ltr. from Korologos to Richlin |
| 95 | Defendants' obligations under DMCA §1202 | 3/7/2022 Ltr. from O'Keefe to Rees |
| 96, 99, 100, and 101 | Defendants' knowledge, treatment, consideration, or use of metadata CMI | 1/27/2022 Ltr. from O'Keefe to Rees |

## III. Defendants should be obliged produce responsive documents for all deponents.

Discovery is scheduled to conclude in one week. Plaintiffs have been forced to schedule and take depositions of nine witnesses, several of whom are identified in or copied on only a handful of documents in Defendants' entire production.[3] Plaintiffs respectfully request that Defendants be ordered to run search terms on internal communications and custodial documents for all noticed deponents, all deponents designated for 30(b)(6) depositions, and all other relevant custodians, and to supplement their productions at least 3 business days in advance of the noticed depositions. If Defendants cannot produce the requested relevant material in a timely manner, Plaintiffs respectfully request that the Court grant Plaintiffs' request for an extension of the discovery period and order depositions re-opened for newly produced documents.

---

[2] RFPs 23, 37, 43, 44, 45, 66, 67 are attached as Exhibit A; the responses thereto are attached as Exhibit B. RFPs 88, 95, 96, 99, 100, 101 are attached as Exhibit C; the responses thereto are attached as Exhibit D.

[3] Searches for the full names of the following noticed deponents or designees hit on 10 or fewer documents: Amy Wu, Cristos Goodrow, Brad Froehle, Julian Bill, and Pierce Stacy.

Honorable James Donato
June 28, 2022
Page 4

Sincerely,

*Carol O'Keefe (signature)*

Carol O'Keefe