# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated; | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.; | )<br>)<br>) |
| Defendants. | )<br>) |

Case Number: 3:20-cv-04423-JD

**PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Maria Schneider and Pirate Monitor LTD ("Pirate Monitor"), by their attorneys Boies Schiller Flexner LLP and Korein Tillery, LLC, request that Defendants, YouTube, LLC ("YouTube") and Google LLC ("Google") respond to the following document requests (the "Requests") within thirty days of service and produce responsive documents, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## **DEFINITIONS**

1.      The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure, unless otherwise stated.  All definitions herein include both the singular and plural.

2.      "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise

be construed to be outside of its scope.

3.     "Account Monetization Program" means any program by which Users receive compensation on YouTube, Including the YouTube Partner Program.

4.     "Answer" means the Defendants' answer filed on September 21, 2020.

5.     "AutoPlay Feature" means Your system that queues subsequent videos to play sequentially, Including the system described in Paragraph 37 of the Complaint.

6.     "CMI Video" means a video containing CMI at the time the User initiated the upload of the video to Your platform.

7.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

8.     "Complaint" means the complaint filed by Plaintiffs against Defendants on July 2, 2020.

9.     "Concerning" means relating to, referring to, describing, evidencing or constituting.

10.    "Content ID System" means Your copyright management tool described throughout the Complaint, Including at Paragraphs 2, 8, 9, 10, and 12.

11.    "Copyright Management Information" or "CMI" has the meaning it has under 17 U.S.C. § 1202.

12.    "Copyright Strike" means the strike issued by You to a User following a Takedown Notice.

13.    "Counterclaims" means the counterclaims filed by Defendants Google and YouTube on September 21, 2020.

14.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and includes Communications. A draft or non-identical copy is a separate Document within the meaning of this term.

15.    "Fair Use" has the meaning it has under 17 U.S.C. § 107.

16.    "ID3 Tags" means the metadata container used in conjunction with audio files,

Including MP3 files and includes ID3v1 and ID3v2 tags.

17. "Including" or "includes" means including without limitation.

18. "ISRC" means the International Standard Recording Code.

19. "ISWC" means the International Standard Musical Work Code.

20. "Lawsuit" means the case filed by Plaintiff against Defendants in the United States District Court for the Northern District of California, number 20-cv-04423.

21. "Metadata" means any information attached to, embedded in, or a part of a digital video file that provides information Concerning that file, Including CMI and Tags.

22. "Unsuccessful Takedown Notice" means a Takedown Notice that is not a Successful Takedown Notice.

23. "Unsuccessful Takedown Notice Video" means any video uploaded to Your platform subsequent to the date that an Unsuccessful Takedown Notice was submitted that is not the subject of the Unsuccessful Takedown Notice but that used the work or works that were the subject of an Unsuccessful Takedown Notice in whole or in part, either by reproducing them or performing them.

24. "Person" means any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

25. "Pirate Monitor" means Plaintiff Pirate Monitor LTD and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

26. "Pirate Monitor Infringing Videos" means any video uploaded to Your platform that uses any of the Pirate Monitor Works in whole or in part, either by reproducing them or performing them.

27. "Pirate Monitor Works" means any works to which Pirate Monitor holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 65 of the Complaint.

28. "Performance Rights Organizations" means any organization that collects royalties on behalf of copyright owners and includes but is not limited to Broadcast Music, Inc. ("BMI"), the American Society of Composers, Authors, and Publishers ("ASCAP"), the Society of European Stage Authors and Composers ("SESAC"), and the American Music Rights Association ("AMRA").

29. "Plaintiffs" means Schneider and Pirate Monitor.

30. "Red Flag Knowledge" means Your subjective awareness of facts that would have made copyright infringement objectively obvious to a reasonable person.

31. "Removed Takedown Notice Video" means a video posted to Your platform that was removed, deleted, or no longer displayed because of a Takedown Notice.

32. "Removed Takedown Notice Video Re-upload" means a video that is substantively identical to a Removed Takedown Notice Video or contains the portion or aspect of the removed Takedown Notice Video that was the target of a Successful Takedown Notice.

33. "Repeat Infringer" has the meaning it has under 17 U.S.C. § 512(i).

34. "Response to Counterclaims" means Plaintiff Pirate Monitor's Rule 12 motion and/or responsive pleading filed in response to Defendants' Counterclaims.

35. "Schneider" means Plaintiff Maria Schneider and all agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, advisors, and any other Person acting on her behalf.

36. "Schneider Infringing Videos" means any video uploaded to Your platform that uses any of the Schneider Works in whole or in part, either by reproducing them or performing them.

