# EXHIBIT B

DAVID H. KRAMER, State Bar No. 168452
MAURA L. REES, State Bar No. 191698
LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:   (650) 565-5100
Email:  dkramer@wsgr.com
          mrees@wsgr.com
          lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Facsimile:   (212) 999-5801
Email:  bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>        Defendants.<br>_____<br>YOUTUBE, LLC and GOOGLE LLC,<br><br>        Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD,<br><br>        Counterclaim Defendant.<br>_____ | CASE NO.:  3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**<br><br>Judge:  Hon. James Donato |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United States District Court for the Northern District of California, Defendants and Counterclaimants YouTube, LLC and Google LLC (collectively, "Defendants") hereby respond to Plaintiff Maria Schneider's and Plaintiff and Counterclaim-defendant Pirate Monitor LTC's (collectively, "Plaintiffs") First Set of Requests for Production ("Requests") as follows:

## PRELIMINARY STATEMENT

The following responses are provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, and propriety) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.

In addition, all responses to the Requests are based upon the information presently known to Defendants, and Defendants expressly reserve the right to revise and supplement their responses to the Requests. A response to a Request shall not be deemed a waiver of any applicable objection or an admission of relevancy.

To the extent the Requests would require the production of information that implicates the personal privacy interests of individual employees or agents and/or of third parties of Defendants, the parties need to implement appropriate protections for personal privacy before Defendants will produce any materials responsive to the Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     As a threshold matter, Plaintiffs' prolix Definitions, much like the Complaint, are replete with unsubstantiated assumptions and improper advocacy. Their byzantine structure, vagueness, and overbreadth render interpreting the Requests themselves (let alone drafting responses) an unduly burdensome effort that is disproportionate to the needs of this case.

2.     Defendants object to the definition of "Account Monetization Program" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "program" and "compensation." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the

parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, the "Account Monetization Program" will be defined as the five monetization features ("Advertising revenue," "Channel memberships," Merchandise shelf," "Super Chat & Super Stickers," and "YouTube Premium Revenue") that enable some users to make money on YouTube. *See* "How to earn money on YouTube," https://support.google.com/youtube/answer/72857?hl=en.

3.     Defendants object to the definition of "AutoPlay Feature" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "queues." Plaintiffs' "description" in Paragraph 37 of the Complaint provides no more clarity, as it merely parrots the vague and ambiguous definition provided in these Requests. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

4.     Defendants object to the definition of "CMI Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "CMI," "containing," and "initiated." Defendants further object to this definition as overly broad and unduly burdensome to the extent it requires Defendants to collect information relating to every video uploaded to YouTube, regardless of their relevance to the parties' claims or defenses in this case.

5.     Defendants object to the definition of "Communication" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

6.     Defendants object to the definition of "Concerning" as vague and ambiguous. In particular, the term is vague and ambiguous in its use of the undefined terms "relating,"

"referring," "describing," "evidencing," and "construing." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

7.      Defendants object to the definition of "Content ID System" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "YOUR copyright management tool." Defendants have created and made available many tools for protecting the copyrights of others. Defendants further object to Plaintiffs' descriptions in Paragraphs 2, 8, 9, 10, and 12 of the Complaint as inaccurate in their characterization of Content ID. Defendants specifically object to Plaintiffs' characterization of Content ID as being "completely divorced" from YouTube, LLC's repeat-infringer policy. *See* Compl. ¶ 12. For purposes of responding to the Requests, the "Content ID System" will be defined as a tool YouTube provides to certain users for the purpose of managing copyrighted works that scans videos uploaded to YouTube and compares them against reference files previously provided to YouTube by copyright owners. *See* "How Content ID works," https://support.google.com/youtube/answer/2797370?hl=en.

8.      Defendants object to the definition of "Copyright Strike" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "following a Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, "Copyright Strike" will be defined as the warning that a user receives when YouTube has removed the user's video from the YouTube service because a copyright owner submitted to YouTube a complete and valid legal request asking YouTube to do so. *See* "Copyright strike basics," https://support.google.com/youtube/answer/2814000?hl=en.

