# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>　　　　Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PIRATE MONITOR LTD., GÁBOR CSUPÓ, and PIRATE MONITOR LLC,<br><br>Counter-Defendants. | Case Number: 3:20-cv-04423-JD<br><br>**PLAINTIFF'S AND COUNTERCLAIM DEFENDANTS' SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC** |

　　　　Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Maria Schneider and Counterclaim Defendants Pirate Monitor Ltd. and Gábor Csupó, by their attorneys Boies Schiller Flexner LLP and Korein Tillery, LLC, request that Defendants, YouTube, LLC and Google LLC respond to the following document requests (the "Requests") within thirty days of service and produce responsive documents, and afterwards supplement such production as may become necessary to comply with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**DEFINITIONS**

1. The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure, unless otherwise stated. All definitions herein include both the singular and plural.

2. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. "Account Monetization Program" means any program by which Users receive compensation on YouTube, Including the YouTube Partner Program.

4. "Answer" means the Defendants' answer filed on September 21, 2020 and any subsequently filed answer in this Lawsuit.

5. "AutoPlay Feature" means Your system that queues subsequent videos to play sequentially, Including the system described in Paragraph 37 of the Complaint.

6. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7. "Complaint" means the complaint filed by Plaintiffs against Defendants on July 2, 2020 and any subsequently filed amended complaint in this Lawsuit.

8. "Concerning" means relating to, referring to, describing, evidencing or constituting.

9. "Content ID System" means Your copyright management tool described throughout the Complaint, Including at Paragraphs 2, 8, 9, 10, and 12.

10. "Copyright Management Information" or "CMI" has the meaning it has under 17 U.S.C. § 1202.

11. "Copyright Strike" means the strike issued by You to a User following a Takedown Notice.

12. "Counterclaims" means the Amended Counterclaim filed by Defendants on February 19, 2021 and any subsequently filed amended counterclaims in this Lawsuit.

13. "Digital Fingerprinting Technology" means any software or technology which

analyzes a piece of video and/or audio to determine the unique characteristics of the content and create a pattern that is stored in a database and can be used for recognizing the content in the future.

14. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and includes Communications. A draft or non-identical copy is a separate Document within the meaning of this term.

15. "Fair Use" has the meaning it has under 17 U.S.C. § 107.

16. Identify (with respect to persons): When referring to a person, to "identify" means to state the person's full name, present or last known address, email address, IP address, and, when referring to a natural person, their present or last known place of employment, date of hire, job title, description of their role, and current contact information. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this paragraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

17. Identify (with respect to Users): When referring to a User, to "identify" means to state the Person's full name, username, email address, IP address, affiliation, and any other unique identifier used internally by YouTube or Google tied to a User.

18. Identify (with respect to Documents): When referring to Documents, to "identify" means to state the: (i) type of Document; (ii) general subject matter; (iii) date of the Document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the Document.

19. Identify (with respect to videos): When referring to videos, to "identify" means to state the: (i) title of the video; (ii) the URL at which the video was posted; (iii) the date the video was posted; (iv) the Identity of the user that posted the video; (v) the description included with the video; and (vi) any Tags included with the video.

20. "Including" or "includes" means including without limitation.

21. "Lawsuit" means the case filed by Plaintiff against Defendants in the United States District Court for the Northern District of California, number 20-cv-04423.

22. "Metadata" means any information attached to, embedded in, or a part of a digital video file that provides information Concerning that file, Including CMI and Tags.

23. "Person" means any natural person or any legal entity, Including, without limitation, any business or governmental entity or association.

24. "Recommended Videos" means all videos that YouTube algorithmically offers up to users on the YouTube platform, Including those displayed on YouTube's Home page and Suggested videos shown alongside a video that a user is watching.

25. "Repeat Infringer" has the meaning it has under 17 U.S.C. § 512(i).

26. "Response to Counterclaims" means Plaintiff Pirate Monitor's Rule 12 motion and/or responsive pleading filed in response to Defendants' Counterclaims.

27. "Schneider" means Plaintiff Maria Schneider and all agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, advisors, and any other Person acting on her behalf.

28. "Standard Technical Measures" has the meaning it has under 17 U.S.C. § 512(i).

29. "Tags" are descriptive keywords Users add to a video to help viewers find content.

30. "Takedown Notice" means a request submitted via Your online platform, by email, or in any other way that seeks to have content of any kind removed, deleted, or no longer displayed because the content contains copyrighted material that has been posted or is being displayed without a license or permission.

31. "User" means a user of Your YouTube platform.

32. "Viacom and Football Association Litigation" means the cases filed against You by lead plaintiffs The Football Association Premier League Limited and Viacom International, Inc. in the United States District Court for the Southern District of New York, numbers 07-cv-02103 and 07-cv-03582, including any appeals in either case.

33. "Video Match" means a video that is automatically or manually matched to a digital fingerprint through the Content ID System.

