# EXHIBIT D

1  DAVID H. KRAMER, State Bar No. 168452
   MAURA L. REES, State Bar No. 191698
2  LAUREN GALLO WHITE, State Bar No.
   309075
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
6  Email: dkramer@wsgr.com
           mrees@wsgr.com
7          lwhite@wsgr.com

   BRIAN M. WILLEN (admitted *Pro Hac Vice*)
   WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
   1301 Avenue of the Americas, 40th Floor
   New York, NY 10019-6022
   Telephone: (212) 999-5800
   Facsimile: (212) 999-5801
   Email: bwillen@wsgr.com

8
   Attorneys for Defendants and Counterclaimants
9  YOUTUBE, LLC and GOOGLE LLC

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  MARIA SCHNEIDER, individually and on        )   CASE NO.: 3:20-cv-04423-JD
    behalf of all others similarly situated,     )
14                                               )   **DEFENDANTS AND
                  Plaintiff,                     )   COUNTERCLAIMANTS
15                                               )   YOUTUBE, LLC AND GOOGLE
          v.                                     )   LLC'S RESPONSES AND
16                                               )   OBJECTIONS TO PLAINTIFF AND
                                                 )   COUNTERCLAIM DEFENDANTS'
17  YOUTUBE, LLC and GOOGLE LLC,                 )   SECOND SET OF REQUESTS FOR
                                                 )   PRODUCTION (NOS. 78-105)**
18                Defendants.                    )
                                                 )   Judge: Hon. James Donato
19  _____          )
                                                 )
20  YOUTUBE, LLC and GOOGLE LLC,                 )
                                                 )
21                Counterclaimants,              )
                                                 )
22                                               )
          v.                                     )
23                                               )
    PIRATE MONITOR LTD, PIRATE MONITOR           )
24  LLC, and GÁBOR CSUPÓ,                        )
                                                 )
25                Counterclaim Defendants.       )
                                                 )
26  _____          )

27

28  DEFENDANTS' RESPONSES AND OBJECTIONS                    CASE NO. 3:20-CV-04423-JD
    TO PLAINTIFF AND COUNTERCLAIM
    DEFENDANTS' SECOND SET OF REQUESTS FOR
    PRODUCTION

1       Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of the United

2 States District Court for the Northern District of California, Defendants and Counterclaimants

3 YouTube, LLC and Google LLC (collectively, "Defendants") hereby respond to Plaintiff Maria

4 Schneider's and Counterclaim Defendants Pirate Monitor Ltd. and Gábor Csupó's (collectively,

5 "Plaintiff and Counterclaim Defendants") Second Set of Requests for the Production of

6 Documents ("Requests") as follows:

7                                    **PRELIMINARY STATEMENT**

8       The following responses are provided subject to all appropriate objections (including,

9 without limitation, objections concerning competency, relevancy, materiality, and propriety) that

10 would require the exclusion of any statement contained herein if the statement were made by a

11 witness present and testifying in court.

12       In addition, all responses to the Requests are based upon the information presently known

13 to Defendants, and Defendants expressly reserve the right to revise and supplement their

14 responses to the Requests. A response to a Request shall not be deemed a waiver of any

15 applicable objection or an admission of relevancy.

16       To the extent the Requests would require the production of information that implicates

17 the personal privacy interests of individual employees or agents and/or of third parties of

18 Defendants, the parties need to implement appropriate protections for personal privacy before

19 Defendants will produce any materials responsive to the Requests.

20             **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

21       1.       Defendants object to the definition of "Account Monetization Program" as vague

22 and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined

23 terms "program" and "compensation." Defendants further object to this definition as overly

24 broad and unduly burdensome to the extent it encompasses information not relevant to the

25 parties' claims or defenses and would require Defendants to collect information that is

26 disproportionate to the needs of this case. For purposes of responding to the Requests, the

27 "Account Monetization Program" will be defined as the five monetization features ("Advertising

28 DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF AND COUNTERCLAIM     -2-     CASE No. 3:20-CV-04423-JD
DEFENDANTS' SECOND SET OF REQUESTS FOR
PRODUCTION

revenue," "Channel memberships," Merchandise shelf," "Super Chat & Super Stickers," and "YouTube Premium Revenue") that enable some users to make money on YouTube. *See* "How to earn money on YouTube," https://support.google.com/youtube/answer/72857?hl=en.

