UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>YOUTUBE, LLC, et al.,<br><br>　　　　　　　Defendants. | Case No.  20-cv-04423-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiffs Maria Schneider, Uniglobe Entertainment, and AST Publishing allege that defendants YouTube and Google (together, YouTube) facilitate copyright infringement through the use of a two-tiered copyright enforcement system. In plaintiffs' view, YouTube provides "powerful copyright owners," such as major studios and recording companies, with access to Content ID, a copyright management tool that allows owners to block uploads of infringing works, monetize infringement, and track viewership statistics of infringing works. Dkt. No. 99 ¶¶ 1-2 (amended complaint). "Ordinary owners" such as plaintiffs are denied access to Content ID, which is said to make it impossible for them to police their copyrights, resulting in widespread piracy and infringement that they cannot meaningfully address. *Id.*

YouTube asks to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 103. The parties' familiarity with the record is assumed, and dismissal is denied.

To state a claim for copyright infringement, plaintiffs must allege (1) ownership of the allegedly infringed material and (2) a violation by defendants of one of the exclusive rights conferred by the Copyright Act. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007); *see also UMG Recordings v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011). Plaintiffs

have done so here.  The amended complaint alleges that at least one plaintiff owns each of the works at issue and that YouTube infringed those works by displaying infringing videos.  Dkt. No. 99 ¶¶ 16-17, 60 n.7, 64, 66-72, 74-75, 78-79.

YouTube's multiple arguments for dismissal are unavailing.  It says that the phrases "including" and "these works as millions of other works" in the amended complaint indicate an attempt to allege claims for unidentified works.  Dkt. No. 103 at 3, 6.  The point is not well taken.  YouTube unduly slights the fact that the amended complaint specifically identifies allegedly infringed works owned by each plaintiff.  This is enough to provide fair notice to YouTube of the claims against it.

YouTube's suggestion that the amended complaint founders on a heightened pleading requirement is also misdirected.  Dkt. No. 103 at 7.  The allegations of infringement are sufficient to give YouTube fair notice of the claims against it, which is all that Rule 8 requires.  *See, e.g.,* Dkt. No. 99 ¶¶ 64, 71-72, 74, 78; Fed. R. Civ. P. 8(a).

YouTube says that plaintiffs have not sufficiently pled ownership of certain works.  Dkt. No. 103 at 8.  For example, it has proffered Copyright Office records that are said to cast doubt on Uniglobe's exclusive rights for three feature films.  *See* Dkt. No. 104; Dkt. No. 99 ¶¶ 66-69.  But this is a motion to dismiss, and the Court declines to take into account such matters that are well outside the amended complaint.  *See Whitaker v. AMT Tech, Inc.*, No. 21-cv-03045-JD, Dkt. No. 18 (N.D. Cal. Aug. 16, 2021) ("the sufficiency of a complaint for Rule 12(b)(6) purposes is determined in the first instance within the four corners of the complaint").  In addition, the amended complaint plausibly alleges that Uniglobe and AST Publishing own foreign works and that the works are exempt from the registration requirements of the Copyright Act.  *See* Dkt. No. 99 ¶¶ 70, 75-76.

YouTube contends that Schneider's claims for 28 works added to the amended complaint, Dkt. No. 99 ¶ 60 n.7, should be dismissed because she did not register copyrights for those works prior to filing the original complaint.  Dkt. No. 103 at 10-11.  The Copyright Act states that "no civil action" for copyright infringement "shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).

"[R]egistration is a precondition to filing an action for copyright infringement." *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1144 (9th Cir. 2019); *see also Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) ("[R]egistration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright.").

It is true that some courts in this district have held that plaintiffs cannot "cure" failures to meet the registration requirement with amended complaints. *See, e.g., Kifle v. YouTube LLC*, No. 21-cv-01752-CRB, 2021 WL 1530942, at *6 (N.D. Cal. Apr. 19, 2021); *Izmo, Inc. v. Roadster, Inc.*, No. 18-cv-06092-NC, 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019). The Court need not reach the question of whether it might agree with that conclusion. That is because plaintiffs here, unlike the ones in other cases, are not seeking to cure any defects. Schneider's works identified in the original complaint were properly registered. *See* Dkt. 1 ¶ 60. In the amended complaint, Schneider added new claims for works that were registered prior to the filing of the amended complaint. *See* Dkt. 99 ¶ 60 n.7. Consequently, the amended complaint complies with the registration requirement.

YouTube's scienter point is equally uncompelling. It says that plaintiffs did not plausibly allege scienter for the claim that YouTube removed copyright management information (CMI) in violation of 17 U.S.C. § 1202(b). Dkt. No. 103 at 13-14. Section 1202(b) states that "[n]o person shall . . . intentionally remove or alter any copyright management information . . . knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any" copyright.

Our circuit has determined that Section 1202(b) requires "the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions will induce, enable, facilitate, or conceal infringement." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018) (internal quotations omitted). "The mental state requirement in Section 1202(b) must have a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *Id.* at 674.

Plaintiffs have alleged that here. The amended complaint states that YouTube knew that

1  files containing audio and/or video works routinely contain CMI, that CMI is valuable for

2  protecting copyright holders, and that the distribution of works with missing CMI on YouTube has

3  induced, enabled, facilitated, and concealed copyright infringement.  Dkt. No. 99 ¶¶ 83-86, 101.

4  The plausible inference from these and similar allegations is that YouTube removed the CMI from

5  plaintiffs' works with knowledge that doing so carried a "substantial risk" of inducing

6  infringement.  *See Stevens*, 899 F. 3d at 676.

7  YouTube's concern about potential remedies, Dkt. No. 103 at 12, is premature.  The

8  question of what, if any, remedies may be due to plaintiffs will be taken up as warranted at a later

9  time.

10  **IT IS SO ORDERED.**

11  Dated:  August 1, 2022

JAMES DONATO
United States District Judge