# EXHIBIT A

George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Ryan Z. Cortazar *(pro hac vice)*
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:  (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Maria Schneider and
Pirate Monitor, LTD*

Philip C. Korologos *(pro hac vice)*
  pkorologos@bsfllp.com
Joanna C. Wright *(pro hac vice)*
  jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:  (212) 446-2300
Facsimile: (212) 446-2350

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants. | CASE NO. 5:20-cv-4423<br><br>**PLAINTIFF PIRATE MONITOR LTD'S OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S SECOND SET OF DOCUMENT REQUESTS TO PLAINTIFF AND COUNTERCLAIM DEFENDANT PIRATE MONITOR LTD** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Pirate Monitor LTD (together "Plaintiff" or "Pirate Monitor") submits the following responses and objections to Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively "Defendants") Second Set of Document Requests to Plaintiff Pirate Monitor LTD, dated January 13, 2020 (the "Requests"), in the above-captioned action (the "Action").

By these Responses, Pirate Monitor does not intend to, and does not, (1) waive any objection as to the admissibility of evidence or the competency of, relevancy of, materiality of, or privilege attaching to any information disclosed in these responses, or (2) waive the right to object to other discovery requests or undertaking involving or reflecting the subject matter of the Requests or these Responses. These Responses do not constitute, nor should they be construed as, admissions with respect to the relevancy or admissibility of any evidence or document identified herein or the truth or accuracy of any statement, characterization, or other information contained in such document. Pirate Monitor expressly does not concede the relevance or materiality of any of these Responses or the subject matter they refer to.

Pirate Monitor's discovery and preparation for trial of this matter is not complete as of the date of these Responses and are continuing. Pirate Monitor anticipates that discovery and preparation for trial will reveal additional information not presently known to it, but upon which it may rely. These Responses to the Requests are based upon information currently known to or believed to be true by Pirate Monitor. Pirate Monitor reserves the right to modify or supplement these Responses upon completion of discovery and preparation for trial of this matter, and to use at trial, or in any motion or deposition, any documents, facts, or supporting evidence of any sort later developed or discovered.

Pirate Monitor reserves the right to amend or revise these Responses, including based on any responses or objections submitted by Defendants to any of Pirate Monitor's discovery requests. Pirate Monitor also asserts that any discovery obligations should be mutual between parties, so that if any of Pirate Monitor's objections are overridden, Defendants should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

Pirate Monitor expects that the parties will negotiate a "search term protocol," which will govern the search for documents in this litigation, including the search terms and parameters, custodians, repositories and relevant time frame. Pirate Monitor will locate documents consistent with this protocol, which will be subject to further review for responsiveness.

## GENERAL OBJECTIONS

1. Pirate Monitor objects to the Requests to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. Pirate Monitor objects to the extent that Defendants' Requests purport to seek discovery of every conceivable document, or "any" or "all" documents, relating to a particular request. Pirate Monitor intends to negotiate reasonable document search parameters with Defendants.

3. Pirate Monitor objects to each Request to the extent it purports to seek information protected by the attorney-client privilege or the work-product doctrine, and Pirate Monitor will not provide any privileged and/or protected information. Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of any applicable privileges.

4. Pirate Monitor objects to each Request to the extent that it contains words and/or phrases that are not defined, thereby rendering the Request overboard, vague, and ambiguous.

5. Pirate Monitor objects to the Requests to the extent that they seek information not within Pirate Monitor's possession, custody, or control.

6. Pirate Monitor objects to the Requests to the extent that they purport to impose a burden on Pirate Monitor to provide documents or information already in Defendants' possession, custody, or control, and/or which are publicly available, otherwise equally available to all parties, or available to Defendants from a less burdensome, more efficient, more convenient, or less expensive source than they are available to Pirate Monitor, or through a more convenient, more efficient, less burdensome, or less expensive means than the Requests.

7. Any objection to any of the Requests is not an admission that Pirate Monitor has any information or documents responsive to a particular Request.

8. If a response indicates that Pirate Monitor will produce documents, Pirate Monitor does not represent that any responsive documents are in its possession, custody, or control, but rather that production will be made if any such documents are located after a reasonable search.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. Pirate Monitor objects to the extent that Defendants' Definitions and Instructions seek information covered by privilege(s), including the attorney-client and attorney work product privileges. *See, e.g.*, Defendants' Definition No. 1.

