1  DAVID H. KRAMER, SBN 168452  
   MAURA L. REES, SBN 191698  
2  LAUREN GALLO WHITE, SBN 309075  
   WILSON SONSINI GOODRICH & ROSATI  
3  Professional Corporation  
   650 Page Mill Road  
4  Palo Alto, CA 94304-1050  
   Telephone: (650) 493-9300  
5  Facsimile: (650) 565-5100  
   Email: dkramer@wsgr.com  
6         mrees@wsgr.com  
          lwhite@wsgr.com  
7  

BRIAN M. WILLEN (admitted *Pro Hac Vice*)  
WILSON SONSINI GOODRICH & ROSATI  
Professional Corporation  
1301 Avenue of the Americas, 40th Floor  
New York, NY 10019-6022  
Telephone: (212) 999-5800  
Facsimile: (212) 999-5801  
Email: bwillen@wsgr.com  

8  Attorneys for Defendants and Counterclaimants  
   YOUTUBE, LLC and GOOGLE LLC  

9                    UNITED STATES DISTRICT COURT  

10                 NORTHERN DISTRICT OF CALIFORNIA  

11                     SAN FRANCISCO DIVISION  

12  MARIA SCHNEIDER, UNIGLOBE  
    ENTERTAINMENT, LLC, and AST  
13  PUBLISHING LTD., individually and on behalf  
    of all others similarly situated,  
14  
15              Plaintiffs,  
16         v.  
17  YOUTUBE, LLC and GOOGLE LLC,  
18              Defendants  
   _____  
19  
20  YOUTUBE, LLC and GOOGLE LLC,  
21              Counterclaimants,  
22         v.  
23  PIRATE MONITOR LTD, PIRATE MONITOR  
    LLC, and GÁBOR CSUPÓ,  
24  
25              Counterclaim Defendants.  
   _____  

CASE NO.: 3:20-cv-04423-JD  

**YOUTUBE, LLC AND GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

26  
27  
28

Pursuant to Civil Local Rules 7-11 and 79-5(d)-(e), and in compliance with the Standing Order for Civil Cases before Judge James Donato ¶¶ 25-31, Defendants-Counterclaimants YouTube, LLC and Google LLC ("YouTube") submit this administrative motion to file under seal: a limited portion of Exhibit 1 to the Declaration of Joanne Suk in Support of YouTube, LLC and Google LLC's Motion for Summary Judgment as to Plaintiff Maria Schneider ("Suk Declaration"). YouTube also seeks consideration of: (1) whether documents that Plaintiff Maria Schneider has designated as confidential under the Stipulated Protective Order (Dkt. 45) should be sealed; and (2) whether documents that non-party Modern Works Music Publishing ("Modern Works") has designated under the Stipulated Protective Order should be sealed.

Documents submitted with a dispositive motion may be filed under seal where there are "compelling reasons" to do so.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Likewise, "the common law right of inspection has bowed before the power of a court to insure that its records are not used… as sources of business information that might harm a litigant's competitive standing." *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan 3. 2019) (quoting *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)).  This includes "sensitive business information" about "non-public business practices."  *Google Inc. v. Eolas Techs. Inc.*, No. 15-CV-05446-JST, 2016 WL 9243337, at *1-2 (N.D. Cal. Mar. 22, 2016).

I.    **Compelling Reasons Exist to Seal Portions of the Publishing License Agreement Reflecting Confidential Information about Royalty Terms**

YouTube seeks approval of redactions of specific, sensitive aspects of one license agreement: Suk Declaration Exhibit 1, a license agreement between Google and Modern Works (the "Publishing License Agreement" or "PLA").  The PLA delineates the royalty terms whereby

1   Google compensates certain licensees, including Modern Works. The agreement has

2   confidentiality provisions requiring the parties to safeguard the terms of the agreement.

3       Courts, including the Ninth Circuit, routinely recognize that "'pricing terms, royalty

4   rates, and guaranteed minimum payment terms' meet the compelling reasons standard for

5   sealing." *In re Elec Arts. Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008)) (holding that "pricing

6   terms, royalty rates, and guaranteed minimum payment terms" sought to be sealed "plainly f[ell]

7   within the definition of 'trade secrets'"); *Open Text S.A. v. Box, Inc.*, et al, No. 13-cv-04910-JD,

8   2014 WL 7368594 at *3 *et seq* (N.D. Cal. Dec. 16, 2014) (Donato, J.) (granting sealing motions

9   as to "sensitive information like pricing terms, royalty rates, [and] minimum payment terms");

10  *Microsoft Corp. v. Hon Hai Precision Indus. Co. Ltd.*, No. 19-cv-01279-LHK, 2020 WL

11  8991707 at *3 (N.D. Cal. Feb. 21, 2020) (granting defendants' motion to seal where they sought

12  to seal "three specific text items that substantively discuss royalty rates and pricing terms.");

13  *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, No. 19-cv-08098-LHK, 2020 WL 8669859 at *3

14  (N.D. Cal. Nov. 6, 2020) (granting motion seeking to seal on the basis that "the competitive

15  harm that would result from the disclosure of Plaintiff's pricing and contracts with third parties is

16  a compelling reason" to seal same).  The Ninth Circuit treats such terms as "sealable trade

17  secrets." *Microsoft Corp.*, 2020 WL 8991707, at *3.  "The same is true of information

18  associating identified customers with particular pricing rates or other financial terms." *Id.*

19      Since the PLA identifies specific parties (here, Modern Works) with "particular pricing

20  rates [and] other financial terms," the portions of the agreement that substantively discuss the

21  terms by which Modern Works is compensated should be kept sealed.  Revealing the pricing

22  terms, royalty rates, payment terms, and the data required to calculate those terms would expose

23  terms that the parties have sought to keep confidential, thereby "harm[ing the parties']

24  competitive standing." *Nixon*, 435 U.S. at 589.

