UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF DAN COLEMAN**<br><br>Date: October 13, 2022<br>Time: 10:00 am<br>Courtroom: 11<br>Judge: Hon. James Donato |

I, Dan Coleman, am the Co-Founder and President of A Side Music, LLC dba Modern Works Music Publishing ("Modern").

Artistshare Music Publishing, LLC ("AMP") is an LLC with 2 members: Modern and Artistshare, Inc. Modern is 50% owner of AMP, and I am Chief Operating Officer of AMP.

In 2008, Maria Schneider ("Schneider") entered into an agreement with AMP in which she granted AMP exclusive administration rights to license all music compositions she owns or controls ("Administration Agreement"), a copy of which is attached as Exhibit A. The Administration Agreement is still in effect on the date of this writing. Exhibit A has been redacted to remove (i) mailing addresses of the parties to the Administration Agreement, and (ii) AMP's compensation provision.

In accordance with §14A of the Administration Agreement, AMP assigned all its duties under the Administration Agreement to Modern. Modern acts as the worldwide subpublisher for AMP, and Schneider has never objected to Modern as subpublisher.

In April 2014 Modern entered into a nonexclusive publisher license agreement with YouTube for Modern's catalog of administered works ("PLA"). In connection with the PLA, YouTube gave Modern access to YouTube's Content ID website ("CID"). Via CID, Modern has had the ability to block, track or monetize compositions it administers. Modern has used CID to administer YouTube uses of thousands of works on behalf of hundreds of copyright owners.

In multiple conversations, I told Schneider that Modern entered into the PLA to access CID for its entire administered catalog. The majority of Modern's clients prefer monetization of their works. Schneider instructed Modern not to monetize her works on YouTube. An email thread dated August 1, 2016 is attached as Exhibit B. Exhibit B is redacted to preserve the privacy of a former employee.

In accordance with the PLA, Modern provided data files to YouTube containing information about works it controls, including but not limited to works by Schneider. In accordance with the PLA, upon delivery of Modern's data to YouTube, YouTube defaulted to monetizing Schneider's works. In accordance with §7 of the Administration Agreement, Modern used CID to counteract default monetization at various times, including instituting a so-called "block policy" on or around May 27, 2016 (included as Exhibit C with former employee names redacted) and on or around July 14, 2020.

During periods of default monetization, YouTube paid revenue related to Schneider's works to Modern. On behalf of AMP, Modern distributed Schneider's royalties derived from YouTube monetization to Schneider and provided royalty statements identifying YouTube as the source of royalties. An example of a royalty statement containing Schneider's YouTube earnings processed by Modern through May 15, 2016 is attached as Exhibit D. Earnings from sources other than YouTube have been redacted.

I consider this information sensitive and confidential information of Modern. I am providing this affidavit with defendant's assurance that they will file a motion to seal all exhibits to this affidavit pursuant to the protective order and to preserve the privacy of Modern (a non-party), and its employees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 11, 2022 in Tucson, AZ.

Dan Coleman