| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>       mrees@wsgr.com<br>       lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants<br><br>―――――――――――――――――<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>    Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF PAUL N. HAROLD IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF MARIA SCHNEIDER**<br><br>Date:        October 13, 2022<br>Time:       10:00 am<br>Courtroom:  11<br>Judge:      Hon. James Donato |

DECLARATION OF PAUL N. HAROLD ISO
YOUTUBE, LLC AND GOOGLE LLC'S MOTION
FOR SUMMARY JUDGMENT AS TO PLAINTIFF
MARIA SCHNEIDER

CASE NO. 3:20-CV-04423-JD

I, Paul N. Harold, declare as follows:

1. I am an attorney at Wilson, Sonsini, Goodrich & Rosati, counsel to Defendants, am over the age of 18 and competent to make this declaration. I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of each of them.

2. Schneider's copyright infringement complaint did not identify a single alleged copyright infringement. *See* Dkt. 1. After Defendants raised this matter with the Court, the Court set deadlines for Schneider to identify the alleged infringements at issue in the case. *See* Dkt. 98. The Court ordered Schneider (and the other plaintiffs) "to provide a preliminary list of infringements" by November 29, 2021, a week after the deadline for Plaintiffs to file their amended complaint identifying all copyrighted works at issue. *Id.* at 1. The Court gave Plaintiffs roughly three months to provide a final list of alleged infringements, ordering them "to identify a final list of infringements" by February 25, 2022. *Id.* at 2. On that date, Plaintiffs served on Defendants their final list of infringements. A true and correct copy of Plaintiffs' February 25, 2022 List of Infringements is attached as **Exhibit 1**. That list does not include any alleged infringements of twenty-seven of Schneider's Works-in-Suit, including (1) *A World Lost*; (2) *CQ CQ, Is Anybody There?*; (3) *Dissolution*; (4) *Divided by two*; (5) *Espino*; (6) *Evelyn*; (7) *Finding flight*; (8) *Free fall*; (9) *Lembrança*; (10) *Nimbus*; (11) *Now and then*; (12) *One for Tad*; (13) *Prairie dance*; (14) *Recapitulation*; (15) *Returning*; (16) *Samba solstice*; (17) *Sanzenin*; (18) *Stone Song*; (19) *String Quartet No. 1*; (20) *The blasphemy*; (21) *The Sun Waited for Me*; (22) *The willow*; (23) *This 'n that*; (24) *Tranquilidade*; (25) *VIKINGS ANTHEM*; (26) *Waxwing*; and (27) *Willow Lake*.

3. Attached as **Exhibit 2** is a chart that I prepared listing what Defendants contend are the license and limitations defenses applicable to each infringement alleged by Plaintiff Maria Schneider in her February 25, 2022 Final List of Infringements (*see* Ex. 1).

   a. The "Alleged Infringement URL" column lists every allegedly infringing video by URL identified in Schneider's February 25, 2022 List of Infringements. *See* Ex. 1.

b. The "Work(s) at Issue" column lists the Works-in-Suit that Schneider alleges appear in the videos at the URLs, as stated in Schneider's February 25, 2022 List of Infringements. *See* Ex. 1.

   c. The "PLA License Defense" column states whether Defendants contend that the corresponding alleged infringement was licensed to Defendants through the Publishing License Agreement entered into between Google and Schneider's music publisher. *See* Declaration of Dan Coleman ¶ 5; Declaration of Joanne Suk ("Suk Decl.") ¶ 4 & Suk Ex. 1 (Publishing License Agreement).

   d. The "TOS License Defense" column states whether Defendants contend that the corresponding alleged infringement was licensed to Defendants under the YouTube Terms of Service because Schneider authorized the content to be uploaded to and appear on YouTube. *See* Declaration of Chenyuan Zhu ("Zhu Decl.") ¶ 8 & Zhu Ex. 1 (Terms of Service).

   e. The "Copyright SOL Defense, Actual Knowledge" and "Copyright SOL Defense, Constructive Knowledge" columns state whether Defendants contend that the corresponding alleged infringement is barred under 17 U.S.C. § 507(b)'s three-year statute of limitations because Schneider had either actual or constructive knowledge of the alleged infringement more than three years before she filed suit on July 2, 2020.

   f. The "TOS SOL Defense, Actual Knowledge" and "TOS SOL Defense, Constructive Knowledge" columns state whether Defendants contend that the corresponding alleged infringement is barred under YouTube's Terms of Service, which requires that "ANY CAUSE OF ACTION ARISING OUT OF OR RELATED TO THE SERVICES MUST COMMENCE WITHIN ONE (1) YEAR AFTER THE CAUSE OF ACTION ACCRUES. OTHERWISE, SUCH CAUSE OF ACTION IS PERMANENTLY BARRED." Zhu Ex. 1 § 14.

   g. The "Date of Video Upload" column states the date that the video allegedly infringing Schneider's work was uploaded to YouTube's service. This information is derived from "voluminous writings … that cannot conveniently be examined in court" (Fed. R. Evid. 1006), specifically documents produced by Defendants stamped GOOG-SCHNDR-00042746 to GOOG-SCHNDR-00043716, and GOOG-SCHNDR-00047418 to GOOG-SCHNDR-00047895.

   h. The "Date of Discovery" column states the date that Schneider admitted she became aware of the alleged infringement, as reflected in Plaintiff Maria Schneider's Second Amended Objections And Response To YouTube And Google's Sixth Interrogatory (*see infra* Ex. 12).

4. Attached as **Exhibit 3** is a true and correct copy of an email thread between Schneider and John Barker at ClearBox Rights produced by Plaintiff Maria Schneider stamped

SCHNEIDER_0000003439. In this email thread, Schneider states that her works "are administered by ModernWorks (Dan Coleman)." Ex. 3 at 1.

5. Attached as **Exhibit 4** is a true and correct copy of an email produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000055596. In this email, Schneider refers to "Dan Coleman of Modern Works" as "[m]y publishing administrator." Ex. 4 at 1.

6. Attached as **Exhibit 5** is a true and correct copy of an email thread concerning a request to license one of Schneider's works produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000043126. In this email thread, Schneider directs the licensing inquiry to Modern Works. Ex. 5 at 1.

7. Attached as **Exhibit 6** is a true and correct copy of an email thread concerning a request to license one of Schneider's works produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000152030. In this email thread, Schneider directs the licensing inquiry to Modern Works. Ex. 6 at 1.

8. Attached as **Exhibit 7** is a true and correct copy of a printout of the YouTube Help Center webpage titled "How Content ID works" retrieved from the YouTube.com website and produced by Defendants stamped GOOG_SCHNDR-00037924.

9. Attached as **Exhibit 8** is a true and correct copy of the document produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000100799, which was produced under a CONFIDENTIAL designation.

10. Attached as **Exhibit 9** is a true and correct copy of the document produced by third-party Modern Works Music Publishing stamped MODWORKS00000803, which was produced under a CONFIDENTIAL designation.

11. Defendants served on Schneider a set of interrogatories that among other things asked Schneider to: (i) identify instances in which she licensed her Works-in-Suit; (ii) to identify persons or entities who have been authorized to license her Works-in-Suit; and (iii) to describe the basis for her claims that Defendants allegedly violated Section 1202 of the Copyright Act. Attached as **Exhibit 10** is a true and correct copy of Plaintiff Maria Schneider's First Amended

Responses And Objections to Defendants' First And Second Set Of Interrogatories, served March 8, 2021.

    a. Defendants' Interrogatory No.4 asked, "For each Work In Suit, identify by date, person, and agreement every occasion on which any other person has been licensed or authorized to copy, display, distribute, or publicly perform the work (or otherwise exercise any of the rights under Section 106 of the Copyright Act with respect to the work)." Ex. 10 at 11.

    Schneider responded that she had "authorized or licensed" the following rights to Works-in-Suit on YouTube: "the display of a performance by the Royal Academy of Music of 'Dance, you monster, to my soft song' and 'Choro Dançado' to be publicly available for one month only and then unlisted for an additional six months" and "the display of a performance by Elmhurst College of an arrangement of 'Allegresse' to be publicly available." *Id.*

    b. Defendants Interrogatory No. 5 asked, "For each Work In Suit, identify every person or entity who has ever been authorized to grant licenses to any of the rights set forth in Section 106 of the Copyright Act (*e.g.*, any music publisher, agent, performing rights organization, collection society, clearinghouse, or publishing administrator)." *Id.* at 11-12.

    Schneider responded that "for the Works in Suit Schneider has authorized ASCAP to grant certain public performance rights." *Id.* at 12.

    c. Defendants' Interrogatory No. 9 asked, "Describe in detail each alleged violation of Section 1202 of the Copyright Act that you contend Defendants committed regarding your Works in Suit, including for each alleged violation, the specific Work In Suit on which CMI appeared, the specific CMI that Defendants allegedly removed, and the URL of the YouTube video displaying the content without the alleged CMI." *Id.* at 16.

    Schneider's only response was to identify certain "International Standard Musical Word Codes (ISWCs) and International Standard Recording Codes (ISRCs) associated with her Works in Suit." *Id.* at 17. She did not identify any specific Works-in-Suit, specific videos that contained alleged CMI, or the specific CMI any specific video allegedly once contained.

12. Plaintiff Maria Schneider is a member of the American Society of Composers, Authors, and Publishers ("ASCAP"). Ex. 21 at 109:3-8. When authors of musical works become members of ASCAP, they agree to ASCAP's Writer Member Agreement. Attached as **Exhibit 11** is a true and correct copy of the ASCAP Writer Member Agreement from ASCAP's website (https://www.ascap.com/~/media/files/pdf/join/ascap-writer-agreement.pdf) and produced in this

litigation stamped GOOG-SCHNDR-00032723. Pursuant to this membership agreement, members like Schneider grant ASCAP a nonexclusive "right to license non-dramatic public performances" of their copyrighted works. Ex. 11 at 1.

13. Defendants served on Schneider Interrogatory No. 6, which asked Schneider to provide the date she first learned of each infringement and to detail how she became aware of each infringement. Attached as **Exhibit 12** is a true and correct copy of Plaintiff Maria Schneider's Second Amended Objections And Response To YouTube And Google's Sixth Interrogatory, served June 10, 2022. After several amendments and corrections to her response, Schneider provided dates "on or shortly before" which she "became aware of the [alleged] infringements." Ex. 12 at 4. These dates ranged from December 10, 2007 (more than twelve years before Schneider sued) to February 23, 2022 (twenty months after she sued). *Id.* at 4-8. Schneider said that she and her agents discovered the alleged infringements by "conducting searches for unauthorized copies of her work on YouTube using her name and/or the titles of the Works in Suit or by being alerted to the video by a third party." *Id.* at 8.

14. Attached as **Exhibit 13** is a true and correct copy of the document produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000033198, which was produced under a CONFIDENTIAL designation.

15. Attached as **Exhibit 14** is a true and correct copy of the document produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000125604, which was produced under a CONFIDENTIAL designation.

16. Attached as **Exhibit 15** is a true and correct copy of a February 18, 2021 email thread between Marie Le Claire and Schneider, produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000178804. In this email thread, Schneider inquires about videos containing Schneider's works that were deleted from Schneider's YouTube channel during the litigation. Schneider asks Le Claire and Bornheimer, "Did either of you remove these?" Ex. 16 at 1. Le Claire's response stated, "It was probably me." *Id.*

Declaration of Paul N. Harold ISO YouTube, LLC and Google LLC's Motion for Summary Judgment as to Plaintiff Maria Schneider      -5-      Case No. 3:20-cv-04423-JD

17. Attached as **Exhibit 16** is a true and correct copy of the document produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000176477, which was produced under a CONFIDENTIAL designation and marked as Schneider Exhibit 22 at the deposition of Plaintiff Maria Schneider and authenticated by Schneider. *See* Ex. 21 at 96:17-98:5.

18. Attached as **Exhibit 17** is a true and correct copy of an email thread between Schneider and Alice DuLuca produced by Plaintiff Maria Schneider stamped SCHNEIDER_0000124248, which was marked as Schneider Exhibit 23 at the deposition of Plaintiff Maria Schneider and authenticated by Schneider. *See* Ex. 21 at 98:14-25. In this email thread, DuLuca asks Schneider for permission to upload to YouTube a video promoting the Mass Audubon Bird-a-Thon that used Schneider's work Cerulean Skies, which is a Work-in-Suit. Ex. 17 at 5-6. Schneider agreed, writing "Of course you can do this on YouTube." *Id.* at 1; *see also* Ex. 21 at 99:2-16.

19. Attached as **Exhibit 18** is a true and correct copy of Defendants And Counterclaimants YouTube, LLC And Google LLC's Corrected Amended Response To Plaintiff Maria Schneider's Interrogatory No. 1, served June 8, 2022. Schneider's Interrogatory No. 1 asked for certain information about the treatment of copyright management information in uploaded videos, including whether YouTube's "systems now have, or have they ever had, the capacity to detect the existence of CMI during or after the upload process." Ex. 18 at 3. Among other points, YouTube's sworn response explained that "YouTube's systems do not have the capacity to detect and cannot be designed to detect the existence of CMI, because those systems have no way to determine whether any metadata in the file constitutes CMI, and no way to verify the accuracy of information in fields that could conceivably contain CMI, as users can add, remove, or modify the information in embedded metadata before uploading a given video. YouTube therefore does not know whether the contents of any given field do or do not constitute copyright management information about the associated video, or even if it were CMI, whose CMI it might be." *Id.* at 6, ¶ 6.

| | |
|---|---|
| 1 | 20. On April 29, 2022, Defendants served Interrogatory No. 19, which sought the basis |
| 2 | for Schneider's allegations that Defendants violated 17 U.S.C. § 1202. Attached as **Exhibit 19** is a |
| 3 | true and correct copy of Plaintiff Maria Schneider's Objections And Responses To Defendant |
| 4 | YouTube, LLC And Google LLC's Fifth Set of Interrogatories To Plaintiff Maria Schneider (Nos. |
| 5 | 12-20), served May 31, 2022. On May 31, one month before the close of fact discovery, Schneider |
| 6 | objected to the interrogatory as premature, stated "that the parties are negotiating responses to |
| 7 | RFPs relevant to information concerning this issue," and reserved "the right to supplement her |
| 8 | response" in the future as she saw fit. Fact discovery closed on July 5, 2022 (Dkt. 98, 155), and |
| 9 | Schneider has never supplemented her interrogatory response (Ex. 19 at 9). |
| 10 | 21. Attached as **Exhibit 20** is a true and correct copy of the document produced by |
| 11 | Plaintiff Maria Schneider stamped SCHNEIDER_0000090786, which was produced under a |
| 12 | CONFIDENTIAL designation. |
| 13 | 22. On June 14, 2022, Defendants took a deposition of Plaintiff Maria Schneider. |
| 14 | Attached as **Exhibit 21** is a true and correct copy of excerpts of the transcript of the deposition of |
| 15 | Plaintiff Maria Schneider, taken June 14, 2022. |
| 16 | 23. On June 21, 2022, Defendants took a deposition of Marie Le Claire. Attached as |
| 17 | **Exhibit 22** is a true and correct copy of excerpts of the transcript of the deposition of Marie Le |
| 18 | Claire, taken June 21, 2022. Le Claire began working for Schneider in 2008, and since then has |
| 19 | worked for Schneider in a variety of roles including as an assistant, videographer, and road |
| 20 | manager. Ex. 22 at 20:5-21:18. Le Claire also performed a variety of services relating to YouTube |
| 21 | for Schneider at Schneider's direction, including searching for alleged infringements of |
| 22 | Schneider's works on YouTube, sending takedown notices for alleged infringements of |
| 23 | Schneider's works on YouTube, uploading videos containing Schneider's works to YouTube, and |
| 24 | applying for YouTube's Content ID copyright management tool. Ex. 22 at 21:7-25:9. |
| 25 | 24. On June 23, 2022, Defendants took a deposition of Zachary Bornheimer. Attached |
| 26 | as **Exhibit 23** is a true and correct copy of excerpts of the transcript of the deposition of Zachary |
| 27 | Bornheimer, taken June 23, 2022. Bornheimer started regularly working for Schneider in 2017, |
| 28 | |

and has since performed a variety of services for Schneider, including copy work on her musical scores, associate producer work on her recordings, as well as technical advisory work and piracy research. Ex. 23 at 29:6-10. Bornheimer also conducted searches for alleged infringements of Schneider's works online and would send DMCA takedown notices on Schneider's behalf. Ex. 23 at 29:2-3, 97:18-100:24.

25. Defendants moved to dismiss (Dkt. 103) twenty-eight of Schneider's Works-in-Suit because those works were not registered pre-suit with the United States Copyright Office. These works are: (1) *Aires de Lando*; (2) *A Potter's Song*; (3) *Arbiters of Evolution*; (4) *A World Lost*; (5) *Bluebird*; (6) *Braided Together*; (7) *Carlos Drummond de Andrada Stories (5 songs for soprano and chamber orchestra)*; (8) *Cerulean Skies*; (9) *CQ CQ, Is Anybody There?*; (10) *Data Lords*; (11) *Don't Be Evil*; (11) *Home*; (12) *Lembrança*; (14) *Look Up*; (15) *Nimbus*; (16) *Rich's Piece*; (17) *Sanzenin*; (18) *Sky Blue*; (19) *Sputnik*; (20) *Stone Song*; (21) *String Quartet No. 1*; (22) *The Monarch and the Milkweed*; (23) *The Pretty Road*; (24) *The Sun Waited for Me*; (25) *The Thompson Fields*; (26) *Walking by Flashlight (instrumental big band arrangement)*; (27) *Willow Lake*; (28) *Winter Morning Walks (9 songs for soprano, string orchestra, and jazz trio)*. *Id.* at 4 n.2.

26. At the hearing on Defendants' motion to dismiss, the Court stated, "[I]t's relatively easy to figure this out. Can't you all just get together and go through it and do something like that? I mean don't waste your time, Plaintiff, if it's -- if it's not registered, you're pretty much done. So why can't -- can't you just sit down and, look the complaint was filed on -- the original --you know, it has to be probably the original complaint, whenever that was, and take it from there." Dkt. 124 at 16:17-24. The Court then ordered the parties to "meet and confer about the registration status of the works." Dkt. 120 at 1. During that meet and confer on May 20, 2022, counsel for Plaintiff agreed to drop claims based on the twenty-eight works that were not registered with the U.S. Copyright Office before Schneider filed her original complaint on July 2, 2020. On June 3, Defendants sent to Plaintiffs a draft stipulation of dismissal, which Plaintiffs never signed. On August 1, 2022, the Court denied Defendants' motion to dismiss, concluding that Schneider's

twenty-eight works that were not registered at the outset of the case, but were registered before her amended complaint, were not subject to dismissal based on a lack of timely registration. Dkt. 157 at 3. By that point, however, Plaintiffs had already agreed to drop those 28 works from the case, and have said nothing about the issue since.

27. On December 18, 2020, counsel for Plaintiffs wrote to counsel for Defendants about an "error" in the complaint and Pirate Monitor's interrogatory responses. That "error" was that Pirate Monitor did not in fact own one of the works named in the complaint and identified in Pirate Monitor's interrogatory response, *Csak szex és más semi*. See Dkt. 1, ¶ 17 (naming *Csak szex és más semi* as a Work-in-Suit). Plaintiffs served an amended interrogatory response purporting to put at issue a replacement work-in-suit, *Vakvaganyok*. Attached as **Exhibit 24** is a true and correct copy of an email sent by counsel for Plaintiffs to counsel for Defendants on December 18, 2020, along with Plaintiff Pirate Monitor LTD's Amended Response And Objections To YouTube And Google's Interrogatory No. 1. Pirate Monitor later dismissed all of its claims in the case with prejudice. Dkt. 66.

28. Defendants served interrogatories on the two later-joined plaintiffs, Uniglobe Entertainment, LLC and AST Publishing, LTD. Attached as **Exhibit 25** is a true and correct copy of Plaintiff Uniglobe Entertainment, LLC's Amended Objections And Responses To YouTube And Google's First And Second Set Of Interrogatories, served June 28, 2022. Attached as **Exhibit 26** is a true and correct copy of Plaintiff AST Publishing LTD.'s Objections And Responses To YouTube And Google's First Set Of Interrogatories, served January 26, 2022. In their interrogatory responses, Uniglobe and AST admit granting licenses to their Works-in-Suit for use on YouTube. *See* Ex. 25 at 9-14; Ex. 26 at 6-7.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 26th day of August 2022, at Washington, District of Columbia.

                                                      */s/ Paul N. Harold*
                                                     Paul N. Harold

**ATTORNEY ATTESTATION**

I, David H. Kramer, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

/s/ David H. Kramer

DECLARATION OF PAUL N. HAROLD ISO YOUTUBE, LLC AND GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF MARIA SCHNEIDER -10- CASE NO. 3:20-CV-04423-JD