Exhibit 19

to the Declaration of Paul N. Harold

George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Ryan Z. Cortazar *(pro hac vice)*
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
  pkorologos@bsfllp.com
Joanna C. Wright *(pro hac vice)*
  jwright@bsfllp.com
Demetri Blaisdell *(pro hac vice)*
  dblaisdell@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | CASE NO. 3:20-cv-4423-JD<br><br>**PLAINTIFF MARIA SCHNEIDER'S OBJECTIONS AND RESPONSES TO DEFENDANT YOUTUBE, LLC AND GOOGLE LLC'S FIFTH SET OF INTERROGATORIES TO PLAINTIFF MARIA SCHNEIDER (NOS. 12-20)** |

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Maria Schneider submits the following supplemental responses and objections to Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively "Defendants") Fifth Set of Interrogatories to Plaintiff Maria Schneider, dated April 29, 2022, (the "Requests"), in the above-captioned action (the "Action").

By submitting these Responses, Schneider does not concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the Action.

Schneider reserves the right to amend or revise these Responses, including based on any responses or objections submitted by Defendants to any of Schneider's discovery requests. Schneider also asserts that any discovery obligations should be mutual between parties, so that if any of her objections are overridden, Defendants should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

**GENERAL OBJECTIONS**

1. Schneider objects to the Interrogatories to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. Schneider objects to the Interrogatories, and to each Definition and specific Request contained therein, insofar as they seek information not in her possession, custody, or control. Schneider further objects to the Requests to the extent they seek documents and information that she does not have the practical ability to obtain or which would be unreasonably burdensome to identify or to obtain.

3. Schneider objects to the extent the Interrogatories seek information or that is already in Defendants' possession, is equally accessible to Defendants, or is readily accessible to Defendants.

4. Schneider further objects to the Interrogatories to the extent that the burden of deriving an answer from other sources of discovery will be substantially the same for Defendants as it is for her.

1       5.      Schneider objects to the Interrogatories to the extent they seek information that Defendants can obtain from sources that are more convenient, less burdensome, or less expensive.

6.      Schneider objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

7.      Schneider further objects to the Interrogatories to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable, or otherwise seek the discovery of information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence

8.      Schneider objects to the Interrogatories to the extent they are propounded for the improper purpose of annoying or harassing her.

9.      Schneider's responses are based solely on facts reasonably known to her at the time of responding to these Interrogatories. Schneider reserves the right to supplement, amend, or otherwise modify these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 12:**

**For each alleged infringement of a Work In Suit that You assert in this action, describe in detail Your actual damages, if any, from the alleged infringement, including specification of all evidence supporting any actual damages claimed.**

**OBJECTIONS AND RESPONSE**:

Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiffs further objects that the interrogatory is overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving these objections, Plaintiff responds that Defendants have not to date produced information responsive to RFPs seeking information relevant to this issue. For example, Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 7, 111, and 117.

**INTERROGATORY NO. 13:**

**For each alleged infringement of a Work In Suit that You assert in this action, if You contend that YouTube had "actual knowledge" that any material or activity using the material on the YouTube service infringed the Work In Suit within the meaning of 17 U.S.C. §§ 512 (c)(1)(A)(i) or 512(d)(1)(A), describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**OBJECTIONS AND RESPONSE:**

Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete. Plaintiff further objects that this interrogatory is vague because it does not define "actual knowledge," overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving these objections, Plaintiff responds that Defendants have not to date produced information responsive to RFPs seeking information relevant to this issue. For example, Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 6, 28 and 88. Despite these deficiencies, Plaintiff further identifies the following documents relevant to this issue: GOOG-SCHNDR-00000774–0857; SCHNEIDER_0000002682–2684, '4136, '8653, '9293, '9317–9346, '9352–9355, '9439–9482, '9659, '9665, '13447–13453, '17479–17481; GOOG-SCHNDR-00038421, GOOG-SCHNDR-00038639, GOOG-SCHNDR-00038640, GOOG-SCHNDR-00038668, GOOG-SCHNDR-00038693, GOOG-SCHNDR-00039154, GOOG-SCHNDR-00039174

**INTERROGATORY NO. 14:**

1  **For each alleged infringement of a Work In Suit that You assert in this action, if You contend that YouTube was aware of facts or circumstances from which the infringing activity was apparent within the meaning of 17 U.S.C. §§ 512 (c)(1)(A)(ii) or 512(d)(1)(B), describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**OBJECTIONS AND RESPONSE:**

Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff further objects that the interrogatory is overbroad and unduly burdensome in that it seeks "all evidence" supporting this issue. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving these objections, Plaintiff responds that Defendants have not to date produced information responsive to RFPs seeking information relevant to this contention. For example, Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 6, 48, 50, 51, or 88. Despite these deficiencies, Plaintiff identifies the following documents relevant to this issue: GOOG-SCHNDR-00000774–0857; SCHNEIDER_0000002682–2684, '4136, '8653, '9293, '9317–9346, '9352–9355, '9439–9482, '9659, '9665, '13447–13453, '17479–17481; GOOG-SCHNDR-00038421, GOOG-SCHNDR-00038639, GOOG-SCHNDR-00038640, GOOG-SCHNDR-00038668, GOOG-SCHNDR-00038693, GOOG-SCHNDR-00039154, GOOG-SCHNDR-00039174.

**INTERROGATORY NO. 15:**

**For each alleged infringement of a Work In Suit that You assert in this action, if You contend that YouTube did not "respond[] expeditiously to remove, or disable access to, the material that is claimed to be infringing or the subject of infringing activity "upon notification by You of the alleged infringement of the Work In Suit within the meaning of 17 U.S.C. §§ 512 (c)(1)(C) or 512(d)(3), describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**OBJECTIONS AND RESPONSE:**

1  Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff further objects that the interrogatory is overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving these objections, Plaintiff responds that Defendants have not to date produced information responsive to RFPs seeking information relevant to this issue. For example, to date Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 6, 28, 48, or 51.

**INTERROGATORY NO. 16:**

**For each alleged infringement of a Work In Suit that You assert in this action, if You contend that YouTube did not act "expeditiously to remove, or disable access to, the material" within the meaning of 17 U.S.C. §§ 512 (c)(1)(A)(iii) or 512(d)(1)(C) upon obtaining knowledge or awareness of the alleged infringing activity of the Work In Suit, (i.e., knowledge or awareness as defined in 17 U.S.C. §§ 512 (c)(1)(A)(i)-(ii) or 512(d)(1)(A)-(B)), describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**OBJECTIONS AND RESPONSE:**

Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff further objects that the interrogatory is overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving these objections, Plaintiff responds that Defendants have not to date produced information to RFPs seeking information relevant to this issue. For example, Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 6, 24, 28, 48, 51, 88.

**INTERROGATORY NO. 17:**

1   **For each alleged infringement of a Work In Suit that You assert in this action, if You**
2   **contend YouTube received a "financial benefit directly attributable to the infringing activity"**
3   **and that YouTube had the "right and ability to control such activity" within the meaning of**
4   **17 U.S.C. §§ 512 (c)(1)(B) or 512(d)(2), describe in detail the basis for Your contention,**
5   **including all evidence supporting Your contention.**

6   **OBJECTIONS AND RESPONSE:**

7   Plaintiff objects to this interrogatory because it is a premature contention interrogatory
8   served before discovery is complete in this case. Plaintiff further objects that the interrogatory is
9   overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff
10  reserves the right to supplement her response to this interrogatory after discovery has closed, before
11  the pretrial conference, or at any other time as ordered by the Court.

12  Subject to and without waiving these objections, Plaintiff responds that Defendants have
13  refused to provide information responsive to RFPs 43, 44, and 45, which seek information directly
14  responsive to this issue. *See* Dkt. 126 (Motion to Compel Autoplay Information). Despite these
15  deficiencies, Plaintiff identifies the following document relevant to this issue: GOOG-SCHNDR-
16  00043844.

17  **INTERROGATORY NO. 18:**

18  **If You contend that YouTube fails to accommodate and, instead, interferes with**
19  **"standard technical measures" within the meaning of 17 U.S.C. § 512 (i)(B), describe in detail**
20  **the basis for Your contention, including all evidence supporting Your contention.**

21  **OBJECTIONS AND RESPONSE:**

22  Plaintiff objects to this interrogatory because it is a premature contention interrogatory
23  served before discovery is complete in this case. Plaintiffs further object that the interrogatory is
24  overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff
25  reserves the right to supplement her response to this interrogatory after discovery has closed, before
26  the pretrial conference, or at any other time as ordered by the Court.

27

28

Subject to and without waiving these objections, Plaintiff responds that they are currently negotiating the RFPs relevant to information concerning this issue, though Defendants have refused to produce relevant information sought under, for example, RFPs 81, 83, 84, and 98. Plaintiff further identifies the following documents relevant to this issue: GOOG-SCHNDR-00039095 and GOOG-SCHNDR-00000924.

**INTERROGATORY NO. 19:**

**If You contend that YouTube knew or had "reasonable grounds to know" that its alleged actions with regard to CMI would "induce, enable, facilitate, or conceal an infringement of any right" within the meaning of 17 U.S.C. § 1202(b), describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**OBJECTIONS AND RESPONSE:**

Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff further objects that the interrogatory is overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving these objections, Plaintiff responds that the parties are negotiating responses to RFPs relevant to information concerning this issue, including, for example, RFPs 95, 96, 99, 100, and 101.

**INTERROGATORY NO. 20:**

**Identify all YouTube user accounts or Google user accounts that You or Your agents have used while accessing YouTube, including by providing for each account: the name of the individual who registered the account, any email address associated with the account, and the account name.**

**OBJECTIONS AND RESPONSE:**

Plaintiff objects that this interrogatory is overbroad and unduly burdensome in that it asks for all YouTube user accounts by Plaintiff and Plaintiff's agents to access YouTube regardless of

1  whether the Plaintiff or Plaintiff's agents used those accounts solely for personal or private purposes
2  unrelated to the management of the Works in Suit in ways that are entirely irrelevant to any claims
3  or defenses in this lawsuit. Plaintiff further objects that this interrogatory is cumulative and
4  vexatious because the information was produced in response to Schneider RFPs 21 and 23.
5      Subject to and without waiving these objections, Plaintiff responds that Maria Schneider
6  Official Page was registered by either Maria Schneider or Marie Le Claire. Email addresses that
7  have been associated with or identified in connection with the account include
8  mariaschneider@me.com; meemer40@gmail.com; mariaschneiderorch@gmail.com;
9  mariaschneider@mac.com; mschamberworks@gmail.com; and maria-schneider-
10 3199@pages.plusgoogle.com. Plaintiff further responds that the Marie Le Claire YouTube page
11 may have been used in connection with her works, that the page was registered by Marie Le Claire
12 and that the email address associated with the account is meemer40@gmail.com.

## VERIFICATION

Maria Schneider has read the foregoing responses to Plaintiff's Interrogatories, and the answers contained therein are true to the best of her knowledge, information, and belief.

Signed: *Maria Schneider*

Dated: May 31, 2022

| | | |
|---|---|---|
| 1 | Dated: May 31, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Ryan Z. Cortazar |
| | | George A. Zelcs *(pro hac vice)* |
| 4 | | Randall P. Ewing, Jr. *(pro hac vice)* |
| | | Ryan Z. Cortazar *(pro hac vice)* |
| 5 | | **KOREIN TILLERY, LLC** |
| | | 205 North Michigan, Suite 1950 |
| 6 | | Chicago, IL  60601 |
| | | Telephone: (312) 641-9750 |
| 7 | | Facsimile: (312) 641-9751 |

Stephen M. Tillery *(pro hac vice)*
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe *(pro hac vice)*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*
Demetri Blaisdell *(pro hac vice)*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2022, I caused the foregoing Plaintiff Maria Schneider's Objections and Responses to YouTube and Google's Fifth Interrogatories to Plaintiff Maria Schneider to be served on all opposing counsel of record by email at the addresses listed below:

Schneidervyoutube@wsgr.com

                                                 /s/ Ryan Z. Cortazar