Exhibit 26

to the Declaration of Paul N. Harold

George A. Zelcs (*pro hac vice*)
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
  rewing@koreintillery.com
Ryan Z. Cortazar (*pro hac vice*)
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
  cokeefe@koreintillery.com

**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
  pkorologos@bsfllp.com
Joanna C. Wright (*pro hac vice*)
  jwright@bsfllp.com
Demetri Blaisdell (*pro hac vice*)
  dblaisdell@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider,*
*Uniglobe Entertainment, LLC, and*
*AST Publishing Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated; | CASE NO. 3:20-cv-4423 |
| Plaintiff, | **PLAINTIFF AST PUBLISHING LTD.'S, OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S FIRST SET OF INTERROGATORIES** |
| vs. | |
| YOUTUBE, LLC; and GOOGLE LLC; | |
| Defendants. | |

YOUTUBE, LLC and GOOGLE LLC;

        Counter-Plaintiffs,

    vs.

GÁBOR CSUPÓ, PIRATE MONITOR LTD., LLC, and PIRATE MONITOR LLC,

        Counter-Defendants.

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff AST Publishing Ltd. submits the following responses and objections to Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively "Defendants") First Set of Interrogatories to Plaintiff AST Publishing Ltd. ("AST"), dated December 14, 2021 (the "Requests"), in the above-captioned action (the "Action").

By submitting these Responses, AST not concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the Action.

AST reserves the right to amend or revise these Responses, including based on any responses or objections submitted by Defendants to any of AST's discovery requests. AST also asserts that any discovery obligations should be mutual between parties, so that if any of their objections are overridden, Defendants should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

## GNERAL OBJECTIONS AND RESPONSES

1. AST objects to the Interrogatories to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. AST objects to the extent the Interrogatories seek information that is already in Defendants' possession, is equally accessible to Defendants, or is readily accessible to Defendants.

3. AST objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

4. AST responses are based solely on facts reasonably known to it at the time of responding to these Interrogatories. AST reserves the right to supplement, amend, or otherwise modify these responses.

## SPECIFIC OBJECTIONS AND RESPONSES

The General Objections and Objections to Definitions and Instructions set forth above are incorporated into the Specific Objections below, as if incorporated therein. AST reserves the right to amend or revise its Specific Objections, including after meeting and conferring with Defendants regarding any Request. A response to any request indicating that AST agrees to produce documents is not an admission that documents responsive to the Request exist and does not waive any objections to the use of any discovery produced in response to the Request.

## INTERROGATORY NO. 1:

For each Work In Suit identified in Your complaint, identify the title, authors, legal and beneficial owners of any exclusive rights to the work, exclusive rights owned by each owner, date of creation, United States copyright registration number, date and location of first publication, and date of first publication in the United States, if applicable.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

AST objects that this interrogatory is overbroad, seeks legal conclusions, is a premature contention interrogatory, is unduly burdensome in seeking information not relevant to the claims and

1   defenses at issue in this lawsuit, and is vague and ambiguous in that the terms "authors," "legal and
2   beneficial owners," "exclusive rights," "publication," and "date of creation" are undefined.

3       Subject to and without waiving these objections, AST responds the titles of the copyrighted
4   works at issue are *Selfmama: Life Hacks for a Working Mother*, *Nutty Buddha*, *My Children*, *Children's Book*,
5   *The Life of Wonderful People and Animals: Short Stories About All Sorts of Different Things*, *Pelagia and the Red*
6   *Rooster*, *Zuleikha Opens Her Eyes*, *History of the Russian State*, and *Spy Novel*. AST further responds that
7   Lyudmila Petranovskaya wrote *Selfmama: Life Hacks for a Working Mother*; Boris Akunin wrote *Nutty*
8   *Buddha*, *The Life of Wonderful People and Animals: Short Stories About All Sorts of Different Things*, *History of*
9   *the Russian State*, *Spy Novel*, *Children's Book*, and *Pelagia and the Red Rooster*; and Guzel Yakhina wrote *My*
10  *Children*, and *Zuleikha Opens Her Eyes*. AST further responds that the copyrighted works at issue were
11  first published in Russia, and that it has not registered the copyrighted works at issue with the United
12  States Copyright Office. Additional information sought by this interrogatory will be found in the
13  contracts, emails, and other documents that will be produced in this litigation.

14  **INTERROGATORY NO. 2:**

15  For each Work In Suit, describe in detail the basis for Your claim of copyright ownership, including
16  whether You are a legal and/or beneficial owner, the exclusive rights You claim to own, and an
17  identification of all evidence upon which You base Your claim of ownership.

18  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

19      AST objects that this interrogatory is unduly burdensome, seeks legal conclusions, is a
20  premature contention interrogatory, is premature in seeking the identification of all evidence before
21  the close of discovery, and is vague and ambiguous in that the terms "legal and beneficial owners,"
22  "exclusive rights," and "claim of copyright ownership" are undefined.

23      Subject to and without waiving these objections, AST responds that it is the owner of the
24  audiobook and/or print or electronic versions of the copyrighted works at issue. AST further responds
25  that it entered into the agreements with the authors and/or agents of the authors of its copyrighted
26  works to obtain ownership of the copyrighted works at issue. Anyone involved in creating audiobook
27  versions of the copyrighted works at issue did so through work-for-hire agreements. AST further

28

1  responds that information sought by this interrogatory can be identified in contracts, emails, and other
2  documents that will be produced in this litigation.

3  **INTERROGATORY NO. 3:**

4  Identify each individual who has worked for or has been affiliated with AST in connection with the
5  Works in Suit or any alleged infringements of the Works in Suit, including each of its principals,
6  officers, directors, managers, employees, agents, and independent contractors, along with their
7  positions(s). If there are more than twenty such individuals, identify the twenty that are most senior.

8  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

9       AST objects that this interrogatory is overbroad, vague, unduly burdensome, seeks
10  information not relevant to the claims or defenses in this lawsuit, seeks information unlikely to lead
11  to admissible evidence, and is vague and ambiguous in that "worked for," "affiliated with," and "most
12  senior" are undefined. Subject to and without waiving these objections, AST responds that persons
13  whose responsibility involved obtaining ownership of the copyrighted works at issue or in licensing
14  or distributing the copyrighted works at issue include Maxim Lozovsky, Alina Olegovna Dvadnenko,
15  Maria Sergeevna Kurunyan, Elena Danilovna Shubina, Evgenia Valentinovna Larina, Sergey
16  Aleksandrovich Rubis, and Elena Alexandrovna Zanyakina.

17  **INTERROGATORY NO. 4:**

18  For each Work In Suit, identify by date, person, and agreement every occasion, that You are aware of,
19  on which any other person has been licensed or authorized to copy, display, distribute, or publicly
20  perform the work (or otherwise exercise any of the rights under Section 106 of the Copyright Act with
21  respect to the work), including identification of the royalties paid under such license.

22  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

23       AST objects that this interrogatory is overbroad, vague, unduly burdensome, seeks legal
24  conclusions, seeks information not relevant to the claims or defenses in this lawsuit, seeks information
25  unlikely to lead to admissible evidence, and is a premature contention interrogatory. Subject to and
26  without waiving these objections, AST responds that the primary person in charge of granting licenses
27  to the copyrighted works at issue is Maxim Lozovsky and may also include Evgenia Valentinovna

28

1    Larina, Sergey Aleksandrovich Rubis, and Elena Alexandrovna Zanyakina. AST further answers that

2    any relevant information sought in this interrogatory will be found in documents produced in this

3    litigation after AST has performed a reasonable search proportionate to the needs of the case.

4    **INTERROGATORY NO. 5:**

5    For each Work In Suit, identify every person, that You are aware of, who has ever been authorized to

6    grant licenses to any of the rights set forth in Section 106 of the Copyright Act (including but not

7    limited to any publisher, agent, performing rights organization, collection society, clearinghouse, or

8    publishing administrator).

9    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

10         AST objects that this interrogatory is overbroad, vague, and unduly burdensome, seeks legal

11    conclusions, seeks information not relevant to the claims or defenses in this lawsuit, seeks information

12    unlikely to lead to admissible evidence, and is a premature contention interrogatory. Subject to and

13    without waiving these objections, AST responds that the primary person in charge of granting licenses

14    to the copyrighted works at issue is Maxim Lozovsky and may also include Evgenia Valentinovna

15    Larina, Sergey Aleksandrovich Rubis, and Elena Alexandrovna Zanyakina. AST further answers that

16    any relevant information sought in this interrogatory will be found in documents produced in this

17    litigation after AST has performed a reasonable search proportionate to the needs of the case.

18    **INTERROGATORY NO. 6:**

19    Describe in detail each occasion, that You are aware of, on which each Work In Suit, or a portion

20    thereof, has been uploaded by You or with Your Authorization to a website for online listening,

21    purchase, distribution, or viewing, including but not limited to the name of the website, the URL of

22    the uploaded content, the identity of uploader, and the date of the upload.

23    **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

24         AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks

25    information irrelevant to the claims and defenses in this lawsuit, and is unlikely to lead to admissible

26    evidence. AST further objects that this interrogatory is vague and ambiguous in that "uploaded,"

27    "Authorization," and "online listening" are undefined.

28

**INTERROGATORY NO. 7:**

Describe in detail each occasion, that You are aware of, on which each Work In Suit was uploaded in whole or in part to the YouTube service by You or with Your authorization, including identification of the URL of the uploaded video, the identity of the uploader, the channel to which it was uploaded, and the date of each such authorized upload.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks information irrelevant to the claims and defenses in this lawsuit, seeks information that is known to and equally available to Defendants, and is unlikely to lead to admissible evidence. AST further objects that this interrogatory is vague and ambiguous in that "uploaded," "authorization," and "authorized upload" are undefined.  Subject to and without waiving these objections, AST answers that it has sometimes authorized the uploading of excerpts of the copyrighted works at issue onto YouTube by LitRes for promotional purposes with a link to purchase the entire work. The details of these uploads are known to and equally available to Defendants. AST further responds that AST would sometimes authorize others to post excerpts of the copyrighted works at issue onto YouTube, but only if the upload also contained a link to purchase the entire work.

**INTERROGATORY NO. 8:**

Describe in detail any and all searches You have conducted on YouTube's platform for the Works In Suit or any alleged infringements of the Works in Suit, including the dates of those searches, the search terms and methodologies You employed, and the results of those searches.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks information irrelevant to the claims and defenses in this lawsuit, unlikely to lead to admissible evidence, and subject to the attorney-client and work product privileges. Subject to and without waiving these objections, AST answers that it has searched for infringements using software that searched YouTube based on the title of the copyrighted works at issue.

**INTERROGATORY NO. 9:**

Describe in detail each alleged violation of Section 1202 of the Copyright Act that You contend Defendants committed regarding Your Works in Suit, including for each alleged violation, the specific Work In Suit on which CMI appeared, the specific CMI that Defendants allegedly removed, and the URL of the YouTube video displaying the content without the alleged CMI.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, calls for legal conclusions, and is a premature contention interrogatory.

**INTERROGATORY NO. 10:**

Describe in detail each occasion on which You identified a video on YouTube that You believe to include Your copyrighted content, and for each, specify whether or not You submitted a takedown notice and the date of any such takedown notice.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks information that is known to and equally available to Defendants, seeks information irrelevant to the claims and defenses in this lawsuit, unlikely to lead to admissible evidence, and subject to the attorney-client and work product privileges. Subject to and without waiving these objections, AST responds that its list of identified infringements was provided on November 29, 2021, including any supplements or revisions to that list. As to any takedown notices sent, AST objects because if any takedown notices were sent, that information is known to and equally available to Defendants. AST further answers that additional relevant information sought in this interrogatory, if any, will be found in documents that will be produced in this litigation.

**INTERROGATORY NO. 11:**

Describe in detail each occasion on which You requested access to Content ID and any response You received to such request.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

1   AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks
2   information that is known to and equally available to Defendants, and seeks information irrelevant to
3   the claims and defenses in this lawsuit. Subject to and without waiving these objections, AST answers
4   that its agent, Association of Copyright Holders, Licensors, and Licensees for the Protection of
5   Copyrights on the Internet ("AZAPI"), has requested access to Content ID through email
6   communication and been rejected by YouTube.

7   **INTERROGATORY NO. 12:**

8   Separately for each alleged infringement identified in the Preliminary List of Infringements, describe
9   in detail the circumstances under which You first became aware of each alleged infringement,
10  including but not limited to (i) the date on which each alleged infringement came to Your attention,
11  (ii) the process by which You identified each alleged infringement, such as any efforts to search for
12  potential infringements and any search terms used to search for potential infringements, and (iii) the
13  means by which You tied each alleged infringement to the relevant Works in Suit.

14  **OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

15  AST objects that this interrogatory is overbroad, unduly burdensome, vague, and seeks
16  information irrelevant to the claims and defenses in this lawsuit, unlikely to lead to admissible
17  evidence, and subject to the attorney-client and work product privileges. Subject to and without
18  waiving these objections, AST answers that for infringements for which it submitted takedown notices
19  to YouTube it and/or its agents became aware of the infringements on or shortly before the date on
20  which they filed the takedown notices with YouTube. Without waiving the attorney-client or work
21  product privileges, AST responds that the process it and/or its agents used to identify these
22  infringements involved conducting searches using the titles of the copyrighted works at issue using
23  software and/or YouTube's search function. The means that AST and/or its agents used to tie each
24  of these alleged infringements to the relevant copyrighted works at issue involved using software
25  designed to tie alleged infringements to specific copyrighted works at issue and AST and/or its agents
26  playing the video and listening and watching for a match between the video and the relevant
27  copyrighted work at issue.

28

## VERIFICATION

I have read the foregoing responses to Defendants' Interrogatories and state that the answers contained therein are true to the best of my knowledge, information, and belief.

Signed: _____

Dated: January 26, 2022

AST PUBLISHING LTD.'S RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

3:20-CV-4423

Dated: January 26, 2022

Respectfully submitted,

/s/ Randall P. Ewing, Jr.
George A. Zelcs (*pro hac vice*)
Randall P. Ewing, Jr. (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (*pro hac vice*)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
Joanna Wright (*pro hac vice*)
Demetri Blaisdell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider,*
*Uniglobe Entertainment, LLC, and*
*AST Publishing Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2022, I caused the foregoing Plaintiff AST Publishing Ltd.'s Objections and Responses to YouTube and Google's First Set of Interrogatories to Plaintiff AST Publishing Ltd. to be served on all opposing counsel of record by email at the addresses listed below:

Schneidervyoutube@wsgr.com

 /s/ Randall P. Ewing, Jr.

AST PUBLISHING LTD.'S RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

3:20-CV-4423