George A. Zelcs (*pro hac vice*)
   gzelcs@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
   rewing@koreintillery.com
Marc A. Wallenstein (*pro hac vice*)
   mwallenstein@koreintillery.com
Ryan Z. Cortazar (*pro hac vice*)
   rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
   stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
   sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
   mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
   cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
   jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
   pkorologos@bsfllp.com
Joanna C. Wright (*pro hac vice*)
   jwright@bsfllp.com
Demetri Blaisdell (*pro hac vice*)
   dblaisdell@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd. and Counter-Defendants Pirate Monitor Ltd. and Gábor Csupó*

Plaintiffs' Opposition to Administrative Motion to Seal, Case No. 3:20-cv-04423-JD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>vs.<br><br>GÁBOR CSUPÓ, PIRATE MONITOR LTD., LLC, and PIRATE MONITOR LLC,<br><br>Counter-Defendants. | CASE NO. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' OPPOSITION TO YOUTUBE, LCC AND GOOGLE LLC'S ADMINISTRATIVE MOTION TO SEAL AND TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. James Donato |

For dispositive motions like the pending Motion for Summary Judgment, there is a "strong presumption of access to judicial records," and a party seeking to seal documents submitted in support must demonstrate "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). "The 'compelling reasons' standard is a strict one, and requires that the party seeking to seal material show specific, individualized reasons for sealing the material, 'without relying on hypothesis or conjecture,' such as 'whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Open Text S.A. v. Box, Inc.*, No. 13-CV-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014) (Donato, J.) (quoting *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2009)). In the Northern District of California, in addition to meeting the "compelling reasons" standard,

parties must comply with Civil. L.R. 79-5(c)(3), which requires the sealing request to "be narrowly tailored to seek sealing only of sealable material." *Id.*

### I. Defendants' Redactions to the Publishing License Agreement are Overbroad

Plaintiffs do not dispute that "pricing terms, royalty rates, and guaranteed minimum payment terms" may be sealed under the "compelling reasons" standard, under this Court's decision in *Open Text S.A.*, 2014 WL 7368594, at *3. But the text that may be sealed are the actual pricing terms themselves—the specific dollar amount or rate that describes the specific price or cost, not the surrounding language placing those terms in context. Defendants have sought to redact large portions of the PLA beyond the actual pricing terms and royalty rates themselves. Those proposed redactions should be denied.

This Court in *Open Text S.A.* considered analogous proposed redactions of a "financial summary of the third-party license agreements" that the party who sought to seal it claimed would be "likely to cause harm" if "known by competitors." *Id.* at *3. This Court ruled that the request to seal was "Granted with respect to column f and denied otherwise." *Id.* at *3. Review of the publicly-filed version of that document, Exhibit 15, ECF No. 462-3, *Open Text S.A.*, No. 13-CV-04910-JD, shows that "column f" is entitled "payment," and only the price term itself appears to have been redacted. Column (e), entitled "Terms of License Agreement," which contains the contextual contractual language regarding the price term was not redacted. Here, Defendants have sought to redact that same type of contextual language that was not redacted in *Open Text*.

A second example from *Open Text* underscores that only the actual price term itself should be redacted. This Court ruled with respect to another exhibit that:

> Open Text's request to seal is granted for the payment term in the first sentence of the last paragraph of page 50, granted for the cost term of the Alfresco license in the second paragraph of page 51, Table 5, and the first full paragraph of page 56, granted for the cost terms of the license in the last paragraph of 52, granted for the low end of the royalty range in the first paragraph of page 75, and otherwise denied because Open Text has not shown compelling reasons to seal terms other than the payment terms of its licenses or information about the pricing and other characteristics of its products . . . .

*Id.* at *4 (footnoted omitted). Review of the actual exhibit addressed by the foregoing ruling, Exhibit A, *Open Text S.A.*, ECF No. 430-2, shows that only the actual pricing information has been redacted, not the broader contextual language.

Defendants' justification for redacting large portions of the PLA beyond the actual pricing terms and royalty rates themselves is simply that the parties to the PLA have sought to keep those terms confidential. That is insufficient to meet the onerous standard that applies to motions to seal. Defendants have not articulated how sealing the language *other than* the actual price terms themselves will cause competitive harm. Defendants have not articulated how the contextual language, without the actual pricing term itself, could allow a competitor to undermine Google's or YouTube's ability to compete. Defendants' proposed redactions to Suk Declaration Exhibit 1, the Publishing License Agreement between Google and Modern Works, are therefore not "narrowly tailored to seek sealing only of sealable material" under Civil L.R. 79-5(b).

Two portions of the Publishing License Agreement exemplify Plaintiffs' position. First, the definition of "Net Ad Revenue" on page 10 is fully redacted, but does not contain any actual pricing terms, royalty rates, or guaranteed minimum payment terms. Defendants have not demonstrated that the un-sealing of this definition would lead to competitive disadvantage. Defendants have not articulated how competitors could use the information in this definition to adjust their own contracts and undermine Google's or YouTube's ability to compete.

Moreover, the provision has already been made public, which is another basis to deny a motion to seal. *See, e.g.*, *Sherwin Williams Co. v. Courtesy Oldsmobile Cadillac, Inc.*, 1:15-CV-01137 MJS HC, 2016 WL 54716, at *2–3 (E.D. Cal. Jan. 5, 2016). A book called "Kohn on Music Licensing" includes a verbatim account of the "Net Ad Revenues" provision, which is available on Defendants' own site, Google Books. *See* Kohn on Music Licensing at 1098 ("For the avoidance of doubt, Net Ad Revenues do not include (a) third party buyer-side advertising fees, (b) any funds from ads that are rejected by Google because they violate Google's general ad policies and terms and conditions, (c) Net Subscription Revenues, or (d) Other Google

Subscription Service revenue.") *available at https://books.google.com/books?id=j-SIDwAAQBAJ&pg=PA1098&lpg=PA1098&dq=Net+Ad+Revenues+do+not+include+and+third+party+buyer-side&source=bl&ots=5plTxAGuYr&sig=ACfU3U3QPkjwQW2wI-TXNSeXd5Qi-ch8lQ&hl=en&sa=X&ved=2ahUKEwjhgrrttu_5AhWILzQIHUbfCGcQ6AF6BAgDEAM#v=onepage&q=Net%20Ad%20Revenues%20do%20not%20include%20and%20third%20party%20buyer-side&f=false* (last visited August 30, 2022)..

The definition of "Net Ad Revenue" sets forth categories of fees that are excluded from Defendants' revenue. The nature of those excluded categories of fees is relevant to this case, and a matter of public interest, because YouTube publicly touts that it shares a large percentage of its revenue with content creators. If the "revenue" that Defendants use to calculate this percentage is lower, because the definition excludes certain categories of revenue attributable to Google's ad buying tools, that means Google is sharing a lower percentage of revenue with content creators than it claims.

Second, paragraph 3 on page 18 describes how ISRC metadata is required by Google's specifications. That information cannot be used for competitive disadvantage, and is relevant to this case because it is among the types of metadata at issue with respect to Plaintiffs' claims under 17 U.S.C. § 1202(b) for removal of copyright management information.

The actual price terms that Plaintiffs agree may be sealed are: the dollar amounts in paragraph d on page 3; the percentages set forth on pages 14-15; the dollar figures on Page 15; and the percentages on Pages 18-19. Defendants' other proposed redactions to the Suk Exhibit 1 should be denied.

## II.     Plaintiffs Propose Unsealing Plaintiffs' Materials Submitted by Defendants

Defendants submitted certain of Plaintiffs' materials provisionally under seal, including Exhibits 8, 13, 14, 16, and 20 to the Declaration of Paul N. Harold. Plaintiffs propose unsealing those materials.

Dated: August 30, 2022

Respectfully submitted,

By: /s/ *Philip C. Korologos*
     Philip C. Korologos

George A. Zelcs (*pro hac vice*)
Randall P. Ewing, Jr. (*pro hac vice*)
Marc A. Wallenstein (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (*pro hac vice*)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
Joanna Wright (*pro hac vice*)
Demetri Blaisdell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd. and Counter-Defendants Pirate Monitor Ltd. and Gábor Csupó*