

I, Dan Coleman, declare as follows:

1.      I am the Co-Founder and President of A Side Music LLC dba Modern Works Music Publishing ("Modern").  I am over the age of 18 and competent to make this declaration.  I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of each of them.

2.      Pursuant to Local Rule 79-5(f)(3), I submit this Declaration in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  Portions of documents attached to the Declaration of Dan Coleman ("Coleman Declaration") and submitted in support of Defendants' Motion for Summary Judgment are "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b).  Because these documents were submitted in support of a dispositive motion, the "compelling reasons" standard applies. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006).  Under Local Rule 79-5(c)(1), sealing requires an explanation of "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."

3.      Modern respectfully submits that "compelling reasons" (*Kamakana*, 447 F.3d at 1178) exist to file under seal portions of documents attached to the Coleman Declaration and submitted in support of Defendants' Motion for Summary Judgment.  The Supreme Court has recognized that "sources of business information that might harm a litigant's competitive standing" may constitute a compelling reason to seal documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Because portions of the documents attached to the Coleman Declaration documents contain highly sensitive information about the terms of Modern's contracts with its clients, services provided by Modern to its clients, and the royalties collected

| | libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598). |
|---|---|
| Portions of page 4; Sections 10 and 11 | Sections 10 and 11 contain confidential, non-public information about the terms of Modern's contractual relationship with Plaintiff Maria Schneider. In particular, these sections disclose how Modern is compensated for the services it performs for its clients. Public disclosure of this highly sensitive business information would allow Modern's competitors unwarranted insight into the terms of Modern's contractual relationships with its clients. Such information is "business information that might harm" the "competitive standing" of Modern, a third-party to this lawsuit. *Nixon*, 435 U.S. at 598. |

6.          The following portions of Exhibit B to the Coleman Declaration, which is an internal Modern email dated August 1, 2016, are highly sensitive and should be redacted for the reasons set out below:

| **Coleman Declaration Ex. B** | **Basis for Sealing** |
|---|---|
| Portions of page 1 | Portions of page 1 contain the names and email addresses of Modern employees. This information is irrelevant to the issues in dispute. Public disclosure of the names and email addresses of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention. Such information could be used to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598). |

| | 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598) |
|---|---|
| Portions of pages 1, 2, 12, 15, 18, 21, 34, 35 | Portions of pages 1, 2, 12, 15, 18, 21, 34, 35 contain financial information pertaining to royalties owed to Plaintiff Maria Schneider by third-party entities and the share of those royalties retained by Modern.  This information is confidential and non-public.  Public disclosure of this information about Modern's financials would cause competitive harm to Modern and provide an improper advantage to Modern's competitors.  Such information is "business information that might harm" the "competitive standing" of Modern, a third-party to this lawsuit.  *Nixon*, 435 U.S. at 598. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed the 29 day of August, 2022 in Tucson, Arizona.

Dan Coleman