George A. Zelcs *(pro hac vice)*
    gzelcs@koreintillery.com
Randall P. Ewing, Jr. (pro hac vice)
    rewing@koreintillery.com
Ryan Z. Cortazar (pro hac vice)
    rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
    stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
    sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
    mklenov@koreintillery.com
Carol O'Keefe (pro hac vice)
    cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
    jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:   (415) 293-6800
Facsimile: (415) 293-6899


Philip C. Korologos (pro hac vice)
    pkorologos@bsfllp.com
Joanna C. Wright (pro hac vice)
    jwright@bsfllp.com
Demetri Blaisdell (pro hac vice)
    dblaisdell@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:   (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider,
Uniglobe Entertainment, LLC, and
AST Publishing Ltd. and Counter-Defendants Pirate
Monitor Ltd. and Gábor Csupó*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>vs.<br><br>GÁBOR CSUPÓ, PIRATE MONITOR LTD., LLC, and PIRATE MONITOR LLC,<br><br>Counter-Defendants. | CASE NO. 3:20-cv-4423-JD<br><br>**PLAINTIFFS' RESPONSE TO YOUTUBE, LLC AND GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. James Donato |

Plaintiffs submit this Response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, pursuant to Local Rule 79-5(f)(4), addressing the materials of third-party Modern Works that Google filed in redacted form or under seal along with its motion for summary judgment. Modern Works submits a new Declaration of Dan Coleman, filed on August 31, 2022, and entered on September 2,[1] ECF No. 168, setting forth Modern Works' justifications for the redactions it made to Exhibits A, B, C, and D to the prior declaration of Dan Coleman, which Google filed publicly on August 26, 2022, ECF No. 164. Modern Works does not address its other materials, contained in Exhibit 9 to the

---

[1] Defendants had filed the Declaration of Dan Coleman on August 31, but that submission was incomplete as it was missing pages. Defendants re-filed the complete Coleman Declaration on September 2.

Declaration of Paul N. Harold, ECF No. 164-20, which Google filed provisionally under seal in its entirety on the basis that Exhibit 9 was produced by Modern Works and "produced under a CONFIDENTIAL designation." Harold Decl., ECF No. 164-11 ¶ 10.  Modern Works has therefore failed to provide "compelling reasons" to file it under seal.  Exhibit 9 should be unsealed in its entirety.

Modern Works' redactions fall into three categories: (1) email addresses and physical addresses, (2) the names of certain Modern Works employees, and (3) purportedly confidential information about the terms of Modern Works' contractual relationship with Maria Schneider. Plaintiffs have no objection to the redaction of email addresses or physical addresses, even though they do not qualify as personally identifiable information that may be redacted under the definition set forth in Fed. R. Civ. P. 5.2.  Plaintiffs object to the redaction of the names of Modern Works employees, because the identity of the personnel involved in negotiating and executing the documents in question, which include licensing agreements purportedly governing the works at issue in this lawsuit, is relevant, and there is no plausible reason why public release of the names would result in spite, scandal, or libel. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Regarding the contractual language, Plaintiffs incorporate the position set forth in their original Opposition to Defendants' Administrative Motion to Seal, ECF No. 166, filed August 30, 2022.  Plaintiffs do not dispute that "pricing terms, royalty rates, and guaranteed minimum payment terms" may be sealed under the "compelling reasons" standard, under this Court's decision in *Open Text S.A*.  But the text that may be sealed are the actual pricing terms themselves—the dollar amount or rate that describes the specific price or cost, not the surrounding language placing those terms in context.  Modern Works has not articulated how redacting language *other than* the actual price terms will cause competitive harm.  Modern Works has not articulated how the contextual language, without the actual pricing term itself, could allow a competitor to undermine its ability to compete.

Plaintiffs submit the following chart setting forth the parties' positions:

| Coleman Decl. Exh. A | Modern Works' Basis for Sealing (summarized or quoted) | Plaintiffs' Position |
|---|---|---|
| Portions of page 1 | Addresses not relevant | No objection, may remain redacted |
| Portions of page 4; sections 10 and 11 | "Sections 10 and 11 contain confidential, non-public information about the terms of Modern's contractual relationship with Plaintiff Maria Schneider. In particular, these sections disclose how Modern is compensated for the services it performs for its clients. Public disclosure of this highly sensitive business information would allow Modern's competitors unwarranted insight into the terms of Modern's contractual relationship with its clients. Such information is 'business information that might harm' the 'competitive standing' of Modern, a third-party to this lawsuit. *Nixon*, 435 U.S. at 598." | Only the specific price term may be redacted. Modern Works has not articulated how redacting language *other than* the actual price terms will cause competitive harm. Modern Works has not articulated how the contextual language, without the actual pricing term itself, could allow a competitor to undermine its ability to compete. |
| Coleman Decl. Exh. B | | |
| Portions of page 1 | Publishing names and email addresses of Modern Works employees would "intrude on their privacy and potentially subject them to harassment or unwanted public attention. Such information could be used to 'gratify private spite, promote public scandal, [or] circulate libelous statements.'" | No objection to redaction of email addresses. Names should not be redacted, because the identity of the personnel involved in negotiating and executing the documents in question, which include licensing agreements purportedly governing the works at issue in this lawsuit, is relevant, and there is no plausible reason why public release of the names would |

4
Plaintiffs' Response to Administrative Motion, Case No. 3:20-cv-4423-JD

| | | result in spite, scandal, or libel. |
|---|---|---|
| Coleman Decl. Exh. C | | |
| Portions of pages 1, 2 and 3 | Names and email addresses, as above | No objection to redaction of email addresses, but names should not be redacted, as above. |
| Coleman Decl. Exh. D | | |
| Portions of Page 1 | Address of Maria Schneider | No objection to redaction |
| Portions of pages 1, 2, 12, 15, 18, 21, 34, 35 | This material contains "financial information pertaining to royalties owed to Plaintiff Maria Schneider by third-party entities and the share of those royalties retained by Modern. This information is confidential and non-public. Public disclosure of this information about Modern's financials would cause competitive harm to Modern's competitors. Such information is 'business information that might harm' the 'competitive standing' of Modern, a third-party to this Lawsuit." | This document is 35 pages long, but only 9 of the pages have been filed; the entire document should be filed with the Court. The "amount payable" column should be entirely unredacted, because it is the amount owed to Maria Schneider and is therefore her information. The other three columns may remain redacted, as they appear to contain actual price terms and royalty rates. |
| Paul N. Harold Decl. Exh. 9 | No reasons identified. | Document should be unsealed in its entirety. |

Dated: September 6, 2022

Respectfully submitted,

By: /s/ *Philip C. Korologos*
    Philip C. Korologos

George A. Zelcs (*pro hac vice*)
Randall P. Ewing, Jr. (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (*pro hac vice*)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
Joanna Wright (*pro hac vice*)
Demetri Blaisdell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd. and Counter-Defendants Pirate Monitor Ltd. and Gábor Csupó*