| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>          mrees@wsgr.com<br>          lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>    Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF LAUREN GALLO WHITE IN SUPPORT OF YOUTUBE, LLC AND GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF MARIA SCHNEIDER**<br><br>Date: October 13, 2022<br>Time: 10:00 am<br>Courtroom: 11<br>Judge: Hon. James Donato |

I, Lauren Gallo White, declare as follows:

1. I am an attorney at Wilson, Sonsini, Goodrich & Rosati, counsel to Defendants, am over the age of 18 and competent to make this declaration. I make each of the following statements based on my personal knowledge, and I could, if necessary, testify to the truth of each of them.

2. The Court-Ordered deadline for Plaintiffs to provide their final list of alleged infringements in this case passed on February 25, 2022 and Plaintiffs did not seek leave to extend that date or to supplement their list of alleged infringements after the deadline. Fact discovery in this case closed on July 5, 2022. More than two months later, on September 9, 2022, Plaintiff Maria Schneider served on Defendants a document titled Plaintiff Maria Schneider's Amended Objections and Responses to Defendants' Interrogatories 1-9 to Plaintiff Maria Schneider. Plaintiff did not seek leave to extend the fact discovery period for the purpose of serving these amended responses, nor did she notify Defendants of her intent to do so. Among other things, these September 9, 2022 amended responses seek to put at issue 8 new alleged infringements listed in a "July 5, 2022 List[] of Infringement." *See* Blaisdell Ex. 9 (Am. Resp. Interrog. No. 2). The amended interrogatory responses also identify nine YouTube videos from which Schneider now contends YouTube removed her CMI and assert a new theory of Section 1202(b) liability under which YouTube violated the statute as to each allegedly infringing video that does not contain her international standard recording codes (ISRCs) in the embedded file metadata. *See id.* (Am. Resp. Interrog. No. 9).

3. In this case, Schneider produced over 50 emails to, from, or copying Modern Works Publishing, including semi-annual royalty reports, tax forms, questions from Schneider regarding copyright registration and royalty issues, and messages regarding licensing of Schneider's works to third parties and securing licenses to use third-party works. Schneider testified that she knew and understood that she was receiving royalty reports "from Modern Works." Blaisdell Ex. 1 at 153:24-154:3 ("Q. This is a royalty report that was provided to you from Dan Coleman, from Modern Works. Is that right? A. Yes.") (discussing Blaisdell Ex. 21). In her communications to third parties, Schneider repeatedly referred to MWP as her "publishing

1 administrator," the party "who handles my publishing," or the party who "handles" licensing issues for her.

2. 

3. 4. Attached as **Exhibit 1** is a true and correct copy of an email thread between Plaintiff Maria Schneider and third parties produced by Schneider stamped SCHNIEDER_0000055596. In this email thread, Schneider refers to "Dan Coleman of Modern Works" as "[m]y publishing administrator." *See also* SCHNEIDER_0000155595 (email from Schneider to third party making same representation).

5. Attached as **Exhibit 2** is a true and correct copy of an email thread between Plaintiff Maria Schneider and a third party produced by Schneider stamped SCHNIEDER_0000038390. In this email thread, Schneider refers to Dan Coleman of MWP as "[t]he guy who handles my publishing." *See also* SCHNEIDER_0000158634 (email from Schneider to third party making similar representation).

6. Attached as **Exhibit 3** is a true and correct copy of an email thread between Plaintiff Maria Schneider and a third party produced by Schneider stamped SCHNIEDER_0000088918. In this email thread, Schneider indicates that Dan Coleman of MWP is the person who "handles" licensing issues for her. *See also* SCHNEIDER_0000176706 (email from Schneider to Marie Le Claire making similar representation).

7. On June 14, 2022, Defendants took a deposition of Plaintiff Maria Schneider. Attached as **Exhibit 4** is a true and correct copy of excerpts of the transcript of the deposition of Plaintiff Maria Schneider, taken June 14, 2022.

8. On June 21, 2022, Plaintiffs took the individual deposition of Kevin Zhu, YouTube's former manager of copyright operations and current product manager on YouTube's Content ID team. Attached as **Exhibit 5** is a true and correct copy of excerpts of the transcript of the deposition of Kevin Zhu, taken June 21, 2022.

9. On June 21, 2022, Plaintiffs took a deposition of Defendants' 30(b)(6) designee, Kevin Zhu. Attached as **Exhibit 6** is a true and correct copy of excerpts of the transcript of the deposition of Defendants' 30(b)(6) designee, Kevin Zhu, taken June 21, 2022.

10. Attached as **Exhibit 7** is a true and correct copy of Defendants' And Counterclaimants YouTube, LLC And Google LLC's Responses and Objections to Plaintiff Maria Schneider's Interrogatory No. 20, timely served July 5, 2022, within the discovery period. Schneider's Interrogatory No. 20 asked Defendants to "identify each … defense" to Schneider's claims that Defendants contend "are not typical of the claims or defenses of the Proposed Classes." Among other points, YouTube's response explained that "because Plaintiff is a YouTube user that has agreed to YouTube's Terms of Service, **many of Plaintiff's claims are barred by the one-year statute of limitations under that agreement because she knew of or had reasonable grounds to discover the alleged infringements at issue in this case more than one year before she sued.** *See* GOOG-SCHNDR-00034933. Of the alleged infringements that Plaintiff has put at issue in this case, she was actually aware of at least 122 of them more than one year before she brought her claims in this action." Exhibit 7 at p. 11 (PDF p. 4) (emphasis added).

11. On July 14, 2022, Plaintiffs took a deposition of Joanne Suk, head of music publishing and business development at YouTube. Attached as **Exhibit 8** is a true and correct copy of excerpts of the transcript of the deposition of Joanne Suk, taken July 14, 2022.

12. On June 23, 2022, Defendants took a deposition of Zachary Bornheimer. Attached as **Exhibit 9** is a true and correct copy of excerpts of the transcript of the deposition of Zachary Bornheimer, taken June 23, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 16th day of September 2022, at San Francisco, California.

                                          */s/ Lauren Gallo White*
                                            Lauren Gallo White

### ATTORNEY ATTESTATION

I, David H. Kramer, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

                                          */s/ David H. Kramer*