# EXHIBIT 7

to the Declaration of Lauren Gallo White

DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
        mrees@wsgr.com
        lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br>_____<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants.<br>_____ | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF MARIA SCHNEIDER'S FOURTH SET OF INTERROGATORIES [NOS. 17-25]**<br><br>Judge: Hon. James Donato |

**CONTAINS INFORMATION PROVISIONALLY DESIGNATED BY PLAINTIFF AS "CONFIDENTIAL"**

**INTERROGATORY NO. 20:**

      **If you contend that any of the claims or defenses of Ms. Schneider are not typical of the claims or defenses of the Proposed Classes, identify each claim or defense and describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**RESPONSE TO INTERROGATORY NO. 20:**

      Defendants object that this Interrogatory is improper because Plaintiff has exceeded her allotted total number of interrogatories. Defendants also object to this Interrogatory as compound in that it contains multiple sub-parts, which further exceeds Plaintiff's allotted total number of interrogatories. Defendants further object to this Interrogatory as vague, ambiguous, overly broad, and unduly burdensome (especially insofar as it demands that Defendants identify "all evidence"). In particular, Defendants object to this Interrogatory as vague and ambiguous in its use of the terms and phrases "defenses of Ms. Schneider," "typical" and "Proposed Classes." Defendants further object that this Interrogatory seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or both. Defendants reserve the right to introduce evidence and arguments based on any late-produced discovery from Plaintiff.

      Subject to and without waiving the above objections, Defendants respond as follows:

      Plaintiff's copyright infringement claims are not typical because she is not a member of the putative class she seeks to represent. Specifically, Plaintiff is not a member of the class because she had (and has) access to Content ID. *See e.g.*, SCHNEIDER-000009607; SCHNEIDER-000155787. In fact, her publisher Modern Works used Content ID on her behalf for at least 12 of her works, including several works-in-suit, and had (and has) full ability to use Content ID for all of Plaintiff's musical compositions. GOOG-SCHNDR-00032946; GOOG-SCHNDR-00032947; GOOG-SCHNDR-00052456. And Plaintiff was offered access to Content ID free of charge from another third party, AdRev, which she turned down as unwanted "special" treatment. Maria Schneider Dep. Tr. at 191:8-193:5; SCHNEIDER-00019866. Further, Plaintiff is not a member of the putative class because she licensed her works to YouTube. As discussed above in response to Interrogatory No. 17, Plaintiff's publishing administrator directly licensed her entire catalog of musical works to YouTube; Plaintiff has directly uploaded videos

of her works to YouTube; Plaintiff has authorized others to upload videos of her works to YouTube; Plaintiff has licensed public performance rights for all of her musical compositions to ASCAP, which in turn licensed such rights to YouTube. *See e.g.*, GOOG-SCHNDR-00033012; GOOG-SCHNDR-00032723; GOOG-SCHNDR-00032730; GOOG-SCHNDR-00034933; GOOG-SCHNDR-00052457; GOOG-SCHNDR-00053079-00053102; GOOG-SCHNDR-00053103-00053128; SCHNEIDER-00150113; SCHNEIDER-00115125; MODWORKS00000803; ARTISTSHARE-0000009053.

Further, Plaintiff's copyright infringement claims are not typical because such claims are each unique and require assessment of a host of issues, on a work-by-work and alleged infringement by alleged infringement basis, including the issues of registration, use of the work, and damages. Here, Plaintiff's claims suffer from deficiencies as to each of those issues. For example, Plaintiff's claims based on 28 of the 76 works-in-suit are barred because she failed to register those works with the United States Copyright Office prior to filing this action. *See* 17 U.S.C. § 411(a). And as to damages, Plaintiff herself has recognized that she has "found as much success within the Internet as one can." SCHNEIDER-0000020751.

Additionally, Plaintiff's claims are not typical because they are subject to unique defenses dependent on Plaintiff's specific circumstances, including the defenses of license, fair use, failure to mitigate, and statute of limitations. For example, Plaintiff is subject to a unique defense because, as discussed above, she licensed her works to appear on the service, either directly or through ASCAP and her publisher. And still more of the videos she contends are infringing in this case are clearly fair uses. *See e.g.*, GOOG-SCHNDR-00042911. Further, because Plaintiff is a YouTube user that has agreed to YouTube's Terms of Service, many of Plaintiff's claims are barred by the one-year statute of limitations under that agreement because she knew of or had reasonable grounds to discover the alleged infringements at issue in this case more than one year before she sued. *See* GOOG-SCHNDR-00034933. Of the alleged infringements that Plaintiff has put at issue in this case, she was actually aware of at least 122 of them more than one year before she brought her claims in this action. Beyond that, many of

Plaintiff's claims are barred by the Copyright Act's three-year statute of limitations because she knew of or had reasonable grounds to discover the alleged infringements at issue in this case more than three years before she sued. *See e.g.*, Plaintiff Maria Schneider's Second Amended Objections and Responses to YouTube and Google's Sixth Interrogatory; SCHNEIDER-000031888; SCHNEIDER-000086739; SCHNEIDER-000095539; SCHNEIDER-000130339. Of the alleged infringements that Plaintiff has put at issue in this case, she was actually aware of at least 70 of them more than three years before she brought her claims in this action. Plaintiff is also subject to a unique defense because of her spoliation of evidence in this case. After this case was filed, Plaintiff's agent deleted videos containing Plaintiff's works that had been uploaded to Plaintiff's official YouTube channel. *See e.g.*, GOOG-SCHNDR-00052457; SCHNEIDER-0000178804; Maria Schneider Dep. Tr. at 87:11-15; 88:8-24; Marie Le Claire Dep. Tr. at 215:25-216:13.

Plaintiff is also not typical to the extent she seeks an injunction preventing defendants from "directly or indirectly reproducing, publicly performing, publicly displaying, or distributing the copyrighted works to which Plaintiffs and the Class have exclusive rights." Most copyright owners prefer to license their works to YouTube for monetization and do not want them to be blocked, taken down, or to be prevented from being available on YouTube. *See, e.g.*, GOOG-SCHNDR-00052970; SCHNEIDER-000020725; SCHNEIDER-000148353; *Kihn v. Bill Graham Archives Ltd. Liab. Co.*, No. 20-17397, 2022 U.S. App. LEXIS 9, at *8 (9th Cir. Jan. 3, 2022) (injunctive-relief class "plainly inappropriate" where "[s]ome putative class members are earning royalties from or have otherwise agreed to Defendants' distribution of their works, while others may wish to enter similar agreements").

Plaintiff's claim under 17 U.S.C. § 1202(b) is similarly atypical. Claims brought under Section 1202(b) require inquiry into a host of fact-specific issues, including whether the copy of the work at issue contained copyright management information ("CMI") in embedded file metadata to begin with, whether that CMI related to the plaintiff's work, whether any such CMI was actually removed, whether the alleged removal of CMI was authorized by the copyright

owner, whether the plaintiff used the CMI as a "modus operandi" to combat infringement, and whether the defendant knew or had reason to know that its actions would foment infringement of the plaintiff's works. Plaintiff's refusal to identify even one YouTube video from which she contends her CMI was removed has prevented Defendants from conducting a full investigation into Plaintiff's Section 1202(b) claim. But even from the investigation Defendants have been able to conduct, it is clear that her claim is subject to case-specific defenses. For example, Plaintiff's publisher, Modern Works, authorized YouTube to reformat any user video files that may embody Plaintiff's musical compositions, which includes transcoding that removes embedded file metadata. *See* SCHNEIDER-000009607. Thus, Plaintiff cannot show that any removal or metadata (or distribution of copies of her works absent that metadata) was unauthorized. Further, Plaintiff cannot show that any removal of embedded file metadata had any impact on the alleged infringement of her work. Indeed, neither Plaintiff nor her agents have used the allegedly removed embedded file metadata to search for instances of alleged infringement of Plaintiff's works on YouTube. *See e.g.*, Schneider Dep. Tr. at 210:10-211:3; Marie Le Claire Dep. Tr. at 190:11-25; Bornheimer Dep. Tr. at 224:24-225:15. And even if they had, the removal of that information would not have fomented any infringement of her work because, as discussed above, Plaintiff licensed her musical composition to YouTube. Thus, any use of those compositions was authorized, and there is no infringement to foment in the first place.

Further, Plaintiff's Section 1202(b) claim is time-barred under both the one-year period set forth in the Terms of Service to which she agreed and under the statute's three-year statute of limitation. Plaintiff has had actual knowledge about YouTube's alleged removal of CMI since at least March 2017. *See* SCHNEIDER-0000083437. And on March 19, 2017, Plaintiff submitted comments to the U.S. Copyright Office describing how YouTube was allegedly "Flagrantly Violating Section 1202 of the DMCA." SCHNEIDER-0000033198. Because she waited more than three years to sue YouTube for alleged violations of Section 1202, her claims are time-barred.

Defendants may also rely on testimony from Maria Schneider, Marie Le Claire, Zachary Bornheimer, Modern Works Music Publishing, Dan Coleman, Joanne Suk, Alex Holz, Julian Bill, David Rosenstein, Lucas Pollack, Thierry Foucu and Fabio Magagna.

**INTERROGATORY NO. 21:**

**For your contention (made in Defendants' Responses and Objections to Interrogatory No. 4 of Ms. Schneider's First Set of Interrogatories) that "YouTube has adopted and reasonably implemented a repeat infringer policy, which provides for the termination of repeat infringers' access to YouTube's service in appropriate circumstances," describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**RESPONSE TO INTERROGATORY NO. 21:**

Defendants object that this Interrogatory is improper because Plaintiff has exceeded her allotted total number of interrogatories. Defendants further object to this Interrogatory on the grounds that it is unduly burdensome, overly broad, and seeks information that is not relevant to any party's claim or defense or proportional to the needs of the case. In particular, the interrogatory is overly broad and unduly burdensome in seeking "all evidence." Defendants further object that this Interrogatory is duplicative and cumulative of Plaintiff Maria Schneider's Interrogatory No. 4. Defendants further object that this Interrogatory seeks information that is protected by the attorney-client privilege, the attorney work-product doctrine, or both.

Subject to and without waiving the above objections, Defendants respond as follows:

See Defendants and Counterclaimants YouTube, LLC and Google LLC's Amended Response to Plaintiff Maria Schneider's Interrogatory No. 4. Evidence demonstrating Defendants' adoption and reasonable implementation of its repeat infringer policy includes documents produced at GOOG-SCHNDR-00000007; GOOG-SCHNDR-00000009; GOOG-SCHNDR-00000081; GOOG-SCHNDR-00000105; GOOG-SCHNDR-00000255; GOOG-SCHNDR-00000263; GOOG-SCHNDR-00000279; GOOG-SCHNDR-00000283; GOOG-SCHNDR-00000918; GOOG-SCHNDR-00001059; GOOG-SCHNDR-00020640; GOOG-SCHNDR-00037969; GOOG-SCHNDR-00041383; GOOG-SCHNDR-00041389; GOOG-

**VERIFICATION OF RESPONSE TO INTERROGATORY NO. 22**

I have read the foregoing response to Interrogatory No. 22, and the answer contained therein are true to the best of my knowledge, information and belief.

_/s/ Arpan Agrawal_

Arpan Agrawal
Head of Finance, YouTube Content, Shorts & Regulatory Affairs

Executed at Fremont, California on July 5, 2022

Dated: July 5, 2022          WILSON SONSINI GOODRICH & ROSATI
                             Professional Corporation

                             By:    _/s/ Maura L. Rees_
                                    Maura L. Rees

                             _Attorneys for Defendants and Counterclaimants_
                             YOUTUBE, LLC and GOOGLE LLC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I, Deborah Grubbs, declare:

I am employed in Santa Clara County, State of California. I am over the age of 18 years and not a party to the within action. My business address is Wilson Sonsini Goodrich & Rosati, 650 Page Mill Road, Palo Alto, California 94304-1050.

On this date, I served:

1.  **DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF MARIA SCHNEIDER'S FOURTH SET OF INTERROGATORIES [NOS. 17-25]**

☒   By forwarding the document(s) by electronic transmission on this date to the Internet email address listed below:

BSFYouTube@bsfllp.com and Ktyoutube@koreintillery.com

I am readily familiar with Wilson Sonsini Goodrich & Rosati's practice for collection and processing of documents for delivery according to instructions indicated above. In the ordinary course of business, documents would be handled accordingly.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct. Executed at San Mateo, California on July 5, 2022.

_____
Deborah Grubbs