| | |
|---|---|
| DAVID H. KRAMER, SBN 168452 | BRIAN M. WILLEN (admitted *Pro Hac Vice*) |
| MAURA L. REES, SBN 191698 | CATHERINE R. HARTMAN (admitted *Pro Hac Vice*) |
| LAUREN GALLO WHITE, SBN 309075 | |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| Professional Corporation | Professional Corporation |
| 650 Page Mill Road | 1301 Avenue of the Americas, 40th Floor |
| Palo Alto, CA 94304-1050 | New York, NY 10019-6022 |
| Telephone: (650) 493-9300 | Telephone: (212) 999-5800 |
| Facsimile: (650) 565-5100 | Facsimile: (212) 999-5801 |
| Email: dkramer@wsgr.com | Email: bwillen@wsgr.com |
| mrees@wsgr.com | Email: chartman@wsgr.com |
| lwhite@wsgr.com | |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants<br><br>───────────────────────<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5(f), and in compliance with the Standing Order for Civil Cases before Judge James Donato ¶¶ 25-31, Defendants-Counterclaimants YouTube, LLC and Google LLC ("YouTube") submit this Response to Plaintiff Maria Schneider's Administrative Motion To Consider Whether Another Party's Material Should Be Sealed (ECF No. 170) (the "Administrative Motion").[1] Plaintiff's Administrative Motion seeks consideration of whether documents submitted as Exhibits 5, 6, 8, 12, 13, 35, 36, and 38 to the Declaration of Demetri Blaisdell (the "Blaisdell Declaration") in Support of Plaintiff Maria Schneider's Opposition to Defendants' Motion for Summary Judgment should be sealed given YouTube's designation of those documents as "Confidential" and/or "Highly-Confidential - Attorney's Eyes Only."

With respect to those documents, YouTube only seeks to file under seal very limited portions of Exhibit 12 to the Blaisdell Declaration, which is reflected in Exhibit A to the Declaration of Waleed Diab (the "Diab Decl.") in support of YouTube's Response to Plaintiff's Administrative Motion.[2]

A document submitted with a dispositive motion may be filed under seal where there are "compelling reasons" to do so. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have

---

[1] Plaintiff also provisionally sealed documents designated as "Confidential" under the Stipulated Protective Order entered in this action (Dkt. 45) by third-party, Modern Works Music Publishing ("Modern Works"), but has not filed a Certificate of Service reflecting that she served the Administrative Motion on Modern Works as required. *See* Civil Local Rule 79-5(f)(2) ("In the event the Designating Party is not an ECF user in the case, the Filing Party must serve the motion on the Designating Party the same day the motion is filed.").

[2] One of the documents Plaintiff submitted contains the entirety of YouTube's Responses and Objections to Plaintiffs' 185 Requests for Admission (the "RFA Responses"). *See* Blaisdell Decl., Ex. 8. Plaintiff's Opposition brief cites just two of those 185 RFA Responses. *See* Schneider's Opp. 19. After Defendants objected, Plaintiff agreed to replace Exhibit 8 with a new exhibit solely consisting of pages 1, 35 and 36 of YouTube's RFA Responses, but has not yet done so. If necessary, YouTube respectfully requests the opportunity to identify any sensitive portions of the RFA Responses that should remain sealed.

become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Likewise, "the common law right of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan 3. 2019) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)). This includes "sensitive business information" about "non-public business practices." *Google Inc. v. Eolas Techs. Inc.*, 2016 WL 9243337, at *1-2 (N.D. Cal. Mar. 22, 2016).

### I. Compelling Reasons Exist to Seal Portions of the Sound Recording and Audiovisual Content License Agreement Reflecting Confidential Information about Royalty Terms

In connection with her Opposition to Defendants' Motion for Summary Judgment, Plaintiff seeks to submit YouTube's standard Sound Recording and Audiovisual Content License Agreement (the "SRAV License Agreement"). *See* Blaisdell Decl., Ex. 12; Opp. 18, 19 (Dkt. 172). YouTube seeks approval of redactions of certain, sensitive aspects of its SRAV License Agreement. The SRAV License Agreement delineates the standard royalty terms incorporated into license agreements whereby Google compensates certain licensees for sound recording and audiovisual content. The agreement has confidentiality provisions requiring the contracting parties to safeguard the terms of the agreement. Importantly, the specific information in the SRAV License Agreement that YouTube seeks to seal is not cited in Plaintiff's Opposition brief and thus, is irrelevant to the pending motion.

Courts, including the Ninth Circuit, routinely recognize that "'pricing terms, royalty rates, and guaranteed minimum payment terms" meet the compelling reasons standard for sealing. *In re Elec Arts. Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (holding that "pricing terms, royalty rates, and guaranteed minimum payment terms" sought to be sealed "plainly f[ell] within the definition of 'trade secrets'"); *Open Text S.A. v. Box, Inc.*, 2014 WL 7368594 at *3 *et seq* (N.D. Cal. Dec. 16, 2014) (Donato, J.) (granting sealing motions as to "sensitive information like

pricing terms, royalty rates, [and] minimum payment terms"); *Microsoft Corp. v. Hon Hai Precision Indus. Co. Ltd.*, No. 19-cv-01279-LHK, 2020 WL 8991707 at *3 (N.D. Cal. Feb. 21, 2020) (granting defendants' motion to seal where they sought to seal "three specific text items that substantively discuss royalty rates and pricing terms."); *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, No. 19-cv-08098-LHK, 2020 WL 8669859 at *3 (N.D. Cal. Nov. 6, 2020) (granting motion seeking to seal on the basis that "the competitive harm that would result from the disclosure of Plaintiff's pricing and contracts with third parties is a compelling reason" to seal same). The Ninth Circuit treats such terms as "sealable trade secrets." *Microsoft Corp.*, 2020 WL 8991707, at *3.

The portions of the agreement YouTube seeks to seal substantively discuss the standard terms by which YouTube compensates select partners for the licensed use of sound recording works. Revealing the pricing terms, royalty rates, payment terms, and the data required to calculate those terms would not only expose terms that YouTube and its partners have sought to keep confidential, but also disadvantage YouTube in its future contract negotiations, thereby "harm[ing YouTube's] competitive standing." *Nixon*, 435 U.S. at 598.

The factors set forth in Local Rule 79-5(c)(1) are all present here. First, with respect to the "legitimate private or public interests that warrant sealing" (Civil L.R. 79-5(c)(1)(i)), it is settled law of this District and the Ninth Circuit that "the competitive harm that would result from the disclosure of… pricing and contracts with third parties is a compelling reason that outweighs the general history of access and the policies favoring disclosure." *DiscoverOrg Data*, 2020 WL 8669859 at *3 (citing *Kamakana*, 447 F.3d at 1178-79).

Moreover, as explained, the specific provisions YouTube seeks to seal regarding pricing and compensation are not relevant to the issues in dispute. The agreement is cited in Plaintiff's Opposition to the Motion for Summary Judgment merely to demonstrate YouTube's use of certain metadata; the specific royalty rates underlying the license are not relevant to establishing YouTube's use of metadata. But even if there were some public interest in the specific details of YouTube's SRAV License Agreement, that interest must bow to the recognized private interest

of YouTube in maintaining the confidentiality of its standard "pricing terms, royalty rates, and guaranteed minimum payment terms." *In re Elec. Arts, Inc.*, 298 F. App'x at 569. Further, YouTube has offered these terms to select partners with the expectation (and promise) that they would be kept confidential, and the public interest is furthered if parties can freely negotiate with an expectation of confidentiality.

Second, if redactions are denied, YouTube will be "injur[ed]" because public disclosure of its standard pricing terms, royalty rates, payment terms, and the data required to calculate those terms would cause competitive harm to YouTube and provide an improper advantage to its competitors. Diab Decl. ¶ 5 ("To foster trust with licensors and potential licensors, and thereby preserve its ability to continue securing such agreements, YouTube must be able to assure the confidentiality of the royalty terms of its license agreements. Public disclosure of Google's royalty and payment terms could damage YouTube's standing with its existing licensors, and prejudice its ability to negotiate future license agreements, causing competitive harm to its business. It may also harm YouTube's licensing partners by disclosing to the world the royalty rates and the terms on which they are willing to license use of their works."); Civil L.R. 79-5(c)(1)(ii).

Third, YouTube is not seeking to seal the agreement in its entirety, only redaction of specific, sensitive portions of it. There is no "less restrictive alternative" to these tailored redactions. Civil L.R. 79-5(c)(1)(iii).

Respectfully submitted,

Dated: September 16, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: ___/s/ Catherine R. Hartman___
Catherine R. Hartman

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC