| | |
|---|---|
| George A. Zelcs (*pro hac vice*)<br>  gzelcs@koreintillery.com<br>Randall P. Ewing, Jr. (*pro hac vice*)<br>  rewing@koreintillery.com<br>Ryan Z. Cortazar (*pro hac vice*)<br>  rcortazar@koreintillery.com<br>KOREIN TILLERY, LLC<br>205 North Michigan, Suite 1950<br>Chicago, IL  60601<br>Telephone: (312) 641-9750<br>Facsimile: (312) 641-9751<br><br>Stephen M. Tillery (*pro hac vice*)<br>  stillery@koreintillery.com<br>Steven M. Berezney, CA Bar #329923<br>  sberezney@koreintillery.com<br>Carol O'Keefe (*pro hac vice*)<br>  cokeefe@koreintillery.com<br>KOREIN TILLERY, LLC<br>505 North 7th Street, Suite 3600<br>St. Louis, MO  63101<br>Telephone: (314) 241-4844<br>Facsimile: (314) 241-3525 | Joshua Irwin Schiller, CA Bar #330653<br>  jischiller@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor<br>San Francisco, CA  94104<br>Telephone: (415) 293-6800<br>Facsimile: (415) 293-6899<br><br>Philip C. Korologos (*pro hac vice*)<br>  pkorologos@bsfllp.com<br>Joanna Wright (*pro hac vice*)<br>  jwright@bsfllp.com<br>Demetri Blaisdell (*pro hac vice*)<br>  dblaisdell@bsfllp.com<br>BOIES SCHILLER FLEXNER LLP<br>55 Hudson Yards, 20th Floor<br>New York, NY 10001<br>Telephone: (212) 446-2300<br>Facsimile: (212) 446-2350 |

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br>     vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>              Defendants.<br>_____<br>YOUTUBE, LLC and GOOGLE LLC;<br><br>              Counter-Plaintiffs,<br>     v.<br><br>PIRATE MONITOR LTD., GÁBOR CSUPÓ, and PIRATE MONITOR LLC,<br><br>              Counter-Defendants. | CASE NO.  3:20-cv-4423-JD<br><br>**PLAINTIFFS' RESPONSE TO DECLARATION OF DAN COLEMAN IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge: Hon. James Donato |

Plaintiffs submit this Response to the Declaration of Dan Coleman (ECF No. 182) in Response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 170) ("Administrative Motion"), addressing the materials of non-party "A" Side Music LLC d/b/a Modern Works Publishing ("Modern Works") that Plaintiff Maria Schneider filed under seal with her opposition to Defendants' motion for summary judgment. Pursuant to the Stipulated Protective Order entered in this case (ECF No. 45), non-party Modern Works designated as "Confidential" the documents submitted as Exhibits 14-34 to the Blaisdell Declaration (ECF No. 172-2). Plaintiffs submitted these documents provisionally under seal in accordance with the Stipulated Protective Order and Civil Local Rule 79-5(f). Plaintiffs have no objection to certain of the redactions requested by Modern Works, but believe others are unjustified, as summarized below and in the chart attached as **Exhibit A**.

In response to Plaintiffs' Administrative Motion, ECF No. 170, Modern Works filed the Declaration of Dan Coleman on September 30, 2022, ECF No. 182. Modern Works claims that portions of the following documents should be redacted: Exhibits 15, 16, 18, 19, 20, 21, 22, 23, 24, 28, 29, 30, 31, 32, and 34.[1] These documents fall into two categories: (1) emails (Exs. 15, 16, 23, and 24), and (2) Royalty Summaries related to royalties owed or paid to Plaintiff Maria Schneider (Exs. 18, 19, 20, 21, 22, 24, 28, 29, 30, 31, 32, and 34). For the emails and the Royalty Summaries, Modern Works argues that two categories of information should be redacted: (1) email addresses and physical addresses; and (2) the names of certain Modern Works employees, Schneider's agents and associates, and agents of prospective licensees. For the Royalty Summaries, Modern Works argues that a third category of information should be redacted: (3) information pertaining to royalties owed to Schneider by third-party entities and the share of those royalties retained by Modern Works.

Plaintiffs have no objection to the redaction of email addresses or physical addresses, even though they do not qualify as personally-identifiable information that may be redacted

---

[1] Modern Works does not reference the following documents that were provisionally filed under seal as exhibits to the Blaisdell Declaration: Exhibits 14, 17, 25, 26, 27, and 33.

1  under the definition set forth in Fed. R. Civ. P. 5.2.  Regarding the redaction of names, Plaintiffs
2  incorporate the position set forth in their Response to Defendants' Administrative Motion to
3  Consider Whether Another Party's Material Should be Sealed, ECF No. 169.  Plaintiffs object to
4  the redaction of the names of Modern Works employees, Schneider's agents and associates, and
5  agents of prospective licensees, because the identity of the personnel involved in negotiating and
6  executing the documents in question, which include licensing agreements purportedly governing
7  the works at issue in this lawsuit, is relevant, and there is no plausible reason why public release
8  of the names would result in spite, scandal, or libel.  *See Kamakana v. City & Cnty. of Honolulu*,
9  447 F.3d 1172, 1178–79 (9th Cir. 2006).

10  Additionally, regarding the royalty information, Plaintiffs incorporate the position set
11  forth in their Response to Defendants' Administrative Motion to Consider Whether Another
12  Party's Material Should be Sealed, ECF No. 169.  Plaintiffs do not dispute that "pricing terms,
13  royalty rates, and guaranteed minimum payment terms" may be sealed under the "compelling
14  reasons" standard, under this Court's decision in *Open Text S.A. v. Box, Inc.*, 13-CV-04910-JD,
15  2014 WL 7368594, at *3 (N.D. Cal. Dec. 26, 2014).  But the text that may be sealed is the actual
16  pricing terms themselves—the specific dollar amount or rate that describes the price or royalty
17  rate, not the surrounding language placing those terms in context.  Modern Works has not
18  articulated how redacting language *other than* the actual royalty rates will cause competitive
19  harm.  Further, the amounts owed to or paid to Schneider constitutes her information, not the
20  confidential information of Modern Works.

21  As Modern Works does not address exhibits 14, 17, 25, 26, 27, and 33 at all, it has
22  therefore failed to provide "compelling reasons" to file them under seal.  Those documents thus
23  should be fully unsealed.

24  Plaintiffs submit as **Exhibit A**, a chart setting forth the parties' positions as to each
25  portion of a document that Mr. Coleman seeks to have filed under seal.

| | |
|---|---|
| Dated: October 3, 2022 | Respectfully submitted, |
| | /s/ *Philip C. Korologos* |
| | George A. Zelcs (*pro hac vice*) |
| | Randall P. Ewing, Jr. (*pro hac vice*) |
| | Ryan Z. Cortazar (*pro hac vice*) |
| | KOREIN TILLERY, LLC |
| | 205 North Michigan, Suite 1950 |
| | Chicago, IL 60601 |
| | Telephone: (312) 641-9750 |
| | Facsimile: (312) 641-9751 |
| | |
| | Stephen M. Tillery (*pro hac vice*) |
| | Steven M. Berezney, CA Bar #329923 |
| | Carol O'Keefe (*pro hac vice*) |
| | KOREIN TILLERY, LLC |
| | 505 North 7th Street, Suite 3600 |
| | St. Louis, MO 63101 |
| | Telephone: (314) 241-4844 |
| | Facsimile: (314) 241-3525 |
| | |
| | Joshua Irwin Schiller, CA Bar #330653 |
| | BOIES SCHILLER FLEXNER LLP |
| | 44 Montgomery St., 41st Floor |
| | San Francisco, CA 94104 |
| | Phone: (415) 293-6800 |
| | Fax: (415) 293-6899 |
| | |
| | Philip C. Korologos (*pro hac vice*) |
| | Joanna Wright (*pro hac vice*) |
| | Demetri Blaisdell (*pro hac vice*) |
| | BOIES SCHILLER FLEXNER LLP |
| | 55 Hudson Yards, 20th Floor |
| | New York, NY 10001 |
| | Phone: (212) 446-2300 |
| | Fax: (212) 446-2350 |
| | |
| | *Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.* |