# EXHIBIT 16

```
                                          Pages 1 - 31

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE JAMES DONATO, JUDGE

MARIA SCHNEIDER, et al.,       )
                               )
            Plaintiffs,        )
                               )
   VS.                         ) NO. 20-cv-04423-JD
                               )
YOUTUBE, LLC, et al.,          )
                               ) San Francisco, California
            Defendants.        )
                               )
_____)

                               Thursday, April 28, 2022
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        BOIES SCHILLER FLEXNER LLP
        55 Hudson Yards
        20th Floor
        New York, New York  100 10001
    **BY:  PHILIP C. KOROLOGOS, ESQ.**
        **DEMETRI B. BLAISDELL, ESQ.**

        BOIES SCHILLER FLEXNER LLP
        44 Montgomery Street
        41st Floor
        San Francisco, California  94104
    **BY:  JOSHUA I. SCHILLER, ESQ.**

Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
        Official Reporter, U.S. District Court

    (Appearances continued, next page)

1  informs the decisions.  And in my experience, I've never had a
2  video shoved down my throat.
3          **MR. KOROLOGOS:**  It's happened to me --
4          **THE COURT:**  I'm going to go do it right now, so I'm
5  going to go look.  You know, I'm going to do that.
6      But in any event, but, Autoplay is still one step away or
7  two steps away from your putative class.  Because you still
8  have to show --
9          **MR. KOROLOGOS:**  Well, two issues.
10         **THE COURT:**  Right.
11         **MR. KOROLOGOS:**  Is a class to be certified?  And then,
12 if there is, are there safe harbors that prevent -- whether
13 it's a class or individual claims from being pursued --
14         **THE COURT:**  But for Rule 23, that doesn't necessarily
15 have to be complicated.  I mean, --
16         **MR. KOROLOGOS:**  Yeah, no --
17         **THE COURT:**  You understand what I'm saying.
18         **MR. KOROLOGOS:**  I do.
19         **THE COURT:**  You just carve it out.  You define the
20 class in a way depending on how that issue --
21         **MR. KOROLOGOS:**  Including --
22         **THE COURT:**  Either they're in or they're out.
23         **MR. KOROLOGOS:**  Including for injunctive relief, which
24 creates very different issues as to individuality, because the
25 injunction is going to apply across the board.

1    **THE COURT:**  You're asking -- you're going to ask for a
2    (b)(3) class, and then have injunctive relief attached to that,
3    right?  I would encourage you to do that.  I would encourage
4    you not to ask for a (b)(2) and a (b)(3).  You can get
5    injunctive relief in the context of a (b)(3) class.  That's
6    ancillary relief.
7        If you ask for (b)(2), you're telling me you don't think
8    your case is mainly about damages.  It's actually not -- it's
9    not like alternative pleading of causes of action.  They're
10   antithetical to each other.
11       So --
12       **MR. KOROLOGOS:**  I understand that, Your Honor.
13       **THE COURT:**  -- we just went through this in a couple
14   of cases.  You may want to look this up.  But there is a
15   possibility, if you don't -- things don't go the way you would
16   expect, I would certify a (b)(2) and you wouldn't get any
17   damages because you can't get damages except for a very, very
18   tiny amount --
19       **MR. KOROLOGOS:**  Understood.
20       **THE COURT:**  -- in the (b)(2) class.  And if you do
21   that, I suspect your view of the case will be dramatically
22   different from what you've set it out to be.
23        You can get injunctive relief in a (b)(3) context.  You
24   are not barred from that.
25       **MR. KOROLOGOS:**  Understood.

1     **THE COURT:**  So just please think that through, okay?
2  Save yourself maybe a lot of work.  It's up to you.  You may
3  have good reasons; I don't know.  But just think it through.
4     **MR. KOROLOGOS:**  One thing we litigated in New York was
5  the Visa, MasterCard and American Express classes, which
6  resulted in the *In Re: Payment Cards* decision out of the Second
7  Circuit with the conflict between the (b)(2) and the (b)(3)
8  counsel.  So I'm well aware of --
9     **THE COURT:**  All right, very good.  All right.
10     Well, why don't you add to your list a discussion of how
11  we might get this done early, because I would like to get you
12  -- this is going to be tremendously expensive.  And it's going
13  to create a fact record that's going to be very difficult to
14  work with, after a certain point.
15     So if you want -- this is totally up to you.  I have a --
16  I did your scheduling order, didn't I?
17     **MR. KOROLOGOS:**  Yes, Your Honor.
18     **THE COURT:**  You have a date.  So if you don't want to
19  do anything, we'll just live with that date.  That's fine with
20  me.  I set it, and I'm fine with that.
21     If you want to move it along, and you want to do something
22  creative along the lines that we've discussed, I'm happy to
23  consider it.  And, and if it's a good idea, I'm certain I'll do
24  it.
25     But you two, why don't you take some time to think about