UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　　Defendants<br>─────────────────────────────<br>YOUTUBE, LLC and GOOGLE LLC,<br><br>　　　　　Counterclaimants,<br><br>　　v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>　　　　　Counterclaim Defendants. | CASE NO.:  3:20-cv-04423-JD<br><br>**JOINT SUBMISSION REGARDING DEFENDANTS' AND NON-PARTY MODERN WORKS' MOTION TO SEAL**<br><br>Judge:  Hon. James Donato |

Pursuant to Civil Local Rules 7-11 and 79-5, and in response to the Court's October 13, 2022 Order re: Motions to Seal (ECF No. 188),[1] Defendants-Counterclaimants YouTube, LLC and Google LLC ("YouTube") and third-party A Side Music LLC dba Modern Works Music Publishing ("Modern Works" or "Modern") hereby move for an order sealing limited portions of documents submitted in connection with summary judgment briefing in this case. Plaintiff Maria Schneider ("Schneider") does not seek to seal any documents. YouTube's narrowed sealing requests are unopposed. YouTube takes no position as to the sealing requests of Modern Works, Schneider's publishing agent. *See* Declaration of Catherine R. Hartman ("Hartman Declaration") in support of this Motion. Plaintiff opposes Modern Works' requests to seal the names of relevant individuals but does not oppose its requests to redact email and physical addresses of these individuals.

**YouTube and Non-Party Modern Works' Respective Positions:**

YouTube seeks to seal portions of just two documents that each appear in the record in two places: (1) specific pricing information contained in provisions of a license agreement between Google and Modern Works (the "Publishing License Agreement" or "PLA"), which YouTube submitted in connection with its Motion for Summary Judgment (*see* ECF Nos. 163-3 and 164-3); and (2) specific pricing information contained in certain terms of YouTube's Sound Recording and Audiovisual Content License Agreement (the "SRAV License Agreement"), which Plaintiff submitted in connection with her Opposition to Defendants' Motion for Summary Judgment (*see* ECF Nos. 172-13 and 175-2). YouTube's request is directed to more limited portions of those documents than previously requested as reflected in the PLA with proposed redactions attached as Exhibit 1 to the Declaration of Joanne Suk in support of this Motion (the "Suk Declaration") and in the SRAV License Agreement with proposed redactions attached as

---

[1] In its October 13th Order, the Court, *inter alia*, directed the parties and third-party Modern Works to "file a single, joint motion to seal by October 27, 2022," and "terminated without prejudice" the underlying sealing requests. *See* Order, ECF No. 188 (citing ECF Nos. 163 and 170).

Exhibit 1 to the Declaration of Waleed Diab in support of this Motion (the "Diab Declaration").[2] YouTube does not seek to seal any other portions of any other documents submitted by any party in connection with Defendants' Motion for Summary Judgment.

Non-party Modern Works seeks permission to seal more limited portions of previously submitted documents. Modern now limits the elements it seeks to file under seal to (1) non-public mailing addresses of ArtistShare Music Publishing LLC contained in the Music Publishing Administration Agreement between ArtistShare Music Publishing LLC (an LLC of which Modern Works is a member) and Maria Schneider, as well as the postal address of Modern Works, which agreement was attached to the Declaration of Dan Coleman ("Coleman Declaration," ECF No. 164-6) submitted in support of Defendants' Motion for Summary Judgment, and (2) certain names, email addresses, and postal addresses contained in email messages, which were attached to the Coleman Declaration or to Plaintiff's Opposition to Defendants' Motion for Summary Judgment. *See* Declaration of Dan Coleman in Support of Defendants' Administrative Motion to File Under Seal (ECF No. 168); Declaration of Dan Coleman in Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 182).

A document submitted with a dispositive motion may be filed under seal where there are "compelling reasons" to do so. *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Likewise, "the common law right

---

[2] Defendants' sealing requests are narrowed versions of the same requests they made several weeks ago—requests that Plaintiffs have already considered and to which they assented previously. *See* Dkt. Nos. 166, 170 (agreeing that the sealing of specific pricing terms is appropriate). Defendants' reasons for seeking to seal portions of their documents remain the same. *Compare* Diab Declaration; Suk Declaration; Hartman Declaration, *with* Dkt. Nos. 163, 163-1, 175, 175-1. Plaintiffs do not (and could not) claim otherwise.

of inspection has bowed before the power of a court to insure that its records are not used … as sources of business information that might harm a litigant's competitive standing." *FTC v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan 3. 2019) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)). This includes "sensitive business information" about "non-public business practices." *Google Inc. v. Eolas Techs. Inc.*, No. 15-cv-05446-JST, 2016 WL 9243337, at *1-2 (N.D. Cal. Mar. 22, 2016). As set forth in the Suk and Diab Declarations, YouTube seeks permission to seal very limited portions of two license agreements (the PLA and SRAV)—namely, the specific pricing terms (dollar amounts and percentages) contained in the agreements. Each of these documents was designated "Highly-Confidential - Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this case. ECF No. 45. The Hartman Declaration further provides YouTube's articulation of how all the factors set forth in Local Rule 79-5(c)(1) are met here with respect to the PLA and SRAV, including how exposure of the PLA and SRAV pricing terms would harm YouTube and may even harm its licensing partners.

      Plaintiff does not contest Defendants' narrowed sealing requests. She nevertheless complains that Defendants' pared back requests indicate that their documents were over-designated under the Protective Order during the discovery process. Plaintiff's critique ignores the obvious distinction between the designation for materials merely exchanged in discovery and materials submitted to the Court in connection with summary judgment proceedings. A party does not forfeit its right to confidentiality when it is forced into litigation, and then required to provide proprietary information in discovery. Only when such material forms the basis for a court's exercise of judgment does the defendant's confidentiality interest compete with the public's right of access to the judicial process. Here, YouTube has recognized the public's right of access, and lifted its designations on all but the most specific, sensitive information. The approach is entirely proper. Indeed, it is the one that the Plaintiffs themselves adopted as they designated a host of materials under the Protective Order in discovery, only to abandon those designations entirely in the summary judgment process.

Non-party Modern Works seeks redaction of certain names, email addresses, and postal addresses contained in documents filed with the parties' summary judgment briefs. Specifically, Modern Works seeks to seal the postal address of Modern on the Music Publishing Administration Agreement, contained in the recitals on page 1 and in Section 18 of that agreement. *See* ECF No.164-7 (Coleman Declaration Ex. A). Modern Works also seeks to seal the names, postal addresses, and email addresses of Modern Works' current or former employees and agents of prospective licensees contained in certain email messages. *See* ECF Nos. 164-8, 164-9 (Coleman Declaration Exs. B-C); ECF Nos. 170-16, 171-2, 171-3, 172-16, 172-24, 172-25 (Blaisdell Declaration Exs. 15, 23-24). Modern Works sets out the reasons it seeks to redact those portions in the Declaration of Dan Coleman in Support of Defendants' Administrative Motion to File Under Seal (*see* ECF No. 168 ¶¶ 5-7) and in the Declaration of Dan Coleman in Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (*see* ECF No. 182 ¶ 5). Mr. Coleman asserts that this information is "irrelevant to the issues in dispute" and that the public disclosure of the names, postal addresses, and email addresses "of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention." ECF No. 168 ¶ 5; *see also id.* ¶¶ 6-7 (same); ECF No. 182 ¶ 5 (same).[3]

**Plaintiff's Position:**

The "'strong presumption in favor of access to court records'" is a "hallmark of our federal judiciary." *Carnegie Mellon Univ. v. LSI Corp.*, No. 18-CV-04571-JD, 2020 WL 5592992, at *1 (N.D. Cal. Sept. 18, 2020) (Donato, J.) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Any party seeking to file documents under seal for a dispositive motion such as this has "the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (Donato, J.) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). The Court will ordinarily find "insufficient for

---

[3] Copies of these documents, showing the specific redactions requested by YouTube and non-party Modern Works, will be submitted to the Court in a hard-copy binder.

sealing" declarations in support of sealing that contain "conclusory and unsupported formulations" and "do not explain how a competitor would use the information to obtain an unfair advantage." *Carnegie Mellon*, 2020 WL 5592992, at *1; *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1107 ("Conclusory statements by a party about potential harm from public disclosure, or mere hypothesis or conjecture, will not do.").

In this case, Plaintiffs have not sought to seal any documents, while Defendants have applied inappropriate Confidential and Highly Confidential designations to materials that have forced Plaintiffs to file materials under seal, only to have Defendants abandon all or nearly all of these designations when forced to defend them. *Carnegie Mellon*, 2020 WL 5592992, at *1 ("The fact that one or another party may have designated the agreements as confidential under the stipulated protective in this case merely begs the question of sealing").[4] While Ms. Schneider does not oppose Defendants' narrowed request to seal specific pricing information contained in provisions of the PLA and SRAV, she notes that the rationale for sealing advanced by Defendants is based on "conclusory and unsupported formulations" that are ordinarily "insufficient for sealing." *Carnegie Mellon*, 2020 WL 5592992, at *1 ("These agreements are at least two decades old, and neither side says what harm, if any, might result from public access to them at this time."); *see* Diab Decl. ¶ 3 (stating that the SRAV, which is a draft or template contract from 2018, "reflects terms that have been incorporated into confidential license agreements with *select* commercial partners, and *may be* incorporated in future licensing deals") (emphasis added); Suk Decl. ¶ 4 (stating without elaboration that disclosure of the PLA, an April 2014 contract, would somehow today "improperly allow YouTube competitors to benefit from the knowledge of YouTube's negotiation of these royalties to price their own products causing or

---

[4] Defendants claim their approach to designations has been "entirely proper" but Defendants' "[m]ass, indiscriminate, or routinized designations are prohibited" under the Protective Order and do not meet the applicable standards for Confidential or Highly Confidential designations. *See* ECF No. 45 §§ 2.2, 2.8, 5.1.

threatening competitive harm to YouTube's business"); Hartman Decl. ¶ 12 (quoting the Suk Declaration without further explanation).[5]

Modern Works has done even less to support its sealing requests. This Court's Standing Order on Civil Discovery requires that a submission "that seeks less extensive sealing than its associated administrative motions to seal must be accompanied by **revised redacted and unredacted versions of the documents sought to be sealed**" and that "the portions sought to be sealed must be clearly marked on the unredacted version." Standing Order § 28 (emphasis in original). However, despite Modern Works claiming that it "seeks permission to seal more limited portions of previously submitted documents," it only provided its position regarding the documents it sought to be sealed at 6:50 pm EDT tonight and has never provided revised unredacted versions of the documents sought to be sealed.[6] While Ms. Schneider does not oppose a request to file under seal email and physical addresses of individuals, she opposes any further request for sealing. This includes Modern Works' request to file under seal the names of individuals (including first names), which is conclusory and unsupported. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

For the reasons set forth herein and in the Hartman Declaration, YouTube respectfully requests that the Court grant its request to seal portions of the SRAV and PLA License Agreements as reflected in Exhibit 1 to the Suk Declaration and Exhibit 1 to the Diab Declaration. In addition, for the reasons set forth herein and in the above-cited Declarations of

---

[5] Defendants did not provide a copy of their positions on sealing until October 26, 2022 at 1:58 am EDT, the day before it was due to be filed with the Court, and did not provide a copy of the Hartman Declaration which "provides YouTube's articulation of how all the factors set forth in Local Rule 79-5(c)(1) are met here," until 2:34 pm EDT the same day (and then only in draft form), giving Plaintiff insufficient time to consider Defendants' position. Defendants did not provide the Diab or Suk declarations until 4:44 pm EDT today, and then only in draft form. Plaintiff did not receive the final versions of these declarations until 7:06 pm EDT today.

[6] A revised draft of the proposed order sent to Plaintiff at 6:50 pm EDT tonight reflected that Modern Works significantly reduced the documents it sought to file under seal, dropping its request to redact 12 documents. At 7:06 pm EDT tonight, redacted documents reflecting Modern Works' sealing proposal were provided to Plaintiff for the first time.

Dan Coleman, non-party Modern Works respectfully requests that the Court grant its request to seal portions of the Music Publishing Administration Agreement and certain email messages.

Dated:  October 27, 2022                        Respectfully submitted,

／s/ Catherine R. Hartman
David H. Kramer, SBN 168452
Maura L. Rees, SBN 191698
Lauren Gallo White, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: mrees@wsgr.com
Email: lwhite@wsgr.com

Brian M. Willen
Catherine R. Hartman
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: chartman@wsgr.com

Attorneys for Defendants and
Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

Dated:  October 27, 2022                        Respectfully submitted,

／s/ Philip Korologos
George A. Zelcs
Randall P. Ewing, Jr.
Ryan Z. Cortazar
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
Email: gzelcs@koreintillery.com
Email: rewing@koreintillery.com
Email: rcortazar@koreintillery.com

Stephen M. Tillery
Steven M. Berezney, SBN 329923
Carol O'Keefe
KOREIN TILLERY, LLC

|   |   |
|---|---|
| 1 | 505 North 7th Street, Suite 3600 |
| 2 | St. Louis, MO 63101<br>Telephone: (314) 241-4844<br>Facsimile: (314) 241-3525 |
| 3 | Email: stillery@koreintillery.com<br>Email: sberezney@koreintillery.com |
| 4 | Email: cokeefe@koreintillery.com |
| 5 | Joshua Irwin Schiller, SBN 330653 |
| 6 | BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor |
| 7 | San Francisco, CA 94104<br>Phone: (415) 293-6800 |
|   | Fax: (415) 293-6899 |
| 8 | Email: jischiller@bsfllp.com |
| 9 | Philip C. Korologos |
| 10 | Joanna Wright<br>Demetri Blaisdell |
| 11 | BOIES SCHILLER FLEXNER LLP<br>55 Hudson Yards, 20th Floor |
| 12 | New York, NY 10001<br>Phone: (212) 446-2300 |
| 13 | Fax: (212) 446-2350<br>Email: pkorologos@bsfllp.com |
| 14 | Email: jwright@bsfllp.com<br>Email: dblaisdell@bsfllp.com |
| 15 | Attorneys for MARIA SCHNEIDER, |
| 16 | UNIGLOBE ENTERTAINMENT, LLC, and<br>AST PUBLISHING LTD. |

Dated:  October 27, 2022                    Respectfully submitted,

                                                */s/ Dan Coleman*
                                     Dan Coleman

                                     Co-Founder and President of
                                     Non-Party A Side Music LLC dba Modern
                                     Works Music Publishing

## **ATTORNEY ATTESTATION**

I, Catherine R. Hartman, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

                                     By:          */s/ Catherine R. Hartman*
                                                   Catherine R. Hartman