UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants | CASE NO.: 3:20-cv-04423-JD<br><br>**[PROPOSED]**<br>**ORDER GRANTING DEFENDANTS' AND NON-PARTY MODERN WORKS' MOTION TO SEAL** |
| YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | |

Pending before the Court is the Motion to Seal submitted by Defendants-Counterclaimants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively, "YouTube") and non-party A Side Music LLC dba Modern Works Music Publishing ("Modern Works" or "Modern"). YouTube respectfully requests an order sealing portions of its documents found at the following docket numbers: ECF Nos. 163-3, 164-3, 172-13, 175-2. Modern Works respectfully requests an order sealing portions of its documents found at the following docket numbers: ECF Nos. 164-7, 164-8, 164-9, 170-16, 171-2, 171-3, 172-16, 172-24, and 172-25. Having considered the Joint Motion to Seal, and the Declarations submitted in support of the same, IT IS HEREBY ORDERED THAT the Joint Motion to Seal is GRANTED as follows:

**I.    YouTube's Sealing Requests:**

**Tab 1: ECF No. 163-3 and 164-3: Publishing License Agreement ("PLA")**

*Ex. 1 to Joanne Suk Declaration in support of*
*YouTube's Motion for Summary Judgment as to Plaintiff Schneider*

and

*Ex. 1 to Joanne Suk Declaration in support of*
*YouTube's Administrative Motion to File Under Seal*

| Pages of ECF Nos. 163-3, 164-3 | Sealable Material | Basis for Sealing |
|---|---|---|
| Portions of pages 14-15 and portions of pages 18-19 | Confidential royalty and payment terms in a publishing license agreement between Google and Modern Works | These materials reflect the royalty and payment terms according to which YouTube will make payments to the licensor.<br><br>Public disclosure of the royalty and payment terms could damage YouTube's standing with its existing licensors, and prejudice its ability to negotiate future license agreements. It would also improperly allow YouTube competitors to benefit from the knowledge of YouTube's negotiation of these royalties to price their own products causing or threatening competitive harm to YouTube's business. It may also harm YouTube's licensing partner by disclosing to the |

| | | world the royalty rates and the terms on which it is willing to license use of the subject works. *See* Suk Declaration (dated Oct. 27, 2022) ¶¶ 3-5. |
|---|---|---|

**Tab. 2: ECF No. 172-13 and 175-2: Sound Recording and Audiovisual Content License ("SRAV")**

*Ex. 12 to Blaisdell Declaration in support of*
*Plaintiff Schneider's Opposition to YouTube's Motion for Summary Judgment*

and

*Ex. A to Declaration of Waleed Diab in support of*
*Defendants' Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed*

| Pages of ECF Nos. 172-13, 175-2 | Sealable Material | Basis for Sealing |
|---|---|---|
| Portions of pages 22-24; portions of pages 28-30; portions of pages 32-34 | Royalty and payment terms in YouTube's standard Sound Recording and Audiovisual Content License | These materials reflect the standard royalty and payment terms according to which YouTube will make payments to the licensor. Public disclosure of YouTube's standard royalty and payment terms with select licensors could damage YouTube's standing with its existing licensors, and prejudice its ability to negotiate future license agreements. It would also improperly allow YouTube competitors to benefit from the knowledge of YouTube's standard royalty payment terms to structure payment of their own products causing or threatening competitive harm to YouTube's business. Additionally, it may harm YouTube's licensing partners by disclosing to the world the royalty rates and the terms on which they are willing to license use of their works. *See* Diab Declaration (dated Oct. 27, 2022) ¶¶ 3-6. |

## II. Modern Works' Sealing Requests

**Tab 3: ECF No. 164-7: Music Publishing Administration Agreement**

*Ex. A to the Declaration of Dan Coleman in support of YouTube's Motion for Summary Judgment as to Plaintiff Schneider*

| Pages of ECF No. 164-7 | Sealable Material | Basis for Sealing |
|---|---|---|
| Portions of page 1; portions of Section 18 | Physical address of an officer of Modern Works | Portions of page 1 and Section 18 contain the physical address of an officer of Modern Works. This information is non-public. It is irrelevant to the issues in dispute. Public disclosure of the addresses of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention. Such information could be used to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598).<br><br>*See* Declaration of Dan Coleman in Support of Defendants' Administrative Motion to File Under Seal (ECF No. 168) ¶ 5. |

**Tab. 4: ECF No. 164-8: Internal Email dated August 1, 2016**

*Ex. B to the Declaration of Dan Coleman in support of YouTube's Motion for Summary Judgment as to Plaintiff Schneider*

| Pages of ECF No. 164-8 | Sealable Material | Basis for Sealing |
|---|---|---|
| Portions of page 1 | Names and email addresses of Modern current or former employees | Portions of page 1 contain the names and email addresses of Modern current or former employees. This information is irrelevant to the issues in dispute. Public disclosure of the names and email addresses of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention. Such information could be used to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598). |

| | | *See* Declaration of Dan Coleman in Support of Defendants' Administrative Motion to File Under Seal (ECF No. 168) ¶ 6. |

**Tab 5: ECF No. 164-9: Internal Email dated May 27, 2016**

*Ex. C to the Declaration of Dan Coleman in support of YouTube's Motion for Summary Judgment as to Plaintiff Schneider*

| Pages of ECF No. 164-9 | Sealable Material | Basis for Sealing |
|---|---|---|
| Portions of pages 1, 2, and 3 | Names and email addresses of Modern current or former employees | Portions of pages 1, 2, and 3 contain the names and email addresses of Modern current or former employees. This information is irrelevant to the issues in dispute. Public disclosure of the names and email addresses of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention. Such information could be used to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598).<br><br>*See* Declaration of Dan Coleman in Support of Defendants' Administrative Motion to File Under Seal (ECF No. 168) ¶ 7. |

**Tab 6: ECF Nos. 170-16 and 172-16: Email dated July 22, 2008**

*Exhibit 15 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment*

| Pages of ECF Nos. 170-16, 172-16 | Sealable Material | Basis for Sealing |
|---|---|---|
| All | Names, physical or email addresses of Modern current or former employees and/or agents of prospective licensees | Portions of Exhibits 15 contain the names, physical or email addresses of Modern current or former employees and/or agents of prospective licensees. This information is irrelevant to the issues in dispute. Public disclosure of the names and email addresses of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention. Such information could be used to |

| | | "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598).<br><br>*See* Declaration of Dan Coleman in Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 182) ¶ 5. |
|---|---|---|

**Tab 7: ECF Nos. 171-2 and 172-24: Email dated May 26, 2016**

*Exhibit 23 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment*

| Pages of ECF Nos. 171-2, 172-24 | Sealable Material | Basis for Sealing |
|---|---|---|
| All | Names, physical or email addresses of Modern current or former employees and/or agents of prospective licensees | Portions of Exhibit 23 contain the names, physical or email addresses of Modern current or former employees and/or agents of prospective licensees. This information is irrelevant to the issues in dispute. Public disclosure of the names and email addresses of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention. Such information could be used to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598).<br><br>*See* Declaration of Dan Coleman in Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 182) ¶ 5. |

**Tab 8: ECF Nos. 171-3 and 172-25: Email dated May 27, 2016**

*Exhibits 24 to Plaintiff's Opposition to Defendants' Motion for Summary Judgment*

| Pages of ECF Nos. 171-3, 172-25 | Sealable Material | Basis for Sealing |
|---|---|---|
| All | Names, physical or email addresses of | Portions of Exhibit 24 contain the names, physical or email addresses of Modern current |

| | | |
|---|---|---|
| | Modern current or former employees and/or agents of prospective licensees | or former employees and/or agents of prospective licensees. This information is irrelevant to the issues in dispute. Public disclosure of the names and email addresses of these third parties would intrude on the privacy of these third parties and potentially subject them to harassment or unwanted public attention. Such information could be used to "gratify private spite, promote public scandal, [or] circulate libelous statements." *Kamakana*, 447 F.3d at 1178-79 (citing *Nixon*, 435 U.S. at 598).<br><br>*See* Declaration of Dan Coleman in Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (ECF No. 182) ¶ 5. |

**IT IS SO ORDERED.**

Dated:_____

_____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE