1

2

3

4

5

6

7

8

DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: chartman@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants<br><br>————————————————————<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**[REDACTED VERSION] DECLARATION OF PAUL N. HAROLD IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: December 15, 2022<br>Time: 10:00 a.m.<br>Dept.: 11<br>Judge: Honorable Judge James Donato |

DECLARATION OF PAUL N. HAROLD ISO
OPPOSITION TO CLASS CERTIFICATION

CASE NO.: 3:20-CV-04423-JD

1    I, Paul N. Harold, declare as follows:

2       1.    I am an attorney at Wilson, Sonsini, Goodrich & Rosati, counsel to Defendants, and

3   am over the age of 18 and competent to make this declaration. I make each of the following

4   statements based on my personal knowledge, and I could, if necessary, testify to the truth of each

5   of them.

6   **Maria Schneider**

7                  *Schneider's Discovery Responses*

8       2.    On December 16, 2021, Defendants served on Plaintiff Maria Schneider a set of

9   interrogatories that, among other things, asked Schneider to describe how she first became aware

10  of each alleged infringement that she claimed to be suing over in this case. Attached as **Exhibit 1**

11  is a true and correct copy of an excerpt of Plaintiff Maria Schneider's Objections and Responses to

12  Defendants' Fourth Set of Interrogatories, served January 14, 2022. Schneider responded to

13  Interrogatory No. 11, in part, by stating that "[t]he means that she and/or her agents used to tie

14  the[] infringements to the relevant works in suit involved her and/or her agents *playing the video*

15  *and listening for a match between the audio played in the video and the relevant work in suit*."

16  *Id.* at 4 (emphasis added).

17      3.    On April 29, 2022, Defendants served on Schneider a set of interrogatories that,

18  among other things, asked Schneider to describe any actual damages that she claims to have

19  suffered from Defendants' alleged copyright infringement. Attached as **Exhibit 2** is a true and

20  correct copy of an excerpt of Plaintiff Maria Schneider's Responses and Objections to Defendants'

21  Fifth Set of Interrogatories, served May 31, 2022. Schneider provided no information of substance

22  in response to Interrogatory No. 12, stating that "Defendants have not to date produced

23  information responsive to RFPs seeking information relevant to this issue. For example,

24  Defendants have not produced information responsive to this issue that is sought, at minimum, by

25  RFPs 7, 111, and 117." *Id.* at 4. Schneider has not amended her May 31, 2022 response to

26  Interrogatory No. 12. Fact discovery in this matter closed on July 5, 2022.

27

28

DECLARATION OF PAUL N. HAROLD ISO                -1-                CASE NO.: 3:20-CV-04423-JD
OPPOSITION TO CLASS CERTIFICATION

1

*Schneider's Identification of Works and Alleged Infringements*

2          4.          The Court set February 25, 2022 as the deadline for Plaintiffs to identify their final

3    list of infringements in this action. *See* Dkt. No. 98. Attached as **Exhibit 3** is a true and correct

4    copy of Plaintiffs' List of Infringements, served February 25, 2022. That list identified 381

5    YouTube videos that Schneider alleges infringe her copyrights. Schneider claimed that two of

6    those videos, identified at Rows 309 (video ID e04yCOqalv8) and 329 (video ID AlJ6K1x9WIw),

7    contained her sound recording, "*Concert in the Garden.*" I understand from YouTube's declarant,

8    Chenyuan Zhu, that both videos were removed from the service before 2016 in response to

9    DMCA takedown notices and were not publicly available on the service on or after July 2, 2017.

10   *See* Declaration of Chenyuan Zhu in Support of Defendants' Opposition to Plaintiffs' Motion for

11   Class Certification ("Zhu Decl.") ¶ 4.

12         5.          In her February 25, 2022 List of Infringements, Schneider identified as an alleged

13   infringement a video previously located at https://www.youtube.com/watch?v=HrJjJukZoRU

14   (Exhibit 3 at 8, row 103). I have reviewed that video. It discusses several musical performances

15   and includes a 17-second clip of what Plaintiff contends is her music during a portion of the video

16   that discusses her concert. *See* GOOG-SCHNDR-00042911. Schneider also identified as alleged

17   infringements: a video previously located at https://www.youtube.com/watch?v=GZii89KY_j4

18   (Exhibit 3 at 6, row 31), which, based on my review, is a ten-second clip of a student band playing

19   (*see* GOOG-SCHNDR-00042701), and a video previously located at

20   https://www.youtube.com/watch?v=bWzNqEHLww8 (Exhibit 3 at 12, row 229), which, based on

21   my review, is a 44-second video of a man dancing in a kitchen while music plays in the

22   background (*see* GOOG-SCHNDR-00043065).[1]

23         6.          Attached as **Exhibit 4** are true and correct copies of the online copyright records

24   from the U.S. Copyright Office's Official Public Catalog reflecting the registrations of the

25   following copyrighted works asserted by Plaintiff Maria Schneider in this action: (1) *Aires de*

26   *Lando*; (2) *A Potter's Song*; (3) *Arbiters of Evolution*; (4) *A World Lost*; (5) *Bluebird*; (6) *Braided*

27   *Together*; (7) *Carlos Drummond de Andrade Stories (5 songs for soprano and chamber*

28

[1] Defendants will provide these video files for the Court's review upon request.

DECLARATION OF PAUL N. HAROLD ISO                    -2-
OPPOSITION TO CLASS CERTIFICATION                                   CASE NO. 3:20-CV-04423-JD

1   *orchestra)*; (8) *Cerulean Skies*; (9) *CQ CQ, Is Anybody There?*; (10) *Data Lords*; (11) *Don't Be*

2   *Evil*; (11) *Home*; (12) *Lembrança;* (14) *Look Up*; (15) *Nimbus*; (16) *Rich's Piece*; (17) *Sanzenin*;

3   (18) *Sky Blue*; (19) *Sputnik*; (20) *Stone Song*; (21) *String Quartet No. 1*; (22) *The Monarch and the*

4   *Milkweed*; (23) *The Pretty Road*; (24) *The Sun Waited for Me*; (25) *The Thompson Fields;* (26)

5   *Walking by Flashlight (instrumental big band arrangement)*; (27) *Willow Lake*; (28) *Winter*

6   *Morning Walks (9 songs for soprano, string orchestra, and jazz trio)*. The dates on these

7   registrations indicate that these 28 works were not registered until November 17, 2020, more than

8   four months after Schneider instituted this action on July 2, 2020.

9       7.      In her supplemental response to Defendants' Interrogatory No. 6, which asked

10  Schneider to provide the date on which she learned of alleged infringements, Schneider admitted

11  that she was aware of allegedly infringing videos for *Arbiters of Evolution*, *Cerulean Skies*, *Sky*

12  *Blue*, *The Pretty Road*, *The Thompson Fields*, and *Walking by Flashlight* years before filing suit.

13  Attached as **Exhibit 5** is a true and correct copy of an excerpt from Plaintiff Maria Schneider's

14  Supplemental Objections and Responses to YouTube and Google's Second and Sixth

15  Interrogatories to Plaintiff Maria Schneider, served January 14, 2022.

16      8.      Early in discovery, Defendants served interrogatories on Plaintiffs asking them to

17  identify the Works-in-Suit (Interrogatory No. 1), the allegedly infringing videos and the works

18  those videos allegedly infringed (Interrogatory No. 2), and the date on which Plaintiffs became

19  aware of the allegedly infringing videos (Interrogatory No. 6). In Schneider's response to

20  Interrogatory No. 2, Schneider identified several videos as allegedly infringing works that she had

21  not identified as Works-in-Suit in response to Interrogatory No. 1, including "Choro Dancado,"

22  "Pas de Deux," "Danca Illusoria," and "Coming About." After Defendants inquired about this

23  discrepancy, Plaintiffs responded claiming that "'Choro Dancado,' 'Pas de Deux,' and 'Danca

24  Illusoria,' … are movements of 'Three Romances,' which is identified as a Work in Suit . . . ." and

25  that "'Coming About," … is a movement from "Scenes from Childhood," which is identified as a

26  Work in Suit." Attached as **Exhibit 6** is a true and correct copy of Plaintiffs' counsel's February

27  17, 2021 letter.

28

9.       Schneider sent DMCA takedown notices to YouTube for those individual movements from a larger work without mentioning the name of the work that she had actually registered. Attached as **Exhibits 7-9** are true and correct copies of emails from YouTube addressed to Maria Schneider produced by Plaintiff Maria Schneider with the bates numbers SCHNEIDER_0000009343, SCHNEIDER_0000009344, and SCHNEIDER_0000009334, respectively, which were produced under a CONFIDENTIAL designation.

*Schneider-Related Deposition Testimony*

10.       On June 14, 2022, Defendants took a deposition of Plaintiff Maria Schneider. Attached as **Exhibit 10** is a true and correct copy of excerpts of the transcript of the deposition of Plaintiff Maria Schneider, taken June 14, 2022.

11.       On June 21, 2022, Defendants took a deposition of Schneider's agent, Marie Le Claire. Attached as **Exhibit 11** is a true and correct copy of excerpts of the transcript of the deposition of Marie Le Claire, taken June 21, 2022. Le Claire performed a variety of services relating to YouTube for Schneider at Schneider's direction, including searching for alleged infringements of Schneider's works on YouTube, sending takedown notices for alleged infringements of Schneider's works on YouTube, and uploading videos containing Schneider's works to YouTube. *Id.* at 21:7-24:20. Le Claire testified that she has never inspected the metadata of a digital file or "used metadata to locate videos containing [Schneider's] work" or "attempted to use metadata to locate videos containing [Schneider's] work." *Id.* at 190:17-25.

12.       On June 23, 2022, Defendants took a deposition of Schneider's agent, Zachary Bornheimer. Attached as **Exhibit 12** is a true and correct copy of excerpts of the transcript of the deposition of Zachary Bornheimer, taken June 23, 2022. Bornheimer conducted searches for

1  alleged infringements of Schneider's works online and would send DMCA takedown notices on

2  Schneider's behalf. *Id.* at 29:2-3; 97:18-100:24.

3                                    *Summary Judgment as to Schneider*

4          13.      Defendants moved for summary judgment in action on Maria Schneider's

5  copyright infringement and CMI claims. Dkt. No. 164. Attached as **Exhibit 13** is a true and

6  correct copy of the Declaration of Joanne Suk in Support of YouTube, LLC and Google LLC's

7  Motion for Summary Judgment as to Plaintiff Maria Schneider, filed August 26, 2022, together

8  with the revised redacted version of Exhibit 1 to that declaration, filed October 27, 2022 in

9  connection with the parties' joint sealing submission (Dkt. 194). In her sworn declaration, Ms. Suk

10  avers that "YouTube typically enters into broad licenses for musical works with music publishers

11  allowing use of their entire catalogs of musical works on YouTube, which typically include works

12  by hundreds or thousands of individual songwriters." *Id.* at 1. "YouTube currently has license

13  agreements with hundreds of music publishers, including the three major publishers as well as

14  many independent publishers." *Id.* at 1-2.

15          14.      Ms. Suk's summary judgment declaration attaches as Exhibit 1 a redacted version

16  of the 2014 Publishing License agreement ("PLA") between Google and "A" Side Music LLC

17  d/b/a Modern Works Music Publishing ("Modern Works"). Under the PLA, Modern Works

18  granted Google and its affiliates a license to "Reformat" any videos containing any musical work

19  that Modern Works had the rights to license (Suk Ex. 1 § 2(a)), *i.e.*, "to digitally re-encode [such

20  videos] without modification of the content" (*id.*, Definitions).

21          15.      On July 14, 2022, Plaintiffs took a deposition of Joanne Suk. Attached as **Exhibit**

22  **14** is a true and correct copy of excerpts of the transcript of the deposition of Joanne Suk, taken

23  July 14, 2022.

24          16.      Attached as **Exhibit 15** is a true and correct copy of excerpts of the transcript from

25  the October 13, 2022 hearing on Defendants' motion for summary judgment as to Schneider.

26  During that hearing, the Court voiced "concern[]" about the viability of a class action in this case

27  in light of the "mountain of work" it took to analyze Schneider's individual claims. *Id.* at 27:10-

28

1    24. Referring to the analysis required to sort through the licensing issues associated with

2    Schneider's claims, the Court explained that it "can't do this for everybody." *Id.* at 27:20-21.

3    **Uniglobe Entertainment, LLC**

4                                      *Uniglobe's discovery responses*

5            17.    On December 14, 2021, Defendants served on Uniglobe a set of interrogatories

6    that, among other things, asked Uniglobe to: (i) describe the basis for its claim of ownership of the

7    works-in-suit (Nos. 1-2); (ii) identify every occasion on which someone has (a) been authorized to

8    use one of the works-in-suit; and/or (b) uploaded one of the works-in-suit online with Uniglobe's

9    authorization (Nos. 4 & 6); (iii) identify everyone who has been authorized to grant licenses to use

10   the works-in-suit (No. 5); (iv) identify every occasion on which one of the works-in-suit has been

11   uploaded to YouTube by Uniglobe or with its authorization (No. 7); (v) describe the basis for

12   Uniglobe's allegations that Defendants violated 17 U.S.C. § 1202 (No. 9); and (vi) provide the

13   date it first learned of each alleged infringement (No. 12). On June 28, 2022 Uniglobe served

14   Amended Objections and Responses to YouTube and Google's First Set of Interrogatories,

15   including amended responses to Interrogatory Nos. 1-2, 4-7, 9 and 12. Attached as **Exhibit 16** is a

16   true and correct copy of excerpts of Uniglobe's Amended Objections and Responses to YouTube

17   and Google's First Set of Interrogatories, served June 28, 2022, a week before the close of fact

18   discovery.

19           Uniglobe's ownership

20           18.    Defendants' Interrogatory Nos. 1 and 2 asked Uniglobe to identify the author(s)

21   and owner(s) of each Work-in-Suit (No. 1) and describe the basis for Uniglobe's claim of

22   copyright ownership (No. 2). *Id.* at 2-3. Uniglobe responded that it obtained ownership of the

23   Works-in-Suit through work-for-hire agreements with the authors of the works and transfers of

24   ownership rights. For example, Uniglobe stated that "Namrata Singh Gujral transferred her

25   copyright in Americanizing Shelley to Americanizing Shelley, LLC," which in turn "produced

26   Americanizing Shelley using work-for-hire agreements" and "transferred ownership of the

27   Americanizing Shelley copyright to Uniglobe." *Id.* at 3-4. But when subsequently asked whether

28   the plaintiff entity, Uniglobe Entertainment (Wyoming) (as opposed to a same-named entity in

1    Delaware), owned the Works-in-Suit, Uniglobe could not give a definitive answer. *See* Ex. 18, at

2    77:6-10; 93:6-94:16.

3          Uniglobe's licenses

4          19.    Defendants' Interrogatory Nos. 5 and 6 asked Uniglobe to identify everyone

5    authorized to grant sublicenses to use one or more of the Works in Suit (No. 5) and describe every

6    occasion on which a Work-in-Suit has been uploaded online with Uniglobe's authorization (No.

7    6). *Id.* at 5-6. Uniglobe responded, in part, by stating that it has authorized Vision Films to grant

8    licenses to use *5 Weddings* and authorized Gravitas Ventures to grant licenses to use *1 a Minute*.

9    *Id.* at 6-7. Uniglobe's response also referred Defendants to Exhibit A to its amended response,

10   which identifies more than 50 licensing agreements that Uniglobe has entered for the Works in

11   Suit including instances in which it has authorized still others to sublicense those works. *Id.*

12         20.    Defendants' Interrogatory No. 7 asked Uniglobe to detail each occasion on which

13   each Work-in-Suit has been uploaded to YouTube by Uniglobe itself or with its authorization. *Id.*

14   at 7. Uniglobe admitted that it authorized Gravitas Ventures to display *1 a Minute* on YouTube

15   and has "authorized Vision Films, Movie Central, and Encourage TV to display the English-

16   language version of *5 Weddings*." Uniglobe also admitted that it has directly "uploaded excerpts or

17   trailers of some or all" of the Works In Suit to YouTube and has uploaded to YouTube the entire

18   work "for one or more of the works at issue." Uniglobe then identified 66 YouTube videos that it

19   has uploaded to the service and that contain all or part of the works-in-suit. *Id.* at 7-12.

20         Uniglobe failed to identify a CMI claim

21         21.    Defendants' Interrogatory No. 9 asked Uniglobe to detail each alleged violation of

22   17 U.S.C. § 1202 that it contends Defendants committed, including by identifying the specific

23   work on which it contends CMI appeared, the specific CMI it contends Defendants allegedly

24   removed, and the URL of the offending YouTube video. *Id.* at 13. Uniglobe failed to provide any

25   substantive response, instead objecting to the request as, among other things, premature. *Id.* In

26   Plaintiffs' Motion for Class Certification, they do not identify Uniglobe as either a proposed

27   representative or member of any putative CMI class.

28

DECLARATION OF PAUL N. HAROLD ISO         -7-
OPPOSITION TO CLASS CERTIFICATION                    CASE NO. 3:20-CV-04423-JD

1       <u>Uniglobe identified alleged infringements that are time barred</u>

2       22.      Defendants' Interrogatory No. 12 asked Uniglobe to identify the date on which it

3   became aware of each alleged infringement. *Id.* at 14-15. Uniglobe responded by providing dates

4   "on or shortly before" which it "became aware of the [alleged] infringements." *Id.* at 15. These

5   dates range from May 21, 2011 (more than eleven years before this case was filed) and February

6   25, 2022 (twenty months after this case was filed). *Id.* at 15-25.

7                         *Uniglobe's identification of works*

8       23.      Uniglobe initially claimed ownership over and accused Defendants of infringing

9   registered "feature films." Dkt. 99 ¶ 66. On May 10, 2022 counsel for Plaintiffs wrote counsel for

10  Defendants, stating that Uniglobe would "supplement its [interrogatory] responses to identify that

11  . . . the screenplays of *Americanizing Shelley* and *5 Weddings* are at issue," despite the fact that

12  Uniglobe's Amended Complaint does not mention screenplays. Attached as **Exhibit 17** is a true

13  and correct copy of Plaintiffs' May 10, 2022 letter. Uniglobe's CEO, Nayomi Cooper, later

14  admitted that Uniglobe's initial claims that the films were registered were "not entirely accurate,"

15  and struggled to articulate which Uniglobe entity was the owner of the Works-in-Suit. *See* Ex. 18,

16  at 54:4-57:11; 66:5-16; 77:6-10; 93:6-94:16.

17                         *Uniglobe's Deposition Testimony*

18      24.      On June 20, 2022 and August 1, 2022, Defendants took the deposition of

19  Uniglobe's 30(b)(6) designee Namrata Singh Gujral Cooper. Attached as **Exhibits 18-19** are true

20  and correct copies of excerpts of the transcripts of the deposition of Uniglobe' s 30(b)(6) designee

21  Namrata Singh Gujral Cooper, taken June 20 and August 1, 2022.

22  **AST Publishing Ltd.**

23                         *AST's Document Production and Discovery Responses*

24      25.      Defendants sent document requests to AST in November 2021. AST did not begin

25  its document production in this case until June 2022 and continued to produce documents until

26  August 15, 2022, more than a month after the fact discovery cutoff set in the Court's scheduling

27  order. Dkt. 98. Most of the agreements that AST produced are written entirely in Russian with

28  names of the parties to the agreements redacted. When Defendants asked Plaintiffs' counsel about

1  the basis for these redactions, Plaintiffs' counsel stated that names in the agreements (as well as

2  the other documents that AST produced, such as emails) were redacted due to what they said were

3  requirements under Russian privacy laws. It is generally impossible, with the information

4  Plaintiffs have hidden, to identify the parties to any of the agreements or to identify who the

5  senders and recipients are to emails and other correspondence AST produced.

6        26.     On December 14, 2021 Defendants served on AST a set of interrogatories that

7  among other things asked AST to: (i) detail the basis for its claim of copyright ownership (No. 2);

8  (ii) describe each instance on which a Work-in-Suit was uploaded to YouTube with AST's

9  authorization (No. 7); and (iii) describe the basis for AST's allegations that Defendants violated 17

10  U.S.C. § 1202 (No. 9). Attached as **Exhibit 20** is a true and correct copy of excerpts of AST's

11  Objections and Responses to YouTube and Google's First Set of Interrogatories, served January

12  26, 2022.

13        AST's ownership

14        27.     Defendants' Interrogatory No. 2 asked AST to describe the basis for its claim of

15  copyright ownership of each Work-in-Suit. *Id.* at 4. AST responded that it obtained ownership "of

16  the audiobook and/or print or electronic versions" of the Works In Suit through "agreements with

17  the authors and/or agents of the authors of" the works and "work-for-hire agreements" with

18  "[a]nyone involved in creating [the] audiobooks." *Id.* AST did not identify which agreements were

19  applicable to each work it claimed to own.

20        AST's licenses

21        28.     Defendants' Interrogatory No. 7 asked AST to detail each occasion on which each

22  Work-in-Suit has been uploaded to YouTube by AST itself or with its authorization. *Id.* at 7. AST

23  admitted that it has authorized a third party, LitRes, and other unidentified individuals or entities

24  to upload excerpts of the Works In Suit to YouTube. *Id.*

25        AST failed to identify a CMI claim

26        29.     Defendants' Interrogatory No. 9 asked AST to detail each alleged violation of 17

27  U.S.C. § 1202 that it contends Defendants committed, including by identifying the specific work

28  on which it contends CMI appeared, the specific CMI it contends Defendants allegedly removed,

DECLARATION OF PAUL N. HAROLD ISO
OPPOSITION TO CLASS CERTIFICATION
-9-
CASE NO. 3:20-CV-04423-JD

1  and the URL of the offending YouTube video. *Id.* at 8. AST failed to provide any substantive

2  response, instead objecting to the request as, among other things, premature. *Id.* In Plaintiffs'

3  Motion for Class Certification, they do not identify AST as either a proposed representative or

4  member of any putative CMI class.

5                          *AST's Identification of Works and Alleged Infringements*

6          30.      AST initially claimed ownership over and accused Defendants of infringing "print

7  and audio books." Dkt. 99 ¶ 75. In its May 10, 2022 letter (Exhibit 17), counsel for Plaintiffs

8  wrote counsel for Defendants, stating that AST would "supplement its response [to Interrogatory

9  No. 2] to identify that only the audiobook versions of the Works in Suit are at issue." *Id.* at 4.

10         31.      On August 16, 2022, over a month after fact discovery closed in this case, AST

11  served amended objections and responses to Defendants' Interrogatory No. 12, which asked AST

12  to, among other things, provide the date it first learned of each alleged infringement. Attached as

13  **Exhibit 21** is a true and correct copy of an excerpt from Plaintiff AST Publishing Ltd.'s Amended

14  Objections and Responses to YouTube and Google's First Set of Interrogatories, served August

15  16, 2022. After failing to identify in its original January 26, 2022 response any dates on which it

16  became aware of alleged infringements, AST's amended response provided by which "it became

17  aware of" allegedly infringing videos. *Id.* at 19. These dates range from June 2019 (thirteen

18  months before this case was filed) to June 2022 (twenty-three months after this case was filed).

19         32.      In Plaintiffs' February 25, 2022 List of Infringements (*see* Ex. 3), AST identified

20  108 YouTube videos as alleged infringements. Many of those are videos of individuals reading

21  excerpts from a print book. For example, based on my review, the allegedly infringing video

22  previously located at https://www.youtube.com/watch?v=Ds4NAqcB1cY (Ex. 3 at 3, row 85) is a

23  4:40 minute video of two children, one of whom reads an excerpt from a print book in Russian and

24  appears to discuss the book. *See* GOOG-SCHNDR-00043607.[2]

25         33.      As part of the discovery process in this case, the parties entered into a Content ID

26  License Agreement under which Defendants agreed to run YouTube's Content ID tool against

27  reference files that Plaintiffs provided of the works in suit. Attached as **Exhibit 22** is a true and

28  ────────────────────

[2] Defendants will provide the video file for the Court's review upon request.

DECLARATION OF PAUL N. HAROLD ISO                    -10-
OPPOSITION TO CLASS CERTIFICATION                                    CASE NO. 3:20-CV-04423-JD

1  correct copy of the parties' Content ID License Agreement, which was designated by the parties as

2  CONFIDENTIAL. ██████████████████████████████████

3  ████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  ████████████████████████████████████████████████

6  ████████████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████

9      34.  ████████████████████████████████████

10  ████████████████████████████████████████████████

11  ████████████████████████████████████████████████

12  ████████████████████████████████████████████████

13  ████████████████████████████████████████████████

14  ████████████████████████████████████████████████

15  ████████████████████████████████████████████████

16  ████████████████████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████  Of all those Content ID

19  matches, AST ultimately identified only 64 as alleged infringements, but it did not identify even

20  those by the February 25, 2022 deadline the Court set for final identification (Dkt. 98) or seek to

21  extend that deadline. AST also did not send DMCA takedown notices to YouTube even for those

22  64 matches.

23                          *AST's Deposition Testimony*

24      35.    On August 18, 2022, Defendants took a deposition of AST's 30(b)(6) designee,

25  Maxim Lozovsky. Attached as **Exhibit 23** is a true and correct copy of excerpts of the transcript

26  of the deposition of AST's 30(b)(6) designee Maxim Lozovsky, taken August 18, 2022. During

27  that deposition, Lozovsky testified that, although AST was added to this case via an amended

28  complaint in November 2021, no one from AST even spoke directly with Plaintiffs' counsel until

1   June 2022, which is when AST thought its involvement in this case began. *Id.* at 73:16-74:1;

2   74:17-75:1; 75:8-14. Lozovsky was unable to describe what relief AST is seeking, the class(es) of

3   people it seeks to represent, or the duties it owes to absent class members. *Id.* at 81:16-19; 83:7-

4   84:21; 85:22-86:1. And he confirmed that AST did not even review the initial complaint or its

5   amended complaint in this action before they were filed. *Id.* at 80:10-16; 90:16-24.

6          36.     On August 19, 2022, Defendants took a deposition of AST's other 30(b)(6)

7   designee, Maxim Ryabyko. Attached as **Exhibit 24** is a true and correct copy of excerpts of the

8   transcript of the deposition of AST's 30(b)(6) designee Maxim Ryabyko, taken August 19, 2022.

9   **Pirate Monitor Ltd.**

10         37.     Pirate Monitor Ltd. ("Pirate Monitor") brought this action along with Maria

11  Schneider in July 2020. Defendants brought counterclaims against Pirate Monitor, alleging that it

12  had devised a wide-ranging fraud against YouTube whereby it uploaded thousands of videos to

13  YouTube claiming the rights to do so, and shortly afterward sent YouTube DMCA takedown

14  requests for the very same videos, representing that the videos infringed copyrights. Dkt. 34.

15  Defendants further detailed Pirate Monitor's scheme and the harm it caused to Defendants in

16  sworn responses to Pirate Monitor's Interrogatory Nos. 2-3. A true and correct copy of an excerpt

17  of Defendants and Counterclaimants YouTube, LLC and Google LLC's December 17, 2020

18  Responses and Objections to Plaintiff and Counterclaim Defendant Pirate Monitor Ltd.'s First Set

19  of Interrogatories (Nos. 1-4) that contains Defendants' responses to Interrogatory Nos. 2 and 3 is

20  attached as **Exhibit 25**.

21         38.     Attached as **Exhibit 26** is a true and correct copy of excerpts of the transcript of the

22  deposition of Pirate Monitor's 30(b)(6) designee, Gábor Csupó, taken on July 5, 2022. Csupó

23  testified that its agent uploaded videos to YouTube with the copyright owner's authorization and

24  then sent DMCA takedown notices requesting the removal of those same videos. Ex. 26 at 185:20-

25  186:5; 191:3-12.

26         39.     On December 18, 2020, after Defendants had served interrogatories demanding

27  Pirate Monitor prove its ownership of the copyrighted works over which it was suing, Plaintiffs'

28  counsel wrote to counsel for Defendants about an "error" in the complaint and Pirate Monitor's

DECLARATION OF PAUL N. HAROLD ISO          -12-
OPPOSITION TO CLASS CERTIFICATION                    CASE NO. 3:20-CV-04423-JD

1    interrogatory responses. That "error," they said, was that Pirate Monitor did not in fact own one of

2    the three works named in the complaint and identified in Pirate Monitor's interrogatory response:

3    *Csak szex és más semi*. *See* Dkt 1 ¶ 17 (naming *Csak szex és más semi* as a Work-in-Suit).

4    Attached as **Exhibit 27** is a true and correct copy of an email by counsel for Plaintiffs to counsel

5    for Defendants on December 18, 2020. Pirate Monitor later dismissed all of its claims in the case

6    with prejudice. Dkt. 66.

7    **Plaintiffs' DMCA Takedown Notices to YouTube**

8        40.    Plaintiffs have submitted DMCA takedown notices to YouTube that do not identify

9    Plaintiffs as the owners of the copyrights asserted in those notices. For example, attached as

10   **Exhibit 28** is a true and correct copy of an email from YouTube addressed to Uniglobe produced

11   by Uniglobe with the Bates number UNIGLOBE_0000013042, which was produced under a

12   CONFIDENTIAL designation. █████████████████████████

13   ████████████████████████████████████████████████

14   ██████████████████████████████████████████

15   ████████████████████████████████

16       41.    YouTube has also received at least 67 DMCA takedown notices from AZAPI that

17   identify YouTube videos as allegedly infringing certain copyrighted works. *See, e.g.*, Zhu Decl. ¶

18   5 & Exs. A-G. While AST has claimed in this case to own those works, 65 of these DMCA

19   takedown notices do not mention AST or identify it as the owner of copyrights in the works.

20   Additionally, YouTube has received two DMCA takedown notices for AST's Works in Suit

21   *Zuleikha Opens Her Eyes* (Зулейха открывает глаза) and *My Children* (Дети мои) that identify

22   "Audiobook, LLC" (ООО "Аудиокнига") not AST, as the owner of the copyrights in those

23   works. *See* Zhu Decl. ¶ 5 & Exs. F-G.

24       42.    Plaintiffs have also submitted DMCA takedown notices to YouTube that identify

25   videos as allegedly infringing works that are different from the works that Plaintiffs later claimed

26   those videos infringed in this action. For example, AST, through its agent AZAPI, submitted a

27   DMCA takedown notice to YouTube alleging that the YouTube video with the URL

28   http://www.youtube.com/watch?v=7LFHLHjyt4w infringed a work called *Pelagia and the Black*

DECLARATION OF PAUL N. HAROLD ISO
OPPOSITION TO CLASS CERTIFICATION
        -13-        CASE NO. 3:20-CV-04423-JD

1 | *Monk* (Пелагея и черный монах). *See* Zhu Decl. ¶ 6 & Ex. H. But in AST's February 25, 2022

2 | List of Infringements, AST identified that video as allegedly infringing a different work, *Pelagia*

3 | *and the Red Rooster*. *See supra*, Exhibit 3 at 1, row 22. At deposition, AST's corporate designee

4 | confirmed that *Pelagia and the Black Monk* and *Pelagia and the Red Rooster* are different books.

5 | *See supra*, Exhibit 24 at 136:19-21.

6 |       43.     AST also submitted DMCA takedown notices to YouTube that identified YouTube

7 | videos as allegedly infringing the work called *Fiery Finger* (Огненный перст). *See* Zhu Decl. ¶ 6

8 | & Exs. I-J. But in AST's February 25, 2022 List of Infringements, AST identified both of those

9 | YouTube videos as allegedly infringing a different work, *Nutty Buddha*. *See supra*, Exhibit 3 at 2,

10 | rows 38 & 39.

11 |       44.

12 |

13 |       Schneider has never identified any Work-in-Suit with the title "Cerulean."

14 | In her February 25, 2022 List of Infringements, Schneider provides the complete name of her

15 | work, *Cerulean Skies*. *See supra*, Exhibit 3 at 15, row 343. Attached as **Exhibit 29** is a true and

16 | correct copy of an email from YouTube to Schneider produced by Plaintiff Maria Schneider with

17 | the Bates number SCHNEIDER_0000009453, which was produced under a CONFIDENTIAL

18 | designation,

19 |

20 |       45.     Plaintiffs have also submitted DMCA takedown notices for videos that do no not

21 | contain their works at all. For example, attached as **Exhibit 30** is a true and correct copy of an

22 | email from YouTube addressed to Uniglobe produced by Uniglobe with the Bates number

23 | UNIGLOBE_0000032107, which was produced under a CONFIDENTIAL designation.

24 |

25 |

26 |

27 |       In its February 25, 2022 List of Infringements,

28 | however, Uniglobe identified that same video as allegedly infringing a different work, *5*

1   *Weddings*. *See supra* Ex. 3 at 22, row 153. The video is a 20-second clip of the 20th Century Fox

2   opening sequence. When shown the video at deposition, Uniglobe could not identify any content

3   that infringed either of those works in the video. *See supra*, Ex. 18 at 185:3-11.

4         46.   ████████████████████████████████████████████

5   ███████████████████████████████████████████████████████████████████████████

6   ████████ But the video is simply a trailer that is unrelated to *5 Weddings*. When shown the

7   video at deposition, Uniglobe admitted that there is "no copyrighted work of [Uniglobe's] that's in

8   this video." *See supra*, Ex. 19 at 328:17-330:20. Attached as **Exhibit 31** is a true and correct copy

9   of YouTube's response to that DMCA takedown notice, which include the contents of the original

10   notice, produced by Uniglobe with the Bates number UNIGLOBE_0000013839, which was

11   produced under a CONFIDENTIAL designation.

12   **Revenue and Views for Videos in Plaintiffs' List of Alleged Infringements**

13         47.   Defendants gathered and produced at Plaintiffs' behest the number of total views

14   and the number of autoplayed views of 540 videos that were identified in Plaintiffs' February 25,

15   2022 List of Infringements, since July 1, 2017. More than half (281) of those videos had fewer

16   than 500 views; 225 videos had fewer than 250 views; 152 videos had fewer than 100 views; 98

17   videos had 50 or fewer views; 34 videos had 10 or fewer views; and 11 had none. As for

18   Autoplay, more than 90% (526) of the videos had fewer than 1,000 autoplayed views; 487 had

19   fewer than 100 autoplayed views; 408 had 10 or fewer autoplayed views; and 257 had none.

20         48.   Defendants also produced monthly revenue figures for 278 videos that were

21   identified in Plaintiffs' February 25, 2022 List of Infringements. Of those 278 videos, 59 were

22   associated with no revenue since July 1, 2017, and 206 more were associated with less than $1 of

23   total revenue since July 1, 2017.

24   **Plaintiffs' Use of Stricken Expert Reports**

25         49.   On October 13, 2022, the Court considered Plaintiffs' request for additional time to

26   serve "supplemental" expert reports from Drs. Cowan and Singer. Plaintiffs previously served

27   what they characterized as preliminary reports from both, but Defendants have not yet deposed

28   either, nor provided substantive rebuttals from their own experts. According to Plaintiffs' counsel,

1    the extension they requested to provide supplemental reports was not going to "impact class cert."

2    Ex. 15 at 45:17-18. In response to Plaintiffs' request and to avoid the issues associated with

3    supplemental reports, the Court "blank[ed] everything out" so that the parties could "start over"

4    with new opening reports from Cowan and Singer. *Id.* at 46:15-17. Per the Court's Order of

5    November 7, 2022 (Dkt. 196), those new reports are due November 17. Defendants have until

6    December 29, 2022 to provide rebuttal reports and until January 20, 2023 to conduct depositions.

7    Plaintiffs nevertheless submitted and relied in their class certification motion on the placeholder

8    reports that the Court "blanked out."

9         50.    In his placeholder report, Plaintiffs' expert, Charles Cowan, suggests that Plaintiffs

10   could establish copyright ownership of foreign unregistered works by using privately-run "sources

11   that contain data on millions of foreign unregistered works, including MLC, SoundExchange,

12   Spotify, Rovi, MusicBrainz, EIDR, IMDb, and others." Blaisdell Ex. 13 ¶ 61. I accessed those

13   databases and searched for foreign unregistered works that Uniglobe, AST and Pirate Monitor

14   have put at issue in this case. I was unable to locate most of those works in the databases that

15   Cowan identifies, and when I was able to find a work, the ownership information was absent. For

16   example, I searched EIDR and IMDb for "Zimmer Feri 2," a work that Pirate Monitor claimed to

17   own in the initial Complaint. On EIDR, no copyright owner is listed. *See*

18   https://ui.eidr.org/view/content?id=10.5240/5BF3-6719-369B-395A-8DBE-Z. On IMDb, Pirate

19   Monitor is not mentioned on the page. *See* https://www.imdb.com/title/tt1699511/. Neither EIDR

20   nor IMDb returned a result that identifies the Hindi version of the *5 Weddings* film that Uniglobe

21   has put at issue.

22        51.    I also searched EIDR, MLC, SoundExchange, Spotify, and MusicBrainz for the

23   English and Russian titles of AST Works-in-Suit, including *Children's Book*, *Nutty Buddha*,

24   *History of the Russian State*, *Pelagia and the Red Rooster*, *Zuleikha Opens Her Eyes*, *Selfmama:*

25   *Life Hacks for a Working Mother*, *The Life of Wonderful People and Animals: Short Stories About*

26   *All Sorts of Different Things*. My searches of those databases did not produce information for any

27   of those works.

28

1    52.    I reviewed the terms of service for MLC, SoundExchange, Spotify, EIDR, and

2  IMDb. Attached as **Exhibits 32-36** are true and correct copies of these terms of service as of

3  November 14, 2022. None of the databases warrant that the information they contain is accurate,

4  complete or reliable. To the contrary, they all disclaim any such representation. *See*, *e.g.*, **Ex. 32**,

5  Mechanical Licensing Collective, *Website Terms of Use*, https://themlc.com/terms-use ("THE

6  MLC MAKES NO WARRANTIES OR REPRESENTATIONS WHATSOEVER WITH

7  RESPECT TO THE ACCURACY OR COMPLETENESS OF THE DATA MADE AVAILABLE

8  BY THE MLC."); **Ex. 33**, SoundExchange, *Terms of Use*,

9  https://isrc.soundexchange.com/#!/search ("SoundExchange does not warrant … that information

10  accessible via the Sites will be complete, accurate, or timely."); **Ex. 35**, EIDR, *Terms of Use*,

11  https://www.eidr.org/assets/EIDR-Terms-of-Use-February-2021.pdf ("EIDR CANNOT MAKE

12  ANY REPRESENTATIONS OR WARRANTIES ABOUT THE SUITABILITY, ACCURACY

13  OR COMPLETENESS OF THE REGISTRY DATA OR REGISTRY"). Indeed, MLC's search

14  page explicitly states that "[i]t is not an authoritative source for recording information."

15  Mechanical Licensing Collective, *The MLC Public Work Search*, https://portal.themlc.com/search.

16  **Expert Depositions**

17    53.    On September 28, 2022, Defendants took a deposition of Plaintiffs' expert, Paul

18  Jessop. Attached as **Exhibit 37** is a true and correct copy of excerpts of the transcript of the

19  deposition of Paul Jessop, taken September 28, 2022.

20    54.    On September 29, 2022, Defendants took a deposition of Plaintiffs' expert, Joseph

21  Winograd. Attached as **Exhibit 38** is a true and correct copy of excerpts of the transcript of the

22  deposition of Joseph Winograd, taken September 29, 2022.

23    I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct to the best of my knowledge. Executed this 14th Day of November

25  2022, at Washington, District of Columbia.

26                              */s/ Paul N. Harold*
                              Paul N. Harold

27

28

DECLARATION OF PAUL N. HAROLD ISO          -17-
OPPOSITION TO CLASS CERTIFICATION                    CASE NO. 3:20-CV-04423-JD

1

2

**ATTORNEY ATTESTATION**

3

4

I, David H. Kramer, am the ECF User whose ID and password are being used to file this

document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence

5

in the filing of this document has been obtained from the signatory.

6

_/s/ David H. Kramer_

7

David H. Kramer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28