# EXHIBIT 15

to the Declaration of Paul Harold

Pages 1 - 51

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

MARIA SCHNEIDER, UNIGLOBE            )
ENTERTAINMENT, LLC and AST           )
PUBLISHING LTD., individually and on )
behalf of all others similarly       )
situated,                            )
                                     )
            Plaintiffs,              )
                                     )
   VS.                               )   NO. C 20-04423 JD
                                     )
YOUTUBE, LLC; and GOOGLE LLC,        )
                                     )
            Defendants.              )
_____)
                                     )
YOUTUBE, LLC; and GOOGLE LLC,        )
                                     )
            Counter-Claimants,       )
                                     )
   VS.                               )
                                     )
PIRATE MONITOR LTD., GABOR CSUPO,    )
and PIRATE MONITOR LLC,              )
                                     )
            Counter-Defendants.      )
_____)

                          San Francisco, California
                          Thursday, October 13, 2022

                   **TRANSCRIPT OF PROCEEDINGS**


                **(APPEARANCES ON FOLLOWING PAGE)**



REPORTED BY:  Ana Dub, RDR, RMR, CRR, CCRR, CRG, CCG
              CSR No. 7445, Official U.S. Reporter

1      We're going to see it, too, with plaintiffs AST and

2   Uniglobe, the other added plaintiffs in this case.  They have

3   licensing issues.  They have -- they have statute of

4   limitations issues.  They have ownership and registration

5   issues.  There are all sorts of individualized issues in their

6   claims as well.

7      **THE COURT:**  I mean, class cert's coming up.  I have an

8   open mind.  I'm looking forward to seeing everybody's

9   arguments.

10      But I will say, Mr. Korologos, I was a little concerned.

11   In order to get to Ms. Schneider's copyright claims, you've got

12   to go through three documents just for one person.  Because

13   Google says, "We have a license."  You say, "Hold on.  No,

14   we've got to peel this back.  We've got to go back to this

15   document; then we've got to go back to a document before that."

16      I do have some -- I'll be interested to see how you intend

17   to finesse that on class cert, because I --

18      **MR. KOROLOGOS:**  We'll address that, Your Honor.

19      **THE COURT:**  I kept coming, as I was reading the summary

20   judgment papers, to the conclusion that I can't do this for

21   everybody.

22      **MR. KOROLOGOS:**  And we don't think --

23      **THE COURT:**  This is a mountain of work to get through all

24   this --

25      **MR. KOROLOGOS:**  We don't think --

1      **THE COURT:**  -- just for one person.

2      **MR. KOROLOGOS:**  -- you'll need to, Your Honor.

3      **THE COURT:**  What's that?

4      **MR. KOROLOGOS:**  We don't think you'll need to, Your Honor,

5  including --

6      **THE COURT:**  But how can that be?  If Google says "We have

7  a license" and your response each time or half the time or a

8  third of the time is "Well, that license is bogus," which is

9  what you're saying here, I don't see how you're going to get

10 around that.

11     **MR. KOROLOGOS:**  Well, if there's --

12     **THE COURT:**  You don't have to tell me now.  It's a

13 question I'm looking forward to seeing your answer on.  Let's

14 put it that way.

15     All right.  Now, let's talk about CMI.

16     And, Mr. Kramer, I think -- I'm not sure you have good

17 grounds for the CMI case, CMI issue.

18     **MR. KRAMER:**  Let me see if I can disabuse you of that,

19 Your Honor.

20     **THE COURT:**  Good.  All right.

21     **MR. KRAMER:**  Okay.  In order to state a 1202 claim,

22 Your Honor, Ms. Schneider needs to show that she had copyright

23 management information in a work; that it was removed; that it

24 was removed intentionally; that it was removed without

25 authorization; and that YouTube knew or should have known that

1    removing this information would foment infringement, plaintiff

2    can't possibly make that showing because losing information

3    that isn't visible, accessible, or usable to anyone, while

4    preserving the same information searchable and publicly

5    accessible in the title of the video, can't possibly

6    demonstrate that *scienter*.  YouTube has no reason to believe

7    that removing CLFN, while preserving the same information in

8    the title of the video where it's searchable and usable and

9    accessible, could possibly foment infringement.  That's the

10   problem with the CLFN theory, among others.

11        The *Harrington vs. Pinterest* case, which I commend to

12   Your Honor, is quite helpful to us on this point as a matter of

13   law as well.

14        The ISRC claim is entirely theoretical.  Schneider has not

15   pointed to an instance in which there was a sound recording

16   used that had an ISRC code in it that found its way into a

17   video -- a sound recording that found its way into a video.

18   She hasn't pointed to a video on the YouTube service from which

19   an ISRC code was ever present -- or in which it was ever

20   present and from which it was removed.

21        **THE COURT:**  By anybody?

22        **MR. KRAMER:**  By anybody.  There's not any evidence in the

23   record of any video that once contained an ISRC code in a sound

24   recording and isn't there any longer.  That's just not part of

25   this record.

1       **THE COURT:**  Well, let's ask Mr. Korologos.

2       What exhibit shows me that?

3       **MR. KOROLOGOS:**  Several, Your Honor.

4       So, first of all --

5       **THE COURT:**  No, no, no.  Let's answer my question first.

6    Which exhibits show that?

7       **MR. KOROLOGOS:**  Exhibit 12 of Blaisdell, which the --

8       **THE COURT:**  Exhibit 12 of who?

9       **MR. KOROLOGOS:**  The Blaisdell declaration, Your Honor.

10      **THE COURT:**  Blaisdell?  Okay.

11      **MR. KOROLOGOS:**  It was the Exhibit 12 to plaintiffs'

12   papers, paragraph 3(d).

13      **THE COURT:**  Wait.  Exhibit 12 to who?  To Schneider or to

14   Blaisdell?

15      **MR. KOROLOGOS:**  Blaisdell.

16      **THE COURT:**  Blaisdell.  Okay.  All right.

17      **MR. KOROLOGOS:**  And paragraph 3(d).

18      **THE COURT:**  Paragraph 3(d).  Okay.  Anything else?

19      **MR. KOROLOGOS:**  And this shows, Your Honor -- may I stick

20   with that one for a moment?

21      **THE COURT:**  Sure.

22      **MR. KOROLOGOS:**  This shows that Google knows every sound

23   recording in the music industry has an ISRC code.  It says it

24   on its face, paragraph 3(d).  It's called "Provider Data."  So

25   this is an agreement about sound recordings, and it's to assist

1    in content ID for dealing with copyright issues.

2        And the provider of this license has to provide certain

3    data.  What do they have to provide?  It says (as read):

4            "Provider will provide Google with the accurate

5        and complete metadata required by Google's then

6        current data specification via the metadata feed or

7        other Google-provided interface along with every

8        delivery of provider content."

9        And then you have to update it.

10       Now, the purpose of that --

11       **THE COURT:**  Just hit me with all your exhibits.  Give me

12   your full list.  So Exhibit 12 to Blaisdell.  What else?

13       **MR. KOROLOGOS:**  Well, Your Honor, we've got the exhibit

14   that Ms. Schneider put in, in declaration, that shows what her

15   ISRC codes are, which are for sound recordings, not for videos.

16       **THE COURT:**  Do you have the number for that, the Schneider

17   exhibit?

18       **MR. KOROLOGOS:**  It's the Schneider declaration,

19   Your Honor.

20       **THE COURT:**  The Schneider declaration.  Okay.

21       **MR. KOROLOGOS:**  She includes a table at paragraph --

22       **THE COURT:**  Is that under penalty of perjury?

23       **MR. KOROLOGOS:**  Your Honor, I have a version that I

24   brought with me today that adds the --

25       **THE COURT:**  It doesn't matter what you have.

1      **MR. KOROLOGOS:**  -- the statutory language.

2      **THE COURT:**  Do I have one under penalty of perjury?

3      **MR. KOROLOGOS:**  I would like to pass that up,

4  Your Honor --

5      **THE COURT:**  No.

6      **MR. KOROLOGOS:**  -- and hand it to the other side.

7      **THE COURT:**  You have to file that.  Why was that not

8  filed?

9      **MR. KOROLOGOS:**  Your Honor, it was a ministerial mistake

10  to not include the statutory language at the end.  That's all.

11  It was a lawyer's issue.

12      **THE COURT:**  It's not ministerial.

13      **MR. KOROLOGOS:**  That was a lawyer's issue.  It was not the

14  client's issue.  She signed this under penalty of perjury now.

15      **THE COURT:**  You file that.  It's the same declaration,

16  nothing's been changed?

17      **MR. KOROLOGOS:**  Everything's the same, other than that and

18  the personal knowledge paragraph at the very --

19      **THE COURT:**  File that today.  Don't file anything else.

20  Just file that as a document.

21      **MR. KOROLOGOS:**  We will, Your Honor.

22      **THE COURT:**  All right.  So the Schneider --

23      **MR. KOROLOGOS:**  There's also the answers to

24  interrogatories that we cite that previously identified --

25      **THE COURT:**  Hold on.  You're going to walk me through this

 1   with detail.  I'm not just --

 2        **MR. KOROLOGOS:**  Okay.

 3        **THE COURT:**  -- going to say:  Look at the discovery.

 4        Now, Schneider declaration, paragraph?

 5        **MR. KOROLOGOS:**  Get the right paragraph number for

 6   Your Honor.

 7        Paragraph 10, Your Honor.

 8        **THE COURT:**  10.  All right.  And what else?

 9        **MR. KOROLOGOS:**  Let me -- may I have a moment, Your Honor?

10        **THE COURT:**  Yes.

11                         (Pause in proceedings.)

12        **MR. KOROLOGOS:**  Your Honor, in discovery, we provided the

13   ISRC codes in what --

14        **THE COURT:**  Well, no, no, no.  You need to cite to your

15   summary judgment papers.

16        **MR. KOROLOGOS:**  I understand.

17        **THE COURT:**  So I need your exhibits and declarations for

18   the summary judgment motion.  So it should be easy to find in

19   your opposition.  I just want to make sure I know exactly what

20   you're talking about.

21        So I've got Blaisdell.  I've got Schneider.  Anything

22   else?  Last call.

23        **MR. KOROLOGOS:**  Blaisdell Exhibit 9, Your Honor, is the...

24        **THE COURT:**  Exhibit 9 and Exhibit 12 to Blaisdell.  Okay.

25        Okay.  Now --

1      **MR. KOROLOGOS:**  I still think, Your Honor --

2      **THE COURT:**  I'm just going to look.  I don't need any

3   argument.

4      **MR. KRAMER:**  The point is that there's not a single video

5   there, Your Honor.

6      **THE COURT:**  I understand.

7      **MR. KRAMER:**  There's not a single video identified in any

8   of what he just cited to you.

9      **THE COURT:**  I understand.  I'll take a look.

10      **MR. KOROLOGOS:**  May I address that?

11      **THE COURT:**  What's that?

12      **MR. KOROLOGOS:**  If I may have two minutes on some

13   procedural issues.

14      **THE COURT:**  On what?

15      **MR. KOROLOGOS:**  Some procedural issues.

16      **THE COURT:**  Yeah.  I wanted to go to -- you wanted some

17   more time for experts or something?  Is that the --

18      **MR. KRAMER:**  Yes.  But, Your Honor, there's actually one

19   more point I have to make about this CMI claim, which is it's

20   time-barred.

21      **THE COURT:**  I have all that.

22      **MR. KRAMER:**  But she wrote an article to the Copyright

23   Office.

24      **THE COURT:**  I don't need --

25      **MR. KRAMER:**  Okay.

1   with him and put in the stipulation to that.

2       **THE COURT:**  I'm happy to do whatever you all want to do as

3   long as it doesn't affect me.  Okay?  So if you start cutting

4   into my time for prep for trial and things like that, then I

5   won't be able to do that for you.

6       But if you wanted to take -- so right now under the

7   amended scheduling order, Docket 155 -- well, the expert stuff

8   is all done.  So you want to reopen it and get five more weeks?

9   Is that basically what you want to do?

10      **MR. KOROLOGOS:**  Essentially, Your Honor.  But --

11      **THE COURT:**  Okay.

12      **MR. KOROLOGOS:**  -- we have talked about this.

13      **THE COURT:**  Is that going to derail -- what's that going

14  to do to class cert?  Because class cert's due in --

15      **MR. KOROLOGOS:**  Due Monday.

16      **THE COURT:**  Monday, yeah.

17      **MR. KOROLOGOS:**  I don't think it's going to impact class

18  cert, Your Honor.

19      **THE COURT:**  It won't affect class cert.  Okay.  All right.

20  So that's good.

21      **MR. KRAMER:**  That is good, Your Honor.

22      It may affect summary judgment and *Daubert*, though.  There

23  are deadlines in the Court's schedule for those things; and if

24  we're moving out the expert disclosures five weeks and then

25  five weeks for supplementals, I think we're going to have to

```
 1   readjust the summary judgment --

 2       THE COURT:  I don't see any expert issues that I am going

 3   to rely on for summary judgment; so I'm not worried about that.

 4       So let's see what you -- why don't you try to work it out.

 5   I don't have a problem.

 6       So you want five weeks.  And then what?  You're going

 7   to -- so he's going to redo his reports; right?

 8       MR. KOROLOGOS:  Two of them.

 9       THE COURT:  You're going to revise -- we'll revise the --

10   what's the other report?  Two opening reports?

11       MR. KOROLOGOS:  We had four opening reports.

12       THE COURT:  Oh, I see.  Okay.  And you're going to do two

13   of them?

14       MR. KOROLOGOS:  Two of them, we need to --

15       THE COURT:  All right.  Two will be revised.  Then there

16   will be two new.  We're just going to blank everything out.

17   All right?  So for those two, we're just going to start over.

18       How much time do you want for that?  Five weeks?

19       MR. KRAMER:  I think that's fine, Your Honor.

20       THE COURT:  Okay.  And then have you had depositions yet,

21   or no?

22       MR. KOROLOGOS:  Yeah.  We then need to do the depositions

23   of these experts.

24       THE COURT:  Redo them or do them in the first --

25       MR. KOROLOGOS:  We haven't done those.
```