| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>         mrees@wsgr.com<br>         lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com<br>Email: chartman@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants<br><br>———————————————————<br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>    Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE**<br><br>Date: December 15, 2022<br>Time: 10:00 a.m.<br>Dept.: 11<br>Judge: Hon. James Donato |

1    Defendants object to the Reply Declaration of Demetri Blaisdell in Further Support of Plaintiffs' Motion for Class Certification ("Blaisdell Reply Declaration"), filed on November 29, 2022.[1] *See* Dkt. 203-1. The declaration is not made under penalty of perjury, contains pages of improper attorney argument, and fails to show the basis for Plaintiffs' counsel's personal knowledge underlying his supposed testimony.

The fourteen-page Blaisdell Reply Declaration was neither sworn nor made under penalty of perjury. Dkt. 203-1; *see* 28 U.S.C. § 1746. This failure is mystifying as Plaintiffs previously ignored (and were admonished for violating) this fundamental evidentiary obligation after submitting two unsworn declarations during summary judgment briefing. *See* Dkt. 172-1 (Schneider declaration); Dkt. 172-2 (Blaisdell declaration). After the Plaintiffs claimed this was "a ministerial mistake," the Court instructed them that the requirement was "not ministerial." Dkt. 195 at 40:9-12; *see Grundig Multimedia AG v. Eton Corp.*, 2021 WL 411237, at *4 (N.D. Cal. Feb. 5, 2021) ("A declaration is not admissible as evidence if not verified as true and correct and signed under penalty of perjury." (quoting *Barroca v. Santa Rita Jail*, 2006 WL 571355, at *4 (N.D. Cal. Mar. 3, 2006)). Whether the omission here was intentional or another mistake, Mr. Blaisdell's verbose, unsworn declaration should be disregarded.

The Blaisdell declaration is also rife with improper argument and conclusion. Declarations "may contain only facts" and "must avoid conclusions and argument." Civil L.R. 7-5(b). Any declaration violating those requirements "may be stricken in whole or in part." *Id.* The Blaisdell declaration consists largely of advocacy in a plain attempt to exceed Plaintiffs' page limit on reply. *See* Dkt. 203 at 2 ("As explained in the Blaisdell Reply Decl., the majority of Defendants' arguments have nothing to do with the class claims and, as explained below, the

---

[1] Defendants also object that Plaintiffs' reply brief misleadingly quotes from emails that were written by an individual before she joined Google. *See* Dkt. 203 at 15 (quoting Exhibit 27 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification, Dkt. 190-6). In their brief, Plaintiffs attribute these statements to Defendants' "current copyright counsel" to make it appear that the statements are admissions by Google. *Id.* In fact, the author was an academic at the time she wrote the statements, not a Google employee. She lacked personal knowledge of the matters, and her out-of-court statements are hearsay. *See* Fed. R. Evid. 801(c).

rest can be resolved through class-wide proof."). The examples of improper attorney argument are pervasive; a few quotes demonstrate the impropriety:

- "Defendants raise a series of arguments that concern infringement of Ms. Schneider's works that do not meet the class definition for the Registered Works Infringement Class. For example, they argue that certain of Ms. Schneider's works were allegedly licensed to YouTube because Ms. Schneider or her agents uploaded the works to YouTube (Opp. 2). However, Defendants have never asserted a license under the TOS for the Schneider Infringement via an authorized upload to YouTube. *See* Blaisdell Decl. Ex. 46 (ECF 164-13) at 21. Defendants also argue that Ms. Schneider had "constructive knowledge" of 'hundreds' of infringements (Opp. 2). But Defendants do not assert a date that the Schneider Infringement was uploaded, meaning that they are not asserting a constructive notice argument based on the date that video was uploaded. Blaisdell Decl. Ex. 46 (ECF 164-13) at 21. Defendants also argue that a takedown notice was submitted for the work Cerulean Skies that only identified it as 'Cerulean.' Harold Decl. ¶ 44.1 But, as Defendants well know, Cerulean Skies does not meet the proposed class definition for the Registered Works Infringement Class." Blaisdell Reply Decl. ¶ 9;

- "Defendants ignore the class definition for the Registered Works Infringement Class and raise irrelevant arguments concerning infringements identified by Uniglobe under the Court's order. For example, they argue that Uniglobe had actual knowledge of 83 infringements at least three years before the filing of the complaint, ignoring that these infringements are only relevant to show that Uniglobe submitted a previous successful takedown notice before submitting a second successful Takedown Notice on or after July 2, 2017." *Id.* ¶ 18;

- "Defendants seem to have manipulated this made-for-litigation matching process to inflate the number of matches by removing guardrails they have put in place to ensure that Content ID detects infringements. As Winograd notes in his expert report (attached to the Blaisdell Decl. as Exhibit 15), Defendants' standardized process for uploading reference files via Content ID includes a step by which the content owner can exclude non-exclusively owned content (e.g., a short musical interlude between audiobook chapters that is in the public domain or non-exclusively licensed) by specifying the time segments of the file that should not be used for matching. Ex. ¶ 43. However, Defendants did not provide any opportunity for Plaintiffs to specify individual portions that should not be used for matching. Harold Decl. Ex. 22. As Defendants themselves acknowledge (Harold Decl. ¶ 34), many of the matches contained music for which AST did not own a copyright that was used as a musical interlude. Had Plaintiffs been permitted to exclude these musical interludes from the reference files like Content ID participants do, by YouTube's own account, "thousands of the matches of AST's reference files" (id.) would not have been included as matches . . . . In short, the process employed here seems to have been manipulated and is unrepresentative of Defendants' standard approach (Content ID)." *Id.* ¶ 28;

- "Uniglobe also properly identified videos containing excerpts of the 5 Weddings motion picture as infringing its copyright in the screenplay. An owner of a registered work may 'proceed against the infringer based on registration of the original work even if the infringer copied from a derivative work.' 5 Patry on Copyright § 17:90. The infringing

videos at issue and which are described in Plaintiffs' pleadings plainly infringe a copyright owned by Uniglobe (the screenplay) by including portions of a derivative work (the motion picture)." *Id.* ¶ 17;

- "Defendants block users from employing any fingerprinting technology to identify videos without a manual keyword search. Fingerprinting technologies would require 'scraping' the YouTube platform, which is not permitted under YouTube's Terms of Service." *Id.* ¶ 40.

- "Defendants do claim the Schneider Infringement is barred by a one-year limitations period purportedly imposed by Defendants' Terms of Service ("TOS"). Plaintiffs dispute that the TOS limitations period applies because, among other reasons, it is substantively and procedurally unconscionable (*see* ECF 172 at 21–22), which is an issue that can be resolved on a class-wide basis. Finally, while Defendants complain that Ms. Schneider will be ineligible for statutory damages for works she has not registered with the USCO (Opp. 3), these works are, *by definition*, excluded from the proposed Registered Works Infringement Class. Defendants also claim that Ms. Schneider licensed YouTube and its users to make use of the content she, her agents, or licensees uploaded to the platform. But the Schneider Infringement is not one uploaded by Ms. Schneider before the infringements in question, as demonstrated by Defendants' own records." *Id.* ¶ 8.

*See also id.* ¶3 ("Plaintiffs complied with that order and identified every known infringement of the works at issue in this case, regardless of whether they were subject to a defense, such as the statute of limitations . . . ."); ¶ 19 (arguing that a takedown notice "shows that Defendants' vetting process catches deficient takedown notices"); ¶ 29 ("Any takedown notices submitted through CVP that do not include the name of the copyright holder (or contain the name of an incorrect copyright holder) can be resolved as part of the claims administration process, including by reference to the CVP application of the agent."); ¶ 35 ("The extent of fair use issues on the YouTube platform is exemplified by the very small fraction of Content ID claims that are disputed with an assertion of fair use—only 0.2% of the infringements identified through Content ID."); ¶ 33 (arguing that a document "demonstrat[es] that YouTube demonetizes videos subject to copyright strikes.").

None of this argument has a place in an attorney declaration. Paragraphs 8-9, 17-19, and the above-quoted portions of paragraphs 3, 28, 29, 33, 35, and 40 are improper, and they should be stricken. *See Primus Grp., Inc. v. Inst. for Envtl. Health, Inc.*, 395 F. Supp. 3d 1243, 1254 (N.D. Cal. 2019) (rejecting party's "attempt[] to exceed its reply brief page limit by embedding"

argument in attorney declaration; striking paragraphs from declaration); *see also Tawfik v. Select Portfolio Servicing, Inc.*, 2021 WL 3861430, at *3 (N.D. Cal. Aug. 30, 2021) (striking attorney declaration that contained "only legal conclusions and argument"); *Logtale, Ltd. v. IKOR, Inc.*, 2015 WL 1299849, at *6 (N.D. Cal. Mar. 20, 2015) (striking declaration that "improperly include[d] numerous pages of argument, legal conclusions, and assertions not within the declarant's personal knowledge"); *Hinson v. Metro. Life Ins. Co.*, 2012 WL 13054268, at *1 (N.D. Cal. Aug. 1, 2012) (striking portions of attorney declaration that contained "improper argument").

Finally, Mr. Blaisdell lacks personal knowledge on many of the matters he testifies to. For example, he opines on the operation of Content ID and the Content Verification Program. *See e.g.,* Blaisdell Reply Declaration ¶ 28 ("Defendants' standardized process for uploading reference files via Content ID includes a step by which the content owner can exclude non-exclusively owned content (e.g., a short musical interlude between audiobook chapters that is in the public domain or non-exclusively licensed) by specifying the time segments of the file that should not be used for matching."); ¶ 29 (opining that the Content Verification Program "requires an authorized agent to identify the copyright holders it is acting on behalf of"). Mr. Blaisdell also improperly offers testimony regarding third-party fingerprinting technologies and Schneider's activities in uploading videos to YouTube. *See id.* ¶ 40 ("Defendants block users from employing any fingerprinting technology to identify videos without a manual keyword search. Fingerprinting technologies would require 'scraping' the YouTube platform, which is not permitted under YouTube's Terms of Service."); ¶ 8 ("But the Schneider Infringement is not one uploaded by Ms. Schneider before the infringements in question, as demonstrated by Defendants' own records."). Mr. Blaisdell's testimony on these matters should be disregarded.

## CONCLUSION

The Court previously instructed Plaintiffs' counsel on the need for sworn declarations, and counsel again failed to comply. The entire unsworn Blaisdell Reply Declaration should be disregarded. Alternatively, the Court should strike the attorney argument and legal conclusions

identified above and afford no weight to the testimony about matters on which the declarant lacks personal knowledge.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 5, 2022 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
|  | By:     */s/ David H. Kramer*<br>        David H. Kramer<br>        dkramer@wsgr.com |
|  | Attorneys for Attorneys for Defendants and Counterclaimants YOUTUBE, LLC and GOOGLE LLC |