UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**JOINT SUBMISSION REGARDING DEFENDANTS' SEALING REQUESTS**<br><br>Judge: Hon. James Donato |

Pursuant to Civil Local Rules 7-11 and 79-5, and in accordance with the Court's October 26, 2022 Order granting the parties' stipulation regarding sealing (ECF No. 193), Defendants-Counterclaimants YouTube, LLC and Google LLC ("YouTube") hereby request that the Court maintain under seal very limited portions of 18 documents filed in connection with class certification briefing in this case at: ECF Nos. 189-2, 189-4, 189-7, 189-12, 189-15, 189-17, 189-23, 189-25, 189-27, 189-28, 189-29, 189-34, 189-35, 189-39, 189-41, 189-42, 190, 190-8, 190-10, 190-13, 190-18, 190-21, 190-24, 190-30, 190-32, 190-35, 190-36, 190-38, 190-44, 190-45, 190-56, 190-60, 202-8, 202-9, 203-25, and 203-29.[1] Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing LTD. ("Plaintiffs") do not seek to seal any documents. Plaintiffs oppose Defendants' request to seal certain portions of documents that reflect: (1) metrics related to YouTube's Watch Next/Autoplay functions; and (2) testimony regarding YouTube's repeat infringer policy. *See infra* at 4-7.

**Defendants' Position:**

Documents filed in connection with a non-dispositive motion such as a motion for class certification may be sealed where there is "good cause" to do so. *See, e.g.*, *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Brickman v. Fitbit, Inc.*, No. 3:15-cv-02077-JD, 2017 U.S. Dist. LEXIS 123663, at *3-4 (N.D. Cal. Aug. 4, 2017) (Donato, J.) (applying good cause standard to class certification motion); *Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (Donato, J.) (same). Under that standard, materials may be sealed "so long as the party seeking sealing makes a 'particularized showing' under the 'good cause' standard of Federal Rule of Civil Procedure 26(c)." *Brickman*, 2017 U.S. Dist. LEXIS 123663, at *3 (citations omitted).

---

[1] *See* Declarations of Catherine R. Hartman ("Hartman Declaration"), Chenyuan Zhu ("Zhu Declaration"), Amy Wu ("Wu Declaration"), and Arpan Agrawal ("Agrawal Declaration") in support of YouTube's Sealing Requests; Declarations of Joanne Suk ("Suk Declaration") and Waleed Diab ("Diab Declaration"), ECF Nos. 194-2, 194-5, filed in support of YouTube's previous request to seal two exhibits submitted in connection with Motion for Summary Judgment briefing that also were submitted in connection with the class certification briefing in this case.

Defendants seek permission to seal limited portions of 18 documents Plaintiffs filed that contain trade secret or other confidential research, development, or commercial information. Each of these documents was designated "Confidential" or "Highly-Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this case. ECF No. 45.

Defendants' accompanying declarations (of Zhu, Wu, Agrawal, Suk and Diab) detail the specific grounds for each of Defendants' sealing requests, but the requests fall into the following categories:

**Category 1**: Technical engineering documents that reveal highly sensitive confidential information that, if disclosed, would bring competitive harm to Defendants and allow potential competitors an unfair advantage. *See* Wu Declaration.

Examples of this category of information include: Hartman Exhibits 10 (internal YouTube engineering presentation entitled "Watch Next Eng Review" that reveals technical details of YouTube's recommendation system) and 13 (internal page from YouTube Developer's Handbook entitled "Life of a YouTube upload" that discusses technical infrastructure and system design of various YouTube engineering components). Sealing of the information falling in this category is warranted under this Court's past decisions. *See, e.g.*, *DZ Reserve et al. v. Meta Platforms, Inc.*, No. 3:18-cv-04978-JD, Dkt. 350 at 1 (N.D. Cal. Dec. 3, 2021) (Donato., J.) (sealing information regarding "technical processes and functionalities of Meta's products and systems, . . . internal analyses, modeling, and assessments"); *Carnegie Mellon Univ. v. LSI Corp. et al.*, No. 3:18-cv-04571-JD, Dkt. 221 (N.D. Cal. Sept. 29, 2021) (Donato, J.) (sealing "proprietary technical information" regarding products).

**Category 2**: Product design, internal analyses, and statistics about Content ID, YouTube search, and other YouTube functions that, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems. *See* Wu Declaration; Zhu Declaration.

Examples of this category of information include: Hartman Exhibits 5 (Expert Report of Joseph M. Winograd, Ph.D. for Plaintiffs that discloses minimum detection thresholds for

Content ID's matching functions and YouTube's Copyright Match Tool) and 8 (internal YouTube product review presentation entitled "Watch Next Overview" that showcases design logics underlying YouTube's recommendation system and statistical assessments). As shown in the Wu Declaration, competitors who have access to this information could use it to their advantage on product design and resource allocation. Sealing of the information falling in this category is warranted under this Court's past decisions. *See, e.g.*, *DZ Reserve*, No. 3:18-cv-04978-JD, Dkt. 350 at 1 (Donato., J.) (sealing information regarding "technical processes and functionalities of Meta's products and systems, business strategies, . . . internal analyses, modeling, and assessments").

**Category 3**: Operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools. *See* Zhu Declaration.

Examples of this category of information include: Hartman Exhibits 6 (YouTube's interrogatory response that discusses the grouping logic of copyright strikes) and 9 (internal policy document that details YouTube's methods and efforts of suspending channels linked to bad actors). Sealing of the information falling in this category is warranted under this Court's past decisions. *See, e.g.*, *DZ Reserve*, No. 3:18-cv-04978-JD, Dkts. 325, 325-5 at 10 (N.D. Cal. filed July 9, 2021) (requesting sealing of "details about how Facebook detects, restricts, and enforces against different types of fake and duplicate accounts"), *sealing granted by* Dkt. 350 (Donato., J.) (N.D. Cal. Dec. 3, 2021).

**Category 4**: Confidential financial information, including YouTube's revenues, costs, and profit that, if disclosed, would cause competitive harm by damaging YouTube's standing with its existing advertising partners and content creators and prejudicing its ability to negotiate future license agreements. *See* Agrawal Declaration.

Examples of this category of information include: Hartman Exhibits 4 (September 1, 2022 Expert Report of Hal J. Singer, Ph.D. for Plaintiffs that lists monthly YouTube financial

1  information from January 2017 to December 2020) and 17 (Dr. Singer's November 17, 2022
2  expert report showing the same). Sealing of the information falling in this category is warranted
3  under this Court's past decisions. *See, e.g.*, *GoPro Hong Kong Ltd. v. 2b Trading, Inc.*, No. 16-
4  cv-05113-JD, 2017 U.S. Dist. LEXIS 27380, at *4 (N.D. Cal. Feb. 27, 2017) (Donato, J.)
5  (sealing business information including "forecasts" and "marketing expenditures").

6  **Category 5:** Specific pricing terms in YouTube's business contracts that, if disclosed,
7  would cause competitive harm by damaging YouTube's standing with its existing licensors,
8  prejudicing its ability to negotiate future license agreements, and allowing YouTube competitors
9  to benefit from the knowledge of YouTube's negotiation of these royalties to price their own
10  products. *See* Suk Declaration (ECF No. 194-2); Diab Declaration (ECF No. 194-5).

11  The two documents containing this category of information are Hartman Exhibits 7
12  (publishing licensing agreement between YouTube and Maria Schneider's publisher that
13  contains pricing terms) and 14 (standard YouTube Sound Recording and Audiovisual Content
14  License that contains revenue share terms). Sealing of this information is warranted under this
15  Court's past decisions. *See, e.g.*, *CZ Servs., Inc. v. Express Scripts Holding Co. et al.*, No. 3:18-
16  cv-04217-JD, Dkt. 347 at 5 (N.D. Cal. Aug. 21, 2020) (requesting sealing of pricing terms in
17  contracts), *sealing granted by* Dkt. 379 (N.D. Cal. Aug. 31, 2020) (Donato, J.); *GoPro Hong*
18  *Kong Ltd.*, 2017 U.S. Dist. LEXIS 27380, at *5 (Donato, J.) (sealing "pricing and payment
19  terms"); *Open Text S.A. v. Box, Inc.*, No. 13-cv-04910-JD, 2014 WL 7368594, at *3 (N.D. Cal.
20  Dec. 26, 2014) (Donato, J.) (granting sealing motions as to "sensitive information like pricing
21  terms, royalty rates, [and] minimum payment terms").

22  **Plaintiffs' Position:**

23  Plaintiffs oppose Defendants' motion to seal certain portions of documents that reflect:
24  (1) metrics related to YouTube's Watch Next/Autoplay functions that do not merit
25  confidentiality; and (2) testimony regarding YouTube's failure to implement a reasonable repeat
26  infringer policy.  Specifically, Plaintiffs oppose sealing the following portions of documents filed
27  in connection with the Parties' class certification briefing:

28

| ECF No. | Page Numbers | Description |
|---|---|---|
| ECF Nos. 190 & 189-42: | 12-13; 15-16 | Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years and information about the operations of YouTube's policy for terminating repeat infringers. |
| ECF Nos. 190-21 & 189-15: | 3, 53, 57. | Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years |
| ECF Nos. 190-8 & 189-2 | 20-21; 23; 26-27 | Information about the operations of YouTube's policy for terminating repeat infringers. |
| ECF Nos. 190-32 & 189-25 | -873, -891 to -893, -896, -904 to -905, -930 | Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years |
| ECF Nos. 190-36 & 189-28: | -185 to -187, -204, -240 to -241, -247, -258 | Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years |
| ECF Nos. 190-44 & 189-34 | -952, -964, -972 | Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years |

Plaintiffs oppose Defendants' motion to seal portions of YouTube internal documents and the Expert Report of Joseph M. Winograd that divulge metrics related to YouTube's Watch Next and Autoplay functions, along with related portions of Plaintiffs' Motion for Class Certification.  *See* ECF Nos. 190 & 189-42;.190-21 & 189-15; 190-32 & 189-25; 190-44 & 189-34.  The metrics in question reflect: (1) the percentage of total watch time attributable to these functions, and (2) the role of these functions in driving watch time across the YouTube platform. Until supplementing their motion in the last few hours, Defendants had "presented nothing but generic and boilerplate statements for [their] sealing requests."  *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (Donato, J.); *see, e.g.*, Declaration of Amy Wu in Support of YouTube's Motion to Seal at 5 ("The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection.  Public disclosure of the information above would cause competitive harm to YouTube by allowing its competitors to gain insight into YouTube's operational details and

use information gathered through YouTube's research and development to improve their own services."). Defendants' assertion does not provide nearly enough information as to why the disclosure of these specific metrics would harm Defendants and does not meet their burden to "provide the 'particularized showing' required to seal any individual court record." *In re Google Play Store* at 1107.

Plaintiffs also oppose Defendants' motion to seal portions of the testimony provided by Kevin Zhu in his deposition on behalf of YouTube, LLC pursuant to Rule 30(b)(6) and portions of Plaintiffs' Motion for Class Certification related to that testimony. *See* ECF Nos. 190 & 189-42; 190-8 & 189. The testimony relates to details of YouTube's repeat infringer policy and certain steps that they have failed to take in enforcing a reasonable repeat infringer policy as mandated by the DMCA. Defendants provide the following illogical reason for why this testimony should remain under seal: "Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's repeat infringer policy and therefore hinder YouTube's ability to identify and terminate repeat infringers." Declaration of Chenyuan Zhu in Support of YouTube's Motion to Seal at 2. As described above, the testimony describes YouTube's *failure* to terminate certain users. Presumably, those users that YouTube has failed to terminate are already aware of this fact; thus, they have already "circumvent[ed] termination." YouTube's request to seal is also a self-serving attempt to protect its inadequate repeat infringer policy. YouTube fears that users previously unaware of the loophole identified in Mr. Zhu's testimony may now take advantage of it if made public. The widespread abuse of this loophole would further reveal that Defendants' repeat infringer policy is insufficient and not in compliance with the requirements of the DMCA.

Defendants' corporate presence is pervasive in the lives of millions of Americans. Due to the strong public interest in this case and the importance of the documents in question, the Defendants' motion should be denied to buttress the "strong presumption in favor of access to court records," which is a "hallmark of our federal judiciary." *CZ Servs., Inc. v. Express Scripts Holding Co.*, at *1 (N.D. Cal. Aug. 5, 2020) (Donato, J.). Plaintiffs respectfully request that the

Court deny Defendants' Motion to Seal to the extent that it relates to the portions of the documents listed above.

    For the reasons set forth herein and in the supporting declarations, Defendants respectfully request that the Court grant their request to seal limited portions of the aforementioned documents filed in connection with class certification briefing.

Dated: December 8, 2022								Respectfully submitted,

                                          */s/ Catherine R. Hartman*

David H. Kramer, SBN 168452
Maura L. Rees, SBN 191698
Lauren Gallo White, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: mrees@wsgr.com
Email: lwhite@wsgr.com

Brian M. Willen
Catherine R. Hartman
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: chartman@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

Dated: December 8, 2022								Respectfully submitted,

                                          */s/ Philip C. Korologos*

George A. Zelcs
Randall P. Ewing, Jr.
Ryan Z. Cortazar
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601

| | |
|---|---|
| 1 | Telephone: (312) 641-9750 |
| 2 | Facsimile: (312) 641-9751<br>Email: gzelcs@koreintillery.com |
| 3 | Email: rewing@koreintillery.com<br>Email: rcortazar@koreintillery.com |
| 4 | Stephen M. Tillery |
| 5 | Steven M. Berezney, SBN 329923<br>Carol O'Keefe |
| 6 | KOREIN TILLERY, LLC<br>505 North 7th Street, Suite 3600 |
| 7 | St. Louis, MO 63101<br>Telephone: (314) 241-4844 |
| 8 | Facsimile: (314) 241-3525<br>Email: stillery@koreintillery.com |
| 9 | Email: sberezney@koreintillery.com<br>Email: cokeefe@koreintillery.com |
| 10 | Joshua Irwin Schiller, SBN 330653 |
| 11 | BOIES SCHILLER FLEXNER LLP<br>44 Montgomery St., 41st Floor |
| 12 | San Francisco, CA 94104<br>Phone: (415) 293-6800 |
| 13 | Fax: (415) 293-6899<br>Email: jischiller@bsfllp.com |
| 14 | Philip C. Korologos |
| 15 | Joanna Wright<br>Demetri Blaisdell |
| 16 | BOIES SCHILLER FLEXNER LLP<br>55 Hudson Yards, 20th Floor |
| 17 | New York, NY 10001<br>Phone: (212) 446-2300 |
| 18 | Fax: (212) 446-2350<br>Email: pkorologos@bsfllp.com |
| 19 | Email: jwright@bsfllp.com<br>Email: dblaisdell@bsfllp.com |
| 20 | Attorneys for MARIA SCHNEIDER, |
| 21 | UNIGLOBE ENTERTAINMENT, LLC, and<br>AST PUBLISHING LTD. |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**ATTORNEY ATTESTATION**

I, Catherine R. Hartman, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

By: */s/ Catherine R. Hartman*
Catherine R. Hartman