| | |
|---|---|
| DAVID H. KRAMER, SBN 168452 | BRIAN M. WILLEN (admitted *Pro Hac Vice*) |
| MAURA L. REES, SBN 191698 | CATHERINE R. HARTMAN (admitted *Pro Hac Vice*) |
| LAUREN GALLO WHITE, SBN 309075 | |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| Professional Corporation | Professional Corporation |
| 650 Page Mill Road | 1301 Avenue of the Americas, 40th Floor |
| Palo Alto, CA 94304-1050 | New York, NY 10019-6022 |
| Telephone: (650) 493-9300 | Telephone: (212) 999-5800 |
| Facsimile: (650) 565-5100 | Facsimile: (212) 999-5801 |
| Email: dkramer@wsgr.com | Email: bwillen@wsgr.com |
| mrees@wsgr.com | Email: chartman@wsgr.com |
| lwhite@wsgr.com | |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>    Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF AMY WU IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |

I, Amy Wu, declare as follows:

1. I am currently a Product Manager for Watch Next for Defendant YouTube, LLC ("YouTube"). I lead YouTube's Watch Next team, which is responsible for developing and maintaining YouTube's content discovery and recommendation systems through Watch Next, including Autoplay. I am familiar with YouTube's practices regarding the product and engineering infrastructure of Watch Next and Autoplay. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

2. Pursuant to Local Rule 79-5, I submit this Declaration in Support of Defendants' Sealing Requests. YouTube has requested to seal limited, highly sensitive information contained in documents submitted in connection with Plaintiffs' Motion for Class Certification (ECF Nos. 189 and 190), YouTube's opposition thereto (ECF Nos. 197 and 198), and Plaintiffs' reply (ECF Nos. 202 and 203). Where applicable, the more limited information proposed to be sealed is attached to the Declaration of Catherine R. Hartman in Support of Defendants' Sealing Requests ("Hartman Declaration") in redacted form. Mindful of the interest of public access to litigation documents, YouTube's redactions are specific and tailored as necessary to safeguard YouTube's confidential information.

3. The following portions of the documents attached to the Hartman Declaration should be redacted for the reasons set out below:

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| **Exhibit 5 to the Hartman Declaration, originally filed at ECF Nos. 189-15 & 190-21: Expert Report of Joseph M. Winograd, Ph.D., dated September 1, 2022**<br><br>Ex. 15 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 15 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of pages 3, 53, 57, and 59 | Dr. Winograd's report contains internal YouTube statistics about the drivers of YouTube watch time, as well as internal metrics and impact analyses gathered from experiments YouTube ran before enabling the Autoplay |

| | | |
|---|---|---|
| | | function for certain users. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These statistics and metrics are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Specific factors that may affect watch time, in particular, are competitively sensitive, as they would allow competitors unfair insight into how particular features affect YouTube's overall business and guide those competitors when they decide what features to mimic from YouTube. For example, a rival video streaming service may analyze the various sources of YouTube's watch time data to determine what product and functionality to develop next or invest in that would bring about the most significant increase in user engagement, saving such service the significant time and effort YouTube had devoted into determining product development directions and priorities. |
| | Portions of pages 26-27 | The report of Plaintiffs' proffered expert, Dr. Winograd, contains specific sources of text annotations and descriptions associated with user videos that YouTube's search function considers when generating its search index and responding to user queries. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These sources of text annotations are highly sensitive commercial information regarding the design of YouTube Search that YouTube protects as highly confidential and requires heightened protection. Specifically, disclosure of these sources would invite abuse by malicious actors who could attempt to manipulate YouTube Search to promote their content, even if their content is of low quality or unrelated to the user's actual query. The public disclosure of this information could also result in competitive harm, by allowing other video streaming services and competitors insight into how YouTube's search technology functions at a granular level. YouTube has developed its search technology over the course of many years, incurring significant development costs. Allowing competitors insight into precisely how YouTube's search algorithms function would give them an unfair advantage to improve their own system without expending the same resources. |
| | Portions of pages 30 and 85 | Dr. Winograd's report contains information about YouTube's internal system that generates text annotations |

| | |
|---|---|
| | with user-uploaded videos. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These details are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. They reveal the level of specificity that YouTube's internal system operates on. They also provide specific examples of the categories that YouTube's internal system applies to videos. Public disclosure of this information would unfairly advantage competitors who could use this information to improve their own systems without having to expend the same resources to test and develop the system. |
| Portions of pages 61-67 and 69 | Dr. Winograd's report contains detailed discussions about the overall design of YouTube's recommendation algorithms, such as how YouTube determines which videos to recommend to users, the specific factors considered by the recommendation engine, and the nomination and selection process of video recommendations. This information relies on testimony and documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These design details are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Specifically, public disclosure of these details would enable malicious actors to manipulate YouTube's recommendation algorithms into suggesting their content for users to watch, even if their content is of low quality, unhelpful, or unrelated to the video currently being played by the user. Public disclosure would also allow competitors insight into how YouTube recommends videos, giving them an unfair advantage by providing a comprehensive system design document about YouTube's recommendation algorithms and allowing them to forego the years of development efforts YouTube endured before settling on the current process. |

DECLARATION OF AMY WU                    -3-                    CASE NO. 3:20-CV-04423-JD

| | | |
|---|---|---|
| | **Exhibit 8 to the Hartman Declaration, originally filed at ECF Nos. 189-25 & 190-32: Internal YouTube presentation entitled "Watch Next Overview," bearing production number GOOG-SCHNDR-00040865**<br><br>Ex. 26 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 26 to Plaintiffs' Administrative Motion to File Under Seal | |
| | Portions of pages -878, -885 to -888, -914 to -915, -918 to -919, -929, -933, and -939 to -941 | This is an internal YouTube presentation that contains technical infrastructure overviews and system design details about YouTube's video recommendation systems, including internal analyses about the systems' strengths, weaknesses, and development targets. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses the following confidential business information:<br>• Specific descriptions of internal YouTube tools and databases, such as their size, their underlying technology, and their role in the video recommendation process (-878);<br>• Overview of the video recommendation process, including discrete steps taken by YouTube's algorithms and factors considered (-885 to -888, -933);<br>• Internal analysis on the challenges faced by YouTube's recommendation systems, lessons learned, and proposed solutions (-914 to -915, -939 to -941);<br>• Internal objectives and key results of the Watch Next engineering team (-918 to -919, -929).<br><br>The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the information above would enable malicious actors to manipulate YouTube's recommendation algorithms into suggesting their content for users to watch, even if their content is of low quality, unhelpful, or unrelated to the video currently being played by the user. Public disclosure would also allow competitors insight into how YouTube recommends videos, giving them an unfair advantage by providing a comprehensive system design document about YouTube's recommendation algorithms and allowing them to forego the years of development efforts YouTube endured before settling on the current process. |

| | |
|---|---|
| Portions of pages -873, -882, -891 to -894, -896, -904 to -905, -920, and -930 | This is an internal YouTube presentation that contains statistics about YouTube's operations, such as percentage changes of YouTube watch time, the sources of YouTube watch time, and internal metrics and impact analyses gathered from various experiments YouTube ran on its platform. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses the following confidential business information:<br>• Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years (-873, -891 to -893, -896, -904 to -905, -930);<br>• Impact of certain YouTube functions on YouTube watch time (-882, -920);<br>• Internal experiments conducted to evaluate the impact of product development (-894).<br><br>The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the information above would cause competitive harm to YouTube by allowing its competitors to gain insight into YouTube's operational details and use information gathered through YouTube's research and development to improve their own services. For example, a rival video streaming service may analyze the various sources of YouTube's watch time data to determine what product and functionality to develop next or invest in that would bring about the most significant increase in user engagement, saving such service the significant time and effort YouTube had devoted into determining product development directions and priorities. |
| **Exhibit 10 to the Hartman Declaration, originally filed at ECF Nos. 189-28 & 190-36: Internal YouTube presentation entitled "Watch Next Eng Review," bearing production number GOOG-SCHNDR-00052174**<br><br>Ex. 30 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 30 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of pages -188, -193 to -194, -198, -200, -202, -206 to -208, -211, -215 to -216, -219 to -223, -226 to -230, -232 to -236, -248, and -250 to -252 | This is an internal YouTube presentation that contains technical infrastructure overviews and system design details about YouTube's video recommendation systems, including internal analyses about the systems' strengths, weaknesses, and development targets. Defendants have designated this document "Highly Confidential - |

| | Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses the following confidential business information:<br>• Specific descriptions of internal YouTube tools and databases, such as their size, their underlying technology, and their roles in the video recommendation process (-193 to -194, -198, -200);<br>• Overview of the video recommendation process, including discrete steps taken by YouTube's algorithms and factors considered (-206 to -208, -211, -215 to -216, -219 to -223);<br>• Internal analysis on the challenges faced by YouTube's recommendation systems, lessons learned, and proposed solutions (-202);<br>• Internal objectives and key results of the Watch Next engineering team (-188, -226 to -230, -248, -250 to -252);<br>• Internal policies to improve recommendation quality and ensure safety (-232 to -236).<br><br>The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the information above would enable malicious actors to manipulate YouTube's recommendation algorithms into suggesting their content for users to watch, even if their content is of low quality, unhelpful, or unrelated to the video currently being played by the user. Disclosure would also allow competitors insight into how YouTube recommends videos, giving them an unfair advantage by providing a comprehensive system design document about YouTube's recommendation algorithms and allowing them to forego the years of development efforts YouTube endured before settling on the current process. |
|---|---|
| Portions of pages -185 to -187, -191, -204, -224, -240 to -241, -244, -247, and -258 | This is an internal YouTube presentation that contains statistics about YouTube's operations, such as percentage changes of YouTube watch time, the sources of YouTube watch time, and internal metrics and impact analyses gathered from various experiments YouTube ran on its platform. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses the following confidential business information:<br>• Percentage of YouTube watch time attributable to various YouTube functions, and how the |

| | |
|---|---|
| | distribution evolved over the years (-185 to -187, -204, -240 to -241, -247, -258);<br>• Number of videos on YouTube (-191);<br>• Impact of certain YouTube functions on YouTube watch time (-224);<br>• Internal experiments conducted to evaluate the impact of product development (-244).<br><br>The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the information above would cause competitive harm to YouTube by allowing its competitors to gain insight into YouTube's operational details and use information gathered through YouTube's research and development to improve their own services. For example, a rival video streaming service may analyze the various sources of YouTube's watch time data to determine what product and functionality to develop next or invest in that would bring about the most significant increase in user engagement, saving such service the significant time and effort YouTube had devoted into determining product development directions and priorities. |
|  | **Exhibit 12 to the Hartman Declaration, originally filed at ECF Nos. 189-34 & 190-44: Internal YouTube presentation entitled "Autoplay DeepDive," bearing production number GOOG-SCHNDR-00051950**<br><br>Ex. 38 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 38 to Plaintiffs' Administrative Motion to File Under Seal |
| Portions of pages -953, -957 to -963, -966 to -967, -969 to -970, and -973 | This is an internal YouTube presentation that contains technical infrastructure overviews and system design details about YouTube's video recommendation systems, including internal analyses about the systems' strengths, weaknesses, and development targets. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses the following confidential business information:<br>• Overview of the video recommendation process, including discrete steps taken by YouTube's algorithms and factors considered (-957 to -963, -973);<br>• Internal analysis on the challenges faced by YouTube's recommendation systems, lessons |

| | |
|---|---|
| | learned, and proposed solutions (-953, -966 to -967, -969 to -970);<br><br>The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the information above would enable malicious actors to manipulate YouTube's recommendation algorithms into suggesting their content for users to watch, even if their content is of low quality, unhelpful, or unrelated to the video currently being played by the user. Disclosure would also allow competitors insight into how YouTube recommends videos, giving them an unfair advantage by providing a comprehensive system design document about YouTube's recommendation algorithms and allowing them to forego the years of development efforts YouTube endured before settling on the current process. |
| Portions of pages -952, -954 to -955, -964 to -965, and -972 | This is an internal YouTube presentation that contains statistics about YouTube's operations, such as percentage changes of YouTube watch time, the sources of YouTube watch time, and internal metrics and impact analyses gathered from various experiments YouTube ran on its platform. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses the following confidential business information:<br>• Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years (-952, -964, -972);<br>• Internal surveys on the quality of YouTube video recommendations (-965).<br><br>The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the information above would cause competitive harm to YouTube by allowing its competitors to gain insight into YouTube's operational details and use information gathered through YouTube's research and development to improve their own services. For example, a rival video streaming service may analyze the various sources of YouTube's watch time data to determine what product and functionality to develop next or invest in that would bring about the most significant increase in user engagement, saving such service the significant time and |

| | |
|---|---|
| | effort YouTube had devoted into determining product development directions and priorities. |
| **Exhibit 13 to the Hartman Declaration, originally filed at ECF Nos. 189-35 & 190-45: Internal YouTube webpage entitled "Life of a YouTube upload" from YouTube Developer's Handbook, bearing production number GOOG-SCHNDR-00034775** <br><br> Ex. 39 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification <br> & <br> Ex. 39 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of pages -776 to -797 | This is an internal webpage from YouTube Developer's Handbook that contains technical infrastructure overviews and system design details about the overall YouTube technical pipeline. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses all steps involved in YouTube's process of taking in a user-uploaded video and serving it on the platform, including uploading and initial processing, transcoding, storage and distribution, and optimization <br><br> The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Disclosure of the information above would allow competitors insight into YouTube's technical infrastructure, giving them an unfair advantage by providing a comprehensive system design document about YouTube's uploading, video processing, transcoding, storage and distribution, and optimization processes and allowing them to forego the years of development efforts YouTube endured before settling on the current process. Disclosure would also allow malicious actors to observe the YouTube technical infrastructure and cause disruptions to the YouTube service. |
| **Exhibit 15 to the Hartman Declaration, originally filed at ECF Nos. 189-41 & 190-60: Internal YouTube webpage entitled "Life of a video recommendation" from YouTube Developer's Handbook, bearing production number GOOG-SCHNDR-00052429** <br><br> Ex. 54 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification <br> & <br> Ex. 54 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of pages -430 to -438 | This is an internal webpage from YouTube Developer's Handbook that contains confidential technical |

| | |
|---|---|
| | infrastructure overviews and system design details about YouTube's video recommendation systems. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. It discusses the video recommendation process, including discrete steps taken by YouTube's algorithms and specific factors considered. |
| | The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Disclosure of the information above would enable malicious actors to manipulate YouTube's recommendation algorithms into suggesting their content for users to watch, even if their content is of low quality, unhelpful, or unrelated to the video currently being played by the user. Disclosure would also allow competitors insight into how YouTube recommends videos, giving them an unfair advantage by providing a comprehensive system design document about YouTube's recommendation algorithms and allowing them to forego the years of development efforts YouTube endured before settling on the current process. |
| **Exhibit 16 to the Hartman Declaration, originally filed at ECF Nos. 189-42 & 190: Plaintiffs' Motion for Class Certification** | |
| 13:4-5 | Plaintiffs' motion for class certification contains discussions about the sources of YouTube users' watch time. |
| | Public disclosure of the information above would cause competitive harm to YouTube by allowing its competitors to gain insight into YouTube's operational details and use information gathered through YouTube's research and development to improve their own services. For example, a rival video streaming service may analyze the various sources of YouTube's watch time data to determine what product and functionality to develop next or invest in that would bring about the most significant increase in user engagement, saving such service the significant time and effort YouTube had devoted into determining product development directions and priorities. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of December 2022 at Mountain View, California.

*/s/ Amy Wu*
Amy Wu

**ATTORNEY ATTESTATION**

I, Catherine R. Hartman, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

*/s/ Catherine R. Hartman*