1  DAVID H. KRAMER, SBN 168452
   MAURA L. REES, SBN 191698
2  LAUREN GALLO WHITE, SBN 309075
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile: (650) 565-5100
   Email:  dkramer@wsgr.com
6          mrees@wsgr.com
          lwhite@wsgr.com
7
8  Attorneys for Defendants and Counterclaimants
   YOUTUBE, LLC and GOOGLE LLC

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email:  bwillen@wsgr.com
Email:  chartman@wsgr.com

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  MARIA SCHNEIDER, UNIGLOBE                )  CASE NO.:  3:20-cv-04423-JD
    ENTERTAINMENT, LLC, and AST              )
13  PUBLISHING LTD., individually and on     )  **DECLARATION OF CHENYUAN**
    behalf of all others similarly situated, )  **ZHU IN SUPPORT OF**
14                                           )  **DEFENDANTS' SEALING**
                                             )  **REQUESTS**
15          Plaintiffs,                      )
                                             )
16       v.                                  )
                                             )
17  YOUTUBE, LLC and GOOGLE LLC,             )
                                             )
18          Defendants.                      )
    _____   )
19                                           )
    YOUTUBE, LLC and GOOGLE LLC,             )
20                                           )
            Counterclaimants,                )
21                                           )
         v.                                  )
22                                           )
    PIRATE MONITOR LTD, PIRATE               )
23  MONITOR LLC, and GÁBOR CSUPÓ,            )
                                             )
24                                           )
            Counterclaim Defendants.         )
25  _____   )

26

27

28

I, Chenyuan Zhu, declare as follows:

1.      I am currently a Product Manager for Content ID for Defendant YouTube, LLC ("YouTube"). I previously worked in and then led YouTube's copyright operations team, which was responsible for leading YouTube's DMCA-compliance efforts. I am familiar with YouTube's practices regarding copyright operations. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

2.      Pursuant to Local Rule 79-5, I submit this Declaration in Support of Defendants' Sealing Requests. YouTube has requested to seal limited, highly sensitive information contained in documents submitted in connection with Plaintiffs' Motion for Class Certification (ECF Nos. 189 and 190), YouTube's opposition thereto (ECF Nos. 197 and 198), and Plaintiffs' reply (ECF Nos. 202 and 203). Where applicable, the more limited information proposed to be sealed is attached to the Declaration of Catherine R. Hartman in Support of Defendants' Sealing Requests ("Hartman Declaration") in redacted form. Mindful of the interest of public access to litigation documents, YouTube's redactions are specific and tailored as necessary to safeguard YouTube's confidential information.

3.      The following portions of the documents attached to the Hartman Declaration should be redacted for the reasons set out below:

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| **Exhibit 1 to the Hartman Declaration, originally filed at ECF Nos. 189-2 & 190-8: Excerpts of the June 21, 2022 30(b)(6) deposition of Kevin Zhu**<br><br>Ex. 2 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 2 to Plaintiffs' Administrative Motion to File Under Seal | |
| 20:8-20; 21:1-19; 23:12-18; 26:14-27:24 | This testimony contains detailed discussions about the operations of YouTube's policy for terminating repeat infringers. It is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated this |

| | testimony "Confidential" under the parties' Stipulated Protective Order.<br><br>Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's repeat infringer policy and therefore hinder YouTube's ability to identify and terminate repeat infringers. |
|---|---|
| **Exhibit 2 to the Hartman Declaration, originally filed at ECF Nos. 189-4 & 190-10: Excerpts of the June 29, 2022 deposition of Chris Ting**<br><br>Ex. 4 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 4 to Plaintiffs' Administrative Motion to File Under Seal | |
| 107:11-12; 107:14-17; 107:25-108:3 | This testimony contains detailed discussions about YouTube's internal target handling times for responding to DMCA takedown notices and counter notifications. It is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated this testimony "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. These targets reflect YouTube's proprietary analysis regarding optimal takedown notice and counter notification processing times balanced with other factors, including safeguarding the quality of the review process.  They also reflect confidential service level agreements incorporated into YouTube's agreements with vendors who process takedown notices and counter notifications for YouTube.<br><br>Public disclosure of such information would cause harm to YouTube by providing bad actors with information that would be used to abuse YouTube's systems, allow competitors to use YouTube's hard won knowledge to improve their own systems without having to expend the same resources and may harm YouTube's relationship with its vendors if competitors use this information to offer vendors more favorable terms. |

| | |
|---|---|
| **Exhibit 5 to the Hartman Declaration, originally filed at ECF Nos. 189-15 & 190-21: Expert Report of Joseph M. Winograd, Ph.D., dated September 1, 2022**<br><br>Ex. 15 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 15 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of pages 11 and 68 | The report of Plaintiffs' proffered expert, Dr. Winograd, contains information about the number of videos on YouTube's platform. This information relies on testimony designated "Confidential" under the parties' Stipulated Protective Order.<br><br>The number of videos on YouTube is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on the knowledge of those resourcing costs. |
| Portions of pages 18, 21, 39, 43, 69, and 83 | Dr. Winograd's report contains discussions about the specific capabilities of YouTube's copyright management tools, including Content ID and Copyright Match Tool's matching system and their numerical thresholds for detection. This information relies on testimony designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These capabilities are highly sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of such information would enable bad actors to abuse and circumvent YouTube's systems and avoid detection by YouTube's copyright management tools, Content ID and Copyright Match Tool. YouTube has developed its copyright management tools over the course of many years, incurring significant development costs. The public disclosure of this information could also result in competitive harm by revealing to competitors how Content ID and Copyright Match Tool technically function and providing them with information they could use to mimic YouTube's proprietary technology without having to expend the same resources. |

| Portions of pages 20, 38, 40, and 83-84 | Dr. Winograd's report contains discussions about specific operational methods of YouTube's Content ID system and how Content ID scans videos on YouTube. This information relies on testimony and documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.

These discussions about YouTube's proprietary Content ID technology reference the names of specific Content ID functions and the details of how they operate, which are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. YouTube has developed the Content ID system over the course of many years, incurring significant development costs. This nuanced technical discussion of how YouTube's Content ID system functions, if publicly disclosed, could cause YouTube competitive harm, allowing others to understand the overall system design of Content ID's scanning system and potentially mimic the same functionality without having to expend the same resources to test and develop the system. Public disclosure of this technical information also would instruct bad actors on how to abuse YouTube's Content ID system. |
|---|---|
| Portions of page 50 | Dr. Winograd's report contains the specific criteria for Content ID partners to be granted access to a particular Content ID mode. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.

These specific criteria are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. This nuanced discussion of specific threshold requirements for accessing a particular mode of the Content ID system, if disclosed, would frustrate some of the purpose of having thresholds in the first place, as disseminating the knowledge of these thresholds could lead to gaming them. It also would show Content ID participants how to advance to different Content ID modes through improper means and thereby, manipulate the Content ID process. YouTube has developed its Content ID system over the course of many years, incurring significant development costs. Public disclosure of this information may also unfairly advantage competitors who could use this information to improve their own copyright management systems without having to expend the same resources. |

| | |
|---|---|
| **Exhibit 6 to the Hartman Declaration, originally filed at ECF Nos. 189-17 & 190-24: Excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4, dated June 17, 2022** | |
| Ex. 18 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 18 to Plaintiffs' Administrative Motion to File Under Seal | |
| 6:20-24; 9:4-5 | This interrogatory response contains details about the operations of YouTube's policy for terminating repeat infringers, including its methodology for detecting repeat infringers. Defendants have designated this interrogatory response "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>Information contained in this response is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's repeat infringer policy and therefore hinder YouTube's ability to identify and terminate repeat infringers. |
| **Exhibit 9 to the Hartman Declaration, originally filed at ECF Nos. 189-27 & 190-35: Internal YouTube document, bearing production number GOOG-SCHNDR-00041383** | |
| Ex. 29 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 29 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of pages -383 to -385, and -387 | This is an internal policy document detailing YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>This information is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information would instruct bad actors who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |

| | |
|---|---|
| **Exhibit 11 to the Hartman Declaration, originally filed at ECF Nos. 189-29 & 190-38: Internal YouTube document, bearing production number GOOG-SCHNDR-00000918**<br><br>Ex. 32 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 32 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of pages -918 to -920, and -922 to -923 | This is an internal policy document detailing YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation. Defendants have designated this document "Confidential" under the parties' Stipulated Protective Order.<br><br>The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information would instruct bad actors who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |
| **Exhibit 16 to the Hartman Declaration, originally filed at ECF Nos. 189-42 & 190: Plaintiffs' Motion for Class Certification** | |
| 15:25-16:1; 16:3-5 | This document contains detailed, highly sensitive confidential information about the operations of YouTube's policy for terminating repeat infringers. Defendants have designated the underlying information upon which this document relies "Confidential" under the parties' Stipulated Protective Order.<br><br>Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's repeat infringer policy and therefore hinder YouTube's ability to identify and terminate repeat infringers. |
| **Exhibit 17 to the Hartman Declaration, originally filed at ECF Nos. 202-8 & 203-25: Expert Report of Hal J. Singer, Ph.D., dated November 17, 2022**<br><br>Ex. 82 to the Reply Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 82 to Plaintiffs' Administrative Motion to File Under Seal | |

| Portions of pages 11, 54, and 56-57 | The report of Plaintiff's proffered expert, Dr. Singer, reveals the number of videos on YouTube's platform and information to calculate that number. The number of videos on YouTube's platform is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. This information relies on documents produced during discovery that have been designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.

Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on the knowledge of those resourcing costs. |
|---|---|
| **Exhibit 18 to the Hartman Declaration, originally filed at ECF Nos. 202-9 & 203-29: Internal YouTube document entitled "Access to Content ID and sensitive features," bearing production number GOOG-SCHNDR-00001112**<br><br>Ex. 86 to the Reply Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification<br>&<br>Ex. 86 to Plaintiffs' Administrative Motion to File Under Seal | |
| Portions of page -113 | This document contains the specific criteria for Content ID partners to be granted access to particular Content ID modes. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.

These specific criteria are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. This nuanced discussion of specific threshold requirements for accessing a particular mode of the Content ID system, if disclosed, would instruct bad actors on how to abuse YouTube's system to gain access to those modes of Content ID. It also would show Content ID participants how to advance to different Content ID modes through improper means and thereby, manipulate the Content ID process. YouTube has developed its Content ID system over the course of many years, incurring significant development costs. Public disclosure of this information may also unfairly advantage competitors who could use this information to improve their own copyright management systems without having to expend the same resources. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 8th day of December 2022 at Pacifica, California.

*/s/ Chenyuan Zhu*
Chenyuan Zhu

**ATTORNEY ATTESTATION**

I, Catherine R. Hartman, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

*/s/ Catherine R. Hartman*