| | |
|---|---|
| DAVID H. KRAMER, SBN 168452 | BRIAN M. WILLEN (admitted *Pro Hac Vice*) |
| MAURA L. REES, SBN 191698 | CATHERINE R. HARTMAN (admitted *Pro Hac Vice*) |
| LAUREN GALLO WHITE, SBN 309075 | |
| WILSON SONSINI GOODRICH & ROSATI | WILSON SONSINI GOODRICH & ROSATI |
| Professional Corporation | Professional Corporation |
| 650 Page Mill Road | 1301 Avenue of the Americas, 40th Floor |
| Palo Alto, CA 94304-1050 | New York, NY 10019-6022 |
| Telephone: (650) 493-9300 | Telephone: (212) 999-5800 |
| Facsimile: (650) 565-5100 | Facsimile: (212) 999-5801 |
| Email: dkramer@wsgr.com | Email: bwillen@wsgr.com |
| mrees@wsgr.com | Email: chartman@wsgr.com |
| lwhite@wsgr.com | |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>    Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF CATHERINE R. HARTMAN IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |

I, Catherine R. Hartman declares as follows:

1. I am an associate at the law firm Wilson Sonsini Goodrich & Rosati, counsel for Defendants-Counterclaimants YouTube, LLC and Google LLC ("YouTube") in the above-captioned matter. I am licensed to practice law in the State of New York and am admitted *pro hac vice* to practice before this Court. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify as to these facts under oath.

2. On October 26, 2022, the Court issued an Order (ECF No. 193) granting the parties' stipulation regarding sealing certain materials filed in connection with briefing of Plaintiffs' Motion for Class Certification pending before the Court. *See* ECF Nos. 189 and 190. The Court instructed Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing LTD. (collectively, "Plaintiffs"), and YouTube to file a single, joint motion to seal regarding all sealing issues in connection with Motion for Class Certification briefing by December 8, 2022. *See* ECF No. 193.

3. Consistent with the Court's October 26, 2022 Order, YouTube submits this Declaration in support of its requests pursuant to Civil Local Rules 7-11 and 79-5 to seal portions of documents filed in connection with Plaintiffs' Motion for Class Certification (ECF Nos. 189 and 190), YouTube's opposition thereto (ECF Nos. 197 and 198), and Plaintiffs' reply (ECF Nos. 202 and 203).

4. Mindful of the interest of public access to litigation documents, YouTube has carefully reviewed redactions in each document to seal only limited portions of the most sensitive information contained therein. YouTube's narrowed sealing requests are limited to 18 documents identified below.

5. Attached as **Exhibit 1** are the excerpts of the June 21, 2022 30(b)(6) deposition of Kevin Zhu, originally filed at ECF Nos. 189-2 & 190-8 as Exhibit 2 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

6. Attached as **Exhibit 2** are the excerpts of the June 29, 2022 deposition of Chris Ting, originally filed at ECF Nos. 189-4 & 190-10 as Exhibit 4 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

7. Attached as **Exhibit 3** are the excerpts of the July 1, 2022 deposition of Arpan Agrawal, originally filed at ECF Nos. 189-7 & 190-13 as Exhibit 7 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

8. Attached as **Exhibit 4** is the expert report of Hal J. Singer, Ph.D., dated September 1, 2022, originally filed at ECF Nos. 189-12 & 190-18 as Exhibit 12 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

9. Attached as **Exhibit 5** is the expert report of Joseph M. Winograd, Ph.D., dated September 1, 2022, originally filed at ECF Nos. 189-15 & 190-21 as Exhibit 15 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

10. Attached as **Exhibit 6** are excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4, dated June 17, 2022, originally filed at ECF Nos. 189-17 & 190-24 as Exhibit 18 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

11. Attached as **Exhibit 7** is a YouTube Publishing License Agreement (PLA) dated April 30, 2014, bearing production number GOOG-SCHNDR-00002434, originally filed at ECF Nos. 189-23 & 190-30 as Exhibit 24 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

12. Attached as **Exhibit 8** is an internal YouTube presentation entitled "Watch Next Overview," bearing production number GOOG-SCHNDR-00040865, originally filed at ECF Nos. 189-25 & 190-32 as Exhibit 26 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

13. Attached as **Exhibit 9** is an internal YouTube document, bearing production number GOOG-SCHNDR-00041383, originally filed at ECF Nos. 189-27 & 190-35 as Exhibit 29 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

1    14.  Attached as **Exhibit 10** is an internal YouTube presentation entitled "Watch Next Eng Review," bearing production number GOOG-SCHNDR-00052174, originally filed at ECF Nos. 189-28 & 190-36 as Exhibit 30 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

15.  Attached as **Exhibit 11** is an internal YouTube document, bearing production number GOOG-SCHNDR-00000918, originally filed at ECF Nos. 189-29 & 190-38 as Exhibit 32 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

16.  Attached as **Exhibit 12** is an internal YouTube presentation entitled "Autoplay DeepDive," bearing production number GOOG-SCHNDR-00051950, originally filed at ECF Nos. 189-34 & 190-44 as Exhibit 38 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

17.  Attached as **Exhibit 13** is an internal YouTube webpage entitled "Life of a YouTube upload" from YouTube Developer's Handbook, bearing production number GOOG-SCHNDR-00034775, originally filed at ECF Nos. 189-35 & 190-45 as Exhibit 39 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

18.  Attached as **Exhibit 14** is the YouTube Sound Recording and Audiovisual Content License, bearing production number GOOG-SCHNDR-00020258, originally filed at ECF Nos. 189-39 & 190-56 as Exhibit 50 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

19.  Attached as **Exhibit 15** is an internal YouTube webpage entitled "Life of a video recommendation" from YouTube Developer's Handbook, bearing production number GOOG-SCHNDR-00052429, originally filed at ECF Nos. 189-41 & 190-60 as Exhibit 54 to the Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

20.  Attached as **Exhibit 16** is Plaintiffs' Motion for Class Certification, originally filed at ECF Nos. 189-42 & 190.

21. Attached as **Exhibit 17** is an expert report of Hal J. Singer, Ph.D., dated November 17, 2022, originally filed at ECF Nos. 202-8 & 203-25 as Exhibit 82 to the Reply Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

22. Attached as **Exhibit 18** is an internal YouTube document entitled "Access to Content ID and sensitive features," bearing production number GOOG-SCHNDR-00001112, originally filed at ECF Nos. 202-9 & 203-29 as Exhibit 86 to the Reply Declaration of Demetri Blaisdell in Support of Plaintiffs' Motion for Class Certification.

23. YouTube's narrowed sealing requests fall into the following categories:

**Category 1: Descriptions of the Technical Infrastructure and System Design of YouTube's Products and Functions**

YouTube requests that the Court maintain under seal confidential, proprietary, and highly sensitive commercial information about the technical infrastructure underpinning YouTube's services, databases and their usage, and the system design overviews of YouTube products and functions such as search and indexing, transcoding and video processing, recommendation algorithms, and machine learning systems, which is contained in Exhibits 5, 8, 10, 12, 13, and 15 to this Declaration. Those documents, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include internal engineering presentations about YouTube's video recommendation systems that disclose specific descriptions of internal YouTube tools and databases, such as their size, their underlying technology, and their roles in the video recommendation process, and overviews of the YouTube video recommendation process, including discrete steps taken by YouTube's algorithms and factors considered.

The harm that would result from the public disclosure of this information about YouTube's proprietary systems is set out in the Declaration of Amy Wu in Support of YouTube's Motion to Seal ("Wu Declaration").

**Category 2: Product Design Documents, Internal Analyses and Experiments, and Other Business Logic and Strategies of YouTube's Products and Functions**

YouTube requests that the Court maintain under seal confidential, proprietary, and highly sensitive commercial information about product design documents of YouTube's video recommendation systems and Content ID, and internal analyses and user experiments run on those products and functions, which is contained in Exhibits 5, 8, 10, 12, 16, and 17 to this Declaration. Those documents, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include internal presentations about YouTube's video recommendation systems that discuss challenges faced, lessons learned, proposed solutions, internal objectives and results, and usage statistics and related experiments, and discussions of the specific operational methods of YouTube's Content ID system and how it scans videos on YouTube.

The harm that would result from the public disclosure of this information is set out in the Wu Declaration and the Declaration of Chenyuan Zhu in Support of YouTube's Motion to Seal ("Zhu Declaration").

**Category 3: Operational Policies and Guidelines and Abuse Prevention Mechanisms about YouTube's Copyright Management Tools**

YouTube requests that the Court maintain under seal confidential, highly sensitive, internal policies, guidelines and discussions regarding YouTube's methods and efforts for detecting and suspending channels linked to bad actors on YouTube, the operations of different Content ID modes and access thereto, and the processing of DMCA takedown notices, which are contained in Exhibits 1-2, 5, 6, 9, 11, 16 and 18 to this Declaration. Those documents and testimony, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include a confidential internal policy document detailing YouTube's methods and efforts for suspending channels linked to repeat infringers, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation and a document disclosing threshold requirements to advancing to different modes in the Content ID system. The harm that would result from the public disclosure of this financial information is set out in the Zhu Declaration.

**Category 4: YouTube's Financial Information, Including Revenues, Costs, and Profits**

YouTube requests that the Court maintain under seal confidential and highly sensitive financial information, which is contained in Exhibits 3, 4, and 17 to this Declaration. Those documents and testimony, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include YouTube's advertising revenue, as well as the share of that revenue paid to content providers, for every month from January 2017 to December 2020; YouTube's annual content acquisition costs, other sales and infrastructure costs, gross profit, and gross profit margin; and detailed discussion of YouTube's financial accounting practices. The harm that would result from the public disclosure of this financial information is set out in the Declaration of Arpan Agrawal in Support of YouTube's Motion to Seal.

**Category 5: Specific Pricing Terms in YouTube's Business Contracts**

YouTube requests that the Court maintain under seal very limited, specific pricing terms and royalty rates in two license agreements, which are contained in Exhibits 7 and 14 to this Declaration. Those documents, which are designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action, include the "Publishing License Agreement," which is a license agreement between Google and third-party A Side Music LLC dba Modern Works Music Publishing that delineates the royalty terms whereby Google compensates certain licensees, including Modern Works; and the "Sound Recording and Audiovisual Content License Agreement," which delineates royalty terms incorporated into certain licenses under which Google compensates certain licensees for sound recording and audiovisual content. The harm that would result from the public disclosure of this financial information is set out in the Declarations of Joanne Suk ("Suk Declaration") and Waleed Diab ("Diab Declaration"), ECF Nos. 194-2, 194-5, filed in support of the parties' previous joint motion to seal these two exhibits submitted in connection with YouTube's Motion for Summary Judgment as to Plaintiff Maria Schneider.

1  Defendants' portion of the Joint Sealing Submission articulates why sealing of the
2  documents identified above is warranted.

4  I declare under penalty of perjury under the laws of the United States that the foregoing is
5  true and correct. Executed this 8th day of December, 2022 at Brooklyn, New York.

                                                */s/ Catherine R. Hartman*
                                                Catherine R. Hartman