

December 16, 2022

**VIA ECF**
Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

*Schneider v. YouTube*, Case No. 3:20-cv-4423-JD (N.D. Cal.)

Dear Judge Donato:

      We represent Plaintiffs and the putative class in the above-captioned action. We respectfully submit this letter motion to compel Defendants to produce a document directly relevant to class certification about which a 30(b)(6) witness testified, but which Defendants refuse to produce on grounds of privilege. Plaintiffs submit this motion to compel consistent with the discussion with the Court at the conference yesterday (*see* ECF 213) and with the Court's request during the July 7, 2022, status conference that issues of privilege be raised by the parties at a later date, after fact discovery had closed (*see* ECF 154 at 15:13-14 ("I'm not taking that up now. You can raise privilege challenges later.")). We certify that the parties have met and conferred on the issues raised herein.

      Plaintiffs seek to compel the production of a document reviewed by Kevin Zhu, an employee of Defendant YouTube, in advance of his deposition pursuant to Rule 30(b)(6) on June 21, 2022. Mr. Zhu was designated by Defendants to testify on four topics, including: "Past and present policies and procedures concerning identification of or filtering for videos potentially subject to the doctrine of fair use."

      ██████████████████████████████████████████████
██████████████████████████████████████████████████████
████████ Information regarding that program fell squarely within the topic about which Mr. Zhu was designated to testify on behalf of YouTube. ████████████
████ Mr. Zhu testified as follows:





Zhu 30(b)(6) Dep. Tr. at 85:8-25 (emphasis added). Excerpts from the Zhu 30(b)(6) deposition are attached as Exhibit A hereto. Defendants asserted that the document was "almost certainly privileged"(*id. at* 86:4.).

Plaintiffs are entitled to production of this "likely fair use" document for three reasons. First, based on Mr. Zhu's own description, the document contains nonprivileged information and should be produced. Second, because Mr. Zhu refreshed his memory using the document at the direction of counsel in preparation for a 30(b)(6) deposition, any privilege that could exist has been waived. Third, it is directly relevant. Defendants argue that the potential need for fair use analysis on an individual infringement basis precludes class certification. Plaintiffs are entitled to documents in Defendants' possession that demonstrate how Defendants systematically identify instances of fair use on the YouTube platform.

First, Plaintiffs believe that the document in question is not privileged based on Mr. Zhu's own description of it during the 30(b)(6) deposition. Mr. Zhu testified that the document describes ███████████████████████████████████████████████████████████ (Zhu 30(b)(6) Dep. Tr. at 85:20-25) (emphasis added). Based on this description (which YouTube's counsel did not prevent Mr. Zhu from describing), the document contains non-privileged information concerning the research effort. It is thus responsive to Plaintiffs' Request for Production No. 66.[1]

Second, the Federal Rules of Evidence provide that adverse parties are entitled to the production of materials used to refresh the recollection of a witness. F.R.E. 612. Further, the Court's Standing Order for Civil Discovery provides that "all materials used to refresh the deponent's memory" should be provided to "examining counsel *at the outset of the deposition.*" Standing Order for Civil Discovery ¶ 14 (emphasis added). From his testimony, it is clear that Mr. Zhu had very little recollection of his work on the LFU filter. He used the document not only to refresh his recollection as to the other YouTube employees who were involved in the project, but also to remind himself of the actual substance of the document. Courts have held that when such documents are used to refresh the recollection of a corporate designee in advance of a Rule 30(b)(6) deposition, any privilege is waived. *See Salinas v. Amtek of Texas*, 2009 WL 10697309 (N.D. Cal. July 6, 2009); *Adidas Am., Inc. v. TRB Acquisitions LLC,* 324 F.R.D. 389, 398 (D. Or. 2017) ("A corporate designee could testify only as to information and communications that are advantageous. Other information that would contradict the testimony or undermine the corporation's position and was contained in the documents could be ignored, and the opposing party would have no way of knowing how to test or challenge the corporate designee's testimony."); *Nutramax Lab'ys, Inc. v. Twin Lab'ys Inc.,* 183 F.R.D. 458, 472 (D. Md.

---

[1] Plaintiffs' Request for Production No. 66 requests in pertinent part, "All Documents Concerning the following issues related to Fair Use: . . . c) Any efforts to create a filter for rejecting false or inadequate claims of Fair Use."



1998) (finding ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ tion for a Rule 30(b)(6) deposition there is "a heightened need to discover the factual basis for [the witness's] testimony"); *see also* John W. Gergacz, *Attorney-Corporate Client Privilege*, § 5:29 (3d Ed. 2017) ("[A] finding of privilege would place the cross-examiner at an unfair disadvantage. Documents that the witness had consulted would be barred from being used to probe that testimony. An incentive would thereby be created for parties to use privileged documents to prepare witnesses as a means of limiting the preparation of the cross-examiner.").

      Finally, it is inequitable and prejudicial to Plaintiffs for Defendants to withhold this highly relevant document now that Defendants have raised issues related to fair use in their opposition to Plaintiffs' motion for class certification. Defendants assert that instances of fair use on the platform introduce individual issues that preclude class certification. *See, e.g.*, ECF 198 at 16-17. Because Defendants affirmatively rely on fair use as a defense to class certification, Plaintiffs are entitled to understand how Defendants evaluate—on a class-wide basis—fair use on the YouTube platform, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ In the status conference of July 7, 2022, Your Honor admonished Defendants that they would not be able to raise fair use as a defense to class certification unless the data that they relied upon for that defense was disclosed to Plaintiffs. ECF 154 at 18: 20-23 ("If you're going to bring up this issue as a defense to certification or anything else, I will look to see if you have adequately provided the plaintiffs with information. If you have not, I will strike the argument.").

      Plaintiffs respectfully request that the Court take the same position with regard to documentation related to fair use, and order Defendants to disclose the "likely fair use" document about which Mr. Zhu testified. Alternatively, Plaintiffs request that Your Honor review the document in question *in camera* to determine if production is warranted.

      Respectfully submitted,

      */s/ Philip Korologos*
      Philip Korologos