KOREIN TILLERY

*Attorneys at Law*

Michigan Plaza
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601-4263
www.KoreinTillery.com

Randall P. Ewing Jr.
*Attorney*
Rewing@koreintillery.com
*p:* (312) 641-9750
*f:* (314) 241-3525

December 19, 2022

Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:**   *Schneider et al. v. YouTube, LLC et al.*, **Case No. 3:20-cv-4423-JD (N.D. Cal.)**

Dear Judge Donato:

We respectfully submit this letter brief on behalf of Plaintiff AST Publishing, Ltd. ("AST") pursuant to this Court's Order (ECF 213) to justify AST's handling of redactions to the AST privilege log as provided in the U.S. At the December 15 conference, Defendants overstated the issue by failing to note that Plaintiff had made the privilege log available in unredacted form via Canada. Indeed, Defendants raised this issue prematurely as the parties had not yet engaged in a meet-and-confer discussion as required by Your Honor's discovery rules.

**I.       The Redactions are Consistent with Russian Privacy Law.**

As a Russia-based entity, AST must comply with Russian Personal Data Law, which forbids disclosure of personal data except for certain limited exceptions. "Personal data" includes "any information referring directly or indirectly to a particular or identified individual." Federal Law of 27 July 2006 N 152-FZ ON PERSONAL DATA (July 27, 2006), Art. 2. Plaintiffs' counsel's consultations with attorneys that specialize in Russian privacy law confirmed that this broad definition includes, *inter alia*, full names and email addresses. The penalties for noncompliance are significant.[1] Accordingly, AST redacted personal data such as names and email addresses from the version of its privilege log as provided in the United States.

Russian law, however, permits personal data to be transmitted cross-border in "foreign states which are the parties to the Council of Europe Convention on the Protection of Individuals with Regard to Automatic Processing of Personal Data" (the "Convention") "as well as other foreign states" that Russia considers to provide "adequate protection of the data subjects' rights." Federal Law of 27 July 2006 N 152-FZ ON PERSONAL DATA (July 27, 2006), Art. 12.

---

[1] Baker McKenzie, GLOBAL DATA PRIVACY & SECURITY HANDBOOK, *Penalties for Non-compliance* (Oct. 8, 2021), *available at*: https://resourcehub.bakermckenzie.com/en/resources/data-privacy-security/emea/russia/topics/penalties-for-non-compliance#:~:text=Since%20March%202021%2C%20Russia%20has,USD%206%2C900.

Honorable James Donato
December 19, 2022
Page 2

Approved states under the Convention include Belgium and the United Kingdom;[2] countries that Russia considers providing "adequate protection" include Canada and China.[3] The United States is neither a party to the Convention nor considered by Russia to provide adequate protection. To ensure that the very issues that Defendants prematurely raised with the Court on December 15 would not prejudice Defendants in any way, AST's privilege log is currently hosted in Canada in *unredacted form* and has been made available to Defendants in *unredacted form*.

Specifically, on August 16, 2022, AST offered Defendants the ability to review the ***entire privilege log in unredacted form via a server based in Canada***:

> "As you likely know, AST's privilege log contains redactions that are required by Russian law. As we previously offered with respect to AST documents generally, we are willing to make the privilege log itself reviewable in unredacted form, but you will not be able to print, save, or download the unredacted log. If you need to use the redacted information for some purpose later, we will be happy to accommodate you to the extent permitted by law.

> If you wish to view the unredacted AST privilege log, please send me the name(s) and email(s) of the person(s) you wish to have access." 8/16/22 R. Ewing Email to A. Kramer.

Defendants waited over three months to reject this offer on November 23, 2022, in an apparent attempt to manufacture a privilege counterpoint to Plaintiffs' pursuit of Defendants' waiver of a privileged document used to prepare Mr. Zhu for his 30(b)(6) deposition.

## II.      AST's Approach Complies with the Stipulated Privilege Log Addendum.

The parties' January 21, 2021, Privilege Log Addendum governs the production of privilege logs in this case and states that privilege logs should be reviewable in "Excel format or any other format that permits electronic sorting and searching." Privilege Log Addendum ¶ (d). Plaintiffs' offer would have allowed Defendants to utilize, via electronic access in Canada, an Excel version of the full, unredacted privilege log through a virtual environment that Defendants could access online from the United States for as long as they might request. This would enable Defendants to "electronic[ally] sort[] and search[]" and analyze the privilege log with whatever lawyers they identified to receive such access.

The Privilege Log Addendum also permits AST's redactions:

> "A Party may withhold or redact a portion of a document or ESI if and to the extent that the document or redacted portion contains information exempt from disclosure in accordance with applicable European data privacy laws and regulations. If a Producing Party comes to learn that any additional foreign laws may apply to its production and disclosure of information, the Producing Party will promptly notify the Requesting Party and thereafter meet and confer on the issue to the extent necessary." *Id.* ¶ (g).

---

[2] Council of Europe, "Convention for the Protection of Individuals with regard to Automatic Processing of Personal Data," *available at*: https://www.coe.int/en/web/conventions/full-list?module=signatures-by-treaty&treatynum=108

[3] Data Guidance, "Russia: Roskomnadzor updates data protection adequacy list," *available at*: https://www.dataguidance.com/news/russia-roskomnadzor-updates-data-protection-adequacy

The redactions AST made to its privilege log are thus not unexpected by Defendants. Defendants specifically agreed that the parties could redact information to comply with "applicable European data privacy laws" such as the Russian Personal Data Law.

### III.   The Availability of Other Means for Defendants to Obtain the Information Justifies AST's Redactions in the United States.

While AST's approach is consistent with applicable discovery orders, courts in the Ninth Circuit consider multiple factors to determine whether a foreign statute excuses noncompliance: "(1) the importance of the documents or other information requested to the litigation; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance would undermine important interests of the United States." *Finjan, Inc. v. Zscaler*, Inc., 17-cv-06946-JST-KAW, 2019 WL 618554, at *1 (N.D. Cal. Feb. 14, 2019) (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992)). Courts may consider other factors such as the potential impact of a discovery order on the foreign party. *Richmark*, 959 F.2d at 1477.

The personal data at issue originated from a Russian entity with no U.S.-based offices and no U.S.-based employees, which strongly supports AST's redactions. *Id.* at 1475 (factor weighed against disclosure where all of an entity's employees and documents were located in China). Moreover, Defendants' conduct undermines any claim that the privilege log is especially important to this litigation. If Defendants truly considered the privilege log to be critical to their claims or defenses, they could simply review the unredacted privilege log in a virtual environment or host the document themselves in one of the approved countries without causing AST to violate any privacy laws.[4] At a minimum, this would permit Defendants to determine which entries on the privilege log they believe are needed in unredacted form in the United States for further review or to present to the Court—a likely much smaller subset of personal data than the entire log. And the fact that Defendants can obtain the very information they claim to want with minimal burden undercuts the need for AST to violate Russian law. *See id.* ("If the information sought can easily be obtained elsewhere, there is little or no reason to require a party to violate foreign law.").

AST's redactions do not undermine any important U.S. interests. AST recognizes that "judicial records are public documents almost by definition, and the public is entitled to access by default." *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021) (Donato, J.) (cleaned up). That important interest is not implicated here because Defendants do not seek to make AST's privilege log part of the public record and instead only request to review the log—which they can do. Any U.S. interest in disclosure must be weighed against the Russian interest in non-disclosure. *Richmark*, 959 F.2d at 1476.

AST's redactions are justified based on Russian law and the Ninth Circuit's multi-factor test. Defendants' unjustifiable choice not to access the unredacted privilege log should not be a basis to require AST to risk violating Russian privacy laws.

---

[4] Defendants' counsel Wilson Sonsini Goodrich & Rosati has offices in at least three countries that permit cross-border transfer of personal data: Belgium, China, and the United Kingdom.

Honorable James Donato
December 19, 2022
Page 4

Sincerely,

*/s/ Randall Ewing*

Randall Ewing