**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 866.974.7329

January 9, 2023

<u>**Via CM/ECF**</u>

The Honorable James Donato
United States District Court, N.D. Cal.

   Re: *Schneider, et al. v. YouTube, LLC, et al.,* **Case No. 3:20-cv-04423-JD**
      **Response to Discovery Letter Brief (Dkt. No. 216)**

Your Honor:

  Five months after the close of fact discovery, Plaintiffs chose to raise at the December 15 hearing a long-dormant issue of whether Defendants waived privilege over an irrelevant document. Plaintiffs claim waiver on the grounds that a witness reviewed the document before his deposition on June 21, 2022. But he did so on his own, for the purpose of determining that company counsel was intimately involved in the project the document discusses. That is not a waiver. The witness confirmed the document is indeed a communication with and by company counsel. It is plainly privileged. Plaintiffs are not entitled to it.

  **Plaintiffs Admitted The Document Is Privileged**. At the December 15 hearing, the Court asked Plaintiffs to confirm that Plaintiffs' dispute "isn't whether the document's privileged; the dispute is whether the privilege has been waived," and Plaintiffs unequivocally answered "Yes." Dkt. No. 214 ("Tr. of Dec. 15 Proceedings") at 26:3-7. Not surprisingly, the Court's minute order limited Plaintiffs to filing a "final discovery dispute letter on *whether a privilege has been waived, as discussed at the hearing*." Dkt. No. 213 at 1 (emphasis added). Yet despite Plaintiffs' concession that the document in question is privileged, and despite the Court limiting Plaintiffs to arguing waiver, Plaintiffs spend portions of their letter brief arguing over whether the document is privileged in the first instance. *See* Dkt. No. 216 ("Dec. 16 Letter Br.") at 2. That is out of bounds.

  It is also meritless. The document at issue is a memorandum concerning a short-lived research effort performed at the direction of counsel in 2016. The idea was to look into whether YouTube could develop an automated process to alert Content ID participants that they should further consider whether certain user videos matched by the system might constitute fair uses of the participants' works. As YouTube's corporate designee, Kevin Zhu, testified, this document describes the privileged research effort, the conclusions presented to counsel to obtain legal advice about the project, and the "recommendations that were provided by legal[.]" Transcript of 30(b)(6) Deposition of Kevin Zhu ("Zhu 30(b)(6) Dep. Tr.") at 85:23. The effort went nowhere and the idea was abandoned years before the complaint in this action was filed. *See* Zhu 30(b)(6) Dep. Tr. at 83:19-84:6. Defendants asserted privilege over the document during the deposition (*see* Zhu 30(b)(6) Dep. Tr. at 86:4), and included the document on their Fifth Privilege Log, accurately describing it as a "[m]emorandum reflecting legal advice of [Defendants' counsel] regarding copyright issues related to the evaluation of copyright infringement claims and fair use." *See* Defendants' Fifth Privilege Log dated August 4, 2022, No. 180. There is no basis for Plaintiffs to challenge that privilege assertion, much less after they conceded the issue and the

WILSON SONSINI

Court took it off the table through its minute order.[1]

**Defendants Did Not Waive Privilege**. Before his deposition in this matter, Kevin Zhu, a YouTube employee, reviewed the document (to which he had contributed) to confirm that the research effort had been at the direction of and led by YouTube's in-house counsel. His review was completely on his own initiative. Relying primarily on Fed. R. Evid. 612, Plaintiffs argue that Mr. Zhu's review waived privilege over the document. Plaintiffs are mistaken. "[N]othing in [F.R.E. 612 shall] be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." Notes of Committee on the Judiciary, H.R. Rep. No. 93-650 (1973), *reprinted in* 1974 U.S.C.C.A.N. 7075, 7086. Put differently, F.R.E. 612 "was not meant to repeal the attorney-client relationship," and courts routinely refuse to apply it in a manner that would infringe upon privilege. *Vuz v. DCSS III, Inc.*, No. 20-CV-0246-GPC-AGS, 2022 WL 542883, at *2 (S.D. Cal. Feb. 22, 2022) (citation omitted); *see, e.g., Labertew v. Chartis Prop. Cas. Co.,* No. CV-13-1785-PHX-DGC, 2018 WL 1876901, at *5-6 (D. Ariz. Apr. 19, 2018) (disclosure under Rule 612 not warranted because "Plaintiffs have not shown that production of the privileged claim file materials is necessary in the interests of justice"); *Stamps.com, Inc. v. Endicia, Inc.*, No. CV 06-7499-ODW(CTx), 2008 WL 11338241, at *6 (C.D. Cal. Oct. 6, 2008) (F.R.E 612 does not require production of privileged documents when "there is no indication that [the witness's] review of . . . any particular document constituted a waiver of privilege"); *Suss v. MSX Int'l Eng'g Servs., Inc.*, 212 F.R.D. 159, 163-64 (S.D.N.Y. 2002) (in the 30(b)(6) deposition context, "privilege would not be lost if an individual were to review his own already privileged documents").

Plaintiffs cite no case to the contrary. Instead, Plaintiffs rely on cases arising in a very different scenario—where ***defense counsel elected during deposition preparation*** to show a privileged document to a witness to refresh the witness' recollection. But that did not happen here. Mr. Zhu reviewed the document on his own (unbeknownst to Defendants' counsel). As even the case Plaintiff cites makes clear, a "presumption of disclosure . . . is not supported for documents that a witness independently reviews." *Adidas Am., Inc. v. TRB Acquisitions LLC*, 324 F.R.D. 389, 402 (D. Or. 2017). Indeed, it would make no sense to suggest that an individual employee's unilateral decision to review a privileged document waives the ***corporation's*** privilege in that document—especially where, as here, the employee reviewed the document to remind himself who was involved in the work described and to confirm that that work described was performed at the direction of counsel. *See* Zhu 30(b)(6) Dep. Tr. at 84:22-85:16.[2]

---

[1] Of note, the document is not even responsive to Plaintiffs' discovery requests in this case. Plaintiffs cite their Request for Production No. 66 which sought documents concerning "[a]ny efforts to create a filter for *rejecting* false or inadequate claims of Fair Use[.]" This document and the research it concerns have nothing to do with that. The effort was not about *rejecting* bogus fair use claims. Rather, it was about assessing, however briefly, whether YouTube could help Content ID participants to further consider *valid* fair use claims. But that effort was abandoned years ago, when YouTube concluded it could not.

[2] The Court's Standing Order directs that "[i]n preparing a deponent, *defending counsel* shall segregate and retain all materials *used* to refresh the deponent's memory and provide them to examining counsel at the outset of the deposition." Standing Order for Civil Discovery ¶ 14 (emphasis added). The Standing Order does not address privilege issues, and it speaks to documents that defending counsel used to refresh a witness's recollection. But again, defense counsel did not use the document to refresh Mr. Zhu's recollection.

WILSON SONSINI

**Plaintiffs Are Not Prejudiced By Defendants' Privilege Assertion**. There is another problem with Plaintiffs' demand. Under F.R.E. 612, a deposing party is only entitled to a document used to refresh the witness' memory before testifying if "justice [so] requires[.]" F.R.E. 612(a)(2). That language reflects concern over allowing a witness to testify about the contents of a document that has not been produced. *See Stamps.com*, 2008 WL 11338241, at *5-6 (requiring party to show that witness "use[d] the writing for the purpose of testifying" and that production is "necessary in the interests of justice" under Rule 612) (citation omitted). But Mr. Zhu did not testify about the contents of the document here. He only mentioned the document (under cross-examination) to explain that it was privileged. Plaintiffs do not explain why this somehow caused them the unfair prejudice with which F.R.E. 612 is concerned. Instead, Plaintiffs' complaint boils down to the notion that they are prejudiced because they cannot review a privileged document that they think might be relevant to their case. That is no justification for overcoming privilege.

Even as to relevance, Plaintiffs are mistaken. One of the myriad problems Plaintiffs face in trying to make the required showing of predominance for class certification is the fact-intensive defense of fair use. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994) (fair use "calls for case-by-case analysis"). Plaintiffs hope they can downplay the need for individualized fair use assessments by suggesting YouTube has a magic, automated process for resolving the defense as to any given infringement claim. Dec. 16 Letter Br. at 2 (Plaintiffs seek to "demonstrate how Defendants systematically identify instances of fair use on the YouTube platform"). But there is no such automated process. Defendants' class certification papers certainly will not rely on this privileged document (or other privileged materials) to establish that point.

\* \* \*

Plaintiffs had more than two years to seek non-privileged information on whatever issues they chose, including on the issue of fair use and its impact on class certification. Discovery long ago closed. Plaintiffs are not entitled to review a privileged document on the grounds that the record they developed does not support the proposition they hoped to advance.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

*/s/ David H. Kramer*
