# EXHIBIT 13

| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>      mrees@wsgr.com<br>      lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>       Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>       Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>       Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS YOUTUBE, LLC'S AND GOOGLE LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-185)**<br><br>Judge: Hon. James Donato |

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, YouTube, LLC and Google LLC (collectively, "Defendants") hereby serve these objections and responses to Maria Schneider, Uniglobe Entertainment, LLC and AST Publishing LTD.'s ("Plaintiffs'") First Set of Requests for Admission dated June 3, 2022 (the "Requests").

## PRELIMINARY STATEMENT

The following responses are provided subject to all appropriate objections (including, without limitation, objections concerning competency, relevancy, materiality, and propriety) that would require the exclusion of any statement contained herein if the statement were made by a witness present and testifying in court.

In addition, all responses to the Requests are based upon the information presently known to Defendants, and Defendants expressly reserve the right to revise and supplement their responses to the Requests. A response to a Request shall not be deemed a waiver of any applicable objection or an admission of relevancy.

Any part of a Request that is not expressly admitted is denied. Whenever Defendants assert a lack of knowledge or information as a reason for failing to admit or deny a request, Defendants represent that they have made reasonable inquiry into the information currently available to them, and that the information Defendants know or can readily obtain is insufficient to enable Defendants to admit or deny. Defendants' responses are not admissions that any information provided in response to the Requests is relevant, material, properly discoverable, or admissible at trial, and Defendants reserve the right to object to any information introduced at trial.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.  Defendants object to the definition of "Analysis" as vague and ambiguous. In particular, the definition is vague and ambiguous in its use of the undefined terms "analyses," "evaluations," "interpretations," "financial performance," "expenses," and "revenues." The definition also incorporates the vague, ambiguous, overbroad, and unduly burdensome definition of "Metric." Defendants further object to this definition as overly broad and unduly burdensome

1  next based on their viewing history and other factors. Any part of this request that is not
2  expressly admitted is denied.

3  **REQUEST FOR ADMISSION NO. 9:**

4  **The Autoplay algorithm filters or excludes some videos, in part to improve user experience.**

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

6  Defendants object to this request on the grounds that it is vague and ambiguous in its use
7  of the terms "Autoplay algorithm," "filters," and "excludes." Defendants further object that this
8  Request calls for information that is not relevant to either party's claims or defenses.

9  Subject to and without waiver of the foregoing objections, Defendants admit that some
10 videos are excluded as a consequence of the Autoplay system, in part to improve user
11 experience. Any part of this request that is not expressly admitted is denied.

12 **REQUEST FOR ADMISSION NO. 10:**

13 **YouTube has the ability to control the selection of videos it queues up for Users via Autoplay.**

14 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

15 Defendants object to this request on the grounds that it is vague and ambiguous in its use
16 of the terms "Autoplay" and "Users" and the phrases "has the ability to control" and "queues
17 up." Defendants object to this request as calling for a legal conclusion. Defendants further object
18 that this request calls for information that is not relevant to either party's claims or defenses.

19 Subject to and without waiver of the foregoing objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 11:**

20 **YouTube has the right to control the selection of videos it queues up for Users via**
21 **Autoplay.**

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

23 Defendants object to this request on the grounds that it is vague and ambiguous in its use
24 of the terms "Autoplay" and "Users" and the phrases "has the right to control" and "queues up."

25

Defendants object to this request as calling for a legal conclusion. Defendants further object that this Request calls for information that is not relevant to either party's claims or defenses. Defendants also object to this request inasmuch as it is overbroad and would impose a burden on Defendants that is disproportionate to the needs of this case.

Subject to and without waiver of the foregoing objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 12:**

**Autoplay exerts a substantial influence on the activities of Users.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the terms "Autoplay" and "Users" and the phrase "exerts a substantial influence." Defendants further object that this request calls for information that is not relevant to either party's claims or defenses.

Subject to and without waiver of the foregoing objections, Defendants deny this request.

**REQUEST FOR ADMISSION NO. 13:**

**YouTube's revenue has increased since Autoplay was launched.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the terms "revenue," "Autoplay" and "launched." Defendants further object that this request calls for information that is not relevant to either party's claims or defenses.

Subject to and without waiver of the foregoing objections, Defendants admit that YouTube's revenue has increased since 2015. Any part of this request that is not expressly admitted is denied.

**REQUEST FOR ADMISSION NO. 14:**

**Autoplay has caused an increase in YouTube's revenue.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the terms "revenue" and "Autoplay." Defendants further object that this request calls for

**digital fingerprinting technologies other than Content ID to assist in the detection of copyright infringements.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the terms "[w]eb-scraping data," "facilitate," "ability," "digital fingerprinting technologies," "assist," "detection," and "copyright infringements."

Subject to and without waiver of the foregoing objections, Defendants admit that web-scraping data from the YouTube platform without YouTube's written permission would violate the YouTube Terms of Service and therefore cannot be used to "facilitate" activities by web scrapers without YouTube's written permission. Any part of this request that is not expressly admitted is denied.

**REQUEST FOR ADMISSION NO. 61:**

**YouTube's terms of service prohibit the use of web-scraping data including videos from the YouTube platform.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the terms "YouTube's terms of service," "use," "web-scraping data," and "from the YouTube platform." Defendants object to the request as vague because it does not specify a time frame.

Subject to and without waiver of the foregoing objections, Defendants admit that YouTube's terms of service prohibit Users from "access[ing] the service using any automated means (such robots, botnets, or scrapers) except (a) in the case of public search engines, in accordance with YouTube's robots.txt file; or (b) with YouTube's prior written permission[.]" Any part of this request that is not expressly admitted is denied.

**REQUEST FOR ADMISSION NO. 62:**

**YouTube does not permit digital fingerprinting technologies other than Content ID to be used on the videos available on YouTube.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the terms "digital fingerprinting technologies," "used," and "available on YouTube." Defendants object to the request as vague because it does not specify a time frame.

Subject to and without waiver of the foregoing objections, Defendants admit that YouTube's terms of service prohibit Users from "access[ing] the service using any automated means (such robots, botnets, or scrapers) except (a) in the case of public search engines, in accordance with YouTube's robots.txt file; or (b) with YouTube's prior written permission[.]" Defendants further refer to their response to Request for Admission No. 58. Any part of this request that is not expressly admitted is denied.

**REQUEST FOR ADMISSION NO. 63:**

**YouTube does not permit Users to employ digital fingerprinting technologies other than Content ID or other copyright enforcement tools provided by YouTube.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the terms "employ," "digital fingerprinting technologies," "copyright enforcement tools," and "provided by YouTube." Defendants object to the request as vague because it does not specify a time frame.

Subject to and without waiver of the foregoing objections, Defendants admit that YouTube's terms of service prohibit Users from "access[ing] the service using any automated means (such robots, botnets, or scrapers) except (a) in the case of public search engines, in accordance with YouTube's robots.txt file; or (b) with YouTube's prior written permission[.]" Defendants further refer to their response to Request for Admission No. 58. Any part of this request that is not expressly admitted is denied.

**REQUEST FOR ADMISSION NO. 64:**

**International Standard Recording Code (ISRC) metadata constitutes Copyright Management Information within the meaning of 17 U.S.C. § 1202.**

of the phrases "copyrighted works" and "being infringed on YouTube." Defendants further object to this request as vague because it does not specify a time frame. Defendants further object to this request as calling for legal conclusions.

Subject to and without waiver of the foregoing objections, Defendants admit that prior to the filing of this lawsuit, YouTube had received and complied with DMCA takedown notices submitted on behalf of Ms. Schneider that satisfied the criteria under 512(c). Any part of this request that is not expressly admitted is denied.

**REQUEST FOR ADMISSION NO. 185:**

**Google regularly receives requests to remove actual or potential copyrighted content from its search results.**

**RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

Defendants object to this request on the grounds that it is vague and ambiguous in its use of the phrases "requests to remove," "actual or potential copyrighted content," and "search results." Defendants further object that this request calls for information that is not relevant to either party's claims or defenses.

Dated: July 5, 2022

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Maura L. Rees*