DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  dkramer@wsgr.com
        mrees@wsgr.com
        lwhite@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email:  bwillen@wsgr.com
Email:  chartman@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS' RESPONSE RE SEALING REQUESTS** |
| YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | |

Plaintiffs recently filed a Proffer (ECF No. 226) and Supplemental Proffer (ECF No. 229) in response to Defendants' request for leave to file a summary judgment motion based on the DMCA safe harbor in 17 U.S.C. §512(c). In their submissions, Plaintiffs submitted hundreds of pages of YouTube's internal documents that included competitively significant operational, strategic and technical details about the YouTube service. Plaintiffs filed two different administrative motions (ECF Nos. 225 and 230) asking the Court to consider whether such materials should remain sealed. *See also* Wright Declarations (ECF Nos. 225-3 and 230-3) (attaching exhibits for consideration). By this response, Defendants request that the Court maintain sealing on very limited portions of a subset of those documents and the proffers themselves.[1]

Much of this sealing process could have been avoided. Most of the material Plaintiffs submitted conditionally under seal does not bear on the issue before the Court. Plaintiffs devoted their proffer in substantial part to issues beyond the limited ones on which the Court invited a submission. ECF No. 219. That resulted in the filing of irrelevant, but competitively-sensitive materials. Further, Plaintiffs cite only snippets from internal strategy documents and expert reports, but submitted the entirety of those 50+ page documents, far more than needed or reasonable for context. That approach makes the sealing process more complicated and burdensome for Defendants and the Court. Plaintiffs did reconsider in part, and agreed to Defendants' request to remove and replace certain exhibits with more limited excerpts of those exhibits. Those replacements are attached to the Hartman Declaration at Paragraphs 13-15 and 21.[2] But several documents, and the trade secrets they contain, needlessly remain in their entirety.

---

[1] See Declarations of Catherine R. Hartman ("Hartman Declaration"), Chenyuan Zhu ("Zhu Declaration"), and Amy Wu ("Wu Declaration"), in support of YouTube's Sealing Requests; Declarations of Arpan Agrawal ("Agrawal Declaration"), Joanne Suk ("Suk Declaration") and Waleed Diab ("Diab Declaration"), ECF Nos. 208-3, 194-2, 194-5, filed in support of YouTube's previous requests to seal exhibits submitted in connection with separate briefing in this case that also were submitted in connection with Plaintiffs' proffers.

[2] Specifically, the parties hereby file replacement exhibits with the following page ranges: Hartman Declaration Ex. 7: -717 to 720; Ex. 8:-865 to 873, -882, -911 to 912; Ex. 9: -174 to 180; -185 to -187; -190 to -193; and Ex. 15: -723 to -744.  Hartman Decl. ¶¶ 3-5, 13-15 and 21.

1  Documents filed in connection with a non-dispositive matter, like those here, may be
2 sealed where there is "good cause" to do so. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447
3 F.3d 1172, 1180 (9th Cir. 2006); *Brickman v. Fitbit, Inc.*, 2017 U.S. Dist. LEXIS 123663, at *3-4
4 (N.D. Cal. Aug. 4, 2017) (Donato, J.) (applying good cause standard to class certification motion);
5 *Ochoa v. McDonald's Corp.*, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015) (Donato, J.)
6 (same). Under that standard, materials may be sealed "so long as the party seeking sealing makes a
7 'particularized showing' under the 'good cause' standard of Federal Rule of Civil Procedure
8 26(c)." *Brickman*, 2017 U.S. Dist. LEXIS 123663, at *3 (citations omitted).[3]

9  Defendants' accompanying declarations (of Zhu, Wu, Agrawal, Suk and Diab) detail the
10 specific grounds for each of Defendants' sealing requests, but the requests fall into the following
11 categories:

12  **Category 1**: Technical engineering documents that reveal highly sensitive confidential
13 information that, if disclosed, would bring competitive harm to Defendants and allow potential
14 competitors an unfair advantage. *See* Wu Declaration. Examples of this category of information
15 include: Hartman Exs. 9 (internal YouTube engineering presentation entitled "Watch Next Eng
16 Review" that reveals technical details of YouTube's recommendation system) and 14 (internal
17 page from YouTube Developer's Handbook entitled "Life of a YouTube upload" that discusses
18 technical infrastructure and system design of various YouTube engineering components).
19 Sealing of the information falling in this category is warranted under this Court's past decisions.
20 *See, e.g.*, Order re Omnibus Mot. to Seal, ECF No. 350 at 1, *DZ Rsrv. et al. v. Meta Platforms,*
21 *Inc.*, No. 3:18-cv-04978-JD (N.D. Cal. Dec. 3, 2021) (Donato., J.) ("DZ Rsrv.") (sealing
22 information regarding "technical processes and functionalities of Meta's products and systems, .
23 . . internal analyses, modeling, and assessments"); Order re Mots. to Seal, ECF No. 221 at 1,

---

[3] The matter before the Court is merely whether Defendants may have leave to file a motion for summary judgment based on the DMCA. While that question is a non-dispositive one and is governed by the "good cause" standard,  Defendants' sealing requests and the evidence supporting them would also satisfy the "compelling reasons" standard for such motions. *See* Kamakana, 447 F.3d at 1180.

1  *Carnegie Mellon Univ. v. LSI Corp. et al.*, No. 3:18-cv-04571-JD (N.D. Cal. Sept. 29, 2021)
2  (Donato, J.) (sealing "proprietary technical information" regarding products).
3        **Category 2**: Product design, internal analyses, and statistics about Content ID, YouTube
4  search, and other YouTube functions that, if disclosed, may result in competitive harm and invite
5  abuse from malicious actors seeking to circumvent YouTube's systems. *See* Wu Declaration and
6  Zhu Declaration. Examples of this category of information include: Hartman Exs. 5 (Expert
7  Report of Joseph M. Winograd, Ph.D. for Plaintiffs that discloses minimum detection thresholds
8  for Content ID's matching functions and YouTube's Copyright Match Tool) and 8 (internal
9  YouTube product review presentation entitled "Watch Next Overview" that showcases design
10 logics underlying YouTube's recommendation system and statistical assessments). As shown in
11 the Wu Declaration, competitors who have access to this information could use it to their
12 advantage on product design and resource allocation. Sealing of the information falling in this
13 category is warranted under this Court's past decisions. *See, e.g.*, *DZ Rsrv.*, ECF No. 350 at 1
14 (Donato., J.) (sealing information regarding "technical processes and functionalities of Meta's
15 products and systems, business strategies, . . . internal analyses, modeling, and assessments").
16       **Category 3**: Operational policies and guidelines about YouTube's copyright
17 management tools, including details about YouTube's repeat infringer policies and mechanisms
18 to counter abuse that, if disclosed, would allow third parties to circumvent these policies and
19 tools. *See* Zhu Declaration. Examples of this category of information include: Hartman Exs. 6
20 (YouTube's interrogatory response that discusses the grouping logic of copyright strikes) and 12
21 (internal policy document that details YouTube's methods and efforts of suspending channels
22 linked to bad actors). Sealing of the information falling in this category is warranted under this
23 Court's past decisions. *See, e.g.*, Joint Admin. Mot. to File Under Seal, ECF Nos. 325 & Joint
24 Decl. in Supp. of Omnibus Mot. to Seal, 325-5 at 10, *DZ Rsrv.* (N.D. Cal. filed July 9, 2021)
25 (requesting sealing of "details about how Facebook detects, restricts, and enforces against
26 different types of fake and duplicate accounts"), *sealing granted by DZ Rsrv.*, ECF No. 350.
27       **Category 4**: Confidential financial information, including YouTube's revenues, costs,
28 and profit that, if disclosed, would cause competitive harm by damaging YouTube's standing

with its existing advertising partners and content creators and prejudicing its ability to negotiate future license agreements. *See* Agrawal Declaration (ECF No. 208-3). Examples of this category of information include: Hartman Ex. 4 (November 17, 2022 Expert Report of Hal J. Singer, Ph.D. for Plaintiffs that lists monthly YouTube financial information from January 2017 to December 2020). Sealing of the information falling in this category is warranted under this Court's past decisions. *See, e.g.*, *GoPro Hong Kong Ltd. v. 2b Trading, Inc.*, 2017 U.S. Dist. LEXIS 27380, at \*6-7 (N.D. Cal. Feb. 27, 2017) (Donato, J.) (sealing business information including "forecasts" and "marketing expenditures").

**Category 5:** Specific pricing terms in YouTube's business contracts that, if disclosed, would cause competitive harm by damaging YouTube's standing with its existing licensors, prejudicing its ability to negotiate future license agreements, and allowing YouTube competitors to benefit from the knowledge of YouTube's negotiation of these royalties to price their own products. *See* Suk Declaration (ECF No. 194-2) and Diab Declaration (ECF No. 194-5). The two documents containing this category of information are Hartman Exs. 16 (standard YouTube Sound Recording and Audiovisual Content License that contains revenue share terms) and 17 (publishing licensing agreement between YouTube and Maria Schneider's publisher that contains pricing terms). Sealing of this information is warranted under this Court's past decisions. *See, e.g.*, Joint Admin. Mot. to File Under Seal Select Exs., ECF No. 347 at 5, *CZ Servs., Inc. v. Express Scripts Holding Co. et al.*, No. 3:18-cv-04217-JD (N.D. Cal. Aug. 21, 2020) (requesting sealing of pricing terms in contracts), *sealing granted by* Order, ECF No. 379 (N.D. Cal. Aug. 31, 2020) (Donato, J.); *GoPro Hong Kong Ltd.*, 2017 U.S. Dist. LEXIS 27380, at \*5 (Donato, J.) (N.D. Cal. Feb. 27, 2017) (sealing "pricing and payment terms"); *Open Text S.A. v. Box, Inc.*, 2014 WL 7368594, at \*3 (N.D. Cal. Dec. 26, 2014) (Donato, J.) (granting sealing motions as to "sensitive information like pricing terms, royalty rates, [and] minimum payment terms").

**Category 6:** Personally identifiable information of third parties that is irrelevant to the issues in dispute and if disclosed would intrude on their privacy and potentially subject them to harassment or unwanted public attention. *See* Zhu and Wu Declarations. The documents

containing this category of information are Hartman Exs. 3, 11 and 13. Sealing of this information is warranted under this Court's past decisions. *See, e.g.*, *Firstface Co. v. Apple, Inc.*, 2022 U.S. Dist. LEXIS 200069, at *3-4 (N.D. Cal. Nov. 2, 2022) (Donato, J.) (sealing personally identifying information of employees).

For the reasons set forth herein and in the supporting declarations, Defendants respectfully request that the Court grant their request to seal limited portions of the aforementioned documents.

Dated: January 17, 2023                                  Respectfully submitted,

                                                                */s/ Catherine R. Hartman*
David H. Kramer, SBN 168452
Maura L. Rees, SBN 191698
Lauren Gallo White, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: mrees@wsgr.com
Email: lwhite@wsgr.com

Brian M. Willen
Catherine R. Hartman
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: chartman@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

**ATTORNEY ATTESTATION**

I, Catherine R. Hartman, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

By: _____*/s/ Catherine R. Hartman*_____
Catherine R. Hartman