1  DAVID H. KRAMER, SBN 168452
   MAURA L. REES, SBN 191698
2  LAUREN GALLO WHITE, SBN 309075
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile: (650) 565-5100
   Email:  dkramer@wsgr.com
6          mrees@wsgr.com
           lwhite@wsgr.com
7

   BRIAN M. WILLEN (admitted *Pro Hac Vice*)
   CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)
   WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
   1301 Avenue of the Americas, 40th Floor
   New York, NY 10019-6022
   Telephone: (212) 999-5800
   Facsimile: (212) 999-5801
   Email:  bwillen@wsgr.com
   Email:  chartman@wsgr.com

8  Attorneys for Defendants and Counterclaimants
   YOUTUBE, LLC and GOOGLE LLC

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,

            Plaintiffs,

       v.

   YOUTUBE, LLC and GOOGLE LLC,

            Defendants.

   ─────────────────────────────────

   YOUTUBE, LLC and GOOGLE LLC,

            Counterclaimants,

       v.

   PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,

            Counterclaim Defendants.

   CASE NO.: 3:20-cv-04423-JD

   **DECLARATION OF CHENYUAN ZHU IN SUPPORT OF DEFENDANTS' SEALING REQUESTS**

1  I, Chenyuan Zhu, declare as follows:

2  1. I am currently a Product Manager for Content ID for Defendant YouTube, LLC ("YouTube"). I previously worked in and then led YouTube's copyright operations team, which was responsible for leading YouTube's DMCA-compliance efforts. I am familiar with YouTube's practices regarding copyright operations. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

3  2. Pursuant to Local Rule 79-5, I submit this Declaration in Support of Defendants' Response to Plaintiffs' two Administrative Motions to Consider Whether Another Party's Material Should Be Sealed (ECF Nos. 225 and 230) ("Sealing Requests"). YouTube has requested to seal limited, highly sensitive information contained in documents submitted in connection with Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes filed on January 9, 2023 (ECF No. 226) and supplemented on January 11, 2023 (ECF No. 229).  Where applicable, the limited information proposed to be sealed is attached to the Declaration of Catherine R. Hartman in Support of Defendants' Sealing Requests ("Hartman Declaration") in redacted form. Mindful of the interest of public access to litigation documents, YouTube's redactions are specific and tailored as necessary to safeguard YouTube's confidential information.

3. The following portions of the documents attached to the Hartman Declaration should be redacted for the reasons set out below:

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| **Exhibit 1 to the Hartman Declaration, originally filed at ECF Nos. 226-9 & 225-11: Excerpts of the June 21, 2022 30(b)(6) deposition of Kevin Zhu** <br><br> Ex. 8 to the Declaration of Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 8 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages 48, 52-53 | This testimony contains detailed discussions about the operations of YouTube's policy for terminating repeat infringers. It is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated this testimony "Confidential" under the parties' Stipulated Protective Order. |

| | |
|---|---|
| | Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's repeat infringer policy and therefore hinder YouTube's ability to identify and terminate repeat infringers. |
| **Exhibit 5 to the Hartman Declaration, originally filed at ECF Nos. 226-11 & 225-13: Expert Report of Joseph M. Winograd, Ph.D., dated September 1, 2022**<br><br>Ex. 10 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence<br>&<br>Ex. 10 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages 11 and 68 | The report of Plaintiffs' proffered expert, Dr. Winograd, contains information about the number of videos on YouTube's platform. This information relies on testimony designated "Confidential" under the parties' Stipulated Protective Order.<br><br>The number of videos on YouTube is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on the knowledge of those resourcing costs. |
| Portions of pages 18, 21, 39, 43, 69, and 83 | Dr. Winograd's report contains discussions about the specific capabilities of YouTube's copyright management tools, including Content ID and Copyright Match Tool's matching system and their numerical thresholds for detection. This information relies on testimony designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These capabilities are highly sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of such information would enable bad actors to abuse and circumvent YouTube's systems and avoid detection by YouTube's copyright management tools, Content ID and Copyright Match Tool. YouTube has developed its copyright management tools over the course of many years, incurring significant development costs. The public disclosure of this information could also result in competitive harm by revealing to competitors how Content ID and Copyright Match Tool technically function and providing them with information they could use to mimic |

| | | |
|---|---|---|
| | | YouTube's proprietary technology without having to expend the same resources. |
| | Portions of pages 20, 38, 40, and 83-84 | Dr. Winograd's report contains discussions about specific operational methods of YouTube's Content ID system and how Content ID scans videos on YouTube. This information relies on testimony and documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These discussions about YouTube's proprietary Content ID technology reference the names of specific Content ID functions and the details of how they operate, which are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. YouTube has developed the Content ID system over the course of many years, incurring significant development costs. This nuanced technical discussion of how YouTube's Content ID system functions, if publicly disclosed, could cause YouTube competitive harm, allowing others to understand the overall system design of Content ID's scanning system and potentially mimic the same functionality without having to expend the same resources to test and develop the system. Public disclosure of this technical information also would instruct bad actors on how to abuse YouTube's Content ID system. |
| | Portions of page 50 | Dr. Winograd's report contains the specific criteria for Content ID partners to be granted access to a particular Content ID mode. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These specific criteria are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. This nuanced discussion of specific threshold requirements for accessing a particular mode of the Content ID system, if disclosed, would frustrate some of the purpose of having thresholds in the first place, as disseminating the knowledge of these thresholds could lead to gaming them. It also would show Content ID participants how to advance to different Content ID modes through improper means and thereby, manipulate the Content ID process. YouTube has developed its Content ID system over the course of many years, incurring significant development costs. Public disclosure of this information may also unfairly advantage competitors who could use this information to improve |

| | |
|---|---|
| | their own copyright management systems without having to expend the same resources. |
| **Exhibit 6 to the Hartman Declaration, originally filed at ECF Nos. 226-13 & 225-15: Excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4, dated June 17, 2022** <br><br> Ex. 12 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence & <br> Ex. 12 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| 6:20-24; 9:4-5 | This interrogatory response contains details about the operations of YouTube's policy for terminating repeat infringers, including its methodology for detecting repeat infringers. Defendants have designated this interrogatory response "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. <br><br> Information contained in this response is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's repeat infringer policy and therefore hinder YouTube's ability to identify and terminate repeat infringers. |
| **Exhibit 12 to the Hartman Declaration, originally filed at ECF Nos. 226-23 & 225-21: Internal YouTube document, bearing production number GOOG-SCHNDR-00041383** <br><br> Ex. 22 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence & <br> Ex. 22 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages -383 to -385, and -387 | This is an internal policy document detailing YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. <br><br> This information is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information would instruct bad actors who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |

DECLARATION OF CHENYUAN ZHU                -4-                CASE NO. 3:20-CV-04423-JD

| | |
|---|---|
| **Exhibit 11 to the Hartman Declaration, originally filed at ECF Nos. 226-22 & 225-20: Internal YouTube document, bearing production number GOOG-SCHNDR-00000918** <br><br> Ex. 21 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 21 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages -918 to -920, and -922 to -923 | This is an internal policy document detailing YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation. Defendants have designated this document "Confidential" under the parties' Stipulated Protective Order. <br><br> The portions of the document above are highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information would instruct bad actors who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |
| Portion of page -920 | This document contains personally identifiable information regarding a third party user. This information is non-public. It is irrelevant to the issues in dispute. Public disclosure of such information would intrude on the third party's privacy and potentially subject that individual to harassment or unwanted public attention. |
| **Exhibit 4 to the Hartman Declaration, originally filed at ECF Nos. 226-10 & 225-12: Expert Report of Hal J. Singer, Ph.D., dated November 17, 2022** <br><br> Ex. 9 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 9 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages 11, 54, and 56-57 | The report of Plaintiff's proffered expert, Dr. Singer, reveals the number of videos on YouTube's platform and information to calculate that number. The number of videos on YouTube's platform is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. This information relies on documents produced during discovery that have been designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. |

| | |
|---|---|
| | Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on the knowledge of those resourcing costs. |
| **Exhibit 2 to the Hartman Declaration, originally filed at ECF Nos. 226-4 & 225-6: excerpts of the June 28, 2022 deposition of Cristos Goodrow** <br><br> Ex. 3 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 3 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of page 17 | This testimony contains information about the number of videos on YouTube's service. It is highly sensitive commercial information that YouTube protects as highly confidential and requires heightened protection. Defendants have designated this testimony "Confidential" under the parties' Stipulated Protective Order. <br><br> Public disclosure of the limited information YouTube seeks to seal may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on the knowledge of those resourcing costs. |
| **Exhibit 10 to the Hartman Declaration, originally filed at ECF Nos. 226-21 & 225-19: an internal YouTube presentation entitled "SpiderMADison: Expanded Copyright Suspensions," bearing production number GOOG-SCHNDR-00041389** <br><br> Ex. 20 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 20 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of -389-394, 396-397, 400-401, 403-404, 406-417, 419-424, 427-428, 430-431, 433-435 | This is an internal policy document detailing YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. <br><br> This information is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information would instruct bad actors who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |

| | |
|---|---|
| **Exhibit 13 to the Hartman Declaration, originally filed at ECF Nos. 226-24 & 225-22: an internal YouTube presentation entitled "Trust & Safety/ SpiderMADsense," bearing production number GOOG-SCHNDR-00001059** <br><br> Ex. 23 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 23 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of -1059-60, -1063 | This is an internal policy document detailing YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation. Defendants have designated this document "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. <br><br> This information is highly sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of this information would instruct bad actors who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |
| Portions of 1063 | This document contains personally identifiable information regarding a third party user. This information is non-public.  It is irrelevant to the issues in dispute. <br><br> Public disclosure of such information would intrude on the third party's privacy and potentially subject that individual to harassment or unwanted public attention. |
| **Exhibit 19 to the Hartman Declaration, originally filed at ECF Nos. 226 & 225-2: Plaintiff's January 9, 2023 Proffer of Evidence Concerning DMCA Factual Disputes** | |
| Portions of 5:17-21 | This portion of Plaintiffs' Proffer contains detailed discussion of the details and implementation of YouTube's repeat infringer policy. The limited information YouTube seeks to seal concerns how YouTube assigns copyright strikes to channels and terminates multiple channels potentially belonging to one repeat infringer. It is extremely sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated the documents that Plaintiffs reference in these passages Confidential and Highly Confidential - Attorneys' Eyes Only. <br><br> Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination of multiple accounts under YouTube's repeat infringer policy, thereby impairing YouTube's efforts to identify and terminate repeat infringers. It also would instruct bad actors who had |

| | previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |
|---|---|
| **Exhibit 18 to the Hartman Declaration, originally filed at ECF No. 230-4 and 229-2: Defendants' January 10, 2023 Letter to Plaintiffs** <br><br> Ex. 37 to the Supplemental Declaration of Joanna Wright in Further Support of Plaintiffs' January 9, 2023 Proffer of Evidence <br> & <br> Exhibit 37 to the Supplemental Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of page 2 | The portions of Defendants' January 10 Letter that Defendants seek to seal reflect data concerning the number of videos on YouTube's service and the portion of those videos worldwide that were blocked, monetized, or tracked through Content ID on various dates. This is highly sensitive commercial information that YouTube does not make public and goes to extensive lengths to protect. YouTube designated this information as Highly Confidential - Attorneys' Eyes Only. <br><br> Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on the knowledge of those resourcing costs. <br><br> This Court explicitly stated in its Minute Order dated December 15, 2022 that "YouTube may designate the numerator and denominator information as confidential and request that it be filed under seal." ECF 213. The only information YouTube seeks to seal here is the information that the Court has already stated could appropriately be designated and for which sealing would be appropriate. |
| **Exhibit 20 to the Hartman Declaration, originally filed at ECF 230-2 and 229: Plaintiff's January 11, 2023 Letter to this Court (Supplemental Proffer)** | |
| Portions of pages 1-2 | The portions of Defendants' January 11 Letter that Defendants seek to seal reflect data concerning the number of videos on YouTube's service and the portion of those videos worldwide that were blocked, monetized, or tracked through Content ID on various dates. This is highly sensitive commercial information that YouTube does not make public and goes to extensive lengths to protect. YouTube designated this information as Highly Confidential - Attorneys' Eyes Only. <br><br> Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing |

|  |  |
|---|---|
|  | costs, which they may use to improve upon their own systems and unfairly compete based on the knowledge of those resourcing costs.<br><br>This Court explicitly stated in its Minute Order dated December 15, 2022 that "YouTube may designate the numerator and denominator information as confidential and request that it be filed under seal." ECF 213. The only information YouTube seeks to seal here is the information that the Court has already stated could appropriately be designated and for which sealing would be appropriate. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of January 2023 at Pacifica, California.

*/s/ Chenyuan Zhu*
Chenyuan Zhu

**ATTORNEY ATTESTATION**

I, Catherine R. Hartman, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

*/s/ Catherine R. Hartman*