| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email: dkramer@wsgr.com<br>        mrees@wsgr.com<br>        lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email: bwillen@wsgr.com<br>Email: chartman@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>                    Defendants.<br><br>―――――――――――――――――――<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>                    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>                    Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF CATHERINE R. HARTMAN IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |

I, Catherine R. Hartman declares as follows:

1. I am an associate at the law firm Wilson Sonsini Goodrich & Rosati, counsel for Defendants-Counterclaimants YouTube, LLC and Google LLC ("YouTube") in the above-captioned matter. I am licensed to practice law in the State of New York and am admitted *pro hac vice* to practice before this Court. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify as to these facts under oath.

2. YouTube submits this Declaration in support of its requests pursuant to Civil Local Rules 7-11 and 79-5 to seal portions of documents filed in connection with Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes filed on January 9, 2023 and supplemented on January 11, 2023.

3. In an email dated January 12, 2023, Defendants' counsel requested that Plaintiffs' counsel remove and replace Exhibits 1 through 10, 15, 17, 19 - 23, 25-26, and 33-34, to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence (ECF No. 226) ("Proffer") with more limited excerpts of those documents based on the citations in Plaintiffs' Proffer.

4. In response, Plaintiffs' counsel agreed to "join Defendants' motion to remove the following exhibits and replace them with the excerpts indicated below":

   Wright Ex. 15:  Pages -717 to -720;
   Wright Ex. 17:  Pages -865 to -873; -882, -911 to -912
   Wright Ex. 19:  Pages -174 to 180; -185 to -187; -190 to -193
   Wright Ex. 26:  Pages -723 to -744.

5. As noted below, Defendants submit those proposed replacement documents as Exhibit Nos. 7, 8, 9 and 15 to this declaration.

6. Mindful of the interest of public access to litigation documents, YouTube has carefully reviewed redactions in each document to seal only limited portions of the most sensitive information contained therein. YouTube's narrowed sealing requests are limited to 19 documents identified below.

7. Attached as **Exhibit 1** are the excerpts of the June 21, 2022 30(b)(6) deposition of Kevin Zhu, originally filed at ECF Nos. 226-9 & 225-11 as Exhibit 8 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

8. Attached as **Exhibit 2** are the excerpts of the June 28, 2022 deposition of Cristos Goodrow, originally filed at ECF Nos. 226-4 & 225-6 as Exhibit 3 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

9. Attached as **Exhibit 3** are the excerpts of the May 24, 2022 deposition of Amy Wu, originally filed at ECF Nos. 226-7 & 225-9 as Exhibit 6 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

10. Attached as **Exhibit 4** is an expert report of Hal J. Singer, Ph.D., dated November 17, 2022, originally filed at ECF Nos. 226-10 & 225-12 as Exhibit 9 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

11. Attached as **Exhibit 5** is the expert report of Joseph M. Winograd, Ph.D., dated September 1, 2022, originally filed at ECF Nos. 226-11 & 225-13 as Exhibit 10 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

12. Attached as **Exhibit 6** are excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4, dated June 17, 2022, originally filed at ECF Nos. 226-13 & 225-15 as Exhibit 12 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

13. Attached as **Exhibit 7** is an internal YouTube presentation entitled "Auto-continuation view counting," bearing production number GOOG-SCHNDR-00043717, originally filed at ECF Nos. 226-16 & 225-16 as Exhibit 15 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence. **The parties jointly seek to replace the originally filed copies of this document with the excerpt attached hereto (limited to pages -717 to -720). Defendants do not seek to seal any information from the version of the document attached as Exhibit 7.**

14. Attached as **Exhibit 8** is an internal YouTube presentation entitled "Watch Next Overview," bearing production number GOOG-SCHNDR-00040865, originally filed at ECF

1  Nos. 226-18 & 225-17 as Exhibit 17 to the Declaration of Joanna Wright in Support of Plaintiffs'
2  Proffer of Evidence. **The parties jointly seek to replace the originally filed copies of this**
3  **document with the excerpt attached hereto (limited to pages -865 to -873; -882, -911 to -**
4  **912). Defendants seek to seal limited portions of Exhibit 8.  Plaintiffs do not join in that**
5  **request.**
6        15.     Attached as **Exhibit 9** is an internal YouTube presentation entitled "Watch Next
7  Eng Review," bearing production number GOOG-SCHNDR-00052174, originally filed at ECF
8  Nos. 226-20 & 225-18 as Exhibit 19 to the Declaration of Joanna Wright in Support of Plaintiffs'
9  Proffer of Evidence. **The parties jointly seek to replace the originally filed copies of this**
10 **document with the excerpt attached hereto (limited to pages -174 to 180; -185 to -187; -190**
11 **to -193). Defendants seek to seal limited portions of Exhibit 9. Plaintiffs do not join in that**
12 **request.**
13       16.     Attached as **Exhibit 10** is an internal YouTube presentation entitled
14 "SpiderMADison: Expanded Copyright Suspensions," bearing production number GOOG-
15 SCHNDR-00041389, originally filed at ECF Nos. 226-21 & 225-19 as Exhibit 20 to the
16 Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.
17       17.     Attached as **Exhibit 11** is an internal YouTube document, bearing production
18 number GOOG-SCHNDR-00000918, originally filed at ECF Nos. 226-22 & 225-20 as Exhibit
19 21 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.
20       18.     Attached as **Exhibit 12** is an internal YouTube document, bearing production
21 number GOOG-SCHNDR-00041383, originally filed at ECF Nos. 226-23 & 225-21 as Exhibit
22 22 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.
23       19.     Attached as **Exhibit 13** is an internal YouTube presentation entitled "Trust &
24 Safety/ SpiderMADsense," bearing production number GOOG-SCHNDR-00001059, originally
25 filed at ECF Nos. 226-24 & 225-22 as Exhibit 23 to the Declaration of Joanna Wright in Support
26 of Plaintiffs' Proffer of Evidence.
27       20.     Attached as **Exhibit 14** is an internal YouTube webpage entitled "Life of a
28 YouTube upload" from YouTube Developer's Handbook, bearing production number GOOG-

SCHNDR-00034775, originally filed at ECF Nos. 226-26 & 225-23 as Exhibit 25 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

21. Attached as **Exhibit 15** is an internal YouTube presentation entitled "Autoplay DeepDive," bearing production number GOOG-SCHNDR-00040723, originally filed at ECF Nos. 226-27 & 225-24 as Exhibit 26 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence. **The parties jointly seek to replace the originally filed copies of this document with the excerpt attached hereto (limited to pages -723 to -744). Defendants seek to seal limited portions of Exhibit 15. Plaintiffs do not join in that request.**

22. Attached as **Exhibit 16** is the YouTube Sound Recording and Audiovisual Content License, bearing production number GOOG-SCHNDR-00020258, originally filed at ECF Nos. 226-34 & 225-26 as Exhibit 33 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

23. Attached as **Exhibit 17** is a YouTube Publishing License Agreement (PLA) dated April 30, 2014, bearing production number GOOG-SCHNDR-00002434, originally filed at ECF Nos. 226-35 & 225-27 as Exhibit 34 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence.

24. Attached as **Exhibit 18** is a letter from Defendants' counsel to Plaintiffs' counsel, dated January 10, 2023, originally filed at ECF Nos. 230-4 and 229-2 as Exhibit 37 to the Supplemental Declaration of Joanna Wright in Further Support of Plaintiffs' January 9, 2023 Proffer of Evidence.

25. Attached as **Exhibit 19** is Plaintiffs' January 9, 2023 Proffer of Evidence Concerning DMCA Factual Disputes, originally filed at ECF Nos. 226 and 225-2.

26. Attached as **Exhibit 20** is Plaintiffs' January 11, 2023 Letter to this Court supplementing its Proffer of Evidence, originally filed at ECF Nos. 230-2 and 229.

25. YouTube's narrowed sealing requests fall into the following categories:

**Category 1: Descriptions of the Technical Infrastructure and System Design of YouTube's Products and Functions**

YouTube requests that the Court maintain under seal confidential, proprietary, and highly sensitive commercial information about the technical infrastructure underpinning YouTube's services, databases and their usage, and the system design overviews of YouTube products and functions such as search and indexing, transcoding and video processing, recommendation algorithms, and machine learning systems, which is contained in Exhibits 3, 5, 9, 14, and 15 to this Declaration. Those documents, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include internal engineering presentations about YouTube's video recommendation systems that disclose specific descriptions of internal YouTube tools and databases, such as their size, their underlying technology, and their roles in the video recommendation process, and overviews of the YouTube video recommendation process, including discrete steps taken by YouTube's algorithms and factors considered.

The harm that would result from the public disclosure of this information about YouTube's proprietary systems is set out in the Declaration of Amy Wu in Support of YouTube's Sealing Requests ("Wu Declaration").

**Category 2: Product Design Documents, Internal Analyses and Experiments, and Other Business Logic and Strategies of YouTube's Products and Functions**

YouTube requests that the Court maintain under seal confidential, proprietary, and highly sensitive commercial information about product design documents of YouTube's video recommendation systems and Content ID, and internal analyses and user experiments run on those products and functions, which is contained in Exhibits 2, 3, 4, 5, 8, 9, 15, 18, 19, 20 to this Declaration. Those documents, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include internal presentations about YouTube's video recommendation systems that discuss challenges faced, lessons learned, proposed solutions, internal objectives and results, and usage statistics and related experiments, and discussions of the specific operational methods of YouTube's Content ID system and how it scans videos on YouTube.

The harm that would result from the public disclosure of this information is set out in the Wu Declaration and the Declaration of Chenyuan Zhu in Support of YouTube's Motion to Seal ("Zhu Declaration").

**Category 3: Operational Policies and Guidelines and Abuse Prevention Mechanisms about YouTube's Copyright Management Tools**

YouTube requests that the Court maintain under seal confidential, highly sensitive, internal policies, guidelines and discussions regarding YouTube's methods and efforts for detecting and suspending channels linked to bad actors on YouTube, the operations of different Content ID modes and access thereto, and the processing of DMCA takedown notices, which are contained in Exhibits 1, 5, 6, 10, 11, 12, 13, and 19 to this Declaration. Those documents and testimony, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include confidential internal policy documents detailing YouTube's methods and efforts for suspending channels linked to repeat infringers, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation and a document disclosing threshold requirements to advancing to different modes in the Content ID system. The harm that would result from the public disclosure of this financial information is set out in the Zhu Declaration.

**Category 4: YouTube's Financial Information, Including Revenues, Costs, and Profits**

YouTube requests that the Court maintain under seal confidential and highly sensitive financial information, which is contained in Exhibit 4 to this Declaration. Those documents and testimony, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include YouTube's advertising revenue, as well as the share of that revenue paid to content providers, for every month from January 2017 to December 2020; YouTube's annual content acquisition costs, other sales and infrastructure costs, gross profit, and gross profit margin; and detailed discussion of YouTube's financial accounting practices. The harm that would result from the public disclosure of this financial information is set out in the Declaration of Arpan

Agrawal ("Agrawal Declaration"), (ECF No. 208-3) filed in connection with YouTube's previous motion to seal.

**Category 5: Specific Pricing Terms in YouTube's Business Contracts**

YouTube requests that the Court maintain under seal very limited, specific pricing terms and royalty rates in two license agreements, which are contained in Exhibits 16 and 17 to this Declaration. Those documents, which are designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action, include the "Publishing License Agreement," which is a license agreement between Google and third-party A Side Music LLC dba Modern Works Music Publishing that delineates the royalty terms whereby Google compensates certain licensees, including Modern Works; and the "Sound Recording and Audiovisual Content License Agreement," which delineates royalty terms incorporated into certain licenses under which Google compensates certain licensees for sound recording and audiovisual content. The harm that would result from the public disclosure of this financial information is set out in the Declarations of Joanne Suk ("Suk Declaration") and Waleed Diab ("Diab Declaration"), ECF Nos. 194-2, 194-5, filed in support of the parties' previous joint motion to seal these two exhibits submitted in connection with YouTube's Motion for Summary Judgment as to Plaintiff Maria Schneider.

**Category 6: Personally Identifiable Information of Third Parties**

YouTube requests that the Court maintain under seal very limited, personally identifiable information of third parties, which is contained in Exhibits 3, 11, and 13 to this Declaration. The harm that would result from the public disclosure of this information is set out in the Wu and Zhu Declarations.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of January, 2023 at Brooklyn, New York.

                                                */s/ Catherine R. Hartman*
                                                    Catherine R. Hartman