# Exhibit 20

# to the Declaration of Catherine Hartman

# Public Redacted Version



January 11, 2023

**VIA ECF**
Honorable James Donato
United States District Judge
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

*Schneider v. YouTube*, Case No. 3:20-cv-4423-JD (N.D. Cal.)

Dear Judge Donato:

      I write on behalf of Plaintiffs in the above captioned matter to supplement Plaintiffs' Proffer of Evidence Concerning DMCA Factual Issues [ECF 226] (the "Plaintiffs' Proffer"), with new evidence produced last night, January 10, 2023, after Plaintiffs' Proffer was filed on January 9. The new evidence was provided pursuant to the Court's December 15, 2022, order [ECF 213]. There is no conference currently scheduled in this matter.

      The newly produced data adds further detail of the scope and significance of disputed facts preventing summary judgment on Defendants' DMCA safe harbors defense. Specifically, Plaintiffs' Proffer (at 3) notes that Defendants prevent copyright owners from collecting information needed to issue DMCA takedown notifications including because rightsholders are unable to search private or unlisted videos on the platform. Until after Plaintiffs' Proffer was filed, Defendants had not disclosed statistics allowing an estimation of the number of private and unlisted videos.

      Defendants' January 10 Letter, a copy of which is Exhibit 37 to the Supplemental Declaration of Joanna Wright submitted herewith, discloses that (using rounded figures):

- On 8/1/2017, YouTube had ■ billion videos, of which ■ billion were publicly displayed.

- On 8/1/2018, YouTube had ■ billion videos, of which ■ billion were publicly displayed.

- On 8/1/2019, YouTube had ■ billion videos, of which ■ billion were publicly displayed.

- On 8/1/2020, YouTube had ■ billion videos, of which ■ billion were publicly displayed.

      From these statistics, it readily appears that there were upwards of ■ ■ (2017), ■ ■ (2018), ■ ■ (2019), and ■ ■ (2020) videos designated private or unlisted



(*i.e.*, the difference between the videos on the platform and the publicly displayed videos on the platform) that rightsholders seeking to police infringement could not manually search among for infringing videos.

Notably, during those same years, Content ID identified very large numbers of infringements among both the publicly displayed and the non-publicly displayed videos. Defendants' January 10, 2023, letter discloses the number of publicly displayed videos that were monetized through Content ID and the number of all videos that were monetized, blocked, and tracked through Content ID as follows (again using rounded figures):

- On 8/1/2017, of the ▇ billion publicly displayed videos, ▇ ▇▇▇▇ were monetized through Content ID; of the ▇ billion videos in total, ▇ ▇▇▇▇ were monetized, blocked, or tracked through Content ID.

- On 8/1/2018, of the ▇ billion publicly displayed videos, ▇ ▇▇▇▇ were monetized through Content ID; of the ▇ billion videos in total, ▇ ▇▇▇▇ were monetized, blocked, or tracked through Content ID.

- On 8/1/2019, of the ▇ billion publicly displayed videos, ▇ ▇▇▇▇ were monetized through Content ID; of the ▇ billion videos in total, ▇ ▇▇▇▇ were monetized, blocked, or tracked through Content ID.

- On 8/1/2020, of the ▇ billion publicly displayed videos, ▇ ▇▇▇▇ were monetized through Content ID; of the ▇ billion videos in total, ▇ ▇▇▇▇ were monetized, blocked, or tracked through Content ID.

Respectfully,

*/s/ Philip Korologos*
Philip Korologos

copy to: All Counsel via ECF and electronic mail