1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11   MARIA SCHNEIDER, UNIGLOBE                )   CASE NO.:  3:20-cv-04423-JD
     ENTERTAINMENT, LLC, and AST             )
12   PUBLISHING LTD., individually and on    )   **[PROPOSED]**
     behalf of all others similarly situated, )   **ORDER GRANTING DEFENDANTS'**
13                                            )   **SEALING REQUESTS**
                                              )
14                  Plaintiffs,               )
                                              )
15          v.                                )
                                              )
16   YOUTUBE, LLC and GOOGLE LLC,            )
                                              )
17                  Defendants.               )
                                              )
18   ─────────────────────────────────────── )
                                              )
19   YOUTUBE, LLC and GOOGLE LLC,            )
                                              )
20                  Counterclaimants,         )
                                              )
21          v.                                )
                                              )
22   PIRATE MONITOR LTD, PIRATE             )
     MONITOR LLC, and GÁBOR CSUPÓ,          )
23                                            )
                    Counterclaim Defendants.  )
24   ─────────────────────────────────────── )

25

26

27

28

1    Pursuant to Civil Local Rules 7-11 and 79-5, and after consideration of Maria Schneider,

2  Uniglobe Entertainment, LLC and AST Publishing LTD.'s ("Plaintiffs") two Administrative

3  Motions to Consider Whether Another Party's Material Should Be Sealed (the "Administrative

4  Motion") and Defendants-Counterclaimants YouTube, LLC and Google LLC's ("YouTube")

5  Response to the Administrative Motion; the Declaration of Catherine R. Hartman ("Hartman

6  Decl.") in Support of Defendants' Sealing Requests; the Declaration of Chenyuan Zhu in Support

7  of YouTube's Sealing Requests; the Declaration of Amy Wu in Support of YouTube's Sealing

8  Requests; and the previously filed declarations of Joanne Suk (ECF No. 194-2), Waleed Diab

9  (ECF No. 194-5), and Arpan Agrawal (ECF No. 208-3); pursuant to local Rule 79-5(c), the Court

10  rules that good cause exists to seal portions of the following documents related to the parties' class

11  certification briefing:

12

| Portions Sought to be Sealed | Basis for Sealing | GRANTED / DENIED |
|---|---|---|
| **Exhibit 1 to the Hartman Declaration, originally filed at ECF Nos. 226-9 & 225-11: Excerpts of the June 21, 2022 30(b)(6) deposition of Kevin Zhu**<br><br>Ex. 8 to the Declaration of Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes<br>&<br>Ex. 8 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages 48, 52-53 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse, that, if disclosed, would allow the parties to circumvent these policies and tools.<br><br>*See* Declaration of Chenyuan Zhu in Support of YouTube's Sealing Requests ("Zhu Decl."). | |
| **Exhibit 2 to the Hartman Declaration, originally filed at ECF Nos. 226-4 & 225-6: excerpts of the June 28, 2022 deposition of Cristos Goodrow**<br><br>Ex. 3 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes<br>&<br>Ex. 3 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |

| Portions of page 17 | Good cause exists to seal highly confidential information about the number of videos on YouTube's service, that, if disclosed, might allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they might use to unfairly compete based on knowledge of those costs. *See* Zhu Decl. | |
|---|---|---|
| **Exhibit 3 to the Hartman Declaration, originally filed at ECF Nos. 226-7 & 225-9, excerpts of the May 24, 2022 deposition of Amy Wu** Ex. 6 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes & Ex. 6 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portion of page 8 | Good cause exists to seal the personal home address of Amy Wu, public disclosure of which would intrude on Ms. Wu's privacy and potentially subject her to harassment or unwanted public attention. *See* Declaration of Amy Wu in Support of YouTube's Sealing Requests ("Wu Decl.") | |
| Portions of pages 82-85, 96-97, 99-100, 115 | Good cause exists to seal confidential information concerning the operations of YouTube's AutoPlay and WatchNext functionalities, public disclosure of which could result in competitive harm by revealing technical details about these features that YouTube's competitors could use to mimic YouTube's proprietary technology without having to expend the same resources. *See* Wu Decl. | |
| **Exhibit 4 to the Hartman Declaration, originally filed at ECF Nos. 226-10 & 225-12: Expert Report of Hal J. Singer, Ph.D., dated November 17, 2022** Ex. 9 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes & Ex. 9 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages 11, 54, and 56-57 | Good cause exists to seal YouTube's confidential product design information, internal analysis and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions that, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems. *See* Zhu Decl. | |

| Portions of pages 20-21 | Good cause exists to seal YouTube's confidential financial information, including its revenues, costs, and profit that, if disclosed, would cause competitive harm by damaging YouTube's standing with its existing advertising partners and content creators and prejudicing its ability to negotiate future license agreements. *See* Declaration of Arpan Agrawal, ECF No. 208-3. | |
|---|---|---|
| **Exhibit 5 to the Hartman Declaration, originally filed at ECF Nos. 226-11 & 225-13: Expert Report of Joseph M. Winograd, Ph.D., dated September 1, 2022** Ex. 10 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes & Ex. 10 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages 3, 53, 57, and 59 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions that, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems. *See* Wu Decl. | |
| Portions of pages 11 and 68 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions that, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems. *See* Zhu Decl. | |
| Portions of pages 18, 21, 39, 43, 69, and 83 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools. *See* Zhu Decl. | |

| | |
|---|---|
| Portions of pages 20, 38, 40, and 83-84 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions that, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems.<br><br>*See* Zhu Decl. | |
| Portions of pages 26-27 | Good cause exists to seal YouTube's confidential, highly sensitive technical engineering information that, if disclosed, would bring competitive harm to YouTube and allow potential competitors an unfair advantage.<br><br>*See* Wu Decl. | |
| Portions of pages 30 and 85 | Good cause exists to seal YouTube's confidential, highly sensitive technical engineering information that, if disclosed, would bring competitive harm to YouTube and allow potential competitors an unfair advantage.<br><br>*See* Wu Decl. | |
| Portions of page 50 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools.<br><br>*See* Zhu Decl. | |
| Portions of pages 61-67 and 69 | Good cause exists to seal YouTube's confidential, highly sensitive technical engineering information that, if disclosed, would bring competitive harm to YouTube and allow potential competitors an unfair advantage.<br><br>*See* Wu Decl. | |

**Exhibit 6 to the Hartman Declaration, originally filed at ECF Nos. 226-13 & 225-15: Excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4, dated June 17, 2022**

Ex. 12 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes
&
Ex. 12 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed

| | | |
|---|---|---|
| 6:20-24; 9:4-5 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools.<br><br>*See* Zhu Decl. | |
| **Exhibit 8 to the Hartman Declaration, originally filed at ECF Nos. 226-18 & 225-17: Internal YouTube presentation entitled "Watch Next Overview," bearing production number GOOG-SCHNDR-00040865**<br><br>Ex. 17 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes<br>&<br>Ex. 17 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages - 873, -882 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions that, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems.<br><br>*See* Wu Decl. | |
| **Exhibit 9 to the Hartman Declaration, originally filed at ECF Nos. 226-20 & 225-18: Internal YouTube presentation entitled "Watch Next Eng Review," bearing production number GOOG-SCHNDR-00052174**<br><br>Ex. 19 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes<br>&<br>Ex. 19 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages - 193 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems.<br><br>*See* Wu Decl. | |
| Portions of pages - 185 to -187, -191 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and | |

| | | |
|---|---|---|
| | strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems.<br><br>*See* Wu Decl. | |
| **Exhibit 10 to the Hartman Declaration, originally filed at ECF Nos. 226-21 & 225-19: an internal YouTube presentation entitled "SpiderMADison: Expanded Copyright Suspensions," bearing production number GOOG-SCHNDR-00041389**<br><br>Ex. 20 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes<br>&<br>Ex. 20 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of -389-394, 396-397, 400-401, 403-404, 406-417, 419-424, 427-428, 430-431, 433-435 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools.<br><br>*See* Zhu Decl. | |
| **Exhibit 11 to the Hartman Declaration, originally filed at ECF Nos. 226-22 & 225-20: Internal YouTube document, bearing production number GOOG-SCHNDR-00000918**<br><br>Ex. 21 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes<br>&<br>Ex. 21 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages -918 to -920, and -922 to -923 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools.<br><br>*See* Zhu Decl. | |
| Portion of page -920 | Good cause exists to seal personally identifiable information of third-party users such as email addresses, public disclosure of which is unnecessary and would intrude on the user's privacy and potentially subject the user to harassment or unwanted public attention.<br><br>*See* Zhu Decl. | |

| | |
|---|---|
| **Exhibit 12 to the Hartman Declaration, originally filed at ECF Nos. 226-23 & 225-21: Internal YouTube document, bearing production number GOOG-SCHNDR-00041383** Ex. 22 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes & Ex. 22 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |

| Portions of pages -383 to -385, and -387 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems. *See* Wu Decl. | |

| | |
|---|---|
| **Exhibit 13 to the Hartman Declaration, originally filed at ECF Nos. 226-24 & 225-22: an internal YouTube presentation entitled "Trust & Safety/ SpiderMADsense," bearing production number GOOG-SCHNDR-00001059** Ex. 23 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes & Ex. 23 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |

| Portions of -1059-60, -1063 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools. *See* Zhu Decl. | |
| Portions of 1063 | Good cause exists to seal personally identifiable information of third-party users such as email addresses, public disclosure of which is unnecessary and would intrude on the user's privacy and potentially subject the user to harassment or unwanted public attention. *See* Zhu Decl. | |

| | |
|---|---|
| **Exhibit 14 to the Hartman Declaration, originally filed at ECF Nos. 226-26 & 225-23: Internal YouTube webpage entitled "Life of a YouTube upload" from YouTube Developer's Handbook, bearing production number GOOG-SCHNDR-00034775** Ex. 25 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes | |

| | | |
|---|---|---|
| | & <br> Ex. 25 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages - 776 to -797 | Good cause exists to seal YouTube's confidential, highly sensitive technical engineering information that, if disclosed, would bring competitive harm to YouTube and allow potential competitors an unfair advantage. <br><br> *See* Wu Decl. | |
| **Exhibit 15 to the Hartman Declaration, originally filed at ECF Nos. 226-27 & 225-24: Internal YouTube presentation entitled "Autoplay DeepDive," bearing production number GOOG-SCHNDR-00040723** <br><br> Ex. 26 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence Concerning DMCA Factual Disputes <br> & <br> Ex. 26 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages - 726, -730 to -736, -739 to -740, -742 to -743 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive, technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems. <br><br> *See* Wu Decl. | |
| Portions of pages - 725, -727 to -728, and -737 to -738. | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive, technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems. <br><br> *See* Wu Decl. | |
| **Exhibit 16 to the Hartman Declaration, originally filed at ECF Nos. 226-34 & 225-26: the YouTube Recording and Audiovisual Content License, bearing production number GOOG-SCHNDR-00020258** <br><br> Ex. 33 to the Declaration of Joanna Wright in Support of Plaintiff's Proffer of Evidence <br> & <br> Ex. 33 to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |

| Portions of pages -279 to -281, -285 to -287, and -289 to -291 | Good cause exists to seal confidential, specific pricing terms in YouTube's business contracts that, if disclosed, would cause competitive harm by damaging YouTube's standing with its existing licensors, prejudicing its ability to negotiate future license agreements, and allowing YouTube competitors to benefit from the knowledge of YouTube's negotiation of these royalties to price their own products.  *See* Declaration of Waleed Diab, ECF No. 194-5. | |
|---|---|---|
| **Exhibit 17 to the Hartman Declaration, originally filed at ECF Nos. 226-35 & 225-27: the YouTube Publishing License Agreement, bearing production number GOOG-SCHNDR-00002434**  Ex. 34 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence & Ex. 34 to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of pages -447 to -448, and -451 to -452 | Good cause exists to seal confidential, specific pricing terms in YouTube's business contracts that, if disclosed, would cause competitive harm by damaging YouTube's standing with its existing licensors, prejudicing its ability to negotiate future license agreements, and allowing YouTube competitors to benefit from the knowledge of YouTube's negotiation of these royalties to price their own products.  *See* Declaration of Joanne Suk, ECF No. 194-2. | |
| **Exhibit 18 to the Hartman Declaration, originally filed at ECF No. 230-4 and 229-2:  Defendants' January 10, 2023 Letter to Plaintiffs**  Ex. 37 to the Supplemental Declaration of Joanna Wright in Further Support of Plaintiffs' January 9, 2023 Proffer of Evidence & Ex. 37 to the Supplemental Administrative Motion to Consider Whether Another Party's Material Should be Sealed | | |
| Portions of page 2 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive, technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems.  *See* Wu Decl. | |

| **Exhibit 19 to the Hartman Declaration, originally filed at ECF Nos. 226 and 225-2: Plaintiff's January 9, 2023 Proffer of Evidence Concerning DMCA Factual Disputes** | | |
|---|---|---|
| Portions of page 5:17-21 | Good cause exists to seal confidential operational policies and guidelines about YouTube's copyright management tools, including details about YouTube's repeat infringer policies and mechanisms to counter abuse that, if disclosed, would allow third parties to circumvent these tools.<br><br>*See* Zhu Decl. | |
| Portion of page 9:7 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems.<br><br>*See* Wu Decl. | |
| **Exhibit 20 to the Hartman Declaration, originally filed at ECF 230-2 and 229: Plaintiff's January 11, 2023 Letter to this Court** | | |
| Portions of pages 1-2 | Good cause exists to seal YouTube's confidential product design information, internal analyses and user experiments, and other related business logic and strategies about Content ID, YouTube search, and other YouTube functions, as well as YouTube's highly sensitive, technical engineering information. That information, if disclosed, may result in competitive harm and invite abuse from malicious actors to circumvent YouTube's systems.<br><br>*See* Wu Decl. | |

**IT IS SO ORDERED.**

Dated: _____

_____
HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE