George A. Zelcs (pro hac vice)
 gzelcs@koreintillery.com
Randall P. Ewing, Jr. (pro hac vice)
 rewing@koreintillery.com
Ryan Z. Cortazar (pro hac vice)
 rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750

Stephen M. Tillery (pro hac vice)
 stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
 sberezney@koreintillery.com
Carol O'Keefe (pro hac vice)
 cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844

Joshua Irwin Schiller, CA Bar #330653
 jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street
41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800

Philip C. Korologos (pro hac vice)
 pkorologos@bsfllp.com
Joanna Wright (pro hac vice)
 jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300

*Attorneys for Plaintiffs Maria Schneider,*
*Uniglobe Entertainment, LLC, and AST Publishing Ltd.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants.<br><hr>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD,<br><br>Counterclaim Defendants. | Case No. 3:20-cv-04423-JD<br><br>**RESPONSE TO DEFENDANTS' JANUARY 17, 2023 ADMINISTRATIVE SEALING MOTION** |

1  Plaintiffs respectfully submit this Response to Defendants' January 17, 2023,
2  Administrative Sealing Motion [ECF No. 233].

3  On January 9, 2023, Plaintiffs submitted a Proffer of Evidence (the "Proffer") [ECF
4  No. 226] pursuant to the Court's order of December 21, 2022 [ECF No. 219] and in opposition to
5  Defendants' request to file a second motion for summary judgment on DMCA issues.  Plaintiffs
6  also filed a letter on January 11, 2023, supplementing their Proffer (the "January 11 Letter") [ECF
7  No. 229] with additional evidence concerning certain YouTube content volume statistics that were
8  first produced by Defendants the day after Plaintiffs filed the Proffer.  Pursuant to the Stipulated
9  Protective Order [ECF No. 45] and in light of Defendants substantial confidentiality designations,
10 Plaintiffs filed heavily redacted versions provisionally under seal of the Proffer, the January 11
11 Letter, and 23 of the exhibits accompanying the Proffer.  Plaintiffs respectfully request that the
12 Court deny Defendants' requests to keep portions of the exhibits under seal and to remove
13 portions of the exhibits altogether to the extent that the individual requests fail to establish the
14 "particularized showing of good cause [] required to seal documents related to non-dispositive
15 motions." *DZ Reserve. v. Facebook*, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021) (Donato, J.)

16 Defendants contend that "[m]uch of this sealing process could have been avoided" and that
17 Plaintiffs have made the "sealing process more complicated and burdensome for Defendants and
18 the Court" by filing "irrelevant" material.  [ECF No. 233 at 1.]  Plaintiffs have not filed
19 "irrelevant" material but instead limited their exhibits to evidence and background appropriate to
20 understand the descriptions of evidence contained in the Proffer.  Indeed, during the meet and
21 confer process over the scope of such evidence, Defendants made proposals that would have
22 eliminated the Court's (and the public's) ability to view that evidence in its natural context.  And,
23 Defendants' claims ignore that the complexities of the sealing process are a direct result of their
24 own pattern of over-designating documents as "Confidential" or "Highly Confidential –
25 Attorneys' Eyes Only."  The fact that Defendants now seek to seal only small portions of their
26 "Confidential" or "Highly Confidential" designated documents demonstrates that they failed to
27 undertake an appropriate designation process to determine whether the documents contained truly
28 sensitive information.  As noted, Defendants then sought to take substantive advantage of their

1  over-designation, trying to press Plaintiffs to reduce some of their exhibits to only single,
2  uncontextualized pages of documents plainly relevant to Plaintiffs' Proffer.  This case involves
3  numerous complex issues that require a considered understanding of how YouTube functions.
4  Excerpting only small segments of documents would strip important context that assists in
5  understanding the key issues in this case.  The Court (and where not justifiably confidential, the
6  public) should have the benefit of reviewing the documents as they were produced.

7        Defendants further assert that Plaintiffs' exhibits are "irrelevant" as they relate to "issues
8  beyond the limited ones on which the Court invited a submission." *Id.*  Defendants appear to
9  suggest that the Court should not consider the "Conditions for Eligibility" required under DMCA
10 Section 512(i) that make Defendants' ineligible for DMCA safe harbors in the first place—*i.e.*,
11 adopting/implementing a reasonable repeat infringer policy and accommodating standard technical
12 measures. *See* 17 U.S.C. 512(i).  As much as Defendants may wish to delay the question of
13 whether they are eligible for the protections of the DMCA's safe harbor provisions, these are
14 threshold questions that must be addressed before the eligibility conditions under § 512(c) are
15 even considered.  (*See* Proffer at 2-7.)  Plaintiffs' Proffer and the attached exhibits demonstrate
16 that there are significant disputed issues of fact as to the threshold eligibility conditions under
17 Section 512(i) that would preclude an award of summary judgment in favor of Defendants.

18       Addressing the substantive position of Defendants' Administrative Sealing Motion,
19 Plaintiffs oppose two categories of Defendants' requests to seal.  First, Plaintiffs oppose
20 Defendants request to seal the portions of documents related to watch time metrics and the sources
21 of watch time on YouTube.  Second, Plaintiffs oppose Defendants' request to seal portions of
22 documents and of the Proffer that relate to loopholes in Defendants' repeat infringer policy.
23 Defendants have failed to establish the "particularized showing of good cause" required to
24 continue sealing this information.  *DZ Reserve*, 2021 WL 75734, at *1.  Plaintiffs opposed similar
25 requests made by Defendants in the Joint Submission Regarding Defendants' Sealing Requests
26 filed on December 8, 2022.  [ECF No. 208.]

27       Plaintiffs oppose the sealing requests listed in the table below.
28

| Portion of Sealing Request Opposed | Description |
|---|---|
| **Exhibit 5 to the Hartman Declaration, originally filed at ECF Nos. 226-11 & 225-13: Expert Report of Joseph M. Winograd, Ph.D., dated September 1, 2022** <br><br> Ex. 10 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 10 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages 3, 53, 57 | Descriptions and statistics about the drivers of YouTube watch time. |
| **Exhibit 8 to the Hartman Declaration, originally filed at ECF Nos. 226-18 & 225-17: Internal YouTube presentation entitled "Watch Next Overview," bearing production number GOOG-SCHNDR-00040865.** <br><br> Ex. 17 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 17 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages -873, -882 | Percentage of YouTube watch time attributable to certain YouTube functions (-873); and impact of certain YouTube functions on YouTube watch time (-882). |
| **Exhibit 9 to the Hartman Declaration, originally filed at ECF Nos. 226-20 & 225-18: Internal YouTube presentation entitled "Watch Next Eng Review," bearing production number GOOG-SCHNDR-00052174** <br><br> Ex. 19 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 19 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |
| Portions of pages -185 to -187 | Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years (-185 to -187) |
| **Exhibit 15 to the Hartman Declaration, originally filed at ECF Nos. 226-27 & 225-24: Internal YouTube presentation entitled "Autoplay DeepDive," bearing production number GOOG-SCHNDR-00040723** <br><br> Ex. 26 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 26 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed | |

| Portions of pages -725 | Percentage of YouTube watch time attributable to various YouTube functions (-725) |
|---|---|
| **Exhibit 19 to the Hartman Declaration, originally filed at ECF Nos. 226 and 225-2: Plaintiff's January 9, 2023 Proffer of Evidence Concerning DMCA Factual Disputes** ||
| Portion of page 9:7 | The impact of Autoplay on YouTube watch time |
| **Exhibit 1 to the Hartman Declaration, originally filed at ECF Nos. 226-9 & 225-11: Excerpts of the June 21, 2022 30(b)(6) deposition of Kevin Zhu** <br><br> Ex. 8 to the Declaration of Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 8 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed ||
| Portions of pages 52-53 | Elements of YouTube's repeat infringer policy |
| **Exhibit 6 to the Hartman Declaration, originally filed at ECF Nos. 226-13 & 225-15: Excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4, dated June 17, 2022** <br><br> Ex. 12 to the Declaration of Joanna Wright in Support of Plaintiffs' Proffer of Evidence <br> & <br> Ex. 12 to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed ||
| 6:20-24 | Elements of YouTube's repeat infringer policy |
| **Exhibit 19 to the Hartman Declaration, originally filed at ECF Nos. 226 & 225-2: Plaintiff's January 9, 2023 Proffer of Evidence Concerning DMCA Factual Disputes** ||
| Portions of 5:17-21 | Elements of YouTube's repeat infringer policy |

Defendants have requested to seal innocuous metrics regarding watch time on YouTube and how specific YouTube functions (*e.g.*, Autoplay) affect watch time. Defendants justify these sealing requests with conclusory statements including, "Public disclosure of the information above would cause competitive harm to YouTube by allowing its competitors to gain insight into YouTube's operational details and use information gathered through YouTube's research and development to improve their own services." [ECF No. 233-1 at 5, 7.] Imprecise statements such as this are not enough to establish the particularized good cause necessary to seal presumptively public records. *See DZ Reserve*, 2021 WL 75734 at *1 (denying defendant's sealing requests

1  where "Facebook merely insists that unspecified competitors might 'gain an unfair advantage
2  against Facebook by exploiting details' about Facebook products.'")  The metrics in question
3  provide no insight into *how* Autoplay functions.  Indeed, Defendants have sought to seal technical
4  descriptions about the YouTube platform (including the algorithms that drive the selection of
5  videos automatically played by Autoplay) and Plaintiffs do not seek to make that proprietary
6  information public; however, there is no justifiable reason to keep these simple metrics under seal
7  where there is no serious risk of industry players exploiting this information for competitive gain.
8  Further, Defendants' sealing requests are not even consistent. For example, on page -882 of
9  Exhibit 8 to the Hartman Declaration, Defendants request to seal certain metrics related to the
10 change in watch time on the YouTube platform.  Yet on page -873, Defendants have not requested
11 to seal a similar metric, demonstrating that the sealing requests are essentially arbitrary.

12       Defendants have also failed to meet their burden to demonstrate with particularity why the
13 identification of loopholes that remain in their (inadequate) repeat infringer policy should remain
14 under seal.  Defendants claim this information could be used by "bad actors" "to circumvent
15 termination of multiple accounts under YouTube's repeat infringer policy."  [ECF 233-2 at 7.]
16 Defendants made the same unsatisfactory argument in the joint submission of December 8.  Their
17 purported justification should be interpreted as an admission that Defendants' repeat infringer
18 policy has an easily exploitable loophole.  As Plaintiffs stated in the December 8 submission,
19 "YouTube's request to seal is also a self-serving attempt to protect its inadequate repeat infringer
20 policy.  YouTube fears that users previously unaware of the loophole identified in Mr. Zhu's
21 testimony may now take advantage of it if made public. Such a loophole, however, further reveals
22 that Defendants' repeat infringer policy is insufficient and not in compliance with the
23 requirements of the DMCA."  *See* ECF No. 208 at 6.  "Public access maintains confidence in the
24 fair and impartial administration of justice, and protects the integrity and independence of the
25 courts.  This is why the business of the federal judiciary is done in open court." *CZ Servs. v.*
26 *Express Scripts Holding*, 2020 WL 4519006 at *1 (N.D. Cal. Aug. 5, 2020) (Donato, J.).

27       For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants'
28 requests to seal as they relate to the portions of the documents listed in the above table.

Dated: January 23, 2023

Respectfully submitted,

/s/   *Philip Korologos*
Philip C. Korologos (pro hac vice)
Joanna Wright (pro hac vice)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

George A. Zelcs (pro hac vice)
Randall P. Ewing, Jr. (pro hac vice)
Ryan Z. Cortazar (pro hac vice)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (pro hac vice)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (pro hac vice)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs*