

Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 866.974.7329

February 1, 2023

**Via CM/ECF**

The Honorable James Donato
United States District Court, N.D. Cal.

    Re:    *Schneider, et al. v. YouTube, LLC, et al.,* Case No. 3:20-cv-04423-JD
             Response to Plaintiffs' Proffer of Evidence (Dkt. No. 226)

Your Honor:

      Defendants ("YouTube") respectfully submit this response to Plaintiffs' proffer of evidence (Dkt. 226) pursuant to this Court's Order (Dkt. 236), and in further support of their letter requesting leave to file a summary judgment motion based on the Digital Millennium Copyright Act ("DMCA") (Dkt. 218).

      Congress designed the DMCA's safe harbor to enable Internet intermediaries to avoid litigation entanglements over alleged infringements by their third-party users. Granting YouTube leave to file a summary judgment motion in this case based on the DMCA would best further Congress' purpose. YouTube appreciates the burden on the Court attendant to summary judgment motions, but seeks to file this one because it will ultimately conserve the Court's resources (and its own) by obviating the need for a trial, or dramatically narrowing the issues to be tried.

      Plaintiffs do not have legitimate grounds for opposing leave. They recognize that YouTube detailed its plans to file two summary judgment motions in the governing case management statement filed in January 2021. Dkt. 54 at 6. Plaintiffs did not oppose then. Nor did they say anything when YouTube, as described, filed a motion against Plaintiff Maria Schneider based on the individual license issues and time-bars specific to her case. That motion substantially narrowed her claims. *See* Dkt. 222.

      Now, instead of arguing about leave, Plaintiffs responded to YouTube's request by diving into the merits of a motion YouTube has yet to file. They offered a hodgepodge of legal arguments about why ***undisputed*** facts should deprive YouTube of the DMCA safe harbor. But they pointed to no ***disputed*** material facts regarding how YouTube operates, how it handles claims of copyright infringement and terminates users for repeat infringement, or how its Content ID system functions. Tellingly, on the three specific questions as to which the Court invited a proffer from Plaintiffs (Dkt. 219)—(1) whether YouTube removed Plaintiffs' specific alleged infringements "expeditiously"; (2) whether YouTube had actual or "red flag" knowledge of those specific alleged infringements before they were removed; or (3) whether YouTube received a "direct financial benefit" from an alleged infringement that it had the "right and ability to control"—Plaintiffs identified no triable issues of fact. Instead, they argued over the legal conclusions to be drawn from the undisputed factual record.

WILSON SONSINI

To be sure, Plaintiffs are badly mistaken about the law on these three issues, as well as the extraneous others to which Plaintiffs devoted the bulk of their submission. Among their principal flaws, Plaintiffs' arguments flatly contradict the DMCA's express prohibition on any requirement that a service provider affirmatively monitor its service for possible copyright infringement by its users. *See* 17 U.S.C. § 512(m); *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1023-24 (9th Cir. 2013) (§ 512(m) forecloses argument that defendant "should have taken the initiative to use search and indexing tools to locate and remove from its website any other content by the artists identified in the [DMCA] notices"); *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 41 (2d Cir. 2012) (§ 512(m) "expressly disclaims any affirmative monitoring requirement").

But for purposes of YouTube's pending request for leave, Plaintiffs' proffer underscores that the parties' disputes are *legal* ones, properly resolved by the Court on summary judgment, not left for a jury at trial.[1] That is no surprise. In virtually every case involving the DMCA—including the controlling cases in the Ninth Circuit and prior cases involving YouTube—courts have resolved its applicability through summary judgment proceedings. *See, e.g., Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 620 (9th Cir. 2018); *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1036 (9th Cir. 2013); *Kinsley v. Udemy, Inc.*, 2022 WL 10966073, at *1 (9th Cir. Oct. 19, 2022); *Davis v. Pinterest*, 2022 WL 1316566, at *17 (N.D. Cal. May 3, 2022); *Sid Avery & Assocs., Inc. v. Pixels.com, LLC*, 2021 WL 736258, at *4 (C.D. Cal. Feb. 24, 2021); *Viacom Int'l Inc. v. YouTube, Inc.*, 940 F. Supp. 2d 110, 123 (S.D.N.Y. 2013) ("*Viacom III*"). This Court should do the same.

YouTube is compelled, however, to highlight an important timing issue. Summary judgment on a cross-cutting merits question like the DMCA safe harbor requires the resolution of class certification first. Otherwise, the case will be ripe for "unfair 'one-way intervention,' where the members of a class not yet certified can wait for the court's ruling on summary judgment and

---

[1] By way of example only, Plaintiffs say virtually nothing about the first question on which the Court invited evidence—whether YouTube expeditiously removed the specific allegedly infringing videos at issue in response to a takedown notice. It is undisputed that (1) Plaintiffs never sent a takedown notice for most of the allegedly infringing videos; and (2) even where Plaintiffs did send takedown notices, YouTube expeditiously removed identified videos, in most cases within 24 hours. Plaintiffs ask the Court to conclude that YouTube's removal was not "expeditious" because YouTube did not "use[] Content ID" to remove all videos that are similar to ones previously identified in a takedown notice. *See* Dkt. 226 at 10. But that factual proposition is not in dispute either—YouTube agrees that Content ID did not operate in such a manner. Plaintiffs raise a *legal* question, not a *factual* one—about whether YouTube's removal obligation extends beyond the alleged infringements specifically identified in a given notice. And on that legal question, Plaintiffs are wrong: under clear Ninth Circuit law, the obligation to expeditiously remove material based on DMCA notices is limited to the content specifically identified in such notices—not to similar items that could supposedly be found by searching the service. *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1023-24 (9th Cir. 2013) (relying on §512(m)); *accord Viacom Int'l Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514, 528 (S.D.N.Y. 2010) ("*Viacom I*") (rejecting similar argument because it would "eviscerate the required specificity of notice" and "would put the provider to the factual search forbidden by § 512(m)").

WILSON SONSINI

either opt in to a favorable ruling or [opt-out to] avoid being bound by an unfavorable one.'" *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1095 (N.D. Cal. 2019) (citation omitted). To avoid this "heads I win; tails you lose" approach, the Court should first resolve class certification and thereby determine who, if anyone beyond the named Plaintiffs, is bound by the DMCA's application in this case. *See Lavigne v. First Cmty. Bancshares, Inc.*, 2020 WL 1862971, at *1 (D.N.M. Jan. 29, 2020) (directing that the parties "refile the [summary judgment] motions after class notice has been issued and the class members have had the chance to opt out"); *Edwards v. First Am. Corp.*, 2013 WL 12213848, at *3 (C.D. Cal. Apr. 9, 2013) (holding that ruling on defendant's motion during class certification appeal "could violate the one-way intervention rule"); *Jermyn v. Best Buy Stores, L.P.*, 2011 WL 280798, at *1 (S.D.N.Y. Jan. 18, 2011) (court "will not decide any [summary judgment] motion until after the class has been notified and the opt out period has expired"); *Sidibe v. Sutter Health*, 2021 WL 879875, at *4 (N.D. Cal. Mar. 9, 2021) (deferring ruling on summary judgment "until the opt-out period ended to prevent 'one-way intervention;'" "district courts should 'not grant summary judgment on the merits of a class action until the class has been properly certified and notified.'") (quoting *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995)).

In sum, the Plaintiffs' Proffer serves to highlight the ***legal*** disputes between the parties regarding interpretation of the DMCA. But it does not identify disputed issues of material fact that would rescue Plaintiffs' individual claims from application of the safe harbor in a summary judgment proceeding. Consistent with the purpose of the DMCA and a long line of precedent, YouTube should be granted leave to show why the undisputed facts entitle it to summary judgment. YouTube is prepared to file its motion by the current Scheduling Order deadline of March 3, 2023, or on whatever alternative schedule the Court deems appropriate.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ *David H. Kramer*

David H. Kramer
*Attorneys for Defendants*