# EXHIBIT 39

# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

LAUREN GALLO WHITE
Internet: LWHITE@wsgr.com

May 7, 2021

**Via Electronic Mail**

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001

Re:   *Schneider et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423-JD

Dear Demetri:

We write in response to your letter of April 16, 2021 concerning Defendants' Responses and Objections to Plaintiffs' First Set of Requests for Production ("RFPs" or "requests"), which purports to respond to the letter we sent on March 3, 2021. We take issue with your letter on various grounds, but have nevertheless endeavored to identify compromises where possible.

As a threshold matter, your letter takes the position that Defendants were obligated to follow through on compromises that we proposed in our March 3 letter, without first having received any indication from Plaintiff that she would accept any of Defendants' proposals—or indeed any response at all for more than six weeks. Equally problematic, your letter takes the position that Defendants should produce documents consistent with their proposed compromises, but then remain on the hook to produce more at Plaintiff's command. That is not the way compromises work. Either Plaintiff accepts a compromise or she does not, but she cannot serve wildly overbroad and burdensome requests, press Defendants to propose compromises and produce documents consistent with those compromises, and then simply demand more. To the extent Plaintiff is accepting a proposal that Defendants have offered to limit a particular request, please state that plainly, and Defendants will take appropriate action.

As noted in my email of April 20, we also take issue with your demand that we respond to the numerous issues you set out in your eight-page letter, concerning many **dozens** of document requests, within four or fewer business days (*see* Letter at 1, 9 (demanding Defendants respond to April 16 letter by April 22); Letter at 3 (demanding response "by Monday, April 19")). Defendants will carefully consider any reasonable proposals that Plaintiff wishes to offer. But setting an unreasonable response deadline, and then indicating that any failure to respond by Plaintiff's unreasonable deadline will be construed either as a "refus[al]" of a proposal or as the parties having reached an impasse, casts doubt on Plaintiff's actual interest in any compromise. Indeed, Plaintiff's decision to proceed to file a motion to compel the production of documents covered by RFP Nos. 54 and 55 on April 22—the same date by which

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
May 7, 2021
Page 2

she demanded Defendants' response—only underscores that Plaintiff was interested in running to court and had no real interest in meeting and conferring or attempting to reach a compromise.

We have conferred with our client regarding the issues raised in your April 16 letter and continue to do so. Defendants have also continued to make rolling productions of documents, as they have done on a regular basis since December. In an effort to move our discussion forward, we respond to the specific requests set out in your letter as follows:

**Date Range for RFP Nos. 2-5, 8-11:** We appreciate Plaintiff's proposal to define a specific timeframe for these requests. Defendants cannot agree to the dates set out in your April 16 letter, as end-dates in the distant future will inflict unnecessary burden requiring the parties to re-run searches multiple times or, alternatively, encourage the parties to refrain from searching until that distant end-date in order to minimize this burden. Having previously proposed October 28, 2020 as the end-date for these requests, Defendants can offer to extend this timeframe by an additional six and a half months, to May 14, 2021, which is the deadline Defendants proposed for motions to amend the pleadings, and which is more than ten months after Plaintiff filed the Complaint. Please let us know if Plaintiff will agree to this proposal.

**RFP Nos. 2-4, 8-10**: We have reviewed the search terms you proposed in Appendix A to your April 16 letter, concerning RFP Nos. 2-3 and 8-9, and we believe the parties can find a middle ground. As a counter-proposal, Defendants can offer to produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that concern YouTube and contain the search terms identified in Appendix 1 (attached), insofar as those documents are reasonably related to Plaintiff or the claims at issue in this case. The search terms identified in Appendix 1 hew very closely to the terms Plaintiff proposed and have been modified only modestly to avoid unnecessary collection of documents without any connection to Plaintiff, the claims articulated in the Complaint, or Defendants' counterclaims (for example, by proposing omission of the search term "Vakvaganyok"). Please let us know if Plaintiff will agree to this proposal.

**RFP Nos. 5, 7, 11, 13**: In response to various requests, including RFP Nos. 5 and 11, Defendants have offered to produce two categories of takedown notices—first, takedown notices submitted through Schneider or Pirate Monitor's YouTube accounts alleging infringement of any works identified as works in suit and, second, takedown notices submitted by others directed against Schneider or Pirate Monitor's YouTube accounts. In our March 3 letter, we agreed to expand the timeframe for our production of the first category—takedown notices submitted through Schneider or Pirate Monitor's YouTube accounts alleging infringement of any works identified as works in suit—to include the period prior to January 1, 2015.

For the sake of clarity, we also offered to produce: reasonably accessible documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
May 7, 2021
Page 3

show (i) the outcome of (i.e., YouTube's ultimate determination regarding) takedown notices submitted through Schneider or Pirate Monitor's YouTube accounts alleging infringement of any works identified as works in suit and takedown notices submitted by others directed against Schneider or Pirate Monitor's YouTube account and (ii) communications concerning those takedown notices. In response to RFP Nos. 7 and 13, Defendants also offered to produce documents sufficient to show counter-notices, if any, that YouTube received in response to those takedown notices submitted through Schneider's YouTube account and directed against her YouTube account, but only for works that are properly alleged in the Complaint and for which Schneider has identified at least one alleged infringement.

We have explained numerous times that Plaintiff must properly identify any works in suit in the Complaint. We believe any further discussion of this issue would be most productive after the Court rules on Defendants' Motion to Set a Case Schedule (Dkt. No. 72) and Plaintiff's first motion to compel (Dkt. No. 70).

**RFP Nos. 6, 12**: We disagree with your characterization of the parties' prior correspondence, but we do not think it productive to engage in a further point-by-point response. You asked Defendants to "provide a date certain by which Defendants will produce copies of the videos identified by URL in the Schneider 3/8 Amended Rog Responses." We can confirm that Defendants' fourth and eighth document productions (of February 19 and April 23, 2021 respectively) include copies of the videos in Defendants' possession, custody, or control that Schneider identified as infringing in her interrogatory responses, including her amended interrogatory responses, and that relate to works that were properly alleged in the Complaint.

**RFP Nos. 29-34**: In our March 3 letter, we addressed the questions you previously posed concerning YouTube's implementation of its policy of retaining copies of all posted videos, except those deleted by users. *See* Letter Dated Dec. 22, 2020 (seeking response regarding "what happened to any deleted videos that were retained prior to the institution of this policy"). If you have a specific question about our response that "[d]eleted videos that had been retained prior to the institution of the policy are no longer being retained," please share it with us. We believe that further discussion of these requests (like RFP Nos. 35-36 below) should otherwise be deferred. Since you have already filed a motion demanding production of takedown notices and documents concerning the same, you have effectively ended the meet-and-confer process over RFP Nos. 29-34, which seek videos and numerous categories of data relating to those millions of takedown notices and are also wildly overbroad. Unless you are willing to withdraw that pending motion so that the parties may continue to try to negotiate a compromise, we believe that further discussion concerning these requests would be most productive once Judge Donato has ruled on Plaintiff's pending motion.

**RFP Nos. 17-19**: Your suggestion that the burden of producing "10,000 Content ID applications and YouTube's determinations on those applications, including the reasons for each determination, . . . randomly selected and evenly distributed across the entire period sought by

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
May 7, 2021
Page 4

the Request (January 1, 2015 to the present)" would be "minimal" is incorrect. This proposal—to collect and produce a vast quantity of data, which would encompass the personal information of many thousands of third-party YouTube users—remains overbroad and unduly burdensome. In response to RFP Nos. 17-19, Defendants propose instead to produce documents sufficient to show 250 Content ID applications that YouTube received during a random month of Plaintiff's choosing within the three-year statute-of-limitations period, as well as documents sufficient to show YouTube's determinations on those applications, including the reasons for each determination, insofar as that information is stored in a consolidated place. While we cannot agree that Defendants "will not seek to introduce into evidence or otherwise rely on any Content ID applications not contained in ***the sample***," we can agree that Defendants will not rely on any Content ID applications that they have not produced in discovery and we can further confirm that Defendants will not withhold or delay in producing any Content ID applications that they intend to rely on, if any such applications exist. We also reiterate our alternative offer in response to RFP No. 19 (which Plaintiff has twice ignored) that the parties stipulate to numerosity based on the putative class definition in the Complaint. Please let us know if Plaintiff will agree to either of these proposed compromises. If you accept the former, please specify the month from which you will agree to receive a sample of applications.

**RFP No. 22**: Defendants have already agreed to produce documents sufficient to show YouTube's policies and procedures regarding access to the Content ID tool, and documents sufficient to show "procedures, criteria, manuals, logic Documents, terms of service, guidelines, or policy Documents Concerning the Content ID System." To the extent you are now seeking documents sufficient to show changes and proposed changes to any document falling within the numerous categories of documents Defendants have already agreed to produce in response to this request, as well as all communications regarding any such "changes and proposed changes," that demand is overbroad and unduly burdensome.

**RFP 23**: We have repeatedly responded to the proposal set out in your December 22 letter and explained that Defendants have already agreed to produce documents that RFP No. 23 (as clarified) appears to seek. With respect to your specific request for "documents concerning the cost to Defendants of developing and administering the Content ID System," Defendants have already produced GOOG-SCHNDR-00021221 - GOOG-SCHNDR-00021284, and we are conferring with our client regarding whether there are additional responsive documents. As to "contracts that govern the relationship between Defendants and Content ID participants," Defendants have already produced documents responsive to this request, including in Defendants' sixth production of March 19 (*see, e.g.*, GOOG-SCHNDR-000019314 - GOOG-SCHNDR-000019323, GOOG-SCHNDR-000019327 - GOOG-SCHNDR-000019332).

**RFP No. 24**: Defendants will not agree to produce "one month of documents from Defendants' customer case-management systems." This would be a monumental undertaking, requiring notice to tens of thousands of users who sent help requests to YouTube for any number of issues totally unrelated to Plaintiff or her claims. To the extent you seek this

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
May 7, 2021
Page 5

indiscriminate swath of materials in order to "learn what documents and information this system contains," as your April 16 letter indicates, that is not the proper subject of a document request. If Plaintiff seeks such information, then she can do so through an interrogatory.

**RFP No. 26**: We have already produced template communications that represent all documents that are reasonably accessible and can be located through an inquiry proportionate to the needs of the case. We will not undertake a further hunt for "all" unspecified custom communications that do not exist in a centralized location and that bear no relation to Plaintiff or her claims. We are disappointed that you have seemingly abandoned the parties' efforts to reach a compromise on this request. Should Plaintiff reconsider, then Defendants' prior offer remains on the table.

**RFP Nos. 35-36**: Contrary to your suggestion, Defendants have never offered "to run Content ID on the works that were the subject of Unsuccessful Takedown Notices." Indeed, we maintain our objections that both "Unsuccessful Takedown Notice" and "Unsuccessful Takedown Notice Video" are problematically vague and ambiguous. Moreover, as with RFP Nos. 29-34, since you have already filed a motion demanding production of takedown notices and documents concerning the same, you have effectively ended the meet-and-confer process over these requests as well. Unless you are willing to withdraw that pending motion so that the parties may continue to try to negotiate a compromise, we believe that further discussion concerning RFP Nos. 35-36 would be most productive once Judge Donato has ruled on Plaintiff's pending motion.

**RFP No. 37**: Your letter misstates our position. For the sake of clarity, we reiterate that, if Plaintiff will agree to limit this request (or even a single subcategory of this request) to documents sufficient to show policies and procedures applicable to the Copyright Match Tool (and changes and proposed changes to those policies and procedures), then we will consider that proposal.

**RFP No. 39**: Your letter incorrectly states that Defendants have not produced any documents responsive to this request. We direct you to GOOG-SCHNDR-00001466 and GOOG-SCHNDR-00000866 - GOOG-SCHNDR-00000915.

**RFP Nos. 54-55**: Because these requests are the subjects of a pending discovery motion, we believe that any further discussion concerning these requests should be deferred.

**RFP No. 57**: Defendants still do not understand the relevance of "testimony before E.U. regulators or legislative bodies other than the European Council," which remains problematically vague and ambiguous. Your objection that the use of "if any" renders the compromise we previously proposed "illusory" or "an attempt to evade . . . discovery obligations" is perplexing, particularly in light of Plaintiff's own discovery responses. *See, e.g.*, Schneider's Objections and Responses to YouTube and Google's First Set of Document

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
May 7, 2021
Page 6

Requests, No. 47. Defendants have offered to look for such documents and will produce them if they can be located through a reasonable search proportionate to the needs of this case. Please let us know if you will or will not accept this compromise.

**RFP No. 59**: In response to this request, Defendants proposed producing a report sufficient to show, for each of Defendants' document custodians, the custodian's role and title, as well as their place in Defendants' organizational structure. As to the custodian's "place in Defendants' organizational structure," the proposed report would include the name of that individual's manager.

**RFP No. 65**: Your January 6 letter's demand that Defendants produce, "[a]mong other things, . . . any criteria or policies that Defendants have regarding Defendants' participation in copyright infringement matters or proceedings involving your Users" cannot reasonably be construed as a proposal to narrow this request. We remain willing to consider a meaningful compromise that addresses our objections, if Plaintiff would like to propose one.

**RFP No. 66**: Your objection to Defendants' use of "if any" again strikes us as an effort to gin up a dispute where there is none. If documents within the parameters we have defined exist, Defendants are offering to produce them.

**RFP Nos. 14, 20-21, 25, 42-47, 49, 51, 53, 58, 60-62, 64, 67-68**: From your letter, we gather that Plaintiff does not seek further compromises regarding these requests, though we remain open to considering any she might propose. To the extent Defendants agreed to produce documents in response to certain of these requests, they will do so as those documents are located and processed.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s Lauren Gallo White

Lauren Gallo White

**Appendix 1**
**Defendants' Search Term Counter-Proposals**

Request No. 2 Search Term Proposal
- a) Maria Schneider
    - a. Maria w/2 Schneider
    - b. (Maria OR Schneider) AND (ArtistShare OR "Artist Share")
    - c. Schneider AND ("Content ID" OR ContentID)
    - d. Schneider AND licens*
    - e. Schneider w/2 Orchestra
    - f. MariaSchneider*
    - g. SchneiderMaria
- b) Works in Suit:
    - a. Exact Phrase Searches:
        - i. "Green piece"
        - ii. "Journey home"
    - b. (Schneider) AND:
        - i. "Hang gliding"

Request No. 3 Search Term Proposal
- a) Dan w/2 Coleman
- b) "Modern Works"
- c) Modernworks*
- d) Dancoleman
- e) "Side Music"
- f) Mark w/2 Righter
- g) Marie w/2 "Le Claire"
- h) Ryan w/2 Truesdell
- i) Zach* w/2 Bornheimer

Request Nos. 8 and 9 Search Term Proposals
- a) Pirate Monitor:
    - a. Pirate w/2 Monitor
    - b. Gabor w/2 Csupo
    - c. (Gabor OR Csupo) AND (PM OR Pirate)
    - d. Csupo AND ("Content ID" OR ContentID)
    - e. Csupo AND licens*
    - f. Piratemonitor*
    - g. Usintellectualpropertyllc*
    - h. "Intellectual Property LLC"
    - i. "IPLLC"
    - j. "IP LLC"
    - k. Ransom AND Nova

   l. Ransomnova*
   m. Ransom* AND (Massive w/2 Films)
   n. Ransom* AND (Movie w/2 Mania)
   o. Ransom* AND (Movie w/2 Fun)
   p. Ransom* AND (Movie w/2 Festival)
   q. Ransom* AND (Entertainment w/2 Movie w/2 Channel)
   r. Ransom* AND (Ultimate w/2 Entertainment)
   s. ("Ransom Nova" or ransomnova*) AND Avengers
   t. ("Ransom Nova" or ransomnova*) AND Fantastic
   u. ("Ransom Nova" or ransomnova*) AND (Amazing w/2 Channel)
   v. ("Ransom Nova" or ransomnova*) AND (Avenger w/2 film)
   w. Sarfraz AND Khan
b) Works in Suit:
   a. Zimmer w/3 Feri
   b. Csak w/5 szex w/5 semi