# EXHIBIT 42

**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

ELI B. RICHLIN
Internet: ERICHLIN@wsgr.com

August 20, 2021

**Via Electronic Mail**

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001

      Re:    *Schneider et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423-JD

Dear Demetri:

      We write in response to your July 2, 2021 letter (the "July 2 Letter") regarding Plaintiff's First Set of Requests for Production of Documents (the "First RFPs"). As a threshold matter, we note our serious concerns about the disproportionate discovery Plaintiff demands. Between the First RFPs and Plaintiff's Second Set of Requests for the Production of Documents (the "Second RFPs" and, together, "the RFPs"), and including subcategories, Ms. Schneider has made approximately *480 requests for production*. The notion that this quantum of discovery is in any way proportionate to Plaintiff's actual claims of infringement is without merit. Plaintiff asserts claims on a handful of musical compositions with limited commercial value that were **licensed** to YouTube in multiple ways. Her claim, even if somehow successful, does not justify the massive discovery burdens she has already imposed. Nor does labeling this case as a putative class action provide the requisite justification, especially given your failure to file a motion for class certification on the date to which you previously agreed, your refusal to provide a timetable for doing so, and precedent firmly rejecting class treatment in this context. Absent a certified class, and perhaps even with one, the work required to investigate and address each of Plaintiff's hundreds of individual demands and sub-demands far exceeds any reasonable concept of proportionality.

      We appreciate that Plaintiff previously prioritized the requests she considered most important by filing its motions to compel, and the parties have fruitfully met and conferred toward compromises in those categories. Rather than continuing to pursue a shotgun approach of seeking massive, broad discovery in hundreds of categories, Plaintiff should further identify the targeted discovery she needs for the issues that are likely to be dispositive to her case, so that the parties can focus their meet and confer efforts on those requests in an effort to reach reasonable compromises.

      With respect to the purported concerns you express in the July 2 letter, it appears that Plaintiff is seeking to manufacture further disputes for the Court by imposing arbitrary

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
August 20, 2021
Page 2

deadlines after long periods of delay (for example, by waiting eight weeks to respond to our previous correspondence, then writing to us on the Friday before a holiday weekend and demanding a response within four business days). We have diligently engaged in the discovery process in good faith, continued to seek answers to Plaintiff's questions, and participated in over a hundred hours of meet and confers. Your suggestions to the contrary are disturbingly false.

Despite all this, we have conferred with our client regarding the issues raised in your July 2 letter and continue to do so. We respond to the specific requests set out in your letter as follows:

**Date Range for RFP Nos. 2-5, 8-11:** Defendants agree to July 15, 2021 as the end-date for RFP Nos. 2-5 and 8-11. Your inference regarding search terms is incorrect. We have already begun running these search terms and collecting and reviewing documents for these requests, and will be producing non-privileged, responsive documents per the parties' agreement.

**RFP Nos. 2-4, 8-10:** Only those works identified in the Complaint are currently at issue in this lawsuit. If or when an amended complaint is filed, Defendants will consider expanding search terms to encompass additional works. Running those searches now, before the Court has passed on whether and/or how the Complaint may be amended, will unnecessarily increase burden on Defendants. Likewise, we will not engage in any preparative discovery regarding the proposed new parties whom Plaintiff kept secret for many months. Should the Court rule that new plaintiffs may be added, we will discuss the appropriate scope of plaintiff-specific discovery.

**RFP Nos. 5-7 and 11-13:** You misstate our position regarding these requests for production. In our May 7 letter, we described in detail the categories of takedown notices and related documents and communications that Defendants have offered to produce. Your July 2 letter fails to respond to these proposals, articulate any issues with them, or to provide any meaningful counterproposal to the offers that we have already made. If you think there are specific issues it would be productive to discuss, in advance of the court's ruling on our administrative motion and the pending motion for leave to amend, then you should articulate them. If you cannot articulate any such issues, then we will conclude that our proposal suffices to respond to these Requests.

With respect to our concerns about privacy, we have on numerous occasions articulated our concerns about the potential production of personally identifiable information, disclosure of which could violate YouTube's obligations under U.S. and international privacy laws. Once you have provided a counterproposal (if any), we look forward to continuing our dialogue and finding a way for Defendants to produce responsive documents, if any, while complying with their privacy obligations under federal and international law.

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
August 20, 2021
Page 3

**RFP Nos. 29-34:** Contrary to the suggestion contained in your letter, it is the ever-increasing nature of Plaintiff's demands that runs afoul of the Court's admonitions, let alone the Federal Rules. That said, we will endeavor to provide further information in response to the additional new "clarifying" questions regarding the information provided in our March 3 and May 7 letters on these topics.

**RFP No. 17:** While we dispute that Plaintiff is entitled to production of *all* Content ID applications, the determinations made regarding same, and the reasons for each determination, we appreciate your counter proposal to limit production to 1,000 documents randomly distributed over the period from July 2017 through July 2, 2021. Defendants propose instead to produce documents sufficient to show the eligibility criteria for Content ID and 300 Content ID applications that YouTube received during a three-month period within the statute of limitations period, to be determined jointly by the parties, as well as documents sufficient to show YouTube's determinations on those applications, including the reasons for each determination, insofar as that information is stored in a consolidated place. Defendants are willing to evaluate these documents to ensure that this set includes some manually reviewed applications. Please let us know if you accept this proposal.

**RFP Nos. 18-19:** In our July 15 letter, Defendants offered to produce reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of this case that are sufficient to show the schema of YouTube's DMCA complaint and Content ID claim databases, including names and descriptions of those fields, if any. We remain willing to produce these documents. We also note that Plaintiff has failed to respond to our proposal to stipulate to numerosity as to the class definition in the Complaint, which would moot Request No. 19. We see no basis for Plaintiff's refusal of such a stipulation, other than to impose unnecessary and excessive discovery burdens.

**RFP No. 22:** Defendants reiterate their willingness to produce documents sufficient to show YouTube's policies and procedures regarding access to the Content ID tool, and documents sufficient to show "procedures, criteria, manuals, logic Documents, terms of service, guidelines, or policy Documents Concerning the Content ID System." Indeed, we have already produced many such documents. Further expansion of the scope of this production through inclusion of communications regarding any "changes and proposed changes" to these policies is overbroad and unduly burdensome. Unless Plaintiff's position on this request has changed, the parties remain at an impasse.

**RFP No. 23:** With respect to Request 23(a), our client has confirmed that, to their knowledge, no such domestic regulation as described in our March 3 letter is contemplated at present. As you know, no such regulation has existed heretofore. Consequently, this request is for a null set, and Defendants have no responsive documents to produce. With respect to requests 23(b)-(d), as we stated in the May 15 letter, we have repeatedly explained that Defendants have already agreed to produce documents that RFP No. 23 (as clarified) appears to seek. Please clarify what additional documents, if any, you seek here beyond those Defendants have already agreed to produce in response to other requests. Additionally, we continue to object to Request 23(d)'s use of the term "copyrighted material," which is vague and ambiguous.

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
August 20, 2021
Page 4

To the extent that you are referring to content identified through Content ID claims and/or takedown notices, then Request 23(d) is duplicative. In response to Request 23(e), we are still in the process of determining what additional reasonably accessible and non-privileged documents may bear on Plaintiff's request, if any. With respect to your questions regarding Request 23(f), we fail to understand why production of every single agreement between YouTube and each and every Content ID participant is relevant to the litigation, let alone proportional to Ms. Schneider's claims. Defendants have already produced multiple versions of agreements with Content ID partners (*see* GOOG-SCHNDR-000019314-23 and GOOG-SCHNDR-000019327-32), which is reasonable and proportional. We are still in the process of identifying additional documents responsive to this request, if any.

**RFP No. 24:** In your April 16 letter, you wrote that the purpose of this RFP, which Defendants had previously repeatedly asked you to clarify, was to "learn what documents and information this system contains." Assuming your statement was accurate, then, as we clearly stated in our May 7 letter, that is not the proper subject of a document request. Plaintiff is welcome to seek clarification on this point through an interrogatory.

**RFP No. 26:** Pursuant to other, plaintiff-specific Requests, we have undertaken to search for documents that concern YouTube and contain search terms relating to Ms. Schneider and Pirate Monitor. Such search encompasses any custom or unique communications concerning Ms. Schneider or Pirate Monitor. Defendants therefore maintain that they have undertaken a reasonable search for any custom or unique communications concerning Ms. Schneider and Pirate Monitor. Defendants will of course comply with their obligation to produce any materials upon which they intend to rely. As previously stated, Defendants will not undertake discovery relating to any other individual, potential plaintiffs unless and until such parties actually become plaintiffs in this litigation.

**RFP Nos. 35, 36:** As a threshold matter, Defendants continue to object that both "Unsuccessful Takedown Notice" and "Unsuccessful Takedown Notice Video" are problematically vague and ambiguous. In our January 20 Letter, Defendants memorialized our offer to consider producing documents from a limited period if Plaintiff could clarify what was meant by these terms and significantly narrow the scope of what she was asking for in this document request. Plaintiff's response was instead to conjure up a supposed commitment for Defendants to run Content ID, with absolutely no relationship to anything Defendants had offered. We made abundantly clear in our May 7 Letter that Defendants never put this "proposal" on the table. As you know, the parties are already in the process of meeting and conferring about takedown and Content ID data, and we continue to be willing to work towards compromises on these issues.

**RFP No. 37:** You have agreed to our proposal to limit RFP Nos. 37(b) and 37(c). Defendants can agree to produce documents sufficient to show policies and procedures applicable to the Copyright Match Tool (and changes and proposed changes to those policies and procedures). To be clear, we do not agree to produce documents sufficient to show "the reasons for those changes" absent a greater explanation as to why those additional documents are relevant.

WILSON SONSINI

Demetri Blaisdell
BOIES SCHILLER FLEXNER LLP
August 20, 2021
Page 5

**RFP No. 39:** Defendants can confirm that their production in response to Request No. 39, subject to the parties' prior agreements and limitations, is substantially complete.

**RFP No. 49:** Please confirm whether you will agree to accept production of reasonably accessible non-privileged documents located through an inquiry proportionate to the needs of the case, if any, that are sufficient to show identifying information concerning users who uploaded videos that Plaintiffs identified as allegedly infringing in response to Interrogatory No. 2, including documents sufficient to show whether Defendants identified those users as repeat infringers. Defendants will consider producing the same if Plaintiff is willing to accept such production in satisfaction of this Request.

**RFP No. 53:** As you are aware, Defendants have already produced documents responsive to this request. Additionally, we note that the parties are actively meeting and conferring on topics that overlap these requests. As it appears to us that Defendants' prior productions and the ongoing discussions and agreements we have arrived at during the meet and confers suffice to provide you with the information this Request seeks, we will consider this Request satisfied absent your articulation of anything you believe remains outstanding.

**RFP No. 57:** Thank you for agreeing to this compromise. Defendants will produce, for the three-year period predating the filing of the Complaint, public statements by Defendants concerning copyright issues and YouTube's Content ID feature involving "testimony before E.U. regulators or legislative bodies other than the European Council," if any, assuming that they can be located through a reasonable search proportionate to the needs of this case. For purposes of clarity, we also note that Defendants have already produced public statements by Defendants concerning copyright issues and YouTube's Content ID feature, including GOOG-SCHNDR-00020995-21716.

**RFP No. 65:** As we stated in our July 15 letter, pursuant to our court-ordered meet-and-confers, Defendants have made the following offers concerning documents Plaintiff seeks concerning fair use in RFP Nos. 65, 66, and 67: (1) non-privileged reasonably accessible documents, if any, sufficient to show instances when YouTube has helped to defend a YouTube creator engaged in fair use against a copyright infringement claim, in connection with the YouTube initiative described at: https://support.google.com/youtube/answer/9783148?hl=en; non-privileged, reasonably accessible documents, if any, sufficient to show YouTube's criteria for evaluation of candidates for inclusion in the YouTube initiative described at: https://support.google.com/youtube/answer/9783148?hl=en.

      Sincerely,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      */s/ Eli B. Richlin*

      Eli B. Richlin