# EXHIBIT 81



# INNOVATION
## IT'S PART OF OUR DNA

class action  |  mass tort  |  legal noticing  |  litigation support



Changing the Rules

*Schneider et al v. YouTube, LLC et al*

Case No.3:20-cv-04423-JD (N.D. Cal.)
Notice of Certification & Settlement Administration Plan

*February 3, 2023*



## Background

Operated by a seasoned executive team with more than 60 years of experience implementing class action claims verification processes and notice solutions, Angeion Group combines operational effectiveness, and thoughtful technical consulting to bring ease of administration to counsel. Angeion executives have managed over 2,000 class action administrations/notice programs and have distributed in excess of $15 billion (USD) in benefits to class members. We have thrice been named a "top" Class Action Administrator by the *National Law Journal* reader's survey, and Angeion was designated one of the fastest growing private companies in America by *Inc. Magazine*.

Angeion is the unquestionable leader in using digital media and advanced targeting to effectuate Due Process notice in class action settlements where large swaths of consumers must be provided notice. Angeion is prominent in this sphere because of our commitment to detailed media planning, transparency of process, and rigorous fraud prevention.

Angeion's media notice expert, Steven Weisbrot has given public comment and written testimony to the U.S. Judicial Conference Committee on Rules of Practice and Procedure on the role of media in effecting Due Process notice during the Rule's revision process. Moreover, Steven is co-author of Duke Law's *Guidelines and Best Practices-- Implementing 2018 Amendments to Rule 23* and has met with and counseled representatives of the Federal Judicial Center, outlining new educational programs for the United States Federal Judiciary concerning burgeoning class action notice procedures. Steven's unique ability to explain advanced media concepts to lay people in plain language, will be instrumental in helping all interested parties understand each step of the plan as it progresses and will provide a single point of contact for all notice-related communications. Likewise, Steven will be available for both written and oral testimony for the court's consideration. A list of judicial recognition for Steven's notice plans is also attached.

## Northern District of California Procedural Guidance & Relevant Experience

Angeion Group has substantial experience administering notice plans and settlements under the Northern District of California's Procedural Guidance for Class Action Settlements, including its recent amendments. Angeion is consistently entrusted by counsel and the court to administer "mega settlements" involving some of the world's most prominent companies both within and outside the Northern District. Angeion has been engaged to administer the following representative matters:

| Case Citation | Case No. | Court |
|---|---|---|
| *In re: Google Plus Profile Litigation* | 5:18-cv-06164 | N.D. Cal. |
| *In re Google Play Developer Antitrust Litigation* | 3:20-cv-05792 | N.D. Cal. |
| *AdTrader Inc. et al. v. Google LLC* | 5:17-cv-07082 | N.D. Cal. |
| *In re Facebook, Inc., Consumer Privacy User Profile Litig. ("Cambridge Analytica")\** | 3:18-cv-02843 | N.D. Cal. |
| *In re: Apple Inc. Device Performance Litigation ("iPhone Throttling")* | 5:18-md-02827 | N.D. Cal. |
| *In re: TikTok Inc., Consumer Privacy Litigation* | 1:20-cv-04699 | N.D. Ill. |
| *Lundy v Facebook Inc.("Location Services")\** | 3:18-cv-06793 | N.D. Cal. |
| *In re: Facebook Internet Tracking Litigation ("Cookies")* | 5:12-md-02314 | N.D. Cal. |

\* Proposed settlement administrator

**Experience before the Honorable James Donato**

Angeion Group has been engaged as notice and/or settlement administrator before Judge Donato in the following matters:

| Cases | Case No. | Court | Stance |
|---|---|---|---|
| *Lundy v Meta Platforms, Inc.* **("Location Services")*** | 3:20-cv-05792 | N.D. Cal. | Settlement |
| *In re Google Play Developer Antitrust Litigation* | 3:20-cv-05792 | N.D. Cal. | Settlement |
| *McDonald et al. v. Kiloo A/S et al.; Rushing et al. v. The Walt Disney Co. et al.; Rushing et al. v. ViacomCBS Inc. et al.* **("Child Privacy" - b(2))** | 2:20-cv-09534 3:17-cv-04419 3:17-cv-04492 | N.D. Cal. | Settlement |
| *Milan v. Clif Bar & Company* **(Notice of Cert)** | 3:18-cv-02354 | N.D. Cal. | Notice |

* Proposed Settlement Administrator

**Experience Administering Copyright / Royalty Actions**

Angeion has administered a variety of settlements involving musicians and performers owed royalties based on copyright works. Several of our learnings were instructive in designing the recommended settlement or judgment administration protocol, provided costs may vary based on award amount, and tax reporting requirements for both domestic and international claimants. For example,

- A well-crafted direct notice and robust publication notice campaign will result in an enhanced participation rate as compared to similarly situated consumer settlements.
- Many class members may be hard to reach through direct notification and the class list may not contain direct contact information due to privacy concerns. Communication may need to be directed toward the artist's agent or representatives.
- Economic rights to the award may not be held by the class member.
- Damages awards may be subject to tax reporting requirements.
  - For domestic class members: W-9 forms may need to be obtained.
  - For international class members: W-8 forms may need to be obtained, processed, and tax treaties reviewed depending on the jurisdiction.

| Royalty / Artist/ Copyright Experience | Case No. | Court | Claims Rate |
|---|---|---|---|
| *Risto v. Screen Actors Guild-American Federation of Television and Radio Artists* | 2:18-cv-07241 | C.D. Cal. | N/A b(2) |
| *Stanley Donen Films Inc. v. Twentieth Century Fox Film Corporation* | BC499181 | Cal. Super. Ct. | 44.12% |
| *Martindale v. Sony Pictures Entertainment Inc.* | BC499182 | Cal. Super. Ct. | Opt-out Distribution |
| *Colin Higgins Productions, LTD. v. Paramount Pictures Corporation* | BC499179 | Cal. Super. Ct. | 30.16% |

A representative list of the class actions where Angeion has been settlement or notice administrator in the past 5 years can be found here, with operable links to the case website, if the matter is currently active. If you would like further information on any of these cases or references to counsel, please let us know.

© Angeion Group, LLC   |   Proprietary and Confidential

## Data Security

Angeion Group recognizes the critical need to secure our physical and network environments and protect data in our custody. It is our commitment to these matters that has made us the go-to administrator for many of the most prominent data security matters of this decade. We are ever improving upon our robust policies, procedures, and infrastructure by periodically updating data security policies as well as our approach to managing data security in response to changes to physical environment, new threats and risks, business circumstances, legal and policy implications, and evolving technical environments.

Angeion maintains network access policies including *Access Control*, *Acceptable Use*, *Password* and *Network Security* policies including *Perimeter Security*, *Server Hardening*, *Anti-Virus*, *Data Retention*, *Incident Response*, and *Disaster Recovery*. We maintain an offline backup copy of all data at all times, ensuring that projects can be administered without interruption.

Angeion Group's practices and systems are compliant with the California Consumer Privacy Act, as currently drafted. Consumer data obtained for the delivery of each project is used only for the purposes intended and agreed in advance by all contracted parties, including compliance with orders issued by State or Federal courts as appropriate. Angeion Group imposes additional data security measures for the protection of Personally Identifiable Information (PII), included redaction, restricted network and physical access on a need-to-know basis, and network access tracking. Angeion Group requires background checks of all employees, requires background checks and ongoing compliance audits of its contractors, and enforces standard protocols for the rapid removal of physical and network access in the event of an employee or contractor termination.

Angeion Group's cloud-based platforms are SOC and ISO certified. Data is transmitted using Transport Layer Security (TLS) 1.3 protocols. Network data is encrypted at rest with the government and financial institution standard of AES 256-bit encryption. Below is a selection of relevant certifications covering the three primary cloud services: AWS Elastic Compute Cloud (EC2), AWS Relational Database Service (RD2), and AWS Simple Email Service (SES).

***Angeion Group maintains comprehensive insurance coverage and has not had any ransom-ware attacks. We are confident in our ability to meet the data security requirements of the action to ensure the confidentiality of the personal information of the class members. Data provided to the administrator for purposes of notice and settlement administration will be used solely for notice and settlement implementation and for no other purpose***

## Fraud Prevention

In today's media and regulatory environment, fraud prevention is of utmost importance in all settlement notice and claims procedures. During the notice phase of any engagement, Angeion takes the fastidious care to verify media placements and utilizes several accredited third-party services to objectively verify its targeting, placements, and delivery.

Specifically, to combat against the possibility of non-human viewership of digital advertisements (commonly referred to as "bots"), and to verify effective unique placements, Angeion utilizes the leading online ad verification companies that have received the Media Rating Council's accreditation for Sophisticated Invalid Traffic (SIVT) detection for desktop and mobile web traffic, which adds a critical level of security to Angeion's notice programs. With the threat of bot-fraud and questions around inappropriate content becoming pervasive, ad verification assures counsel and the court peace of mind that notice advertisements are being place in contextually appropriate environments and being viewed by actual human beings, not bots.

Angeion also utilizes comScore, the leading measurement and data analytics company, to plan for unique placements across platforms. Using comScore gives Angeion access to an enormous unduplicated view of total audience behavior across desktops, smartphones, and tablets to give a deeper look at audience size, demographic composition, engagement, and behavioral trends. comScore works with more than 3,200 clients across the globe in nearly every industry, including media, automotive, consumer packaged goods, financial services, pharmaceuticals, and retail, and is considered the "gold standard" among digital advertising professionals. comScore allows us to understand the shopping, surfing and leisure habits of prototypical class members and mold our notice program to match their habits.

## Class Member Experience

Angeion Group is the pioneer in ensuring that the class member experience is a focal point of the claims filing process. We believe that a critical element of Settlement Administration is meaningful and effective interaction and communication with the Settlement Class. Therefore, we will design the class member experience to minimize red tape and allow quick and easy responses to class member inquiries.

In every settlement that we administer, we strive to make the class member experience seamless, easy, and professional. Class members can call-in 24/7 to an Interactive Voice Response system ("IVR"), which can be customized per the requirements of the settlement. If requested, class members can speak with trained agents during designated business hours. Our agents undergo extensive training on the specifics of the litigation from dedicated Angeion communication specialists, so that class members receive timely, accurate and consistent information regarding the settlement. Moreover, our agents are professionally monitored and audited to ensure quality of service and that all information conveyed to class members is accurate and consistent. We pride ourselves on answering calls in queue in less than one minute, and in the event of high-call volume, utilize overflow facilities.

## Conclusion

Angeion Group's pedigree in administering large privacy class actions, robust notice capabilities, and strong adherence to data security protocols, make us uniquely suited to assist counsel with the administration of this matter. It would be our pleasure to discuss our proposal with your group at a mutually convenient time either telephonically or in person at your offices.

# EXECUTIVE PROFILES



## STEVEN WEISBROT, ESQ.
### PRESIDENT & CHIEF EXECUTIVE OFFICER

Steven is a nationally recognized class action notice expert who is widely respected and recognized for his innovative data-based notice plans. Steven regularly writes and lectures on class action notice and has been called upon to give public comment and written testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of media in effecting Due Process notice. He is the co-author of the Digital Media section of Duke Law's soon- to-be published Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23. He has met with and advised representatives of the Federal Judicial Center to recommend comprehensive judiciary-wide educational programs concerning class action notice procedures. He is a widely sought out speaker to address industry conferences, Bar Associations, and private law firms.

Steven's media notice plans have been referred to by judges as "exquisite" and "highly successful" and span a wide range of class actions that include product defect, false advertising, employment, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

Among the most notable plans that Steven has designed was *In Re: Ashley Madison Data Security Breach Litigation*, which involved tens of millions of potential class members, where The Honorable John A. Ross held:

*"[T]hat the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04—is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process."*

Moreover, Steven was the architect behind many of the most high-volume consumer mislabeling claims in this country's history, including those against Johnson & Johnson, Neutrogena, Coca Cola, Goodyear Tire & Rubber Company, The Honest Company, Seventh Generation and Vitamin Water. His Product Defect case experience is also noteworthy and include what have been described as "the moldy washer cases" which involved separate actions against the manufacturers of millions of allegedly defective washing machines made by companies such as LG, Whirlpool, and Electrolux. Likewise, Steven prepared the notice programs in a multitude of construction and building products settlements including those against Lumber Liquidators, Nibco, Behr and Olympic. Likewise, Steven designed and implemented numerous Notice plans to alert class members of high-profile data breach incidents, including those affecting Home Depot, Neiman Marcus, and Ashley Madison.

Notably, Steven is also the only notice professional in the industry who holds the distinction of being a certified professional in digital media by the Interactive Advertising Bureau (IAB). The IAB certification program is accredited by the American Standard Institute (ANSI) and is the only globally recognized, accredited, professional certification program of its kind.

Prior to joining Angeion Group, Steven was Director of Class Action Services at a leading class action claims administration company, where he designed and implemented notice and settlement processes. Before that, he spent the better part of a decade in private law practice where he concentrated his practice on complex civil cases. Steven received his J.D. degree from Rutgers University School of Law and holds a bachelor's degree from Rowan University.

© Angeion Group, LLC   |   Proprietary and Confidential

# EXECUTIVE PROFILES



### TIM CORCORAN
#### MANAGING DIRECTOR

Tim has over two decades of experience as a senior executive leader and legal management consultant. He is the former chief executive officer of the class action business of Epiq, leading the unit from acquisition stage through full integration within the company. Since 2012, he has been the Principal of Corcoran Consulting Group, where he guides law firms and law departments through the profitable disruption of outdated business models. Previously, Tim served as President of the 4,000+ member Legal Marketing Association and is a member of its Hall of Fame. Currently, he is a Trustee and Fellow of the College of Law Practice Management, an American Lawyer Research Fellow, and a Teaching Fellow in the Master in Legal Business program at the Australia College of Law. Tim is a sought-after speaker and writer on topics related to the changing business of law, and also authors the widely read Corcoran's Business of Law blog.



### CHRISTIAN J. CLAPP, ESQ.
#### VICE PRESIDENT OF CLASS ACTION & MASS TORT SERVICES

With her extensive background in large-scale litigation matters, Christian plays a valuable role in consulting with current and prospective Angeion Group clients to develop and implement pre-settlement and settlement administration solutions for class action and mass tort related cases.

As a former Assistant Attorney General in the Office of the Minnesota Attorney General, Christian litigated highly publicized consumer protection and antitrust cases. She also worked as an associate attorney in private practice where she focused exclusively on large-scale complex class action litigation, in the areas of securities, antitrust, and consumer fraud.

Christian holds a bachelor's degree from the University of North Dakota and a JD from the University of Minnesota Law School.



### CHARLIE FERRARA
#### SENIOR BUSINESS RESOURCE LIASION

Charlie is a class action industry veteran, bringing more than 20 years of consulting experience to his operations leadership role at Angeion Group. He is a proven authority on class action administration for securities litigation and has managed settlement programs on matters involving AIG, Countrywide Financial, Merrill Lynch and other notable cases.

Prior to joining Angeion, Charlie held leadership positions at Kurtzman Carson Consultants, Rust Consulting, Inc., and Garden City Group, Inc. His body of work included managing the processes and procedures for hundreds of class action settlements including antitrust, consumer, mass tort, labor and employment, regulatory and securities related matters.

Charlie graduated Magna Cum Laude from Nassau Community College with a degree in Business Administration.

# EXECUTIVE PROFILES



### TROY WALITSKY, ESQ.

#### SENIOR BUSINESS ANALYST

Troy is a licensed attorney (NY) with over a decade of experience in the class action industry. He works closely with Angeion's executive and operational leadership teams assisting the company's clients on a wide range of settlement administration and legal notice programs both in the Unites States and abroad.

Prior to joining Angeion, Troy served on the project management team at Garden City Group, Inc. Before that he worked in legal practice as a defense attorney focused on civil litigation.

Troy is a graduate of Stony Brook (NY) University and holds a JD degree from Touro Law Center in Long Island, NY.



### JEFFREY P. PALAZZESE, ESQ.

#### PARTNER

While advising on all aspects of Angeion's business, Jeff plays an integral role in contract management, business systems and high-level negotiations.

Jeff began his legal career as a litigator in private practice and is a member of the Pennsylvania and New Jersey State Bars, and the Philadelphia and Pennsylvania Bar Associations. He currently serves as President of Angeion Group's sister organization – Reliable – which he joined in 1996. He currently serves as a board member for the Homeless Advocacy Project and is an active supporter of the Alzheimer's Association of Southeastern PA, Support Center for Child Advocates, and the MS Society.

Jeff has a bachelor's degree from Cornell University and earned his J.D. degree from Temple University's Beasley School of Law.



### CHRISTOPHER D. CHIMICLES

#### FOUNDER/IN MEMORIAM

With his extensive background in class action claims administration, finance, and litigation support, combined with proven business leadership skills and operational expertise, Chris steered Angeion Group to unprecedented growth. Under his stewardship, Angeion has taken its place among the industry's most admired firms. The company has carved out a reputation as an innovator in legal notice programs and is consistently rated among the best in the industry for efficient claims administration and high-touch customer service. Chris' efforts helped bring Angeion widespread acclaim from clients, leading industry publications and media.

Highlighting Chris' career prior to Angeion Group was his role with a nationally recognized class action claim administration firm and as a Senior Vice President with RBS Citizens Bank, where he worked with class action law firms in the institutional investment management and distribution of class action settlement funds. Chris was also a founding board member of USA250 and served on the board of the Friends of Independence Mall. He also spoke frequently at industry conferences domestically and abroad.

Chris held a master's degree in business administration from Drexel University's LeBow College of Business and a bachelor's degree from Hobart College.

© Angeion Group, LLC   |   Proprietary and Confidential

### IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION

**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):  Angeion undertook a comprehensive notice campaign...The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

### IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION

**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021):  The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

### IN RE: GOOGLE PLUS PROFILE LITIGATION

**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members...

### IN RE: FACEBOOK INTERNET TRACKING LITIGATION

**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

# JUDICIAL RECOGNITION

### CITY OF LONG BEACH v. MONSANTO COMPANY
### Case No. 2:16-cv-03493

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

### STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
### Case No. 3:20-cv-00903

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

### WILLIAMS v. APPLE INC.
### Case No. 3:19-cv-0400

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

### CLEVELAND v. WHIRLPOOL CORPORATION
### Case No. 0:20-cv-01906

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.
### Case No. 5:19-cv-04596

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the

# JUDICIAL RECOGNITION

requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### CAMERON v. APPLE INC.
### Case No. 4:19-cv-03074

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS
### Case No. 2:18-cv-07241

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021):  The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website…The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)…

### JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.
### Case No. 2:15-cv-01219

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021):  Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish), and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

© Angeion Group, LLC   |   Proprietary and Confidential

Case 3:20-cv-04423-JD   Document 248-41   Filed 02/13/23   Page 13 of 25

### NELLIS v. VIVID SEATS, LLC
### Case No. 1:20-cv-02486

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### PELLETIER v. ENDO INTERNATIONAL PLC
### Case No. 2:17-cv-05114

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### BIEGEL v. BLUE DIAMOND GROWERS
### Case No. 7:20-cv-03032

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS
### Case No. 37-2019-00017834-CU-NP-CTL

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

# JUDICIAL RECOGNITION

### *HOLVE v. MCCORMICK & COMPANY, INC.*
### Case No. 6:16-cv-06702

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action...(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
### Case No. 1:20-cv-03962

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
### Case No. 3:19-cv-00167

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### *IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)*
### Case No. 6:20-md-02977

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021):  The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan...The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

# JUDICIAL RECOGNITION

### *ROBERT ET AL. v. AT&T MOBILITY, LLC*
### Case No. 3:15-cv-03418

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021):  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

### *PYGIN v. BOMBAS, LLC*
### Case No. 4:20-cv-04412

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021):  The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

### *WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.*
### Case No. 1:20-cv-23564

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet  Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### *NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION*
### Case No. CV03-20-00831, CV03-20-03221

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it…The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

# JUDICIAL RECOGNITION

### *IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION*
**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### *IN RE: PEANUT FARMERS ANTITRUST LITIGATION*
**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### *BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.*
**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### *IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION*
**Case No. 2:19-mn-02886**

The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### *ADKINS ET AL. v. FACEBOOK, INC.*
**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

© Angeion Group, LLC   |   Proprietary and Confidential

***IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION***
**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of  the Settlement  Agreement,  Long  Form  Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

***MARINO ET AL. v. COACH INC.***
**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed  Settlement  and  other  rights  under  the  terms  of  the  Settlement  Agreement;  (c)  are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily  understandable  by  Settlement  Class  Members,  and  are  materially  consistent  with  the Federal Judicial Center's illustrative class action notices.

***BROWN v. DIRECTV, LLC***
**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020): Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

***IN RE: SSA BONDS ANTITRUST LITIGATION***
**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

# JUDICIAL RECOGNITION

### *KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.*
### Case No. 4:18-cv-00430
The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020): The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### *HESTER ET AL. v. WALMART, INC.*
### Case No. 5:18-cv-05225
The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### *CLAY ET AL. v. CYTOSPORT INC.*
### Case No. 3:15-cv-00165
The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *GROGAN v. AARON'S INC.*
### Case No. 1:18-cv-02821
The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020): The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### *CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*
### Case No. D-202-CV-2001-00579
The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the

# JUDICIAL RECOGNITION

pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### *SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*
### Case No. 4:16-cv-02200

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile display. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### *HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC*
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

***CORCORAN, ET AL. v. CVS HEALTH, ET AL.***

**Case No. 4:15-cv-03504**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

***PATORA v. TARTE, INC.***

**Case No. 7:18-cv-11760**

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

***CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.***

**Case No. 2:16-cv-00633**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

***CORZINE v. MAYTAG CORPORATION, ET AL.***

**Case No. 5:15-cv-05764**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

***MEDNICK v. PRECOR, INC.***

**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

***GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.***

**Case No. 1:18-cv-20048**

The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

***ANDREWS ET AL. v. THE GAP, INC., ET AL.***

**Case No. CGC-18-567237**

The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

***COLE, ET AL. v. NIBCO, INC.***

**Case No. 3:13-cv-07871**

The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019): The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this…, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

# JUDICIAL RECOGNITION

### *DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.*
### Case No. 1:14-cv-14744

The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
### Case No. 3:17-md-02777

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice…practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### *RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY*
### Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

# JUDICIAL RECOGNITION

***MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.***
**Case No. 7:16-cv-06981**
The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr. Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

***IN RE: OUTER BANKS POWER OUTAGE LITIGATION***
**Case No. 4:17-cv-00141**
The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

***GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.***
**Case No. 7:13-cv-03073**
The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

***HALVORSON v. TALENTBIN, INC.***
**Case No. 3:15-cv-05166**
The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance

with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### *IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION*
### MDL No. 2669/Case No. 4:15-md-02669

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017): The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

### *TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.*
### Case No. 1:15-cv-00912

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

# JUDICIAL RECOGNITION

***IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION***

**Case No. 1:14-md-02583**

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

***ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC***

**Case No. 384003V**

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. ***I think the notice provisions are exquisite*** [emphasis added].

***FENLEY v. APPLIED CONSULTANTS, INC.***

**Case No. 2:15-cv-00259**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of ***the efforts of Angeion were highly successful and fulfilled all of those requirements*** [emphasis added].