George A. Zelcs*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
  rewing@koreintillery.com
Ryan Z. Cortazar *
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
  pkorologos@bsfllp.com
Joanna Wright*
  jwright@bsfllp.com
Jeffrey Waldron*
  jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT GREG HALM**<br><br>Judge: Hon. James Donato<br><br>Date:  April 13, 2023<br>Time:   10:00 a.m. |

## TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** ................................................................................... 1

**STATEMENT OF REQUESTED RELIEF** ........................................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................................ 1

**ARGUMENT** ............................................................................................................................ 3

    I.    MR. HALM'S REBUTTAL OPINIONS ON DAMAGES SHOULD BE STRICKEN AND EXCLUDED BECAUSE THEY DO NOT REBUT ANY TESTIMONY BY PLAINTIFFS' EXPERTS. ............................................................................................. 3

    II.    MR. HALM SHOULD NOT BE PERMITTED TO OPINE ON DR. COWAN'S RELIANCE ON DEFENDANTS' TAKEDOWN NOTICE DATASET. .................................. 6

    III.    MR. HALM IS NOT QUALIFIED TO PROVIDE EXPERT TESTIMONY ABOUT STATISTICAL MATCHING METHODS OR ANALYSES. ....................................................... 9

**CONCLUSION** ....................................................................................................................... 11

# TABLE OF AUTHORITES

**Cases**

*A.H.D.C. v. City of Fresno, Cal.*,
   2000 WL 35810720 (E.D. Cal. Sept. 1, 2000) ................................................................. 8

*Arista Recs. LLC v. Lime Grp. LLC*,
   2011 WL 1674796 (S.D.N.Y. May 2, 2011) ................................................................. 11

*Beard v. United States Postal Serv.*,
   2019 WL 257978 (N.D. Cal. Jan. 18, 2019) ................................................................... 4

*CZ Servs., Inc. v. Express Scripts Holding Co.*,
   2020 WL 4518978 (N.D. Cal. Aug. 5, 2020) ................................................................. 4

*Daubert v. Merrell Dow Pharms., Inc.*,
   43 F.3d 1311 (9th Cir. 1995) .......................................................................................... 4

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ............................................................................................... 1, 4, 6

*Fed. Trade Comm'n v. Qualcomm Inc.*,
   2018 WL 6522134 (N.D. Cal. Dec. 11, 2018) ....................................................... 1, 3, 4

*Goodell v. Soledad Unified Sch. Dist.*,
   2021 WL 2533564 (N.D. Cal. June 21, 2021) .............................................................. 11

*Hill v. Schilling*,
   2022 WL 17178739 (N.D. Tex. Nov. 22, 2022) ............................................................. 9

*Huawei Techs., Co. Ltd v. Samsung Elecs. Co, Ltd.*,
   340 F. Supp. 3d 934 (N.D. Cal. 2018) ........................................................................... 5

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*,
   524 F. Supp. 2d 1166 (N.D. Cal. 2007) ..................................................................... 4, 8

*In re Koninklijke Philips Pat. Litig.*,
   2020 WL 7398647 (N.D. Cal. Apr. 13, 2020) ................................................................ 9

*Indiaweekly.com, LLC v. Nehaflix.com, Inc.*,
   2011 WL 13228299 (D. Conn. Jan. 21, 2011) ............................................................. 11

*Jack v. Borg-Warner Morse TEC LLC*,
   2018 WL 3819027 (W.D. Wash. Aug. 10, 2018) ......................................................... 11

*Jones v. U.S.*,
   933 F. Supp, 894 (N.D. Cal. 1996) ................................................................................ 4

*Open Text S.A. v. Box, Inc.*,
   2015 WL 349197 (N.D. Cal. Jan. 23, 2015) ................................................................... 4

*Pooshs v. Phillip Morris USA, Inc.*,
   287 F.R.D. 543 (N.D. Cal. 2012) ................................................................................. 10

*Rovid v. Graco Children's Products, Inc.*,
  2018 WL 5906075 (N.D. Cal. Nov. 19, 2018) ............................................................................. 1

*Sunbow Trim, Inc. v. One By One*,
  2005 WL 8154650 (C.D. Cal. Jan. 20, 2005) ............................................................................. 5

*Utne v. Home Depot U.S.A., Inc.*,
  2022 WL 16857061 (N.D. Cal. Nov. 10, 2022) ......................................................................... 4

**Statutes**

17 U.S.C. §504(b) ............................................................................................................................ 5

**Rules**

Fed. R. Civ. P. 26(a)(2)(D)(ii) ......................................................................................................... 1

iii

Case No. 3:20-cv-04423-JD
PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT GREG HALM

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 13, 2023, at 10:00 a.m., Plaintiffs will move the Court for an order granting Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Greg Halm.

## STATEMENT OF REQUESTED RELIEF

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals., Inc.*, 509 U.S. 579 (1993) and its progeny, Plaintiffs respectfully request that the Court exclude portions of the expert report and testimony of Defendants' rebuttal expert Greg Halm concerning (a) incremental costs incurred in connection with generating revenues, which testimony was offered to rebut testimony no longer offered by the Plaintiffs' expert, Dr. Charles Cowan, that Mr. Halm exclusively rebutted; (b) criticisms of Dr. Cowan's reliance on Defendants' takedown notice data, which criticisms are inconsistent with the weight of the fact evidence; and (c) statistical matching methods or analysis, for which Mr. Halm is not sufficiently qualified.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully submit this motion and memorandum of law to strike and exclude those portions of the expert rebuttal report and testimony of Defendants' expert Greg Halm that are not relevant or reliable and thus are not admissible pursuant to Federal Rule of Civil Procedure 26, Federal Rule of Evidence 702, and *Daubert*, 509 U.S. 579.[1]

Rebuttal expert testimony is restricted to subjects that are "'intended solely to contradict or rebut evidence on the same subject matter identified by another party' in its expert disclosures." *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 6522134, at *1 (N.D. Cal. Dec. 11, 2018) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). In determining whether to admit expert testimony, "the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

---

[1] Although Plaintiffs are the moving party, "The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements are met." *Rovid v. Graco Children's Products, Inc.*, 2018 WL 5906075, at *3 (N.D. Cal. Nov. 9, 2018).

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

2  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

3  ▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 7—Halm Rpt. at ¶¶ 14.c., 92–106.)[2] As discussed *infra* in Section I, that report has been superseded by Dr. Cowan's operative November 17, 2022 report (Ex. 6), which does not discuss or opine on the subject of damages.[3] Indeed, Mr. Halm recognizes as much when he states: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 7—Halm Rpt. at ¶ 4 (emphasis added).) Mr. Halm acknowledges: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 7—Halm Rpt. at ¶ 4) and that his only assignment in this action was to "evaluate Dr. Cowan's methodology" and not "[a]nything else." (Ex. 2—Halm Dep. at 11:15–20.) Consequently, Mr. Halm's discussion of the damages analysis in Dr. Cowan's September 1, 2022 report is not relevant, and Mr. Halm should not be permitted to opine or provide rebuttal testimony on the subject of damages.

As explained *infra* in Sections II and III, respectively, two additional sections of Mr. Halm's expert rebuttal report and testimony should be excluded as not reliable:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 7—Halm Rpt. at ¶¶ 14.b.i., 72–83); and
- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex 7—Halm Rpt. at ¶¶ 14.b., 27–51, 70–71, 84–91).

---

[2] All numerical exhibits cited herein ("Ex.") are attached to the March 3, 2023 Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Rebuttal Report and Testimony of Defendants' Expert Greg Halm.

[3] Dr. Cowan no longer offers opinions on Plaintiffs damages stemming from Defendants' profits since another of Plaintiffs' expert, Dr. Hal Singer, instead addresses all damages issues in his November 17, 2022, report.

# ARGUMENT

## I. MR. HALM'S REBUTTAL OPINIONS ON DAMAGES SHOULD BE STRICKEN AND EXCLUDED BECAUSE THEY DO NOT REBUT ANY TESTIMONY BY PLAINTIFFS' EXPERTS.

Paragraphs 14.c. and 92–106 of Mr. Halm's report respond to the damages analysis set forth in Dr. Cowan's September 1, 2022 report. That report has been superseded by Dr. Cowan's November 17, 2022, report. (Ex. 11—10/13/22 Hrg. Tr. at 46:15–17 (the Court instructed Plaintiffs to "start over" with revised expert reports of Dr. Cowan and Dr. Hal Singer and to "blank everything out" of their original reports).) Defendants acknowledged that ruling in their November 14, 2022, Opposition to Plaintiffs' Motion for Class Certification [ECF 198 at 8, n.4] in which Defendants' described the reports of Messrs. Cowan and Singer as "inoperative reports" that "were struck by the Court at the October 13, 2022 hearing and Plaintiffs were directed to 'start over.'"

Dr. Cowan's November 17, 2022, report does not include any damages analysis. (Ex. 1—Cowan Dep. at 51:15–52:21, 274:21–75:17; *see generally* Ex. 6—Cowan Rpt.) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 7—Halm Rpt. at ¶ 4), concedes that:

- ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (*id.* at ¶¶ 14.c., 92);
- Dr. Hal Singer is Plaintiffs' only expert on the subject of damages (Ex. 2—Halm Dep. at 126:14–20); and
- Mr. Halm was not asked to, nor did he, offer opinions on Dr. Singer's damages analysis (*id.* at 75:21–76:5, 126:14–27:8).

Rebuttal expert testimony is limited to subjects "intended solely to contradict or rebut evidence on the same subject matter identified by another party." *Qualcomm*, 2018 WL 6522134, at *1 (citations omitted). In addition, any expert testimony must be relevant to be admissible. As this Court has observed: "Federal Rule of Evidence 702 allows admission of 'scientific, technical, or other specialized knowledge' by a qualified expert if it will 'help the trier of fact to understand

3

Case No. 3:20-cv-04423-JD
PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT GREG HALM

the evidence or to determine a fact in issue.'" *Open Text S.A. v. Box, Inc.*, 2015 WL 349197, at *2 (N.D. Cal. Jan. 23, 2015) (Donato, J.); *see also In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1171 (N.D. Cal. 2007) (Expert testimony is a "fit" only "where the evidence 'logically advances a material aspect of the proposing party's case.'"). "Relevance is sometimes given less attention as a gatekeeping factor, but it is as much a precondition of admissibility as reliability." *CZ Servs. v. Express Scripts Holding Co.*, 2020 WL 4518978, at *1 (N.D. Cal. Aug. 5, 2020) (Donato, J.).

The threshold test for the relevancy of expert testimony "is *more stringent* than the relevancy requirement of Rule 402 of the Federal Rules of Evidence, 'reflecting the special dangers inherent in scientific expert testimony.'" *Beard v. United States Postal Serv.*, 2019 WL 257978, at *2 (N.D. Cal. Jan. 18, 2019) (quoting *Jones v. United States*, 933 F. Supp. 894, 900 (N.D. Cal. 1996), citing *Daubert*, 509 U.S. at 591; *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1231 n. 17 (9th Cir. 1995)) (emphasis added). If opinion testimony is not "tied to the claims and facts in a way that helps the jury decide the dispute between the parties," then the testimony is not relevant because it does not "'fit' the case". *CZ Servs.*, 2020 WL 4518978 at *1.

Since Mr. Halm was retained solely to rebut Dr. Cowan's testimony, and Dr. Cowan is not offering an opinion on damages, Mr. Halm's opinions on that subject are not only irrelevant, but also lie outside the permissible scope of rebuttal testimony and should be stricken. *Qualcomm*, 2018 WL 6522134, at *1; *see Utne v. Home Depot U.S.A.*, 2022 WL 16857061, at *7 (N.D. Cal. Nov. 10, 2022) (excluding expert who was retained solely for the purpose of rebutting the testimony of another expert whose testimony was excluded).

Even if Mr. Halm could testify on damages, his opinions on that subject should be excluded because he relies upon an incorrect legal standard. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 7— Halm Rpt. ¶¶ 97–100.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1 ██████████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████████

4 *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 970 (N.D. Cal. 2018).

In addition, and again even if Mr. Halm could testify on damages given Dr. Cowan no longer offers opinions on damages, ████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

(Ex. 7—Halm Rpt. at ¶¶ 101–05.)

The Copyright Act expressly requires that copyright *defendants* prove all costs associated with any revenues attributable to the infringing content; it is not Plaintiffs' burden to do so. "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. §504(b)

Since Defendants bear the burden under the Copyright Act of establishing their deductible expenses, any expert testimony regarding expenses or costs was required to be included in an opening expert report, not in a rebuttal expert report, to provide Plaintiffs fair notice and the opportunity to scrutinize and rebut that expert analysis of YouTube's expenses or costs. This Court's Amended Scheduling Order mandated that all "expert disclosures" be served by September 1, 2022. [ECF 152 at 2.] Plaintiffs filed four expert reports on that date. Defendants filed none, choosing instead to limit their use of experts to providing rebuttal reports.

Defendants have failed to provide any evidence of the deductible costs or expenses associated with the infringing videos that have been displayed on YouTube. Indeed, Defendants' Initial Disclosures do not even address this area of proof. (Ex. 8—Defendants' Initial Disclosures.) *See Sunbow Trim, Inc. v. One By One*, 2005 WL 8154650, at *2 (C.D. Cal. Jan. 20, 2005) (granting motion in limine to exclude at trial of copyright claim all evidence of expenses).

27 ████████████████████████████████████████████████

[REDACTED]

(Ex. 10—Plaintiffs Ex. 142 to the 7/1/22 Dep. of Arpan Agrawal.)

For the foregoing reasons, the Court should enter an Order striking ¶¶ 14.c. and 92–106 of Mr. Halm's report and should preclude Mr. Halm from testifying [REDACTED]

## II. MR. HALM SHOULD NOT BE PERMITTED TO OPINE ON DR. COWAN'S RELIANCE ON DEFENDANTS' TAKEDOWN NOTICE DATASET.

[REDACTED] (Ex. 7—Halm Rpt. ¶¶ 14.b.i., 72–83.)

Mr. Halm should not be permitted to opine on that subject for two reasons: (a) [REDACTED] and (b) [REDACTED] As a result, Mr. Halm fails three of the four tests set forth in Rule 702: his testimony is not "based on sufficient facts or data" or "the product of reliable principles and methods" and he has not "reliably applied the principles and methods to the facts of the case." Consequently, Mr. Halm's testimony will not, as required by Rule 702, "'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Daubert*, 509 U.S. at 591.

Mr. Halm's opinion that the takedown notice dataset is "unreliable" is contrary to and rebutted by Defendants' actual use of and reliance on the takedown notice dataset. [REDACTED] (Ex. 9—Am. Resp. to Interrog. 4 at 6–9; Ex. 5—Zhu 30(b)(6) Dep. at 9:2–16.) [REDACTED] (Ex. 9—Am. Resp. to Interrog. 4 at 8.)

1 ████████████████████████████████████████████████████████

2 ████████████████████████████████████████████████

3 ████████████████████████████████████████████████████

4 ████████████████████████████████████████████████████

5 ██████████████████████████████████ (Ex. 5—Zhu 30(b)(6) Dep. at 77:9–78:9; Ex. 4—

6 Zhu Dep. at 14:24–15:8; Ex. 9—Am. Resp. to Interrog. 4 at 8–9; Ex. 3—Ting Dep. at 46:8–

7 24.) ████████████████████████████████████████████████

8 ████████████████████████████████████████████████████

9 ██████████████████████████████████ (Ex. 3—Ting Dep. at 39:7–25, 62:12–63:16;

10 Ex. 5—Zhu 30(b)(6) Dep. at 79:6–14.) ████████████████████

11 ████████████████████████████████████████████████████

12 ████████████████████████████████████ (Ex. 12—Transparency Rpt.

13 H1 2021 at 9; Ex. 5—Zhu 30(b)(6) Dep. at 39:11–40:17; Ex. 4—Zhu Dep. at 85:8–11; Ex. 13—

14 Counter-Notification Requirements.) ██████████████████████

15 ████████████████████████████████████████ (Ex. 5—Zhu

16 30(b)(6) Dep. at 39:11–13; Ex. 4—Zhu Dep. at 85:9–10.) ████████

17 ██████████████████████████████████████████████

18 ██████ (Ex. 3—Ting Dep. at 108:9–19.)

19 ████████████████████████████████████████████

20 ████████████████████████████████████████████████████

21 ██████████████████████████████ Mr. Halm also admits that he lacks familiarity

22 with the vetting and counternotification process, so even if he had attempted to undertake that

23 analysis, he would not have been able to do so. (Ex. 2—Halm Dep. at 95:18–96:6 ("Exactly what

24 those processes are, as I sit here, I don't have an understanding."), 95:10–17 ("Q. So a corollary

25 being how does somebody submit a counter notification, are you familiar with that? A. I am

26 not.  Q. Are you familiar at all with what YouTube does with the information it receives in a

27 counter notification?  A. I am not."), 104:2–105:3.)

28

Because Mr. Halm ignored "the great weight of the evidence that contradicts his conclusion," his opinion concerning Dr. Cowan's use and reliance on Defendants' takedown notice dataset is unreliable and must be excluded. *Bextra*, 524 F. Supp. 2d at 1176 (excluding opinion where expert relied only on "cherry-pick[ed]" studies supporting his conclusion while "rejecting or ignoring" contrary evidence); *A.H.D.C. v. City of Fresno, Cal.*, 2000 WL 35810720, at *1 (E.D. Cal. Sept. 1, 2000) (excluding opinions that "directly contradict[ed] the undisputed evidence" and the "admitted facts of [the] case").

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Ex. 7—Halm Rpt. at ¶¶ 74, 77; Ex. 2—Halm Dep. at 49:24–50:5.) ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Ex. 2—Halm Dep. at 44:24–45:18, 46:18–47:4, 99:20–100:3.) ▬▬▬ (*see* Ex. 7—Halm Rpt. ¶¶ 74, 77) ▬▬▬▬▬ Mr. Halm acknowledges that the entries he identified constitute "a small fraction" (only one-third of one per cent) of the takedown data. (Ex. 2—Halm Dep. at 50:6–11.)

As Mr. Halm also acknowledges, since he "did not undertake a methodology to identify instances that are not accurate" or determine the frequency with which the "inaccurate" information occurred, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (Ex. 2—Halm Dep. at 44:24-45:18, 46:18–47:4.) ▬▬▬▬▬▬▬▬▬ (Ex. 7—Halm Rpt. ¶ 14.b.i., 72–83.)

Mr. Halm's selective examples provide insufficient support under Rule 702 for him to be permitted to opine on this subject. "Limited examples" without "any legal authority, data, or methodology" "cannot substantiate" a "blanket conclusion." *Hill v. Schilling*, 2022 WL 17178739, at *9 (N.D. Tex. Nov. 22, 2022). In *Hill*, the court held that an expert's "blanket conclusion" that "the entirety of the fees sought" by the prevailing party was excessive was unreliable because it was based on "limited examples" of excessive or unreasonable fees. *Id.*

███████████████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████ which he conceded he did not conduct (Ex. 2—Halm Dep. at 45:7–18; 46:18–47:4), renders his opinion unreliable; *see also In re Koninklijke Philips Pat. Litig.*, 2020 WL 7398647, at *9 (N.D. Cal. Apr. 13, 2020) (excluding expert opinion on reasonableness of patent royalty rates where expert "did not conduct an independent economic analysis of the value of the asserted patents").

### III.  MR. HALM IS NOT QUALIFIED TO PROVIDE EXPERT TESTIMONY ABOUT STATISTICAL MATCHING METHODS OR ANALYSES.

Dr. Cowan's analysis and testimony involves the use of sophisticated statistical matching methods and analyses. (Ex. 1—Cowan Dep. at 146:25–147:14, 228:7–15, 253:15–255:24, 288:8–289:24.) Dr. Cowan is highly qualified to do so. He has a Ph.D. in Mathematical Statistics (Ex. 6—Cowan Rpt. App. 2 at 3) and over "over fifty years of experience in statistical research and design," including experience as an Associate Professor of Statistics at George Washington University. (*Id.* at ¶¶ 16, 20.) Among other notable matters, Dr. Cowan served as an expert for the U.S. Census Bureau in defending challenges against the 1980 Decennial Census. (*Id.* at ¶ 17, App. 2 at 1–2.) He is a current member of the American Statistical Association, has co-authored a book on "survey and census methods," and has "written numerous articles on statistical methods, sampling, rare and elusive population research, and optimization techniques." (*Id.* at ¶¶ 21–22.)

1  As an expert witness, Dr. Cowan has designed methodologies to identify class members or
estimate class size in "30 or 40" cases. (Ex. 1—Cowan Dep. at 106:11–22.) ▮▮▮▮▮ (Ex. 7—Halm Rpt. ¶ 4). Under Rule 702, an expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education". Fed. R. Evid. 702.  However, Mr. Halm's experience and training do not qualify him to opine on the sophisticated statistical methodologies described in Dr. Cowan's report.  Mr. Halm does not meet the test of Rule 702 because he is not "qualified as an expert by knowledge, skill, experience, training, or education" in statistics. ▮▮▮▮▮ (Ex. 7—Halm Rpt. Appendix A at 6), he acknowledged at his deposition that he does not have a degree or even a certification in statistics.  (*Id.*; Ex. 2—Halm Dep. at 82:3–13.) ▮▮▮▮▮ (Ex. 7—Halm Rpt. ¶ 5)—not statistics.

Since Mr. Halm lacks formal training and experience in statistics, he is not qualified to offer opinions that require specialized knowledge of statistical analysis.  *See Pooshs v. Phillip Morris USA, Inc.*, 287 F.R.D. 543, 547 (N.D. Cal. 2012) (witness was "not qualified as an expert" to testify because she held no degree or formal training in the relevant subjects).  Perhaps in recognition of his lack of training or experience, Mr. Halm did not undertake any independent analysis or otherwise attempt to identify class members or estimate the size of any class. (Ex. 2—Halm Dep. at 11:15–12:20, 15:25–16:5, 17:3–8, 41:24–42:8 ("I was not asked to undertake my own effort to independently develop a methodology to identify class members or estimate the size of the classes and so I did not do that.").[4])

Mr. Halm's limited experience as an expert witness does not remedy the deficiencies in his education and training. ▮▮▮▮▮ (Ex. 7—Halm Rpt. App. A at 5–6; Ex. 2—Halm Dep. at 83:10–20). None of those cases involved the use of statistical analysis to identify class members or estimate class size.

---

[4] Alternatively, Mr. Halm may have failed to do so because Defendants—with full access to and knowledge of the data that could be used to make those calculations—were aware that the results of such an analysis would adversely impact their defense of this action.

(*Id.* at 83:10–84:16.)  Mr. Halm's testimony on other subject matters does not qualify him as an expert in this action.  An expert "must be qualified in the field they will testify about" and an "expert in one field is not qualified to provide opinions about a different field." *Jack v. Borg-Warner Morse TEC LLC*, 2018 WL 3819027, at *18 (W.D. Wash. Aug. 10, 2018).

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 7—Halm Rpt. App. A at 6; Ex. 2—Halm Dep. at 82:3–11) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ "'General familiarity' and awareness" of a particular subject do not qualify one as an expert in that subject.  *Goodell v. Soledad Unified Sch. Dist.*, 2021 WL 2533564, at *6 (N.D. Cal. June 21, 2021).  In *Indiaweekly.com, LLC v. Nehaflix.com, Inc.*, the court held that a rebuttal expert opining on the opposing expert's "statistical methods" was "not qualified to testify on issues of statistical analysis" because the expert's "training in statistical analysis [was] limited to 'one or two courses' he took in college."  2011 WL 13228299 at *2 (D. Conn. Jan. 21, 2011); *see also Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 1674796, at *5–6 (S.D.N.Y. May 2, 2011) (rebuttal expert criticizing opposing expert's "statistical conclusions" was "not qualified to offer an expert opinion about statistics" where he had only "employed statistics to some degree in his studies and work").  Likewise, Mr. Halm's limited training in statistics does not qualify him to criticize Dr. Cowan's statistical methodologies.

Consequently, those portions of Mr. Halm's expert report (¶¶ 14.b., 27–51, 70–71, 84–91) relating to statistical matching methods or analyses should be excluded, and he should not be permitted to testify about that subject at trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that paragraphs 14.b., 14.b.i., 14.c., 27–51, and 70–106 of the expert report of Greg Halm be stricken and excluded in their entirety, and that he not be permitted to testify at trial about any of the subjects discussed in those paragraphs.

| | |
|---|---|
| Dated March 3, 2023 | Respectfully submitted, |

                /s/ *Philip Korologos*
                Philip C. Korologos (*pro hac vice*)
                *pkorologos@bsfllp.com*
                Joanna Wright (*pro hac vice*)
                *jwright@bsfllp.com*
                Jeffrey Waldron (*pro hac vice*)
                *jwaldron@bsfllp.com*
                BOIES SCHILLER FLEXNER LLP
                55 Hudson Yards, 20th Floor
                New York, NY 10001
                Telephone: (212) 446-2300
                Facsimile: (212) 446-2350

                Joshua Irwin Schiller, CA Bar #330653
                *jischiller@bsfllp.com*
                BOIES SCHILLER FLEXNER LLP
                44 Montgomery St., 41st Floor
                San Francisco, CA 94104
                Telephone: (415) 293-6800
                Facsimile: (415) 293-6899

                George A. Zelcs (*pro hac vice*)
                *gzelcs@koreintillery.com*
                Randall P. Ewing, Jr. (*pro hac vice*)
                *rewing@koreintillery.com*
                Ryan Z. Cortazar (*pro hac vice*)
                *rcortazar@koreintillery.com*
                KOREIN TILLERY, LLC
                205 North Michigan, Suite 1950
                Chicago, IL 60601
                Telephone: (312) 641-9750
                Facsimile: (312) 641-9751

12

Case No. 3:20-cv-04423-JD
PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE
PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT GREG
HALM

Stephen M. Tillery (*pro hac vice*)
*stillery@koreintillery.com*
Steven M. Berezney, CA Bar #329923
*sberezney@koreintillery.com*
Carol O'Keefe (*pro hac vice*)
*cokeefe@koreintillery.com*
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs*

13

Case No. 3:20-cv-04423-JD
PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE
PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT GREG HALM