George A. Zelcs*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
  rewing@koreintillery.com
Ryan Z. Cortazar *
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
  pkorologos@bsfllp.com
Joanna Wright*
  jwright@bsfllp.com
Jeffrey Waldron*
  jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT FRANCOIS-XAVIER NUTTALL**<br><br>Judge: Hon. James Donato<br><br>Date:  April 13, 2023<br>Time:   10:00 a.m. |

1

2

3

## TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** .................................................................................**1**

**STATEMENT OF REQUESTED RELIEF** .............................................................................**1**

**MEMORANDUM OF POINTS AND AUTHORITIES** ...........................................................**1**

**ARGUMENT** ............................................................................................................................**2**

    I.      Portions of Mr. Nuttall's Testimony Regarding What Constitutes CMI
          Should Be Excluded as Not Relevant Because His Definition of CMI Does
          Not Correspond to the Statutory Definition and Is Thus Unrelated to Any
          Issue in This Action. ...............................................................................................**2**

          A.      Federal Rule of Evidence 702 Has a Stringent Relevancy
                  Requirement for Expert Testimony Which Must Help and Not
                  Confuse the Trier of Fact. ...........................................................................**2**

          B.      Portions of Mr. Nuttall's Report and Testimony Concerning CMI
                  Should Be Excluded as Irrelevant and Likely to Confuse the Jury
                  Because He Ignores the Statutory Definition of CMI. ...............................**3**

**CONCLUSION** ..........................................................................................................................**8**

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE
PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT
FRANCOIS-XAVIER NUTTALL

1

## TABLE OF AUTHORITES

**Cases**

*Beard v. United States Postal Serv.,*
    2019 WL 257978 (N.D. Cal. Jan. 18, 2019) ................................................................3

*CZ Servs., Inc. v. Express Scripts Holding Co.,*
    2020 WL 4518978 (N.D. Cal. Aug. 5, 2020) .........................................................3, 4, 7

*Daubert v. Merrell Dow Pharms., Inc.,*
    43 F.3d 1311 (9th Cir. 1995) ....................................................................................3

*Daubert v. Merrell Dow Pharms., Inc.,*
    509 U.S. 579 (1993) ..........................................................................................1, 3, 4

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.,*
    524 F. Supp. 2d 1166 (N.D. Cal. 2007) ......................................................................2

*In re Capacitors Antitrust Litig.,*
    2021 WL 5407452 (N.D. Cal. Nov. 18, 2021) .............................................................7

*Jones v. U.S.,*
    933 F. Supp, 894 (N.D. Cal. 1996) .............................................................................3

*Kumho Tire Co. v. Carmichael,*
    526 U.S. 137 (1999) ..................................................................................................7

*Open Text S.A. v. Box, Inc.,*
    2015 WL 349197 (N.D. Cal. Jan. 23, 2015) ...............................................................2

*Rovid v. Graco Children's Products, Inc.,*
    2018 WL 5906075 (N.D. Cal. Nov. 9, 2018) ...........................................................1, 8

*United States v. Rincon,*
    28 F.3d 921 (9th Cir. 1994) .......................................................................................8

**Statutes**

17 U.S.C. § 1202 ...........................................................................................................passim

**Rules**

Federal Rule of Civil Procedure 26 .....................................................................................1

Federal Rule of Evidence 403 .............................................................................................6

Federal Rule of Evidence 702 ........................................................................................1, 6

1

**NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE that on April 13, 2023, at 10:00 a.m., Plaintiffs will move the

3  Court for an order granting Plaintiffs' Motion to Exclude Portions of the Rebuttal Expert Report

4  and Testimony of Defendants' Expert Francois-Xavier Nuttall.

5

**STATEMENT OF REQUESTED RELIEF**

6      Plaintiffs respectfully request that the Court exclude portions of the expert rebuttal report

7  and testimony of Defendants' expert Francois-Xavier Nuttall that are not relevant or reliable and

8  thus are not admissible pursuant to Federal Rule of Civil Procedure 26, Federal Rule of Evidence

9  702 and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).[1]

10

**MEMORANDUM OF POINTS AND AUTHORITIES**

11      Portions of the expert report and testimony of Mr. Nuttall, an expert offered by Defendants

12  on the topic of metadata and copyright management information ("CMI"), should be excluded

13  because they are not relevant to the issues being litigated in this action or are not reliable and thus

14  will not assist the jury in understanding the evidence presented.

15      Plaintiffs allege that Defendants have violated 17 U.S.C. § 1202 (b) by removing CMI

16  from works uploaded to the platform and by systematically distributing works knowing that CMI

17  has been removed.  Mr. Nuttall is offered solely to rebut the September 1, 2022 expert report and

18  testimony of Plaintiffs' expert Paul Jessop (*see* Ex. 1[2]—Nuttall Rpt. at ¶ 1; Ex. 2—Nuttall Dep. at

19  8:13–17[3]), which concerns the use of metadata and YouTube's treatment of such metadata (Ex.

20  3—Jessop Rpt. at ¶¶ 29–35).  Portions of Mr. Nuttall's report and testimony, however, are not

21  *relevant* to any of the issues being litigated because, by his own admission, his definition of CMI

22

23  [1] Although Plaintiffs are the moving party, "The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements are met."

24  *Rovid v. Graco Children's Products*, 2018 WL 5906075, at *3 (N.D. Cal. Nov. 9, 2018).

25  [2] All numerical exhibits cited herein ("Ex.") are attached to the March 3, 2023 Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Francois-Xavier Nuttall.

26  [3]  **Q:** Are there any opinions other than your opinions with respect to the Jessop report that you

27  intend to offer as an expert witness in this case?

**A:** Not at this stage."

28

is more restricted and limited than the definition of CMI in the relevant statute—17 U.S.C. § 1202 (Ex. 2—Nuttall Dep. at 240:19–41:11; 247:23–48:11.)  As a result of using an inapt definition, Mr. Nuttall's opinions and testimony concerning what constitutes CMI are irrelevant,[4] and his opinions do not "fit" the facts of the case.  Indeed, allowing him to testify on those topics is more likely to confuse than aid the jury.

## ARGUMENT

I.  **Portions of Mr. Nuttall's Testimony Regarding What Constitutes CMI Should Be Excluded as Not Relevant Because His Definition of CMI Does Not Correspond to the Statutory Definition and Is Thus Unrelated to Any Issue in This Action.**

A.  <u>Federal Rule of Evidence 702 Has a Stringent Relevancy Requirement for Expert Testimony Which Must Help and Not Confuse the Trier of Fact.</u>

"Federal Rule of Evidence 702 allows admission of 'scientific, technical, or other specialized knowledge' by a qualified expert if it will 'help the trier of fact to understand the evidence or to determine a fact in issue.'"  *Open Text S.A. v. Box, Inc.*, 2015 WL 349197, at *2 (N.D. Cal. Jan. 23, 2015); *see also In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1171 (N.D. Cal. 2007) (expert testimony is a "fit" only "where the evidence 'logically advances a material aspect of the proposing party's case.'").  The "gatekeeping" role of the judge is to make a "preliminary assessment" as to whether a proposed expert's "reasoning and methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93, 597.  "Relevance is sometimes given less attention as a gatekeeping factor, but it is as much a precondition of admissibility as reliability." *CZ Servs. v. Express Scripts Holding*, 2020 WL 4518978, at *1 (N.D. Cal. Aug. 5, 2020) (Donato, J.).

The threshold test for the relevancy of expert testimony "is more stringent than the relevancy requirement of Rule 402 of the Federal Rules of Evidence, 'reflecting the special dangers inherent in scientific expert testimony.'" *Beard v. United States Postal Serv.,* 2019 WL 257978, at *2 (N.D. Cal. Jan. 18, 2019) (quoting *Jones v. U.S.*, 933 F. Supp. 894, 900 (N.D. Cal.

---

[4] For example, as discussed more fully below at 5, the information contained in the CLFN metadata field does not fit Mr. Nuttall's definition even though it falls squarely within the statutory definition of CMI.

1   1996) (citing *Daubert*, 509 U.S. at 591); *Daubert v. Merrell Dow Pharms.,* 43 F.3d 1311, 1321

2   n.17 (9th Cir. 1995)).  If opinion testimony is not "tied to the claims and facts in a way that helps

3   the jury decide the dispute between the parties," then the testimony is not relevant because it does

4   not "'fit' the case".  *CZ Servs.*, 2020 WL 4518978, at *1.  Here, Mr. Nuttall has not met a

5   threshold requirement of Rule 702: his testimony concerning the application of his idiosyncratic

6   definition of CMI should be excluded because he has not "reliably applied the principles and

7   methods to the facts of the case."  Fed. R. Evid. 702.

8        The purpose of expert testimony is to "aid the jury in resolving a factual dispute."

9   *Daubert*, 509 U.S. at 591.  Therefore, the court must exclude irrelevant testimony where the effect

10   of the proffered testimony would be to confuse and mislead the jury.

11        B.    <u>Portions of Mr. Nuttall's Report and Testimony Concerning CMI Should Be
             Excluded as Irrelevant and Likely to Confuse the Jury Because He Ignores the</u>

12        <u>Statutory Definition of CMI.</u>

13        Mr. Nuttall testified that in both his expert report and his deposition, his opinions

14   concerning copyright management information or CMI were limited to metadata elements used for

15   processing royalty payments, and not descriptive metadata.  Specifically, when Defendants'

16   counsel cross-examined their own expert at deposition, Mr. Nuttall acknowledged that he was not

17   using the legal definition of CMI:

18        "**Q [by Defendants' counsel]**: Earlier today you were asked a series of questions
             and answered a series of questions using the term, CMI or copyright

19             management information.  Do you recall that testimony, sir?

20        "**A**: Yes, I recall that.

21        "**Q**: When you were testifying about copyright management information, were
             you using a legal definition of that term?

22

23        "**A**: No, I was not.

        "**Q**: What definition were you using?

24

25        "**A**: I'm using the definition of the metadata elements that we used for processing
             royalty payments, very specifically, *at the exclusion of descriptive metadata*.
             I would qualify it as what is described as authoritative data."  (Ex. 2—Nuttall

26             Dep. 240:19—241:11 (emphasis added).)

27   Further, on redirect examination by Plaintiffs' counsel, Mr. Nuttall made it clear that he had used

28

the same irrelevant definition in his expert report:

> "**Q [by Plaintiffs' counsel]**: Eli [Defendants' counsel] asked you whether when you were testifying about copyright management information, you were using a legal definition of that term and you said you were not.  Do you recall that testimony?
>
> "**A**: Yes, I do.
>
> "**Q**: When you in your report used the term, copyright management information or the letters, CMI, were you using the same nonlegal definition that you gave Eli a moment ago?
>
> "**A**: That is correct."  (*Id.* at 247:23–248:11.)

In stark contrast, the relevant definition of CMI set forth in 17 U.S.C. § 1202 (c) specifically enumerates descriptive metadata such as the title of the work, the name of the author, and the copyright owner as protected copyright management information:

> "As used in this section, the term 'copyright management information' means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form . . .:
>
> "(1) The title and other information identifying the work, including the information set forth on a notice of copyright.
>
> "(2) The name of, and other identifying information about, the author of a work.
>
> "(3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. . . ."  17 U.S.C. 1202 (c).

Based on his unique limitation of CMI to metadata "used for processing royalty payments," Mr. Nuttall denied that the title, author, and copyright owner of a particular work always constitute CMI, even though the statutory definition in 17 U.S.C. § 1202(c) includes those elements in sub-sections (1), (2), and (3).

> "**Q**: Are you saying that the information of who the artist is for a work is not CMI? . . .
>
> "**A**: The list of contributors could have two forms. One is an informative form which is for acknowledgement and attribution, but that does not grant the

cited contributors any specific financial benefit as opposed to CMI provided information where that grants them effective recognition of ownership.

"**Q:** Do you understand that the name of the copyright owner of a work is CMI? . . .

"**A:** I just explained there are two contexts.  *One is informative and that was not CMI*, and one is rights management purposes -- for financial claims -- and this is CMI."  (Ex. 2—Nuttall Dep. 177:14–178:7 (emphasis added); *see also id.* at 180:18–181:14 (whether the title of a work, author of a work, or copyright owner is CMI).)

Mr. Nuttall's truncated definition of CMI expressly excludes metadata central to Plaintiffs' allegations and definitions related to one of the putative CMI classes.  The CLFN class is composed exclusively of individuals whose works contained descriptive metadata (including the author, title, track number, etc.) in a metadata field called clip file name ("CLFN").  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[5]  (Ex. 1—Nuttall Rpt. at ¶ 56.)  But since the information contained in the CLFN metadata field (title, author, track number, etc.) is included within the broad definition of CMI set forth in 17 U.S.C. § 1202 (c)(1) & (2), Plaintiffs and the putative CLFN class have a legally protected interest in not having this CMI removed from their copyrighted works.

The portions of Mr. Nuttall's expert report and testimony regarding the kinds of metadata that do and do not constitute CMI are not relevant to the issues in this action because his analysis uses a definition of CMI that is far more restrictive than the definition of that term in the statute relevant to Plaintiffs' claims—17 U.S.C. § 1202 (c).[6]  As a result, those portions of Mr. Nuttall's expert report and testimony do not satisfy the relevance requirement of Rule 702—they have no

---

[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1—Nuttall Rpt. at ¶ 56.)

[6] The portions of Mr. Nuttall's expert report that are implicated by this section are Paragraphs 2(d), 34, & 53–73.

bearing on the actual claims that Plaintiffs have advanced and thus will not "help the trier of fact to understand the evidence or to determine a fact in issue" as required by Rule 702(a).

Because Mr. Nuttall employs a definition of CMI that differs significantly from the relevant statutory definition of that term, portions of his report and testimony will fail to "help the trier of fact to understand the evidence or to determine a fact in issue" as required by Rule 702(a) and should thus be excluded.  Such opinions and testimony are not "tied to the claims and facts in a way that helps the jury decide the dispute between the parties." *CZ Servs.,* 2020 WL 4518978, at *1.  The above referenced paragraphs of his report, and any testimony at trial concerning CLFN (or what metadata constitutes CMI generally) should be excluded as irrelevant.

Further, rather than help the jury, Mr. Nuttall's use of an incorrect and irrelevant definition will needlessly confuse the jury.  For most jurors, CMI is a "foreign concept" of which they lack a baseline understanding.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) ("the expert's testimony often will rest upon an experience confessedly foreign in kind to [the jury's] own.  The trial judge's effort to assure that the specialized testimony is reliable and relevant can help the jury evaluate that foreign experience."). If Mr. Nuttall is allowed to use his definition of CMI, there is a serious risk of prejudice, because his testimony about CMI will be based on a different definition than the relevant language set forth in the applicable statute.  The use of an irrelevant definition of CMI would fall far short of the heightened relevance requirement of Rule 702.[7]  Consequently, the referenced opinions and testimony should be excluded under Federal Rule of Evidence 403.  *See United States v. Rincon*, 28 F.3d 921, 923 (9th Cir. 1994 (noting expert testimony that is "otherwise admissible may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.") (citing *Daubert*, 509 U.S. at 595).

*Rovid v. Graco Children's Products*, 2018 WL 5906075 (N.D. Cal. Nov. 9, 2018), is instructive.  In that action, plaintiff's expert was engaged to determine whether a mattress

---

[7] An expert cannot opine on "strictly legal matters."  *In re Capacitors Antitrust Litig.*, 2021 WL 5407452, at *5 (N.D. Cal. Nov. 18, 2021) (Donato, J.).  That is particularly relevant where, as here, the expert does not correctly understand the law.

manufactured by defendant contributed to sudden infant death due to the risk of hazardous carbon dioxide re-inhalation. *Id.* at *4–5. The court found that plaintiff's expert had adopted an idiosyncratic definition of the term "hazardous," that rendered his "conclusions misleading and meaningless." *Id.* at *8. Accordingly, the court excluded the expert's opinions. *Id.* Similarly, Mr. Nuttall's idiosyncratic definition of CMI renders his opinions "misleading and meaningless", and his opinions that involve the use of the term CMI should be excluded.

The jury would have to interpret Mr. Nuttall's report and testimony to decipher whether he is using his own idiosyncratic definition of CMI or the legally relevant definition found in 17 U.S.C. § 1202. For example, Mr. Nuttall offers an opinion in his rebuttal report that ████████ ████████████████████████████████████████████████████████████████ ██████████████████ (Ex. 1—Nuttall Rep. at ¶ 34.) ███████████████ █████████████████████████████████████████████ ████████████████████████████████████████████ (Ex. 2—Nuttall Dep. 163:1–64:19.) The jury will be forced to determine (and may fail to do so correctly and consistent with the relevant statute) whether his opinions arise from his faulty definition of CMI or some other rationale.

Defendants have not disputed that the information contained within the CLFN field can constitute CMI under the definition provided in 17 U.S.C. § 1202(c)(1) & (2). Allowing Mr. Nuttall affirmatively to testify or imply that it is not CMI would be tantamount to submitting a false fact into the evidentiary record. He should not be allowed to do so.

The portions of Mr. Nuttall's report that should thus be excluded ██████████████ ████████████████████████████████████████████████████ (¶¶ 53–73). ██████ ██████████████████████████

- ████████████████████████████████████████████████████ (Ex. 1—Nuttall Rpt. at ¶56);



(*id.* at ¶ 58);

(*id.* at ¶ 62);

(*id.* at ¶ 64); and

(*id.* at ¶ 66).

In Paragraph 34 of his report, Mr. Nuttall, ignoring the statutory requirements of 17 U.S.C. § 1202 (c), opines, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ And, in Paragraph 2(d) of his report, Mr. Nuttall opines on ▇▇▇▇ ▇▇▇▇▇▇ which is itself irrelevant to whether the CLFN field does or does not contain CMI as defined under 17 U.S.C. § 1202 (c).

For the foregoing reasons, Mr. Nuttall should not be permitted to provide expert testimony concerning CMI that is not included within his legally erroneous definition because his opinions do not "fit" the facts of the case, are irrelevant to Plaintiffs' claims, and are likely to confuse the jury.  Consequently, Paragraphs 2(d), 34, & 53–73 of his expert report should be stricken and excluded, and he should not be permitted to testify at trial on those subjects or to provide any testimony that concerns, or addresses what constitutes, CMI.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court strike or exclude the portions of Mr. Nuttall's report and testimony that relate to CMI not included within his

legally erroneous definition (as identified in Paragraphs 2(d) & 53–73 of his expert report) and to

the potential uses of such CMI (as identified in Paragraph 34 of his expert report).  Furthermore,

Mr. Nuttall should be prohibited generally from testifying concerning CMI or what kinds of

metadata do or do not constitute CMI.


Dated March 3, 2023                              Respectfully submitted,


                                                 /s/ Philip Korologos
                                                 Philip C. Korologos (*pro hac vice*)
                                                 *pkorologos@bsfllp.com*
                                                 Joanna Wright (*pro hac vice*)
                                                 *jwright@bsfllp.com*
                                                 Jeffrey Waldron (*pro hac vice*)
                                                 *jwaldron@bsfllp.com*
                                                 BOIES SCHILLER FLEXNER LLP
                                                 55 Hudson Yards, 20th Floor
                                                 New York, NY 10001
                                                 Telephone: (212) 446-2300
                                                 Facsimile: (212) 446-2350

                                                 Joshua Irwin Schiller, CA Bar #330653
                                                 *jischiller@bsfllp.com*
                                                 BOIES SCHILLER FLEXNER LLP
                                                 44 Montgomery St., 41st Floor
                                                 San Francisco, CA 94104
                                                 Telephone: (415) 293-6800
                                                 Facsimile: (415) 293-6899

                                                 George A. Zelcs (*pro hac vice*)
                                                 *gzelcs@koreintillery.com*
                                                 Randall P. Ewing, Jr. (*pro hac vice*)
                                                 *rewing@koreintillery.com*
                                                 Ryan Z. Cortazar (*pro hac vice*)
                                                 *rcortazar@koreintillery.com*
                                                 KOREIN TILLERY, LLC
                                                 205 North Michigan, Suite 1950
                                                 Chicago, IL 60601
                                                 Telephone: (312) 641-9750
                                                 Facsimile: (312) 641-9751

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stephen M. Tillery (*pro hac vice*)
*stillery@koreintillery.com*
Steven M. Berezney, CA Bar #329923
*sberezney@koreintillery.com*
Carol O'Keefe (*pro hac vice*)
*cokeefe@koreintillery.com*
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs*

PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE
PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT
FRANCOIS-XAVIER NUTTALL