# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

```
MARIA SCHNEIDER, UNIGLOBE              ) Case No.
ENTERTAINMENT, LLC, and AST            ) 3:20-cv-04423-JD
PUBLISHING LTD., individually and      )
on behalf of all others similarly      )
situated,                              )
                                       )
        Plaintiffs,                    )
                                       )
        vs.                            )
                                       )
YOUTUBE, LLC and GOOGLE LLC,           )
                                       )
        Defendants.                    )
_____)
YOUTUBE, LLC and GOOGLE LLC,           )
                                       )
        Counterclaimants,              )
                                       )
        vs.                            )
                                       )
PIRATE MONITOR LTD, PIRATE MONITOR     )
LLC, and GÁBOR CSUPÓ,                  )
                                       )
        Counterclaim Defendants.       )
_____)
```

VIRTUAL VIDEOCONFERENCE VIDEO-RECORDED DEPOSITION OF

GÁBOR CSUPÓ, 30(B)(1)


Remotely Testifying from Los Angeles, California


Stenographically Reported By:

Hanna Kim, CLR, CSR 13083

Job No. 5301969-B

## Page 2

```
 1                UNITED STATES DISTRICT COURT
 2               NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN FRANCISCO DIVISION
 4
 5   MARIA SCHNEIDER, UNIGLOBE      ) Case No.
     ENTERTAINMENT, LLC, and AST    ) 3:20-cv-04423-JD
 6   PUBLISHING LTD., individually and )
     on behalf of all others similarly )
 7   situated,                      )
                                    )
 8        Plaintiffs,               )
                                    )
 9        vs.                       )
                                    )
10   YOUTUBE, LLC and GOOGLE LLC,   )
                                    )
11        Defendants.               )
     _____)
12   YOUTUBE, LLC and GOOGLE LLC,   )
                                    )
13        Counterclaimants,         )
                                    )
14        vs.                       )
                                    )
15   PIRATE MONITOR LTD, PIRATE MONITOR )
     LLC, and GÁBOR CSUPÓ,          )
16                                  )
          Counterclaim Defendants.  )
17   _____)
18        Virtual videoconference video-recorded
19   deposition of GÁBOR CSUPÓ, testifying as a 30(B)(1)
20   witness, taken on behalf of the Defendants and
21   Counterclaimants and pursuant to the stipulations of
22   counsel thereof, on Tuesday, July 5, 2022,
23   commencing at 6:30 p.m., and ending at 6:42 p.m.,
24   before Hanna Kim, CLR, Certified Shorthand Reporter,
25   No. 13083.
```

## Page 3

```
 1       REMOTE VIDEOCONFERENCE APPEARANCES OF COUNSEL:
 2
 3   For Plaintiffs and the Witness:
 4       KOREIN TILLERY, LLC
 5       BY:  RANDALL P. EWING, JR., ESQ.
 6       BY:  GEORGE ZELCS, ESQ.
 7       205 North Michigan, Suite 1950
 8       Chicago, Illinois 60601
 9       312.641.9750
10       rewing@koreintillery.com
11
12   For Defendants and Counterclaimants:
13       WILSON SONSINI GOODRICH & ROSATI
14       Professional Corporation
15       BY:  CATHERINE R. HARTMAN, ESQ.
16       BY:  QIFAN HUANG, ESQ.
17       1301 Avenue of the Americas, 40th Floor
18       New York, New York 10019-6022
19       212.999.5800
20       chartman@wsgr.com
21
22   Also Present:
23       JULIO PENA, Videographer
24
25
```

## Page 4

```
 1                    INDEX OF EXAMINATION
 2
 3   WITNESS:  GÁBOR CSUPÓ
 4   EXAMINATION                                    PAGE
 5       BY MS. HARTMAN:                             7
 6       BY MR. EWING:                              11
 7
```

## Page 5

```
 1                     INDEX OF EXHIBITS
 2
 3          (No exhibits offered to be marked for
 4   identification electronically.)
 5
 6   PREVIOUSLY MARKED EXHIBITS REFERENCED          PAGE
 7   Csupo Deposition Exhibit 20B                    13
 8                        --o0o--
```

Page 6

1    Remotely Testifying from Los Angeles, California
2    Tuesday, July 5, 2022; 6:30 p.m., PDT
3                   --o0o--
4            **THE VIDEOGRAPHER:** Good afternoon. We are
5    on the record at 6:30 p.m. on July 5th, 2022.
6            Please note that microphones are sensitive
7    and might pick up whispering and private
8    conversations.
9            Audio and video recording will continue to
10   take place, unless all parties agree to go off the
11   record.
12           This is the video-recorded deposition of
13   Gábor Csupó taken by counsel for Defendant in the
14   matter of Schneider, et al. versus YouTube LLC,
15   et al.
16           This deposition is being held via Zoom
17   meeting.
18           My name is Julio Pena from Veritext, and I
19   am the videographer.
20           The court reporter is Hanna Kim from
21   Veritext.
22           I am not related to any party in this
23   action, nor am I financially interested in the
24   outcome.
25           If there are any objections to proceeding,

Page 7

1    please state them at the time of your appearance,
2    beginning with noticing attorney.
3            **MS. HARTMAN:** Hi, Mr. Csupó.
4                  EXAMINATION
5    BY MS. HARTMAN:
6       Q.  **Earlier today you were deposed as the**
7    **corporate designee for Pirate Monitor --**
8            **MS. HARTMAN:** Sorry?
9            **THE VIDEOGRAPHER:** Your inter --
10   introduction, please. Just your appearance.
11           **MS. HARTMAN:** Oh, sorry. I jumped the
12   gun.
13           I'm Catherine Hartman from Wilson Sonsini
14   Goodrich & Rosati, and I represent Google LLC and
15   YouTube LLC.
16           **MR. ZELCS:** George Zelcs on behalf of the
17   Plaintiffs and the witness.
18           **MR. EWING:** Randall Ewing on behalf of the
19   Plaintiffs and the witness.
20
21                 GÁBOR CSUPÓ,
22       having been duly administered an oath over
23    videoconference as stipulated by all counsel, was
24           examined and testified as follows:
25   ///

Page 8

1                  EXAMINATION
2    BY MS. HARTMAN:
3       Q.  **Mr. Csupó, earlier today, you were deposed**
4    **as the corporate designee for Pirate Monitor LTD;**
5    **right?**
6       A.  Yes. Yes.
7       Q.  **And now you're being deposed in your**
8    **individual capacity; correct?**
9       A.  Correct.
10      Q.  **If all the questions posed to you -- in**
11   **the --**
12           (Interruption in audio/video.)
13      **-- Pirate Monitor LTD were posed to you in**
14   **this deposition, would your answers be the same?**
15           **MR. ZELCS:** Objection. Form.
16           **THE WITNESS:** Would my answers be the
17   same?
18           Yes.
19   BY MS. HARTMAN:
20      Q.  **Is there any information that Pirate**
21   **Monitor LTD knows that you do not know?**
22      A.  Endre Holman might have information which
23   I don't know, but I [verbatim] supposed to know
24   personally almost everything about the case.
25      Q.  **So if there's information that Pirate**

Page 9

1    **Monitor LTD knows that you don't know, you're saying**
2    **that Mr. Holman would know that information;**
3    **correct?**
4       A.  In his head, probably. Document-wise, no,
5    because everything was decided together I got CC'd
6    on.
7       Q.  **What do you mean?**
8       A.  Hmm?
9            **MR. ZELCS:** Objection.
10   BY MS. HARTMAN:
11      Q.  **What do you mean?**
12           **MR. ZELCS:** Excuse -- excuse me,
13   Catherine, for just a second. I'm going to reach
14   over Mr. Csupó's head to plug in a cord here.
15           Thank you. Sorry. My apologies.
16           **THE WITNESS:** I -- I'm sorry. Could you
17   please rephrase that question. I -- I don't know
18   what I [verbatim] supposed to answer to right now.
19   BY MS. HARTMAN:
20      Q.  **You stated that Mr. Holman might have**
21   **information about Pirate Monitor LTD that you do not**
22   **have; right?**
23      A.  Only in a way that he was acting on the
24   authorization from me, and he -- he did things,
25   because I'm not him. So he might have a couple of

Page 10

1  extra knowledge in his head which I don't know, but
2  paper-wise, I don't assume that he has anything
3  else.
4      Q.  But when Mr. Holman acted on behalf of
5  Pirate Monitor LTD, it was with your
6  authorization --
7      A.  Yes.
8      Q.  -- correct?
9      A.  Yes.
10     Q.  Is there anything you know that Pirate
11 Monitor LTD does not know?
12     A.  Oh, yeah.  I know a lot of things.
13     Q.  What do you know that Pirate Monitor LTD
14 does not know --
15         MR. ZELCS:  Objection.
16 BY MS. HARTMAN:
17     Q.  -- about copyrights on YouTube?
18     A.  Oh, now, that's a different way of
19 phrasing it.  I don't know.  I -- I don't think so.
20     Q.  Anything that you know about this lawsuit
21 Pirate Monitor LTD would also know; correct?
22     A.  Yes.
23     Q.  Is there anything you know about IPLLC
24 that Pirate Monitor LTD does not know?
25     A.  I -- I can't answer that hundred percent.

Page 11

1  By my assumption, yes.
2      Q.  How is it that you know something about
3  IPLLC that Pirate Monitor LTD does not know?
4          MR. ZELCS:  Catherine, I think you want to
5  restate the question.  You've got a
6  miscommunication, is my guess.  I'm just trying to
7  save us some time.
8          Please listen to her question carefully.
9          THE WITNESS:  Okay.
10 BY MS. HARTMAN:
11     Q.  Is there anything you know about IPLLC
12 that Pirate Monitor LTD does not know?
13     A.  I don't think so.
14     Q.  Is there anything that Pirate Monitor LTD
15 knows about IPLLC that you do not?
16     A.  I don't think so.
17         MS. HARTMAN:  I have no further questions.
18         THE COURT REPORTER:  May we go off the
19 record, please.
20         MR. EWING:  I can -- I can just do my
21 redirect now, if you'd like, unless there's
22 something we need to go off the record for.
23         MS. HARTMAN:  That's fine.
24              EXAMINATION
25 BY MR. EWING:

Page 12

1      Q.  Okay.  Mr. Csupó, first I want to thank
2  you for taking the time today for this --
3      A.  My pleasure.
4      Q.  -- deposition.
5          THE COURT REPORTER:  Hold on.
6          MR. EWING:  Oh, sorry.
7          THE COURT REPORTER:  One person at a time,
8  please.
9          MR. EWING:  Okay.
10 BY MR. EWING:
11     Q.  Did Pirate Monitor Limited have employees?
12     A.  Authorized agents, yes.
13     Q.  But -- I understand.
14         So Pirate Monitor Limited had authorized
15 agents; is that right?
16     A.  Yes.
17     Q.  And did Pirate Monitor Limited have direct
18 employees?
19     A.  No.
20     Q.  Did IPLLC also have authorized agents?
21     A.  Yes.
22     Q.  Did IPLLC ever have direct employees?
23     A.  No.
24     Q.  Do you recall testifying earlier today
25 about a conversation that you had with Gábor

Page 13

1  Kálomista about removing things off of YouTube?
2      A.  Yes.
3      Q.  Did Mr. Kálomista ever specifically
4  mention copyright infringement takedown notices when
5  he told you to remove everything off of YouTube?
6      A.  I don't think he even knows this sentence,
7  no.
8      Q.  And then following that, you had a
9  conversation with Endre; is that right?
10     A.  Yes.
11     Q.  When you had that conversation with Endre
12 about removing things off of YouTube, did you
13 ever spe- -- did you ever mention specifically
14 copyright infringement takedown notices?
15     A.  No.  I stated that in my statement by
16 saying I only told him to take it down, never
17 instructed him in any specific way.
18     Q.  Okay.  Could you go back to Pirate Monitor
19 Exhibit 20B.  And I'll help you, as we'll have to
20 change the folders again.
21         (Previously marked Deposition Exhibit 20B
22         was referenced.)
23         Okay.  I want to go to 20B, if you can
24         pull it up.
25     A.  20B?

Page 14

1  Q. Yeah.
2     And I want to go to the second page.  Near
3  the -- near the bottom, do you see where it says "I
4  declare in good faith that," and then there's five
5  bullets following that?
6  A. Where -- where is that, please?
7  Q. Do you see where it says "I declare" --
8  A. Oh.
9  Q. -- "in good faith that" --
10 A. Yes.
11 Q. -- and then there's five bullets
12 underneath that?
13 A. Yes.
14 Q. Could you take a moment to just read those
15 to yourself and let me know when you're done?
16    MR. ZELCS:  Which exhibit is this?  20B?
17    MR. EWING:  20B.
18    MR. ZELCS:  Thank you.
19    THE WITNESS:  Yes, I read it.
20 BY MR. EWING:
21 Q. Did you personally ever authorize anyone
22 to send in a takedown notice if those five things
23 were not true?
24 A. No.
25 Q. Did IPLLC ever authorize anyone to send in

Page 15

1  a takedown notice if those five things were not
2  true?
3  A. No.
4  Q. Did Pirate Monitor Limited ever authorize
5  anyone to send in a takedown notice if those five
6  things were not true?
7  A. No.
8     MR. EWING:  I have no further questions.
9     MS. HARTMAN:  I have no further questions.
10    MR. ZELCS:  We'll reserve signature.
11 Thank you, everyone.  Appreciate it.
12    THE WITNESS:  Thank you very much.
13    MS. HARTMAN:  Thank you.
14    THE WITNESS:  Appreciate it.
15    MS. HARTMAN:  Thank you, Mr. Csupó.
16    THE WITNESS:  Thank you.  Thank you.
17    MS. HARTMAN:  Thank you, everyone.
18    THE VIDEOGRAPHER:  The time is 6:42, and
19 we're going off the record.
20    (Proceedings concluded, 6:42 p.m., PDT, on
21 July 5, 2022.)
22
23
24
25

Page 16

1                   JURAT
2
3     I, GÁBOR CSUPÓ, do hereby certify under
4  penalty of perjury that I have read the foregoing
5  transcript of my deposition remotely taken on
6  Tuesday, July 5, 2022; that I have made such
7  corrections as appear noted herein in ink, initialed
8  by me; that my testimony as contained herein, as
9  corrected, is true and correct.
10
11    Dated this _____ day of _____, 2022,
12 at _____.
13
14
15
16             _____
               GÁBOR CSUPÓ
17
18
19
20
21
22
23
24
25

1            CERTIFICATE OF REPORTER
2     I, Hanna Kim, a Certified Shorthand
3  Reporter, do hereby certify:
4     That prior to being examined, the witness
5  in the foregoing proceedings was by me duly sworn to
6  testify to the truth, the whole truth, and nothing
7  but the truth;
8     That said proceedings were taken before me
9  at the time and place therein set forth remotely and
10 were taken down by me in shorthand and thereafter
11 transcribed into typewriting under my direction and
12 supervision;
13    I further certify that I am neither
14 counsel for, nor related to, any party to said
15 proceedings, not in anywise interested in the
16 outcome thereof.
17    Further, that if the foregoing pertains to
18 the original transcript of a deposition in a federal
19 case, before completion of the proceedings, review
20 of the transcript [x] was [ ] was not requested.
21    In witness whereof, I have hereunto
   subscribed my name.
22 Dated:  12th day of July, 2022
23
24       <%6538,Signature%>
         Hanna Kim
25       CLR, CSR No. 13083