# EXHIBIT 1

to the Declaration of Paul Harold

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>vs.<br><br>GÁBOR CSUPÓ, PIRATE MONITOR LTD., LLC, and PIRATE MONITOR LLC,<br><br>Counter-Defendants. | CASE NO. 3:20-cv-4423<br><br>**PLAINTIFF MARIA SCHNEIDER'S OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S FOURTH SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Maria Schneider submits the following responses and objections to Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively "Defendants") Fourth Set of Interrogatories to Plaintiff Maria Schneider, dated December 16, 2021 (the "Requests"), in the above-captioned action (the "Action").

By submitting these Responses, Schneider does not concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the Action.

Schneider reserves the right to amend or revise these Responses, including based on any responses or objections submitted by Defendants to any of Schneider's discovery requests. Schneider also asserts that any discovery obligations should be mutual between parties, so that if any of her objections are overridden, Defendants should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

# GENERAL OBJECTIONS

1. Schneider objects to the Interrogatories to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. Schneider objects to the extent the Interrogatories seek information that is already in Defendants' possession, is equally accessible to Defendants, or is readily accessible to Defendants.

3. Schneider objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

4. Schneider's responses are based solely on facts reasonably known to her at the time of responding to these Interrogatories. Schneider reserves the right to supplement, amend, or otherwise modify these responses.

# SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 11:**

Separately for each alleged infringement identified in the Preliminary List of Infringements, describe in detail the circumstances under which You first became aware of each alleged infringement identified therein, including but not limited to (i) the date on which each alleged infringement came to Your attention, (ii) the process by which You identified each alleged infringement, such as any efforts to search for potential infringements and any search terms used to search for potential infringements, and (iii) the means by which You tied each alleged infringement to the relevant work(s) in suit.

**OBJECTIONS AND RESPONSE:**

Plaintiff objects to this interrogatory because it seeks information protected by the attorney–client and work product privileges; because it is overbroad and seeks information that is not relevant to the claims and defenses in this litigation; because it is unlikely to lead to admissible evidence; and because it is unduly burdensome. Plaintiff further objects to this interrogatory as inappropriate

1 discovery-on-discovery and because of the vague and ambiguous terms and phrases "came to Your
2 attention," "process," and "means by which You tied."
3     Subject to and without waiving these objections, Plaintiff Maria Schneider answers that for
4 infringements for which she submitted takedown notices to YouTube she and/or her agents became
5 aware of the infringements on or before the date on which she filed the takedown notices with
6 YouTube. The process she and/or her agents used to identify these infringements involved
7 conducting searches through YouTube's search function using various search terms including "Maria
8 Schneider" as well as the names of her albums and songs, including the names of the copyrighted
9 works in suit. The means that she and/or her agents used to tie these infringements to the relevant
10 works in suit involved her and/or her agents playing the video and listening for a match between the
11 audio played in the video and the relevant work in suit.

**VERIFICATION**

Maria Schneider has read the foregoing responses to Defendants' Interrogatories and states that the answers contained therein are true to the best of her knowledge, information, and belief.

Signed:

Dated: 1/14/2022

*Maria Schneider*
1/14/2022

| | |
|---|---|
| Dated: January 14, 2022 | Respectfully submitted, |
| | /s/ Randall P. Ewing, Jr. |

George A. Zelcs (*pro hac vice*)
Randall P. Ewing, Jr. (*pro hac vice*)
Ryan Z. Cortazar (*pro hac vice*)
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (*pro hac vice*)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
Joanna Wright (*pro hac vice*)
Demetri Blaisdell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*