# EXHIBIT 2

to the Declaration of Paul Harold

George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Ryan Z. Cortazar *(pro hac vice)*
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:  (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
  pkorologos@bsfllp.com
Joanna Wright
  jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:  (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Maria Schneider and Pirate Monitor, LT*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | CASE NO.  5:20-cv-4423<br><br>**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES** |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs Maria Schneider and Pirate Monitor LTD ("Named Plaintiffs," and together with the Class, "Plaintiffs") make the following initial disclosures to Defendants YouTube, LLC, Google LLC, and Alphabet Inc. (collectively "Defendants") based on currently available information. Plaintiffs reserve the right to modify, amend, and supplement these initial disclosures based on further investigation and on information learned in discovery. By making these disclosures, Plaintiffs do not intend to waive any objections or privileges available to them.

F. Communications between Named Plaintiffs and defendants concerning access to Content ID.

## 3. Computation of Damages

Named Plaintiffs' computation of damages will be the subject of both lay and expert testimony, the latter of which will be disclosed in accordance with the Court's expert disclosure schedule, and is dependent upon discovery yet to be produced from Defendants including on issues directly related to damages such as the number of takedown notices during the class period, the number of copyrighted works infringed, the scope of the removal of copyright management information ("CMI"), etc.

Pursuant to the Copyright Act, Named Plaintiffs' and the Class's damages for infringement will be measured either (1) as a combination of the actual damages suffered either based on lost profits or a hypothetical license as well as the disgorgement of YouTube's profits earned on the infringing videos or (2) as an aggregate of statutory damages measured between $750 and $30,000 per work whose copyright has been infringed, and this sum can be increased to $150,000 for willful infringement. *See* 17 U.S.C. § 504. Statutory damages are also available for each violation of § 1202 for the unlawful removal of CMI. 17 U.S.C. § 1203. Damages for CMI removal are measured between $2,500 and $25,000 for each violation. *Id.*

Named Plaintiffs and the Class may elect either actual damages plus Defendants' profits or statutory damages at any time before final judgment and have not made a choice at this early stage.

### A. Actual Damages Estimate

Plaintiff Maria Schneider expects that discovery shall establish lost revenues as the result of repeated infringement of her works on YouTube. In addition, Plaintiff Maria Schneider expects that she will be able to establish through expert testimony the value of a hypothetical license for unauthorized use of her works by Defendants.

8

Plaintiff Pirate Monitor expects that discovery shall establish lost revenues as the result of repeated infringement of its works on YouTube. In addition, Plaintiff Pirate Monitor expects that it will be able to establish through expert testimony the value of a hypothetical license for unauthorized use of its works by Defendants.

The Class expects that discovery shall establish lost revenues as the result of repeated infringement of the Class's works on YouTube. In addition, the Class expects that it will be able to establish through expert testimony the value of hypothetical licenses for unauthorized use of its works by Defendants.

In addition, Named Plaintiffs and the Class expect to establish through discovery the extent of Defendants profits which shall be subject to disgorgement. While these damages estimates for the Class are necessarily imprecise prior to discovery and expert analysis, Named Plaintiffs and the Class provide below a very rough estimate of the actual damages recoverable in the form of disgorgement based on some historical publicly available data and as well as their current information and belief. In 2010, it was estimated that one-third of the two billion views of YouTube videos with ads included copyrighted content. That same year, 104 billion views per year were monetized. We can then estimate that the total number of monetized views that included copyrighted content was over 34 billion views. Video views were then monetized at a median rate of approximately $11 per thousand views (of which YouTube received 45 percent or about $5) and about $3.50 per click (of which YouTube received 45 percent or about $1.60). The click rate for ads was approximately 1/3 of 1%. YouTube's take from viewership alone (and not clicks) was thus over $170 million (34 billion total monetized views of infringing content X $5 / 1000 views = $170 million). The estimated earnings on clicked ads would be $180 million (34 billion total monetized views X 0.0033 click rate X $1.60 per click=$180 million). For 2010 alone, then, YouTube made $350 million in revenue off of copyrighted content. While Google does not separately report YouTube's profit margin, Alphabet's gross profit margin has

9

CMI has been removed will not be determined through discovery and expert testimony, damages will be between $2,500 and $25,000 for each work for which CMI has been removed or altered.

4. **Insurance Agreements**

Plaintiffs are not aware of any insurance agreements that would oblige an insurance business to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

 /s/ George A. Zelcs
George A. Zelcs
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Joshua Irwin Schiller
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and Pirate Monitor LTD*

11
PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES                                   5:20-cv-4423