# EXHIBIT 3

to the Declaration of Paul Harold

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | CASE NO. 3:20-cv-4423-JD<br><br>**PLAINTIFF MARIA SCHNEIDER'S OBJECTIONS AND RESPONSES TO DEFENDANT YOUTUBE, LLC AND GOOGLE LLC'S FIFTH SET OF INTERROGATORIES TO PLAINTIFF MARIA SCHNEIDER (NOS. 12-20)** |

5.      Schneider objects to the Interrogatories to the extent they seek information that Defendants can obtain from sources that are more convenient, less burdensome, or less expensive.

6.      Schneider objects to the Interrogatories to the extent they seek information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

7.      Schneider further objects to the Interrogatories to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable, or otherwise seek the discovery of information that is neither relevant to the claims or defenses of any party to this action nor reasonably calculated to lead to the discovery of admissible evidence

8.      Schneider objects to the Interrogatories to the extent they are propounded for the improper purpose of annoying or harassing her.

9.      Schneider's responses are based solely on facts reasonably known to her at the time of responding to these Interrogatories. Schneider reserves the right to supplement, amend, or otherwise modify these responses.

<b><u>SPECIFIC OBJECTIONS AND RESPONSES</u></b>

**<u>INTERROGATORY NO. 12</u>:**

**For each alleged infringement of a Work In Suit that You assert in this action, describe in detail Your actual damages, if any, from the alleged infringement, including specification of all evidence supporting any actual damages claimed.**

**<u>OBJECTIONS AND RESPONSE</u>**:

Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiffs further objects that the interrogatory is overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

1  Subject to and without waiving these objections, Plaintiff responds that Defendants have not to date produced information responsive to RFPs seeking information relevant to this issue. For example, Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 7, 111, and 117.

**INTERROGATORY NO. 13:**

**For each alleged infringement of a Work In Suit that You assert in this action, if You contend that YouTube had "actual knowledge" that any material or activity using the material on the YouTube service infringed the Work In Suit within the meaning of 17 U.S.C. §§ 512 (c)(1)(A)(i) or 512(d)(1)(A), describe in detail the basis for Your contention, including all evidence supporting Your contention.**

**OBJECTIONS AND RESPONSE:**

Plaintiff objects to this interrogatory because it is a premature contention interrogatory served before discovery is complete. Plaintiff further objects that this interrogatory is vague because it does not define "actual knowledge," overbroad and unduly burdensome in that it seeks "all evidence" supporting this contention. Plaintiff reserves the right to supplement her response to this interrogatory after discovery has closed, before the pretrial conference, or at any other time as ordered by the Court.

Subject to and without waiving these objections, Plaintiff responds that Defendants have not to date produced information responsive to RFPs seeking information relevant to this issue. For example, Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 6, 28 and 88. Despite these deficiencies, Plaintiff further identifies the following documents relevant to this issue: GOOG-SCHNDR-00000774–0857; SCHNEIDER_0000002682–2684, '4136, '8653, '9293, '9317–9346, '9352–9355, '9439–9482, '9659, '9665, '13447–13453, '17479–17481; GOOG-SCHNDR-00038421, GOOG-SCHNDR-00038639, GOOG-SCHNDR-00038640, GOOG-SCHNDR-00038668, GOOG-SCHNDR-00038693, GOOG-SCHNDR-00039154, GOOG-SCHNDR-00039174

**INTERROGATORY NO. 14:**

## VERIFICATION

Maria Schneider has read the foregoing responses to Plaintiff's Interrogatories, and the answers contained therein are true to the best of her knowledge, information, and belief.

Signed: *Maria Schneider*

Dated: May 31, 2022

| | |
|---|---|
| 1  Dated: May 31, 2022 | Respectfully submitted, |ています

| | |
|---|---|
| Dated: May 31, 2022 | Respectfully submitted, |

/s/ Ryan Z. Cortazar
George A. Zelcs *(pro hac vice)*
Randall P. Ewing, Jr. *(pro hac vice)*
Ryan Z. Cortazar *(pro hac vice)*
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe *(pro hac vice)*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*
Demetri Blaisdell *(pro hac vice)*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*