# EXHIBIT 4

to the Declaration of Paul Harold

1  George A. Zelcs (*pro hac vice*)
      gzelcs@koreintillery.com
2  Randall P. Ewing, Jr. (*pro hac vice*)
      rewing@koreintillery.com
3  Ryan Z. Cortazar (*pro hac vice*)
      rcortazar@koreintillery.com
4  **KOREIN TILLERY, LLC**
   205 North Michigan, Suite 1950
   Chicago, IL  60601
5  Telephone: (312) 641-9750
   Facsimile: (312) 641-9751
6
7  Stephen M. Tillery (*pro hac vice*)
      stillery@koreintillery.com
8  Steven M. Berezney, CA Bar #329923
      sberezney@koreintillery.com
9  Michael E. Klenov, CA Bar #277028
      mklenov@koreintillery.com
10 Carol O'Keefe (*pro hac vice*)
      cokeefe@koreintillery.com
11 **KOREIN TILLERY, LLC**
   505 North 7th Street, Suite 3600
   St. Louis, MO  63101
12 Telephone: (314) 241-4844
   Facsimile: (314) 241-3525
13
14 Joshua Irwin Schiller, CA Bar #330653
      jischiller@bsfllp.com
15 **BOIES SCHILLER FLEXNER LLP**
   44 Montgomery St., 41st Floor
   San Francisco, CA  94104
16 Telephone: (415) 293-6800
   Facsimile: (415) 293-6899
17
18 Philip C. Korologos (*pro hac vice*)
      pkorologos@bsfllp.com
19 Joanna C. Wright (*pro hac vice*)
      jwright@bsfllp.com
20 Demetri Blaisdell (*pro hac vice*)
      dblaisdell@bsfllp.com
21 **BOIES SCHILLER FLEXNER LLP**
   55 Hudson Yards, 20th Floor
   New York, NY  10001
22 Telephone: (212) 446-2300
   Facsimile: (212) 446-2350
23
24 *Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC, and GOOGLE LLC;<br><br>Defendants. | CASE NO. 3:20-cv-4423-JD<br><br>**PLAINTIFF MARIA SCHNEIDER'S OBJECTIONS AND RESPONSES TO DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC'S SIXTH SET OF INTERROGATORIES TO PLAINTIFF MARIA SCHNEIDER (NOS. 21-23)** |

1    Plaintiff also contends that YouTube's repeat infringer policy is not reasonably implemented because YouTube's Watch Next algorithms do not filter out videos subject to DMCA takedown notices or videos from channels with multiple copyright strikes. Froehle Dep. Tr. (Rough) at 75:17-76:7.

Plaintiff also contends that YouTube fails to inform users of its repeat infringer policy, the contents of which it has designated as Confidential or Highly Confidential in this case, because it does not expressly or adequately inform users of each of the deficient aspects of its repeat infringer policy identified in the paragraphs above. *See* Ting Dep. Tr. (Rough) at 84:23-87:24.

Plaintiff reserves the right to supplement this response because Defendants have not produced information responsive to this issue that is sought, at minimum, by RFPs 7, 14, 27, 32, 34, 36, 38, 48, 111, and 117.

**INTERROGATORY NO. 23:**

**Identify, for each class of plaintiffs or sub-class of plaintiffs that You seek to certify in this action, all facts supporting Your contention that class certification is appropriate under Federal Rule of Civil Procedure 23, including, for each Rule 23 factor relevant to an injunction, damages, or issue class as applicable, all facts supporting Your contention that the factor is satisfied.**

**OBJECTIONS AND RESPONSE:**

Plaintiff objects to this Interrogatory because it is a premature contention interrogatory served before discovery is complete in this case. Plaintiff further objects that this Interrogatory is an improper compound interrogatory that asks for information responsive to at least ten unrelated factors, including (1) class definition overbreadth; (2) class definition vagueness; (3) numerosity; (4) commonality; (5) typicality; (6) adequacy; (7) predominance; (8) superiority; (9) the appropriateness of injunctive class relief; and (10) the appropriateness of class-wide issue adjudication. Plaintiff further objects that the Interrogatory is overbroad and unduly burdensome in that it seeks "all facts" supporting this purported contention. Plaintiff further objects that this Interrogatory is improper because it seeks information protected by attorney-client privilege and

1   the attorney work product doctrine in order to obtain an unfair preview of class certification
2   materials. *Ramirez v. GEO Group, Inc.,* 18CV2136-LAB (MSB), 2019 WL 950328, at *5 (S.D.
3   Cal. Feb. 26, 2019) ("These interrogatories essentially ask Plaintiff to present his Motion for Class
4   Certification in advance of the motion deadline. . . . To force Plaintiff to preview the class
5   certification motion for [Defendants] is premature, burdensome and harassing."); *Campbell v.
6   Facebook Inc.*, 13-CV-0599-6PJH(MEJ), 2015 WL 3533221, at *5 (N.D. Cal. June 3, 2015)
7   (denying motion to compel response to interrogatory requesting plaintiffs to "identify all facts that
8   support . . . that this ACTION is appropriate for class treatment" and stating that the interrogatory
9   was a "thinly veiled attempt to sneak preview Plaintiffs' class certification motion").  Plaintiff
10  further objects that this Interrogatory is improper because it attempts to unilaterally adjust the
11  briefing schedule set by the Court without seeking a modification of that schedule, which includes
12  the time by which Plaintiff is to move for certification of one or more classes after which
13  Defendants will have a fair opportunity to respond.
14       Subject to and without waiving any of the foregoing objections, Plaintiff will meet and
15  confer with opposing counsel regarding an appropriate scope of information to be produced in
16  response to this Interrogatory.

# VERIFICATION

_Maria Schneider_ has read the foregoing responses to Defendants' Interrogatories, and the answers contained therein are true to the best of my knowledge, information, and belief. Where references were made to documents or testimony designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendants, I am unable to verify the contents of such documents and relied upon counsel to review them.

Signed: _Maria Schneider_

Dated: 7/12/2022

| | |
|---|---|
| Dated: July 5, 2022 | Respectfully submitted, |
| | /s/ Ryan Z Cortazar |
| | George A. Zelcs *(pro hac vice)* |
| | Randall P. Ewing, Jr. *(pro hac vice)* |
| | Ryan Z. Cortazar *(pro hac vice)* |
| | **KOREIN TILLERY, LLC** |
| | 205 North Michigan, Suite 1950 |
| | Chicago, IL  60601 |
| | Telephone: (312) 641-9750 |
| | Facsimile: (312) 641-9751 |
| | |
| | Stephen M. Tillery *(pro hac vice)* |
| | Steven M. Berezney, CA Bar #329923 |
| | Michael E. Klenov, CA Bar #277028 |
| | Carol O'Keefe *(pro hac vice)* |
| | **KOREIN TILLERY, LLC** |
| | 505 North 7th Street, Suite 3600 |
| | St. Louis, MO  63101 |
| | Telephone: (314) 241-4844 |
| | Facsimile: (314) 241-3525 |
| | |
| | Joshua Irwin Schiller, CA Bar #330653 |
| | **BOIES SCHILLER FLEXNER LLP** |
| | 44 Montgomery St., 41st Floor |
| | San Francisco, CA  94104 |
| | Phone: (415) 293-6800 |
| | Fax: (415) 293-6899 |
| | |
| | Philip C. Korologos *(pro hac vice)* |
| | Joanna C. Wright *(pro hac vice)* |
| | Demetri Blaisdell *(pro hac vice)* |
| | **BOIES SCHILLER FLEXNER LLP** |
| | 55 Hudson Yards, 20th Floor |
| | New York, NY  10001 |
| | Phone: (212) 446-2300 |
| | Fax: (212) 446-2350 |
| | |
| | *Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.* |