# EXHIBIT 20

to the Declaration of Paul Harold

# KOREIN TILLERY

*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Randall Ewing Jr.
*Attorney*
Rewing@koreintillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

May 10, 2022

Paul N. Harold
Wilson Sonsini Goodrich & Rosati
Professional Corporation
1700 K Street NW
5th Floor
Washington, DC 20006-3817

Re: *Schneider et al. v. YouTube, LLC et al.*, **Case No. 3:20-cv-04423-JD**

Dear Paul:

      We write in response to your March 24, 2022 letter concerning AST's and Uniglobe's Responses and Objections to Defendants' first set of interrogatories and the parties' meet-and-confer efforts.

      **Contention Interrogatories.** You do not dispute that many of the remaining interrogatories about which Defendants raise concerns are contention interrogatories, nor do you dispute that special timing considerations govern Plaintiffs' requirement to respond to contention interrogatories. Indeed, courts place a "burden of justification" on the party propounding contention interrogatories "before substantial documentary or testimonial discovery has been completed" to demonstrate that answering the contention interrogatory will contribute meaningfully to clarifying the issues in the case or narrowing the scope of the dispute. *Campbell v. Facebook Inc.*, 2015 WL 3533221, at *4 (N.D. Cal. June 3, 2015). Absent a sufficient justification, contention interrogatories need not be answered "until designated discovery is complete, or until a pretrial conference or some other time." *Id.* Relevant here, "it is difficult to clarify substantially the issues in the case or narrow the scope of the dispute before important discovery—such as party depositions—have been conducted." *24/7 Customer, Inc. v. Liveperson, Inc.*, 2016 WL 4054884, at *2 (N.D. Cal. July 29, 2016) (quotation omitted). And where, as here, "a defendant seeks responses to early contention interrogatories from a plaintiff, courts should be 'especially vigilant' in evaluating the proffered justifications when the plaintiff's complaint is not 'facially infirm' and the defendant appears to have control over or adequate access to much of the evidence relevant to its alleged misconduct." *Facebook*, 2015 W 3533221, at *4.

Defendants' contention interrogatories are premature in light of the status of the case. Document discovery is not substantially complete and no party depositions have been taken. Additionally, you offer no sufficient justification for how responding to contention interrogatories at this point will help narrow the scope of the dispute. The only justification you claim is that "Plaintiffs' responses may necessitate additional discovery requests," but "[a] party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered." *Id.*, at *4 (*quoting In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332–38 (N.D. Cal. 1985)). Moreover, your claim that the responses to contention interrogatories may necessitate additional discovery makes little sense in light of the fact that AST and Uniglobe have agreed to produce (and Uniglobe has substantially produced) all of its documents bearing on the subject matter of the contention interrogatories. Requiring AST and Uniglobe to answer these contention interrogatories now would necessitate them drawing conclusions concerning questions of law or mixed questions of law and fact based on an incomplete discovery record. Accordingly, AST and Uniglobe stand on their objections that it is currently premature to respond to contention interrogatories.

**Fed. R. Civ. P. 33(d).** You claim that AST's and Uniglobe's responses to the interrogatories referring to their past or forthcoming document productions are improper for several reasons. First, you claim that document productions cannot reveal AST's and Uniglobe's legal contentions in this lawsuit. But AST and Uniglobe have invoked or will invoke Rule 33(d) only in response to the interrogatories that are either not contention interrogatories or have subparts that do not involve contentions.

You also claim that AST and Uniglobe have not articulated how the burden of deriving the answers from the documents will be the same for either party because AST and Uniglobe are far better positioned to answer certain interrogatories than Defendants, but that misunderstands the standard. When the process of answering an Interrogatory involves reviewing documents produced in discovery and deriving conclusions from those documents, the burden of doing so is the same for Defendants as it is for AST and Uniglobe. In all instances in which AST or Uniglobe are invoking Rule 33(d), they are doing so because the answers require reviewing documents and deriving conclusions from them.

Next, you claim that the responses do not describe the documents in sufficient detail. As AST and Uniglobe note with respect to specific interrogatories below, to the extent AST or Uniglobe are invoking Rule 33(d) to respond to a non-contention, otherwise proper interrogatory, AST or Uniglobe will supplement their responses to provide more detail identifying the documents.

Finally, you claim that AST's invocation of Rule 33(d) is improper because it has not yet produced the documents. But you construe AST's invocation of Rule 33(d) to be broader than it is. To the extent noted below, if there are non-contention, otherwise proper interrogatories, AST will either respond without invoking Rule 33(d) or will respond in the future by identifying already produced documents, if applicable.

**Interrogatory No. 1.** This interrogatory requires AST and Uniglobe for each Work in Suit to identify the title, authors, legal and beneficial owners of any exclusive rights to the work, exclusive rights owned by each owner, date of creation, United States copyright registration number, date and location of first publication, and date of first publication in the United States, if applicable.

AST responded with the titles of the Works in Suit, that they were unregistered, and that they were first published in Russia. You complain that AST did not identify itself as an owner, although that information was provided in response to interrogatory 2. Nevertheless, AST will supplement its response to identify that it is an owner of all exclusive copyrights in the Works in Suit, as limited to audiobooks as further discussed below. AST will also identify the dates its Works in Suit were first published.

Uniglobe responded that it owns all the exclusive copyrights to its Works in Suit. Uniglobe provided the titles of its Works in Suit, identified the author of the Works in Suit, provided the registration numbers if applicable, and identified the dates and countries in which the Works in Suit were first published. Your contention that Uniglobe's response as to ownership is incomplete is incorrect because Uniglobe never claimed to identify all owners of its Works in Suit and merely provided a statement of its ownership as an accommodation to Defendants.

To the extent you complain that AST and Uniglobe have not indicated whether they are the legal or beneficial owner of the exclusive copyrights, such a distinction is both irrelevant and a premature contention interrogatory. Because a copyright plaintiff can bring a claim and has standing regardless of which type of owner it is, you have not articulated any sufficient relevance for this request, much less a sufficient justification for requiring AST and Uniglobe to draw conclusions about mixed questions of law and fact based on incomplete discovery.

With respect to third parties, AST and Uniglobe are willing to identify all third parties that presently have rights with respect to the Works in Suit, but do so without drawing any legal conclusions as to whether those third parties are "owners" under the Copyright Act, which type of owner they may be, or the exclusive rights at issue. You have not articulated a sufficient justification for answering such contention interrogatories. Drawing such premature conclusions would not narrow the scope of the issues in dispute or clarify the issues in the case, especially when AST and Uniglobe have agreed to produce all such relevant agreements. AST and Uniglobe do not invoke Rule 33(d) in response to this interrogatory but note that information bearing on this contention interrogatory will be produced in discovery.

**Interrogatory No. 2.** This interrogatory is plainly a contention interrogatory in part in that is asks AST and Uniglobe to draw conclusions of law concerning the legal and beneficial ownership of the Works in Suit and the exclusive rights owned, which are terms of art under the Copyright Act. These portions of the interrogatory are premature, and you have not articulated any meaningful justification for answering them with discovery incomplete. Nevertheless, Uniglobe has stated that it is an owner of all exclusive copyrights in its Works in Suit. AST will agree to

supplement its response to state that it is an owner of all exclusive copyrights in its Work in Suit, which are limited to audiobooks as further stated below.

With respect to the basis for their ownership, AST and Uniglobe have provided a response, noting that AST acquired ownership through agreements with the authors and that Uniglobe acquired ownership through agreements with the creators and/or prior owner(s) of the Works in Suit. You claim that AST and Uniglobe did not provide sufficient detail about those agreements, such as the dates and parties to the agreements. To address your concern, AST and Uniglobe will agree to supplement their responses to include the dates and parties to any relevant agreement, if not produced, or the Bates numbers of such agreements, if already produced. Unless Uniglobe or AST provide Bates numbers of produced documents, they will not be invoking Rule 33(d) as a substantive response.

You also claim that AST and Uniglobe did not provide information concerning which versions of the Works in Suit are at issue. AST will supplement its response in the future to identify that only the audiobook versions of the Works in Suit are at issue, and Uniglobe will supplement its responses to identify that the motion picture of *1 a Minute* is at issue, the screenplays of *Americanizing Shelley* and *5 Weddings* are at issue, and the Hindi-language motion picture of *5 Weddings* is at issue.

In light of the concessions above, your sole remaining complaint is that AST and Uniglobe have not indicated whether they are the legal or beneficial owner of various exclusive copyrights. As a copyright plaintiff can bring a claim and has standing regardless of which type of owner it is, you have not articulated any sufficient relevance for this request, much less a sufficient justification for requiring AST and Uniglobe to draw conclusions based on mixed questions of law and fact based on incomplete discovery. AST and Uniglobe stand on their objections with respect to this portion of the Interrogatory.

**Interrogatory No. 3.** This interrogatory requests identification of certain individuals, including for AST any individual who has worked for AST in connection with the Works in Suit or any alleged infringements of the Works in Suit. AST responded by identifying such individuals. For AST you complain this interrogatory response is incomplete because it does not identify individuals who worked for AST in connection with any alleged infringements. Consistent with AST's objections as to the vague and undefined terms "worked for" and "affiliated with," AST will agree to supplement its response to identify direct employees responsible for working in connection with the alleged infringements from 2015 to the present, if any.

For Uniglobe, the interrogatory is not restricted by subject matter, meaning it seeks irrelevant personal information. Nevertheless, Uniglobe responded that Namrata Singh Gujral was responsible for ownership, licensing, and distribution issues. Because you complain that this response does not identify individuals working in connection with alleged infringements, Uniglobe will supplement its response to state that Namrata Singh Gujral was responsible for and involved in all activity related to alleged infringements. To satisfy your concerns, Uniglobe will identify up

to 20 direct employees, if any, working in connection with ownership, licensing, distribution, or infringement of the Works in Suit.

**Interrogatory No. 4.** This interrogatory requires identification by date, person, and agreement of every occasion in which another person has been licensed or authorized to copy, display, distribute, or publicly perform the work, including identification of the royalties paid under such license. AST and Uniglobe will agree to supplement their responses to identify every occasion they are aware of in which another person has been licensed or authorized to copy, display, distribute, or publicly perform its Works in Suit.

**Interrogatory No. 5.** This interrogatory requires identification of every person AST and Uniglobe are aware of that has ever been authorized to grant licenses to any rights in the Works in Suit. Your claim that AST and Uniglobe do not identify themselves appears to be semantics when both have specifically identified their relevant employees with such authorizations. AST and Uniglobe will agree to supplement their responses, however, to the extent they are aware of additional persons beyond their direct employees with such authorizations.

**Interrogatory No. 6.** This interrogatory requires AST and Uniglobe to describe in detail every occasion in which the Works in Suit were uploaded by them or with their authorization to any website. AST and Uniglobe have objected that this interrogatory seeks irrelevant information, is overbroad, and is unduly burdensome. AST and Uniglobe do not invoke Rule 33(d) as a substantive response, but they note that they have agreed to produce any documents related to the topic of this interrogatory. Your only response to AST's and Uniglobe's objection is to claim that the presence of their content on websites other than YouTube is somehow relevant to damages, but you offer no more than vague generalizations. Absent an adequate explanation of relevance, AST and Uniglobe maintain their objections.

**Interrogatory No. 7.** This interrogatory requires AST and Uniglobe to describe in detail each instance in which the Works in Suit were uploaded to YouTube with authorization. Both AST and Uniglobe objected that this information seeks irrelevant information, is unduly burdensome, and is overbroad. Nevertheless, Uniglobe provided a narrative response that it has authorized Vision Films, Movie Central, and Gravitas Ventures to display the Works in Suit on YouTube and that it has on occasion uploaded materials itself. AST provided a narrative response that it has authorized the upload of small excerpts of the Works in Suit on YouTube with links to purchase the entire work. You claim this response is insufficient because it does not provide the date of every upload, the channel of every upload, and the identity of the uploader. But AST and Uniglobe are only required to conduct a reasonable investigation to answer the interrogatories, and they have done so. Any investigation that requires them to obtain information from third parties is not reasonable. AST and Uniglobe maintain their objections. AST and Uniglobe do not invoke Rule 33(d) as a substantive response, but they further note that they have agreed to produce all such documents related to the topic of this interrogatory identified after a reasonable search proportionate to the case.

**Interrogatory No. 8.** This interrogatory requires AST and Uniglobe to describe in detail any and all searches AST and Uniglobe have conducted to identify infringements of the Works in Suit, including the dates, search terms, and results. Uniglobe has responded that it conducted searches on YouTube using the titles of its Works in Suit. AST responded that it used software to identify infringements on YouTube using the titles of its Works in Suit. You claim that this response is inadequate without the date, search terms, and results of every single search (with no date restriction). You further claim that if AST and Uniglobe do not recall any additional details, they must state so in response. But this is incorrect. AST and Uniglobe are obligated to respond based solely on reasonably available information. AST and Uniglobe have responded with the information they have available following a reasonable investigation.

**Interrogatory No. 9.** You do not dispute that this interrogatory, requesting description in detail of each alleged Copyright Act Section 1202 violation that AST and Uniglobe contend Defendants committed, is a contention interrogatory. You also do not provide any sufficient justification for why this contention interrogatory should be answered when discovery is incomplete and depositions have not yet taken place. Accordingly, AST and Uniglobe maintain their objections.

You also claim that AST and Uniglobe should have provided their good-faith basis for their allegations concerning Section 1202, but the interrogatory did not request AST's and Uniglobe's good-faith basis for their 1202 allegations.

**Interrogatory No. 10.** This interrogatory requires AST and Uniglobe to describe each occasion on which they identified a video on YouTube that they believed to include their copyrighted content and, for each, to specify whether they submitted a takedown notice and the date of any such takedown notice. AST and Uniglobe objected that this interrogatory seeks irrelevant information, is unduly burdensome, and seeks information protected by privilege. You do not attempt to explain the relevance of this interrogatory with respect to works other than the Works in Suit, and the burden of responding beyond the Works in Suit would be disproportional to any relevance.

With respect to the Works in Suit, AST and Uniglobe noted that they have already provided Defendants with a list of infringements, that Defendants are already in possession of all takedown notices sent on behalf of AST or Uniglobe, and that AST and Uniglobe have agreed to produce all takedown notices in their possession. As a result, generating a list of these takedown notices would be disproportional to its relevance.

As AST and Uniglobe have stated in response to other interrogatories, they authorized the uploading of their Works in Suit in limited circumstances. AST and Uniglobe will also review and produce responsive documents referencing the Works in Suit and YouTube. With respect to authorized uploads, please articulate the relevance of describing each occasion that AST or Uniglobe "identified" the authorized video containing their copyrighted content, or how responding to this interrogatory with respect to authorized uploads is proportional to its relevance,

especially if AST and Uniglobe are already producing documents referencing the Works in Suit and related to YouTube.

With respect to videos that may have been identified by AST or Uniglobe as containing the Works in Suit, that were not authorized, and for which AST and Uniglobe did not send a takedown notice, AST and Uniglobe will supplement their response to state whether they are aware of any such instances following a reasonable investigation.

**Interrogatory No. 11.** This interrogatory requests a description in detail of each instance in which AST and Uniglobe applied for Content ID. AST and Uniglobe have objected that this information is already in YouTube's possession, but AST and Uniglobe will supplement their responses to provide additional detail concerning their applications for Content ID and the responses they received.

**Interrogatory No. 12.** This interrogatory requires AST and Uniglobe to specify for each URL on the list of infringements the date that infringement came to AST's and Uniglobe's attention, the process by which they identified the alleged infringement, including search efforts and search terms, and the means by which they tied the infringements to the Works in Suit. AST and Uniglobe responded that for infringements in which it sent a takedown notice, it became aware of the infringement by searching YouTube using the titles of the Works in Suit or following identification of the infringing material through YouTube's Copyright Protection Tools. AST further responded that it used software to identify copyright infringement. AST and Uniglobe objected that any further information would be irrelevant, unduly burdensome, and subject to privilege.

You do not appear to seriously dispute that the level of information AST and Uniglobe have provided is sufficient or that any further investigation would not be reasonable. Instead, your primary disagreement is that, to the extent AST's and Uniglobe's counsel were involved in identifying infringements, the dates on which AST and Uniglobe became aware of those infringements would not themselves be privileged. AST and Uniglobe do not agree, but will in the spirit of compromise nonetheless provide additional detail in supplemental responses to address Defendants' stated concern.

Sincerely,

Randall P. Ewing Jr.