# EXHIBIT 23

to the Declaration of Paul Harold

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>vs.<br><br>GÁBOR CSUPÓ, PIRATE MONITOR LTD., LLC, and PIRATE MONITOR LLC,<br><br>Counter-Defendants. | CASE NO. 3:20-cv-4423<br><br>**PLAINTIFF AST PUBLISHING LTD.'S, OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff AST Publishing Ltd. submits the following responses and objections to Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively "Defendants") First Set of Interrogatories to Plaintiff AST Publishing Ltd. ("AST"), dated December 14, 2021 (the "Requests"), in the above-captioned action (the "Action").

By submitting these Responses, AST not concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the Action.

AST reserves the right to amend or revise these Responses, including based on any responses or objections submitted by Defendants to any of AST's discovery requests. AST also asserts that any discovery obligations should be mutual between parties, so that if any of their objections are overridden, Defendants should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

defenses at issue in this lawsuit, and is vague and ambiguous in that the terms "authors," "legal and beneficial owners," "exclusive rights," "publication," and "date of creation" are undefined.

Subject to and without waiving these objections, AST responds the titles of the copyrighted works at issue are *Selfmama: Life Hacks for a Working Mother*, *Nutty Buddha*, *My Children*, *Children's Book*, *The Life of Wonderful People and Animals: Short Stories About All Sorts of Different Things*, *Pelagia and the Red Rooster*, *Zuleikha Opens Her Eyes*, *History of the Russian State*, and *Spy Novel*. AST further responds that Lyudmila Petranovskaya wrote *Selfmama: Life Hacks for a Working Mother*; Boris Akunin wrote *Nutty Buddha*, *The Life of Wonderful People and Animals: Short Stories About All Sorts of Different Things*, *History of the Russian State*, *Spy Novel*, *Children's Book*, and *Pelagia and the Red Rooster*; and Guzel Yakhina wrote *My Children*, and *Zuleikha Opens Her Eyes*. AST further responds that the copyrighted works at issue were first published in Russia, and that it has not registered the copyrighted works at issue with the United States Copyright Office. Additional information sought by this interrogatory will be found in the contracts, emails, and other documents that will be produced in this litigation.

**INTERROGATORY NO. 2:**

For each Work In Suit, describe in detail the basis for Your claim of copyright ownership, including whether You are a legal and/or beneficial owner, the exclusive rights You claim to own, and an identification of all evidence upon which You base Your claim of ownership.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

AST objects that this interrogatory is unduly burdensome, seeks legal conclusions, is a premature contention interrogatory, is premature in seeking the identification of all evidence before the close of discovery, and is vague and ambiguous in that the terms "legal and beneficial owners," "exclusive rights," and "claim of copyright ownership" are undefined.

Subject to and without waiving these objections, AST responds that it is the owner of the audiobook and/or print or electronic versions of the copyrighted works at issue. AST further responds that it entered into the agreements with the authors and/or agents of the authors of its copyrighted works to obtain ownership of the copyrighted works at issue. Anyone involved in creating audiobook versions of the copyrighted works at issue did so through work-for-hire agreements. AST further

responds that information sought by this interrogatory can be identified in contracts, emails, and other documents that will be produced in this litigation.

**INTERROGATORY NO. 3:**

Identify each individual who has worked for or has been affiliated with AST in connection with the Works in Suit or any alleged infringements of the Works in Suit, including each of its principals, officers, directors, managers, employees, agents, and independent contractors, along with their positions(s). If there are more than twenty such individuals, identify the twenty that are most senior.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

AST objects that this interrogatory is overbroad, vague, unduly burdensome, seeks information not relevant to the claims or defenses in this lawsuit, seeks information unlikely to lead to admissible evidence, and is vague and ambiguous in that "worked for," "affiliated with," and "most senior" are undefined. Subject to and without waiving these objections, AST responds that persons whose responsibility involved obtaining ownership of the copyrighted works at issue or in licensing or distributing the copyrighted works at issue include Maxim Lozovsky, Alina Olegovna Dvadnenko, Maria Sergeevna Kurunyan, Elena Danilovna Shubina, Evgenia Valentinovna Larina, Sergey Aleksandrovich Rubis, and Elena Alexandrovna Zanyakina.

**INTERROGATORY NO. 4:**

For each Work In Suit, identify by date, person, and agreement every occasion, that You are aware of, on which any other person has been licensed or authorized to copy, display, distribute, or publicly perform the work (or otherwise exercise any of the rights under Section 106 of the Copyright Act with respect to the work), including identification of the royalties paid under such license.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

AST objects that this interrogatory is overbroad, vague, unduly burdensome, seeks legal conclusions, seeks information not relevant to the claims or defenses in this lawsuit, seeks information unlikely to lead to admissible evidence, and is a premature contention interrogatory. Subject to and without waiving these objections, AST responds that the primary person in charge of granting licenses to the copyrighted works at issue is Maxim Lozovsky and may also include Evgenia Valentinovna

**INTERROGATORY NO. 7:**

Describe in detail each occasion, that You are aware of, on which each Work In Suit was uploaded in whole or in part to the YouTube service by You or with Your authorization, including identification of the URL of the uploaded video, the identity of the uploader, the channel to which it was uploaded, and the date of each such authorized upload.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks information irrelevant to the claims and defenses in this lawsuit, seeks information that is known to and equally available to Defendants, and is unlikely to lead to admissible evidence. AST further objects that this interrogatory is vague and ambiguous in that "uploaded," "authorization," and "authorized upload" are undefined. Subject to and without waiving these objections, AST answers that it has sometimes authorized the uploading of excerpts of the copyrighted works at issue onto YouTube by LitRes for promotional purposes with a link to purchase the entire work. The details of these uploads are known to and equally available to Defendants. AST further responds that AST would sometimes authorize others to post excerpts of the copyrighted works at issue onto YouTube, but only if the upload also contained a link to purchase the entire work.

**INTERROGATORY NO. 8:**

Describe in detail any and all searches You have conducted on YouTube's platform for the Works In Suit or any alleged infringements of the Works in Suit, including the dates of those searches, the search terms and methodologies You employed, and the results of those searches.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks information irrelevant to the claims and defenses in this lawsuit, unlikely to lead to admissible evidence, and subject to the attorney-client and work product privileges. Subject to and without waiving these objections, AST answers that it has searched for infringements using software that searched YouTube based on the title of the copyrighted works at issue.

**INTERROGATORY NO. 9:**

Describe in detail each alleged violation of Section 1202 of the Copyright Act that You contend Defendants committed regarding Your Works in Suit, including for each alleged violation, the specific Work In Suit on which CMI appeared, the specific CMI that Defendants allegedly removed, and the URL of the YouTube video displaying the content without the alleged CMI.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, calls for legal conclusions, and is a premature contention interrogatory.

**INTERROGATORY NO. 10:**

Describe in detail each occasion on which You identified a video on YouTube that You believe to include Your copyrighted content, and for each, specify whether or not You submitted a takedown notice and the date of any such takedown notice.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

AST objects that this interrogatory is overbroad, unduly burdensome, vague, seeks information that is known to and equally available to Defendants, seeks information irrelevant to the claims and defenses in this lawsuit, unlikely to lead to admissible evidence, and subject to the attorney-client and work product privileges. Subject to and without waiving these objections, AST responds that its list of identified infringements was provided on November 29, 2021, including any supplements or revisions to that list. As to any takedown notices sent, AST objects because if any takedown notices were sent, that information is known to and equally available to Defendants. AST further answers that additional relevant information sought in this interrogatory, if any, will be found in documents that will be produced in this litigation.

**INTERROGATORY NO. 11:**

Describe in detail each occasion on which You requested access to Content ID and any response You received to such request.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

## VERIFICATION

I have read the foregoing responses to Defendants' Interrogatories and state that the answers contained therein are true to the best of my knowledge, information, and belief.

Signed: *[signature]*

Dated: January 26, 2022

| | |
|---|---|
| 1  Dated: January 26, 2022 | Respectfully submitted, |
| 2 | /s/ Randall P. Ewing, Jr. |
| 3 | George A. Zelcs (*pro hac vice*) |
|   | Randall P. Ewing, Jr. (*pro hac vice*) |
| 4 | Ryan Z. Cortazar (*pro hac vice*) |
|   | KOREIN TILLERY, LLC |
| 5 | 205 North Michigan, Suite 1950 |
|   | Chicago, IL 60601 |
| 6 | Telephone: (312) 641-9750 |
|   | Facsimile: (312) 641-9751 |

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Carol O'Keefe (*pro hac vice*)
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos (*pro hac vice*)
Joanna Wright (*pro hac vice*)
Demetri Blaisdell (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.*