# EXHIBIT 25

to the Declaration of Paul Harold

**Content ID License Agreement**

This Agreement (the "**Agreement**") is by and between Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd. (collectively "**Plaintiffs**" or individually a "**Plaintiff**") and Google LLC ("**Google**") (collectively, "**the parties**").

**1. Definitions.**

"**YouTube**" means the Google service known as YouTube, accessible through http://www.youtube.com.

"**ID File**" means a unique binary data that corresponds to a Work, and that is used for the automatic identification of that Work.

"**Litigation**" means *Schneider et al. v. YouTube, LLC et al.*, Case No. 3:20-cv-04423-JD, filed in the United States District Court for the Northern District of California.

"**System**" means Google's content identification and management system, commonly known as "Content ID."

"**User Video**" means a video uploaded to YouTube by a third-party user.

"**Video Match**" means a User Video automatically determined by the System to match an ID File.

"**Work**" means an audio, audio-visual, or literary work the copyright to which (a) a Plaintiff claims to own; and (b) that Plaintiff has identified as allegedly infringed in the First Amended Class Action Complaint in this Litigation.

"**Reference File**" means a digital file containing the entirety of a Work. Where the Work is a musical composition or a book, the "Reference File" shall refer to a digital file containing the entirety of a sound recording that in turn contains the composition or the book.

**2. Purpose**. Subject to the terms below, Google agrees to operate the System on a one-time basis in an effort to identify Video Matches on YouTube, if any, for the Works. Plaintiffs acknowledge that in its ordinary operation, the System contemplates considerable cooperation between a copyright claimant and Google and that the System was not designed for use in an adversarial litigation context. The Parties will work together in an effort to resolve any unforeseen issues, but Plaintiffs acknowledge

that Google will not operate the System in this litigation context if doing so creates a risk of disrupting the normal operation of the System.

**3. Plaintiffs' Provision of Reference Files**. Plaintiffs will provide Google with: (a) written verification stating that a specific Plaintiff is the legal or beneficial owner of a copyright in a specific Work; (b) a Reference File for each Work in the format and via the delivery method specified by Google; and (c) written information showing which Reference File corresponds to which Work, and for any Work that is a musical composition or a print book, ISRC code(s) or similar information identifying the sound recording that allegedly contains the composition or the book. Plaintiffs shall send the Reference Files for all Works for which Google will operate the System within 2 business days of the execution of this Agreement. By providing Reference Files, each Plaintiff grants Google a nonexclusive, royalty-free, limited license to store, copy (including the right to make temporary cache and storage copies), modify or reformat, excerpt, analyze, use to create algorithms and binary representations, create ID Files and otherwise use those Reference Files and ID Files in connection with the System, for the purpose of Google's operation of the System as set out in Section 2.  Without limiting the foregoing and for clarification purposes, Plaintiffs do not license Google to publish or otherwise provide public access to any Reference Files through its YouTube platform.

**4. System Operation and Video Matches**.  Google will initiate the operation of its System within seven days following Plaintiffs' complete delivery to Google of the information set out in Section 3.  Following Google's operation of the System, Google will provide to Plaintiffs on a Work-by-Work basis (i) a list, by URL, of Video Matches for publicly-available videos, if any, that the System identifies for the Works, and (ii) the number of Video Matches, if any, for private videos that the System identifies.

**5. Representations and Warranties**. Plaintiffs represent and warrant that: (a) they have and will maintain all rights, authorizations and licenses that are required to grant the rights and licenses set forth herein; (b) the Reference Files, resulting ID Files and Google's use thereof do not infringe any third party right; and (c) the Reference Files do not contain or originate any contaminated file, viruses, worms, Trojan horses or other similar harmful components. If Google determines that a Reference File would compromise the effectiveness of the System, Google may elect not to use the relevant Reference File and will promptly notify Plaintiffs of the Reference File and the issue.

**6. Use of Results.** The parties agree that neither Google's operation of the System at Plaintiffs' request nor the fact of any Video Matches for the Works, shall be offered as evidence in the Litigation to show that Google in any way had actual knowledge of alleged infringement of any Work (the "Actual Knowledge Argument").  Google acknowledges Plaintiffs' contention that they should be entitled to use the results of the Content ID process as evidence to support arguments other than the Actual Knowledge Argument. Plaintiffs acknowledge that Google does not agree that Plaintiffs should be entitled to use the results of the Content ID process as evidence to support any such arguments. Nevertheless, so as not to delay Google's operation of the System, the parties agree to table these specific disputes as to the use of the outcome of this process without resolving them and to expressly preserve the parties' respective positions on them.

**7. Allegedly Infringing Matches**. Plaintiffs recognize that Google will not know whether Plaintiffs allege that any Video Matches identified through Google's operation of the System are infringements of a Plaintiff's copyrights. Accordingly, to the extent Plaintiffs believe Google should take action to remove or disable access to any allegedly infringing video matched through operation of the System in connection with this Agreement, Plaintiffs agree to send Google a valid notice pursuant to 17 U.S.C. § 512(c)(3) for any such video. Google will handle such a notice in accordance with its normal processes. Nothing in this agreement changes any document preservation obligations of the parties that otherwise exist with respect to any videos taken down pursuant to such a notice.

**8. Reservations**. Google expressly disclaims any representation or warranty that the System will identify all matches of Works that appear on the YouTube Service or any other representation or warranty regarding the conduct or output of this process or the System. Google reserves its rights concerning its position that, under Federal Rule of Civil Procedure 26, it may seek an order shifting to Plaintiffs the expense incurred in operating the system in connection with this agreement.

**9. Confidentiality.** This agreement, and any material received or disclosed by either party in connection with this Agreement, will be treated as Confidential, or if specifically designated, Highly Confidential - Attorneys' Eyes Only, under the Stipulated Protective Order entered in this Litigation.

_____

Randall P. Ewing, Jr.

Attorney for Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC, and AST Publishing Ltd.

/s/ David H. Kramer
_____

David H. Kramer

Attorney for Defendant YouTube, LLC and Google LLC