| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email:  dkramer@wsgr.com<br>          mrees@wsgr.com<br>          lwhite@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email:  bwillen@wsgr.com<br>Email:  chartman@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>  v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>    Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN PETERSON**<br><br>Date:    April 13, 2023<br>Time:   10:00 a.m.<br>Dept.:   11<br>Judge:  Hon. James Donato |

**INTRODUCTION**

Plaintiffs seek to preclude Defendants' expert economist, Dr. Steven Peterson, from offering any testimony regarding "any calculation or regression analysis concerning costs associated with the profits generated by allegedly infringing videos on the YouTube platform." Mot. at 1.  Although Plaintiffs cite Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), Plaintiffs do not actually dispute the reliability or admissibility of Dr. Peterson's opinions regarding YouTube's costs.  Instead, Plaintiffs' only argument is that Dr. Peterson's opinions are improper rebuttal because Defendants bear the burden of proof regarding the "deductible expenses and the elements of profit attributable to factors other than the copyrighted work."  17 U.S.C. § 504(b).  This argument fails because it ignores the Ninth Circuit's burden-shifting framework for copyright infringement damages.

Under the Copyright Act, Plaintiffs are generally entitled to seek the ***profits*** an alleged infringer earns that are attributable to a specific alleged infringement.  Controlling Ninth Circuit precedent explains the process by which such profits are to be ascertained:  Plaintiffs bear the initial burden to show a causal nexus between an alleged infringement and a defendant's gross revenue attributable to that alleged infringement.  Only if the required causal nexus is shown for some revenue does the burden shift to the defendant to prove its deductible expenses from that revenue to arrive at a profit number.  *See, e.g.*, *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004).

In this case, after Plaintiffs' expert produced a report identifying gross revenues he imagines might be associated with the specific alleged infringements of some putative class, YouTube's expert offered a rebuttal report regarding YouTube's costs associated with those revenues.  That is consistent with what the case law envisions, and is also the only way it can practically play out.  Without Plaintiffs' definition of the quantum of revenue they claim entitlement to (however fanciful), Defendants cannot show what costs are associated with those revenues.  Not surprisingly, therefore, courts considering the propriety of rebuttal expert testimony on the question of an alleged infringer's costs have approved it.  Plaintiffs do not cite a

1  single case to the contrary, in either copyright or analogous contexts, and YouTube is aware of
2  none.

3  Finally, Plaintiffs' assertion that Defendants should be precluded from offering *any*
4  *evidence* regarding costs at trial, even through previously disclosed fact witnesses, gives away
5  Plaintiffs' game.  This is not a serious motion based on serious issues with Dr. Peterson's
6  opinions or even Defendants' evidence.  It is a desperate effort to prevent YouTube from
7  offering the sort of cost evidence that is standard in any copyright infringement case.  The Court
8  should deny Plaintiffs' motion in its entirety.

9  **ARGUMENT**

10  **I.   Dr. Peterson's Opinions Regarding Costs Are Proper Rebuttal And Should Not Be Excluded.**
11

12  Plaintiffs argue that Defendants were required to present expert testimony regarding
13  YouTube's costs in an affirmative expert report because Defendants bear the burden of proof
14  regarding YouTube's costs.  Mot. at 2.  While Plaintiffs are correct that Defendants bear the
15  burden of proof regarding YouTube's costs, they have ignored a critical distinction from the
16  cases they cite—namely, Defendants do not bear an *initial* burden of proof on costs.  Rather, it is
17  only after Plaintiffs meet their initial burden of showing YouTube's gross revenues from an
18  alleged infringement that the burden shifts to Defendants to prove YouTube's costs in rebuttal.
19  This two-step burden-shifting framework for copyright infringement damages confirms the
20  propriety of addressing YouTube's costs in rebuttal.

21  Section 504(b) of the Copyright Act sets forth the evidentiary burdens for recovery of
22  profits in a copyright case: "In establishing the infringer's profits, the copyright owner is
23  required to present proof only of the infringer's gross revenue, and the infringer is required to
24  prove his or her *deductible* expenses and the elements of profit attributable to factors other than
25  the copyrighted work."  17 U.S.C. § 504(b) (emphasis added).  Based on the language of Section
26  504(b), the Ninth Circuit requires "a two-step burden-shifting analysis for determining the
27  infringer's profits."  *Oracle Am., Inc. v. Google Inc.*, 2016 WL 2342365, at *3-4 (N.D. Cal. May
28  3, 2016); *see also, e.g.*, *Cisco Sys. Inc. v. Arista Networks, Inc.*, 2016 WL 11752975, at *8 (N.D.

Cal. Nov. 16, 2016) (same). Plaintiffs have the initial burden to prove "a causal connection between the infringement and the gross revenue reasonably associated with the infringement." *Oracle Am.*, 2016 WL 2342365, at *6; *see also Polar Bear Prods.*, 384 F.3d at 711 n.7 ("[C]ausation in indirect profits claims is often more attenuated than claims for actual damages or direct profits. It is therefore particularly important for the plaintiff in [an] indirect profit action to demonstrate the alleged causal link between the infringement and profits sought"). Only if the causal nexus is shown would the burden shift to YouTube to prove its deductible expenses and any portion attributable to non-infringing factors. *See Oracle Am.*, 2016 WL 2342365, at *6; *Cisco Sys.*, 2016 WL 11752975, at *10; *Polar Bear Prods.*, 384 F.3d at 711.

Because YouTube only bears the burden to prove its costs if Plaintiffs first show a causal nexus, it was proper for Dr. Peterson to address YouTube's costs in rebuttal to Dr. Singer's opinions on YouTube's allegedly infringing revenue. Other courts addressing the impact of the Copyright Act's burden-shifting framework have reached the same conclusion. For example, in *Mattel, Inc. v. MGA Entertainment, Inc.*, the plaintiff moved to exclude the defendant's expert opinions on apportionment because they were offered in rebuttal reports, arguing that the defendant bore the burden of proving apportionment. 2011 WL 13128409, at *10 (C.D. Cal. Jan. 26, 2011). The court correctly held:

> [The defendant] did not need to submit its apportionment analysis in an initial expert report because it does not bear the initial burden of proof on damages. . . . The contrary rule suggested by [the plaintiff] misses the point of the Ninth Circuit's burden shifting framework, which is designed to determine the damages a copyright plaintiff is potentially entitled to recover. ***Only after*** [the plaintiff] produced an expert report substantiating the gross revenues that evidence the extent of [the defendant's] unjust enrichment was it necessary for [the defendant] to produce a rebuttal report disputing this calculation with evidence of apportionment.

*Id.* at *11 (emphasis added) (citations omitted). Similarly, in *Straus v. DVC Worldwide, Inc.*, the court rejected identical arguments from a copyright owner attempting to exclude rebuttal expert testimony because "[t]he defendants did not have the burden to show that their revenues are attributable to factors other than the alleged infringement until [the plaintiff] presented evidence of a causal link between the infringing acts and their revenues." 484 F. Supp. 2d 620, 632 (S.D.

1  Tex. 2007) (noting "Section 504(b) creates a burden-shifting approach to establishing
2  damages").[1]

3        Both the two-step burden-shifting structure of § 504(b) and common sense dictate that it
4  would be unreasonable to require Dr. Peterson to opine on YouTube's deductible expenses
5  before Plaintiffs' expert, Dr. Singer, had disclosed his damages opinions. Absent those opinions,
6  Defendants would not have Plaintiffs' calculations of revenues attributable to the alleged
7  infringement or even know whether Plaintiffs' damages theories were focused on YouTube's
8  advertising revenue, subscription revenue, both, or something else entirely. And in this case,
9  Plaintiffs hid their theory until they served Dr. Singer's opinions. Only from Dr. Singer did
10 Defendants learn that Plaintiffs were seeking both revenues generated from advertising shown in
11 connection with allegedly infringing videos, and revenues from advertisements shown with
12 other, non-infringing videos that Plaintiffs allege YouTube would not have received but for the
13 presence of the alleged infringement*s. See, e.g.*, Dkt. 262-5 ("Singer Rep.") ¶¶ 68, 77. Roughly
14 speaking, instead of seeking the few thousand dollars in revenue associated with their alleged
15 infringements, Plaintiffs have contrived a claim for many many times more. Obviously, that
16 claim requires a considerably different cost assessment in response.

---

[1] Decisions in related contexts similarly reject the notion that defendants must serve an initial expert report on an issue where they only bear a burden of proof after plaintiffs satisfy some initial burden. For example, in *Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del., Inc.*, a trademark case where damages involve the same burden-shifting, the plaintiff sought to exclude portions of the defendant's rebuttal expert report regarding deductible costs as untimely. 2009 WL 5173920, at *9 (S.D.N.Y. Dec. 30, 2009). The court found that the defendant's expert "was correct in submitting its report as a rebuttal because the burden shifts to the Defendant once the Plaintiff has proven the amount of infringing sales." *Id.*; *see* 15 U.S.C. § 1117(a) ("In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed."). The same is true in the patent context. *See Viasat, Inc. v. Space Sys./Loral, Inc.*, 2014 WL 11813867, at *4 (S.D. Cal. Jan. 30, 2014) (where plaintiff bore initial burden of showing that there are no non-infringing alternatives on the market, defendants properly offered rebuttal to show availability of non-infringing alternatives); *see also ABB Air Preheater, Inc. v. Regenerative Env't Equip. Co.*, 167 F.R.D. 668, 672-73 (D.N.J. 1996) (denying motion to strike rebuttal opinions; after patent challenger carries initial burden of a prima facie case of obviousness, proper for patentee to come forward with secondary considerations of nonobviousness in rebuttal).

1       Defendants' knowledge that Plaintiffs were generally seeking "disgorgement" as a
2  remedy is irrelevant.  It is not YouTube's obligation to guess at the inchoate contents of Dr.
3  Singer's opinions and make an *ex ante* showing of which portions of unidentified, hypothetical
4  revenues should be evaluated for expenses.  "Such an obligation would be fundamentally unfair
5  in requiring the defendant's expert to 'shadowbox' or attack 'straw man' arguments in advance
6  of seeing the plaintiff's theory."  *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, 2019 WL
7  2603285, at *3 (N.D. Cal. June 25, 2019).

8       Plaintiffs offer ***no*** authority, copyright or otherwise, where a court excluded a rebuttal
9  expert opinion under a burden-shifting regime.  Instead, Plaintiffs cite cases for the unremarkable
10 proposition that if a party bears the initial burden of proof on an issue, then that party should
11 disclose any expert testimony on that issue in an affirmative report.[2]  But Plaintiffs' arguments
12 and authority are inapplicable where the defendant does not bear the initial burden.  On this basis
13 alone, Plaintiffs' motion fails.

14 **II.   Even If Dr. Peterson's Costs Opinions Were Untimely, The Late Disclosure Was Substantially Justified And Plaintiffs Suffered No Prejudice.**
15

16      Plaintiffs argue that Dr. Peterson's disclosure of his opinions regarding YouTube's costs
17 in rebuttal to Dr. Singer has "caused very real prejudice" because they have been deprived "of
18 their right to present their own expert testimony in a rebuttal report showing the flaws in Dr.
19 Peterson's approach and conclusions."  Mot. at 4.  Even accepting Plaintiffs' incorrect
20 interpretation of the Copyright Act's burden-shifting approach to copyright infringement
21 damages, they have not been prejudiced.

22      Plaintiffs deposed Dr. Peterson regarding his costs opinions (Declaration of Qifan Huang,
23 Ex. 1, Dep. of Steven R. Peterson, Jan. 20, 2023, 152:4-156:11), and Plaintiff's expert Dr. Singer
24 had an opportunity to review Dr. Peterson's costs opinions prior to his own deposition and even

---

[2] Plaintiffs allege that "Google has previously made, and prevailed on, this very same argument in a prior action in this district." Mot. at 3. That is false. In *Oracle Am., Inc. v. Google Inc.*, Judge Alsup ordered exclusion because Oracle served a ***reply*** report from a previously undisclosed expert who never served an opening report, on top of reply reports from its original expert.  2011 WL 5572835, at *2-3 (N.D. Cal. Nov. 15, 2011).  Not only is *Oracle* very different factually and procedurally, it does not contain any discussion of burden-shifting.

OPPOSITION TO MOTION TO EXCLUDE       -5-       CASE NO. 3:20-cv-04423-JD
DR. STEVEN PETERSON

1 testified regarding his criticisms of Dr. Peterson's opinions, Huang Decl. Ex. 2, Dep. of Hal J.
2 Singer, Jan. 13, 2023 ("Singer Tr.") 238:17-239:14; 240:9-243:21.  There is no prejudice here.
3 *See, e.g.*, *Viasat*, 2014 WL 11813867, at *6 (no prejudice where defendants' witness disclosed
4 opinions regarding non-infringing substitutes in rebuttal to plaintiff's expert report, and the
5 plaintiff subsequently had the opportunity to depose the witness about those opinions); *Mattel*,
6 2011 WL 13128409, at *11 (finding defendant's expert opinions concerning apportionment were
7 harmless because the plaintiff had "long been on notice of the fact that [the defendant] intends to
8 prove that the vast majority of its profits were attributable to factors other than infringement").[3]
9 Notably, when asked whether he disagreed with Dr. Peterson's conclusion regarding the amount
10 on average that YouTube's costs rose with each dollar of additional revenue, Dr. Singer testified:
11 "It seems like ***our results are close***."  *See* Singer Tr. 242:18-24 (emphasis added).
12       In any event, Defendants were substantially justified in providing Dr. Peterson's costs
13 opinions in rebuttal to Dr. Singer's report based on their understanding of the law discussed in
14 Section I above.  *See, e.g.*, *Mattel*, 2011 WL 13128409, at *11.  There is no basis for an
15 exclusionary sanction.  *See Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106
16 (9th Cir. 2001); *see* Fed. R. Civ. P. 37(c)(1) (no penalty if "the failure was substantially justified
17 or is harmless").

18 **III.  There Is No Basis To Preclude Defendants From Offering *Any* Evidence Regarding Their Costs.**
19

20       In a final attempt to avoid dealing with YouTube's deductible costs on the merits,
21 Plaintiffs ask the Court to bar YouTube from "introducing at trial any evidence concerning the
22 costs and expenses associated with YouTube's revenues."  Mot. at 1.  They argue that

23

---

24     [3] In an initial report, dated September 1, 2022, Dr. Singer indicated his plan to serve an
25 updated report once YouTube produced sample takedown notice data per the Court's August 30, 2022 order.  In light of that, Dr. Peterson produced a placeholder rebuttal report on September
26 22, 2022, expressly stating that he would "address Dr. Singer's updated report and the appropriate measures of revenue, costs, and profit for potential disgorgement after Dr. Singer
27 submits an updated report."  Huang Decl. Ex. 3, Letter dated Sept. 22, 2022, Ex. A ¶ 4.
28 Plaintiffs therefore were long aware that Dr. Peterson intended to offer testimony on YouTube's deductible costs from whatever revenue Plaintiffs identified.

1  Defendants should not be allowed to introduce cost evidence through "a different witness at
2  trial," presumably attempting to preclude YouTube's ability to offer testimony from YouTube
3  *fact witnesses* that YouTube properly identified and presented for deposition.  *Id.* at 4.
4  Plaintiffs' request is wholly unsupported and beyond the pale.  Plaintiffs deposed Arpan
5  Agarwal, YouTube's Senior Finance Manager and YouTube's Rule 30(b)(6) designee regarding
6  YouTube's revenues and expenses and offered into evidence documents produced by YouTube
7  concerning the same.  Plaintiffs cite no authority supporting the preclusion of *fact testimony* due
8  to the supposedly late disclosure of expert testimony, especially when a plaintiff had already
9  deposed the fact witness on the exact subject matter on which the plaintiff seeks preclusion.
10 Plaintiffs invoke the discovery sanctions process of Rule 37, but make no effort to show why it is
11 applicable.  In short, Plaintiffs' request is frivolous.

## CONCLUSION

YouTube respectfully requests that the Court deny Plaintiffs' motion.

Respectfully submitted,

Dated:  March 17, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
     David H. Kramer

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC