1    DAVID H. KRAMER, SBN 168452                BRIAN M. WILLEN (admitted *Pro Hac Vice*)
     MAURA L. REES, SBN 191698                  CATHERINE R. HARTMAN (admitted *Pro*
2    LAUREN GALLO WHITE, SBN 309075             *Hac Vice)*
     WILSON SONSINI GOODRICH & ROSATI           WILSON SONSINI GOODRICH & ROSATI
3    Professional Corporation                   Professional Corporation
     650 Page Mill Road                         1301 Avenue of the Americas, 40th Floor
4    Palo Alto, CA 94304-1050                   New York, NY 10019-6022
     Telephone: (650) 493-9300                  Telephone: (212) 999-5800
5    Facsimile: (650) 565-5100                  Facsimile: (212) 999-5801
     Email: dkramer@wsgr.com                    Email: bwillen@wsgr.com
6          mrees@wsgr.com                       Email: chartman@wsgr.com
           lwhite@wsgr.com
7
     Attorneys for Defendants and Counterclaimants
8    YOUTUBE, LLC and GOOGLE LLC

9                          UNITED STATES DISTRICT COURT

10                       NORTHERN DISTRICT OF CALIFORNIA

11                            SAN FRANCISCO DIVISION

12   MARIA SCHNEIDER, UNIGLOBE              )   CASE NO.:  3:20-cv-04423-JD
     ENTERTAINMENT, LLC, and AST            )
13   PUBLISHING LTD., individually and on behalf )  **DEFENDANTS' OPPOSITION TO**
     of all others similarly situated,     )   **PLAINTIFFS' MOTION TO**
14                                          )   **EXCLUDE PORTIONS OF THE**
                                            )   **EXPERT REPORT AND**
15            Plaintiffs,                   )   **TESTIMONY OF DEFENDANTS'**
                                            )   **EXPERT GREG HALM**
16        v.                                )
                                            )
17   YOUTUBE, LLC and GOOGLE LLC,           )
                                            )
18            Defendants                    )   Date:   April 13, 2023
                                            )   Time:   10:00 a.m.
19                                          )   Dept.:  11
     _____)   Judge:  Hon. James Donato
20                                          )
     YOUTUBE, LLC and GOOGLE LLC,           )
21                                          )
                                            )
22            Counterclaimants,             )
                                            )
23        v.                                )
                                            )
24   PIRATE MONITOR LTD, PIRATE MONITOR     )
     LLC, and GÁBOR CSUPÓ,                  )
25                                          )
                                            )
26            Counterclaim Defendants.      )
                                            )
27

28

OPPOSITION TO MOTION TO EXCLUDE                            CASE NO. 3:20-cv-04423-JD
GREG HALM

1

## INTRODUCTION

2      The instant motion should be moot.  As Defendants demonstrated in their motion to

3   exclude Charles Cowan's testimony, along with that of Hal J. Singer, Cowan should **not** be

4   allowed to testify.  *See* Dkt. 261.  If the Court agrees, then there is no need for Greg Halm to

5   testify in rebuttal.  But if the Court allows Cowan to testify, Defendants must be allowed to both

6   cross-examine him and offer "contrary evidence" from Halm.  *See Daubert v. Merrell Dow*

7   *Pharms., Inc.*, 509 U.S. 579, 596 (1993).

8      Halm's report complies with all Daubert requirements and demonstrates that Cowan's

9   expert report is wholly devoid of substance.  *See* Mot. Ex. 7 ("Halm Rep.").  Troublingly,

10  Cowan's so-called opinions are incorporeal; they are simply promises to have opinions later, at

11  trial.  *See* Dkt. 262-4 (Cowan Tr.) at 159:2-18, 291:19-23 (Cowan admitting that his opinions are

12  "a work in progress").  What little Defendants do know about Cowan's promised opinions is that

13  they will be couched in the language of statistics, which "can be both powerful and quite

14  misleading." *Daubert*, 509 U.S. at 595.  Defendants have the right to present rebuttal evidence

15  showing the misleading nature of whatever may be to come from Cowan.

16

## ARGUMENT

17  **I.    The Motion Is Moot Concerning Halm's Rebuttal to Cowan's Damages Opinions
        Since Plaintiffs Now Confirm They Will Not Offer Those Opinions at Trial.**

18

19      Much of Plaintiffs' motion argues that Halm should not be permitted to respond to

20  Cowan's damages analysis.  Mot. at 3-6.  But this dispute is a product of Plaintiffs' own making.

21  The Court is only burdened with this argument because Plaintiffs have been evasive as to

22  whether Cowan will offer an opinion on damages for a putative class.

23      The record makes this plain. On October 13, 2022, the Court expunged the expert reports

24  Plaintiffs had served for Cowan and Singer, explaining they could file new ones.  *See* Dkt. 195 at

25  46:16-17 ("We're just going to blank everything out . . . so for those two [reports], we're just

26  going to start over.").  Nonetheless, when Plaintiffs filed their class certification motion five days

27  later, they submitted Cowan's original report as an exhibit, including his promise of a

28

1    forthcoming damages methodology.  *See* Dkts. 190; 190-9.[1]  Cowan's new report, served on

2    November 17, 2022, did not expressly withdraw the original report and did not disclaim an

3    intention to opine on damages in the future.  *See* Dkt. 253-8.

4          Given the uncertain status of Cowan's first report, Halm included a rebuttal to the

5    damages methodology that Cowan had foreshadowed.  *See* Halm Rep. ¶ 14(c).  Only later, at his

6    January 2023 deposition, did Cowan testify that his second report superseded and rendered moot

7    his initial one.  *See* Mot. Ex. 1 (Cowan Tr.) at 51:9-52:21 ("Q. And so any opinions that are

8    reflected in . . . your September 1st report that are not reflected in your current November 17th

9    report, you're not offering here, correct?  A. That is correct.").

10         Because Plaintiffs have now made clear that Cowan will ***not*** offer any opinion on

11   damages (*see also* Mot. at 2 n.3), Defendants agree that Halm's rebuttal of Cowan's damages

12   opinions may be withdrawn (Halm Rep. ¶¶ 14(c), 92-106).  Plaintiffs' motion to strike that

13   rebuttal is moot.[2]

14   **II.    Halm Offered Proper Rebuttal Testimony Challenging Cowan's Reliance on
             Takedown Notices.**

15

16         The lynchpin of Plaintiffs' attempt to identify class members in this case is their claim

17   that takedown notices sent to YouTube serve as proxy for proof of copyright infringement.  Mot.

18   at 6.  But a takedown notice is merely "a notification of ***claimed*** infringement," which must

19   identify "the copyrighted work claimed to have been infringed," "the material that is claimed to

20   _____

21   [1] Plaintiffs claimed that "the Court did not strike the [original] reports by Drs. Singer and
     Cowan," and maintained that Cowan's November 18, 2022 report was merely "supplementing"
     his original report.  Dkt. 203 at 3 n.4.

22

23   [2] YouTube feels compelled, however, to briefly note the error in Plaintiffs' claim that with
     respect to their calculation of YouTube's profits, YouTube was required to include any expert
24   opinion on its costs in "an opening expert report" (Mot. at 5).  Defendants explain why Plaintiffs
     are wrong in their Opposition to Plaintiffs' Motion to Exclude Portions of the Expert Report and
25   Testimony of Defendants' Expert Dr. Steven Peterson (filed herewith).  Of note, YouTube
     produced detailed profit and loss documentation reflecting its costs (Mot. Ex. 10), and its
26   corporate designee, Arpan Agrawal, provided deposition testimony regarding YouTube's
     deductible costs and expenses (*see, e.g.*, Dkts. 225-4, 243-3).  Plaintiffs' citation to *Sunbow
27   Trim, Inc. v. One By One* is inapposite.  2005 WL 8154650, at *2 (C.D. Cal. Jan. 20, 2005)
     (granting motion to exclude where the defendant produced nothing in discovery and did not
28   identify documents relating to its deductible expenses until submitting its trial exhibit list).

1 | be infringing," and information "reasonably sufficient to permit the service provider to contact

2 | the complaining party."  17 U.S.C. § 512(c)(3)(A)(ii–iv) (emphasis added).  Halm highlights the

3 | multitude of errors in such notices—including errors in notices sent from Plaintiffs themselves—

4 | as a strong indication that allegations in a takedown notice are just that.

5 | Cowan relied on Plaintiffs' takedown notice-as-proxy premise in his report and—to the

6 | extent the Court does not strike it as unreliable (Dkt. 262 at 7-8)—Halm properly rebutted it.

7 | Plaintiffs' rejoinder that Defendants rely on and use takedown notifications "in their day-to-day

8 | operations" confuses honoring takedown notices to comply with section 512 of the Digital

9 | Millennium Copyright Act (DMCA) with a concession or adjudication of actual infringement.

10 | Mot. at 6-7.  As YouTube explained at class certification, that is factually and legally

11 | indefensible.  Dkt. 268 at 10-11.  YouTube does not determine the truth of information in

12 | takedown notices, nor could it.  *See* Dkt. 268-2, ¶ 3 (Zhu Decl. to Class Cert. Opp.) ("YouTube .

13 | . . is in no position to ultimately determine issues such as whether the party sending the notice is,

14 | in fact, the owner or agent of the owner claiming the copyright interest . . . whether the video the

15 | notice claims is infringing is, in fact, an infringement; or whether an allegedly infringing video

16 | is, in fact, authorized").  And YouTube's removal of content in response to an allegation of

17 | infringement, as is required to claim the DMCA's protections, is not a concession of

18 | infringement as a matter of law.  *See UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718

19 | F.3d 1006, 1020 n.12 (9th Cir. 2013) (a "[p]roper DMCA notice … provides only a ***claim*** of

20 | infringement"); *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64, 68 n.2

21 | (S.D.N.Y. 2013) (rejecting argument "that YouTube's takedown of a clip [in response to a

22 | DMCA takedown notice] was a tacit concession or determination that it infringed.").[3]

23 | It was perfectly proper for Halm to highlight the practical problems that would arise with

24 | Cowan using information in a takedown notice as establishing copyright infringement for

25 |

26 | [3] Plaintiffs cite irrelevant cases in which the affirmative expert opinions at issue contradicted

27 | "undisputed" and "actual admitted facts."  *See A.H.D.C. v. City of Fresno, Cal.*, 2000 WL 35810720, at \*1-2 (E.D. Cal. Sept. 1, 2000) (excluding opinion that directly "contradicts the

28 | undisputed facts"); *In re Bextra*, 524 F. Supp. 2d 1166, 1176 (N.D. Cal. 2007) (expert's opinion contradicted "the great weight of the epidemiologic evidence"). That is not at all the case here.

1  purposes of identifying putative class members.  Halm explains that "users can enter literally

2  anything" in the "title_of_copyrighted_work" field, and he provides many examples

3  demonstrating that the field is unreliable for Cowan's purpose—to define classes of **actual**

4  infringement, rather than **claimed** infringement.  *See* Halm Rep. ¶¶ 72–91.  Plaintiffs criticize

5  Halm's thousands of exemplars (Mot. at 8).  But that criticism is not entirely sincere.  In his

6  report, Cowan did not identify a single takedown notice that purportedly corresponded to and

7  established the claim of a single class member.  Had Cowan done so, Halm could have addressed

8  the specific data Cowan identified.  But given that Cowan chose not to reveal any results from

9  his purported "matching" methodology, Halm was left to illustrate the flaws in Cowan's

10 approach by way of thousands of examples of inaccurate data.

11       At bottom, Plaintiffs seek to exclude Halm's rebuttal because he did not perform his own

12 statistical analysis using "a statistically valid sample."  Mot. at 8. But "a rebuttal expert who

13 critiques another expert's theories or conclusions need not offer his own independent theories or

14 conclusions."  *In re Cessna Series Aircraft Prods. Liability Litig.*, 2009 WL 1649773, at \*1 (D.

15 Kan. June 9, 2009); *see also, e.g., Utne v. Home Depot U.S.A., Inc.,* 2022 WL 16857061, at \*6

16 (N.D. Cal. Nov. 10, 2022) (denying motion to strike rebuttal expert testimony that "survey was

17 prone to error" where rebuttal expert's opinions were not based on his own survey or

18 investigation of the survey respondents); *Sumotext Corp. v. Zoove, Inc.*, 2020 WL 264701, at \*3-

19 4 (N.D. Cal. Jan. 17, 2020) (denying motion to exclude defendant's rebuttal expert who

20 criticized plaintiff's market definitions and methodology but did not offer her own).  Halm's

21 opinions, contradicting and impeaching Cowan's opinions, are proper rebuttal testimony. *See,*

22 *e.g., Kudos Inc. v. Kudoboard LLC*, 2021 WL 5415258, at \*13 (N.D. Cal. Nov. 20, 2021) ("It is

23 the proper role of rebuttal experts to critique plaintiffs' expert's methodologies and point out

24 potential flaws in the plaintiff's experts' reports.") (citation omitted).[4]

25

26    [4] Plaintiffs cite only cases excluding affirmative, **not rebuttal**, expert testimony for lack of
   supporting data.  *See Hill v. Schilling*, 2022 WL 17178739, at \*8-9 (N.D. Tex. Nov. 22, 2022)
   (striking opinion of expert for party seeking attorneys' fees as "not supported by any legal
27 authority, data, or methodology"); *In re Koninklijke Philips Patent Litig.*, 2020 WL 7398647, at
   \*9 (N.D. Cal. Apr. 13, 2020) (rejecting damages opinion of plaintiff's expert for many flaws,
28 including lack of "an independent economic analysis of the value of the asserted patents").

1   **III.**     **Halm Is Highly Qualified to Offer the Opinions in His Expert Report.**

2          Plaintiffs argue for Halm's exclusion because Cowan intends to offer "sophisticated

3   statistical matching methods and analyses," that Halm is supposedly unqualified to rebut.  Mot.

4   at 9.  This argument is a paper tiger.  Far from disclosing sophisticated statistical methods, "***there***

5   ***is no element of Dr. Cowan's proposed methodology that uses statistics***."  Halm Rep. ¶ 29

6   (emphasis in original).  Plaintiffs do not get to choose Defendants' expert and they cannot

7   require a rebuttal expert to be a professional statistician, just because they filtered a rudimentary

8   matching methodology through a statistician.

9          Even if Cowan had disclosed a sophisticated statistical analysis, Halm is highly qualified

10  to rebut such analyses and offer his own.  As many courts recognize, "[s]tatistical expertise is not

11  confined to those with degrees in statistics.  Because statistical reasoning underlies many kinds

12  of empirical research, scholars in a variety of fields—including … economics …—are exposed

13  to statistical ideas, with an emphasis on the methods most important to the discipline."  *In re*

14  *Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 984 F. Supp. 2d 1021, 1028 (C.D. Cal.

15  2013) (quoting David H. Kaye and David A. Freedman, *Reference Guide on Statistics*, in

16  Reference Manual on Scientific Evidence 211, 215 (3d ed. 2011)).  That is true here.  While

17  working and pursuing a graduate degree, Halm completed graduate-level statistics coursework at

18  Penn State University.  Halm Rep., App. A. at 6; *see also* Mot. Ex. 2 (Halm Tr.) at 82:3-11.  "As

19  a forensic accountant, [Halm] frequently employ[s] statistical techniques to analyze and validate

20  data.  For example, [he] frequently use[s] statistical techniques, such as regression analyses, to

21  prepare financial forecasts and evaluate cost behavior, and sampling techniques to conduct tests

22  of the reliability of data fields."  *Id.* ¶ 9.

23         An expert may be qualified "by knowledge, skill, experience, training, or education."

24  Fed. R. Evid. 702.  Rule 702 concerning expert testimony is "broadly phrased," and "the expert

25  is viewed, not in a narrow sense, but as a person qualified by 'knowledge, skill, experience,

26  training or education.'"  Fed. R. Evid. 702, Advisory Committee Notes.  There simply is no

27  requirement in the Rule or any case Plaintiffs have cited for a rebuttal expert to have the ***same***

28  "knowledge, skill, experience, training [***and***] education" as the expert they are rebutting.  *See In*

1  *re Countrywide Fin. Corp.*, 984 F. Supp. 2d at 1028 (rejecting exclusion of expert whose

2  "background provides evidence of his exposure to statistical methods in the disciplines of

3  economics and real estate;" any "lack of specialization affects the weight of the expert's

4  testimony, not its admissibility.") (citation omitted).  Of import here is Caesar's maxim, *ut est*

5  *rerum omnium magister usus*: use is the teacher of all things, more commonly stated as

6  "experience is the best teacher."  Julius Caesar, *Commentarii de Bello Gallico et Civili* 316

7  (1825 ed.).

8       Halm has foundational knowledge, training and education in using statistical techniques,

9  and frequently uses that skill and experience, including to perform regression analyses such as

10  the one summarized in his report.  *See* Halm Rep. ¶¶ 9, 104–05, Chart 3; *id.* App. A at 6; Mot.

11  Ex. 2 (Halm Tr.) at 82:3-11.  His qualifications are more than sufficient under Rule 702.[5]

12  **CONCLUSION**

13       The Court should preclude Cowan from testifying and deny Plaintiffs' motion to exclude

14  portions of Halm's proposed rebuttal testimony as moot.  But if the Court allows Cowan to

15  testify, the Court should permit Halm to present "contrary evidence."  *Daubert*, 509 U.S. at 596.

16  Either way, the Court should deny Plaintiffs' motion.

17

18      Respectfully submitted,

19  Dated:  March 17, 2023    WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation

20

21      By:  */s/ David H. Kramer*
      David H. Kramer

22

23      Attorneys for Defendants and
    Counterclaimants
    YOUTUBE, LLC and GOOGLE LLC

24

25

26  [5] After disparaging Halm's education in statistics and his extensive experience using statistical techniques, Plaintiffs do not actually move to exclude his statistical opinions. Halm

27  Rep. ¶¶ 104-5; Chart 3.  Rather, Plaintiffs confusingly move to exclude paragraphs that are not about statistics.  Mot. at 11 (seeking exclusion of Halm Rep. ¶¶ 14.b, 27–51, 70–71 and 84–91).

28  These opinions rebut Cowan's "***Non-Statistical*** Methodologies and Assumptions."  Halm Rep. at 14 (emphasis added).