# EXHIBIT 10

Case 3:20-cv-04423-JD Document 280-12 Filed 03/17/23 Page 3 of 3



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Defense Attys Should Fess To Corp. Client Errors, Judge Says

By **Dorothy Atkins**

Law360 (March 15, 2023, 10:23 PM EDT) -- U.S. District Judge James Donato expressed concerns during a class action law forum Wednesday about attorneys spending excessive time and money arguing over class certification and experts before trial, and recommended defense counsel be "proactive" in admitting corporate missteps at the start of litigation.

Judge Donato's comments came during an hourlong discussion with class action defense and plaintiffs attorneys in a panel titled, "Class Certification, Notice and Damages" on the second day of the annual, three-day Western Alliance Bank Class Action Law Forum hosted in collaboration with University of San Diego School of Law in San Diego.

During the panel, Judge Donato gave tips on best practices in litigating class actions and reaching settlements. He began by emphasizing that if an attorney's corporate client makes a mistake, there is "no incentive, and no reason not to just fix it before you get into court."

"If you know that a consumer product or that a financing vehicle has not worked out, this is a good time to do something proactive; it will not be used against you," Judge Donato said. "Every district court [judge] I know will not punish you for trying to do the right thing."

As an example, the judge recalled a consumer class action that was filed against a dog food company after the company admitted it had sold a batch of tainted dog food. Before litigation took off, the company apologized, set up a 1-800 hotline for consumers and voluntarily offered consumer refunds, among other things, according to the judge.

Due to the company's proactive actions, Judge Donato dismissed the consumer case on the pleadings, which he noted happens rarely.

Judge Donato also expressed his concerns that class action attorneys are spending too much time making summary judgment-type arguments challenging the merits of claims at the class certification stage.

He emphasized that class certification motions should only address what is the "best, most efficient way" to move litigation forward.

"Is it just named plaintiffs? Or does it make sense to have everybody go in the same bus," he said.

But far too often, attorneys will fight over the viability of the claims and damages on a class certification motion, which just ends up wasting time, Judge Donato said.

Judge Donato also said he's noticed a trend in which class action attorneys are spending too much time and money arguing over experts in Daubert motions, which challenge the legitimacy of the opposing party's expert testimony. He said it makes him think attorneys misunderstand the purpose of those motions.

The judge said Daubert motions should only be granted if the experts present "junk science," like reading the bumps on a person's head to determine whether they are a criminal.

"That is junk science. Anything short of that is for cross-examination,"Judge Donato said. "Rip them

apart in front of the jury if that's what you think you can do."

He highlighted the importance of settling parties improving their class action notices, and he pointed out a "widespread sense" among trial judges that class action notices in general are "not working," particularly since the average claims rate is 4%.

Judge Donato also defended local rules in California's Northern District that require class counsel to explain any differences between the class definition proposed in the initial complaint and the settlement.

"We're all looking here to hit the home run, which is the fair administration of justice, so if you have to change things along the way, that's not a problem. It isn't meant to put you in a difficult position," he said.

He explained that district courts just want to ensure class members are protected.

"If the class definition has become remarkably narrower than [the definition in the] class complaint, we are concerned that the putative class members are not getting a fair shake," the judge said said.

Judge Donato added that he has more than 400 cases on his docket, which is more than he's ever had in his nine years on the federal bench, and the local rule is in part to save judges time.

"We can't always go back and look, so we ask you to do it," he said.

Among the high-stakes consumer litigation Judge Donato has presided over, he **approved** Facebook's revised $650 million biometric privacy settlement with a class of Illinois users, after rejecting an **earlier $550 million deal** for giving users just 1.25% of what they could be entitled to under the Prairie State's biometric privacy law.

The afternoon panel followed sessions in which other California federal judges **offered tips** on best trial practices. In one session, district judges told attorneys to keep their examinations "crisp" and invoked Mark Twain's advice that "it is better to remain silent and be thought a fool than to talk and remove all doubt."

--Editing by Lakshna Mehta.

All Content © 2003-2023, Portfolio Media, Inc.