George A. Zelcs*
gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
rewing@koreintillery.com
Ryan Z. Cortazar *
rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
sberezney@koreintillery.com
Carol O'Keefe*
cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
 jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
pkorologos@bsfllp.com
Joanna Wright*
jwright@bsfllp.com
Jeffrey Waldron*
jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT GREG HALM**<br><br>Judge: Hon. James Donato<br><br>Date: April 13, 2023<br>Time:  10:00 a.m. |

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I.    MR. HALM'S OPINION ON THE RELIABILITY OF THE TAKEDOWN NOTICE DATASET IS INADMISSIBLE. ................................................................................... 2

II.   MR. HALM IS NOT QUALIFIED TO OPINE ON DR. COWAN'S STATISTICAL METHODOLOGIES. ..................................................................................................... 5

CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*A.H.D.C. v. City of Fresno, Cal.*,
   2000 WL 35810720 (E.D. Cal. Sept. 1, 2000) ................................................................4

*Arista Recs. LLC v. Lime Grp. LLC*,
   2011 WL 1674796 (S.D.N.Y. May 2, 2011) ..................................................................5

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ....................................................................................................1, 3

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
   297 F.R.D. 64 (S.D.N.Y. 2013) .......................................................................................4

*Hill* and *In re Koninklijke Philips Pat. Litig.*,
   2020 WL 7398647 (N.D. Cal. Apr. 13, 2020) .................................................................3

*Hill v. Schilling*,
   2022 WL 17178739 (N.D. Tex. Nov. 22, 2022) ..........................................................2, 3

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*,
   524 F. Supp. 2d 1166 (N.D. Cal. 2007) ...........................................................................4

*In re Cessna 208 Series Aircraft Prod. Liab. Litig.*,
   2009 WL 1649773 (D. Kan. June 9, 2009) ......................................................................3

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
   984 F. Supp. 2d 1021 (C.D. Cal. 2013) ............................................................................5

*Indiaweekly.com, LLC v. Nehaflix.com, Inc.*,
   2011 WL 13228299 (D. Conn. Jan. 21, 2011) .................................................................5

*Kudos Inc. v. Kudoboard LLC*,
   2021 WL 5415258 (N.D. Cal. Nov. 20, 2021) .................................................................4

*Maldonado v. Apple, Inc*,
   2021 WL 1947512 (N.D. Cal. May 14, 2021) .................................................................3

*Scott v. Chipotle Mexican Grill, Inc.*,
   315 F.R.D. 33 (S.D.N.Y. 2016) .......................................................................................3

*Sitts v. Dairy Farmers of Am., Inc.*,
   2020 WL 3467993 (D. Vt. June 24, 2020) .......................................................................3

*Sumotext Corp. v. Zoove, Inc.*,
   2020 WL 264701 (N.D. Cal. Jan. 17, 2020) .....................................................................3

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,
   718 F.3d 1006 (9th Cir. 2013) ..........................................................................................4

*Utne v. Home Depot U.S.A., Inc.*,
   2022 WL 16857061 (N.D. Cal. Nov. 10, 2022) ...............................................................3

**RULES**

Fed. R. Evid. 702 ....................................................................................................... 1, 2, 3, 5

**INTRODUCTION**

Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Greg Halm should be granted. Defendants have agreed (Opp. at 1–2) to withdraw Mr. Halm's rebuttal testimony on damages (Ex.[1] 7—Halm Rpt. ¶¶ 14.c., 92–106), thereby mooting Plaintiffs' motion to strike that testimony.[2] However, Mr. Halm's opinions on the two remaining issues are still inadmissible given the patent deficiencies in his methodology and expertise.

*First*, as explained *infra* in Section I, Defendants acknowledge that Mr. Halm's opinion on the unreliability of the takedown notice data is not based on an analysis of a statistically valid sample. Yet they fail to point to anything else that supports Mr. Halm's sweeping opinion regarding the full takedown notice dataset. Nor do Defendants address Mr. Halm's failure to consider Defendants' extensive takedown notice vetting process and their reliance on successful takedown notices to establish infringement, both of which contradict his opinion. Therefore, Defendants have not met their burden of proving that Mr. Halm's opinion satisfies the requirements of *Daubert* and Federal Rule of Evidence 702.

*Second*, as shown *infra* in Section II, Dr. Cowan's methods involve sophisticated statistical techniques, and Mr. Halm does not possess sufficient statistical expertise to opine on these methods.

Accordingly, the opinions of Mr. Halm that remain at issue—those in paragraphs 14.b., 14.b.i, 27–51, and 70–91 of Mr. Halm's report—should be excluded.

---

[1] References to "Ex." herein are to the Exhibits attached to the First Declaration of Jeffrey Waldron (Exs. 1–13) dated March 3, 2023, and to the March 24, 2023 Reply Declaration of Jeffrey Waldron (Ex. 14).

[2] Defendants also argue that Dr. Cowan's testimony should be excluded, including because "Cowan's so-called opinions are incorporeal; they are simply promises to have opinions later, at trial." (Opp. at 1.) These arguments are plainly improper in Defendants' opposition to Plaintiffs' motion to exclude Mr. Halm's testimony. Moreover, Dr. Cowan's *methodologies*, which Mr. Halm purports to rebut, are complete. [ECF 280 at 4.]

## ARGUMENT

**I. MR. HALM'S OPINION ON THE RELIABILITY OF THE TAKEDOWN NOTICE DATASET IS INADMISSIBLE.**

As explained in Plaintiffs' Motion, Mr. Halm should be precluded from offering opinions attacking Dr. Cowan's reliance on Defendants' takedown notice dataset for two reasons. (Mot. at 6–9.) *First*, Mr. Halm did not use a statistically valid sample in his analysis and thus has no support for his assertion that Defendants' own dataset is "unreliable." Instead, Mr. Halm's opinion is based solely on identification of selective examples constituting a "small fraction" of the entire dataset (Ex. 2—Halm Dep. 50:6–11), which is not a reliable methodology. *Hill v. Schilling*, 2022 WL 17178739, at *9 (N.D. Tex. Nov. 22, 2022). *Second*, Mr. Halm's opinion directly contradicts Defendants' position in this action that the takedown notice dataset contains, for works successfully taken down, information that YouTube has "verified as valid and complete". (*E.g.* Ex. 9—Am. Resp. to Interrog. 4 at 8.)

***Statistically unreliable sampling methodology.*** In an effort to address the first problem, Defendants' response attempts to downplay the scope of Mr. Halm's opinions by claiming that he merely "highlight[s] practical problems" with Dr. Cowan's use of the takedown notice dataset. (Opp. at. 3–4.) In fact, Mr. Halm goes much further: 

(Ex. 7—Halm Rpt. ¶ 82 ); *see also id.* ¶ 14.b (describing data in takedown notices as ); ¶ 81

.) Statistically reliable methodologies for sampling are well established. (*See, e.g.*, Ex. 14—Cowan Dep. 142:7–18, 151:25–152:20

.) Mr. Halm chose to ignore them. Yet, he still claims to reach conclusions

concerning the entire takedown notice dataset.  This approach does not satisfy the requirements of *Daubert* and Rule 702.  (Mot. at 8–9.)

Defendants argue that Mr. Halm was not required to use a valid methodology because he only offers rebuttal testimony.  (Opp. at 3–4.)  But "even a rebuttal opinion 'must meet *Daubert*'s threshold standards regarding the qualifications of the expert, sufficiency of the data, reliability of the methodology, and relevance of the testimony.'"  *Sitts v. Dairy Farmers of Am.*, 2020 WL 3467993, at *11 (D. Vt. June 24, 2020) (quoting *Scott v. Chipotle Mexican Grill.*, 315 F.R.D. 33, 44 (S.D.N.Y. 2016)); *Maldonado v. Apple*, 2021 WL 1947512, at *19–20 (N.D. Cal. May 14, 2021) (excluding rebuttal expert criticisms because they were "conclusory opinion[s]" that were not "based on sufficient facts and data . . . or on reliable principles and methods").

In this respect, Defendants' attempt (Opp. at 4 n.4) to distinguish *Hill* and *In re Koninklijke Philips Pat. Litig.*, 2020 WL 7398647, at *9 (N.D. Cal. Apr. 13, 2020), cited at p. 8–9 of the moving brief, misses the point.  Defendants argue that *Hill* and *Koninklijke* are inapplicable because they involved affirmative rather than rebuttal expert testimony.  But drawing a "blanket conclusion" based on "limited examples," as Mr. Halm did, is not a reliable methodology for *any* expert under Rule 702.[3]  (Mot. at 9.)

Defendants' cases (Opp. at 4) do not support their position that a rebuttal expert need not employ a reliable methodology.  Those cases hold only that a rebuttal expert need not form contrary conclusions through independent analysis to rebut another expert.[4]  Plaintiffs' Motion

---

[3] Defendants' argument that Mr. Halm "could have addressed the specific data Cowan identified" (Mot. at 4) if Dr. Cowan had identified takedown notices corresponding to specific class members is a red herring.  *First*, Dr. Cowan's assignment was not to identify specific class members in his report. [ECF 280 at 6–7.]  *Second*, Mr. Halm concedes that he only analyzed selective examples, rather than the broad sample of the entire takedown notice dataset that would have been necessary to support his conclusions.  (Mot. at 9; Ex. 2—Halm Dep. 45:7–18; 46:18–47:4.)

[4] *In re Cessna 208 Series Aircraft Prod. Liab. Litig.*, 2009 WL 1649773, at *1 (D. Kan. June 9, 2009) ("rebuttal expert who critiques another expert's theories or conclusions need not offer his own independent theories or conclusions"); *Utne v. Home Depot U.S.A..*, 2022 WL 16857061, at *6 (N.D. Cal. Nov. 10, 2022) (rebuttal expert did not need to conduct own survey to determine opposing expert's survey was flawed).  *Sumotext v. Zoove,* is irrelevant to Defendants' argument.  That case was about whether a rebuttal expert's opinion fell within the proper scope of rebuttal testimony.  2020 WL 264701, at *3 (N.D. Cal. Jan. 17, 2020).  Likewise, *Kudos v. Kudoboard* is inapposite because it concerned whether a rebuttal expert's testimony usurped the role of the jury.

does not challenge Mr. Halm's failure to develop independent methodologies to contradict Dr. Cowan.  Instead, Plaintiffs challenge Mr. Halm's conclusory opinion, unsupported by a reliable methodology, that the takedown notice data is unreliable.  (Mot. at 8–9.)

***Contradictions with evidence.***  Defendants' response also fails to justify the disconnect between Mr. Halm's opinion and YouTube's vetting of its takedown notices.  (Mot. at 6–8.)  There is ample evidence demonstrating that YouTube's comprehensive vetting process renders successful takedown notices reliable evidence of infringement.  (Mot. at 7); [ECF 245 at 8–10; ECF 272 at 5–6.]

Defendants also contend that DMCA takedown notices cannot be used as evidence of infringement "as a matter of law."  (Opp. at 3.)  But Defendants' cited authorities did not consider YouTube's vetting process, which involves vetting and supplementing the takedown notices beyond what is required in the DMCA.  [ECF 272 at 5–6]; *UMG Recordings,. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1020 n.12 (9th Cir. 2013) (defendant internet service provider did not vet takedown notices); *Football Ass'n Premier League v. YouTube.*, 297 F.R.D. 64, 68 n.2 (S.D.N.Y. 2013) (court did not consider YouTube's vetting process that exceeds DMCA requirements or YouTube's reliance on successful takedown notices).

Finally, Defendants fail to address a crucial point: Mr. Halm admitted he lacks familiarity with the vetting and counternotification process and that he entirely ignored that process in his analysis.  Those admissions render his opinions on the accuracy and completeness of YouTube's takedown notice dataset unreliable.  (Mot. at 7.)  The cases discussed in Plaintiffs' Motion establish that an expert cannot offer opinions that ignore extensive record evidence to the contrary.  *In re Bextra & Celebrex Mktg. Sales Pracs. & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1176 (N.D. Cal. 2007) (excluding expert testimony that ignored "the great weight of the evidence that contradicts his conclusion"); *A.H.D.C. v. City of Fresno, Cal.*, 2000 WL 35810720, at *1 (E.D. Cal. Sept. 1, 2000) (excluding opinions that "directly contradict[ed] the undisputed evidence" and the "admitted facts of [the] case").  That is precisely what Mr. Halm has done.  For this reason too,

---

2021 WL 5415258, at *13–14 (N.D. Cal. Nov. 20, 2021).

his opinion on the alleged unreliability of the takedown notice dataset does not satisfy the requirements of Rule 702 and should be excluded.

## II. MR. HALM IS NOT QUALIFIED TO OPINE ON DR. COWAN'S STATISTICAL METHODOLOGIES.

It is perhaps unsurprising that Mr. Halm chose to analyze a non-random, non-statistically valid sample in light of his limited statistics background.  Defendants argue that although Mr. Halm lacks any degree or certification in statistics, ███████████████████████ ██████████████████ (Ex. 7—Halm Rpt. ¶¶ 14.b., 27–51, 70–71, 84–91) ██████ ████████████████████████████████████████ (Opp. at 5–6.)  But Defendants fail to address Plaintiffs' cases (Mot. at 11), which establish that such limited training and experience are insufficient to qualify a witness as an expert in statistics. *Indiaweekly.com v. Nehaflix.com.*, 2011 WL 13228299, at *2 (D. Conn. Jan. 21, 2011) ("one or two courses" in statistics did not qualify expert to opine on statistics); *Arista Recs. v. Lime Grp.*, 2011 WL 1674796, at *5 (S.D.N.Y. May 2, 2011) (use of statistics "to some degree in [expert's] studies and work" did not qualify expert to opine on statistics).

Defendants' sole authority (Opp. at 5–6) is distinguishable.  In *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, the court held that an expert was qualified to opine on statistics where he held a Ph.D. in economics, "studied statistics during his education in economics, use[d] statistical analysis in his published articles," "t[aught] courses that discuss statistical issues," and his "background provide[d] evidence of his exposure to statistical methods in the disciplines of economics and real estate, which [were] highly relevant to" his opinions on residential mortgage-backed securities.  984 F. Supp. 2d 1021, 1028 (C.D. Cal. 2013).  Defendants cannot seriously contend that Mr. Halm's ancillary experience with statistics is comparable to that of the expert in *Countryside*: Mr. Halm's only exposure to statistics has been his "statistics-related" coursework, for which he did not attain a degree (Ex. 2—Halm Dep. 82:3–11), and use of certain statistical techniques as a forensic accountant in areas unrelated to identifying class members and estimating

class sizes.  (*See* Opp. at 5; Ex. 7—Halm Rpt. ¶ 9.)[5]  Accordingly, Defendants have failed to meet their burden of proving that Mr. Halm is qualified to rebut Dr. Cowan's statistical methods.

Defendants separately argue that Mr. Halm is qualified to rebut Dr. Cowan's methods because, according to Mr. Halm, "there is no element of Dr. Cowan's proposed methodologies that uses statistics."  (Opp. at 5 (citing Ex. 7—Halm Rpt. ¶ 29).)  Mr. Halm's statement is based on his belief that Dr. Cowan ███████████████████████ (Ex. 7—Halm Rpt. ¶ 29), which fundamentally misunderstands Dr. Cowan's methodologies.[6]  ████████████████

████████████████████████████████████████

████████████████████████████████ (Ex. 6—Cowan Rpt. ¶¶ 59–64 (emphasis added).)  ████████████████████

████████████████████████████████

████████████████████ (Ex. 14—Cowan Dep. 281:24–286:11

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████ (*Id.* 228:7–15; 253:15–255:24.)  The notion that Dr. Cowan did not use statistical techniques is therefore ██████████ because all aspects of Dr. Cowan's methodologies apply ██████████ (*Id.* 287:18–289:24 ██████████

████████████████████████████████

████████████████████████████████

---

[5] Defendants' other "authority," Caesar's maxim that "experience is the best teacher," is also inapposite.  Mr. Halm's limited experience with statistics as a forensic accountant does not provide him with sufficient statistical expertise to offer his opinions.  Caesar, by comparison, had led the Roman Army for eight years against the Gauls before writing his treatise in which the quoted maxim appears.

[6] Mr. Halm demonstrated his misunderstanding of the statistical techniques in Dr. Cowan's methodologies by citing an "accounting textbook" discussing "discovery sampling."  (Ex. 7—Halm Rpt. ¶ 67.)  But Dr. Cowan's methodologies do not use discovery sampling, but rather more advanced statistical techniques, because based on his expertise as a statistician, "the thought of using discovery sampling was so ludicrous that it didn't occur to [him] that somebody would suggest it."  (Ex. 14—Cowan Dep. 286:24–287:13.)

███████████████████████████████████████████ Consequently, rebuttal of these methodologies requires statistical expertise that Mr. Halm lacks.[7]

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in their Motion, Plaintiffs respectfully request that paragraphs 14.b., 14.b.i, 27–51, and 70–91 of the expert report of Greg Halm be stricken and excluded in their entirety, and that he not be permitted to testify at trial about any of the subjects discussed in those paragraphs.

Respectfully submitted,

Dated:  March 24, 2023

/s/ *Philip Korologos*
Philip C. Korologos*
*pkorologos@bsfllp.com*
Joanna Wright*
*jwright@bsfllp.com*
Jeffrey Waldron*
*jwaldron@bsfllp.com*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Joshua Irwin Schiller, CA Bar #330653
*jischiller@bsfllp.com*
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

---

[7] Defendants' statement (Opp. at 6 n.5) that "Plaintiffs confusingly move to exclude paragraphs that are not about statistics" is entirely circular.  The notion that the challenged paragraphs in Mr. Halm's report do not involve statistics is based on Mr. Halm's unfounded assertion that Dr. Cowan's methodologies are "Non-Statistical."  (Ex. 7—Halm Rpt. at 14.)  Plaintiffs seek to exclude those paragraphs because, as established above, Dr. Cowan's methodologies do involve advanced statistical techniques, and rebutting these methods would require the statistical expertise that Mr. Halm lacks.

George A. Zelcs*
*gzelcs@koreintillery.com*
Randall P. Ewing, Jr.*
*rewing@koreintillery.com*
Ryan Z. Cortazar*
*rcortazar@koreintillery.com*
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
*stillery@koreintillery.com*
Steven M. Berezney, CA Bar #329923
*sberezney@koreintillery.com*
Carol O'Keefe*
*cokeefe@koreintillery.com*
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*