| | |
|---|---|
| George A. Zelcs* | Joshua Irwin Schiller, CA Bar #330653 |
| gzelcs@koreintillery.com | jischiller@bsfllp.com |
| Randall P. Ewing, Jr.* | **BOIES SCHILLER FLEXNER LLP** |
| rewing@koreintillery.com | 44 Montgomery St., 41st Floor |
| Ryan Z. Cortazar* | San Francisco, CA  94104 |
| rcortazar@koreintillery.com | Telephone: (415) 293-6800 |
| **KOREIN TILLERY, LLC** | Facsimile: (415) 293-6899 |
| 205 North Michigan, Suite 1950 | |
| Chicago, IL  60601 | Philip C. Korologos* |
| Telephone: (312) 641-9750 | pkorologos@bsfllp.com |
| Facsimile: (312) 641-9751 | Joanna Wright* |
| | jwright@bsfllp.com |
| Stephen M. Tillery* | Jeffrey Waldron* |
| stillery@koreintillery.com | jwaldron@bsfllp.com |
| Steven M. Berezney, CA Bar #329923 | **BOIES SCHILLER FLEXNER LLP** |
| sberezney@koreintillery.com | 55 Hudson Yards, 20th Floor |
| Carol O'Keefe* | New York, NY 10001 |
| cokeefe@koreintillery.com | Telephone: (212) 446-2300 |
| **KOREIN TILLERY, LLC** | Facsimile: (212) 446-2350 |
| 505 North 7th Street, Suite 3600 | |
| St. Louis, MO  63101 | |
| Telephone: (314) 241-4844 | |
| Facsimile: (314) 241-3525 | |

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | CASE NO.:  3:20-cv-04423-JD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT FRANCOIS-XAVIER NUTTALL**<br><br>Judge:  Hon. James Donato<br><br>Date:  April 13, 2023<br>Time:   10:00 a.m. |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I. MR. NUTTALL'S DEFINITION OF CMI RENDERS A SUBSTANTIAL PORTION OF HIS TESTIMONY IRRELEVANT .......................................................... 2

II. MR. NUTTALL'S OPINIONS SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403 ............................................................................................ 5

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITES

**Cases**

*Baker v. SeaWorld Entm't*,
    423 F. Supp. 3d 878 (S.D. Cal. 2019) ............................................................................5

*Barabin v. Scapa Dryer Felts*,
    2018 WL 1570781 (W.D. Wash. Mar. 30, 2018) ............................................................6

*Braun v. O'Brien*,
    2006 WL 8458557 (E.D. Cal. Feb. 27, 2006) .................................................................2

*Cage v. City of Chicago*,
    979 F. Supp. 2d 787 (N.D. Ill. 2013) ..............................................................................5

*CZ Servs. v. Express Scripts Holding*,
    2020 WL 4518978 (N.D. Cal. Aug. 5, 2020) ..................................................................5

*Harrington v. Pinterest*,
    2022 WL 4348460 (N.D. Cal. Sept. 19, 2022) ................................................................3

*Isola USA Corp. v. Taiwan Union Tech. Corp.*,
    2015 WL 12555856 (D. Ariz. Aug. 13, 2015) ................................................................5

*Lauderdale v. NFP Ret., Inc.*,
    2022 WL 17324416 (C.D. Cal. Nov. 17, 2022) ..............................................................2

*Rogers v. Raymark Indus.*,
    922 F.2d 1426 (9th Cir. 1991) ......................................................................................5, 6

*SA Music LLC v. Apple, Inc.*,
    592 F. Supp. 3d 869 (N.D. Cal. 2022) ............................................................................3

*SPS Techs v. Briles Aerospace*,
    2021 WL 4913509 (C.D. Cal. Sept. 8, 2021) ..................................................................5

**Statutes**

17 U.S.C. § 1202 ...........................................................................................................1, 2, 5, 6

**Rules**

Fed. R. Evid. 403 .................................................................................................................5, 6

## INTRODUCTION

In response to Plaintiffs' motion to exclude portions of the expert report and testimony of Francois-Xavier Nuttall, Defendants fill the first four pages of their brief with irrelevant (and unpersuasive) merits arguments and attacks on Plaintiffs' proposed expert, Paul Jessop, whom they separately have moved to exclude.[1]  This tactic is a transparent attempt to distract the Court from the question presented: Is Mr. Nuttall's analysis so tainted by his idiosyncratic definition of copyright management information ("CMI") that it renders large portions of his testimony irrelevant?  The answer is yes.  Mr. Nuttall admits that his definition only includes information used for the processing of royalty payments, and denies that the title, author, or copyright owner of a work always constitutes CMI. (Ex. 4—Nuttall Dep. 177:14–178:7, 240:19–241:11, 247:23–248:11.)[2]  His definition thus differs from the relevant statutory language of 17 U.S.C. § 1202(c).

In his deposition testimony, Mr. Nuttall divides the universe of metadata into "two contexts": one "informative", which Mr. Nuttall claims is "not CMI", and one for "rights management purposes -- for financial claims", which Mr. Nuttall asserts "is CMI."[3]  But § 1202(c) does not include any such requirement to qualify as CMI.  Thus, Mr. Nuttall's use of an incorrect definition that considers only metadata used "for financial claims" to be CMI improperly excludes clip filename ("CLFN") metadata from the universe of CMI—contrary to § 1202(c)—and thereby renders meaningless all of his opinions related to CLFN.  Because of his faulty definition, Mr.

---

[1] Defendants' attacks on Mr. Jessop's qualifications are ironic, given that Mr. Nuttall lacks any post-secondary school degree (see Ex. 4—Nuttall Dep. at 110:15–20) and is hardly an "independent" expert. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1—Nuttall Rpt. App'x A; Ex. 4— Nuttall Dep. 127:17–24.)  After leaving Google, Mr. Nuttall founded Quansic, which gets 25% of its revenues from YouTube.  (Id. 237:21–238:10).

[2] References to "Ex." herein are to the Exhibits attached to the First Declaration of Jeffrey Waldron (Exs. 1–3) dated March 3, 2023, and to the March 24, 2023 Reply Declaration of Jeffrey Waldron (Exs. 4–7).

[3] "**Q**: Do you understand that the name of the copyright owner of a work is CMI? . . .
"**A**: I just explained there are two contexts. One is informative and that was not CMI, and one is rights management purposes -- for financial claims -- and this is CMI." (Ex. 4—Nuttall Dep. 177:24–178:7.)

Nuttall's opinions are not relevant to Plaintiffs' CFLN claims and will needlessly confuse the jury. Those opinions should be excluded.

## ARGUMENT
### I. MR. NUTTALL'S DEFINITION OF CMI RENDERS A SUBSTANTIAL PORTION OF HIS TESTIMONY IRRELEVANT.

Under the definition of CMI in 17 U.S.C. § 1202(c), the author, copyright owner, or title of a work *must* constitute CMI. But as Defendants concede (Opp. at 5–6), Mr. Nuttall does not conform the definition he uses to the statutory definition. Under Mr. Nuttall's definition, the inclusion of the title, author, or copyright owner of a work *may or may not be CMI*. As Defendants' own cited authority (Opp. at 9) recognizes, "Use of legal terminology [by an expert] 'may be objectionable' if the terms have a 'separate, distinct and specialized meaning in the law different from that present in the vernacular.'" *Lauderdale v. NFP Ret.*, 2022 WL 17324416, at *3 (C.D. Cal. Nov. 17, 2022) (quoting *Braun v. O'Brien*, 2006 WL 8458557, at *4 (E.D. Cal. Feb. 27, 2006)).

In arguing that Mr. Nuttall does not opine on "what constitutes CMI" under § 1202 (Opp. at 5), Defendants miss the point of Plaintiffs' objection: Mr. Nuttall's use of an entirely irrelevant definition of CMI would make any testimony using that definition confusing to the jury. The definition of CMI contained in § 1202(c) is the *only* relevant definition for the purposes of this litigation, and the jury must use that definition in its deliberations rather than Mr. Nuttall's idiosyncratic definition. Mr. Nuttall's use of the wrong definition is akin to a Manchester United commentator testifying about his understanding of "football" in an action involving the San Francisco 49ers. Mr. Nuttall did not reveal that his definition of CMI differed from the statutory definition until the end of his deposition, and then only when questioned by Defendants' counsel. (Ex. 4—Nuttall Dep. 240:19–241:11.) If that same exchange had occurred before a jury, it would have muddled the entirety of his preceding testimony and misled the jurors.

Defendants argue that because Mr. Nuttall "repeatedly suggests" that information such as "the author, copyright owner, or title of a work . . . *may* constitute CMI for a given work," Plaintiffs' characterization of Mr. Nuttall's testimony is "myopic." (Opp. at 4–5 (emphasis

added); *see also* Opp. at 5 ("[Mr. Nuttall's] report contemplates numerous instances where a song title, film title, or artist name may well be copyright management information.").) Defendants' argument only highlights the problem with the definition of CMI used in Mr. Nuttall's opinions. Because Mr. Nuttall's definition of CMI (metadata used for the purposes of royalty payments) expressly excludes *all* CLFN metadata, it conflicts with Defendants' own admissions, and the related portions of Mr. Nuttall's expert report and testimony should be excluded as a result. (*See* Ex. 5—Resp. to RFA Nos. 67–70 at 34–35 (not denying that the title of a work constitutes CMI when contained in CLFN metadata).) Defendants cite to *Harrington v. Pinterest,* 2022 WL 4348460, at *4 (N.D. Cal. Sept. 19, 2022), for the unremarkable proposition that "metadata and CMI are not synonymous." (Opp. at 10–11.) But that is irrelevant to this motion, since it is not disputed that the information that Ms. Schneider identified in the CLFN fields of nine videos constitutes CMI.

Defendants cherry-pick paragraphs of Mr. Nuttall's report that they argue must be admissible because they do not use the terms "copyright management information" or "CMI." (Opp. at 7.) But that ignores the fact that all portions of Mr. Nuttall's report that Plaintiffs have moved to exclude relate to CLFN metadata. Mr. Nuttall should not be able to opine on CLFN metadata in any way because his definition excludes CLFN metadata entirely from the definition of CMI.

Defendants have the burden of establishing the relevance of Mr. Nuttall's testimony. *SA Music v. Apple*, 592 F. Supp. 3d 869, 880 (N.D. Cal. 2022) ("The burden is on the proponent of the expert testimony to show, by a preponderance of the evidence, that the admissibility requirements are satisfied."). Defendants have failed to make any affirmative showing that Mr. Nuttall's testimony—based on an erroneous definition of a key element of Plaintiffs' CLFN claims—could be relevant to their defense. *First*, Mr. Nuttall's testimony is not relevant to whether Defendants remove CLFN metadata. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Ex. 6—Am. Resp. to Interrog. 1 at 4–5.) Defendants have confirmed that practice in their opposition brief. (Opp. at 2 ("[YouTube] simply

1  removes the metadata, without regard to what it may contain".).) Defendants' claims that they
2  "did not know of the presence of Schneider's CMI" amount to an admission of willful blindness.
3  (Opp. at 1 n.1.) Defendants know that metadata fields such as the CLFN field exist in uploaded
4  videos, and that their statutory obligation is to preserve that metadata when, as here, it contains
5  CMI. The "compelling reasons" offered by Defendants ▌
6  ▌ (Opp. at 1.) Even if Defendants had offered support for these
7  "compelling reasons," they fail to show why those reasons relieve them of their statutory
8  obligations.

9      *Second*, Plaintiffs have identified nine videos in which CMI metadata (including titles)
10  relating to Ms. Schneider's copyrighted works was contained in the CLFN field but removed by
11  Defendants. (Ex. 7—Schneider Am. Resp. to Interrog. 9 at 18.) It is uncontroverted that the
12  information identified by Plaintiffs in these CLFN metadata fields constitutes CMI. Therefore,
13  Mr. Nuttall's testimony is irrelevant to that issue.

14      *Third*, Mr. Nuttall's testimony is not relevant to the issue of whether Defendants had the
15  requisite scienter to be found liable. Mr. Nuttall states that ▌
16  ▌ (Ex. 1—Nuttall Rpt. ¶ 2(d)); that ▌
17  ▌ (*id.* ¶ 55); that ▌
18  ▌ (*id.* ¶ 56); and that ▌
19  ▌ (*id.*). Defendants assert that Mr.
20  Nuttall's observations demonstrate the "obscurity" of the CLFN field, which Defendants claim
21  impacts their scienter. (Opp. at 8.) ▌
22  ▌ (Ex. 6—Am. Resp. to Interrog. 1 at 4–5), ▌
23  ▌

24      The cases on which Defendants rely (Opp. at 9) do not support their position. The
25  defendants in *Lauderdale* sought the exclusion of plaintiffs' expert because he relied on the
26  "wrong industry standards." 2022 WL 17324416, at *9. Here, Plaintiffs object to Mr. Nuttall's
27  use of a supposed "industry standard" definition that *directly conflicts* with binding statutory
28

language. *CZ Servs. v. Express Scripts Holding*, 2020 WL 4518978, at *1 (N.D. Cal. Aug. 5, 2020) (Donato, J.) (testimony should be excluded where is it not "tied to the claims" and does not "'fit' the case"). In *SPS Techs v. Briles Aerospace*, the court did not exclude plaintiff's experts because the "relevant opinions fall short of instructing the jury on question of law." 2021 WL 4913509, at *11 (C.D. Cal. Sept. 8, 2021). Here, Plaintiffs seek the exclusion of Mr. Nuttall's opinions and testimony because of their irrelevance to the issues being decided.[4]

## II.   MR. NUTTALL'S OPINIONS SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403.

Mr. Nuttall's opinions are also inadmissible under Fed. R. Evid. 403 because Mr. Nuttall offers irrelevant testimony that is likely to confuse the jury. Defendants falsely claim that Mr. Nuttall "never opines on the statutory definition of CMI nor undermines it; and there is no risk of juror confusion in any event." But his testimony directly and repeatedly contradicts the definition of CMI in § 1202. (Ex. 4—Nuttall Dep. 177:14–178:7, 240:19–241:11, 247:23–248:11.) It is well within the Court's discretion to exclude expert testimony under Rule 403 where the testimony is not probative to the issues presented (*see* Section I) and will be unduly prejudicial. *See Rogers v. Raymark Indus.*, 922 F.2d 1426, 1430 (9th Cir. 1991) ("Even if the court finds a witness qualified under Rule 702, it may still exclude testimony under Rule 403."). For example, in *Barabin v. Scapa Dryer Felts*, 2018 WL 1570781, at *3 (W.D. Wash. Mar. 30, 2018), the testimony of plaintiff's expert, a physician who opined on the "basic anatomy and biology" of asbestos-related diseases, was excluded because his testimony was "one step removed" from the issues specific to the action before the court. Here, Mr. Nuttall's testimony, as far as it relates to

---

[4] The out-of-district cases cited by Defendants (Opp. at 6 n.3) are equally inapposite. The dispute in *Isola USA Corp. v. Taiwan Union Tech. Corp.* did not involve statutory language—the dueling experts simply disagreed on the correct usage of a scientific term. 2015 WL 12555856, at *2 (D. Ariz. Aug. 13, 2015). In *Cage v. City of Chicago*, the court allowed an expert witness to opine on common industry parlance, without involving the issue of whether an industry definition contradicted statutory language. 979 F. Supp. 2d 787, 803 (N.D. Ill. 2013). Finally, in *Baker v. SeaWorld Entm't*, 423 F. Supp. 3d 878, 897 (S.D. Cal. 2019), defendants sought the exclusion of plaintiffs' economic expert whose definition of "materiality" did not fully encompass the legal standard established by the Supreme Court, which is significantly different from Mr. Nuttall's direct contradiction of a statutory definition.

1  CLFN metadata, is similarly "one step removed" from the issues presented. The definition of
2  CMI that Mr. Nuttall employs has no bearing on the actual issues presented in this litigation, the
3  contours of which are necessarily defined by § 1202.
4      Even to those jurors with some familiarity with the concept of copyright, the niche area of
5  "copyright management information" may not be familiar. Plaintiffs would be prejudiced if the
6  jury hears one definition of CMI from Mr. Nuttall, testifying as an expert witness, that contradicts
7  the statutory definition of CMI.[5] That is exactly the sort of non-probative, harmful testimony that
8  the court should exclude, using its "considerable latitude in performing the Rule 403 balancing
9  test." *Rogers*, 922 F.2d at 1430.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in their Motion, Plaintiffs respectfully request that the Court strike or exclude the portions of Mr. Nuttall's report and testimony that relate to CMI not included within his legally erroneous definition (as identified in Paragraphs 2(d) & 53–73 of his expert report) and to the potential uses of such CMI (as identified in Paragraph 34 of his expert report). Furthermore, Mr. Nuttall should be prohibited generally from testifying concerning CMI or what kinds of metadata do or do not constitute CMI.

Dated: March 24, 2023

Respectfully submitted,

/s/ *Philip C. Korologos*
Philip C. Korologos*
Joanna Wright*
Jeffrey Waldron*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

---

[5] Defendants' footnote suggesting that Mr. Jessop similarly bifurcates metadata between "reference metadata" and "rights management metadata" is disingenuous. (Opp. 10 n.4.) Nowhere does Mr. Jessop say that "reference metadata" (such as the name of an author or the title of work) does not constitute CMI. Meanwhile, Mr. Nuttall explicitly makes that claim. Indeed, Paragraph 106 of Mr. Jessop's report sets forth exactly how these different types of metadata fit within the statutory definition of CMI, avoiding any confusion that these distinctions may engender in the jury.

Joshua Irwin Schiller, CA Bar #330653
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

George A. Zelcs*
Randall P. Ewing, Jr. *
Ryan Z. Cortazar*
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
Steven M. Berezney, CA Bar #329923
Carol O'Keefe*
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*