George A. Zelcs*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
  rewing@koreintillery.com
Ryan Z. Cortazar *
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
  pkorologos@bsfllp.com
Joanna Wright*
  jwright@bsfllp.com
Jeffrey Waldron*
  jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN PETERSON**<br><br>Judge: Hon. James Donato<br><br>Date:  April 13, 2023<br>Time:   10:00 a.m. |

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

I.     DR. PETERSON'S OPINIONS REGARDING COSTS ARE NOT PROPER REBUTTAL OPINIONS AND SHOULD BE EXCLUDED. ............................................................. 2

II.    PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCTING ANY EVIDENCE REGARDING THE ISSUES IN SECTION V.B.4(c) OF DR. PETERSON'S REBUTTAL REPORT. ........................................................................................... 4

CONCLUSION ............................................................................................................................. 5

# TABLE OF AUTHORITIES

**CASES**

*Century Indem. Co. v. Marine Group, LLC*,
   2015 WL 5521986 (D. Ore. Sept. 16, 2015) ................................................................... 4

*Clear-View Techs. v. Rasnick*,
   2015 WL 3509384 (N.D. Cal. June 3, 2015) ................................................................... 1

*Int'l Bus. Machs. v. Fasco Indus.*,
   1995 WL 115421 (N.D. Cal. Mar. 15, 1995) ................................................................... 2

*Mattel v. MGA Entm't*,
   2011 WL 13128409 (C.D. Cal. Jan. 26, 2011) ................................................................. 2

*Parenti v. Cty. of Monterey*,
   2017 WL 1709349 (N.D. Cal. May 3, 2017) ................................................................... 1

*Straus v. DVC Worldwide*,
   484 F.Supp.2d 620 (S.D. Tex. Mar. 23, 2007) ............................................................. 2, 3

*Vu v. McNeil-PPC, Inc.*,
   2010 WL 2179882 (C.D. Cal. May 7, 2010) ................................................................... 1

**STATUTES**

17 U.S.C. § 504 .......................................................................................................................... 1, 2

**RULES**

Fed. R. Civ. P. 37 ................................................................................................................. 1, 4, 5

Fed. R. Civ. P. 26 ......................................................................................................................... 1

**INTRODUCTION**

Defendants acknowledge that under the unambiguous language of the Copyright Act, they bear the burden of proving costs and expenses that they seek to deduct from Plaintiffs' disgorgement claims. Yet Defendants did not proffer any evidence of Defendants' incremental costs until section V.B.4(c) of Dr. Steven Peterson's rebuttal report, ▮▮▮▮▮ ▮▮▮▮▮ As discussed in Section I of Plaintiffs' opening brief, a party must present expert testimony in an affirmative expert report on matters for which it bears the burden of proof. *See Clear-View Techs. v. Rasnick*, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015). Rebuttal experts cannot offer new opinions. *See Parenti v. Cty. of Monterey*, 2017 WL 1709349, at *5 (N.D. Cal. May 3, 2017).

Defendants nonetheless contend that the burden-shifting framework for copyright infringement damages excuses their failure to comply with these well-settled requirements. But Defendants have long been aware of Plaintiffs' intention to seek disgorgement as a remedy: Plaintiffs demanded disgorgement in their Amended Complaint [ECF No. 99 (Am. Compl.) ¶ 156] and sought information regarding Defendants' revenues and costs in discovery, which Defendants refused to produce. Neither the Copyright Act nor Rule 26 of the Federal Rules of Civil Procedure permit this sort of gamesmanship under these circumstances. For these reasons, ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Vu v. McNeil-PPC,* 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) ("as a result of . . . belated disclosure, Plaintiffs are prevented from rebutting any . . . expert opinions dealing with matters outside the scope of [Plaintiff's initial expert] report because the deadline for disclosing rebuttal experts has passed. This is a hornbook example of sandbagging, a litigation tactic this Court will not tolerate."). Additionally, pursuant to Federal Rule of Civil Procedure 37, Defendants should not be allowed to present Dr. Peterson's untimely opinions on incremental costs through a fact witness.

# ARGUMENT

## I. DR. PETERSON'S OPINIONS REGARDING COSTS ARE NOT PROPER REBUTTAL OPINIONS AND SHOULD BE EXCLUDED.

As discussed in Plaintiffs' opening brief (Mot. at 2), a party must present expert testimony in an affirmative expert report on those matters for which it bears the burden of proof. One consequence of that rule is that "rebuttal experts . . . must restrict their testimony to attacking the theories offered by the adversary's experts." *Int'l Bus. Machs. v. Fasco Indus.,* 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995). Thus, when Defendants made the strategic decision not to proffer an affirmative expert report to prove costs and expenses deductible under Section 504(b) of the Copyright Act, they self-limited the scope of their experts' testimony. As a result, Defendants' experts can only submit reports and testify in rebuttal to Plaintiffs' affirmative reports. Since Plaintiffs' expert Dr. Hal Singer did not opine on YouTube's deductible expenses or elements of profit, Dr. Peterson's rebuttal report is limited to YouTube's revenue—the topic of Dr. Singer's report.

Defendants do not dispute that they have the burden of proof regarding YouTube's costs under the Copyright Act. (Opp. at 2.) Nor do they dispute that a party must present expert testimony in an affirmative expert report on those matters for which it bears the burden of proof. Instead, they argue that the burden shifting framework in Section 504(b) of the Copyright Act relieved them of their obligation to disclose Dr. Peterson's opinion regarding incremental costs in an affirmative expert report and permitted them to instead disclose that opinion for the first time in a rebuttal report to which Plaintiffs would be unable to respond. (Opp. at 3.) But nothing supports Defendants' position under the facts of this case.

Defendants point to two district court cases as support for their position: *Mattel v. MGA Entm't,* 2011 WL 13128409 (C.D. Cal. Jan. 26, 2011) and *Straus v. DVC Worldwide,* 484 F. Supp. 2d 620 (S.D. Tex. Mar. 23, 2007). Neither case was decided by this court and neither case mandates the result urged by Defendants. Unlike here, the rebuttal experts' apportionment analysis in these cases depended on the plaintiffs' expert analysis of revenues attributable to the infringing acts. *See Mattel*, 2011 WL 13128409, at *10 (defendant's apportionment theory set

forth in rebuttal reports responded to plaintiff's analysis of revenue generated in connection with alleged infringement of Mattel's creative works); *Straus*, 484 F. Supp. 2d at 631–32 (defendants' ability to show revenues attributable to factors other than infringement depended on plaintiff's theory of indirect damages caused by defendants' allegedly infringing uses of plaintiff's photograph in their marketing campaigns).

In contrast, Dr. Peterson's opinion relies on cost and revenue data provided by Defendants to conclude ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Ex. 1—Peterson Rpt. ¶ 107.)[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. Peterson's analysis is indifferent to whether Plaintiffs claim $1 or $1 billion in damages and does not depend at all on Plaintiffs' theories of direct and indirect profits.

Moreover, because YouTube earns advertising revenues both directly and indirectly from the display of infringing videos, the causal link between YouTube's unlawful conduct and its revenues is evident. [*See, e.g.*, Am. Comp. ¶ 6 ("A vast library of pirated content draws users to the site, and the growth in users incentivizes the posting of more content on YouTube, which in turn enables Defendants to reap more advertising revenue."); ¶ 95 ("YouTube financially benefits by receiving 45% of all advertising 'net income' generated by infringing works . . ..").] Thus, Defendants have long been on notice that they would be required to put forward affirmative evidence of deductible costs. Nothing prevented Defendants from timely presenting Dr. Peterson's opinion on YouTube's costs as an affirmative expert report.

However, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants contend that Plaintiffs would not be prejudiced by the admission of testimony regarding Section V.B.4(c) of Dr. Peterson's report because Dr. Singer was able to review Dr. Peterson's report prior to their

---

[1] References to "Ex." herein are to the Exhibits attached to the First Declaration of Jeffrey Waldron (Ex. 1) dated March 3, 2023, and to the March 24, 2023 Reply Declaration of Jeffrey Waldron (Ex. 2).

1  depositions on January 13 and 20, 2023.  (Opp. at 5–6.)  But Defendants' argument ignores the

2  fact that Dr. Singer was prevented from submitting a rebuttal report that would have discussed the

3  flaws in Dr. Peterson's approach and conclusions, as he would have been able to do if Dr.

4  Peterson had included his theories in an opening expert report.  *See Century Indem. Co. v. Marine*

5  *Group, LLC*, 2015 WL 5521986, at *6 (D. Ore. Sept. 16, 2015) (holding that where an expert "had

6  the opportunity both to conceal or minimize weaknesses in his opinions," prejudice to the other

7  party "cannot be adequately balanced by now offering to allow [the expert]'s deposition and [the

8  opposing party's experts] to submit supplemental reports").

9  

10  ████ (Opp. at 6.)  When Defendants asked Dr. Singer about Dr. Peterson's analysis in Table 2

11  of his report, ████

12  ████

13  ████ (Ex. 1—Peterson Rpt. ¶ 21), Dr. Singer made it clear that he had not ████

14  ████ (Ex. 2—Singer Dep. 243:17–21).

15  He also stated ████

16  ████

17  ████ (*Id.* 242:23–243:16).[2]

18  **II.   PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING ANY
         EVIDENCE REGARDING THE ISSUES IN SECTION V.B.4(c) OF DR.
19       PETERSON'S REBUTTAL REPORT.**

20  Plaintiffs have also moved under Rule 37, which allows the Court to preclude a party from

21  introducing designated matters into evidence if the party fails to comply with an order to provide

22  or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A)(ii) and 37(c).  This sanction is warranted here,

23  where Defendants violated the Court's Scheduling Order by submitting Dr. Peterson's affirmative

24  opinions on costs after the deadline for affirmative expert disclosures.

---

[2] Defendants' assertion that Plaintiffs "do not actually dispute the reliability or admissibility of Dr. Peterson's opinions regarding YouTube's costs" (Opp. at 1) is incorrect.  Although Plaintiffs did not move on these grounds, Dr. Peterson's failure to exclude fixed costs from his analysis renders his regression analysis unreliable.

The Court should reject Defendants' claim that they should be permitted to introduce otherwise inadmissible evidence through a fact witness (Arpan Agrawal).  Although, as Defendants note, Plaintiffs had the opportunity to depose Mr. Agrawal and question him concerning a single-page spreadsheet with high-level data on YouTube's content acquisition costs and operating revenues (Opp. at 7), that fact witness deposition occurred almost 6 months before Dr. Peterson ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Consequently, Plaintiffs were prejudiced by Defendants' late disclosure, which deprived Plaintiffs of the opportunity to present a rebuttal report identifying the flaws in Dr. Peterson's analysis.[3]

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in their Motion, Plaintiffs respectfully request that the Court enter an order striking Section V.B.4(c) of Dr. Peterson's report and preventing Dr. Peterson from testifying at trial concerning the amount of YouTube's deductible expenses associated with the revenues generated by infringing videos on the YouTube platform.  Plaintiffs further request that the Court enter an Order prohibiting Defendants from introducing at trial any other evidence concerning the costs and expenses associated with YouTube's revenues pursuant to Federal Rule of Civil Procedure Rule 37.

---

[3] Defendants should also be precluded from presenting self-serving testimony on their alleged deductible costs and expenses under this Court's Standing Order Rule 6 because they selectively produced only high-level data while refusing to produce the more detailed data relating to their revenues, costs, and expenses requested by Plaintiffs that would have allowed Plaintiffs to effectively evaluate Defendants' claims.

| | | |
|---|---|---|
| 1 | Dated: March 24, 2023 | Respectfully submitted, |
| 2 | | /s/ *Philip C. Korologos* |
| | | Philip C. Korologos* |
| 3 | | Joanna Wright* |
| 4 | | Jeffrey Waldron* |
| | | BOIES SCHILLER FLEXNER LLP |
| 5 | | 55 Hudson Yards, 20th Floor |
| | | New York, NY 10001 |
| 6 | | Telephone: (212) 446-2300 |
| | | Facsimile: (212) 446-2350 |

Joshua Irwin Schiller, CA Bar #330653 BOIES SCHILLER FLEXNER LLP 44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

George A. Zelcs*
Randall P. Ewing, Jr.*
Ryan Z. Cortazar*
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750 Facsimile: (312) 641-9751

Stephen M. Tillery*
Steven M. Berezney, CA Bar #329923
Carol O'Keefe*
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844 Facsimile: (314) 241-3525

*Admitted *pro hac vice*
*Attorneys for Plaintiffs*