# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | Case Number: 3:20-cv-04423-JD<br><br>**PLAINTIFF MARIA SCHNEIDER'S FIRST SET OF INTERROGATORIES TO DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Maria Schneider, by her attorneys Boies Schiller Flexner LLP and Korein Tillery, LLC, serves the following Interrogatories on Defendants YouTube, LLC ("YouTube") and Google LLC ("Google"). Verified written responses must be provided within thirty days of service.

**DEFINITIONS**

1. The words and phrases used in these Requests shall have the meanings ascribed to them under the Federal Rules of Civil Procedure, unless otherwise stated. All definitions herein include both the singular and plural.

2. "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. "Answer" means the Defendants' answer filed on September 21, 2020.

1  **INTERROGATORY NO. 3**

2  State the bases (including all facts and the application of law to fact) for Your contention
3  that Defendants are not liable for any alleged infringement that arises by reason of the storage at
4  the direction of users of material residing on the YouTube service.

5  **INTERROGATORY NO. 4**

6  State the bases (including all facts and the application of law to fact) for Your contention
7  that Defendants are entitled to the safe harbor from liability for copyright infringement under
8  17 U.S.C. § 512.

9  **INTERROGATORY NO. 5**

10  Describe in detail every step of the video file upload process You describe in the Answer
11  at Paragraph 33, including all changes to Metadata that take place during the process of uploading
12  a video to Your platform and the number of copies and location of all copies that are made of each
13  video. If the video file upload process has changed during the Relevant Period, describe in detail
14  every step of the process that is in use or was in use at any time during the Relevant Period,
15  including the time period during which each process was in use.

16  **INTERROGATORY NO. 6**

17  Describe in detail all procedures or means of raising challenges to copyright infringement
18  for videos posted on Your platform other than through the Content ID System or via Takedown
19  Notices. If these procedures or means of raising challenges have changed during the Relevant
20  Period, describe in detail all procedures that are in use or were in use at any time during the
21  Relevant Period, including the time period during which each procedure was in place.

22  **INTERROGATORY NO. 7**

23  State the bases (including all facts and the application of law to fact) for Your contention
24  that Defendants do not have actual or constructive knowledge that uploaded videos infringing
25  Plaintiffs' copyrights are routinely publicly performed, publicly displayed, distributed, and/or
26  reproduced on YouTube. If the bases differ for YouTube or Google, state the bases for each
27  Defendant separately.

28

**INTERROGATORY NO. 8**

Identify all Persons that work on Your copyright operations team and Your teams that work on Takedown Notices; Fair Use; the Content Verification Program; the Copyright Match Tool; the Account Monetization Program; the AutoPlay Feature; and the Content ID System, including designing and administering the Content ID System.

**INTERROGATORY NO. 9**

State whether any of the Persons that you identified in response to Interrogatory No. 9 have given testimony under oath in any proceedings concerning copyright management; Fair Use; Takedown Notices; the Content Verification Program; the Copyright Match Tool; the Account Monetization Program; the AutoPlay Feature; or the Content ID System, including designing and administering the Content ID System; and if so, identify the proceeding and the date of the testimony.

**INTERROGATORY NO. 10**

Identify all non-custodian Document or database storage locations for Documents Concerning Your customer case management systems, public and internal policies and procedures related to copyright management; Fair Use; Takedown Notices; the Content Verification Program; the Copyright Match Tool; the AutoPlay Feature; and the Content ID System.

**INTERROGATORY NO. 11**

State the estimated monetary cost to You if You were to make Content ID available to Plaintiffs in this Lawsuit; the members of the proposed class(es) (including any subclasses) in this Lawsuit; once certified, the actual class(es) (including any subclasses) in this Lawsuit; and all Users.

**INTERROGATORY NO. 12**

State all reasons why You do not: (1) provide Users with audio file conversion software that would automatically retain and encode CMI and (2) require Users who are uploading content to transfer CMI, including ISRC, ISWC, ID3 Tags, Tags, or other Metadata, in the original file to the converted video file.

**INTERROGATORY NO. 13**

To the extent not reflected in Your Document production, Identify each Communication between You and Plaintiffs (whether together or separately), including the dates, all Persons involved, and the subject matter of the Communication.

**INTERROGATORY NO. 14**

Describe in detail Your document collection efforts in response to Plaintiffs' Requests for Production of Documents, including each date You collected Documents, the Persons involved in each collection, and the locations and identity of custodians from which You collected Documents for each collection.

DATED: New York, New York
October 28, 2020

By: /s/ Joshua Irwin Schiller

George A. Zelcs *(pro hac vice)*
Randall P. Ewing, Jr. *(pro hac vice)*
Ryan Z. Cortazar *(pro hac vice)*
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe *(pro hac vice)*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and Pirate Monitor LTD*

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record were served by email on October 28, 2020:

>DAVID H. KRAMER
>dkramer@wsgr.com
>MAURA L. REES
>mrees@wsgr.com
>LAUREN GALLO WHITE
>lwhite@wsgr.com
>WILSON SONSINI GOODRICH & ROSATI
>Professional Corporation
>650 Page Mill Road
>Palo Alto, CA 94304-1050
>Telephone: (650) 493-9300
>Facsimile:  (650) 565-5100
>
>*Attorneys for Defendants and Counterclaimants*
>YOUTUBE, LLC and GOOGLE LLC

>/s/ Demetri Blaisdell
>Demetri Blaisdell