# EXHIBIT C

to the Declaration of Qifan Huang

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD, individually and on behalf of all others similarly situated; et al., Plaintiffs, v. YOUTUBE, LLC and GOOGLE LLC, Defendants. | CASE NO. 3:20-cv-04423-JD |

VIDEOTAPE DEPOSITION OF:
CHARLES D. COWAN, Ph.D.
NEW YORK, NEW YORK
TUESDAY, JANUARY 17, 2023

REPORTED BY:
SILVIA P. WAGE, CCR, CRR, RPR
JOB NO. 5648019

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

January 17, 2023

9:00 a.m.

Videotape deposition of CHARLES D. COWAN, Ph.D., held at the offices of WILSON SONSINI GOODRICH & ROSATI, 1301 Avenue of the Americas, 40th Floor, New York, New York, pursuant to agreement before SILVIA P. WAGE, a Certified Shorthand Reporter, Certified Realtime Reporter, Registered Professional Reporter, and Notary Public for the States of New Jersey, New York, and Pennsylvania.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

A P P E A R A N C E S:

BOIES SCHILLER FLEXNER LLP
Attorneys for Plaintiffs
55 Hudson Yards, 20th Floor
New York, New York 10001
(212) 446-2359
Jwright@bsfllp.com
Pkorologos@bsfllp.com
BY: JOANNA WRIGHT, ESQ.

KOREIN TILLERY, LLC
Attorneys for Plaintiffs
505 North 7th Street, Suite 3600
St. Louis, Missouri 63101
(314) 241-4844
Cokeefe@koreintillery.com
Gzelcs@koreintillery.com
Aellis@koreintillery.com
BY: CAROL O'KEEFE, ESQ.
BY: GEORGE ZELCS, ESQ. (VIA TELECONFERENCE)
BY: ANDREW ELLIS, ESQ. (VIA TELECONFERENCE)

WILSON SONSINI GOODRICH & ROSATI
Attorneys for Defendants
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 999-5800
Erichlin@wsgr.com
Kknoll@wsgr.com
Akramer@wsgr.com
BY: ELI RICHLIN, ESQ.
BY: KELLY KNOLL, ESQ.
BY: ANDREW KRAMER, ESQ.

A L S O P R E S E N T:

GREG HALM
DEFENDANT'S EXPERT

PAUL BAKER
VIDEOGRAPHER

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

MS. O'KEEFE: Objection, form. 12:43:08

MR. RICHLIN: What's the basis of the objection? 12:43:14 12:43:16

MS. O'KEEFE: I don't know if you're using "ascertain" in the legal context or -- I'm not sure how you're using the word "ascertained." I think it's capable of multiple interpretation. 12:43:17 12:43:18 12:43:23 12:43:27

MR. RICHLIN: I'm reading from the report which uses the word. 12:43:30 12:43:33

MS. O'KEEFE: Okay. 12:43:34

Q. And, sir, with that, I will clarify that I'm using the word "ascertain," as you use it in your report. 12:43:34 12:43:37 12:43:40

MS. O'KEEFE: Okay. 12:43:41

MR. RICHLIN: Does that resolve the objection? 12:43:42 12:43:43

MS. O'KEEFE: Yes, it does. 12:43:44

MR. RICHLIN: Okay. 12:43:45

A. Just to make sure that we're all talking about the same thing, since I didn't realize there was a legal interpretation to the word "ascertain." 12:43:46 12:43:50 12:43:52 12:43:54

I was asked to identify class members. 12:43:56 12:43:58

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Q. Okay. 12:43:59

A. That's what I meant by "ascertain." 12:44:00

Q. Were you asked to determine the 12:44:03
number of class members in each class? 12:44:05

A. Yes. 12:44:09

Q. Were you asked to determine the 12:44:10
number of infringing videos or infringed works 12:44:12
associated with each class? 12:44:15

A. Yes. 12:44:16

Q. Have you identified any class 12:44:18
members? 12:44:20

A. Yes. 12:44:20

Q. What class members have you 12:44:22
identified? 12:44:24

A. Well, I don't recall their names. 12:44:25
However, in the work that I describe that I was 12:44:28
doing, I was able to in the 2,000 work, sample 12:44:32
working -- this means the works that are posted 12:44:41
on YouTube -- I was able to identify, 12:44:44
approximately, 23 people who were class members 12:44:51
in the registered works infringement class, 2 in 12:44:58
the foreign unregistered works infringement 12:45:05
class, 7 in the ISRC class and 23 in the CLFN 12:45:09
class. 12:45:12

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Q. Dr. Cowan, can you point me to the place in your report where you list the class members that you've identified among any of the said classes? 12:45:16 12:45:20 12:45:23 12:45:27

A. I don't list the individual. 12:45:28

Q. Can you point to me the place in your report where you disclose that you have, in fact, identified any members of any class? 12:45:31 12:45:34 12:45:38

A. Well, what I said in my report -- and I'd have to go back and read through my report. But the short answer to your question is I say that I have undertaken a match of the 2,000 work sub-sample that I selected from the 90-day sample and matched it into multiple databases; in particular, the copyright office, the MusicBrainz database and SoundExchange for the registered works, the foreign works and ISRC class. 12:45:43 12:45:49 12:45:51 12:45:54 12:46:01 12:46:03 12:46:08 12:46:14 12:46:19

I did something similar with the CLFN class, but I did that by using a different dataset that was provided by the Defendants. 12:46:30 12:46:32 12:46:38

But I say quite clearly that I employed numerous people to do these matches so that I could learn how to write the matching algorithm. So, clearly, if I'm doing that type 12:46:40 12:46:45 12:46:48 12:46:51

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

of matching, I must have identified individuals so that I'd be able to go forward and do the algorithm development. 12:46:54 12:46:56 12:47:02

Q. Well, sir, I -- respectfully, it's not clear to me, because there is nowhere in your report that either, No. 1, lists any member of any class that you've identified or, No. 2, states the number of class members that have been identified for any class or, No. 3, states that you've identified any members for any class. 12:47:09 12:47:12 12:47:15 12:47:20 12:47:23 12:47:26 12:47:30

And so I'm not going to ask you to go back through your report right now. I will invite you to go back through your report when we take our lunch break and at that time when we come back from launch, I'll give you an opportunity to point me to anywhere in your report where you disclose any of that information. That's not a question. I'm just going to -- I'll just tell you that. 12:47:33 12:47:35 12:47:38 12:47:41 12:47:43 12:47:45 12:47:47 12:47:51 12:47:53

Let me ask you this. 12:48:05

Who on your team engaged in this matching process that you just testified about? 12:48:07 12:48:11

A. Myself plus the three individuals I mentioned before. 12:48:14 12:48:17

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Q. Did you create records of engaging this matching process? 12:48:19 12:48:23
A. Yes. 12:48:26
Q. Are those records produced and contained in your report? 12:48:29 12:48:32
A. No. 12:48:34
Q. Have you provided those records to your Counsel? Excuse me, let me restate that. 12:48:35 12:48:37
Have you provided those records to Plaintiffs' Counsel? 12:48:42 12:48:45
A. I don't think so. I'm not a hundred percent sure of that, but I don't think so. 12:48:50 12:48:52
Q. And you're not aware of those records having been provided to Defendants' Counsel, correct? 12:48:54 12:48:56 12:48:59
A. I don't know what's been provided to Defendants' Counsel. 12:49:02 12:49:04
Q. Well, you know that your report has been provided to us, correct? 12:49:09 12:49:11
A. Yes. But, on the other hand, there's a ton of backup materials that went with that that I know were provided to you, but they're not in the report either. 12:49:12 12:49:17 12:49:20 12:49:22
Q. Okay. Well -- so it would be 12:49:23

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

helpful, I guess, to -- and I'll just ask you. 12:49:36

Your team created records of having conducted a matching process to identify class members, correct? 12:49:39 12:49:45 12:49:47

A. Yes. 12:49:48

Q. Are there other records that your team created to test the methodology that you've designed that have not been produced? 12:49:51 12:49:53 12:49:59

A. No. We're still in the process of writing the algorithms to do the match of the hundreds of thousands of takedown notices into the different databases we just discussed. So there's testing embedded in that, but we haven't finished developing the algorithms. 12:50:08 12:50:12 12:50:20 12:50:22 12:50:27 12:50:30

Q. When you say, "the hundreds of thousand takedown notices," do you mean the dataset that you originally had or are you talking about the supplemental dataset? 12:50:33 12:50:34 12:50:37 12:50:42

A. The original dataset. 12:50:44

Q. What is your purpose of continuing to write the algorithm to do the match of "hundreds of thousands of takedown notices" into the different databases? 12:50:57 12:51:00 12:51:03 12:51:05

A. Could you repeat the question? 12:51:11

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Q. Okay. I'm going to rephrase the question but sub in the word "lower bounds" instead of outer bounds. 14:08:03 14:08:04 14:08:06

A. Thank you. 14:08:09

No, I didn't consider it. Are you asking me if I considered putting that description in? 14:08:10 14:08:12 14:08:15

Q. Yes. 14:08:16

A. No. 14:08:17

Q. Did you consider disclosing in your report the number of class members that you had identified? 14:08:22 14:08:26 14:08:32

A. No. 14:08:35

Q. Did you consider disclosing in your report the number of class members not that you estimated but that you had actually matched? 14:08:37 14:08:39 14:08:43

A. Oh, I'm sorry, how is that different from the last question? I thought that that was what I answered. 14:08:47 14:08:50 14:08:52

Q. Okay. I'll ask the other one then. 14:08:54

Did you consider disclosing in your report the number of class members that you'd estimate to be part of the class as a whole using statistical analysis? 14:08:57 14:08:59 14:09:01 14:09:04

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

A. No, I considered this to be a work in progress. At the time that I was writing this, I expected to get more data, more information and I think I had already been notified I was going to get more fields from the takedown data. 14:09:07 14:09:11 14:09:14 14:09:20 14:09:23

So I considered this to be an initial description of what the four classes were, how I would determine if somebody was in a class and the matching that I was doing. But I did not expect, for example, to describe an algorithm because I was getting more information then I would have to modify my algorithm based on the new data. 14:09:29 14:09:33 14:09:41 14:09:46 14:09:53 14:09:56 14:09:58 14:10:01

So I considered this to be at the time I wrote it a work in progress simply because I knew I was going to be getting more information. 14:10:03 14:10:05 14:10:08 14:10:10

Q. Okay. Let's go back to Paragraph 12. 14:10:14

A. Thank you. I'm there. 14:10:31

Q. Okay. Alright. And I want to focus on the word "tested" in the first line there of Paragraph 12, which is that, "First, I developed and tested some methodology to identify members of each of the classes described above." 14:10:36 14:10:42 14:10:48 14:10:51 14:10:53

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

When you write, "tested," there, are you referring to the matching exercise that you testified about through which some number of class members were identified? 14:10:56 14:11:00 14:11:04 14:11:11

A. Yes. 14:11:14

Q. Is there something else that you're referring to by the word "tested" in Paragraph 12? 14:11:15 14:11:16 14:11:20

A. In this case, I'm only talking about the development of a matching algorithm, which is done with the first 2,000 records that I sampled. So that I would learn how to write the algorithm based on the information I had at the time that I employed these people to do this. 14:11:21 14:11:25 14:11:33 14:11:39 14:11:43 14:11:47

So "testing" here means that I developed and I tested a methodology to identify members, which just means that I tested how I would match into the different databases and the copyright office database, MusicBrainz, SoundExchange and so on. And that's all I'm referring to here. 14:11:51 14:11:56 14:12:00 14:12:03 14:12:09 14:12:12 14:12:15

Q. Is this -- I just want to make sure I understand what you mean by "tested." Because you had earlier testified that there was a 14:12:21 14:12:22 14:12:25

Witness: Charles Cowan, January 17, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

**Errata Sheet**

| **Page: Line** | **Change** | **Reason** |
|---|---|---|
| 7:9 | Replace <Cown> with <Cowan> | To correct transcription errors |
| 9: 11 | Replace <passed> with <deposed> | To correct transcription errors |
| 12:10 | Replace <you> with <your> | To correct transcription errors |
| 21:7 | Insert <are> between <or> and <the> | To correct transcription errors |
| 23:24 | Replace <worked> with <heard> | To clarify the record |
| 24:2 | Replace <worked> with <heard> | To clarify the record |
| 24:12 | Replace <Gabe> with <Gabor> | To clarify the record |
| 24:20 | Replace <is> with <are> | To correct transcription errors |
| 25:13 | Replace <Stoudt, S-T-O-U-D-T> with <Stout, S-T-O-U-T> | To clarify the record |
| 40:25 | Replace <tomography> with <demography> | To correct transcription errors |
| 44:3 | Replace <have> with <off the> | To correct transcription errors |
| 52:23 | Delete <is> | To correct transcription errors |
| 61:3 | Replace <is> with <are> | To correct transcription errors |
| 67:6 | Replace <EIDR.gov> with <EIDR.org> | To clarify the record |
| 69:14 | Replace <ever> with <never> | To correct transcription errors |
| 70:3-4 | Delete <information about information that would be> | To clarify the record |
| 77:10 | Delete <teams> | To correct transcription errors |
| 89:25 | Delete <to look them> | To clarify the record |
| 93:18 | Replace <ling> with <line> | To correct transcription errors |
| 104:5 | Replace <Cown> with <Cowan> | To correct transcription error |
| 105:6 | Replace <punitive> with <putative> | To correct transcription errors |
| 107:3 | Insert <a> between <It's> and <timing> | To correct transcription errors |
| 114:17 | Replace <list> with <less> | To correct transcription errors |
| 120:19 | Replace <north> with <North> | To correct transcription errors |

| 124:20 | Replace <PDM> with <PBM> | To correct transcription errors |
|---|---|---|
| 129:14 | Replace <cripple> with <crippled> | To clarify the record |
| 145:17 | Replace <thousand takedown> with <thousands of takedowns> | To clarify the record |
| 147:9 | Replace <proscribed> with <prescribed> | To correct transcription errors |
| 148:3 | Replace <10> with <10,000> | To clarify the record |
| 150:19-151-10 | I reversed words "videos" and "works" in this sequence – following changes rectify this | 150:19-151-10 |
| 150:23 | Replace <videos> with <works> | To correct a misstatement |
| 150:24 | Replace <works> with <videos> | To correct a misstatement |
| 151:7 | Replace <works> with <videos> | To correct a misstatement |
| 151:8 | Replace <videos> with <works> | To correct a misstatement |
| 151:12 | Replace <10> with <10,000> | To clarify the record |
| 156:21 | Replace <General> With <Government> | To clarify the record |
| 165:21 | Replace <infringe> with <infringed> | To correct transcription errors |
| 185:18 | Replace <tech> with <text> | To correct transcription errors |
| 198:13 | Replace <one want> with <want one> | To correct transcription errors |
| 214:24 | Replace <assistance> with <uses> | To correct transcription errors |
| 215:3 | Replace <Album> with <album> | To correct transcription errors |
| 219:19 | Replace <White> with <Wight> | To correct transcription errors |
| 220:6 | Replace <White> with <Wight> | To correct transcription errors |
| 225:7 | Insert <what> after <know> | To correct transcription errors |
| 229:24 | Replace <There's> with <They're> | To correct transcription errors |
| 235:7 | Replace <included> with <excluded> | To correct transcription errors |
| 236:25 | Replace <cost> with <does> | To correct transcription errors |
| 243:16 | Replace <value> with <values> | To correct transcription errors |
| 251:25 | Replace <is> with <are> | To correct transcription errors |
| 254:24 | Replace <new> with <strong> | To clarify the record |

Witness: Charles Cowan, January 17, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 261:21 | Replace <He> with <I> | To correct transcription errors |
| 268:20 | Replace <match> with <matched> | To correct transcription errors |
| 269:18 | Delete <the> | To correct transcription errors |
| 269:19 | Replace <of use> with <abuse> | To correct transcription errors |
| 269:22 | Replace <of use> with <abuse> | To correct transcription errors |
| 270:3 | Replace <of use> with <abuse> | To correct transcription errors |
| 270:8 | Replace <hundred have thousands> with <hundreds of thousands> | To correct transcription errors |
| 274:9 | Replace <basis> with <bases> | To correct transcription errors |
| 276:2 | Replace <7> with <6> | To clarify the record |
| 287:24 | Insert <do> after <doesn't> | To correct transcription errors |
| 290:2 | Replace <principle> with <principal> | To correct transcription errors |
| 292:12 | Replace <I> with <was> | To correct transcription errors |
| 293:7 | Replace <designation> with <designate> | To correct transcription errors |
| 296:7 | Replace <Cown> with <Cowan> | To correct transcription errors |

____x____ Subject to the above changes, I certify that the transcript is true and correct.

__________ No changes have been made. I certify that the transcript is true and correct.

Charles D Cowan
(Signature)

February 20, 2023
(Date)

Witness: Charles Cowan— January 17, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

ACKNOWLEDGMENT OF DEPONENT

I, Charles D. Cowan, do hereby certify that I have read and examined the foregoing testimony, and that the same is a correct transcription of the answers given by me to the questions therein propounded, except for the corrections or changes in form or substance, if any, noted in the attached Errata Sheet.

[signature]
(Signature)

February 20, 2023
(Date)

4