# EXHIBIT 31

to the Declaration of Andrew T. Kramer

1

George A. Zelcs *(pro hac vice)*
 gzelcs@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
 rewing@koreintillery.com
Ryan Z. Cortazar *(pro hac vice)*
 rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
 stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
 sberezney@koreintillery.com
Carol O'Keefe *(pro hac vice)*
 cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
 jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:  (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
 pkorologos@bsfllp.com
Joanna Wright
 jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:  (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Maria Schneider and
Pirate Monitor, LT*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>          Plaintiffs,<br><br>     vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>          Defendants. | CASE NO.  5:20-cv-4423<br><br>**PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES** |

Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiffs Maria Schneider and Pirate Monitor LTD ("Named Plaintiffs," and together with the Class, "Plaintiffs") make the following initial disclosures to Defendants YouTube, LLC, Google LLC, and Alphabet Inc. (collectively "Defendants") based on currently available information. Plaintiffs reserve the right to modify, amend, and supplement these initial disclosures based on further investigation and on information learned in discovery. By making these disclosures, Plaintiffs do not intend to waive any objections or privileges available to them.

1

1. **Persons likely to have discoverable information that Plaintiffs may use to support its claims and defenses.**

   A. **Named Plaintiffs and Persons Associated with Named Plaintiffs**

   a. Maria Schneider

   i. Maria Schneider should be contacted solely through her undersigned counsel.

   ii. Subjects of discoverable information: takedown notices submitted to YouTube by her or on her behalf; licensing terms and relationships associated with her copyrighted works; registration of her copyrighted works; damages suffered as a result of infringement of her copyrights; and communications with YouTube.

   b. Pirate Monitor LTD

   i. Pirate Monitor should be contacted solely through Pirate Monitor's undersigned counsel.

   ii. Subjects of discoverable information: takedown notices submitted to YouTube by or on behalf of Pirate Monitor; Pirate Monitor's relationships and licensing terms for copyrights managed by Pirate Monitor and infringed on YouTube; registration of copyrighted works licensed to Pirate Monitor; damages suffered as a result of the infringement of copyrights licensed to Pirate Monitor; and communications with YouTube.

   c. Gabor Csupo

   i. Gabor Csupo should be contacted solely through Pirate Monitor's undersigned counsel.

   ii. Subjects of discoverable information: takedown notices submitted to YouTube on behalf of Pirate Monitor; Pirate Monitor's relationships and

2

licensing terms for copyrights managed by Pirate Monitor and infringed on

YouTube; registration of copyrighted works licensed to Pirate Monitor;

damages suffered as a result of the infringement of copyrights licensed to

Pirate Monitor; and communications with YouTube.

   d.   Zachary Bornheimer

      i.   Zachary Bornheimer should be contacted solely through Schneider's

undersigned counsel.

      ii.   Subject of discoverable information: takedown notices submitted to

YouTube on behalf of Schneider.

   e.   Marie Le Claire

      i.   Marie Le Claire should be contacted solely through Schneider's

undersigned counsel.

      ii.   Subject of discoverable information: takedown notices submitted to

YouTube on behalf of Schneider; and communications with YouTube.

   f.   Brian Camelio

      i.   Brian Camelio should be contacted solely through Schneider's undersigned

counsel.

      ii.   Subject of discoverable information: Licensing rights for Schneider's

copyrighted works.

   g.   Andrew Sanders:

      i.   Email address: andrew@sandersnyc.com

      ii.   Telephone number: (917) 945-7129

      iii.   Subject of discoverable information: Negotiation of licensing rights for

Schneider's works.

3

**B. Defendants and Persons associated with Defendants**

    a. YouTube LLC

        i. Subjects of discoverable information: Plaintiffs, their works that have been uploaded to YouTube, their takedown notices, and their Content ID applications; YouTube's policies for dealing with copyright-infringing materials; the relationship between Content ID and YouTube's other tools for dealing with copyright infringement; the contents of YouTube's repeat-infringer policy; implementation of the repeat-infringer policy; activation, deactivation, and reactivation of accounts tied to repeat infringers on YouTube; the relationship between the repeat-infringer policy and Content ID; the detection, removal or maintenance of copyright management information by YouTube's technologies; the viewing statistics of videos that have been uploaded with associated copyright management information; YouTube's knowledge as to the removal or maintenance of copyright management information by others; the volume of copyright-infringing material on YouTube; the location of copyright-infringing material that has been uploaded to YouTube, including material posted to, removed from, and uploaded but never posted to YouTube; YouTube's control over and influence of which videos are viewed by users; access to and the administration of Content ID; YouTube's practices regarding takedown notices; the assessment of copyright strikes against users; YouTube's AutoPlay feature; YouTube's Account Monetization Program; YouTube's creation, administration, maintenance, and discontinuation of Content Verification; licensing deals related to Content ID; efforts to

4

PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES                               5:20-cv-4423

implement EU Article 13; policies and procedures relating to red flag

knowledge of copyright infringement; policies and procedures relating to

fair use; and the amount of revenue generated by copyright-infringing

material on YouTube.

    b.   Google LLC

        i.   Subjects of discoverable information: YouTube's policies for dealing with

copyright-infringing materials; the relationship between Content ID and

YouTube's other tools for dealing with copyright infringement; the

contents of YouTube's repeat-infringer policy; implementation of the

repeat-infringer policy; activation, deactivation, and reactivation of

accounts tied to repeat infringers on YouTube; the relationship between

the repeat-infringer policy and Content ID; the removal or maintenance of

copyright management information by YouTube's technologies; YouTube

and Google's knowledge of the removal or maintenance of copyright

management information by others; the volume of copyright-infringing

material on YouTube; the location of copyright-infringing material that has

been uploaded to YouTube, including material posted to, removed from,

and uploaded but never posted to YouTube; Google's control over and

influence of the videos watched by users; and the amount of revenue

generated by copyright-infringing material on YouTube.

    c.   Scott Silver, YouTube vice president of engineering

        i.   Subjects of discoverable information: YouTube's policies for dealing with

copyright-infringing materials; the relationship between Content ID and

YouTube's other tools for dealing with copyright infringement; the

PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES                                   5:20-cv-4423

contents of YouTube's repeat-infringer policy; implementation of the repeat-infringer policy; activation, deactivation, and reactivation of accounts tied to repeat infringers on YouTube; the relationship between the repeat-infringer policy and Content ID; the removal or maintenance of copyright management information by YouTube's technologies; the volume of copyright-infringing material on YouTube; the location of copyright-infringing material that has been uploaded to YouTube, including material posted to, removed from, and uploaded but never posted to YouTube; the amount of revenue generated by copyright-infringing material on YouTube.

    d.   Ariel Bardin, YouTube vice president of creator products

        i.   Subjects of discoverable information: YouTube's policies for dealing with copyright-infringing materials; the relationship between Content ID and YouTube's other tools for dealing with copyright infringement; the contents of YouTube's repeat-infringer policy; implementation of the repeat-infringer policy; activation, deactivation, and reactivation of accounts tied to repeat infringers on YouTube; the relationship between the repeat-infringer policy and Content ID; the removal or maintenance of copyright management information by YouTube's technologies; the volume of copyright-infringing material on YouTube; the location of copyright-infringing material that has been uploaded to YouTube, including material posted to, removed from, and uploaded but never posted to YouTube; the amount of revenue generated by copyright-infringing material on YouTube.

e.  Matt Halprin, YouTube vice president and global head of trust and safety

i.  Subjects of discoverable information: YouTube's policies for dealing with copyright-infringing materials; the relationship between Content ID and YouTube's other tools for dealing with copyright infringement; the contents of YouTube's repeat-infringer policy; implementation of the repeat-infringer policy; adjudication of access to YouTube by repeat infringers; the relationship between the repeat-infringer policy and Content ID; the removal or maintenance of copyright management information by YouTube's technologies; the volume of copyright-infringing material on YouTube; the amount of revenue generated by copyright-infringing material on YouTube.

2.  **Categories and locations of documents in Named Plaintiffs' possession, custody, or control.**

Named Plaintiffs may use the following categories of documents, data compilations, electronically stored information, and other tangible things in its possession, custody, or control to support their claims:

A.  Named Plaintiffs' copyright registration materials and other evidence of valid copyrights.

B.  Named Plaintiffs' licensing agreements for copyrighted works, if any.

C.  Takedown notices or other complaints about copyright infringement sent from Named Plaintiffs to YouTube for copyrighted works.

D.  Communications from YouTube to Named Plaintiffs regarding takedown notices or other complaints related to copyright infringement.

E.  Communications between Named Plaintiffs and Defendants concerning copyright infringement on YouTube.

7

F.  Communications between Named Plaintiffs and defendants concerning access to Content ID.

## 3.  Computation of Damages

Named Plaintiffs' computation of damages will be the subject of both lay and expert testimony, the latter of which will be disclosed in accordance with the Court's expert disclosure schedule, and is dependent upon discovery yet to be produced from Defendants including on issues directly related to damages such as the number of takedown notices during the class period, the number of copyrighted works infringed, the scope of the removal of copyright management information ("CMI"), etc.

Pursuant to the Copyright Act, Named Plaintiffs' and the Class's damages for infringement will be measured either (1) as a combination of the actual damages suffered either based on lost profits or a hypothetical license as well as the disgorgement of YouTube's profits earned on the infringing videos or (2) as an aggregate of statutory damages measured between $750 and $30,000 per work whose copyright has been infringed, and this sum can be increased to $150,000 for willful infringement. *See* 17 U.S.C. § 504. Statutory damages are also available for each violation of § 1202 for the unlawful removal of CMI. 17 U.S.C. § 1203. Damages for CMI removal are measured between $2,500 and $25,000 for each violation. *Id.*

Named Plaintiffs and the Class may elect either actual damages plus Defendants' profits or statutory damages at any time before final judgment and have not made a choice at this early stage.

### A.  Actual Damages Estimate

Plaintiff Maria Schneider expects that discovery shall establish lost revenues as the result of repeated infringement of her works on YouTube.  In addition, Plaintiff Maria Schneider expects that she will be able to establish through expert testimony the value of a hypothetical license for unauthorized use of her works by Defendants.

8

1    Plaintiff Pirate Monitor expects that discovery shall establish lost revenues as the result of

2 repeated infringement of its works on YouTube.  In addition, Plaintiff Pirate Monitor expects that it

3 will be able to establish through expert testimony the value of a hypothetical license for unauthorized

4 use of its works by Defendants.

5    The Class expects that discovery shall establish lost revenues as the result of repeated

6 infringement of the Class's works on YouTube.  In addition, the Class expects that it will be able to

7 establish through expert testimony the value of hypothetical licenses for unauthorized use of its works

8 by Defendants.

9    In addition, Named Plaintiffs and the Class expect to establish through discovery the extent of

10 Defendants profits which shall be subject to disgorgement.  While these damages estimates for the

11 Class are necessarily imprecise prior to discovery and expert analysis, Named Plaintiffs and the Class

12 provide below a very rough estimate of the actual damages recoverable in the form of disgorgement

13 based on some historical publicly available data and as well as their current information and belief. In

14 2010, it was estimated that one-third of the two billion views of YouTube videos with ads included

15 copyrighted content. That same year, 104 billion views per year were monetized. We can then estimate

16 that the total number of monetized views that included copyrighted content was over 34 billion views.

17 Video views were then monetized at a median rate of approximately $11 per thousand views (of

18 which YouTube received 45 percent or about $5) and about $3.50 per click (of which YouTube

19 received 45 percent or about $1.60). The click rate for ads was approximately 1/3 of 1%. YouTube's

20 take from viewership alone (and not clicks) was thus over $170 million (34 billion total monetized

21 views of infringing content X $5 / 1000 views = $170 million). The estimated earnings on clicked ads

22 would be $180 million (34 billion total monetized views X 0.0033 click rate X $1.60 per click=$180

23 million). For 2010 alone, then, YouTube made $350 million in revenue off of copyrighted content.

24 While Google does not separately report YouTube's profit margin, Alphabet's gross profit margin has

25

26

27

28

9

PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES                                   5:20-cv-4423

ranged during 2010 to 2020 from 55% (in 2020) to 65% (in 2011).  Using 60% as a rough estimated gross profit margin and YouTube's approximate revenue of $350 million from infringing views, YouTube's profits for 2010 alone would be approximately $200 million, which would be the infringer profits portion of the damages subject to disgorgement under 17 USC § 504.

From 2018 to 2019, YouTube's increase in ad revenue was estimated at 11 percent. Assuming (likely conservatively) that this figure held from 2010 to the present, YouTube's revenue from copyrighted material in 2020 would be approximately $990 million ($350 million X $1.11^{10}$ = $993 million). For the three-year limitations period, the total revenue would be approximately $3 billion. Using a gross profit margin of 55% over this time, approximately $1.6 billion in profits would have been earned off of infringing content for the class period.

Plaintiffs expect to establish through discovery the same types of actual damages as well as profits subject to disgorgement based upon the unlawful removal of CMI from all of their collective works that were uploaded to YouTube.  Plaintiffs may also be entitled to treble damages for repeat violations of 17 U.S.C. § 1202(b) pursuant to 17 U.S.C. § 1203(c)(4).

## B.  Statutory Damages

In 2017, YouTube received more than 2.5 million takedown requests from more than 300,000 copyright claimants. At this stage, it is impossible to know how many copyrighted works each claimant controls. The lower extreme would assume only one registered work per claimant, which likely substantially underestimates the actual number of copyrighted works at issue. At this lower-bound estimate, the total statutory damages would range between $225 million and $9 billion for ordinary violations and up to $45 billion for willful violations (300,000 works X $750 statutory damages per work = $225 million; 300,000 works X $30,000 statutory damages per work = $9 billion; 300,000 works X up to $150,000 statutory damages for willful infringement = $45 billion).

Turning to statutory damages for the § 1202 violations, while the number of videos for which

10

PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES                                    5:20-cv-4423

CMI has been removed will not be determined through discovery and expert testimony, damages will

be between $2,500 and $25,000 for each work for which CMI has been removed or altered.

### 4. Insurance Agreements

Plaintiffs are not aware of any insurance agreements that would oblige an insurance business

to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments

made to satisfy the judgment.


 /s/ George A. Zelcs
George A. Zelcs
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751


Joshua Irwin Schiller
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and*
*Pirate Monitor LTD*

11
PLAINTIFFS' RULE 26(a)(1) INITIAL DISCLOSURES                                    5:20-cv-4423

1

## CERTIFICATE OF SERVICE

2          I hereby certify that the following counsel for were served by email at

3   schneidervyoutube@wsgr.com on October 22, 2020:

4

5          David H. Kramer
           Maura L. Rees
           Lauren Gallo White
6          WILSON SONSINI GOODRICH & ROSATI
           Professional Corporation
7          650 Page Mill Road
           Palo Alto, CA 94304-1050
8          Telephone: (650) 493-9300
           Facsimile:  (650) 565-5100
9
           Brian M. Willen
10         WILSON SONSINI GOODRICH & ROSATI
           Professional Corporation
11         1301 Avenue of the Americas, 40th Floor
           New York, NY 10019
12         Telephone: (212) 999-5800
           Facsimile:  (212) 999-5801
13

14         *Attorneys for Defendant and Counterclaimants*
           YOUTUBE, LLC and GOOGLE LLC
15

16                                        ___/s/ Ryan Z. Cortazar_____
17                                        Ryan Z. Cortazar
                                          **KOREIN TILLERY LLC**
18                                        205 N. Michigan Ave., Suite 1950
                                          Chicago, IL 60601
19                                        Telephone: (312) 641-9750
                                          rcortazar@koreintillery.com
20
                                          *Attorney for Plaintiff and Proposed Class*
21

22

23

24

25

26

27

28
                                       12