# EXHIBIT 32

to the Declaration of Andrew T. Kramer

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated; <br><br> Plaintiff, <br><br> vs. <br><br> YOUTUBE, LLC; and GOOGLE LLC; <br><br> Defendants. <br><br> YOUTUBE, LLC and GOOGLE LLC; <br><br> Counter-Plaintiffs, <br><br> v. <br><br> PIRATE MONITOR LTD., GÁBOR CSUPÓ, and PIRATE MONITOR LLC, <br><br> Counter-Defendants. | CASE NO.  3:20-cv-4423-JD <br><br> **COUNTER-DEFENDANT GÁBOR CSUPÓ'S OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S FIRST SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Counterclaim Defendant Gábor Csupó ("Counter-Defendant" or "Csupó") submits the following responses and objections to Defendants YouTube, LLC's ("YouTube") and Google LLC's ("Google") (collectively "Defendants") First Set of Interrogatories to Counterclaim Defendant Gábor Csupó, dated May 20, 2021 (the "Requests"), in the above-captioned action (the "Action").

By submitting these Responses, Csupó does not intend to concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the Action.

Csupó's discovery and preparation for trial of this matter are not complete as of the date of these Responses and are continuing. Csupó anticipates that discovery and preparation for trial will reveal additional information not presently known to him, but upon which he may rely. These Responses to the Requests are based upon information currently known or believed to be true by

**INTERROGATORY NO. 1**: Identify each individual or entity who has performed services on Your behalf in connection with any matter set forth in the Amended Counterclaims, including but not limited to employees, officers, directors, managers, agents, independent contractors, and shareholders.

**OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term "services" and the phrase "any matter set forth in the Amended Counterclaims" as vague and ambiguous. Subject to and without waiving these objections, the General Objections, and the Objections to Definitions and Instructions, Csupó responds that no other individual or entity performed services on his behalf in his personal capacity in connection with matters set forth in the Amended Counterclaims.

**INTERROGATORY NO. 2**: Describe the nature of the services provided by any individual or entity who has performed services on Your behalf in connection with any matter set forth in the Amended Counterclaims, including but not limited to employees, officers, directors, managers, agents, independent contractors, and shareholders.

**OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term "services" and the phrase "any matter set forth in the Amended Counterclaims" as vague and ambiguous. Subject to and without waiving these objections, the General Objections, and the Objections to Definitions and Instructions, Csupó responds that no other individual or entity performed services on his behalf in his personal capacity in connection with matters set forth in the Amended Counterclaims.

**INTERROGATORY NO. 3**: Identify the name of the "entity" referenced in paragraphs 35-36 of Your Answer to the Amended Counterclaims and the "entity not named in [YouTube's] counterclaim [that] was responsible for MegaFilm's copyright enforcement" referenced in the Preliminary Statement of Your Answer.

1  **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory seeks information irrelevant to the claims and defenses in this lawsuit. Subject to and without waiving these objections, the General Objections, and the Objections to Definitions and Instructions, Csupó responds that the "entity" referenced is Intellectual Property LLC.

**INTERROGATORY NO. 4:** Describe in detail the circumstances under which You first became aware of the videos uploaded to YouTube that were the subject of the DMCA "Takedown Notices" that have Your authorized signature and were provided to YouTube pursuant to 17 U.S.C. § 512(c)(3) in 2019, including any and all methods (including software or computer programs) used to detect those programs.

**OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks information irrelevant to the claims and defenses in this lawsuit. Subject to and without waiving these objections, the General Objections, and the Objections to Definitions and Instructions, Csupó responds that he did not become aware of the videos uploaded to YouTube that were the subject of the DMCA "Takedown Notices" referenced in the Amended Counterclaims before they were sent.

**INTERROGATORY NO. 5:** Identify each individual and/or entity involved in the preparation and/or sending of all DMCA "Takedown Notices" that have Your authorized signature and were provided to YouTube pursuant to 17 U.S.C. § 512(c)(3).

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the General Objections and the Objections to Definitions and Instructions, Csupó responds that Zoltán Búzás was involved in preparing and/or sending all DMCA "Takedown Notices" to YouTube that have his authorized signature and that are referenced in the Amended Counterclaims.

**INTERROGATORY NO. 6:** Explain the nature of Your relationship to Pirate Monitor LLC.

**OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term "relationship" and the phrase "explain the nature of Your relationship" as vague and ambiguous. Subject to and without waiving these objections, the General Objections, and the Objections to Definitions and

1  Instructions, Csupó responds that he has no relationship with any business entity bearing the name Pirate
2  Monitor LLC.

3  **INTERROGATORY NO. 7: Explain Your basis for using the name "Pirate Monitor LLC" in**
4  **DMCA "Takedown Notices" that have Your authorized signature and were provided to**
5  **YouTube pursuant to 17 U.S.C. § 512(c)(3).**

6  **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks
7  information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the phrase
8  "Explain Your basis for using" as vague and ambiguous. Subject to and without waiving these objections,
9  the General Objections, and the Objections to Definitions and Instructions, Csupó responds that
10 YouTube's Copyright Complaint Submission requires the sender to identify the YouTube channel
11 username through which the request was sent, and in such instances the relevant YouTube channel
12 username was Pirate Monitor LLC.

13 **INTERROGATORY NO. 8: Explain the nature of Your relationship to Intellectual Property**
14 **LLC.**

15 **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks
16 information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term
17 "relationship" and the phrase "Explain the nature of Your relationship" as vague and ambiguous. Subject
18 to and without waiving these objections, the General Objections, and the Objections to Definitions and
19 Instructions, Csupó responds that he is a Director and Shareholder of Intellectual Property LLC.

20 **INTERROGATORY NO. 9: Explain the nature of Your relationship to Start Corporate Services**
21 **PTE. LTD.**

22 **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks
23 information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term
24 "relationship" as vague and ambiguous. Subject to and without waiving these objections, the General
25 Objections, and the Objections to Definitions and Instructions, Csupó responds that he has no
26 relationship to Start Corporate Services PTE. LTD.

27
28

**VERIFICATION**

Gábor Csupó has read the foregoing responses to Defendants' Interrogatories, and the answers contained therein are true to the best of his knowledge, information, and belief.

Signed: /s/ Gábor Csupó

Dated: June 24, 2021

| | | |
|---|---|---|
| 1 | Dated: June 24, 2021 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Randall P. Ewing, Jr.<br>George A. Zelcs *(pro hac vice)*<br>Randall P. Ewing, Jr. *(pro hac vice)* |
| 4 | | Ryan Z. Cortazar *(pro hac vice)* |
| 5 | | **KOREIN TILLERY, LLC**<br>205 North Michigan, Suite 1950 |
| 6 | | Chicago, IL  60601<br>Telephone: (312) 641-9750 |
| 7 | | Facsimile: (312) 641-9751 |
| 8 | | Stephen M. Tillery (*pro hac vice*) |
| 9 | | Steven M. Berezney, CA Bar #329923<br>Michael E. Klenov, CA Bar #277028 |
| 10 | | Carol O'Keefe *(pro hac vice)*<br>**KOREIN TILLERY, LLC** |
| 11 | | 505 North 7th Street, Suite 3600<br>St. Louis, MO  63101 |
| 12 | | Telephone: (314) 241-4844<br>Facsimile: (314) 241-3525 |
| 13 | | |
| 14 | | Joshua Irwin Schiller, CA Bar #330653<br>**BOIES SCHILLER FLEXNER LLP** |
| 15 | | 44 Montgomery St., 41st Floor<br>San Francisco, CA  94104 |
| 16 | | Phone: (415) 293-6800<br>Fax: (415) 293-6899 |
| 17 | | |
| 18 | | Philip C. Korologos *(pro hac vice)*<br>Joanna C. Wright *(pro hac vice)* |
| 19 | | **BOIES SCHILLER FLEXNER LLP**<br>55 Hudson Yards, 20th Floor |
| 20 | | New York, NY  10001<br>Phone: (212) 446-2300 |
| 21 | | Fax: (212) 446-2350 |
| 22 | | *Attorneys for Gábor Csupó* |

GÁBOR CSUPÓ'S OBJECTIONS & RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES    9    CASE NO. 3:20-CV-4423