# EXHIBIT 33

to the Declaration of Andrew T. Kramer

KOREIN TILLERY

*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO 63101-1625

www.KoreinTillery.com

Steven M. Berezney

SBerezney@KoreinTillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

April 15, 2021                                                                     *Via-E-mail*

Lauren Gallo White
Wilson Sonsini Goodrich & Rosati
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126

*Re:     Schneider et al. v. YouTube, LLC et al.*
*          Case No. 3:20-cv-04423*

Dear Lauren,

I write regarding your April 13, 2021 letter concerning Pirate Monitor.

Your continuing accusations of misconduct and bad faith are unfounded. We do not waste time here seeking to correct each one of the mischaracterizations in your letter but believe your account of the record is inaccurate.

We are puzzled by your letter given that our last letter made clear that we will produce documents from Mr. Csupó—a Pirate Monitor Ltd. document custodian. *See* 03/30/21 Letter at p. 1 ("First, Pirate Monitor will agree to produce non-privileged documents from Gábor Csupó that are otherwise responsive and non-objectionable as articulated in Pirate Monitor's responses to Defendants' requests for production."). We have collected Mr. Csupó's documents, translated those (where necessary) from Hungarian to English, applied search terms to locate the categories of documents you requested, and begun our review of the documents. We plan to start producing Mr. Csupó's documents by April 23.

You then appear to misunderstand our position about what we will produce from Mr. Csupó. We will produce responsive, non-privileged documents in his possession that relate to himself, Pirate Monitor Ltd., and Pirate Monitor LLC. But Mr. Csupó is also involved in other companies that have not been named as parties to this case. We will not produce documents from these other companies even if they are technically responsive to your document requests because Mr. Csupó intends to maintain corporate formalities. Additionally, you have only served document requests on Pirate Monitor Ltd., not Mr. Csupó individually. Therefore,

Lauren Gallo White
April 15, 2021
Page 2

Pirate Monitor Ltd. is only obligated to produce Mr. Csupó's documents that were created while acting as its agent. Nevertheless, we are going beyond the scope of your existing RFPs by producing documents from Mr. Csupó when they relate to himself individually and are otherwise responsive.

You also appear to misunderstand our point that Mr. Csupó did not obtain an interest in Pirate Monitor Ltd. until January 2020. Our letter was merely notifying you, as a courtesy, that there may be documents related to Pirate Monitor Ltd. that exist and are not within Mr. Csupó's possession, custody, or control due to the date on which he obtained an interest in Pirate Monitor Ltd. But Mr. Csupó does not intend to withhold responsive, non-privileged documents pre-dating his interest in Pirate Monitor Ltd. if they exist in the documents we collected.

Your request for more information concerning the Pirate Monitor collection efforts ignores the information provided in our last letter which sets forth in detail the burden objections and concerns. Your letter also ignores the offer of judgment we recently sent related to Pirate Monitor Ltd. The offer of judgment *exceeds* the amount of damages you have identified in your December 17, 2020, response to Interrogatory No. 4. We have repeatedly requested that you supplement that response if the amount of damages Defendants claim has changed, but you have not done so. Any purported objections to Pirate Monitor's current document production to date must take the offer of judgment into account, and we request that you reconsider your prior position in light of it and advise us of any change in your position accordingly.

Finally, you ask us to supplement our interrogatory responses to identify other potential custodians, claiming that our letter suggested that these people exist. Our letter suggested no such thing. Our letter clearly said that *you* claimed to know of an additional two or three custodians whose names you never told us, and that we assumed that these unnamed individuals worked for separate companies or are no longer within Pirate Monitor Ltd.'s control. Your most recent letter again fails to identify those individuals. If anyone needs to supplement discovery responses here, it appears to be Defendants. Instead of playing coy, please tell us who you have in mind and we can then address it.

Sincerely,

Steven M. Berezney