# EXHIBIT 34

to the Declaration of Andrew T. Kramer

George A. Zelcs *(pro hac vice)*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr. *(pro hac vice)*
  rewing@koreintillery.com
Ryan Z. Cortazar *(pro hac vice)*
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
  mklenov@koreintillery.com
Carol O'Keefe *(pro hac vice)*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:  (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
  pkorologos@bsfllp.com
Joanna C. Wright *(pro hac vice)*
  jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:  (212) 446-2300
Facsimile: (212) 446-2350

*Attorneys for Intellectual Property LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>YOUTUBE, LLC; and GOOGLE LLC;<br><br>Defendants.<br><br>YOUTUBE, LLC and GOOGLE LLC;<br><br>Counter-Plaintiffs,<br><br>v.<br><br>PIRATE MONITOR LTD., GÁBOR CSUPÓ, and PIRATE MONITOR LLC,<br><br>Counter-Defendants. | CASE NO. 3:20-cv-4423-JD<br><br>**THIRD PARTY INTELLECTUAL PROPERTY LLC'S OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S NON-PARTY DOCUMENT SUBPOENA TO INTELLECTUAL PROPERTY LLC** |

Pursuant to Federal Rule of Civil Procedure 45, third-party Intellectual Property LLC ("IPLLC") submits the following responses and objections to Defendants YouTube, LLC ("YouTube") and Google LLC's ("Google") (collectively "Defendants" or "Counterclaimants") Non-Party Document Subpoena to Intellectual Property LLC, dated June 1, 2021 (the "Requests"), in the above-captioned action (the "Action").

By these Responses, IPLLC does not intend to, and does not, (1) waive any objection as to the admissibility of evidence or the competency of, relevancy of, materiality of, or privilege attaching to any information disclosed in these responses, or (2) waive the right to object to other discovery requests or undertakings involving or reflecting the subject matter of the Requests or these Responses. These Responses do not constitute, nor should they be construed as, admissions with respect to the relevancy or admissibility of any evidence or document identified herein or the truth or accuracy of any statement, characterization, or other information contained in such document. IPLLC expressly

does not concede the relevance or materiality of any of these Responses or the subject matter they refer to.

These Responses to the Requests are based upon information currently known to or believed to be true by IPLLC. IPLLC reserves the right to amend or revise these Responses.

## GENERAL OBJECTIONS

1. IPLLC objects to the Requests to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court order governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. IPLLC objects to the extent that Defendants' Requests purport to seek discovery of every conceivable document, or "any" or "all" documents, relating to a particular request.

3. IPLLC objects to each Request to the extent it purports to seek information protected by the attorney-client privilege or the work-product doctrine, and IPLLC will not provide any privileged and/or protected information. Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of any applicable privileges.

4. IPLLC objects to each Request to the extent that it contains words and/or phrases that are not defined, thereby rendering the Request overboard, vague, and ambiguous.

5. IPLLC objects to the Requests to the extent that they seek information not within IPLLC's possession, custody, or control.

6. IPLLC objects to the Requests to the extent that they purport to impose a burden on IPLLC to provide documents or information already in Defendants' possession, custody, or control, and/or which are publicly available, otherwise equally available to all parties, or available to Defendants from a less burdensome, more efficient, more convenient, or less expensive source than they are available to IPLLC, or through a more convenient, more efficient, less burdensome, or less expensive means than the Requests.

7. Any objection to any of the Requests is not an admission that IPLLC has any information or documents responsive to a particular Request.

8. When a response indicates that IPLLC will produce documents, IPLLC does not represent that any responsive documents are in its possession, custody, or control, but rather that production will be made if any such documents are located after a reasonable search.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. IPLLC objects to the extent that Defendants' Definitions and Instructions seek information covered by privilege(s), including the attorney-client and attorney work product privileges. *See, e.g.*, Defendants' Definition Nos. 1, 5–9, 11–12 (definitions including attorneys).

2. IPLLC objects to the extent that Defendants' Requests purport to seek discovery of every conceivable document, or "any" or "all" documents, relating to a particular request. IPLLC intends to negotiate reasonable document search parameters with Defendants.

3. IPLLC objects to the definition of "IPLLC," "You," or Your" as overbroad and vague to the extent that it includes "any person or entity acting on their behalf."

4. IPLLC objects to the definitions of "Pirate Monitor LTD," "Pirate Monitor LLC," "Gábor Csupó," "Endre Holman," "Zoltán Búzás," "Megafilm," and "Sarfraz Arshad Khan," as overbroad and vague to the extent that these definitions include "any other person acting or purporting to act on its behalf" or "any person or entity acting on his behalf."

5. IPLLC objects to the instruction to provide all documents in the possession, custody, or control of anyone other than IPLLC. Consistent with its obligations under the Federal Rules and applicable law, IPLLC will undertake reasonable efforts to produce responsive documents within its possession, custody, or control.

6. IPLLC objects to the failure to include an instruction as to the relevant time period for the Requests. IPLLC will apply reasonable date restrictions to its searches for responsive documents, consistent with its obligations under the Federal Rules and applicable law.

7. IPLLC objects to Instruction Nos. 1 and 2 as unduly burdensome. IPLLC is a third-party to the underlying litigation and has not inserted itself into that litigation.

**SPECIFIC OBJECTIONS AND RESPONSES**

The General Objections and Objections to Definitions and Instructions set forth above are incorporated into the Specific Objections below, as if incorporated therein. IPLLC reserves the right to amend or revise its Specific Objections, including after meeting and conferring with Defendants regarding any Request. A response to any request indicating that IPLLC agrees to produce documents is not an admission that documents responsive to the Request exist and does not waive any objections to the use of any discovery produced in response to the Request.

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to identify IPLLC's current and former members, owners, shareholders, officers, directors, managers, employees, agents, and independent contractors and their positions.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 1 on the grounds that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 1, IPLLC will perform a reasonable and proportionate search for IPLLC documents in the possession of Gábor Csupó and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by IPLLC and Defendants.

**DOCUMENT REQUEST NO. 2:**

Documents reflecting IPLLC's observance of corporate formalities, including without limitation its Certificate of Formation, Operating Agreement, filings with the Delaware Department of State, capitalization, financial statements, and minutes of member meetings.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 2 on the grounds that it is overbroad, harassing, seeks publicly available information, and seeks evidence that is not relevant to any

party's claim or defense. IPLLC further objects to the phrase "observance of corporate formalities" as vague and ambiguous and because it calls for legal conclusions. IPLLC further objects that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

**DOCUMENT REQUEST NO. 3:**

All documents constituting, referring or relating to any agreements between You and any Counterclaim Defendant or between You and Megafilm.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 3 on the grounds that it is overbroad and seeks evidence that is not relevant to any party's claim or defense. IPLLC further objects to the term "agreements" as vague and ambiguous and because it calls for legal conclusions. IPLLC further objects that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 3, IPLLC will perform a reasonable and proportionate search for IPLLC documents in the possession of Gábor Csupó and will produce relevant contracts between IPLLC and any Counterclaim Defendant or between IPLLC and Megafilm related to Counterclaimants' Amended Counterclaims.

**DOCUMENT REQUEST NO. 4:**

All documents that refer or relate to any Counterclaim Defendant, Megafilm and/or YouTube's Copyright Protection Services.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 4 on the grounds that it is overbroad and seeks evidence that is not relevant to any party's claim or defense. IPLLC further objects that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 4, IPLLC will perform a reasonable and proportionate search for IPLLC documents in the possession of Gábor Csupó and will produce responsive, non-privileged documents regarding YouTube's Copyright Protection Services or Counterclaimants' Amended Counterclaims, if any, from the relevant time range agreed to by IPLLC and Defendants.

**DOCUMENT REQUEST NO. 5:**

All documents and Communications relating to DMCA Takedown Notices sent by You to YouTube, including without limitation Takedown Notices listing the email address usintellectualpropertyllc@gmail.com.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 5 on the grounds that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action. IPLLC further objects that the Request seeks Takedown Notices that are already in Counterclaimants' possession.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 5, IPLLC will perform a reasonable and

proportionate search for IPLLC documents in the possession of Gábor Csupó, and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by IPLLC and Defendants.

**DOCUMENT REQUEST NO. 6:**

All documents and Communications, relating to the videos that were the subject of DMCA Takedown Notices sent to YouTube listing the email address usintellectualpropertyllc@gmail.com.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 6 on the grounds that it is overbroad and seeks evidence that is not relevant to any party's claim or defense. IPLLC further objects that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action. IPLLC also objects that the Request is vague and ambiguous. IPLLC is willing to meet and confer with Counterclaimants to better understand what specifically is requested.

**DOCUMENT REQUEST NO. 7:**

Communications between You and Sarfraz Arshad Khan and/or Ransom Nova including but not limited to those regarding YouTube or Google, any matter set forth in the Amended Counterclaims, any matter related to this Lawsuit, any agreements between You and Khan and/or Ransom Nova, or any payments made by You to Khan and/or Ransom Nova.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 7 on the grounds that it is overbroad and seeks evidence that is not relevant to any party's claim or defense. IPLLC further objects that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 7, IPLLC will perform a reasonable and proportionate search for IPLLC documents in the possession of Gábor Csupó, and will produce responsive, non-privileged documents regarding Counterclaimants' Amended Counterclaims, if any, from the relevant time range agreed to by IPLLC and Defendants.

**DOCUMENT REQUEST NO. 8:**

All documents and Communications concerning YouTube accounts created or used by Sarfraz Arshad Khan and/or Ransom Nova and any videos uploaded to such accounts.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 8 on the grounds that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 8, IPLLC will perform a reasonable and proportionate search for IPLLC documents in the possession of Gábor Csupó, and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by IPLLC and Defendants.

**DOCUMENT REQUEST NO. 9:**

All Communications between You and Endre Holman and/or Zoltán Búzás concerning YouTube or Google, any matter set forth in the Amended Counterclaims, or any matter related to this Lawsuit.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 9 on the grounds that it is overbroad and seeks evidence that is not relevant to any party's claim or defense. IPLLC further objects that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the

burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 9, IPLLC will perform a reasonable and proportionate search for IPLLC documents in the possession of Gábor Csupó, and will produce responsive, non-privileged documents regarding Counterclaimants' Amended Counterclaims, if any, from the relevant time range agreed to by IPLLC and Defendants.

**DOCUMENT REQUEST NO. 10:**

All documents and Communications concerning PirateMonitor and YouTube or Google, including but not limited to those regarding any matter set forth in the Amended Counterclaims, or any matter related to this Lawsuit.

**OBJECTIONS AND RESPONSE:** IPLLC objects to Request No. 10 on the grounds that it is overbroad and seeks evidence that is not relevant to any party's claim or defense. IPLLC further objects that the request is unduly burdensome because it is not proportional to the needs of the case, the amount in controversy, the parties' relative access to relevant information, the parties' resources, because the burden and expense of the proposed discovery outweighs its likely benefit, and because Defendants have failed to take reasonable steps to avoid imposing undue burden or expense on IPLLC, a non-party to this action.

Subject to and without waiving theses objections, the General Objections, and the Objections to Definitions and Instructions, in response to Request No. 10, IPLLC will perform a reasonable and proportionate search for IPLLC documents in the possession of Gábor Csupó, and will produce responsive, non-privileged documents regarding Counterclaimants' Amended Counterclaims, if any, from the relevant time range agreed to by IPLLC and Defendants.

| | | |
|---|---|---|
| 1 | Dated: June 15, 2021 | Respectfully submitted, |
| 2 | | /s/ Steven M. Berezney |
| 3 | | George A. Zelcs *(pro hac vice)* |
| | | Randall P. Ewing, Jr. *(pro hac vice)* |
| 4 | | Ryan Z. Cortazar *(pro hac vice)* |
| 5 | | **KOREIN TILLERY, LLC** |
| | | 205 North Michigan, Suite 1950 |
| 6 | | Chicago, IL  60601 |
| | | Telephone: (312) 641-9750 |
| 7 | | Facsimile: (312) 641-9751 |
| 8 | | Stephen M. Tillery *(pro hac vice)* |
| | | Steven M. Berezney, CA Bar #329923 |
| 9 | | Carol O'Keefe *(pro hac vice)* |
| 10 | | **KOREIN TILLERY, LLC** |
| | | 505 North 7th Street, Suite 3600 |
| 11 | | St. Louis, MO  63101 |
| | | Telephone: (314) 241-4844 |
| 12 | | Facsimile: (314) 241-3525 |
| 13 | | Joshua Irwin Schiller, CA Bar #330653 |
| 14 | | **BOIES SCHILLER FLEXNER LLP** |
| | | 44 Montgomery St., 41st Floor |
| 15 | | San Francisco, CA  94104 |
| | | Phone: (415) 293-6800 |
| 16 | | Fax: (415) 293-6899 |
| 17 | | Philip C. Korologos *(pro hac vice)* |
| | | Joanna C. Wright *(pro hac vice)* |
| 18 | | **BOIES SCHILLER FLEXNER LLP** |
| 19 | | 55 Hudson Yards, 20th Floor |
| | | New York, NY  10001 |
| 20 | | Phone: (212) 446-2300 |
| | | Fax: (212) 446-2350 |
| 21 | | |
| 22 | | *Attorneys for Intellectual Property LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2021, I caused the foregoing Intellectual Property LLC's Objections and Responses to YOUTUBE and GOOGLE'S Non-Party Document Subpoena to be served on all opposing counsel of record by email at the addresses listed below:

Schneidervyoutube@wsgr.com

/s/ Steven M. Berezney

IPLLC'S OBJECTIONS & RESPONSES            12            CASE NO. 3:20-CV-4423
TO DEFENDANTS' NON-PARTY SUBPOENA