# EXHIBIT 36

to the Declaration of Andrew T. Kramer

KOREIN TILLERY

*Attorneys at Law*

One U.S. Bank Plaza
505 North 7th Street, Suite 3600
St. Louis, MO  63101-1625

www.KoreinTillery.com

Steven M. Berezney

SBerezney@KoreinTillery.com
*p: (314) 241-4844*
*f: (314) 241-3525*

August 10, 2021                                                                 *Via-E-mail*

Eli B. Richlin
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA  94303-1050

**Re:    *Schneider et al. v. YouTube, LLC et al.***
**        *Case No. 3:20-cv-04423***

Dear Eli,

        I write in response to your July 27, 2021 letter concerning issues you identified regarding Intellectual Property LLC's ("IPLLC") responses to Defendants' document subpoena.

        As an initial matter, your accusation that Mr. Csupó "insists on playing games to evade discovery" is unproductive and false. Mr. Csupó has agreed to produce documents, and will do so. Mr. Csupó has also answered interrogatories. The fact that he insists on maintaining corporate formalities in a case where he is specifically accused of ignoring those formalities is not gamesmanship.

        Your accusations of "rank obstruction" and bad faith are similarly baseless and unproductive. Our previous correspondence detailed the burden associated with collecting and reviewing documents from Mr. Búzás located in Hungary, including specifics about his computers' sizes and cost estimates from a third-party vendor. *See* 03/30/21 Letter from Berezney to White at 2 (stating that the cost to collect Mr. Búzás' 41 GB computer is at least $32,200 and the cost to collect a second 138 GB computer is at least $52,900, not including the cost of review). We have also answered your questions about Mr. Holman, who is also located in Hungary, and further explained that IPLLC has no contractual right to its prior owners' documents. We have repeatedly stated that the cost of collection for foreign custodians is disproportionate to the amount Defendants seek in counterclaim damages and would impose an undue burden and expense on nonparties like IPLLC, but you have not demonstrated otherwise.

Eli B. Richlin
August 10, 2021
Page 2

While you express surprise that IPLLC is unwilling to undertake the burden associated with GDPR compliance, we already went over these exact issues pertaining to some of the same potential Hungarian document custodians months ago regarding Pirate Monitor Ltd. Our May 14, 2021 letter explains in detail why your GDPR concerns are incorrect as a matter of law, *see* ECF No. 81 at 3 n.2, but you have never rebutted that explanation. You say that there is no reason to believe your subpoena implicates the GDPR's protections because it does not seek personal information. But your subpoena is very broad, seeking all documents and communications regarding several entities, individuals, and topics, which would likely require us to collect entire computers and/or entire contents of email accounts. Therefore, it is a virtual certainty that personal data will be included in the documents falling within your broad requests, and any document collection and review must be performed with GDPR concerns in mind.

**Subpoena Instruction No. 2**: This instruction imposes a needless burden on a third party. It's not clear that FRCP 45(e)(2)(A) requires a formal privilege log, but IPLLC will nevertheless comply with whatever that rule requires if it withholds documents on grounds of privilege.

**RFP No. 2**: Even if Mr. Csupó averred that IPLLC instead of Pirate Monitor Ltd. sent the takedown notices at issue, that does not mean that IPLLC does not follow corporate formalities, nor does it open up IPLLC to invasive searches of all its records that would clearly impose undue burden and expense on a nonparty. As a potential compromise, IPLLC is willing to produce, among other things, its Certificate of Formation, an Operating Agreement, a Director's Resolution, an Instrument of Transfer, a Certificate of Good Standing, a Consent to Act as a Director, and a share certificate. Some of these documents identify IPLLC's former owners.

**RFP No. 3**: You asked for a list of search terms that were used to identify responsive documents. These are the search terms that were used in responding to the IPLLC subpoena and document requests issued to Pirate Monitor Ltd. and Mr. Csupó:

"Ransom nova*"
ransomnova*
"massive films"
"movie mania*"
"movie fun*"
"entertainment movie channel"
"ultimate entertainment"
Avengers or "avenger film"
Fantastic
"amazing channel"
Sarfraz
Khan

Eli B. Richlin
August 10, 2021
Page 3

"Pirate Monitor"
Pex
IPLLC or "Intellectual Property LLC"
Megafilm
Klasky
"copyright office"
"Content ID"
"Content Identification"
"Content Verification"
"fair use"
"takedown OR "take down" AND notice*
"articles of incorporation"
Revenue*
"Terms of Service"
Zimmer w/2 Feri*
copyright * and "Immigrants"
copyright * and Joska*
copyright * and Vakvaganyok*
royalty * and "Immigrants"
royalty * and Joska*
royalty * and Vakvaganyok*
YouTube* and "Immigrants"
YouTube* and Joska*
YouTube* and Vakvaganyok*

We also recently ran a supplemental search on these terms:

"Secretary of State"
Finan! w/3 statement
Minutes
tax w/2 return

As you can see, these search terms are broad and reasonable.

**RFP No. 4**: Based on your statements during the meet and confer call and your latest letter, we understand that this request essentially demands every document in IPLLC's possession. This request is not at all "tailored to obtain information directly relevant" to the claims at issue. It remains overbroad and would impose undue burden and expense. IPLLC stands on its objections.

**RFP No. 6**: During our meet and confer, Defendants confirmed that they seek every takedown notice IPLLC ever sent to YouTube, not only those related to Defendants' counterclaims. Takedown notices and associated videos unrelated to Defendants'

Eli B. Richlin
August 10, 2021
Page 4

counterclaims are irrelevant. In response to this request and Request No. 5, IPLLC will produce only documents concerning takedown notices and associated videos related to Defendants' counterclaims.

**RFP No. 7**: Your accusation that we have refused to provide any information about the documents being withheld in response to this Request is false. During our call, you inquired whether any documents were being withheld and we said we would look into it. As I made clear during a subsequent call concerning Mr. Csupó's documents, questions like the one you posed are not easily answered based on how we performed our document review. That review was performed using the search terms identified above, which are designed to identify only relevant documents. We will not review other documents not hitting on those search terms simply to tell you what irrelevant documents IPLLC is not producing. Demanding this type of busywork is inconsistent with your obligations under FRCP 45. IPLLC has already said that it will produce all communications with Sarfraz Arshad Khan and/or Ransom Nova (if any) related to Defendants' counterclaims. That is all you are entitled to.

**RFP No. 9**: Like your request concerning RFP No. 7, this is another busywork demand that serves no point. We have already agreed to produce documents relevant to Defendants' counterclaims. That is again all Defendants are entitled to. There is nothing we are withholding based on this objection that hit on the search terms identified earlier, but we will not analyze other documents not hitting on those search terms simply to tell you what irrelevant documents IPLLC is not producing.

**RFP No. 10**: We appreciate the clarification that narrows substantially the documents sought by this request. IPLLC will agree to produce communications about the PirateMonitor software involving Defendants and related to Defendants' counterclaims, but anything else is irrelevant. You claim that documents unrelated to Defendants' counterclaims are relevant to establish motive. But, despite our questions during the meet and confer, you have failed to articulate why motive is relevant. Conducting broad discovery of a third party's documents based on something that does not appear to be an element of your counterclaims is excessive, unduly burdensome, and violates FRCP 45.

Finally, you ask when IPLLC will produce documents. IPLLC plans to produce its documents by August 17.

If you would still like to discuss by phone, please send proposed dates and times.

Eli B. Richlin
August 10, 2021
Page 5

Sincerely,

Steven M. Berezney