# EXHIBIT A

1    George A. Zelcs (pro hac vice)
       gzelcs@koreintillery.com
2    Randall P. Ewing, Jr. (pro hac vice)
       rewing@koreintillery.com
3    Ryan Z. Cortazar (pro hac vice)
       rcortazar@koreintillery.com
4    **KOREIN TILLERY, LLC**
     205 North Michigan, Suite 1950
     Chicago, IL  60601
5    Telephone: (312) 641-9750
     Facsimile: (312) 641-9751
6

7    Stephen M. Tillery (pro hac vice)
       stillery@koreintillery.com
8    Steven M. Berezney, CA Bar #329923
       sberezney@koreintillery.com
9    Michael E. Klenov, CA Bar #277028
       mklenov@koreintillery.com
10   Carol O'Keefe (pro hac vice)
       cokeefe@koreintillery.com
11   **KOREIN TILLERY, LLC**
     505 North 7th Street, Suite 3600
12   St. Louis, MO  63101
     Telephone: (314) 241-4844
     Facsimile: (314) 241-3525
13

14   Joshua Irwin Schiller, CA Bar #330653          Philip C. Korologos (pro hac vice)
       jischiller@bsfllp.com                          pkorologos@bsfllp.com
15   **BOIES SCHILLER FLEXNER LLP**                Joanna C. Wright (pro hac vice)
     44 Montgomery St., 41st Floor                    jwright@bsfllp.com
16   San Francisco, CA  94104                      **BOIES SCHILLER FLEXNER LLP**
     Telephone:  (415) 293-6800                    55 Hudson Yards, 20th Floor
17   Facsimile: (415) 293-6899                     New York, NY  10001
                                                   Telephone:  (212) 446-2300
18   *Attorneys for Gábor Csupó*                   Facsimile: (212) 446-2350

19

20

21

22

23

24

25

26

27

28

GÁBOR CSUPÓ'S OBJECTIONS &                  1                  CASE NO. 3:20-CV-4423
RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, individually and on behalf of all others similarly situated; | |
| Plaintiff, | CASE NO.  3:20-cv-4423-JD |
| vs. | **COUNTER-DEFENDANT GÁBOR CSUPÓ'S OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S FIRST SET OF INTERROGATORIES** |
| YOUTUBE, LLC; and GOOGLE LLC; | |
| Defendants. | |
| YOUTUBE, LLC and GOOGLE LLC; | |
| Counter-Plaintiffs, | |
| v. | |
| PIRATE MONITOR LTD., GÁBOR CSUPÓ, and PIRATE MONITOR LLC, | |
| Counter-Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Counterclaim Defendant Gábor Csupó ("Counter-Defendant" or "Csupó") submits the following responses and objections to Defendants YouTube, LLC's ("YouTube") and Google LLC's ("Google") (collectively "Defendants") First Set of Interrogatories to Counterclaim Defendant Gábor Csupó, dated May 20, 2021 (the "Requests"), in the above-captioned action (the "Action").

By submitting these Responses, Csupó does not intend to concede or waive any arguments regarding the scope, relevance, and timing of any discovery in the Action.

Csupó's discovery and preparation for trial of this matter are not complete as of the date of these Responses and are continuing. Csupó anticipates that discovery and preparation for trial will reveal additional information not presently known to him, but upon which he may rely. These Responses to the Requests are based upon information currently known or believed to be true by

1    Csupó. Csupó reserves the right to modify or supplement these Responses upon completion of

2    discovery and preparation for trial of this matter, and to use at trial, or in any motion or deposition,

3    any documents, facts, or supporting evidence of any sort later developed or discovered.

4          Csupó reserves the right to amend or revise these Responses, including based on any

5    responses or objections submitted by Defendants to any of Csupó's discovery requests. Csupó also

6    asserts that any discovery obligations should be mutual between parties, so that if any of Csupó's

7    objections are overridden, Defendants should be subject to the same scope of discovery, including

8    definitions and instructions for discovery compliance.

9                                    **GENERAL OBJECTIONS**

10         1.    Csupó objects to the Interrogatories to the extent they impose obligations in addition

11   to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court

12   governing discovery in this case, or any discovery protocol agreed upon by the parties.

13         2.    Csupó objects to the Interrogatories, and to each Definition and specific Request

14   contained therein, insofar as they seek information not in Csupó's possession, custody, or control.

15   Csupó further objects to the Requests to the extent they seek documents and information that Csupó

16   does not have the practical ability to obtain or which would be unreasonably burdensome to identify

17   or to obtain.

18         3.    Csupó objects to the extent the Interrogatories seek information that is already in

19   Defendants' possession, is equally accessible to Defendants, or is readily accessible to Defendants.

20         4.    Csupó further objects to the Interrogatories to the extent that the burden of deriving

21   an answer from other sources of discovery will be substantially the same for Defendants as it is for

22   Csupó.

23         5.    Csupó objects to the Interrogatories to the extent they seek information that

24   Defendants can obtain from sources that are more convenient, less burdensome, or less expensive.

25

26

27

GÁBOR CSUPÓ'S OBJECTIONS &                    3                    CASE NO. 3:20-CV-4423
28   RESPONSES TO DEFENDANTS'
     FIRST SET OF INTERROGATORIES

1       6.     Csupó objects to the Interrogatories to the extent they seek information protected by

2 the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence,

3 any common interest privilege, any joint defense agreement, or any other applicable privilege.

4       7.     Csupó further objects to the Interrogatories to the extent that they are vague and

5 ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable, or otherwise

6 seek the discovery of information that is neither relevant to the claims or defenses of any party to this

7 action nor reasonably calculated to lead to the discovery of admissible evidence.

8       8.     Csupó objects to the Interrogatories to the extent they are propounded for the

9 improper purpose of annoying or harassing Csupó.

10       Csupó's responses are based solely on facts reasonably known to Csupó at the time of

11 responding to these Interrogatories. Csupó reserves the right to supplement, amend, or otherwise

12 modify these responses.

13 **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

14       1.     Csupó objects to the extent that Defendants' Definitions and Instructions seek

15 information covered by privilege(s), including the attorney-client and attorney work product privileges.

16 *See, e.g.*, Defendants' Definition No. 1.

17       2.     Csupó objects to the extent that Defendants' Definitions and Instructions require him

18 to respond based on information or knowledge possessed by someone else or another entity, or actions

19 taken by someone else or another entity. *See, e.g.*, Defendants' Definition No. 1. Csupó responds based

20 on his personal knowledge and actions only.

21 **SPECIFIC OBJECTIONS AND RESPONSES**

22       The General Objections and Objections to Definitions and Instructions set forth above are

23 incorporated into the Specific Objections below, as if incorporated therein. Csupó reserves the right

24 to amend or revise his Specific Objections and Responses, including after meeting and conferring with

25 Defendants regarding any Request.

26

27

1 **INTERROGATORY NO. 1: Identify each individual or entity who has performed services on**

2 **Your behalf in connection with any matter set forth in the Amended Counterclaims, including**

3 **but not limited to employees, officers, directors, managers, agents, independent contractors,**

4 **and shareholders.**

5 **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks

6 information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term "services"

7 and the phrase "any matter set forth in the Amended Counterclaims" as vague and ambiguous. Subject

8 to and without waiving these objections, the General Objections, and the Objections to Definitions and

9 Instructions, Csupó responds that no other individual or entity performed services on his behalf in his

10 personal capacity in connection with matters set forth in the Amended Counterclaims.

11 **INTERROGATORY NO. 2: Describe the nature of the services provided by any individual or**

12 **entity who has performed services on Your behalf in connection with any matter set forth in the**

13 **Amended Counterclaims, including but not limited to employees, officers, directors, managers,**

14 **agents, independent contractors, and shareholders.**

15 **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks

16 information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term

17 "services" and the phrase "any matter set forth in the Amended Counterclaims" as vague and

18 ambiguous. Subject to and without waiving these objections, the General Objections, and the

19 Objections to Definitions and Instructions, Csupó responds that no other individual or entity

20 performed services on his behalf in his personal capacity in connection with matters set forth in the

21 Amended Counterclaims.

22 **INTERROGATORY NO. 3: Identify the name of the "entity" referenced in paragraphs 35-36**

23 **of Your Answer to the Amended Counterclaims and the "entity not named in [YouTube's]**

24 **counterclaim [that] was responsible for MegaFilm's copyright enforcement" referenced in the**

25 **Preliminary Statement of Your Answer.**

26

27

1   **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory seeks information irrelevant

2   to the claims and defenses in this lawsuit. Subject to and without waiving these objections, the General

3   Objections, and the Objections to Definitions and Instructions, Csupó responds that the "entity"

4   referenced is Intellectual Property LLC.

5   **INTERROGATORY NO. 4: Describe in detail the circumstances under which You first**

6   **became aware of the videos uploaded to YouTube that were the subject of the DMCA**

7   **"Takedown Notices" that have Your authorized signature and were provided to YouTube**

8   **pursuant to 17 U.S.C. § 512(c)(3) in 2019, including any and all methods (including software or**

9   **computer programs) used to detect those programs.**

10   **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks

11   information irrelevant to the claims and defenses in this lawsuit. Subject to and without waiving these

12   objections, the General Objections, and the Objections to Definitions and Instructions, Csupó responds

13   that he did not become aware of the videos uploaded to YouTube that were the subject of the DMCA

14   "Takedown Notices" referenced in the Amended Counterclaims before they were sent.

15   **INTERROGATORY NO. 5: Identify each individual and/or entity involved in the preparation**

16   **and/or sending of all DMCA "Takedown Notices" that have Your authorized signature and**

17   **were provided to YouTube pursuant to 17 U.S.C. § 512(c)(3).**

18   **OBJECTIONS AND RESPONSE:** Subject to and without waiving the General Objections and the

19   Objections to Definitions and Instructions, Csupó responds that Zoltán Búzás was involved in preparing

20   and/or sending all DMCA "Takedown Notices" to YouTube that have his authorized signature and that

21   are referenced in the Amended Counterclaims.

22   **INTERROGATORY NO. 6: Explain the nature of Your relationship to Pirate Monitor LLC.**

23   **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks

24   information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term

25   "relationship" and the phrase "explain the nature of Your relationship" as vague and ambiguous. Subject

26   to and without waiving these objections, the General Objections, and the Objections to Definitions and

27

1 Instructions, Csupó responds that he has no relationship with any business entity bearing the name Pirate

2 Monitor LLC.

3 **INTERROGATORY NO. 7: Explain Your basis for using the name "Pirate Monitor LLC" in**

4 **DMCA "Takedown Notices" that have Your authorized signature and were provided to**

5 **YouTube pursuant to 17 U.S.C. § 512(c)(3).**

6 **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks

7 information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the phrase

8 "Explain Your basis for using" as vague and ambiguous. Subject to and without waiving these objections,

9 the General Objections, and the Objections to Definitions and Instructions, Csupó responds that

10 YouTube's Copyright Complaint Submission requires the sender to identify the YouTube channel

11 username through which the request was sent, and in such instances the relevant YouTube channel

12 username was Pirate Monitor LLC.

13 **INTERROGATORY NO. 8: Explain the nature of Your relationship to Intellectual Property**

14 **LLC.**

15 **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks

16 information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term

17 "relationship" and the phrase "Explain the nature of Your relationship" as vague and ambiguous. Subject

18 to and without waiving these objections, the General Objections, and the Objections to Definitions and

19 Instructions, Csupó responds that he is a Director and Shareholder of Intellectual Property LLC.

20 **INTERROGATORY NO. 9: Explain the nature of Your relationship to Start Corporate Services**

21 **PTE. LTD.**

22 **OBJECTIONS AND RESPONSE:** Csupó objects that this interrogatory is vague and seeks

23 information irrelevant to the claims and defenses in this lawsuit. Csupó also objects to the term

24 "relationship" as vague and ambiguous. Subject to and without waiving these objections, the General

25 Objections, and the Objections to Definitions and Instructions, Csupó responds that he has no

26 relationship to Start Corporate Services PTE. LTD.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

Gábor Csupó has read the foregoing responses to Defendants' Interrogatories, and the

answers contained therein are true to the best of his knowledge, information, and belief.

Signed:    /s/ Gábor Csupó

Dated:      June 24, 2021

GÁBOR CSUPÓ'S OBJECTIONS &
RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES

8

CASE NO. 3:20-CV-4423

1 | Dated: June 24, 2021

Respectfully submitted,

2

/s/ Randall P. Ewing, Jr.

3 | George A. Zelcs *(pro hac vice)*
Randall P. Ewing, Jr. *(pro hac vice)*

4 | Ryan Z. Cortazar *(pro hac vice)*
**KOREIN TILLERY, LLC**

5 | 205 North Michigan, Suite 1950
Chicago, IL  60601

6 | Telephone: (312) 641-9750
Facsimile: (312) 641-9751

7

8 | Stephen M. Tillery (*pro hac vice*)
Steven M. Berezney, CA Bar #329923

9 | Michael E. Klenov, CA Bar #277028
Carol O'Keefe *(pro hac vice)*

10 | **KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600

11 | St. Louis, MO  63101
Telephone: (314) 241-4844

12 | Facsimile: (314) 241-3525

13

14 | Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**

15 | 44 Montgomery St., 41st Floor
San Francisco, CA  94104

16 | Phone: (415) 293-6800
Fax: (415) 293-6899

17

18 | Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*

19 | **BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor

20 | New York, NY  10001
Phone: (212) 446-2300

21 | Fax: (212) 446-2350

22 | *Attorneys for Gábor Csupó*

23

24

25

26

27

28 | GÁBOR CSUPÓ'S OBJECTIONS &
RESPONSES TO DEFENDANTS'
FIRST SET OF INTERROGATORIES

9

CASE NO. 3:20-CV-4423

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on June 24, 2021, I caused the foregoing Counter-Defendant Gábor
Csupó's Objections and Responses to YOUTUBE's and GOOGLE'S First Set of

3

Interrogatories to Gábor Csupó to be served on all opposing counsel of record by  email
at the  address listed below:

4

5

Schneidervyoutube@wsgr.com

6

                                                                _/s/ Randall P. Ewing, Jr._____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28