DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
KELLY M. KNOLL, SBN 305579
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com
       kknoll@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: chartman@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants<br><br>―――――――――――――<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF ARPAN AGRAWAL IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |

1     I, Arpan Agrawal, declare as follows:

2     1.     I am currently a Senior Finance Manager for Defendant YouTube, LLC ("YouTube"). I am familiar with YouTube's practices regarding financial disclosure, commercial deal negotiations, and external affairs disclosures. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

3     2.     YouTube has requested to seal specific categories of limited, highly sensitive information contained in documents submitted in connection with various motions before the Court. These documents are attached to the Declaration of Qifan Huang in Support of Defendants' Sealing Requests ("Huang Declaration"), which also describes the categories in detail. My declaration below supports the sealing of documents contained in the following category: YouTube's Financial Information, Including Revenues, Costs, and Profits.

**YouTube's Financial Information, Including Revenues, Costs, and Profits**

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 9 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-19 & 247-18 as Exhibit 18 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Hal J. Singer dated November 17, 2022<br>Portions of pages 20-21 | These documents contain YouTube's financial information, including monthly revenue, content acquisition costs, other cost of sales and infrastructure, gross profit, gross profit margin, and historical profitability status, between 2017 and 2020. They also describe in detail the different accounting methods for generating video-level revenue and for generating GAAP revenue, which would explain any potential differences between the two figures. They further contain data concerning the advertising revenue attributable to videos that are the subjects of the sample takedown notices YouTube produced pursuant to this Court's order on August 30, 2022. Dkt. No. 165. Defendants have designated the underlying documents and testimony "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These details are sensitive commercial information YouTube protects as highly confidential and require heightened protection. |
| Exhibit 26 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-2 & 262-5 as Exhibit D to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Expert Report of Hal J. Singer, Ph.D. for Plaintiffs, dated November 17, 2022, with Errata<br>Portions of pages 20-21 | |
| Exhibit 30 to the Huang Declaration<br>Originally filed at Dkt. Nos. 279-6 & 280-7 as Exhibit 5 to Opp. To Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Expert Report of Hal J. Singer, Ph.D., dated | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| November 17, 2022<br>Portions of pages 20-21 | Public disclosure of proprietary commercial terms, cost of content delivery, gross margins, and the monetization rate of videos on YouTube would unfairly advantage YouTube's competitors who could utilize this information to undercut YouTube's advertising business and commercial partnerships. Additionally, disclosure of this advertising revenue information and cost breakdown would impact YouTube's standing with advertisers and partners, with whom YouTube shares advertising revenue, and also harm YouTube's ability to negotiate future advertising revenue share agreements. |
| Exhibit 31 to the Huang Declaration<br>Originally filed at Dkt. Nos. 279-7 & 280-8 as Exhibit 6 to Opp. To Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Expert Rebuttal Report of Greg Halm, dated December 29, 2022<br>Portions of pages 48, 50, and 52-54 | |
| Exhibit 35 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-8 & 278-11 as Exhibit 8 to Opp. To Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Rebuttal Report of Greg Halm, dated December 29, 2022<br>Portions of pages 48, 50, and 52-54 | |
| Exhibit 43 to the Huang Declaration<br>Originally filed at Dkt. Nos. 253-9 & 254-9 as Exhibit 7 to Motion to Exclude Defendants' Expert Halm<br><br>Expert Rebuttal Report of Greg Halm dated December 29, 2022<br>Portions of pages 48, 50, and 52-54 | |
| Exhibit 45 to the Huang Declaration<br>Originally filed at Dkt. Nos. 253-12 & 254-12 as Exhibit 10 to Motion to Exclude Defendants' Expert Halm<br><br>Exhibit 142 to the July 1, 2022 deposition of Arpan Agrawal<br>Cells B4:N9, B13:N18, B22:N27, and B31:N36 | |
| Exhibit 47 to the Huang Declaration<br>Originally filed at Dkt. Nos. 257-3 & 258-3 as Exhibit 1 to Motion to Exclude Defendants' Expert Peterson<br><br>Expert Rebuttal Report of Steven R. Peterson, | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| dated December 29, 2022<br>Portions of pages 7-8, 13-14, 24-27, 47, 50, and 53 | |
| Exhibit 48 to the Huang Declaration<br>Originally filed at Dkt. Nos. 273-1 & 274-2 as Exhibit 1 to Opp. To Motion to Exclude Defendants' Expert Peterson<br><br>Excerpts of the January 20, 2023 deposition of Steven R. Peterson, with Errata<br>153:6-8; 153:11; 153:14-15; 153:20; 154:11-15; 154:21-24; 155:12; 156:9-10 | |
| Exhibit 25 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-1 & 262<br><br>Defendants and Counterclaimants' Motion to Exclude Testimony from Plaintiffs' Proposed Experts Charles D. Cowan and Hal J. Singer<br>Portions of pages 13 | These documents contain data concerning the advertising revenue attributable to videos that are the subjects of the sample takedown notices YouTube produced pursuant to this Court's order on August 30, 2022. Dkt. No. 165. This information relies on documents produced during discovery that were designated "Highly Confidential – Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>The advertising revenue data is sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of the advertising revenue data would reveal to YouTube's competitors the monetization rate of videos on YouTube and cause competitive harm. It would also impact YouTube's standing with advertisers and partners, with whom YouTube shares advertising revenue, and harm YouTube's ability to negotiate future advertising revenue share agreements. |
| Exhibit 27 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-3 & 262-6 as Exhibit E to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Excerpts of the January 13, 2023 deposition of Hal J. Singer, with Errata<br>169:14; 169:17-18; 169:20; 169:22-24 | |
| Exhibit 28 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-4 & 262-7 as Exhibit F to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Excerpts of the Expert Rebuttal Report of Steven R. Peterson, Ph.D., dated December 29, 2022<br>Portions of pages 24-27 | |
| Exhibit 29 to the Huang Declaration<br>Originally filed at Dkt. Nos. 279-4 & 280-5 as Exhibit 3 to Opp. to Motion to Exclude Plaintiffs' Experts Cowan and Singer | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Excerpts of the January 13, 2023 deposition of Hal J. Singer<br>171:22-24; 172:22-24; 173:4; 173:14-16; 173:20 | |
| Exhibit 33 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-6 & 264-3 as Exhibit 2 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Excerpts of the September 29, 2022 deposition of Joseph M. Winograd, with Errata<br>162:4 | These documents contain a year-by-year breakdown of the costs for developing and operating YouTube's Content ID tool. Defendants have designated these documents "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>The cost breakdown of operating Content ID is sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of YouTube's expenses would unfairly advantage YouTube's competitors who could utilize this information to undercut YouTube's advertising business and commercial partnerships. Additionally, disclosure of the expenses would impact YouTube's standing with advertisers and partners, with whom YouTube shares advertising revenue, and also harm YouTube's ability to negotiate future advertising revenue share agreements. |
| Exhibit 39 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-15 & 278-18 as Exhibit 15 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>GOOG-SCHNDR-00040616<br>Entirety | |
| Exhibit 46 to the Huang Declaration<br>Originally filed at Dkt. Nos. 257-1 & 258<br><br>Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Dr. Steven Peterson<br>Portions of page 3 | These documents reflect YouTube's operational, and more specifically, incremental costs. This information relies on documents designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. |
| Exhibit 49 to the Huang Declaration<br>Originally filed at Dkt. Nos. 273-2 & 274-3 as Exhibit 2 to Opp. to Motion to Exclude Defendants' Expert Peterson<br><br>Excerpts of the January 13, 2023 deposition of Hal J. Singer, with Errata<br>242:20 | YouTube's incremental costs are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of such information would unfairly advantage YouTube's competitors who could utilize this information to undercut YouTube's advertising business and commercial partnerships. |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 50 to the Huang Declaration Originally filed at Dkt. Nos. 289-1 & 290<br><br>Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Dr. Steven Peterson<br>Portions of page 3 | Additionally, disclosure of the cost breakdown would impact YouTube's standing with advertisers and partners, with whom YouTube shares advertising revenue, and also harm YouTube's ability to negotiate future advertising revenue share agreements. |
| Exhibit 51 to the Huang Declaration Originally filed at Dkt. Nos. 289-3 & 290-2 as Exhibit 2 to Motion to Exclude Defendants' Expert Peterson<br><br>Excerpts of the January 13, 2023 deposition of Hal J. Singer<br>242:20 | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 7th day of April 2023 at Fremont, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Arpan Agrawal
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Arpan Agrawal

**ATTORNEY ATTESTATION**

I, Kelly M. Knoll, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Kelly M. Knoll