DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
KELLY M. KNOLL, SBN 305579
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
       mrees@wsgr.com
       lwhite@wsgr.com
       kknoll@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email: bwillen@wsgr.com
Email: chartman@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | CASE NO.: 3:20-cv-04423-JD<br><br>**DECLARATION OF AMY WU IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |

I, Amy Wu, declare as follows:

1.  I am currently a Product Manager for Watch Next for Defendant YouTube, LLC ("YouTube"). I lead YouTube's Watch Next team, which is responsible for developing and maintaining YouTube's content discovery and recommendation systems through Watch Next, including Autoplay. I am familiar with YouTube's practices regarding the product and engineering infrastructure of Watch Next and Autoplay. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

2.  YouTube has requested to seal specific categories of limited, highly sensitive information contained in documents submitted in connection with various motions before the Court. These documents are attached to the Declaration of Qifan Huang in Support of Defendants' Sealing Requests ("Huang Declaration"), which also describes the categories in detail. My declaration below supports the sealing of documents contained in the following categories: (1) Descriptions of the Technical Infrastructure and System Design of YouTube's Products and Functions; (2) Product Design Documents, Internal Analyses and Experiments, Metrics and Statistics, and Other Business Logic and Strategies of YouTube's Products and Functions; and (3) Personally Identifiable Information of Third Parties.

**Descriptions of the Technical Infrastructure and System Design of YouTube's Products and Functions**

| Portions Sought to be Sealed | Basis for Sealing |
| --- | --- |
| Exhibit 7 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-13 & 247-12 as Exhibit 12 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the May 24, 2022 deposition of Amy Wu<br>99:4; 99:6; 99:8-9; 99:11-12; 99:14-15; 99:17-19; 100:2; 100:12; 100:14-23 | This testimony contains information about the technical operation of YouTube's Autoplay and Watch Next functionalities. It is sensitive commercial information that YouTube protects as highly confidential and requires heightened protection. Defendants have designated this testimony "Confidential" under the parties' Stipulated Protective Order.<br><br>This testimony was not cited by Plaintiffs in the motion for class certification and is irrelevant to the issues in dispute.<br><br>Public disclosure of the limited technical |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| | information YouTube seeks to seal would reveal to competitors sensitive information about YouTube's operations. YouTube has developed its Autoplay and Watch Next functionalities over the course of many years, incurring significant development costs. The public disclosure of this information could result in competitive harm by revealing to competitors how Autoplay and Watch Next technically function and providing them with information they could use to mimic YouTube's proprietary technology without having to expend the same resources. |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 61-67 and 69 | These documents contain detailed discussions about the overall design of YouTube's recommendation algorithms, such as how YouTube determines which videos to recommend to users, the specific factors considered by the recommendation engine, and the nomination and selection process of video recommendations. This information relies on testimony and documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These design details are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Specifically, public disclosure of these details would enable malicious actors to manipulate YouTube's recommendation algorithms into suggesting their content for users to watch, even if their content is of low quality, unhelpful, or unrelated to the video currently being played by the user. Public disclosure would also allow competitors insight into how YouTube recommends videos, giving them an unfair advantage by providing a comprehensive system design document about YouTube's recommendation algorithms and allowing them |
| Exhibit 19 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-10 & 248-4 as Exhibit 44 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00052429, "Life of a YouTube Recommendation"<br>Portions of pages -430 to -438 | |
| Exhibit 32 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of pages 61-67 and 69 | |
| Exhibit 34 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 61-67 and 69 | to forego the years of development efforts YouTube endured before settling on the current process. |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 30 and 85 | These documents contain information about YouTube's internal system that generates text annotations with user-uploaded videos. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These details are sensitive commercial information YouTube protects as highly confidential and require heightened protection. They reveal the level of specificity that YouTube's internal system operates on. They also provide specific examples of the categories that YouTube's internal system applies to videos. Public disclosure of this information would unfairly advantage competitors who could use this information to improve their own systems without having to expend the same resources to test and develop the system. |
| Exhibit 32 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of pages 30 and 85 | |
| Exhibit 34 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 30 and 85 | |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 26-27 | These documents contain specific sources of text annotations and descriptions associated with user videos that YouTube's search function considers when generating its search index and responding to user queries. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These sources of text annotations are sensitive |
| Exhibit 32 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of pages 26-27<br><br>Exhibit 34 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 26-27 | commercial information regarding the design of YouTube Search that YouTube protects as highly confidential and require heightened protection. Specifically, disclosure of these sources would invite abuse by malicious actors who could attempt to manipulate YouTube Search to promote their content, even if their content is of low quality or unrelated to the user's actual query. The public disclosure of this information could also result in competitive harm, by allowing other video streaming services and competitors insight into how YouTube's search technology functions at a granular level. YouTube has developed its search technology over the course of many years, incurring significant development costs. Allowing competitors insight into precisely how YouTube's search algorithms function would give them an unfair advantage to improve their own system without expending the same resources. |
| Exhibit 12 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-2 & 247-29 as Exhibit 29 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00040865, "Watch Next Overview"<br>Portions of pages -914 to -915, and -918 | These documents are internal YouTube presentations that contain technical infrastructure overviews and system design details about YouTube's video recommendation systems, including internal analyses about the systems' strengths, weaknesses, development targets, and potential abuses targeting the system. Defendants have designated these documents "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. They discuss the following confidential business information:<br>• Specific descriptions of internal YouTube tools and databases, such as their size, their underlying technology, and their roles in the video recommendation process;<br>• Overview of the video recommendation process, including discrete steps taken by YouTube's algorithms and factors |
| Exhibit 13 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-4 & 247-32 as Exhibit 32 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00052174, "Watch Next Eng Review"<br>Portions of pages -188 | |
| Exhibit 18 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-9 & 247-40 as Exhibit 40 to Plaintiffs' Motion of Class Certification | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| GOOG-SCHNDR-00040723, "Autoplay Deep Dive"<br>Portions of pages -726, -730 to -736, -739 to -740, -742 to -743<br><br>Exhibit 36 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-12 & 278-15 as Exhibit 12 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>GOOG-SCHNDR-00051863, "Abuse Threat in Watch Next"<br>Portions of pages -867 to -873, -877 to -883, -885 to -887, -893 to -895, -898, -900 to -904<br><br>Exhibit 38 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-14 & 278-17 as Exhibit 14 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>GOOG-SCHNDR-00034975, "WatchNext Infra: past, present and future"<br>Portions of pages -981, -983, -986, -991, -994, -996, -35003 to -007 | considered;<br>• Internal analysis on the challenges faced by YouTube's recommendation systems, lessons learned, and proposed solutions;<br>• Internal objectives and key results of the Watch Next engineering team.<br><br>The portions of the document above are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of the information above would enable malicious actors to manipulate YouTube's recommendation algorithms into suggesting their content for users to watch, even if their content is of low quality, unhelpful, or unrelated to the video currently being played by the user. Public disclosure would also allow competitors insight into how YouTube recommends videos, giving them an unfair advantage by providing a comprehensive system design document about YouTube's recommendation algorithms and allowing them to forego the years of development efforts YouTube endured before settling on the current process. |
| Exhibit 17 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-8 & 247-37 as Exhibit 37 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00034775, "Life of a YouTube Upload"<br>Portions of pages -776 to -797 | These documents contain technical infrastructure overviews and system design details about the overall YouTube technical pipeline. Defendants have designated these documents "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. They discuss all steps involved in YouTube's process of taking in a user-uploaded video and serving it on the platform, including uploading and initial processing, transcoding, storage and distribution, and optimization.<br><br>These overviews and system design details are sensitive commercial information YouTube protects as highly confidential and require |
| Exhibit 37 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-13 & 278-16 as Exhibit 13 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>GOOG-SCHNDR-00034775, "Life of a YouTube Upload" | |

DECLARATION OF AMY WU                -5-                CASE NO. 3:20-CV-04423-JD

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Portions of pages -776 to -797 | heightened protection. Disclosure of the information would allow competitors insight into YouTube's technical infrastructure, giving them an unfair advantage by providing a comprehensive system design document about YouTube's uploading, video processing, transcoding, storage and distribution, and optimization processes and allowing them to forego the years of development efforts YouTube endured before settling on the current process. Disclosure would also allow malicious actors to observe the YouTube technical infrastructure and cause disruptions to the YouTube service. |

**Product Design Documents, Internal Analyses and Experiments, Metrics and Statistics, and Other Business Logic and Strategies of YouTube's Products and Functions**

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 1 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-1 & 245<br><br>Plaintiffs' Motion for Class Certification<br>Portions of page 11 | These documents contain statistics about YouTube's operations, such as percentage changes of YouTube watch time, the sources and drivers of YouTube watch time, the percentage of users who have Autoplay enabled, and internal metrics and impact analyses gathered from various experiments YouTube ran on its platform. Defendants have designated these documents and testimony "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. They discuss the following confidential business information:<br><br>- Percentage of YouTube watch time attributable to various YouTube functions, and how the distribution evolved over the years;<br>- Impact of certain YouTube functions on YouTube watch time;<br>- Internal surveys on the quality of YouTube |
| Exhibit 7 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-13 & 247-12 as Exhibit 12 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the May 24, 2022 deposition of Amy Wu<br>115:2; 115:5; 115:10; 115:12 | |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 3, 10, 53, 57, and 59 | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 12 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-2 & 247-29 as Exhibit 29 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00040865, "Watch Next Overview"<br>Portions of pages -873, -882, -896, and -920 | video recommendations.<br><br>These statistics and metrics are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Specific factors that may affect watch time, in particular, are competitively sensitive, as they would allow competitors unfair insight into YouTube's operational details and how particular features affect YouTube's overall business, and guide those competitors when they decide what features to mimic from YouTube. For example, a rival video streaming service may analyze the various sources of YouTube's watch time data to determine what product and functionality to develop next or invest in that would bring about the most significant increase in user engagement, saving such service the significant time and effort YouTube had devoted into determining product development directions and priorities. |
| Exhibit 13 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-4 & 247-32 as Exhibit 32 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00052174, "Watch Next Eng Review"<br>Portions of pages -185 to -187, and -240 | |
| Exhibit 18 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-9 & 247-40 as Exhibit 40 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00040723, "Autoplay Deep Dive"<br>Portions of pages -725, -727 to -728, -737 to -738 | |
| Exhibit 32 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of pages 3, 10, 53, 57, and 59 | |
| Exhibit 33 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-6 & 264-3 as Exhibit 2 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Excerpts of the September 29, 2022 deposition of Joseph M. Winograd, with Errata<br>245:16-17; 247:17; 247:22-23; 247:25; 248:16; | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| 250:12; 254:10; 254:18-19 | |
| Exhibit 34 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 3, 10, 53, 57, and 59 | |
| Exhibit 28 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-4 & 262-7 as Exhibit F to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Excerpts of the Expert Rebuttal Report of Steven R. Peterson, Ph.D., dated December 29, 2022<br>Portions of page 27 | These documents contain internal YouTube statistics about the percentage of YouTube watch time attributable to more popular and less popular videos, and the average number of views for the less popular videos on YouTube. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on such information. |
| Exhibit 29 to the Huang Declaration<br>Originally filed at Dkt. Nos. 279-4 & 280-5 as Exhibit 3 to Opp. to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Excerpts of the January 13, 2023 deposition of Hal J. Singer<br>142:6; 142:8; 145:24 | |
| Exhibit 47 to the Huang Declaration<br>Originally filed at Dkt. Nos. 257-3 & 258-3 as Exhibit 1 to Motion to Exclude Defendants' Expert Peterson<br><br>Expert Rebuttal Report of Steven R. Peterson, dated December 29, 2022<br>Portions of pages 7 and 27 | |

**Personally Identifiable Information of Third Parties**

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 7 to the Huang Declaration Originally filed at Dkt. Nos. 243-13 & 247-12 as Exhibit 12 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the May 24, 2022 deposition of Amy Wu<br>8:10 | This testimony contains my personal home address. This information is non-public. It was not cited by Plaintiffs in the motion for class certification. It is irrelevant to the issues in dispute.<br><br>Public disclosure of my home address would intrude on my privacy and potentially subject me to harassment or unwanted public attention. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 31st day of March 2023 at Mountain View, California.

                                          */s/ Amy Wu*
                                          Amy Wu

### ATTORNEY ATTESTATION

I, Kelly M. Knoll, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

                                          */s/ Kelly M. Knoll*