DAVID H. KRAMER, SBN 168452
MAURA L. REES, SBN 191698
LAUREN GALLO WHITE, SBN 309075
KELLY M. KNOLL, SBN 305579
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  dkramer@wsgr.com
        mrees@wsgr.com
        lwhite@wsgr.com
        kknoll@wsgr.com

BRIAN M. WILLEN (admitted *Pro Hac Vice*)
CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Facsimile: (212) 999-5801
Email:  bwillen@wsgr.com
Email:  chartman@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br>　　　　　Plaintiffs,<br>　　v.<br>YOUTUBE, LLC and GOOGLE LLC,<br>　　　　　Defendants<br><br>YOUTUBE, LLC and GOOGLE LLC,<br>　　　　　Counterclaimants,<br>　　v.<br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br>　　　　　Counterclaim Defendants. | CASE NO.:  3:20-cv-04423-JD<br><br>**DECLARATION OF CHENYUAN ZHU IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |

I, Chenyuan Zhu, declare as follows:

1. I am currently a Product Manager for Content ID for Defendant YouTube, LLC ("YouTube"). I previously worked in and then led YouTube's copyright operations team, which was responsible for leading YouTube's DMCA-compliance efforts. I am familiar with YouTube's practices regarding copyright operations. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

2. YouTube has requested to seal specific categories of limited, highly sensitive information contained in documents submitted in connection with various motions before the Court. These documents are attached to the Declaration of Qifan Huang in Support of Defendants' Sealing Requests ("Huang Declaration"), which also describes the categories in detail. My declaration below supports the sealing of documents contained in the following categories: (1) Product Design Documents, Internal Analyses and Experiments, Metrics and Statistics, and Other Business Logic and Strategies of YouTube's Products and Functions; (2) Operational Policies and Guidelines and Abuse Prevention Mechanisms about YouTube's Copyright Management Tools; and (3) Personally Identifiable Information of Third Parties.

**Product Design Documents, Internal Analyses and Experiments, Metrics and Statistics, and Other Business Logic and Strategies of YouTube's Products and Functions**

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 1 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-1 & 245<br><br>Plaintiffs' Motion for Class Certification<br>Portions of pages 1, 4, and 18 | These documents reflect data disclosed in a January 10 Letter concerning the number and share of total, public, unlisted, and private videos on YouTube's service, the portion of those videos worldwide that were blocked, monetized, or tracked through Content ID, and how these numbers have changed over the years. This is sensitive commercial information that YouTube does not make public and goes to extensive lengths to protect. Defendants designated this information as "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. |
| Exhibit 20 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-12 & 248-10 as Exhibit 50 to Plaintiffs' Motion of Class Certification<br><br>Letter from L. Gallo White to C. O'Keefe dated Jan. 10, 2023<br>Portions of page 2 | |
| Exhibit 22 to the Huang Declaration<br>Originally filed at Dkt. Nos. 271-1 & 272 | Public disclosure of this information may allow competitors to estimate the scale of YouTube's |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Plaintiffs' Reply in Support of Motion of Class Certification<br>Portions of pages 3 and 10 | systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on such knowledge about scale and costs. Disclosure may also improperly affect YouTube's business by painting a simplistic and highly inaccurate picture of the performance/growth of the YouTube platform. For example, Counterclaim Defendants in this case uploaded thousands of videos onto YouTube for the purpose of filing takedown notices against them. Anyone trying to value YouTube's business on the basis of the number of videos on the platform would get a misleading and distorted picture of YouTube's performance because of such deceptive tactics and other behaviors such as spam and abuse. |
| Exhibit 52 to the Huang Declaration<br>Originally filed at Dkt. Nos. 263-1 & 265<br><br>Plaintiffs' Motion for Partial Summary Judgment<br>Portions of pages 1 and 3-5 | |
| Exhibit 53 to the Huang Declaration<br>Originally filed at Dkt. Nos. 263-4 & 265-5 as Exhibit 3 to O'Keefe Decl. ISO Plaintiffs' Motion for Partial Summary Judgment<br><br>Letter from L. Gallo White to C. O'Keefe dated Jan. 10, 2023<br>Portions of page 2 | |
| Exhibit 54 to the Huang Declaration<br>Originally filed at Dkt. Nos. 263-5 & 265-6 as Exhibit 4 to O'Keefe Decl. ISO Plaintiffs' Motion for Partial Summary Judgment<br><br>Chart Summarizing Data from Content ID Statistics<br>Portions of page 1 | |
| Exhibit 56 to the Huang Declaration<br>Originally filed at Dkt. Nos. 291-1 & 292<br><br>Plaintiffs' Reply in Support of Motion for Partial Summary Judgment<br>Portions of pages 1-2, 4, and 7-8 | |
| Exhibit 57 to the Huang Declaration<br>Originally filed at Dkt. Nos. 259-1 & 260<br><br>Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupo's Motion for Summary Judgment<br>Portions of page 12 | |
| Exhibit 58 to the Huang Declaration | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Originally filed at Dkt. Nos. 259-8 & 260-20 as Exhibit 18 to Ewing Decl. ISO Counterclaim Defendants' Motion for Summary Judgment<br><br>Letter from L. Gallo White to C. O'Keefe dated Jan. 10, 2023<br>Portions of page 2 | |
| Exhibit 3 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-4 & 247-2 as Exhibit 2 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the June 22, 2022 deposition of Julian Bill<br>184:4 | These documents contain discussions about the specific capabilities and development objectives of YouTube's copyright management tools, including Content ID and Copyright Match Tool's matching system and their numerical thresholds for surfacing a claim. This information relies on testimony designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These capabilities and numerical thresholds are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of such information would enable bad actors to abuse and circumvent YouTube's systems and avoid detection by YouTube's copyright management tools, Content ID and Copyright Match Tool. YouTube has developed its copyright management tools over the course of many years, incurring significant development costs. The public disclosure of this information could also result in competitive harm by revealing to competitors how Content ID and Copyright Match Tool technically function and providing them with information they could use to mimic YouTube's proprietary technology without having to expend the same resources. |
| Exhibit 5 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-8 & 247-6 as Exhibit 6 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the July 5, 2022 deposition of Fabio Magagna<br>74:7; 74:9; 74:16; 74:18; 74:24 | |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 18, 21, 39, 43, 69, and 83 | |
| Exhibit 23 to the Huang Declaration<br>Originally filed at Dkt. Nos. 271-3 & 272-2 as Exhibit 82 to the Reply Declaration of Jeffrey Waldron in Further Support of Plaintiffs' Motion of Class Certification<br><br>Excerpts of the June 22, 2022 deposition of Julian Bill<br>155:20; 156:12; 157:2; 157:5; 157:15; 157:22 | |
| Exhibit 24 to the Huang Declaration | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Originally filed at Dkt. Nos. 271-6 & 272-5 as Exhibit 85 to the Reply Declaration of Jeffrey Waldron in Further Support of Plaintiffs' Motion of Class Certification<br><br>Excerpts of the July 5, 2022, deposition of Fabio Magagna<br>74:7; 74:9; 74:16; 74:18; 74:24 | |
| Exhibit 32 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of pages 18, 21, 39, 43, 69, and 83 | |
| Exhibit 33 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-6 & 264-3 as Exhibit 2 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Excerpts of the September 29, 2022 deposition of Joseph M. Winograd, with Errata<br>52:11-13 | |
| Exhibit 34 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 18, 21, 39, 43, 69, and 83 | |
| Exhibit 52 to the Huang Declaration<br>Originally filed at Dkt. Nos. 263-1 & 265<br><br>Plaintiffs' Motion for Partial Summary Judgment<br>Portions of page 4 | |
| Exhibit 55 to the Huang Declaration | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Originally filed at Dkt. Nos. 263-6 & 265-8 as Exhibit 6 to O'Keefe Decl. ISO Plaintiffs' Motion for Partial Summary Judgment<br><br>Excerpts of the July 5, 2022 deposition of Fabio Magagna<br>74:7; 74:9; 74:16; 74:18; 74:24 | |
| Exhibit 4 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-7 & 247-5 as Exhibit 5 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the June 28, 2022 deposition of Cristos Goodrow<br>17:12-22 | These documents contain information about the number of videos on YouTube's platform. It is sensitive commercial information that YouTube protects as highly confidential and requires heightened protection. This information relies on testimony designated "Confidential" under the parties' Stipulated Protective Order.<br><br>Public disclosure of the limited information YouTube seeks to seal may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on such knowledge about scale and costs. Disclosure may also improperly affect YouTube's business by painting a simplistic and highly inaccurate picture of the performance/growth of the YouTube platform. For example, Counterclaim Defendants in this case uploaded thousands of videos onto YouTube for the purpose of filing takedown notices against them. Anyone trying to value YouTube's business on the basis of the number of videos on the platform would get a misleading and distorted picture of YouTube's performance because of such deceptive tactics and other behaviors such as spam and abuse. |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 11 and 68 | |
| Exhibit 9 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-19 & 247-18 as Exhibit 18 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Hal J. Singer dated November 17, 2022<br>Portions of page 54 | |
| Exhibit 26 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-2 & 262-5 as Exhibit D to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Expert Report of Hal J. Singer, Ph.D. for Plaintiffs, dated November 17, 2022, with Errata<br>Portions of page 54 | |
| Exhibit 27 to the Huang Declaration | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Originally filed at Dkt. Nos. 261-3 & 262-6 as Exhibit E to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Excerpts of the January 13, 2023 deposition of Hal J. Singer, with Errata<br>30:14 | |
| Exhibit 29 to the Huang Declaration<br>Originally filed at Dkt. Nos. 279-4 & 280-5 as Exhibit 3 to Opp. to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Excerpts of the January 13, 2023 deposition of Hal J. Singer<br>117:12 | |
| Exhibit 30 to the Huang Declaration<br>Originally filed at Dkt. Nos. 279-6 & 280-7 as Exhibit 5 to Opp. to Motion to Exclude Plaintiffs' Experts Cowan and Singer<br><br>Expert Report of Hal J. Singer, Ph.D., dated November 17, 2022<br>Portions of page 54 | |
| Exhibit 32 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of pages 11 and 68 | |
| Exhibit 34 to the Huang Declaration<br>Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 11 and 68 | |
| Exhibit 47 to the Huang Declaration | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Originally filed at Dkt. Nos. 257-3 & 258-3 as Exhibit 1 to Motion to Exclude Defendants' Expert Peterson<br><br>Expert Rebuttal Report of Steven R. Peterson, dated December 29, 2022<br>Portions of pages 11 and 68 | |
| Exhibit 5 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-8 & 247-6 as Exhibit 6 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the July 5, 2022 deposition of Fabio Magagna<br>80:8-81:25 | These documents contain discussions about specific operational methods of YouTube's Content ID system and how Content ID scans videos on YouTube. This information relies on testimony and documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These discussions about YouTube's proprietary Content ID technology reference the names of specific Content ID functions and the details of how they operate, which are sensitive commercial information YouTube protects as highly confidential and require heightened protection. YouTube has developed the Content ID system over the course of many years, incurring significant development costs. These nuanced technical discussions of how YouTube's Content ID system functions, if publicly disclosed, could cause YouTube competitive harm, allowing others to understand the overall system design of Content ID's scanning system and potentially mimic the same functionality without having to expend the same resources to test and develop the system. Public disclosure of this technical information also would instruct bad actors on how to abuse YouTube's Content ID system. |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 20, 38, 40, and 83-84 | |
| Exhibit 24 to the Huang Declaration<br>Originally filed at Dkt. Nos. 271-6 & 272-5 as Exhibit 85 to the Reply Declaration of Jeffrey Waldron in Further Support of Plaintiffs' Motion of Class Certification<br><br>Excerpts of the July 5, 2022, deposition of Fabio Magagna<br>80:8-81:25 | |
| Exhibit 32 to the Huang Declaration<br>Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of pages 20, 38, 40, and 83-84 | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 34 to the Huang Declaration Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 20, 38, 40, and 83-84 | |
| Exhibit 8 to the Huang Declaration Originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to Plaintiffs' Motion of Class Certification<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of page 50 | These documents contain the specific criteria for Content ID partners to be granted access to a particular Content ID mode. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These specific criteria are sensitive commercial information YouTube protects as highly confidential and require heightened protection. These nuanced discussions of specific threshold requirements for accessing a particular mode of the Content ID system, if disclosed, would frustrate some of the purpose of having thresholds in the first place, as disseminating the knowledge of these thresholds could lead to gaming them. It also would show Content ID participants how to advance to different Content ID modes through improper means and thereby, manipulate the Content ID process. YouTube has developed its Content ID system over the course of many years, incurring significant development costs. Public disclosure of this information may also unfairly advantage competitors who could use this information to improve their own copyright management systems without having to expend the same resources. |
| Exhibit 32 to the Huang Declaration Originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph M. Winograd for Plaintiffs, dated September 1, 2022<br>Portions of page 50 | |
| Exhibit 34 to the Huang Declaration Originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of page 50 | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 40 to the Huang Declaration Originally filed at Dkt. Nos. 276-16 & 278-19 as Exhibit 16 to Opp. to Motion to Exclude Plaintiffs' Proposed Experts Winograd and Jessop<br><br>GOOG-SCHNDR-00053786<br>Entirety | These documents about the features developed and launched by YouTube's Content ID team contain development priorities and product design details about Content ID. Defendants have designated these documents "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These documents are sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Public disclosure of these documents would allow competitors insight into how YouTube determine what Content ID features to develop, the various functions of Content ID, and the development timelines of such functions, giving them an unfair advantage by providing a comprehensive system design roadmap about Content ID and allowing them to forego the years of development efforts YouTube endured before settling on the current process. |

**Operational Policies and Guidelines and Abuse Prevention Mechanisms about YouTube's Copyright Management Tools**

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 1 to the Huang Declaration Originally filed at Dkt. Nos. 243-1 & 245<br><br>Plaintiffs' Motion for Class Certification Portions of page 17-18 | These documents contain detailed discussion of the implementation of YouTube's copyright policies. They discuss how YouTube assigns copyright strikes to channels and terminates multiple channels potentially belonging to the same bad actor. It is sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated the underlying documents and testimony as "Confidential" and "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| | Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination of multiple accounts under YouTube's copyright policies, thereby impairing YouTube's efforts to identify and terminate such bad actors. It also would instruct those who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them. |
| Exhibit 6 to the Huang Declaration<br>Originally filed at Dkt. Nos. 243-12 & 247-11 as Exhibit 11 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of the June 29, 2022 deposition of Chris Ting<br>107:11-12; 107:14-17; 107:25-108:3; Errata 107:17 | These documents contain discussions about YouTube's internal target handling times for responding to DMCA takedown notices and counter notifications. It is sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated the underlying testimony "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. These targets reflect YouTube's balancing analysis regarding optimal takedown notice and counter notification processing times, taking into consideration other factors such as safeguarding the quality of the review process. They also reflect confidential service level agreements incorporated into YouTube's agreements with vendors who process takedown notices and counter notifications for YouTube.<br><br>Public disclosure of such information would cause harm to YouTube by providing bad actors with information that would be used to abuse YouTube's systems, allowing competitors to use YouTube's hard-won knowledge to improve their own systems without having to expend the same resources, or undermining YouTube's relationship with its vendors if competitors use this information to offer vendors more favorable terms. |
| Exhibit 42 to the Huang Declaration<br>Originally filed at Dkt. Nos. 253-5 & 254-5 as Exhibit 3 to Motion to Exclude Defendants' Expert Halm<br><br>Excerpts of the June 29, 2022 deposition of Chris Ting<br>107:11-12; 107:14-17; 107:25-108:3; Errata 107:17 | |
| Exhibit 10 to the Huang Declaration | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Originally filed at Dkt. Nos. 243-22 & 247-23 as Exhibit 23 to Plaintiffs' Motion of Class Certification<br><br>Excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4 dated June 17, 2022<br>6:20-24; 9:4-5 | These documents contain details about YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, as well as how YouTube assigns copyright strikes to channels. Defendants have designated these documents "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These details are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's copyright policies, or allow previously-terminated users to circumvent YouTube's efforts to remove additional content linked to them, and therefore impact YouTube's ability to identify and terminate these offenders. |
| Exhibit 44 to the Huang Declaration<br>Originally filed at Dkt. Nos. 253-11 & 254-11 as Exhibit 9 to Motion to Exclude Defendants' Expert Halm<br><br>Excerpts of Defendants' Amended Responses and Objections to Plaintiffs' Interrogatory No. 4, dated June 17, 2022<br>6:20-24; 9:4-5 | |
| Exhibit 14 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-5 & 247-33 as Exhibit 33 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00041383, "Automated Madison Suspension Propagation (SpiderMADison)"<br>Portions of pages -383 to -385, and -387 | These documents contain details about YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation. Defendants have designated these documents "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These details are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of the limited information YouTube seeks to seal would instruct bad actors who had previously faced termination on how to circumvent YouTube's efforts to remove additional content linked to them, and therefore impact YouTube's ability to identify and terminate these bad actors. |
| Exhibit 15 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-6 & 247-34 as Exhibit 34 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00000918, "SpiderMADison: Copyright Suspension Expansion to Linked Channels"<br>Portions of pages -918 to -920, and -922 to -923 | |
| Exhibit 16 to the Huang Declaration | |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Originally filed at Dkt. Nos. 244-7 & 247-35 as Exhibit 35 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00001059, "Trust & Safety/ SpiderMADsense"<br>Portions of -059 to -060, and -063 | |
| Exhibit 41 to the Huang Declaration<br>Originally filed at Dkt. Nos. 253-4 & 254-4 as Exhibit 2 to Motion to Exclude Defendants' Expert Halm<br><br>Excerpts of the January 18, 2023 deposition of Greg Halm<br>97:5 | These documents contain discussions about the percentage of takedown notices YouTube receives that go through manual review. It is sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated the underlying testimony "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. That percentage reflects the result of YouTube's careful consideration on what percentage of takedown notices it receives should be manually reviewed.<br><br>Public disclosure of such information would cause harm to YouTube by providing bad actors with information that would be used to abuse YouTube's systems, or allow competitors to use YouTube's hard-won knowledge to improve their own systems without having to expend the same resources. |

**Personally Identifiable Information of Third Parties**

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 15 to the Huang Declaration<br>Originally filed at Dkt. Nos. 244-6 & 247-34 as Exhibit 34 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00000918, "SpiderMADison: Copyright Suspension Expansion to Linked Channels" | These documents contain personally identifiable information (including physical address and unique ID) regarding a third party. This information is non-public. It is irrelevant to the issues in dispute.<br><br>Public disclosure of such information would intrude on the third party's privacy and |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Portion of page -920 | potentially subject that individual to harassment or unwanted public attention. |
| Exhibit 16 to the Huang Declaration Originally filed at Dkt. Nos. 244-7 & 247-35 as Exhibit 35 to Plaintiffs' Motion of Class Certification<br><br>GOOG-SCHNDR-00001059, "Trust & Safety/ SpiderMADsense" Portions of -063 | |
| Exhibit 59 to the Huang Declaration Originally filed at Dkt. Nos. 295-24 & 296-43 as Exhibit 13 to Kramer Decl. ISO Opp. to Counterclaim Defendants' Motion for Summary Judgment<br><br>GOOG-SCHNDR-00054236 Portion of page -236 | |
| Exhibit 60 to the Huang Declaration Originally filed at Dkt. Nos. 295-25 & 296-44 as Exhibit 14 to Kramer Decl. ISO Opp. to Counterclaim Defendants' Motion for Summary Judgment<br><br>GOOG-SCHNDR-00054237 Portion of page -237 | |
| Exhibit 61 to the Huang Declaration Originally filed at Dkt. Nos. 295-26 & 296-45 as Exhibit 15 to Kramer Decl. ISO Opp. to Counterclaim Defendants' Motion for Summary Judgment<br><br>GOOG-SCHNDR-00054238 Portion of page -238 | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 3rd day of April 2023 at San Bruno, California.

*/s/ Chenyuan Zhu*
Chenyuan Zhu

**ATTORNEY ATTESTATION**

I, Kelly M. Knoll, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

<em>/s/ Kelly M. Knoll</em>