| | |
|---|---|
| DAVID H. KRAMER, SBN 168452<br>MAURA L. REES, SBN 191698<br>LAUREN GALLO WHITE, SBN 309075<br>KELLY M. KNOLL, SBN 305579<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email:  dkramer@wsgr.com<br>          mrees@wsgr.com<br>          lwhite@wsgr.com<br>          kknoll@wsgr.com | BRIAN M. WILLEN (admitted *Pro Hac Vice*)<br>CATHERINE R. HARTMAN (admitted *Pro Hac Vice*)<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone: (212) 999-5800<br>Facsimile: (212) 999-5801<br>Email:  bwillen@wsgr.com<br>Email:  chartman@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD, PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>    Counterclaim Defendants. | CASE NO.:  3:20-cv-04423-JD<br><br>**DECLARATION OF QIFAN HUANG IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |

I, Qifan Huang declares as follows:

1. I am an attorney at Wilson, Sonsini, Goodrich & Rosati, P.C., counsel to Defendants and Counterclaimants YouTube, LLC and Google LLC (together, "YouTube"). I am over the age of 18 and am competent to make this declaration. I make each of the following statements based on my personal knowledge and could, if necessary, testify to the truth of each of them.

2. YouTube submits this Declaration in support of its requests pursuant to Civil Local Rules 7-11 and 79-5 to seal portions of documents submitted in connection with two summary judgment motions (one filed by Plaintiffs (Dkt. No. 265) and the other filed by Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupo (Dkt. No. 260)); Plaintiffs' motion for class certification (Dkt. No. 245); and the Parties' respective motions to exclude expert testimony (Dkt. Nos. 254, 256, 258, 262, 264). A total of over 100 documents, covering more than 2000 pages of internal YouTube material, were provisionally filed under seal.

3. Mindful of the interest of public access to litigation documents, YouTube has carefully reviewed each document, and (with the exception of two documents which YouTube seeks to seal in their entirety), it has proposed sealing only limited portions covering the most sensitive information contained therein. YouTube's narrowed sealing requests are limited to the documents attached to my declaration as Exhibits 1 to 61 and described below.[1]

4. YouTube's sealing requests fall into the following categories:

**Category 1: Descriptions of the Technical Infrastructure and System Design of YouTube's Products and Functions**

YouTube requests that the Court maintain under seal confidential, proprietary, and highly sensitive commercial information about the technical infrastructure underpinning YouTube's services, databases and their usage, and the system design overviews of YouTube products and functions such as search and indexing, transcoding and video processing, recommendation algorithms, and machine learning systems, which is contained in Exhibits 7, 8, 12, 13, 17-19, 32, 34, and 36-38 to this Declaration. Those documents, which were designated as "Confidential" or

---

[1] Exhibit 2 was withdrawn pursuant to parties' communications.

1  "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this
2  action or contain material so designated, include internal engineering presentations about
3  YouTube's video recommendation systems that disclose specific descriptions of internal
4  YouTube tools and databases, such as their size, their underlying technology, and their roles in
5  the video recommendation process, and overviews of the YouTube video recommendation
6  process, including discrete steps taken by YouTube's algorithms and factors considered.
7       The reasons for confidential treatment of this information and a description of the harm
8  that would result from the public disclosure of this information about YouTube's proprietary
9  systems is set out in the Declaration of Amy Wu in Support of YouTube's Motion to Seal ("Wu
10 Declaration").

**Category 2: Product Design Documents, Internal Analyses and Experiments, Metrics and Statistics, and Other Business Logic and Strategies of YouTube's Products and Functions**

14      YouTube requests that the Court maintain under seal confidential, proprietary, and highly
15 sensitive commercial information about product design documents of YouTube's video
16 recommendation systems and Content ID, internal analyses and user experiments run on those
17 products and functions, and internal metrics and statistics, which is contained in Exhibits 1, 3-5,
18 7-9, 12-13, 18, 20-24, 26-30, 32-34, 40, 47, and 52-58 to this Declaration. Those documents,
19 which were designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only"
20 pursuant to the Stipulated Protective Order in this action or contain material so designated,
21 include internal presentations about YouTube's video recommendation systems that discuss
22 challenges faced, lessons learned, proposed solutions, internal objectives and results, and usage
23 statistics and related experiments, and discussions of the specific operational methods of
24 YouTube's Content ID system and how it scans videos on YouTube.
25      The reasons for confidential treatment of this information and a description of the harm
26 that would result from the public disclosure of this information is set out in the Wu Declaration
27 and the Declaration of Chenyuan Zhu in Support of YouTube's Motion to Seal ("Zhu
28 Declaration").

**Category 3: Operational Policies and Guidelines and Abuse Prevention Mechanisms about YouTube's Copyright Management Tools**

YouTube requests that the Court maintain under seal confidential, highly sensitive, internal policies, guidelines and discussions regarding YouTube's methods and efforts for detecting and suspending channels linked to bad actors on YouTube, the operations of different Content ID modes and access thereto, and the processing of DMCA takedown notices, which are contained in Exhibits 1, 6, 10, 14-16, 42, and 44 to this Declaration. Those documents and testimony, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include a confidential internal policy document detailing YouTube's methods and efforts for suspending channels linked to bad actors, including the suspension logic, internal tools involved, risk mitigation steps, and impact evaluation and a document disclosing threshold requirements to advancing to different modes in the Content ID system. The reasons for confidential treatment of this information and a description of the harm that would result from the public disclosure of this information is set out in the Zhu Declaration.

**Category 4: YouTube's Financial Information, Including Revenues, Costs, and Profits**

YouTube requests that the Court maintain under seal confidential and highly sensitive financial information, which is contained in Exhibits 9, 25-31, 33, 35, 39, 43, 45-51 to this Declaration. Those documents and testimony, which are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action or contain material so designated, include YouTube's advertising revenue, as well as the share of that revenue paid to content providers, for every month from January 2017 to December 2020; YouTube's annual content-acquisition costs, other sales and infrastructure costs, gross profit, and gross profit margin; and detailed discussion of YouTube's financial accounting practices. The reasons for confidential treatment of this information and a description of the harm that would result from the public disclosure of this financial information is set out in the Declaration of Arpan Agrawal in Support of YouTube's Motion to Seal.

**Category 5: Specific Pricing Terms in YouTube's Business Contracts**

YouTube requests that the Court maintain under seal very limited, specific pricing terms and royalty rates in two license agreements, which are contained in Exhibits 11 and 21 to this Declaration. Those documents, which are designated "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order in this action, include the "Publishing License Agreement," which is a license agreement between Google and third-party A Side Music LLC dba Modern Works Music Publishing that delineates the royalty terms whereby Google compensates certain licensees, including Modern Works; and the "Sound Recording and Audiovisual Content License Agreement," which delineates royalty terms incorporated into certain licenses under which Google compensates certain licensees for sound recording and audiovisual content. The reasons for confidential treatment of this information and a description of the harm that would result from the public disclosure of this information is set out in the Declarations of Joanne Suk ("Suk Declaration") and Waleed Diab ("Diab Declaration"), Dkt. Nos. 194-2, 194-5, filed in support of the parties' previous joint motion to seal these two exhibits submitted in connection with YouTube's Motion for Summary Judgment as to Plaintiff Maria Schneider.

**Category 6: Personally Identifiable Information of Third Parties**

YouTube requests that the Court maintain under seal very limited, personally identifiable information of third parties, which is contained in Exhibits 7, 15-16, and 59-61 to this Declaration. The reasons for confidential treatment of this information and a description of the harm that would result from the public disclosure of this information is set out in the Wu and Zhu Declarations.

5.  The specific exhibits are attached below, with portions that YouTube requests to be sealed highlighted in **red**:

6.  Attached as **Exhibit 1** is Plaintiffs' Motion for Class Certification, originally filed at Dkt. Nos. 243-1 & 245.

7.  This paragraph was intentionally omitted.

8. Attached as **Exhibit 3** are excerpts of the June 22, 2022 deposition of Julian Bill, originally filed at Dkt. Nos. 243-4 & 247-2 as Exhibit 2 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

9. Attached as **Exhibit 4** are excerpts of the June 28, 2022 deposition of Cristos Goodrow, originally filed at Dkt. Nos. 243-7 & 247-5 as Exhibit 5 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

10. Attached as **Exhibit 5** are excerpts of the July 5, 2022 deposition of Fabio Magagna, originally filed at Dkt. Nos. 243-8 & 247-6 as Exhibit 6 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

11. Attached as **Exhibit 6** are excerpts of the June 29, 2022 deposition of Chris Ting, originally filed at Dkt. Nos. 243-12 & 247-11 as Exhibit 11 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

12. Attached as **Exhibit 7** are excerpts of the May 24, 2022 deposition of Amy Wu, originally filed at Dkt. Nos. 243-13 & 247-12 as Exhibit 12 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

13. Attached as **Exhibit 8** is the Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022, originally filed at Dkt. Nos. 243-17 & 247-16 as Exhibit 16 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

14. Attached as **Exhibit 9** is the Expert Report of Hal J. Singer, Ph.D., dated November 17, 2022, originally filed at Dkt. Nos. 243-19 & 247-18 as Exhibit 18 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

15. Attached as **Exhibit 10** are excerpts of Defendants' Amended Responses and Objections to Schneider Interrogatory No. 4, dated June 17, 2022, originally filed at Dkt. Nos. 243-22 & 247-23 as Exhibit 23 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

16. Attached as **Exhibit 11** is a YouTube Publishing License Agreement ("PLA"), dated April 30, 2014, bearing production number GOOG-SCHNDR-00002434, originally filed at

1  Dkt. Nos. 244-1 & 247-28 as Exhibit 28 to the Declaration of Jeffrey Waldron in Support of
2  Plaintiffs' Motion for Class Certification.
3          17.     Attached as **Exhibit 12** is an internal YouTube presentation entitled "Watch Next
4  Overview," bearing production number GOOG-SCHNDR-00040865, originally filed at Dkt.
5  Nos. 244-2 & 247-29 as Exhibit 29 to the Declaration of Jeffrey Waldron in Support of
6  Plaintiffs' Motion for Class Certification.
7          18.     Attached as **Exhibit 13** is an internal YouTube presentation entitled "Watch Next
8  Eng Review," bearing production number GOOG-SCHNDR-00052174, originally filed at Dkt.
9  Nos. 244-4 & 247-32 as Exhibit 32 to the Declaration of Jeffrey Waldron in Support of
10 Plaintiffs' Motion for Class Certification.
11         19.     Attached as **Exhibit 14** is an internal YouTube document entitled "Automated
12 Madison Suspension Propagation (SpiderMADison)," bearing production number GOOG-
13 SCHNDR-00041383, originally filed at Dkt. Nos. 244-5 & 247-33 as Exhibit 33 to the
14 Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.
15         20.     Attached as **Exhibit 15** is an internal YouTube document entitled
16 "SpiderMADison: Copyright Suspension Expansion to Linked Channels," bearing production
17 number GOOG-SCHNDR-00000918, originally filed at Dkt. Nos. 244-6 & 247-34 as Exhibit 34
18 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.
19         21.     Attached as **Exhibit 16** is an internal YouTube document entitled "Trust &
20 Safety/ SpiderMADsense," bearing production number GOOG-SCHNDR-00001059, originally
21 filed at Dkt. Nos. 244-7 & 247-35 as Exhibit 35 to the Declaration of Jeffrey Waldron in Support
22 of Plaintiffs' Motion for Class Certification.
23         22.     Attached as **Exhibit 17** is an internal YouTube document entitled "Life of a
24 YouTube Upload," bearing production number GOOG-SCHNDR-00034775, originally filed at
25 Dkt. Nos. 244-8 & 247-37 as Exhibit 37 to the Declaration of Jeffrey Waldron in Support of
26 Plaintiffs' Motion for Class Certification.
27         23.     Attached as **Exhibit 18** is an internal YouTube presentation entitled "Autoplay
28 Deep Dive," bearing production number GOOG-SCHNDR-00040723, originally filed at Dkt.

1  Nos. 244-9 & 247-40 as Exhibit 40 to the Declaration of Jeffrey Waldron in Support of

2  Plaintiffs' Motion for Class Certification. **The parties jointly seek to replace the originally**

3  **filed copies of this document with the excerpt attached hereto (limited to pages -723**

4  **to -744).**

5      24.    Attached as **Exhibit 19** is an internal YouTube document entitled "Life of a

6  YouTube Recommendation," bearing production number GOOG-SCHNDR-00052429,

7  originally filed at Dkt. Nos. 244-10 & 248-4 as Exhibit 44 to the Declaration of Jeffrey Waldron

8  in Support of Plaintiffs' Motion for Class Certification.

9      25.    Attached as **Exhibit 20** is a letter from Defendants' counsel to Plaintiffs' counsel,

10  dated January 10, 2023, originally filed at Dkt. Nos. 244-12 & 248-10 as Exhibit 50 to the

11  Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion for Class Certification.

12      26.    Attached as **Exhibit 21** is the YouTube Sound Recording and Audiovisual

13  Content License ("SRAV"), bearing production number GOOG-SCHNDR-00020258, originally

14  filed at Dkt. Nos. 244-14 & 248-14 as Exhibit 54 to the Declaration of Jeffrey Waldron in

15  Support of Plaintiffs' Motion for Class Certification.

16      27.    Attached as **Exhibit 22** is Plaintiffs' Reply in Support of Motion for Class

17  Certification, originally filed at Dkt. Nos. 271-1 & 272.

18      28.    Attached as **Exhibit 23** are excerpts of the June 22, 2022 deposition of Julian Bill,

19  originally filed at Dkt. Nos. 271-3 & 272-2 as Exhibit 82 to the Reply Declaration of Jeffrey

20  Waldron in Further Support of Plaintiffs' Motion for Class Certification.

21      29.    Attached as **Exhibit 24** are excerpts of the July 5, 2022, deposition of Fabio

22  Magagna, originally filed at Dkt. Nos. 271-6 & 272-5 as Exhibit 85 to the Reply Declaration of

23  Jeffrey Waldron in Further Support of Plaintiffs' Motion for Class Certification.

24      30.    Attached as **Exhibit 25** is Defendants and Counterclaimants' Motion to Exclude

25  Testimony from Plaintiffs' Proposed Experts Charles D. Cowan and Hal J. Singer, originally

26  filed at Dkt. Nos. 261-1 & 262.

27      31.    Attached as **Exhibit 26** is the Expert Report of Hal J. Singer, Ph.D. for Plaintiffs,

28  dated November 17, 2022, with Errata, originally filed at Dkt. Nos. 261-2 & 262-5 as Exhibit D

1  to the Declaration of Kelly M. Knoll in Support of Defendants and Counterclaimants' Motion to
2  Exclude Testimony from Plaintiffs' Proposed Experts Charles D. Cowan and Hal J. Singer.

3        32.     Attached as **Exhibit 27** are excerpts of the January 13, 2023 deposition of Hal J.
4  Singer, with Errata, originally filed at Dkt. Nos. 261-3 & 262-6 as Exhibit E to the Declaration of
5  Kelly M. Knoll in Support of Defendants and Counterclaimants' Motion to Exclude Testimony
6  from Plaintiffs' Proposed Experts Charles D. Cowan and Hal J. Singer.

7        33.     Attached as **Exhibit 28** are excerpts of the Expert Rebuttal Report of Steven R.
8  Peterson, Ph.D., dated December 29, 2022, originally filed at Dkt. Nos. 261-4 & 262-7 as
9  Exhibit F to the Declaration of Kelly M. Knoll in Support of Defendants and Counterclaimants'
10 Motion to Exclude Testimony from Plaintiffs' Proposed Experts Charles D. Cowan and Hal J.
11 Singer.

12       34.     Attached as **Exhibit 29** are excerpts of the January 13, 2023 deposition of Hal J.
13 Singer, originally filed at Dkt. Nos. 279-4 & 280-5 as Exhibit 3 to the Declaration of Jeffrey
14 Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs'
15 Proposed Experts Charles D. Cowan and Hal J. Singer.

16       35.     Attached as **Exhibit 30** is the Expert Report of Hal J. Singer, dated November 17,
17 2022, originally filed at Dkt. Nos. 279-6 & 280-7 as Exhibit 5 to the Declaration of Jeffrey
18 Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs'
19 Proposed Experts Charles D. Cowan and Hal J. Singer.

20       36.     Attached as **Exhibit 31** is the Expert Rebuttal Report of Greg Halm, dated
21 December 29, 2022, originally filed at Dkt. Nos. 279-7 & 280-8 as Exhibit 6 to the Declaration
22 of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude
23 Plaintiffs' Proposed Experts Charles D. Cowan and Hal J. Singer.

24       37.     Attached as **Exhibit 32** is the Expert Report of Joseph M. Winograd for Plaintiffs,
25 dated September 1, 2022, originally filed at Dkt. Nos. 261-5 & 264-2 as Exhibit 1 to the
26 Declaration of Kelly M. Knoll in Support of Defendants and Counterclaimants' Motion to
27 Exclude Testimony from Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop.
28

38. Attached as **Exhibit 33** are excerpts of the September 29, 2022 deposition of Joseph M. Winograd, with Errata, originally filed at Dkt. Nos. 261-6 & 264-3 as Exhibit 2 to the Declaration of Kelly M. Knoll in Support of Defendants and Counterclaimants' Motion to Exclude Testimony from Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop.

39. Attached as **Exhibit 34** is the Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022, originally filed at Dkt. Nos. 276-7 & 278-10 as Exhibit 7 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop.

40. Attached as **Exhibit 35** is the Expert Rebuttal Report of Greg Halm, dated December 29, 2022, originally filed at Dkt. Nos. 276-8 & 278-11 as Exhibit 8 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop.

41. Attached as **Exhibit 36** is an internal YouTube presentation entitled "Abuse Threat in Watch Next," bearing production number GOOG-SCHNDR-00051863, originally filed at Dkt. Nos. 276-12 & 278-15 as Exhibit 12 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop.

42. Attached as **Exhibit 37** is an internal YouTube document entitled "Life of a YouTube Upload," bearing production number GOOG-SCHNDR-00034775, originally filed at Dkt. Nos. 276-13 & 278-16 as Exhibit 13 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop.

43. Attached as **Exhibit 38** is an internal YouTube presentation entitled "WatchNext Infra: past, present and future," bearing production number GOOG-SCHNDR-00034975, originally filed at Dkt. Nos. 276-14 & 278-17 as Exhibit 14 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop.

44. Attached as **Exhibit 39** is an internal YouTube spreadsheet bearing production number GOOG-SCHNDR-00040616, originally filed at Dkt. Nos. 276-15 & 278-18 as Exhibit 15 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop. YouTube requests that the Court seal this exhibit in its entirety.

45. Attached as **Exhibit 40** is an internal YouTube spreadsheet bearing production number GOOG-SCHNDR-00053786, originally filed at Dkt. Nos. 276-16 & 278-19 as Exhibit 16 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Opposition to Defendants' Motion to Exclude Plaintiffs' Proposed Experts Joseph M. Winograd and Paul Jessop. YouTube requests that the Court seal this exhibit in its entirety.

46. Attached as **Exhibit 41** are excerpts of the January 18, 2023 deposition of Greg Halm, originally filed at Dkt. Nos. 253-4 & 254-4 as Exhibit 2 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Greg Halm.

47. Attached as **Exhibit 42** are excerpts of the June 29, 2022 deposition of Chris Ting, originally filed at Dkt. Nos. 253-5 & 254-5 as Exhibit 3 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Greg Halm.

48. Attached as **Exhibit 43** is the Expert Rebuttal Report of Greg Halm dated December 29, 2022, originally filed at Dkt. Nos. 253-9 & 254-9 as Exhibit 7 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Greg Halm.

49. Attached as **Exhibit 44** are excerpts of Defendants' Amended Responses and Objections to Plaintiffs' Interrogatory No. 4, dated June 17, 2022, originally filed at Dkt. Nos. 253-11 & 254-11 as Exhibit 9 to the Declaration of Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and Testimony of Defendants' Expert Greg Halm.

1   50.  Attached as **Exhibit 45** is Exhibit 142 to the July 1, 2022 deposition of Arpan
2   Agrawal, originally filed at Dkt. Nos. 253-12 & 254-12 as Exhibit 10 to the Declaration of
3   Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and
4   Testimony of Defendants' Expert Greg Halm.

5   51.  Attached as **Exhibit 46** is Plaintiffs' Motion to Exclude Portions of the Expert
6   Report and Testimony of Defendants' Expert Dr. Steven Peterson, originally filed at Dkt. Nos.
7   257-1 & 258.

8   52.  Attached as **Exhibit 47** is the Expert Rebuttal Report of Steven R. Peterson, dated
9   December 29, 2022, originally filed at Dkt. Nos. 257-3 & 258-3 as Exhibit 1 to the Declaration
10  of Jeffrey Waldron in Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and
11  Testimony of Defendants' Expert Dr. Steven Peterson.

12  53.  Attached as **Exhibit 48** are excerpts of the January 20, 2023 deposition of Steven
13  R. Peterson, with Errata, originally filed at Dkt. Nos. 273-1 & 274-2 as Exhibit 1 to the
14  Declaration of Qifan Huang in Support of Defendants' Opposition to Plaintiffs' Motion to
15  Exclude Portions of the Expert Report and Testimony of Defendants' Expert Dr. Steven
16  Peterson.

17  54.  Attached as **Exhibit 49** are excerpts of the January 13, 2023 deposition of Hal J.
18  Singer, with Errata, originally filed at Dkt. Nos. 273-2 & 274-3 as Exhibit 2 to the Declaration of
19  Qifan Huang in Support of Defendants' Opposition to Plaintiffs' Motion to Exclude Portions of
20  the Expert Report and Testimony of Defendants' Expert Dr. Steven Peterson.

21  55.  Attached as **Exhibit 50** is Plaintiffs' Reply in Support of Plaintiffs' Motion to
22  Exclude Portions of the Expert Report and Testimony of Defendants' Expert Dr. Steven
23  Peterson, originally filed at Dkt. Nos. 289-1 & 290.

24  56.  Attached as **Exhibit 51** are excerpts of the January 13, 2023 deposition of Hal J.
25  Singer, originally filed at Dkt. Nos. 289-3 & 290-2 as Exhibit 2 to the Declaration of Jeffrey
26  Waldron in Further Support of Plaintiffs' Motion to Exclude Portions of the Expert Report and
27  Testimony of Defendants' Expert Dr. Steven Peterson.

28

57. Attached as **Exhibit 52** is Plaintiffs' Motion for Partial Summary Judgment, originally filed at Dkt. Nos. 263-1 & 265.

58. Attached as **Exhibit 53** is a letter from Defendants' counsel to Plaintiffs' counsel, dated January 10, 2023, originally filed at Dkt. Nos. 263-4 & 265-5 as Exhibit 3 to the Declaration of Carol L. O'Keefe in Support of Plaintiffs' Motion for Partial Summary Judgment.

59. Attached as **Exhibit 54** is a chart made by Plaintiffs summarizing data from Content ID statistics, originally filed at Dkt. Nos. 263-5 & 265-6 as Exhibit 4 to the Declaration of Carol L. O'Keefe in Support of Plaintiffs' Motion for Partial Summary Judgment.

60. Attached as **Exhibit 55** are excerpts of the July 5, 2022 deposition of Fabio Magagna, originally filed at Dkt. Nos. 263-6 & 265-8 as Exhibit 6 to the Declaration of Carol L. O'Keefe in Support of Plaintiffs' Motion for Partial Summary Judgment.

61. Attached as **Exhibit 56** is Plaintiffs' Reply in Support of Motion for Partial Summary Judgment, originally filed at Dkt. Nos. 291-1 & 292.

62. Attached as **Exhibit 57** is Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupo's Motion for Summary Judgment, originally filed at Dkt. Nos. 259-1 & 260.

63. Attached as **Exhibit 58** is a letter from Defendants' counsel to Plaintiffs' counsel, dated January 10, 2023, originally filed at Dkt. Nos. 259-8 & 260-20 as Exhibit 18 to the Declaration of Randall P. Ewing, Jr. in Support of Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupo's Motion for Summary Judgment.

64. Attached as **Exhibit 59** is a receipt bearing production number GOOG-SCHNDR-00054236, originally filed at Dkt. Nos. 295-24 & 296-43 as Exhibit 13 to the Declaration of Andrew T. Kramer in Support of Defendants and Counterclaimants' Opposition to Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupo's Motion for Summary Judgment.

65. Attached as **Exhibit 60** is a receipt bearing production number GOOG-SCHNDR-00054237, originally filed at Dkt. Nos. 295-25 & 296-44 as Exhibit 14 to the Declaration of Andrew T. Kramer in Support of Defendants and Counterclaimants' Opposition to Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupo's Motion for Summary Judgment.

66. Attached as **Exhibit 61** is a receipt bearing production number GOOG-SCHNDR-00054238, originally filed at Dkt. Nos. 295-26 & 296-45 as Exhibit 15 to the Declaration of Andrew T. Kramer in Support of Defendants and Counterclaimants' Opposition to Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupo's Motion for Summary Judgment.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 7th day of April, 2023 at Sunnyvale, California.

                                                                         */s/ Qifan Huang*
                                                                           Qifan Huang

**ATTORNEY ATTESTATION**

I, Kelly M. Knoll, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

                                                                         */s/ Kelly M. Knoll*