# EXHIBIT 5

to the Declaration of Qifan Huang

PUBLIC VERSION - REDACTED

Page 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---

MARIA SCHNEIDER, UNIGLOBE
ENTERTAINMENT, LLC, and
AST PUBLISHING LTD.,
individually and on behalf
of all others similarly
situated,

        Plaintiffs,
vs.                     Case No. 3:20-cv-04423-JD

YOUTUBE, LLC; and GOOGLE
LLC,

        Defendants.
_____/

HIGHLY CONFIDENTIAL PURSUANT TO

THE PROTECTIVE ORDER

30(b)(6) VIDEOTAPED DEPOSITION OF YOUTUBE BY AND

THROUGH THEIR CORPORATE DESIGNEE,

FABIO MAGAGNA, Ph.D.

TUESDAY, JULY 5, 2022

STENOGRAPHICALLY REPORTED BY:

CINDY A. HAYDEN, RMR-CRR

JOB NO. 848073



Page 2

```
 1        UNITED STATES DISTRICT COURT
 2       NORTHERN DISTRICT OF CALIFORNIA
 3              ---oOo---
 4
 5   MARIA SCHNEIDER, UNIGLOBE
     ENTERTAINMENT, LLC, and
 6   AST PUBLISHING LTD.,
     individually and on behalf
 7   of all others similarly
     situated,
 8
              Plaintiffs,
 9
     vs.
10                    Case No. 3:20-cv-04423-JD
11   YOUTUBE, LLC; and GOOGLE
     LLC,
12
              Defendants.
13   _____
14
15        Remote Videotaped Deposition of Fabio
16   Magagna, Ph.D., taken on behalf of the Plaintiffs,
17   on Tuesday, July 5, 2022, beginning 10:00 a.m., and
18   ending at 12:38 p.m., pursuant to Notice, and
19   before me, Cindy A. Hayden, RMR-CRR.
20
21
22
23
24
25
```

Page 4

```
 1                  I N D E X
 2                                         PAGE
 3   EXAMINATION BY MS. O'KEEFE              6
 4   EXAMINATION BY MR. RICHLIN             96
 5
 6                E X H I B I T S
 7
 8   NUMBER       DESCRIPTION             PAGE
 9
     DEFENDANT'S   Excel Spreadsheet,       97
10   EXHIBIT 1     GOOG-SCHNDR-00040616
11   EXHIBIT 159   Content Owner Guide, Bates  49
                   GOOG-SCHNDR-00038834-862
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 3

```
 1   A P P E A R A N C E S:
 2
 3   COUNSEL FOR PLAINTIFFS:
 4
 5      KOREIN TILLERY, LLC
 6      BY:  CAROL O'KEEFE, Esq.
 7      505 North 7th Street, Suite 3600
 8      St. Louis, Missouri 63101
 9      Telephone: (314) 241-4844
10      cokeefe@koreintillery.com
11
12   COUNSEL FOR THE DEFENDANTS:
13      WILSON SONSINI GOODRICH & ROSATI
14      BY:  ELI B. RICHLIN, Esq.
15      1301 Avenue of the Americas, 40th Floor
16      New York, New York 10019-6022
17      (212) 999.5800
18      erichlin@wsgr.com
19
20   ALSO PRESENT:  Richard Loftus, Videographer
21            Matthew Gubiotti, Google
22
23             ---oOo---
24
25
```

Page 5

```
 1              P R O C E E D I N G S
 2                     * * *
 3        THE VIDEOGRAPHER:  We are now on the
 4   record.  This begins Videotape Number 1 in the
 5   deposition of Fabio Magagna in the matter of Maria
 6   Schneider v. YouTube, LLC.  Today is July 5th,
 7   2022, and the time is 10 a.m.
 8             This deposition is being taken
 9   virtually at the request of Boies Schiller
10   Flexner LLP.  The videographer is Richard Loftus of
11   Magna Legal Services, and the court reporter is
12   Cindy Hayden.
13             Will counsel and all parties
14   present state their appearances and whom they
15   represent.
16        MS. O'KEEFE:  Carol O'Keefe of
17   Korein Tillery on behalf of the plaintiffs.
18        MR. RICHLIN:  Eli Richlin,
19   Wilson Sonsini Goodrich & Rosati, on behalf of
20   defendants and the witness.  And I'm also being
21   joined by Matt Gubiotti, who is in-house counsel
22   for Google.
23        THE WITNESS:  I'm Fabio Magagna for
24   Google, representing YouTube.
25        THE VIDEOGRAPHER:  Will the court
```



2 (Pages 2 to 5)



Page 6

1  reporter please swear in the witness.
2              * * *
3           FABIO MAGAGNA, Ph.D.,
4  testifying under penalty of perjury, was examined
5           and testified as follows:
6              * * *
7              EXAMINATION
8  BY MS. O'KEEFE:
9      Q.  Good morning, Mr. Magagna.
10     A.  Good morning.
11     Q.  Do you understand that you are
12 representing YouTube here today and testifying on
13 behalf of the corporation?
14     A.  I do.
15     Q.  Okay.  And what is your position at
16 YouTube?
17     A.  I'm the product manager in the area of
18 copyright.
19     Q.  And are you a software engineer as
20 well?
21     A.  No.
22     Q.  Okay.  Are you trained as a software
23 engineer?
24     A.  I am not trained as -- in Google as a
25 software engineer.

Page 7

1      Q.  Do you have education in coding and
2  developing software?
3      A.  I have a -- master's degrees in
4  information technology and electrical engineering
5  with -- which is somehow related to software
6  engineering.
7      Q.  Okay.  What team do you lead at
8  YouTube?
9          MR. RICHLIN:  Objection to form.
10         You can answer.
11         THE WITNESS:  Do you mean at the moment
12 or from the time we are discussing?
13 BY MS. O'KEEFE:
14     Q.  At the moment.
15     A.  At the moment, I'm responsible for the
16 copyright enforcement teams, like engineering teams
17 or product teams, and what we call creator
18 reputation, which is another area.
19     Q.  Do any of your teams utilize a resource
20 known as the "Knowledge Base," or "KB"?
21         MR. RICHLIN:  Objection to form.  Also,
22 objection to scope.
23         You can answer.
24         THE WITNESS:  Yes, I think they do.
25 BY MS. O'KEEFE:

Page 8

1      Q.  Okay.  And do any of your teams utilize
2  the YouTube Developer's Handbook?
3          MR. RICHLIN:  Same objection.
4          You can answer.
5          THE WITNESS:  Can you say it again, the
6  name of the document, please?
7  BY MS. O'KEEFE:
8      Q.  The YouTube Developer's Handbook.
9      A.  I'm not aware of that.  I don't know.
10     Q.  So my understanding is that the
11 copyright management suite tool offers a variety of
12 processes for identifying potentially infringing
13 videos; is that correct?
14         MR. RICHLIN:  Objection to form.
15 Objection to scope.
16         You can answer.
17         THE WITNESS:  That's -- that's
18 incorrect.
19 BY MS. O'KEEFE:
20     Q.  Okay.  Please tell me what CMS offers.
21     A.  CMS has, actually, two functionality.
22 I think it's manage larger corporations to manage
23 the contents on the platform, like larger in sense
24 of scale of content.  And the second one is, CMS is
25 the home of Content ID.

Page 9

1          THE REPORTER:  Is the home of what,
2  please?
3          THE WITNESS:  Content ID.
4  BY MS. O'KEEFE:
5      Q.  So Content ID encompasses Content ID
6  automatic claiming, Content ID safe mode,
7  Content ID search and copyright match, correct?
8          MR. RICHLIN:  Objection to form.
9          You can answer.
10         THE WITNESS:  So copyright match tool
11 is not accessed in CMS.  I think that's the first
12 mistake.  Then you said three other things.  Can
13 you please repeat them one more time?  You said
14 safe mode?  What was the second one?
15 BY MS. O'KEEFE:
16     Q.  Content ID safe mode.
17     A.  That's -- that's a type of Content ID,
18 which can be accessed through CMS.
19     Q.  Okay.  And then Content ID automatic
20 claiming?
21     A.  That's also -- the -- yeah, the outcome
22 will be accessed through CMS.
23     Q.  And then Content ID search?
24     A.  Are you referring to manual claiming
25 here or --



```
                                              Page 74
 1        THE WITNESS:  So in the copyright match
 2   tool, we serve -- so the goal is to find copies of
 3   your video.  I think that's important for the
 4   context.
 5        So the parameter -- the match parameter
 6   we use is -- if I recall it correctly, is
 7   ████████████, or we call it "██████" which
 8   means a use of video has to consist at least
 9   ████████ of the source videos.  But that can also
10   consist more.
11        So they can -- for example, if they do
12   a compilation and use the fuller length of my video
13   and a full length of somebody else's video, that
14   would be still within the parameter.
15   BY MS. O'KEEFE:
16        Q.  And just to be clear, the ████████
17   parameter means that the potentially infringing
18   video -- at least ████████ of the potentially
19   infringing video consists of the copyright match
20   user's source video; is that correct?
21        MR. RICHLIN:  Objection to form.
22   Objection to scope.
23        THE WITNESS:  I -- I would say the --
24   the user video contains ████████ of the source
25   video.  This is how I would say it.
```

```
                                              Page 75
 1   BY MS. O'KEEFE:
 2        Q.  Oh, okay.  I understand.  Thank you.
 3        Are there any other parameters for
 4   matching and copyright match?
 5        A.  There --
 6        MR. RICHLIN:  Objection to form.
 7   Objection to scope.
 8        You can answer.
 9        THE WITNESS:  It's -- there are -- I
10   think that's the most important one.  There are
11   more -- there are definitely more.  It's not that
12   simple.  It's a very complex product.  But I think
13   that's the most important ones.
14   BY MS. O'KEEFE:
15        Q.  Okay.  What other parameters are there
16   that you're aware of?
17        MR. RICHLIN:  Objection to form.
18   Objection to scope.
19        THE WITNESS:  I'm -- I'm aware of
20   that -- for content, that -- you know, for certain
21   content match, that works well.  For example, for
22   gaming, game plays looks all very similar for us.
23   So there's a lot of false positive matches in it.
24   So I'm aware of that there is a special rule for
25   gaming.
```

```
                                              Page 76
 1   BY MS. O'KEEFE:
 2        Q.  Is --
 3        A.  I --
 4        Q.  Are the --
 5        A.  Do you want me to continue?
 6        Q.  Please.
 7        A.  I think there's -- there's also some
 8   rule about if the video from, for example,
 9   somebody -- the partner program has received a
10   visual claim -- if you can imagine, if a video from
11   the partner program received a visual claim, we --
12   don't want to show reupload of those videos to the
13   person in the partner program.
14        Q.  Okay.  For -- are the matching
15   parameters for the copyright match tool the same
16   for videos that are uploaded by YouTube partners
17   and for people who have successfully filed a DMCA
18   takedown notice?
19        MR. RICHLIN:  Objection to form.
20   Objection to scope.
21        THE WITNESS:  They should be the same.
22   Let me just think about that.  So I think -- yeah,
23   they -- they -- I think there's probably one --
24   I -- I hear myself in a echo -- echo.  It stopped.
25        So they should be the same.  It could
```

```
                                              Page 77
 1   be that there is some misalignment through
 2   implementation and engineering work.  But the
 3   parameter used for, let's say, a visual match or an
 4   audiovisual match, which is served or not served,
 5   should be the same.
 6   BY MS. O'KEEFE:
 7        Q.  Okay.  How does YouTube determine that
 8   a YouTube partner's upload is the first upload of
 9   that work?  How do you determine if they are the
10   first-in-time uploader of a specific work?
11        MR. RICHLIN:  Objection to form.
12   Objection to scope.
13        THE WITNESS:  I think there's an
14   internal product called Content Age which we use
15   for that.
16   BY MS. O'KEEFE:
17        Q.  And what does Content Age do?
18        MR. RICHLIN:  Objection to scope.
19        THE WITNESS:  Content Age gives you the
20   age of the content.  Means the age in this context
21   about when we are first seeing on the platform.
22   BY MS. O'KEEFE:
23        Q.  And what does the Content Age need to
24   be in order for work to qualify as a new upload
25   that is eligible for content -- copyright match
```

20 (Pages 74 to 77)



Page 78

1   tool?
2           MR. RICHLIN: Objection to form.
3   Objection to scope.
4           THE WITNESS: So I think your question
5   was, what -- what Content Age has to say that we
6   would consider a partner program video as the
7   source, right? That's the question you asked?
8   BY MS. O'KEEFE:
9       Q. Yes, that is the question.
10      A. So Content Age has to tell us that the
11  majority of the video is new to the platform.
12      Q. And what do you mean by "the majority
13  of the video"?
14      A. It's --
15          MR. RICHLIN: Objection to form.
16  Objection to scope.
17          THE WITNESS: It's a percentage number
18  of -- the Content Age, there's -- there's a
19  percentage. I don't know the technical details.
20  But if you -- you know, you could imagine that you
21  do a video of 10 minutes. And then you have 5
22  seconds of visual footage, which is public domain,
23  which we have all over on the platform. And this
24  video, you know, you would upload, it would still
25  considering as -- the Content Age as a fraction of

Page 79

1   the video. And, therefore, there is a certain
2   filter about percentages in it. And I don't know
3   the exact number.
4           MS. O'KEEFE: Okay. I'm going to ask
5   to go off the record and take a quick break.
6           MR. RICHLIN: Fine by me.
7           THE VIDEOGRAPHER: Okay. Off the
8   record, 11:53 a.m.
9                  * * *
10          (Whereupon, there was a recess in the
11  proceedings from 11:53 a.m. to 12:03 p.m.)
12                 * * *
13  BY MS. O'KEEFE:
14      Q. Mr. Magagna, what is instant claiming?
15      A. Instant claiming is -- it's a system in
16  the Content ID world.
17      Q. And what does instant claiming do?
18      A. It creates legacy claims.
19      Q. And how does instant claiming run the
20  legacy scan?
21          MR. RICHLIN: Objection to form.
22  Objection to scope.
23          You can answer.
24          THE WITNESS: It's -- so when you say
25  "what," you mean -- so what it does, it's -- if a

Page 80

1   reference is delivered late, it can looks it up
2   against a special index. And it also matches then
3   a process from the claim function, and if there is
4   the claim or we want to create the claim, the claim
5   is created. So it's a very simplified way how it
6   works.
7   BY MS. O'KEEFE:

[redacted]

Page 81

[redacted]



21 (Pages 78 to 81)



Witness: Fabio Magagna — July 5, 2022 Rule 30(b)(6) Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

## Errata Sheet

| Page:Line | Change | Reason |
|---|---|---|
| 7:5 | Replace <somehow> with <somewhat> | To clarify the record |
| 8:21 | Replace <functionality> with <functionalities> | To correct transcription errors |
| 9:10 | Replace <copyright match tool> with <Copyright Match Tool> | To correct transcription errors |
| 12:18 | Replace <billions> with <billion> | To correct transcription errors |
| 12:19 | Replace <billions> with <billion> | To correct transcription errors |
| 13:9 | Replace <external> with <externally> | To correct transcription errors |
| 15:7 | Replace <base> with <basis> | To correct transcription errors |
| 15:21 | Replace <partner> with <partners> | To correct transcription errors |
| 15:22 | Replace <partner> with <partners> | To correct transcription errors |
| 17:1 | Replace <third> with <fourth> | To clarify the record |
| 17:16 | Replace <internal> with <internally> | To correct transcription errors |
| 20:7-8 | Replace <content verification program> with <Content Verification Program> | To correct transcription errors |
| 20:12 | Replace <content verification program> with <Content Verification Program> | To correct transcription errors |
| 22:19-20 | Replace <copyright match tool> with <Copyright Match Tool> | To correct transcription errors |
| 23:3 | Replace <use> with <uses> | To correct transcription errors |
| 23:5 | Replace <show> with <shows> | To correct transcription errors |
| 24:1 | Replace <could not always be> with <is not always> | To clarify the record |
| 24:1 | Replace <not always could be> with <is not always> | To clarify the record |
| 24:9 | Remove <be> before <true> | To clarify the record |

1



Witness: Fabio Magagna — July 5, 2022 Rule 30(b)(6) Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| Page:Line | Change | Reason |
| --- | --- | --- |
| 25:4 | Replace <right service> with <rights holders> | To correct transcription errors |
| 29:21 | Replace <engineer> with <engineers> | To correct transcription errors |
| 33:7 | Replace <about> with <on> | To clarify the record |
| 45:2 | Replace <slightly> with <likely> | To correct transcription errors |
| 47:9 | Replace <ambiguous> with <unambiguous> | To clarify the record |
| 50:5 | Replace <It could take> with <I could check> | To correct transcription errors |
| 51:17 | Replace <broad cuts> with <broadcasters> | To correct transcription errors |
| 52:7 | Replace <internal> with <internally> | To correct transcription errors |
| 52:14 | Replace <detail> with <detailed> | To correct transcription errors |
| 55:9 | Replace <details> with <detailed> | To correct transcription errors |
| 55:20 | Replace <context> with <in the context of> | To correct transcription errors |
| 55:21 | Replace <for> with <fair> | To correct transcription errors |
| 58:17 | Replace <behavior> with <behaviors> | To correct transcription errors |
| 66:15 | Replace <of> with <on> | To correct transcription errors |
| 69:13-14 | Replace <a claim> with <on the item "claim"> | To clarify the record |
| 71:15 | Replace <copyright match tool> with <Copyright Match Tool> | To correct transcription errors |
| 71:20-21 | Replace <YouTube partner program> with <YouTube Partner Program> | To correct transcription errors |
| 72:11 | Replace <copyright match tool> with <Copyright Match Tool> | To correct transcription errors |
| 74:1-2 | Replace <copyright match tool> with <Copyright Match Tool> | To correct transcription errors |
| 74:12 | Replace <fuller> with <full> | To correct transcription errors |
| 75:20-21 | Replace <match, that works well> to <, | To clarify the record |

2

Witness: Fabio Magagna — July 5, 2022 Rule 30(b)(6) Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| Page:Line | Change | Reason |
|---|---|---|
|  | matching does not work well> |  |
| 76:9 | Replace <partner program> with <Partner Program> | To correct transcription errors |
| 76:21-77:5 | Replace answer with <There are minor variations in the thresholds.> | While question was beyond the scope of the noticed topics, witness confirmed the answer with engineers following deposition |
| 76:11 | Replace <partner program> with <Partner Program> | To correct transcription errors |
| 76:13 | Replace <partner program> with <Partner Program> | To correct transcription errors |
| 80:1 | Replace <looks> with <look> | To correct transcription errors |
| 80:2-3 | Replace <it also matches then a process from the claim function> with <those matches then are processed by the claim function> | To correct transcription errors |
| 80:5 | Insert <of> between <way> and <how> | To correct transcription errors |
| 80:13 | Replace <reference> with <references> | To correct transcription errors |
| 82:3 | Insert <a> between <was> and <hundred> | To correct transcription errors |
| 88:11 | Replace <writes claims about> with <like claimants with> | To correct transcription errors |
| 92:22 | Replace <unlike> with <as like> | To correct transcription errors |
| 96:15 | Replace <into> with <as to> | To correct transcription errors |

__X__   Subject to the above changes, I certify that the transcript is true and correct.

_____   No changes have been made. I certify that the transcript is true and correct.

_F.M._____   _29/08/2022_
   (signature)         (date)

3

Witness: Fabio Magagna — July 5, 2022 Rule 30(b)(6) Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

## ACKNOWLEDGMENT OF DEPONENT

I, Fabio Magagna, do hereby certify that I have read and examined the foregoing testimony, and that the same is a correct transcription of the answers given by me to the questions therein propounded, except for the corrections or changes in form or substance, if any, noted in the attached Errata Sheet.

_F.M._____                              _29/08/2022_____
(signature)                                                              (date)

4