# EXHIBIT 46

to the Declaration of Qifan Huang

PUBLIC VERSION - REDACTED

George A. Zelcs*
  gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
  rewing@koreintillery.com
Ryan Z. Cortazar *
  rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
  stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
  sberezney@koreintillery.com
Carol O'Keefe*
  cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
  jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
  pkorologos@bsfllp.com
Joanna Wright*
  jwright@bsfllp.com
Jeffrey Waldron*
  jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM OF LAW TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN PETERSON**<br><br>Judge: Hon. James Donato<br><br>Date:  April 13, 2023<br>Time:   10:00 a.m. |

# TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION** ...................................................................................... 1

**STATEMENT OF REQUESTED RELIEF** ............................................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ........................................................... 1

    I.    Dr. Peterson's Incremental Cost Regression Should Have Been the Subject of a Principal Expert Report and Thus Should Be Excluded from His Rebuttal Report and Testimony. ........................................................................... 2

**CONCLUSION** ............................................................................................................................ 5

# TABLE OF AUTHORITIES

**CASES**

*Abdo v. Fitzsimmons*,
   2020 WL 4051299 (N.D. Cal. July 20, 2020) ........................................................................4

*ATA Airlines, Inc. v. Fed. Express Corp.*,
   665 F.3d 882 (7th Cir. 2011) ..................................................................................................4

*Parenti v. Cty. of Monterey,*,
   2017 WL 1709349 (N.D. Cal. May 3, 2017) .........................................................................3

*Clear-View Techs. v. Rasnick*,
   2015 WL 3509384 (N.D. Cal. June 3, 2015) ......................................................................2, 3

*Daubert v. Merrell Dow Pharmaceuticals*,
   509 U.S. 579 (1993) ................................................................................................................1

*Int'l Bus. Machines v. Fasco Indus.*,
   1995 WL 115421 (N.D. Cal. Mar. 15, 1995) .........................................................................4

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
   2019 WL 4780183 (N.D. Cal. Sept. 30, 2019) .......................................................................5

*Oracle Am. v. Google*,
   2011 WL 5572835 (N.D. Cal. Nov. 15, 2011) ......................................................................3

*People v. Kinder Morgan Energy Partners, L.P.*,
   159 F. Supp. 3d 1182 (S.D. Cal. 2016) ..................................................................................4

*Vinh Nguyen v. Radient Pharms.*,
   2013 WL 12149241 (C.D. Cal. July 19, 2013) ......................................................................2

**STATUTES**

17 U.S.C. §504 ..............................................................................................................................2, 3

**RULES**

Federal Rule of Evidence 702 ..........................................................................................................1

Rule 26 .............................................................................................................................................4

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on April 13, 2022, at 10:00 a.m., Plaintiffs will move the Court for an order granting Plaintiffs' Motion to Exclude Portions of the Testimony of Defendants' Expert Dr. Steven Peterson.

## STATEMENT OF REQUESTED RELIEF

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and its progeny, Plaintiffs respectfully request an order striking Section V.B.4(c) of Dr. Peterson's rebuttal report and precluding him from testifying concerning any calculation or regression analysis concerning costs associated with the profits generated by allegedly infringing videos on the YouTube platform. Further, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs respectfully request an order prohibiting Defendants from introducing at trial any evidence concerning the costs and expenses associated with YouTube's revenues.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Copyright Act is unambiguous that an infringer bears the burden of proving the costs and expenses it seeks to have deducted in any disgorgement analysis. Here, despite this burden and despite knowing that Plaintiffs are seeking disgorgement as a remedy, Defendants chose not to present any cost analysis in an opening expert report. Instead, Defendants' expert, Dr. Peterson, only presented an independent regression to estimate incremental costs in his *rebuttal* report. This gamesmanship is contrary to well established law and was calculated to, and did, deprive Plaintiffs of the ability to have their own expert rebut Dr. Peterson's regression analysis. Absent preclusion, it will also tilt the playing field in favor of Defendants by depriving the jury of any rebuttal expert evidence from Plaintiffs on this issue. To prevent this unwarranted and unfair result, Plaintiffs respectfully submit this motion and memorandum to preclude Dr. Peterson from testifying concerning matters that were improperly raised for the first time in his rebuttal report, namely any calculation or regression analysis concerning costs associated with the profits generated by allegedly infringing videos on the YouTube platform.

I.  **Dr. Peterson's Incremental Cost Regression Should Have Been the Subject of a Principal Expert Report and Thus Should Be Excluded from His Rebuttal Report and Testimony.**

The Copyright Act allows for the recovery of a copyright infringer's profits and expressly requires defendants to prove all costs associated with any revenues attributable to the infringing content. "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and *the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work*." 17 U.S.C. §504(b) (emphasis added). In accordance with Plaintiffs' burden under the statute, Plaintiffs' damages expert, Dr. Hal Singer, submitted an expert report setting out methodologies to calculate the direct and indirect revenues attributable to infringing videos. Dr. Singer's report appropriately does not present proof regarding the cost and expense issues for which Congress placed the burden on Defendants.

It is axiomatic that a party must present expert testimony in an affirmative expert report on those matters for which it bears the burden of proof. *See Clear-View Techs. v. Rasnick*, 2015 WL 3509384, at *3 (N.D. Cal. June 3, 2015) (striking rebuttal expert testimony regarding issues on which Defendants had burden of proof); *Vinh Nguyen v. Radient Pharms.*, 2013 WL 12149241, at *2 (C.D. Cal. July 19, 2013) (limiting expert rebuttal testimony to issues on which Defendants did not bear the burden of proof after Defendants failed to designate affirmative experts). Were it otherwise, an adversary would have no ability to present rebuttal expert opinions on such matters. Here, this Court's Amended Scheduling Order mandated that "Expert disclosures" be served by September 1, 2022. [ECF 155 at 2.] On that date, Plaintiffs served four expert reports; Defendants served none. Since Defendants bear the burden under the Copyright Act of establishing their deductible expenses, any expert testimony regarding expenses or incremental costs associated with generating such revenues was required to have been served by that date as well. Defendants, however, made the deliberate choice not to serve any affirmative expert reports, choosing instead to limit their use of experts to rebuttal reports. [*See* ECF 155 at 2 (setting September 1, 2022 as the date for expert disclosures and September 22, 2022 as the date for expert

1 | rebuttal disclosures.)]

2 | In his rebuttal report, Dr. Peterson includes a section entitled, "Dr. Singer Ignores
3 | YouTube's Incremental Costs When Calculating Disgorgement," and goes on to describe the
4 | results of an independent regression analysis Dr. Peterson ran to "measure how YouTube's costs
5 | rise as revenues rise," concluding that "YouTube's costs rose, on average, by ▮▮▮▮ with each
6 | dollar of additional revenue." (Ex. 1—Peterson Rpt. at ¶¶ 106–07.)  Defendants seek to submit
7 | this expert testimony through the backdoor of a rebuttal report because they realize they have
8 | otherwise failed to produce any evidence of incremental or marginal costs associated with the
9 | revenues attributable to the infringing videos.  *See Parenti v. Cty. of Monterey*, 2017 WL
10 | 1709349, at *5 (N.D. Cal. May 3, 2017) (a "rebuttal expert cannot offer evidence that does not
11 | contradict or rebut another expert's disclosure" (citation omitted)); *Clear-View Techs.*, 2015 WL
12 | 3509384, at *4 ("Permitting" parties "to backdoor" affirmative "expert testimony under the guise
13 | of 'rebuttal' testimony would render Rule 26's limits generally meaningless.").  But Dr. Peterson's
14 | regression analysis and any testimony on incremental costs are not the proper subjects of a rebuttal
15 | report or rebuttal expert testimony.  They should have been provided in an affirmative expert
16 | report and nothing in Dr. Singer's report justifies treating it as a rebuttal issue given that Dr.
17 | Singer did not touch on YouTube's costs or expenses as it is Defendants burden to establish such
18 | costs.

19 | Notably, Defendants were well aware that Plaintiffs sought disgorgement as a remedy
20 | under 17 U.S.C. § 504(b).  Complaint ¶ 156.  Their decision not to provide any affirmative
21 | evidence on incremental costs or expenses in an opening expert report—despite their burden under
22 | the Copyright Act—was a strategic choice.  Now, Defendants should bear the consequences of
23 | their gamesmanship and be precluded from attempting to offer such affirmative proof through an
24 | expert rebuttal report.  Google has previously made, and prevailed upon, this very same argument
25 | in a prior action in this district.  *See Oracle Am. v. Google,* 2011 WL 5572835, at *3 (N.D. Cal.
26 | Nov. 15, 2011) ("A party with the burden of proof on an issue should not be allowed to secretly
27 | prepare an army of 'rebuttal' experts to attack the opposition reports like Odysseus and the Greeks
28 |

springing forth from their wooden hideout in Troy.  If they were allowed to do so, their work would not be subject to a direct response from any opposing expert."); *see also People v. Kinder Morgan Energy Partners, L.P.,* 159 F. Supp. 3d 1182, 1192 (S.D. Cal. 2016) (same).

Indeed, Defendants' failure to disclose Dr. Peterson's independent regression analysis of costs in a timely affirmative expert report has caused very real prejudice that, absent preclusion, will distort the evidence before the jury in this matter.  As Judge Posner has noted, these kinds of regression analyses raise "grave questions" concerning their "reliability."  *ATA Airlinesv. Fed. Express,* 665 F.3d 882, 889 (7th Cir. 2011).  And courts have not hesitated to condemn regressions as "fatally flawed" based on "glaring error[s]" in regressions purporting to establish a relationship between costs and revenue, *id.* at 889, 893—precisely the kind of regression analysis that Dr. Peterson presents here.  Yet, even in this most fraught of technical areas, Defendants' tactics have deprived Plaintiffs of their right to present their own expert testimony in a rebuttal report showing the flaws in Dr. Peterson's approach and conclusions.

In short, absent preclusion, Plaintiffs will gain the enormous advantage at trial of having Dr. Peterson's regression analysis stand unrebutted by any contrary expert analysis.  This result is inconsistent with the burden shifting in the Copyright Act and the deadlines in the Court's Scheduling Order, which ensured all parties would have an opportunity to present their affirmative expert disclosures followed by their rebuttal expert opinions to such disclosures.  In these circumstances, Dr. Peterson must be restricted to attacking the theories and methods offered by Dr. Singer, without offering additional opinions and testimony on issues that should have been addressed in an affirmative report but were not.  *See Abdo v. Fitzsimmons*, 2020 WL 4051299, at *2 (N.D. Cal. July 20, 2020) ("Because rebuttal experts and reports are designated as such, their testimony must contradict or rebut evidence or theories of the opposing expert witness.") (citing *Optronic Techs. v. Ningbo Sunny Elec. Co.*, 2019 WL 4780183, at *6 (N.D. Cal. Sept. 30, 2019)).

Finally, Plaintiffs also respectfully submit that Defendants should not be permitted to try to remedy their failure to present cost evidence in an affirmative expert report by trying to introduce such evidence through a different witness at trial.  Under Rule 37(c)(1)(c) and Rule

37(b)(2)(A)(ii), Defendants' failure to obey the court's deadlines for matters on which they bear the burden of proof and to provide information as required under Rule 26(a) warrants prohibiting Defendants from introducing any evidence at trial concerning the costs and expenses associated with YouTube's revenues that were wrongfully presented for the first time in Section V.B.(4)(c) of Dr. Peterson's rebuttal report.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order striking Section V.B.4(c) of Dr. Peterson's report and preventing Dr. Peterson from testifying at trial concerning the amount of YouTube's deductible expenses—incremental, marginal, or otherwise—associated with the revenues generated by infringing videos on the YouTube platform. Further, because Defendants failed to adhere to the requirements of the Court's scheduling order, Plaintiffs respectfully request that pursuant to Federal Rule of Civil Procedure 37(c)(1) the Court enter an order prohibiting Defendants from introducing at trial any evidence concerning the costs and expenses associated with YouTube's revenues.

Dated: March 3, 2023                                Respectfully submitted,

/s/ Philip Korologos
Philip C. Korologos (*pro hac vice*)
pkorologos@bsfllp.com
Joanna Wright (*pro hac vice*)
jwright@bsfllp.com
Jeffrey Waldron (*pro hac vice*)
jwaldron@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Joshua Irwin Schiller, CA Bar #330653
*jischiller@bsfllp.com*
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

George A. Zelcs (*pro hac vice*)
*gzelcs@koreintillery.com*
Randall P. Ewing, Jr. (*pro hac vice*)
*rewing@koreintillery.com*
Ryan Z. Cortazar (*pro hac vice*)
*rcortazar@koreintillery.com*
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
*stillery@koreintillery.com*
Steven M. Berezney, CA Bar #329923
*sberezney@koreintillery.com*
Carol O'Keefe (*pro hac vice*)
*cokeefe@koreintillery.com*
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Attorneys for Plaintiffs*