# EXHIBIT 49

to the Declaration of Qifan Huang

PUBLIC VERSION - REDACTED

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD individually and on behalf of all others similarly situated; et al.,
Plaintiffs,

v.

YOUTUBE, LLC and GOOGLE LLC,
Defendants.

CASE NO. 3:20-cv-04423-JD

VIDEOTAPE DEPOSITION OF:
HAL J. SINGER, Ph.D.
NEW YORK, NEW YORK
FRIDAY, JANUARY 13, 2023

REPORTED BY:
SILVIA P. WAGE, CCR, CRR, RPR
JOB NO. 5647971

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

January 13, 2023
9:11 a.m.

Videotape deposition of HAL J. SINGER, Ph.D., held at the offices of WILSON SONSINI GOODRICH & ROSATI, 1301 Avenue of the Americas, 40th Floor, New York, New York, pursuant to agreement before SILVIA P. WAGE, a Certified Shorthand Reporter, Certified Realtime Reporter, Registered Professional Reporter, and Notary Public for the States of New Jersey, New York, and Pennsylvania.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

A P P E A R A N C E S:

BOIES SCHILLER FLEXNER LLP
Attorneys for Plaintiffs
55 Hudson Yards, 20th Floor
New York, New York 10001
(212) 446-2359
Jwright@bsfllp.com
Pkorologos@bsfllp.com
BY: JOANNA WRIGHT, ESQ.
BY: PHILIP C. KOROLOGOS, ESQ. (VIA TELECONFERENCE)

KOREIN TILLERY, LLC
Attorneys for Plaintiffs
505 North 7th Street, Suite 3600
St. Louis, Missouri 63101
(314) 241-4844
Cokeefe@koreintillery.com
Gzelcs@koreintillery.com
Aellis@koreintillery.com
BY: CAROL O'KEEFE, ESQ.
BY: GEORGE ZELCS, ESQ. (VIA TELECONFERENCE)
BY: ANDREW ELLIS, ESQ. (VIA TELECONFERENCE)

WILSON SONSINI GOODRICH & ROSATI
Attorneys for Defendants
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 999-5800
Acandido@wsgr.com
Qhuang@wsgr.com
BY: AMY CANDIDO, ESQ.
BY: QIFAN HUANG, ESQ.

A L S O P R E S E N T:

STEVEN PETERSON, Ph.D.
PLAINTIFF'S EXPERT
PAUL BAKER
VIDEOGRAPHER

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

But I think it would be a mistake to infer that the interim was entirely strategic and was caused by a delay, an intentional delay by the copyright holder. I would think that the copyright holder would want it down as soon as they found out. 16:59:16 16:59:18 16:59:22 16:59:25 16:59:27

Remember these are largely non-monetizable videos. So it seems to protect yourself. The way that you do it as soon as you find out your copyright is being infringed, you tell YouTube to knock it off. 16:59:31 16:59:33 16:59:37 16:59:40 16:59:42

Q. In estimating disgorgement damages, have you excluded all YouTube revenues flowing from alleged infringements that took place outside of the United States? 16:59:47 16:59:49 16:59:53 16:59:55

A. I don't think we do that. No, I don't think that -- at least, in the infringing share that I calculated, I'm not throwing out things that are occurring outside of the United States. 16:59:59 17:00:01 17:00:04 17:00:08 17:00:09

And I -- I also, I think we should be specific as what we mean by "outside of US." You mean viewed outside or posted outside by content or creator? It seems to me that regardless of where you post from, so long as it's on the 17:00:13 17:00:15 17:00:18 17:00:22 17:00:25

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

platform, it can be viewed anywhere, anywhere in the world, at least, these distinctions of geography. I don't know how it's going to allay the concerns of the copyright holder. And you can post in India, but someone can watch it from the United States. 17:00:28 17:00:30 17:00:34 17:00:36 17:00:38 17:00:41

Q. You haven't taken any of those geographic considerations into consideration? 17:00:42 17:00:45

MS. O'KEEFE: Objection, form. 17:00:48

THE WITNESS: I would have said asked and answered. 17:00:51 17:00:53

A. But I don't have anything more. I'm sorry. Carol is getting mad. 17:00:53 17:00:55

I don't anything to add about the geography stuff beyond what I've said. 17:00:57 17:01:00

Q. In order to calculate YouTube's profits attributable to the alleged infringing conduct, you would need to subtract the cost that YouTube incurred to gain the incremental revenue from the allegedly infringing conduct, right? 17:01:01 17:01:04 17:01:06 17:01:09 17:01:12

A. If you have to go from revenue to profits then say by law or by court, I think that one would make an adjustment. But it would be common and class-wide based on what you thought 17:01:15 17:01:19 17:01:26 17:01:29

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

the variable costs were. 17:01:32

So Dr. Peterson does an analysis in 17:01:34
which he includes variable and fixed cost for his 17:01:36
correlations. And so the refinement I would make 17:01:38
that is that I wouldn't want to allow fix cost to 17:01:41
enter into the calculus because that would 17:01:44
inflate the true measure of the variable. But 17:01:48
once you got to the accurate measure variable -- 17:01:51
like we've been talking about before, the content 17:01:54
acquisition cost around the order of 55 percent, 17:01:58
I think that that could be done in a common way 17:02:01
using common evidence across the class. It would 17:02:06
be ministerial adjustment to the damages. 17:02:09

Q. You don't dispute at a general level 17:02:13
the subtraction of content acquisition cost from 17:02:21
revenues to get to profit? 17:02:24

MS. O'KEEFE: Objection, calls for a 17:02:26
legal conclusion. 17:02:28

A. I was taking your question to mean 17:02:30
just as an economic matter. If you are going 17:02:33
from revenue to profit, what you would have to 17:02:36
do. You know, if you're going from ill-gotten 17:02:38
revenues to ill-gotten profits, what you would 17:02:41
have to do? 17:02:43

But I do think there is at the heart of this a legal question that won't be my decision as to whether or not that adjustment or amendment must be made. That's not my call to make. What I'm telling you is that whatever the call is, I would be in a position to make that adjustment in a ministerial way. 17:02:44 17:02:46 17:02:48 17:02:52 17:02:55 17:02:58 17:03:02

Q. You answered the prior question by addressing some of the analysis that Dr. Peterson did with respect to cost. And one of the cost you mentioned were content acquisition cost. 17:03:06 17:03:08 17:03:12 17:03:15

If I -- I'm asking whether I understood you correctly to say that that is a cost that you agree is an appropriate, I think, variable cost to subtract; is that a fair understanding of what you said? 17:03:18 17:03:20 17:03:26 17:03:30 17:03:34

A. I think a fair understanding is that if we gotten to a state in the world where we needed to make this adjustment to go from revenues -- you know, ill-gotten revenues to ill-gotten profits, then, yes, content acquisition cost is a variable cost that is appropriately included, you know, in the margin calculus that captures the variable margin, that 17:03:36 17:03:38 17:03:41 17:03:44 17:03:46 17:03:49 17:03:52 17:03:55

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

is what cost could have been avoided in the but for world had YouTube not allowed that infringed content to run in the video. That's right. 17:03:58 17:04:02 17:04:07

Q. Do you agree that additional cost such as credit card processing fees to support advertiser spending would also be included in the those variable cost? 17:04:09 17:04:14 17:04:18 17:04:21

A. I think that's fair. 17:04:22

Q. Do you think that costs that YouTube incurs to host content and deliver content should also be included in those variable costs? 17:04:28 17:04:32 17:04:36

A. That one is harder, because unless I hear more, it sounds a lot like a fixed cost. It sounds like hosting cost and server cost, like once you build the server farm or the server network, you don't really incur incremental cost for hosting the last video on the site. 17:04:40 17:04:42 17:04:46 17:04:48 17:04:49 17:04:52

I can be persuaded otherwise. But as you read it and describe it, it sounds an awful like an fixed cost, in which case it should not be included in the margin assessment. 17:04:56 17:04:58 17:05:01 17:05:05

Q. You cited an Excel spreadsheet in connection with your report that providers monthly YouTube revenue and cost figures. 17:05:11 17:05:14 17:05:18

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Did you use that spreadsheet to calculate YouTube's incremental cost? 17:05:23 17:05:25

A. It was an input to that calculation. But remember there is a table where I show my estimate of margins and, I think, I used the content -- I'm just using YouTube's financials. 17:05:32 17:05:34 17:05:37 17:05:39

Do you know what table I'm referring to? It's towards the beginning of the report in the background section. Oh, here it is. 17:05:44 17:05:45 17:05:48

Q. Yeah? 17:05:48

A. It's Table 2 on Page 21. 17:06:11

Q. Twenty-one. 17:06:14

Is that your calculation of YouTube's gross profit margin by year? 17:06:23 17:06:28

A. That is my estimate of the gross profit margin by year. That's correct. 17:06:32 17:06:36

Q. Are you aware from Dr. Peterson's report that he concluded that YouTube's costs rose on average by [REDACTED] with each dollar of additional revenue? 17:06:40 17:06:42 17:06:45 17:06:49

A. Yes. 17:06:53

Q. Do you disagree with that opinion? 17:06:54

A. It seems like our results are close. But I do respectfully disagree with his 17:06:57 17:07:00

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

methodology. He was doing a regression or correlation that involved fixed costs, as well as variable. And I just -- I wouldn't do it that way. But I feel like what we want to do is we want to isolate the incremental cost, that is the cost that can be avoided in the absence of a challenged conduct. Fixed cost can't be avoided by definition. 17:07:03 17:07:06 17:07:11 17:07:15 17:07:19 17:07:21 17:07:24 17:07:27

So, as I'm looking at this, I would just want to make sure when I look at the other cost of sales -- cost of sales sounds like it is truly a variable cost. I think "infra" was infrastructure. But I want to make sure that in the infrastructure field that we're being careful not to include fixed cost. 17:07:28 17:07:31 17:07:33 17:07:37 17:07:39 17:07:42 17:07:46

But I -- again, I haven't gotten to the point where I'm multiplying a margin against the ill-gotten revenues. If I get there, then I would be very careful to exclude anything that I considered to be a fixed cost. 17:07:49 17:07:51 17:07:54 17:07:58 17:08:00

Q. Okay. You state in your report at times that you may offer opinions that are relevant to statutory damages. 17:08:03 17:08:11 17:08:14

Have you calculated YouTube's 17:08:16

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

revenues related to copyrighted works eligible 17:08:18
for statutory damages? 17:08:23

A. I think that we'd start with the same 17:08:25
activity. I think the same activity -- like, for 17:08:29
example, if I understand it, the domestic class 17:08:33
members, domestic copyright infringement class 17:08:38
members can choose between statutory damages or 17:08:42
actual damages. And so it's all based on the 17:08:46
same allegedly illegal or infringing activity. I 17:08:51
don't think that there's different activities for 17:08:55
each. I also understand that statutory is 17:08:58
informed, at least, in part by the actual 17:09:01
damages. 17:09:06

And the last thing I would say is 17:09:06
that to me if I were the fact finder or juror and 17:09:08
I was interested in picking that number in the 17:09:13
statutory, you know, that it gives a range of 17:09:15
numbers, was it willful, was it not willful when 17:09:18
you fall on the spectrum. 17:09:22

I think I'd want to know what do 17:09:23
Singer's damages look like when expressed on a 17:09:26
per work basis. And so I think that I would -- 17:09:29
it would be -- it would be very easy for me to 17:09:32
provide that information for the fact finder and 17:09:35

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

**Errata Sheet**

| Page: Line | Change | Reason |
|---|---|---|
| 6:25 | Replace <my> with <me> | Transcription error |
| 8:7 | Replace <WeWorks> with <WeWork> | Transcription error |
| 10:13 | Replace <export> with <expert> | Transcription error |
| 10:18 | Replace <Exhibit 2 the Expert Report of Hal J. Singer, Ph.D., for Plaintiffs' errata dated January 10, 2023> with <Exhibit 2, the errata dated January 10. 2023 to the Expert Report of Hal J. Singer, Ph.D.> | To clarify the record |
| 14:11 | Replace <this> with <that's—that's> | Transcription error |
| 16:3 | Replace <exist> with <exists> | Transcription error |
| 16:4 | Relace <And I report> with <And my report> | Transcription error |
| 16:9 | Replace <page> with <pages> | Transcription error |
| 16:11 | Replace <some human number> with <some smaller number> | Transcription error |
| 18:25 | Replace <log rhythm> with <logarithm> | Transcription error |
| 19:9 | Replace <that> with <to> | Transcription error |
| 19:14 | Replace <log of YouTube> with <Log YouTube> | To clarify the record |
| 19:14-15 | Replace <log of Facebook> with <Log Facebook> | To clarify the record |
| 20:5 | Replace <was> with <were> | Transcription error |
| 21:4 | Replace <a control> with <"a control"> | To clarify the record |
| 22:10 | Replace <interests> with <interest> | Transcription error |
| 23:6 | Replace <picking> with <pick> | Transcription error |
| 23:25 | Replace <that you> with <that to you> | Transcription error |
| 25:10 | Replace <proceed> with <precede> | Transcription error |
| 27:4 | Replace <in> with <on> | Transcription error |
| 29:12 | Replace <members> with <members'> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| 30:3 | Replace <process before> with <process - before> | Transcription error |
|---|---|---|
| 36:17 | Replace <sort of> with <on> | Transcription error |
| 39:9-10 | Replace <depositions sort of economic articles> with <depositions, economic articles> | Transcription error |
| 43:12 | Replace <Woo> with <Wu> | Transcription error |
| 43:25 | Delete <that> | Transcription error |
| 44:10 | Replace <Ko> with <Koh> | Transcription error |
| 46:4 | Replace <full-line> with <full-time> | Transcription error |
| 48:23 | Delete <sort of> | Transcription error |
| 49:11 | Replace <we> with <you> | Transcription error |
| 51:6 | Replace <patents> with <patent> | Transcription error |
| 53:6 | Replace <a play store> with <the Play Store> | To clarify the record |
| 53:10 | Replace <within> with <Within> | To clarify the record |
| 54:10 | Replace <the ones> with <those> | Transcription error |
| 55:18 | Replace <which if> with <which, if> | Transcription error |
| 55:19-20 | Replace <impacts to class members> with <impacts to Class Members> | To clarify the record |
| 55:21 | Replace <Plaintiffs’ count> with <Plaintiffs’ counsel> | Transcription error |
| 56:10 | Replace <against> with <accord> | Transcription error |
| 56:19 | Replace <challenged conduct> with <Challenged Conduct> | To clarify the record |
| 56:20 | Replace “categories. One, advertising> with <categories. 1 advertising> | To clarify the record |
| 56:24 | Replace <in the> with <from the> | Transcription error |
| 57:2 | Replace <infringing content contributing> with <Infringing Content contributed> | Transcription error |
| 59:21 | Replace <Would> with <When> | Transcription error |
| 60:6 | Replace “summing up the ads> with <summing up the revenue from the ads> | To clarify the record |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 61:2 | Replace <affects> with <effects> | Transcription error |
| 61:2-3 | Replace <infringing content> with <Infringing Content> | To clarify the record |
| 63:12 | Delete <the> | Transcription error |
| 63:18 | Replace <challenge> with <challenged> | Transcription error |
| 63:22 | Replace <disappear> with <disappears> | Transcription error |
| 63:25 | Replace <expert> with <experts> | Transcription error |
| 64:13-14 | Replace <you people it call it counterfactual> with <you people call it counterfactual> | Transcription error |
| 65:24 | Replace <correct> with <keep> | To clarify the record |
| 67:7 | Replace <It's simple> with <It's a simple> | Transcription error |
| 67:17 | Replace <it's> with <it'd> | Transcription error |
| 69:7 | Replace <infringing> with <infringement> | Transcription error |
| 73:4 | Replace <providers were> with <providers that were> | Transcription error |
| 74:6-7 | Replace <instance case but> with <instant case by> | Transcription error |
| 76:2 | Replace <common> with <consumer> | Transcription error |
| 76:22 | Replace <just no> with <just a no> | Transcription error |
| 76:23 | Replace <come> with <comes> | Transcription error |
| 78:20 | Replace <multisided> with <multi-sided> | Transcription error |
| 79:7 | Replace <exist> with <exists> | Transcription error |
| 79:8 | Replace <non-existent> with <nonexistent> | Transcription error |
| 79:12 | Replace <direction. Advertisers> with <direction: advertisers> | To clarify the record |
| 80:6 | Replace <the favor> with <disfavor> | Transcription error |
| 82:9 | Replace <content ID> with <Content ID> | To clarify the record |
| 82:12 | Replace <there are so> with <there is so> | Transcription error |
| 83:5 | Replace <is> with <are> | Transcription error |
| 83:23-24 | Replace <across on all> with <across all> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 85:5 | Replace <Multisided> with <Multi-sided> | Transcription error |
| 85:13 | Replace <then it attracts> with <then attracts> | Transcription error |
| 87:3 | Replace <effects> with <affects> | Transcription error |
| 92:12 | Replace <are subset> with <is a subset> | Transcription error |
| 95:17 | Replace <product> with <products> | Transcription error> |
| 97:4 | Replace <involved> with <involves> | Transcription error |
| 97:7 | Replace <used> with <use> | Transcription error |
| 97:10 | Replace <methodology that I> with <methodology I> | Transcription error |
| 101:9 | Replace <revenue's> with <revenues> | Transcription error |
| 115:25 | Replace <pedaling> with <peddling> | Transcription error |
| 124:22 | Replace <grammars> with <factors> | Transcription error |
| 125:12 | Replace <corrected> with <expected> | Transcription error |
| 134:15 | Replace <Alan> with <Allen> | Transcription error |
| 134:20 | Replace <construction> with <obstruction> | Transcription error |
| 134:21 | Replace <miss-mash> with <mishmash> | Transcription error |
| 135:5 | Replace <better videos> with <better than videos> | Transcription error |
| 135:9 | Replace <expert> with <experts> | Transcription error |
| 137:23 | Replace <four font> with <four-point font> | To clarify the record |
| 139:15 | Replace <fewer videos loss> with <fewer videos with lots> | To clarify the record |
| 145:3 | Replace <people dominant> with <people are dominant> | To clarify the record |
| 145:6 | Replace <books that dominant> with <books that are dominant> | To clarify the record |
| 145:7 | Replace <dominant and> with <are dominant and> | To clarify the record |
| 145:7 | Replace <songs that dominant> with <songs that are dominant> | To clarify the record |
| 145:13 | Replace <Are> with <And> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 145:15 | Replace <just sat that> with <just sat there> | Transcription error |
| 146:11 | Replace <review> with <view> | Transcription error |
| 146:13 | Replace <knot> with <not> | Transcription error |
| 147:9 | Replace <I mea> with <I mean> | Transcription error |
| 147:22 | Replace <decision> with <decision as a> | Transcription error |
| 149:18 | Replace <infringing> with <infringement> | Transcription error |
| 153:8 | Replace <adverse step> with <overstep> | Transcription error |
| 155:20 | Replace <less decimal> with <last decimal> | Transcription error |
| 161:8 | Replace <restating> with <reinstating> | Transcription error |
| 167:10 | Replace <interested> with <interested in> | Transcription error |
| 169:23 | Replace <[REDACTED]> with <[REDACTED]> | Transcription error |
| 175:10 | Replace <to> with <for> | Transcription error |
| 180:17 | Replace <infringing> with <infringement> | Transcription error |
| 183:17 | Replace <host> with <a host> | Transcription error |
| 185:24 | Replace <in the firm> with <infirm> | Transcription error |
| 187:3 | Replace <record statement> with <record statements> | Transcription error |
| 188:10 | Delete <of> | Transcription error |
| 189:3 | Replace <advertiser's> with <advertiser> | Transcription error |
| 192:7 | Replace <how much is> with <how much does> | Transcription error |
| 192:10 | Replace <to even to account> with <to even account> | Transcription error |
| 195:4 | Replace <potentially> with <potential> | Transcription error |
| 200:14 | Replace <You are> with <Your> | Transcription error |
| 202:20 | Insert <be> between <to> and <necessarily> | Transcription error |
| 205:20 | Replace <necessarily inferior> with <necessarily be inferior> | Transcription error |
| 207:10 | Delete <and> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 208:10 | Delete <music> | Transcription error |
| 208:16 | Replace <a damages> with <damages> | Transcription error |
| 208:21 | Replace <I am not.> with <I have not.” | Transcription error |
| 210:2 | Replace <transform> with <transformation> | Transcription error |
| 214:24 | Replace <challenge> with <challenged> | Transcription error |
| 214:25 | Replace <challenge> with <challenged> | Transcription error |
| 215:11 | Replace <parameters unbiased> with <parameters, unbiased> | Transcription error |
| 218:22 | Replace <di minimus> with <de minimis> | Transcription error |
| 233:13 | Replace <some question> with <your question> | Transcription error |
| 234:10-11 | Replace <that YouTube monetizations> with <that YouTube monetizes> | To clarify the record |
| 234:16 | Replace <down> with <time> | Transcription error |
| 238:15 | Replace <I don’t anything> with <I don’t have anything> | Transcription error |
| 247:19 | Replace <copyright the works> with <copyrighted works> | Transcription error |
| 251:10 | Replace <such key metric> with <such a key metric> | Transcription error |
| 259:5 | Replace <affect> with <affects> | Transcription error |
| 263:10 | Replace <variation advertising> with <variation in advertising> | Transcription error |
| 267:21 | Replace <pages vary visited> with <pages visited> | To clarify the record |
| 268:16 | Replace <model is bias> with <model is biased> | Transcription error |
| 269:5 | Replace <are bias> with <are biased> | Transcription error |
| 269:7 | Replace <if is> with <if it’s a> | Transcription error |
| 269:20 | Replace <are bias> with <are biased> | Transcription error |
| 271:10 | Replace <is reposted now> with <reposted is now> | Transcription error |
| 271:20 | Replace <di minimus> with <de minimis> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 272:7 | Replace <di minimus> with <de minimis> | Transcription error |
| 273:17 | Replace <serves> with <served> | Transcription error |
| 277:10 | Replace <Comsport> with <ComScore> | Transcription error |
| 277:13 | Replace <he> with <it> | Transcription error |
| 280:12 | Insert <be> between <all> and <billed> | Transcription error |
| 287:15 | Replace <suffer> with <suffers> | Transcription error |
| 288:14 | Replace <bias> with <biased> | Transcription error |
| 290:2 | Replace <than> with <then> | Transcription error |

___X___ Subject to the above changes, I certify that the transcript is true and correct.

________ No changes have been made. I certify that the transcript is true and correct.

________________
(Signature)

February 23, 2023
(date)