# EXHIBIT 50

to the Declaration of Qifan Huang

PUBLIC VERSION - REDACTED

George A. Zelcs*
 gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
 rewing@koreintillery.com
Ryan Z. Cortazar *
 rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
 stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
 sberezney@koreintillery.com
Carol O'Keefe*
 cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

Joshua Irwin Schiller, CA Bar #330653
 jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

 Philip C. Korologos*
 pkorologos@bsfllp.com
Joanna Wright*
 jwright@bsfllp.com
Jeffrey Waldron*
 jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN PETERSON**<br><br>Judge: Hon. James Donato<br><br>Date:  April 13, 2023<br>Time:   10:00 a.m. |

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

ARGUMENT ......................................................................................................2

I.    DR. PETERSON'S OPINIONS REGARDING COSTS ARE NOT PROPER REBUTTAL

      OPINIONS AND SHOULD BE EXCLUDED..................................................2

II.   PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE

      REGARDING THE ISSUES IN SECTION V.B.4(c) OF DR. PETERSON'S REBUTTAL

      REPORT..........................................................................................4

CONCLUSION ....................................................................................5

1

# TABLE OF AUTHORITIES

2

**CASES**

3

*Century Indem. Co. v. Marine Group, LLC,*
   2015 WL 5521986 (D. Ore. Sept. 16, 2015) ................................................................4

4

*Clear-View Techs. v. Rasnick,*
   2015 WL 3509384 (N.D. Cal. June 3, 2015) ................................................................1

5

*Int'l Bus. Machs. v. Fasco Indus.,*
   1995 WL 115421 (N.D. Cal. Mar. 15, 1995) ................................................................2

6

*Mattel  v. MGA Entm't,*
   2011 WL 13128409 (C.D. Cal. Jan. 26, 2011)..............................................................2

7

8

*Parenti v. Cty. of Monterey,*
   2017 WL 1709349 (N.D. Cal. May 3, 2017) ................................................................1

9

*Straus v. DVC Worldwide,*
   484 F.Supp.2d 620 (S.D. Tex. Mar. 23, 2007)...........................................................2, 3

10

*Vu v. McNeil-PPC, Inc.,*
   2010 WL 2179882 (C.D. Cal. May 7, 2010)................................................................1

11

**STATUTES**

12

17 U.S.C. § 504 ................................................................................................................1, 2

13

**RULES**

Fed. R. Civ. P. 37 .........................................................................................................1, 4, 5

14

Fed. R. Civ. P. 26 ............................................................................................................1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF
THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN
PETERSON

1

**INTRODUCTION**

2       Defendants acknowledge that under the unambiguous language of the Copyright Act, they

3 bear the burden of proving costs and expenses that they seek to deduct from Plaintiffs'

4 disgorgement claims.  Yet Defendants did not proffer any evidence of Defendants' incremental

5 costs until section V.B.4(c) of Dr. Steven Peterson's rebuttal report, which presented a regression

6 to estimate incremental costs.   As discussed in Section I of Plaintiffs' opening brief, a party must

7 present expert testimony in an affirmative expert report on matters for which it bears the burden of

8 proof.  *See Clear-View Techs. v. Rasnick*, 2015 WL 3509384, at *4 (N.D. Cal. June 3, 2015).

9 Rebuttal experts cannot offer new opinions.  *See Parenti v. Cty. of Monterey*, 2017 WL 1709349,

10 at *5 (N.D. Cal. May 3, 2017).

11       Defendants nonetheless contend that the burden-shifting framework for copyright

12 infringement damages excuses their failure to comply with these well-settled requirements. But

13 Defendants have long been aware of Plaintiffs' intention to seek disgorgement as a remedy:

14 Plaintiffs demanded disgorgement in their Amended Complaint [ECF No. 99 (Am. Compl.) ¶ 156]

15 and sought information regarding Defendants' revenues and costs in discovery, which Defendants

16 refused to produce.  Neither the Copyright Act nor Rule 26 of the Federal Rules of Civil

17 Procedure permit this sort of gamesmanship under these circumstances.  For these reasons, Dr.

18 Peterson's calculation and regression analysis in Section V.B.4(c) concerning costs associated

19 with YouTube's profits should be excluded.  *See Vu v. McNeil-PPC,* 2010 WL 2179882, at *3

20 (C.D. Cal. May 7, 2010) ("as a result of . . . belated disclosure, Plaintiffs are prevented from

21 rebutting any . . . expert opinions dealing with matters outside the scope of [Plaintiff's initial

22 expert] report because the deadline for disclosing rebuttal experts has passed.  This is a hornbook

23 example of sandbagging, a litigation tactic this Court will not tolerate.").  Additionally, pursuant

24 to Federal Rule of Civil Procedure 37, Defendants should not be allowed to present Dr. Peterson's

25 untimely opinions on incremental costs through a fact witness.

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF
THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN
PETERSON

1

2

**ARGUMENT**

I.  **DR. PETERSON'S OPINIONS REGARDING COSTS ARE NOT PROPER
    REBUTTAL OPINIONS AND SHOULD BE EXCLUDED.**

3       As discussed in Plaintiffs' opening brief (Mot. at 2), a party must present expert testimony

4   in an affirmative expert report on those matters for which it bears the burden of proof.  One

5   consequence of that rule is that "rebuttal experts . . . must restrict their testimony to attacking the

6   theories offered by the adversary's experts."  *Int'l Bus. Machs. v. Fasco Indus.,* 1995 WL 115421,

7   at *3 (N.D. Cal. Mar. 15, 1995).  Thus, when Defendants made the strategic decision not to proffer

8   an affirmative expert report to prove costs and expenses deductible under Section 504(b) of the

9   Copyright Act, they self-limited the scope of their experts' testimony.  As a result, Defendants'

10  experts can only submit reports and testify in rebuttal to Plaintiffs' affirmative reports.  Since

11  Plaintiffs' expert Dr. Hal Singer did not opine on YouTube's deductible expenses or elements of

12  profit, Dr. Peterson's rebuttal report is limited to YouTube's revenue—the topic of Dr. Singer's

13  report.

14      Defendants do not dispute that they have the burden of proof regarding YouTube's costs

15  under the Copyright Act.  (Opp. at 2.)  Nor do they dispute that a party must present expert

16  testimony in an affirmative expert report on those matters for which it bears the burden of proof.

17  Instead, they argue that the burden shifting framework in Section 504(b) of the Copyright Act

18  relieved them of their obligation to disclose Dr. Peterson's opinion regarding incremental costs in

19  an affirmative expert report and permitted them to instead disclose that opinion for the first time in

20  a rebuttal report to which Plaintiffs would be unable to respond.  (Opp. at 3.)  But nothing supports

21  Defendants' position under the facts of this case.

22      Defendants point to two district court cases as support for their position: *Mattel  v. MGA

23  Entm't,* 2011 WL 13128409 (C.D. Cal. Jan. 26, 2011) and *Straus v. DVC Worldwide,* 484 F. Supp.

24  2d 620 (S.D. Tex. Mar. 23, 2007).  Neither case was decided by this court and neither case

25  mandates the result urged by Defendants.  Unlike here, the rebuttal experts' apportionment

26  analysis in these cases depended on the plaintiffs' expert analysis of revenues attributable to the

27  infringing acts.  *See Mattel*, 2011 WL 13128409, at *10 (defendant's apportionment theory set

28

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF
THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN
PETERSON

forth in rebuttal reports responded to plaintiff's analysis of revenue generated in connection with alleged infringement of Mattel's creative works); *Straus*, 484 F. Supp. 2d at 631–32 (defendants' ability to show revenues attributable to factors other than infringement depended on plaintiff's theory of indirect damages caused by defendants' allegedly infringing uses of plaintiff's photograph in their marketing campaigns).

In contrast, Dr. Peterson's opinion relies on cost and revenue data provided by Defendants to conclude that YouTube's costs *in general* rise, "on average, by ▮▮▮▮ with each dollar of additional revenue." (Ex. 1—Peterson Rpt. ¶ 107.)[1]  Because this opinion merely purports to identify the rate of increase in costs generally as revenue from all sources rises, Section V.B.4(c) of Dr. Peterson's report is entirely independent of Dr. Singer's opinions.  Dr. Peterson's analysis is indifferent to whether Plaintiffs claim $1 or $1 billion in damages and does not depend at all on Plaintiffs' theories of direct and indirect profits.

Moreover, because YouTube earns advertising revenues both directly and indirectly from the display of infringing videos, the causal link between YouTube's unlawful conduct and its revenues is evident.  [*See, e.g.*, Am. Comp. ¶ 6 ("A vast library of pirated content draws users to the site, and the growth in users incentivizes the posting of more content on YouTube, which in turn enables Defendants to reap more advertising revenue."); ¶ 95 ("YouTube financially benefits by receiving 45% of all advertising 'net income' generated by infringing works . . ..").]  Thus, Defendants have long been on notice that they would be required to put forward affirmative evidence of deductible costs.  Nothing prevented Defendants from timely presenting Dr. Peterson's opinion on YouTube's costs as an affirmative expert report.

However, Plaintiffs did not learn until the receipt of Dr. Peterson's report on December 29, 2022, that Defendants would seek to reduce damages by ▮▮▮▮.  Defendants contend that Plaintiffs would not be prejudiced by the admission of testimony regarding Section V.B.4(c) of Dr. Peterson's report because Dr. Singer was able to review Dr. Peterson's report prior to their

---

[1] References to "Ex." herein are to the Exhibits attached to the First Declaration of Jeffrey Waldron (Ex. 1) dated March 3, 2023, and to the March 24, 2023 Reply Declaration of Jeffrey Waldron (Ex. 2).

depositions on January 13 and 20, 2023.  (Opp. at 5–6.)  But Defendants' argument ignores the

fact that Dr. Singer was prevented from submitting a rebuttal report that would have discussed the

flaws in Dr. Peterson's approach and conclusions, as he would have been able to do if Dr.

Peterson had included his theories in an opening expert report.  *See Century Indem. Co. v. Marine*

*Group, LLC*, 2015 WL 5521986, at *6 (D. Ore. Sept. 16, 2015) (holding that where an expert "had

the opportunity both to conceal or minimize weaknesses in his opinions," prejudice to the other

party "cannot be adequately balanced by now offering to allow [the expert]'s deposition and [the

opposing party's experts] to submit supplemental reports").

Defendants also falsely claim that that Dr. Singer agrees with Dr. Peterson's regression

analysis.  (Opp. at 6.)  When Defendants asked Dr. Singer about Dr. Peterson's analysis in Table 2

of his report, which estimated YouTube's gross profit margin based on high-level data from

Defendants purporting to show Defendants' content acquisition costs, operating expenses, and cost

of sales (Ex. 1—Peterson Rpt. ¶ 21), Dr. Singer made it clear that he had not "gotten to the point

where I'm multiplying a margin against the ill-gotten revenues" (Ex. 2—Singer Dep. 243:17–21).

He also stated that he "disagree[d] with Dr. Petersons' methodology" because Dr. Peterson failed

to adequately exclude fixed costs from his analysis, as those costs do not rise in proportion to

increase from revenue due to Defendants' copyright infringement.  (*Id.* 242:23–243:16).[2]

## II.  PLAINTIFFS SHOULD BE PRECLUDED FROM INTRODUCING ANY EVIDENCE REGARDING THE ISSUES IN SECTION V.B.4(c) OF DR. PETERSON'S REBUTTAL REPORT.

Plaintiffs have also moved under Rule 37, which allows the Court to preclude a party from

introducing designated matters into evidence if the party fails to comply with an order to provide

or permit discovery.  Fed. R. Civ. P. 37(b)(2)(A)(ii) and 37(c).  This sanction is warranted here,

where Defendants violated the Court's Scheduling Order by submitting Dr. Peterson's affirmative

opinions on costs after the deadline for affirmative expert disclosures.

[2] Defendants' assertion that Plaintiffs "do not actually dispute the reliability or admissibility of Dr. Peterson's opinions regarding YouTube's costs" (Opp. at 1) is incorrect.  Although Plaintiffs did not move on these grounds, Dr. Peterson's failure to exclude fixed costs from his analysis renders his regression analysis unreliable.

1    The Court should reject Defendants' claim that they should be permitted to introduce

2    otherwise inadmissible evidence through a fact witness (Arpan Agrawal).  Although, as

3    Defendants note, Plaintiffs had the opportunity to depose Mr. Agrawal and question him

4    concerning a single-page spreadsheet with high-level data on YouTube's content acquisition costs

5    and operating revenues (Opp. at 7), that fact witness deposition occurred almost 6 months before

6    Dr. Peterson presented his untimely regression analysis.  Consequently, Plaintiffs were prejudiced

7    by Defendants' late disclosure, which deprived Plaintiffs of the opportunity to present a rebuttal

8    report identifying the flaws in Dr. Peterson's analysis.[3]

9                                          **CONCLUSION**

10   For the foregoing reasons, as well as the reasons set forth in their Motion, Plaintiffs

11   respectfully request that the Court enter an order striking Section V.B.4(c) of Dr. Peterson's report

12   and preventing Dr. Peterson from testifying at trial concerning the amount of YouTube's

13   deductible expenses associated with the revenues generated by infringing videos on the YouTube

14   platform.  Plaintiffs further request that the Court enter an Order prohibiting Defendants from

15   introducing at trial any other evidence concerning the costs and expenses associated with

16   YouTube's revenues pursuant to Federal Rule of Civil Procedure Rule 37.

---

[3] Defendants should also be precluded from presenting self-serving testimony on their alleged deductible costs and expenses under this Court's Standing Order Rule 6 because they selectively produced only high-level data while refusing to produce the more detailed data relating to their revenues, costs, and expenses requested by Plaintiffs that would have allowed Plaintiffs to effectively evaluate Defendants' claims.

1

Dated: March 24, 2023                    Respectfully submitted,

2

3                                         /s/ *Philip C. Korologos*
                                          _____
4                                         Philip C. Korologos*
                                          Joanna Wright*
5                                         Jeffrey Waldron*
                                          BOIES SCHILLER FLEXNER LLP
6                                         55 Hudson Yards, 20th Floor
                                          New York, NY 10001
7                                         Telephone: (212) 446-2300
                                          Facsimile: (212) 446-2350
8
                                          Joshua Irwin Schiller, CA Bar #330653
9                                         BOIES SCHILLER FLEXNER LLP
                                          44 Montgomery St., 41st Floor
10                                        San Francisco, CA 94104
                                          Telephone: (415) 293-6800
11                                        Facsimile:: (415) 293-6899

12                                        George A. Zelcs*
                                          Randall P. Ewing, Jr.*
13                                        Ryan Z. Cortazar*
                                          KOREIN TILLERY, LLC
14                                        205 North Michigan, Suite 1950
                                          Chicago, IL 60601
15                                        Telephone: (312) 641-9750
                                          Facsimile: (312) 641-9751
16
                                          Stephen M. Tillery*
17                                        Steven M. Berezney, CA Bar #329923
                                          Carol O'Keefe*
18                                        KOREIN TILLERY, LLC
                                          505 North 7th Street, Suite 3600
19                                        St. Louis, MO 63101
                                          Telephone: (314) 241-4844
20                                        Facsimile: (314) 241-3525

21
                                          *Admitted *pro hac vice*
22
                                          *Attorneys for Plaintiffs*
23

24

25

26

27

28

PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE PORTIONS OF
THE EXPERT REPORT AND TESTIMONY OF DEFENDANTS' EXPERT DR. STEVEN
PETERSON