# EXHIBIT 51

to the Declaration of Qifan Huang

PUBLIC VERSION - REDACTED

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD individually and on behalf of all others similarly situated; et al.,
Plaintiffs,

v.

YOUTUBE, LLC and GOOGLE LLC,
Defendants.

-------------------------

CASE NO. 3:20-cv-04423-JD

**VIDEOTAPE DEPOSITION OF:**

HAL J. SINGER, Ph.D.

NEW YORK, NEW YORK

FRIDAY, JANUARY 13, 2023

REPORTED BY:
SILVIA P. WAGE, CCR, CRR, RPR
JOB NO. 5647971

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

January 13, 2023

9:11 a.m.

Videotape deposition of HAL J. SINGER, Ph.D., held at the offices of WILSON SONSINI GOODRICH & ROSATI, 1301 Avenue of the Americas, 40th Floor, New York, New York, pursuant to agreement before SILVIA P. WAGE, a Certified Shorthand Reporter, Certified Realtime Reporter, Registered Professional Reporter, and Notary Public for the States of New Jersey, New York, and Pennsylvania.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**APPEARANCES:**

BOIES SCHILLER FLEXNER LLP
Attorneys for Plaintiffs
55 Hudson Yards, 20th Floor
New York, New York 10001
(212) 446-2359
Jwright@bsfllp.com
Pkorologos@bsfllp.com
**BY:** JOANNA WRIGHT, ESQ.
**BY:** PHILIP C. KOROLOGOS, ESQ. (VIA TELECONFERENCE)

KOREIN TILLERY, LLC
Attorneys for Plaintiffs
505 North 7th Street, Suite 3600
St. Louis, Missouri 63101
(314) 241-4844
Cokeefe@koreintillery.com
Gzelcs@koreintillery.com
Aellis@koreintillery.com
BY: CAROL O'KEEFE, ESQ.
BY: GEORGE ZELCS, ESQ. (VIA TELECONFERENCE)
BY: ANDREW ELLIS, ESQ. (VIA TELECONFERENCE)

WILSON SONSINI GOODRICH & ROSATI
Attorneys for Defendants
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
(212) 999-5800
Acandido@wsgr.com
Qhuang@wsgr.com
BY: AMY CANDIDO, ESQ.
BY: QIFAN HUANG, ESQ.

**ALSO PRESENT:**

STEVEN PETERSON, Ph.D.
PLAINTIFF'S EXPERT
PAUL BAKER
VIDEOGRAPHER

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

INDEX

| WITNESS: HAL J. SINGER, Ph.D. | PAGE |
| --- | --- |
| EXAMINATION BY MS. CANDIDO | 7 |

EXHIBITS

| NO. | DESCRIPTION | PAGE |
| --- | --- | --- |
| Exhibit 1 | Expert Report of Hal J. Singer, Ph.D., for Plaintiffs dated November 17, 2022 | 9 |
| Exhibit 2 | errata for Dr. Singer's export report dated January 10, 2023 | 10 |
| Exhibit 3 | document titled, "Life of a YouTube Upload," GOOG-SCHNDR-00034775 to GOOG-SCHNDR-00034798 marked Highly Confidential - Attorneys' Eyes Only | 135 |
| Exhibit 4 | partial transcript of Arpan Agrawal dated July 1, 2022 | 184 |
| Exhibit 5 | Expert Rebuttal Report of Steven R. Peterson, Ph.D., dated December 29, 2022 | 283 |

PREVIOUSLY MARKED EXHIBITS

| NO. | DESCRIPTION | PAGE |
| --- | --- | --- |
| | NONE | |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

\- - -

DEPOSITION SUPPORT INDEX

\- - -

Direction to Witness Not to Answer
Page Line

Request for Production of Documents
Page Line
None

Stipulations
Page Line
None

Question Marked
Page Line
None

Reservation
Page Line
None

Motion to Strike
Page Line
None

Page 6

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**THE VIDEOGRAPHER:** Good morning. We are going on the record at 9:11 a.m. Eastern Standard Time on Friday, January 13, 2023.

Please note that the microphones are sensitive and may pick up whispering and private conversation.

This is Media Unit 1 of the video recorded of Dr. Hal J. Singer in the matter of Maria Schneider, et al, versus YouTube LLC, et al, filed in the United States District Court in the Northern District of California.

This deposition is being held at Wilson Sonsini located at 1301 Avenue of the Americas, New York, New York.

My name is Paul Baker and I am the Videographer. The Court Reporter is Silvia Wage and we are both from Veritext.

May I please have an introduction from Counsel beginning with the noticing attorney.

**MS. CANDIDO:** Amy Candido from Wilson Sonsini Goodrich & Rosati for the Defendants YouTube and Google.

And with my is Qifan Huang also from

Page 7

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Wilson Sonsini and Dr. Steven Peterson.

**MS. O'KEEFE:** Carol O'Keefe of Korein Tillery for the Plaintiffs.

**MS. WRIGHT:** Joanna Wright from Boies Schiller & Flexner, also, for the Plaintiffs.

**THE VIDEOGRAPHER:** Will the Court Reporter please swear in the witness.

**THE STENOGRAPHER:** Sir, if you can please raise your right hand so I can administer the oath.

HAL J. SINGER, Ph.D.,

(Previously Listed Address) Econ One Research, 805 15th Street, N.W., Suite 510, Washington, D.C. 20005, after having been duly sworn, was examined and testified as follows:

**THE STENOGRAPHER:** Thank you.

You may proceed.

**EXAMINATION BY MS. CANDIDO:**

**Q. Good morning, Dr. Singer. As I said, my name is Amy Candido. It's a pleasure to meet you.**

**Would you please state your full name and address for the record.**

Page 8

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

A. Sure. Full name is Hal Jason Singer. And the address -- I imagine you're asking for my business address.

**Q. Sure.**

A. We just moved to Rosslyn, Virginia. It's in WeWorks. I'm not sure of the exact street address. But you can find me there --

**Q. Okay.**

A. -- on the 25th floor.

**Q. Good enough.**

**Dr. Singer, I understand that you've been deposed many times before; is that correct?**

A. Correct.

**Q. So you understand the process of giving deposition testimony. But just to cover the bases, I'll remind you that we have a Court Reporter and Videographer here today. But in order that the Court Reporter can get clear testimony, I'll ask that you allow me to finish my questions before you give your answers.**

**Will you agree to do that please?**

A. Yes.

**Q. Okay. And will you also agree to ask me for clarification if you do not understand any**

Page 9

**HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY**

**of my questions, because if you do not ask me for clarification, we'll understand -- we will assume that you understood my questions; is that okay with you?**

A. Sure.

**Q. And if you need at a break at anytime, please ask me for a break and we can have a break. But, otherwise, if I have a question that's pending, would you please answer my question before we have a break? Will you agree to that?**

A. Yes.

**Q. Is there any reason that would prevent you from giving your full and complete testimony today?**

A. No. Although if gadgets continue beeping at me while I'm answering, I might have a hard time concentrating.

**Q. Hopefully, we can get those under control.**

**I'm going to mark your deposition -- I'm sorry, your expert report and your errata.**

**(Deposition Exhibit Singer 1, Expert Report of Hal J. Singer, Ph.D., for Plaintiffs**

3 (Pages 6 to 9)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

platform, it can be viewed anywhere, anywhere in the world, at least, these distinctions of geography. I don't know how it's going to allay the concerns of the copyright holder. And you can post in India, but someone can watch it from the United States.

**Q. You haven't taken any of those geographic considerations into consideration?**

**MS. O'KEEFE: Objection, form.**

**THE WITNESS:** I would have said asked and answered.

A. But I don't have anything more. I'm sorry. Carol is getting mad.

I don't anything to add about the geography stuff beyond what I've said.

**Q. In order to calculate YouTube's profits attributable to the alleged infringing conduct, you would need to subtract the cost that YouTube incurred to gain the incremental revenue from the allegedly infringing conduct, right?**

A. If you have to go from revenue to profits then say by law or by court, I think that one would make an adjustment. But it would be common and class-wide based on what you thought

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

the variable costs were.

So Dr. Peterson does an analysis in which he includes variable and fixed cost for his correlations. And so the refinement I would make that is that I wouldn't want to allow fix cost to enter into the calculus because that would inflate the true measure of the variable. But once you got to the accurate measure variable -- like we've been talking about before, the content acquisition cost around the order of 55 percent, I think that that could be done in a common way using common evidence across the class. It would be ministerial adjustment to the damages.

**Q. You don't dispute at a general level the subtraction of content acquisition cost from revenues to get to profit?**

**MS. O'KEEFE: Objection, calls for a legal conclusion.**

A. I was taking your question to mean just as an economic matter. If you are going from revenue to profit, what you would have to do. You know, if you're going from ill-gotten revenues to ill-gotten profits, what you would have to do?

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

But I do think there is at the heart of this a legal question that won't be my decision as to whether or not that adjustment or amendment must be made. That's not my call to make. What I'm telling you is that whatever the call is, I would be in a position to make that adjustment in a ministerial way.

**Q. You answered the prior question by addressing some of the analysis that Dr. Peterson did with respect to cost. And one of the cost you mentioned were content acquisition cost.**

**If I -- I'm asking whether I understood you correctly to say that that is a cost that you agree is an appropriate, I think, variable cost to subtract; is that a fair understanding of what you said?**

A. I think a fair understanding is that if we gotten to a state in the world where we needed to make this adjustment to go from revenues -- you know, ill-gotten revenues to ill-gotten profits, then, yes, content acquisition cost is a variable cost that is appropriately included, you know, in the margin calculus that captures the variable margin, that

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

is what cost could have been avoided in the but for world had YouTube not allowed that infringed content to run in the video. That's right.

**Q. Do you agree that additional cost such as credit card processing fees to support advertiser spending would also be included in the those variable cost?**

A. I think that's fair.

**Q. Do you think that costs that YouTube incurs to host content and deliver content should also be included in those variable costs?**

A. That one is harder, because unless I hear more, it sounds a lot like a fixed cost. It sounds like hosting cost and server cost, like once you build the server farm or the server network, you don't really incur incremental cost for hosting the last video on the site.

I can be persuaded otherwise. But as you read it and describe it, it sounds an awful like an fixed cost, in which case it should not be included in the margin assessment.

**Q. You cited an Excel spreadsheet in connection with your report that providers monthly YouTube revenue and cost figures.**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**Did you use that spreadsheet to calculate YouTube's incremental cost?**

A. It was an input to that calculation. But remember there is a table where I show my estimate of margins and, I think, I used the content -- I'm just using YouTube's financials.

Do you know what table I'm referring to? It's towards the beginning of the report in the background section. Oh, here it is.

**Q. Yeah?**

A. It's Table 2 on Page 21.

**Q. Twenty-one.**

**Is that your calculation of YouTube's gross profit margin by year?**

A. That is my estimate of the gross profit margin by year. That's correct.

**Q. Are you aware from Dr. Peterson's report that he concluded that YouTube's costs rose on average by [redacted] with each dollar of additional revenue?**

A. Yes.

**Q. Do you disagree with that opinion?**

A. It seems like our results are close. But I do respectfully disagree with his

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

methodology. He was doing a regression or correlation that involved fixed costs, as well as variable. And I just -- I wouldn't do it that way. But I feel like what we want to do is we want to isolate the incremental cost, that is the cost that can be avoided in the absence of a challenged conduct. Fixed cost can't be avoided by definition.

So, as I'm looking at this, I would just want to make sure when I look at the other cost of sales -- cost of sales sounds like it is truly a variable cost. I think "infra" was infrastructure. But I want to make sure that in the infrastructure field that we're being careful not to include fixed cost.

But I -- again, I haven't gotten to the point where I'm multiplying a margin against the ill-gotten revenues. If I get there, then I would be very careful to exclude anything that I considered to be a fixed cost.

**Q. Okay. You state in your report at times that you may offer opinions that are relevant to statutory damages.**

**Have you calculated YouTube's**

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**revenues related to copyrighted works eligible for statutory damages?**

A. I think that we'd start with the same activity. I think the same activity -- like, for example, if I understand it, the domestic class members, domestic copyright infringement class members can choose between statutory damages or actual damages. And so it's all based on the same allegedly illegal or infringing activity. I don't think that there's different activities for each. I also understand that statutory is informed, at least, in part by the actual damages.

And the last thing I would say is that to me if I were the fact finder or juror and I was interested in picking that number in the statutory, you know, that it gives a range of numbers, was it willful, was it not willful when you fall on the spectrum.

I think I'd want to know what do Singer's damages look like when expressed on a per work basis. And so I think that I would -- it would be -- it would be very easy for me to provide that information for the fact finder and

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

then the fact finder could make a decision as to whether they pick the statutory number.

**Q. Do you purport to disclose an amount of revenue associated with YouTube's copyrighted -- sorry, with the group of copyrighted works associated eligible for statutory damages in this report?**

**MS. O'KEEFE: Objection to form.**

A. Not in this report, but it would be trivial. Once we have the pot of money, once we have aggregate damages, we also have a count of number of works that are implicated. And I think it would be trivial to divide one by the other and that would give the average damage per work.

And I think if I were the fact finder, I would, at least, want to know that when picking the statutory number for, you know, damage per work infringed.

**Q. Is it your understanding that all of the class members in, for example, the copyrighted -- sorry, the registered -- oh, goodness, I think the class name is wrong. Give me a second.**

**MS. O'KEEFE: We've all been there.**

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

**Errata Sheet**

| **Page: Line** | **Change** | **Reason** |
|---|---|---|
| 6:25 | Replace <my> with <me> | Transcription error |
| 8:7 | Replace <WeWorks> with <WeWork> | Transcription error |
| 10:13 | Replace <export> with <expert> | Transcription error |
| 10:18 | Replace <Exhibit 2 the Expert Report of Hal J. Singer, Ph.D., for Plaintiffs' errata dated January 10, 2023> with <Exhibit 2, the errata dated January 10. 2023 to the Expert Report of Hal J. Singer, Ph.D.> | To clarify the record |
| 14:11 | Replace <this> with <that's—that's> | Transcription error |
| 16:3 | Replace <exist> with <exists> | Transcription error |
| 16:4 | Relace <And I report> with <And my report> | Transcription error |
| 16:9 | Replace <page> with <pages> | Transcription error |
| 16:11 | Replace <some human number> with <some smaller number> | Transcription error |
| 18:25 | Replace <log rhythm> with <logarithm> | Transcription error |
| 19:9 | Replace <that> with <to> | Transcription error |
| 19:14 | Replace <log of YouTube> with <Log YouTube> | To clarify the record |
| 19:14-15 | Replace <log of Facebook> with <Log Facebook> | To clarify the record |
| 20:5 | Replace <was> with <were> | Transcription error |
| 21:4 | Replace <a control> with <"a control"> | To clarify the record |
| 22:10 | Replace <interests> with <interest> | Transcription error |
| 23:6 | Replace <picking> with <pick> | Transcription error |
| 23:25 | Replace <that you> with <that to you> | Transcription error |
| 25:10 | Replace <proceed> with <precede> | Transcription error |
| 27:4 | Replace <in> with <on> | Transcription error |
| 29:12 | Replace <members> with <members'> | Transcription error |

| 30:3 | Replace <process before> with <process - before> | Transcription error |
|---|---|---|
| 36:17 | Replace <sort of> with <on> | Transcription error |
| 39:9-10 | Replace <depositions sort of economic articles> with <depositions, economic articles> | Transcription error |
| 43:12 | Replace <Woo> with <Wu> | Transcription error |
| 43:25 | Delete <that> | Transcription error |
| 44:10 | Replace <Ko> with <Koh> | Transcription error |
| 46:4 | Replace <full-line> with <full-time> | Transcription error |
| 48:23 | Delete <sort of> | Transcription error |
| 49:11 | Replace <we> with <you> | Transcription error |
| 51:6 | Replace <patents> with <patent> | Transcription error |
| 53:6 | Replace <a play store> with <the Play Store> | To clarify the record |
| 53:10 | Replace <within> with <Within> | To clarify the record |
| 54:10 | Replace <the ones> with <those> | Transcription error |
| 55:18 | Replace <which if> with <which, if> | Transcription error |
| 55:19-20 | Replace <impacts to class members> with <impacts to Class Members> | To clarify the record |
| 55:21 | Replace <Plaintiffs’ count> with <Plaintiffs’ counsel> | Transcription error |
| 56:10 | Replace <against> with <accord> | Transcription error |
| 56:19 | Replace <challenged conduct> with <Challenged Conduct> | To clarify the record |
| 56:20 | Replace “categories. One, advertising> with <categories. 1 advertising> | To clarify the record |
| 56:24 | Replace <in the> with <from the> | Transcription error |
| 57:2 | Replace <infringing content contributing> with <Infringing Content contributed> | Transcription error |
| 59:21 | Replace <Would> with <When> | Transcription error |
| 60:6 | Replace “summing up the ads> with <summing up the revenue from the ads> | To clarify the record |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 61:2 | Replace <affects> with <effects> | Transcription error |
| 61:2-3 | Replace <infringing content> with <Infringing Content> | To clarify the record |
| 63:12 | Delete <the> | Transcription error |
| 63:18 | Replace <challenge> with <challenged> | Transcription error |
| 63:22 | Replace <disappear> with <disappears> | Transcription error |
| 63:25 | Replace <expert> with <experts> | Transcription error |
| 64:13-14 | Replace <you people it call it counterfactual> with <you people call it counterfactual> | Transcription error |
| 65:24 | Replace <correct> with <keep> | To clarify the record |
| 67:7 | Replace <It's simple> with <It's a simple> | Transcription error |
| 67:17 | Replace <it's> with <it'd> | Transcription error |
| 69:7 | Replace <infringing> with <infringement> | Transcription error |
| 73:4 | Replace <providers were> with <providers that were> | Transcription error |
| 74:6-7 | Replace <instance case but> with <instant case by> | Transcription error |
| 76:2 | Replace <common> with <consumer> | Transcription error |
| 76:22 | Replace <just no> with <just a no> | Transcription error |
| 76:23 | Replace <come> with <comes> | Transcription error |
| 78:20 | Replace <multisided> with <multi-sided> | Transcription error |
| 79:7 | Replace <exist> with <exists> | Transcription error |
| 79:8 | Replace <non-existent> with <nonexistent> | Transcription error |
| 79:12 | Replace <direction. Advertisers> with <direction: advertisers> | To clarify the record |
| 80:6 | Replace <the favor> with <disfavor> | Transcription error |
| 82:9 | Replace <content ID> with <Content ID> | To clarify the record |
| 82:12 | Replace <there are so> with <there is so> | Transcription error |
| 83:5 | Replace <is> with <are> | Transcription error |
| 83:23-24 | Replace <across on all> with <across all> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 85:5 | Replace <Multisided> with <Multi-sided> | Transcription error |
| 85:13 | Replace <then it attracts> with <then attracts> | Transcription error |
| 87:3 | Replace <effects> with <affects> | Transcription error |
| 92:12 | Replace <are subset> with <is a subset> | Transcription error |
| 95:17 | Replace <product> with <products> | Transcription error> |
| 97:4 | Replace <involved> with <involves> | Transcription error |
| 97:7 | Replace <used> with <use> | Transcription error |
| 97:10 | Replace <methodology that I> with <methodology I> | Transcription error |
| 101:9 | Replace <revenue's> with <revenues> | Transcription error |
| 115:25 | Replace <pedaling> with <peddling> | Transcription error |
| 124:22 | Replace <grammars> with <factors> | Transcription error |
| 125:12 | Replace <corrected> with <expected> | Transcription error |
| 134:15 | Replace <Alan> with <Allen> | Transcription error |
| 134:20 | Replace <construction> with <obstruction> | Transcription error |
| 134:21 | Replace <miss-mash> with <mishmash> | Transcription error |
| 135:5 | Replace <better videos> with <better than videos> | Transcription error |
| 135:9 | Replace <expert> with <experts> | Transcription error |
| 137:23 | Replace <four font> with <four-point font> | To clarify the record |
| 139:15 | Replace <fewer videos loss> with <fewer videos with lots> | To clarify the record |
| 145:3 | Replace <people dominant> with <people are dominant> | To clarify the record |
| 145:6 | Replace <books that dominant> with <books that are dominant> | To clarify the record |
| 145:7 | Replace <dominant and> with <are dominant and> | To clarify the record |
| 145:7 | Replace <songs that dominant> with <songs that are dominant> | To clarify the record |
| 145:13 | Replace <Are> with <And> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 145:15 | Replace <just sat that> with <just sat there> | Transcription error |
| 146:11 | Replace <review> with <view> | Transcription error |
| 146:13 | Replace <knot> with <not> | Transcription error |
| 147:9 | Replace <I mea> with <I mean> | Transcription error |
| 147:22 | Replace <decision> with <decision as a> | Transcription error |
| 149:18 | Replace <infringing> with <infringement> | Transcription error |
| 153:8 | Replace <adverse step> with <overstep> | Transcription error |
| 155:20 | Replace <less decimal> with <last decimal> | Transcription error |
| 161:8 | Replace <restating> with <reinstating> | Transcription error |
| 167:10 | Replace <interested> with <interested in> | Transcription error |
| 169:23 | Replace <108000> with <4080000> | Transcription error |
| 175:10 | Replace <to> with <for> | Transcription error |
| 180:17 | Replace <infringing> with <infringement> | Transcription error |
| 183:17 | Replace <host> with <a host> | Transcription error |
| 185:24 | Replace <in the firm> with <infirm> | Transcription error |
| 187:3 | Replace <record statement> with <record statements> | Transcription error |
| 188:10 | Delete <of> | Transcription error |
| 189:3 | Replace <advertiser's> with <advertiser> | Transcription error |
| 192:7 | Replace <how much is> with <how much does> | Transcription error |
| 192:10 | Replace <to even to account> with <to even account> | Transcription error |
| 195:4 | Replace <potentially> with <potential> | Transcription error |
| 200:14 | Replace <You are> with <Your> | Transcription error |
| 202:20 | Insert <be> between <to> and <necessarily> | Transcription error |
| 205:20 | Replace <necessarily inferior> with <necessarily be inferior> | Transcription error |
| 207:10 | Delete <and> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 208:10 | Delete <music> | Transcription error |
| 208:16 | Replace <a damages> with <damages> | Transcription error |
| 208:21 | Replace <I am not.> with <I have not.” | Transcription error |
| 210:2 | Replace <transform> with <transformation> | Transcription error |
| 214:24 | Replace <challenge> with <challenged> | Transcription error |
| 214:25 | Replace <challenge> with <challenged> | Transcription error |
| 215:11 | Replace <parameters unbiased> with <parameters, unbiased> | Transcription error |
| 218:22 | Replace <di minimus> with <de minimis> | Transcription error |
| 233:13 | Replace <some question> with <your question> | Transcription error |
| 234:10-11 | Replace <that YouTube monetizations> with <that YouTube monetizes> | To clarify the record |
| 234:16 | Replace <down> with <time> | Transcription error |
| 238:15 | Replace <I don’t anything> with <I don’t have anything> | Transcription error |
| 247:19 | Replace <copyright the works> with <copyrighted works> | Transcription error |
| 251:10 | Replace <such key metric> with <such a key metric> | Transcription error |
| 259:5 | Replace <affect> with <affects> | Transcription error |
| 263:10 | Replace <variation advertising> with <variation in advertising> | Transcription error |
| 267:21 | Replace <pages vary visited> with <pages visited> | To clarify the record |
| 268:16 | Replace <model is bias> with <model is biased> | Transcription error |
| 269:5 | Replace <are bias> with <are biased> | Transcription error |
| 269:7 | Replace <if is> with <if it’s a> | Transcription error |
| 269:20 | Replace <are bias> with <are biased> | Transcription error |
| 271:10 | Replace <is reposted now> with <reposted is now> | Transcription error |
| 271:20 | Replace <di minimus> with <de minimis> | Transcription error |

Witness: Hal Singer, January 13, 2023 Deposition
*Schneider v. YouTube, LLC*, No. 3:20-cv-04423-JD (N.D. Cal.)

| | | |
|---|---|---|
| 272:7 | Replace <di minimus> with <de minimis> | Transcription error |
| 273:17 | Replace <serves> with <served> | Transcription error |
| 277:10 | Replace <Comsport> with <ComScore> | Transcription error |
| 277:13 | Replace <he> with <it> | Transcription error |
| 280:12 | Insert <be> between <all> and <billed> | Transcription error |
| 287:15 | Replace <suffer> with <suffers> | Transcription error |
| 288:14 | Replace <bias> with <biased> | Transcription error |
| 290:2 | Replace <than> with <then> | Transcription error |

___X___ Subject to the above changes, I certify that the transcript is true and correct.

________ No changes have been made. I certify that the transcript is true and correct.

________________
(Signature)

February 23, 2023
(date)