George A. Zelcs*
gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
rewing@koreintillery.com
Ryan Z. Cortazar *
rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
sberezney@koreintillery.com
Carol O'Keefe*
cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
pkorologos@bsfllp.com
Jeffrey Waldron*
jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge:   Hon. James Donato |

Case No. 3:20-cv-04423-JD

PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Last night, Plaintiffs received a letter from Defendants, attached to the accompanying Korologos Declaration as Exhibit A, in which they indicate their desire to withdraw Defendants' affirmative defense under the safe harbor provisions of the DMCA (17 U.S.C. § 512) should the Court not certify any infringement class pursuant to Plaintiffs' pending class certification motion [ECF 245]. Defendants' eleventh-hour disclosure is directly relevant to this Court's consideration of whether to certify an issues class under Rule 23(c)(4) to resolve Defendants' eligibility for the protections of the DMCA and was obviously a position not known to Plaintiffs at the time of briefing or argument of the pending motion. Accordingly, Plaintiffs respectfully request an order granting the parties' additional oral argument to address this point or, in the alternative, leave for Plaintiffs to file a 3-page supplemental brief in further support of class certification.

**ARGUMENT**

Defendants asserted an affirmative defense based on the DMCA from their very first pleading in this matter in September 2020. [ECF 34, at 20.] They thereafter vigorously advanced this defense throughout three years of litigation, even declaring to the Court that the question of their eligibility for the DMCA safe harbor was "a big deal to us" and demanding the opportunity to file a second summary judgment motion to address precisely this issue. (10/13/22 Hrg. Tr. 48:11–16, found at [ECF 254-13].) Defendants on December 19, 2022, formally requested leave to file a summary judgment motion on YouTube's DMCA affirmative defense arguing, "In the interest of promoting efficiency and the policies underlying the DMCA, YouTube thus asks that the Court allow it to proceed to enforce those essential protections via a motion for summary judgment." [ECF 218 at 3.]

On December 21, 2022, the Court directed Plaintiffs to submit a 10-page proffer of evidence on DMCA defenses [ECF 219], which Plaintiffs submitted on January 9, 2023, proffering evidence showing, among other deficiencies in their defense, that YouTube was not eligible for any DMCA safe harbor [ECF 226]. The Court then directed Defendants to respond. [ECF 236.] Rather than provide any responsive evidence, Defendants on February 1, 2023, stated

2   Case No. 3:20-cv-04423-JD

PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

that Plaintiffs' January 9 proffer had put forward only "***undisputed*** facts" (emphasis in original), that "Consistent with the purpose of the DMCA and a long line of precedent, YouTube should be granted leave to show why the undisputed facts entitle it to summary judgment", and that it was "prepared to file its motion by the current Scheduling Order deadline of March 3, 2023". [ECF 239 at 1, 3.]  The Court agreed to permit such a filing [ECF 241], but Defendants subsequently failed to pursue the motion they demanded.  On March 3, 2023, in contrast, Plaintiffs submitted a motion for partial summary judgment in their favor showing that Defendants are not eligible for any DMCA safe harbor given that they prevent the gathering of information necessary for takedowns of unlisted or private videos because YouTube does not provide search results for the huge number of such YouTube videos.  [ECF 265.]  That motion remains pending before the Court.

Yesterday, Defendants sent a letter seeking to withdraw their DMCA safe harbor affirmative defense, contingent on the denial of certification as to any copyright infringement class.  (*See* Korologos Decl. Ex. A.)  Put differently, Defendants' newly-disclosed position is that if this case proceeds to trial on a non-class basis, they will seek to avoid litigating altogether the central issue of whether their DMCA safe harbor defense has any merit—the very issue they insisted was a "big deal to us."  Under Federal Rule of Civil Procedure 15, Defendants have no right unilaterally to amend their pleading to withdraw an affirmative defense.  *See In re Carraher*, 909 F.2d 1488, 1488 (9th Cir. 1990) (holding that defendants' attempt in their trial brief unilaterally to withdraw an affirmative defense without leave of court or written consent of the adverse party "was insufficient to reserve this defense for litigation in the future").  As Plaintiffs this morning informed Defendants (Korologos Decl. Ex. A), Plaintiffs do not consent to Defendants' effort to abandon their DMCA affirmative defense and should the Court not certify any infringement class in this action, Plaintiffs will oppose any such request when "the time for amending pleadings . . . had long since expired".  *In re Carraher*, 909 F.2d at 1488.

3                                      Case No. 3:20-cv-04423-JD

PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

For present purposes, what matters is that Defendants' new position demonstrates why resolution of the merits of the DMCA safe harbor defense on a class-wide basis is necessarily superior. This issue—*i.e.*, does YouTube comply with dictates of federal law intended to ensure the rights of copyright holders are protected—is of obvious and central importance. Yet Defendants' tactics seek to preclude the ability of *any* individual plaintiff from ever being able to litigate the merits of the DMCA defense, thus allowing Defendants to continue with their challenged practices while evading judicial review and preclusion principles in perpetuity. *See Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc*., 308 F.R.D. 630, 640 (N.D. Cal. 2015) (noting that a Rule 23(c)(4) class may be appropriate "where vindication of important public policy interests (as embodied, for instance, in a statute) may be jeopardized in the absence of class certification."); *In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 166–67 (2d Cir. 1987) ("First, this defense is common to all of the plaintiffs' cases, and thus satisfies the commonality requirement of Rule 23(a)(2). . . . If the defense succeeds, the entire litigation is disposed of. If it fails, it will not be an issue in the subsequent individual trials.").

Defendants have conceded that their DMCA affirmative defense raises common issues. They should not be allowed to use that defense as a deterrent to litigation ensuring that costs of litigating that defense become unbearably high for individual plaintiffs only to withdraw the defense before it ever gets tested and acquires any preclusive effect. This situation is thus a paradigmatic case where it is appropriate to apply Rule 23(c)(4) to determine the applicability of YouTube's DMCA safe harbor defense on a class-wide basis.

In these circumstances, Plaintiffs respectfully request supplemental oral argument at the Court's convenience to address the relevance to the pending class certification motion of Defendants' just-disclosed position. In the alternative, Plaintiffs seek leave to file a three-page supplemental brief to address this issue on whatever schedule the Court deems appropriate. Plaintiffs have brought this motion on an expedited basis, the day after learning of Defendants' position, recognizing that a decision could be forthcoming on the pending class

4

Case No. 3:20-cv-04423-JD

PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

certification motion and because Defendants' letter claims that their decision to contingently try to abandon their DMCA safe harbor defense potentially impacts the pretrial filings deadline of next Thursday, May 11, 2023. (Korologos Ex. A.) In response to Plaintiffs' request to reach agreement with Defendants on this motion, Defendants indicated: "Defendants oppose reopening class certification, which is briefed, argued, and ripe for resolution. Defendants will file an opposition, if warranted, after reviewing Plaintiffs' filing."

Respectfully submitted,

Dated: May 5, 2023

/s/ Philip Korologos
Philip C. Korologos*
pkorologos@bsfllp.com
Jeffrey Waldron*
jwaldron@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Joshua Irwin Schiller, CA Bar #330653
jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

George A. Zelcs*
gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
rewing@koreintillery.com
Ryan Z. Cortazar*
rcortazar@koreintillery.com
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

5   Case No. 3:20-cv-04423-JD

PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Stephen M. Tillery*
*stillery@koreintillery.com*
Steven M. Berezney, CA Bar #329923
*sberezney@koreintillery.com*
Carol O'Keefe*
*cokeefe@koreintillery.com*
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

6   Case No. 3:20-cv-04423-JD

PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION