KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
DAN JACKSON - # 216091
djackson@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
ANNA PORTO - # 319903
aporto@keker.com
LUKE APFELD - # 327029
lapfeld@keker.com
AMOS J. B. ESPELAND - # 332895
aespeland@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

DAVID H. KRAMER, SBN 168452
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:   dkramer@wsgr.com
         lwhite@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT OR LEAVE TO FILE SUPPLEMENTAL BRIEFING RE CLASS CERTIFICATION**<br><br>Date Filed: July 2, 2020<br><br>Trial Date: June 12, 2023 |
| YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD., PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>Counterclaim Defendants. | |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR FURTHER ARGUMENT
OR LEAVE TO FILE SUPPLEMENTAL BRIEFING RE CLASS CERTIFICATION
Case No. 3:20-cv-04423-JD

2142825

Since the onset of this case, Plaintiffs have sought to litigate a massive class action. Plaintiffs' initial disclosures claimed—without basis—that the case could be worth "up to $45 billion" in statutory damages. Given the incredible size of that demand, Defendants pleaded and pursued a series of applicable defenses, including one based on the DMCA safe harbor. 17 U.S.C. § 512. And, if the Court certifies a class, Defendants intend to pursue that defense, among others that may not be appropriate to assert against Plaintiffs' individual claims.

However, summary judgment brought into sharp focus the highly individualized issues inherent to Plaintiffs' claims, and on April 13, 2023, the Court held a hearing on Plaintiffs' class certification motion and strongly indicated that class certification would be inappropriate.[1] Against that backdrop, assuming certification is denied, Defendants believe it would promote judicial efficiency and focus party resources to timely identify issues that do not merit adjudication in an individual-plaintiff trial.  In apparent agreement, Plaintiffs have, during the pre-trial period, jettisoned certain infringement claims, and asked Defendants to abandon others of their affirmative defenses.  Such narrowing of the case is necessary and appropriate.

In that vein, assuming this case is tried as an individual-plaintiff action, Defendants intend to streamline their jury presentation and not pursue certain defenses, including the DMCA safe harbor. Doing so will significantly reduce the complexity of the case and the burden on the jury.  Defendants acted in good faith in informing Plaintiffs of this conditional decision so that they can conform their trial presentation accordingly.

Defendants' decision to streamline the issues for trial against only the individual plaintiffs in no way changes the class certification analysis.  The balance of individualized versus common issues in this case has not changed.  Plaintiffs' late pivot to plead for an issues class does not resolve the fundamental flaws of their class certification motion. *See*, *e.g.*, *Reitman v. Champion Petfoods USA, Inc.*, 830 F. App'x 880, 882 (9th Cir. 2020) (issues class denied where "numerous individualized issues affecting determinations of liability [made] certification inefficient").

---

[1] Declaration of Travis Silva In Support of Defendants' Opposition to Plaintiffs' Administrative Motion for Further Argument or Leave to File Supplemental Briefing Re Class Certification ("Silva Decl."), Ex. A (4/13/23 Hrg. Tr.) at 5:18-6:9; 28:1-4.

Simply put, if Plaintiffs "can't establish the predicate of a claim, which is ownership of a work, [it] doesn't matter that there are downstream issues that might have some commonality."[2]

This Court expressly encourages and welcomes efforts to "minimize trial costs . . . and maximize trial efficiency." Standing Order for Civil Jury Trials at 1. Any contrary result "is nonsensical, wasting the time and resources of the Court and the parties." *Le-Vel Brands, LLC v. DMS Nat. Health, LLC*, No. 4:20-CV-398-SDJ, 2022 WL 949955, at *4 (E.D. Tex. Mar. 28, 2022). Plaintiffs seek to do the opposite, by injecting more briefing into the case and holding yet another hearing on an issue that has already been fully aired. Plaintiffs have already had two opportunities to brief class certification; they should not get a third.

Respectfully submitted,

Dated: May 8, 2023

KEKER, VAN NEST & PETERS LLP

By:  /s/ *Robert A. Van Nest*
ROBERT A. VAN NEST
DAN JACKSON
JULIA L. ALLEN
TRAVIS SILVA
ANNA PORTO
LUKE APFELD
AMOS J. B. ESPELAND

DAVID H. KRAMER
LAUREN GALLO WHITE
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Email: dkramer@wsgr.com
    lwhite@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

---

[2] Silva Decl., Ex. A at 29:14-16.