# EXHIBIT 3

Plaintiffs' Statement in Support of Plaintiffs' Proposed Verdict Form

       The questions the jury must resolve can be presented, as Plaintiffs' proposed verdict form does, using a series of targeted questions and user-friendly tables that allow findings for each of Plaintiffs' works on liability, affirmative defenses, and damages.  Plaintiffs' proposed verdict form is concise and straightforward in addressing specific findings the jury should resolve to reach their verdict.  Defendants' proposed form, by contrast, is repetitive, extremely difficult to follow, and would be several dozen pages long.  Such an approach will unnecessarily burden the jury and appears designed to try to confuse them rather than provide assistance in making well-reasoned findings.  Plaintiffs' proposed verdict form should be adopted.

    1.  <u>Multiple video-by-video findings are unnecessary and unmanageable</u>.  Plaintiffs' proposed form asks the jury to determine, on an individualized basis, infringement and affirmative defense issues.  This results in just two tables with 42 rows—one for each work.  (*See* Plaintiffs' Tables 1 and 3.)  By contrast, Defendants propose the jury render findings on a video-by-video basis (*see* Defendants' Tables 1 and 2), requiring several tables covering separate questions repeatedly asked for the different named plaintiffs set out in tables that are over 200 rows long with well over a thousand separate cells the jury must assess.  This burden is entirely unnecessary when there are at most insubstantial differences between individual videos related to the same work, and Plaintiffs' proposed verdict form still gives the jury the freedom in Tables 1 and 3 to indicate how many URLs are implicated by either an infringement or defense finding.  Defendants' approach is confusing and burdensome, repetitive as it asks a series of similar questions separately for each named plaintiff, and completely ignores the putative classes.

    2.  <u>A defense verdict "short cut" is prejudicial</u>:  There is no justification for Defendants' proposal that one check box in Question 1 suffices for the jury to indicate a finding of no liability for *all* of Plaintiffs' direct, contributory, and vicarious infringement claims, and for all 42 works in suit, particularly when contrasted against Defendants' attempt otherwise to present a confusing, repetitive, and overly-long set of questions to find in favor of Plaintiffs.  The jury needs to render findings on infringement as to *each* work in the suit.  The single check-box option invites the jury to forego the required work-by-work analysis and prejudicially directs the

jury toward an unwarranted path of least resistance for a no-liability finding.

3. <u>Affirmative defenses can be addressed in a single question</u>: Plaintiffs' proposed verdict form includes one question with a clear table allowing the jury to indicate for each work which, if any, affirmative defenses have been proven by Defendants. Defendants' approach burdens the jury with four affirmative defense questions (including two on statute of limitations alone), is unnecessary, and transparently seeks to guide the jury towards a defense verdict.[1]

4. <u>The jury must separately assess Defendants' eligibility under the DMCA</u>. YouTube is only eligible for a safe harbor if it first satisfies the DMCA's two "Conditions for Eligibility" under 17 U.S.C. § 512(i)(1). Plaintiffs' Question 4 incorporates these separate eligibility requirements in subparts (a) and (b). Defendants' form improperly ignores them entirely.

5. <u>Statutory damages can be addressed in one conforming question</u>: Question 5 of Plaintiffs' form allows the jury to address statutory damages incorporating language from model instruction 17.35 on the purpose of statutory damages and mirroring the presentation in 17 U.S.C. § 504(c)(2) regarding the relevant statutory damage range if the jury finds willful or innocent infringement. Defendants' approach unnecessarily requires the jury to answer two separate questions with language that does not follow the model instructions and the statute.

6. <u>The CMI claims should be presented logically and consistent with § 1202(b)</u>: Plaintiffs proposed CMI questions logically addresses liability and damages for each issue. (*See* Plaintiffs' Questions 7-12.) Defendants' first question on CMI claims—listed prior to any question on satisfying the elements for liability under 17 U.S.C. § 1202(b)—is whether Ms. Schneider has proven "that she did <u>not</u> grant YouTube permission to remove CLFN and ISRC codes from her videos." (*See* Defendants' Question 25.) Neither § 1202(b) nor the model instruction justifies this approach, and, at least with respect to ISRC Codes, it is contrary to Plaintiffs' claim and the evidence. It is likewise inappropriate for Defendants to merge questions pertaining to CLFN metadata with ISRC codes when the relevant evidence will be separate.

---

[1] Defendants' Question 3 also incorrectly omits the burden of proof.