# EXHIBIT 4

Defendants' Statement in Support of Defendants' Proposed Verdict Form

**Defendants' Submission In Support of their Proposed Verdict Form**

Plaintiffs' proposed verdict form seeks to mislead the jury as to the parties' respective burdens of proof and the application of Defendants' affirmative defenses. Their approach will unduly prejudice Defendants' rights and will lead to jury confusion. The Court should adopt Defendants' proposal, which presents the liability, affirmative defense, and damages questions as clearly and succinctly as possible in light of Plaintiffs' unreasonable decision to proceed on 317 alleged infringement claims.

Most notably, Plaintiffs' form omits any questions that would allow the jury to assess their alleged infringements. Their approach also ignores the fact that several of Defendants' affirmative defenses apply only to individual infringements, and must be evaluated accordingly, while others have a broader sweep. For example, Plaintiffs' Question 1 asks the jury to identify an overall number of instances of proven infringement but without any way for the jury to identify which of Plaintiffs' allegedly infringing videos it determined to be infringing. And when it comes to Question 3, Plaintiffs would have the jury merely count the number of infringements that are subject to the defenses listed in columns (a) – (c). Plaintiffs' verdict form provides no guidance on which videos to assess. Moreover, because any particular instance of alleged (or proven) infringement might be subject to multiple defenses, or no defenses at all, Plaintiffs' format invites over- or under-counting and may result in a verdict that neither the parties nor the Court can properly evaluate. Column 3(d) is even more confusing, as it requires the jury to refer back to Table 1 for the number of proven infringements, then subtract the number of de-duplicated infringements for which Defendants proved a defense.

Defendants' proposal solves these problems by asking jurors to look at each allegedly infringing video. The jurors would have to do this anyway, because the only way to properly fill out Plaintiffs' Table 3 is to conduct an infringement-by-infringement analysis. Under Defendants' approach, the task is clear; each allegedly infringing video is clearly identified in

Tables 1 and 2, along with each relevant question about those videos.

Defendants' proposal has other advantages. For example, Defendants' Question 2 asks a single question about the license that Defendants assert as a complete defense to Ms. Schneider's infringement claims. *See, e.g.*, Dkt. 222 at 6 (noting that the defense that is the subject of Defendants' Question 2 could "sound the death knell for [Schneider's] infringement claims"). On Defendants' form, the jury needs only consider this defense just once, answering one question before moving on. Plaintiffs' form, in contrast, offers no simple way for the jury to consider this broad defense. Instead, Plaintiffs' Table 3 would have the jurors answer this question work-by-work, stating the total number of *any* licensed infringements for each work but without differentiating between the different licenses at issue in this case. That approach unfairly glosses over Defendants' multiple license defenses.

Plaintiffs go on to ask far too much of the jury in Question 4. When it comes to the other defenses, Plaintiffs are willing, in Question 3, to accept a yes/no answer for each defense. But when it comes to the DMCA safe harbor, Plaintiffs would burden the jury with five distinct questions, in a transparent effort to force Defendants to "run the table." Defendants would simply ask yes/no questions here (Questions 19 and 20), just like they do on liability (*e.g.*, Question 1).

Finally, Plaintiffs' Question 6 is unreasonably detailed. There is no reason to assume that the jury will credit Plaintiffs' theory that profits can be disgorged on a per-video basis. But Question 6 leaves the jury no other way to assess damages. A simple fill-in-the-blank is appropriate, and that is what Defendants' Question 24 offers. (Indeed, when it suits them, Plaintiffs adopt a fill-in-the-blank approach in Question 15.) Further, Defendants' Question 24, unlike Plaintiffs' Question 6, guides the jury to consider both gross profits and deductible expenses, as is required by the law. *See* 17 U.S.C. § 504(b); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004). Plaintiffs improperly omit these requirements. *Id.*