| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>DAN JACKSON - # 216091<br>djackson@keker.com<br>JULIA L. ALLEN - # 286097<br>jallen@keker.com<br>TRAVIS SILVA - # 295856<br>tsilva@keker.com<br>ANNA PORTO - # 319903<br>aporto@keker.com<br>LUKE APFELD - # 327029<br>lapfeld@keker.com<br>AMOS J. B. ESPELAND - # 332895<br>aespeland@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:      415 397 7188 | DAVID H. KRAMER, SBN 168452<br>LAUREN GALLO WHITE, SBN 309075<br>QIFAN HUANG, SBN 339672<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>Email:   dkramer@wsgr.com<br>             lwhite@wsgr.com<br>             qhuang@wsgr.com |

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>      Defendants. | Case No. 3:20-cv-04423-JD<br><br>**DECLARATION OF WALEED DIAB IN SUPPORT OF DEFENDANTS' SEALING REQUESTS** |
| YOUTUBE, LLC and GOOGLE LLC,<br><br>      Counterclaimants,<br><br>  v.<br><br>PIRATE MONITOR LTD., PIRATE MONITOR LLC, and GÁBOR CSUPÓ,<br><br>      Counterclaim Defendants. | |

I, Waleed Diab, declare as follows:

1. I am currently Global Head of Recorded Music Business Development for Defendant Google LLC ("Google") and its subsidiary YouTube, LLC ("YouTube") (collectively, "Defendants"). I am familiar with YouTube's practices regarding licensing of musical works. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

2. YouTube has requested to seal certain limited, highly sensitive information contained in documents submitted in connection with parties' pretrial submissions before the Court. These documents are attached to the Declaration of Qifan Huang in Support of Defendants' Sealing Requests ("Huang Declaration"), which also describes them in detail. My declaration below supports the sealing of Exhibit 2 to the Huang Declaration, Google's standard Content Licensing Agreement ("CLA"), and Exhibit 4 to the Huang Declaration, Google's Standard Sound Recording and Audiovisual Content License ("SRAV License") (collectively, "Licenses"). The Licenses reflect terms that have been incorporated into confidential licensing agreements with select commercial partners, and may be incorporated in future licensing deals.

3. The Licenses contain the royalty terms by which Google compensates certain partners for the licensed use of musical works, sound recordings, and other entertainment content that the partners own or control. The portions of the Licenses that YouTube seeks to seal describe the specific royalty and payment terms.

4. This information contained in the Licenses is confidential and competitively sensitive royalty and payment information. YouTube takes measures to ensure this information is not made publicly available. These terms reflect confidential economic aspects of YouTube's business. Additionally, YouTube's ability to effectively negotiate licenses with partners across the music and entertainment industry is important to the success of its business. To foster trust with licensors and potential licensors, and thereby preserve its ability to continue securing such agreements, YouTube must be able to assure the confidentiality of the royalty and payment terms of its license agreements. Public disclosure of Google's royalty and payment terms could damage YouTube's standing with its existing licensors, and prejudice its ability to negotiate future license

agreements, causing substantial competitive harm to its business. It would also improperly allow YouTube competitors to benefit from the knowledge of YouTube's negotiation of these royalties to price their own products causing or threatening competitive harm to YouTube's business. It may also harm YouTube's licensing partners by disclosing to the world the royalty rates and the terms on which they are willing to license use of their works.

5. The following portions of the Licenses should be redacted for the reasons set out below:

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| Exhibit 2 to the Huang Declaration<br>Originally filed at Dkt. Nos. 314-4 at 33-58 & 315-4 at 16 as Exhibit 3 to Plaintiffs' Motion in Limine No. 3<br><br>GOOG-SCHNDR-00020659, Content License Agreement<br>Portions of page -682 | These documents reflect the standard royalty and payment terms according to which YouTube will make payments to the licensor. These terms are sensitive commercial information YouTube protects as highly confidential and requires heightened protection. Defendants have designated the documents as "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>Public disclosure of YouTube's standard royalty and payment terms with select licensors could damage YouTube's standing with its existing licensors, and prejudice its ability to negotiate future license agreements. It would also improperly allow YouTube competitors to benefit from the knowledge of YouTube's standard royalty payment terms to structure payment of their own products causing or threatening competitive harm to YouTube's business. Additionally, it may harm YouTube's licensing partners by disclosing to the world the royalty rates and the terms on which they are willing to license use of their works. |
| Exhibit 4 to the Huang Declaration<br>Originally filed at Dkt. Nos. 314-4 at 91-127 & 315-4 at 19 as Exhibit 6 to Plaintiffs' Motion in Limine No. 6<br><br>GOOG-SCHNDR-00020862, Sound Recording and Audiovisual Content License<br>Portions of pages -883 to -885, -889 to -893, -895 to -896 | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of May 2023 at New York, New York.

           /s/ *Waleed Diab*
           Waleed Diab

**ATTORNEY ATTESTATION**

I, Robert A. Van Nest, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

*/s/Robert A. Van Nest*
Robert A. Van Nest