1

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
DAN JACKSON - # 216091
djackson@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
ANNA PORTO - # 319903
aporto@keker.com
LUKE APFELD - # 327029
lapfeld@keker.com
AMOS J. B. ESPELAND - # 332895
aespeland@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

2

3

4

5

6

7

8

9

10

DAVID H. KRAMER, SBN 168452
LAUREN GALLO WHITE, SBN 309075
QIFAN HUANG, SBN 339672
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  dkramer@wsgr.com
          lwhite@wsgr.com
          qhuang@wsgr.com

11

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

12

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

SAN FRANCISCO DIVISION

16

17

18

MARIA SCHNEIDER, UNIGLOBE
ENTERTAINMENT, LLC, and AST
PUBLISHING, LTD., individually and on
behalf of all others similarly situated,

19

          Plaintiffs,

20

     v.

21

YOUTUBE, LLC and GOOGLE LLC,

          Defendants.

22

23

24

YOUTUBE, LLC and GOOGLE LLC,

          Counterclaimants,

     v.

25

26

27

PIRATE MONITOR LTD., PIRATE
MONITOR LLC, and GÁBOR CSUPÓ,

          Counterclaim Defendants.

28

Case No. 3:20-cv-04423-JD

**DECLARATION OF CHENYUAN ZHU
IN SUPPORT OF DEFENDANTS'
SEALING REQUESTS**

I, Chenyuan Zhu, declare as follows:

I am currently a Product Manager for Content ID for Defendant Google LLC ("Google") and its subsidiary YouTube, LLC ("YouTube") (collectively, "Defendants"). I previously worked in and then led YouTube's copyright operations team, which was responsible for leading YouTube's DMCA-compliance efforts. I am familiar with YouTube's practices regarding copyright operations. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently to them.

1.      YouTube has requested to seal certain limited, highly sensitive information contained in documents submitted in connection with parties' pretrial submissions before the Court. These documents are attached to the Declaration of Qifan Huang in Support of Defendants' Sealing Requests ("Huang Declaration"), which also describes them in detail. My declaration below supports the sealing of documents contained in the following categories: (1) Product Design Documents, Internal Analyses and Experiments, Metrics and Statistics, and Other Business Logic and Strategies of YouTube's Products and Functions; (2) Operational Policies and Guidelines and Abuse Prevention Mechanisms about YouTube's Copyright Management Tools; and (3) Personally Identifiable Information of Third Parties.

| Portions Sought to be Sealed | Basis for Sealing |
| --- | --- |
| **Product Design Documents, Metrics and Statistics, and Other Business Logic and Strategies of YouTube's Products and Functions** | |
| Exhibit 9 to the Huang Declaration Originally filed at Dkt. Nos. 312-2 & 311-6 at 57 as Exhibit 5 to Plaintiffs' Opposition to Defendants' Motion in Limine No. 5<br><br>GOOG-SCHNEIDER-00038782, Content ID Launches for Music Labels Portions of pages -783 to -784, -786 to -790, -792 to -794, -796, -798 to -799, -802 to -803 | These documents contain discussions about the specific capabilities and development objectives of YouTube's copyright management tools, including Content ID and Copyright Match Tool's matching system and their numerical thresholds for surfacing a claim. This information relies on testimony designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. |
| Exhibit 10 to the Huang Declaration Originally filed at Dkt. Nos. 312-3 & 311-7 at 5-91 as Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion in Limine No. 6<br><br>Expert Report of Joseph N. Winograd, Ph.D., | These capabilities and numerical thresholds are sensitive commercial information YouTube protects as highly confidential and require heightened protection. Public disclosure of such information would enable bad actors to abuse and circumvent YouTube's systems and avoid |

1

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| dated September 1, 2022<br>Portions of pages 18, 21, 39, 43, 69, 83 | detection by YouTube's copyright management tools, Content ID and Copyright Match Tool. YouTube has developed its copyright management tools over the course of many years, incurring significant development costs. The public disclosure of this information could also result in competitive harm by revealing to competitors how Content ID and Copyright Match Tool technically function and providing them with information they could use to mimic YouTube's proprietary technology without having to expend the same resources. |
| Exhibit 14 to the Huang Declaration<br>Originally filed at Dkt. Nos. 321-1 & 322<br><br>Joint Pretrial Statement<br>4:19; 4:21 | |
| Exhibit 8 to the Huang Declaration<br>Originally filed at Dkt. Nos. 312-1 & 311-3 at 5-85 as Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion in Limine No. 1<br><br>Expert Report of Hal J. Singer, Ph.D., dated November 17, 2022<br>Portions of page 54 | These documents reflect data concerning the number and share of total, private, and unlisted videos on YouTube's service. This is sensitive commercial information that YouTube does not make public and goes to extensive lengths to protect. Defendants designated this information as "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order. |
| Exhibit 10 to the Huang Declaration<br>Originally filed at Dkt. Nos. 312-3 & 311-7 at 5-91 as Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion in Limine No. 6<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 11, 68 | Public disclosure of this information may allow competitors to estimate the scale of YouTube's systems and resourcing costs, which they may use to improve upon their own systems and unfairly compete based on such knowledge about scale and costs. Disclosure may also improperly affect YouTube's business by painting a simplistic and highly inaccurate picture of the performance/growth of the YouTube platform. For example, Counterclaim Defendants in this case uploaded thousands of videos onto YouTube for the purpose of filing takedown notices against them. Anyone trying to value YouTube's business on the basis of the number or share of videos on the platform would get a misleading and distorted picture of YouTube's performance because of such deceptive tactics and other behaviors such as spam and abuse. |
| Exhibit 13 to the Huang Declaration<br>Originally filed at Dkt. Nos. 312-6 & 311-8 at 16-96 as Exhibit 2 to Plaintiffs' Opposition to Defendants' Motion in Limine No. 7<br><br>Expert Report of Hal J. Singer, Ph.D., dated November 17, 2022<br>Portions of page 54 | |
| Exhibit 14 to the Huang Declaration<br>Originally filed at Dkt. Nos. 321-1 & 322<br><br>Joint Pretrial Statement<br>4:9 | |
| Exhibit 10 to the Huang Declaration<br>Originally filed at Dkt. Nos. 312-3 & 311-7 at | This document contains discussions about specific operational methods of YouTube's |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| 5-91 as Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion in Limine No. 6<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of pages 20, 38, 40, and 83-84 | Content ID system and how Content ID scans videos on YouTube. This information relies on testimony and documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These discussions about YouTube's proprietary Content ID technology reference the names of specific Content ID functions and the details of how they operate, which are sensitive commercial information YouTube protects as highly confidential and require heightened protection. YouTube has developed the Content ID system over the course of many years, incurring significant development costs. These nuanced technical discussions of how YouTube's Content ID system functions, if publicly disclosed, could cause YouTube competitive harm, allowing others to understand the overall system design of Content ID's scanning system and potentially mimic the same functionality without having to expend the same resources to test and develop the system. Public disclosure of this technical information also would instruct bad actors on how to abuse YouTube's Content ID system. |
| Exhibit 10 to the Huang Declaration<br>Originally filed at Dkt. Nos. 312-3 & 311-7 at 5-91 as Exhibit 1 to Plaintiffs' Opposition to Defendants' Motion in Limine No. 6<br><br>Expert Report of Joseph N. Winograd, Ph.D., dated September 1, 2022<br>Portions of page 50 | This document contains the specific criteria for Content ID partners to be granted access to a particular Content ID mode. This information relies on documents produced during discovery that were designated "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These specific criteria are sensitive commercial information YouTube protects as highly confidential and require heightened protection. These nuanced discussions of specific threshold requirements for accessing a particular mode of the Content ID system, if disclosed, would frustrate some of the purpose of having thresholds in the first place, as disseminating the knowledge of these thresholds could lead to gaming them. It also would show Content ID participants how to advance to different Content |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| | ID modes through improper means and thereby, manipulate the Content ID process. YouTube has developed its Content ID system over the course of many years, incurring significant development costs. Public disclosure of this information may also unfairly advantage competitors who could use this information to improve their own copyright management systems without having to expend the same resources. |
| **Operational Policies and Guidelines and Abuse Prevention Mechanisms about YouTube's Copyright Management Tools** | |
| Exhibit 1 to the Huang Declaration<br>Originally filed at Dkt. Nos. 314-3 at 16-31 & 315-2 at 16 as Exhibit 3 to Plaintiffs' Motion in Limine No. 1<br><br>Defendants' Amended Responses and Objections to Schneider Interrogatory Nos. 3, 4, 7 dated June 17, 2022<br>6:20-24; 9:4-5 | These documents contain details about YouTube's methods and efforts to suspend channels linked to bad actors on YouTube, as well as how YouTube assigns copyright strikes. Defendants have designated these documents "Highly Confidential - Attorneys' Eyes Only" under the parties' Stipulated Protective Order.<br><br>These details are sensitive commercial information YouTube protects as highly confidential and require heightened protection. |
| Exhibit 14 to the Huang Declaration<br>Originally filed at Dkt. Nos. 321-1 & 322<br><br>Joint Pretrial Statement<br>6:2-3 | Public disclosure of the limited information YouTube seeks to seal would instruct bad actors on how to circumvent termination under YouTube's copyright policies, allow previously-terminated users to circumvent YouTube's efforts to remove additional content linked to them, or encourage copyright claimants to effectuate unwarranted channel terminations. Disclosure would thus impact YouTube's ability to identify and terminate these offenders, and undermine the careful balance YouTube has struck between the interests of copyright claimants and users. |
| **Personally Identifiable Information of Third Parties** | |
| Exhibit 5 to the Huang Declaration<br>Originally filed at Dkt. Nos. 314-5 at 63-64 & 315-5 at 63 as Exhibit 6 to Plaintiffs' Motion in Limine No. 4<br><br>GOOG-SCHNDR-00043480, metadata file for video ID YXWFYPk11GM<br>Portion of page -480 | This document contains personally identifiable information (including IP address and unique ID) regarding a third party. This information is non-public. It is irrelevant to the issues in dispute.<br><br>Public disclosure of such information would intrude on the third party's privacy and |

| Portions Sought to be Sealed | Basis for Sealing |
|---|---|
| | potentially subject that individual to harassment or unwanted public attention. |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 17th day of May 2023 at Mountain View, California.

/s/ *Chenyuan Zhu*
Chenyuan Zhu

## ATTORNEY ATTESTATION

I, Robert A. Van Nest, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the signatory.

*/s/Robert A. Van Nest*
Robert A. Van Nest