UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA SCHNEIDER, et al.,

Plaintiffs,

v.

YOUTUBE, LLC, et al.,

Defendants.

Case No.  20-cv-04423-JD

**PRETRIAL ORDER NO. 1**

As discussed at the pretrial conference on May 25, 2023, these procedures will apply for the jury trial.  A second pretrial conference is set for June 5, 2023, at 1:30 p.m. in Courtroom 11, San Francisco, 19th Floor.

## I.  SCHEDULE AND TIME LIMITS

1.  Jury trial will begin on June 12, 2023, at 9:00 a.m., in Courtroom 11, San Francisco, 19th Floor.

2.  Trial days are Monday through Thursday.  Fridays are reserved for the Court's other matters, but may be used here if the case is ready for closings or the jury is deliberating.

3.  Trial will be held each trial day from 9:00 a.m. to 2:30 p.m., with two 20-minute breaks.  The Court will set aside time before the jury is seated at 9:00 a.m. as needed to address urgent matters.

4.  Each side has 12 hours of trial time, excluding opening and closing statements. The Courtroom Deputy, Ms. Lisa Clark, will have the final word on the time count.

United States District Court
Northern District of California

5.  Each side will have up to 30 minutes for opening statements.  The parties are directed to meet and confer on the demonstratives to be used in each side's opening statements.  Each side will have up to 60 minutes for closing statements.

## II.  JURY SELECTION AND VOIR DIRE

1.  The Court will seat 8 jurors.

2.  The jury office will send written questionnaires to the jury pool for this case.  The questionnaire will consist of the District's standard questions, and case-specific questions drawn from the proposed voir dire and jury questionnaire submitted by the parties, as the Court determines to be appropriate.  *See* Dkt. Nos. 316, 331.

3.  The Court will hold a conference by remote access on a date to be determined to discuss the questionnaire responses with counsel for initial screening purposes.

4.  Each side will give a "mini-opening" to the in-court venire as an introduction to the case.  Each side will have up to 3 minutes to provide a high-level, non-argumentative overview of the case.  The two sides will share and discuss in advance their proposed statements.

5.  After the mini-openings, the Court will conduct additional in-person voir dire based on the parties' proposed questions and the Court's practice.

6.  Each side will have three peremptory challenges pursuant to 28 U.S.C. § 1870.

7.  The Court will use the "strike and replace" method for jury selection.  A prospective juror not excused after a round of challenges will be deemed a member of the jury and may not subsequently be challenged.

8.  Jury selection typically takes no more than the morning session of the day the in-court venire is sworn in.  The parties should be prepared to give their opening statements and begin presenting witnesses on the first day of trial.

## III. COVID-RELATED PROTOCOLS

1.  Every trial team member who will be present in the courtroom (including attorneys, paralegals, IT staff, interpreters, and any other personnel) need not be masked so long as they have completed a COVID-19 vaccine primary series and received at

2

least one booster.  Lead counsel will be responsible for ensuring compliance with this requirement by their team members.

2. Witnesses will not be masked while testifying on the witness stand in order to aid jury comprehension and evaluation.  If a witness declines or is unable to certify compliance with the vaccination requirement above, the parties should immediately alert the Court so that exposure precautions can be discussed.

3. Each juror will make his or her own decision with respect to wearing a mask.

4. Pursuant to Federal Rule of Civil Procedure 43(a), all witnesses' trial testimony must be taken live and in person in open court unless there is a compelling reason not to do so which has been approved by the Court.  Party representatives need not be physically present for trial, but the Court will not explain their absence to the jury unless there is a good reason to do so.

## IV. JURY MATERIALS AND OTHER TRIAL PROCEDURES

1. **Jury Notebook**.  Jurors will be permitted to take notes.  The parties will prepare jury notebooks and bring 9 copies on the first day of trial.  The notebooks should be in the form of 1.5 inch 3-ring binders that have a plastic cover sleeve with a caption page (stating the case name and number), and must include these materials:

    a. 50 pages of blank lined paper.

    b. A tab for witness photos.  The jury will be provided with a color photo (a headshot) of each witness just before that witness takes the stand.  The party calling the witness is responsible for providing the Courtroom Deputy with 10 three-hole punched, letter-sized copies of each photo.  The Courtroom Deputy will distribute the photos to the jury.  The witness must appear exactly the same in the photo as he or she will appear on the witness stand (*e.g.*, same clothing, hairstyle, eyewear).  The photo should include the witness's name.

    c. A tab for the Preliminary and Final Jury Instructions, which the Court will distribute.

3

2. **Witness Exhibit Binders**:  The parties will prepare exhibit binders on a witness-by-witness basis, and have two copies ready to hand to the Court as each witness is called to the stand.

3. **Jury Questions**:  The Court will allow the jurors to ask questions during the trial.  Questions will be in writing and submitted to the Court.  Before the witness is excused, the Court will discuss a jury question with the parties outside of the jury's presence to determine if it will be asked.

4. **Sidebars**:  There will be no sidebars during trial unless called for by the Court.  Do not ask for one.

5. **Motions**:  No motions may be filed during trial without prior leave of the Court.

6. **Objections**:  Counsel must stand to object and state only the rule of evidence that is the basis of the objection.  No arguments or comments may be made beyond that unless called for by the Court.

7. **Witness Call**:  Each party must have its witnesses for the trial day available in the courthouse and ready to testify.  Failure to have the witness ready or to be prepared to proceed with the evidence will constitute resting.

8. **Witness Disclosure**:  A party must disclose the identity of the witnesses it plans to call -- as well as the exhibits to be used during the direct examination of any witness -- by 3:00 p.m. two court days before calling the witness to the stand, except that Monday witnesses will be disclosed by the preceding Friday at 3:00 p.m., and Tuesday witnesses will be disclosed by the preceding Saturday at 3:00 p.m.  The parties may jointly agree to change the disclosure schedule.  Any party that has an objection must alert the Court as soon as possible, and the Court will take up the objection outside the presence of the jury.

9. **Evidence Format**:  All documents admitted as trial exhibits will be provided to the jury during deliberations in an electronic format on a dedicated computer that does not have internet access.  The parties will work under Ms. Clark's supervision to prepare a final database of admitted documents.

**V.  JURY INSTRUCTIONS AND VERDICT FORM**

1.   The parties are directed to file jointly by 12 p.m. on May 31, 2023, a revised set of preliminary jury instructions which hew to the fullest extent possible, without any variations or modifications, to the current Ninth Circuit model instructions and the Court's exemplars as stated in the hearing minutes.  A Word version of each set must be sent by the same deadline to JDPO@cand.uscourts.gov.

2.   A revised verdict form must be filed jointly by 12 p.m. on May 31, 2023.

**IT IS SO ORDERED.**

Dated:  May 26, 2023

_____
JAMES DONATO
United States District Judge