# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>    Defendants. | Case No. 3:20-cv-04423-JD<br><br>**REVISED JOINT PRELIMINARY JURY INSTRUCTIONS** |
| YOUTUBE, LLC and GOOGLE LLC,<br><br>    Counterclaimants,<br><br>    v.<br><br>PIRATE MONITOR LTD., et al.,<br><br>    Counterclaim Defendants. | |

The Court will give these preliminary jury instructions to the seated jury on June 12, 2023.

**IT IS SO ORDERED.**

Dated: June 12, 2023

_____
JAMES DONATO
United States District Judge

INSTRUCTION NO. 1

DUTY OF JURY

You now are the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you some preliminary instructions before the testimony starts. At the end of the trial I will give you the detailed written instructions that will control your deliberations. These are the introductory instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. You should also not be influenced by any person's race, color, religion, national ancestry, or gender.

All of this means that you must decide the case solely on the evidence before you. Please keep in mind that you took an oath to do so.

Do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be. That is for you to decide.

INSTRUCTION NO. 2

CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs are Maria Schneider, Uniglobe Entertainment, and AST Publishing. They bring claims of copyright infringement against YouTube and Google.  The Defendants Google and YouTube deny that they have infringed the plaintiffs' copyrights. The defendants also assert affirmative defenses, such as license and the statute of limitations. The defendants have the burden of proof on their affirmative defenses.

Plaintiff Maria Schneider claims that Defendants YouTube and Google violated the Digital Millennium Copyright Act, or the "DMCA." Ms. Schneider has the burden of proving each of these claims by a preponderance of the evidence.  Defendants Google and YouTube deny Ms. Schneider's claims.  Google and YouTube also assert affirmative defenses based on license and the statute of limitations. Defendants have the burden of proof on their affirmative defenses.

Google and YouTube also assert a counterclaim against Counterclaim Defendants Pirate Monitor Ltd. and Gabor Csupó for violating the DMCA.  Google and YouTube bear the burden of proof on their counterclaims.

The Counterclaim Defendants deny those counterclaims.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 3

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 4

### CORPORATIONS -- FAIR TREATMENT

Some of the parties in this case are corporations. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers, performed within the scope of authority. An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director, or officer engages in while carrying out that person's business.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INSTRUCTION NO. 5

## AGENT AND PRINCIPAL

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.  One may be an agent without receiving compensation for services.  The agency agreement may be oral or written.

*Authority*: Ninth Circuit Manual of Model Civil Jury Instructions, Instr. 4.4 (2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct you to accept as proved.

INSTRUCTION NO. 7

WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may see or hear when the court was not in session is not evidence. You ar to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 8

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

STIPULATIONS OF FACT

The parties have agreed to certain facts that I will now read to you. You must treat these facts as having been proved.

1.      Plaintiff Maria Schneider is a citizen of the State of New York.

2.      Plaintiff Uniglobe Entertainment, LLC is a Wyoming limited liability company with its principal place of business in Los Angeles County, California.

3.      Plaintiff AST Publishing Ltd. is a Russian company.

4.      Defendant and Counterclaim Plaintiff YouTube, LLC is a Delaware limited liability company with its principal place of business in San Bruno, California.

5.      Defendant and Counterclaim Plaintiff Google LLC is a Delaware limited liability company with its principal place of business in Mountain View, California.

6.      YouTube is a wholly owned and controlled subsidiary of Defendant Google.

7.      Counterclaim Defendant Pirate Monitor Ltd. is a limited company with its principal place of business in the British Virgin Islands.

8.      Counterclaim Defendant Pirate Monitor LLC does not exist.

9.      Counterclaim Defendant Gabor Csupó is citizen of Hungary and a resident of the State of California.

10.      Counterclaim Defendant Csupó is the sole stockholder and managing director of Counterclaim Defendant Pirate Monitor LTD.

11.      Plaintiffs Schneider and Pirate Monitor Ltd. filed the Class Action Complaint on July 2, 2020.

12.      Defendants YouTube and Google filed their Answer and Counterclaims on September 21, 2020.

13.      Defendants YouTube and Google filed their Amended Counterclaims on February 19, 2021.

14.     Plaintiff and Counterclaim Defendant Pirate Monitor Ltd. filed its Voluntary Dismissal Pursuant to Stipulation Under FRCP 41(a)(1)(A)(ii) on March 8, 2021.

15.     Counterclaim Defendant Pirate Monitor Ltd. filed its Answer to Defendants' Amended Counterclaims on March 12, 2021.

16.     Counterclaim Defendant Csupó filed his Answer to Defendants' Amended Counterclaims on March 17, 2021.

17.     Plaintiffs Schneider, Uniglobe and AST filed their First Amended Class Action complaint on November 17, 2021.

18.     Defendants YouTube and Google filed their Answer and Counterclaims to the Amended Complaint on August 22, 2022.

19.     Counterclaim Defendant Pirate Monitor Ltd. filed its Answer to Defendants' Amended Counterclaims on March 12, 2021.

20.     Counterclaim Defendant Csupó filed his Answer to Defendants' Amended Counterclaims on March 17, 2021.

21.     Pirate Monitor LLC does not exist.

22.     Pirate Monitor Ltd. was dormant in 2019.

23.     Mr. Csupó acquired Pirate Monitor Ltd. in January 2020.

24.     Mr. Csupó did not own Pirate Monitor Ltd. in 2019.

25.     Videos that are the subject of the 1,975 DMCA takedown notices at issue in Defendants' counterclaims were uploads authorized by their respective copyright owners.

26.     Videos that are the subject of the 1,975 DMCA takedown notices at issue in Defendants' counterclaims were uploaded in four batches between August and November 2019.

27.     Gabor Csupó purchased Pirate Monitor Ltd. after submission of the 1,975 takedown notices at issue in Defendants' counterclaims.

28.     Pirate Monitor Ltd. entered into a License Agreement with MegaFilm dated January 24, 2020 for the rights to the usage of *Juska Menni Amerika*, *Zimmer Feri 2*, and *Vakvaganyok*.

29.     Mr. Csupó acquired IPLLC in March 2019.

30.     MegaFilm entered into a contract with IPLLC in 2019.

31.     Under the contract, MegaFilm authorized IPLLC to enforce MegaFilm's copyrights in several Hungarian films, including two films titled *Czak Szex es mas semi* and *Zimmer Feri*.

32.     YouTube disabled public access to the videos that were the subject of the takedown notices submitted in October-November 2019 for *Czak Szex es mas semi* and *Zimmer Feri*.

33.     YouTube spent approximately $20,000-$25,000 in personnel time in its 2019 investigation into the takedown notices submitted in October-November 2019 for *Czak Szex es mas semi* and *Zimmer Feri*.

34.     The individual(s) who personally uploaded the approximately 1,970 video clips of *Czak Szex es mas semi* and *Zimmer Feri* in August-November 2019 has/have not personally brought claims against YouTube in a court of law alleging that YouTube wrongfully disabled public access to the videos.

35.     In 2019, a YouTube account was opened called "Pirate Monitor LLC" through which access to ContentID was requested.

36.     After the investigation in November 2019, YouTube suspended the account with the name "Pirate Monitor LLC."

37.     After the investigation in November 2019, YouTube suspended the account with the name "IPLLC."

## INSTRUCTION NO. 10

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 11

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 12

### DEPOSITION IN LIEU OF LIVE TESTIMONY

At times during the trial, you may hear testimony by a witness in the form of previously recorded deposition rather than live here in court. A deposition is the sworn testimony of a witness taken before trial. The witness was placed under oath to tell the truth, and lawyers for each side asked questions. The questions and answers were recorded.

Insofar as possible, you should consider deposition testimony presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1                   <u>INSTRUCTION NO. 13</u>

2                   EXPERT OPINION

You will hear testimony from expert witnesses who testify to opinions and the reasons for their opinions. This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it, reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 14

USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

INSTRUCTION NO. 15

USE OF REQUESTS FOR ADMISSION

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

1

<u>INSTRUCTION NO. 16</u>

2

CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

3

Certain charts and summaries not admitted into evidence may be shown to you in order to

4

help explain the contents of books, records, documents, or other evidence in the case. Charts and

5

summaries are only as good as the underlying evidence that supports them. You should, therefore,

6

give them only such weight as you think the underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

INSTRUCTION NO. 17

2

CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

3      Certain charts and summaries have been admitted into evidence to illustrate information

4  brought out in the trial. Charts and summaries are only as good as the testimony or other admitted

5  evidence that supports them. You should, therefore, give them only such weight as you think the

6  underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>INSTRUCTION NO. 18</u>

FOREIGN LANGUAGE TESTIONY

You will hear witnesses testifying in Russian. Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter. Although you may know Russian, and be tempted to rely on your own understanding of the language, you cannot do that because it is important that all jurors consider the same evidence. You must accept the interpreter's translation of the witness's testimony, and disregard any different meaning or interpretation from any other source, including your own understanding of the language.

You must not make any assumptions about a witness, or a party based solely on the use of an interpreter to assist that witness or party.

INSTRUCTION NO. 19

TRANSLATED DOCUMENTS

You will see English translations of documents that were written originally in Russian or Hungarian. Some documents will be presented with a single translation into English. You must accept the translation of the document, and disregard any different meaning or interpretation from any other source, including your own understanding of the foreign language that you might have. The translation is the evidence, not the foreign language in the original document. This is important to ensure that all jurors consider only the same evidence.

Some documents might be presented with two different translations into English because the parties could not agree on a single translation. In that case, you must decide whether a translation is accurate, in whole or in part. In considering whether a translation accurately states the words in a document, you should consider the testimony presented to you about how, and by whom, the translation was made. You may consider the knowledge, training, and experience of the translator, and the reasonableness of the translation in light of all the evidence in the case. You must not rely in any way on any knowledge you may have of the language in the original document.

INSTRUCTION NO. 20

EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the courtroom deputy. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the courtroom deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the courtroom deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain

from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

REVISED JOINT PRELIMINARY JURY INSTRUCTIONS

## INSTRUCTION NO. 21

### NO TRIAL TRANSCRIPT

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

REVISED JOINT PRELIMINARY JURY INSTRUCTIONS

INSTRUCTION NO. 22

TAKING NOTES

If you would like, you may take notes during trial to help you remember the evidence. Your binder has notepaper in it. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

INSTRUCTION NO. 23

QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

When the attorneys have finished examining a witness, you may propose a question to the witness to help clarify the testimony. A question may not be used to express any opinion about the testimony or argue with a witness. If you propose a question, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question using the form that has been put into your binders. Do not sign the question.

There are some proposed questions that I will not permit, or will rephrase from the wording submitted. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

REVISED JOINT PRELIMINARY JURY INSTRUCTIONS

1    INSTRUCTION NO. 24

2    CONDUCT OF THE JURY

3         Let's talk about your conduct as jurors. It is vitally important that you keep an open mind

4    throughout the trial. The testimony and evidence will unfold over several weeks, and you should

5    not reach any conclusions before you have heard everything that will be presented. In addition,

6    do not decide what the verdict should be until you and your fellow jurors have completed your

7    deliberations at the end of the case.

8         When it comes time for you to decide the verdict, your decision must be based on the

9    evidence received in the case and on my instructions on the law that applies. You must not be

10   exposed to any other information about the case or to the issues it involves during the course of

11   your jury duty.

12        For these reasons, do not communicate with anyone in any way and do not let anyone else

13   communicate with you in any way about the merits of the case or anything to do with it. This

14   covers every possible form of communication: in person, in writing, by phone, tablet, or computer,

15   or any other electronic means, via email, text messaging, chat room, blog, website or any social

16   media applications including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn,

17   Snapchat, or TikTok. The prohibition on communication applies to everyone, including your

18   family members, your employer, the media or press, and the people involved in the trial. It also

19   applies to communicating with your fellow jurors until I give you the case for deliberation. You

20   are free to tell your family and your employer that you have been seated as a juror in the case, and

21   how long you expect the trial to last. But you cannot share with them or anyone else any other

22   information about your jury service or about the case. If anyone asks you about your jury service

23   or the case, you must say that you have been ordered not to discuss the matter. You must also

24   promptly report the contact to me through Ms. Clark.

25        In addition, you must not, for any reason, do research or investigation on your own. You

26   will get all the evidence and legal instruction you may properly consider for the verdict right here

27

28

REVISED JOINT PRELIMINARY JURY INSTRUCTIONS

in the courtroom. Do not look up anything on the Internet, or in a book, or do any sleuthing or investigating of any sort. Do not visit or view any place or location that might be described during the case. Do not do any research about the law or the people involved in this case -- including the parties, the witnesses, the lawyers, or me. Also, while I have no information that there will be media coverage of this case, please make sure you do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it. If you happen to read or hear anything touching on this case in the media, turn away and let me know what happened by telling Ms. Clark.

That is a long list of "don'ts" but it is vitally important for you to follow these rules. They protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is crucial that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the Court immediately.

REVISED JOINT PRELIMINARY JURY INSTRUCTIONS

INSTRUCTION NO. 25

OUTLINE OF TRIAL

We are just about ready to start the trial. Each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement, and if a party chooses not to do one, you should not hold it against that party for any reason.

Plaintiffs will then present evidence and counsel for the Defendants may cross-examine. Then, the Defendants may present evidence, and counsel for the Plaintiffs may cross-examine. After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict

REVISED JOINT PRELIMINARY JURY INSTRUCTIONS