# EXHIBIT 2

**Plaintiffs' Arguments re Jury Verdict Form**

1. <u>"Primary" vs. "Direct" Infringement.</u>  In Question 1, consistent with the model jury instructions' use of the phrase "secondary infringement" in connection with describing contributory and vicarious infringement, the phrase "primary" infringement will avoid confusion for the jury including by not causing the jury erroneously to believe that Plaintiffs must show that YouTube itself directly copied Plaintiffs' copyrighted works.

2. <u>Applicability of Affirmative Defenses.</u>  Plaintiffs' positions in the text and the question in Table 2 properly asks the jury to decide whether all of the alleged infringements are covered by an affirmative defense as otherwise the infringements found are not fully defended. Defendants' proposed language would confuse the jury and likely cause the jury to make an erroneous finding that a single affirmative defense for a single claim or with respect to a single infringement would excuse all infringement of the work at issue.  Such an approach is inconsistent with the nature of the affirmative defenses asserted by the Defendants.  For example, YouTube should not be excused from vicarious or contributory infringement if it establishes only that a work is subject to a Terms of Service license which the Court has already determined would not be a defense to secondary infringement claims.  [Dkt 222 at 15.]  Likewise, YouTube should not be excused from all infringements of a copyrighted work if it establishes merely that a single such alleged infringement is "fair use" of the work—each infringement is separate and only one infringement of each work is necessary to establish the right to statutory damages.

3. <u>Question No. 4 re ISRC Claims Under 17 U.S.C. § 1202(b).</u>  Plaintiffs' proposed three subparagraphs track as directly as possible the language of the statute, 17 U.S.C., § 1202(b)(3) and thus should be adopted for the jury to hew closely to the applicable elements.  Defendants would alter the elements as compared to the actual language of § 1202 including: (a) eliminating "publicly performed" in subpart (1); (b) adding "at the time of distribution or importation" in subpart (2); (c) dropping "having reasonable grounds to know" from subpart (3); and (d) again adding "at the time of distribution or importation" to subpart (3).  The jury should not be subjected to the confusion these alterations to the statutory elements would cause.

5.  <u>Question No. 5 re Affirmative Defense to 17 U.S.C. § 1202</u>.  As with point 2 above, the jury should not be misled to believe that a single affirmative defense to one violation could act as a defense to all violations of 17 U.S.C. § 1202.

4.  <u>Question No. 6 re Statutory Damages for violation of 17 U.S.C. § 1202</u>.  Plaintiffs believe the jury should be utilized to determine the level of statutory damages given the factual inquiries necessary to make the decision.  Defendants believe there should be no Question No. 5 and instead the Court should determine the level of statutory damages.  Plaintiffs' position is consistent with *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340 (1998).  There, the Court explained there is a right to a jury trial on legal claims, but no such right for equitable claims.  *Id.* at 348.  In general, claims for monetary relief are legal.  *Id.* at 352.  The Court held that there is a Seventh Amendment right for a jury to determine the amount of statutory damages under § 504(c) of the Copyright Act because it involves an award of "monetary relief".  *Id.*  In enacting Section 1203, just months after the *Feltner* decision, Congress did not intend to disrupt *Feltner*'s holding that monetary copyright claims should be tried by a jury.  *See Huffman v. Activision Publ'g, Inc*., 219CV00050RWSRSP, 2021 WL 2339193, at \*7 (E.D. Tex. June 8, 2021) (holding that § 1203(c)(3)(B) provides a right to a jury trial and concluding that, based on the DMCA's passage shortly after *Feltner*, "Congress intended for courts to continue viewing statutory copyright remedies as legal remedies").  Indeed, Section 1203 involves an award of monetary relief, which is indisputably a legal claim for which there is a jury-trial right.  *Feltner*, 523 U.S. at 352; *J & J Sports Prods., Inc. v. Orellana*, 08-05468 CW, 2010 WL 1576447, at \*2–4 (N.D. Cal. Apr. 19, 2010) (jury trial right where statute allowed monetary relief).

5.  <u>Counterclaim Liability and Affirmative Defenses.</u>  The parties dispute the order of in which to identify the counterclaim defendants.  Counterclaim Defendants' version adopts the order used by Counterclaim Plaintiffs in their pleadings and the caption.

6.  <u>Counterclaim Damages.</u>  Counterclaim Defendants believe it is appropriate to include that YouTube must prove damages by a preponderance of the evidence in accordance with the instructions.  This will ensure the jury utilizes the proper standard and instructions.