# EXHIBIT 3

**Defendants' Statement in Support of the Use of Defendants' Verdict Form**

Defendants propose redlines to Plaintiffs' proposed verdict form to correct legal and factual errors as well as to avoid confusing and unfair language.

**Question 1 (Primary/Direct, Contributory, or Vicarious Infringement)**: <u>First</u>, use of "primary" to describe Plaintiffs' direct copyright infringement claim is confusing.  "Direct" more accurately identifies the claim at issue and is the term preferred by the model jury instructions. Plaintiffs' effort to change the term "direct" to "primary" appears to be some focus group-inspired change that has no basis in law.

**Question 2 (Affirmative Defenses to Infringement Claims)**: <u>First</u>, Defendants propose that the question posed in Table 2 be simply "Does an affirmative defense apply?", which is a clearer direction to jurors.  <u>Second</u>, Plaintiffs' proposed language suggesting Defendants must establish they are not liable for "any" infringement is confusing because Plaintiffs' language does not make clear that the jury must undertake a work-by-work analysis.

**Question 4 (Schneider's ISRC Claims)**: <u>First</u>, Plaintiffs' verdict form incorrectly alters the liability standard for a violation of 17 U.S.C. § 1202 by weakening the first scienter element. The statute provides that, to be liable, the defendant must distribute a recording of a work "knowing that [CMI] has been removed or altered without authority of the copyright owner or the law."  Plaintiffs' verdict form alters the "knowing" standard by the addition of "having reason to know."  <u>Second</u>, Defendants' verdict form makes clear that this knowledge should be assessed at the time of distribution.  This is clear from the language of the statute, since "knowing" directly modifies the predicate acts (e.g. "distribute") of 17 U.S.C. § 1202(b)(3).

**Question 6 (Damages for violations of 17 U.S.C. § 1202)**: Defendants propose removing Question 6 regarding damages for violations of 17 U.S.C. § 1202.  Assessing statutory

damages for a violation of § 1202 is a task for the Court and not the jury. *See* 17 U.S.C. § 1203(b) (It is among the "[p]owers of the court" "to award damages under subsection (c)," which includes statutory damages for a violation of § 1202.). *See* Defendants' Brief on Disputed Jury Instruction No. 50.

**Question 7 (Counterclaim Liability)**: Counterclaimants/Defendants propose including all options for potential liability among the Counterclaim-Defendants, and simplify the blanks that must be filled in, consistent with the other liability questions in the verdict form.

**Question 8 (Counterclaim Affirmative Defense)**: Counterclaimants/Defendants simplify the blanks that must be filled in, consistent with the other affirmative defense questions in the verdict form.

**Question 9 (Counterclaim Damages)**: Counterclaimants/Defendants propose omitting the language regarding burden of proof for consistency with other damages questions in the verdict form. Including language regarding the preponderance of evidence standard in this question only places unnecessary emphasis on that point in that portion of the verdict form as compared to the other damages questions in the verdict form.