UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> YOUTUBE, LLC, et al., <br><br> Defendants. | Case No. 20-cv-04423-JD <br><br> **ORDER RE COUNTERCLAIMS** |

Counterclaim defendant Pirate Monitor Ltd. (PML) was once a plaintiff in this case, but dismissed all of its claims against defendants YouTube and Google (YouTube) with prejudice. *See* Dkt. Nos. 1, 66. YouTube filed counterclaims against PML, Pirate Monitor LLC, and Gabor Csupo for breach of contract, fraud, and violation of 17 U.S.C. § 512(f) of the Digital Millennium Copyright Act (DMCA). Dkt. No. 160. PML and Csupo ask for summary judgment on the counterclaims. Dkt. No. 260.

The case is on the eve of a jury trial. This order is based on the Court's review of the summary judgment motion, and the parties' pretrial filings.

## I.  PIRATE MONITOR LLC

Counterdefendants say that Pirate Monitor LLC does not exist, which YouTube now acknowledges. *See* Dkt. No. 295-1 at 4. Pirate Monitor LLC is dismissed as a party in all respects.

## II.  CONTRACT AND FRAUD COUNTERCLAIMS

YouTube did not take substantive issue with PML and Csupo's challenges to the breach of contract and fraud counterclaims. To some extent, YouTube appeared to acknowledge that the video uploads were authorized, and stated that the "fraudulent takedowns (rather than the uploads)

1  are the focus of the counterclaims." *Id.* at 10.  In any event, the parties' pretrial filings indicate
2  that YouTube does not intend to pursue the contract and fraud counterclaims.  They are dismissed
3  without prejudice.

## III.     DMCA COUNTERCLAIM

Summary judgment is denied for the counterclaim under section 512(f) of the DMCA, 17 U.S.C. § 512(f).  Section 512(f) contemplates liability for persons that abuse the notice and takedown procedures in the DMCA.  *See* Dkt. No. 330 at 13-15 (DMCA takedown procedures). Section 512(f)(1) applies when a person knowingly misrepresents in a takedown notice that the accused material or activity is infringing.  17 U.S.C. § 512(f).  Section 512(f)(2) applies when a user knowingly mispresents in a counternotice that the accused material or activity was removed or disabled by mistake or misidentification.  *Id.*  In either case, the offending party may be liable for damages, including attorneys' fees and costs.  *Id.*; *see also Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1151 (9th Cir. 2016).

YouTube's counterclaim is alleged under Section 512(f)(1).  Dkt. No. 160 ¶¶ 80-81.  An argument can be made that summary judgment should be denied because YouTube did not have a full and fair opportunity to obtain discovery before the motion was filed.  *See* Fed. R. Civ. P. 56(d) (the Court may deny summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").  Intellectual Property LLC (IPLLC) -- an entity owned and controlled by Csupo that he says was responsible for submitting the allegedly fraudulent takedown notices -- did not complete its production to YouTube until May 13, 2023.  *See YouTube, LLC et al. v. Intellectual Property LLC*, No. 3:23-cv-01100-JD, Dkt. No. 23 (N.D. Cal. May 15, 2023).

Even so, the main barrier to summary judgment is the myriad of genuine disputes of fact with respect to the DMCA counterclaim.  Among other material issues, the parties dispute Csupo's involvement with the submission of the fraudulent takedown notices.  Csupo testified that he had nothing to do with submitting the notices, and that his instruction to remove videos after YouTube froze his Pirate Monitor LLC and IPLLC accounts was misinterpreted by his associate as a command to file takedown notices.  *See* Dkt. No. 296:68 at 191:15-22, 208:11-23, 216:5-

217:16.  YouTube says the takedown notices bear Csupo's name, electronic signature, phone number, and home address, and that the fraudulent notices were submitted before his Pirate Monitor LLC and IPLLC accounts were suspended.  *See* Dkt. No. 295-1 at 11-12.  The parties also dispute whether PML is an alter ego of Csupo or otherwise vicariously liable for the violations of section 512(f).  *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 677 (9th Cir. 2017) (describing elements of alter ego liability under California law).

These issues are representative of a host of other factual disagreements with respect to the DMCA counterclaim that a jury will need to decide.  *See FTC v. D-Link Sys., Inc.*, No. 17-cv-00039-JD, 2018 WL 6040192, at *1 (N.D. Cal. Nov. 5, 2018).

**IT IS SO ORDERED.**

Dated:  May 31, 2023

JAMES DONATO
United States District Judge