1

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
DAN JACKSON - # 216091
djackson@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
ANNA PORTO - # 319903
aporto@keker.com
LUKE APFELD - # 327029
lapfeld@keker.com
AMOS J. B. ESPELAND - # 332895
aespeland@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

2

3

4

5

6

7

8

9

10

11

DAVID H. KRAMER, SBN 168452
LAUREN GALLO WHITE, SBN 309075
QIFAN HUANG, SBN 339672
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  dkramer@wsgr.com
        lwhite@wsgr.com
        qhuang@wsgr.com

Attorneys for Defendants and Counterclaimants
YOUTUBE, LLC and GOOGLE LLC

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

SAN FRANCISCO DIVISION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

YOUTUBE, LLC and GOOGLE LLC,

Defendants.

YOUTUBE, LLC and GOOGLE LLC,

Counterclaimants,

v.

PIRATE MONITOR LTD., PIRATE MONITOR LLC, and GÁBOR CSUPÓ,

Counterclaim Defendants.

Case No. 3:20-cv-04423-JD

**SUPPLEMENT TO DEFENDANTS' MOTION IN LIMINE NO. 8 TO PRECLUDE RELITIGATION OF ISSUES IN THE COURT'S SUMMARY JUDGMENT ORDER**

Dept.:      Courtroom 11 – 19th Floor
Judge:      Hon. James Donato

Date Filed:  July 2, 2020

Trial Date:  June 12, 2023

2160011

# I.    INTRODUCTION

Defendants supplement their Motion in Limine No. 8 (MIL 8) to promptly inform the Court of a highly-relevant document that Defendants long ago requested, did not know existed, and did not receive until after MIL 8 was filed. The document grants publishing-administration rights held by plaintiff Maria Schneider's agent ArtistShare Music Publishing LLC (AMP) to A Side Music LLC dba Modern Works Music Publishing (MWP) (the "Assignment").[1] If MWP had timely produced the Assignment, it would have supported Defendants' motion for summary judgment (MSJ). Because MWP produced the Assignment too late for Defendants to use it in their MSJ, or in the original papers on MIL 8, and because the Assignment supports MIL 8, Defendants present it to the Court now, at Defendants' earliest opportunity.

# II.    BACKGROUND

On December 14, 2020, in response to YouTube's subpoena, MWP agreed to "produce agreements in its possession between itself and ArtistShare Music Publishing, LLC and/or ArtistShare, Inc." Declaration of Lauren Gallo White (White Decl.) Exs. 1–3. As of August 26, 2022, when Defendants filed their MSJ, MWP had not produced the Assignment, even though it indisputably falls within the scope of MWP's promise to produce documents. But Dan Coleman, the President and Co-Founder of MWP and the Chief Operating Officer of AMP, declared under penalty of perjury that AMP had granted publishing-administration rights to MWP and that plaintiff Maria Schneider had never objected to that grant. Dkt. No. 164-6 (Coleman Decl.).

On May 11, 2023, when the parties filed their motions in limine, including MIL 8, Defendants did not know of and  had not received a copy of the Assignment. Plaintiffs used that fact to their advantage in their opposition, quoting this Court's statement in the summary judgment order that "the only evidence of the assignment … is the declaration of Dan Coleman," which was insufficient "to establish that ArtistShare granted a license to MWP." Pls' MIL 8 Opp. at 3; *see also* Dkt. No. 222 at 6 (noting that "the assignment agreement itself … is not in the record before the Court").

---

[1] This is the document referred to in the Court's Summary Judgment Order as the "assignment." *See* Dkt. No. 222 at 6.

On May 30, 2023, at 4:00 PM, counsel for Defendants unexpectedly received the Assignment from Mr. Coleman. *See* White Decl. Ex. 5. The Assignment, which Mr. Coleman signed on November 27, 2007, grants MWP "the right to issue nonexclusive licenses throughout the World ('Territory') for all underlying musical compositions administered by [AMP] in any and all media now known or hereafter devised." *Id.* Defendants immediately produced the Assignment to Plaintiffs. White Decl. ¶ 9.

## III.   ARGUMENT

Plaintiffs' core argument in their opposition to MIL 8—that the only evidence of the Assignment is Mr. Coleman's declaration—is no longer true. The record has now been supplemented, at Defendants' earliest opportunity, with the Assignment, which was previously missing through no fault of Defendants', who timely served MWP with a subpoena squarely targeting the Assignment and do not control AMP, MWP or Mr. Coleman. On the contrary, AMP owes contractual duties to *Ms. Schneider*, as the Court has held. *See* Dkt. No. 222 at 7–13 (holding that Section 7 of the AA is a covenant, not a condition precedent). Now that the Assignment has been located and produced, Plaintiffs should not be allowed to confuse the jury by asserting or implying that it does not exist. *See* FRE 403.

Even assuming, for the sake of argument, that Ms. Schneider's assertion that she did not know about the Assignment is true, *see* Pls.' MIL 8 Opp. at 3, that simply shows that she should not be allowed to testify about it because a "witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Lacking personal knowledge by her own admission, *see* Pls.' MIL 8 Opp. at 3; Ex. 8A (Schneider Dep.) at 126:10-14, any testimony by Ms. Schneider about the Assignment is irrelevant and inadmissible. FRE 402. And any probative value Ms. Schneider's testimony about the assignment from AMP to MWP might have is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and/or wasting its time. FRE 403.

Any testimony on these topics by Ms. Schneider is further irrelevant and risks confusing and misleading the jury because Ms. Schneider's lack of knowledge of the assignment cannot turn Section 7 of the AA into a condition precedent. As this Court already held, lack of notice is a

breach by AMP of its covenant with Ms. Schneider. *See* Dkt. No. 222 at 7-13. Lack of notice does not and cannot invalidate the AA, or the Assignment from AMP to MWP, or the PLA. Moreover, Section 14(A) of the AA does not require Ms. Schneider's consent for subpublishing agreements such as the agreement between AMP and MWP; it only requires that any rights assigned be coterminous with the AA, which the Assignment is because it is nonexclusive and because if Ms. Schneider were to terminate the AA, the rights assigned to MWP would cease to exist. *See* Dkt. No. 164-7, §§ 1, 14(A); White Decl. Ex. 5.

If, on the other hand, Ms. Schneider *did know* about the Assignment but failed to disclose or produce it, or failed to ask her agent, Mr. Coleman, for a copy, knowing its relevance—first to the MSJ and now to MIL 8—Ms. Schneider should be precluded from testifying about the Assignment or calling it into question under FRCP 37(c). *See* White Decl. Ex. 4.

Thus, *whether or not* Ms. Schneider knew about the Assignment, she should not be allowed to testify about it or confuse the jury by calling its existence into question. *See* FRCP 37(c); FRE 403.

## IV.   CONCLUSION

The Court, therefore, should grant Defendants' MIL 8 in light of this newly-discovered evidence.

Respectfully submitted,

Dated:  June 1, 2023                KEKER, VAN NEST & PETERS LLP

By:   /s/ *Robert A. Van Nest*
ROBERT A. VAN NEST
DAN JACKSON
JULIA L. ALLEN
TRAVIS SILVA
ANNA PORTO
LUKE APFELD
AMOS J. B. ESPELAND

DAVID H. KRAMER
LAUREN GALLO WHITE
QIFAN HUANG
WILSON SONSINI GOODRICH & ROSATI

Attorneys for Defendants and
Counterclaimants
YOUTUBE, LLC and GOOGLE LLC