# EXHIBIT 1

to the Declaration of Lauren Gallo White

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARIA SCHNEIDER and PIRATE MONITOR LTD**, individually and on behalf of all others similarly situated<br><br>**Plaintiffs,**<br><br>v.<br><br>**YOUTUBE, LLC and GOOGLE LLC,**<br><br>**Defendants.** | Case No. 5:20-cv-4423 |

### NON-PARTY A SIDE MUSIC, LLC d/b/a MODERN WORKS MUSIC PUBLISHING'S RESPONSES AND OBJECTIONS TO THE SUBPOENA OF DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of California ("Local Civil Rules"), non-party A Side Music, LLC d/b/a Modern Works Music Publishing ("Modern Works") hereby objects and responds to the Subpoena of Defendants YouTube, LLC ("YouTube") and Google LLC ("Google," and collectively, "Defendants") in the above-captioned action (the "Lawsuit") as follows:

### GENERAL OBJECTIONS

These general objections are applicable to each specific Request and are incorporated by reference into each answer, response, and objection thereto.

1.     Modern Works objects to the Subpoena to the extent it primarily seeks the disclosure of information or the production of documents that are in the possession of the Parties to the Lawsuit. Modern Works further objects to the Subpoena because it seeks such information or documents from Modern Works before any information or documents have been disclosed or

1

produced by the Parties in this action. Modern Works, a non-party, should not have greater discovery burdens than the Parties to the Lawsuit, and should not have to produce documents that can and should be obtained directly from the Parties. Discovery of the information requested in the Subpoena should, in the first instance, be sought directly from the Parties.

2. Modern Works objects to the Subpoena to the extent that the Requests or the definitions contained therein impose obligations of disclosure beyond those required by the Federal Rules of Civil Procedure, the Local Civil Rules, or any other applicable statute, regulation, rule or court order.

3. Modern Works objects to the Subpoena to the extent it calls for the disclosure of information or the production of documents prepared solely for litigation or settlement purposes or protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, the common-interest privilege or any other applicable privilege, immunity, statute, regulation or rule. The inadvertent disclosure of any privileged information or production of any privileged documents shall not be deemed to be a waiver of any applicable privilege with respect to such information or documents.

4. Modern Works objects to the Subpoena to the extent it seeks the disclosure of information or the production of documents not within Modern Works' knowledge, possession, custody or control.

5. Modern Works objects to the Subpoena to the extent it defines "Modern Works" or "You" to include third parties, including Modern Works' attorneys or independent contractors. In responding to the Subpoena, Modern Works will define "Modern Works" to mean the limited liability company, its employees, officers, and members.

6. Modern Works objects to the Subpoena to the extent it defines "ArtistShare" to

include two separate and legally distinct entities: ArtistShare Music Publishing LLC and ArtistShare, Inc. In responding to the Subpoena, Modern Works will refer to either ArtistShare Music Publishing LLC ("ArtistShare Music Publishing") or ArtistShare, Inc. ("ArtistShare, Inc.").

7. Modern Works objects to the Subpoena to the extent that it calls for production of documents without specifying a time frame.

8. Neither an indication that documents will be produced nor an objection to a particular request in the Subpoena indicates that documents responsive to that Request exist.

9. To the extent that Modern Works objects on the ground that a Request seeks information in the possession, custody, or control of a Party, Modern Works does not concede or otherwise admit that such information is appropriate for discovery.

10. Modern Works reserves the right to amend, modify and supplement these responses as appropriate, including if new information is provided or becomes available to Modern Works.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:** Documents sufficient to identify Modern Works' current officers, managers, employees, and contractors and their positions.

**Response to Request No. 1:** In addition to the foregoing General Objections, Modern Works objects to this Request on the ground that seeking information regarding all Modern Works officers, managers, employees, and contractors, without any limitation or attempt to link those persons to the subject matter of the Lawsuit, is overbroad and not proportional to the needs of the Lawsuit. Subject to and without waiver of the foregoing, Modern Works states that it will identify those current officers, managers, employees, or contractors who have knowledge relevant to the Lawsuit.

**Request No. 2:** All documents referring or relating to Schneider, Schneider's copyrighted works, or the Lawsuit, including without limitation all communications between You and Schneider.

3

**Response to Request No. 2:** In addition to the foregoing General Objections, Modern Works objects to this Request in that it seeks information that is in the possession, custody, or control of Schneider, and would thus require Modern Works, a non-party, to be put through the burden and expense of searching for documents that are duplicative of documents in the possession of a Party. Modern Works further objects to this Request on the ground that seeking all communications between Modern Works and Schneider, without limitation or specific reference to the Lawsuit and/or the use of Schneider's copyrighted works on the YouTube site, is overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiver of the foregoing, Modern Works states that it will produce communications between Modern Works and Schneider concerning the Lawsuit and/or the use of Schneider's copyrighted works on the YouTube site that are locatable after a diligent search.

**Request No. 3:** All agreements between Modern Works and Schneider or between Modern Works and ArtistShare.

**Response to Request No. 3:** In addition to the foregoing General Objections, Modern Works objects to this Request in that it seeks information that is in the possession, custody, or control of Schneider, and would thus require Modern Works, a non-party, to be put through the burden and expense of searching for documents that are duplicative of documents in the possession of a Party. Modern Works further objects to this Request on the ground that seeking "[a]ll agreements," between Modern Works and ArtistShare, without regard to whether such agreements have any connection or relevance to Schneider, the Lawsuit and/or the use of Schneider's copyrighted works on the YouTube site, is overbroad, unduly burdensome, and not proportional to the needs of the case. Modern Works further objects to this Request on the ground that it seeks confidential, private, and/or proprietary information, and it will produce such information only on the condition that an

appropriate confidentiality order is entered by the Court.  Subject to and without waiver of the foregoing, Modern Works states that it will produce agreements between Schneider, on the one hand, and Modern Works, ArtistShare Music Publishing and/or ArtistShare, Inc., on the other hand, that cover the period at issue in the Lawsuit.

**Request No. 4:** All agreements granting licenses to exercise any of the rights set forth in Section 106 of the Copyright Act as to any copyrighted work authored, owned, or controlled in whole or in part by Schneider.

**Response to Request No. 4:** In addition to the foregoing General Objections, Modern Works objects to this Request to the extent that it seeks information that is in the possession, custody, or control of the Parties, including both Schneider and Defendants, and would thus require Modern Works, a non-party, to be put through the burden and expense of searching for documents that are duplicative of documents in the possession of Parties.  Modern Works further objects to this Request on the ground that seeking all agreements that grant to any person or entity any form of license to any work authored, owned, or controlled in whole or in part by Schneider, whether or not such work is at issue in the Litigation, is overbroad, unduly burdensome, and not proportional to the needs of the case.  Modern Works further objects to this Request to the extent it could be interpreted to call for production of agreements or licenses that do not directly reference Schneider and/or any specific copyrighted work authored, owned, or controlled in whole or in part by Schneider.  Modern Works further objects to this Request on the ground that it seeks confidential, private, and/or proprietary information, including information that is confidential or proprietary to direct competitors of Defendants who also do business with Modern Works.  Modern Works further states that Defendants are already in possession of their license agreement with Modern Works.

**Request No. 5:** All communications with any party regarding licenses, whether granted or not, to exercise any of the rights set forth in Section 106 of the Copyright Act as to any copyrighted work authored, owned, or controlled in whole or in part by Schneider.

**Response to Request No. 5:** In addition to the foregoing General Objections, Modern Works objects to this Request to the extent that it seeks information that is in the possession, custody, or control of the Parties, including both Schneider and Defendants, and would thus require Modern Works, a non-party, to be put through the burden and expense of searching for documents that are duplicative of documents in the possession of Parties. Modern Works further objects to this Request on the ground that seeking all communications regarding agreements that grant to any person or entity any form of license to any work authored, owned, or controlled in whole or in part by Schneider, whether or not such work is at issue in the Litigation, is overbroad, unduly burdensome, and not proportional to the needs of the case. Modern Works further objects to this Request to the extent it could be interpreted to call for production of communications regarding agreements or licenses that do not directly reference Schneider and/or any specific copyrighted work authored, owned, or controlled in whole or in part by Schneider. Modern Works further objects to this Request on the ground that it seeks confidential, private, and/or proprietary information, including information that is confidential or proprietary to direct competitors of Defendants who also do business with Modern Works. Modern Works further objects to this Request to the extent it seeks communications regarding license agreements that are protected by the attorney-client privilege.

**Request No. 6:** All communications between Modern Works and any Performing Rights Organization or between Modern Works and ArtistShare relating to Schneider or Schneider's copyrighted works.

**Response to Request No. 6:** In addition to the foregoing General Objections, Modern Works objects to this Request on the ground that communications between Modern Works and any Performing Rights Organization ("PRO") are not relevant nor important to resolving the claims at issue in the Lawsuit, nor proportional to the needs of the case, and the burden of this Request far outweighs any likely benefit. The Request is further overbroad and unduly burdensome in that it could be interpreted to encompass agreements or licenses that do not directly reference Schneider and/or any specific copyrighted work authored, owned, or controlled in whole or in part by Schneider. Modern Works further objects to this Request on the ground that it seeks confidential, private, and/or proprietary information, including information that is confidential or proprietary to direct competitors of Defendants. Modern Works further objects to this Request as being redundant of other Requests, including Request No. 5. Subject to and without waiver of the foregoing, Modern Works states that it will produce: communications between Modern Works and any PRO referring to the Lawsuit; communications between Modern Works and ArtistShare Music Publishing referring to the Lawsuit; and communications between Modern Works and ArtistShare, Inc. referring to the Lawsuit.

**Request No. 7:** All documents concerning Your use of YouTube's Content ID system, including without limitation on behalf of Schneider.

**Response to Request No. 7:** In addition to the foregoing General Objections, Modern Works objects to this Request to the extent that it seeks information that is in the possession, custody, or control of YouTube, and would thus require Modern Works, a non-party, to be put through the burden and expense of searching for documents that are duplicative of documents in the possession a Party propounding the Subpoena. Modern Works further objects to this Request on the ground that seeking all documents concerning Modern Works' use of YouTube's Content ID system,

7

without a limitation to documents that directly reference Schneider and/or any specific copyrighted work authored, owned, or controlled in whole or in part by Schneider, is overbroad, unduly burdensome, and not proportional to the needs of the case, which does not concern other copyrighted works administered by Modern Works in which Schneider does not hold an interest and did not author. Subject to and without waiver of the foregoing, Modern Works states that it will produce documents in its possession that directly refer to Schneider and/or any specific copyrighted work(s) authored, owned, or controlled in whole or in part by Schneider in connection with YouTube's Content ID system.

**Request No. 8:** All documents relating to royalties or any revenue obtained on behalf of Schneider or in connection with Schneider's copyrighted works.

**Response to Request No. 8:** In addition to the foregoing General Objections, Modern Works objects to this Request on the ground that it seeks documents related solely to a potential damages analysis, and is therefore premature, and notes that Defendants' own proposal for case management seeks to prioritize "class certification discovery over merits discovery . . . ." (ECF No. 42 at 14). Modern Works further objects to this Request on the ground that it seeks information concerning royalties or revenue unrelated to YouTube. Modern Works further objects to this Request on the ground that it seeks information (*i.e.* revenues from YouTube) that is in the possession, custody, or control of Schneider and/or Defendants, and would thus require Modern Works, a non-party, to be put through the burden and expense of searching for documents that are duplicative of documents in the possession of Parties.

**Request No. 9:** All insurance policies under which Modern Works may have liability coverage.

**Response to Request No. 9:** In addition to the foregoing General Objections, Modern Works objects to this Request on the ground that Modern Works is not a Party to the Litigation and has no liability to any of the Parties to the Action concerning any of the claims in the Litigation.

Dated:   New York, New York
            November 18, 2020

                              PRYOR CASHMAN LLP

                              By:   */s/ Michael Adelman*
                                      Frank P. Scibilia
                                      Michael B. Adelman
                              7 Times Square
                              New York, New York 10036
                              (212) 421-4100
                              fscibilia@pryorcashman.com
                              madelman@pryorcashman.com

                              *Attorneys for Non-Party A Side Music LLC d/b/a Modern Works Music Publishing*