# EXHIBIT 2

to the Declaration of Lauren Gallo White



Wilson Sonsini Goodrich & Rosati
Professional Corporation

650 Page Mill Road
Palo Alto, California 94304-1050

O: 650.493.9300
F: 650.493.6811

December 3, 2020

**VIA EMAIL**
Mr. Michael Adelman
Pryor Cashman LLP
7 Times Square
New York, New York 10036
madelman@pryorcashman.com

      Re:    *Schneider v. YouTube et. al.*, No. 20-04423-JD (N.D. Cal.)

Dear Michael:

      As you know, we represent Google LLC and YouTube, LLC ("YouTube") in relation to the above-referenced lawsuit (the "Lawsuit"). I write to meet and confer about Modern Works Music Publishing's ("Modern Works") November 18, 2020 responses and objections to YouTube's non-party document subpoena, dated October 26, 2020 (the "Subpoena").

### Modern Works' Responses and Objections to the Subpoena

      Modern Works' responses and objections to the Subpoena are deficient in several respects. We expect full cooperation from Modern Works in responding to the Subpoena, especially given the ongoing business relationship between YouTube and Modern Works.

### General Objections

      Modern Works objects to multiple Subpoena Requests on the basis that the Requests are allegedly too burdensome. This objection is not well taken: the Requests are narrowly tailored to request documents in connection with Modern Works' relationship with a single artist.

      Modern Works also objects to several of the Requests on the basis that they seek "confidential, private, and/or proprietary information" and further states that it will produce such information only pursuant to an "appropriate confidentiality order" entered by the Court. The parties have nearly finished negotiating a confidentiality order and we expect it will be entered shortly. Modern Works will have the ability to designate documents under the confidentiality order.

### Request No. 1

      Request No. 1 seeks "[d]ocuments sufficient to identify Modern Works' current officers, managers, employees, and contractors and their positions." Modern Works' attempt to limit its response to this Request to certain individuals with "knowledge relevant to the Lawsuit" is

WILSON SONSINI

Mr. Michael Adelman
December 3, 2020
Page 2

unacceptable. That proposed category of individuals is too vague and subjective to be workable. To the extent that Modern Works objects that Request No. 1 is overbroad, please be prepared to discuss the total number of individuals employed by Modern Works and whether identifying all of them would present an undue burden.

**Request No. 2**

Request No. 2 seeks "[a]ll documents referring or relating to Schneider, Schneider's copyrighted works, or the Lawsuit, including without limitation all communications between You and Schneider." In response to this Request, Modern Works lodges a relevance objection, among other objections, and states that it will produce only a limited category of communications between Modern Works and Schneider. However, Schneider's conduct relating to licensing her copyrighted works is relevant to numerous issues raised in the Lawsuit. For example, Schneider alleges in the Lawsuit that YouTube should know what instances of her works are unlicensed and should not allow such videos to appear on YouTube. Any licenses granted by Schneider are plainly relevant to this contention.

**Request No. 3**

Request No. 3 seeks "[a]ll agreements between Modern Works and Schneider or between Modern Works and ArtistShare." Modern Works' response to this Request indicates that it is refusing to produce any agreements between Modern Works and ArtistShare on relevance grounds. But Agreements between Modern Works and ArtistShare are directly relevant to the claims and defenses in this case because Schneider claims she is represented by ArtistShare in connection with her copyrighted works.

**Request Nos. 4 and 5**

Request Nos. 4 and 5 seek license agreements and communications with any party regarding licenses to Schneider's copyrighted works. Modern Works' refusal to produce any documents responsive to these Requests is unacceptable. Schneider has identified 50 copyrighted works at issue in the Lawsuit and has reserved the right to identify more works. Any licenses to Schneider's copyrighted works and related communications are highly relevant to the Lawsuit. To defend against the claims that Schneider has made, we need information about the licensing agreements that exist for Schneider's works. Insofar as Modern Works has such information, we are entitled to obtain it. If you are relying on a burden objection to avoid producing material responsive to this request, please identify the total volume of documents responsive to this Request, so we can understand the nature of the alleged burden and evaluate whether there is a reasonable compromise to be made.

**Request No. 6**

Request No. 6 seeks "[a]ll communications between Modern Works and any Performing Rights Organization or between Modern Works and ArtistShare relating to Schneider or Schneider's copyrighted works." YouTube rejects Modern Works' proposal to limit its response

WILSON SONSINI

Mr. Michael Adelman
December 3, 2020
Page 3

to this Request to communications "referring to the Lawsuit." The communications sought by this Request, as worded, are relevant to, among other things, the scope of licenses granted by Schneider to her works, which are relevant to YouTube's defenses. Licenses granted by Schneider through Performance Rights Organizations ("PRO") are relevant to Schneider's claims of infringement under the public performance right. Modern Works is listed as Schneider's agent on at least the ASCAP database, and may have other PRO relationships involving Schneider. All of Schneider's copyright licensing conduct is highly relevant to the claims and defenses in the Lawsuit and whether a class can be certified in light of Schneider's unique circumstances.

### Request No. 8

Request No. 8 seeks "[a]ll documents relating to royalties or any revenue obtained on behalf of Schneider or in connection with Schneider's copyrighted works." In response to this Request, Modern Works refuses to produce documents based on objections that the Request is premature and the information sought is irrelevant. But the unique ways in which Schneider monetizes her works as compared to other putative class members are directly relevant to class certification issues such as adequacy, typicality, and common issues of law and fact, as well as to damages.

### Request No. 9

Request No. 9 seeks "[a]ll insurance policies under which Modern Works may have liability coverage." Modern Works is obligated to indemnify YouTube with respect to Schneider's claims in the Lawsuit, and accordingly, insurance policies that may cover such claims are highly relevant to YouTube's defenses.

Please let us know when you are available to meet and confer by telephone. We propose scheduling a call for 3 pm Eastern/12 pm Pacific on Friday, December 4. If this time is not convenient, please let us know when you are available in the next week.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s/ Maura L. Rees

Maura L. Rees