# EXHIBIT 3

to the Declaration of Lauren Gallo White



PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Michael Adelman**

Direct Tel: 212-326-0435
Direct Fax: 212-326-0806
MAdelman@PRYORCASHMAN.com

December 14, 2020

**VIA E-MAIL (MREES@WSGR.COM)**

Maura L. Rees
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, California 94304

Re:   *Schneider v. YouTube et al.*, No. 20-cv-4423 - Subpoena to Modern Works

Dear Maura:

I write in response to your December 3, 2020 Letter requesting a meet and confer regarding YouTube's document subpoena to non-party Modern Works.[1]  Modern Works' objections and responses to the Subpoena are entirely proper in light of the scope of the litigation as well as the sweeping overbreadth and irrelevance of certain requests.  While YouTube seeks to invoke its "ongoing business relationship" with Modern Works, Modern Works wishes to remind YouTube that such a relationship is a two-way street, and needlessly burdening Modern Works with the cost and expense of producing documents that are undoubtedly in the hands of actual parties to the litigation is not conducive to a spirit of collaboration.

Further, we note that the Parties to the litigation are not even scheduled for their initial case management conference until January 21, 2021.  Accordingly, Modern Works views YouTube's stated concerns regarding a document production that has yet to be made as premature.  Nevertheless, Modern Works has cooperated and intends to continue to cooperate with YouTube in a reasonable manner and to narrow any potential issues in dispute.  In that spirit Modern Works provides the following supplemental comments regarding the objections and responses.

**Request No. 1**: Modern Works is perplexed as to what purpose YouTube could have for demanding the names and titles of Modern Works employees that do not interact with Schneider nor work on the administration of her copyrights as they relate to YouTube.  Modern Works further notes that it will vigorously contest any attempt to seek additional documents or a deposition from Modern Works employees that do not have job responsibilities related to Maria Schneider.

---

[1] Defined terms herein have the meanings ascribed to them in Modern Works' November 18, 2020 objections and responses to the Subpoena, unless otherwise noted.



Maura L. Rees
December 14, 2020
Page 2

However, to avoid needless dispute, Modern Works will identify all current employees in response to this request, whether or not they have knowledge relevant to the Lawsuit.

**Request No. 2:** To be clear, Modern Works has already agreed to produce documents in response to this Request related to Schneider's licensing activities. But the burden and expense of producing every single document and communication with Schneider that in any way touches upon licensing would be enormous, and may also implicate confidentiality obligations owed by Modern Works to other non-parties. Moreover, YouTube has not adequately articulated how licenses made by non-party Modern Works with parties other than YouTube (including with YouTube's or Google's competitors) are relevant to the action or to YouTube's defenses. Modern Works' proposal to narrow the request to encompass only those documents that reference Schneider's works and YouTube is reasonable, since the subject matter of the lawsuit is whether and how Schneider's works appear *on YouTube*. To the extent that YouTube seeks additional documentation regarding instructions conveyed by Modern Works to YouTube in relation to Schneider's works, Modern Works will endeavor to provide whatever such documentation it has in its possession.

**Request No. 3:** Modern Works has already agreed to produce agreements in its possession between Schneider (a party), and any of Modern Works, ArtistShare Music Publishing, LLC, and ArtistShare, Inc. YouTube insists that it is entitled not only to those agreements with Schneider, but also any bilateral agreement between non-party Modern Works and non-parties ArtistShare Music Publishing, LLC or ArtistShare, Inc. Simply put, Modern Works fails to see how YouTube is entitled to the agreements between two non-parties to the litigation. Notwithstanding the foregoing, in the spirit of cooperation noted above and because the burden is relatively low, Modern Works will also produce agreements in its possession between itself and ArtistShare Music Publishing, LLC and/or ArtistShare, Inc.

**Request Nos. 4 and 5:** Modern Works notes that as a threshold matter, YouTube has not even provided a list of copyrighted works that it contends would be responsive to this Request, leaving the burden on non-party Modern Works to figure out what works would be encompassed within this Request and quantify the burden. As YouTube tacitly admits, YouTube already has in its possession all information regarding what works have been posted on YouTube's platform, and all of the other information sought in these Requests should be in the possession of Schneider. To impose this massive burden on Modern Works, at this early stage of the case and before any party discovery, is simply unreasonable. See also our response to Request No. 2, above.

**Request No. 6:** Modern Works has already agreed to produce documents in its possession where the Lawsuit is discussed with PROs. Once again, YouTube seeks to expand beyond the scope of the present litigation with its overbroad Request. Notwithstanding the foregoing, in the spirit of cooperation and because the burden is relatively low, Modern Works will also produce all agreements in its possession with ASCAP, even if Schneider is not specifically mentioned.



Maura L. Rees
December 14, 2020
Page 3

**Request No. 8:** Modern Works notes that YouTube does not dispute it has access to its own records concerning revenues attributable to Schneider's works that flow through YouTube. Beyond that, Modern Works fails to see (and YouTube has failed to adequately explain) how the revenues it obtains from Schneider's compositions from other sources (including YouTube's direct competitors) is relevant to class certification. Moreover, gathering this information would constitute a significant burden on Modern Works, and may also implicate confidentiality obligations that Modern Works owes to other non-parties.

**Request No. 9:** Modern Works wishes to make its position unequivocal and clear: Modern Works bears no obligation to indemnify YouTube with respect to Schneider's claims in the Lawsuit. Moreover, Modern Works had no knowledge of or involvement with the filing of the Lawsuit by Schneider and has not aided Schneider with this Lawsuit in any manner. With those facts established, to avoid any needless dispute or misunderstanding, Modern Works will make clear that it does not maintain any insurance policies that could conceivably provide liability coverage related to YouTube's litigation with Schneider.

Modern Works is confident that YouTube, upon receipt of the documents that Modern Works has already agreed to voluntarily produce in response to the Subpoena (months before YouTube could even get such documents from Schneider herself), will realize that Modern Works has made a fulsome response to the Subpoena. Upon your review of the documents, Modern Works anticipates YouTube will not feel the need to pursue additional superfluous documents from a non-party that considers YouTube an important business affiliate.

Sincerely,

Michael Adelman

cc:   Frank Scibilia, Esq.