# EXHIBIT 4

to the Declaration of Lauren Gallo White

George A. Zelcs (*pro hac vice*)
 gzelcs@koreintillery.com
Randall P. Ewing, Jr. (*pro hac vice*)
 rewing@koreintillery.com
Ryan Z. Cortazar (*pro hac vice*)
 rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery (*pro hac vice*)
 stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
 sberezney@koreintillery.com
Michael E. Klenov, CA Bar #277028
 mklenov@koreintillery.com
Carol O'Keefe (*pro hac vice*)
 cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
 jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone:  (415) 293-6800
Facsimile: (415) 293-6899

*Attorneys for Maria Schneider and Pirate Monitor, LTD*

Philip C. Korologos (*pro hac vice*)
 pkorologos@bsfllp.com
Joanna C. Wright (*pro hac vice*)
 jwright@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Telephone:  (212) 446-2300
Facsimile: (212) 446-2350

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| MARIA SCHNEIDER and PIRATE MONITOR LTD, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YOUTUBE, LLC; GOOGLE LLC; and ALPHABET INC.;<br><br>Defendants. | CASE NO. 5:20-cv-4423<br><br>**PLAINTIFF MARIA SCHNEIDER'S OBJECTIONS AND RESPONSES TO YOUTUBE AND GOOGLE'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF MARIA SCHNEIDER** |

SCHNEIDER'S OBJECTIONS & RESPONSES TO DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS

1

CASE NO. 5:20-CV-4423

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Maria Schneider (together "Plaintiff" or "Schneider") submits the following responses and objections to Defendants YouTube, LLC ("YouTube") and Google LLC ("Google") (collectively "Defendants") First Set of Document Requests to Plaintiff Maria Schneider, dated October 12, 2020 (the "Requests"), in the above-captioned action (the "Action").

By these Responses, Schneider does not intend to, and does not, (1) waive any objection as to the admissibility of evidence or the competency of, relevancy of, materiality of, or privilege attaching to any information disclosed in these responses, or (2) waive the right to object to other discovery requests or undertaking involving or reflecting the subject matter of the Requests or these Responses. These Responses do not constitute, nor should they be construed as, admissions with respect to the relevancy or admissibility of any evidence or document identified herein or the truth or accuracy of any statement, characterization, or other information contained in such document. Schneider expressly does not concede the relevance or materiality of any of these Responses or the subject matter they refer to.

Schneider's discovery and preparation for trial of this matter is not complete as of the date of these Responses and are continuing. Schneider anticipates that discovery and preparation for trial will reveal additional information not presently known to her, but upon which she may rely. These Responses to the Requests are based upon information currently known to or believed to be true by Schneider. Schneider reserves the right to modify or supplement these Responses upon completion of discovery and preparation for trial of this matter, and to use at trial, or in any motion or deposition, any documents, facts, or supporting evidence of any sort later developed or discovered.

Schneider reserves the right to amend or revise these Responses, including based on any responses or objections submitted by Defendants to any of Schneider's discovery requests. Schneider also asserts that any discovery obligations should be mutual between parties, so that if any of Schneider's objections are overridden, Defendants should be subject to the same scope of discovery, including definitions and instructions for discovery compliance.

Schneider expects that the parties will negotiate a "search term protocol," which will govern the search for documents in this litigation, including the search terms and parameters, custodians, repositories and relevant time frame. Schneider will locate documents consistent with this protocol, which will be subject to further review for responsiveness.

**GENERAL OBJECTIONS**

1. Schneider objects to the Requests to the extent they impose obligations in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any court governing discovery in this case, or any discovery protocol agreed upon by the parties.

2. Schneider objects to the extent that Defendants' Requests purport to seek discovery of every conceivable document, or "any" or "all" documents, relating to a particular request. Schneider intends to negotiate reasonable document search parameters with Defendants.

3. Schneider objects to each Request to the extent it purports to seek information protected by the attorney-client privilege or the work-product doctrine, and Schneider will not provide any privileged and/or protected information. Any disclosure of privileged information would be inadvertent and should not be deemed a waiver of any applicable privileges.

4. Schneider objects to each Request to the extent that it contains words and/or phrases that are not defined, thereby rendering the Request overboard, vague, and ambiguous.

5. Schneider objects to the Requests to the extent that they seek information not within Schneider's possession, custody, or control.

6. Schneider objects to the Requests to the extent that they purport to impose a burden on Schneider to provide documents or information already in Defendants' possession, custody, or control, and/or which are publicly available, otherwise equally available to all parties, or available to Defendants from a less burdensome, more efficient, more convenient, or less expensive source than they are available to Schneider, or through a more convenient, more efficient, less burdensome, or less expensive means than the Requests.

7. Any objection to any of the Requests is not an admission that Schneider has any information or documents responsive to a particular Request.

8. When a response indicates that Schneider will produce documents, Schneider does not represent that any responsive documents are in her possession, custody, or control, but rather that production will be made if any such documents are located after a reasonable search.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. Schneider objects to the extent that Defendants' Definitions and Instructions seek information covered by privilege(s), including the attorney-client and attorney work product privileges. *See, e.g.*, Defendants' Definition Nos. 6–10 (definitions including attorneys).

2. Schneider objects to the extent that Defendants' Requests purport to seek discovery of every conceivable document, or "any" or "all" documents, relating to a particular request. Schneider intends to negotiate reasonable document search parameters with Defendants.

3. Schneider objects to the instruction to provide all documents in the possession, custody, or control of anyone other than Schneider. Consistent with her obligations under the Federal Rules and applicable law, Schneider will undertake reasonable efforts to produce responsive documents within her possession, custody, or control.

4. Schneider objects to the failure to include an instruction as to the relevant time period for the Requests. Schneider will apply reasonable date restrictions to her searches for responsive documents, consistent with her obligations under the Federal Rules and applicable law.

**SPECIFIC OBJECTIONS AND RESPONSES**

The General Objections and Objections to Definitions and Instructions set forth above are incorporated into the Specific Objections below, as if incorporated therein. Schneider reserves the right to amend or revise her Specific Objections, including after meeting and conferring with Defendants regarding any Request. A response to any request indicating that Schneider agrees to produce documents is not an admission that documents responsive to the Request exist and does not waive any objections to the use of any discovery produced in response to the Request.

**DOCUMENT REQUEST NO. 1:**

All documents related to copyright registrations and renewals of registration for the Works In Suit identified in response to Interrogatory No. 1.

**OBJECTIONS AND RESPONSE:** Schneider objects to Request No. 1 on the grounds that it is vague and overbroad.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 1, Schneider will produce copyright registrations and renewals of registration for the Works in Suit identified in response to Interrogatory No. 1. For any documents requested in Request No. 1 beyond that, Schneider is willing to meet and confer with Defendants about a more properly-tailored and narrowed request. Schneider states in accordance with Rule 34(b)(2)(C) that she has not completed her review and analysis of available or relevant documents responsive to Request No. 1, but that she currently believes that responsive documents will be withheld on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 2:**

All documents related to the authorship and/or ownership of each Work In Suit identified in response to Interrogatory No. 1, including but not limited to the identity of the author(s) and creator(s), any agreements You have with author(s) or creator(s) of the Works In Suit, and any assignments of copyrights in relation to the Works In Suit.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the General Objections or the Objections to Definitions and Instructions, in response to Request No. 2, Schneider will perform a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties. Schneider states in accordance with Rule 34(b)(2)(C) that she has not completed her review and analysis of available or relevant documents responsive to Request No. 2, but that she currently believes that responsive documents will be withheld on the basis of the objections contained herein.

**DOCUMENT REQUEST NO. 3:**

All agreements that have granted exclusive or non-exclusive licenses to exercise any of the rights set forth in Section 106 of the Copyright Act as to the Works In Suit identified in response to Interrogatory No. 1.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the General Objections or the Objections to Definitions and Instructions, in response to Request No. 3, Schneider will perform a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 4:**

All agreements that have authorized any other person or entity to grant licenses to exercise any of the rights set forth in Section 106 of the Copyright Act as to the Works In Suit identified in response to Interrogatory No. 1.

**OBJECTIONS AND RESPONSE:** Subject to and without waiving the General Objections or the Objections to Definitions and Instructions, in response to Request No. 4, Schneider will perform a reasonable search for documents pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 5:**

All documents relating to Modern Works Publishing, including but not limited to any agreements between You and Modern Works Publishing.

**OBJECTIONS AND RESPONSE:** Schneider objects to Request No. 5 on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 5, Schneider will produce agreements between Schneider and Modern Works Publishing concerning the Works in Suit. For any documents requested

in Request No. 5 beyond that, Schneider is willing to meet and confer with Defendants about a more properly-tailored and narrowed request.

**DOCUMENT REQUEST NO. 6:**

All documents relating to ArtistShare, including but not limited to any agreements between You and ArtistShare.

**OBJECTIONS AND RESPONSE:** Schneider objects to Request No. 6 on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 6, Schneider will produce agreements between Schneider and ArtistShare concerning the Works in Suit. For any documents requested in Request No. 6 beyond that, Schneider is willing to meet and confer with Defendants about a more properly-tailored and narrowed request.

**DOCUMENT REQUEST NO. 7:**

All agreements between You and any Performing Rights Organization, including but not limited to the American Society of Composers, Authors and Publishers ("ASCAP").

**OBJECTIONS AND RESPONSE:** Schneider objects to Request No. 7 on the grounds that it is overbroad and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 7, Schneider will produce agreements between Schneider and any Performing Rights Organization concerning the Works in Suit. For any documents requested in Request No. 7 beyond that, Schneider is willing to meet and confer with Defendants about a more properly-tailored and narrowed request.

**DOCUMENT REQUEST NO. 8:**

All communications between You and Modern Works Publishing.

**DOCUMENT REQUEST NO. 47:**

All documents and communications concerning any mistakes by You or a third party in identifying allegedly infringing material on YouTube.

**OBJECTIONS AND RESPONSE:** Schneider objects to Request No. 47 on the grounds that it is overbroad and unduly burdensome in that it seeks information that is not within Schneider's possession or control, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence. Schneider further objects as vague and ambiguous because it fails to define "mistakes," "material," and "allegedly infringing," and because it fails to specify the time period that applies to the Request.

Subject to and without waiving these objections, the General Objections, or the Objections to Definitions and Instructions, in response to Request No. 47, Schneider will perform a reasonable search for documents related to mistakes, if any, related to Schneider's Works in Suit pursuant to a mutually agreed upon search protocol and will produce responsive, non-privileged documents, if any, from the relevant time range agreed to by the parties.

**DOCUMENT REQUEST NO. 48:**

Any communications with third parties concerning the applicability of the DMCA to any YouTube, Google, or third-party website.

**OBJECTIONS AND RESPONSE:** Schneider objects to Request No. 48 as vague and ambiguous because it fails to define "applicability" and "third-party website" and because it fails to specify the time period that applies to the Request. Schneider also objects on the grounds that it is overbroad, seeks privileged information, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.

Dated: November 11, 2020                          Respectfully submitted,

                                                  /s/ Steven M. Berezney
                                                  George A. Zelcs *(pro hac vice)*
                                                  Randall P. Ewing, Jr. *(pro hac vice)*
                                                  Ryan Z. Cortazar *(pro hac vice)*

**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery *(pro hac vice)*
Steven M. Berezney, CA Bar #329923
Michael E. Klenov, CA Bar #277028
Carol O'Keefe *(pro hac vice)*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Phone: (415) 293-6800
Fax: (415) 293-6899

Philip C. Korologos *(pro hac vice)*
Joanna C. Wright *(pro hac vice)*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY  10001
Phone: (212) 446-2300
Fax: (212) 446-2350

*Attorneys for Maria Schneider and Pirate Monitor LTD*

### CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2020, I caused the foregoing Plaintiff Maria Schneider's Objections and Responses to YOUTUBE and GOOGLE'S First Set of Document Requests to Plaintiff Maria Schneider to be served on all opposing counsel of record by email at the addresses listed below:

Schneidervyoutube@wsgr.com

                                    /s/ Steven M. Berezney

SCHNEIDER'S OBJECTIONS & RESPONSES         23         CASE NO. 5:20-CV-4423
TO DEFENDANTS' FIRST SET OF
DOCUMENT REQUESTS