George A. Zelcs*
gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
rewing@koreintillery.com
Ryan Z. Cortazar *
rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
sberezney@koreintillery.com
Carol O'Keefe*
cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
pkorologos@bsfllp.com
Jeffrey Waldron*
jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENT TO DEFENDANTS' MOTION IN LIMINE NO. 8**<br><br>Dept:      11<br>Judge:    Hon. James Donato<br><br>Trial Date:   June 12, 2023 |

Remarkably, Defendants' Supplement to their Motion in Limine No. 8 and the new document underlying that Supplement establish that Defendants submitted testimony from Dan Coleman in support of their Motion for Summary Judgment that we now know to have been false. The referenced document, a "Memorandum" agreement which Defendants apparently only recently received, also eliminates Defendants' license defense because it establishes that ArtistShare did *not* assign any rights or duties under its Administration Agreement with Ms. Schneider, let alone ownership or control rights over Ms. Schneider's works. Not only does the Memorandum never even mention the Administration Agreement or any assignment of such agreement, <u>it could not have done so</u> as the Memorandum is dated *prior to* the Administration Agreement. Defendants' Motion in Limine No. 8 should be denied, including because Defendants' license defense is expressly eliminated by language in the PLA.

A. **The Newfound Memorandum Shows Mr. Coleman's Declaration Was False and Eliminates Defendants' License Defense.**

In support of their August 26, 2022, Motion for Summary Judgment, Defendants submitted a declaration of Dan Coleman. [ECF 164-6.] Central to that motion, and noted in the denial of summary judgment on Defendants' license arguments [ECF 222 at 6], was Mr. Coleman's testimony that, "In accordance with §14A of the Administration Agreement, AMP assigned all its duties under the Administration Agreement to Modern." [ECF 164-6 ¶ 4.]

This testimony is plainly false. The recently provided Memorandum—what Defendants' call the "Assignment"[1]—can have been neither "[i]n accordance with §14A of the Administration Agreement" nor an assignment of ArtistShare's "duties under the Administration Agreement" because the Administration Agreement, entered into in 2008 [ECF 164-6 ¶ 2; ECF 164-7 at 1], did

---

[1] Defendants' Supplement also states, "This is the document referred to in the Court's Summary Judgment Order as the 'assignment.'" [ECF 343 at 1 n.1.] That Order [ECF 222] notes that "the assignment agreement itself, or any other evidence that might establish that MWP had control or ownership rights to Schneider's compositions, is not in the record before the Court." [*Id.* at 6.]

Plaintiffs reserve the right to object to any use of the Memorandum, including its hearsay nature and questionable authenticity. Notably, the only person who could authenticate the Memorandum is Mr. Coleman, who was removed from Defendants' witness list approximately 24 hours prior to when he sent the Memorandum to Defendants' counsel.

not even exist when the Memorandum was signed weeks earlier on November 27, 2007, with an effective date of October 1, 2007 [ECF 343-6].  Indeed, there is no mention in the Memorandum of the Administration Agreement between Ms. Schneider and ArtistShare nor an "assignment" of that or any other agreement.  Moreover, Section 14(A) of the Administration Agreement is plainly drafted to permit, in the future, an assignment of that agreement—"we *may* license or assign any of our rights in this Agreement".  [ECF 164-7 § 14(A) (emphasis added).]  There is no mention or other indication in the Administration Agreement that ArtistShare had somehow already assigned the agreement when it was entered into; instead, the agreement expressly states that *ArtistShare*, not Modernworks, accepts its appointment as Ms. Schneider's "sole and exclusive Administrator".  [*Id.* § 6.]  There can be no question that Defendants relied on Mr. Coleman's testimony to suggest, we now know inaccurately, that after the Administration Agreement was entered into, it was assigned to Modernworks.  Indeed, the Court, in recounting the facts, described the January 1, 2008, appointment of ArtistShare as Ms. Schneider's Administrator and then noted that ArtistShare "*subsequently* assigned 'all its duties' under the AA to MWP".  [ECF 222 at 5 (emphasis added).]

       Independent of these significant issues, and further to the Court's recognition that without the "assignment agreement" there was no evidence other than Mr. Coleman's declaration "that might establish that MWP had control or ownership rights to Schneider's compositions" [*id.* at 6], the Memorandum expressly states, "The rights granted to [A Side Music] hereunder are administrative in nature and *do not include any rights of ownership whatsoever*" [ECF 343-6 (emphasis added)], which independently undermines Defendants' license defense.

       The Memorandum thus eliminates Defendants' ability to rely on the PLA between Modernworks and Google as a license defeating any infringement claims, which should render moot Defendant's Motion in Limine No. 8 since there is no relevance of a purported assignment that does not exist and thus there should no longer be a question of either side submitting evidence on a non-existent assignment.  Should Defendants choose to ignore the facts they have revealed and attempt to present such prejudicial evidence of purported assignment, Plaintiffs must be permitted to present the testimony of Ms. Schneider and/or Mr. Sanders on their lack of

2
Case No. 3:20-cv-04423-JD

knowledge of any such assignment—testimony wholly consistent with the facts laid out above.

### B. Independently, the PLA License Does Not Bar Ms. Schneider's Suit.

Irrespective of the lack of an assignment that could render Modernworks' PLA with Google applicable, the PLA license cannot foreclose Ms. Schneider's claims against YouTube.

Under Section 11(e) of the PLA, Modernworks as licensor "covenants and agrees" not to sue Google for copyright infringement, "*provided that this covenant not to sue does not extend to any legal claim arising from the public performance of any musical work on the YouTube Website or elsewhere.*" [ECF 164-3 § 11(e) (emphasis added).] Hence, Defendants cannot establish that Modernworks, let alone Ms. Schneider (who is not bound by the PLA as noted above) are prohibited from bringing suit based on the public performance of Ms. Schneider's works on YouTube. Here, Ms. Schneider's claims are precisely of that nature—she is suing Google and YouTube based on the presence and streaming of infringing musical content to users on the YouTube platform, contained in videos uploaded by users who have no license of any kind. *Columbia Pictures Indus., Inc. v. Galindo*, 2022 WL 17094713, at *7 (C.D. Ca. Nov. 18, 2022) ("Streaming a copyrighted work over the internet qualifies as public performance."); *Am. Broad. Companies, Inc. v. Aereo, Inc.*, 573 U.S. 431 (2014) ("streams to each subscriber" "over the Internet" qualify as public performance). As such, whatever Modernworks licensed to YouTube under the PLA (which as noted above would not have included any of Ms. Schneider's works), Defendants cannot use the PLA as a defense to Ms. Schneider's infringement claims, again rendering Defendant's Motion in Limine No. 8 moot. Notably, the PLA also grants Google only a "nontransferable, nonsublicensable" license, which therefore cannot be passed to users [ECF 164-3 § 2(a)], and thus at most any defense under the PLA is limited to direct infringement claims.

### CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion in Limine No. 8.

3  Case No. 3:20-cv-04423-JD
PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENT TO DEFENDANTS' MOTION IN LIMINE NO. 8

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| Dated: June 3, 2023 | | /s/ *Philip Korologos* |

    Philip C. Korologos*
    *pkorologos@bsfllp.com*
    Jeffrey Waldron*
    *jwaldron@bsfllp.com*
    BOIES SCHILLER FLEXNER LLP
    55 Hudson Yards, 20th Floor
    New York, NY 10001
    Telephone: (212) 446-2300
    Facsimile: (212) 446-2350

    Joshua Irwin Schiller, CA Bar #330653
    *jischiller@bsfllp.com*
    BOIES SCHILLER FLEXNER LLP
    44 Montgomery St., 41st Floor
    San Francisco, CA 94104
    Telephone: (415) 293-6800
    Facsimile: (415) 293-6899

    George A. Zelcs*
    *gzelcs@koreintillery.com*
    Randall P. Ewing, Jr.*
    *rewing@koreintillery.com*
    Ryan Z. Cortazar*
    *rcortazar@koreintillery.com*
    KOREIN TILLERY, LLC
    205 North Michigan, Suite 1950
    Chicago, IL 60601
    Telephone: (312) 641-9750
    Facsimile: (312) 641-9751

    Stephen M. Tillery*
    *stillery@koreintillery.com*
    Steven M. Berezney, CA Bar #329923
    *sberezney@koreintillery.com*
    Carol O'Keefe*
    *cokeefe@koreintillery.com*
    KOREIN TILLERY, LLC
    505 North 7th Street, Suite 3600
    St. Louis, MO 63101
    Telephone: (314) 241-4844
    Facsimile: (314) 241-3525

    *Admitted *pro hac vice*

*Attorneys for Plaintiffs*