UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SCHNEIDER, et al., | Case No.  20-cv-04423-JD |
| Plaintiffs, | |
| v. | **PRETRIAL ORDER NO. 2** |
| YOUTUBE, LLC, et al., | |
| Defendants. | |

As discussed at the second pretrial conference on June 5, 2023, the Court orders as follows for the jury trial set for June 12, 2023:

## I.    JOINT TRIAL PLAN

1. For the parties' joint proposed trial plan, the parties agree that the first sentence of Paragraph 4.3 should state that statutory damages will be awarded by the jury on a per work (not per infringement) basis for the six selected works to be tried for plaintiff Schneider's infringement claims.  Dkt. No. 341 ¶ 4.3.  The parties agree to try six bellwether infringement works and six bellwether CMI violations, and to apply the damages that may be awarded to the remaining claims on a pro rata basis.  *Id.* ¶¶ 4, 7.  In light of these agreements, none of Schneider's remaining infringement claims or CMI violations will be tried to a jury in this trial or in any subsequent trial.  *See* Fed. R. Civ. P. 39(a).

2. Pursuant to the parties' agreement, plaintiffs are directed to file by June 9, 2023, a dismissal of (1) plaintiff AST Publishing as a party; (2) the foreign unregistered works infringement claims by AST and Uniglobe; and (3) Schneider's claims with respect to CLFN metadata.  Dkt. No. 341.

United States District Court
Northern District of California

United States District Court
Northern District of California

## II.    JURY QUESTIONNAIRE CONFERENCE, VOIR DIRE, AND PRELIMINARY JURY INSTRUCTIONS

1.  The Court's courtroom deputy clerk, Ms. Lisa Clark, will email the received jury questionnaire responses to each side on June 7, 2023.  A conference will be held in person in Courtroom 11 on **June 8, 2023**, at **1:00 p.m.**, to discuss the responses.  The Court will also take up the proposed preliminary jury instructions.

2.  The Court will file proposed voir dire questions on June 7, 2023.  Any objections or concerns will be taken up at the conference on June 8, 2023.  The parties are directed to file by 7:00 a.m. on June 12, 2023, a final joint list of witnesses to be used during voir dire.

3.  As directed in the first pretrial order, Dkt. No. 335, each side will give a non-argumentative "mini-opening" to the jury venire not to exceed 3 minutes.  The parties are directed to share their proposed statements before June 12, 2023.

## III.    *DAUBERT* MOTION RE HAL SINGER

1.  Witness Singer is withdrawn by agreement.

## IV.    *DAUBERT* MOTION RE JOSEPH WINOGRAD

1.  Exclusion is granted for the opinions in Paragraph 95 of the Winograd report.  The opinion that YouTube could provide "Ordinary Copyright Owners with effective tools to find infringing videos on YouTube . . . within [its] existing capabilities and budget for such activities and . . . with little technical risk," is too vague, and is not sufficiently tied to any particular expertise or specialized knowledge that Winograd has.  FRE 702(a).

2.  Exclusion of the remainder of Winograd's opinions is granted for the same reasons.  The Court may revisit exclusion depending on the evidence admitted at trial with respect to technical issues.

## V.    *DAUBERT* MOTION RE PAUL JESSOP

1.  Witness Jessop's opinions re CLFN metadata and method of identifying CMI within video files are withdrawn by agreement.  Dkt. No. 264-4 ¶¶ 137-46.

2.  Exclusion is granted with respect to legal conclusions about knowledge or intent.  Exclusion is denied for the remainder of Jessop's opinions.

United States District Court
Northern District of California

**VI.** *DAUBERT* **MOTION RE FRANCOIS-XAVIER NUTTALL**

1. Witness Nuttall's opinions about CLFN metadata are withdrawn by agreement.

2. Exclusion of the remainder of Nuttall's opinions with respect to ISRCs is denied. Plaintiffs may cross-examine Nuttall on his definition of CMI, and the relevance of industry practice re ISRCs.

**VII.** *DAUBERT* **MOTION RE STEVEN PETERSON**

1. Witness Peterson is withdrawn by agreement.

**VIII. PLAINTIFFS' MOTIONS IN LIMINE**

1. **MIL No. 1**: **WITHDRAWN** by plaintiffs.

2. **MIL No. 2**: **DENIED**.  Plaintiffs have not shown that judicial estoppel applies.  *See Ah Quin v. County of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013) (judicial estoppel factors).

3. **MIL No. 3**: **DENIED**.  YouTube may introduce evidence regarding the scope of relevant licenses.  Plaintiffs' argument that certain YouTube contracts grant licenses only to YouTube, and not to YouTube's users, should have been raised at summary judgment.  *See* Standing Order for Civil Jury Trials ¶ 6.

4. **MIL No. 4**: **DENIED**.  YouTube may introduce evidence of an unsuccessful takedown notice submitted by Uniglobe.

5. **MIL No. 5**: **WITHDRAWN** by plaintiffs.

6. **MIL No. 6**: **CONDITIONALLY DENIED** pending developments at trial.  YouTube may introduce evidence that a plaintiff transferred an exclusive right in a work as warranted under FRE 402 and 403.

7. **MIL No. 7**: **GRANTED**.  There will be no evidence or testimony about the marginal cost of adding additional reference files to the Content ID database.  YouTube did not adequately disclose this information during discovery, as requested by plaintiffs.

8. **MIL No. 8**: **DENIED**.  YouTube has stipulated to facts 1, 2, 4, 5, and 8 in the proposed preliminary jury instructions.  YouTube may contest the remaining facts at trial.  Plaintiffs again have not demonstrated that judicial estoppel applies.

United States District Court
Northern District of California

## IX.    YOUTUBE'S MOTIONS IN LIMINE

1. **MIL No. 1**: **DENIED**.  Evidence of plaintiffs' lost revenues and YouTube's profits may be relevant to statutory damages.  *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990); 4 Nimmer on Copyright § 14.04 (statutory damages may be based on "expenses saved and profits reaped by the defendants in connection with the infringements" and "the revenues lost by the plaintiffs as a result of the defendant's conduct") (internal quotations omitted).  The Court may consider a limiting instruction to ensure the jury considers the evidence appropriately.

2. **MIL No. 2**: **DENIED**.  Schneider may testify about her opinions generally and experiences with Content ID.  Objections will be addressed as warranted during trial.

3. **MIL No. 3**: **GRANTED** with respect to claims of infringement of works identified after February 25, 2022.  Plaintiffs may offer evidence of 5 such infringements only to show willfulness or other factors relevant to statutory damages.  Plaintiffs must lay an adequate foundation.  The Court may consider a limiting instruction as warranted.

4. **MIL No. 4**: **WITHDRAWN** by YouTube.

5. **MIL No. 5**: **DENIED**.  MIL No. 5 raises arguments that were declined at summary judgment.  *See* Dkt. No. 222 at 21 n.8.

6. **MIL No. 6**: **GRANTED**.  Plaintiffs may not introduce evidence of the Content ID search results for their works pursuant to the parties' agreement.  Dkt. No. 311-2, Ex. 6A.

7. **MIL No. 7**: **DENIED IN PART**.  Plaintiffs may introduce reasonable evidence of YouTube's financial condition, but may not dwell on the issue.

8. **MIL No. 8**: **DENIED**.  The parties may offer evidence about Schneider's contractual arrangements.  No testimony may be offered about the meaning or intent of Section 7 of the Administration Agreement between Schneider and ArtistShare Music Publishing unless approved in advance by the Court.  *See* Dkt. No. 222 at 12-13.

## X.    TRIAL CONDUCT

1. During witness testimony, all individuals at the tables for counsel will remain seated and silent except for the attorneys handling the examination.  An opposing party's

presentations and witness examinations are not an opportunity for the other side to engage in discussions, take deliveries, rummage through boxes, and the like.  Violators will be excused from the courtroom for the day and possibly the remainder of trial, depending on circumstances.

2. Individuals at the tables for counsel may not react visibly or audibly to witness testimony.

3. No motions may be filed during the trial without the Court's express pre-approval on the record.  A request must be made in court and not in an after-hours filing.

## XI.     OTHER ISSUES

1. Witnesses will testify once irrespective of whether one or both sides call the witness. Formalities about a party's case-in-chief will not be observed for the order of witness testimony.  Consequently, if plaintiffs call a witness whom YouTube also intends to call, YouTube's direct examination of the witness will follow plaintiffs' examination of the witness.  YouTube may not put the witness on again for the presentation of their case to the jury.

2. The Court requires opposing experts to testify back-to-back.  This improves jury comprehension and streamlines the presentation of evidence.  The parties are directed to plan accordingly.

   **IT IS SO ORDERED.**

Dated:  June 6, 2023

_____

JAMES DONATO
United States District Judge