George A. Zelcs*
gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
rewing@koreintillery.com
Ryan Z. Cortazar*
rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
sberezney@koreintillery.com
Carol O'Keefe*
cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
pkorologos@bsfllp.com
Jeffrey Waldron*
jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD.<br><br>Plaintiffs,<br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | CASE NO.:  3:20-cv-04423-JD<br><br>**PLAINTIFFS' MOTION TO AMEND THE PLEADINGS PURSUANT TO RULE 15 AND FOR DISMISSAL PURSUANT TO RULE 41**<br><br>Judge:  Hon. James Donato<br><br>Date: June 12, 2023<br>Time: 9:00 AM |

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and 41(a)(2), Plaintiffs respectfully move the Court for leave to dismiss without prejudice all of AST Publishing Ltd.'s claims and its action against Defendants YouTube, LLC and Google LLC ("Defendants") and to dismiss without prejudice Uniglobe Entertainment, LLC's claims based on foreign works and Maria Schneider's claims under 17 U.S.C. § 1202 that relate to copyright management information located in the clip filename metadata field (sometimes referred to in this litigation as "CLFN claims" and collectively with the foreign unregistered works claims of AST and Uniglobe, the "Relevant Claims").

## INTRODUCTION

Plaintiffs make this motion for an order dismissing certain claims without prejudice, consistent with Defendants' prior agreement (withdrawn the Friday evening before the start of trial on Monday) and this Court's prior direction that no party should be penalized for streamlining trial by dropping claims.

At the May 25, 2023, pretrial conference, Defendants were granted permission to withdraw their DMCA safe harbor affirmative defense. In so ruling, the Court, addressing counsel for Plaintiffs, stated: "Just as if you decided to drop half your claims, you know, I would not force you to try them or face what is effectively a default judgment. That's just not right . . . I would not exercise my discretion to penalize either party for improving the efficiency of the trial by dropping claims that they no longer believe in. That is antithetical to the fair and just administration of cases not to mention the efficient use of jury, party and court resources." (Ex. 1[1]—5/25/23 Hrg. Tr. at 20:15–20:24.)

Consistent with this, Plaintiffs acted to drop claims to improve the efficiency of the trial. Originally, Plaintiffs pursued this litigation as a putative class action. But the Court's order denying class certification on May 22, 2023, [ECF 330], changed Plaintiffs' views about how best to prosecute this case, just as it changed Defendants' views about what defenses to present to the jury. Specifically, Plaintiffs concluded that the continued prosecution of the Relevant Claims on an individual basis would not be an efficient use of judicial and party resources. Thus, after the

---

[1] References to "Ex. __" are to the Exhibits attached to the June 10, 2023, Declaration of Philip Korologos in support of this motion.

1  May 25 pretrial conference, Plaintiffs proposed and negotiated with Defendants what became the
2  May 31, 2023, trial plan [ECF 341] to improve the efficiency of the trial for all involved, which
3  proposed plan included the withdrawal of the Relevant Claims.
4  　　　The agreement between the parties that led to the trial plan was unequivocal that the dismissal
5  of the Relevant Claims would be *without prejudice* in light of the Court's ruling denying class
6  certification and Plaintiffs expressly noted that the dismissal would be "with the same prejudice as
7  YouTube's dismissal of its DMCA affirmative defense"—*i.e.*, with the understanding that the
8  claims or defenses could be revived should the Court's order regarding class certification be
9  reversed or vacated upon appeal.  (Ex. 3—5/31/2023 7:36 AM. Korologos email.)  In negotiating
10 the trial plan and consistent with Plaintiffs' proposal, Defendants recognized that "Plaintiffs do not
11 intend to pursue" the Relevant Claims "in this action or any future action *absent a reversal by the*
12 *9th Circuit of the court's denial of class certification.*"  (Ex. 4—5/31/23 12:49 p.m. Allen email)
13 (emphasis added).  That is, Defendants acknowledged and accepted that a reversal of the Court's
14 class certification order—including through a post-trial appeal—would change the landscape of
15 this litigation, such that Defendants would want the option to reassert their affirmative defense
16 under the DMCA and Plaintiffs would want to be able to prosecute *all* of the claims in the
17 Complaint, even those that do not make sense to prosecute in a non-class context.  *See* Korologos
18 Declaration at ¶¶ 3–4.
19 　　　On May 31, Plaintiffs conveyed a revised draft of the joint trial plan to Defendants.  (Ex.
20 5—5/31/23 1:58 PM Korologos email).  Paragraphs 1 and 5 of that draft addressed, respectively,
21 the "dismissal by Plaintiffs of foreign unregistered works infringement claims by AST and
22 Uniglobe" and, the fact that Ms. Schneider has "dismissed her CMI Claims that relate to the
23 CLFN metadata".  (Ex. 5—5/31/23 1:58 PM Korologos email).  In the transmittal email, Plaintiffs
24 confirmed to Defendants, "With respect to paragraphs 1 and 5, to be clear, and as you know from
25 our conversations and previous emails, we do not presently intend to pursue the CLFN or foreign
26 works claims in any future action in the absence of a reversal by the 9th Circuit of the court's
27
28

denial of class certification but similar to YouTube no longer pursuing the DMCA safe harbor affirmative defense, *the 'dismissal' of those claims* (assuming the court adopts the parties' trial plan') *is without prejudice*."  (Ex. 5—5/31/23 1:58 PM Korologos email) (emphasis added).  Defendants' sole response to was: "This revised trial plan works for us for submission to the court." (Ex. 6—5/31/23 3:47 PM Allen email.)  On Friday evening, however, despite the joint presentation to the Court, and the Court's adoption of, the trial plan, Defendants reversed course, refusing to consent to a stipulated dismissal of the Relevant Claims without prejudice consistent with the parties' prior agreement. [ECF 341.]  This motion is a consequence.

## ARGUMENT

### I. PLAINTIFFS MARIA SCHNEIDER AND UNIGLOBE SHOULD BE GRANTED LEAVE TO AMEND THE PLEADINGS PURSUANT TO RULE 15 TO DISMISS CERTAIN CLAIMS WITHOUT PREJUDICE.

Plaintiffs Maria Schneider and Uniglobe request leave to amend the pleadings pursuant to Rule 15 to dismiss without prejudice Ms. Schneider's CLFN claims and Uniglobe's foreign unregistered works claims.  The Ninth Circuit has held that Rule 15 is the proper vehicle for the dismissal of some, but not all, of a plaintiff's claims. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–88 (9th Cir. 2005); *see also Gen. Signal Corp. v. MCI Telecommunications Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995) ("we have held that Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims.")

Rule 15 provides that, "The court should freely give leave" to amend the pleadings "when justice so requires," and the Ninth Circuit has advised that the "policy of favoring amendments is therefore to be applied 'with extreme liberality.'" *Sarkisov v. Stonemor Partners L.P.*, 2014 WL 12644016, at *2 (N.D. Cal. June 25, 2014) (quoting *United States v. Webb*, 655 F.2d 977, 979-80 (9th Cir. 1981)) (Donato, J.)  "Courts typically consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Moore v. Costco Wholesale Corp.*,

2014 WL 1998050, at *2 (N.D. Cal. May 13, 2014)) (Donato, J.).  These factors strongly favor granting Ms. Schneider and Uniglobe leave to amend the pleadings.

First, Plaintiffs have not acted in bad faith.  Ms. Schneider and Uniglobe agreed to withdraw their claims without prejudice in light of the changed circumstances that arose from the denial of class certification of classes expressly related to the Relevant Claims—a foreign unregistered works class and a CLFN class—and in order to streamline the issues presented at trial.  In seeking to dismiss their claims without prejudice, Plaintiffs are acting consistent with the Court's direction and consistent with the Joint Proposed Trial Presentation Plan.  [*See* ECF 352 at 1; ECF 341.]

Second, Ms. Schneider and Uniglobe have not delayed in seeking leave to amend. Plaintiffs only learned the evening of June 9, 2023, that Defendants refused to stipulate to the dismissal without prejudice as Plaintiffs had anticipated and had instead decided to renege on their prior agreement for such dismissals.  (Ex. 8—5/31/23 Allen email.)

Third, Defendants will not be prejudiced by the amendment as it simply effectuates the dismissals that they had previously agreed to and as embodied in the Joint Trial Plan they joined in presenting to the Court and that has been adopted by the Court.  Plaintiffs and Defendants submitted their trial plan to the Court based on their agreement that the dismissal of the Relevant Claims would be without prejudice.  The Court approved the trial plan on the record at the second pretrial conference on June 5, 2023.  (Ex. 7—6/5/23 Hrg. Tr. at 3:24-25.)  At no time before the evening of June 9 did Defendants question, let alone back out of, their agreement.  *See Butler v. Adoption Media, LLC,* 2005 WL 8165888, at *3 (N.D. Cal. Nov. 2, 2005) (allowing plaintiffs to amend their complaint where defendants had previously stipulated to such an amendment).

Finally, the futility of amendment is not at issue. Plaintiffs are seeking to withdraw certain claims to make the presentation of issues at trial more efficient. *See Duong-Tran v. Kaiser Found. Health Plan of the Nw.*, 2008 WL 1909221, at *4 (D. Or. Apr. 28, 2008) ("The proposed

amendment would not be futile, because eliminating a claim from an action generally advances the litigation by simplifying the case and permitting the parties and the court focus on fewer issues.").

Plaintiffs Maria Schneider and Uniglobe should be granted leave dismiss without prejudice their aforementioned claims through amendment of their complaint pursuant to Rule 15(a)(2).

## II. AST SHOULD BE GRANTED LEAVE TO VOLUNTARILY DISMISS ITS CLAIMS WITHOUT PREJUDICE PURSUANT TO RULE 15 OR RULE 41.

Plaintiff AST seeks voluntarily to dismiss without prejudice all of its claims (which are all foreign unregistered works claims) against Defendants pursuant to Rule 15(a)(2) or Rule 41(a)(2).

With respect to Rule 15(a)(2), the same reasoning as addressed above for the dismissal without prejudice of some but not all of Ms. Schneider's and Uniglobe's claims applies to AST's claims, all of which are claims for infringement of foreign unregistered works. Plaintiffs should be permitted pursuant to Rule 15 to amend the complaint to drop without prejudice AST's claims which are not worth pursuing on an individual given the Court's denial of class certification and given Defendants' withdrawal of their DMCA safe harbor affirmative defense; which claims Defendants agreed Plaintiffs may pursue should the Ninth Circuit reverse this Court's denial of class certification. *See* Korologos Declaration at ¶ 4.

Alternatively, because all of AST's claims would be dropped, AST's claims may be dismissed without prejudice pursuant to Rule 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989); *see also* Ex. 1 ("I would not force you to try them or face what is effectively a default judgment. That's just not right.")

\* \* \*

Through the good-faith efforts of Plaintiffs, and guided by the advice of the Court, the parties came to an agreement to significantly narrow the issues remaining to be tried before the jury. Defendants should not now be allowed to renege on the agreement that they made with Plaintiffs and that was the basis of the trial plan submitted to and adopted by the Court.

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its motion to dismiss the Relevant Claims described herein without prejudice.

Respectfully submitted,

Dated: June 10, 2023

/s/ *Philip Korologos*
Philip C. Korologos*
Jeffrey Waldron*
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Joshua Irwin Schiller, CA Bar #330653
*jischiller@bsfllp.com*
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

George A. Zelcs *
Randall P. Ewing, Jr.*
Ryan Z. Cortazar*
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
Steven M. Berezney, CA Bar #329923
Carol O'Keefe *
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

6

PLAINTIFFS' MOTION TO AMEND THE PLEADINGS PURSUANT TO RULE 15
AND FOR DISMISSUAL PURSUANT TO RULE 41

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorneys for Plaintiffs*