George A. Zelcs*
gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
rewing@koreintillery.com
Ryan Z. Cortazar*
rcortazar@koreintillery.com
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
sberezney@koreintillery.com
Carol O'Keefe*
cokeefe@koreintillery.com
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 3101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

Joshua Irwin Schiller, CA Bar #330653
jischiller@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
pkorologos@bsfllp.com
Jeffrey Waldron*
jwaldron@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Phone: (212) 446-2300
Fax: (212) 446-2350


*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING LTD.<br><br>Plaintiffs,<br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | CASE NO.:  3:20-cv-04423-JD<br><br>**DECLARATION OF PHILIP KOROLOGOS IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE PLEADINGS PURSUANT TO RULE 15 AND FOR DISMISSAL PURSUANT TO RULE 41**<br><br>Judge:  Hon. James Donato |

I, Philip Korologos, hereby declare as follows:

1. I am a partner at Boies Schiller Flexner LLP, co-counsel to Plaintiffs Maria Schneider, Uniglobe Entertainment, LLC ("Uniglobe"), and AST Publishing, Ltd. ("AST"). I am an attorney duly licensed to practice before the courts of the state of New York and numerous federal courts and admitted *pro hac vice* for this case. [ECF 39.] I make this declaration in support of Plaintiffs' Motion for Voluntary Dismissal Pursuant to Rule 41(a)(2). I have knowledge of the facts stated herein from my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. Plaintiffs pursued this litigation as a putative class action from 2020 until the Court's order denying class certification on May 22, 2023 [ECF 330.] As part of this action, among other claims, plaintiffs AST and Uniglobe were named putative class representative plaintiffs asserting claims for infringement of foreign unregistered works and Ms. Schneider was a named putative class representative plaintiff asserting a claim under 17 U.S.C. § 1202 with respect to copyright management information known as a clip filename ("CLFN"). [ECF 99, ¶¶ 16–19, 99.]

3. In the absence of an accompanying class and Defendants' withdrawal of their DMCA safe harbor affirmative defense, Plaintiffs determined that pursuing certain claims would not be an efficient use of judicial resources, specifically the infringement claims based on foreign works, which encompassed all of AST's claims and some of Uniglobe's claims, and Ms. Schneider's claims for violation of 17 U.S.C. § 1202 with respect to clip filename metadata ("CLFN claims" and collectively with the foreign works infringement claims, the "Relevant Claims").

4. Plaintiffs reached an agreement with Defendants to withdraw those claims without prejudice, with the understanding that the reversal or vacatur of the Court's class certification order on appeal would revive the claims. A dismissal with prejudice would prevent plaintiffs from reasserting the claims in the event that the Ninth Circuit reverses the decision of this Court, which plaintiffs were not willing to agree to in the absence of compensation. Given the pendency at the time of Plaintiffs' Rule 23(f) petition to the Ninth Circuit, I was express in discussing with counsel for Defendants that Plaintiffs would only dismiss the Relevant Claims without prejudice

1  including so they could pursue those claims on a class basis should the Ninth Circuit, either as a

2  result of a Rule 23(f) appeal or an appeal after trial, affirm an appeal of this Court's order denying

3  class certification.

4      5.   This agreement was the basis on which the parties presented to the Court the Joint

5  Submission re Trial Presentation Plan [ECF 341] that referenced the dismissal of the Relevant

6  Claims.  The Court approved the parties' Trial Presentation Plan at the second pretrial conference

7  held on June 5, 2023.

8      6.   Attached hereto as **Exhibit 1** is a true and correct copy of the transcript of the May 25,

9  2023, proceedings in this action.  At the May 25 hearing, the following colloquy occurred

10 between the Court and myself in relation to Defendants' withdrawal of their DMCA safe harbor

11 affirmative defense:

> "THE COURT: . . .   Just as if you decided to drop half your claims, you know, I would not force you to try them or face what is effectively a default judgment. That's just not right.
>
> "MR. KOROLOGOS: Well –
>
> "THE COURT: I would not exercise my discretion to penalize either party for improving the efficiency of the trial by dropping claims that they no longer believe in. That is antithetical to the fair and just administration of cases not to mention the efficient use of jury, party and court resources."

    7.   During discussions that started the following day, on May 26, 2023, and continued over the holiday weekend, I proposed to Defendants a trial plan in light of the Court's ruling on class certification and in granting Defendants' request to withdraw their DMCA safe harbor affirmative defense.  Because of the relative complexity and limited damages associated with certain claims when pursued on an individual basis as opposed to as representative claims on behalf of a class and without the prospect of a ruling on Defendants' withdrawn DMCA safe harbor affirmative defense, Plaintiffs proposed to Defendants that they would not try the Relevant Claims and instead would withdraw those without prejudice.

    8.   Consistent with those discussions, on May 30, I transmitted to Defendants a proposed joint trial plan as shown in the attached **Exhibit 2**, which is a true and correct copy of an email

-3-   Case No. 3:20-cv-04423-JD

1  and attachment that I sent to Defendants' counsel on May 30, 2023 at approximately 2:29 PM,

2  with an attached draft joint proposed trial plan.  The draft to that email included in paragraph 1 the

3  language "following withdrawal without prejudice by Plaintiffs of foreign unregistered works

4  infringement claims by AST and by Uniglobe" and in paragraph 5 the language, referring to Ms.

5  Schneider, "She has withdrawn without prejudice her CMI Claims that relate to CLFN metadata."

6      9.   Attached hereto as **Exhibit 3** is a true and correct copy of an email that I sent to

7  Defendants' counsel at approximately 7:36 AM on May 31, 2023.  In reference to the claims that

8  are the subject of this motion, I wrote:

> "You have changed 'withdrawal without prejudice' to 'dismissal'.  We understand that to be changing only what is conveyed to the Court about the claims that are impacted by that language, rather than the substance of how those claims are dismissed.  In other words, as we have discussed, we agree to treat our 'dismissal' of foreign works claims and CLFN claims with the same prejudice as YouTube's dismissal of its DMCA affirmative defense.
>
> . . .
>
> "Given the above described discussion, we are okay with the word 'dismissal' instead of the phrase 'withdrawal without prejudice' with the understanding that the change does not alter the above positions."

    10. Attached hereto as **Exhibit 4** is a true and correct copy of an email that I received from Defendants' counsel at approximately 12:49 PM on May 31, 2023.  In response to the clarification noted above, Defendants' counsel wrote:

> "We did not 'dismiss' the DMCA safe harbor defense, we withdrew it as a defense in this case following the court's denial of class certification. Regardless, we appreciate your agreement to use the term 'dismissal' to describe the status of the CLFN and foreign works claims, which appears to more accurately reflect the fact that Plaintiffs do not intend to pursue these claims in this action or any future action absent a reversal by the 9th Circuit of the court's denial of class certification."

    11. Attached hereto as **Exhibit 5** is a true and correct copy of an email I sent to Defendants' counsel at approximately 1:58 PM on May 31, 2023. In pertinent part I wrote:

> "With respect to paragraphs 1 and 5, to be clear, and as you know from our conversations and previous emails, we do not presently intend to pursue the CLFN or foreign works claims in any future action in the absence of a reversal by the 9th Circuit of the court's denial of class certification but similar to YouTube no longer pursuing the DMCA safe harbor affirmative defense, the 'dismissal' of

those claims (assuming the court adopts the parties' trial plan) is without prejudice."

12. Attached hereto as **Exhibit 6** is a true and correct copy of an email that I received from Defendants' counsel at approximately 3:47 PM on May 31, 2023. Defendants' counsel wrote, "Thanks Phil. This revised trial plan works for us for submission to the court."

13. Attached hereto as **Exhibit 7** is a true and correct copy of the transcript of the June 5, 2023, proceedings in this action.

14. Attached hereto as **Exhibit 8** is a true and correct copy of an email sent by Defendants' counsel to Plaintiffs' counsel, dated June 9, 2023, at approximately 5:07 PM. In response to Plaintiffs' proposed stipulation to dismiss without prejudice the claims that are the subject of this motion, Defendants' counsel wrote:

> "Defendants do not agree to this stipulation and you do not have Defendants' authorization to submit this notice under Rule 41(a)(1). Defendants do not agree that dismissal of these claims should be without prejudice, nor do Defendants agree to waive their costs, expenses, or fees attributable to these claims."

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of June, 2023, at San Francisco, California.

*/s/ Philip Korologos*
Philip C. Korologos