# EXHIBIT 2

| | |
|---|---|
| **Subject:** | RE: Draft Trial Plan |
| **Date:** | Tuesday, May 30, 2023 at 2:29:00 PM Pacific Daylight Time |
| **From:** | Philip Korologos |
| **To:** | Julia L. Allen, Robert Van Nest |
| **CC:** | Carol O'Keefe |
| **Attachments:** | Draft Joint Trial Plan.DOCX.docx |

Must have been a bad connection as I tried to send it out with the attachment a while ago but must have gotten stuck.

Let me know if you get the attachment this time.

Thanks,

Phil

**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

**From:** Julia L. Allen <JAllen@keker.com>
**Sent:** Tuesday, May 30, 2023 5:27 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Thanks Phil – missing the attachment I think?

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, May 30, 2023 2:25 PM
**To:** Robert Van Nest <RVanNest@keker.com>; Julia L. Allen <JAllen@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** Draft Trial Plan

**[EXTERNAL]**

Please see attached.

Thanks,

Phil


**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

*Draft Joint Submission for Trial Presentation Plan*

The below assumes this is submitted on Wednesday, after selection of representative works/violations.

**Infringement Claims**

1. There are [28] works at issue for Ms. Schneider's infringement claims and one work at issue for Uniglobe's infringement claims following withdrawal without prejudice by Plaintiffs of foreign unregistered works infringement claims by AST and by Uniglobe.

2. Ms. Schneider and Uniglobe will pursue only statutory damages for their infringement claims for their U.S. registered works.  The parties agree that statutory damages for infringement are awarded on a "per work" basis rather than on a "per infringement" basis.

3. For Uniglobe's infringement claims for its sole U.S. registered work the statutory damages award, if any, for infringement of such work as determined by the jury will be the statutory damages awarded to Uniglobe.

4. For Ms. Schneider's infringement claims, the parties will try six works as bellwether representative works pursuant to the following terms.

    4.1. Each side has selected three works from among the [28] works that remain at issue for Ms. Schneider's infringement claims.

      4.1.1.   The works selected to be tried are:  [list works]

    4.2. Plaintiff Schneider has identified for Defendants each URL that she plans to use for the purpose of establishing infringement at trial and have agreed not to use for such purpose any other URLs.

    4.3. The statutory damages awarded on a per infringement basis as determined by the jury for the six selected works to be tried for Ms. Schneider's infringement claims will be applied to all [28] of Ms. Schneider's works at issue on a *pro rata* basis.  This will be

accomplished by taking the statutory damages per work, if any, as determined by the jury and multiplying it by [28] (representing the total number of works at issue for Ms. Schneider's claims) times a fraction, the numerator of which is the number of works the jury determines are entitled to statutory damages and the denominator of which is six (the number of works that are tried).

    4.3.1. For example, if the jury finds a statutory damage award of $100,000 per work and further finds that four of the six works that are tried are eligible for such an award, Ms. Schneider will receive a total statutory damages award of $100,000 times [28] times 4/6 or $1,866,666.67 as a statutory damages award for all of her alleged infringement claims.

### Copyright Management Information ("CMI") Claims

5. There are [ten] works that remain at issue for Ms. Schneider's claims for violation of 17 U.S.C. § 1202 ("CMI Claims") for which she alleges a total of [22] violations relating to ISRC codes. She has withdrawn without prejudice her CMI Claims that relate to CLFN metadata.

6. Ms. Schneider will pursue only statutory damages for her CMI Claims. The parties agree that statutory damages for violation of 17 U.S.C. § 1202 are awarded on a "per violation" basis, not on a "per work" basis.

7. For Ms. Schneider's CMI Claims, the parties will try alleged violations of 17 U.S.C. § 1202 related to ISRC codes for four works as bellwether representative claims pursuant to the following terms.

    7.1. Each side has selected two works from among the [ten] works that remain at issue for Ms. Schneider's CMI Claims.

*Draft Joint Submission for Trial Presentation Plan*

    7.1.1.   The works selected to be tried are:  [list works]

7.2. Plaintiff Schneider has identified for Defendants each URL that she plans to use for the purpose of establishing a violation of 17 U.S.C. § 1202 at trial and has agreed not to use for such purpose any other URLs.

7.3. The statutory damages awarded on a per violation basis as determined by the jury for the four selected works to be tried for Ms. Schneider's CMI Claims will be applied to all [22] alleged violations on a *pro rata* basis.  This will be accomplished by taking the statutory damages per violation, if any, as determined by the jury and multiplying it by [22] (representing the total number of violations alleged for Ms. Schneider's CMI Claims) times a fraction, the numerator of which is the number of violations the jury determines are entitled to a statutory damage award and the denominator of which is the number of alleged § 1202 violations that are presented to the jury for trial.

    7.3.1.   For example, if the jury finds a statutory damage award of $20,000 per violation and further finds that six of the eight alleged violations that are presented to the jury for trial are eligible for such an award, Ms. Schneider will receive a total statutory damages award of $20,000 times [22] times 6/8 or $330,000.00 as a statutory damages award for all of her alleged violations of § 1202.