# EXHIBIT 3

**Subject:** Re: Draft Trial Plan
**Date:** Wednesday, May 31, 2023 at 7:36:48 AM Pacific Daylight Time
**From:** Philip Korologos
**To:** Julia L. Allen, Robert Van Nest
**CC:** Carol O'Keefe

Bob and Julia:

This responds to your comments on the draft joint trial plan.

<u>Your adjustment to paragraphs 1 and 5</u>: You have changed "withdrawal without prejudice" to "dismissal". We understand that to be changing only what is conveyed to the Court about the claims that are impacted by that language, rather than the substance of how those claims are dismissed. In other words, as we have discussed, we agree to treat our "dismissal" of foreign works claims and CLFN claims with the same prejudice as YouTube's dismissal of its DMCA affirmative defense.

We have also had discussions about having the dismissal of such claims be with prejudice in the event that the 9th circuit does not some day revive claims on behalf of a class (which classes would be separate for those two categories of claims). As we've previously stated, we would need some modest level of compensation in order to agree to that kind of dismissal for those claims, however. We also noted that given the size of those claims, the practical reality of pursuing them in the absence of a class should be apparent.

Given the above described discussion, we are okay with the word "dismissal" instead of the phrase "withdrawal without prejudice" with the understanding that the change does not alter the above positions.

<u>Number of infringement works</u>: We agree the right number of total works is 27 for Ms. Schneider's claims (which will require an adjustment in the example calculations (i.e., the total statutory award number in 4.3.1.).

<u>Your change in part 4.2</u>. We cannot agree that other URLs for works will not be used for "any" purpose in the case, particularly not before we see how the evidence on the chosen works goes in. We do plan to identify for you all of the URLs we plan to use to establish the infringement by those URLs of the works to be tried. That does not mean that all URLs relating to such works are not relevant to the case for other purposes. We can agree that URLs for works that are not chosen to be tried will not be presented as infringing URLs for purposes of establishing a claim of infringement. And we can agree that for the works that will be tried we will not present unidentified URLs as infringing URLs for purposes of establishing a claim of infringement. Thus, e.g., if a single work has 15 URLs that we allege are infringing URLs within the relevant limitations period, and we tell you that 4 of those URLs are the ones we plan to use to show that the URLs infringe that work permitting collection of a single statutory award for infringement of the work, we will not utilize the other 11 URLs for the purpose of establishing that infringement, but those URLs may be relevant to other issues including YT's knowledge, how Content ID's matching technology works, or other issues. We thus cannot agree to your proposed change to section 4.2.

<u>Your changes in part 7 re 1202(b)(3)</u>: We are willing to agree that the alleged violation of Section 1202(b) in relation to ISRC codes is a violation of Section 1202(b)(3), but only on condition that doing so does not foreclose us from arguing that if an ISRC code somehow made it through the upload process, YouTube's transcoding process would remove it and as a result the distribution on YouTube would still be a violation of 1202(b)(3). Otherwise, the language should go back to reference 1202(b).

Your changes in part 7 re number of violations:  We do not believe that picking a specific number of violations (as opposed to works—four) make sense as that will artificially limit the selection of works and violations.  There are (I believe) 10 works and 22 violations, but there are not 2 violations for each work—some have more, some have only 1.  Setting the number of violations at 8 (or some other specific number) would artificially require certain works to be included or excluded—e.g., if plaintiffs select two works with a total of 5 violations to be presented, that would prevent a selection by defendants of two works with only 1 violation each.

I think the point will become a non-issue if the parties agree through selection on the number of violations that will be presented to the jury (which can be done at least prior to the time it is discussed with the Court on Monday).  In the meantime, we could say, e.g., that the number of violations to be tried will be "no more than 8".

Happy to discuss any of the above at your convenience, recognizing we need to submit something to the Court by noon PT.

Thanks,

Phil



**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER LLP**

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com


**From:** Julia L. Allen <JAllen@keker.com>
**Date:** Tuesday, May 30, 2023 at 11:55 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>, Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.


Phil – thanks for drafting.  Our proposed redlines are attached here.  We do not have final client sign off on this draft but wanted to send these clarifications in the interim given the noon deadline tomorrow.

Julia

**Julia L. Allen**

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, May 30, 2023 2:29 PM
**To:** Julia L. Allen <JAllen@keker.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**[EXTERNAL]**

Must have been a bad connection as I tried to send it out with the attachment a while ago but must have gotten stuck.

Let me know if you get the attachment this time.

Thanks,

Phil

**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

**From:** Julia L. Allen <JAllen@keker.com>
**Sent:** Tuesday, May 30, 2023 5:27 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Thanks Phil – missing the attachment I think?

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

---

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, May 30, 2023 2:25 PM
**To:** Robert Van Nest <RVanNest@keker.com>; Julia L. Allen <JAllen@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** Draft Trial Plan

**[EXTERNAL]**

Please see attached.

Thanks,

Phil


**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER LLP**

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]