# EXHIBIT 5

**Subject:**    Re: Draft Trial Plan

**Date:**    Wednesday, May 31, 2023 at 1:58:10 PM Pacific Daylight Time

**From:**    Philip Korologos

**To:**    Julia L. Allen, Robert Van Nest

**CC:**    Carol O'Keefe

**Attachments:** Revised Draft Trial Presentation Plan 5.31.2023 v. 3[64].docx, Redline Draft Trial Plan[93].docx

Julia:

Thanks for your email.

With respect to paragraphs 1 and 5, to be clear, and as you know from our conversations and previous emails, we do not presently intend to pursue the CLFN or foreign works claims in any future action in the absence of a reversal by the 9th Circuit of the court's denial of class certification but similar to YouTube no longer pursuing the DMCA safe harbor affirmative defense, the "dismissal" of those claims (assuming the court adopts the parties' trial plan) is without prejudice.

With respect to part 4.2, we have adopted your proposed additional sentence in the attached.

With respect to part 7, rather than having a lengthy description of the nature of the claims, about which there would be debate and likely lack of agreement (as was the case with the related language of the Verdict Form), we propose that we simply refer to alleged violations of section 1202(b)(3)—rather than try to describe or restate (or re-write) the statute.  Thus, as you'll see in the attached, we propose that paragraph 7 read:  "For Ms. Schneider's CMI Claims, the parties will try alleged violations of 17 U.S.C. §  1202(b)(3) for six alleged violations as bellwether representative claims pursuant to the following terms."  You'll note we also reduced the number of alleged violations to be tried form 8 to 6 which is about ¼ of the alleged 22 violations and in line with picking 6 of the works for the infringement claims.  Paragraph 7.2.1 is adjusted in its numbers accordingly.

We also found a few minor adjustments to be consistent with the above approach.

I have attached a clean version of the trial plan reflecting the above and also a redline of that version compared to the version we last sent you (it was beyond me to also do one against your version sent after the below email, but I trust you can figure out how to do that if you want).

Let us know if there is anything further that you have or if we are cleared to file this version.

Thanks,

Phil


**Philip Korologos**
Partner
_____

BOIES SCHILLER FLEXNER LLP

55 Hudson Yards

New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

---

**From:** Julia L. Allen <JAllen@keker.com>
**Date:** Wednesday, May 31, 2023 at 4:17 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>, Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Phil – this version incorporates the revisions noted below.  Please let us know if this works.  Thanks.

---

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

---

**From:** Julia L. Allen
**Sent:** Wednesday, May 31, 2023 12:49 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

Phil,
Paragraphs 1 and 5: We did not "dismiss" the DMCA safe harbor defense, we withdrew it as a defense in this case following the court's denial of class certification. Regardless, we appreciate your agreement to use the term "dismissal" to describe the status of the CLFN and foreign works claims, which appears to more accurately reflect the fact that Plaintiffs do not intend to pursue these claims in this action or any future action absent a reversal by the 9th Circuit of the court's denial of class

certification. We do not expect we will be able to agree to compensate Plaintiffs for these claims. Thank you for confirming that Ms. Schneider is asserting claims based on 27 total works.

Part 4.2: While we do not agree that Plaintiffs should be able to introduce allegedly infringing URLs for purposes other than proving infringement of the representative bellwether works, we can agree to reverse our proposed revisions to the draft trial plan but we will need to add a sentence to expressly reserve our right to object during trial to undisclosed URLs as irrelevant and prejudicial, depending on how Plaintiffs elect to try to admit them. Such URLs also remain the subject of Defendants' MIL 3.

Part 7: We propose the following revisions to this paragraph to more accurately track the statutory text and the framework for statutory damages:

For Ms. Schneider's CMI Claims, the parties will try alleged violations of 17 U.S.C. § 1202(b)(3) for distribution of videos from which ~~removal of~~ ISRC codes allegedly have been removed or ~~four works and~~ 8 alleged violations as bellwether representative claims pursuant to the following terms. We agree with your concern about tying bellwether representatives to both works and violations, however given that statutory damages are tied to violations rather than works, unlike infringement claims, we think we're better off selecting representative violations, with Plaintiffs free to select violations tied to separate works or a smaller number of works.

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Wednesday, May 31, 2023 7:37 AM
**To:** Julia L. Allen <JAllen@keker.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** Re: Draft Trial Plan

[EXTERNAL]

Bob and Julia:

This responds to your comments on the draft joint trial plan.

Your adjustment to paragraphs 1 and 5: You have changed "withdrawal without prejudice" to "dismissal". We understand that to be changing only what is conveyed to the Court about the claims that are impacted by

that language, rather than the substance of how those claims are dismissed.  In other words, as we have discussed, we agree to treat our "dismissal" of foreign works claims and CLFN claims with the same prejudice as YouTube's dismissal of its DMCA affirmative defense.

We have also had discussions about having the dismissal of such claims be with prejudice in the event that the 9th circuit does not some day revive claims on behalf of a class (which classes would be separate for those two categories of claims).  As we've previously stated, we would need some modest level of compensation in order to agree to that kind of dismissal for those claims, however.  We also noted that given the size of those claims, the practical reality of pursuing them in the absence of a class should be apparent.

Given the above described discussion, we are okay with the word "dismissal" instead of the phrase "withdrawal without prejudice" with the understanding that the change does not alter the above positions.

Number of infringement works:  We agree the right number of total works is 27 for Ms. Schneider's claims (which will require an adjustment in the example calculations (i.e., the total statutory award number in 4.3.1.).

Your change in part 4.2.  We cannot agree that other URLs for works will not be used for "any" purpose in the case, particularly not before we see how the evidence on the chosen works goes in.  We do plan to identify for you all of the URLs we plan to use to establish the infringement by those URLs of the works to be tried.  That does not mean that all URLs relating to such works are not relevant to the case for other purposes.  We can agree that URLs for works that are not chosen to be tried will not be presented as infringing URLs for purposes of establishing a claim of infringement.  And we can agree that for the works that will be tried we will not present unidentified URLs as infringing  URLs for purposes of establishing a claim of infringement.  Thus, e.g., if a single work has 15 URLs that we allege are infringing URLs within the relevant limitations period, and we tell you that 4 of those URLs are the ones we plan to use to show that the URLs infringe that work permitting collection of a single statutory award for infringement of the work, we will not utilize the other 11 URLs for the purpose of establishing that infringement, but those URLs may be relevant to other issues including YT's knowledge, how Content ID's matching technology works, or other issues.  We thus cannot agree to your proposed change to section 4.2.

Your changes in part 7 re 1202(b)(3):  We are willing to agree that the alleged violation of Section 1202(b) in relation to ISRC codes is a violation of Section 1202(b)(3), but only on condition that doing so does not foreclose us from arguing that if an ISRC code somehow made it through the upload process, YouTube's transcoding process would remove it and as a result the distribution on YouTube would still be a violation of 1202(b)(3).  Otherwise, the language should go back to reference 1202(b).

Your changes in part 7 re number of violations:  We do not believe that picking a specific number of violations (as opposed to works—four) make sense as that will artificially limit the selection of works and violations.  There are (I believe) 10 works and 22 violations, but there are not 2 violations for each work—some have more, some have only 1.  Setting the number of violations at 8 (or some other specific number) would

artificially require certain works to be included or excluded—e.g., if plaintiffs select two works with a total of 5 violations to be presented, that would prevent a selection by defendants of two works with only 1 violation each.

I think the point will become a non-issue if the parties agree through selection on the number of violations that will be presented to the jury (which can be done at least prior to the time it is discussed with the Court on Monday).  In the meantime, we could say, e.g., that the number of violations to be tried will be "no more than 8".

Happy to discuss any of the above at your convenience, recognizing we need to submit something to the Court by noon PT.

Thanks,

Phil



**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com


**From:** Julia L. Allen <JAllen@keker.com>
**Date:** Tuesday, May 30, 2023 at 11:55 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>, Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.


Phil – thanks for drafting.  Our proposed redlines are attached here.  We do not have final client sign off on this draft but wanted to send these clarifications in the interim given the noon deadline tomorrow.

Julia


**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main

jallen@keker.com | vcard | keker.com
Pronouns: she/her

---

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, May 30, 2023 2:29 PM
**To:** Julia L. Allen <JAllen@keker.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

---

[EXTERNAL]

Must have been a bad connection as I tried to send it out with the attachment a while ago but must have gotten stuck.

Let me know if you get the attachment this time.

Thanks,

Phil

**Philip Korologos**
Partner

---

**BOIES SCHILLER FLEXNER** LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

**From:** Julia L. Allen <JAllen@keker.com>
**Sent:** Tuesday, May 30, 2023 5:27 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

---

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Thanks Phil – missing the attachment I think?

---

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, May 30, 2023 2:25 PM
**To:** Robert Van Nest <RVanNest@keker.com>; Julia L. Allen <JAllen@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** Draft Trial Plan

[EXTERNAL]

Please see attached.

Thanks,

Phil

**Philip Korologos**
Partner

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

George A. Zelcs*
*gzelcs@koreintillery.com*
Randall P. Ewing, Jr.*
*rewing@koreintillery.com*
Ryan Z. Cortazar *
*rcortazar@koreintillery.com*
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
Stephen M. Tillery*
*stillery@koreintillery.com*
Steven M. Berezney, CA Bar #329923
*sberezney@koreintillery.com*
Carol O'Keefe*
*cokeefe@koreintillery.com*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

Attorneys for Plaintiffs and Counterclaim
Defendants

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
DAN JACKSON - # 216091
djackson@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
ANNA PORTO - # 319903
aporto@keker.com
LUKE APFELD - # 327029
lapfeld@keker.com
AMOS J. B. ESPELAND - # 332895
aespeland@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188
*Attorneys for Defendants and Counterclaimants
YouTube, LLC and Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**JOINT SUBMISSION RE TRIAL PRESENTATION PLAN** |
| YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, et al.<br>Counterclaim Defendants. | Judge:     Hon. James Donato<br>Trial Date:  June 12, 2023<br>Time:      9 a.m.<br>Courtroom: 11 |

*Additional Counsel*

Joshua Irwin Schiller, CA Bar #330653
*jischiller@bsfllp.com*
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
*pkorologos@bsfllp.com*
Jeffrey Waldron*
*jwaldron@bsfllp.com*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
*Admitted *pro hac vice*
*Attorneys for Plaintiffs and Counterclaim-Defendants*

DAVID H. KRAMER, SBN 168452
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
lwhite@wsgr.com
*Attorneys for Defendants and Counterclaimants*

The parties respectfully submit the following proposed trial plan for the handling of claims at the upcoming trial.

**Infringement Claims**

1. There are 27 works at issue for Ms. Schneider's infringement claims and one work at issue for Uniglobe's infringement claims following dismissal by Plaintiffs of foreign unregistered works infringement claims by AST and by Uniglobe.

2. Ms. Schneider and Uniglobe will pursue only statutory damages for their infringement claims for their U.S. registered works. The parties agree that statutory damages for infringement are awarded on a "per work" basis rather than on a "per infringement" basis.

3. For Uniglobe's infringement claims for its sole U.S. registered work the statutory damages award, if any, for infringement of such work as determined by the jury will be the statutory damages awarded to Uniglobe.

4. For Ms. Schneider's infringement claims, the parties will try six works as bellwether representative works pursuant to the following terms.

    4.1.    Each side will select three works from among the 27 works that remain at issue for Ms. Schneider's infringement claims.

        4.1.1.  The works selected to be tried are: [*list of works to be supplied upon their selection by the parties*]

    4.2.    Plaintiff Schneider will identify for Defendants each URL that she plans to use for the purpose of establishing infringement at trial and has agreed not to use for such purpose any other URLs. Defendants reserve the right to object to the use of URLs for purposes other than establishing infringement.

    4.3.    The statutory damages awarded on a per infringement basis as determined by the jury for the six selected works to be tried for Ms. Schneider's infringement claims will be applied to all 27 of Ms. Schneider's works at issue on a *pro rata* basis. This will be accomplished by taking the statutory damages per work, if any, as determined by the jury and multiplying it by 27 (representing the total number of works at issue for Ms. Schneider's claims) times a fraction, the numerator of which

1   is the number of works the jury determines are entitled to statutory damages and

2   the denominator of which is six (the number of works that are tried).

3       4.3.1.  For example, if the jury finds a statutory damage award of $100,000 per work

4   and further finds that four of the six works that are tried are eligible for such an

5   award, Ms. Schneider will receive a total statutory damages award of $100,000

6   times 27 times 4/6 or $1,800,000 as a statutory damages award for all of her

7   alleged infringement claims.

8   **Copyright Management Information ("CMI") Claims**

9      5.  There are ten works that remain at issue for Ms. Schneider's claims for violation of

10   17 U.S.C. § 1202 ("CMI Claims") for which she alleges a total of 22 violations relating to ISRC

11   codes.  She has dismissed her CMI Claims that relate to CLFN metadata.

12      6.  Ms. Schneider will pursue only statutory damages for her CMI Claims.  The parties agree

13   that statutory damages for violation of 17 U.S.C. § 1202 are awarded on a "per violation" basis,

14   not on a "per work" basis.

15      7.  For Ms. Schneider's CMI Claims, the parties will try alleged violations of 17 U.S.C.

16   § 1202(b)(3) for ~~removal of ISRC codes for four works and no more than eight~~six alleged

17   violations as bellwether representative claims pursuant to the following terms.

18       7.1.    Each side will select ~~two works~~three alleged violations from among the ~~ten~~

19   ~~works~~22 that remain at issue for Ms. Schneider's ~~CMI~~ISRC Claims.

20         7.1.1.  The ~~works and~~ alleged violations selected to be tried are: [*list of works and*

21   *alleged violations to be provided upon selection by the parties*]

22   ~~    7.2.   Plaintiff Schneider will identify for Defendants each URL that she plans to use for~~

23   ~~the purpose of establishing a violation of 17 U.S.C. § 1202(b)(3) at trial and has~~

24   ~~agreed not to use for such purpose any other URLs.~~

25   ~~7.3.~~7.2.      The statutory damages awarded on a per violation basis as determined by

26   the jury or the Court for the selected alleged violations to be tried for Ms.

27   Schneider's CMI Claims will be applied to all 22 alleged violations on a *pro rata*

28   basis.  This will be accomplished by taking the statutory damages per violation, if

any, as determined by the jury and multiplying it by 22 (representing the total number of violations alleged for Ms. Schneider's CMI Claims) times a fraction, the numerator of which is the number of violations the jury determines are entitled to a statutory damage award and the denominator of which is the number of alleged § 1202 violations that are presented to the jury for trial.

~~7.3.1.~~7.2.1.        For example, if the jury finds a statutory damage award of $20,000 per violation and further finds that ~~six~~four of the ~~eight~~six alleged violations that are presented to the jury for trial are eligible for such an award, Ms. Schneider will receive a total statutory damages award of $20,000 times 22 times 4/6/8 or $~~330,000.00~~293,333.33 as a statutory damages award for all of her alleged violations of § 1202.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  May 31, 2023

/s/ DRAFT

Philip C. Korologos*
pkorologos@bsfllp.com
Jeffrey Waldron*
jwaldron@bsfllp.com
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

Joshua Irwin Schiller, CA Bar #330653
jischiller@bsfllp.com
BOIES SCHILLER FLEXNER LLP
44 Montgomery St., 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

George A. Zelcs*
gzelcs@koreintillery.com
Randall P. Ewing, Jr.*
rewing@koreintillery.com
Ryan Z. Cortazar*
rcortazar@koreintillery.com
KOREIN TILLERY, LLC
205 North Michigan, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751

Stephen M. Tillery*
stillery@koreintillery.com
Steven M. Berezney, CA Bar #329923
sberezney@koreintillery.com
Carol O'Keefe*
cokeefe@koreintillery.com
KOREIN TILLERY, LLC
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*
*Attorneys for Plaintiffs*

1  Dated:  May 31, 2023                              KEKER, VAN NEST & PETERS LLP

2

3                                              By:   /s/ *DRAFT*
                                                    ROBERT A. VAN NEST
4                                                   DAN JACKSON
                                                    JULIA L. ALLEN
5                                                   TRAVIS SILVA
                                                    ANNA PORTO
6                                                   LUKE APFELD
                                                    AMOS J. B. ESPELAND
7
                                                    DAVID H. KRAMER
8                                                   LAUREN GALLO WHITE
                                                    WILSON SONSINI GOODRICH &
9                                                   ROSATI
                                                    Professional Corporation
10                                                  650 Page Mill Road
                                                    Palo Alto, CA 94304-1050
11                                                  Telephone: (650) 493-9300
                                                    Email:  dkramer@wsgr.com
12                                                         lwhite@wsgr.com

13
                                                    Attorneys for Defendants and
14                                                  Counterclaimants
                                                    YOUTUBE, LLC and GOOGLE LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION**

2

My user ID and password are being used in the electronic filing of this document and, in

3

compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that concurrence in the filing of the

4

document has been obtained from each of the other Signatories.

5

6

*/s/ DRAFT*
Philip Korologos

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

George A. Zelcs*
*gzelcs@koreintillery.com*
Randall P. Ewing, Jr.*
*rewing@koreintillery.com*
Ryan Z. Cortazar *
*rcortazar@koreintillery.com*
**KOREIN TILLERY, LLC**
205 North Michigan, Suite 1950
Chicago, IL  60601
Telephone: (312) 641-9750
Facsimile: (312) 641-9751
Stephen M. Tillery*
*stillery@koreintillery.com*
Steven M. Berezney, CA Bar #329923
*sberezney@koreintillery.com*
Carol O'Keefe*
*cokeefe@koreintillery.com*
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO  63101
Telephone: (314) 241-4844
Facsimile: (314) 241-3525

*Admitted *pro hac vice*

*Attorneys for Plaintiffs and Counterclaim Defendants*

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
DAN JACKSON - # 216091
djackson@keker.com
JULIA L. ALLEN - # 286097
jallen@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
ANNA PORTO - # 319903
aporto@keker.com
LUKE APFELD - # 327029
lapfeld@keker.com
AMOS J. B. ESPELAND - # 332895
aespeland@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188
*Attorneys for Defendants and Counterclaimants YouTube, LLC and Google LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

|  |  |
|---|---|
| MARIA SCHNEIDER, UNIGLOBE ENTERTAINMENT, LLC, and AST PUBLISHING, LTD., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, LLC and GOOGLE LLC,<br><br>Defendants. | Case No. 3:20-cv-04423-JD<br><br>**JOINT SUBMISSION RE TRIAL PRESENTATION PLAN** |
| YOUTUBE, LLC and GOOGLE LLC,<br><br>Counterclaimants,<br><br>v.<br><br>PIRATE MONITOR LTD, et al.<br>Counterclaim Defendants. | Judge:     Hon. James Donato<br>Trial Date:  June 12, 2023<br>Time:      9 a.m.<br>Courtroom: 11 |

3:20-cv-04423-JD

*Additional Counsel*

Joshua Irwin Schiller, CA Bar #330653
*jischiller@bsfllp.com*
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6800
Facsimile: (415) 293-6899

Philip C. Korologos*
*pkorologos@bsfllp.com*
Jeffrey Waldron*
*jwaldron@bsfllp.com*
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350
*Admitted *pro hac vice*
*Attorneys for Plaintiffs and Counterclaim-
Defendants*

DAVID H. KRAMER, SBN 168452
LAUREN GALLO WHITE, SBN 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  dkramer@wsgr.com
lwhite@wsgr.com
*Attorneys for Defendants and Counterclaimants*

The parties respectfully submit the following proposed trial plan for the handling of claims at the upcoming trial.

**Infringement Claims**

1. There are 27 works at issue for Ms. Schneider's infringement claims and one work at issue for Uniglobe's infringement claims following dismissal by Plaintiffs of foreign unregistered works infringement claims by AST and by Uniglobe.

2. Ms. Schneider and Uniglobe will pursue only statutory damages for their infringement claims for their U.S. registered works. The parties agree that statutory damages for infringement are awarded on a "per work" basis rather than on a "per infringement" basis.

3. For Uniglobe's infringement claims for its sole U.S. registered work the statutory damages award, if any, for infringement of such work as determined by the jury will be the statutory damages awarded to Uniglobe.

4. For Ms. Schneider's infringement claims, the parties will try six works as bellwether representative works pursuant to the following terms.

    4.1.    Each side will select three works from among the 27 works that remain at issue for Ms. Schneider's infringement claims.

        4.1.1.  The works selected to be tried are: [*list of works to be supplied upon their selection by the parties*]

    4.2.    Plaintiff Schneider will identify for Defendants each URL that she plans to use for the purpose of establishing infringement at trial and has agreed not to use for such purpose any other URLs. Defendants reserve the right to object to the use of URLs for purposes other than establishing infringement.

    4.3.    The statutory damages awarded on a per infringement basis as determined by the jury for the six selected works to be tried for Ms. Schneider's infringement claims will be applied to all 27 of Ms. Schneider's works at issue on a *pro rata* basis. This will be accomplished by taking the statutory damages per work, if any, as determined by the jury and multiplying it by 27 (representing the total number of works at issue for Ms. Schneider's claims) times a fraction, the numerator of which

is the number of works the jury determines are entitled to statutory damages and the denominator of which is six (the number of works that are tried).

    4.3.1.  For example, if the jury finds a statutory damage award of $100,000 per work and further finds that four of the six works that are tried are eligible for such an award, Ms. Schneider will receive a total statutory damages award of $100,000 times 27 times 4/6 or $1,800,000 as a statutory damages award for all of her alleged infringement claims.

**Copyright Management Information ("CMI") Claims**

5.  There are ten works that remain at issue for Ms. Schneider's claims for violation of 17 U.S.C. § 1202 ("CMI Claims") for which she alleges a total of 22 violations relating to ISRC codes. She has dismissed her CMI Claims that relate to CLFN metadata.

6.  Ms. Schneider will pursue only statutory damages for her CMI Claims. The parties agree that statutory damages for violation of 17 U.S.C. § 1202 are awarded on a "per violation" basis, not on a "per work" basis.

7.  For Ms. Schneider's CMI Claims, the parties will try alleged violations of 17 U.S.C. § 1202(b)(3) for six alleged violations as bellwether representative claims pursuant to the following terms.

    7.1.    Each side will select three alleged violations from among the 22 that remain at issue for Ms. Schneider's ISRC Claims.

        7.1.1.  The alleged violations selected to be tried are: [*list of works and alleged violations to be provided upon selection by the parties*]

    7.2.    The statutory damages awarded on a per violation basis as determined by the jury or the Court for the selected alleged violations to be tried for Ms. Schneider's CMI Claims will be applied to all 22 alleged violations on a *pro rata* basis. This will be accomplished by taking the statutory damages per violation, if any, as determined by the jury and multiplying it by 22 (representing the total number of violations alleged for Ms. Schneider's CMI Claims) times a fraction, the numerator of which is the number of violations the jury determines are entitled to a statutory damage

award and the denominator of which is the number of alleged § 1202 violations that are presented to the jury for trial.

    7.2.1.  For example, if the jury finds a statutory damage award of $20,000 per violation and further finds that four of the six alleged violations that are presented to the jury for trial are eligible for such an award, Ms. Schneider will receive a total statutory damages award of $20,000 times 22 times 4/6 or $293,333.33 as a statutory damages award for all of her alleged violations of § 1202.

Respectfully submitted,

Dated:  May 31, 2023                    /s/ DRAFT
                                        Philip C. Korologos*
                                        pkorologos@bsfllp.com
                                        Jeffrey Waldron*
                                        jwaldron@bsfllp.com
                                        BOIES SCHILLER FLEXNER LLP
                                        55 Hudson Yards, 20th Floor
                                        New York, NY 10001
                                        Telephone: (212) 446-2300
                                        Facsimile: (212) 446-2350

                                        Joshua Irwin Schiller, CA Bar #330653
                                        jischiller@bsfllp.com
                                        BOIES SCHILLER FLEXNER LLP
                                        44 Montgomery St., 41st Floor
                                        San Francisco, CA 94104
                                        Telephone: (415) 293-6800
                                        Facsimile: (415) 293-6899

                                        George A. Zelcs*
                                        gzelcs@koreintillery.com
                                        Randall P. Ewing, Jr.*
                                        rewing@koreintillery.com
                                        Ryan Z. Cortazar*
                                        rcortazar@koreintillery.com
                                        KOREIN TILLERY, LLC
                                        205 North Michigan, Suite 1950
                                        Chicago, IL 60601
                                        Telephone: (312) 641-9750
                                        Facsimile: (312) 641-9751

                                        Stephen M. Tillery*
                                        stillery@koreintillery.com
                                        Steven M. Berezney, CA Bar #329923
                                        sberezney@koreintillery.com
                                        Carol O'Keefe*
                                        cokeefe@koreintillery.com
                                        KOREIN TILLERY, LLC
                                        505 North 7th Street, Suite 3600
                                        St. Louis, MO 63101
                                        Telephone: (314) 241-4844
                                        Facsimile: (314) 241-3525

                                        *Admitted pro hac vice
                                        Attorneys for Plaintiffs

1  Dated:  May 31, 2023                          KEKER, VAN NEST & PETERS LLP

2

3                                          By:   /s/ DRAFT
                                                ROBERT A. VAN NEST
4                                               DAN JACKSON
                                                JULIA L. ALLEN
5                                               TRAVIS SILVA
                                                ANNA PORTO
6                                               LUKE APFELD
                                                AMOS J. B. ESPELAND
7
                                                DAVID H. KRAMER
8                                               LAUREN GALLO WHITE
                                                WILSON SONSINI GOODRICH &
9                                               ROSATI
                                                Professional Corporation
10                                              650 Page Mill Road
                                                Palo Alto, CA 94304-1050
11                                              Telephone: (650) 493-9300
                                                Email:  dkramer@wsgr.com
12                                                          lwhite@wsgr.com

13                                              Attorneys for Defendants and
                                                Counterclaimants
14                                              YOUTUBE, LLC and GOOGLE LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

My user ID and password are being used in the electronic filing of this document and, in compliance with N.D. Cal. Civil L.R. 5-1(h)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other Signatories.

*/s/ DRAFT*
Philip Korologos