# EXHIBIT 6

**Subject:** RE: Draft Trial Plan
**Date:** Wednesday, May 31, 2023 at 3:47:15 PM Pacific Daylight Time
**From:** Julia L. Allen
**To:** Philip Korologos, Robert Van Nest
**CC:** Carol O'Keefe

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Thanks Phil. This revised trial plan works for us for submission to the court.

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Wednesday, May 31, 2023 1:58 PM
**To:** Julia L. Allen <JAllen@keker.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** Re: Draft Trial Plan

[EXTERNAL]

Julia:

Thanks for your email.

With respect to paragraphs 1 and 5, to be clear, and as you know from our conversations and previous emails, we do not presently intend to pursue the CLFN or foreign works claims in any future action in the absence of a reversal by the 9th Circuit of the court's denial of class certification but similar to YouTube no longer pursuing the DMCA safe harbor affirmative defense, the "dismissal" of those claims (assuming the court adopts the parties' trial plan) is without prejudice.

With respect to part 4.2, we have adopted your proposed additional sentence in the attached.

With respect to part 7, rather than having a lengthy description of the nature of the claims, about which there would be debate and likely lack of agreement (as was the case with the related language of the Verdict Form), we propose that we simply refer to alleged violations of section 1202(b)(3)—rather than try to describe or restate (or re-write) the statute. Thus, as you'll see in the attached, we propose that paragraph 7 read: "For Ms. Schneider's CMI Claims, the parties will try alleged violations of 17 U.S.C. § 1202(b)(3) for six alleged violations as bellwether representative claims pursuant to the following terms." You'll note we also reduced the number of alleged violations to be tried form 8 to 6 which is about ¼ of the alleged 22 violations and in line with picking 6 of the works for the

infringement claims.  Paragraph 7.2.1 is adjusted in its numbers accordingly.

We also found a few minor adjustments to be consistent with the above approach.

I have attached a clean version of the trial plan reflecting the above and also a redline of that version compared to the version we last sent you (it was beyond me to also do one against your version sent after the below email, but I trust you can figure out how to do that if you want).

Let us know if there is anything further that you have or if we are cleared to file this version.

Thanks,

Phil


**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com


**From:** Julia L. Allen <JAllen@keker.com>
**Date:** Wednesday, May 31, 2023 at 4:17 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>, Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Phil – this version incorporates the revisions noted below.  Please let us know if this works.  Thanks.

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Julia L. Allen
**Sent:** Wednesday, May 31, 2023 12:49 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

Phil,

Paragraphs 1 and 5: We did not "dismiss" the DMCA safe harbor defense, we withdrew it as a defense in this case following the court's denial of class certification. Regardless, we appreciate your agreement to use the term "dismissal" to describe the status of the CLFN and foreign works claims, which appears to more accurately reflect the fact that Plaintiffs do not intend to pursue these claims in this action or any future action absent a reversal by the 9th Circuit of the court's denial of class certification. We do not expect we will be able to agree to compensate Plaintiffs for these claims. Thank you for confirming that Ms. Schneider is asserting claims based on 27 total works.

Part 4.2: While we do not agree that Plaintiffs should be able to introduce allegedly infringing URLs for purposes other than proving infringement of the representative bellwether works, we can agree to reverse our proposed revisions to the draft trial plan but we will need to add a sentence to expressly reserve our right to object during trial to undisclosed URLs as irrelevant and prejudicial, depending on how Plaintiffs elect to try to admit them. Such URLs also remain the subject of Defendants' MIL 3.

Part 7: We propose the following revisions to this paragraph to more accurately track the statutory text and the framework for statutory damages:

For Ms. Schneider's CMI Claims, the parties will try alleged violations of 17 U.S.C. § 1202(b)(3) for <u>distribution of videos from which</u> ~~removal of~~ ISRC codes <u>allegedly have been removed</u> for ~~four works and~~ 8 alleged violations as bellwether representative claims pursuant to the following terms. We agree with your concern about tying bellwether representatives to both works and violations, however given that statutory damages are tied to violations rather than works, unlike infringement claims, we think we're better off selecting representative violations, with Plaintiffs free to select violations tied to separate works or a smaller number of works.

---

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

---

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Wednesday, May 31, 2023 7:37 AM
**To:** Julia L. Allen <JAllen@keker.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** Re: Draft Trial Plan

[EXTERNAL]

Bob and Julia:

This responds to your comments on the draft joint trial plan.

Your adjustment to paragraphs 1 and 5: You have changed "withdrawal without prejudice" to "dismissal". We understand that to be changing only what is conveyed to the Court about the claims that are impacted by that language, rather than the substance of how those claims are dismissed. In other words, as we have discussed, we agree to treat our "dismissal" of foreign works claims and CLFN claims with the same prejudice as YouTube's dismissal of its DMCA affirmative defense.

We have also had discussions about having the dismissal of such claims be with prejudice in the event that the 9th circuit does not some day revive claims on behalf of a class (which classes would be separate for those two categories of claims). As we've previously stated, we would need some modest level of compensation in order to agree to that kind of dismissal for those claims, however. We also noted that given the size of those claims, the practical reality of pursuing them in the absence of a class should be apparent.

Given the above described discussion, we are okay with the word "dismissal" instead of the phrase "withdrawal without prejudice" with the understanding that the change does not alter the above positions.

Number of infringement works: We agree the right number of total works is 27 for Ms. Schneider's claims (which will require an adjustment in the example calculations (i.e., the total statutory award number in 4.3.1.).

Your change in part 4.2. We cannot agree that other URLs for works will not be used for "any" purpose in the case, particularly not before we see how the evidence on the chosen works goes in. We do plan to identify for you all of the URLs we plan to use to establish the infringement by those URLs of the works to be tried. That does not mean that all URLs relating to such works are not relevant to the case for other purposes. We can agree that URLs for works that are not chosen to be tried will not be presented as infringing URLs for purposes of establishing a claim of infringement. And we can agree that for the works that will be tried we will not present unidentified URLs as infringing URLs for purposes of establishing a claim of infringement. Thus, e.g., if a single work has 15 URLs that we allege are infringing URLs within the relevant limitations period, and we tell you that 4 of those URLs are the ones we plan to use to show that the URLs infringe that work permitting collection of a single statutory award for infringement of the work, we will not utilize the other 11 URLs for the purpose of establishing that infringement, but those URLs may be relevant to other issues including YT's knowledge, how Content ID's matching technology works, or other issues. We thus cannot agree to your proposed change to section 4.2.

Your changes in part 7 re 1202(b)(3): We are willing to agree that the alleged violation of Section 1202(b) in relation to ISRC codes is a violation of Section 1202(b)(3), but only on condition that doing so does not foreclose us from arguing that if an ISRC code somehow made it through the upload process, YouTube's transcoding process would remove it and as a result the distribution on YouTube would still be a violation of

1202(b)(3).  Otherwise, the language should go back to reference 1202(b).

<u>Your changes in part 7 re number of violations</u>:  We do not believe that picking a specific number of violations (as opposed to works—four) make sense as that will artificially limit the selection of works and violations.  There are (I believe) 10 works and 22 violations, but there are not 2 violations for each work—some have more, some have only 1.  Setting the number of violations at 8 (or some other specific number) would artificially require certain works to be included or excluded—e.g., if plaintiffs select two works with a total of 5 violations to be presented, that would prevent a selection by defendants of two works with only 1 violation each.

I think the point will become a non-issue if the parties agree through selection on the number of violations that will be presented to the jury (which can be done at least prior to the time it is discussed with the Court on Monday).  In the meantime, we could say, e.g., that the number of violations to be tried will be "no more than 8".

Happy to discuss any of the above at your convenience, recognizing we need to submit something to the Court by noon PT.

Thanks,

Phil


**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

---

**From:** Julia L. Allen <JAllen@keker.com>
**Date:** Tuesday, May 30, 2023 at 11:55 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>, Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Phil – thanks for drafting.  Our proposed redlines are attached here.  We do not have final client sign off on this draft but wanted to send these clarifications in the interim given the noon deadline tomorrow.

Julia

**Julia L. Allen**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, May 30, 2023 2:29 PM
**To:** Julia L. Allen <JAllen@keker.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**[EXTERNAL]**

Must have been a bad connection as I tried to send it out with the attachment a while ago but must have gotten stuck.

Let me know if you get the attachment this time.

Thanks,

Phil

**Philip Korologos**
Partner

**BOIES SCHILLER FLEXNER** LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

**From:** Julia L. Allen <JAllen@keker.com>
**Sent:** Tuesday, May 30, 2023 5:27 PM
**To:** Philip Korologos <Pkorologos@BSFLLP.com>; Robert Van Nest <RVanNest@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** RE: Draft Trial Plan

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Thanks Phil – missing the attachment I think?

**Julia L. Allen**
Keker, Van Nest & Peters LLP

633 Battery Street
San Francisco, CA 94111-1809
415 676 2265 direct | 415 391 5400 main
jallen@keker.com | vcard | keker.com
Pronouns: she/her

---

**From:** Philip Korologos <Pkorologos@BSFLLP.com>
**Sent:** Tuesday, May 30, 2023 2:25 PM
**To:** Robert Van Nest <RVanNest@keker.com>; Julia L. Allen <JAllen@keker.com>
**Cc:** Carol O'Keefe <cokeefe@koreintillery.com>
**Subject:** Draft Trial Plan

**[EXTERNAL]**

Please see attached.

Thanks,

Phil


**Philip Korologos**
Partner

## BOIES SCHILLER FLEXNER LLP

55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2390
(m) +1 917 331 8000
pkorologos@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]