37. "Schneider Works" means any works to which Schneider holds or has held since January 1, 2005 exclusive copyrights, Including the works identified in Paragraph 60 of the Complaint.

38. "Tags" are descriptive keywords Users add to a video to help viewers find content.

39. "Takedown Notice" means a request submitted via Your online platform, by email, or in any other way that seeks to have content of any kind removed, deleted, or no longer displayed

because the content contains copyrighted material that has been posted or is being displayed without a license or permission.

40.    "User" means a user of Your YouTube platform.

41.    "Successful Takedown Notice" means a Takedown Notice that resulted in a Removed Takedown Notice Video or that You otherwise determined set forth a meritorious claim that copyrighted material has been posted or is being displayed without a license or permission.

42.    "Successful Takedown Notice Video" means any video uploaded to Your platform subsequent to the date that a Successful Takedown Notice was submitted that used the work or works that were the subject of a Successful Takedown Notice in whole or in part, either by reproducing them or performing them.

43.    The terms "You," "Your," and "Yourself" mean Defendants YouTube and Google and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

44.    "YouTube Partner Program" means the program launched in 2007 that uses AdSense to monetize content posted by Users.

**INSTRUCTIONS**

1.      These Instructions incorporate by reference any instructions set forth in the Local Rules of the United States District Court of the Northern District of California and the Federal Rules of Civil Procedure and the instructions contained in the Standing Order for Discovery in Civil Cases before Judge Donato.

2.      The Documents covered by these requests include all Documents in Your possession, custody, or control.

3.      Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

4.      You shall produce all Documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the Documents to correspond to the categories of the Requests.  A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the Document in addition to the Document itself.

5.      The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

6.      If any responsive Document was, but is no longer in Your possession or subject to Your control, state whether it is (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

7.      The obligation to respond to these Requests is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  If at any time after responding to these Requests You discover additional responsive Documents that will make Your responses to these Requests more complete or correct, amend Your responses and produce such responsive Documents as soon as reasonably possible.

8.      Unless otherwise specified, these Requests seek Documents from January 1, 2015 to the present.

1  being viewed; (2) monetizing a video by running ads against it; and (3) tracking the

2  video's viewership statistics.

3      g)  The number of times that You have determined a Person or User has attempted to

4          access Content ID to "improperly censor videos," as alleged in Paragraph 15 of

5          Your Counterclaims.

6      h)  The number of times that You have determined a Person or User has attempted to

7          "claim ownership rights in others' content," as alleged in Paragraph 15 of Your

8          Counterclaims.

9  **REQUEST NO. 20**

10      Documents sufficient to identify each User that either attempted to upload a video but was

11  prevented from doing so by operation of the Content ID System or uploaded a video that was

12  subsequently deleted or removed by operation of the Content ID System, Including the User's

13  name, username, email address, IP address, affiliation, any other unique identifier used internally

14  by YouTube or Google tied to a User, when the User attempted to upload a video or had a video

15  deleted or removed (including each video if there is more than one for each User), whether the

16  User was enrolled in the Account Monetization Program and/or the YouTube Partner Program,

17  and the copyrighted work that was detected by the Content ID System.

18  **REQUEST NO. 21**

19      All Documents Concerning the Content ID System's processes for identifying matches for

20  copyrighted works and recognizing third party performances of copyrighted works, Including any

21  changes to the processes, any evaluations of the efficacy or accuracy of the processes, and any

22  complaints or comments Concerning the efficacy or accuracy of the processes.

23  **REQUEST NO. 22**

24      All procedures, criteria, manuals, logic Documents, terms of service, guidelines, or policy

25  Documents Concerning the Content ID System, Including all Documents Concerning the policies

26  and any changes in policies Concerning access to the Content ID System.

27  **REQUEST NO. 23**

28      All Documents Concerning the following issues related to Your Content ID System:

a) Oversight of the Content ID System by United States or international regulators, lawmakers, or public officials;

b) Changes to the Content ID System, Including the reasons for any changes and the effects of changes on Your revenue;

c) Changes to any policies or procedures applicable to the Content ID System, Including the reasons for any changes and the effects of changes on Your revenue;

d) Revenue for videos containing copyrighted material, Including revenue received by You, compensation paid to the User that posts a video containing copyrighted material, and compensation paid to the owner(s) of the copyrighted materials;

e) the cost to YouTube or Google of developing and administering the Content ID System;

f) Contracts that govern the relationship between You and any participant in the Content ID System.

**REQUEST NO. 24**

All Documents from Your customer case management systems related to Content ID, Takedown Notices, or any other allegation, investigation, or policing of copyright infringement.

**REQUEST NO. 25**

All Documents Concerning Article 13 of the EU Copyright Directive's impact on Your Content ID System and Your efforts to understand and comply with it.

**REQUEST NO. 26**

Communications with or notices provided by You to Users informing them that they have accumulated: one video uploaded by the User that was identified in the Content ID System as containing copyright protected work; two videos uploaded by the User that were identified in the Content ID System as containing copyright protected work; three videos uploaded by the User that were identified in the Content ID System as containing copyright protected work; more than three videos uploaded by the User that were identified in the Content ID System as containing copyright protected work.

f.   For each Unsuccessful Takedown Notice Video, whether the video was subject to a Takedown Notice, the response, if any, by the User posting the video, and the ultimate determination of the Takedown Notice.

**REQUEST NO. 37**

All Documents Concerning the following issues related to Your Copyright Match Tool:

a)   Changes to the Copyright Match Tool, Including the reasons for any changes and the effects of changes on Your revenue;

b)   Procedures, criteria, manuals, logic Documents, terms of service, guidelines, or policy Documents Concerning the Copyright Match Tool, Including all Documents Concerning the policies and any changes in policies Concerning access to the Copyright Match Tool;

c)   Changes to any policies or procedures applicable to the Copyright Match Tool, Including the reasons for any changes and the effects of changes on Your revenue;

d)   Determinations of which Users or categories of Users are allowed to use the Copyright Match Tool, Including all Communications Concerning the decision to restrict access to members of the YouTube Partner Program;

e)   The Copyright Match Tool's processes for identifying matches for copyrighted works, Including any changes to the processes, any evaluations of the efficacy or accuracy of the processes, and any complaints or comments Concerning the efficacy or accuracy of the processes.

**REQUEST NO. 38**

All Documents Concerning Copyright Strikes, Including the policies and procedures applicable to Copyright Strikes, any changes to those policies or procedures and the reasons for such changes.

**REQUEST NO. 39**

Communications provided by You to Users who have accumulated: one active copyright strike; two active copyright strikes; three active copyright strikes; three or more copyright strikes, Including expired copyright strikes.

**REQUEST NO. 40**

All Documents Concerning the Content Verification program, Including the policies and procedures applicable to Content Verification, any changes to those policies or procedures and the reasons for such changes, the criteria for admission to the Content Verification program, and the criteria for cancellation or suspension of access to the Content Verification program.

**REQUEST NO. 41**

All Documents Concerning any procedures or means of raising challenges to copyright infringement other than through the Content ID System or via Takedown Notices.

**REQUEST NO. 42**

Documents sufficient to show Your formula for determining net revenue under the Account Monetization Program, Including any changes to that formula over time, the reasons for such changes, and the effect of such changes on Your revenue and the amount paid to Users and owners of copyright holders.

**REQUEST NO. 43**

Documents sufficient to show the following information Concerning the AutoPlay Feature for each month since the AutoPlay Feature was launched:

     a)  The number of times the Schneider Infringing Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;

     b)  The number of times the Pirate Monitor Infringing Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;

     c)  The number of times the Removed Takedown Notice Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;

     d)  The number of times the Removed Takedown Notice Video Re-uploads have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;

    e)   The number of times the Successful Takedown Notice Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;

    f)   The number of times the Unsuccessful Takedown Notice Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;

    g)   The number of times videos subject to the Account Monetization Program were added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue; and

    h)   The number of times videos not subject to the Account Monetization Program were added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue.

## REQUEST NO. 44

All Documents describing the Autoplay Feature, Including changes to how the AutoPlay Feature works and implementation of the AutoPlay Feature.

## REQUEST NO. 45

All Documents Concerning the following issues related to the AutoPlay Feature:

    a)   Changes to any policies or procedures applicable to the AutoPlay Feature, Including the reasons for such changes;

    b)   Any tools, features, or settings available to users with access to the Content ID System that affect any function of the AutoPlay Feature;

    c)   Any tools, features, or settings available to users in the Account Monetization Program or YouTube Partner Program that affect any function of the AutoPlay Feature;

    d)   The effect if any of Your receipt of a Takedown Notice on any function of the AutoPlay Feature.

infringement; Fair Use; Takedown Notices; the Content ID System; the Account Monetization Program; the YouTube Partner Program; the Account Monetization Program; the AutoPlay Feature; Repeat Infringers; and Copyright Management Information.

**REQUEST NO. 62**

All Documents produced by You or to You in response to any subpoena Concerning any of the alleged facts in the Complaint, the Answer, and Counterclaims, the Response to Counterclaims, or any statement of fact contained in any other document filed in this Lawsuit, Including Concerning the following topics: enforcement of copyright infringement; Fair Use; Takedown Notices; the Content ID System; the Account Monetization Program; the YouTube Partner Program; the Account Monetization Program; the AutoPlay Feature; Repeat Infringers; and Copyright Management Information.

**REQUEST NO. 63**

All Documents Concerning the damages Defendants have requested in the Counterclaims.

**REQUEST NO. 64**

All Communications with any media or social media outlet You have had Concerning the Complaint or any of the alleged facts in the Complaint, the Answer, and Counterclaims, the Response to Counterclaims, or any statement of fact contained in any other document filed in this Lawsuit, Including Concerning the following topics: enforcement of copyright infringement; Fair Use; Takedown Notices; the Content ID System; the Account Monetization Program; the YouTube Partner Program; the Account Monetization Program; the AutoPlay Feature; Repeat Infringers; and Copyright Management Information.

**REQUEST NO. 65**

All Documents Concerning Your participation in any matter or proceeding Concerning copyright infringement by or involving Your Users.

**REQUEST NO. 66**

All Documents Concerning the following issues related to Fair Use:

   a) Policies and procedures applicable to Fair Use, Including any changes to those policies and procedures;

b) Any instances in which You have paid or reimbursed all or some of the defense costs in a lawsuit or other proceeding Concerning Fair Use;

c) Any efforts to create a filter for rejecting false or inadequate claims of Fair Use;

d) Discussion of Users who have invoked Fair Use in response to an allegation of copyright infringement;

e) Your efforts to inform Users of Your policies and procedures applicable to Fair Use.

## REQUEST NO. 67

Documents sufficient to show the following information Concerning Fair Use for each month since the Content ID System was launched:

a) The total number of Users who have invoked Fair Use in response to an allegation of copyright infringement;

b) The number of videos for which a User has invoked Fair Use in response to an allegation of copyright infringement;

c) Your determination about how many claims by Users who have invoked Fair Use meet the applicable criteria for Fair Use;

d) The total number of videos removed from Your platform posted by Users who have invoked Fair Use;

e) The total number of Copyright Strikes issued to Users who have invoked Fair Use.

## REQUEST NO. 68

All Documents Concerning Your negotiations with any Performance Rights Organization, Including the contracts between you and any Performance Rights Organization and Documents Concerning the Content ID System, how revenue is shared with copyright holders, and Copyright Management Information.

## REQUEST NO. 69

All Document or data retention policies applying to or Concerning the following:

a) Takedown Notices;

b) The Content ID System;

**REQUEST NO. 77**

        All Documents Concerning any insurance policies relevant to this action, Including the policy through IMI Assurance Inc. identified in Your Initial Disclosures.

DATED:      New York, New York

              October 28, 2020

                    By:         */s/ Joshua Irwin Schiller*

                                George A. Zelcs *(pro hac vice)*
                                Randall P. Ewing, Jr. *(pro hac vice)*
                                Ryan Z. Cortazar *(pro hac vice)*
                                **KOREIN TILLERY, LLC**
                                205 North Michigan, Suite 1950
                                Chicago, IL  60601
                                Telephone: (312) 641-9750
                                Facsimile: (312) 641-9751

                                Stephen M. Tillery (*pro hac vice*)
                                Steven M. Berezney, CA Bar #329923
                                Michael E. Klenov, CA Bar #277028
                                Carol O'Keefe *(pro hac vice)*
                                **KOREIN TILLERY, LLC**
                                505 North 7th Street, Suite 3600
                                St. Louis, MO  63101
                                Telephone: (314) 241-4844
                                Facsimile: (314) 241-3525

                                Joshua Irwin Schiller, CA Bar #330653
                                **BOIES SCHILLER FLEXNER LLP**
                                44 Montgomery St., 41st Floor
                                San Francisco, CA  94104
                                Phone: (415) 293-6800
                                Fax: (415) 293-6899

                                Philip C. Korologos *(pro hac vice)*
                                Joanna C. Wright *(pro hac vice)*
                                **BOIES SCHILLER FLEXNER LLP**
                                55 Hudson Yards, 20th Floor
                                New York, NY  10001
                                Phone: (212) 446-2300
                                Fax: (212) 446-2350

*Attorneys for Maria Schneider and
Pirate Monitor LTD*

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record were served by email on October 28, 2020:

DAVID H. KRAMER
dkramer@wsgr.com
MAURA L. REES
mrees@wsgr.com
LAUREN GALLO WHITE
lwhite@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

*Attorneys for Defendants and Counterclaimants*
YOUTUBE, LLC and GOOGLE LLC


*/s/ Demetri Blaisdell*
Demetri Blaisdell