9.      Defendants object to the definition of "Document" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

10.     Defendants object to the definition of "ID3 Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "metadata container," "audio files," and "ID3v1 and ID3v2 tags."

11.     Defendants object to the definition of "Metadata" as overly broad (especially insofar as it encompasses "any information"), vague, and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases "attached to," "embedded in," "part of," and "provides information."

12.     Defendants object to the definition of "Unsuccessful Takedown Notice" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the term "Successful Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

13.     Defendants object to the definition of "Unsuccessful Takedown Notice Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "submitted," "Unsuccessful Takedown Notice," "used," "reproducing," and "performing." The definition is further vague and ambiguous in its use of the phrase "were the subject of." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses

information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

14.     Defendants object to the definition of "Pirate Monitor" as overly broad, vague and ambiguous, and unduly burdensome. In particular, the definition is overly broad because it encompasses "present or former … agents, representatives … investigators … advisors, and any other person acting on its behalf." For purposes of responding to the Requests, "Pirate Monitor" will be defined as Pirate Monitor LTD and those authorized agents and employees known or believed to be acting on its behalf and within the scope of their agency or employment.

15.     Defendants object to the definition of "Pirate Monitor Infringing Videos" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "uses," "Pirate Monitor Works," "reproducing," and "performing." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed under the Copyright Act. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. Moreover, Defendants object that this term is meaningless and untimely because Plaintiffs have failed to identify any allegedly infringing content in their Complaint or in discovery, including but not limited to, in response to Defendants' Interrogatory No. 2.

16.     Defendants object to the definition of "Pirate Monitor Works" as vague and ambiguous. In particular, Defendants object that the definition is vague and ambiguous in its use of the term "exclusive copyrights." Defendants object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether Plaintiff and Counterclaim-defendant Pirate Monitor LTD holds "exclusive copyrights" in any works. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses (especially insofar as it

encompasses works not identified by Plaintiff and Counterclaim-defendant Pirate Monitor LTD as Works In Suit and/or United States works not timely registered with the United States Copyright Office) and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of these responses, Defendants will interpret "Pirate Monitor Works" to be limited to the Works In Suit identified in response to Defendants' Interrogatory No. 1.

17.     Defendants object to the definition of "Performance Rights Organizations" as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

18.     Defendants object to the definition of "Red Flag Knowledge" as calling for a legal conclusion. Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

19.     Defendants object to the definition of "Removed Takedown Notice Video" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "Your platform" and the phrases "was removed, deleted, or no longer displayed" and "because of." Defendants also object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

20.     Defendants object to the definition of "Removed Takedown Notice Re-upload" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "substantively identical," "aspect," "removed Takedown Notice Video,"

"target," and "Successful Takedown Notice." Defendants also object that this definition encompasses documents concerning works that have not been identified as Work In Suit. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

21.     Defendants object to the definition of "Repeat Infringer" to the extent it calls for a legal conclusion. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

22.     Defendants object to the definition of "Schneider" as overly broad, vague and ambiguous, and unduly burdensome. In particular, the definition is overly broad because it encompasses "all agents, representatives … investigators … advisors, and any other person acting on her behalf." For purposes of responding to the Requests, "Schneider" will be defined as Maria Schneider and persons known or believed to be acting on her behalf .

23.     Defendants object to the definition of "Schneider Infringing Videos" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "Your platform," "uses," "Schneider Works," "reproducing," and "performing." Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been reproduced or performed under the Copyright Act. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. Moreover, Defendants object that this term is meaningless and untimely because Plaintiffs have failed to identify any allegedly infringing content in their Complaint or in discovery, including but not limited to, in response to Defendants' Interrogatory No. 2.

24.     Defendants object to the definition of "Schneider Works" as vague and ambiguous. In particular, Defendants object that the definition is vague and ambiguous in its use of the term "exclusive copyrights." Defendants object that this definition encompasses documents concerning works that have not been identified as Works In Suit. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether Plaintiff Maria Schneider holds "exclusive copyrights" in any works. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses (especially insofar as it encompasses works not identified by Plaintiff Maria Schneider as Works In Suit and/or United States works not timely registered with the United States Copyright Office) and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of these responses, Defendants will interpret "Schneider Works" to be limited to the Works In Suit identified in response to Defendants' Interrogatory No. 1.

25.     Defendants object to the definition of "Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "descriptive keywords" and the phrase "find content."

26.     Defendants object to the definition of "Takedown Notice" as vague, ambiguous, and overly broad. In particular, the definition is vague and ambiguous in its use of the term "request" and the phrases "any other way" and "via Your online platform." Defendants object that the definition is overly broad and unduly burdensome to the extent it extends beyond notices submitted to Defendants. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been posted or displayed without license or permission. Defendants further object to the definition to the extent it encompasses non-written communications that do not satisfy the requirements set forth in 17 U.S.C. § 512(c)(3). For purposes of responding to the Requests, "Takedown Notice" will be defined as notices that are compliant with 17 U.S.C. § 512(c)(3) and have been submitted through YouTube LLC's online form, *see* "Submit a copyright takedown notice,"

1  https://support.google.com/youtube/answer/2807622?hl=en, or to YouTube's designated agent

2  via email, facsimile, or postal mail, *see* "Copyright Contact Information,"

3  https://support.google.com/youtube/answer/6005908?hl=en.

4     27. Defendants object to the term "Successful Takedown Notice" as vague and

5  ambiguous. In particular, the definition is vague and ambiguous in its use of the phrases

6  "resulted in a Removed Takedown Notice Video" and "otherwise determined set forth a

7  meritorious claim." Defendants object to the definition to the extent it calls for a legal

8  conclusion. Defendants also object that this definition encompasses documents concerning works

9  that have not been identified as Works In Suit. Defendants further object to this definition as

10  overly broad and unduly burdensome to the extent it encompasses information not relevant to the

11  parties' claims or defenses and would require Defendants to collect information that is

12  disproportionate to the needs of this case.

13     28. Defendants object to the definition of "Successful Takedown Notice Video" as

14  vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the

15  undefined terms "Your platform," "submitted," "used," and "Successful Takedown Notice." The

16  definition is further vague and ambiguous in its use of the phrase "were the subject of."

17  Defendants also object to the definition to the extent it calls for a legal conclusion as to whether

18  content has been reproduced or performed under the Copyright Act. Defendants also object that

19  this definition encompasses documents concerning works that have not been identified as Works

20  In Suit. Defendants further object to this definition as overly broad and unduly burdensome to

21  the extent it encompasses information not relevant to the parties' claims or defenses and would

22  require Defendants to collect information that is disproportionate to the needs of this case.

23     29. Defendants object to the definition of "You," "Your," and "Yourself" on the

24  grounds that the definition is overbroad, vague and ambiguous, and unduly burdensome.

25  Defendants further object to the definition to the extent it seeks information not currently in the

26  possession, custody, or control of Defendants. Defendants will respond solely on behalf of

27  themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates, or any

28

other person or entity. Defendants further object to the definition on the grounds that it includes Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. For purposes of responding to the Requests, "You," "Your," and "Yourself" will be defined as Google LLC, YouTube, LLC, and those authorized agents and employees acting on its behalf and within the scope of their agency or employment.[1]

30.     Defendants object to the definition of "YouTube Partner Program" as vague and ambiguous. In particular, the term is vague and ambiguous in its use of the phrase "uses AdSense to monetize content posted to Users." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, the "YouTube Partner Program" will be defined as the program that gives YouTube content creators access to YouTube's Creator Support Teams, Copyright Match Tool, and monetization features. *See* "YouTube Partner Program overview & eligibility," https://support.google.com/youtube/answer/72851?hl=en.

31.     Defendants object to the Instructions accompanying Plaintiffs' Requests to the extent that such Instructions purport to impose obligations on Defendants in excess of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, the Standing Order for Discovery in Civil Cases before Judge Donato, or any other applicable law, or to the extent that the Instructions purport to require Defendants to take actions or provide information not required by or which exceed the scope of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the

---

[1] Per the parties' agreement, Defendants will produce otherwise discoverable information that is retained by, owned by, possessed by, or in the control of Alphabet Inc.

1  Northern District of California, the Standing Order for Discovery in Civil Cases before Judge

2  Donato, or any other applicable law.

3      32.     Defendants object to Instruction No. 8 insofar as it calls for information beyond

4  the scope of the three-year statute of limitations applicable to Plaintiffs' claims. *See* 17 U.S.C. §

5  507(b). Defendants will produce reasonably accessible non-privileged documents following an

6  inquiry proportionate to the needs of the case for the three-year period predating the filing of the

7  Complaint.

8          **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

9  **DOCUMENT REQUEST NO. 1:**

10     **All Documents Concerning any of the alleged facts in the Complaint, the Answer,**
   **and Counterclaims, the Response to Counterclaims, or any statement of fact contained in**
11 **any other Document filed in this Lawsuit.**

12 **RESPONSE TO DOCUMENTS REQUEST NO. 1:**

13     Defendants object to this Request on the grounds that it is vague, ambiguous, unduly

14 burdensome, and overly broad (especially insofar as it demands that Defendants produce "[a]ll

15 documents). In particular, Defendants object to the Request because it is vague and ambiguous in

16 its use of the terms "alleged facts" and "statement of fact." Defendants further object that this

17 Request is compound to the extent that it contains multiple sub-parts.

18     Defendants object to the extent that this Request calls for the production of proprietary,

19 confidential, or trade secret information that has little or no connection to the parties' claims and

20 defenses in this action, imposing a further burden on Defendants that is out of line with

21 Plaintiffs' legitimate needs. To the extent this Request seeks materials relating to third parties,

22 Defendants also object on the grounds that this Request calls for the production of materials not

23 relevant to Plaintiffs' claims and for the production of proprietary, confidential, or trade secret

24 documents without the entry of a protective order.

25     Defendants further object that this Request seeks documents concerning works that have

26 not been identified as Works In Suit. In addition, Defendants object to this Request to the extent

27 that it seeks information concerning alleged infringements that Plaintiffs have failed to identify.

28

Defendants also object to this Request as unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" procedures and documents), and not relevant to any party's claim or defense or proportional to the needs of the case.

Defendants further object that this Request is duplicative and cumulative of other discovery Requests. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show YouTube's policies and procedures regarding access to the Content ID tool.

**DOCUMENT REQUEST NO. 23:**

**All Documents Concerning the following issues related to Your Content ID System:**

**a) Oversight of the Content ID System by United States or international regulators, lawmakers, or public officials;**

**b) Changes to the Content ID System, Including the reasons for any changes and the effects of changes on Your revenue;**

**c) Changes to any policies or procedures applicable to the Content ID System, Including the reasons for any changes and the effects of changes on Your revenue;**

**d) Revenue for videos containing copyrighted material, Including revenue received by You, compensation paid to the User that posts a video containing copyrighted material, and compensation paid to the owner(s) of the copyrighted materials;**

**e) the cost to YouTube or Google of developing and administering the Content ID System;**

**f) Contracts that govern the relationship between You and any participant in the Content ID System.**

**RESPONSE TO DOCUMENTS REQUEST NO. 23:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants object that this Request is compound and structurally confusing. Defendants also object to this Request on the grounds that it is vague and ambiguous in its use of the terms "oversight," "international regulators," "lawmakers," "public officials," changes," "effects," applicable," "compensation," "cost," "administering," and "participant." Defendants also object to this Request as unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" documents), and not relevant to any party's claim or defense or proportional to the needs of the case.

Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

Subject to and without waiving any of the foregoing objections, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show ongoing regulatory oversight of Content ID in the United States and the terms governing access to the Content ID tool. To the extent Plaintiff

believes any further response to this Request is necessary, Defendants will meet and confer with

opposing counsel regarding an appropriate scope of information to be produced in response to

this Request.

**DOCUMENT REQUEST NO. 24:**

**All Documents from Your customer case management systems related to Content ID, Takedown Notices, or any other allegation, investigation, or policing of copyright infringement.**

**RESPONSE TO DOCUMENTS REQUEST NO. 24:**

Defendants object to this Request because it calls for the production of materials relevant

to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to

this Request on the grounds that it is vague and ambiguous in its use of the terms "customer case

management systems," "allegation," and "policing." Defendants further object to this Request as

unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all"

documents), and not relevant to any party's claim or defense or proportional to the needs of the

case.

Defendants object that this Request is compound to the extent that it contains multiple

sub-parts. Defendants further object to the extent that this Request calls for the production of

proprietary, confidential, or trade secret information that has little or no connection to the parties'

claims and defenses in this action, imposing a further burden on Defendants that is out of line

with Plaintiff's legitimate needs. Defendants further object that this Request seeks documents

that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

Subject to and without waiving any of the foregoing objections, Defendants will meet and

confer with opposing counsel regarding an appropriate scope of information to be produced in

response to this Request.

**DOCUMENT REQUEST NO. 25:**

**All Documents Concerning Article 13 of the EU Copyright Directive's impact on Your Content ID System and Your efforts to understand and comply with it.**

their relevance to the parties' claims or defenses), and not relevant to any party's claim or defense or proportional to the needs of the case.

In addition, Defendants object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case. To the extent this Request seeks materials relating to third parties, Defendants further object on the grounds that this Request calls for the production of materials not relevant to Plaintiffs' claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

## DOCUMENT REQUEST NO. 37:

**All Documents Concerning the following issues related to Your Copyright Match Tool:**

**a) Changes to the Copyright Match Tool, Including the reasons for any changes and the effects of changes on Your revenue;**

**b) Procedures, criteria, manuals, logic Documents, terms of service, guidelines, or policy Documents Concerning the Copyright Match Tool, Including all Documents Concerning the policies and any changes in policies Concerning access to the Copyright Match Tool;**

**c) Changes to any policies or procedures applicable to the Copyright Match Tool, Including the reasons for any changes and the effects of changes on Your revenue;**

**d) Determinations of which Users or categories of Users are allowed to use the Copyright Match Tool, Including all Communications Concerning the decision to restrict access to members of the YouTube Partner Program;**

**e) The Copyright Match Tool's processes for identifying matches for copyrighted works, Including any changes to the processes, any evaluations of the efficacy or accuracy of the processes, and any complaints or comments Concerning the efficacy or accuracy of the processes.**

**RESPONSE TO DOCUMENTS REQUEST NO. 37:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants object that this Request is compound and structurally confusing. Defendants also object to this Request as vague as ambiguous in its use of the terms "logic Documents," "applicable," "effects," and "process," and "complaints or comments." Defendants also object to this Request on the grounds that it is overly broad and unduly burdensome (especially insofar as it demands that Defendants produce "all" documents), and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show how the Copyright Match Tool works. To the extent Plaintiff believes any further response to this Request is necessary, Defendants refer to their response to Schneider's Interrogatory No. 7 and will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 38:**

**All Documents Concerning Copyright Strikes, Including the policies and procedures applicable to Copyright Strikes, any changes to those policies or procedures and the reasons for such changes.**

**RESPONSE TO DOCUMENTS REQUEST NO. 38:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" documents), and not relevant to any party's claim or defense or proportional to the needs of the case.

Subject to and without waiving any of the foregoing objections, Defendants refer to their response to Schneider's Interrogatory No. 7 and will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 42:**

**Documents sufficient to show Your formula for determining net revenue under the Account Monetization Program, Including any changes to that formula over time, the reasons for such changes, and the effect of such changes on Your revenue and the amount paid to Users and owners of copyright holders.**

**RESPONSE TO DOCUMENTS REQUEST NO. 42:**

Defendants object to this Request as vague and ambiguous in its use of the terms "formula" and "net revenue." Defendants also object to this Request on the grounds that it is overly broad (especially in its use of the term "Account Monetization Program"), and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 43:**

**Documents sufficient to show the following information Concerning the AutoPlay Feature for each month since the AutoPlay Feature was launched:**

**a) The number of times the Schneider Infringing Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;**

**b) The number of times the Pirate Monitor Infringing Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;**

**c) The number of times the Removed Takedown Notice Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after**

being added to a queue;

**d) The number of times the Removed Takedown Notice Video Re-uploads have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;**

**e) The number of times the Successful Takedown Notice Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;**

**f) The number of times the Unsuccessful Takedown Notice Videos have been added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue;**

**g) The number of times videos subject to the Account Monetization Program were added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue; and**

**h) The number of times videos not subject to the Account Monetization Program were added to a queue and, separately, the number of times such videos were viewed by a User after being added to a queue.**

**RESPONSE TO DOCUMENTS REQUEST NO. 43:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to this Request as vague and ambiguous in its use of the terms "AutoPlay Feature," "queue," "Schneider Infringing Videos," "Pirate Monitor Infringing Videos," "Removed Takedown Notice Videos," "Removed Takedown Notice Video Re-uploads," "Successful Takedown Notice Videos," "Unsuccessful Takedown Notice Videos," and "Account Monetization Program." Defendants further object to this Request on the grounds that it is unduly burdensome, overly broad (especially to the extent it demands information related to videos not relevant to this action), and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants further object that this Request is compound and structurally confusing.

Defendants also object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties'

claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Defendants object to this Request because it seeks detailed technical information the aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case. Defendants further object to this Request because it seeks information that Defendants do not collect and/or log in the ordinary course of its business and the production of which is therefore not possible.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 44:**

**All Documents describing the Autoplay Feature, Including changes to how the AutoPlay Feature works and implementation of the AutoPlay Feature.**

**RESPONSE TO DOCUMENTS REQUEST NO. 44:**

Defendants object to this Request as vague and ambiguous in its use of the phrase "implementation of the AutoPlay Feature." Defendants also object to this Request on the grounds that it is overly broad (especially insofar as it demands that Defendants produce "all" all documents), and not relevant to any party's claim or defense or proportional to the needs of the case. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs. Defendants further object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show how the AutoPlay feature on the YouTube platform works.

**DOCUMENT REQUEST NO. 45:**

> **All Documents Concerning the following issues related to the AutoPlay Feature:**
>
> **a) Changes to any policies or procedures applicable to the AutoPlay Feature, Including the reasons for such changes;**
>
> **b) Any tools, features, or settings available to users with access to the Content ID System that affect any function of the AutoPlay Feature;**
>
> **c) Any tools, features, or settings available to users in the Account Monetization Program or YouTube Partner Program that affect any function of the AutoPlay Feature;**
>
> **d) The effect if any of Your receipt of a Takedown Notice on any function of the AutoPlay Feature.**

**RESPONSE TO DOCUMENTS REQUEST NO. 45:**

Defendants object to this Request as vague and ambiguous in its use of the term "AutoPlay Feature" and the phrase "affect any function." Defendants object to this Request on the grounds that it is unduly burdensome, overly broad (especially insofar as it demands that Defendants produce "all" all documents), and not relevant to any party's claim or defense or proportional to the needs of the case.

Even if this Request were relevant to the claims in this action, it still would be improper. Defendants object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants also object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Defendants further object that this Request is compound and structurally confusing. Defendants further object that this Request is duplicative and cumulative of other discovery Requests.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located

through an inquiry proportionate to the needs of the case, if any, that are sufficient to show: how the AutoPlay feature on the YouTube platform works; any tools, features, or settings available to Content ID users that affect the AutoPlay Feature; any tools, features, or settings available to participants in the Account Monetization Program or the YouTube Partner Program that affect the AutoPlay Feature; and the effect, if any, of a Takedown Notice on the AutoPlay Feature.

**DOCUMENT REQUEST NO. 46:**

**Documents sufficient to show the following information for each month since the Content ID System was launched:**

**a) Your revenue, Including the revenue for Google and the revenue for YouTube stated separately;**

**b) The amount of YouTube's revenue that is derived from advertising Concerning videos posted on the platform ("YouTube video advertising revenue");**

**c) The portion of YouTube video advertising revenue that is retained by You, paid out to Users that post videos, and paid out to the owners of copyrighted content.**

**d) The amount of YouTube video advertising revenue that is derived from videos that do not have advertisements.**

**RESPONSE TO DOCUMENTS REQUEST NO. 46:**

Defendants object to this Request as vague and ambiguous in its use of the phrase "video advertising revenue that is derived from videos that do not have advertisements." Defendants further object that this Request is not relevant to any party's claim or defense or proportional to the needs of the case.

Even if this Request were relevant to the claims in this action, it still would be improper. Defendants object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object that this Request is compound and structurally confusing. Defendants also object to the Request to the extent information sought is already in the possession of the Requesting party, or is otherwise equally accessible and available to the Requesting party from other sources (including the public record). To the extent this Request seeks materials relating to third parties, Defendants object on

imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants further object on the grounds that this Request calls for the production of materials not relevant to Plaintiffs' claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 65:**

**All Documents Concerning Your participation in any matter or proceeding Concerning copyright infringement by or involving Your Users.**

**RESPONSE TO DOCUMENTS REQUEST NO. 65:**

Defendants object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad (especially insofar as it demands that Defendants produce "[a]ll" documents). In particular, the Request is vague and ambiguous in its use of the term "participation." Defendants also object that this Request is compound to the extent that it contains multiple sub-parts. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 66:**

**All Documents Concerning the following issues related to Fair Use:**

**a) Policies and procedures applicable to Fair Use, Including any changes to those policies and procedures;**

**b) Any instances in which You have paid or reimbursed all or some of the defense**

**costs in a lawsuit or other proceeding Concerning Fair Use;**

**c) Any efforts to create a filter for rejecting false or inadequate claims of Fair Use;**

**d) Discussion of Users who have invoked Fair Use in response to an allegation of copyright infringement;**

**e) Your efforts to inform Users of Your policies and procedures applicable to Fair Use.**

**RESPONSE TO DOCUMENTS REQUEST NO. 66:**

Defendants object to this Request on the grounds that it is vague, ambiguous, unduly burdensome, and overly broad (especially insofar as it demands that Defendants produce "[a]ll" documents). In particular, the Request is vague and ambiguous in its use of the phrase "paid or reimbursed all or some of the defense costs in a lawsuit or other proceeding Concerning Fair Use." The Request is also vague and ambiguous in its use of the phrase "Discussion of Users who have invoked Fair Use in response to an allegation of copyright infringement." Defendants further object that this request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

Defendants also object that this Request is compound and structurally confusing. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third parties, Defendants further object on the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims and for the production of proprietary, confidential, or trade secret documents without the entry of a protective order.

In addition, Defendants object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to

disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show YouTube's policies and procedures regarding Fair Use.

**DOCUMENT REQUEST NO. 67:**

**Documents sufficient to show the following information Concerning Fair Use for each month since the Content ID System was launched:**

**a) The total number of Users who have invoked Fair Use in response to an allegation of copyright infringement;**

**b) The number of videos for which a User has invoked Fair Use in response to an allegation of copyright infringement;**

**c) Your determination about how many claims by Users who have invoked Fair Use meet the applicable criteria for Fair Use;**

**d) The total number of videos removed from Your platform posted by Users who have invoked Fair Use;**

**e) The total number of Copyright Strikes issued to Users who have invoked Fair Use.**

**RESPONSE TO DOCUMENTS REQUEST NO. 67:**

Defendants object to this Request on the grounds that it is vague and ambiguous, unduly burdensome, overly broad, and not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the Request is vague and ambiguous in its use of the phrases "for which a User has invoked Fair Use," "determination about how many claims," and "removed from Your platform posted by Users who have invoked Fair Use." Defendants also object that this Request is compound and structurally confusing. Defendants further object that this request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

1    Defendants object to this Request because it seeks information that Defendants do not

2    collect and/or log in the ordinary course of its business and the production of which is therefore

3    not possible. Defendants also object to the extent that this Request calls for the production of

4    proprietary, confidential, or trade secret information that has little or no connection to the parties'

5    claims and defenses in this action, imposing a further burden on Defendants that is out of line

6    with Plaintiff's legitimate needs. To the extent this Request seeks materials relating to third

7    parties, Defendants further object on the grounds that this Request calls for the production of

8    materials not relevant to Plaintiff's claims and for the production of proprietary, confidential, or

9    trade secret documents without the entry of a protective order.

10   **DOCUMENT REQUEST NO. 68:**

11   **All Documents Concerning Your negotiations with any Performance Rights
     Organization, Including the contracts between you and any Performance Rights**

12   **Organization and Documents Concerning the Content ID System, how revenue is shared
     with copyright holders, and Copyright Management Information.**

13

14   **RESPONSE TO DOCUMENTS REQUEST NO. 68:**

15   Defendants object to this Request on the grounds that it is vague, ambiguous, unduly

16   burdensome, overly broad (especially insofar as it demands that Defendants produce "[a]ll"

17   documents), and not relevant to any party's claim or defense or proportional to the needs of the

18   case. In particular, the Request is vague and ambiguous in its use of the term "negotiations."

19   Defendants object that this Request seeks documents that are protected by the attorney-

20   client privilege, the attorney work-product doctrine, or both. Defendants also object to the extent

21   that this Request calls for the production of proprietary, confidential, or trade secret information

22   that has little or no connection to the parties' claims and defenses in this action, imposing a

23   further burden on Defendants that is out of line with Plaintiff's legitimate needs. To the extent

24   this Request seeks materials relating to third parties, Defendants further object on the grounds

25   that this Request calls for the production of materials not relevant to Plaintiff's claims and for the

26   production of proprietary, confidential, or trade secret documents without the entry of a

27

28

**RESPONSE TO DOCUMENTS REQUEST NO. 77:**

Defendants object to this Request on the grounds that it is overly broad insofar as it demands that Defendants produce "[a]ll" documents. Defendants also object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants further object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff's legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties and after the entry of a protective order, Defendants will make available for inspection a copy of relevant portions of its captive insurance policy held through IMI Assurance Inc.


Dated: December 4, 2020                    WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation

                                           By:_____/s/ David H. Kramer_____
                                                        David H. Kramer

                                           *Attorneys for Defendants and Counterclaimants*
                                           YOUTUBE, LLC and GOOGLE LLC

1

## CERTIFICATE OF SERVICE

2
I, Deborah Grubbs, declare:

3
I am employed in Santa Clara County, State of California.  I am over the age of 18 years

4
and not a party to the within action.  My business address is Wilson Sonsini Goodrich & Rosati,

5
650 Page Mill Road, Palo Alto, California 94304-1050.

6
On this date, I served:

7
**1.      DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND
8
GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-77)**

9
☒      By forwarding the document(s) by electronic transmission on this date to the
10
Internet email address listed below:

11
BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

12
I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and

13
processing of documents for delivery according to instructions indicated above.  In the ordinary

14
course of business, documents would be handled accordingly.

15

16
I declare under penalty of perjury under the laws of the United States of America and

17
State of California that the foregoing is true and correct.  Executed at San Mateo, California on

18
December 4, 2020.

19

20
_____
Deborah Grubbs

21

22

23

24

25

26

27

28