34. The terms "You," "Your," and "Yourself" mean Defendants YouTube and Google and all present and former subsidiaries, predecessors, parents, successors, affiliates, segments, divisions, and all present or former owners, officers, directors, managers, limited partners, general partners, agents, representatives, accountants, investigators, consultants, attorneys, attorneys-in-fact, predecessors or successors in interest, employees, trustees, advisors, and any other Person acting on its behalf.

35. "YouTube Partner Program" means the program launched in 2007 that uses AdSense to monetize content posted by Users.

36. "YouTube Search" means on the search engine on the YouTube platform.

## INSTRUCTIONS

1. These Instructions incorporate by reference any instructions set forth in the Local Rules of the United States District Court of the Northern District of California and the Federal Rules of Civil Procedure and the instructions contained in the Standing Order for Discovery in Civil Cases before Judge Donato.

2. The Documents covered by these requests include all Documents in Your possession, custody, or control.

3. Each Request shall be construed independently, and no Request shall be viewed as limiting the scope of any other Request.

4. You shall produce all Documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the Documents to correspond to the categories of the Requests. A request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets, cover letters, exhibits, attachments, or enclosures to the Document in addition to the Document itself.

5. The fact that a Document is produced by another party does not relieve You of the obligation to produce Your copy of the same Document, even if the two Documents are identical.

6. If any responsive Document was, but is no longer in Your possession or subject to Your control, state whether it is (a) missing or lost; (b) destroyed; (c) otherwise disposed of; or (d) transferred voluntarily or involuntarily to others, and identify the name and address of its current or last known custodian, and the circumstances surrounding such disposition.

7. The obligation to respond to these Requests is continuing pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If at any time after responding to these Requests You discover additional responsive Documents that will make Your responses to these Requests more complete or correct, amend Your responses and produce such responsive Documents as soon as reasonably possible.

8. Unless otherwise specified, these Requests seek Documents from January 1, 2015 to the present.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 78**

Documents sufficient to Identify or production of one or more databases or their contents containing the following: all videos posted to the YouTube platform that have been identified as "Video Matches," the work used to create the ID File that matched to the video, the owner of the work used to create the ID File, the Content ID Participant that submitted the work, the user that posted each video, the channel where such video was posted, and whether each video was blocked, monetized or tracked.

**REQUEST NO. 79**

Documents sufficient to show every part of the Content ID System's user experience, including the pages or screens that show the processes for applying for access to the Content ID System, uploading copyrighted works as Reference Files, reviewing Video Matches and applying Policies, including Monetizing, Blocking, or Tracking Video Matches, manually submitting Content ID claims, and managing Disputes, as well as Documents sufficient to show how each page or screen of the Content ID System's user experience interacts with each other page or screen.

**REQUEST NO. 80**

Documents sufficient to show all standard or template communications with Content ID Participants.

**REQUEST NO. 81**

All Documents Concerning your accommodation, failure to accommodate, interference, or non-interference with Digital Fingerprinting Technology other than Content ID.

**REQUEST NO. 82**

All Documents Concerning Your evaluation of whether any technology or technical measure constitutes a Standard Technical Measure. The time period for this Request is from January 1, 2005 to the present.

**REQUEST NO. 83**

All Documents Concerning the terms on which Digital Fingerprinting Technology other than Content ID is available on the YouTube platform to users or copyright holders or any other Person.

**REQUEST NO. 84**

All Documents Concerning the costs or burdens Digital Fingerprinting Technology other than Content ID impose on You, Your systems, or Your networks.

**REQUEST NO. 85**

Documents sufficient to show the policies and procedures applicable to the Checks tool.

**REQUEST NO. 86**

Documents sufficient to show the process used by the Checks tool to determine if an uploaded video is subject to a Copyright or Ad Suitability alert.

**REQUEST NO. 87**

All Documents and Communications Concerning the decisions to have the Checks tool consider Content ID Matches and not to have the Checks tool consider other potential claims of copyright infringement, including infringements Concerning Takedown Notices.

**REQUEST NO. 88**

All Documents and Communications Concerning the number or proportion of videos posted to the YouTube platform that infringe on copyrights and the revenues You received that are attributable to such videos. The time period for this Request is from January 1, 2005 to the present.

**REQUEST NO. 89**

All Documents Concerning Your claim that "the video uploading activity conducted through Ransom Nova accounts was not consistent with the behavior of users actually seeking to share videos with others through the YouTube service," as stated in Paragraph 49 of the Counterclaims.

**REQUEST NO. 90**

All Documents Concerning "YouTube's investigation" described in Paragraph 52 of the Counterclaims.

**REQUEST NO. 91**

All exhibits and any other evidence, demonstrative or otherwise, to be used in support of any motion, in opposition to any motion, or at any hearing or trial in this Lawsuit.

**REQUEST NO. 92**

All Documents identified in your answers to, or utilized in answering, Plaintiffs' First Interrogatories Directed to Defendants, and any future set of interrogatories that any Plaintiff or Counterclaim Defendant subsequently serves on Defendants.

**REQUEST NO. 93**

All Documents not otherwise provided in response to these Requests (or any other set of Requests propounded by Plaintiff or Counterclaim Defendants) and relied upon by Defendants in drafting the Answer or the Counterclaims.

**REQUEST NO. 94**

All Documents Concerning the existence of CMI in Metadata associated with videos uploaded by users to YouTube. The time period for this Request is from January 1, 2005 to the present.

**REQUEST NO. 95**

All Documents Concerning the duties imposed by Section 1202 of the DMCA, 17 U.S.C. §1202, on YouTube. The time period for this Request is from January 1, 2005 to the present.

**REQUEST NO. 96**

All Documents Concerning Your knowledge that CMI had been removed from copyright protected works that were copied, contained, and or incorporated, in whole or in part, in videos uploaded by users to YouTube. The time period for this Request is from January 1, 2005 to the present.

**REQUEST NO. 97**

Documents sufficient to show all costs, expenses, and fees incurred to address a typical Takedown Notice submitted to YouTube.

**REQUEST NO. 98**

All Documents Concerning Communications between You and providers of Digital Fingerprinting Technology regarding their application or provision of such technology on the YouTube platform.

**REQUEST NO. 99**

All Documents Concerning YouTube's use of Metadata CMI in connection with its administration of Content ID.

**REQUEST NO. 100**

All Documents Concerning YouTube's capacity to detect Metadata CMI in connection with assets submitted pursuant to the Content ID program.

**REQUEST NO. 101**

All Documents Concerning Your consideration of the use of Metadata CMI in connection with any of the copyright management tools You use, or have considered using, in connection with the YouTube platform. The time period for this Request is from January 1, 2005 to the present.

**REQUEST NO. 102**

All Documents Concerning Recommended Videos, Including:

a) The policies and procedures that apply to Recommended Videos, including changes and proposed changes to the policies and procedures and the reasons for those changes;

b) The process for selecting videos as Recommended Videos;

c) Your ability to control the selection of videos as Recommended Videos;

d) Your revenues attributable to videos selected as Recommended Videos;

e) Videos that infringe on copyrights that are selected as Recommended Videos; and

f) The impact on Recommended Videos of any of Your copyright management tools, including Content ID and Takedown Notices.

**REQUEST NO. 103**

All Documents Concerning YouTube Search, Including:

    a) The policies and procedures that apply to YouTube Search, including changes and proposed changes to the policies and procedures and the reasons for those changes;

    b) The process for selecting the videos shown in YouTube Search;

    c) Your ability to control the selection of videos shown in YouTube Search;

    d) Your revenues attributable to videos shown in YouTube Search;

    e) Videos that infringe on copyrights that are shown in YouTube Search; and

    f) The impact on YouTube Search of any of Your copyright management tools, including Content ID and Takedown Notices.

**REQUEST NO. 104**

Unredacted copies of all Documents filed in the Viacom and Football Association Litigation and Documents sufficient to show the terms of all agreements to settle in whole or in part any claim of any kind in the Viacom and Football Association Litigation.

**REQUEST NO. 105**

All Documents produced by You in the Viacom and Football Association Litigation.

DATED:    New York, New York

               May 12, 2021

By:     /s/ Joshua Irwin Schiller

George A. Zelcs *(pro hac vice)*
Randall P. Ewing, Jr. *(pro hac vice)*
Ryan Z. Cortazar *(pro hac vice)*
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028

|    |                                                                                           |
|----|-------------------------------------------------------------------------------------------|
| 1  | Carol O'Keefe *(pro hac vice)*                                                            |
|    | **KOREIN TILLERY, LLC**                                                                   |
| 2  | 505 North 7th Street, Suite 3600                                                          |
|    | St. Louis, MO  63101                                                                      |
| 3  | Telephone: (314) 241-4844                                                                 |
|    | Facsimile: (314) 241-3525                                                                 |

Carol O'Keefe *(pro hac vice)*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiff Maria Schneider and Counterclaim Defendants Pirate Monitor LTD. and Gábor Csupó*

# CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record were served by email on May 12, 2021:

        DAVID H. KRAMER
        dkramer@wsgr.com
        MAURA L. REES
        mrees@wsgr.com
        LAUREN GALLO WHITE
        lwhite@wsgr.com
        WILSON SONSINI GOODRICH & ROSATI
        Professional Corporation
        650 Page Mill Road
        Palo Alto, CA 94304-1050
        Telephone: (650) 493-9300
        Facsimile:  (650) 565-5100

        *Attorneys for Defendants and Counterclaimants*
        YOUTUBE, LLC and GOOGLE LLC

                                      */s/ Demetri Blaisdell*
                                        Demetri Blaisdell