2.      Defendants object to the definition of "AutoPlay Feature" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "queues." Plaintiff's "description" in Paragraph 37 of the Complaint provides no more clarity, as it merely parrots the vague and ambiguous definition provided in these Requests. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

3.      Defendants object to the definition of "Communication" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to the definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

4.      Defendants object to the definition of "Concerning" as vague and ambiguous. In particular, the term is vague and ambiguous in its use of the undefined terms "relating," "referring," "describing," "evidencing," and "construing." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

5.      Defendants object to the definition of "Content ID System" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "YOUR copyright management tool." Defendants have created and made available many tools for protecting the copyrights of others. Defendants further object to Plaintiff's descriptions in Paragraphs 2, 8, 9, 10, and 12 of the Complaint as inaccurate in their characterization of Content

ID. Defendants specifically object to Plaintiff's characterization of Content ID as being "completely divorced" from YouTube, LLC's repeat-infringer policy. *See* Compl. ¶ 12. For purposes of responding to the Requests, the "Content ID System" will be defined as a tool YouTube provides to certain users for the purpose of managing copyrighted works that scans videos uploaded to YouTube and compares them against reference files previously provided to YouTube by copyright owners. *See* "How Content ID works," https://support.google.com/youtube/answer/2797370?hl=en.

6.      Defendants object to the definition of "Copyright Strike" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "following a Takedown Notice." Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case. For purposes of responding to the Requests, "Copyright Strike" will be defined as the warning that a user receives when YouTube has removed the user's video from the YouTube service because a copyright owner submitted to YouTube a complete and valid legal request asking YouTube to do so. *See* "Copyright strike basics," https://support.google.com/youtube/answer/2814000?hl=en.

7.      Defendants object to the definition of "Digital Fingerprinting Technology" as vague and ambiguous.  In particular, the definition is vague and ambiguous in its use of the phrases "software or technology which analyzes a piece of video and/or audio to determine the unique characteristics of the content," "create a pattern that is stored in a database," and "used for recognizing the content in the future."

8.      Defendants object to the definition of "Document" to the extent it exceeds the scope contemplated by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, or other applicable law. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF AND COUNTERCLAIM          -4-
DEFENDANTS' SECOND SET OF REQUESTS FOR
PRODUCTION

CASE NO. 3:20-cv-04423-JD

1    information not relevant to the parties' claims or defenses and would require Defendants to

2    collect information that is disproportionate to the needs of this case.

3           9.      Defendants object to the definition of "Identify" as it relates to individuals and

4    "Users" as overbroad and unduly burdensome. In particular, the definition requires Defendants to

5    collect information (such as dates of hire and home telephone numbers) that is not relevant to the

6    parties' claims or defenses in this action and is not proportional to the needs of the case.

7    Defendants further object to the extent the definition requires the production of confidential

8    information relating to third parties or subject to privacy obligations, such as home telephone

9    numbers, physical addresses, and IP addresses.

10          10.     Defendants object to the definitions of "Identify" as it relates to "Documents" and

11   "videos" as overbroad and unduly burdensome. In particular, the definitions require Defendants

12   to collect information that is not relevant to the parties' claims or defenses in this action and is

13   not proportional to the needs of the case. Defendants also object to the extent the definitions

14   incorporate the vague, ambiguous, overbroad, and unduly burdensome terms "Tags" and

15   "Identify" as it relates to Users. Defendants further object to the extent the definitions require the

16   production of confidential information relating to third parties or subject to privacy obligations,

17   such email and IP addresses.

18          11.     Defendants object to the definition of "Metadata" as overly broad (especially

19   insofar as it encompasses "any information"), vague, and ambiguous. In particular, the definition

20   is vague and ambiguous in its use of the phrases "attached to," "embedded in," "part of," and

21   "provides information."

22          12.     Defendants object to the definition of "Recommended Videos" as vague and

23   ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase

24   "algorithmically offers up to users on the YouTube platform." Defendants further object to this

25   definition as overly broad and unduly burdensome to the extent it encompasses information not

26   relevant to the parties' claims or defenses and would require Defendants to collect information

27   that is disproportionate to the needs of this case.

28

DEFENDANTS' RESPONSES AND OBJECTIONS
TO PLAINTIFF AND COUNTERCLAIM                    -5-               CASE NO. 3:20-CV-04423-JD
DEFENDANTS' SECOND SET OF REQUESTS FOR
PRODUCTION

13.      Defendants object to the definition of "Repeat Infringer" to the extent it calls for a legal conclusion. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

14.      Defendants object to the definition of "Response to Counterclaims" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the term "Plaintiff Pirate Monitor" and phrase "Rule 12 motion and/or responsive pleading filed in response to Defendants' Counterclaims." For purposes of responding to the Requests, "Response to Counterclaims" will be defined as Counterclaim Defendant Pirate Monitor's Answer to Defendants' Amended Counterclaims (ECF No. 68).

15.      Defendants object to the definition of "Schneider" as overly broad, vague and ambiguous, and unduly burdensome. In particular, the definition is overly broad because it encompasses "all agents, representatives … investigators … advisors, and any other person acting on her behalf." For purposes of responding to the Requests, "Schneider" will be defined as Maria Schneider and persons known or believed to be acting on her behalf.

16.      Defendants object to the definition of "Standard Technical Measures" to the extent it calls for a legal conclusion. Defendants further object to this definition as overly broad and unduly burdensome to the extent it encompasses information not relevant to the parties' claims or defenses and would require Defendants to collect information that is disproportionate to the needs of this case.

17.      Defendants object to the definition of "Tags" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined term "descriptive keywords" and the phrase "find content."

18.      Defendants object to the definition of "Takedown Notice" as vague, ambiguous, and overly broad. In particular, the definition is vague and ambiguous in its use of the term "request" and the phrases "any other way" and "via Your online platform." Defendants object

that the definition is overly broad and unduly burdensome to the extent it extends beyond notices submitted to Defendants. Defendants also object to the definition to the extent it calls for a legal conclusion as to whether content has been posted or displayed without license or permission. Defendants further object to the definition to the extent it encompasses non-written communications that do not satisfy the requirements set forth in 17 U.S.C. § 512(c)(3). For purposes of responding to the Requests, "Takedown Notice" will be defined as notices that are compliant with 17 U.S.C. § 512(c)(3) and have been submitted through YouTube LLC's online form, *see* "Submit a copyright takedown notice," https://support.google.com/youtube/answer/2807622?hl=en, or to YouTube's designated agent via email, facsimile, or postal mail, *see* "Copyright Contact Information," https://support.google.com/youtube/answer/6005908?hl=en.

19. Defendants object to the definition of "Video Match" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "automatically or manually matched to a digital fingerprint through the Content ID System." Defendants further object to this definition as overly broad and unduly burdensome to the extent it requires Defendants to collect information relating to videos regardless of their relevance to the parties' claims or defenses in this case. For purposes of responding to the Requests, "Video Match" will be defined as a video that has been determined by the Content ID System, as defined by Defendants above, to match a reference file provided to YouTube by the copyright owner.

20. Defendants object to the definition of "You," "Your," and "Yourself" on the grounds that the definition is overbroad, vague and ambiguous, and unduly burdensome. Defendants further object to the definition to the extent it seeks information not currently in the possession, custody, or control of Defendants. Defendants will respond solely on behalf of themselves (Google LLC and YouTube, LLC), and not any other subsidiaries or affiliates, or any other person or entity. Defendants further object to the definition on the grounds that it includes Defendants' attorneys and requires Defendants to provide a legal conclusion or to produce information that is protected by any privilege, including the attorney-client privilege, work

product immunity doctrine, common interest privilege, or any other applicable privilege,

immunity, or restriction on discovery. For purposes of responding to the Requests, "You,"

"Your," and "Yourself" will be defined as Google LLC, YouTube, LLC, and those authorized

agents and employees acting on its behalf and within the scope of their agency or employment.[1]

21.     Defendants object to the definition of "YouTube Partner Program" as vague and

ambiguous. In particular, the term is vague and ambiguous in its use of the phrase "uses AdSense

to monetize content posted to Users." Defendants further object to this definition as overly broad

and unduly burdensome to the extent it encompasses information not relevant to the parties'

claims or defenses and would require Defendants to collect information that is disproportionate

to the needs of this case. For purposes of responding to the Requests, the "YouTube Partner

Program" will be defined as the program that gives YouTube content creators access to

YouTube's Creator Support Teams, Copyright Match Tool, and monetization features. *See*

"YouTube Partner Program overview & eligibility,"

https://support.google.com/youtube/answer/72851?hl=en.

22.     Defendants object to the definition of "YouTube Search" as vague and

ambiguous. In particular, the definition is vague and ambiguous in its use of the phrase "search

engine on the YouTube platform." Defendants further object to this definition as overly broad

and unduly burdensome to the extent it encompasses information not relevant to the parties'

claims or defenses and would require Defendants to collect information that is disproportionate

to the needs of this case. For purposes of responding to the Requests, "YouTube Search" will be

defined as YouTube's search ranking system. *See* "YouTube Search,"

https://www.youtube.com/howyoutubeworks/product-features/search/#overview.

23.     Defendants object to the Instructions accompanying Plaintiff and Counterclaim

Defendants' Requests to the extent that such Instructions purport to impose obligations on

Defendants in excess of the Federal Rules of Civil Procedure, the Local Rules of the United

---

[1] Per the parties' agreement, Defendants will produce otherwise discoverable information that is retained by, owned by, possessed by, or in the control of Alphabet Inc.

1  States District Court for the Northern District of California, the Standing Order for Discovery in

2  Civil Cases before Judge Donato, or any other applicable law, or to the extent that the

3  Instructions purport to require Defendants to take actions or provide information not required by

4  or which exceed the scope of the Federal Rules of Civil Procedure, the Local Rules of the United

5  States District Court for the Northern District of California, the Standing Order for Discovery in

6  Civil Cases before Judge Donato, or any other applicable law.

7       24.     Defendants object to Instruction No. 8 insofar as it calls for information beyond

8  the scope of the three-year statute of limitations applicable to Plaintiff's claims. *See* 17 U.S.C.

9  § 507(b). Defendants will produce reasonably accessible non-privileged documents following an

10  inquiry proportionate to the needs of the case for the three-year period predating the filing of the

11  Complaint.

12       **SPECIFIC RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS**

13  **DOCUMENT REQUEST NO. 78:**

14       **Documents sufficient to Identify or production of one or more databases or their**
   **contents containing the following: all videos posted to the YouTube platform that have**
15  **been identified as "Video Matches," the work used to create the ID File that matched to the**
   **video, the owner of the work used to create the ID File, the Content ID Participant that**
16  **submitted the work, the user that posted each video, the channel where such video was**
   **posted, and whether each video was blocked, monetized or tracked.**
17

18  **RESPONSE TO DOCUMENT REQUEST NO. 78:**

19       Defendants object to this Request because it calls for the production of materials relevant

20  to a putative class of plaintiffs that has not been certified by the Court. Defendants also object to

21  this Request, which is vexatious and appears to be designed to harass Defendants, on the grounds

22  that it is unduly burdensome and overly broad (especially insofar as it demands that Defendants

23  produce "all" videos posted to the YouTube platform that have been identified as "Video

24  Matches."). Defendants object to the Request as vague and ambiguous in its use of the terms

25  "Video Matches," "ID File," "Content ID Participant," "work used to create," "submitted the

26  work," and "owner of the work." Defendants further object as the Request is not relevant to any

27  party's claim or defense or proportional to the needs of the case.

28

1        Subject to and without waiving any of the foregoing objections, Defendants will meet and

2 confer with opposing counsel regarding an appropriate scope of information to be produced in

3 response to this Request.

4 **DOCUMENT REQUEST NO. 88:**

5        **All Documents and Communications Concerning the number or proportion of**
**videos posted to the YouTube platform that infringe on copyrights and the revenues You**

6 **received that are attributable to such videos. The time period for this Request is from**

7 **January 1, 2005 to the present.**

8 **RESPONSE TO DOCUMENT REQUEST NO. 88:**

9        Defendants object to this Request because it calls for the production of materials relevant

10 to a putative class of plaintiffs that has not been certified by the Court. Defendants further object

11 to this Request because, though it purports to be a document request, this Request is effectively an

12 improper and premature contention interrogatory that cannot be answered without sufficient

13 discovery. Defendants also object to the extent this request would exceed Plaintiff's allotted total

14 number of interrogatories.

15        Defendants object to this Request, which is overly broad (especially insofar as it demands

16 that Defendants produce "All Documents and Communications" from January 1, 2005 to the

17 present). Defendants also object to the Request as vague and ambiguous in its use of the terms

18 "revenues You received that are attributable to such videos" and "number or proportion." In

19 addition, Defendants object to the extent that this Request calls for a legal conclusion as to

20 whether videos "infringe on copyrights" and whether revenues are "attributable to such videos,"

21 which are not proper subjects of fact discovery.

22        Defendants further object to this Request to the extent that it seeks information that

23 Defendants do not collect and/or log in the ordinary course of their business and the production of

24 which is therefore not possible. Defendants also object that this Request seeks documents and

25 communications that are protected by the attorney-client privilege, the attorney work-product

26 doctrine, or both.

27

28

Finally, Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff and Counterclaim Defendants' legitimate needs.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 89:**

**All Documents Concerning Your claim that "the video uploading activity conducted through Ransom Nova accounts was not consistent with the behavior of users actually seeking to share videos with others through the YouTube service," as stated in Paragraph 49 of the Counterclaims.**

**RESPONSE TO DOCUMENT REQUEST NO. 89:**

Defendants object to this Request, which is overly broad (especially insofar as it demands that Defendants produce "All Documents"). Defendants further object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

In addition, Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff and Counterclaim Defendants' legitimate needs.

Subject to and without waiving any of the foregoing objections, at a date agreed upon by the parties, Defendants will produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that support the claim that "the video uploading activity conducted through the Ransom Nova accounts was not consistent with the behavior of users actually seeking to share videos with others through the YouTube service," to the extent Defendants have not already done so.

entitled to protection under various consumer privacy laws in the U.S. and internationally. Affected users should also be afforded an opportunity to object to disclosure of their personal identifying information, and such an opportunity may be required as a matter of law.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 95:**

**All Documents Concerning the duties imposed by Section 1202 of the DMCA, 17 U.S.C. §1202, on YouTube. The time period for this Request is from January 1, 2005 to the present.**

**RESPONSE TO DOCUMENT REQUEST NO. 95:**

Defendants object to this Request, which is vexatious and appears to be designed to harass Defendants. Defendants also object to this Request as unduly burdensome and overly broad (especially insofar as it demands that Defendants produce "All Documents" concerning "the duties imposed by Section 1202 of the DMCA" from January 1, 2005 to the present). Defendants object to the Request as vague and ambiguous in its use of the term "the duties imposed by Section 1202." Defendants also object that this Request is duplicative and cumulative of other discovery requests.

In addition, Defendants object to the extent that this Request calls for a legal conclusion, which is not a proper subject of fact discovery. Defendants object that this Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff and Counterclaim Defendants' legitimate needs.

Defendants also object to this Request to the extent that its expansive scope seeks personal identifying information concerning numerous YouTube users and may implicate the privacy rights of users who are entitled to protection under various consumer privacy laws in the U.S. and

1 internationally. Affected users should also be afforded an opportunity to object to disclosure of

2 their personal identifying information, and such an opportunity may be required as a matter of law.

3      Subject to and without waiving any of the foregoing objections, Defendants will meet and

4 confer with opposing counsel regarding an appropriate scope of information to be produced in

5 response to this Request.

6 **DOCUMENT REQUEST NO. 96**:

7      **All Documents Concerning Your knowledge that CMI had been removed from**
**copyright protected works that were copied, contained, and or incorporated, in whole or in**

8 **part, in videos uploaded by users to YouTube. The time period for this Request is from**
**January 1, 2005 to the present.**

9

10 **RESPONSE TO DOCUMENT REQUEST NO. 96**:

11      Defendants object to this Request because it calls for the production of materials relevant

12 to a putative class of plaintiffs that has not been certified by the Court. Defendants further object

13 to this Request because, though it purports to be a document request, this Request is effectively an

14 improper and premature contention interrogatory that cannot be answered without sufficient

15 discovery. Defendants also object to the extent this request would exceed Plaintiff's allotted total

16 number of interrogatories.

17      Defendants object to this Request, which is overly broad (especially insofar as it demands

18 that Defendants produce "All Documents" from January 1, 2005 to the present). Defendants also

19 object to the Request as vague and ambiguous in its use of the terms "copied, contained, and or

20 incorporated, in whole or in part, in videos" and "users." Defendants further object that this

21 Request is duplicative and cumulative of other discovery requests.

22      Defendants object that this Request assumes a factual predicate for which there is no

23 record support at this time, including that Defendants knew that CMI had been removed from

24 copyright protected works in videos uploaded by users to YouTube. Defendants also object to the

25 extent that this Request calls for a legal conclusion, which is not a proper subject of fact discovery.

26      In addition, Defendants object that this Request seeks documents concerning works that

27 have not been identified as Works-in-Suit. Defendants object to this Request to the extent that it

28

1   seeks information that Defendants do not collect and/or log in the ordinary course of their business

2   and the production of which is therefore not possible. Defendants further object that this Request

3   seeks documents that are protected by the attorney-client privilege, the attorney work-product

4   doctrine, or both.

5        Subject to and without waiving any of the foregoing objections, Defendants will meet and

6   confer with opposing counsel regarding an appropriate scope of information to be produced in

7   response to this Request.

8   **DOCUMENT REQUEST NO. 97:**

9        **Documents sufficient to show all costs, expenses, and fees incurred to address a
    typical Takedown Notice submitted to YouTube.**

10

11  **RESPONSE TO DOCUMENT REQUEST NO. 97:**

12       Defendants object to this Request, which is unduly burdensome and overly broad

13  (especially insofar as it demands that Defendants produce documents sufficient to show "all costs,

14  expenses, and fees" incurred to "address" a "typical Takedown Notice"). Defendants also object to

15  the Request as vague and ambiguous (especially in connection with the term "typical Takedown

16  Notice") and not relevant to any party's claim or defense or proportional to the needs of the case.

17       Even if this Request were relevant to the claims in this action, it still would be improper.

18  Defendants object to this Request to the extent that it seeks information that Defendants do not

19  collect and/or log in the ordinary course of their business and the production of which is therefore

20  not possible. Defendants further object that this Request seeks documents that are protected by the

21  attorney-client privilege, the attorney work-product doctrine, or both.

22       In addition, Defendants object to this Request to the extent that its expansive scope seeks

23  personal identifying information concerning numerous YouTube users and may implicate the

24  privacy rights of users who are entitled to protection under various consumer privacy laws in the

25  U.S. and internationally. Affected users should also be afforded an opportunity to object to

26  disclosure of their personal identifying information, and such an opportunity may be required as a

27  matter of law.

28

1   or Counterclaimants' Counterclaims and for the production of proprietary, confidential, or trade

2   secret documents.

3          Subject to and without waiving any of the foregoing objections, Defendants will meet and

4   confer with opposing counsel regarding an appropriate scope of information to be produced in

5   response to this Request.

6   **DOCUMENT REQUEST NO. 99:**

7          **All Documents Concerning YouTube's use of Metadata CMI in connection with its
    administration of Content ID.**

8

9   **RESPONSE TO DOCUMENT REQUEST NO. 99:**

10         Defendants object to this Request, which is unduly burdensome and overly broad

11  (especially insofar as it demands that Defendants produce "All Documents"), and vague and

12  ambiguous (especially in its use of the terms "use," "Metadata CMI," and "administration").

13  Defendants also object that this Request is duplicative and cumulative of other discovery requests.

14  Defendants object to the Request as not relevant to any party's claim or defense or proportional to

15  the needs of the case.

16         Even if this Request were relevant to the claims in this action, it still would be improper.

17  Defendants object to the extent that this Request calls for a legal conclusion as to "CMI," which is

18  not a proper subject of fact discovery. Defendants also object that this Request seeks documents

19  that are protected by the attorney-client privilege, the attorney work-product doctrine, or both.

20         In addition, Defendants object to this Request to the extent that its expansive scope seeks

21  personal identifying information concerning numerous YouTube users and may implicate the

22  privacy rights of users who are entitled to protection under various consumer privacy laws in the

23  U.S. and internationally. Affected users should also be afforded an opportunity to object to

24  disclosure of their personal identifying information, and such an opportunity may be required as a

25  matter of law. Defendants also object to the extent that this Request calls for the production of

26  proprietary, confidential, or trade secret information that has little or no connection to the parties'

27

28

1  claims and defenses in this action, imposing a further burden on Defendants that is out of line with

2  Plaintiff and Counterclaim Defendants' legitimate needs.

3      Subject to and without waiving any of the foregoing objections, Defendants will meet and

4  confer with opposing counsel regarding an appropriate scope of information to be produced in

5  response to this Request.

6  **DOCUMENT REQUEST NO. 100:**

7      **All Documents Concerning YouTube's capacity to detect Metadata CMI in
connection with assets submitted pursuant to the Content ID program.**

8

9  **RESPONSE TO DOCUMENT REQUEST NO. 100:**

10     Defendants object to this Request, which is unduly burdensome and overly broad

11  (especially insofar as it demands that Defendants produce "All Documents"), and vague and

12  ambiguous (especially in its use of the terms "capacity to detect," "Metadata CMI," "in connection

13  with," and "assets submitted pursuant to the Content ID program"). Defendants also object that

14  this Request is duplicative and cumulative of other discovery requests. Defendants object to the

15  Request as not relevant to any party's claim or defense or proportional to the needs of the case.

16     Even if this Request were relevant to the claims in this action, it still would be improper.

17  Defendants object to the extent that this Request calls for a legal conclusion as to "CMI," which is

18  not a proper subject of fact discovery. Defendants object that this Request seeks documents that

19  are protected by the attorney-client privilege, the attorney work-product doctrine, or both. In

20  addition, Defendants object to this Request to the extent that its expansive scope seeks personal

21  identifying information concerning numerous YouTube users and may implicate the privacy rights

22  of users who are entitled to protection under various consumer privacy laws in the U.S. and

23  internationally. Affected users should also be afforded an opportunity to object to disclosure of

24  their personal identifying information, and such an opportunity may be required as a matter of law.

25     Finally, Defendants object to the extent that this Request calls for the production of

26  proprietary, confidential, or trade secret information that has little or no connection to the parties'

27

28

1    claims and defenses in this action, imposing a further burden on Defendants that is out of line with

2    Plaintiff and Counterclaim Defendants' legitimate needs.

3         Subject to and without waiving any of the foregoing objections, Defendants will meet and

4    confer with opposing counsel regarding an appropriate scope of information to be produced in

5    response to this Request.

6    **DOCUMENT REQUEST NO. 101:**

7         **All Documents Concerning Your consideration of the use of Metadata CMI in**
     **connection with any of the copyright management tools You use, or have considered using,**
8    **in connection with the YouTube platform. The time period for this Request is from**
     **January 1, 2005 to the present.**
9

10   **RESPONSE TO DOCUMENT REQUEST NO. 101:**

11        Defendants object to this Request, which is unduly burdensome and overly broad (especially

12   insofar as it demands that Defendants produce "All Documents" from January 1, 2005 to the

13   present), and vague and ambiguous (especially in its use of the terms "Your consideration of the use

14   of Metadata CMI," "in connection with," "copyright management tools," and "use or have

15   considered using"). Defendants further object that this Request is duplicative and cumulative of

16   other discovery requests.

17        Defendants object that this Request assumes a factual predicate for which there is no record

18   support at this time. Defendants also object to the extent that this Request calls for a legal conclusion

19   as to "CMI," which is not a proper subject of fact discovery. Defendants object that this Request

20   seeks documents that are protected by the attorney-client privilege, the attorney work-product

21   doctrine, or both.

22        In addition, Defendants object to this Request to the extent that its expansive scope seeks

23   personal identifying information concerning numerous YouTube users and may implicate the

24   privacy rights of users who are entitled to protection under various consumer privacy laws in the

25   U.S. and internationally. Affected users should also be afforded an opportunity to object to

26   disclosure of their personal identifying information, and such an opportunity may be required as a

27   matter of law.

28

Finally, Defendants object to the extent that this Request calls for the production of proprietary, confidential, or trade secret information that has little or no connection to the parties' claims and defenses in this action, imposing a further burden on Defendants that is out of line with Plaintiff and Counterclaim Defendants' legitimate needs.

Subject to and without waiving any of the foregoing objections, Defendants will meet and confer with opposing counsel regarding an appropriate scope of information to be produced in response to this Request.

**DOCUMENT REQUEST NO. 102:**

**All Documents Concerning Recommended Videos, Including:**

a) **The policies and procedures that apply to Recommended Videos, including changes and proposed changes to the policies and procedures and the reasons for those changes;**
b) **The process for selecting videos as Recommended Videos;**
c) **Your ability to control the selection of videos as Recommended Videos;**
d) **Your revenues attributable to videos selected as Recommended Videos;**
e) **Videos that infringe on copyrights that are selected as Recommended Videos; and**
f) **The impact on Recommended Videos of any of Your copyright management tools, including Content ID and Takedown Notices.**

**RESPONSE TO DOCUMENT REQUEST NO. 102:**

Defendants object to this Request because it calls for the production of materials relevant to a putative class of plaintiffs that has not been certified by the Court. Defendants object to this Request, which is vexatious and appears to be designed to harass Defendants, on the grounds that it is unduly burdensome and overly broad (especially insofar as it demands that Defendants produce "All Documents," "including changes and proposed changes to the policies and procedures and the reasons for those changes," concerning "Recommended Videos"). Defendants also object to the Request as vague and ambiguous (especially in its use of the terms "Recommended Videos," "The impact of Recommended Videos on any of Your copyright management tools," "the process for selecting," and "revenues attributable"). Defendants object

1   Request is necessary, Defendants will meet and confer with opposing counsel regarding specific

2   additional documents Plaintiff seeks in response to this Request.

3   **DOCUMENT REQUEST NO. 105:**

4       **All Documents produced by You in the Viacom and Football Association Litigation.**

5   **RESPONSE TO DOCUMENT REQUEST NO. 105:**

6       Defendants object to this Request, which is vexatious and appears to be designed to harass

7   Defendants, on the grounds that it is unduly burdensome, overly broad, vague and ambiguous, and

8   not relevant to any party's claim or defense or proportional to the needs of the case.

9       Even if this Request were relevant to the claims in this action, it still would be improper.

10  Defendants object that this Request is duplicative and cumulative of other discovery requests.

11  Defendants also object to this Request because it seeks detailed technical information the

12  aggregation and/or production of which would be highly burdensome in ways that are

13  disproportionate to the legitimate needs of the case.

14      To the extent this Request seeks materials relating to third parties, Defendants object on

15  the grounds that this Request calls for the production of materials not relevant to Plaintiff's claims

16  or Counterclaimants' Counterclaims and for the production of proprietary, confidential, or trade

17  secret documents. Defendants further object to the extent that this Request calls for the production

18  of proprietary, confidential, or trade secret information that has little or no connection to the

19  parties' claims and defenses in this action, imposing a further burden on Defendants that is out of

20  line with Plaintiff and Counterclaim Defendants' legitimate needs.

21      Subject to and without waiving any of the foregoing objections, Defendants will meet and

22  confer with opposing counsel regarding an appropriate scope of information to be produced in

23  response to this Request.

24  Dated:  June 25, 2021                WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation
25

26                                        By: _/s/ Maura L. Rees_____
                                               Maura L. Rees
27
                                          *Attorneys for Defendants and Counterclaimants*
28                                        YOUTUBE, LLC and GOOGLE LLC

**CERTIFICATE OF SERVICE**

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

**1.      DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 78-105)**

☒      By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above.  In the ordinary course of business, documents would be handled accordingly.


I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.  Executed at San Mateo, California on June 25, 2021.


_____
Deborah Grubbs