2. Pirate Monitor objects to the definition of "Pirate Monitor," "You," and "Your," as vague, overbroad, unduly burdensome, disproportionate to the needs of this litigation. Pirate Monitor will construe these terms to refer to Pirate Monitor LTD and any agent or principal acting on behalf of Pirate Monitor LTD.

3. Pirate Monitor objects to the instruction to provide all documents in the possession, custody, or control of anyone other than Pirate Monitor. Consistent with its obligations under the Federal Rules and applicable law, Pirate Monitor will undertake reasonable efforts to produce responsive documents within its possession, custody, or control.

4. Pirate Monitor objects to the failure to include an instruction as to the relevant time period for the Requests. Pirate Monitor will apply reasonable date restrictions to its searches for responsive documents, consistent with its obligations under the Federal Rules and applicable law.

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections and Objections to Definitions and Instructions set forth above are incorporated into the Specific Objections below, as if incorporated therein. Pirate Monitor reserves the right to amend or revise its Specific Objections, including after meeting and conferring with Defendants regarding any Request. A response to any request indicating that Pirate Monitor agrees to produce

documents is not an admission that documents responsive to the Request exist and does not waive any objections to the use of any discovery produced in response to the Request.

**DOCUMENT REQUEST NO. 51:**

All documents and communications relating to Intellectual Property LLC.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 51 on the grounds that it is overbroad, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 52:**

All communications between You and Intellectual Property LLC concerning YouTube or Google, any matter set forth in the complaint, or any matter related to the conduct of this litigation.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 52 on the grounds that it is overbroad, duplicative of Request No. 51, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 53:**

All documents and communications relating to Pex.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 53 on the grounds that it is overbroad, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 54:**

All communications between You and Pex concerning YouTube or Google, any matter set forth in the complaint, or any matter related to the conduct of this litigation.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 54 on the grounds that it is overbroad, duplicative of Request No. 53, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 55:**

All documents and communications relating to Pirate Monitor LLC.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 55 on the grounds that it is overbroad, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 56:**

All communications between You and Pirate Monitor LLC concerning YouTube or Google, any matter set forth in the complaint, or any matter related to the conduct of this litigation.

PIRATE MONITOR'S OBJECTIONS & RESPONSES TO DEFENDANTS' SECOND SET OF DOCUMENT REQUESTS       6       CASE NO. 5:20-CV-4423

**OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 56 on the grounds that it is overbroad, duplicative of Request No. 55, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 57:**

All documents and communications relating to Sarfraz Arshad Khan.

**OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 57 on the grounds that it is overbroad, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 58:**

All communications between You and Sarfraz Arshad Khan concerning YouTube or Google, any matter set forth in the complaint, or any matter related to the conduct of this litigation.

**OBJECTIONS AND RESPONSE:**  Pirate Monitor objects to Request No. 58 on the grounds that it is overbroad, duplicative of Request No. 57, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 59:**

All documents and communications relating to Zoltan Buzas.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 59 on the grounds that it is overbroad, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 60:**

All communications between You and Zoltan Buzas concerning YouTube or Google, any matter set forth in the complaint, or any matter related to the conduct of this litigation.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 60 on the grounds that it is overbroad, duplicative of Request No. 59, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 61:**

All documents and communications concerning Ransom Nova.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 61 on the grounds that it is overbroad, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with

Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 62:**

All documents and communications concerning YouTube accounts created or used by Ransom Nova.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 62 on the grounds that it is overbroad, duplicative of Request No. 61, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

**DOCUMENT REQUEST NO. 63:**

All documents concerning Your selection of works to be included as Works in Suit.

**OBJECTIONS AND RESPONSE:** Pirate Monitor objects to Request No. 63 on the grounds that it is overbroad, seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence, and is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit. Pirate Monitor states in accordance with Rule 34(b)(2)(C) that it intends to withhold responsive documents on the basis of the objections stated herein.

Dated: February 12, 2021                                             Respectfully submitted,

/s/ Steven M. Berezney
George A. Zelcs *(pro hac vice)*
Randall P. Ewing, Jr. *(pro hac vice)*
Ryan Z. Cortazar *(pro hac vice)*

**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe (*pro hac vice*)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
Joanna C. Wright (*pro hac vice*)
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and
Pirate Monitor LTD*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I caused the foregoing Plaintiff Pirate Monitor LTD's Objections and Responses to YOUTUBE and GOOGLE'S Second Set of Document Requests to Plaintiff Pirate Monitor LTD to be served on all opposing counsel of record by email at the addresses listed below:

Schneidervyoutube@wsgr.com

                                           /s/ Steven M. Berezney