25      The factors set forth in Local Rule 79-5(c)(1) are all present here.  First, with respect to

26  the "legitimate public or private interests that warrant sealing" (Civil L.R. 79-5(c)(1)(i)), it is

27  settled law of this District and the Ninth Circuit that "the competitive harm that would result

28

from the disclosure of… pricing and contracts with third parties is a compelling reason that outweighs the general history of access and the policies favoring disclosure." *DiscoverOrg Data*, 2020 WL 8669859 at *3 (citing *Kamakana*, 447 F.3d at 1178-79).

The specific provisions YouTube seeks to seal regarding pricing and compensation are not relevant to the issues in dispute. The agreement is included in support of the motion for summary judgment to demonstrate that this license exists and authorizes YouTube's use of works covered by it; the specific royalty rates underlying the license are not relevant to establishing the existence and scope of the license. But even if there were some public interest in the specific details of this arrangement, that interest must yield to the recognized private interest of the parties in maintaining the confidentiality of the "pricing, royalty rates, and guaranteed minimum payment terms." *In re Elec. Arts, Inc.*, 298 F. App'x at 569. Moreover, the parties negotiated these terms with the expectation (and promise) that they would be kept confidential, and the public interest is furthered if parties can freely negotiate with an expectation of confidentiality.

Second, if redactions are denied, YouTube will be "injur[ed]" because public disclosure of pricing terms, royalty rates, payment terms, and the data required to calculate those terms would cause competitive harm to YouTube and provide an improper advantage to its competitors. Declaration of Joanne Suk in Support of YouTube, LLC and Google LLC's Administrative Motion to Seal and to Consider Whether Another Party's Material Should Be Sealed ¶ 4 ("To foster trust with licensors and potential licensors, and thereby preserve the ability of YouTube and its licensors to continue successfully negotiating license agreements, YouTube must be able to assure the confidentiality of the royalty and payment terms of its license agreements."); *see also id.* at ¶ 5; Civil L.R. 79-5(c)(1)(ii).

Third, YouTube is not seeking to seal the agreement in its entirety, only redaction of specific, sensitive portions of it. There is no "less restrictive alternative" to these tailored redactions. Civil L.R. 79-5(c)(1)(iii).

**II.      YouTube Seeks Consideration of Whether Information That Plaintiff Designated As Confidential And/or Attorneys' Eyes Only Should Be Sealed.**

Pursuant to the Stipulated Protective Order entered in this action (Dkt. No. 45), Schneider designated as "Confidential" and/or "Attorneys' Eyes Only" the documents submitted as Exhibits 8, 13, 14, 16, 20 to the Declaration of Paul N. Harold in support of YouTube, LLC and Google LLC's Motion for Summary Judgment as to Plaintiff Maria Schneider.  YouTube has submitted those documents provisionally under seal and redacted portions of the Motion for Summary Judgment that quote those documents in accordance with the provisions of the Stipulated Protective Order and Civil Local Rule 79-5(f).

**III.      YouTube Seeks Consideration of Whether Information That Modern Works Publishing Has Designated As Confidential Should Be Sealed.**

Pursuant to the Stipulated Protective Order entered in this action (Dkt. No. 45), non-party Modern Works Publishing has designated as "Confidential" the documents submitted as Exhibit 9 to the Declaration of Paul N. Harold YouTube, LLC and Google LLC's Motion for Summary Judgment as to Plaintiff Maria Schneider and Exhibits A, B, C, and D to the Declaration of Dan Coleman ("Coleman Decl.").  YouTube has submitted Exhibit 9 to the Declaration of Paul N. Harold YouTube, LLC and Google LLC's Motion for Summary Judgment as to Plaintiff Maria Schneider provisionally under seal in accordance with the provisions of the Stipulated Protective Order and Civil Local Rule 79-5(f).  Defendants filed Exhibits A, B, C, and D to the Declaration of Dan Coleman in the form they were provided to Defendants, and at Coleman's request has filed these exhibits in redacted form.  *See* Coleman Decl. ¶¶ 3, 6-9 (describing exhibits as "redacted").  Unredacted versions of these documents were produced in this litigation stamped MODWORKS00000350, MODWORKS00000346, MODWORKS00000046, MODWORKS00001429.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the foregoing reasons, YouTube respectfully requests that the Court grant its Administrative Motion to Seal.

Respectfully submitted,

Dated:  August 26, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
        David H. Kramer

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC